**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO.  24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | CHAPTER 11 |
| | § | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S APPLICATION**
**FOR AUTHORITY TO EMPLOY WALKER & PATTERSON. P.C.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), by and through the undersigned counsel, files this Objection to Debtor's Application for Authority to Employ Walker & Patterson, P.C. (the "Application") (Docket No. 3), and respectfully represents as follows:

### I.      Preliminary Statement

1.      The Debtor seeks authority to employ its bankruptcy counsel and approve a fee arrangement under 11 U.S.C. §328(a) that includes a $60,000 fee and a contingency fee of 40% on any "value obtained or the estate." The fee arrangement should not be approved under section 328(a) because it will prevent the Court and interested parties form later in the case testing the reasonableness of the fee. The terms of the contingency fee are vague and do not appear to be in the best interest of the estate.

2.      The Secured Creditors in this case —Equal Access Justice Fund, LP, and EAJF ESQ Fund, LP— also filed an objection to the Application. (*See* Docket No. 28). The U.S. Trustee notes that on April 30, 2024, an Official Committee of Unsecured Creditors (the "Committee") was appointed in this case. (Docket No. 23). The Committee is still in the process of retaining legal

counsel to participate in the case. Comments from the Committee, once it has retained counsel, will further assist the Court in evaluating the Application.

## II.      Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

3.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

4.      This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

5.      Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

6.      The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11, the U.S. Trustee's supervisory responsibilities include monitoring applications filed under section 327 of title 11 and filing comments with the court 28 U.S.C. § 586(a)(3)(I).

## III.      Factual Background

7.      On April 8, 2023, the Debtor and the law firm Walker & Patterson, P.C. ("WP") executed a contract for the representation of the Debtor in a Chapter 11 proceeding in the Southern District of Texas (the "Contract"). (Docket No. 3-1).

8.      On April 9, 2024, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. (Docket No. 1).

9.      On April 11, 2024, the Debtor filed an application to employ the law firm Walker & Patterson, P.C. ("WP") as Debtor's Bankruptcy Counsel. (Docket No. 3).

10.     The Debtor seeks authority to employ WP under a fee arrangement consisting of a $60,000 flat fee for prosecuting the chapter 11 proceeding, and a contingency fee of 40% for "all value obtained for the estate, including but not limited to money recovered and collected, sales of property, reduction of liability, and all other benefit obtained for the estate (the "hybrid fee"). (Docket No. 3, p. 2, ¶ 4).

11.     The Debtor seeks approval of the hybrid fee under section 328(a) of the Bankruptcy Code.

## IV.     Argument

12.     The Debtor seeks approval of WP's hybrid fee as general bankruptcy counsel under section 328(a) of the Bankruptcy Code.

13.     Section 328(a) of the Bankruptcy Code provides as follows:

"The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

11 U.S.C. § 328(a).

14.     Section 328(a) is generally used to establish the compensation of a special counsel. It is unusual to approve the compensation of a debtor's bankruptcy counsel under section 328(a). A debtor's bankruptcy counsel is generally employed under section 327(a) of the Bankruptcy

3

Code, and the amount of reasonable compensation is determined by the court under section 330 by evaluating if the services were reasonable at the time they were made. *In re Woerner*, 783 F.3d 266, 274 (5th Cir. 2015) ("The statute permits a court to compensate an attorney not only for activities that were "necessary," but also for good gambles—that is, services that were objectively reasonable at the time they were made…").

15.     In this case, the compensation of Debtor's bankruptcy counsel should not be approved under section 328(a). The $60,000.00 flat fee paid pre-petition by the Debtor is for services to be performed post-petition.[1] Thus, there is no legal or factual basis for the flat fee to be approved under section 328(a). WP, as a professional employed by the estate, should be required to show that such fee is reasonable under section 330 of the Bankruptcy Code.

16.     If the Court approves the flat fee under section 328(a), parties in interest will not have the ability to later test the reasonableness of the fee under section 330. *See In re Texas Sec., Inc.*, 218 F.3d 443, 445 (5th Cir. 2000) (holding that § 328 limits the power of a bankruptcy court to alter compensation of professionals) ("If prior approval is given to a certain compensation, § 328 controls and the court starts with that approved compensation, modifying it only for developments unforeseen when originally approved.")

---

[1] The Contract between the Debtor and WP was executed on April 8, 2024, the day prior to the Petition Date. (Docket No. 3-1). The Patterson Declaration submitted with the Application to Employ WP acknowledges that the flat fee is for administering the chapter 11 proceeding. (Docket No. 3-2, p. 1, ⁋ 5).

17.     Similarly, the 40 percent contingency fee south by WP is not reasonable under the proposed terms and conditions. The contingency fee is overly broad and excessive when applied to the specific categories defined in the Contract[2] and the Application.[3]

18.     The terms of the contingency fee —under both the Contract and Application— are vague and excessive. How does the professional quantify the value obtained for the estate? Similarly, how will the professional calculate a 40% contingency fee on reduction of liability? A chapter 11 plan generally provides for a reduction of liability. The reduction of liability under a chapter 11 plan, or any other mechanisms under the Bankruptcy Code, should be covered under the flat fee. The Application does not explain how a reduction of liability will be calculated to apply a 40% percent contingency fee.

19.     The contingency fee will also apply to the sale of property. However, the Application does not specify if the contingency fee applies to gross or net proceeds of the sale of property.  A contingency fee of 40% on the sale of property is excessive by any measure. In one reported case a bankruptcy court declined to authorize under section 328(a) a contingency fee of 10% on any assets sold by chapter 11 estate. *See In re Hall*, 520 B.R. 116 (Bankr. D. Kan. 2014) ("Counsel for the debtor… has significant duties in addition to the sale of assets. To approve a fee based solely upon the gross value of assets sold, could have the inappropriate effect of causing counsel to focus on asset sales, to the detriment of alternative methods of administering the assets…")

---

[2] The Contract defines the terms of the contingency fee as follows:
"The Litigation will be pursued on a contingency fee of 40% of all value (including, but not limited to money, property, reduction of liability, and other benefits) obtained for the estate. The contingency fee will be calculated on any value recovered for the estate before reimbursement of expenses to Walker & Patterson, PC." (Docket No. 3-1, p. 1, ¶ 3).

[3] The Application states that the contingency fee includes "all value obtained for the estate, including but not limited to money recovered and collected, sales of property, reduction of liability, and all other benefits obtained for the estate." (Docket No. 3, p. 2. ¶ 4).

20.     The U.S. Trustee also notes that account receivables collected as part of the Debtor's operations should not be subject to the contingency fee.

## V.     Conclusion

21.     The U.S. Trustee objects to the Application on the basis that it seeks to approve the compensation of the Debtor's bankruptcy counsel —a hybrid fee consisting of a $60,000.00 fee and a contingency fee of 40%— under section 328(a) of the Bankruptcy Code. Approval of the Application under such terms will prevent this Court and interested parties from later evaluating the reasonableness of the fees under section 330. Moreover, the terms of the contingency fee excessive and vague. The scope of the contingency fee includes categories of potential compensation that are impossible to quantify or measure under clearly defined parameters, which will lead to confusion and possibly create conflict between the bankruptcy estate and the professional.  For the reasons stated in this Objection, the U.S. Trustee respectfully requests the Court to deny the Application.

**WHEREFORE**, the U.S. Trustee respectfully requests this Court to deny Debtor's Application for Authority to Employ Wlaker & Patterson, P.C.

Dated: May 6, 2024

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

By: /s/ Andrew Jiménez
Andrew Jiménez
U.S. Department of Justice
United States Trustee Program
District of Columbia Bar 991907
Email: Andrew.Jimenez@usdoj.gov
515 Rusk Street, 3516
Houston, TX 77002
(713) 718-4668
(713) 718-4670 Fax

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on May 1, 2024, a conference was held pursuant to BLR 9013-1(g) with Johnie Patterson and Miriam Goott of Walker & Patterson, P.C., proposed counsel for the Debtor. A second conference was held on May 6, 2024, with Mirriam Goott. The parties were unable to resolve the matter prior to the expiration of the objection deadline. The parties will continue efforts to resolve the Objection prior to a hearing.

/s/ Andrew Jiménez
Andrew Jiménez

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY WALKER & PATTERSON, P.C., was served upon all parties entitled to receive notice by CM/ECF on May 6, 2024.

/s/Andrew Jiménez
Andrew Jiménez