IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| MMA Law Firm, PLLC | § | Case No. 24-31596 |
| | § | |
| DEBTOR | § | |
| | § | |

**DEBTOR'S RESPONSE IN OPPOSITION TO EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP'S EMERGENCY MOTION TO COMPEL DEBTOR'S RESPONSES TO EXPEDITED DISCOVERY REQUESTS IN CONNECTION WITH THE MAY 31, 2024 HEARING ON THE DEBTOR'S CONTINUED USE OF CASH COLLATERAL**

**COMES NOW, MMA Law Firm, PLLC.** (the, "**Debtor**") and files this Response in Opposition to *Equal Access Justice Fund, LP and EAJF ESQ Fund, LP's Emergency Motion to Compel Debtor's Responses to Expedited Discovery Requests in Connection with the May 31, 2024 Hearing on the Debtor's Continued Use of Cash Collateral*, and respectfully shows the Court the following:

**Awareness of Cash Collateral Issues and Alleged Need for Documents**

1. Pre-petition, Equal Access Justice Fund, LP and EAJF ESQ Fund, LP ("**Litigation Funders**") filed a lawsuit against the MMA Law Firm, PLLC (the, "**Debtor**").

2. The Debtor is a Texas-based litigation law firm that filed a chapter 11 bankruptcy case on April 9, 2024 ("**Chapter 11 Case**").

3. Within <u>minutes</u> of filing the Debtor's Chapter 11 Case, proposed counsel for the Debtor called and notified counsel for the Litigation Funders of the filing of the Chapter 11 Case.

4. On April 13, 2024, four days after the Chapter 11 Case was filed, Debtor's proposed counsel emailed counsel for the Litigation Funders to address cash collateral issues. *See Exhibit A*

**Contested Hearing on Cash Collateral**

5. The Debtor and the Litigation Funders spent the next few weeks attempting to reach an agreement related to cash collateral but were unsuccessful as the Litigation Funders demanded that the Debtor produce voluminous documents as a condition to the use of alleged cash collateral.

6. On May 2, 2024, the Debtor filed an *Emergency Motion for Interim and Final Orders Authorize the Debtor's Use of Cash Collateral* (**"Cash Collateral Motion"**).

7. On May 9, 2024, the Court conducted a contested evidentiary hearing on the Cash Collateral Motion **("Initial Hearing").**

8. During the Initial Hearing, the Litigation Funders argued against the Cash Collateral Motion and requested that the Court order the Debtor to produce documents.

9. At the conclusion of the contested Initial Hearing, the Court granted the Debtor's Cash Collateral Motion and continued the Hearing to May 31, 2024 (**"Continued Hearing"**).

**Discovery Served**

10. The Litigation Funders waited until May 16, 2024 (<u>seven days after</u> the Initial Hearing occurred), to serve the Debtor with extensive discovery including Interrogatories, Requests for Admission and Requests for Production (**"Discovery Requests"**). *Exhibit B (Certificate of Service Date)*

11. The Discovery Requests specifically state that the discovery is served "*in connection with the May 31, 2024 hearing on the Debtor's continued use of Cash Collateral*".

12. The Discovery Request itself did **not** include a deadline for the Debtor to respond to discovery. However, in an email, the Litigation Funders requested that the Debtor respond to the Discovery Requests on an expedited basis by May 28, 2024 (*i.e.* 12 days to respond).

**Attempts to Resolve Discovery Concerns**

13. Debtor's proposed counsel explained that a significant portion of the Discovery Requests had absolutely nothing to do with the Cash Collateral Motion.

14. In an effort to avoid an unnecessary dispute and court intervention, the Debtor agreed to respond only to the relevant Discovery Requests by May 29, 2024 (one day later than requested), and to respond to the remaining Discovery Requests within 30 days of receipt of the original Discovery Requests, as provided by the Rules.

15. The Debtor requested one additional day as Debtor's proposed counsel is out of town for Memorial Day Weekend and travelling to McAllen, Texas on May 28, 2024 for another hearing in this Chapter 11 case on its Motion to Disqualify Okin Adams.
16. The Litigation Funders refused to agree to the one-day accommodation.

**Emergency Motion to Compel**

17. On the afternoon of Friday, May 24, 2024, of Memorial Day Weekend, the Litigation Funders filed their *Emergency Motion to Compel Discovery Compel Debtor's Responses to Expedited Discovery Requests in Connection with the May 31, 2024 Hearing on the Debtor's Continued Use of Cash Collateral* ("**Emergency Motion to Compel**").
18. The Litigation Funders have been communicating with the Debtor since April 13, 2024 (*i.e.* 41 days) regarding cash collateral issues, where the parties were unable to reach an agreement as the Litigation Funders were demanding the voluntary production of voluminous documents as a condition to an agreement for the use of cash collateral.
19. The Litigation Funders argue in their Emergency Motion to Compel that they will be "immediately and irreparably harmed by not having the important documents it needs to protect its interests at the May 31, 2024, hearing on the Debtor's continued use of cash collateral."
20. First, the Debtor attempted to agree to produce relevant documents on May 29, 2024 (two days prior to the hearing), but this offer was rejected.
21. Second, this "emergency" is of the Litigation Funders own making. The Litigation Funders and the Debtor have been disagreeing over these very requests for over one month.
22. Third, on May 9, 2024, the Court set the Continued Hearing and the Litigation Funders waited an entire week to serve the Debtor with discovery.

**Rule 37**

23. The Litigation Funders seek relief pursuant to Rule 37.
24. The Litigation Funders do not allege that the Debtor failed to respond to discovery. Instead, the Litigation Funders are asking this Court to compel the Debtor to respond to discovery (for a future date) pursuant to Rule 37.
25. However, Rule 37 deals with a party's "failure to make disclosures". Here, the Debtor has not failed to make any disclosures as they are not yet due.

26. Rule 37 provides for two types of motions to be filed under either Rule 37(a)(3)(A) or Rule 37(a)(3)(B).
27. Rule 37(a)(3)(A) provides that if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
28. Here, the Litigation Funders did not allege that the Debtor failed to make voluntary disclosures pursuant to Rule 26(a).
29. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if i) a deponent fails to answer a question asked under Rule 30 or Rule 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.
30. Again, a motion under Rule 27(a)(3)(B) is impermissible as the Litigation Funders have not alleged that the Debtor failed to respond to discovery.

**Rule 34(b)(2)(A) and Rule 33(b)(2)**

31. Pursuant to Rule 33(b)(2), the responding party who received interrogatories must serve its answers and any objections within 30 days after being served with the interrogatories, unless a shorter period is stipulated to or ordered by the Court.
32. Likewise, pursuant to Rule 34(b)(2)(A), the responding party who received a request for production of documents must respond in writing within 30 days of being served, unless a shorter period is stipulated to or ordered by the Court.
33. Expedited discovery is not the norm as the rules provide for 30 day response deadline.
34. Courts within the Fifth Circuit utilize a "good cause" standard when addressing the issue of expedited discovery. *ELargo Holdings, LLC v. Doe-68.105.146.38,* 318 F.R.D. 58, 61 (M.D. La. 2016)).
35. Here, the Litigation Funders failed to explain to this Court why they waited until May 16, 2024 so serve the Debtor with the Discovery Requests that they assert they now need urgently by May 31, 2024.

---

Response to Motion to Compel

**Summary and Relief Requested**

36. The Litigation Funders waited until Friday, May 24, 2024 (of Memorial Day Weekend) to seek Court intervention, on an issue that has been debated between the Debtor and the Litigation Funders since early April, 2024.

37. The Litigation Funders waited an entire week after the conclusion of the Initial Hearing, to serve the Debtor with the Discovery Requests.

38. The emergency was created by the Litigation Funders, and their request to compel discovery responses under Rule 37 is unfounded as Rule 37 addresses a party's failure to comply.

39. Finally, as discussed above, an order requiring the Debtor to respond to expedited discovery by May 28, 2024 would be prejudicial to the Debtor as its counsel is unavailable to properly assist in responding to discovery prior to May 28, 2024.

Dated: May 26, 2024

Respectfully submitted,

By: /s/ Miriam T. Goott
Miriam T. Goott
SBN 24044846
*Proposed Counsel for The Debtor*

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**mgoott@walkerandpatterson.com**

Response to Motion to Compel