IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | Case No. 24-31596 |
| Debtor. | § | |

**EJAF'S OBJECTION TO TORT NETWORK, LLC'S MOTION TO EXTEND THE AUTOMATIC STAY TO TORT NETWORK, LLC WITH RESPECT TO PENDING LAWSUITS AND GRANTING RELATED RELIEF**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Secured Prepetition Lenders Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "**EAJF**") by and through their attorneys Spencer Fane LLP, file their Objection to *Tort Network, LLC's Motion to Extend the Automatic Stay to Tort Network, LLC with Respect to Pending Lawsuits and Granting Related Relief* (the "**Motion**") [Docket No. 52], and show as follows:

**BACKGROUND**

A.  **The Bankruptcy Case**

1. The MMA Law Firm, PLLC ("**Debtor**") filed its voluntary petition for relief under Chapter 11 on April 9, 2024 ("**Petition Date**"). The Debtor, a law firm, remains a debtor-in-possession.

2. The Committee of Unsecured Creditors was formed on April 30, 2024, and is currently not represented by counsel.

3. EAJF are secured creditors of the Debtor by virtue of a related series of loans made to the Debtor for the general operation of the law firm and perfected UCC-1 Financing Statements

evidencing, among other things, their perfected secured interest in the Debtor's accounts receivables and the proceeds from litigation matters.

### B.     The Pending Lawsuit Involving the Debtor, EAJF, Velawcity, and Others

4.     Prior to the Petition Date, on March 14, 2023, Plaintiff Katherine Monson filed suit against the Debtor and various non-debtors including Tort Network, LLC d/b/a Velawcity ("**Velawcity**") (the "**Monson Lawsuit**").[1] The Complaint in the Monson Lawsuit was subsequently amended to add EAJF as defendants.

5.     Plaintiff Monson asserts class action allegations and causes of action for, among other things, prohibited barratry. On May 8, 2024, the U.S. District Court for the Southern District of Texas issued an order in the Monson Lawsuit staying proceedings with respect to the Debtor, following the filing of a suggestion of bankruptcy, and instructing the parties to advise the Court whether they believe the bankruptcy stay should affect the continuation of the case against other defendants. (Monson Lawsuit at Docket No. 68).  Several parties filed briefing as follows:

(a)     Plaintiff Monson asserts that no other party should be subject to the automatic stay (Monson Lawsuit at Docket No. 69);

(b)     Defendants EAJF assert that no other party should be subject to the automatic stay (Monson Lawsuit at Docket No. 70);

(c)     Defendant Velawcity asserts that the automatic stay should be expanded to include it, and has requested such relief from the bankruptcy court (Monson Lawsuit at Docket No. 71);

(d)     Defendant James McClenny asserts that that the automatic stay should be expanded to include him but has not yet made such a request to the bankruptcy court (Monson Lawsuit at Docket No. 72); and

(e)     Defendant John Zachary Moseley has filed no briefing or request in either court.

---

[1] Civil Action No. 4:23-cv-00928; *Katherine Monson, individually and on behalf of all others similarly situated vs. McClenny Moseley & Associates; James McClenny; John Zachary Moseley; Tort Network, LLC; Equal Access Justice Fund LP; and EAJF ESQ Fund LP*; In the United States District Court for the Southern District of Texas.

At the time of the filing of this Objection, no ruling has been made by the U.S. District Court regarding this issue.

### C. Velawcity's Motion to Extend the Stay

6. On May 16, 2024, non-debtor Velawcity filed the Motion seeking to extend the automatic stay in Section 362 that is applicable to the Debtor with respect to several pending lawsuits, including the Monson Lawsuit [Docket No. 52, p. 6]. In addition, Velawcity requests that this Court utilize its equitable powers under 11 U.S.C. § 105 to extend the automatic stay.

7. Velawcity's position is that it is entitled to such relief because: (a) the interwoven nature of the pending lawsuits (including the Monson Lawsuit) creates an identity of interest between the Debtor and Velawcity; and (b) the Debtor is obligated by the Marketing Service Agreements ("MSAs") executed by the Debtor to indemnify Velawcity "for any and all liability" and a judgment against Velawcity would in effect be a judgment against the Debtor.

## ARGUMENT AND AUTHORITIES

### A. Legal Standard

8. Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate.'" *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir.1987) (quoting 11 U.S.C. § 362(a)(3)). Ordinarily, the automatic stay under § 362 does not apply to actions against a non-debtor. *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). Courts recognize that a § 362 stay may apply to an action against non-debtor defendants depending on their relationship to the debtor. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) ("[A] bankruptcy court may invoke § 362 to stay

proceedings against nonbankrupt codefendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986))).

9. The automatic stay provided for in 11 U.S.C. §362(a) does not automatically extend to parties that are co-defendants in litigation. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541,544 (5th Cir. 1983). Regardless of whether a non-bankrupt defendant seeks a stay pursuant to the automatic provisions of § 362(a) or a discretionary stay under the Court's authority pursuant to § 105, the burden is on the party seeking the stay. *Beran v. World Telemetry, Inc.*, 747 F.Supp.2d 719, 723 (S.D. Tex. 2010); see also WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE § 43:4 (3d ed. Supp. 2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor"); see also *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) (holding that the defendant had "no interest to establish such an identity [of interests] with [the] debtor").

10. Therefore, it is incumbent upon Velawcity to provide substantial evidence that it is entitled to a stay. As Velawcity has not carried its burden, the automatic stay should not be extended to it.

**B.  Velawcity has failed to show it is entitled to the protection of the stay.**

11. Velawcity seeks to extend the stay to it in various pending lawsuits, including the Monson Lawsuit; however, it has failed to set forth arguments and evidence to establish the requisite identity of parties, and in particular that the Debtor would necessarily be liable for a judgment against Velawcity. EAJF requests that the Court deny Velawcity's requested relief.

4

12. Velawcity's Motion fails to establish it is entitled to such extraordinary protection. Fifth Circuit courts generally apply the *A.H. Robins* standard to these questions. That court stated there must be "unusual circumstances" to justify an additional stay against a non-debtor party, which may arise "when there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

13. As stated above, Velawcity makes two arguments for extending the stay to claims against it: (1) that the claims asserted against the Debtor and Velawcity are "inextricably interwoven"; and (2) that the Debtor agreed to indemnify Velawcity.

        **i.    The Claims Against the Debtor and Velawcity are not "Inextricably Interwoven."**

14. Velawcity's argument that its status as a co-defendant and common questions of law and fact apply to the lawsuits is not a situation in which courts in the Fifth Circuit generally extend the stay. Regarding the "inextricably interwoven" nature of the claims, Velawcity cites a single reported case from the Southern District of Texas that was decided six years before the *A.H. Robins* standard was promulgated.[2] *See Fed. Life Ins. Co. (Mut.) v. First Fin. Grp. of Texas, Inc.*, 3 B.R. 375, 377 (S.D. Tex. 1980). That court did not apply the current law. Velawcity then cites only two unpublished opinions from the Northern District of Texas and one from the Eastern District of Louisiana in support. Notably, the case out of the Texas court notes that the *A.H. Robins* factors do not provide authority to stay non-bankrupt defendants, but that the court had a separate authority to control its docket, and that in the fact-specific circumstances of that case, such a stay was warranted. *See Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-CV-1990-

---

[2] Motion, ¶ 18.

5

L-BN, 2017 WL 5889715, at *3–6 (N.D. Tex. Nov. 29, 2017). Velawcity's Motion fails to argue that the unreported cases are sufficiently factually similar to this one; and in essence, Velawcity's only argument is that a court has authority to stay cases where a co-defendant is in bankruptcy, so this Court should do so in this case.

15. The fact is that any time there is a co-defendant with a debtor in bankruptcy, some inefficiency is created by allowing suit to proceed against those co-defendants, but justice delayed is justice denied, and the reported cases in the Fifth Circuit nearly universally reserve such stays for unusual circumstances. In fact, Velawcity's request is inconsistent with the *A.H. Robins* standard recognizing that extension of the stay is an unusual circumstance. *A.H. Robins,* 788 F.2d at 999. Being a co-defendant with a debtor in a suit where there are common questions of fact and law is hardly an unusual circumstance and is not a sufficient reason to extend the stay under Fifth Circuit jurisprudence.

      ii.     **The Alleged Contractual Indemnity in the MSAs is Limited in Nature and Ambiguous on its Face**

16. Velawcity's second argument is on somewhat better legal footing but lacks support. Velawcity alleges that the Debtor agreed to indemnify it. Indeed in *some* cases, a debtor's duty to indemnify a party facing litigation damages may have a negative effect on assets of the debtor in the bankruptcy estate. But it is not sufficient from a party seeking an extraordinary remedy to simply state an indemnity obligation exists and stop there. In fact, the Fifth Circuit noted that courts must look into the substance of any alleged indemnity obligations to determine whether a judgment against the other party is a judgment against the debtor as a matter of law. *See Reliant Energy Svcs. v. Enron Canada Corp.*, 349 F.3d 816, 825-26 (5th Cir. 2003).

17. In *Reliant*, the district court had denied Enron Canada's request for an extension of the stay based on an argument that the debtor was jointly liable on the obligations for which Enron

Canada had been sued. *Id*. at 819-21. The Fifth Circuit held that the contract that allegedly provided for joint liability was ambiguous such that the district court should have undertaken an analysis to resolve that ambiguity. *Id*. at 825-26. It is notable that even if the trial court were to determine the debtor in that case was jointly liable with Enron Canada, the Fifth Circuit still advised the lower court that such an event would not necessarily be determinative of whether the automatic stay should be extended; but only that that factor should have been analyzed. *Id*. at 826.

18. There is no basis to extend the § 362 stay to the non-debtor defendant Velawcity. Other than the similarity between Monson's claims against the Debtor and its claims against Velawcity, the record provides no basis to conclude that a judgment against Velawcity would in effect be a judgment against the Debtor. As this Court has noted, "[t]he common theme under § 362 "[is] to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." See *In re Divine Ripe, LLC*, 538 B.R. 300, 307–08 (Bankr. S.D. Tex. 2015) (citing *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985); see also *In Re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1146 (5th Cir. 1987) (discussing § 362 and its role in the bankruptcy process)). "There must be an actual, as opposed to an alleged or potential, identity of interests, such that a judgment against the non-bankrupt party would in fact be a judgment against the bankrupt party." *In re Divine Ripe, LLC*, 538 B.R. at 312. Even where a judgment against the non-debtor may lead to liability for the debtor, some courts have held that there must be a "serious" impact on the debtor or the estate. See, e.g., *In re Uni-Marts, LLC*, 404 B.R. 767, 781 (Bankr. D. Del. 2009) (declining to extend stay to non-debtor even though debtor would be required to indemnify nondebtor because debtor had insurance to cover any loss and "it is difficult to see how the Debtor would sustain any loss, much less one that would materially impair its reorganization").

19.     Here, a judgment against Velawcity in the Monson Lawsuit would not effectively be a judgment or finding against the Debtor or its estate. Instead, it would trigger a possible claim by Velawcity for indemnity against the Debtor (not yet ripe), subject to any defenses or counterclaims by the Debtor. But the filing of such a claim might not occur, since doing so would subject Velawcity to bankruptcy court jurisdiction. In the event that Velawcity filed a proof of claim in the Debtor's bankruptcy case regarding any indemnity obligation under the MSAs, the parties could either litigate that issue in bankruptcy court or seek modification of the automatic stay to proceed with having that issue determined in the pending federal court litigation. The practical reality in bankruptcy is any legal obligation of the Debtor to indemnify Valawcity would only serve as a basis to assert an unsecured claim against the Debtor and its estate and would have no practical impact on the Debtor's ability to reorganize.

20.     Moreover, Velawcity's indemnity claims against the Debtor are not absolute. The purported indemnity is limited in scope, ambiguous on its face, and is buried in each of the MSAs under a section titled "Intake Services." *See e.g.*, Docket No. 52-2, p. 2. Each of the MSAs attached to the Motion contain a single sentence on which Velawcity bases the Debtor's purported indemnification obligation: "Law Firm agrees to indemnify Velawcity from any and all liability *associated with email delivery*." See Docket Nos. 52-1 – 52-4 (emphasis added). First, this appears to be a far cry from a broad indemnity for "any and all liability." Second, what is liability associated with "email delivery"? This Court would be tasked with making such determination when deciding the Motion.

21.     EAJF submits that the Debtor would not absolutely and automatically be liable for a judgment against Velawcity. In the absence of absolute indemnity, there is no immediate adverse economic consequence to the Debtor or its estate (see *NJ Carpenters Health Fund v. Royal Bank*

*of Scot. Grp., PLC*, 564 B.R. 192, 195 (Bankr. S.D.N.Y. 2016) (holding that the mere possibility of a future indemnification claim will not support extension of the automatic stay*); In re SDNY 19 Mad Park, LLC*, 2014 WL 4473873, at *2 (Bankr. S.D.N.Y. Sept. 11, 2014) (stating that there is no authority to extend the automatic stay under section 105 solely on the basis that there might be indemnification rights against the debtor).

## CONCLUSION AND PRAYER

22. The relevant law establishes that: (1) extension of the stay is reserved for unusual circumstances; (2) a debtor's duty to indemnify or being jointly liable is a factor to consider, but not solely determinative of the question; and (3) a court must analyze the contract where a party claims it provides support for extension of the stay to determine whether it has the effect claimed. Here, Velawcity has not shown unusual circumstances and has based its requested relief upon a single ambiguous sentence buried in each of the MSAs. It has failed as a matter of law to provide necessary support for the extraordinary remedy it seeks.

Dated: June 6, 2024

Respectfully submitted,

**SPENCER FANE LLP**

By: */s/ Misty A. Segura*
MISTY A. SEGURA
TX Bar No. 24033174
Fed. No. 30751
3040 Post Oak Blvd., Ste. 1400
Houston, TX 77056
Office: (713) 212-2643
E-mail: msegura@spencerfane.com

*Attorneys for Equal Access Justice Fund, LP and EAJF ESQ Fund, LP*

9

## **CERTIFICATE OF SERVICE**

I certify that on June 6, 2024, a true and correct copy of the foregoing document was served by electronic service via the Court's ECF filing system on those parties registered to receive service.

>  */s/ Misty A. Segura*
>  MISTY A. SEGURA