UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § § | |
| DEBTOR | § § | |
| MMA LAW FIRM, PLLC | § | ADVERSARY NO. |
| Plaintiff | § | |
| v. | § § | |
| MORRIS BART, LLC | § § | |
| Defendant | § | |

## **COMPLAINT**

    MMA LAW FIRM, PLLC, Plaintiff and/or Debtor, files this Complaint against Morris Bart, LLC, pursuant to FED. R. BANKR. P. 7001(1) and (7), requesting actual and punitive damages, equitable relief, and respectfully shows the Court as follows:

### **JURISDICTION, VENUE AND PARTIES**

1. This is an adversary proceeding brought by the Debtor for violation of the automatic stay under section 362 of title 11 of the United States Code.

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), pursuant to 28 U.S.C. § 1409.

5. MMA Law Firm, PLLC is the Debtor in Case No. 24-31596 pending in the Southern District of Texas and can be served through its undersigned proposed counsel.

6. Morris Bart, LLC can be served with this Complaint and summons through its registered agent

Morris Bart, III at 601 Poydras Street, 24th Floor, New Orleans, LA 70130.

7. The Plaintiff hereby states that it consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**RELEVANT BACKGROUND FACTS**

8. On April 28, 2022, Noah Jackson executed an attorney employment contract with the Debtor to assist Mr. Jackson in claims against his insurance carrier State Farm Fire & Casualty Company (**"State Farm"**).

9. On or about December 28, 2022, the Debtor, on behalf of Mr. Jackson, filed a lawsuit against State Farm for breach of contract and various statutory violations in the United States District Court in the Middle District of Louisiana ("**Louisiana Case**").  *(Exhibit A)*

10. In representing Mr. Jackson, the Debtor performed significant legal work for Mr. Jackson and incurred expenses, including filing fees and service of process fees in the amount of $552.00. *(Exhibit B and C)*

11. In addition, the Debtor hired Exact Building Consultants, Inc. (**"Consultant"**) to inspect Mr. Jackson's property as part of the required work in the Louisiana Case. The Debtor owes the Consultant approximately $1,048.25.  *(Exhibit D)*

12. On May 22, 2023, the District Court of Louisiana entered an Order terminating the Debtor as counsel for Mr. Noah Jackson. *(Exhibit E)*

13. On August 2, 2023, Mr. Jackson filed a *Motion to Substitute Morris Bart, LLC* (**"Morris Bart"** or **"Defendant"**) as counsel for Mr. Jackson.  *(Exhibit F)*

14. On August 3, 2023, the Louisiana Court granted the Motion to Substitute Morris Bart as counsel for Mr. Jackson.

**CHAPTER 11 BANKRUPTCY FILED**

15. On April 9, 2024, the Debtor filed a Chapter 11 bankruptcy petition. *(Exhibit G)*

16. In its bankruptcy schedules, the Debtor disclosed claims against Morris Bart for "possession of attorney's fees and expenses that belong to the Debtor". *(Exhibit H – Page 138)*

17. Specifically, the Debtor performed significant legal work in the Louisiana Case on behalf of Mr. Jackson and is entitled to attorney's fees and expenses and Morris Bart has taken a contrary position.

18. Furthermore, the Debtor disclosed Morris Bart in its Schedule F as disputed and "notice only". *(Exhibit H – Page 184)*

19. On April 23, 2024, the Debtor sent Morris Bart notice of the Debtor's bankruptcy filing via email to two separate email addresses (the, **"Letter"**). *(Exhibit I)*

20. Pursuant to the Letter, the Debtor specifically 1) notified Morris Bart of the Debtor's bankruptcy filing; 2) explained that the bankruptcy petition operates as a stay including any attempts to obtain possession of the Debtor's property; and 3) provided Morris Bart with contact information for the Debtor's counsel.

21. Furthermore, the Letter specifically identified Mr. Noah Jackson, and included Mr. Jackson's case number, relevant insurance company, and Mr. Jackson's address.

22. In addition to the actual notice of the bankruptcy filing served by the Debtor, on April 12, 2024, the Bankruptcy Noticing Center provided Morris Bart with notice of the Debtor's bankruptcy filing. *(Exhibit J)*.

**MOTION FILED BY MORRIS BART**

23. On June 20, 2024, after having notice of the Debtor's bankruptcy filing, Morris Bart on behalf of Noah Jackson, filed a Motion for Release of Funds (**"Motion to Release Funds"**). (*Exhibit K*)

24. In the Motion to Release Funds, Morris Bart specifically seeks an order that determines that the proceeds of the settlement in Mr. Jackson's case should **exclude** the Debtor as a payee.

25. The proposed order attached to the Motion to Release Funds reads as follows:

    "**IT IS ORDERED** that the *Motion for Release of Funds is* **GRANTED** and the settlement proceeds in this case shall not include the law firm of McClenny, Moseley, & Associates". *(Exhibit L)*

26. Morris Bart never filed a Motion seeking relief from the automatic stay to file the Motion to Release Funds.

27. On June 24, 2024, the Louisiana Court entered an Order to Show Cause requiring the Debtor to submit a memorandum no later than July 8, 2024 if it is opposed to the relief requested by Morris Bart in its Motion to Release Funds. (*Exhibit M*)

28. The Debtor does not consent to the relief requested in the Motion to Release Funds. *(Exhibit N)*

## CAUSE OF ACTION #1

29. Plaintiff incorporates paragraphs 1 through 28 into Cause of Action No. 1.

30. Section 362(a) of the Bankruptcy Code provides, in pertinent part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3).

31. Pursuant to 11 U.S.C. § 362(a)(3), the Defendant violated the automatic stay by filing its Motion to Release Funds and seeking a determination that the Debtor is not entitled to property of the estate.

32. The Defendant was well aware of the bankruptcy filing when it filed the Motion to Release Funds.

33. There is no question that the Defendant is aware that the Debtor asserts an interest in the fees and costs as the Defendant specifically seeks an Order from the Louisiana Court to exclude the Debtor from receiving such compensation.

34. The Defendant failed to file a Motion for Relief to file the Motion to Release Funds and to obtain a determination that the Debtor is not entitled to any funds.

### DAMAGES

35. The Debtor is entitled to recover actual damages, including costs and attorney's fees from the Defendant.

36. Section 362(h) provides, "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The Fifth Circuit noted that there are "three elements to a claim under 362(h): (1) the defendant must have known of the existence of the stay; (2) the defendant's acts must have been intentional; and (3) these acts must have violated the stay." *In re Chesnut,* 422 F.3d 298, 302 (5th Cir.2005).

37. Here, the Defendant knew the stay existed as it was provided notice of the bankruptcy filing and the Letter which explicitly described the automatic stay.

38. Furthermore, the Defendant is a law firm.

39. The Defendants acts were intentional as they filed a Motion with the Louisiana Court specifically seeking a determination that the Debtor is not entitled to its property rights.

**PRAYER FOR RELIEF**

WHEREFORE, The Debtor prays this Court enter judgment in favor of the Debtor against the Defendant as follows:

1. Awarding the Debtor attorney's fees and pre- and post-judgment interest as may be allowed by law; and
2. Awarding the Debtor actual damages and costs.

Dated: June 24, 2024

                                          Respectfully submitted,

                                          By: */s/Miriam T. Goott*

                                          Miriam T. Goott
                                          SBN #24048846
                                          PROPOSED COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax
mgoott@walkerandpatterson.com