UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | |
| DEBTOR | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | ADVERSARY NO. |
| Plaintiff | § | |
| v. | § | |
| | § | |
| LABORDE EARLES LAW FIRM, LLC | § | |
| | § | |
| Defendant | § | |

# COMPLAINT

MMA LAW FIRM, PLLC, Plaintiff and/or Debtor, files this Complaint against Laborde Earles Law Firm, LLC, pursuant to Fed. R. Bankr. P. 7001(1) and (7), requesting actual and punitive damages, equitable relief, and respectfully shows the Court as follows:

## JURISDICTION, VENUE AND PARTIES

1. This is an adversary proceeding brought by the Debtor for violation of the automatic stay under section 362 of title 11 of the United States Code.

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), pursuant to 28 U.S.C. § 1409.

5. MMA Law Firm, PLLC is the Debtor in Case No. 24-31596 pending in the Southern District of Texas and can be served through its undersigned proposed counsel.

6. Laborde Earles Law Firm, LLC ("**Labore Earles**") can be served with this Complaint and

summons through its registered agent David C. Laborde at 1901 Kaliste Saloom Road, Lafayette, LA 70508.

7. MMA Law Firm, PLLC (the, **"Debtor"**) hereby states that it consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND FACTS

8. On or about February 24, 2022, Mr. Thomas Bullock executed an attorney employment contract with the Debtor to assist Mr. Bullock in claims against his insurance carrier State Farm Fire & Casualty Company (**"State Farm"**).

9. On or about July 28, 2022, Mr. Bently Senegal executed an attorney employment contract with the Debtor to assist Mr. Senegal in claims against his insurance carrier State Farm.

10. On August 23, 2022, the Debtor, on behalf of Mr. Bullock filed a lawsuit against State Farm for breach of contract and various statutory violations in the United States District Court in the Western District of Louisiana ("**Bullock Case**"). *(Exhibit A)*

11. On August 25, 2022, the Debtor, on behalf of Mr. Senegal filed a lawsuit against State Farm for breach of contract and various statutory violations in the United States District Court in the Western District of Louisiana ("**Senegal Case**"). *(Exhibit B)*

12. The Debtor performed significant legal work and incurred expenses in both the Bullock Case and the Senegal Case.

13. The Debtor incurred a total of $602.00 in expenses for the Bullock Case and the Senegal Case, which consists of filing fees, service of process fees, and court registry fees.
(The Bullock Case and the Senegal Case are collectively referred to as the **"Louisiana Cases"**).

## LOUISIANA ORDER

14. On March 4, 2023, the District Court for the Western District of Louisiana entered an Order that among other things 1) suspended the Debtor and anyone affiliated with the Debtor from practicing before the Untied States District Court for the Western District of Louisiana; and 2) prohibited the Debtor and any attorney affiliated with the Debtor from settling any claims, handling any settlement funds or making and disbursements of any kind during the suspicion period (**"Suspension Order"**).

15. As a result of the Suspension Order, the Debtor withdrew as counsel in the Louisiana Cases.
16. Subsequently, Laborde Earles obtained orders to represent Bullock and Senegal in the Louisiana Cases.

**CHAPTER 11 BANKRUPTCY FILED AND NOTICE PROVIDED**

17. On April 9, 2024, the Debtor filed a Chapter 11 bankruptcy petition. *(Exhibit C)*
18. In its bankruptcy schedules, the Debtor disclosed claims against Laborde Earles for "possession of attorney's fees and expenses that belong to the Debtor" *(Exhibit D – Page 136).*
19. Specifically, the Debtor performed significant legal work in the Louisiana Cases and asserted claims that it is entitled to attorney's fees and expenses from Laborde Earles.
20. Furthermore, the Debtor disclosed Laborde Earles in its Schedule F as disputed and "notice only". *(Exhibit D – Page 177)*
21. On April 23, 2024, the Debtor sent Laborde Earles notice of the Debtor's bankruptcy filing via email to two separate email addresses (the, **"Letter"**). *(Exhibit E)*
22. Pursuant to the Letter, the Debtor specifically 1) notified Laborde Earles of the Debtor's bankruptcy filing; 2) explained that the bankruptcy petition operates as a stay including any attempts to obtain possession of the Debtor's property; and 3) provided Laborde Earles with contact information for the Debtor's counsel.
23. Furthermore, the Letter specifically identified both Mr. Bullock and Mr. Senegal, including their respective case numbers, insurance company, and home addresses.
24. In addition, on April 12, 2024, the Bankruptcy Noticing Center provided Laborde Earles with notice of the Debtor's bankruptcy filing via U.S. mail. *(Exhibit F)*

**MOTIONS FILED BY LABORDE EARLES**

25. Laborde Earles has taken the position that the Debtor is not entitled to any attorney's fees in dozens (if not hundreds of cases) that were filed by the Debtor on behalf of its clients in Louisiana.[1]

**Bullock Case**

26. On May 29, 2024, Mr. Bullock and State Farm entered into a full and final settlement of all

---

[1] There are approximately 380 lawsuits that were filed by the Debtor in the Western District of Louisiana alone. To date, Debtor's proposed counsel has been combing through the docket of every case. As of the date of the filing of this Adversary Proceeding, Debtor's proposed counsel has looked through 62 of these cases, and discovered that out of just 62 cases reviewed, Laborde Earles has filed 24 motions to exclude the Debtor from receiving any attorney's fees. The Debtor anticipates that this number will increase dramatically as the dockets are fully reviewed.

claims in the Louisiana Case (**"Bullock Settlement"**).

27. On the very same day that the Bullock Settlement was reached, Laborde Earles (after having notice of the Debtor's bankruptcy filing) filed a Motion for Release of Funds (**"Bullock Motion"**). (*Exhibit G*)

28. In the Motion to Release Funds, Laborde Earles specifically seeks an order that excludes MMA as a payee from a settlement check issued by State Farm in the Bullock Settlement. The proposed order attached to the Bullock Motion reads as follows:

> "**IT IS ORDERED the check issued by State Farm Fire and Casualty Company for the settlement of this Matter NOT include the law firm of McClenny, Moseley & Associates as a payee.**" *(Exhibit H)*

29. Laborde Earles never filed a motion seeking relief from the automatic stay to file the Bullock Motion. *(Exhibit I)*

30. What is most egregious about the Bullock Motion is that Laborde Earles asserts that the relief requested *"does not impact the pending bankruptcy in any way"*.

31. Instead of contacting Debtor's proposed counsel to reach an agreement or seek relief from the Bankruptcy Court, Laborde Earles filed its motion seeking to circumvent the Bankruptcy Court and the Debtor altogether and remove the Debtor's name from a settlement check.

**Senegal Case**

32. On April 29, 2024, after having notice of the Debtor's bankruptcy filing, Laborde Earles filed a second motion in the Senegal Case titled Motion for Release of Funds ("**Senegal Motion**"). *(Exhibit J)*

33. In the Senegal Motion, Laborde Earls admits that it entered into a final settlement with State Farm on behalf of Mr. Senegal and seeks an Order from the Louisiana Court *"instructing that the proceeds of the settlement in the instant case NOT include the law firm McClenny, Moseley & Associates as a payee."*

34. The proposed order attached to the Senegal Motion requests an order that provides the following:
    a) An Order from the Louisiana Court instructing that the proceeds of the settlement exclude the Debtor as a payee; and
    b) An order allowing the Plaintiff to file a Motion to Set Attorney Fees and Costs and Expenses in the **Louisiana Case** to address whether any fees are owed to the Debtor. *(Exhibit K)*

35. Just like in the Bullock Case, Laborde Earles failed to seek permission from the Bankruptcy Court to file the Senegal Motion.

36. Once again, Laborde Earles' attempts to circumvent the exclusive jurisdiction of the Bankruptcy Court are transparent, as they have asked the Louisiana Court to decide whether the Debtor is entitled property of the estate.

37. (The Bullock Motion and the Senegal Motion are collectively referred to as the **"Motions to Release Funds"**).

## CAUSE OF ACTION #1

38. Plaintiff incorporates paragraphs 1 through 36 into Cause of Action No. 1.

39. Section 362(a) of the Bankruptcy Code provides, in pertinent part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3).

40. Pursuant to 11 U.S.C. § 362(a)(1), the Defendant violated the automatic stay by filing the Motions to Release Fund in the Senegel Case as it has requested the Louisiana Court to make a determination of whether the Debtor is entitled to attorney's fees and costs.

41. Pursuant to 11 U.S.C. § 362(a)(3), the Defendant violated the automatic stay by filing the Motions to Release Funds by seeking to 1) remove the Debtor as a payee on settlement checks in two different cases; and 2) have the Louisiana Court determine what funds are owed to the Debtor.

42. The filing of the Motions to Release Funds is an action that could have been commenced prior to the filing of the Debtor's bankruptcy case and it was not and therefore Section 362(a)(1) is applicable.

43. Seeking to remove the Debtor's name as a payee on the settlement checks is a clear violation of the automatic stay as it is an act to exercise control over property of the estate which is prohibited under Section 362(a)(3).

44. Laborde Earles was well aware of the bankruptcy filing when it filed the Motions to Release Funds. In fact, Laborde Earles acknowledges the existence of the bankruptcy case and brazenly asserts that removal of the Debtor as a payee has no effect on the bankruptcy case.

45. Laborde Earles' acts are willful and intentional and are transparent attempts to avoid the

Bankruptcy Court and its exclusive jurisdiction over property of the estate.

46. The Defendant failed to file a Motion for Relief prior to filing both Motions to Release Funds and failed to provide notice to the Debtor and the estate of its acts to take control over property of the estate.

47. Presumably, Laborde Earles believed that nobody would find out and their motions would be granted based on the sheer volume of litigation pending in Louisiana.

## DAMAGES

48. The Debtor is entitled to recover actual damages, including costs and attorney's fees from the Defendant.

49. Section 362(h) provides, "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The Fifth Circuit noted that there are "three elements to a claim under 362(h): (1) the defendant must have known of the existence of the stay; (2) the defendant's acts must have been intentional; and (3) these acts must have violated the stay." *In re Chesnut,* 422 F.3d 298, 302 (5th Cir.2005).

50. Here, Laborde Earles knew the automatic stay was in affect as it was provided notice of the bankruptcy filing and the Letter, which explicitly described the automatic stay.

51. Furthermore, Laborde Earles is a law firm who should understand the significance and importance of the automatic stay in a bankruptcy case.

52. The Defendants acts were intentional as they filed a Motion with the Louisiana Court specifically seeking a determination that the Debtor is not entitled to its property rights.

## PRAYER FOR RELIEF

WHEREFORE, The Debtor prays this Court enter judgment in favor of the Debtor against the Laborde Earles as follows:

1. Awarding the Debtor attorney's fees and pre- and post-judgment interest as may be allowed by law;
2. Awarding punitive damages; and
3. Awarding the Debtor actual damages and costs.

Dated: June 28, 2024

                                            Respectfully submitted,

                                            By: */s/Miriam T. Goott*

                                            Miriam T. Goott
                                            SBN #24048846
                                            PROPOSED COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax
mgoott@walkerandpatterson.com