UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | |
| DEBTOR | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | ADVERSARY NO. |
| Plaintiff | § | |
| v. | § | |
| | § | |
| THE VOORHIES LAW FIRM | § | |
| | § | |
| Defendant | § | |

## COMPLAINT

MMA LAW FIRM, PLLC, Plaintiff and/or Debtor, files this Complaint against The Voorhies Law Firm, pursuant to FED. R. BANKR. P. 7001(1) and (7), requesting actual and punitive damages, equitable relief, and respectfully shows the Court as follows:

## JURISDICTION, VENUE AND PARTIES

1. This is an adversary proceeding brought by the Debtor for violation of the automatic stay under section 362 of title 11 of the United States Code.

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), pursuant to 28 U.S.C. § 1409.

5. MMA Law Firm, PLLC is the Debtor in Case No. 24-31596 pending in the Southern District of Texas and can be served through its undersigned proposed counsel.

6. The Voorhies Law Firm (**"Voorhies Law"**) can be served with this Complaint and

summons through its registered agent Richard Voorhies III at 6134 Argonne Blvd, New Orleans, LA 70124.

7. MMA Law Firm, PLLC (the, **"Debtor"**) hereby states that it consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT BACKGROUND FACTS

### ANDRES CASE

8. On or about August 9, 2022, Marie Azor Andre and Raynaud Jean Andre (**"The Andres"**) executed an attorney employment contract with the Debtor to assist The Andres in claims against their insurance carrier North Light Specialty Insurance Company (**"North Light"**).

9. After executing the employment contract, the Debtor assisted The Andres in multiple ways including, but not limited to the following: 1) sent a Letter of Representations (**"LOR"**) to North Light; 2) hired PCG as an estimator to assess the damage to their property; 3) sent a demand on North Light; and 4) invoked appraisal (**"Andres Case"**).

10. The Debtor owes PCG (the estimator) a total of 4,650.00 for work performed in connections with the Andres Case.

### COLLETTI CASE

11. On or about July 23, 2022, Mr. Colt Colletti executed an attorney employment contract with the Debtor to assist Mr. Colletti in claims against his insurance carrier Louisiana Insurance Guaranty Association (**"LIGA"**).

12. After executing the employment contract, the Debtor assisted Mr. Colletti in multiple ways including, but not limited to the following: 1) sent a LOR to LIGA; 2) hired PCG as an estimator to assess the damage to their property; 3) sent a demand on LIGA; 4) invoked appraisal; and 5) assisted and coordinated in a reinspection of the property requested by LIGA (**"Colletti Case"**).

13. The Debtor owes Estimator Disaster Solutions (the estimator) a total of $5,511.77 for work performed in connections with the Colletti Case.

### SINEGAR CASE

14. On or about April 27, 2022, Mr. Norman Sinegar executed an attorney employment contract with the Debtor to assist Mr. Sinegar in claims against his insurance carrier Allstate Indemnity Company (**"Allstate"**).

15. After executing the employment contract, the Debtor assisted Mr. Sinegar in multiple ways

including, but not limited to the following: 1) sent a LOR to Allstate; 2) hired PCG as an estimator to assess the damage to their property; 3) sent a demand on Allstate; and 4) invoked appraisal (**"Sinegar Case"**).

16. The Debtor owes PCG (the estimator) a total of $2,475.00 for work performed in connections with the Sinegar Case.

17. The Andres Case, the Colletti Case and the Sinegar Case are collectively referred to as the **"Louisiana Cases"**.

### Summary of the Three Louisiana Cases

18. The Debtor performed significant legal work in the Louisiana Cases.

19. In addition, the Debtor is now liable for a total of $12,636.77 related to estimator fees in the Louisiana Cases.

### LOUISIANA ORDER

20. On March 4, 2023, before the Debtor was able to file lawsuits on behalf of Mr. Sinegar, Mr. Colletti and The Andres, the District Court for the Western District of Louisiana entered an Order that among other things: 1) suspended the Debtor and anyone affiliated with the Debtor from practicing before the United States District Court for the Western District of Louisiana; and 2) prohibited the Debtor and any attorney affiliated with the Debtor from settling any claims, handling any settlement funds or making and disbursements of any kind during the suspicion period (**"Suspension Order"**).

21. As a result of the Suspension Order, the Debtor withdrew as counsel in the Louisiana Cases.

22. Subsequently, Voorhies Law began representing the Debtor's clients in the Louisiana Cases.

### CHAPTER 11 BANKRUPTCY FILED AND NOTICE PROVIDED

23. On April 9, 2024, the Debtor filed a Chapter 11 bankruptcy petition.[1]

24. In its bankruptcy schedules, the Debtor disclosed claims against Voorhies Law for "possession of attorney's fees and expenses that belong to the Debtor".[2]

25. Specifically, the Debtor performed significant legal work in the Louisiana Cases and asserted claims that it is entitled to attorney's fees and expenses from Voorhies Law.

26. Furthermore, the Debtor disclosed Voorhies Law in its Schedule F as disputed and "notice only".[3]

27. On April 23, 2024, the Debtor sent Voorhies Law notice of the Debtor's bankruptcy filing

---

[1] Exhibit A – Petition Page
[2] Exhibit B – Schedules (Page 141)
[3] Exhibit B – Schedules (Page 195)

via email to james@voorhieslaw.com (**"BK Notice Email"**).[4]

28. In the BK Notice Email, the Debtor specifically informed Voorhies Law that bankruptcy petition filed by MMA operates as a stay and prohibits the commencement or continuation of all judicial actions against MMA.  The Debtor further notified Voorhies Law that all communications regarding the pending bankruptcy case should be addressed to Walker & Patterson, PC.

29. Attached to the BK Notice Email was a spreadsheet that specifically identified Mr. Colletti, Mr. Singer and Mr. and Mrs. Andre.[5]

30. In addition, on April 12, 2024, the Bankruptcy Noticing Center provided Voorhies Law with notice of the Debtor's bankruptcy filing via U.S. mail.[6]

**DIRECT EMAIL COMMUNICATIONS WITH VOORHIES LAW AND DEBTOR'S PROPOSED COUNSEL**

31. On May 22, 2024, roughly one month after receiving the BK Notice Email, Voorhies Law sent an email to Debtor's proposed counsel notifying the Debtor that Voorhies Law filed a *Motion to Preclude an Award of Attorney's Fees and Expenses to the Debtor* on behalf of its client (**"Voorhies Email"**).[7]

32. On May 22, 2024, Debtor's proposed counsel immediately responded to the Voorhies Email and stated, *"I believe that you may need to get the stay modified in the bankruptcy to actually proceed with this"*.[8]

33. On May 31, 2024, Voorhies Law replied to Debtor's proposed counsel without acknowledgment of the bankruptcy and simply attached the notice of a hearing date for their motion seeking to preclude the Debtor from an award of attorney's fees.[9]

**MOTIONS FILED BY VOORHIES LAW**

34. In multiple cases, Voorhies Law has taken the position that the Debtor is not entitled to any attorney's fees that were incurred by the Debtor on behalf of its clients in the Louisiana Cases.

**The Andres Case**

35. On May 20, 2024, Voorhies Law on behalf of The Andres filed a *Motion to Preclude Award of Attorney's Fees, Expenses and/or Costs to McClenny Moseley & Associates* (**"Andres**

---

[4] Exhibit C – Notice Email
[5] Exhibit D – Spreadsheet - Mr. Colletti (Page 55); Mr. Andre (Page 66); and Mr. Sinegar (Page 38).
[6] Exhibit E – Notice from Bankruptcy Notice Center
[7] Exhibit F – Email between WP and Voorhies
[8] Exhibit F – Email between WP and Voorhies
[9] Exhibit F – Email between WP and Voorhies

**Motion")**.[10]

36. Attached to the Andres Motion was a proposed order that specifically requested that the State Court of Louisiana finds that the Debtor is not entitled to any attorney's fees, and/or costs in connection with its representation of The Andres.[11]

37. On May 22, 2024, the Louisiana State Court set a hearing on the Andres Motion for July 11, 2024.[12]

38. Voorhies Law never filed a motion seeking relief from the automatic stay to file the Andres Motion, after being warned by Debtor's proposed counsel to do so.[13]

**The Colletti Case**

39. On May 22, 2024, Voorhies Law on behalf of Mr. Colletti filed a *Motion to Preclude Award of Attorney's Fees, Expenses and/or Costs to McClenny Moseley & Associates* (**"Colletti Motion"**).[14]

40. As discussed above, Debtor's proposed counsel notified Voorhies Law in writing that the stay needs to be modified in order to proceed with the Colletti Motion.[15]

41. Attached to the Colletti Motion was a proposed order that specifically requested that the State Court of Louisiana enter an order that prohibits the Debtor for any attorney's fees, expenses and/or costs in connection with its representation of Mr. Colletti.[16]

42. On May 23, 2024, the State Court set the Colletti Motion for trial on July 16, 2024.[17]

43. Again, Voorhies Law never filed a motion seeking relief from the automatic stay to file the Colletti Motion, after being warned by Debtor's proposed counsel to do so.[18]

**Sinegar Case**

44. On April 8, 2024, Voorhies Law on behalf of Mr. Sinegar filed a *Motion to Preclude Award of Attorney's Fees, Expenses and/or Costs to McClenny Moseley & Associates* ("**Sinegar Motion**").[19]

45. Although the Sinegar Motion was filed pre-petition (one day prior to the bankruptcy filing),

---

[10] Exhibit G – Andres Motion to Preclude
[11] Exhibit H – Andres Motion to Preclude Proposed Order
[12] Exhibit H – Andres Motion to Preclude Proposed Order
[13] Exhibit I - Docket
[14] Exhibit J – Colletti Motion to Preclude
[15] Exhibit F - Email
[16] Exhibit K – Colletti Proposed Order
[17] Exhibit L – Order Setting Hearing Colletti
[18] Exhibit I - Docket
[19] Exhibit M – Sinegar Motion

Voorhies Law continued to prosecute the Sinegar Motion after having received multiple notices from the Debtor regarding the filing of the Chapter 11 case.

46. On June 18, 2024, Voorhees Law filed a Memo in support of the Sinegar Motion **("Memo")**.[20]

47. In the Memo filed with the State Court, Voorhees Law once again asked the State Court to enter an order precluding the Debtor from asserting any claim for fees and/or expenses in connection with the Sinegar Case.

48. Once again, Voorhies Law never filed a motion seeking relief from the automatic stay to file the Sinegar Motion, after being warned by Debtor's proposed counsel to do so.

49. (The Andres Motion, the Sinegar Motion and the Colletti Motion are collectively referred to as **"The Louisiana Motions to Exclude"**).

## CAUSE OF ACTION #1

50. Plaintiff incorporates paragraphs 1 through 49 into Cause of Action No. 1.

51. Section 362(a) of the Bankruptcy Code provides, in pertinent part: "[A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3).

52. Here, the Debtor has an interest in attorney's fees and expenses related to the Louisiana Cases. Not only is the Debtor owed fees for significant work performed in the Louisiana Cases, but the Debtor is also liable for a total of $12,636.77 related to estimator fees in the Louisiana Cases.

53. These claims existed prior to the filing of the Debtor's bankruptcy case.

54. Pursuant to 11 U.S.C. § 362(a)(1) and (a)(3), the Defendant violated the automatic stay by filing the Louisiana Motions to Exclude as it has requested the State Court in Louisiana to make a determination of whether the Debtor is entitled to attorney's fees and costs.

55. The filing of the Louisiana Motions to Exclude in the Andres Case and the Colletti Case are actions that could have been commenced prior to the filing of the Debtor's bankruptcy case and were not and therefore Section 362(a)(1) is applicable.

56. In the Sinegar Case, the Defendant violated Section 362 by continuing to prosecute the

---

[20] Exhibit N - Memo

Sinegar Motion by filing the Memo post-petition.

57. There is no questions that Voorhies Law was well aware of the bankruptcy filing when it filed and continued to prosecute the Louisiana Motions to Exclude as it received multiple notices and was communicating directly with the Debtor's proposed bankruptcy counsel who put Voorhies Law on specific notice to seek relief from the automatic stay before proceeding.

58. Voorhies Law' acts are willful and intentional and are transparent attempts to avoid the Bankruptcy Court and its exclusive jurisdiction over property of the estate.

59. Voorhies Law failed to file a Motion for Relief prior to filing the Louisiana Motions to Exclude.

## DAMAGES

60. The Debtor is entitled to recover actual damages, including costs and attorney's fees from the Defendant.

61. Section 362(h) provides, "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The Fifth Circuit noted that there are "three elements to a claim under 362(h): (1) the defendant must have known of the existence of the stay; (2) the defendant's acts must have been intentional; and (3) these acts must have violated the stay." *In re Chesnut,* 422 F.3d 298, 302 (5th Cir.2005).

62. Here, Voorhies Law knew the automatic stay was in effect as it was provided notice of the bankruptcy filing and the Letter, which explicitly described the automatic stay.  As described above, Debtor's proposed counsel specifically instructed Voorhies Law that they needed to seek relief from the automatic stay.

63. Furthermore, Voorhies Law is a law firm who should understand the significance and importance of the automatic stay in a bankruptcy case.

64. The Defendants acts were intentional as they filed the Louisiana Motions to Exclude specifically seeking a determination that the Debtor is not entitled to its property rights.

## PRAYER FOR RELIEF

WHEREFORE, The Debtor prays this Court enter judgment in favor of the Debtor against Voorhies Law as follows:

1. Awarding the Debtor attorney's fees and pre- and post-judgment interest as may be allowed by law;
2. Awarding punitive damages; and

3. Awarding the Debtor actual damages and costs.

Dated: July 2, 2024

                                                              Respectfully submitted,

                                                              By: */s/Miriam T. Goott*

                                                              Miriam T. Goott
                                                              SBN #24048846
                                                              PROPOSED COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax
mgoott@walkerandpatterson.com