IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| MMA Law Firm, PLLC | § | Case No. 24-31596 |
| | § | |
| DEBTOR | § | |

**DEBTOR'S EMERGENCY MOTION TO EXTEND DEADLINE TO RESPOND TO THE APPLICATION TO EMPLOY KANE RUSSELL COLEMAN LOGAN PC AS COUNSEL FOR THE OFFICIAL UNSECURED CREDITORS' COMMITTEE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.

IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**EMERGENCY RELIEF HAS BEEN REQUESTED AS DEBTOR'S PROPOSED COUNSEL NEEDS TO CONDUCT DISCOVERY PRIOR TO FILING A RESPONSE TO THE APPLICATION TO EMPLOY FILED BY COMMITTEE.  THE RESPONSE DEADLINE IS JULY 24, 2024. THEREFORE, THE DEBTOR REQUESTS THAT A HEARING ON THIS MATTER IS SET PRIOR TO JULY 24, 2024.**

**COMES NOW,** MMA Law Firm, PLLC ("**Debtor"**) and files this *Emergency Motion to Extend Deadline to Resoind to the Application to Employ Kane Russell Coleman Logan PC as Counsel for the Official Unsecured Creditors' Committee* and respectfully asserts the following:

## SUMMARY OF RELIEF REQUESTED

On July 3, 2024, the Committee filed its Application to Employ KRCL as counsel for the Committee (**"Application"**). The very same day, Debtor's proposed counsel communicated with Mr. Hotze, counsel for KRCL, and learned that they are in active negotiations with the purported secured lender regarding payment of their attorney's fees. This disclosure was not made in the Application and when Debtor's proposed counsel asked for specifics regarding these negotiations, Mr. Hotze refused to provide the information.

Furthermore, the Application includes a statement that KRCL has connections to creditors in this case, but the identity of these creditors were not disclosed based on the Committee's own determination that these representations are not "substantially related" to the Debtor's bankruptcy case or that the representation of these creditors are immaterial and *de minimis.*

In addition, the hourly rates for some of the professionals contained in the Application appear to be significantly higher than the market rate.  The Debtor seeks to conduct limited discovery related to the Application, including the deposition of KRCL and the chairman of the Committee ("**Depositions**").  The Debtor needs to conduct this discovery before it can determine whether it will object to the Application.

The Debtor requests that the Court extend the deadline for the Debtor to respond to the Application for three days after the completion of the Depositions.  The Committee has refused to agree to an extension.

## RELEVANT FACTS

**Discussion with Committee Counsel**

1. On July 3, 2024, The Official Unsecured Creditors' Committee (**"Committee"**) filed an *Application to Employ Kane Russell Coleman Logan PC as Counsel for the Official Unsecured Creditors' Committee* (**"Application"**). (Exhibit A)
2. A declaration of Joseph M. Coleman, director of Kane Russell Coleman Logan PC (**"KRCL"**) was attached to the Application (**"Declaration"**). (Exhibit B)
3. On July 3, 2024, the very same day that the Application was filed, Debtor's proposed counsel had a phone call with Mr. Hotze, proposed counsel for the Committee.
4. During this phone call, Mr. Hotze asserted that he was in active negotiations with the purported secured lender in this case regarding payment of attorney's fees for his firm.

5. Debtor's proposed counsel specifically asked about the terms of the negotiations and what the purported secured lender has offered to pay KRCL.  Mr. Hotze <u>refused</u> to respond.

**Concerns in the Application to Employ**

6. Nowhere in the Application nor in the Declaration does the Committee or KRCL disclose that they are in active negotiations with the purported secured lender who is adverse to the unsecured creditors by the very nature of the bankruptcy priority scheme.

7. Furthermore, in the Application, the Committee admits that KRCL represents several of the Debtor's creditors or affiliates of the Debtor's creditors, yet failed to disclose their identities based on their own determination that these representations are "*not substantially related to the Debtor's bankruptcy case*" or that the representation of these creditors are "*immaterial and de minimis*".

8. In addition to the above disclosure concerns, the Debtor needs to investigate a few of KRCL's professionals and the hourly rates disclosed in the Application. For example, there are paralegals who can bill the estate at $295.00 per hour and some attorneys whose rates appear to be beyond the market standard for their level of expertise.

9. These are just a few of the concerns that the Debtor needs to investigate before it can determine whether it will object to the Application.

**Deposition and Written Discovery**

10. On July 3, 2024, the same day that the Application was filed, the Debtor requested the Committee to provide available deposition dates for KRCL and the chairman of the Committee who signed the Application ("**Depositions**").

11. The Debtor and the Committee have agreed to discuss deposition dates on July 9, 2024.

12. In addition, the Debtor intends on serving the Committee with limited written discovery prior to the Depositions.

**Relief Requested**

13. The deadline for the Debtor to respond to the Application is July 24, 2024.

14. Therefore, the Debtor requests that the Court enter an Order extending the deadline for it to file a response to the Application within 3 days after the completion of the Depositions.

15. The Committee has refused to agree to an extension.

**Emergency Consideration**

16. The Debtor seeks emergency consideration and requests that the Court sets this matter for a hearing prior to July 24, 2024 which is the deadline to respond to the Application.

Dated: July 3, 2024

> Respectfully submitted,
>
> By: */s/ Miriam T. Goott*
>
> Miriam T. Goott
> SBN 24044846
> *Proposed Counsel for The Debtor*

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**mgoott@walkerandpatterson.com**

### CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a true and correct copy of the following was served upon William Hotze and Michael Ridulfo, counsel for the Committee, via email on July 3, 2024.

> */s/Miriam T. Goott*
> Miriam T. Goott

### CERTIFICATE OF CONFERENCE

I, Miriam Goott, hereby certify that I emailed Mr. Ridulfo on July 3, 2024 regarding an agreement to an extension and he responded that they would not agree at this time.

> */s/Miriam T. Goott*
> Miriam T. Goott