IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | Case No. 24-31596 |
| Debtor. | § | |

### DEBTOR'S RESPONSE IN OPPOSITION TO THE MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104

MMA Law Firm, PLLC (**"Debtor"**) files this *Response in Opposition to Lenders Equal Access Justice Fund, LP and EAJF ESQ Fund, LP* (collectively, "**Litigation Funders**"), Motion for Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104 )(the, **"Motion"**), and respectfully shows the following:

**Debtor's Response**

1. The Debtor admits that it is owned and operated by Moseley, admits that Mosely is a Texas licensed attorney, admits that the Litigation Funders have requested that this Court enter an order appointing a chapter 11 trustee to oversee and operate the Debtor, and denies the remaining factual allegations contained in Paragraph 1 of the Motion.

2. The Debtor denies the factual allegations contained in Paragraph 2 of the Motion.

3. The Debtor is unable to admit or deny whether it is or is not trusted by its creditors as the Debtor does not know who the Litigation Funders are referring to in the Motion, and denies the remaining factual allegations contained in Paragraph 3 of the Motion.

4. The Debtor admits the factual allegations contained in Paragraph 4 of the Motion.

5. The Debtor admits the Committee of Unsecured Creditors was formed on April 30,

2024, and is unable to admit or deny whether it has retained counsel, as alleged in Paragraph 5 of the Motion.

6. The Debtor denies the factual allegations contained in Paragraph 6 of the Motion.

7. The Debtor admits that that this Court has jurisdiction and furthermore consents to this Court's jurisdiction as alleged in Paragraph 7 of the Motion.

8. The Debtor admits that prior to the Petition Date, that the Litigation Funders advanced funds pursuant to the agreements referenced, and denies the remaining allegations contained in Paragraph 8 of the Motion.

9. The Debtor admits that the Litigation Funders advanced funds to the Debtor and denies the remaining allegations contained in Paragraph 9 of the Motion.

10. The Debtor admits that the Litigation Funders advanced funds to the Debtor pre-petition and denies the remaining allegations contained in Paragraph 10 of the Motion.

11. The Debtor admits that the Litigation Funders advanced funds to the Debtor an denies the remaining allegations contained in Paragraph 11 of the Motion.

12. The Debtor denies the factual allegations contained in Paragraph 12 of the Motion.

13. The Debtor refers to the identified documents regarding the contents of the document as alleged in Paragraph 13 of the Motion. The document speaks for itself.

14. To the extent authorization was required, please refer to the contents of the alleged security agreements, and furthermore the Debtor denies the remaining factual allegations contained in Paragraph 14 of the Motion.

15. The Debtor admits that it has been in Chapter 11 since April 9, 2024, admits that it has made no payments to the Litigation Funders and denies that there are any secured creditors to be paid post-petition as alleged in Paragraph 15 of the Motion.

16. The Debtor is unable to admit or deny why the Litigation Funders filed the Harris

County Suit and asserts that the lawsuit and its allegations speak for itself, as alleged in Paragraph 16 of the Motion.

17. The Debtor admits that a TRO and Injunction were entered and refers to the documents regarding the contents of the documents as referenced in Paragraph 17 of the Motion.

18. The Debtor admits that an Agreed Injunction was entered and asserts that the document speaks for itself as alleged in Paragraph 18 of the Motion.

19. The Debtor admits that the Agreed Injunction terminated on April 3, 2024 and denies the remaining factual allegations contained in Paragraph 19 of the Motion.

20. The Debtor admits that a payment or transfer related to a 2020 Land Rover and McClenney is included in the SOFA, admits that McClenny is a former partner and part owner, and denies the remaining factual allegations contained in Paragraph 20 of the Motion.

21. The Debtor admits that Moseley testified that the Debtor used to have over 250 employees, admits that investigations occurred, admits that he is the only attorney employed by the Debtor, admits that seven other employees currently remain, and denies the remaining allegations contained in Paragraph 21 of the Motion.

22. The Debtor admits that Moseley testified and the Debtor has represented numerous times throughout its case, that it has no professional liability insurance, and denies the remaining allegations contained in Paragraph 22 of the Motion.

23. The Debtor admits that district court's have entered findings, asserts that the documents/orders say what they say, and deny the remaining factual allegations contained in Paragraph 23 of the Motion.

24. The Debtor admits that it filed thousands of hurricane cases in Louisiana District Court, and denies the remaining factual allegations contained in Paragraph 24 of the Motion.

25. The Debtor admits that the IRS filed a POC and asserts that the document speaks

for itself, admits that as of the petition date the Debtor did not have insurance, admits that the Debtor has a Porsche that it has agreed to turnover, asserts that there is no estate property in the IOLTA account and the Debtor further denies the remaining factual allegations contained in Paragraph 25 of the Motion.

26. Paragraph 26 of the Motion does not contain factual allegations that require a response.

27. Paragraph 27 of the Motion does not contain factual allegations that require a response.

28. Paragraph 28 of the Motion does not contain factual allegations that require a response.

29. Paragraph 29 of the Motion does not contain factual allegations that require a response.

30. Paragraph 30 of the Motion does not contain factual allegations that require a response.

31. The Debtor denies the factual allegations contained in Paragraph 31 of the Motion.

32. The Debtor denies the factual allegations contained in Paragraph 32 of the Motion.

33. Paragraph 33 of the Motion does not contain factual allegations that require a response.

34. The Debtor denies the factual allegations contained in Paragraph 34 of the Motion.

35. Paragraph 35 of the Motion does not contain factual allegations that require a response.

36. Paragraph 36 of the Motion does not contain factual allegations that require a response.

37. The Debtor admits that there are orders that make negative findings, but is unable

to admit or deny any specific findings regarding Moseley without a specific reference, and denies the remaining factual allegations contained in Paragraph 37 of the Motion.

38. The Debtor denies the factual allegations contained in Paragraph 38 of the Motion.

39. The Debtor denies the factual allegations contained in Paragraph 39 of the Motion.

40. The Debtor denies the factual allegations contained in Paragraphs 40 and 41 of the Motion.

41. The Debtor admits that Mosely is a licensed attorney and denies the remaining factual allegations contained in Paragraph 42 of the Motion.

42. The Debtor denies the factual allegations contained in Paragraph 43 of the Motion.

The Debtor opposes the relief requested in the Motion.

Respectfully submitted,

*s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
Walker & Patterson, PC
4815 Dacoma
Houston, TX 77092
713.956.5577 phone
mgoott@walkerandpatterson.com
**COUNSEL FOR DEBTOR**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August, 2024, a copy of the foregoing was served via email on counsel for 1)the Litigation Funders, 2) the Committee, and 3) the UST.
In addition, all parties receiving notice by CM/ECF received electronic notice on August 23, 2024.

*s/ Miriam T. Goott*
Miriam T. Goott