IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| MMA Law Firm, PLLC | § | Case No. 24-31596 |
| | § | |
| DEBTOR | § | |

**DEBTOR'S REPONSE TO MORRIS BART, LLC'S MOTION TO CONFIRM THE AUTOMATIC STAY DOES NOT APPLY TO OTHER COURT'S DETERMINATION OF ATTORNEY'S FEES AND COSTS RECOVERABLE IN HURRICANE CASES AS BETWEEN MORRIS BART, LLC AND MMA LAW FIRM, PLLC, AND TO MODIFY THE AUTOMATIC STAY TO ALLOW ACTION BY MORRIS BART, LLC FOR DETERMINATION OF ATTORNEY'S FEES AND COSTS RECOVERABLE IN HURRICANE CASES AS BETWEEN MORRIS BART, LLC AND MMA LAW FIRM, PLLC.**

**COMES NOW, MMA Law Firm, PLLC.** (the "**Debtor**") and files this Response to *Morris Bart, LLC's Motion to Confirm the Automatic Stay Does Not Apply to Other Court's Determination of Attorney's Fees and Costs Recoverable in Hurricane Cases as Between Morris Bart, LLC and MMA Law Firm, PLLC, and to Modify the Automatic Stay to Allow Actions by Morris Bart, LLC for Determination of Attorney's Fees and Costs Recoverable in Hurricane Cases as Between Morris Bart, LLC and MMA Law Firm, PLLC* (**"Stay Motion"**)*,* and respectfully shows the Cour the following:

S<span>UMMARY OF</span> F<span>ACTS AND</span> R<span>ELIEF</span> R<span>EQUESTED</span>

In a pending adversary proceeding before this Court, Morris Bart was enjoined from seeking a determination of the Debtor's interest in attorney's fees and costs from any other court (the "**Injunction**"). Instead of filing a motion to reconsider or modify the Injunction in the Adversary, Morris Bart appealed the Injunction, arguing that a Louisiana court is the appropriate forum for determining the Debtor's interest in attorney's fees and costs (**"Appeal"**).

Approximately two weeks later, Morris Bart filed this motion in the underlying bankruptcy case—rather than the adversary proceeding where the Injunction was issued—requesting that this Court modify the automatic stay to allow them to seek a determination of the Debtor's interest in

1

attorney's fees from a Louisiana court and confirm that the automatic stay does not apply to other's court's determination of attorney's fees between the Debtor and Morris Bart (the, "**Stay Motion**").

Morris Bart's maneuver is transparent and does not comply with Fifth Circuit precedent, which clearly states that filing a notice of appeal confers jurisdiction to the District Court and divests the Bankruptcy Court of jurisdiction over the aspects of the case involved in the appeal. Morris Bart's attempt to modify the automatic stay to address the same issue covered by the appealed Injunction is inappropriate and should be denied.

**R**ELEVANT **B**ACKGROUND **H**ISTORY

1. The Debtor is a Texas-based litigation law firm that filed this chapter 11 case on April 9, 2024 (**"Chapter 11 Case"**).
2. After hurricanes Laura, Delta and Ida, the Debtor represented thousands of storm victims with property-damage claims against their insurance companies (**"MMA Clients"**).
3. The Debtor initiated claims and filed thousands of lawsuits on behalf of the MMA Clients throughout Louisiana, Texas and Mississippi (**"MMA Cases"**).
4. In March 2023, a Louisiana district court suspended the law license of the Debtor's former attorney, who managed the Debtor's New Orleans office (the, **"Suspension"**).
5. Following the Suspension, the district court *sua sponte* ruled that the Debtor was not entitled to attorney's fees or costs in the thousands of the MMA Cases in Louisiana and determined that the Debtor had no property or ownership interest in any settlement proceeds resulting from these cases (the, **"Order"**).
6. The Debtor appealed the Order to the Fifth Circuit, which subsequently vacated the Order.

**M**ORRIS **B**ART

7. Prior to the entry of the Order, the Debtor filed thousands of cases on behalf of the MMA Clients.
8. During this period, Morris Bart, LLC ("**Morris Bart**") began acquiring as many of the MMA Clients as possible.
9. On August 1, 2023, after having acquired over 1,500 of the MMA Cases, Morris Bart filed a lawsuit against the Debtor in order to capitalize on the Debtor's situation and prevent the Debtor from receiving fees for work performed and expenses incurred (**"Lawsuit"**).

10. In the Lawsuit, Morris Bart sought a declaratory judgment that the Debtor was not entitled to any fees obtained by Morris Bart.

11. The District Court subsequently dismissed all of Morris Bart Law's claims in the Lawsuit.

## BANKRUPTCY FILED AND PROPERTY OF THE ESTATE

12. The Debtor filed its Chapter 11 Case on April 9, 2024.

13. The Debtor disclosed its claims against Morris Bart for possession of attorney's fees and expenses that belong to the Debtor in its bankruptcy schedules.

14. Post-petition, after having received multiple notices of the Debtor's bankruptcy filing, Morris Bart, filed three separate pleadings in three MMA Cases asking the Louisiana District Court to determine that the Debtor was not entitled to attorney's fees and costs.

## ADVERSARY AND INJUNCTION

15. On June 24, 2024, the Debtor filed an Adversary Proceeding against Morris Bart (the, **"Adversary"**). The same day, the Debtor filed an *Emergency Motion for Temporary Restraining Order* in the Adversary (the, **"TRO"**).

16. On June 25, 2024, the Court entered an *Ex Parte* Temporary Restraining Order and scheduled an evidentiary hearing for July 9, 2024, for a preliminary injunction hearing.

17. On July 8, 2024, Morris Bart filed its Response in opposition to the TRO.

18. On July 9, 2024, the Court held an evidentiary hearing considering oral testimony, exhibits and argument from counsel.

19. On July 16, 2024, the Court entered a preliminary injunction in the Adversary (the, **"Injunction"**). *(Exhibit A)*

20. Pursuant to the Injunction, Morris Bart was enjoined from taking any action to prosecute claims regarding the Debtor's interest or any entitlement to attorney's fees or costs.

21. The Injunction specifically prohibited Morris Bart from filing any pleadings that requests or would result in the determination of the Debtor's interest in a fee or a reimbursement of costs.

## APPEAL

22. On July 23, 2024, Morris Bart filed its Notice of Appeal of the Injunction. *(Exhibit B)*

23. On August 6, 2024, Morris Bart filed its *Appellant's Statement of Issues on Appeal* (**"Issues on Appeal"**). *(Exhibit C)*

24. In its Issues on Appeal, Morris Bart asserts that the courts handling the hurricane cases

(not the Bankruptcy Court) are better suited to determine the Debtor's entitlement to attorney's fees.

## MORRIS BART'S STAY MOTION

25. After the Injunction was issued and appealed, Morris Bart Law filed its Stay Motion. *(Exhibit D)*

26. In the Stay Motion, Morris Bart Law has asked this Court to:

    a. Confirm that the automatic stay does not apply to other courts' determinations of attorney's fees and costs owed to the Debtor; and

    b. Modify the automatic stay to permit Morris Bart to continue seeking a determination that the Debtor is not entitled to attorney's fees and costs in other courts.

## THE LAW

27. "The filing of a notice of appeal is an event of jurisdictional significance – it confers the jurisdiction of the court of appeals and divests the district court over those aspects of the case involved in the appeal. This rule applies with equal force to bankruptcy case." *In re Transtexas Gas Corp.,* 303 F. 3d 571 (5th Cir. 2002)(citing *In re Statistical Tabulating Corp, Inc.* 60 F.3d 1286, 1289 (7th Cir. 1995).

28. Here, Morris Bart opposed the Injunction and litigated against the relief sought in the Injunction.

29. Morris Bart did not file a motion to reconsider the Injunction. Instead, Morris Bart chose to appeal the Injunction.

30. The relief requested in the Stay Motion—allowing Morris Bart to seek a determination in other courts regarding the Debtor's interest in attorney's fees and costs—is the same issue addressed in the Injunction.

31. The Injunction specifically prohibited Morris Bart from seeking a determination from other courts about the Debtor's interest in attorney's fees and costs.

32. Morris Bart is effectively seeking a third opportunity to address an issue that has been appealed.

**<u>Admission by Morris Bart in the Stay Motion</u>**

33. In Paragraph 50 of the Stay Motion, Morris Bart acknowledges that the Bankruptcy Court enjoined it from taking any action without "further order from the Bankruptcy Court" and asserts that *"seeking to proceed with claims for attorney's fees and costs is **most appropriately done** by seeking relief from the automatic stay"*.

34. Morris Bart failed to provide any legal authority to support their claim that modifying the automatic stay is the appropriate way to address the problem they created for themselves by appealing the Injunction.

35. The Injunction was issued in the Adversary, not the underlying bankruptcy case.

36. This Court specifically enjoined Morris Bart from taking any action without further order from the Bankruptcy Court. If Morris Bart truly sought to comply with the Injunction, then its only option was to seek relief in the Adversary where the Injunction was issued.

37. Presumably, Morris Bart (a seasoned law firm represented by two separate bankruptcy firms) knew that it could no longer modify an Injunction they chose to appeal it, thereby removing the Bankruptcy Court's jurisdiction over this matter.

38. Morris Bart's attempt to modify the stay in an attempt to circumvent the Injunction is a transparent maneuver that should not be tolerated.

39. Having chosen to appeal the Injunction, Morris Bart must now face the consequences of their decision.

  **WHEREFORE**, the Debtor requests this Court to deny Morris Bart's Stay Motion, and all further relief as may be just and proper.

Dated: <u>September 3, 2024</u>

Respectfully submitted,

By: */s/ Johnie Patterson*
Johnie Patterson
SBN 15601700
*Counsel for The Debtor*

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**jjp@walkerandpatterson.com**

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a copy of this Response was served on counsel for Morris Bart, The Probus Law Firm, Fishman Haygood, LLP and all other parties-in-interest receiving electronic notice pursuant to the Court's CM/ECF noticing platform on September 3, 2024.

By: */s/ Johnie Patterson*
Johnie Patterson