United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 05, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-31596 |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

**ORDER**
*Resolving ECF No. 232*

Pending before the Court is a single matter self-styled as "Motion of Morris Bart, LLC To Confirm The Automatic Stay Does Not Apply To Other Courts' Determinations of Attorney's Fees and Costs Recoverable In Hurricane Cases as Between Morris Bart, LLC and MMA Law Firm, PLLC, and To Modify The Automatic Stay To Allow Actions By Morris Bart, LLC For Determination Of Attorney's Fees and Costs Recoverable In Hurricane Cases as Between Morris Bart, LLC and MMA Law Firm, PLLC" filed by Morris Bart, LLC on August 13, 2024 (the "*Motion for Relief*").[1] On September 3, 2024 MMA Law Firm, PLLC filed "Debtor's Response To Morris Bart, LLC's Motion To Confirm The Automatic Stay Does Not Apply To Other Court's Determination of Attorney's Fees and Costs Recoverable In Hurricane Cases as Between Morris Bart, LLC and MMA Law Firm, PLLC, and To Modify The Automatic Stay To Allow Action By Morris Bart, LLC For Determination of Attorney's Fees and Costs Recoverable In Hurricane Cases as Between Morris Bart, LLC and MMA Law Firm, PLLC" (the "*Response*").[2]

## I.  BACKGROUND

1. On April 9, 2024, MMA Law Firm, PLLC, ("*Debtor* or *Plaintiff*"), filed for bankruptcy protection under chapter 7 of the Bankruptcy Code[3] initiating the bankruptcy case.[4]

2. On June 24, 2024, Debtor, filed an Adversary Proceeding against Morris Bart, LLC (the, "*Adversary*").[5] The same day, the Debtor filed an *Emergency Motion for Temporary Restraining Order* in the Adversary.[6]

---

[1] Bankr. ECF No. 232.
[2] Bankr. ECF No. 270.
[3] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[4] "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 24-31596.  Entries made in Plaintiff's Case number 24-3127 shall take the format of ECF No. __.
[5] *See* MMA Law Firm, PLLC v. Morris Bart, LLC, Case No. 24-3127, ECF No. 1.
[6] ECF No. 2.

3. On June 25, 2024, the Court entered an *Ex Parte* Temporary Restraining Order and scheduled an evidentiary hearing for July 9, 2024, for a preliminary injunction hearing ("*TRO*").[7]

4. On July 8, 2024, Morris Bart, LLC filed its Response in opposition to the TRO.[8]

5. On July 9, 2024, the Court held an evidentiary hearing considering oral testimony, exhibits and argument from counsel.[9]

6. On July 16, 2024, the Court entered a preliminary injunction in the Adversary (the, "*Preliminary Injunction*").[10]

7. Pursuant to the Preliminary Injunction, Morris Bart, LLC was enjoined from taking any action to prosecute claims regarding the Debtor's interest or any entitlement to attorney's fees or costs and specifically prohibited Morris Bart, LLC from filing any pleadings that requests or would result in the determination of the Debtor's interest in a fee or a reimbursement of costs.[11]

8. On July 23, 2024, Morris Bart, LLC filed its Notice of Appeal of the Injunction.[12]

9. On August 6, 2024, Morris Bart, LLC filed its "Appellant's Statement of Issues on Appeal" ("*Issues on Appeal*").[13]

10. After the Preliminary Injunction was issued and appealed, Morris Bart, LLC filed the instant Motion for Relief.[14]

11. In the Motion for Relief, Morris Bart, LLC has asked this Court to confirm that the automatic stay does not apply to other courts' determinations of attorney's fees and costs owed to the Debtor and modify the automatic stay to permit Morris Bart, LLC to continue seeking a determination that the Debtor is not entitled to attorney's fees and costs in other courts.[15]

Without the need of a hearing, the Court finds that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers the jurisdiction of the court of appeals and divests the district court over those aspects of the case involved in the appeal. This rule applies with equal force to bankruptcy cases."[16] The issues raised by the instant Motion for Relief fall under the

---

[7] ECF No. 4.
[8] ECF No. 13.
[9] July 9, 2024 Min. Entry.
[10] ECF No. 31.
[11] *Id.*
[12] ECF No. 33.
[13] ECF No. 45.
[14] ECF No. 232.
[15] *See Id.*
[16] *In re Transtexas Gas Corp.,* 303 F. 3d 571 (5th Cir. 2002) (citing *In re Statistical Tabulating Corp, Inc.* 60 F.3d 1286, 1289 (7th Cir. 1995).

umbrella of "aspects of the case" involved among the Issues on Appeal.[17] As such, the Court lacks jurisdiction to address the Motion for Relief. Accordingly, it is therefore:

**ORDERED**: that

1. The "Motion Of Morris Bart, LLC To Confirm The Automatic Stay Does Not Apply To Other Courts' Determinations Of Attorney's Fees And Costs Recoverable In Hurricane Cases As Between Morris Bart, LLC And MMA Law Firm, PLLC, And To Modify The Automatic Stay To Allow Actions By Morris Bart, LLC For Determination Of Attorney's Fees And Costs Recoverable In Hurricane Cases As Between Morris Bart, LLC And MMA Law Firm, PLLC" filed by Morris Bart, LLC on August 13, 2024 is DENIED.

SIGNED September 5, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[17] ECF No. 45.