IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | Case No. 24-31596 |
| Debtor. | § | |

**EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP'S <u>EMERGENCY</u> MOTION TO COMPEL DEBTOR'S PRODUCTION OF NON-DISCLOSURE AGREEMENTS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. THE DATE BY WHICH EMERGENCY RELIEF IS NEEDED IS <u>OCTOBER 1, 2024</u>.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Secured Prepetition Lenders Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "**EAJF**"), by and through their attorneys, file their Emergency Motion to Compel Debtor's Production of Non-Disclosure Agreements in connection with the October 9–10, 2024

hearing on EAJF's Motion to Appoint Chapter 11 Trustee [Docket No. 107] (the "**Motion to Appoint Trustee**"), as follows:

## SUMMARY OF RELIEF REQUESTED

1. For all the reasons set forth below, EAJF requests that the Court order the Debtor to produce the Non-Disclosure Agreements ("**NDAs**") within one (1) business day after entry of an order by the Court compelling the production of same.

## RELEVANT BACKGROUND

2. MMA Law Firm, PLLC ("**Debtor**") filed its voluntary petition for relief under Chapter 11 on April 9, 2024 ("**Petition Date**"). The Debtor, a law firm, remains a debtor-in-possession.

3. EAJF are secured creditors of the Debtor by virtue of a related series of loans made to the Debtor for the general operation of the law firm, and perfected UCC-1 Statements evidencing, among other things, their perfected secured interest in the Debtor's accounts receivables, and the proceeds from litigation matters.

4. The Debtor is owned and operated by John Zachary Moseley ("**Moseley**"). Moseley is a Texas licensed attorney and was suspended by the Louisiana Federal Courts based on his operation of the Debtor, jeopardizing the Debtor's ability to operate. Postpetition, the Debtor has failed to comply with the Operating Guidelines established by the Office of the United States Trustee, used cash collateral without EAJF's consent, intentionally paid at least one prepetition debt without this Court's approval, and has displayed further evidence of mismanagement of the Debtor.

5. EAJF and the creditor body lack confidence that Moseley can carry out his duties for the Debtor as a debtor-in-possession. As such, EAJF filed its Motion to Appoint Trustee on June 12, 2024 [ECF No. 107].

6. EAJF's Motion to Appoint Trustee is set for hearing on October 9–10, 2024.

7. On September 10–11, 2024, EAJF deposed the Debtor's corporate representatives in connection with the Motion to Appoint Trustee. In the depositions—when asked whether the Debtor believed former partner James McClenny had engaged in any wrongful conduct while he was a partner of the Debtor—Moseley testified, in his capacity as corporate representative for the Debtor, regarding the existence of a NDA which the Debtor was unwilling to produce or answer questions about without an order from this Court. As an example, when Moseley was asked whether the Debtor believed McClenny had engaged in any wrongful acts while a partner of the Debtor, Moseley refused to answer the question without a court order due to the NDA. Counsel for the Debtor instructed Mr. Moseley not to answer several of EAJF's questions, citing to the existence of the NDA, and stated that court authority would be needed to get these questions answered. *See* **Exhibit A** attached hereto, Excerpts from the Deposition of Corporate Representative of MMA Law Firm, PLLC John Zachary Moseley.

8. Pursuant to this Court's Procedures, counsel for EAJF submits the attached Declaration describing the extrajudicial means that have been attempted to resolve the discovery dispute described below. *See* **Exhibit B**, the Declaration of Misty A. Segura, attached hereto.

9. On the morning of Thursday, September 12, 2024, counsel for EAJF sent an e-mail to counsel for the Debtor requesting dates for a deposition of Mr. Moseley in his individual capacity within two weeks of the request. Counsel for EAJF also notified counsel for the Debtor of EAJF's intention to file a motion with the Court to obtain a copy of the NDA referenced in the

3

Debtor's corporate representative deposition and question the Debtor about the NDA and other issues which Debtor's counsel instructed the witness not to answer. *See* **Exhibit C**, E-mail Exchanges Between Counsel, attached hereto

10. On Thursday, September 12, 2024, counsel for the Debtor responded by (1) stating that the Debtor does not have time between September 12, 2024 and the hearing on October 9, 2024 to attend a deposition of Mr. Moseley, and (2) requesting more information regarding EAJF's request for the NDAs and deposition. *See* Exhibit C.

11. On Thursday, September 12, 2024, counsel for EAJF took the deposition of Morgan Gallacher Weaver who is employed by the Debtor as its Accounting Manager. *See* **Exhibit D**, Excerpts from the Deposition of Morgan Weaver Gallacher, attached hereto. Ms. Weaver Gallacher was deposed in her individual capacity and not as the Debtor's Rule 30(b)(6) corporate representative. During her deposition testimony, it was discovered that the Debtor had several of its employees, including Ms. Weaver Gallacher, execute an NDA. *See* Exhibit D. Ms. Weaver Gallacher was unable to provide specifics regarding the NDA when questioned because she did not have a copy of it in the deposition and several months had passed since she signed it. *Id.* However, based upon the testimony that Ms. Weaver Gallacher was able to provide regarding the NDA, it appears to be a different document from the NDA that Mr. Moseley had testified about the previous day. Ms. Weaver Gallacher confirmed that the Debtor maintains a copy of the NDA in its records. *Id.*

12. On Monday, September 16, 2024, counsel for EAJF again e-mailed counsel for the Debtor requesting (1) that the Debtor produce copies of both of the NDAs, as well as any other NDAs that the Debtor or any of its employees/former employees are parties to in connection with the Debtor's business or any claims that could be asserted against the Debtor and its

4

partners/former partners, and (2) to briefly depose the Debtor's corporate representative (who was Mr. Moseley) regarding the NDAs once they have been produced, since he was instructed by counsel not to answer questions relating to NDAs. *See* Exhibit C.

13. Debtor's counsel responded to the e-mail that same day by referring to the NDA related to former partner James McClenny that was discussed during the Debtor's corporate representative deposition and stating that, while the Debtor could not agree to produce the NDAs or the Debtor voluntarily, it will comply with a court order compelling the relief requested. *See* Exhibit C.

14. On September 17, 2024, Debtor's counsel sent an e-mail to counsel for EAJF confirming her verbal request for EAJF to provide specific requests for the deposition so the Debtor could see what it could agree to and whether a motion would be required. *Id*.

15. On Friday, September 20, 2024, counsel for EAJF sent an e-mail to Debtor's counsel providing the specific information as requested and copying criminal defense and civil counsel for James McClenny (Roger Jordan and John Garrison Jordan). *Id*. To date, counsel for EAJF has not received any response to this e-mail.

16. **In this Motion and in the interest of time, EAJF limits the relief it is requesting to compelling production of the NDAs prior to the October 9–10, 2024 hearing. This request includes both of the NDAs referenced in the deposition testimony of Mr. Moseley and Ms. Weaver Gallacher, as well as any other NDAs that the Debtor or any of its employees/former employees are parties to in connection with the Debtor's business or any claims that could be asserted against the Debtor and its partners/former partners.**

17. Since the Debtor has indicated that it cannot or will not voluntarily produce the NDAs without a court order, EAJF files this Motion to submit the dispute for determination to the Court.

**RELIEF REQUESTED AND BASIS**

18. For all the reasons set forth herein, EAJF requests that the Court order the Debtor to produce the NDAs within one (1) business day after entry of an order by the Court compelling the production of same.

19. The information sought through production of the NDAs is believed to be highly relevant to EAJF's Motion to Appoint Trustee set for hearing on October 9–10, 2024 as it could reveal further mismanagement or wrongdoing by the Debtor and its managing member/sole attorney Mr. Moseley. Further, to the extent that Mr. Moseley were to attempt to place any blame for the Debtor's legal troubles, wrongful conduct, or mismanagement on his former partner James McClenny during his testimony at the hearing, production of the NDAs will allow an inquiry into that issue during the hearing.

20. Rule 26 casts a very wide net as to what is included in the scope of discovery. Fed. R. Civ. P. 26(b)(1). The scope of discovery extends to unprivileged information that is "relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1).

21. When a dispute arises over permissible discovery, Rule 37, which is incorporated into adversary proceedings by Rule 7037, governs the resolution of that dispute. *See generally* Fed. R. Bankr. P. 7037. In general, Rule 37 governs the provision of relief in the form of compelling a party's response and provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Rule 37(a)

also requires that the parties must confer in good faith or at least attempt to confer with the party that has failed to make the alleged disclosure or discovery. Fed. R. Civ. P. 37(a)(1). As noted above and in the Declaration attached as Exhibit B, counsel for EAJF has conferred in good faith and made efforts to resolve the discovery dispute without court action.

## EMERGENCY CONSIDERATION

22. Pursuant to Bankruptcy Local Rule 9013-1(i), EAJF respectfully requests emergency consideration of this Motion by no later than October 1, 2024.

23. Absent emergency consideration of this Motion, EAJF will be immediately and irreparably harmed by not having the important documents and testimony it needs to protect its interests at the October 9–10, 2024 hearing.

WHEREFORE, EAJF respectfully requests that the Court compel the Debtor to produce the NDAs within one (1) business day after entry of an order by the Court compelling the production of same, and for any such other and further relief as this Court deems just and proper under the circumstances.

Dated: September 26, 2024

Respectfully submitted,

**SPENCER FANE LLP**

By: */s/ Misty A. Segura*
MISTY A. SEGURA
TX Bar No. 24033174
Fed. No. 30751
3040 Post Oak Blvd., Ste. 1400
Houston, TX 77056
Office: (713) 212-2643
E-mail: msegura@spencerfane.com

*Attorneys for Equal Access Justice Fund, LP and EAJF ESQ Fund, LP*

## **CERTIFICATE OF ACCURACY**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

>                                               */s/ Misty A. Segura*
>                                               Misty A. Segura

## **CERTIFICATE OF SERVICE**

I certify that on September 26, 2024, a true and correct copy of the foregoing Motion was served by electronic service via the Court's ECF filing system on those parties registered to receive service and by electronic mail as indicated below:

*Counsel for United States Trustee –*
*via E-mail*
Andrew Jimenez
Trial Attorney
United States Trustee Program
515 Rusk Avenue, Suite 3516
Houston, TX 77002
andrew.jimenez@usdoj.gov

*Counsel for the Debtor - via E-mail*
Miriam Goott
Johnie J. Patterson
Walker & Patterson, PC
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com
jjp@walkerandpatterson.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*
*via E-mail*
Nick Lawson
Avi Moshenberg
Lawson & Moshenberg PLLC
801 Travis St.
Ste. 2101 # 838
Houston, TX 77002
nick.lawson@lmbusinesslaw.com
avi.moshenberg@lmbusinesslaw.com

Sunni P. Bellville
James V. Drew
Otterbourg, PC
230 Park Avenue
New York, NY 10169
sbeville@otterbourg.com
jdrew@otterbourg.com

*Counsel for James McClenny*
Roger W. Jordan, Jr.
Law Office of Roger W. Jordan, Jr, LLC
336 Lafayette St., Suite 301
New Orleans, Louisiana 70130
rjordan@rogerjordanlaw.com

John Garrison Jordan
Chehardy Sherman Williams
111 N. Oak Street, Suite 200
Hammond, LA 70401
jgj@chehardy.com

                                                */s/ Misty A. Segura*___
                                                MISTY A. SEGURA