IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| MMA Law Firm, PLLC | § | Case No. 24-31596 |
| | § | |
| DEBTOR | § | |

## DEBTOR'S REPONSE TO EQUAL ACCESS JUSTICE FUND, LP AND EAJF FUND, LP'S EMERGENCY MOTION TO COMPEL DEBTOR'S PRODUCTION OF NON-DISCLOSURE AGREEMENTS

**COMES NOW, MMA Law Firm, PLLC.** (the "**Debtor**") and files this Response to the Emergency Motion to Compel Debtor's Production of Non-Disclosure Agreements **("Emergency Motion")** filed by Equal Access Justice Fund, LP and EAJF Fund, LP's (collectively, **"Litigation Funders"**)*,* and respectfully shows the Cour the following:

### SUMMARY OF FACTS AND RELIEF REQUESTED

Over 100 days ago, the Litigation Funders filed their *Motion to Appoint a Chapter 11 Trustee* (**"Trustee Motion"**). At no point did the Litigation Funders serve the Debtor with written discovery related to the Trustee Motion. Less than two weeks before the hearing on the Trustee Motion, the Litigation Funders filed their *Emergency Motion* seeking to compel production of two documents pursuant to Rule 37 – FED. R. BANKR. P. 7037. However, the Litigation Funders have failed to demonstrate that these documents were ever requested under Rule 7034, nor that the Debtor failed to comply with a similar formal request for production. Consequently, seeking discovery through an Order to Compel without first requesting production pursuant to the Rules is inappropriate, and the Motion should be denied.

### RELEVANT BACKGROUND HISTORY

1. On June 12, 2024, the Litigation Funders filed a *Motion for Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104* (**"Trustee Motion"**).

2. On July 30, 2024, the Court scheduled the hearing for the Trustee Motion for October 9, 2024 (**"Hearing Date"**).

3. The Litigation Funders **never** served the Debtor with written discovery related to the Trustee Motion.

4. On September 26, 2024, thirteen days before the Hearing Date, the Litigation Funders filed an *Emergency Motion to Compel Debtor's Production of Non-Disclosure Agreements* (**"Emergency Motion"**).

5. The Emergency Motion seeks an order from this Court compelling the Debtor to produce two NDAs pursuant to Rule[1] 7037.

**ARGUMENT**

6. Rule 7037 generally addresses a party's failure to make required disclosures or participate in discovery. See generally FED. R. BANKR. P. 7037; FED. R. BANKR. P. 7034.

7. Rule 7037(a)(3) permits a party to request an order compelling compliance when another party fails to comply with certain discovery requests.

8. Pursuant to Rule 7037(a)(3)(A), a party may seek to compel disclosure if another party fails to make required disclosures under Rule 7026(a).

9. In the Emergency Motion, the Litigation Funders argue that Rule 7026 is applicable and that this rule casts a very wide net as to what is included in the scope of required disclosure.

10. However, Bankruptcy Rule 9014, expressly states that Rule 7026(a) does not apply to a contested proceeding, unless otherwise directed by the Court. FED. R. BANKR. P. 9014(c)

11. Here, the Bankruptcy Court has not so directed, therefore Rule 7026(a) is inapplicable as the Trustee Motion is a contested matter.

12. Although not argued by the Litigation Funders, parties pursuant to Rule 7037(a)(3)(B)(iv) may move for an order compelling production if the other party failed to produce documents as requested under Rule 7034. However, the Litigation funders never served the Debtor with requests for the production of the NDAs, rendering this provision inapplicable as well.

**RELIEF REQUESTED**

13. As such, the Litigation Funders have wholly failed to provide this Court with a sufficient basis to compel the Debtor to produce documents that were never formally requested.

14. Despite filing a salacious Trustee Motion filled with countless factual allegations, the

---

[1] All references to the "Rules" refer to the Federal Rules of Bankruptcy Procedure.

Litigation Funders chose not to engage in written discovery.

15. Rule 7037 is not the appropriate means for seeking discovery, particularly on an emergency basis for a motion that has been pending for over 100 days.

**WHEREFORE**, the Debtor requests that this Court deny the Emergency Motion to Compel and grant any further relief deemed just and proper.

Dated: September 27, 2024

                Respectfully submitted,

                By: */s/ Miriam T. Goott*
                Miriam T. Goott
                SBN 24048846
                *Counsel for The Debtor*

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**mgoott@walkerandpatterson.com**

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a copy of this Response was served on Ms. Segura and Mr. Miller, counsel for the Litigation Funders on September 27, 2024.

                By: */s/ Miriam T. Goott*
                Miriam T. Goott