IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA Law Firm, PLLC | § | CASE NO. 24-31596 |
| | § | |
| Debtor | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ALLIED WORLD INSURANCE COMPANY, | § | |
| Defendant. | § | ADVERSARY NO. 24-_____ |
| | § | |

# COMPLAINT

**COMES NOW**, MMA Law Firm, PLLC, and files this *Complaint,* and respectfully show the Court as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff MMA Law Firm, PLLC (f/k/a McClenney Moseley & Associates, PLLC) is a Texas professional limited liability corporation and may be served through counsel.

2. Defendant Allied World Insurance Company is a fire and casualty insurance company domiciled in New Hampshire and doing business in Texas. Allied

World Insurance Company may be served through its attorney designated for service of process – Corporation Service Company, Suite 620, 211 East 7th St., Austin, TX 78701-3218.

3. This Court has jurisdiction over the Case and this Adversary Complaint pursuant to 28 U.S.C. §§ 157(a) and 1334(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), & (O).

4. Jurisdiction to grant the relief requested herein exists pursuant to 28 U.S.C. §§ 2201and 2202, 11 U.S.C. §§ 105 and 542, and Fed. R. BANKR. P. 7001(1) and 7001(9).

5. Venue of the Case and this Adversary Proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## FACTS

6. MMA Law Firm, PLLC (the, "Debtor") is a Texas-based litigation law firm that filed a chapter 11 bankruptcy case on April 9, 2024 ("Chapter 11 Case").

7. Prepetition, Allied World Insurance Company ("Defendant" or "Allied World") issued LPL Assure Lawyers Professional Liability Insurance Policy No. 0313-0967 (the "Policy") to MMA for the claims-made period October 3, 2022, to October 3, 2023. Subject to all of its terms and conditions, the Policy potentially affords coverage up to a *maximum aggregate limit of liability of $3 million*, inclusive of Claim Expenses. A true and correct copy of the Policy is attached hereto as Exhibit #1.

8. Through the petition date, the Policy's maximum aggregate limit has been reduced by Allied World's payments totaling $163,765.58 in Claim Expenses.

9. The Policy is a duty-to-defend policy, and Claim Expenses erode the Policy's maximum aggregate limits, and are to be paid prior to damages.

10. Allied World has received notices from Insureds, including MMA, seeking coverage under the Policy for numerous administrative and civil proceedings. Allied World has denied coverage for various of the matters submitted.

COMPLAINT

11. The following six civil lawsuits are among the various proceedings that remain pending and unresolved:

    a. *Access Restoration Services US, Inc. v. McClenny Moseley & Associates, PLLC et al.*, Case No. 2023-01621, Parish of Orleans, Louisiana;

    b. *Makkah Corporation v. McClenny Moseley & Associates, PLLC et al.*, No. 2023-2874, Parish of Calcasieu, Louisiana;

    c. *Gloria Williams v. Louisiana Insurance Guaranty Association et al.*, 2023-07180, Parish of Orleans, Louisiana;

    d. *Christine Griffin v. Allied World Insurance Company et al.*, 2023-10504, Parish of Orleans, Louisiana;

    e. *John Angelos v. Progressive Property Insurance Company et al.*, No. C-725010 "30," Parish of East Baton Rouge, Louisiana; and

    f. *Linda Wilhelm v. Allied World Insurance Company et al.*, 2023-11357, Parish of Orleans, Louisiana.

12. The claims identified above, together with the anticipated expenses of litigation which are all covered under the policy, threaten the debtor's estate with potential liability over and above the policy limit of $3,000,000.00.

**CAUSE OF ACTION NO. 1: DECLARATION THAT THE POLICY AND THE PROCEEDS ARE PROPERTY OF THE ESTATE**

13. Plaintiff incorporates the allegations stated in paragraphs 1 through 12 into Cause of Action No. 1.

14. The Plaintiff owns the Policy, having obtained and paid for the coverage.

15. The Policy, by its terms, covers its own liability as to claims made by third-parties. The Policy provides direct coverage to the Debtor, the Policy is a duty-to-defend policy, and Claim Expenses erode the Policy's maximum aggregate limits.

16. Based upon the claims made and the reasonable costs and expenses of litigation of the pending claims under the Policy, it is reasonable to conclude that the costs and potential damages will exceed the remaining coverage under the Policy.

17. The Debtor requests the Court to declare that the remaining proceeds under the Policy are property of the estate.

**CAUSE OF ACTION NO. 2: TURNOVER OF PROPERTY OF THE ESTATE**

18. The Plaintiff incorporates paragraphs 1-12 and 14-16 into Cause of Action No. 2.

19. With a determination that the proceeds of the Policy are Property of the Estate, Allied Insurance is obliged to account for and deliver property of the estate to the Debtor. See 11 U.S.C. § 542.

20. Debtor requests a judgment requiring a full accounting of any pre or post-petition disbursements under the policy and the turnover of all property of the estate, as of the Petition Date, in the hands of Allied World.

**WHEREFORE**, Plaintiffs request the Court to enter judgment against Allied World, declaring that Policy proceeds are property of the Debtor's estate, requiring an accounting and the immediate turnover of the proceeds and for such other and further relief, at law or in equity, to which the Plaintiff may be justly entitled.

Dated:  October 10, 2024.

**COMPLAINT**

Respectfully submitted,

By: /s/ *Johnie Patterson*
Johnie Patterson
SBN#15601700
Miriam Goott
SBN#24048846
COUNSEL FOR PLAINTIFF

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**jjp@walkerandpatterson.com**

COMPLAINT