## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | CASE NO. 24-31596 |
| | § | CHAPTER 11 |
| DEBTOR | § | |

### DEBTOR'S EMERGENCY MOTION TO RECONSIDER AND VACATE THE ORDER STRIKING ECF NO. 368

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY OF THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

MMA Law Firm, PLLC (**"Debtor" or "MMA"**) files this Emergency Motion to Reconsider and Vacate the Order Striking ECF No. 368 (the **"Motion"**).

### RELIEF REQUESTED AND EXPLANATION

On October 15, 2024, the Debtor filed a Supplement to Debtor's Motion for Orders Authorizing the Use of Cash Collateral (ECF No. 353) (**"Motion"**).  The Motion was struck by the Court on procedural grounds, finding that the Motion should have been filed as an adversary proceeding under Federal Rule of Bankruptcy Procedure 7011 (**"Order Striking"**).  After reviewing the Motion once again, Debtor's undersigned counsel respectfully apologizes to the Court as the Motion was inartfully drafted and did not adequately address procedural issues, including the distinction between Rules 7001 and 9014.

The Debtor will ensure that future submissions are more precise. As outlined below, the Debtor respectfully requests that the Court reconsiders the Order Striking based on relevant provisions of the Bankruptcy Code, Bankruptcy Rules, and applicable case law in this district.

### SUMMARY

The Debtor has requested the Court resolve the pending dispute regarding the Debtor's requirement to obtain any consent or approval to utilize cash generated by the Debtor post-petition.

- The Debtor's request relates to the use of cash collateral. **11 U.S.C. § 363(c)**

- At any hearing on use/prohibition of cash collateral, burdens are clear **11 U.S.C. § 363(p)** (includes determination of validity, priority, or extent of interest in cash collateral).

- **Rule 4001** provides the procedure for cash collateral determinations. FED. R. BANKR. P. 4001(b)(1)(B) (Motions filed per Rule 9014)

- **Rule 9014** governs contested matters.

- All Cash Collateral issues determined as contested matters, including "validity, priority, or extent of interest" in cash collateral. **See 11 U.S.C. § 363(p).**

## BACKGROUND

1.      On October 15, 2024, the Debtor filed its, "Supplement to Debtor's Motion for Orders Authorizing the Use of Cash Collateral" **("Motion").**

2.      On October 21, 2024, the Official Committee of Unsecured Creditors filed a response in support of the Motion (ECF No. 358).

3.      On October 21, 2024, Equal Access to Justice, LP and EAJF ESQ Fund, LP (collectively, the **"Litigation Funders")** filed an Objection to the Motion **("Objection")**.

4.      On October 29, 2024, the Court entered an Order Striking the Motion, finding that the Motion was procedurally improper and should be brought as an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001. (ECF No. 368) **("Order")**.

5.      As discussed above, in the opening paragraph, Debtor's undersigned counsel respectfully apologizes to the Court as the Motion was inartfully drafted and did not adequately address procedural issues that are outlined below.

## THE ISSUE BEFORE THE COURT IN THE STRUCK MOTION

6.      In the Motion, the Debtor seeks, on a final basis, a determination that its post-petition income, derived primarily from services provided by the Debtor, is not encumbered by the purported pre-petition liens held by the Litigation Funders and does not constitute cash collateral pursuant to 11 U.S.C. §552.  The Debtor and the Litigation Funders disagree regarding their asserted interest in this asset.

7.      The Debtor is **not** requesting that the Court determine whether the Litigation Funders

possess a lien on prepetition property of the estate; that issue is currently addressed in a pending adversary proceeding before this Court. (See Adversary No. 24-03208)

8.     Instead the Debtor, for purposes of cash collateral only, has assumed that the Litigation Funders have an interest in pre-petition property and are merely asking this Court to resolve the pending dispute as to whether the Debtor's post-petition income or other receipt of money, from whatever source, constitutes cash collateral under Section 363, as may be affected by Section 552.

**CONTESTED MATTER VS. ADVERSARY PROCEEDING**

9.     The Debtor asserts that the issues raised are appropriately handled as a contested matter, and that an adversary proceeding is not required.

10.     Use of Cash Collateral is addressed in 11 U.S.C. § 363(c). Any dispute regarding use or existence of cash collateral is likewise governed by section 363.  See 11 U.S.C. § 363(p) ("In any hearing under this section – (1) the trustee has the burden of proof on the issue of adequate protection; and (2) *the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest*.")(emphasis added).

11.     Federal Rule of Bankruptcy Procedure 4001(b)(1)(A) governs the procedure for allowance of the use of cash collateral, specifying that a motion for authority to use cash collateral must be made in accordance with Rule 9014. See FED. R. BANKR. P. 4001(b)(1)(A); FED. R. BANKR. P. 9014.

12.     Pursuant to Rule 9014, a motion to use cash collateral, and the specific elements and issue arising in any hearing, *i.e.*, validity, priority, or extent of an interest in cash collateral, is a contested matter and does not require an adversary proceeding.

13.     At any contested hearing on cash collateral, a purported or alleged secured lender, such as the Litigation Funders, bears the burden of proof regarding the extent of its lien on property and

they also carry the burden of providing the value of collateral securing its purported lien. *In re Cafeteria Operators, L.P.*, 299 B.R. 400, 406 (Bankr. N.D. Tex. 2003) (citing 11 U.S.C. § 363(o)) ("Under the Bankruptcy Code, the secured lender has the burden of proof on the issue of validity, priority and/or extent of its lien on the property"); See also *In re Solis*, 576 B.R. 828, 832 (Bankr. W.D. Tex. 2016) ("It makes sense that if the creditor has the burden of proving the amount of the creditor's allowed secured claim, the creditor should also have the burden of proving the value of the collateral from which that amount is determined.")." *In re Northstar Offshore Grp.*, Nos. 16-34028, 17-3406, 2024 Bankr. LEXIS 2149, at *9 (Bankr. S.D. Tex. 2024)

14.     In response to the Debtor's Motion, the Litigation Funders argued that Rule 7001 requires the filing of an adversary proceeding to determine the extent of its lien. To support this argument, which conflicts with Rule 4001(b)(1)(A), the Litigation Funders cited multiple bankruptcy court opinions.  However, each of the referenced opinions is irrelevant to cash collateral proceedings. All the opinions cited in the Objection pertained to Chapter 13 cases in which the Debtor sought to void a junior lien on their homestead through chapter 13 plan confirmation rather than an adversary proceeding. (ECF No. 356 – Paragraph 24).

15.     However, bankruptcy courts in this district have made determinations regarding what constitutes cash collateral pursuant to Rule 9014, treating such matters as contested matter. *See In re Las Torres Dev., LLC*, 408 B.R. 876 (Bankr. S.D. Tex. 2009). (The Bankruptcy Court determined that rental income constituted cash collateral in a contested matter on the Debtor's Motion for Use of Cash Collateral; *See also In re Las Torres Dev., LLC*, 408 B.R. 876 (Bankr. S.D. Tex. 2009) (The Bankruptcy Court determined whether income from Servicing Agreements constituted cash collateral after the Chapter 11 Debtor filed its cash collateral motion.) *See also In re First City Mortgage Co.,* 69 B.R. 765 (Bankr. N.D. Tex. 1986). *See also In re Cafeteria*

*Operators, L.P.*, 299 B.R. 400, 403–405 (Bankr. N.D. Tex. 2003) (resolving through cash-collateral motion under § 363 whether post-petition property is subject to pre-petition security interests under § 552).

16.     Just recently, Judge Lopez decided whether post-petition property was encumbered under § 552 through the debtor's motion to pay lender's secured claim, as opposed to an adversary proceeding. *In re Burts Constr., Inc.*, 648 B.R. 185, 187–191 (Bankr. S.D. Tex. 2023) (Lopez, J.)

17.     Furthermore, the Fifth Circuit affirmed a bankruptcy court's determination on a ***motion*** for adequate protection as to whether post-petition hotel revenues were cash collateral under 11 U.S.C. § 552, the same Bankruptcy Code section that the Debtor addresses in this motion. *Matter of T-H New Orleans Ltd. P'ship*, 10 F.3d 1099, 1103 (5th Cir. 1993).

18.     Therefore, the Debtor asserts that the relief requested by the Debtor in this Motion, specifically regarding the applicability of Section 552, is appropriately filed as a contested matter pursuant to Rules 4001(b)(1)(A) and 9014 and does not require the filing of an adversary proceeding.

## BASIS OF THE UNDERLYING MOTION

19.     "'Under the Bankruptcy Code, the secured lender has the burden of proof on the issue of validity, priority and/or extent of its lien on the property.' *In re Cafeteria Operators, L.P.*, 299 B.R. 400, 406 (Bankr. N.D. Tex. 2003) (citing 11 U.S.C. § 363(o)). A creditor also carries the burden of proving the value of collateral securing its purported lien. *In re Solis*, 576 B.R. 828, 832 (Bankr. W.D. Tex. 2016) ("It makes sense that if the creditor has the burden of proving the amount of the creditor's allowed secured claim, the creditor should also have the burden of proving the value of the collateral from which that amount is determined.")." *In re Northstar Offshore Grp.*, Nos. 16-34028, 17-3406, 2024 Bankr. LEXIS 2149, at *9 (Bankr. S.D. Tex. 2024)

20.     Section 363 of the Bankruptcy Code provides that a debtor-in-possession may not use, sell

or lease cash collateral unless each entity with an interest in the cash collateral consents, or 2) the

court authorizes the use. 11 U.S.C. § 363(c)(2).

21.     Cash collateral is defined as:

>       cash, negotiable instruments, documents of title, securities, deposit
>       accounts, or other cash equivalents whenever acquired in which the
>       estate and an entity other that the estate have an interest and includes
>       the proceeds, products, offspring, rents, or profits of property …
>       whether existing before or after the commencement of a case under this
>       title.
>       11 U.S.C. § 363(a).

22.     The Bankruptcy Code also limits the ability of creditors to encumber post-petition property

of the estate:

>       (a) Except as provided in subsection (b) of this section, property
>       acquired by the estate or by the debtor after the commencement of the
>       case is not subject to any lien resulting from any security agreement
>       entered into by the debtor before the commencement of the case.

>       (b)(1) Except as provided in sections 363, 506(c), 522, 544, 545, 547,
>       and 548 of this title, if the debtor and an entity entered into a security
>       agreement before the commencement of the case and if the security
>       interest created by such security agreement extends to property of the
>       debtor acquired before the commencement of the case and to proceeds,
>       product, offspring, or profits of such property, then such security
>       interest extends to such proceeds, product, offspring, or profits
>       acquired by the estate after the commencement of the case to the extent
>       provided by such security agreement and by applicable nonbankruptcy
>       law, except to any extent that the court, after notice and a hearing and
>       based on the equities of the case, orders otherwise.

>       11 U.S.C. § 552(a) and (b)(1)

23.     Section 522(a) is the general rule and terminates all prepetition liens, with 522(b) providing

two (2) limited exceptions – proceeds and rents/hotel revenue.

24.     If proceeds are included in the prepetition lien, the creditor will continue to be secured by

its original collateral. However, after-acquired property, or property acquired independently post-

petition is free and clear of those prepetition liens, even if the property would have been collateral prepetition.

25.     "Section 552(b) is intended to cover after-acquired property that is directly attributable to prepetition collateral, ***without addition of estate resources***." 5 COLLIER ON BANKRUPTCY § 552.02 (16th 2024)(emphasis added), citing, *See, e.g., Far East Nat'l Bank v. U.S. Tr. (In re Premier Golf Props., L.P.)* 477 B.R. 767, 776 (B.A.P. 9th Cir. 2012) (postpetition green fees and driving range fees were not derived from a bank's prepetition collateral because they resulted from golf club's services and labor); *Official Committee of Unsecured Creditors v. UMB Bank, N.A. (In re Residential Capital, LLC)*, 501 B.R. 549, 612 (Bankr. S.D.N.Y 2013) (postpetition goodwill was not the proceeds of prepetition collateral because the secured creditors failed to prove what portion, if any, of the value of the goodwill was directly attributable to their collateral); *In re Delco Oil, Inc.*, 365 B.R. 246, 250 (Bankr. M.D. Fla. 2007) (citing *Treatise*, and examining whether estate resources contributed to debtor's postpetition cash flow); *In re Cafeteria Operators, L.P.*, 299 B.R. 400 (Bankr. N.D. Tex. 2003).

26.     "To distinguish the concepts of after-acquired property and proceeds, some courts have invoked *Local Loan Co. v. Hunt*,[2] in which the Supreme Court forbade 'the creation of an enforceable lien upon a subject not existent when the bankruptcy became effective or even arising from, or connected with, preexisting property, but brought into being solely as the fruit of the subsequent labor of the bankrupt.'[3] Other courts, taking their cue from *Local Loan*, emphasize the 'fresh start' or 'rehabilitative' policy underlying section 552.[4]" 5 COLLIER ON BANKRUPTCY §

---

[2] 292 U.S. 234, 54 S. Ct. 695, 78 L. Ed. 1230 (1934).

[3] 292 U.S. 234, 243, 54 S. Ct. 695, 698-699, 78 L. Ed. 1230, 1235 (1934); see *In re Soto*, 667 F.2d 235, 237 (1st Cir. 1981); *In re Barbara K. Enters.*, 2008 Bankr. LEXIS 1917, at *30 (Bankr. S.D.N.Y. June 16, 2005); cf. *Johnson v. Cottonport Bank*, 259 B.R. 125 (W.D. La. 2000) (debtor's monthly per-capita distributions as member of Indian tribe remain subject postpetition to prepetition security interest of bank notwithstanding section 552(a)).

[4] See *Smoker v. Hill & Assocs., Inc.*, 204 B.R. 966 (N.D. Ind. 1997); *In re Cafeteria Operators, L.P.*, 299 B.R. 400, 405 (Bankr. N.D. Tex. 2003); *In re Rumker*, 184 B.R. 621 (Bankr. S.D. Ga. 1995); cf. *In re Lawrence*, 41 B.R. 36, 38

552.02 (16th 2024).

> Under § 552 of the Bankruptcy Code, post-petition property acquired by the debtor's estate, such as revenues generated from operations, is not subject to any liens resulting from pre-petition security agreements unless the pre-petition security agreements create a security interest in pre-petition property and its proceeds, product, offspring, rents or profits and the post-petition property constitutes such proceeds, product, offspring, rents or profits. See 11 U.S.C. § 552 (2002); *T-H New Orleans Ltd. P'ship v. Fin. Sec. Assur., Inc. (In re T-H New Orleans Ltd. P'ship.)*, 10 F.3d 1099, 1104 (5th Cir. 1993), *cert. denied*, 511 U.S. 1083, 114 S.Ct. 1833, 128 L.Ed.2d 461 (1994). ***From a plain reading of § 552, revenues generated post-petition solely as a result of the debtor's labor are not subject to a pre-petition lender's security interest.***
>
> For a pre-petition security agreement to attach to after-acquired property, a creditor must show the following: 1) the security agreement extends to the after-acquired property upon which the creditor seeks the lien, and 2) the after-acquired property is proceeds, product, offspring, rents, or profits of pre-petition property subject to the lien.

*In re Cafeteria Operators, L.P.*, 299 B.R. 400, 405 (Bankr. N.D. Tex. 2003)(emphasis added)

27.     When post-petition income is derived primarily from services provided by the Debtor, courts generally determine that the income is not encumbered by pre-petition liens. See generally *In re Cafeteria Operators, L.P.*, 299 B.R. 400 (Bankr. N.D. Tex. 2003).

28.     The Debtor asserts that any income derived post-petition in this case will only be as a result of the Debtor's labor (ignoring the mass tort docket and any potential recovery therefrom).

29.     Even if the income generated by the Debtor post-petition is not deemed "after acquired property", the Court may still limit the Litigation Funder's post-petition liens.  Section 552(b) "grants the court broad equitable powers in determining the extent of the security interest Creditor may be allowed to maintain postpetition." *In re Patio & Porch Sys., Inc*., 194 B.R. 569, 575 (Bankr.

---

(Bankr. D. Minn.), *aff'd*, 56 B.R. 727 (D. Minn. 1984).

D. Md. 1996); see also *Wolters Vill., Ltd. v. Village Props., Ltd. (In re Village Props., Ltd.)*, 723
F.2d 441, 443 (5th Cir. 1984), *cert. denied.*

> "This 'equities of the case' provision is intended to prevent secured
> creditors from receiving windfalls and to allow bankruptcy courts
> broad discretion in balancing the interests of secured creditors against
> the general policy of the Bankruptcy Code, which favors giving debtors
> a 'fresh start.'" *Patio & Porch Sys.*, 194 B.R. at 575. The equity
> exception of § 552 is to "cover cases where an expenditure of the
> estate's funds increases the value of the collateral …. As an example
> the situation where raw materials are converted into inventory at the
> expense of the estate (which would thus deplete the fund available for
> the general unsecured creditors)." *Village Props.*, 723 F.2d at 444.

*In re Cafeteria Operators, L.P.*, 299 B.R. 400, 409-10 (Bankr. N.D. Tex. 2003)

30.     Here, it is clear that to allow the estate to expend time and resources recovering income for
the estate in the form of attorney's fees or other recoveries against third-party law firms, only to
create a windfall recovery for the Litigation Funders and no recovery for the unsecured creditors,
would be inequitable.  The Litigation Funders have no independent ability to go out and collect
attorney fees as they are neither lawyers nor a law firm.

## RELIEF REQUESTED

31.     The Debtor respectfully requests that the Court reconsiders and vacates the Order Striking.

32.     The Debtor also respectfully requests that the Court reset this matter for a hearing on
November 12, 2024 at 1:30 PM at the time previously scheduled by the Court.

Dated: October 29, 2024.

Respectfully submitted,

Walker & Patterson, P.C.
By:  /s/ Miriam T. Goott
Miriam Goott
SBN 24048846
mgoott@walkerandpatterson.com
COUNSEL FOR DEBTOR

OF COUNSEL:

WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)

## CERTIFICATE OF SERVICE

I, Miriam Goott hereby certify that a true and correct copy of the foregoing Motion was served on all parties entitled to Notice via the Court's CM/ECF noticing platform by electronic transmission on this 29th day of October, 2024, including counsel for the United States Trustee, the Committee and the Litigation Funders.

By: */s/ Miriam T. Goott*
Miriam T. Goott

## CERTIFICATE OF COMPLIANCE

I, Miriam Goott hereby certify that the factual allegations contained in this Emergency Motion are true and correct.

By: */s/ Miriam T. Goott*
Miriam T. Goott