IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § | Case No. 24-31596 |
| MMA LAW FIRM, PLLC | | |
| Debtor. | | |

**THE UCC'S STATEMENT SUPPORTING
THE DEBTOR'S MOTION TO RECONSIDER**

For the reasons set out below and the Debtor's motion to reconsider, the UCC supports the relief sought in the cash-collateral motion and the motion to reconsider.[1] The UCC concurs with the Debtor's analysis of the authorities cited in its motion. These authorities provide that the Court can decide on a cash-collateral motion whether income the Debtor receives postpetition qualifies as EAJF's collateral—without an adversary proceeding.

The Court can also rely on the Fifth Circuit's analysis in *In re Chesnut* to determine that an adversary proceeding is not required.[2] In *Chesnut*, the bankruptcy court confirmed a Chapter 13 plan where the debtor would obtain a release of a lien on a property he owned with his wife so long as the secured lender was paid according to the plan's terms.[3] The debtor did just that, but when it came time for the lender to release the lien, the lender refused.[4] The lender insisted that the property was actually the wife's separate property and because no adversary proceeding ever

---

[1] *See* Doc. 370 (motion to reconsider); *see also* Doc. 353 (cash-collateral motion).

[2] *See In re Chesnut*, 356 F. App'x 732, 733–35, 738 (5th Cir. 2009).

[3] *See id.* at 734–35.

[4] *See id.* at 734–35.

determined it was the estate's property, the plan could not affect the lien's validity.[5] Like EAJ, the secured lender's argument rested on Federal Rule of Bankruptcy Procedure 7001(2), which requires an adversary proceeding to determine the validity, priority, or extent of a lien or other interest in property.[6]

But the Fifth Circuit disagreed. It held that Rule 7001(2) did not apply because the bankruptcy plan at issue did not determine the validity, priority, or extent of the lien: "The confirmed plan does not challenge the validity of Templeton's lien, its priority over any other lien on the Eastland property, or its extent to the full value of Templeton's claim. Instead, the plan expressly acknowledged that Templeton's claim was fully secured and required—upon full payment of the claim—that Templeton release any lien securing the claim."[7] Because the plan did not trigger Rule 7001(2), the Fifth Circuit affirmed that an adversary proceeding was not required.

Applying that same analysis here suggests that the relief requested in the Debtor's cash-collateral motion does not require an adversary proceeding. The motion does not seek to invalidate the lien or challenge the priority over any other lien on the same property. And since it also does not seek to find that EAJF's claim is not fully secured, the motion does not challenge the lien's extent to the full value of EAJF's claim either. Just the opposite, the motion to reconsider clarifies that, for cash-collateral purposes, it's "assumed that the Litigation Funders have an interest in pre-petition property" and that the motion merely seeks to determine whether *post-petition* income is also encumbered by any *prepetition* lien EAJF might have.[8] In other words, the motion assumes

---

[5] *See id.* at 734–35.

[6] *See id.* at 738.

[7] *See id.*

[8] *See* Doc. 370, at ¶ 8 ("Instead the Debtor, for purposes of cash collateral only, has assumed that the Litigation Funders have an interest in pre-petition property and are merely asking this Court to resolve the pending dispute as to whether the Debtor's post-petition income or other receipt of

for cash-collateral purposes that EAJF's lien is valid, has priority, and is fully secured. Thus, the Committee respectfully believes that the relief sought in the cash-collateral motion and in the motion to reconsider does not trigger the requirement for an adversary proceeding.

For these reasons, along with the reasons cited in the Debtor's motion, the UCC respectfully asks the Court to grant the motion to reconsider and set a hearing to resolve whether any postpetition income qualifies as cash collateral for purposes of EAJF's prepetition lien.

Dated: October 30, 2024          Respectfully submitted,

**LAWSON & MOSHENBERG PLLC**

By: */s/ Avi Moshenberg*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
Lawson & Moshenberg PLLC
801 Travis Street
Suite 2101 #838
Houston, TX 77002
Telephone: 832-280-5670
Email: Nick.Lawson@lmbusinesslaw.com
        Avi.Moshenberg@lmbusinesslaw.com

and

**OTTERBOURG P.C.**

Sunni P. Beville (admitted *pro hac vice*)
James V. Drew admitted (*pro hac vice*)
230 Park Ave.
New York, NY 10169-0075
Telephone: (212) 661-9100
Email: sbeville@otterbourg.com
        jdrew@otterbourg.com

***Proposed Counsel for the Unsecured Creditors Committee***

---

money, from whatever source, constitutes cash collateral under Section 363, as may be affected by Section 552.").

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above was electronically mailed to the parties that are registered to receive electronic notices *via* CM/ECF in this case on October 31, 2024.

                                              */s/ Avi Moshenberg*
                                              Avi Moshenberg