IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | Case No. 24-31596 |
| Debtor. | § | |

**EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP'S OBJECTION TO DEBTOR'S EMERGENCY MOTION TO RECONSIDER AND VACATE THE ORDER STRIKING ECF NO. 368**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Secured Prepetition Lenders Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "**EAJF**" or the "**Litigation Funders**"), by and through their attorneys, submit the following Objection (the "**Objection**") to *Debtor's Emergency Motion to Reconsider and Vacate the Order Striking ECF No. 368* [ECF No. 370] (the "**Motion to Reconsider**").

**INTRODUCTION**

The Debtor filed its Supplement (as defined herein) challenging the extent and validity of EAJF's liens under 11 U.S.C. § 552 and seeking to wholly exclude the proceeds of EAJF's cash collateral in EAJF's secured claim. Now, after the Court properly determined that such issues should be addressed in the context of an adversary proceeding, rather by separate motion, the Debtor is attempting to take another "bite at the apple" by simply rephrasing its arguments in the Motion to Reconsider, and claiming the Supplement was "inartfully drafted and did not adequately address procedural issues."[1] However, the Debtor's goals have not changed. The Debtor still

---
[1] Motion to Reconsider at p. 2.

"seeks, *on a final basis*, a determination that its post-petition income, derived primarily from services provided by the Debtor, is not encumbered by the purported pre-petition liens held by the Litigation Funders."[2] This is exactly what this Honorable Court determined was procedurally improper and struck the Supplement because it is clear attempt to circumvent the procedural safeguards of Fed. R. Bankr. P. 7001. Seeking emergency consideration of its Motion to Reconsider results only in increased administrative costs for both the Debtor and EAJF. The Debtor's arguments remain in direct conflict with the express terms of the loan documents signed by the Debtor and its members and statements made by the Debtor prior to the filing of its Supplement and Motion to Reconsider. As more fully discussed below, the Debtor's Motion to Reconsider should be denied.

## BACKGROUND

1.      The Debtor filed a single matter self-styled as "*Supplement to Debtor's Motion for Orders Authorizing the Use of Cash Collateral*" [ECF No. 353] (the "**Supplement**") on October 15, 2024, in response to the Court's deadline for filing of additional briefing on the Debtor's cash collateral arguments. Instead of filing a supplemental brief in connection with its cash collateral motion, the Debtor filed the Supplement as a free-standing motion, seeking entry of the order attached thereto.

2.      The proposed order attached to Debtor's Supplement clearly states that "neither Equal Access Justice Fund, LP nor EAJF ESQ Fund, LP has any interest in cash or income generated or collected from pending litigation in Louisiana," and "neither Equal Access Justice Fund, LP nor EAJF ESQ Fund, LP has any interest in attorney fees generated from the operation of the Debtor's business as a law firm." *See* Doc. 353-1. Such order seeks to invalidate EAJF's

---

[2] Motion to Reconsider at p. 3 (emphasis added).

liens against the Law Firm Proceeds, as such term is defined in the loan and security documents executed by the Debtor and Moseley in favor of EAJF, without due process and the constitutional protections required under the Bankruptcy Code. *See* Proofs of Claim Nos. 50 and 51.

3. EAJF filed its *Objection to Debtor's Supplement to Debtor's Motion for Orders Authorizing the Use of Cash Collateral* [ECF No. 356] (the "**Supplement Objection**") on October 21, 2024 and incorporates herein the Supplement Objection by this reference.

4. On October 29, 2024, the Court entered an order striking the Supplement on the grounds that it is procedurally improper. [ECF No. 368].

## ARGUMENTS AND AUTHORITIES

### A. Debtor has failed to plead—much less show—the legal grounds to warrant reconsideration

5. While the Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration," such a motion is usually construed as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from a final judgment or order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, when a motion for reconsideration is filed within 14 days of a bankruptcy court's entry of a final order, the motion generally is treated as a motion to alter or amend the order under Fed. R. Civ. P. 59(e), incorporated by Fed. R. Bank. P. 9023. Here, Debtor filed its Motion to Reconsider within 14 days of the Court's entry of the order striking the Supplement.

6. To succeed on a motion to alter or amend a judgment pursuant to Rule 59(e), a party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (internal quotation marks omitted). The motion "cannot be used to raise arguments which could and should have been made before the judgment issues." *Id.* In the Fifth Circuit, "relief under

Federal Rule 59(e) is an 'extraordinary remedy that should be used sparingly.'" *In re Hence*, 358 B.R. 294, 308 (Bankr. S.D. Tex. 2006) (quoting *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 479) (5th Cir. 2004)).

7. Debtor failed to plead—much less make the requisite showing—the legal grounds to satisfy the heavy burden imposed by Rule 59(e). Debtor cannot meet the high burden imposed by Rule 59, requiring denial of its Motion to Reconsider. That burden is high, and there are three major grounds that justify reconsideration under Fed. R. Civ. P. 59(e). As noted recently in *In re Baribeau*, 603 B.R. 797, 799–800 (Bankr. W.D. Tex. 2019):

> To prevail on a motion to alter or amend, the movant has the burden of establishing one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). A Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations and internal quotations omitted). In the Fifth Circuit, "relief under Federal Rule 59(e) is an 'extraordinary remedy that should be used sparingly.' " *In re Hence*, 358 B.R. 294, 308 (Bankr. S.D. Tex. 2006) (quoting *Templet*, 367 F.3d at 479)). A trial court has "considerable discretion" in deciding a motion to alter or amend and "the trial court must strike the proper balance between ... (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

8. Debtor's Motion to Reconsider is an attempt to raise and rephrase arguments which could and should have been made before the order striking the Supplement was entered. Moreover, there is nothing in the record supporting the award of such an extraordinary remedy in favor of the Debtor. The Court should deny the Debtor's Motion to Reconsider.

**B.    Debtor is still seeking procedurally improper relief**

9. Here, it is clear that a debtor "may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless— (A) each entity that has an interest in such cash collateral

consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the [debtor], the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. 11 U.S.C. § 363(e).

10. While a debtor has the burden of proof on the issue of adequate protection, "the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." 11 U.S.C. § 363(p). Further,

> An allowed claim of a creditor secured by a lien on property of the debtor is an "allowed secured claim" to the extent of the value of that creditor's interest in the property. … ***The value of the collateral is determined in light of the purpose of the valuation and of the proposed disposition or use of the collateral***. § 506(a).

*In re Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1385 (5th Cir. 1986), *on reh'g,* 808 F.2d 363 (5th Cir. 1987), *aff'd sub nom. United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988) (emphasis added).

11. Both a motion to use cash collateral and a motion to prohibit or condition the use, sale, or lease of property pursuant to § 363(e) shall be made in accordance with Rule 9014, which governs contested matters. Fed. R. Bankr. P. 4001(a)(1), 4001(b)(1)(A), and 9014. However, a motion simply seeking a determination and order holding that a secured creditor has no lien whatsoever in a particular asset of the Debtor is not governed by Rule 9014.

12. In the Debtor's Supplement, the Debtor only once requests that the Court "equitably limit the Litigation Funders post-petition liens"; in contrast, the Debtor requests multiple times for the Court determine that the Litigation Funders have ***no interest*** in the Debtor's post-petition cash,

or any other income or funds generated post-petition. *See* Supplement at p. 2, p. 6., and Doc. 353-1. Indeed, this Honorable Court noted in its Order Striking the Debtor's Supplement that "[i]n its Motion, MMA requests the Court determine that [EAJF] have no security interest in MMA's income generated post-petition." [ECF No. 368]. Moreover, the Debtor further fails to mention adequate protection at all in its Supplement.

13. While the Debtor is correct that courts often make preliminary determinations regarding the validity, priority, or extent of liens in connection with cash collateral, ***for purposes of determining adequate protection***, the Code clearly requires an adversary proceeding to determine that no liens exist on certain property of the Debtor. *See* Fed. R. Bankr. P. 7001(2) (providing that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d)," is an adversary proceeding subject to the rules of Part VII of the Federal Rules of Bankruptcy Procedure.) This Court's Order Striking the Supplement correctly acknowledged this fact. [ECF No. 368]. Further, a final determination as to the extent and validity of a secured creditor's liens, as is requested by the Debtor, cannot be made in the context of a cash collateral motion unless the applicable parties consent to such a determination, and as such, many cash collateral orders include language specifying that any determinations regarding the validity, priority, or extent of liens in an order are subject to a final determination pursuant to Rule 7001.[3]

14. The Debtor cites numerous cases involving interim determinations of the extent of secured creditors' cash collateral, distinguishable from the relief specifically sought by the Debtor

---

[3] *See In re Las Vegas Monorail Co.*, 429 B.R. 317, 345 (Bankr. D. Nev. 2010). "Under Rule 7001, the proceedings that require an adversary are those 'to determine the validity, priority, or extent of a lien' … 'Validity' means the existence or legitimacy of the lien itself, 'priority' means the lien's relationship to other claims to or interests in the collateral, and 'extent' means the scope of the property encompassed by or subject to the lien." *In re Kemp*, 391 B.R. 262, 265 (Bankr. D.N.J. 2008) (citing *In re Dickey,* 293 B.R. 360, 363 (Bankr.M.D.Pa.2003)).

in its Supplement. For example, in both *In re Las Torres Dev., L.L.C.*, 408 B.R. 876, 882 (Bankr. S.D. Tex. 2009) and *In re First City Mortg. Co.*, 69 B.R. 765, 767–68 (Bankr. N.D. Tex. 1986), the courts determined whether rents constituted cash collateral where the applicable contracts contained questions as to whether rents were collaterally or absolutely assigned to the secured creditor, implicating the question of whether the rents were property of the estate. *Las Torres Dev.*, 408 B.R. at 882; *First City Mortg. Co.*, 69 B.R. at 767–68. In *In re Burts Constr., Inc.*, 648 B.R. 185, 187 (Bankr. S.D. Tex. 2023), the Court decided whether a prepetition security interest in after-acquired "accounts" extended to post-petition proceeds of a sale of unencumbered real property of the Debtor, finding that "proceeds of a post-petition sale may be held to be secured by a pre-petition security interest only if the collateral that produces the proceeds was acquired by the debtor prepetition." *Burts Constr., Inc.,* 648 B.R. 185 at 190. Likewise, in *In re Cafeteria Operators, L.P.*, 299 B.R. 400, 405–06 (Bankr. N.D. Tex. 2003), Judge Hale held that only a portion of the ongoing revenue from the operation of a restaurant, specifically proceeds from the sale of inventory, was cash collateral of the secured lender and granted as adequate protection replacement liens in the Debtor's inventory only. *Cafeteria Operators*, 299 B.R. at 410.

15. Any ***preliminary*** determination regarding whether EAJF's liens extend to the Debtor's postpetition cash, or any other income or funds generated post-petition, should be determined in connection with the Debtor's cash collateral motion and included in the cash collateral order, subject to final determination of the validity, priority, or extent of EAJF's liens in connection with the adversary proceeding.

**C.    Debtor's <u>Emergency</u> Motion to Reconsider should be stricken or denied due its failure to comply with the Local Rule**

16. Finally, the Debtor has failed to comply with the requirements of Local Rule 9013-1(i) that governs emergency motions. Specifically, the Motion to Reconsider does not contain: (i)

a detailed statement why an emergency exists; and (ii) the date relief is needed to avoid the consequences of the emergency. Debtor's Motion to Reconsider should be denied or stricken on this basis alone. There is no emergency here, as the Debtor has authorization for interim use of cash collateral until December 31, 2024.

17. For the reasons set forth herein, EAJF objects to the Debtor's Motion to Reconsider and respectfully requests that the Court deny the relief requested by the Debtor therein.

## RESERVATION OF RIGHTS

18. EAJF reserves its right to amend and file additional briefing in support of this Objection.

WHEREFORE, EAJF prays that the Court deny the relief requested by the Debtor in its Motion to Reconsider.

Dated: October 31, 2024                                                     Respectfully submitted,

**SPENCER FANE LLP**

 By: */s/ Misty A. Segura*
MISTY A. SEGURA
TX Bar No. 24033174
Fed. No. 30751
3040 Post Oak Blvd., Ste. 1400
Houston, TX 77056
Office: (713) 212-2643
E-mail: msegura@spencerfane.com

*Attorneys for Equal Access Justice Fund, LP and EAJF ESQ Fund, LP*

## **CERTIFICATE OF SERVICE**

I certify that on October 31, 2024, a true and correct copy of the foregoing Notice was served by electronic service via the Court's ECF filing system on those parties registered to receive service and by electronic mail as indicated below:

*Counsel for United States Trustee –*
*via E-mail*
Andrew Jimenez
Trial Attorney
United States Trustee Program
515 Rusk Avenue, Suite 3516
Houston, TX 77002
andrew.jimenez@usdoj.gov

*Counsel for the Debtor - via E-mail*
Miriam Goott
Johnie J. Patterson
Walker & Patterson, PC
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com
jjp@walkerandpatterson.com

*Counsel for the Official Committee of Unsecured Creditors*
*via E-mail*
Nick Lawson
Avi Moshenberg
Lawson & Moshenberg PLLC
801 Travis St.
Ste. 2101 # 838
Houston, TX 77002
nick.lawson@lmbusinesslaw.com
avi.moshenberg@lmbusinesslaw.com

Sunni P. Bellville
James V. Drew
Otterbourg, PC
230 Park Avenue
New York, NY 10169
sbeville@otterbourg.com
jdrew@otterbourg.com

*/s/ Misty A. Segura*
MISTY A. SEGURA