IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| MMA LAW FIRM, PLLC | § § | Case No. 24-31596 |
| Debtor. | § § | |

## THE UCC'S STATEMENT OPPOSING
## THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

The UCC[1] respectfully opposes EAJF's request to appoint a chapter 11 trustee.[2]

In cases like *In re Ford Steel, LLC*, this Court spotlighted the standard for appointing a chapter 11 trustee, which calls for clear and convincing evidence.[3] The Court observed that the Bankruptcy Code generally permits chapter 11 debtors to control their assets and business operations.[4] And that the "extraordinary remedy" of a trustee—an exception, rather than the rule—is reserved for when a debtor-in-possession cannot perform its statutory fiduciary duties to the estate.[5] In deciding this issue, courts consider (1) the debtor's trustworthiness; (2) the debtor-in-possession's past and present performance and the prospects for rehabilitation; (3) the business community's and the creditors' confidence (or lack of) in present management; and (4) the cost

---

[1] The "UCC" refers to The Official Committee of Unsecured Creditors for the bankruptcy estate of MMA Law Firm, PLLC.

[2] *See* Doc. 107. The label "EAJF" refers to Equal Access Justice Fund, LP and EAJF ESQ Fund, LP, who claim to be secured prepetition lenders.

[3] *In re Ford Steel, LLC*, 629 B.R. 871, 889–90 (Bankr. S.D. Tex. 2021) (Rodriguez, J.).

[4] *Id.*

[5] *Id.*

1

and benefits of a trustee—with all factors considered toward the practical realities, the case needs, and the total circumstances.[6]

Through that lens, the disruption of a trustee is not warranted here. As an initial matter, the Debtor's actions in this case do not establish that the Debtor is unable to perform its statutory fiduciary duties to the estate. The Debtor has only been receptive to the UCC's input. In fact, the Debtor has welcomed granting the UCC added oversight over the Debtor's activities.[7] And even though the agreed order allowing this added oversight has not yet been granted, the Debtor has been committed to abiding by its terms—already meeting with the UCC and producing documents requested. To be sure, much work needs to be done to get this bankruptcy on course to confirming a plan. But the UCC believes that the Debtor, and not a trustee, is the better partner for doing so.

At bottom the UCC believes the Debtor is taking its fiduciary duties to the estate seriously. While the Debtor's alleged prepetition conduct understandably invites skepticism, the reality is that alleged conduct occurred before it assumed fiduciary duties under the Bankruptcy Code. And it allegedly occurred before the Debtor retained counsel to help execute its fiduciary duties under chapter 11. From the UCC's perspective, then, the Debtors' prepetition conduct bears little weight in deciding whether to appoint a trustee. And given its postpetition conduct, any weight that any alleged prepetition conduct does bear only supports that the Debtor is committed to rehabilitation—particularly given the Debtor's support for additional Committee oversight. Of course, the Committee is not ignorant of the allegations made against the Debtor in this Court and others. The UCC's position is a practical one based on the Debtors' participation in the bankruptcy

---

[6] *Id.*

[7] *See* Doc. 362 (stipulation and proposed order granting the UCC the authority to investigate the acts, conduct, assets, liabilities, the financial condition of the debtor along with access to all of Debtors' books and records and semiweekly meetings with the Debtor to discuss its affairs and the bankruptcy).

process. And the Committee reserves the right to return here for the relief that EAJF now seeks if the Debtor's participation wanes.

But at this juncture a trustee is not warranted. That's especially so given that appointing a trustee will come at tremendous cost—not just financial but logistical. The nature of the Debtor's business as a law firm requires the institutional knowledge of the managing attorney and staff, who best understand the details of the Debtors' contingency litigation. Contingency litigation where any recovery is an estate asset that will likely be used to fund a chapter 11 plan. A trustee will not have this institutional knowledge. So supplanting the Debtor with a trustee will only make recovering estate assets less feasible.

In reaching this position, the Committee is mindful that the Court previously raised the possibility of appointing an examiner. And had the Debtor not agreed to grant the UCC with sweeping authority to investigate the Debtor's conduct, then an examiner might have been a wise solution.[8] But with the UCC attaining such investigative authority, the UCC believes that an examiner is now unnecessary. After all, the Committee will already be performing the same investigation as an examiner. And as a stakeholder that represents the unsecured creditors, the UCC has the greater incentive to uncover any potential Debtor misconduct. Given the redundant role an examiner would have here—coupled with the added financial stress that hiring an examiner would have on the estate—the UCC respectfully believes that appointing an examiner is not in the creditors' best interests.

Considering the conduct to date, the UCC believes the Debtor will continue to carry out its chapter 11 fiduciary duties and that the exception of appointing a trustee is not needed. The UCC is eager to get past the distraction of this trustee issue, so the parties can focus on confirming a

---

[8] *See* Doc. 362.

plan that meaningfully repays the creditors. In that vein, the UCC maintains that the creditors would be best served by allowing the Debtor to remain in possession under the UCC's enhanced oversight. Doing so will not only help bridge any trust gap between the Debtor and the creditors but also assist the parties in procuring a favorable chapter 11 plan.

For these reasons, the UCC opposes the "extraordinary remedy" of appointing a trustee or an examiner and requests that the motion be denied.

Dated: November 4, 2024    Respectfully submitted,

**LAWSON & MOSHENBERG PLLC**

By: /s/ *Avi Moshenberg*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
Lawson & Moshenberg PLLC
801 Travis Street
Suite 2101 #838
Houston, TX 77002
Telephone: 832-280-5670
Email: Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

and

**OTTERBOURG P.C.**

Sunni P. Beville (admitted *pro hac vice*)
James V. Drew admitted (*pro hac vice*)
230 Park Ave.
New York, NY 10169-0075
Telephone: (212) 661-9100
Email: sbeville@otterbourg.com
jdrew@otterbourg.com

*Counsel for the Unsecured Creditors Committee*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above was electronically mailed to the parties that are registered to receive electronic notices *via* CM/ECF in this case on November 4, 2024.

                */s/ Avi Moshenberg*
                Avi Moshenberg