IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | Chapter 11 |
| | § | |
| MMA Law Firm, PLLC | § | Case No. 24-31596 |
| | § | |
| DEBTOR | § | |

**DEBTOR'S EMERGENCY MOTION TO ABATE DEADLINES, AND EXTEND EXCLUSIVITY TO FILE A CHAPTER 11 PLAN**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

      **Emergency relief is requested because the current Filing Exclusivity Period ends on November 27, 2024.  In addition, the Parties have been ordered to file briefs related to the UST's Motion to Vacate by December 5, 2024.  The Debtor respectfully requests that if convenient for the Court, that this matter is set for a hearing prior to November 27, 2024.**

**COMES NOW, MMA Law Firm, PLLC.** ("**Debtor**") and files this *Emergency Motion to Extend Exclusivity to File a Chapter 11 Plan, Solicit Acceptances and Other Deadlines,* and respectfully shows the following.

### SUMMARY REGARDING FACTS AND RELIEF REQUESTED

The Debtor and EAJF ESQ Fund, LP and Equal Access Justice Fund, LP ("**EAJF**") have litigated nearly every issue in this bankruptcy proceeding. Several unresolved matters remain between the parties, including 1) Debtor's Motion under 11 U.S.C. §552; 2) EAJF's Motion to Appoint Trustee; 3) the Debtor's allegations regarding the attorney-client privilege between EAJF and its counsel; and 4) the Debtor's adversary proceeding to avoid EAJF's purported lien.

The Debtor, EAJF, and the Committee have agreed to attend mediation with retired Judge Leif Clark on January 10, 2025, with the aim of reaching a global settlement to resolve all disputes between the parties. In light of this, the Debtor respectfully requests the Court's permission to 1) extend the exclusivity period to file a chapter 11 plan; and 2) abate all remaining deadlines and hearings until after mediation has concluded.[1]

The Debtor also requests that the Court schedule a status conference for January 14, 2025, at which time the parties can either announce a settlement or obtain new dates for the pending matters, including the 552 Motion. This status conference would be held concurrently with the hearing on the *Debtor's Motion for Use of Cash Collateral* at ECF No. 27.

The United States Trustee opposes the Debtor's request to extend exclusivity.

---

[1] This request does not include the pending hearing on the Debtor's Motion for Use of Cash Collateral at ECF No. 27 currently scheduled for January 14, 2024.

**PARTIES POSITIONS REGARDING RELIEF REQUESTED**

1. The Official Committee of Unsecured Creditors **(**the **"Committee"**) supports the relief requested in this Motion.

2. EAJF ESQ Fund, LP and Equal Access Justice Fund, LP ("**EAJF"),** the only creditors who assert a purported lien on the Debtor's assets, supports the relief requested in this Motion.

3. The United States Trustee opposes the relief requested in this Motion, specifically concerning the extension of exclusivity and the Chapter 11 plan.

**RELEVANT BACKGROUND HISTORY**

1. The Debtor is a Texas-based litigation law firm that filed a chapter 11 bankruptcy case on April 9, 2024 (**"Chapter 11 Case"**).

2. On July 24, 2024, the Debtor filed a Motion to Extend Exclusivity to File a Chapter 11 Plan, which was granted by the Court on July 25, 2024.

3. The Debtor has no real property and any significant distribution to creditors in this case will likely come from litigation proceeds with third-party defendants.

4. The Debtor's Chapter 11 Case has been pending for approximately seven months.

5. Since the filing of the Chapter 11 Case, the Debtor has litigated the following contested matters:

| DATE | PLEADING | OBJECTIONS | RESULT |
| --- | --- | --- | --- |
| 4-11-24 | Debtor's Application to Employ Counsel | UST, Committee and EAJF | Debtor's motion granted. |
| 5-2-24 | Debtor's Motion Cash Collateral | UST and EAJF | Debtor's motion granted. |
| 5-16-24 | Debtor's Motion for Cash Management System | UST and EAJF | Debtor's motion granted. |
| 5-21-24 | Debtor's Motion to Disqualify Okin Adams | Committee | Debtor's motion granted. |
| 5-22-24 | Committee's Motion to Seal | Debtor | Committee's motion denied. |

| 5-24-24 | EAJF Motion to Compel Debtor | Debtor | Committee withdrew motion |
| 5-30-24 | Debtor's Continued Use of Cash Collateral | Committee | Debtor's motion granted. |
| 7-3-24 | Committee's application to employ Kane Russell | Debtor | Committee withdrew application after contested hearing. |
| 7-26-24 | Allied Motion for Relief | Debtor | Allied's motion denied. |
| 8-13-24 | Morris Bart Motion for Relief to Litigate Claims | Debtor | Morris Bart's motion denied. |
| 9-4-24 | Morris Bart's Motion to Transfer Case | Debtor | Morris Bart's motion denied. |
| 9-19-24 | Debtors motion to approve payments for taxes | EAJF | debtor's motion granted. |
| 9-26-24 | EAJF's motion to compel production from debtor | debtor | EAJF's motion denied. |
| 10-9-24 | Contested Cash Collateral Hearing | EAJF | Debtor's motion granted. |
| 10-29-24 | Debtor's Motion to Reconsider and Vacate Order | EAJF | Debtor's motion granted. |
| 10-29-24 | Debtor's Motion to Compel EAJF | EAJF | Debtor's motion granted. |

6. In addition to the matters listed above that have already been litigated in the Chapter 11 Case, the Debtor has participated in three depositions and has taken the depositions of EAJF.

7. Since the filing of the Chapter 11 Case, the Debtor has initiated the following adversary proceedings, which have included multiple contested evidentiary hearings:

| Adv. Case No. | Defendant |
| --- | --- |
| 24-03127 | Morris Bart, LLC |
| 24-03130 | Laborde Earles Law Firm, LLC |
| 24-03134 | The Voorhies Law Firm |
| 24-03208 | EAJF |
| 24-03212 | Allied World Insurance Company |
| 24-03223 | Daly & Black, PC |
| 24-03230 | The Sangisetty Law Firm |

8. The Debtor has also been involved in three separate appeals filed by Morris Bart related to the adversary proceeding filed by the Debtor against Morris Bart:

    a.       Morris Bart's appeal of Preliminary Injunction (24-cv-2793);

    b.       Morris Bart's appeal of Order Denying Motion for Relief from Stay (24-cv-3443); and

    c.       Morris Bart's appeal of Order Denying Motion to Dismiss (24-cv-4343).

9.       In summary, the Debtor has been actively engaged in litigation and has worked diligently toward a successful reorganization. The contested matters outlined above were not only necessary, but the Debtor was successful in obtaining relief in every matter brought before this Court

**OUTSTANDING DISPUTES WITH EAJF**

10.     As outlined above, the Debtor and EAJF have litigated nearly every issue in this Chapter 11 Case. Several unresolved issues remain between the parties, including:

    a.       EAJF's Motion to Appoint Chapter 11 Trustee (ECF No. 107) (**"Trustee Motion"**);

    b.       Debtor's Motion pursuant to 11 U.S.C. §552 (ECF No. 353) (**"552 Motion"**);

    c.       Debtor's allegations regarding EAJF's attorney-client privilege (**"Privilege Issue"**);

    d.       Pending Agreement/Stipulation regarding appointment of Eva Engelhart (ECF #406);

    e.       Debtor's treatment of EAJF in a Chapter 11 Plan; and

    f.       Debtor's adversary proceeding against EAJF regarding the validity of its lien (Adv. Case No. 24-03208) (**"Adversary"**).

**The Trustee Motion and Privilege Issue**

11.     On June 12, 2024, EAJF filed a Motion to Appoint a Chapter 11 Trustee (the **"Trustee Motion"**).

12. On November 13, 2024, the Debtor, the Committee and EAJF filed a Stipulation and Agreed Order, which resolved the parties' concerns regarding the Trustee Motion and the Privilege Issue (**"Agreed Order"**).

13. On November 13, 2024, the Court entered the Agreed Order (ECF No. 406).

14. That same day, the United States Trustee **("UST")** filed an Expedited Motion to Vacate the Agreed Order (ECF No. 407) **(**the **"Motion to Vacate"**).

15. On November 19, 2024, the Court held a hearing to address the Motion to Vacate and issued the following orders:

   a. The Agreed Order was held in abeyance until further order of the Court;

   b. The parties were directed to file briefs by November 26, 2024, at 12:00 PM; and

   c. A final hearing on the Motion to Vacate was scheduled for December 5, 2024.

**Mediation**

16. On November 21, 2024, the Debtor, EAJF and the Committee agreed to attend mediation to resolve all of the outstanding disputes with Retired Judge Leif Clark, on January 10, 2025. The parties were willing and able to attend mediation sooner; however January 10, 2025, was Judge Clark's earliest availability.

17. The Debtor shall file a separate motion seeking authority to attend mediation with Judge Clark.

**RELIEF REQUESTED**

**DEADLINES/HEARINGS**

18. In light of the scheduled mediation aimed at reaching a global resolution with EAJF, the Debtor requests the Court **abate** the following hearings and deadlines until further order of the Court:

      a. Deadline to file briefs related to the UST's Motion to Vacate (ECF No. 415);

      b. Hearing on the UST's Motion to Vacate, currently set for December 5, 2024;

      c. Hearing on the 552 Motion, scheduled for January 14, 2025 (ECF No. 353); and

      d. Discovery related to the 552 Motion (ECF No. 353);

19. Following the conclusion of mediation on January 10, 2025, the Debtor requests that the Court schedule a status conference on January 14, 2025 (the same date of the continued hearing on cash collateral at ECF No. 27), so that the parties can either notify the Court of any settlement reached or secure new dates for the matters that have been abated, including the 552 Motion.

**EXTENSION OF EXCLUSIVITY**

20. The Debtor also requests that the Court extend the exclusivity period until March 31, 2025. The Debtor believes that March 31, 2025, is a reasonable time to propose a plan, considering that mediation will take place on January 10, 2025. If the mediation is unsuccessful, EAJF will have adequate time to conduct discovery on the 552 Motion, and the Debtor will be able to prosecute the 552 Motion before this date. The resolution of the 552 Motion is necessary prior to proposing a Chapter 11 Plan.

21. The Bankruptcy Code provides debtors with a limited period to propose a plan of reorganization and obtain acceptance without fear of competition.

22. Upon the request of a party in interest, the Bankruptcy Court may extend the debtor's exclusivity period for cause. 11 U.S.C. § 1121(d).

23. The Debtor-in-possession bears the burden of establishing cause for an extension of its exclusivity period. *In re Borders Group, Inc.,* 460 B.R. 818 (Bankr. S.D.N.Y. 2011).

24. Although Section 1121(d) does not define "cause", the following factors, among others, have been identified by courts as being relevant in determining whether "causes" exists:

a.    The size and complexity of the case;

b.    The necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

c.    The existence of good faith progress toward reorganization;

d.    Whether the Debtor has demonstrated reasonable prospects for filing a viable plan;

e.    Whether the Debtor has made progress in negotiations with its creditors;

f.    The amount of time which has elapsed in the case;

g.    Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

h.    Whether an unresolved contingency exists.

*In re GMG Capital Partners III, L.P.,* 503 B.R. 596, 2014 WL 260552 (Bankr. S.D.N.Y. 2014).

**APPLICATION OF THE LAW**

25.    The first factor the Court can consider in determining whether cause exists to extend exclusivity is the size and complexity of the case. As previously found by the Court in its Opinion granting the Debtor's Application to Employ Counsel, this Chapter 11 case is complicated and exceedingly contested. This complexity is further demonstrated by the adversary proceedings and contested matters outlined above.

26.    The Debtor requires additional time to negotiate a plan of reorganization and prepare the necessary information for the Court and the creditors to review. As discussed above, there are several issues regarding determination of property of the estate and matters raised in the 552 Motion, should mediation be unsuccessful.

27.    In terms of good faith progress toward reorganization, the Debtor has worked diligently and efficiently. Although the Debtor has faced significant obstacles, including contested motions

(e.g., employment of counsel, cash collateral motions), the Debtor has been successful in every contested matter before the Court. Additionally, the Debtor has filed seven adversary proceedings, further demonstrating good faith progress toward reorganization.

28. Regarding "progress in negotiations with creditors", the Debtor has cooperated closely with the Committee and voluntarily entered into an agreement to provide the Committee with documents and access to Debtor representatives for bi-monthly meetings. Most notably, the Debtor and EAJF have made significant progress, as evidenced by the Agreed Order and the agreement to attend mediation with Judge Clark.

29. The amount of time that has elapsed is another factor to consider. The Debtor asserts that the seven-month duration of the case is not unreasonable given the complexity and challenges involved.

30. The next factor the Court can consider is whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands. This is not applicable here. The Debtor is not seeking an extension of exclusivity to pressure creditors. No demands have been made on creditors regarding the reorganization plan.

31. Finally, the Court can consider whether an unresolved contingency exists. Here, the Debtor's plan is contingent on whether the estate will have assets to distribute to creditors under the plan. The resolution of the 552 Motion is potentially a key contingency for the Chapter 11 Plan.

32. This Chapter 11 case is complicated, and the size, complexity, and unique challenges of the Chapter 11 Case alone are sufficient to demonstrate "cause" for further extension of the Exclusivity Periods. See *In re Texaco Inc.,* 76 B.R. 322, 326-27 (Bankr. S.D.N.Y. 1987).

33. Extending the exclusivity period will not prejudice creditors, as evidenced by the support from both the Committee and the only purported secured lender.

34. For the foregoing reasons, the Debtor believes that the facts and circumstances outlined above are more than sufficient to support a finding of "cause" to extend the Exclusivity Period, so that the Debtor may can avoid the risks of any competing plan proposals and continue with its efforts to propose a plan.

**EMERGENCY RELIEF REQUESTED**

35. Emergency relief has been requested as the exclusivity period expires in five days, on November 27, 2024.

36. The United States Trustee opposes the request to extend the exclusivity period beyond end of January.

Dated: November 22, 2024.

                                Respectfully submitted,

                                By: */s/ Miriam T. Goott*
                                Miriam T. Goott
                                SBN 24044846
                                *Counsel for The Debtor*

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**mgoott@walkerandpatterson.com**

**CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that a true and correct copy of the following was served upon counsel for the United States Trustee, EAJF, the Committee, the 20 largest unsecured creditors, and all other parties receiving notice pursuant to CM/ECF via electronic transmission or U.S. mail on November 22, 2024.

                                                */s/Miriam T. Goott*
                                                Miriam T. Goott

**CERTIFICATE OF CONFERENCE**

I, Miriam Goott, hereby certify that I contacted counsel for the Committee, the UST and the Litigation Funder via email on November 21, 2024. The UST opposes an extension to exclusivity beyond the end of January 2025. The Committee and EAJF both reviewed the proposed motion on November 22, 2024, and do not oppose the relief requested.

                                                */s/Miriam T. Goott*
                                                Miriam T. Goott

**CERTIFICATE PURSUANT TO LBR 9013-1**

I, Miriam Goott, hereby certify that the information contained in the foregoing motion is accurate.

                                                */s/Miriam T. Goott*
                                                Miriam T. Goott