IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **Case No. 24-31596** |
| Debtor. | § | |

**EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP'S NOTICE OF SERVICE OF SUBPOENA TO BAILEY & GLASSER LLP**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable hereto by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "EAJF"), through its undersigned counsel, will serve a Subpoena to Produce Documents, Information, or Objects on Bailey & Glasser LLP. True and correct copies of the Subpoena and Exhibit A subpoena attachment thereto, which will be served, are attached as exhibits to this notice.

Dated: January 21, 2025.

Respectfully submitted,

SPENCER FANE LLP

By: */s/ Misty A. Segura*
DAVID M. MILLER
CO Bar No. 17915
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
E-mail: dmiller@spencerfane.com

MISTY A. SEGURA
TX Bar No. 24033174
Fed. No. 30751
3040 Post Oak Blvd., Ste. 1400
Houston, TX 77056
Office: (713) 212-2643
E-mail: msegura@spencerfane.com

*Attorneys for Equal Access Justice Fund, LP and EAJF ESQ Fund, LP*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 21st day of January, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, effecting service on all parties pursuant to Local Rule 5005-1(c).

*/s/ Misty A. Segura*
Misty A. Segura

# UNITED STATES BANKRUPTCY COURT

_____ SOUTHERN _____ District of ___TEXAS_____

In re  MMA LAW FIRM, PLLC
       _____
                Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  24-31596

Chapter  11

_____
              Plaintiff
                v.
_____
             Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: BAILEY & GLASSER LLP, c/o its Registered Agent, Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, TX 77056.
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents described in the attached Exhibit "A"

| PLACE | DATE AND TIME |
|---|---|
| Spencer Fane LLP, c/o Misty Segura<br>3040 Post Oak Boulevard, Suite 1400, Houston, TX 77056<br>msegura@spencerfane.com, dmiller@spencerfane.com | February 5, 2025 by 5:00 p.m. CT |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/21/25

CLERK OF COURT

                                          OR

_____        /s/ Misty A. Segura
*Signature of Clerk or Deputy Clerk*    _____
                                         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Equal Access Justice Fund, LP , who issues or requests this subpoena, are: Misty Segura, Spencer Fane LLP, 3040 Post Oak Boulevard, Suite 1400, Houston, TX 77056, msegura@spencerfane.com, 713.212.2643, dmiller@spencerfane.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 24-31596   Document 469   Filed in TXSB on 01/21/25   Page 5 of 13

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| § | | |
| **MMA LAW FIRM, PLLC,** § | | |
| § | | **Case No. 24-31596** |
| Debtor. § | | |

**EXHIBIT A**
**TO EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE TO BAILEY & GLASSER LLP**

Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "**EAJF**"), through its undersigned counsel, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 45 of the Federal Rules of Civil Procedure, hereby request that BAILEY & GLASSER LLP (the "**Handling Firm**") produce all documents for inspection, in accordance with the instructions and definitions set forth below, related to the Handling Firm's relationship with MMA Law Firm, PLLC (the "**Debtor**") and in connection with the *Supplement to Debtor's Motion for Orders Authorizing the Use of Cash Collateral* [ECF No. 353] (the "**Supplement**"). **The Handling Firm's Responses to this subpoena are due by no later than February 5, 2025 at 5:00 p.m. Central Time.** All responses shall be served on EAJF's counsel via e-mail at msegura@spencerfane,com and dmiller@spencerfane.com.

## DEFINITIONS AND INSTRUCTIONS

The following Definitions apply to the requests (the "**Requests**") set forth herein:

A.  The term "**Debtor**" means MMA Law Firm, PLLC, the debtor in Case No. 24-31596, pending in the United States Bankruptcy Court for the Southern District of Texas. "**Debtor**" and also includes predecessor entities of the Debtor.

B.  The term "**Document**" or "**Documents**" means every original (any copy of any original and any copy which differs in any way from any original, e.g., because handwritten or "blind" notes appear thereon or are attached thereto) of every writing and recording, computerized records, digital or electronically stored data, photographs, or other memorialization, of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, magnetic, optical, electronic, or electrical means whatsoever, and shall include, by way of illustration only and not by way of limitation, notes, correspondence, e-mails, communications of any nature, telegrams, memoranda, advertisements, books, records, analyses, notebooks, blueprints, maps surveys, graphs, charts, plans, summaries or records or transcriptions of personal conversations or statements however made, business forms, labels, appointment books, diaries, routing slips, reports, publications, photographs, films, minutes and other formal or informal memoranda of meetings, transcripts or oral testimony or statements, reports and/or summaries of interviews, negotiations or investigations, agreements and contracts, including all modifications and/or revisions thereof, papers and forms filed with courts or other governmental bodies, notices, messages, calendar entries, brochures, pamphlets, press releases, drafts, revisions of drafts and translations of any documents, tape recordings, audio recordings, video recordings, records, and dictation belts to which the Debtor now has or has had access to in the past. Any document with any marks on any sheet or side thereof, including by way of illustration only and

not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of these Requests.

C. The word "**Cases**" means any and all legal actions for which you and the Debtor have executed a written agreement pertaining to the entitlement to legal fees.

D. The word "**concerning**" means referring to, pertaining to, describing, discussing, reflecting, evidencing, supporting or embodying, in any way, either directly or indirectly in whole or in part, and is meant to include, among other things or Documents, things or Documents now or previously attached or appended to any Document called for by each Request.

E. The term "**Communication**" includes any exchange of words, thoughts, ideas, or documents by any means, whether oral, electronic, written or otherwise, including, but not limited to, e-mails and letter correspondence (with all attachments), memoranda, telephone conversations, notes, recordings, transcriptions of meetings, transcriptions of telephone conversations, and any other document that recorded or reflected any such communication.

F. The term "**Handling Firms**" means any law firm that has entered into a written agreement with the Debtor to pursue recovery on the Debtors' Cases and to forward to the Debtor any amount of settlement or judgment proceeds received on account of such Cases.

G. "**Identify**" when used with respect to a communication means to state the following: (a) the date of the communication, (b) the means of communication (e.g., e-mail, telephone, letter, orally, etc., (c) identification of the author and of the signer thereof, (d) identification of the addressee or recipient thereof, if any; (e) the name and, if known, the title and business address, of each party who participated in or witnessed the communication, (f) the subject matter of the communication, (g) the content of the communication; and (h) the present locations

of the document, and the name, address, position or title and telephone number of the person or persons having custody.

H. "**Identify**" when used with respect to a natural person, means to state: (a) the person's full name and present or last known business and residential address, and telephone number, and (b) the name and address of his or her employer.

I. "**Identify**" when used with respect to an entity, means to state: (a) the entity's organizational nature, i.e., joint venture, corporation, or partnership, and (b) the address and telephone number of the entity's principal place of business, and (c) the full name of the officer, agent, or employee acting on behalf of the entity.

J. "**Identify**" when used with respect to a document, means to provide sufficient characterization of said document or writing so as to have identified it with "reasonable practicability" for the purposes of Rule 34 of the Federal Rules of Civil Procedure including: (1) describing the type of document (e.g., report, letter, certificate, etc.); (2) stating the title, date, author, recipients of the document and signatories; (3) providing a description of the contents of the document; and (4) stating where the document is located.

K. The term "**Matter**" means any new client file or client engagement generated by the Debtor.

L. The term "**Petition Date**" means April 9, 2024.

M. The term "**Supplement**" means the October 15, 2024, Supplement to Debtor's Motion for Orders Authorizing the Use of Cash Collateral.

N. "**You**," "**Your**," and "**Handling Firm**" means Bailey & Glasser LLP, all predecessor and successor entities of the Handling Firm, and all members, employees, agents, and representatives of the Handling Firm.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: Provide a list of and identify all Matters, representations, and Cases for which the Debtor is or was a referring law firm to or co-counsel with the Handling Firm, including all retained clients, Matters not yet filed, active Cases, and inactive cases or matters which were initiated or retained from April 9, 2022, through the through the date of your response.

REQUEST FOR PRODUCTION NO. 2: Produce copies of all co-counsel agreements, fee sharing agreements, and other agreements between the Debtor and the Handling Firm executed within two years of the Petition Date and all co-counsel agreements, fee sharing agreements, and other agreements between the Debtor and the Handling Firm related to the Matters, representations, and Cases identified in Your response to Request For Production No. 1.

REQUEST FOR PRODUCTION NO. 3: Produce copies of all expert-related motions and pleadings filed in the Cases identified in Your response to Request For Production No. 1, including but not limited to designations of experts, motions to disclose experts, motions to strike or exclude expert testimony, and all responses and replies to such motions and pleadings.

REQUEST FOR PRODUCTION NO. 4: Produce copies of all orders entered in connection with the expert-related motions and pleadings produced by You in response to Request For Production No. 3.

REQUEST FOR PRODUCTION NO. 5: Produce copies of all motions for summary judgment and all responses and replies to such motions filed in the Cases identified in Your response to Request for Production No. 1.

REQUEST FOR PRODUCTION NO. 6: Produce copies of all orders entered in connection with the motions for summary judgment produced by You in response to Request For Production No. 5.

REQUEST FOR PRODUCTION NO. 7: Provide a list of all current hearing and trial settings in the Cases identified in Your response to Request For Production No. 1.

REQUEST FOR PRODUCTION NO. 8: Produce copies of all scheduling orders filed in the Cases identified in Your response to Request For Production No. 1.

REQUEST FOR PRODUCTION NO. 9: Produce copies of all settlement agreements executed in connection with the Matters, representations, and Cases identified in Your response to Request For Production No. 1.

REQUEST FOR PRODUCTION NO. 10: Provide any accountings of all proceeds and compensation paid to, or which became due to, the Debtor from April 9, 2022, through the date of your response, with reference to the associated Matters, representations, and Cases identified in Your response to Request For Production No. 1.

REQUEST FOR PRODUCTION NO. 11: Provide an accounting of all projected future proceeds and compensation to be paid to, or due to, the Debtor in connection with the Matters, representations, and Cases identified in Your response to Request For Production No. 1.

REQUEST FOR PRODUCTION NO. 12: Produce copies of all public statements made by the Handling Firm in connection with the Debtor or the Matters, representations, and Cases identified in Your response to Request For Production No. 1.

REQUEST FOR PRODUCTION NO. 13: Produce all communications between the Debtor and the Handling Firm from April 9, 2022, through the date of your response concerning the value of property damage/insurance claim Cases.

REQUEST FOR PRODUCTION NO. 14: Produce all communications between the Debtor and the Handling Firm from April 9, 2022, through the date of your response concerning the value of mass tort claim Cases.

REQUEST FOR PRODUCTION NO. 15: Produce any and all documents containing any opinion regarding the value of the Matters, representations, and Cases identified in Your response to Request For Production No. 1.

REQUEST FOR PRODUCTION NO. 16: Produce copies of all engagement agreements between the Debtor and clients of the Handling Firm executed from April 9, 2022 through the date of your response, including but not limited to engagement agreements executed after the Petition Date.

REQUEST FOR PRODUCTION NO. 17: Produce all lists of all active Cases in which the Debtor has a contingency fee interest.

REQUEST FOR PRODUCTION NO. 18: From April 9, 2024, through the date of your response to this Request, produce all Communications between yourself and the Debtor related to or pertaining in any way to any Matter or Case.

REQUEST FOR PRODUCTION NO. 19: From April 9, 2024, through the date of your response to this Request, produce all Documents reflecting any and all payments you have made to the Debtor on account of any Matter or Case.

REQUEST FOR PRODUCTION NO. 20: From April 9, 2024, through the date of your response to this Request, produce all documents which in any way relate or pertain to any new Matter or Case generated by the Debtor and sent to you to serve as Handling Firm.

REQUEST FOR PRODUCTION NO. 21: From April 9, 2024, through the date of your response to this Request, produce all documents which reflect the services provided to you by the Debtor on account of any of the Matters or Cases.