UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MMA LAW FIRM, PLLC | § § | CASE NO. 24-31596 |
| DEBTOR | § § | |
| MMA LAW FIRM, PLLC | § § | ADVERSARY CASE NO. |
| Plaintiff | § § | |
| v. | § § | |
| BROUSSARD INJURY LAWYERS, LLC | § § | |
| Defendant | § § | |

## COMPLAINT

MMA Law Firm, PLLC Plaintiff and/or Debtor, files this Complaint against Broussard Injury Lawyers, LLC, pursuant to FED. R. BANKR. P. 7001(1) and (7), requesting actual and punitive damages, equitable relief, and respectfully shows the Court as follows:

## JURISDICTION, VENUE AND PARTIES

1.  This is an adversary proceeding brought by the Debtor seeking a declaratory judgment regarding the determination of property of the bankruptcy estate, turnover of estate property, and violation of the automatic stay.

2.  This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4.  Venue is proper in the Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), pursuant to 28 U.S.C. § 1409.

5.      MMA Law Firm, PLLC is the Debtor in Case No. 24-31596 pending in the Southern District of Texas and can be served through its undersigned proposed counsel.

6.      Broussard Injury Lawyers, LLC can be served with this Complaint through its registered agent Aaron Broussard at 1301 Common Street, Lake Charles, LA 70601.

7.      MMA Law Firm, PLLC (the, **"Debtor"**) hereby states that it consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT FACTS

### RELEVANT BACKGROUND FACTS

8.      MMA Law Firm, PLLC (**"Debtor"**) is a litigation firm based in Texas.

9.      The Debtor represented thousands of storm victims with property damage claims against their insurance companies following Hurricanes Laura, Delta, Zeta, and Ida (**"MMA Clients"**).

10.     The Debtor entered into contingency fee contracts with the MMA Clients, entitling the firm to contingency fees and reimbursement of expenses (**"Contingency Fee Contracts"**).

11.     The Debtor prosecuted claims and filed thousands of lawsuits on behalf of the MMA Clients pursuant to the Contingency Fee Contracts (**"MMA Cases"**).

### ORDERS ENTERED BY LOUISIANA DISTRICT COURT JUDGES

12.     On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with the Debtor for ninety days (**"Suspension Order"**).

13.     Pursuant to the Suspension Order, the Debtor was ordered, among other things, to notify the MMA Clients of the suspension and that they had the option of either retaining new counsel or remaining with the Debtor.

### BROUSSARD INJURY LAWYERS, LLC

14.     Following the entry of the Suspension Order, Broussard Injury Lawyers, LLC (**"BIL"**) took

over representation of former MMA Clients on a contingency fee basis (collectively referred to as the **"BIL/Debtor Cases"**), including the following clients[1]:

| MMA Client | Defendant | Case No. | Lawsuit filed by MMA |
|---|---|---|---|
| Evella Broussard | American Summit Insurance Company | 6:21-cv-02260 | Yes |
| Dorothy Collor | Allstate Vehicle & Property Insurance Company | 3:22-cv-00745 | Yes |
| Velma Frazier | Geico | 2:22-cv-04451 | Yes |
| Johnny Garrison | American Security Insurance Company | 2:22-cv-05154 | Yes |
| Cynthia Hafford | Dover Bay Specialty Insurance Company (State Farm) | 1:22-cv-03749 | Yes |
| Tammy Leblanc | Allstate Indemnity Company | 3:22-cv-00989 | Yes |
| Erotica Luckett | American Bankers Insurance Company of Florida | 1:22-cv-04439 | Yes |
| Elizabeth Manning | USAA General Indemnity Company | 3:22-cv-00976 | Yes |
| Joseph Perrone | State Farm Fire and Casualty Company | 3:22-cv-00776 | Yes |
| Lakeisha Simien | Allstate Insurance Company | 2:22-cv-04424 | Yes |
| Martin Wallace | Shelter Insurance Company | 1:21-cv-02258 | Yes |
| Yvonne Zeigler - Stewart | American Bankers Insurance Company of Florida | 1:22-cv-04415 | Yes |

---

[1] The Debtor believes that there may be more cases that the Defendant is handling and is continuing its investigation.

15. In all the BIL/Debtor Cases, the Debtor: 1) filed lawsuits on behalf of the MMA clients; 2) and incurred expenses in these cases.

16. BIL settled the BIL/Debtor cases, resulting in attorney's fees and costs that have benefited BIL, but no funds have been transferred to the Debtor.

**CHAPTER 11 BANKRUPTCY FILED AND NOTICE PROVIDED**

17. On April 9, 2024, the Debtor filed a Chapter 11 bankruptcy petition.

18. The Debtor' bankruptcy schedules did not disclose claims against its former clients, nor did it assert claims for additional attorney fees to be paid by former clients. Instead, the Debtor disclosed claims directly against BIL.[2]

19. On May 2, 2024, the Debtor provided notice of the bankruptcy filing to BIL via email to myles@broussardfirm.com and info@broussardfirm.com (**"BK Notice Emails"**).[3]

20. On October 18, 2024, the Debtor and BIL entered into a Stipulation, which provided that BIL could continue prosecuting the BIL/Debtor Cases, and that BIL would hold all attorney's fees in trust until a final determination regarding the Debtor's entitlement to fees and costs (**"Stipulation"**).[4]

21. The Stipulation included a list of former MMA Cases now represented by BIL, which includes the BIL/Debtor Cases identified above.

22. As of the date of this filing, BIL has not transferred any funds to the Debtor as outlined in the Stipulation.

**CAUSE OF ACTION #1 – DECLARATORY JUDGMENT**

23. The Debtor incorporates Paragraphs 8 through 22 into Cause of Action #1.

24. Under Louisiana law, when two attorneys provide legal services to the same client on a contingency-fee basis and one attorney is discharged before resolution, the client is obligated to pay

---

[2] Exhibit 1: Schedule B
[3] Exhibit 2: Debtor's Notice to BIL
[4] Exhibit 3: Stipulation

only one contingency fee. The Court allocates the fee between the attorneys. *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 at 108 (La. 1979).

25. The seminal decision of *Suacier* mandates the allocation of attorney's fees for a discharged attorney who had been retained pursuant to a contingency fee contract. The *Suacier Court* determined that the fee should be apportioned based on the services each attorney provided, considering factors outlined in Rule 1.5(a) of the LOUISIANA RULES OF PROFESSIONAL CONDUCT. These factors include: 1) the time and labor required; 2) novelty and difficulty of questions involved; 3) skill required to perform legal services; 4) the amount involved and the results obtained; and 5) nature and length of the professional relationship with the client. *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La. 1979).

26. This ensures a reasonable division of fees based on each attorney's contributions. If the first attorney was not discharged for cause, this analysis concludes the determination. However, if discharged for cause, the court must assess the nature and gravity of the discharge to determine if the discharged attorney is entitled to any fees. *O'Rourke v. Cairns,* 683 So. 2d 697, 702 (La. 1996).

27. The Debtor asserts an entitlement to an apportionment of fees and costs in the BIL/Debtor Cases pursuant to Saucier (the **"Fees and Costs"**).

28. The Debtor seeks a declaratory judgment affirming the Debtor's interest in the Fees and Costs pursuant to Saucier are property of the bankruptcy estate.

29. When considering a declaratory judgment action, the Court must engage in a three-step inquiry: (1) whether an "actual controversy" exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether "to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

30. An actual controversy exists between the Debtor and BIL regarding the Debtor's interest in the

Fees and Costs as evidenced by the entry of the Stipulation and BIL's failure to turnover any funds to the Debtor.

31. Here, the Debtor was not discharged for cause, however even if the Court were to determine that it was, the Debtor is still entitled to an apportionment of fees and costs collected or to be collected under the reasonableness factors described above in *Saucier*. Therefore, a live controversy exists between the Debtor and BIL regarding the Saucier Claims.

32. The Bankruptcy Court has authority to grant relief, and the Debtor respectfully requests that the Bankruptcy Court exercise its broad discretion to determine this declaratory judgment action. A bankruptcy court's jurisdiction is governed by 28 U.S.C. § 1334. District courts, and therefore bankruptcy courts, have exclusive jurisdiction over "all cases under title 11," including jurisdiction over "all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e); *In re TMT Procurement Corp.,* 764 F.3d 512, 523 (5th Cir. 2014).

**CAUSE OF ACTION #2: TURNOVER OF PROPERTY OF THE ESTATE**

33. The Debtor incorporates Paragraphs 8 through 22 into Cause of Action No. 2.

34. Pursuant to Section 541(a)(1) of the Bankruptcy Code, "property of the estate" encompasses "all legal and equitable interest of the debtor in property as of the commencement of the case". 11 U.S.C. §541.

35. Section 542(a) mandates that an entity possessing property of the estate must deliver and account for such property, or its equivalent value, to the bankruptcy estate. 11 U.S.C. § 542.

36. The Debtor is aware of at least 12 MMA Cases that BIL acquired an interest in following the Suspension Order (**"BIL/Debtor Cases"**).

37. The Debtor's interest in properly apportioned fees/costs in each of the BIL/Debtor Cases is property of the estate which BIL received and has failed to turnover to the Debtor, despite demands. The Debtor asserts that it is entitled to fee apportionment in the BIL/Debtor Cases pursuant to the *Saucier Test,*

which provides for fair fee apportionment between a discharged attorney and a current attorney, based on factors such as time, labor, skill, amount involved, results obtained, and the length of the professional relationship. *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La. 1979).

38. The Debtor respectfully requests that the Court issue an order compelling BIL to provide a comprehensive accounting of all funds received in connection with the BIL/Debtor Cases to determine the estate's interest in those funds (determination of appropriate fees/costs of the Debtor and/or the proper apportionment of the collected fees/costs), and to order the Defendant to immediately deliver all estate property to the Debtor.

39. The Debtor also requests an order directing the turnover of the properly apportioned fees and costs associated with the BIL/Debtor Cases.

**CAUSE OF ACTION NO. 3: VIOLATION OF THE AUTOMATIC STAY**

40. The Debtor incorporates Paragraphs 8 through 22 into Cause of Action No. 3.

41. The Debtor asserts that BIL violated 11 U.S.C. § 362(a)(3) of the Bankruptcy Code.

42. Pursuant to 11 U.S.C §362(a)(3), any acts to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate is stayed.

43. The Debtor entered into contingent fee agreements with the BIL/Debtor clients and performed work in these cases, having filed lawsuits and incurred necessary expenses, including expert fees and filing fees. As a result, the Debtor is entitled to fee apportionment and reimbursement of expenses from BIL per the factors described in Paragraphs 26 through 29 and incorporated herein.

44. A portion of the fees collected by BIL were earned by the Debtor prior to its Chapter 11 filing on April 9, 2024. Although BIL finalized settlements in the BIL/Debtor Cases, none of these funds have been paid to the Debtor pursuant to *Saucier*.

45. Section 541(a) of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. §

541(a)(1). Therefore, the Debtor's interest in the Saucier Claims properly apportioned fees/costs pursuant to *Saucier* constitute property of the estate.

46. On May 2, 2024, the Debtor sent an email notifying BIL of the Debtor's bankruptcy.

47. Post-petition, after having received notice of the Debtor's Chapter 11 Case, BIL obtained possession of property of the estate and exercised control over this property.

48. BIL's conduct was both intentional and willful, as they were financially motivated to secure the unportioned fees/costs to the exclusion of the Debtor.

49. In order to sustain an action for violation of Section 362, the Debtor must assert that: 1) a property interest in invoked; 2) the property interest is property of the estate; and 3) there occurred an act to obtain possession of the estate property or there existed an act to exercise control over estate property. 11 U.S.C. §362(a)(3).

50. In this case: 1) The Debtor holds an interest in the Fees and Costs and the properly apportioned fees/costs resulting from those claims; 2) these funds are property of the estate; and 3) BIL has obtained and continued to exercise control over this property, failing to turn it over to the Debtor.

51. Furthermore, BIL, is a law firm, and should be held to a higher standard regarding compliance with the automatic stay.

52. Pursuant to Section 362(k), the Debtor is entitled to recover actual damages, including costs and attorney's fees, from BIL for its intentional and willful violations of Section 362 of the Bankruptcy Code. The Debtor incurred attorney's fees and costs in filing this adversary proceeding, including the payment of filing fees.

53. Although Section 362(k) provides for recovery for individuals, courts in this district have employed their civil contempt powers under section 105(a) to address automatic stay violations, including damages, fees and punitive damages, when the plaintiff is not an individual. *Sanchez v.*

*Ameriquest Mort. Co. ( In re Sanchez)*, 375 B.R. 289, 309 (Bankr. S.D. Tex. 2007).

54.   BIL's intentional violation of the automatic stay warrants the Court's intervention to determine the violation and utilize its equitable powers under Section 105(a) to enforce Section 362, and awarding appropriate damages and fees for violations.

55.   The Court also possesses the authority under Section 105(a) to impose sanctions for civil contempt or as part of its equitable powers. As noted by the Fifth Circuit, "Judicial sanctions in civil contempt proceedings may, in proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Sanchez v. Ameriquest Mort. Co. (In re Sanchez)*, 375 B.R. 289, 309 (Bankr. S.D. Tex. 2007) (citing *American Airlines Inc. v. Allied Pilots Ass'n*, 228 F. 3d 574, 585 (5th Cir. 2000).

56.   "The automatic stay is a self-executing injunction, and therefore for contempt purposes it constitutes an order of the bankruptcy court." *Sanchez v. Ameriquest Mort. Co. ( In re Sanchez),* 375 B.R. 289, 309 (Bankr. S.D. Tex. 2007)

57.   Consequently, the Debtor seeks actual damages and sanctions against BIL for its intentional violations of the automatic stay.

   **WHEREFORE**, Plaintiff requests the Court to grant its declaration requests, determine to identified assets are property of the estate, to order the delivery of the estate funds as requested, to determine that Defendant willfully and intentionally violated the automatic stay, awarding appropriate actual and punitive damages and attorney fees, and such other and further relief, at law or in equity, to which the Plaintiff shows itself entitled.

Dated: <u>January 28, 2025.</u>

                                              Respectfully submitted,

                                              By: <u>/s/ *Miriam T. Goott*</u>
                                              Miriam T. Goott
                                              attorney-in-charge
                                              SBN 24048846
                                              COUNSEL FOR THE PLAINTIFF

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
miriamgoott@yahoo.com
713.956.5577 (telephone)
713.956.5570 (fax)