IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC § | |
| § | CHAPTER 7 |
| Debtor § | |

### DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 47
### FILED BY CRISTOBAL M. GALINDO, P.C.

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**COMES NOW,** MMA Law Firm, PLLC and files this Objection to Proof of Claim No. 47 filed by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Trial Attorneys (**"Galindo"**), and would show this Court the following:

**RELEVANT PRE-PETITION FACTS**

1.  MMA Law Firm, PLLC ("**Debtor**") is a litigation firm based in Texas.

2.  The Debtor represented thousands of storm victims with property damage claims against their insurance companies following Hurricanes Laura, Delta, Zeta, and Ida.

3.  In 2021 and 2022, Galindo referred thousands of cases that it could not handle to MMA (**"Clients"**).

4.  The Debtor and Galindo entered into contingency fee contracts with the Clients, with the clients agreeing to pay Galindo 50% of the fee (**"MMA/Galindo Cases"**).

5.      Throughout the course of representing the Clients in the MMA/Galindo Cases, MMA performed all of the legal work in the MMA/Galindo Cases, while Galindo did not perform any legal services for these Clients.

6.      On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with the Debtor for ninety days (**"Suspension Order"**).

7.      Pursuant to the Suspension Order, the Debtor was ordered, among other things, to notify its clients of the suspension and inform them that they had the option of either retaining new counsel or remaining with the Debtor.

8.      After the entry of the Suspension Order, multiple other law firms acquired the vast majority of MMA/Galindo Cases.

**PROOF CLAIM FILED BY GALINDO**

9.      On April 9, 2024, the Debtor filed its Chapter 11 bankruptcy case.

10.     On August 13, 2024, Galindo filed a secured proof of claim (Claim No. 47) (**"POC"**) (Exhibit A).

11.     Initially, Galindo contends that if MMA received funds under their alleged "fee-sharing" agreement, such funds would not be property of the bankruptcy estate.  Galindo then argues that it has filed a secured POC as a precaution, asserting that if the funds are estate property, Galindo has a secured claim.

12.     Galindo further asserts that if the Debtor received funds and is no longer in possession of those funds, it has a claim based on theories such as conversion, bailment, constructive trust, and unjust enrichment.

13. Galindo summarizes the basis of his claims against the Debtor to include 1) "potential" security interest; 2) breach of contract; and 3) other state law claims.

14. Notably, Galindo fails to provide any documents supporting the asserted secured claim or indicating a perfection of a security interest, or support for any other legal theories raised in the POC.

15. Finally, Galindo claims that the alleged agreement with the Debtor "may also be considered an executory contract, not yet breached".

**PROPERTY OF THE ESTATE**

16. Galindo asserts that the fees allegedly owed to it are not property of the bankruptcy estate pursuant to a "fee sharing agreement". However, no such agreement is attached to the POC.

17. The Debtor objects to any determination of property of the estate in the claims process, as an adversary proceeding must be filed to resolve such issues. Rule 7001 of the Federal Rules of Bankruptcy Procedure specifically requires an adversary proceeding to determine the validity, priority, or extent of a lien or other interest in property.  This means that any dispute over whether an asset belongs to the bankruptcy estate must be resolved through an adversary proceeding.

**SECURED PROOF OF CLAIM AND BANKRUPTCY RULE 3001(D)**

18. Pursuant to Bankruptcy Rule 3001(d), if a creditor claims a security interest in the debtor's property, the proof of claim must be accompanied by evidence that the security interest has been perfected.

19. Galindo asserts a secured claim regarding the funds at issue, but has failed to attach proof of a security interest as required by Bankruptcy Rule 3001(d).

**11 U.S.C. §502(b)(1)**

20.     Galindo further asserts that if MMA received fees under the alleged fee-sharing and no longer possessed them, Galindo asserts that it has a claim based on various theories including conversion, bailment, constructive trust, and/or unjust enrichment.

21.     Pursuant to 11 U.S.C. § 502(b)(1), a bankruptcy court may disallow a claim if the claim is unenforceable against a Debtor under any agreement or applicable law.

22.     Galindo has failed to provide any supporting documentation to show that its claim is enforceable against the Debtor pursuant to any agreement.

23.     Instead, Galindo asserts that it is entitled to attorney's fees based on the agreements the Debtor and Galindo entered into with their clients in the MMA/Galindo Cases.  However, such claims are unenforceable against the Debtor under any agreement or applicable law as Galindo did not perform any legal work in these cases and is therefore not entitled to fees under its alleged theories of recovery, including conversion, bailment, constructive trust, and unjust enrichment.

24.     Furthermore, the alleged agreement Galindo refers to is between Galindo and its former clients, not between Galindo and the Debtor.

**RELIEF REQUESTED**

For the reasons stated above, the Debtor respectfully request that the Court disallow Claim No. 47 filed by Galindo. See attached Declaration (Exhibit B).

Dated: February 5, 2025

                                    Respectfully submitted,

                                  By: */s/ Miriam T. Goott*
                                       Miriam T. Goott
                                       SBN 24048846
                                       Walker & Patterson, P.C.
                                       P.O. Box 61301
                                       Houston, TX 77208
                                       (713) 956-5577 (telephone)
                                       mgoott@walkerandpatterson.com
                                       COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that on February 5, 2025, I served a copy of this Claim Objection on counsel for Galindo via email.

                                               */s/ Miriam T. Goott*
                                             Miriam T. Goott