United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § | Chapter 11 |
| MMA Law Firm, PLLC | § § | Case No. 24-31596 |
| DEBTOR | § § § | |

## ORDER TO MEDIATE

It is

**ORDERED** that Sylvia Mayer is appointed as a mediator in this case (the, "Mediator"), and it is further

**ORDERED** that the Mediator and the participants (Laborde Earles LLC and the Debtor) are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties during the mediation. No person may rely on or introduce as evidence in any arbitral, judicial, or other proceeding, evidence pertaining to any aspect of the mediation effort including, but not limited to: a) views expressed or suggestions made by a party with respect to a possible settlement of the dispute; b) the fact that another party had or had not indicated willingness to accept a proposal for settlement by the mediator; c) proposals made or views expressed by the mediator; d) statements or admissions made by a party in the course of the mediation; and e) documents prepared for the purpose of, in the course of, or pursuant to the mediation. Without limiting the foregoing, the parties are bound by (i) Fed. R. Evid. 408, and (ii) any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediations, or other alternative dispute resolutions procedures. Information otherwise discoverable or admissible in evidence does not become exempt from

discovery, or inadmissible in evidence, merely by being used by a party in the mediation, and it is further

**ORDERED** that the Mediator may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications or other documents received or made by the Mediator while serving in such capacity. The Mediator may not testify or be compelled to testify regarding the mediation in any proceeding. The Mediator will not be a necessary party in any proceedings relating to the mediation. Nothing contained in this paragraph prevents the Mediator from reporting (i) the status, but not the substance, of the mediation effort to the Court; or (ii) whether a party failed to participate in good faith in the mediation, and it is further

**ORDERED** that the parties, the Mediator and all mediation participants shall protect proprietary information disclosed during the mediation. The disclosure by a party of privileged information to the Mediator does not waive or otherwise adversely affect the privileged nature of the information. No party may be served with a summons, subpoena, notice or other pleading during the mediation or at the location where the mediation is occurring, and it is further

**ORDERED** that Laborde Earles and the Debtor shall each bring a representative with full settlement authority to the mediation and the mediation will be conducted in person, and it is further

**ORDERED** that the scope, time and procedures for the mediation will be determined by the Mediator, following such consultation with the Parties as she deems appropriate and the location will be at the offices of Porter Hedges LLP, 1000 Main Street, 36th Floor, Houston, Texas.

**ORDERED** that the Debtor and Laborde Earles are to promptly pay its allocated cost of the Mediator.

Signed: April 15, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge