IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | CASE NO. 24-31596-H3 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**JAYNE MOSELEY'S EMERGNCY MOTION FOR ENTRY OF ORDER CONFIRMING THE ABSENCE OR INAPPLICABILITY OF STAY**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Comes now, Jayne Moseley's (hereinafter "Movant") and files this *Motion for Entry of Order Confirming the Absence or Inapplicability of Stay* (hereinafter the "Motion"), and would respectfully show the Court as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding. Venue is proper pursuant to 28 U.S.C. § 1408.

## FACTUAL BACKGROUND

2. This Motion is regarding the divorce case pending in state court under case number: 2023-44970.

3. On July 19, 2023, Movant filed a petition for divorce in the 245th district court.

4. On April 14, 2025, John Zachary Moseley filed a motion with the state court requesting a stay of the divorce proceedings.

5. The Judge of the 245th district court has requested an Order from this Court to move forward with the divorce case.

6. The divorce case is set for trial on June 9, 2025.

## RELIEF REQUESTED

*Order Confirming Absence or Inapplicability of Stay*

7. This motion seeks relief solely to allow the state court to issue judgments and orders concerning (i) child custody, (ii) support; and (iii) the division of exempt property.

8. Movant avers that there is no stay as to the divorce. This precept is well established, although the analysis usually distinguishes among debtor and non-debtor defendants in litigation. See Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir. 1991) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis."); Seiko Epson Corp. v. Nu-Kote Int'l, Inc., 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus with the debtor.'") (quoting Maritime Elec Co., 959 F.2d at 1205); Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp., 797

F.2d 227, 230 n.4 (5th Cir. 1986) ("The well-established rule is that an automatic stay of judicial proceedings against one defendant does not apply to proceedings against co-defendants."). The same principle would appear to apply here, where the debtor is a co-plaintiff with non-debtor parties.

9. Accordingly, because John Zachary Moseley in not a debtor, the divorce is not subject to the automatic stay under 11 U.S.C. § 362(a).

10. Accordingly, the filing of this case did not operate as an automatic stay and is inapplicable to Movant's divorce.

11. Therefore, Movant respectfully requests that the Court enter an order confirming the absence or inapplicability of stay to allow the state court to issue judgments and orders concerning (i) child custody, (ii) support; and (iii) the division of exempt property.

## EMERGENCY RELIEF REQUESTED

12. The divorce case is set for trial on June 9, 2025, and the 245th district judge requires an order from this Court, or the divorce proceeding will be dismissed.

### Attempts to Confer with Debtor

13. Movant certifies that prior to filing this motion the Movant's attorney attempted to confer with MMA's attorneys by e-mails on April 30, 2025. Also, Movant's attorney attempted to confer with Movant's spouse. As of the filing of this Motion, no agreement has been reached.

**WHEREFORE**, Movant prays that the Court grant the relief requested herein and grant Movant any other relief the Court deems just and appropriate.

Respectfully submitted,

**TRAN SINGH LLP**

*/s/ Brendon Singh*
Susan Tran Adams | TBN: 24075648
Brendon Singh | TBN: 24075646
Mayur M. Patel | TBN: 24043863
2502 La Branch Street
Houston TX 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: bsingh@ts-llp.com
*Attorneys for Movant*

### CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2025, all the following parties attached on creditor matrix were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, or electronic notice via CM/ECF.

*/s/ Brendon Singh*
Brendon Singh