IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | CHAPTER 7 |
| Debtor | § | |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM #45
FILED BY KATHERINE MONSON, INDIVIDUALLY AND FOR ALL SIMILARLY
SITUATED IN PLAINTIFF CASE**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**COMES NOW,** MMA Law Firm, PLLC and files this Objection to Proof of Claim No. 45 filed by Katherine Monson, Individually and for all Similarly Situated in Plaintiff Case, and would show this Court the following:

**RELEVANT PRE-PETITION FACTS**

1. MMA Law Firm, PLLC (the "**Debtor**") is a litigation law firm based in Texas.

2. After hurricanes Laura, Delta and Ida, the Debtor represented thousands of storm victims with property-damage claims against their insurance companies.

3. In March 2023, a Louisiana district court suspended the law license of the Debtor's former attorneys in Louisiana.

**MATTHEW AND KATHERINE MONSON**

4. Matthew Monson, a Louisiana insurance defense attorney, has spoken publicly and at industry events about the practices of law firms, including the Debtor. His engagement has included constant social media commentary, bar complaints, and participation in legal panels about MMA.

5. In one advertisement for a conference, Monson was listed as the speaker for a session titled "Litigation Harvesting: How MMA Went Away." The promotional material stated that "Based on the complaints filed by Matthew Monson, the entire law firm was banned from practice in the Federal Western District of Louisiana."

6. Around the same time that Mr. Monson had filed a bar complaint against the attorneys at MMA, a class action lawsuit was filed by Mr. Monson's spouse, Katherine Monson, in the Southern District of Texas (Case No. 4:23-cv-00928), seeking damages in excess of $5 million under Texas Government Code § 82.0651 (the **"Class Action"**) *(Exhibit A)*.

7. Numerous paragraphs contained in Katherine Monson's Complaint in the Class Action are identical to the language contained in a bar complaint filed by Mr. Monson, raising further questions about the true motivation behind the bar complaints filed and social media posts.

8. In the Class Action, Katherine Monson alleges that on July 17, 2022, she received an unsolicited text message from an unfamiliar number. She claims she was confused by the message and followed a link where she then submitted information regarding hurricane damage, allegedly leading to contact with the Debtor.

9. The Class Action is primarily based on this interaction and other communications that allegedly followed, asserting that it constituted unlawful solicitation under Texas Government

Code § 82.0651.

10.     However, statements attributed to the Monsons in a 2023 news article appear to contradict Katherine Monson's claim of confusion. The article reports that the Monsons "decided to click the links in the texts to see if MMA was involved," and that "because of what he [Matthew Monson] had seen while reviewing insurance filings, he was already on guard about MMA when his wife received the first text at 7 a.m. on a Sunday last July".

### DEVELOPMENTS IN THE CLASS ACTION

11.     On January 27, 2025, the District Court in the Class Action entered an Order Staying the Class Action, noting that an impending Texas Supreme Court decision in *Pohl v. Cheatham*, No. 23-0045 (Tex. Jan. 19, 2023), could materially affect Katherine Monson's claims (**"Stay Order"**) *(Exhibit B)*.

12.     Pursuant to the Stay Order, the District Court ordered all parties to submit letter briefs within 14 days after the *Pohl* decision regarding its impact on the Class Action.

13.     On May 9, 2025, *Pohl v. Cheatham* was decided, ruling that a plaintiff's claims were barred as impermissibly extraterritorial.

14.     All parties, except Katherine Monson, complied with the Stay Order and timely filed letter briefs stating their position on *Pohl*.

15.     On May 27, 2025, the District Court lifted the stay and ordered Katherine Monson to show cause by June 6, 2025, why *Pohl* did not conclusively defeat her claims under Tex. Gov't Code Ann. § 82.0651(c) (**"Show Cause Order"**). *(Exhibit C)*.

16.     In the Show Cause Order, the District Court found it *"telling"* that Ms. Monson was the only active party failing to comply with the Court's Stay Order.

17.     On June 6, 2025, Katherine Monson filed a pleading titled "Plaintiffs Opposition to Order Lifting Stay," which failed to address the Show Cause Order and did not explain whether *Pohl* impacted the claims in the Class Action. Instead, she requested more time based on a "potential rehearing" of *Pohl*. *(Exhibit D)*

18.     Ms. Monson appears to have conceded that the decision in *Pohl* defeats her claims, as she failed to address the substance of the decision despite being ordered by the Court to do so on two separate occasions.

**PROOF CLAIM FILED BY KATHERINE MONSON**

19.     On April 9, 2024, the Debtor filed its Chapter 11 bankruptcy case.

20.     On August 13, 2024, Katherine Monson filed an unsecured proof of claim (Claim No. 45) seeking in excess of $5,000,000.00, apparently on behalf of herself and each member of the plaintiff class. (**"POC"**) *(Exhibit E)*.

21.     The basis of the POC asserts that it is for unlawful barratry and solicitation under TX GOV § 82.065, mirroring the Class Action claim.

22.     Katherine Monson failed to attach any supporting documentation to the POC.

## LEGAL ARGUMENTS

**11 U.S.C. §502(b)(1)**

23.     Pursuant to 11 U.S.C. § 502(b)(1), a bankruptcy court may disallow a claim if the claim is unenforceable against a Debtor under any agreement or applicable law. 11 U.S.C. §502.

24.     Katherine Monson has failed to provide any supporting documentation to show that her claim is enforceable against the Debtor pursuant to any agreement.

25.     More significantly, as discussed above, the Texas Supreme Court's ruling in *Pohl* is

dispositive, barring her claim under Tex. Gov't Code Ann. § 82.0651(c).

**CLASS ACTION PROOF OF CLAIM**

26. Under Federal Rule of Bankruptcy Procedure 3002, creditors in bankruptcy are permitted to file proofs of claim to establish debts owed by the debtor. FED.R.BANKR.P. 3002

27. When a proof of claim is challenged, it becomes a "contested matter" under Fed. R. Bankr. P. 90014. As explained in the Advisory Committee Note to Rule 9014, a contested matter exists "whenever there is an actual dispute, other than an adversary proceeding," requiring formal resolution.

28. Federal Rule of Civil Procedure 23 governs class action lawsuits. FED.R.CIV.P. 23

29. While Rule 23 is incorporated automatically in adversary proceedings, it does not necessarily apply to class proofs of claim. *W. Wilmington Oil Field v. Nabors Corp. Servs.* (In re CJ Holding Co.), 27 F.4th 1105 (5th Cir. 2022) (citing *In re TWL Corp.,* 712 F.3d 886, 893 (5th Cir. 2013).

30. Notably, the Fifth Circuit has not expressly resolved whether class proofs of claim are even permissible in a bankruptcy proceeding. *Id.*

31. Under Rule 9014, which governs contested matters, only certain procedural rules automatically apply. Rule 7023, which incorporates Rule 23 into bankruptcy cases, is not one of those included by default. FED. R. BANKR. P. 9014.

32. Nevertheless, Rule 9014 grants bankruptcy courts the authority to apply additional procedural rules, including Rule 7023, on a discretionary basis. Specifically, the rule allows a court to "direct that one or more of the other rules in Part VII shall apply" at any point in the matter. FED. R. BANKR. P. 9014.

33. As a result, the use of Rule 23 in the context of contested matters, such as objections to

class proofs of claim, entails a two-step analysis:

> a. The bankruptcy court must first decide, in its discretion, whether Rule 23 should be applied; and
>
> b. If Rule 23 is permitted, the court then determines whether the class meets the criteria for certification.
>
> See *In re TWL Corp.,* 712 F.3d 886 (5th Cir. 2013)

34. Courts evaluating whether to apply Rule 23 in these circumstances may consider several key factors, including: (a) whether the class had been certified before the bankruptcy filing; (b) whether the members of the putative class received timely notice of the bar date; and (c) whether class certification will adversely affect the administration of the case. See *In re TWL Corp.,* 712 F.3d 886 (5th Cir. 2013*)*

35. Additionally, courts may weigh the comparative benefits and burdens of class action treatment on the estate. *Id. (*citing *In re Computer Learning Ctrs., Inc.,* 344 B.R. 79, 86 (Bankr.E.D.Va.2006).

36. In summary, to pursue a class proof of claim properly, a putative class representative must submit a motion under Bankruptcy Rule 9014 both requesting application of Rule 23 and seeking appointment as the class representative.

37. Katherine Monson failed to take either procedural step as she neither moved the Bankruptcy Court to apply Rule 23 nor filed the necessary motion requesting class representative status. Accordingly, her attempted class proof of claim is procedurally improper and must be disallowed.

**SUMMARY AND RELIEF REQUESTED**

For the foregoing reasons, the Debtor respectfully requests that the Court disallow Proof of Claim No. 45 filed by Katherine Monson, Individually and on behalf of a putative class. The claim is factually and legally deficient, procedurally improper, and barred by applicable law. Specifically, the claim lacks supporting documentation, is premised on allegations already that fail under Tex. Gov't Code § 82.0651(c) in light of the Texas Supreme Court's ruling in *Pohl v. Cheatham*.

Further, the proof of claim attempts to assert class-wide relief without seeking the Bankruptcy Court's permission to apply Federal Rule of Civil Procedure 23, as required under Fed. R. Bankr. P. 9014. Because Ms. Monson has not moved for class certification nor sought appointment as a class representative, her claim cannot proceed as a class claim. A declaration by Mr. Moseley, the Debtor's representative, supporting this objection and factual assertions is attached as Exhibit F.

Accordingly, the Debtor requests that Proof of Claim No. 45 be disallowed in its entirety, and for such other and further relief as the Court deems just and proper.

Dated: June 18, 2025

                                                  Respectfully submitted,

                                          By: */s/ Miriam T. Goott*
                                                    Miriam T. Goott
                                                    SBN 24048846
                                                    Walker & Patterson, P.C.
                                                    P.O. Box 61301
                                                    Houston, TX 77208
                                                    (713) 956-5577 (telephone)
                                                    mgoott@walkerandpatterson.com
                                                    COUNSEL FOR DEBTOR

## **CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that on June 18, 2025, I served a copy of this Claim Objection on Couhig Partners, LLC, counsel for Katherine Monson, at couhigre@couhigpartners.com via email.

                                             */s/ Miriam T. Goott*
                                             Miriam T. Goott