IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC § | |
| § | CHAPTER 11 |
| Debtor § | |

### DEBTOR'S EMERGENCY MOTION TO EXTEND THE AUTOMATIC STAY TO JOHN ZACHARY MOSELEY PURSUANT TO 11 U.S.C. §362 AND §105

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

**IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:**

**Emergency relief has been requested for June 27, 2025 as EAJF filed a Motion for a Temporary Restraining Order and Injunction on June 26, 2025. Although the Injunction hearing has not been set by the Court, Debtor's counsel has consulted with divorce counsel who anticipates that this hearing will likely occur on Monday, June 30, 2025.**

**COMES NOW,** *MMA Law Firm, PLLC and files this Emergency Motion to Extend the Automatic Stay to John Zachary Moseley Pursuant to 11 U.S.C. §362 and §105,* and would show this Court the following:

I. **SUMMARY OF FACTS AND RELIEF REQUESTED**

EAJF initially sued both the Debtor, MMA Law Firm, PLLC, and its sole owner, John Zachary Moseley, seeking over $30 million in a state court breach of contract action and Mr. Moseley's personal guarantee. From the outset of this bankruptcy, EAJF made clear that its primary objective was removing Mr. Moseley from the helm. It filed a sweeping motion to appoint a Chapter 11 trustee, challenged virtually every step the Debtor took, litigating with a singular purpose: to push Mr. Moseley aside.

After more than a year of intense failed litigation, EAJF agreed to settle with the Debtor. This Court approved a comprehensive 9019 settlement on May 15, 2025, and the order became final on May 29. The Debtor viewed that resolution as a turning point, an opportunity to collaborate, move forward, and focus on maximizing recoveries for the estate. But EAJF had a different plan.

With the ink barely dry on the settlement order, EAJF re-ignited its personal campaign against Mr. Moseley. It set its long-dormant summary judgment motion in the state court case for a hearing, seeking over $36 million in personal liability against him. And just days earlier, it had moved to intervene in his *divorce proceedings*, asking the family court to freeze assets, impose a constructive trust, and block any transfer of funds. Today, EAJF filed an *Application for Temporary Restraining Order and Permanent Injunctive Relief* against Mr. Moseley in his divorce proceeding, without any notice to the Debtor. These actions, if successful, would financially paralyze Mr. Moseley, having a tremendous collateral impact on the Debtor.

This is a coordinated legal strike, not a good-faith enforcement effort. It is an end-run around the Chapter 11 process and a direct threat to the Debtor's ability to reorganize. Mr. Moseley is the Debtor's only principal. He manages every aspect of this case, from adversary proceedings to the proposed plan. Destabilizing his private life destabilizes the Debtor.

These are the exact "unusual circumstances" that warrant extension of the automatic stay. Without Court intervention, EAJF's actions will undermine the very foundation of this Chapter 11 case. Accordingly, the Debtor respectfully asks the Court to extend the stay to Mr. Moseley to protect the Debtor and the reorganization process.

## II.   FACTUAL BACKGROUND

### BACKGROUND

1. MMA Law Firm, PLLC is a Texas litigation firm that filed for Chapter 11 protection on April 9, 2024.

2. Mr. Moseley is the Debtor's sole owner, responsible for overseeing all firm operations and playing a central role in every aspect of the bankruptcy case.

3. Since the Petition Date, the Debtor has initiated 16 adversary proceedings and filed a Chapter 11 plan, all with Mr. Moseley's direct and ongoing involvement.

### EAJF

4. Prior to the bankruptcy filing, on September 1, 2023, EAJF sued both the Debtor and Mr. Moseley in Harris County District Court, seeking over $30 million based on an alleged breach of contract and Mr. Moseley's personal guaranty (**"Breach of Contract Case"**).

5. On March 15, 2024, EAJF filed a *Motion for Summary Judgment* against both the Debtor and Mr. Moseley, but the Debtor's bankruptcy case stayed that proceeding before the hearing could occur.

6. From the outset of this bankruptcy case, EAJF made clear its desire to remove Mr. Moseley from control. It filed a lengthy motion to appoint a Chapter 11 trustee, arguing he was unfit to lead, and litigated virtually every position the Debtor took. That effort culminated in a withdrawal of the trustee motion, with prejudice, in exchange for nothing more than an agreement to discuss settlement. The Debtor made no settlement payment or any concession in return.

7. Weeks later, EAJF and the Debtor reached a comprehensive settlement that resolved nearly every major dispute between them. That settlement was approved by this Court on May 15, 2025, and became a final order on May 29, 2025.

8. The Debtor believed that resolution would allow the parties to collaborate in pursuing recoveries for the benefit of the estate. But almost immediately after the 9019 settlement was approved, EAJF resumed its personal litigation campaign against Mr. Moseley without warning.

**CURRENT MATTERS**

9. On June 23, 2025, EAJF set its long-dormant motion for summary judgment against Mr. Moseley for submission in state court for July 14, 2025 in the Breach of Contract Case. In conjunction with the MSJ, EAJF uploaded a proposed order seeking more than $36 million against Mr. Moseley *(Exhibit A)*.

10. Simultaneously, on June 20, 2025, EAJF filed a motion to intervene in Mr. Moseley's divorce case, asking the family court to impose a constructive trust, freeze assets, and enjoin virtually any transfer of funds. These actions, if successful, would render Mr. Moseley financially paralyzed having a tremendous collateral impact on the Debtor. *(Exhibit B)*

11. EAJF will likely argue that these steps are justified by an alleged $1.9 million transfer Mr. Moseley made to his wife, disclosed in a family court filing. But that supposed transfer, raised by

Mr. Moseley's spouse during contentious divorce proceedings, does not justify reviving a two-year-old breach of contract action in the State Court.

12. EAJF waited until the 9019 Order was entered and final and only then moved to execute a coordinated legal assault on Mr. Moseley's finances and management capacity when he was no longer needed to make a deal.

13. On June 26, 2025, Debtor's counsel communicated with EAJF regarding the relief requested in this motion and they were unable to reach an agreement.

14. Hours after the discussion, EAJF filed a Request for a Temporary Restraining Order and Temporary Injunction against Mr. Moseley and failed to notify the Debtor *(Exhibit C)*.

15. This pattern of conduct reveals the true purpose of EAJF's litigation. It is not about asset preservation, it is about getting rid of Mr. Moseley. EAJF pursued that goal for over a year and is now trying to achieve the same end through personal financial pressure.

16. This is not a good-faith effort to collect. It is a transparent end-run around the settlement and the reorganization process.

17. Further underscoring the bad faith nature of EAJF's conduct is the fact that Mr. Moseley was not the only guarantor of the Debtor's obligations, his former law partner, James McClenney, also signed a guaranty. Yet EAJF chose to sue only Mr. Moseley, revealing a targeted effort to exert personal pressure on Mr. Moseley alone.

### III. LEGAL ARGUMENT

18. Under established Fifth Circuit precedent, the automatic stay may extend to non-debtors in "unusual circumstances." The standard, as set forth in *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987), is satisfied where there is such a close identity between the debtor and a third party that a judgment against the non-debtor would, in effect, be a judgment against the

debtor.

19.     Those "unusual circumstances" are plainly present here as Mr. Moseley is the Debtor's only principal. The Debtor has no other leadership, no board, and no independent management. All restructuring activity, assistance with the 16 pending adversary proceedings, and the and the firm's day-to-day operations depend entirely on him.

20.     Litigation in two separate courts, a judgment and collection efforts against Mr. Moseley will directly affect the Debtor by diverting his time, attention, and resources away from his duties. Worse, they risk forcing him into a Chapter 7, which could have a direct effect on this Chapter 11 case. A judgment against Mr. Moseley would have the same effect of a judgment being entered against MMA in every practical sense.

## IV. CONCLUSION

21.     The Debtor's reorganization depends on Mr. Moseley's continued ability to manage the firm, litigate adversary proceedings, and guide the Chapter 11 process to conclusion. EAJF's current actions jeopardize all of that. They waited until the settlement was final and then launched a renewed campaign against Mr. Moseley, without notice and with full knowledge of the damage it would cause.

22.     These are the exact "unusual circumstances" that justify extending the stay. The Court has the authority to prevent third-party litigation in two separate forums that threatens to derail the Debtor's Chapter 11 process.

23.     This was EAJF's plan all along: secure a settlement with MMA to protect its alleged lien, and once that was accomplished—and Mr. Moseley was no longer needed to finalize the deal, resume its personal campaign against him through targeted litigation designed to force him out of the case.

**EMERGENCY RELIEF REQUESTED**

24. The Debtor seeks emergency relief because EAJF has requested a Temporary Restraining Order and Injunction, which is likely to be heard on Monday, June 30, 2025. Additionally, EAJF has re-set its long-dormant motion for summary judgment against Mr. Moseley for submission in state court on July 14, 2025. A response to EAJF's motion to intervene in the divorce proceeding is also due in less than 21 days. The Debtor is managing numerous time-sensitive obligations, including 16 adversary proceedings and plan-related matters, all of which require Mr. Moseley's active and uninterrupted participation. His ability to remain fully engaged is essential to the continued progress of this Chapter 11 case.

**WHEREFORE,** the Debtor respectfully requests that this Court extend the automatic stay under 11 U.S.C. §§ 105(a) and 362(a) to cover all litigation and collection activity against John Zachary Moseley, and grant such other and further relief as is just and proper.

Dated: June 26, 2025

Respectfully submitted,

By: /s/ Miriam Goott
  Miriam Goott
  SBN 24048846
  Walker & Patterson, P.C.
  P.O. Box 61301
  Houston, TX 77208
  (713) 956-5577 (telephone)
  mgoott@walkerandpatterson.com
  COUNSEL FOR DEBTOR

**CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that on June 26, 2025, I served a copy of this Emergency Motion on Ms. Segura and Mr. Zimmerman, counsel for EAJF via email.

*/s/ Miriam T. Goott*
Miriam T. Goott

**CERTIFICATE OF CONFERENCE**

I, Miriam Goott, hereby certify that on June 26, 2025, I spoke with counsel for EAJF and we were unable to reach an agreement.

*/s/ Miriam T. Goott*
Miriam T. Goott