# ENGAGEMENT AGREEMENT

This Engagement Agreement (the **"Agreement"**) is made by and between MMA Law Firm, PLLC (Case No. 24-31596) (hereinafter "MMA" or the "Debtor"), and David Middleman (hereinafter "Middleman"). MMA and Middleman are collectively referred to as the "Parties."

This Agreement is subject to approval by the United States Bankruptcy Court for the Southern District of Texas, and all compensation hereunder is subject to 11 U.S.C. § 328 and applicable court procedures.

---

## 1. DEFINITION AND BACKGROUND

Pursuant to a settlement agreement reached between MMA and EAJF, and approved by the Bankruptcy Court, the Debtor may sell the Mass Tort Dockets identified in Exhibit A to the Settlement Agreement at ECF No. 588-1 (the "Asset"). Pursuant to the approved compromise between MMA and EAJF, the sale of the Asset is subject to the employment of estate professionals. MMA now seeks to employ Middleman to assist in the sale of the Asset pursuant to this Agreement and subject to approval by the Bankruptcy Court.

---

## 2. SCOPE OF REPRESENTATION

Middleman is engaged to provide the following services to assist MMA in the administration of its bankruptcy estate:

**a. Case Identification and Information Support:**
Middleman shall assist MMA in gathering and organizing information related to the sale of the Asset. This includes:

- Helping to identify the universe of cases originated by MMA as it relates to the Asset;

- If necessary, supporting the Debtor's efforts to collect relevant data and case-level information from law firms or individuals administering the underlying cases (the "Handling Firms").

**b. Marketing and Outreach:**
Middleman will leverage his experience and industry relationships to actively market the Asset, identify and engage potential purchasers, and assist in implementing a sale or monetization strategy to maximize estate value.

**c. Consultation:**
Middleman will provide informal, non-expert, layperson opinions regarding offers or opportunities received in connection with the Asset. Middleman is not being retained as a valuation expert and shall not provide formal valuation opinions, expert reports, or testimony intended to serve as expert evidence in any legal proceeding.

**d. Testimony (If Requested):**
Middleman agrees to cooperate with the Debtor and provide factual testimony, if necessary, regarding his involvement in marketing or information-gathering efforts that resulted in an offer or sale that MMA may seek to have approved by the Court, as a fact witness regarding his efforts in monetizing the Asset.

**3. COMPENSATION**

**a. Contingency Fee Structure:**

1. Middleman shall receive a 5% contingency fee on gross proceeds resulting directly from his services (the "Contingency Fee"), plus reimbursement of all necessary expenses for the sale of the Asset or any portion of the Asset.

2. The Contingency Fee will paid proportionately by EAJF and MMA, pursuant to their respective ownership interest in the Asset.

3. Middleman shall advance all reasonable out-of-pocket costs, with prior notice to the Debtor.

4. Reimbursement of any expenses by the Debtor is subject to Bankruptcy Court approval.

5. Payment of the Contingency Fee is also subject to Court approval, following a proper fee application.

**b. No Recovery, No Fee:**
If Middleman's services result in no sale, recovery, or monetization of the Asset, or any portion thereof, no fee shall be paid. It is contemplated that Middleman may successfully facilitate the sale or monetization of only a portion of the Asset, in which case his fee shall be limited to 5% of the gross proceeds generated from that portion.

**4. ADVANCEMENT AND REIMBURSEMENT OF COSTS**

a. Middleman agrees to advance all reasonable, necessary out-of-pocket expenses related to the services, including travel, document analysis, marketing, professional consultations, etc.
b. Middleman shall provide prior written notice of any anticipated expense to MMA.
c. All reimbursements are subject to approval by the Bankruptcy Court and may be requested quarterly.

**5. COURT APPROVAL**

All compensation under this Agreement, including any fee or expense reimbursement owed by the Bankruptcy Estate to Middleman, shall be subject to prior approval by the Bankruptcy Court in accordance with 11 U.S.C. § 328 and applicable rules with notice to EAJF, the Committee, and all parties-in-interest entitled to notice.

**6. CONFIDENTIALITY**

Middleman agrees to maintain the confidentiality of all non-public information received during the course of this engagement. Disclosure is permitted only to the extent necessary to perform the services or with MMA's written authorization.

**7. NO AUTHORITY TO BIND MMA OR THE ESTATE**

Middleman shall not represent that he has authority to act on behalf of the Debtor or the bankruptcy estate. He shall not negotiate, accept offers, incur obligations, or otherwise bind the Debtor or estate. All decisions regarding the Asset remain with the Debtor and are subject to Bankruptcy Court approval.

**8. GOVERNING LAW AND JURISDICTION**

This Agreement shall be governed by the laws of the State of Texas. Any dispute arising under this Agreement shall be subject to the exclusive jurisdiction of the United States Bankruptcy Court for the Southern District of Texas.

**9. SEVERABILITY**

If any provision of this Agreement is determined to be unenforceable, the remainder of the Agreement shall remain in full force and effect.

**ACKNOWLEDGMENT AND EXECUTION**

By signing below, the Parties affirm that they have read, understood, and agreed to the terms of this Agreement.

**AGREED AND ACCEPTED:**

**MMA Law Firm, PLLC**
By:/s/*Zach Moseley*
_6-27-2025_____
Zach Moseley
Date:
_____

**DAVID MIDDLEMAN**
By:
_____
David Middleman
Date:
_____