IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § | CHAPTER 7 |
| Debtor | § | |
| | § | |

## DECLARATION OF DAVID MIDDLEMAN

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

1.　My name is David Middleman.

2.　I am the proposed valuation and marketing consultant for MMA Law Firm, PLLC (the "**Debtor**") in the above-captioned bankruptcy case.

3.　I have no prior connections to the Debtor or to the Office of the United States Trustee.

4.　I have a prior professional connection to Debtor's counsel, Walker & Patterson, P.C. ("**W&P**"). Specifically, I was recently retained by Allison D. Byman, the Chapter 7 Trustee in the bankruptcy case of *Akin Mears* (Case No. 25-30358), to market and sell proceeds from mass tort dockets, where W&P represents the Chapter 7 Trustee. I have no other known connection to W&P or any of its attorneys.

5.　I have no connection to the United States Bankruptcy Court for the Southern District of Texas, apart from my involvement in the *Akin Mears* case currently pending before Judge Marvin Isgur.

6.      I have reviewed the Debtor's bankruptcy schedules, including information regarding its assets and creditors. I have also reviewed materials provided by the Debtor related to the law firms working in association with the Debtor in the Mass Tort Cases (**"Handling Firms"**).

7.      Based on my review, the following table discloses all known connections I have with any parties in interest in this case:

| Party-In-Interest | Connection to Debtor | Connection to Middleman |
|---|---|---|
| Keller Postman | Handling Firm | Middleman met Adam Gerchen, a partner at Keller Postman approximately three years ago at a conference and spoke for approximately 30 minutes. |
| Jason Webster | The Debtor has potential claims and causes of action related to Louisiana hurricane litigation. | Middleman, while working at Pulaski & Middleman ("PM") worked with a law firm where Mr. Webster was employed on multiple cases. This occurred over 10 years ago and there has been no communications since. |
| EAJF/Equal Access Justice Fund/ Brian Zimmerman | Creditor | Middleman has known Brian Zimmerman, counsel for EAJF for over 40 years and attended college together. No professional relationship. |
| Derek Potts | The Debtor has potential claims and causes of action related to Louisiana hurricane litigation. | Middleman, while working at PM, worked with a law firm where Mr. Potts was employed on multiple cases. This occurred over 10 years ago and there has been no communications since. |

23.     I am also a close personal friend and professional associate of John Black and Richard Daly, partners at Daly & Black. I currently work with them through a company called National Claims Advisors, which handles pre-litigation first-party insurance claims. These claims do not

involve litigation, do not involve mass tort matters, and are entirely unrelated to MMA's claims against Daly & Black in the pending adversary proceeding. Accordingly, I do not believe any conflict of interest exists. In addition, Daly & Black may be interested in purchasing the Debtor's interest in the Mass Tort Dockets.

24. I am also a professional associate and acquaintance of Charles Brown, an attorney at Daly & Black.

25. Other than the relationships disclosed above, I have no known connection to the Debtor, its creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

26. I hold no economic interest in the Debtor, its creditors, or any other party in interest, their respective attorneys or accountants, or the United States Trustee.

27. Based upon the foregoing, I believe I am a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

Dated: 5-26-2025

/s/ David Middleman

David Middleman