**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | **CHAPTER 11** |
| **Debtor** | § | |

**DEBTOR'S REPLY TO EAJF'S OBJECTION TO THE DEBTOR'S AMENDED**
**APPLICATION TO EMPLOY DAVID MIDDLEMAN AS**
**MARKETING CONSULTANT AND BROKER FOR THE SALE OF ESTATE ASSETS**

**TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Comes now, MMA Law Firm, PLLC and files this *Reply to EAJF's Objection to MMA's Amended Application to Employ David Middleman as a Marketing Consultant and Broker for the Sale of Estate Asset,* respectfully showing the Court as follows:

### INTRODUCTION

EAJF's objection to the Debtor's Application to Employ David Middleman is the latest move in a coordinated campaign driven by buyer's remorse, and a transparent desire to claw back control of a deal they willingly made and this Court approved. The parties entered into a global Rule 9019 settlement that expressly gave the Debtor authority to sell the Mass Tort Dockets using professionals of its choosing, subject to court approval. The Settlement included multiple safeguards for EAJF, including an $18 million guaranteed recovery floor and full oversight by this Court under § 363.

Now that the Debtor is doing exactly what the Settlement provides, retaining an experienced professional to market and sell the assets, EAJF has decided it no longer likes the terms it agreed to. But instead of owning its change of heart, EAJF cloaks its objection in false

concerns about fairness, transparency, and estate value. In truth, EAJF's position boils down to this: they want to control the sale process and, failing that, they want to obstruct it. This Court should not allow that. The Debtor's application to employ Mr. Middleman is reasonable, appropriate, and squarely within the bounds of the Settlement and the estate's business judgment. EAJF's objection should be overruled.

**RELEVANT FACTS**

1.      On May 14, 2025, the Court approved a settlement between the Debtor and EAJF pursuant to Rule 9019, resolving all disputes between them (the, **"Settlement"**).

2.      Under the terms of the Settlement, the Debtor is expressly permitted to sell the Mass Tort Dockets, subject to the employment of estate professionals and approval of any sale under 11 U.S.C. § 363. EAJF also agreed it would not credit bid and would have no decision making in who the estate selected as its professional.

3.      The Settlement placed full responsibility and authority for selling the Mass Tort Dockets in the hands of the Debtor, subject to this Court's oversight. It did not give EAJF any veto or approval rights over the professional selected to market the Mass Tort Dockets.

4.      After careful consideration and a robust search, the Debtor selected David Middleman as its proposed broker and marketing consultant and filed its initial application on June 2, 2025. Following informal discussions with EAJF, the Debtor filed an amended application on June 27, 2025, further clarifying Middleman's role and compensation structure.

**RESPONSE TO EAJFS OBJECTIONS**

5.      On July 2, 2025, EAJF filed its Objection to the Middleman Application (the, **"Objection"**).

6.      EAJF devotes much of its objection to complaints that the Debtor did not accept its proposed conditions and revisions to the Middleman engagement. But the Debtor was under no obligation to consult with EAJF at all, much less obtain its approval. The Debtor's willingness to engage in good-faith dialogue with EAJF was not a concession of authority, nor a requirement under the Settlement. Rather, it was an effort, extended in good faith, to avoid unnecessary litigation and foster cooperation between the parties in hopes of working together to achieve the highest possible value for the Mass Tort Dockets.

7.      The fact that EAJF now weaponizes that cooperative effort as a basis for objection only underscores their intent to disrupt, not collaborate.

8.      Indeed, in a good-faith effort to address EAJF's concerns and demonstrate flexibility, Mr. Middleman agreed to reduce his commission to 5% in this case, despite having recently requested and received approval for a 7% commission for comparable services in another bankruptcy case currently pending before Judge Isgur to market and sell mass tort docket interests (*In re Akin Mears, LLP*, Case No. 25-30358, ECF No. 120).

9.      EAJF's claim that the Debtor is seeking to improperly "surcharge" is misleading. EAJF knowingly and voluntarily agreed that the Debtor could sell the Mass Tort Dockets through a professional retained under 11 U.S.C. § 327, with the sale subject to approval under § 363.

10.     The idea that EAJF should reap 75% of the sale proceeds while contributing nothing to the cost of realizing those proceeds defies both equity and common sense. EAJF negotiated for a percentage of sale proceeds, not a guaranteed windfall free of transactional expense.

11.     EAJF does not contest Middleman's qualifications or the reasonableness of his contingency fee. Instead they call it "alarming" and inequitable to have them pay a proportional fee for a sale they no longer control. That is not a valid objection.

12.     EAJF's argument that Middleman will blindly sell the Mass Tort Dockets without providing the Debtor with a proper analysis is not supported by any facts. Middleman's role is to assist in identifying buyers, marketing the assets, and providing insight into offers received. Moreover, no sale can be completed without this Court's approval under § 363(b). If EAJF believes any proposed sale undervalues the assets, it will have the opportunity to object at that time.

13.     EAJF's objection is not really about protecting estate value. It is about controlling the sale process. They want to turn a court-approved 9019 settlement into a renegotiation. When the Debtor declined to give them *de facto* veto power over the transaction, they resorted to obstruction, culminating in a separate campaign targeting Mr. Moseley personally which has been addressed in a separate pleading at ECF No. 706.

14.     Since Middleman will only be compensated if a sale is successfully completed and approved by the Court, his interests are directly aligned with maximizing the value of the estate. The suggestion that he would hastily push through a sale at an unfair price is entirely speculative and inconsistent with the procedural safeguards already in place.

15.     Any proposed sale of the Mass Tort Dockets must be reviewed and approved by this Court under Section 363 of the Bankruptcy Code, and EAJF will have a full and fair opportunity to object if it believes the sale is inadequate or not in the best interest of the estate. There is no basis to assume that the Court would authorize a sale that is improper, nor is there any reason to believe that the Debtor or its professionals would act contrary to their fiduciary duties in a process that is subject to full transparency and judicial oversight.

S<small>UMMARY AND</small> R<small>ELIEF</small> R<small>EQUESTED</small>

16.     EAJF has offered no legitimate, legal, or factual basis for denying the Application. They

are simply attempting to re-trade a deal they no longer like.

17.     The Debtor's decision to employ David Middleman falls well within its business judgment,

is consistent with the express terms of the 9019 Settlement, and is subject to the ultimate safeguard:

Court approval of any sale.

18.     EAJF's objection is just another step in their broader effort to regain control. That is not a

basis to deny a reasonable professional employment application.

19.     Therefore, the Debtor respectfully requests that the Court overrule EAJF's objection in its

entirety and enter an order approving the Amended Application to Employ David Middleman as

marketing consultant and broker for the sale of estate assets.


Dated: <u>July 3, 2025</u>

                                                    Respectfully submitted,


                                                    By: <u>/s/ Miriam T. Goott</u>
                                                    Miriam T. Goott
                                                    attorney-in-charge
                                                    SBN 24048846
                                                    **COUNSEL FOR THE DEBTOR**



OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 957-3358 (fax)
mgoott@walkerandpatterson.com

## **CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that I served the Reply on Misty Segura and Brian Zimmerman, counsel for EAJF on July 3, 2025.

By: */s/ Miriam T. Goott*
Miriam T. Goott