United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 30, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| | § | **CHAPTER 11** |
| **Debtor** | § | |

## ORDER GRANTING EMPLOYMENT
[Relates to ECF No. 710]

The Court has considered the Debtor's *Amended Application to Employ David Middleman as Marketing Consultant and Broker for the Sale of Estate Assets* at ECF No. 710 (the **"Amended Application"**). The Court has also considered the Objection to the Amended Application filed by EAJF ESQ Fund, LP and Equal Access Justice Fund, LP (collectively, **"EAJF"**) filed at ECF No. 720 which has now been withdrawn at ECF No. 758.

In approving the employment of David Middleman ("**Middleman**"), the Court makes the following findings of fact and conclusions of law:

1. Middleman has no adverse interest as required by 11 U.S.C. § 327(a).

2. Middleman is a disinterested party as required by 11 U.S.C. § 327(a).

3. As required by Fed. R. Bankr. P. 2014(a), the Debtor has demonstrated the necessity for employing Middleman.

4. As required by Fed. R. Bankr. P. 2014(a), the Debtor has identified the name of the person it wishes to hire.

5. As required by Fed. R. Bankr. P. 2014(a), the Debtor has specified reasons for selecting Middleman.

6. As required by Fed. R. Bankr. P. 2014(a), the Debtor has specified the specific professional services which it anticipates Middleman will provide;

7. As required by Fed. R. Bankr. P. 2014(a), the Debtor has specified the fee arrangement proposed by Middleman.

8. As required by Fed. R. Bankr. P. 2014(a), Middleman has no connections with the Debtor, creditors, the United States Trustee, employees of the United States Trustee, the Bankruptcy Court, or any other party in interest that would bar employment of Middleman.

9. The employment of Middleman is in the best interest of the estate.

Accordingly, it is therefore

**ORDERED THAT:**

1. The Amended Application is GRANTED in full.

2. Middleman is employed to provide all necessary services to the Debtor in this case as set forth in the Amended Application.

3. Middleman shall be entitled to a 5% contingency fee (the "**Contingency Fee**") on any gross proceeds generated from the sale of assets directly resulting from his services, as defined in the Amended Application and approved under Section 328(a) to be paid by the Debtor.

4. Any fees and/or expenses are only payable after entry of further order of this Court approving compensation and/or expenses to be paid by the Debtor.

5. The Debtor reserves all rights to request an allocation of payment of the Contingency Fee and any expenses from third parties, including whether and to what extent EAJF shall be responsible for payment. EAJF shall not be obligated to pay any portion of

the Contingency Fee or expenses unless and until authorized by further order of the

Court.

6.  All applications for compensation shall be filed with the Court in accordance with

the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the rules of

this Court.

7.  The employment of Middleman is effective as of May 15, 2025.


Signed: July 30, 2025


_____

Eduardo V. Rodriguez

Chief United States Bankruptcy Judge