## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| *Debtor.* | § | |

### DEBTOR'S EMERGENCY MOTION TO COMPROMISE CONTROVERSY
### WITH LOUISIANA INSURANCE GUARANTY ASSOCIATION

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

MMA Law Firm, PLLC (the "**Debtor**" or "**MMA**") hereby files this *Emergency Motion to Compromise Controversy with Louisiana Insurance Guarantee Association* (the "**9019 Motion**"), and respectfully shows the Court the following:

## RELEVANT FACTS

1.      MMA files this 9019 Motion seeking Bankruptcy Court approval to settle multiple disputes with the Louisiana Insurance Guaranty Association (**"LIGA"**).

2.      MMA previously represented thousands of storm victims (**"MMA Clients"**) on a contingency fee basis in property damage claims related to Hurricanes Laura, Delta, Zeta, and Ida.

3.      On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with the Debtor for ninety days (the **"Suspension Order"**).

4.      After the Suspension Order, many law firms assumed representation of MMA's former clients, while some clients continued their litigation without securing new counsel (collectively, the "**Former MMA Clients**").

5.      Some Former MMA Clients held insurance policies with carriers placed into receivership and declared insolvent, making LIGA statutorily responsible to pay certain covered claims.

6.      Some Former MMA Clients retained new counsel (**"Represented Former Clients"** or **"Successor Counsel"**) and continued litigation against LIGA.

7.      Other Former MMA Clients settled claims with LIGA without new attorney involvement (**"Unrepresented Former Clients"**).

8.      MMA filed a Chapter 11 bankruptcy petition on April 9, 2024.

9.      On July 22, 2025, LIGA filed an adversary proceeding (Case No. 25-03429) against MMA (the "**Adversary Proceeding"**), seeking a declaration that certain settlement funds held for Unrepresented Former Clients (the **"Unrepresented Settlement Holdback Funds")** are not property of the bankruptcy estate and that payments to such clients do not violate the automatic stay.

10.     In response, MMA filed a Motion to Dismiss the Complaint and asserted counterclaims, seeking turnover of the Unrepresented Settlement Holdback Funds under 11 U.S.C. § 542(a), and alleging automatic stay violations related to Represented Former Clients.

11.     Subsequently, the Parties began settlement discussions.

12.     LIGA has represented that it is holding a total of $1,162,964.26 for 239 Unrepresented Former Clients whose cases have been fully resolved (the **"Unrepresented Settlement Holdback Funds"**).

13.     Additionally, LIGA has represented that it is holding $522,398.43 for 91 Represented Former Clients (the **"Represented Settlement Holdback Funds"**).

14.     LIGA further acknowledges that there are additional pending Former MMA Client cases, both represented and unrepresented, that have not yet fully settled (the **"Unsettled Cases"**).

15.     The Parties have reached a comprehensive resolution of all disputes between MMA and LIGA, as outlined herein, subject to approval by the Bankruptcy Court.

## SETTLEMENT TERMS

16.     The Settlement Agreement attached hereto as **Exhibit A** sets forth the terms negotiated by the parties, subject to approval by the Bankruptcy Court. The key financial terms are summarized below:

### UNREPRESENTED FORMER CLIENTS – SETTLED CASES

17.     Within three (3) business days of a final order by the Bankruptcy Court approving this Settlement Agreement:

        a.     LIGA shall deposit a total of $1,162,964.26 (*i.e.* the *Unrepresented Settlement Holdback Funds*) into the Registry of the Bankruptcy Court.

        b.     LIGA will provide MMA with the last known address and itemized

settlement amounts for each client (**"Contact Information"**).

c.      MMA will send notice (form attached as ***Exhibit B***) to each client within three (3) business days of receiving Contact Information (the, **"Notice"**).

d.      MMA will file a Certificate of Service within seven (7) days of mailing the Notices.

e.      Clients will have 60 days to submit completed notices to the Clerk of Court.

f.      Within seven (7) days after that deadline, MMA will file a motion to: (i) disburse funds to responding clients; and (ii) release any unclaimed funds to MMA.

g.      MMA will not oppose any fee requests submitted by clients.

h.      LIGA's deposit discharges it from all related claims by MMA or clients, except as otherwise provided in the Agreement.

## REPRESENTED FORMER CLIENTS

15.      Within three (3) business days after entry of the Settlement Order:

a.      LIGA will deposit $522,398.43 into the Bankruptcy Court registry.

b.      LIGA will provide MMA with a list of clients and associated Successor Counsel.

c.      The deposit fully discharges LIGA from all fee-related claims and disputes.

d.      MMA will pursue any relief regarding fees directly with the Bankruptcy Court, with notice to identified Successor Counsel.

## ADDITIONAL PAYMENT FROM LIGA

16.      LIGA will pay MMA $100,000.00 within three (3) business days of the Settlement Order. This resolves all claims between the parties, except for those arising from LIGA's breach of the Settlement Agreement.

**FUTURE CASE HANDLING AND REPORTING BY LIGA**

17.     LIGA will continue processing remaining and future Former MMA Client cases in the ordinary course, including settlements and payments.

18.     The automatic stay is modified, if necessary, to allow LIGA to do so without MMA's or the Court's involvement.

19.     LIGA will not seek any court determination, except from the Bankruptcy Court, regarding MMA's fee entitlement or removal from checks.

20.     LIGA will provide quarterly reports to MMA identifying all resolved Former MMA Client cases, including client name, representation status, settlement amount, payments to successor counsel, and counsel contact info (if applicable).

## ARGUMENT AND AUTHORITIES

21.     FED. R. BANKR. P. 9019 governs compromises with the trustee.  An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise.  The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation; and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

22.     The Debtor asserts that the proposed settlement satisfies each of these factors and should be approved.

**FACTOR 1: PROBABILITY OF SUCCESS IN THE LITIGATION**

23.     The adversary proceeding initiated by LIGA raises complex legal questions, including whether settlement funds held for Former MMA Clients are property of the estate and whether

payment of those funds violates the automatic stay. MMA has asserted counterclaims, including for turnover under 11 U.S.C. § 542 and for violations of the automatic stay.

24.     Although MMA believes it has meritorious claims, litigation outcomes are inherently uncertain, particularly in the context of disputed legal duties owed by a guaranty association in a post-insolvency context. Continued litigation would involve significant risk and delay, with no guaranteed recovery.

## FACTOR 2: DIFFICULTY OF COLLECTION ON A JUDGMENT

25.     The Debtor does not anticipate that LIGA would be unable to satisfy a judgment if one were obtained. However, as a government entity, any enforcement or payment process would likely be prolonged and subject to bureaucratic delays. Even with a favorable ruling, the time and expense required to reduce a judgment to payment would impose additional burdens on the estate and delay creditor recoveries.

## FACTOR 3: COMPLEXITY OF THE LITIGATION.

26.     The disputes between MMA and LIGA present a web of complex legal and factual issues. The case touches on overlapping areas of bankruptcy law, state insurance guaranty law, and attorney fee entitlements.

27.     It involves hundreds of Former MMA Clients, some represented by successor counsel, some unrepresented, and all at varying stages of litigation or settlement, with differing underlying insurance carriers, claim facts, and procedural postures.

28.     The proposed settlement streamlines this complexity. It establishes a transparent and efficient process for resolving current disputes and handling future cases, while securing

immediate value to the estate in the form of a $100,000 payment and MMA's retention of unclaimed client funds.

**FACTOR 4: DEFERENCE TO CREDITORS.**

29.     The proposed settlement directly benefits the estate by delivering an immediate $100,000 cash payment, preserving the estate's rights to unclaimed client funds, and facilitating the recovery of property without the need for protracted litigation. It avoids unnecessary legal expense, reduces administrative burden, and allows MMA to focus its resources on plan confirmation, administration, and numerous other pending adversary proceedings.

30.     The notice and disbursement process ensures transparency, while MMA retains the right to pursue further relief regarding fee entitlement from the Bankruptcy Court, without burdening LIGA or delaying payments to claimants.

**RELIEF REQUESTED**

31.     The compromise represents a sound exercise of business judgment and is in the best interests of the estate and its creditors. Accordingly, the Debtor respectfully requests that the Court approve the Settlement Agreement in full and grant the relief requested in the Motion.

**EMERGENCY RELIEF REQUESTED**

32.     The Debtor respectfully requests that this Motion be considered on an emergency basis. At the recent scheduling conference before the Court, the parties informed the Court that a settlement had been reached, and the Court indicated that an expedited hearing could be requested to approve the agreement.

33.     Emergency approval of the Settlement Agreement is warranted for several reasons:

a. **Continuation of Client Case Resolutions**: Approval will allow LIGA to immediately resume settling and paying claims for Former MMA Clients, including those who are currently unrepresented. Delaying approval would unnecessarily stall the resolution of these cases and the payment of settlement proceeds to individuals who need those funds.

b. **Timely Notice to Unrepresented Clients**: For those clients whose cases have already settled, the agreement provides a clear mechanism to notify them of their rights to claim their share of settlement funds. Emergency approval ensures these clients receive faster notice and can elect to receive their funds without further delay. It is presumed that many of these individuals are in serious financial need and would benefit significantly from prompt payment.

c. **Immediate Cash Infusion for the Estate**: The Settlement Agreement provides an immediate payment of $100,000.000 to the estate. This infusion of cash will directly benefit the Debtor's creditors and support the estate's ongoing efforts toward plan confirmation and administration.

d. **Facilitation of Other Disputes**: The deposit of settlement funds into the Court's registry, particularly those related to Represented Former Clients, may help resolve or narrow issues in multiple pending adversary proceedings with successor law firms. Having the funds available in the Court's registry increases the likelihood of consensual resolutions in those matters and avoids unnecessary litigation.

**WHEREFORE**, MMA Law Firm, PLLC prays that the court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and for such other relief as the court finds appropriate and just to grant.

By: */s/ Miriam T. Goott*
Miriam T. Goott
attorney-in-charge
SBN 24048846
COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com
713.956.5577 (telephone)
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that I served a true and complete copy of the foregoing Motion to Approve Compromise was served on all parties listed in the attached Service List by first class mail and/or ECF on September 9, 2025.

*/s/Miriam T. Goott*
Miriam T. Goott

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO.    24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | |
| DEBTOR | § | |
| | § | |
| | § | ADV. P. NO. 25-03426 |
| LOUISIANA INSURANCE GUARANTY | § | |
| ASSOCIATION | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | |
| | § | |
| Defendant | | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), through its duly authorized undersigned representative, on the one hand, and Louisiana Insurance Guaranty Association ("**LIGA**"), through its duly authorized undersigned representative, on the other hand. MMA and LIGA are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Debtor and LIGA hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

## DEFINITIONS AND RECITALS

1)      MMA previously represented thousands of storm victims in property damage claims against their insurers following Hurricanes Laura, Delta, Zeta, and Ida on a contingency fee basis (the "**MMA Clients**").

2)      On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with the Debtor for ninety days (the "**Suspension Order**").

3)      After the Suspension Order, many law firms assumed representation of MMA's former clients, while some clients continued their litigation without securing new counsel (collectively, the "**Former MMA Clients**").

4)      Some Former MMA Clients held policies with insurers later placed into receivership and declared insolvent. LIGA became statutorily obligated to pay certain covered claims under certain policies issued by these insolvent insurers.

5)      For purposes of this Agreement only:

  a.  Former MMA Clients who retained new counsel are referred to as "**Represented Former Clients**," and the law firms that assumed their representation are referred to as the "**Successor Law Firms**."

  b.  Former MMA Clients who (a) did not retain new counsel, or (b) retained new counsel temporarily but settled with LIGA without further attorney involvement, are referred to as "**Unrepresented Former Clients**."

  c.  For the avoidance of doubt, the term "**Former MMA Clients**" includes both Represented Former Clients and Unrepresented Former Clients.

6)      On July 22, 2025, LIGA initiated an adversary proceeding against MMA (Case No. 25-03429) (the "**Adversary Proceeding**") by filing a Complaint for Declaratory Judgment (the

"**Complaint**").

7)       The Complaint asserts that LIGA is holding in trust a portion of settlement funds related to property damage claims of Unrepresented Former Clients (the "**Unrepresented Settlement Holdback Funds**").

8)       In the Complaint, LIGA seeks a declaration that the Unrepresented Settlement Holdback Funds are not property of the bankruptcy estate, that payment of such funds to the Unrepresented Former Clients does not violate the automatic stay, and that LIGA may pay all similarly situated Former MMA Clients in full without violating 11 U.S.C. § 362(a).

9)       On July 22, 2025, MMA filed a Motion to Dismiss the Complaint and asserted counterclaims against LIGA, seeking turnover of the Unrepresented Settlement Holdback Funds pursuant to 11 U.S.C. § 542(a), as well as alleging a violation of the automatic stay with respect to the Represented Former Clients.

10)      LIGA has represented that it is holding a total of $1,162,964.26 for 239 Unrepresented Former Clients whose cases have been fully resolved (the "**Unrepresented Settlement Holdback Funds**").

11)      Additionally, LIGA has represented that it is holding $522,398.43 for 91 Represented Former Clients whose cases have also been fully or partially resolved (the "**Represented Settlement Holdback Funds**").

12)      LIGA further acknowledges that there are additional pending Former MMA Client cases, both represented and unrepresented, that have not yet fully settled (the "**Unsettled Cases**").

13)      The Parties have reached a comprehensive resolution of all disputes between MMA and LIGA, as outlined herein, subject to approval by the Bankruptcy Court.

## PAYMENT TERMS AND CONDITIONS

### UNREPRESENTED FORMER CLIENTS – SETTLED CASES

14)     Within three (3) business days of a final order by the Bankruptcy Court approving this Settlement Agreement, in a form substantially as attached hereto as **Exhibit "A,"** (the **"Settlement Order"):**

    a.  LIGA shall deposit a total of $1,162,964.26 (*i.e.* the *Unrepresented Settlement Holdback Funds*) into the Registry of the Bankruptcy Court.

    b.  LIGA shall provide MMA with (a) the last known mailing address of each Unrepresented Former Client, and (b) an itemized breakdown of the share of the Unrepresented Settlement Holdback Funds held for each Unrepresented Former Client (collectively, the **"Contact Information"**).

    c.  Within three (3) business days after receiving the Contact Information, MMA shall send a written notice (the **"Notice"**) to each Unrepresented Former Client, informing them of their right to seek full reimbursement of their share of the Unrepresented Settlement Holdback Funds.  A copy of the Notice is attached hereto as **Exhibit B** to this Settlement Agreement.

    d.  Within seven (7) days of sending the Notice, MMA shall file a **Certificate of Service** with the Bankruptcy Court confirming that all Notices have been sent in accordance with the Contact Information.

    e.  Within sixty (60) days from the date the Notice is mailed (the  **"Notice Period"** ), the Unrepresented Former Clients shall deliver, transmit, or mail their completed Notice to the Clerk of the United States Bankruptcy Court for the Southern District of Texas, in accordance with the instructions contained in the Notice.

    f.  Within seven (7) days after the expiration of the Notice Period, MMA shall file a motion with the Bankruptcy Court (the **"Motion to Disburse"**) requesting entry of an order

directing the Clerk of Court to: (a) disburse the appropriate amounts, as set forth in the Contact Information, from the Registry to each Unrepresented Former Client who timely submitted their completed Notice; and (b) release any remaining, unclaimed portion of the Unrepresented Settlement Holdback Funds to MMA, which shall be entitled to retain 100% of those unclaimed funds.

g. MMA shall not object to, dispute, or otherwise oppose any reimbursement request submitted by or on behalf of an Unrepresented Former Client during the Notice Period.

h. The deposit of the Unrepresented Settlement Holdback Funds shall fully discharge LIGA from any claims, demands, and causes of action, known or unknown, by or on behalf of any person or entity arising out of or in any way related to the cases giving rise to the Unrepresented Settlement Holdback Funds or other disputes between MMA and the Unrepresented Former Clients; provided, however, that nothing herein shall operate to discharge or release LIGA from any obligations or liabilities arising under this Settlement Agreement.

## REPRESENTED FORMER CLIENTS

15. Within three (3) business days after entry of the Settlement Order:

a. LIGA shall deposit a total of $522,398.43 (*ie.* the *Represented Settlement Holdback Funds*) into the Registry of the Bankruptcy Court; and

b. LIGA shall provide MMA with a list identifying each Former Represented Client and the corresponding Successor Law Firm that has entered an appearance or is asserting a claim for attorneys' fees (the **"Successor Counsel Disclosure"**).

c. The deposit of the Represented Settlement Holdback Funds shall fully discharge LIGA from any claims, demands, and causes of action, known or unknown, by or on behalf of any person or entity to attorney's fees or costs arising out of or in any way related to the

cases giving rise to the Represented Settlement Holdback Funds, and further fully discharge LIGA from further involvement in disputes over fee entitlement between MMA, the Represented Former Clients, and any Successor Law Firms.

a.  MMA shall be solely responsible for pursuing any relief it seeks from the Bankruptcy Court concerning entitlement to the Represented Settlement Holdback Funds. Upon filing any such motion or request, MMA shall provide notice to the Successor Law Firms identified by LIGA in the Successor Counsel Disclosure.

**ADDITIONAL PAYMENT**

16.     LIGA agrees to pay MMA the sum of $100,000.00 within three (3) business days after entry of the Settlement Order. This payment is made in full and final settlement of all claims, demand, and causes of action, known or unknown, between the Parties or any nature whatsoever, including without limitation, claims related to the Former MMA Clients; provided, however, that this release does not apply to, and expressly excludes, any claims arising out of LIGA's failure to comply with the terms of this Settlement Agreement.

**CONTINUED CASE PROSECUTION**

17.     With respect to all Unsettled Cases involving Former MMA Clients, LIGA shall continue to administer, prosecute, negotiate, settle, mediate, make payments to claimants and their counsel, and otherwise handle such claims in the ordinary course of its business.

18.     This includes engaging in mediations, attending hearings and trials, finalizing settlements, and promptly issuing payments directly to clients and their new counsel upon resolution. To avoid delay or disruption, LIGA is authorized to proceed without restriction or the need for further direction or consent from MMA or the Bankruptcy Court. The automatic stay under Section 362 of the Bankruptcy Code is modified, to the extent applicable, to permit LIGA to continue these activities for Unsettled Cases. However, LIGA shall not seek any determination from any court

other than the United States Bankruptcy Court for the Southern District of Texas regarding MMA's entitlement to attorneys' fees or the removal of MMA's name from any settlement check.

## REPORTING OBLIGATIONS

19.     **Quarterly Settlement Updates:** After the entry of the Settlement Order, LIGA agrees to provide MMA with written quarterly reports identifying all cases involving Former MMA Clients that were fully settled during the preceding quarter.

20.     Each quarterly report shall include, to the extent reasonably available: (a) the Former Client's name; (b) whether the client was represented or unrepresented at the time of settlement; (c) the settlement amount; (d) the amount paid to Successor Law Firm; and (e) the Successor Law Firm's name, if applicable.

21.     **Recipients of Reports:** All quarterly reports shall be sent via email to: (a) Miriam T. Goott, undersigned counsel for MMA, at mgoott@walkerandpatterson.com, and Johnie Patterson at jjp@walkerandpatterson.com.

22.     MMA shall notify LIGA in writing of any changes to these contact details.

## LIGA'S REPRESENTATION

23.     LIGA represents, warrants, and affirms that on the date hereof, the amounts it holds in the Represented Settlement Holdback Funds and the Unrepresented Settlement Holdback Funds constitute the full and complete universe of such cases where LIGA has held back funds representing attorneys' fees and costs in cases involving Former MMA Clients, and the total amounts held back.

24.     LIGA expressly acknowledges that MMA is relying on these representations in entering into this Settlement Agreement. If it is later discovered that any Settlement Holdback Funds for either Represented or Unrepresented Former Clients were not disclosed, such failure shall constitute a material breach of this Settlement Agreement.

25.     LIGA further acknowledges that these representations are material to the Debtor and the Bankruptcy Court. They are made under penalty of perjury and are subject to the jurisdiction and enforcement powers of the United States Bankruptcy Court for the Southern District of Texas, including but not limited to sanctions, contempt orders, or other appropriate relief if LIGA is found to have knowingly misrepresented or withheld any required funds.

26.     If LIGA subsequently discovers any Former MMA Client's holdback funds that were not disclosed or included in this Settlement Agreement, whether due to inadvertent error or oversight and not intentional misconduct, it shall notify MMA within three (3) business days of such discovery. The Parties agree to use their best efforts to resolve the matter amicably, provided that any such inadvertent failure shall not be deemed a material breach of the Settlement Agreement unless LIGA fails to promptly notify MMA and cooperate in resolving the issue.

**MISCELLANEOUS MATTERS**

27.     **Retention of Jurisdiction:** The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute between LIGA and MMA regarding this Settlement Agreement.

28.     **Mutual Release**:  Upon LIGA's payment of the amounts required under this Settlement Agreement to MMA and to the Registry of the Bankruptcy Court, delivery of the Contact Information to MMA, and MMA's delivery of the Notices as provided herein (collectively, the **"Initial Obligations"**), LIGA and MMA shall be deemed to have mutually released and discharged each other from any and all claims, demands, and causes of action, known or unknown, including, without limitation, any claims that were or could have been asserted in the Adversary Proceeding.

29.     Notwithstanding the foregoing, this release shall not affect either party's right to enforce the continuing obligations set forth in this Settlement Agreement, including, without limitation, LIGA's ongoing quarterly reporting obligations. A party's failure to comply with such continuing

obligations shall constitute a breach of this Settlement Agreement, and the non-breaching party shall retain all rights and remedies with respect thereto.

30.    **Time:**  Any period of time set forth herein shall be construed in accordance with Rule 9006 of the Federal Rules of Bankruptcy Procedure.

31.    **Bankruptcy Court Approval;** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

32.    **Dismissal**: Upon entry of the Settlement Order and competition of the Initial Obligations, the Parties shall file an Agreed Motion to Dismiss the Adversary Proceeding with prejudice.

MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates)

By:    /s/ John Zachary Moseley
Name: John Zachary Moseley
Title: President
Date:    9-9-2025

Louisiana Insurance Guaranty Association

By:
Name:    John C. Wells
Title    Executive Director
Date:    9 Sept 2025

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO.    24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | |
| DEBTOR | § | |

## <u>NOTICE TO FORMER MMA CLIENTS REGARDING</u><br><u>DISTRIUBTION OF FUNDS HELD BY LIGA</u>

Dear Former MMA Clients:

      You were previously represented by MMA Law Firm in connection with a legal matter. At this time, the Louisiana Insurance Guaranty Association (**"LIGA"**) is holding funds related to your case, and you have the right to determine how those funds are distributed.

### <u>Action Required – Please Select One Option Below:</u>

☐ <u>**Option 1**</u>: I request full reimbursement of the funds held by LIGA in the amount of _____.

☐ <u>**Option 2**</u>: I request a partial reimbursement of the funds held by LIGA. I seek reimbursement of all amounts except the court filing fees that MMA incurred on my behalf in the amount of $_____[1] when MMA filed my lawsuit.

☐ <u>**Option 3**</u>: I waive my right to reimbursement and understand that these funds may be disbursed to MMA Law Firm for attorney's fees and expenses incurred in my litigation.

---

[1] This amount will be inserted when mailed to each specific client depending on the amount of their respective filing fees previously paid by MMA.

**You must mail this completed form to the Clerk of Court via prepaid United States Mail at the following address:**

**Clerk of Court**

P.O. Box 61010

Houston, Texas 77208

The form must be received by the Clerk no later than **[Insert Deadline Date]**.[2]  Due to mailing uncertainties, it is recommended that you send your completed form as soon as possible, via certified mail with proof of delivery.  For any questions on whether your notice has been filed, please contact undersigned counsel.

**IF THE CLERK DOES NOT RECEIVE YOUR COMPLETED FORM BY <mark>[INSERT DATE]</mark>, YOU WILL BE DEEMED TO HAVE WAIVED ANY CLAIM TO THE FUNDS, AND THE FULL AMOUNT MAY BE DISTRIBUTED TO MMA LAW FIRM.**

Dated: _____

Respectfully submitted,

By: _/s/ Miriam T. Goott_
       Miriam T. Goott
       Attorney-in-charge
       SBN 24048846
       COUNSEL FOR MMA

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
mgoott@walkerandpatterson.com

---

[2] This date will be filled in by MMA based on the terms of the Settlement Agreement.

Label Matrix for local noticing
0541-4
Case 24-31596
Southern District of Texas
Houston
Wed Mar 19 18:37:22 CDT 2025

ACAR Leasing Ltd. d/b/a GM Financial Leasing
P O Box 183853
Arlington, TX 76096-3853

Allied World Insurance Company
1690 New Britain Ave.,
Suite 101
Farmington, CT 06032-3361

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

City of Houston
Linebarger Goggan Blair & Sampson LLP
Jeannie Lee Andresen
PO Box 3064
Houston, TX 77253-3064

Cristobal M. Galindo, PC d/b/a Galindo Law
c/o Hayward PLLC
10501 N. Central Expwy., Ste. 106
Dallas, TX 75231-2203

EAJF ESQ Fund, LP
c/o Misty A. Segura, Spencer Fane LLP
3040 Post Oak Blvd.
Ste. 1400
Houston, TX 77056-6584

Equal Access Justice Fund, LP
c/o Misty A. Segura, Spencer Fane LLP
3040 Post Oak Blvd.
Ste. 1400
Houston, TX 77056-6584

Lone Star College System
Linebarger Goggan Blair & Sampson LLP
c/o Jeannie Lee Andresen
PO Box 3064
Houston, TX 77253-3064

Louisiana Farm Bureau
P.O. Box 95008
Baton Rouge, LA 70895-9008

MMA Law Firm, PLLC
Suite 810
1235 North Loop West
Houston, TX 77008-1764

Starlight Studios, LLC
c/o Leo D. Congeni
Suite 2750
New Orleans, LA 70130 United States

Texas Comptroller of Public Accounts
c/o Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin, tx 78711-2548

Texas Workforce Commission
Jamie Kirk
c/o Sherri K. Simpson, Paralegal
P.O. Box 12548
Austin, TX 78711-2548

4
United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

ADP Run
7924 West Sahara Avenue
Las Vegas, NV 89117-1990

AMO Trial Lawyers
3850 N. Causeway Boulevard
Suite 590
Metairie, LA 70002-8120

AT&T - old account (TX)
P.O. Box 5019
Carol Stream, IL 60197-5019

Abdul Muhammad
58025 Geroge St.
Plaquemine, LA 70764-2207

Abel Law Firm, LLC
405 W 2nd St.
Thibodaux, LA 70301-3009

Access Restoration Services US, Inc.
Attn: Scott Jacobi
27657 Commerce Oaks Drive
Conroe, Tx 77385-4405

Access Restoration Services US, Inc.
c/o Andrews Myers, PC
Attn: Lisa M. Norman
1885 Saint James Place, 15th Fl
Houston, Texas 77056-4176

Addison Houston
521 Sykes St.
Shreveport, LA 71104-3639

Aldine ISD Tax Office
14909 Aldine Westfield Rd
Houston, TX 77032-3027

Alexandria Rahn
Suite 800
10440 N. Central Expressway
Dallas, TX 75231-2264

Alexandria Twiss
Suite 4200
1717 Main St.
Dallas, TX 75201-4876

Alexis A. Taylor, LLC
P.O. Box 1060
Independence, LA 70443-1060

Alixe Duplechain
Suite 3300
201 St. Charles Ave.
New Orleans, LA 70170-3400

All Peril Adjusting, LLC
594 Sawdust Rd.
Suite 354
The Woodlands, TX 77380-2215

Allied World Insurance Company
c/o Werner Ahari Mangel LLP
8117 Preston Road, Suite 300
Dallas, TX 75225-6347

Alvendia, Kelly, Demarest Law, LLC
909 Poydras Street
Suite 1625
New Orleans, LA 70112-4067

Andrea Miller
Suite 1600
909 Poydras
New Orleans, LA 70112-4013

Andres Holmgren
Suite 3300
201 St. Charles Ave.
New Orleans, LA 70170-3400

Apex Roofing and Restoration, LLC
c/o Scott R. Bickford, Esq
338 Lafayette Street
New Orleans, LA 70130-3244

Aramark Refreshments Services, LLC
c/o Devin G. Bray
Hawley Troxell Ennis & Hawley LLP
P.O. Box 1617
Boise, ID 83701-1617

Baggett McCall LLC
3006 Country Club Road
Suite 100
Lake Charles, LA 70605-5920

Barcus Arenas PLLC
2200 N Loop West
Ste. 108
Houston, TX 77018-1753

Bayou Adjusting
P.O. Box 837
Walker, LA 70785-0837

Becker & Hebert
201 Rue Beauregard
Lafayette, LA 70508-3251

Beverly DeLaune
755 Magazine St.
New Orleans, LA 70130-3629

Bisig Law Firm, LLC
206 N. Church Street
Jennings, LA 70546-5810

Bolen, Parker, Brenner, Lee & Miller, Lt
709 Versailles Blvd.
Alexandria, LA 71303-2352

Boling Law Firm, LLC
541 Julia St.
Ste. 300
New Orleans, LA 70130-3695

Bonnie J. Brown
c/o The Kassab Law Firm
1214 Elgin Street
Houston, Texas 77004
eserve@kassab.law 77004-2829

Brasher Law Firm, PLLC
1555 Poydras Street
Suite 1600
New Orleans, LA 70112-3769

Brian Craig Johnson, P.E.
7600 Chicago Ave. S
Richfield, MN 55423-4450

Brian F Guillot Attorney at Law
1716 Apple St
Metairie, LA 70001-2349

Broussard & Dove, APLC
7605 Park Avenue
Houma, LA 70364-3642

Broussard Injury Lawyers
321 Veterans Memorial Blvd
Suite 205
Metairie, LA 70005-3060

Burgos & Associates, LLC
3535 Canal Street
Suite 200
New Orleans, LA 70119-6170

CURTRECHIA NUNN
5015 B PLACE
MERIDIAN, MS 39305-2258

Cameron Snowden
Suite 2900
2933 Myrtle Ave.
Baton Rouge, LA 70806-6847

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

CapitalOne Spark
P.O. Box 30285
Salt Lake City, UT 84130-0285

Carey D. Yazeed
c/o The Kassab Law Firm
1214 Elgin Street
Houston, Texas 77004
eserve@kassab.law 77004-2829

Carl J. Selenberg, Attorney at Law
3713 Airline Drive
Metairie, LA 70001-5836

Catherine Patriarca
Suite 2400
601 Poydras St.
New Orleans, LA 70130-6036

Chad T. Wilson Law Firm, PLLC
455 East Medical Center Blvd.
Ste. 555
Webster, TX 77598-4405

Charbonnet Law Firm, LLC
501 Clearview Parkway
Metairie, LA 70001-4626

Chehardy Sherman Williams Law Firm
1 Galleria Boulevard
Suite 1100
Metairie, LA 70001-2033

Chelsea Dazet Attorney at Law
221 E Kirkland Street
Covington, LA 70433-2701

Christine Mockosher Griffin
8483 Nick Rd.
Greenwood, LA 71033-2615

Christovich & Kearney, LLP
601 Poydras St. Suite 2300
New Orleans, LA 70130-6078

City of Houston
c/o Jeannie L. Andresen
Linebarger Goggan Blair & Sampson LLP
PO Box 3064
Houston, TX 77253-3064

Civil Legal Services, LLC
2221 Saint Claude Ave
New Orleans, LA 70117-8455

Claire Easterling Pontier
Suite 3250
1100 Poydras Street
New Orleans, LA 70163-3201

Claude Britton, III
c/o The Kassab Law Firm
1214 Elgin Street
Houston, Texas 77004
eserve@kassab.law 77004-2829

Claude Reynaud, III
9 Killdeer St.
New Orleans, LA 70124-4512

Clay Cosse
Suite 4200
1717 Main St.
Dallas, TX 75201-4876

Clerk of Court - Beauregard Parish
P.O. Box 100
DeRidder, LA 70634-0016

Clerk of Court - Caddo Parish
501 Texas St.
Room 103
Shreveport, LA 71101-5402

Clerk of Court - Calcasieu Parish
P.O. Box 1030
Lake Charles, LA 70602-1030

Coastal Claims
2650 N Dixie Fwy
New Smyrna Beach, FL 32168-5774

Comcast - Old account (TX)
P.O. Box 8587
Philadelphia, PA 19101-8587

Comcast - old account (FL)
444 Highway 96 East
St. Paul, MN 55127-2557

Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin TX 78711-2548

Concur
SAP Philippines, Inc.
Topaz Rd. & Ruby Rd.
1600 Manila, Philippines

Cornerstone Consulting Group
243 La Costa Circle
Weatherford, TX 76088-2208

Coss Law Firm, LLC
1515 Poydras Street
Suite 900
New Orleans, LA 70112-4505

Cox Cox Filo Camel Wilson & Brown, LLC
723 Broad Street
Lake Charles, LA 70601-4338

Cristobal M. Galindo, P.C.
c/o Charlie Shelton
Hayward PLLC
7600 Burnet Road, Suite 530
Austin, Texas 78757-1269

Cueria Law Firm, LLC
650 Poydras Street
Suite 2740
New Orleans, LA 70130-6123

Curtis R. Davis
c/o The Kassab Law Firm
1214 Elgin Street
Houston, Texas 77004
eserve@kassab.law 77004-2829

Curtis and Ardene Tassin
Health Law Group LLC
201 St.Charles Avenue, Suite 2500
New Orleans, LA 70170-2500

Cynthia Johnson
1318 Bank Avenue
New Iberia, LA 70560-6149

Cynthia Troxclair
PO Box 1731
Kinder, LA 70648-1731

Dale Jefferson
Suite 1100
808 Travis St.
Houston, TX 77002-5831

Daly & Black, P.C.
2211 Norfolk St.
#800
Houston, TX 77098-4030

Daly & Black, PC
2211 Norfolk Street
Suite 800
Houston, TX 77098-4030

Darrell Broussard
420 Tommys Rd.
Sunset, LA 70584-5330

David Schenck
Suite 4200
1717 Main St.
Dallas, TX 75201-4876

Deborah Hollie
390 Burks Rd.
Starks, LA 70661-5042

Definiti
P.O. Box 95357
Grapevine, TX 76099-9733

Delphin Law Offices
626 Broad St
Lake Charles, LA 70601-4337

Delsa Law Firm
3260 Range Court
Mandeville, LA 70448-8494

Destiney Griffin
3841 Accacia Lane
Harvey, LA 70058-2169

(p)PRISCILLA MICHEL
ATTN DEUTSCH KERRIGAN LLP
755 MAGAZINE STREET
NEW ORLEANS LA 70130-3629

Didriksen, Saucier & Woods, PLC
3114 Canal Street
New Orleans, LA 70119-6202

Disaster Solutions
1301 Seminole Blvd
Suite 140
Largo, FL 33770-8102

Disaster Solutions
192 Solhelm Lane
Raleigh, NC 27603-5555

Don A Rouzan & Associates LLA Counsellor
1010 Common St
Suite 2410
New Orleans, LA 70112-2462

Dupont Claim Services
1721 Hwy 22W
Madisonville, LA 70447-9446

Dwane Borel
c/o The Kassab Law Firm
1214 Elgin Street
Houston, Texas 77004-2829

Egenberg Trial Lawyers
650 Poydras Street
Suite 2000
New Orleans, LA 70130-7206

Elsbet Smith
Suite 200
111 N. Oak St.
Hammond, LA 70401-3240

Equal Access Justice Fund, LP
c/o Fred Johnson
Spencer Fane, LLP
3040 Post Oak Blvd, Suite 1400
Houston, TX 77056-6584

Ernest Willaims
110 Hansel St.
New Iberia, LA 70560-5040

Esquire Deposition Solutions
1500 Centre Pkwy
Suite 100
East Point, GA 30344-8152

Eunice Pillette
503 East Valcourt St.
Abbeville, LA 70510-2329

Exact Building Consultants
18702 69th Ave E
Bradenton, FL 34211-7096

Favret Carriere Cronvich
650 Poydras Street
Suite 2300
New Orleans, LA 70130-6162

Fitz-Gerald Hebert & DeLouche
2306 Sampson St
Westlake, LA 70669-2712

Frank J D'Amico Jr, APLC
4608 Rye Street
Metairie, LA 70006-5314

Frederick M Lupfer
1824 County Road 3113
Jacksonville, TX 75766-6185

Frischhertz Impastato Person Injury Law
1140 St. Charles Ave.
New Orleans, LA 70130-4332

GM Financial
P.O. Box 180682
Arlington, TX 76096-0682

Galindo  Law
4151 Southwest Fwy
#602
Houston, TX 77027-7320

Galindo Law Trial Attorneys
4151 Southwest Fwy
Suite 602
Houston, TX 77027-7320

Ginger Beebe
21 Virgil Beebe Rd
Lena, LA 71447-9676

Glabal Estimating Services, Inc.
25000 Pitkin Rd.
Suite 201/202
Spring, TX 77386-2467

Glago Williams Attorney at Law
909 Poydras Street
29th Floor
New Orleans, LA 70112-4000

Global Estimating Services, Inc.
c/o Andrews Myers, PC
Attn: Lisa M. Norman
1885 Saint James Place, 15th Fl
Houston, Texas 77056-4176

Godbey Giardina Law Group
1381 Fremaux Avenue
Slidell, LA 70458-8316

Gordon McKernan Injury Attorneys
5656 Hilton Avenue
Baton Rouge, LA 70808-2524

Gordon, Arata, Montgomery, Barnett, McCo
201 St. Charles Ave
40th Floor
New Orleans, LA 70170-1006

Grant Gardiner
3129 Bore St.
Metairie, LA 70001-5333

Guest Law Firm
1900 32nd Street
Kenner, LA 70065-3675

Gwyneth O'Neill
Suite 1600
909 Poydras
New Orleans, LA 70112-4013

HAAG
P.O. Box 660625
Dallas, TX 75266-0625

Hair Shunnarah Trial Attorneys
3540 S. I-10 Service Road W.
Suite 300
Metairie, LA 70001-1976

Harold Boudreaux
105 Crestmont Blvd
Youngsville, LA 70592-5653

Harris Wells
Suite 3500
1100 Louisiana St.
Houston, TX 77002-5212

Heath Law Group, LLC
201 St. Charles Ave
Suite 2500
New Orleans, LA 70170-2500

Herman, Herman & Katz, LLC
909 Poydras Street
Suite 1860
New Orleans, LA 70112-4060

(p)HOGAN ATTORNEYS
PO BOX 1274
NO 1
HAMMOND LA 70404-1274

Houghtaling Law Firm, LLC
3850 Causeway Blvd
Suite 1090
Metairie, LA 70002-8141

Howard Marshall
Suite 2300
601 Poydras St.
New Orleans, LA 70130-6078

Huber Thomas Law, LLP
1100 Poydras Street
Suite 2200
New Orleans, LA 70163-1123

InQuest General Contracting LLC
P.O. Box 1827
Quinlan, TX 75474-0031

Insurance Claim Solutions - Umpire
1458 Old Fort Road
Farview, NC 28730-7616

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Iron Mountain
3502 Bissonnet St.
Houston, TX 77005-2118

Irpino, Avin & Hawkins Law Firm
2216 Magazine Street
New Orleans, LA 70130-5637

J.A. Consulting
7948 Davis Boulevard
Suite 100
North Richland Hills, TX 76182-6953

JJC Law LLC
3914 Canal Street
New Orleans, LA 70119-6003

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

JT Law Firm
111 North Orange Ave
Ste. 800
Orlando, FL 32801-2381

James McClenny
380 Ridge Lake Scenic Dr.
Montgomery, TX 77316-6933

James S. Dartez
c/o The Kassab Law Firm
1214 Elgin Street
Houston, Texas 77004
eserve@kassab.law 77004-2829

Jason J. Joy & Associates
909 Texas Ave.
Suite 1801
Houston, TX 77002-3192

Jayne Moseley
c/o Tran Singh LLP
2502 La Branch Street
Houston, Texas 77004-1028

Jean Frizzell
Suite 3500
1100 Louisiana St.
Houston, TX 77002-5212

Jesse P Barnett III
2587 Bayou Rd
Port Barre, LA 70577-5457

John G Toerner Attorney At Law
19335 N 9th Street
Covington, LA 70433-8801

John Jordan
P.O. Box 2828
Hammond, LA 70404-2828

John M Welborn III Attorney At Law
508 N Pine St
DeRidder, LA 70634-3908

John Zachary Moseley
1235 N. Loop West, Suite 810
Houston, TX 77008-1764

Jonathan Lemann
Suite 3250
1100 Poydras Street
New Orleans, LA 70163-3201

Jones & Hill Personal Injury Attorneys
215 West 6th Ave
Oberlin, LA 70655

Joubert Law Firm APLC
2171 Quail Run Drive
Baton Rouge, LA 70808-4287

Joyner Law Firm
2236 St Charles Ave
Suite A
New Orleans, LA 70130-5822

Kaleb Blake Company Umpire Services
1709 Gornto Road
A-308
Valdosta, GA 31601-8406

Kandell, Kandell & Petrie, P.A.
2665 S Bayshore Dr
Suite 500
Miami, FL 33133-5462

Katherine Monson, et al
1100 Poydras Street
Suite 3250
New Orleans, LA 70163-3201

Katrena Henderson & Charles Tapp
4614 Quarter Charge Dr
Annandale, VA 22003-4622

Kevin Kelly
1120 Wyndham South
Gretna, LA 70056-8370

Kevin Tully
Suite 2300
601 Poydras St.
New Orleans, LA 70130-6078

Klotz & Early Law Firm
909 Poydras Street
Suite 2950
New Orleans, LA 70112-4006

Krause & Kinsman Trial Lawyers, LLP
Saul Ewing LLP c/o Turner Falk, Esq.
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2100

Krause and Kinsman Trial Lawyers
4717 Grand Ave
#300
Kansas City, MO 64112-2206

LaHatte Law LLC
2000 Clearview Pkwy
Suite 203
Metairie, LA 70001-2441

Laborde Earles Injury Lawyers
1901 Kaliste Saloom Rd
Lafayette, LA 70508-6115

Law Office of Carolyn O Hines
1330 Jackson St
Suite C
Alexandria, LA 71301-6929

Law Office of Deborah E. Lonker
3636 S I 10 Service Rd W
Suite 100
Metairie, LA 70001-6418

Law Office of Laura Jean Todaro
909 W Esplanade Ave
Suite 203
Kenner, LA 70065-2700

Law Office of Phillip T. Hager
3500 North Hullen Street
Metairie, LA 70002-3420

Law Office of Stephen M Smith Attorney
1425 N Broad St
Suite 201
New Orleans, LA 70119-2397

Law Office of Steven J Rando LLC
3530 Canal St
New Orleans, LA 70119-6109

Law Offices of Jeremy Moody LLC
327 Nora Broussard Rd
Youngsville, LA 70592-5661

Lawrence R. Anderson, Jr. Attorney at La
11953 Coursey Boulevard
Baton Rouge, LA 70816-4406

Lee Hoffoss Injury Lawyers
517 W College St
Lake Charles, LA 70605-1529

LeeRoy Jefferson
2667 Sligo Road
Haughton, LA 71037-7671

Linda Luz Rodriguez Wilhelm
316 Beverly Loop
Pineville, LA 71360-5594

Linda Thomas
4224 Worthy Dr.
Lake Charles, LA 70607-4810

Lloyd Cox
c/o The Kassab Law Firm
1214 Elgin Street
Houston, Texas 77004
eserve@kassab.law 77004-2829

Locklin Consulting, LLC
17319 Fountainbluff Drive
San Antonio, Texas 78248-1931

Locklin Consulting, LLC
2478 S 3rd Ave
Walla Walla, WA 99362-4478

Lone Star College System
c/o Jeannie L. Andresen
Linebarger Goggan Blair & Sampson LLP
PO Box 3064
Houston, TX 77253-3064

Long & Long Law Firm
3600 Springhill Memorial Drive N.
Mobile, AL 36608-1162

Lorenzo Garner
1201 Butter Street
Leesville, LA 71446-2705

Louisiana TWC
P.O. Box 94050
Baton Rouge, LA 70804-9050

Lundy, Lundy, Soileau & South, LLP
501 Broad Street
Lake Charles, LA 70601-4334

Lynda L. Jenkins
c/o The Kassab Law Firm
1214 Elgin Street
Houston, Texas 77004
eserve@kassab.law 77004-2829

Mahfouz Law Firm, LLC
1201 Brashear Avenue
Suite 201
Morgan City, LA 70380-1380

Manning General Contractors
402 SW Market St.
Lees Summit, MO 64063-3940

Mansfield Melancon Cranmer & Dick Injury
318 Harrison Ave
New Orleans, LA 70124-3126

Marcelle Robertson Mestayer LLC
650 Poydras St
Suite 2720
New Orleans, LA 70130-6183

Marino Guillory
101 Weaver Street
Eunice, LA 70535-2863

Mark W Smith & Associates PLLC Attorneys
500 N Causeway Blvd
Metairie, LA 70001-5340

Mary C. Augustine
210 Addie Drive
Crowley, LA 70526-7212

McKee Law Firm LLC
1100 Poydras St
Suite 1475
New Orleans, LA 70163-1409

Melissa Lessel
755 Magazine St.
New Orleans, LA 70130-3629

Mike Brandner Law Firm
3621 Veterans Memorial Boulevard
Metairie, LA 70002-5839

Mixon Carroll & Frazier LLC
P O Drawer 1619
Columbia, LA 71418-1619

Montiel Hodge
400 Poydras St
Suite 2325
New Orleans, LA 70130-3230

Morgan Law Group, P.A.
1331 Ochsner Blvd., Ste. 101
Covington, LA 70433-8177

Morris Bart LLC
601 Poydras St
Floor 24
New Orleans, LA 70130-6036

National Public Adjusting, LLC
25015 Spring Creek Drive
Spring, TX 77380-2441

New Orleans Legal LLC
643 Magazine St
Suite 202
New Orleans, LA 70130-3436

Nicaud & Sunseri Law Firm
3000 18th St
Metairie, LA 70002-4903

Noble Public Adjusting
107 Amar Place
#103
Panama City Beach, FL 32413-5014

Noland Law Office
533 Europe St
Baton Rouge, LA 70802-6408

Norris Law Firm Personal Injury
8 North Oak St
Vidalia, LA 71373-3332

Oakwoood Bank
8411 Preston Rd
Suite 600
LB 35
Dallas, TX 75225-5545

Opal Prejean
1709 Seventh St.
Lake Charles, LA 70601-5572

PCG - Property Loss Consultants
2000 Mallory Lane
Suite 130, #239
Franklin, TN 37067-8231

Pandit Law
701 Poydras Street
Suite 3950
New Orleans, LA 70139-7731

Patout & Shaw, PLLC
1235 N Loop W
8th Floor
Houston, TX 77008-1764

Paul Adams
340 Scenic Drive
Ville Platte, LA 70586-2975

Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534

Philip C Hoffman Attorney at Law
643 Magazine St
Suite 300 A
New Orleans, LA 70130-3433

Pierce & Shows Attorneys
601 St Joseph St
Baton Rouge, LA 70802-6053

Principal Financial
P.O. Box 249
Itasca, IL 60143-0249

R. William Huye, III
2106 Key West Cove
Austin, TX 78746-7256

Raspanti Law Firm
3900 North Causeway Blvd
Suite 1470 (Lakeway 1)
Metairie, LA 70002-7237

Regina A. Ceaser
4200 CoCo Miguel Rd.
New Iberia, LA 70560-9524

Richardson Law Group
422 E Lockwood St
Covington, LA 70433-2977

Riess LeMieux LLC
1100 Poydras St
Suite 110
New Orleans, LA 70163-1101

Robert Angelle, APLC
3231 N Interstate 10 Service Rd W
Metairie, LA 70002

Robert Emmet Couhig , Jr
Suite 3250
1100 Poydras Street
New Orleans, LA 70163-3201

Ron Anthony Austin
400 Manhattan Boulevard
Harvey, LA 70058-4442

Roper Ligh Attorneys
10935 Perkins Rd
Suite B
Baton Rouge, LA 70810-3005

Roy & Scott
P O Box 544
Marksville, LA 71351-0544

SWLA Injury Attorneys, LLC
949 Ryan Street
Suite 130
Lake Charles, LA 70601-5595

ScanStat
P.O. Box 791522
Baltimore, MD 21279-1522

Scope Pros, LLC
8060 East Girard Avenue
Unit 619
Denver, CO 80231-4417

Scott Galante
816 Cadiz St.
New Orleans, LA 70115-1512

Scott Huete
400 Manhattan Boulevard
Harvey, LA 70058-4442

Shavaun Miller
215 Ralph Street
Midland, LA 70559-1920

Simien & Simien, LLC
7908 Wrenwood Blvd.
Baton Rouge, LA 70809-1796

Smith Jadin Johnson PLLC
7900 Xerxes Avenue South
Suite 2020
Bloomington, MN 55431-1132

Spencer Fane, LP
Fred Johnson
3040 Post Oak Blvd, Suite 1400
Houston, TX 77056-6584

Starlight Studios, LLC
c/o Congeni Law Firm, LLC
650 Poydras Street, Ste. 2750
New Orleans, LA 70130-6152

Stephenson, Chavarri & Dawson LLC
400 Poydras St
Suite 1990
New Orleans, LA 70130-3273

Stolk Lab
1711 Analog Dr.
Richardson, TX 75081-1944

TX Tag
P.O. Box 650749
Dallas, TX 75265-0749

Texas Workforce Commission
Office of Attorney General
BK/Collections
P.O. BOX 12548, MC008
Austin, TX 787112548

The Chopin Law Firm
650 Poydras Street
Suite 1550
New Orleans, LA 70130-7213

The Devereaux Law Firm
2113 Lakeshore Drive
Mandeville, LA 70448-5832

The Johnson Firm Lawyers
1419 Ryan St
Lake Charles, LA 70601-5918

The Kidwell Group, LLC
d/b/a Air Quality Assessors of Florida
c/o Latham Luna Eden & Beaudine, LLP
201 S. Orange Ave.
Suite 1400
Orlando, Florida 32801-3483

The King Firm
2912 Canal St
New Orleans, LA 70119-6304

The Law Firm of Hesni & Rossetti, PLC
407 Huey P. Long Avenue
Gretna, LA 70053-5917

The Law Office of Richard J Fernandez LL
3000 W Esplanade Ave N
Suite 200
Metairie, LA 70002-1877

The Mahome Firm
5190 Canal Boulevard
Suite 102
New Orleans, LA 70124-1710

The Morgan Law Group
1331 Ochsner Blvd
Ste. 101
Covington, LA 70433-8177

The Pellegrin Firm LLC
3500 N Hullen St
Suite 17D
Metairie, LA 70002-3420

The Townsley Law Firm
3102 Enterprise Blvd.
Lake Charles, LA 70601-8722

The Voorhies Law Firm
1100 Poydras Street
Suite 2810
New Orleans, LA 70163-2810

The Webster Law Firm, P.C.
6200 Savoy Drive
Suite 150
Houston, TX 77036-3320

Thomas Flanagan
Suite 3300
201 St. Charles Ave.
New Orleans, LA 70170-3400

Thomson Reuters
610 Opperman Drive
Eagan, MN 55123-1340

Timothy B Moore Law Office LLC
10001 Lake Forest Blvd
Suite 870
New Orleans, LA 70127-6200

Tollefson Bradley Mitchell & Melendi, LL
2811 McKinney Ave.
Suite 250
Dallas, TX 75204-8545

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002-2604

United States Trustee
Suite 3516
515 Rusk
Houston, TX 77002-2604

VG Law Group, L.L.P.
8751 W. Broward Blvd.
Suite 200
Plantation, FL 33324-2630

VG Vilar & Green Attorneys
1450 Dorchester Dr
Alexandria, LA 71301-3408

Veron Bice Attorneys At Law
721 Kirby St
Lake Charles, LA 70601-5333

Vidal Law & CPA Firm LLC
135 Woodlake Blvd
Kenner, LA 70065-1058

Wayne J. Adams
c/o The Kassab Law Firm
1214 Elgin Street
Houston, Texas 77004-2829

Webster Vicknair Macleod
6200 Savoy  Drive
Suite 150
Houston, TX 77036-3320

Welborn & Hargett Injury Attorneys
1540 W Pinhook Rd
Lafayette, LA 70503-3159

Whitworth Law Firm, LLC
900 France Street
Baton Rouge, LA 70802-6023

Wilkofsky, Friedman, Karel & Cummins
299 Broadway
Ste. 1700
New York, NY 10007-1914

William Gibbens
Suite 1600
909 Poydras
New Orleans, LA 70112-4013

William Macaluso
Suite 200
111 N. Oak St.
Hammond, LA 70401-3240

William Ross
816 Cadiz St.
New Orleans, LA 70115-1512

Woody Falgoust, A Law Corporation
1050 Canal Blvd.
Thibodaux, LA 70301-4508

Zach Mosely
1235 N. Loop West
Suite 810
Houston, TX 77008-1764

Zeringue Law Group
311 Patriot St.
Thibodaux, LA 70301-3023

Avi Moshenberg
Lawson & Moshenberg PLLC
801 Travis St.
Ste 2101, #838
Houston, TX 77002-5730

BANKRUPTCY ATTY. ALDINE INDEPENDENT SCHOOL D
2520 W.W. THORNE BLVD.
LEGAL DEPARTMENT
HOUSTON, TX 77073-3406

Charles William Nicolas Tapp
4614 Quarter Charge Dr
Annandale, VA 22003-4622

Eva S Engelhart
Ross Banks May Cron & Cavin P.C.
7700 San Felipe, Suite 550
Houston, TX 77063-1618

James Marshall McClenny
380 Ridge Lake Scenic Drive
Montgomery, TX 77316-6933

Jayne Moseley
c/o Tran Singh LLP
2502 La Branch Street
Houston, TX 77004-1028

Johnie J Patterson
Walker & Patterson,P.C.
P.O. Box 61301
Houston, TX 77208-1301

Katrena Leigh Henderson
4614 Quarter Charge Dr
Annandale, VA 22003-4622

Miriam Goott
Walker & Patterson, PC
PO Box 61301
Houston, TX 77208-1301

Nicholas Lawson
Lawson Moshenberg PLLC
801 Travis St.
Ste 2101 #838
Houston, TX 77002-5730

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Deutsch Kerrigan LLP
755 Magazine Street
New Orleans, LA 70130

Hogan Attorneys
310 North Cherry St.
No. 1
Hammond, LA 70401

Internal Revenue Service
Special Procedures
Stop 5022 HOU
1919 Smith St.
Houston, TX  77002

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Apex Roofing and Restoration, LLC | (u)Daly & Black, P.C. | (u)Global Estimating Services, LLC |
| (u)Hancock Whitney Bank | (u)Kane Russell Coleman Logan PC | (u)Laborde Earles |
| (u)Locklin Consulting, LLC | (u)Makkah Corporation | (u)Morris Bart, L.L.C. |
| (u)Noble Public Adjusting Group, LLC | (u)Oakwood Bank | (u)Official Committee of Unsecured Creditors |
| (u)PCG Claims, LLC d/b/a PCG Consulting, LLC | (u)Porsche Financial Services, Inc. | (u)Spencer Fane LLP<br>3040 Post Oak Blvd.<br>Suite 1400<br>Houston |
| (u)State Farm Fire & Casualty Company | (u)Tort Network, LLC d/b/a Velawcity | (d)American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| (d)EAJF ESQ Fund, LP<br>c/o Misty A. Segura, Spencer Fane, LLP<br>3040 Post Oak Blvd., Ste. 1400<br>Houston, TX 77056-6584 | (u)Katherine Monson, individually<br>& for all similarly situated<br>in Plaintiff Class | (u)Kovar Law Group |
| (d)Louisiana Farm Bureau<br>P.O. Box 95008<br>Baton Rouge, LA 70895-9008 | (u)SJP Law Firm | (d)Zeringue Law Group<br>311 Patriot Street<br>Thibodaux, LA 70301-3023 |
| (u)Katherine Monson | End of Label Matrix<br>Mailable recipients   291<br>Bypassed recipients    25<br>Total                 316 | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| *Debtor.* | § | |

**ORDER APPROVING COMPROMISE OF CONTROVERSY**
**BETWEEN MMA LAW FIRM, PLLC AND LOUISIANA INSURANCE GUARANTY**
**ASSOCIATION**
[Relates to ECF No. ___ ]

It is

**ORDERED** that the Debtor's Motion to Compromise Controversy (the, **"9019 Motion"**)

with the Louisiana Insurance Guaranty Association (**"LIGA"**) is GRANTED in full, and it is

further

**ORDERED** that the Settlement Agreement attached hereto as **Exhibit A** (the, **"Settlement**

**Agreement"**) is APPROVED, and it is further

**ORDERED** that, to the extent any objections to the 9019 Motion were filed and have not

been withdrawn, waived or resolved, such objections are hereby overruled, and it is further

**ORDERED** that the Debtor is authorized to enter into and consummate the Settlement

Agreement in accordance with the terms and conditions set forth therein, and it is further

**ORDERED** that the automatic stay under Section 362 of the Bankruptcy Code shall be

modified and lifted, to the extent applicable, to allow LIGA to take all actions contemplated under

the Settlement Agreement, including without limitation, continuing the prosecution of any and all

former MMA cases currently, as contemplated in the Settlement Agreement, including (but not

limited to) obtaining judgments, settling, dismissing and/or otherwise finally resolving said cases, and making any and all payments required to any attorney, or claimant, and it is further

**ORDERED** that LIGA shall not seek any determination from any court other than the United States Bankruptcy Court for the Southern District of Texas regarding MMA's entitlement to attorneys' fees or the removal of MMA's name from any settlement check, and it is further

**ORDERED** that, upon (i) LIGA's payment of the amounts required under the Settlement Agreement to MMA and to the registry of the Bankruptcy Court, (ii) delivery of the Contact Information to MMA, and (iii) MMA's delivery of the Notices as provided in the Settlement Agreement, (a) LIGA and MMA shall be deemed to have mutually released and discharged each other from any and all claims, demands, and causes of action, known or unknown, including, without limitation, any claims that were or could have been asserted in the Adversary Proceeding; provided, however, that such release shall not apply to, and shall not be deemed to waive or discharge, any obligations of either party under the Settlement Agreement, and (b) LIGA shall have no further obligation to any person or entity on account of the Unrepresented Settlement Holdback Funds, the Represented Settlement Holdback Funds, including but not limited to any Successor Law Firms or Unrepresented Former Clients; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Settlement Order and the Settlement Agreement.


SIGNED:_____

_____
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO.    24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | |
| DEBTOR | § | |
| | § | |
| | § | ADV. P. NO. 25-03426 |
| LOUISIANA INSURANCE GUARANTY | § | |
| ASSOCIATION | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | |
| | § | |
| Defendant | | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law

Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"),

through its duly authorized undersigned representative, on the one hand, and Louisiana Insurance

Guaranty Association ("**LIGA**"), through its duly authorized undersigned representative, on the

other hand. MMA and LIGA are each referred to individually as a "**Party**" and collectively as the

"**Parties.**"

The Debtor and LIGA hereby agree to the following terms and conditions below, which

are expressly subject to approval by the United States Bankruptcy Court for the Southern District

of Texas (the "**Bankruptcy Court**").

## DEFINITIONS AND RECITALS

1)  MMA previously represented thousands of storm victims in property damage claims against their insurers following Hurricanes Laura, Delta, Zeta, and Ida on a contingency fee basis (the "**MMA Clients**").

2)  On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with the Debtor for ninety days (the "**Suspension Order**").

3)  After the Suspension Order, many law firms assumed representation of MMA's former clients, while some clients continued their litigation without securing new counsel (collectively, the "**Former MMA Clients**").

4)  Some Former MMA Clients held policies with insurers later placed into receivership and declared insolvent. LIGA became statutorily obligated to pay certain covered claims under certain policies issued by these insolvent insurers.

5)  For purposes of this Agreement only:

   a.  Former MMA Clients who retained new counsel are referred to as "**Represented Former Clients**," and the law firms that assumed their representation are referred to as the "**Successor Law Firms.**"

   b.  Former MMA Clients who (a) did not retain new counsel, or (b) retained new counsel temporarily but settled with LIGA without further attorney involvement, are referred to as "**Unrepresented Former Clients.**"

   c.  For the avoidance of doubt, the term "**Former MMA Clients**" includes both Represented Former Clients and Unrepresented Former Clients.

6)  On July 22, 2025, LIGA initiated an adversary proceeding against MMA (Case No. 25-03429) (the "**Adversary Proceeding**") by filing a Complaint for Declaratory Judgment (the

"**Complaint**").

7)      The Complaint asserts that LIGA is holding in trust a portion of settlement funds related to property damage claims of Unrepresented Former Clients (the "**Unrepresented Settlement Holdback Funds**").

8)      In the Complaint, LIGA seeks a declaration that the Unrepresented Settlement Holdback Funds are not property of the bankruptcy estate, that payment of such funds to the Unrepresented Former Clients does not violate the automatic stay, and that LIGA may pay all similarly situated Former MMA Clients in full without violating 11 U.S.C. § 362(a).

9)      On July 22, 2025, MMA filed a Motion to Dismiss the Complaint and asserted counterclaims against LIGA, seeking turnover of the Unrepresented Settlement Holdback Funds pursuant to 11 U.S.C. § 542(a), as well as alleging a violation of the automatic stay with respect to the Represented Former Clients.

10)     LIGA has represented that it is holding a total of $1,162,964.26 for 239 Unrepresented Former Clients whose cases have been fully resolved (the "**Unrepresented Settlement Holdback Funds**").

11)     Additionally, LIGA has represented that it is holding $522,398.43 for 91 Represented Former Clients whose cases have also been fully or partially resolved (the "**Represented Settlement Holdback Funds**").

12)     LIGA further acknowledges that there are additional pending Former MMA Client cases, both represented and unrepresented, that have not yet fully settled (the "**Unsettled Cases**").

13)     The Parties have reached a comprehensive resolution of all disputes between MMA and LIGA, as outlined herein, subject to approval by the Bankruptcy Court.

## PAYMENT TERMS AND CONDITIONS

### UNREPRESENTED FORMER CLIENTS – SETTLED CASES

14)     Within three (3) business days of a final order by the Bankruptcy Court approving this Settlement Agreement, in a form substantially as attached hereto as **Exhibit "A,"** (the "**Settlement Order"**):

- a. LIGA shall deposit a total of $1,162,964.26 (*i.e.* the *Unrepresented Settlement Holdback Funds*) into the Registry of the Bankruptcy Court.

- b. LIGA shall provide MMA with (a) the last known mailing address of each Unrepresented Former Client, and (b) an itemized breakdown of the share of the Unrepresented Settlement Holdback Funds held for each Unrepresented Former Client (collectively, the "**Contact Information**").

- c. Within three (3) business days after receiving the Contact Information, MMA shall send a written notice (the "**Notice**") to each Unrepresented Former Client, informing them of their right to seek full reimbursement of their share of the Unrepresented Settlement Holdback Funds. A copy of the Notice is attached hereto as **Exhibit B** to this Settlement Agreement.

- d. Within seven (7) days of sending the Notice, MMA shall file a **Certificate of Service** with the Bankruptcy Court confirming that all Notices have been sent in accordance with the Contact Information.

- e. Within sixty (60) days from the date the Notice is mailed (the "**Notice Period**"), the Unrepresented Former Clients shall deliver, transmit, or mail their completed Notice to the Clerk of the United States Bankruptcy Court for the Southern District of Texas, in accordance with the instructions contained in the Notice.

- f. Within seven (7) days after the expiration of the Notice Period, MMA shall file a motion with the Bankruptcy Court (the "**Motion to Disburse**") requesting entry of an order

directing the Clerk of Court to: (a) disburse the appropriate amounts, as set forth in the Contact Information, from the Registry to each Unrepresented Former Client who timely submitted their completed Notice; and (b) release any remaining, unclaimed portion of the Unrepresented Settlement Holdback Funds to MMA, which shall be entitled to retain 100% of those unclaimed funds.

g. MMA shall not object to, dispute, or otherwise oppose any reimbursement request submitted by or on behalf of an Unrepresented Former Client during the Notice Period.

h. The deposit of the Unrepresented Settlement Holdback Funds shall fully discharge LIGA from any claims, demands, and causes of action, known or unknown, by or on behalf of any person or entity arising out of or in any way related to the cases giving rise to the Unrepresented Settlement Holdback Funds or other disputes between MMA and the Unrepresented Former Clients; provided, however, that nothing herein shall operate to discharge or release LIGA from any obligations or liabilities arising under this Settlement Agreement.

## REPRESENTED FORMER CLIENTS

15. Within three (3) business days after entry of the Settlement Order:

    a. LIGA shall deposit a total of $522,398.43 (*ie.* the *Represented Settlement Holdback Funds*) into the Registry of the Bankruptcy Court; and

    b. LIGA shall provide MMA with a list identifying each Former Represented Client and the corresponding Successor Law Firm that has entered an appearance or is asserting a claim for attorneys' fees (the **"Successor Counsel Disclosure"**).

    c. The deposit of the Represented Settlement Holdback Funds shall fully discharge LIGA from any claims, demands, and causes of action, known or unknown, by or on behalf of any person or entity to attorney's fees or costs arising out of or in any way related to the

cases giving rise to the Represented Settlement Holdback Funds, and further fully discharge LIGA from further involvement in disputes over fee entitlement between MMA, the Represented Former Clients, and any Successor Law Firms.

a. MMA shall be solely responsible for pursuing any relief it seeks from the Bankruptcy Court concerning entitlement to the Represented Settlement Holdback Funds. Upon filing any such motion or request, MMA shall provide notice to the Successor Law Firms identified by LIGA in the Successor Counsel Disclosure.

## ADDITIONAL PAYMENT

16.     LIGA agrees to pay MMA the sum of $100,000.00 within three (3) business days after entry of the Settlement Order. This payment is made in full and final settlement of all claims, demand, and causes of action, known or unknown, between the Parties or any nature whatsoever, including without limitation, claims related to the Former MMA Clients; provided, however, that this release does not apply to, and expressly excludes, any claims arising out of LIGA's failure to comply with the terms of this Settlement Agreement.

## CONTINUED CASE PROSECUTION

17.     With respect to all Unsettled Cases involving Former MMA Clients, LIGA shall continue to administer, prosecute, negotiate, settle, mediate, make payments to claimants and their counsel, and otherwise handle such claims in the ordinary course of its business.

18.     This includes engaging in mediations, attending hearings and trials, finalizing settlements, and promptly issuing payments directly to clients and their new counsel upon resolution. To avoid delay or disruption, LIGA is authorized to proceed without restriction or the need for further direction or consent from MMA or the Bankruptcy Court. The automatic stay under Section 362 of the Bankruptcy Code is modified, to the extent applicable, to permit LIGA to continue these activities for Unsettled Cases. However, LIGA shall not seek any determination from any court

other than the United States Bankruptcy Court for the Southern District of Texas regarding MMA's entitlement to attorneys' fees or the removal of MMA's name from any settlement check.

### REPORTING OBLIGATIONS

19.    **Quarterly Settlement Updates:** After the entry of the Settlement Order, LIGA agrees to provide MMA with written quarterly reports identifying all cases involving Former MMA Clients that were fully settled during the preceding quarter.

20.    Each quarterly report shall include, to the extent reasonably available: (a) the Former Client's name; (b) whether the client was represented or unrepresented at the time of settlement; (c) the settlement amount; (d) the amount paid to Successor Law Firm; and (e) the Successor Law Firm's name, if applicable.

21.    **Recipients of Reports:** All quarterly reports shall be sent via email to: (a) Miriam T. Goott, undersigned counsel for MMA, at mgoott@walkerandpatterson.com, and Johnie Patterson at jjp@walkerandpatterson.com.

22.    MMA shall notify LIGA in writing of any changes to these contact details.

### LIGA'S REPRESENTATION

23.    LIGA represents, warrants, and affirms that on the date hereof, the amounts it holds in the Represented Settlement Holdback Funds and the Unrepresented Settlement Holdback Funds constitute the full and complete universe of such cases where LIGA has held back funds representing attorneys' fees and costs in cases involving Former MMA Clients, and the total amounts held back.

24.    LIGA expressly acknowledges that MMA is relying on these representations in entering into this Settlement Agreement. If it is later discovered that any Settlement Holdback Funds for either Represented or Unrepresented Former Clients were not disclosed, such failure shall constitute a material breach of this Settlement Agreement.

25.     LIGA further acknowledges that these representations are material to the Debtor and the Bankruptcy Court. They are made under penalty of perjury and are subject to the jurisdiction and enforcement powers of the United States Bankruptcy Court for the Southern District of Texas, including but not limited to sanctions, contempt orders, or other appropriate relief if LIGA is found to have knowingly misrepresented or withheld any required funds.

26.     If LIGA subsequently discovers any Former MMA Client's holdback funds that were not disclosed or included in this Settlement Agreement, whether due to inadvertent error or oversight and not intentional misconduct, it shall notify MMA within three (3) business days of such discovery. The Parties agree to use their best efforts to resolve the matter amicably, provided that any such inadvertent failure shall not be deemed a material breach of the Settlement Agreement unless LIGA fails to promptly notify MMA and cooperate in resolving the issue.

**MISCELLANEOUS MATTERS**

27.     **Retention of Jurisdiction:** The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute between LIGA and MMA regarding this Settlement Agreement.

28.     **Mutual Release**:  Upon LIGA's payment of the amounts required under this Settlement Agreement to MMA and to the Registry of the Bankruptcy Court, delivery of the Contact Information to MMA, and MMA's delivery of the Notices as provided herein (collectively, the **"Initial Obligations"**), LIGA and MMA shall be deemed to have mutually released and discharged each other from any and all claims, demands, and causes of action, known or unknown, including, without limitation, any claims that were or could have been asserted in the Adversary Proceeding.

29.     Notwithstanding the foregoing, this release shall not affect either party's right to enforce the continuing obligations set forth in this Settlement Agreement, including, without limitation, LIGA's ongoing quarterly reporting obligations. A party's failure to comply with such continuing

obligations shall constitute a breach of this Settlement Agreement, and the non-breaching party shall retain all rights and remedies with respect thereto.

30.     **Time:** Any period of time set forth herein shall be construed in accordance with Rule 9006 of the Federal Rules of Bankruptcy Procedure.

31.     **Bankruptcy Court Approval;** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

32.     **Dismissal**: Upon entry of the Settlement Order and competition of the Initial Obligations, the Parties shall file an Agreed Motion to Dismiss the Adversary Proceeding with prejudice.


MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates)


By:  ___/s/ John Zachary Moseley___
Name: John Zachary Moseley
Title: President
Date:  ___9-9-2025___


Louisiana Insurance Guaranty Association

By: _____
Name:  John C. Wells
Title  Executive Director
Date:  9 Sept 2025