United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| *Debtor*. | § | |

### ORDER APPROVING COMPROMISE OF CONTROVERSY BETWEEN MMA LAW FIRM, PLLC AND LOUISIANA INSURANCE GUARANTY ASSOCIATION

[Relates to ECF No. 809]

It is

**ORDERED** that the Debtor's Motion to Compromise Controversy (the, **"9019 Motion"**) with the Louisiana Insurance Guaranty Association (**"LIGA"**) is GRANTED in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto as **Exhibit A** (the, **"Settlement Agreement"**) is APPROVED, and it is further

**ORDERED** that, to the extent any objections to the 9019 Motion were filed and have not been withdrawn, waived or resolved, such objections are hereby overruled, and it is further

**ORDERED** that the Debtor is authorized to enter into and consummate the Settlement Agreement in accordance with the terms and conditions set forth therein, and it is further

**ORDERED** that the automatic stay under Section 362 of the Bankruptcy Code shall be modified and lifted, to the extent applicable, to allow LIGA to take all actions contemplated under the Settlement Agreement, including without limitation, continuing the prosecution of any and all former MMA cases currently, as contemplated in the Settlement Agreement, including (but not

limited to) obtaining judgments, settling, dismissing and/or otherwise finally resolving said cases, and making any and all payments required to any attorney, or claimant, and it is further

**ORDERED** that LIGA shall not seek any determination from any court other than the United States Bankruptcy Court for the Southern District of Texas regarding MMA's entitlement to attorneys' fees or the removal of MMA's name from any settlement check, and it is further

**ORDERED** that, upon (i) LIGA's payment of the amounts required under the Settlement Agreement to MMA and to the registry of the Bankruptcy Court, (ii) delivery of the Contact Information to MMA, and (iii) MMA's delivery of the Notices as provided in the Settlement Agreement, (a) LIGA and MMA shall be deemed to have mutually released and discharged each other from any and all claims, demands, and causes of action, known or unknown, including, without limitation, any claims that were or could have been asserted in the Adversary Proceeding; provided, however, that such release shall not apply to, and shall not be deemed to waive or discharge, any obligations of either party under the Settlement Agreement, and (b) LIGA shall have no further obligation to any person or entity on account of the Unrepresented Settlement Holdback Funds, the Represented Settlement Holdback Funds, including but not limited to any Successor Law Firms or Unrepresented Former Clients; and it is further

**ORDERED** that LIGA shall deposit the amount of $1,162,964.26 in Unrepresented Settlement Funds and $533,398.43 in Represented Settlement Funds into the Court Registry. It is further

**ORDERED** that the Clerk of Court is not to disburse any funds pending further Orders of this Court.

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Settlement Order and the Settlement Agreement.

Signed: September 18, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § § § § § § § § § § § § | CASE NO.   24-31596 |
| MMA LAW FIRM, PLLC | | |
| DEBTOR | | |
| | | ADV. P. NO. 25-03426 |
| LOUISIANA INSURANCE GUARANTY ASSOCIATION | | |
| Plaintiff | | |
| v. | | |
| MMA LAW FIRM, PLLC | | |
| Defendant | | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), through its duly authorized undersigned representative, on the one hand, and Louisiana Insurance Guaranty Association ("**LIGA**"), through its duly authorized undersigned representative, on the other hand. MMA and LIGA are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Debtor and LIGA hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

**Page - 1**

## DEFINITIONS AND RECITALS

1) MMA previously represented thousands of storm victims in property damage claims against their insurers following Hurricanes Laura, Delta, Zeta, and Ida on a contingency fee basis (the "**MMA Clients**").

2) On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with the Debtor for ninety days (the "**Suspension Order**").

3) After the Suspension Order, many law firms assumed representation of MMA's former clients, while some clients continued their litigation without securing new counsel (collectively, the "**Former MMA Clients**").

4) Some Former MMA Clients held policies with insurers later placed into receivership and declared insolvent. LIGA became statutorily obligated to pay certain covered claims under certain policies issued by these insolvent insurers.

5) For purposes of this Agreement only:

   a. Former MMA Clients who retained new counsel are referred to as "**Represented Former Clients**," and the law firms that assumed their representation are referred to as the "**Successor Law Firms**."

   b. Former MMA Clients who (a) did not retain new counsel, or (b) retained new counsel temporarily but settled with LIGA without further attorney involvement, are referred to as "**Unrepresented Former Clients**."

   c. For the avoidance of doubt, the term "**Former MMA Clients**" includes both Represented Former Clients and Unrepresented Former Clients.

6) On July 22, 2025, LIGA initiated an adversary proceeding against MMA (Case No. 25-03429) (the "**Adversary Proceeding**") by filing a Complaint for Declaratory Judgment (the

"**Complaint**").

7)   The Complaint asserts that LIGA is holding in trust a portion of settlement funds related to property damage claims of Unrepresented Former Clients (the "**Unrepresented Settlement Holdback Funds**").

8)   In the Complaint, LIGA seeks a declaration that the Unrepresented Settlement Holdback Funds are not property of the bankruptcy estate, that payment of such funds to the Unrepresented Former Clients does not violate the automatic stay, and that LIGA may pay all similarly situated Former MMA Clients in full without violating 11 U.S.C. § 362(a).

9)   On July 22, 2025, MMA filed a Motion to Dismiss the Complaint and asserted counterclaims against LIGA, seeking turnover of the Unrepresented Settlement Holdback Funds pursuant to 11 U.S.C. § 542(a), as well as alleging a violation of the automatic stay with respect to the Represented Former Clients.

10)   LIGA has represented that it is holding a total of $1,162,964.26 for 239 Unrepresented Former Clients whose cases have been fully resolved (the "**Unrepresented Settlement Holdback Funds**").

11)   Additionally, LIGA has represented that it is holding $522,398.43 for 91 Represented Former Clients whose cases have also been fully or partially resolved (the "**Represented Settlement Holdback Funds**").

12)   LIGA further acknowledges that there are additional pending Former MMA Client cases, both represented and unrepresented, that have not yet fully settled (the "**Unsettled Cases**").

13)   The Parties have reached a comprehensive resolution of all disputes between MMA and LIGA, as outlined herein, subject to approval by the Bankruptcy Court.

## PAYMENT TERMS AND CONDITIONS

### UNREPRESENTED FORMER CLIENTS – SETTLED CASES

14) Within three (3) business days of a final order by the Bankruptcy Court approving this Settlement Agreement, in a form substantially as attached hereto as **Exhibit "A,"** (the "**Settlement Order**"):

   a. LIGA shall deposit a total of $1,162,964.26 (*i.e.* the *Unrepresented Settlement Holdback Funds*) into the Registry of the Bankruptcy Court.

   b. LIGA shall provide MMA with (a) the last known mailing address of each Unrepresented Former Client, and (b) an itemized breakdown of the share of the Unrepresented Settlement Holdback Funds held for each Unrepresented Former Client (collectively, the "**Contact Information**").

   c. Within three (3) business days after receiving the Contact Information, MMA shall send a written notice (the "**Notice**") to each Unrepresented Former Client, informing them of their right to seek full reimbursement of their share of the Unrepresented Settlement Holdback Funds. A copy of the Notice is attached hereto as **Exhibit B** to this Settlement Agreement.

   d. Within seven (7) days of sending the Notice, MMA shall file a **Certificate of Service** with the Bankruptcy Court confirming that all Notices have been sent in accordance with the Contact Information.

   e. Within sixty (60) days from the date the Notice is mailed (the "**Notice Period**"), the Unrepresented Former Clients shall deliver, transmit, or mail their completed Notice to the Clerk of the United States Bankruptcy Court for the Southern District of Texas, in accordance with the instructions contained in the Notice.

   f. Within seven (7) days after the expiration of the Notice Period, MMA shall file a motion with the Bankruptcy Court (the "**Motion to Disburse**") requesting entry of an order

directing the Clerk of Court to: (a) disburse the appropriate amounts, as set forth in the Contact Information, from the Registry to each Unrepresented Former Client who timely submitted their completed Notice; and (b) release any remaining, unclaimed portion of the Unrepresented Settlement Holdback Funds to MMA, which shall be entitled to retain 100% of those unclaimed funds.

g. MMA shall not object to, dispute, or otherwise oppose any reimbursement request submitted by or on behalf of an Unrepresented Former Client during the Notice Period.

h. The deposit of the Unrepresented Settlement Holdback Funds shall fully discharge LIGA from any claims, demands, and causes of action, known or unknown, by or on behalf of any person or entity arising out of or in any way related to the cases giving rise to the Unrepresented Settlement Holdback Funds or other disputes between MMA and the Unrepresented Former Clients; provided, however, that nothing herein shall operate to discharge or release LIGA from any obligations or liabilities arising under this Settlement Agreement.

**REPRESENTED FORMER CLIENTS**

15. Within three (3) business days after entry of the Settlement Order:

a. LIGA shall deposit a total of $522,398.43 (*ie.* the *Represented Settlement Holdback Funds*) into the Registry of the Bankruptcy Court; and

b. LIGA shall provide MMA with a list identifying each Former Represented Client and the corresponding Successor Law Firm that has entered an appearance or is asserting a claim for attorneys' fees (the **"Successor Counsel Disclosure"**).

c. The deposit of the Represented Settlement Holdback Funds shall fully discharge LIGA from any claims, demands, and causes of action, known or unknown, by or on behalf of any person or entity to attorney's fees or costs arising out of or in any way related to the

cases giving rise to the Represented Settlement Holdback Funds, and further fully discharge LIGA from further involvement in disputes over fee entitlement between MMA, the Represented Former Clients, and any Successor Law Firms.

a. MMA shall be solely responsible for pursuing any relief it seeks from the Bankruptcy Court concerning entitlement to the Represented Settlement Holdback Funds. Upon filing any such motion or request, MMA shall provide notice to the Successor Law Firms identified by LIGA in the Successor Counsel Disclosure.

### ADDITIONAL PAYMENT

16. LIGA agrees to pay MMA the sum of $100,000.00 within three (3) business days after entry of the Settlement Order. This payment is made in full and final settlement of all claims, demand, and causes of action, known or unknown, between the Parties or any nature whatsoever, including without limitation, claims related to the Former MMA Clients; provided, however, that this release does not apply to, and expressly excludes, any claims arising out of LIGA's failure to comply with the terms of this Settlement Agreement.

### CONTINUED CASE PROSECUTION

17. With respect to all Unsettled Cases involving Former MMA Clients, LIGA shall continue to administer, prosecute, negotiate, settle, mediate, make payments to claimants and their counsel, and otherwise handle such claims in the ordinary course of its business.

18. This includes engaging in mediations, attending hearings and trials, finalizing settlements, and promptly issuing payments directly to clients and their new counsel upon resolution. To avoid delay or disruption, LIGA is authorized to proceed without restriction or the need for further direction or consent from MMA or the Bankruptcy Court. The automatic stay under Section 362 of the Bankruptcy Code is modified, to the extent applicable, to permit LIGA to continue these activities for Unsettled Cases. However, LIGA shall not seek any determination from any court

other than the United States Bankruptcy Court for the Southern District of Texas regarding MMA's entitlement to attorneys' fees or the removal of MMA's name from any settlement check.

### REPORTING OBLIGATIONS

19. **Quarterly Settlement Updates:** After the entry of the Settlement Order, LIGA agrees to provide MMA with written quarterly reports identifying all cases involving Former MMA Clients that were fully settled during the preceding quarter.

20. Each quarterly report shall include, to the extent reasonably available: (a) the Former Client's name; (b) whether the client was represented or unrepresented at the time of settlement; (c) the settlement amount; (d) the amount paid to Successor Law Firm; and (e) the Successor Law Firm's name, if applicable.

21. **Recipients of Reports:** All quarterly reports shall be sent via email to: (a) Miriam T. Goott, undersigned counsel for MMA, at mgoott@walkerandpatterson.com, and Johnie Patterson at jjp@walkerandpatterson.com.

22. MMA shall notify LIGA in writing of any changes to these contact details.

### LIGA'S REPRESENTATION

23. LIGA represents, warrants, and affirms that on the date hereof, the amounts it holds in the Represented Settlement Holdback Funds and the Unrepresented Settlement Holdback Funds constitute the full and complete universe of such cases where LIGA has held back funds representing attorneys' fees and costs in cases involving Former MMA Clients, and the total amounts held back.

24. LIGA expressly acknowledges that MMA is relying on these representations in entering into this Settlement Agreement. If it is later discovered that any Settlement Holdback Funds for either Represented or Unrepresented Former Clients were not disclosed, such failure shall constitute a material breach of this Settlement Agreement.

25. LIGA further acknowledges that these representations are material to the Debtor and the Bankruptcy Court. They are made under penalty of perjury and are subject to the jurisdiction and enforcement powers of the United States Bankruptcy Court for the Southern District of Texas, including but not limited to sanctions, contempt orders, or other appropriate relief if LIGA is found to have knowingly misrepresented or withheld any required funds.

26. If LIGA subsequently discovers any Former MMA Client's holdback funds that were not disclosed or included in this Settlement Agreement, whether due to inadvertent error or oversight and not intentional misconduct, it shall notify MMA within three (3) business days of such discovery. The Parties agree to use their best efforts to resolve the matter amicably, provided that any such inadvertent failure shall not be deemed a material breach of the Settlement Agreement unless LIGA fails to promptly notify MMA and cooperate in resolving the issue.

### MISCELLANEOUS MATTERS

27. **Retention of Jurisdiction:** The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute between LIGA and MMA regarding this Settlement Agreement.

28. **Mutual Release:** Upon LIGA's payment of the amounts required under this Settlement Agreement to MMA and to the Registry of the Bankruptcy Court, delivery of the Contact Information to MMA, and MMA's delivery of the Notices as provided herein (collectively, the **"Initial Obligations"**), LIGA and MMA shall be deemed to have mutually released and discharged each other from any and all claims, demands, and causes of action, known or unknown, including, without limitation, any claims that were or could have been asserted in the Adversary Proceeding.

29. Notwithstanding the foregoing, this release shall not affect either party's right to enforce the continuing obligations set forth in this Settlement Agreement, including, without limitation, LIGA's ongoing quarterly reporting obligations. A party's failure to comply with such continuing

obligations shall constitute a breach of this Settlement Agreement, and the non-breaching party shall retain all rights and remedies with respect thereto.

30. **Time:** Any period of time set forth herein shall be construed in accordance with Rule 9006 of the Federal Rules of Bankruptcy Procedure.

31. **Bankruptcy Court Approval;** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

32. **Dismissal:** Upon entry of the Settlement Order and competition of the Initial Obligations, the Parties shall file an Agreed Motion to Dismiss the Adversary Proceeding with prejudice.

MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates)

By: /s/ John Zachary Moseley
Name: John Zachary Moseley
Title: President
Date: 9-9-2025

Louisiana Insurance Guaranty Association

By: [signature]
Name: John C. Wells
Title: Executive Director
Date: 9 Sept 2025