United States Bankruptcy Court
Southern District of Texas

**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| *Debtor*. | § | |

## ORDER APPROVING COMPROMISE WITH CRAVEN & PERRY, LLC

(Relates to ECF No. 771)

It is

**ORDERED** that the Debtor's Motion to Compromise Controversy with Craven & Perry, LLC is granted in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that the Debtor and Craven & Perry, LLC are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the Settlement Agreement.

Signed: September 18, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC § | |
| § | |
| DEBTOR § | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), on the one hand, and **Law Office of Craven & Perry, LLC** ("**CP**"), on the other hand. MMA and CP are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Debtor and CP hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

## DEFINITIONS AND RECITALS

1. A dispute has arisen between the Parties regarding their respective entitlement to attorneys' fees and expenses in connection with a lawsuit in which they served as co-counsel representing the Holiday Isle Owners Association (the **"HIOA Case"**).

2. The Parties have reached a full and final resolution of all disputes related to attorneys' fees and costs associated with the HIOA Case.

3. The Parties acknowledge and agree that this Settlement Agreement is subject to approval by the Bankruptcy Court.

Page - 1

## PAYMENT TERMS AND CONDITIONS

4.  Within five (5) days following entry of an order by the Bankruptcy Court approving this Settlement Agreement, CP shall use its best efforts to cause, Phelps Dunbar, the insurance carrier in the HIOA Case who is currently holding the settlement funds, to release and disburse to MMA the total amount of $265,406.73 in good funds. This total represents $97,000.00 in MMA's expenses and $168,406.73 in attorneys' fees recovered in the HIOA Case. In the event CP receives the settlement funds from Phelps Dunbar before or after entry of the Bankruptcy Court's order, CP shall remit the total amount of $265,406.73 to MMA within five (5) business days after entry of such order. Payment shall be made payable to MMA Law Firm, PLLC and delivered to Walker & Patterson, P.C., counsel for MMA, at their principal office address located at 4815 Dacoma, Houston, Texas 77092, or via wire transfer to Walker & Patterson, P.C.'s IOLTA Account.

5.  CP shall be solely responsible for the payment of all costs or fees owed to any third parties related to the HIOA Case, including but not limited to adjusters and similar service providers.

6.  The Parties have reached out to the adjuster in the HIOA Case and requested a reduction of the bill. In the event either Party successfully negotiates a reduction in the total expense owed to the adjuster below $80,000.00, the Parties agree that the amount of any such reduction shall be split equally. Specifically:

    a.  If, after approval of this Agreement by the Bankruptcy Court, CP receives confirmation of an expense reduction from an adjuster below $80,000.00,

    b.  CP shall remit 50% of the savings to MMA within five (5) business days of paying the adjuster the reduced amount.

## MISCELLANEOUS MATTERS

7.  **Retention of Jurisdiction:** The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute between CP and MMA regarding this Settlement Agreement.

8.  **Mutual Release**: Effective upon the full and final completion of all terms and conditions set forth in this agreement, both MMA and CP release each other from any and all claims, demands, and causes of action related to the HOIA Case.

9.  **Bankruptcy Court Approval**: The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

Dated: 8/14/2025

_____
**MMA Law Firm, PLLC**
**John Zach Moseley**


**CRAVEN & PERRY, LLC**

_____
By: **J. Lynn Perry, Partner**