United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| *Debtor.* | § | |

### AGREED ORDER APPROVING COMPROMISE
### WITH ALVENDIA, KELLY & DEMAREST, LLC
(Relates to ECF No. 772)

It is

**ORDERED** that the Debtor's Motion to Compromise Controversy with Alvendia, Kelly & Demarest, LLC (**"AKD"**) is granted in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved and the Debtor and AKD are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, except as expressly modified herein, and it is further

**ORDERED** that AKD shall deposit funds in the Registry of this Bankruptcy Court in accordance with the terms set forth in the attached Settlement Agreement; **provided, however**, that in the event the Court approves the Debtor's Motion to Approve Compromise with The Galindo Law Firm (ECF No. 805), AKD shall instead transfer all such funds otherwise required to be deposited into the Registry directly to MMA through its counsel, and the provisions of the Settlement Agreement requiring deposit of such funds in the Court's Registry shall be deemed modified accordingly; and it is further

**ORDERED** that all funds deposited by AKD in the Bankruptcy Court's Registry shall remain on deposit until further order from this Court, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related

to the interpretation or enforcement of the Settlement Agreement.


Signed: September 18, 2025


_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

Dated:  9/17/2025

***Alvendia, Kelly & Demarest, LLC***

*/S/ Jeanne K. Demarest*
RODERICK "RICO" ALVENDIA, 25554
J. BART KELLY III, 24488
JEANNE K. DEMAREST, 23032
KURT A. OFFNER, 28176
ISABEL C. GIBSON, 40607
BARRETT STEPHENS, 31331
P. HOGAN CROSBY, 40324
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001
Email: jeanne@akdlalaw.com
rico@akdlalaw.com
bart@akdlalaw.com
kurt@akdlalaw.com
isabel@akdlalaw.com
barrett@akdlalaw.com
hogan@akdlalaw.com


**AND**

*/s/Miriam T. Goott*
Miriam T. Goott
Walker & Patterson, PC
4815 Dacoma
Houston, TX 77092
713-956-5577 (telephone)
713-956-5570 (fax)
mgoott@walkerandpatterson.com
**COUNSEL FOR DEBTOR**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: § 
 § CASE NO.   24-31596
MMA LAW FIRM, PLLC § 
 § 
DEBTOR § 

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), on the one hand, and Alvendia, Kelly & Demarest, LLC ("**AKD**"), on the other hand. MMA and AKD are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Debtor and AKD hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

This Settlement Agreement shall be effective as of the date on which it is signed by both Parties (the **"Effective Date"**).

### A.    DEFINITIONS AND RECITALS

1.    A dispute has arisen between the Parties concerning each Party's respective interest in attorneys' fees related to legal cases involving certain former clients of MMA who are now represented by AKD, either solely or in conjunction with other co-counsel (the "**Former MMA Cases**").

2.    When AKD enrolled in a portion of the Former MMA Cases, in which Cristóbal M.

Galindo, P.C. d/b/a Galindo Law Firm (**"Galindo"**), was involved, it was pursuant to an agreement between AKD and Galindo wherein AKD would receive 50% of the attorneys' fees generated from such cases. Galindo further represented to AKD that the remaining 50% of the attorneys' fees would be sent to Galindo for full disbursement of all fees due to MMA in accordance with their agreement. These matters are referred to herein as the **"Galindo Cases"**.

3.      For purposes of this Settlement Agreement, the Former MMA Cases are categorized as follows:

        a.   **Galindo Cases**: As defined above in Paragraph 2.

        b.   **Non-Galindo Cases**: Cases in which Galindo has no involvement and no agreement with AKD regarding attorneys' fees, regardless of whether AKD is working with other co-counsel on those cases.

4.      For purposes of this Settlement Agreement, the Parties further classify the Galindo Cases and the Non-Galindo Cases as:

        a.   **"Resolved Galindo Cases"**: This means that AKD has resolved the Galindo Cases, the clients have been paid their portion, and the attorney's fees are held in AKD's IOLTA Account as of the Effective Date.

        b.   **"Unresolved Galindo Cases"**: This refers to Galindo Cases that have not been resolved as of the Effective Date and AKD has not yet received attorney's fees.

        c.   **"Resolved Non-Galindo Cases"**: This means that AKD has resolved the **Non-Galindo Cases,** the clients have been paid their portion, and attorney's fees are held in AKD's IOLTA Account as of the Effective Date.

        d.   **"Unresolved Non-Galindo Cases"**: This refers to Non-Galindo Cases that have not been resolved as of the Effective Date and AKD has not received attorney's fees.

5.      On April 9, 2024, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy

Code.

6.      In its bankruptcy schedules, MMA disclosed claims against AKD for its share of attorneys' fees and costs related to the Former MMA Cases.

7.      Specifically, in regard to the Galindo Cases, MMA asserts that it is entitled to the full 50% of attorneys' fees associated with the Galindo Cases, excluding Galindo, on the grounds that MMA performed the legal work before AKD became involved.

8.      AKD disclaims any interest in the disputed 50% fee share in the Galindo Cases and takes no position on whether such fees belong to MMA or Galindo.

9.      The Debtor and AKD have reached a comprehensive resolution of all disputes between MMA and AKD concerning the Former MMA Cases, including both the Galindo and Non-Galindo Cases, as further described herein.

10.     The Parties acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court. MMA agrees to provide Galindo with notice of this Agreement and any motion(s) filed to obtain Court approval or hearings related to this Settlement Agreement.

## B.      PAYMENT TERMS AND CONDITIONS

11.     **PAYMENT REGARDING GALINDO CASES**

    a.  **FOR ALL RESOLVED GALINDO CASES**

        i.  Within ten (10) days following entry of an order by the Bankruptcy Court approving this Settlement Agreement, AKD shall pay to MMA the total amount of **$153,743.52** in good funds, representing 25% of the total attorneys' fees obtained in the Resolved Galindo Cases. To be clear, this is 25% of the total attorneys' fees, not 25% of what AKD received in these cases.

        ii.  Payment shall be made payable to MMA Law Firm, PLLC and delivered to MMA's counsel, Walker & Patterson, P.C. at 4815 Dacoma, Houston, TX

77092, or by another method mutually agreed upon in writing by AKD and MMA.

iii.  Within ten (10) days following entry of an order by the Bankruptcy Court approving this Settlement Agreement, AKD shall deposit **$153,743.52** with the registry of the United States Bankruptcy Court for the Southern District of Texas (Case No. 24-31596) (the **"Court's Registry"**), representing 25% of the total attorneys' fees in the Resolved Galindo Cases (the **"Settled Registry Funds"**).

iv.  The Settled Registry Funds shall remain in the Court's Registry until further order of the Bankruptcy Court, to allow MMA and Galindo to assert their respective claims and seek a determination of entitlement to the funds. This deposit is intended to interplead the disputed portion of fees and discharge AKD from further involvement in the fee dispute regarding the Resolved Galindo Cases.

b.  **FOR ALL UNRESOLVED GALINDO CASES:**

i.  For all Unresolved Galindo Cases, AKD shall, on a go-forward basis, transfer to MMA 25% of the total attorneys' fees in each case.  Such payment shall be made within ten (10) days of the earlier of: (a) the client's receipt of settlement funds, or (b) AKD's receipt of the corresponding attorney's fees (**"MMA Future Payments"**).

ii.  If MMA Future Payments are received by AKD in any Unresolved Galindo Case after the Effective Date but before the Bankruptcy Court enters an order approving the Settlement Agreement (the **"Settlement Order"**), AKD shall hold MMA's portion in trust and remit it to MMA within ten (10) days of entry

of the Settlement Order.

   iii. For all Unresolved Galindo Cases, AKD shall, on a go-forward basis, deposit with the Court's Registry 25% of the total attorneys' fees in each case within ten (10) days of receipt (**"Future Settlement Registry Funds"**).

      1. If such attorney's fees are received by AKD after the execution of this Settlement Agreement but prior to the Settlement Order, AKD shall hold the funds in trust and deposit them with the Court's Registry within ten (10) days of the entry of the Settlement Order.

      2. The Future Settlement Registry Funds shall remain in the Court's Registry until further order of the Bankruptcy Court to allow MMA and Galindo the opportunity to assert their respective interests and seek a determination from the Court.

      3. This deposit of Future Settlement Registry Funds is intended to interplead the disputed portion of fees and discharge AKD from further involvement in the fee dispute regarding the Unresolved Galindo Cases between MMA and Galindo.

  c. **FOR ALL RESOLVED AND PREVIOUSLY PAID GALINDO CASES**

    i. Within ten (10) days following the entry of the Settlement Order, AKD shall transfer to MMA, a total of **$44,035.18**, in good funds, representing 25% of the total attorney's fees AKD received in the Former MMA Case, where Galindo previously received a total of 50% of the attorney's fees from AKD *(i.e.* $88,070.36) and did not remit any portion to MMA (**"Resolved and Paid Galindo Case"**).

    ii. Unlike the Resolved Galindo Cases, AKD will not transfer 25% of the

attorney's fees received in the Resolved and Paid Galindo Case to the Court Registry, as Galindo has already received 50% of the fees in this matter.

iii. MMA shall pursue Galindo directly for the 25% of the attorney's fees *(i.e* **$44,035.18**) MMA believes that Galindo is not entitled to retain. Likewise, AKD shall address any claims it may have against Galindo directly and independently of the Bankruptcy proceeding, including seeking reimbursement from Galindo for the 25% payment it is making to MMA in the Resolved and Paid Galindo Case.

12. **PAYMENT REGARDING NON-GALINDO CASES**

    a. **FOR ALL RESOLVED NON-GALINDO CASES**

        i. For all Resolved Non-Galindo Cases, within ten (10) days following entry of the Settlement Order, AKD shall transfer to MMA, through its bankruptcy counsel, the total amount of **$169,442.46,** in good funds, representing forty percent (40%) of the total attorneys' fees in the Resolved Non-Galindo Cases, regardless of whether AKD is working with or without other co-counsel or has fee-sharing arrangements in place.

        ii. For the avoidance of doubt, MMA's forty percent (40%) share shall be calculated based on the entire amount of attorneys' fees in the Resolved Non-Galindo Cases, and any payments or obligations owed by AKD to other law firms or co-counsel shall be paid from AKD's remaining sixty percent (60%) share, and shall not reduce MMA's forty percent (40%) entitlement in any way.

    b. **FOR ALL UNRESOLVED NON-GALINDO CASES**

        i. For all Unresolved Non-Galindo Cases AKD shall, on a go-forward basis, transfer to MMA forty percent (40%) of the total attorneys' fees received in

each case. Such payment shall be made within ten (10) days of the earlier of: (a) the client's receipt of settlement funds, or (b) AKD's receipt of the corresponding attorney's fees **("MMA Future Settlement Funds")**, regardless of whether AKD is working with or without other co-counsel or has separate fee-sharing agreements. As with Resolved Non-Galindo Cases, any obligations AKD has to other firms shall be paid from its sixty percent (60%) share.

ii.   If such fees are received by AKD after the Effective Date, but prior to the entry of the Settlement Order, AKD shall hold MMA's share in trust and remit payment to MMA within ten (10) days of the entry of the Settlement Order.

## C. <u>EXPENSES</u>

**EXPENSES IN SETTLED CASES:**

13.   Within ten (10) days of entry of the Settlement Order, AKD shall transfer a total of **$10,144.00** (the **"Total Expenses"**) to MMA. This amount represents 100% of the actual costs advanced by MMA in the Galindo Settled Cases and Non-Galindo Settled Cases.

**EXPENSES IN NON-SETTLED CASES**

14.   For all Unresolved Galindo Cases and Unresolved Non-Galindo Cases (collectively, the **"Unresolved Cases"**), AKD agrees that it is liable to MMA for all reasonable expenses actually incurred and paid by MMA.

15.   For all Unresolved Cases, AKD shall transfer the total amount of expenses owed to MMA at the same time that it transfers payment to MMA for the attorney's fees in the Unresolved Cases, as identified above in Paragraphs 11(b) and 12(b).

16.   MMA has already provided AKD with all expenses incurred in the Unresolved Cases, and these expenses shall be remitted to MMA upon resolution of the Unresolved Cases.

## D. <u>QUARTERLY REPORTING</u>

17.     Beginning on the 15th day of the first calendar month following the entry of an order by the Bankruptcy Court approving this Settlement Agreement, and continuing on a quarterly basis thereafter, AKD shall provide MMA with a report identifying the status of all Unresolved Galindo Cases and Unresolved Non-Galindo Cases, including:

a.      Client's Name;

b.      Galindo or Non-Galindo classification

c.      Defendant's name and/or Insurance carrier

d.      Status of the case (e.g. mediation scheduled or occurred)

e.      Efforts made to resolve the case

f.      If the case is resolved, a description of the resolution or settlement;

g.      Total attorney's fees received

h.      Fee percentage to which AKD will receive

i.      Amount of legal fees received by AKD

j.      Amount of expenses/costs due to AKD

k.      Amounts paid or due to all third parties on the case (e.g. experts, mediators, estimators, etc.); and

l.      Supporting Distribution Statements or other documentation, as applicable to cases that were newly resolved in that reporting period.

## E.      AKD's <u>REPRESENTATIONS, AFFIRMATIONS AND ACCOUNTABILITY</u>

18.     AKD hereby represents, warrants, and affirms that the amounts identified and paid (or to be paid) to MMA, or deposited into the Court's Registry pursuant to this Settlement Agreement, whether related to Galindo or Non-Galindo Cases, resolved or unresolved, constitute the full and complete 25% or 40% shares, respectively, of the total attorneys' fees in those matters, as required

by this Settlement Agreement.

19.     AKD further represents, warrants, and affirms that the list of Former MMA Cases provided in connection with this Settlement Agreement includes all matters in which MMA previously represented the client and which AKD has settled, is currently litigating, or otherwise resolved. AKD acknowledges and agrees that this list constitutes the full universe of such cases.

20.     AKD expressly acknowledges that MMA is relying on these representations in entering into this Settlement Agreement. If it is later discovered that (a) any Former MMA Case was omitted from the case list provided by AKD, or (b) the total settlement amount or attorneys' fees were misrepresented for any case, then MMA shall be entitled to its full share (50% of Galindo Cases or 40% of Non-Galindo Cases, as applicable) of the total attorneys' fees in that matter, plus interest, costs, and reasonable attorneys' fees incurred in enforcing its rights. AKD further agrees that such failure will constitute a material breach of this Settlement Agreement.

21.     AKD further acknowledges and agrees that its representations in this Settlement Agreement are material representations made to the Debtor and to the Bankruptcy Court. These representations are made under penalty of perjury and are subject to the jurisdiction and enforcement powers of the United States Bankruptcy Court for the Southern District of Texas, including but not limited to the Court's authority to issue sanctions, enter contempt orders, or impose other appropriate relief in the event AKD is found to have knowingly misrepresented the amounts due, or it has withheld any portion of the required funds.

22.     AKD agrees to maintain all underlying financial records, fee statements, settlement statements, and supporting documentation used to calculate such payments for a period of not less than two (2) years and shall promptly produce such documents to MMA or the Bankruptcy Court upon reasonable written request or order of the Court.

23.     In the event that AKD later learns that a Former MMA Case was not disclosed or included

in this Settlement Agreement, AKD shall notify MMA within 48 hours of such discovery and the Parties agree to use their best efforts to resolve the dispute.

## F.   MISCELLANEOUS MATTERS

24.   **Automatic Stay Modification**: The automatic stay under Section 362 of the Bankruptcy Code is modified, to the extent applicable, to allow AKD to continue prosecuting the Former MMA Cases. This includes the ability to obtain judgments, settle, attend mediation or arbitration, and/or resolve such cases.

25.   **Payment to Insureds:** AKD shall promptly pay insureds as the Former MMA Cases are settled or resolved.

26.   **Endorsement of Settlement Checks:** MMA expressly consents to AKD endorsing MMA's name on any settlement or fee-related checks associated with the Former MMA Cases, subject to the following notice and objection provisions:

27.   **Notice Requirement**: AKD shall provide MMA with a copy of the check and its written intent to endorse at least two (2) business days prior to endorsing the check.  Written notice and a copy of the check must be sent to MMA at the following email addresses: (a) kohlsson@mma-pllc.com, (b) Zach@mma-pllc.com, (c) jjp@walkerandpatterson.com; and (d) mgoott@walkerandpatterson.com.

28.   **Objection Procedure**: MMA shall have two (2) business days from receipt of the notice to object to the proposed endorsement via email to Louise Higgins at lhiggins@AKDlaw.com.  If MMA objects in writing within the designated time, the check may not be endorsed without further agreement from MMA or an order from the Bankruptcy Court. The Parties agree to work together to avoid any unnecessary litigation or dispute during this process and to further use their best efforts to resolve all issues without the need for Bankruptcy Court involvement.

29.   **Retention of Jurisdiction:** The Bankruptcy Court shall retain exclusive jurisdiction to

resolve any dispute between AKD and MMA regarding this Agreement.

30.    **Mutual Release**: Effective upon the full and final completion of all terms and conditions set forth in this agreement, both MMA and AKD release each other from any and all claims, demands, and causes of action related to the Former MMA Cases.

31.    **Bankruptcy Court Approval:** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

32.    **Notice to Galindo:** MMA agrees that it will be responsible for providing Galindo with notice of this settlement agreement, and all motions, pleadings, orders and hearing dates related to MMA's request to have the Bankruptcy Court approve this Settlement Agreement.

**Dated:**  8/14/2025

**John Zachary Moseley – MMA Law Firm, PLLC**
1235 North Loop West
Suite 810
Houston, Texas 77008
Email: zach@mma-pllc.com
Telephone: 713-334-6121
Fax: 713-332-5953

**Dated:** 8-14-25

**Alvendia, Kelly & Demarest, LLC**

RODERICK "RICO" ALVENDIA, 25554
J. BART KELLY III, 24488
JEANNE K. DEMAREST, 23032
KURT A. OFFNER, 28176
ISABEL C. GIBSON, 40607
BARRETT STEPHENS, 31331
P. HOGAN CROSBY, 40324
909 Poydras Street, Suite 1625
New Orleans, LA 70112
Telephone: (504) 200-0000
Facsimile: 504-200-0001
Email: jeanne@akdlaw.com
rico@akdlaw.com

bart@akdlaw.com
kurt@akdlaw.com
isabel@akdlaw.com
barrett@akdlaw.com
hogan@akdlaw.com