United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| *Debtor*. | § | |

### AGREED ORDER APPROVING COMPROMISE
### WITH IRPINO LAW FIRM, LLC D/B/A IRPINO, AVIN & HAWKINS LAW FIRM
(Relates to ECF No. 773)

It is

**ORDERED** that the Debtor's Motion to Compromise Controversy with Irpino Law Firm, LLC, d/b/a Irpino, Avin & Hawkins Law Firm ("**Irpino**") is granted in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved and the Debtor and IRPINO are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, except as expressly modified herein, and it is further

**ORDERED** that IRPINO shall deposit funds in the Registry of this Bankruptcy Court in accordance with the terms set forth in the attached Settlement Agreement; **provided, however**, that in the event the Court approves the Debtor's Motion to Approve Compromise with The Galindo Law Firm (ECF No.805), IRPINO shall instead transfer all such funds otherwise required to be deposited into the Registry directly to MMA through its counsel, and the provisions of the Settlement Agreement requiring deposit of such funds in the Court's Registry shall be deemed modified accordingly; and it is further

**ORDERED** that all funds deposited by IRPINO in the Bankruptcy Court's Registry shall remain on deposit until further order from this Court, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the Settlement Agreement.

Signed: September 18, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

Dated:  9/17/2025

*Irpino, Avin & Hawkins Law Firm*

 /S/ Louise C. Higgins_____
Anthony Irpino, Bar No. 24727
Louise C. Higgins, Bar No. 31780
2216 Magazine St.
New Orleans, LA 70130
Telephone:     (504) 525-1500
Facsimile:      (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com


/s/Miriam T. Goott
Miriam T. Goott
Walker & Patterson, PC
4815 Dacoma
Houston, TX 77092
713-956-5577 (telephone)
713-956-5570 (fax)
mgoott@walkerandpatterson.com
**COUNSEL FOR DEBTOR**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC § | |
| § | |
| DEBTOR § | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), on the one hand, and Irpino Law Firm, LLC, *d/b/a* Irpino, Avin & Hawkins Law Firm ("**IRPINO**"), on the other hand. MMA and IRPINO are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Debtor and IRPINO hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

This Settlement Agreement shall be effective as of the date on which it is signed by both Parties (the **"Effective Date").**

### A. DEFINITIONS AND RECITALS

1. A dispute has arisen between the Parties concerning each Party's respective interest in attorneys' fees related to legal cases involving certain former clients of MMA who are now represented by IRPINO, either solely or in conjunction with other co-counsel (the "**Former MMA Cases**").

2. When IRPINO enrolled in a portion of the Former MMA Cases, in which Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm (**"Galindo"**), was involved, it was pursuant to an agreement between IRPINO and Galindo wherein IRPINO would receive 50% of the attorneys' fees generated from such cases. Galindo further represented to IRPINO that the remaining 50% of the attorneys' fees would be sent to Galindo for full disbursement of all fees due to MMA in accordance with their agreement. These matters are referred to herein as the **"Galindo Cases"**.

3. For purposes of this Settlement Agreement, the Former MMA Cases are categorized as follows:

    a. **Galindo Cases**: As defined above in Paragraph 2.

    b. **Non-Galindo Cases**: Cases in which Galindo has no involvement and no agreement with IRPINO regarding attorneys' fees, regardless of whether IRPINO is working with other co-counsel on those cases.

4. For purposes of this Settlement Agreement, the Parties further classify the Galindo Cases and the Non-Galindo Cases as:

    a. **"Resolved Galindo Cases":** This means that IRPINO has resolved the Galindo Cases, the clients have been paid their portion, and the attorney's fees are held in IRPINO's IOLTA Account as of the Effective Date.

    b. **"Unresolved Galindo Cases":** This refers to Galindo Cases that have not been resolved as of the Effective Date and IRPINO has not yet received attorney's fees.

    c. **"Resolved Non-Galindo Cases"**: This means that IRPINO has resolved the **Non-Galindo Cases,** the clients have been paid their portion, and attorney's fees are held in IRPINO's IOLTA Account as of the Effective Date.

    d. **"Unresolved Non-Galindo Cases":** This refers to Non-Galindo Cases that have not

been resolved as of the Effective Date and IRPINO has not received attorney's fees.

5. On April 9, 2024, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

6. In its bankruptcy schedules, MMA disclosed claims against IRPINO for its share of attorneys' fees and costs related to the Former MMA Cases.

7. Specifically, in regard to the Galindo Cases, MMA asserts that it is entitled to the full 50% of attorneys' fees associated with the Galindo Cases, excluding Galindo, on the grounds that MMA performed the legal work before IRPINO became involved.

8. IRPINO disclaims any interest in the disputed 50% fee share in the Galindo Cases and takes no position on whether such fees belong to MMA or Galindo.

9. The Debtor and IRPINO have reached a comprehensive resolution of all disputes between MMA and IRPINO concerning the Former MMA Cases, including both the Galindo and Non-Galindo Cases, as further described herein.

10. The Parties acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court. MMA agrees to provide Galindo with notice of this Agreement and any motion(s) filed to obtain Court approval or hearings related to this Settlement Agreement.

### B. PAYMENT TERMS AND CONDITIONS

11. **PAYMENT REGARDING GALINDO CASES**

    a. **FOR ALL RESOLVED GALINDO CASES**

        i. Within ten (10) days following entry of an order by the Bankruptcy Court approving this Settlement Agreement, IRPINO shall pay to MMA the total amount of **$81,413.21**, in good funds, representing 25% of the total attorneys' fees obtained in the Resolved Galindo Cases. To be clear, this is 25% of the total attorneys' fees, not 25% of what IRPINO received in these cases.

    ii. Payment shall be made payable to MMA Law Firm, PLLC and delivered to MMA's counsel, Walker & Patterson, P.C. at 4815 Dacoma, Houston, TX 77092, or by another method mutually agreed upon in writing by IRPINO and MMA.

    iii. Within ten (10) days following entry of an order by the Bankruptcy Court approving this Settlement Agreement, IRPINO shall deposit **$81,413.21** with the registry of the United States Bankruptcy Court for the Southern District of Texas (Case No. 24-31596) (the **"Court's Registry"**), representing 25% of the total attorneys' fees in the Resolved Galindo Cases (the **"Settled Registry Funds"**).

    iv. The Settled Registry Funds shall remain in the Court's Registry until further order of the Bankruptcy Court, to allow MMA and Galindo to assert their respective claims and seek a determination of entitlement to the funds. This deposit is intended to interplead the disputed portion of fees and discharge IRPINO from further involvement in the fee dispute regarding the Resolved Galindo Cases.

b. **FOR ALL UNRESOLVED GALINDO CASES:**

    i. For all Unresolved Galindo Cases, IRPINO shall, on a go-forward basis, transfer to MMA 25% of the total attorneys' fees in each case. Such payment shall be made within ten (10) days of the earlier of: (a) the client's receipt of settlement funds, or (b) IRPINO's receipt of the corresponding attorney's fees (**"MMA Future Payments"**).

    ii. If MMA Future Payments are received by IRPINO in any Unresolved Galindo Case after the Effective Date but before the Bankruptcy Court enters an order

approving the Settlement Agreement (the **"Settlement Order"**), IRPINO shall hold MMA's portion in trust and remit it to MMA within ten (10) days of entry of the Settlement Order.

iii. For all Unresolved Galindo Cases, IRPINO shall, on a go-forward basis, deposit with the Court's Registry 25% of the total attorneys' fees in each case within ten (10) days of receipt (**"Future Settlement Registry Funds"**).

1. If such attorney's fees are received by IRPINO after the execution of this Settlement Agreement but prior to the Settlement Order, IRPINO shall hold the funds in trust and deposit them with the Court's Registry within ten (10) days of the entry of the Settlement Order.

2. The Future Settlement Registry Funds shall remain in the Court's Registry until further order of the Bankruptcy Court to allow MMA and Galindo the opportunity to assert their respective interests and seek a determination from the Court.

3. This deposit of Future Settlement Registry Funds is intended to interplead the disputed portion of fees and discharge IRPINO from further involvement in the fee dispute regarding the Unresolved Galindo Cases between MMA and Galindo.

c. **FOR ALL RESOLVED AND PREVIOUSLY PAID GALINDO CASES**

i. Within ten (10) days following the entry of the Settlement Order, IRPINO shall transfer to MMA, a total of **$3,289.43**, in good funds, representing 25% of the total attorney's fees IRPINO received in the Former MMA Case, where Galindo previously received a total of 50% of the attorney's fees from IRPINO and did not remit any portion to MMA (**"Resolved and Paid Galindo Case"**).

ii. Unlike the Resolved Galindo Cases, IRPINO will not transfer 25% of the attorney's fees received in the Resolved and Paid Galindo Case to the Court Registry, as Galindo has already received 50% of the fees in this matter.

iii. MMA shall pursue Galindo directly for the 25% of the attorney's fees it believes that it is not entitled to retain. Likewise, IRPINO shall address any claims it may have against Galindo directly and independently of the Bankruptcy proceeding, including seeking reimbursement from Galindo for the 25% payment it is making to MMA in the Resolved and Paid Galindo Case.

12. **PAYMENT REGARDING NON-GALINDO CASES**

   a. **FOR ALL RESOLVED NON-GALINDO CASES**

      i. For all Resolved Non-Galindo Cases, within ten (10) days following entry of the Settlement Order, IRPINO shall transfer to MMA, through its bankruptcy counsel, the total amount of **$101,794.74**, in good funds, representing forty percent (40%) of the total attorneys' fees in the Resolved Non-Galindo Cases, regardless of whether IRPINO is working with or without other co-counsel or has fee-sharing arrangements in place.

      ii. For the avoidance of doubt, MMA's forty percent (40%) share shall be calculated based on the entire amount of attorneys' fees in the Resolved Non-Galindo Cases, and any payments or obligations owed by IRPINO to other law firms or co-counsel shall be paid from IRPINO's remaining sixty percent (60%) share, and shall not reduce MMA's forty percent (40%) entitlement in any way.

   b. **FOR ALL UNRESOLVED NON-GALINDO CASES**

      i. For all Unresolved Non-Galindo Cases IRPINO shall, on a go-forward basis, transfer to MMA forty percent (40%) of the total attorneys' fees received in

each case. Such payment shall be made within ten (10) days of the earlier of: (a) the client's receipt of settlement funds, or (b) IRPINO's receipt of the corresponding attorney's fees (**"MMA Future Settlement Funds"**), regardless of whether IRPINO is working with or without other co-counsel or has separate fee-sharing agreements. As with Resolved Non-Galindo Cases, any obligations IRPINO has to other firms shall be paid from its sixty percent (60%) share.

ii. If such fees are received by IRPINO after the Effective Date, but prior to the entry of the Settlement Order, IRPINO shall hold MMA's share in trust and remit payment to MMA within ten (10) days of the entry of the Settlement Order.

## C.  EXPENSES

**NON-EXPERT EXPENSES IN SETTLED CASES:**

13. Within ten (10) days of entry of the Settlement Order, IRPINO shall transfer a total of **$1,921.00** (the **"Total Non-Expert Expenses"**) to MMA. This amount represents 100% of the actual costs advanced by MMA in the Former MMA Cases.

**EXPERT EXPENSES IN SETTLED CASES:**

14. Within ten (10) days of entry of the Settlement Order, IRPINO shall transfer a total of **$61,813.93** (the **"Total Expert Expenses"**) to MMA.

15. The Total Expert Expenses are comprised of two categories:

    a. **"Resolved Expert Expenses"**: The Resolved Expert Expenses total **$49,689.93** (comprised of **$29,243.89** in the Resolved Galindo Cases and **$20,446.04** in the Resolved Non-Galindo Cases) which represents the total fees owed to experts pre-petition for which MMA is liable to pre-petition. These fees have been negotiated and reduced at IRPINO's request; and

b. **"Unresolved Expert Expenses"**: The Unresolved Expert Expenses total **$12,124.00** (comprised of **$6,062.00** in the Non-Galindo Settled Cases and **$6,062.00** in the Galindo Settled Cases) which represents the total fees owed to experts pre-petition for which MMA is liable and IRPINO was unable to negotiate a fee reduction.

**RESOLUTION OF UNRESOLVED EXPERT EXPENSES**

16. IRPINO and MMA mutually agree that the **Unresolved Expert Expenses** may be excessive and improper, and an investigation should be performed to determine if a reduction is necessary.

17. The experts seeking payment for the Unresolved Expert Expenses have filed proofs of claim in MMA's bankruptcy case. MMA shall take full responsibility for addressing these claims. Specifically:

    a. MMA agrees to use best efforts to informally negotiate reductions with the relevant expert creditors.

    b. If no agreement is reached, MMA shall file formal objections to the applicable proofs of claim in its bankruptcy case if MMA determines that an objection should be filed.

18. In the event that any portion of the Unresolved Expert Expenses are disallowed or reduced, that amount shall be returned to the applicable Former MMA Client. Any portion that is allowed (whether through agreement or Bankruptcy Court order or because the proof of claim is not objected to) shall be paid to the MMA bankruptcy estate for the benefit of all creditors.

19. In order to return any disallowed or reduced amounts to the appropriate Former MMA Clients:

    a. MMA shall return those funds to IRPINO for the benefit of the specific Former MMA Client;

  b. MMA shall provide written notice to IRPINO specifying the amount and the identity of the Former MMA Clients entitled to the returned funds; and

  c. IRPINO shall be responsible for promptly disbursing those funds to the identified clients in accordance with MMA's instructions.

20. This section is intended to make clear that IRPINO has no further responsibility or obligation to address, negotiate, or resolve any portion of the Unresolved Expert Expenses beyond what is stated herein.

**EXPENSES IN NON-SETTLED CASES**

21. For all Unresolved Galindo Cases and Unresolved Non-Galindo Cases (collectively, the **"Unresolved Cases"**), IRPINO agrees that it is liable to MMA for all reasonable expenses actually incurred and paid by MMA.

22. For all Unresolved Cases, IRPINO shall transfer the total amount of expenses owed to MMA at the same time that it transfers payment to MMA for the attorney's fees in the Unresolved Cases, as identified above in Paragraphs 11(b) and 12(a).

23. MMA has already provided IRPINO with all expenses incurred in the Unresolved Cases, and these expenses shall be remitted to MMA upon resolution of the Unresolved Cases.

### D. **QUARTERLY REPORTING**

24. Beginning on the 15th day of the first calendar month following the entry of an order by the Bankruptcy Court approving this Settlement Agreement, and continuing on a quarterly basis thereafter, IRPINO shall provide MMA with a report identifying the status of all Unresolved Galindo Cases and Unresolved Non-Galindo Cases, including:

a. Client's Name;

b. Galindo or Non-Galindo classification

c. Defendant's name and/or Insurance carrier

d. Status of the case (e.g. mediation scheduled or occurred)

e. Efforts made to resolve the case

f. If the case is resolved, a description of the resolution or settlement;

g. Total attorney's fees received

h. Fee percentage to which IRPINO will receive

i. Amount of attorney's fees received by IRPINO

j. Amount of expenses/costs due to IRPINO

k. Amounts paid or due to all third parties on the case (e.g. experts, mediators, estimators, etc.); and

l. Supporting Distribution Statements or other documentation, as applicable to cases that were newly resolved in that reporting period.

### E.   IRPINO's REPRESENTATIONS, AFFIRMATIONS AND ACCOUNTABILITY

25. IRPINO hereby represents, warrants, and affirms that the amounts identified and paid (or to be paid) to MMA, or deposited into the Court's Registry pursuant to this Settlement Agreement, whether related to Galindo or Non-Galindo Cases, resolved or unresolved, constitute the full and complete 25% or 40% shares, respectively, of the total attorneys' fees in those matters, as required by this Settlement Agreement.

26. IRPINO further represents, warrants, and affirms that the list of Former MMA Cases provided in connection with this Settlement Agreement includes all matters in which MMA previously represented the client and which IRPINO has settled, is currently litigating, or otherwise resolved. IRPINO acknowledges and agrees that this list constitutes the full universe of such cases.

27. IRPINO expressly acknowledges that MMA is relying on these representations in entering into this Settlement Agreement. If it is later discovered that (a) any Former MMA Case was omitted from the case list provided by IRPINO, or (b) the total settlement amount or attorneys'

fees were misrepresented for any case, then MMA shall be entitled to its full share (50% of Galindo Cases or 40% of Non-Galindo Cases, as applicable) of the total attorneys' fees in that matter, plus interest, costs, and reasonable attorneys' fees incurred in enforcing its rights. IRPINO further agrees that such failure will constitute a material breach of this Settlement Agreement.

28. IRPINO further acknowledges and agrees that its representations in this Settlement Agreement are material representations made to the Debtor and to the Bankruptcy Court. These representations are made under penalty of perjury and are subject to the jurisdiction and enforcement powers of the United States Bankruptcy Court for the Southern District of Texas, including but not limited to the Court's authority to issue sanctions, enter contempt orders, or impose other appropriate relief in the event IRPINO is found to have knowingly misrepresented the amounts due, or it has withheld any portion of the required funds.

29. IRPINO agrees to maintain all underlying financial records, fee statements, settlement statements, and supporting documentation used to calculate such payments for a period of not less than two (2) years and shall promptly produce such documents to MMA or the Bankruptcy Court upon reasonable written request or order of the Court.

30. In the event that IRPINO later learns that a Former MMA Case was not disclosed or included in this Settlement Agreement, IRPINO shall notify MMA within 48 hours of such discovery and the Parties agree to use their best efforts to resolve the dispute.

### F.     MISCELLANEOUS MATTERS

31. **Automatic Stay Modification**: The automatic stay under Section 362 of the Bankruptcy Code is modified, to the extent applicable, to allow IRPINO to continue prosecuting the Former MMA Cases. This includes the ability to obtain judgments, settle, attend mediation or arbitration, and/or resolve such cases.

32. **Payment to Insureds:** IRPINO shall promptly pay insureds as the Former MMA Cases

are settled or resolved.

33. **Endorsement of Settlement Checks:** MMA expressly consents to IRPINO endorsing MMA's name on any settlement or fee-related checks associated with the Former MMA Cases, subject to the following notice and objection provisions:

34. **Notice Requirement**: IRPINO shall provide MMA with a copy of the check and its written intent to endorse at least two (2) business days prior to endorsing the check. Written notice and a copy of the check must be sent to MMA at the following email addresses: (a) kohlsson@mma-pllc.com, (b) Zach@mma-pllc.com, (c) jjp@walkerandpatterson.com; and (d) mgoott@walkerandpatterson.com.

35. **Objection Procedure**: MMA shall have two (2) business days from receipt of the notice to object to the proposed endorsement via email to Louise Higgins at lhiggins@irpinolaw.com. If MMA objects in writing within the designated time, the check may not be endorsed without further agreement from MMA or an order from the Bankruptcy Court. The Parties agree to work together to avoid any unnecessary litigation or dispute during this process and to further use their best efforts to resolve all issues without the need for Bankruptcy Court involvement.

36. **Retention of Jurisdiction:** The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute between IRPINO and MMA regarding this Agreement.

37. **Mutual Release**: Effective upon the full and final completion of all terms and conditions set forth in this agreement, both MMA and IRPINO release each other from any and all claims, demands, and causes of action related to the Former MMA Cases.

38. **Bankruptcy Court Approval:** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

39. **Notice to Galindo:** MMA agrees that it will be responsible for providing Galindo with notice of this settlement agreement, and all motions, pleadings, orders and hearing dates related to

MMA's request to have the Bankruptcy Court approve this Settlement Agreement.

Dated: 8/14/2025

*[signature]*

**John Zachary Moseley – MMA Law Firm, PLLC**
1235 North Loop West
Suite 810
Houston, Texas 77008
Email: zach@mma-pllc.com
Telephone: 713-334-6121
Fax: 713-332-5953




Dated:   8/14/2025

*Irpino, Avin & Hawkins*

*[signature]*

_____
Anthony Irpino, LA Bar No. 24727
Louise C. Higgins, LA Bar No. 31780
2216 Magazine Street
New Orleans, LA  70130
Telephone:   (504) 525-1500
Facsimile:   (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com

COUNSEL FOR IRPINO, AVIN & HAWKINS