IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| *Debtor*. | § | |

### DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH OTTERBOURG PC

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

MMA Law Firm, PLLC (the "**Debtor**" or **"MMA"**) hereby files this *Motion to Compromise Controversy with Otterbourg PC* (the "**9019 Motion**"), and respectfully shows the Court the following:

## RELEVANT FACTS

1. On December 4, 2024, Otterbourg filed its First Interim Fee Application, covering the period from August 13, 2024 through October 31, 2024, seeking total compensation of $161,696.00 [ECF No. 434] (the **"First Fee Application").**

2. The Debtor and Otterbourg entered into a Stipulation (the **"Stipulation")** [ECF No. 527] related to the First Fee Application which allowed on an interim basis a total amount of $145,526.40 in attorney's fees and 100% of expenses in the amount of $129.00 (for a total allowed amount of fees and expenses of $145,655.40 (the "**Prior Allowed Fees and Expenses**"), with a hold-back amount of 25% of the fees.

3. The Debtor paid Otterbourg $109,273.80 pursuant to the Stipulation on account of the Prior Allowed Fees and Expenses.

4. On June 17, 2025, Otterbourg filed its Second Interim Fee Application requesting $419,835.00 in fees and $8,449.20 in expenses (the **"Second Fee Application").**

5. On June 26, 2025, the Debtor filed its Objection to the Second Fee Application.

6. On November 13, 2025, the Parties attended mediation before the Honorable Jeff Norman on November 13, 2025, and resolved all disputes between the Parties, subject to bankruptcy court approval.

## SETTLEMENT TERMS

7. The Settlement Agreement attached hereto as **Exhibit A** sets forth the terms negotiated by the parties during mediation, subject to approval by the Bankruptcy Court. The terms are summarized below:

   a. On or before November 18, 2025, the Debtor shall file a Motion to Approve Compromise with the Bankruptcy Court.

b.         The Debtor shall pay Otterbourg a total of $125,000.00 within three (3) days of entry of an order approving the Motion to Approve Compromise (the **"Fees"**), which order shall allow the Fees and the Prior Allowed Fees and Expenses on a final basis pursuant to section 330 of the Bankruptcy Code. Otterbourg shall hold the fees until the order becomes final.

c.         The payment of the Fees by the Debtor to Otterbourg is in full and final satisfaction of all fees and costs owed to Otterbourg by the estate of MMA Law Firm, PLLC, including but not limited to any holdback amounts pursuant to the Stipulation and the First Fee Application.

d.         Otterbourg shall file a Motion to Withdraw as Counsel for the Committee Effective November 13, 2025 within three (3) days of entry of an order approving the Motion to Compromise, and the Debtor shall support the relief requested.

e.         The Parties understand that the entirety of the Settlement Agreement is subject to Bankruptcy Court approval.

f.         The Bankruptcy Court shall retain exclusive jurisdiction over any and all disputes, claims, or matters arising out of or related to the Agreement, including the interpretation, enforcement, or implementation of the terms of the Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court for the resolution of any such disputes, claims, or matters, and agree that such disputes, claims, or matters shall be adjudicated in the Bankruptcy Court for the Southern District of Texas.

g.         The Agreement is being entered into solely for the purpose of resolving the disputes and claims between the Parties, and nothing in the Agreement shall be construed as an admission by any Party of any liability or wrongdoing.

h. The Agreement constitutes the entire understanding and agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements, discussions, and understandings, whether written or oral, between the Parties.

i. Any amendment or modification of the Agreement must be in writing and executed by all Parties, and subject to Bankruptcy Court approval.

j. **Release.**

(a) Effective upon entry of a final, non-appealable order approving the Agreement and payment of the Fees by the Debtor to Otterbourg, each of the Parties hereby fully, finally, and forever releases, remises, acquits, and discharges the other Party and each of its respective current and former officers, directors, employees, agents, attorneys, representatives, predecessors, successors, and assigns (collectively, the "**Released Parties**") from any and all claims, causes of action, obligations, damages, demands, liabilities, and rights of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, that arise out of or relate to (i) the First Fee Application, the Second Fee Application, the Stipulation, or (ii) any acts, omissions, services, or events occurring on or before the date of the Agreement in connection with the foregoing.

(b) Notwithstanding the foregoing, nothing in this Section shall release any Party from its obligations under the Agreement or any order approving the Agreement.

## ARGUMENT AND AUTHORITIES

15. FED. R. BANKR. P. 9019 governs compromises with the Debtor. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation; and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

16. The Debtor asserts that the proposed settlement satisfies each of these factors and should be approved.

### FACTOR 1: PROBABILITY OF SUCCESS IN THE LITIGATION

17. The Debtor has considered the probability of success on the merits of its objection to Otterbourg's Second Interim Fee Application. While the Debtor believes it raised good-faith issues regarding certain aspects of the requested compensation, Otterbourg likewise has substantial arguments in support of the reasonableness and necessity of its services under section 330 of the Bankruptcy Code. Given the nature of the issues presented, the professional judgment involved, and the inherent uncertainty in fee litigation, the Debtor recognizes that the outcome of continued litigation is uncertain and could result in additional costs to the estate. Accordingly, the Debtor determined that the settlement represents a fair and reasonable resolution that avoids the risks and expenses associated with further proceedings.

### FACTOR 2: DIFFICULTY OF COLLECTION ON A JUDGMENT

18. This factor is not applicable in the present case. The proposed settlement does not involve the Debtor seeking to collect funds from Otterbourg or the enforcement of a monetary judgment

against it. Rather, the settlement provides for a payment by the Debtor to Otterbourg in final resolution of the fee dispute. Accordingly, issues relating to the collectability of any potential judgment are not relevant to the Court's consideration of this compromise.

**FACTOR 3: COMPLEXITY OF THE LITIGATION.**

19. The underlying dispute is not factually or legally complex. The matter concerns the reasonableness of fees and expenses requested by Otterbourg in connection with its representation of the Committee, and the Debtor's related objection. Although fee matters can involve detailed review of billing records and the exercise of professional judgment, the issues here are limited in scope and do not present novel or complex legal questions.

**FACTOR 4:  DEFERENCE TO CREDITORS.**

20. The proposed settlement benefits the estate and, by extension, its creditors by resolving a disputed administrative claim for a reduced amount. The settlement lessens the administrative burden on the estate and enables the Debtor to focus its efforts and resources on plan confirmation, pending litigation, and overall case administration.

**RELIEF REQUESTED**

21. The compromise represents a sound exercise of business judgment and is in the best interests of the estate and its creditors. Accordingly, the Debtor respectfully requests that the Court approve the Settlement Agreement in full and grant the relief requested in the Motion.

**WHEREFORE**, MMA Law Firm, PLLC prays that the court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take

all actions and execute all documents necessary to effectuate the compromise, and for such other relief as the court finds appropriate and just to grant.

By: <u>/s/ Miriam T. Goott</u><br>
Miriam T. Goott<br>
attorney-in-charge<br>
SBN 24048846<br>
COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com
713.956.5577 (telephone)
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a true and correct copy of the foregoing *Motion to Approve Compromise* was served on all parties receiving electronic notice through the Court's CM/ECF system and by email to counsel for Otterbourg and counsel for the Committee on November 13, 2025.

<u>/s/Miriam T. Goott</u><br>
Miriam T. Goott