IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 24-31596 |
| MMA LAW FIRM, PLLC, § | |
| § | |
| Debtor. § | |
| § | |
| § | CHAPTER 11 |

### SETTLEMENT AGREEMENT

This Settlement Agreement (the **"Agreement"**) is entered into by and between Otterbourg PC (**"Otterbourg"**) and MMA Law Firm, PLLC (the **"Debtor"**). Collectively, the Debtor and Otterbourg are referred to as the **"Parties"**.

### RECITALS

**WHEREAS,** on December 4, 2024, Otterbourg filed its First Interim Fee Application, covering the period from August 13, 2024 through October 31, 2024, seeking total compensation of $161,696.00 [ECF No. 434] (the **"First Fee Application"**).

**WHEREAS**, the Debtor and Otterbourg entered into a Stipulation (the **"Stipulation"**) [ECF No. 527] related to the First Fee Application which allowed on an interim basis a total amount of $145,526.40 in attorney's fees and 100% of expenses in the amount of $129.00 (for a total allowed amount of fees and expenses of $145,655.40 (the **"Prior Allowed Fees and Expenses"**), with a hold-back amount of 25% of the fees.

**WHEREAS,** the Debtor paid Otterbourg $109,273.80 pursuant to the Stipulation on account of the Prior Allowed Fees and Expenses.

**WHEREAS**, on June 17, 2025, Otterbourg filed its Second Interim Fee Application requesting $419,835.00 in fees and $8,449.20 in expenses (the **"Second Fee Application"**).

**WHEREAS,** on June 26, 2025, the Debtor filed its Objection to the Second Fee Application [ECF No. 707].

**WHEREAS**, on November 13, 2025, the Parties attended mediation before the Honorable Jeff Norman on November 13, 2025 and resolved all disputes between the Parties, subject to bankruptcy court approval.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, and agreements set forth herein, the parties agree as follows, subject to bankruptcy court approval:

1. On or before November 18, 2025, the Debtor shall file a Motion to Approve Compromise with the Bankruptcy Court.

2. The Debtor shall pay Otterbourg a total of $125,000.00 within three (3) days of entry of anorder approving the Motion to Approve Compromise (the **"Fees"**), which order shall allow the Fees and the Prior Allowed Fees and Expenses on a final basis pursuant to section 330 of the Bankruptcy Code.  Otterbourg shall hold the fees until the order becomes final.

3. The payment of the Fees by the Debtor to Otterbourg is in full and final satisfaction of all fees and costs owed to Otterbourg by the estate of MMA Law Firm, PLLC, including but not limited to any holdback amounts pursuant to the Stipulation and the First Fee Application.

4. Otterbourg shall file a Motion to Withdraw as Counsel for the Committee Effective November 13, 2025 within three (3) days of entry of an order approving the Motion to Compromise, and the Debtor shall support the relief requested.

5. The Parties understand that the entirety of this Settlement Agreement is subject to Bankruptcy Court approval.

6. The Bankruptcy Court shall retain exclusive jurisdiction over any and all disputes, claims, or matters arising out of or related to this Agreement, including the interpretation, enforcement, or implementation of the terms of this Agreement. The Parties consent to the jurisdiction of the Bankruptcy Court for the resolution of any such disputes, claims, or matters, and agree that such disputes, claims, or matters shall be adjudicated in the Bankruptcy Court for the Southern District of Texas.

7. This Agreement is being entered into solely for the purpose of resolving the disputes and claims between the Parties, and nothing in this Agreement shall be construed as an admission by any Party of any liability or wrongdoing.

8. This Agreement constitutes the entire understanding and agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements, discussions, and understandings, whether written or oral, between the Parties.

9. Any amendment or modification of this Agreement must be in writing and executed by all Parties, and subject to Bankruptcy Court approval.

10. **Release.**

(a) Effective upon entry of a final, non-appealable order approving this Agreement and payment of the Fees by the Debtor to Otterbourg, each of the Parties hereby fully, finally, and forever releases, remises, acquits, and discharges the other Party and each of its respective current and former officers, directors, employees, agents, attorneys, representatives, predecessors, successors, and assigns (collectively, the "**Released Parties**") from any and all claims, causes of action, obligations, damages, demands, liabilities, and rights of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, that arise out of or relate to (i) the First Fee Application, the Second Fee Application, the Stipulation, or (ii) any acts, omissions, services, or

events occurring on or before the date of this Agreement in connection with the foregoing.

(b) Notwithstanding the foregoing, nothing in this Section shall release any Party from its obligations under this Agreement or any order approving this Agreement.

**Debtor**

By: /s/ John Z. Moseley
Name: John Zachary Moseley
Title: Managing Member
Date: 11-13-2025


**Otterbourg PC**

By: /s/ Sunni P. Beville
Name: Sunni P. Beville
Title: Member ~~Otterbourg PC~~
Date: 11-13-2025