IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO.   24-31596 |
| MMA LAW FIRM, PLLC § | |
| § | |
| DEBTOR § | |

### SETTLEMENT AGREEMENT WITH BROUSSARD & DOVE, A PROFESSIONAL LAW CORPORATION

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), on the one hand, Broussard & Dove, a Professional Law Corporation ("**Broussard & Dove**" or "**B&D**"), on the other hand. MMA and B&D are each referred to individually as a "**Party**" and collectively as the "**Parties**."

This Agreement is expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). The Effective Date of this Settlement Agreement is that date that it is executed by the Parties.

### DEFINITIONS AND RECITALS

1.  Pre-petition, MMA represented numerous clients on a contingency-fee basis. Certain of those clients were subsequently represented by Broussard & Dove (the "**Former MMA Clients**").

2.  On January 31, 2025, MMA initiated an adversary proceeding against Broussard & Dove in Case No. 25-03021 (the, "**Adversary**") seeking among other things a fee apportionment related to the Former MMA Clients.

3.  On April 7, 2025, Broussard and Dove filed a response to the Adversary denying the

{00384530-1}

assertions set forth in the Adversary.

4. On July 22, 2025, the Louisiana Insurance Guaranty Association (**"LIGA"**) filed Adversary Proceeding No. 25-03429 against MMA (the **"LIGA Adversary Proceeding"**) concerning MMA's interest in attorney's fees in certain cases.

5. The Debtor responded to the LIGA Adversary, including claims relating to LIGA's withholding of attorney's fees (the **"LIGA Withheld Fees"**).

6. On September 9, 2025, MMA and LIGA entered into a settlement agreement (the **"LIGA Settlement Agreement"**) which was approved by Order of this Court on September 18, 2025 [ECF No. 834] and subsequently corrected by Order at ECF No. 849.

7. On September 18, 2025, the Bankruptcy Court approved a settlement agreement between MMA and Cristobal M. Galindo, PC (**"Galindo"**) [ECF No. 832] (the **"Galindo Agreement"**), pursuant to which Galindo irrevocably waived and released all claims to attorneys' fees, costs or recovery arising from the Former MMA Clients.

8. Pursuant to the LIGA Settlement, on October 10, 2025, LIGA deposited certain funds into the registry of the Bankruptcy Court and provided a report identifying former MMA clients, successor counsel, and associated attorneys' fees (the **"LIGA Fee Report"**).

9. The LIGA Fee Report identified two (2) Former MMA Clients that were not previously represented by Galindo and twenty-four (24) Former MMA Clients that were previously represented by Galindo for whom B&D served as a Successor Firm [as defined in the Galindo Agreement (collectively, the **"B&D Withheld Fees"**).

10. On October 23, 2025, the Debtor filed a *Motion for Turnover of Property and Distribution of Funds Held in Court Registry* at ECF No. 909 (the **"Turnover Motion"**), seeking turnover of the B&D Withheld Fees.

11. On November 13, 2025, Broussard & Dove filed an Objection to Turnover Motion

{00384530-1}

with supporting attachments [ECF No. 1081, 1082 and 1083] (the **"B&D Objection"**).

12. The Parties desire to resolve fully and finally the Adversary, the Turnover Motion, and all disputes arising from the Former MMA Clients, subject to Bankruptcy Court approval.

## TERMS AND CONDITIONS

13. **BANKRUPTCY COURT APPROVAL**:

a. This Agreement is subject to approval by the Bankruptcy Court and shall not be effective until such approval is entered. MMA shall file a motion to approve this Settlement Agreement with the Bankruptcy Court within five (5) business days of execution by both Parties.

14. **INITIAL SETTLEMENT PAYMENT**:

a. Within three (3) business days after entry of an order approving this Agreement, Broussard & Dove shall pay MMA $167,792.85 in immediately available funds (the "**Initial Settlement Payment**").

b. Payment shall be made payable to *MMA Law Firm, PLLC* and delivered to MMA's counsel, Walker & Patterson, P.C., at 4815 Dacoma, Houston, Texas 77092.

15. **WITHDRAWAL OF OBJECTION TO TURNOVER MOTION – ASSIGNMENT OF FEES**

a. Broussard & Dove has filed a Notice of Withdrawal of its Objection to the Turnover Motion wherein it reserved all rights to reassert its Objection and all defenses and claims related thereto, without wavier, in the event MMA fails to file a 9019 Motion prior to the hearing on MMA's Motion for Turnover [ECF 909] which is scheduled for December 19, 2025.

b. B&D hereby assigns, transfers, and conveys to MMA all of B&D's rights, title, and interests in and to the B&D Withheld Fees deposited by LIGA and held in the registry of the Bankruptcy Court that are the subject of the Turnover Motion.

c. MMA shall serve J. Nichols and M. Ford with notice of the 9019 Motion. Broussard & Dove shall provide MMA with their last known mailing address.

{00384530-1}

16. MMA hereby grants the Louisiana Insurance Guaranty Association ("**LIGA**") full authority to release and disburse to Broussard & Dove all settlement proceeds and attorney's fees held or withheld by LIGA in any matters in which MMA Law Firm, PLLC and Broussard & Dove are listed as counsel, and which funds were not deposited into the registry of the Bankruptcy Court. Such funds shall be collected by B&D and allocated between MMA and B&D in accordance with this Settlement Agreement as explained in Paragraph 23 regarding the appropriate allocation of funds (*i.e.* 50% vs 25%, timing of payment(s), and where payment(s) should be made.

**ENDORSEMENT OF SETTLEMENT CHECKS**

17. Notwithstanding Paragraph 13, immediately upon execution of this Settlement Agreement by the Parties, MMA authorizes and permits Broussard & Dove to endorse, on MMA's behalf, six (6) settlement checks for the following Former MMA Clients: Dartez, Duncan, Edwards, R. Jackson, J. Johnson, and J. White (collectively, the "**Identified Checks**"), which include attorney's fees totaling $59,850.50, for the purpose of allowing Broussard & Dove to immediately negotiate the Identified Checks and distribute the client's settlement funds without further delay.

18. Broussard & Dove shall hold the entirety of the attorney's fees attributable to each of the Identified Checks in its client trust account pending entry of an order by the Bankruptcy Court approving this Settlement Agreement.

19. Within three (3) business days after entry of an order approving this Settlement Agreement by the Bankruptcy Court or upon receipt of fees by Broussard & Dove, whichever occurs later, Broussard & Dove shall remit to MMA Law Firm, PLLC the sum of $23,900.00 (the "**Identified Check Payment**").

20. For the avoidance of doubt, the Identified Check Payment in the amount of $23,900.00 is in addition to the Initial Settlement Payment in the amount of $167,792.84 described above in Paragraph 14 of this Settlement Agreement.

{00384530-1}

21.     Payment of the Identified Check Payment shall be made in immediately available funds, payable to MMA Law Firm, PLLC, and delivered to MMA's counsel, Walker & Paterson, P.C. at 4815 Dacoma, Houston, Texas 77092.

**UNRESOLVED FORMER MMA CASES:**

22.     **Definitions**: For purposes of this settlement agreement, **"Unresolved Former MMA Cases"** means Former MMA Cases that have not resulted in final settlement, payment of attorneys' fees, and closure as of the Effective Date and are not included in the division of fees per this Settlement Agreement.

  i. The Unresolved Former MMA Cases are divided into two categories:

   a. Galindo Unresolved Cases, and

   b. Non-Galindo Unresolved Cases.

  ii. The <u>Galindo Unresolved Cases</u> include the following matters as confirmed and identified by Broussard & Dove:

   a. Steven Austin, loss address: 2683 Miller Ave, West Lake, Louisiana 70669

   b. Kenneth Black, loss address: 2124 South Alex Plaisance Boulevard (Rear House), Golden Meadow, LA 70357

   c. Dwanesa Goins, loss address: 2516 2nd Avenue, Lake Charles, Louisiana 70601
   d. Dorothy Guice, loss address: 540 Robertson Rd, Grand Cane, Louisiana 71052
   e. Leatrice Jenkins (insured is Nicole Wilson), loss address: 407 Sanders Street, Franklin, Louisiana 70538

   f. Romel Holland, loss address: 1021 Townshend North, Gretna, LA 70056

   g. Nakisha Ratcliff, loss address: 20153 Graceland Rd.,

{00384530-1}

Franklinton, LA 70438

h. Chastity Rosette, loss address: 2402 Cline Street, Lake Charles, Louisiana 70601

i. Yolanda Ross, loss address: 530 10th Ave, Glenmora, Louisiana 71433

j. Arthur Williams, loss address: 509 East 6th Street, Deridder, Louisiana 70634

iii. The <u>Non- Galindo Unresolved Cases</u> include the following clients as confirmed and identified by Broussard & Dove:

a. Rhonda Bascle, loss address: 809 Funderburk Ave, Houma, LA 70364

b. Leda Fan (insured in Donald Brinson), loss address: 2 Trianon Plaza, New Orleans, LA 70125

c. Billie Jo Meyer, loss address: 110-112 Sherwood Forest Drive, New Orleans, LA 70119

d. Brett Smith, loss address: 601 Evergreen St., Thibodaux, LA 70301

23. **Future Payment for Unresolved Former MMA Cases**

  a. For the **Galindo Unresolved Cases**:

   i. B&D shall pay MMA **fifty percent (50%)** of total attorneys' fees received in each case. Payment shall be made by B&D to MMA within ten (10) days of receipt of the attorney's fees by B&D.

  b. For the **Non-Galindo Unresolved Cases**:

   i. B&D shall pay MMA **twenty-five percent (25%)** of total attorneys' fees

{00384530-1}

received in each case. Payment shall be made by B&D to MMA within ten (10) days of receipt of the attorney's fees by B&D.

    ii. All payments owed to MMA shall be made payable to MMA Law Firm, PLLC, and delivered to MMA's counsel, Walker & Paterson, P.C. at 4815 Dacoma, Houston, Texas 77092.

24. **EFFECT OF GALINDO AGREEMENT:**

a. The Parties acknowledge that, pursuant to the Bankruptcy Court's order entered on September 18, 2025 approving the Galindo Agreement (ECF No. 832), Cristobal M. Galindo PC irrevocably waived and released any and all claims to attorneys' fees, costs, or recovery from MMA and Broussard & Dove arising out of or related to the Former MMA Clients or Cases. Consistent with that prior court-approved release, any interest or claim by Cristobal M. Galindo PC to attorneys' fees, costs or recovery associated with the Former MMA Clients and Cases has been extinguished with Galindo transferring to MMA all of its right, title and interest to all claims to attorney's fees, costs or recovery arising out of or related to the Former MMA Clients and Cases

b. MMA shall reference the Galindo release in the proposed order submitted to the Bankruptcy Court in connection with its motion to approve this Settlement Agreement pursuant to Bankruptcy Rule 9019.

c. MMA shall provide notice of this Settlement Agreement and the motion seeking approval thereof to Cristobal M. Galindo, PC.

d. Galindo shall possess no claim against Broussard & Dove for entering into this Settlement Agreement. The releases contained in this settlement includes a release of any and all claims, demands, and causes of action that Galindo may possess against Broussard & Dove pursuant to the Bankruptcy Court's order approving this Settlement Agreement.

25. **QUARTERLY REPORTING OBLIGATIONS:**

a. Beginning on the 15th day of the first calendar month following entry of an order approving this Agreement, and continuing quarterly thereafter, B&D shall provide MMA with a report identifying the status of all **Unresolved Former MMA Cases**, including:

   i. Client's Name;

   ii. Total attorney's fees received

   iii. Fee percentage and dollar amount of fees to which B&D will receive if a supplemental payment or settlement payment is forthcoming;

   iv. Amount of expenses/costs due to B&D; and

   v. Supporting Distribution Statements or other documentation, as applicable to cases that were newly resolved in that reporting period.

26. **BROUSSARD & DOVE'S REPRESENTATIONS, AFFIRMATIONS AND ACCOUNTABILITY**

a. B&D represents, warrants, and affirms that **Exhibit A** constitutes **all** Former MMA Clients which B&D has settled or is currently litigating, or has otherwise received payment of attorney's fees or is entitled to attorney's fees. Exhibit A excludes all Former MMA Clients that were terminated or are no longer are represented by B&D and for which B&D did not receive attorney's fees and is not entitled to receive attorney's fees in the future.

b. If it is later discovered that: (a) a Former MMA Client was omitted and attorneys' fees were received by B&D or is still owed to B&D; or (b) the settlement amount or attorneys' fees were misstated; then, upon discovery of such omission or misstatement, the discovering party shall promptly notify the other in writing of the omission or misstatement and provide a detailed report of the amounts alleged that is owed.

c. In the event that MMA is the discovering party, B&D shall have fourteen (14) business days to remit any further amounts owed to MMA under this agreement, or if contested by B&D,

{00384530-1}

provide notice to MMA of such contest providing a detailed report of the amounts alleged that is owed.

d.  In the event a dispute arises from the Settlement Agreement, the parties shall meet and confer as a precursor prior to filing any legal action.

e.  In the event that B&D is the discovering party, it shall promptly notify MMA of the omission or misstatement and remit the additional funds owed under the terms of this Agreement to MMA within three (3) business days after providing said notice to MMA or the receipt of the funds by B&D, whichever occurs later.

f.  All representations in this Agreement are made under penalty of perjury and are subject to the full enforcement powers of the Bankruptcy Court, including sanctions and contempt.

g.  B&D shall retain all financial records, settlement statements, and documentation used to calculate payments for at least two (2) years and shall produce such documents upon reasonable written request by MMA, not to exceed one (1) request per quarter.

h.  Any notices required to be sent in this Agreement must be sent in writing via a nationally recognized commercial carrier complete with a tracking and delivery confirmation, addressed as follows:

> **IF TO MMA:**
> Walker & Paterson, P.C.
> 4815 Dacoma
> Houston, Texas 77092
>
> **IF TO BROUSSARD & DOVE:**
> **Broussard & Dove, APLC**
> **7605 Park Avenue**
> **Houma, Louisiana 70364**

{00384530-1}

27. **CHANGE OF PAYMENT ADDRESS.**

a.  MMA Law Firm, PLLC shall provide written notice to Broussard & Dove of any change to the address for delivery of payments under this Agreement. Until such written notice is received by Broussard & Dove, payments made to the most recent address provided by MMA Law Firm, PLLC shall be deemed proper and fully satisfy Broussard & Dove's payment obligations under this Agreement.

28. **MMA'S COOPERATION**

a.  With regard to the Unresolved Former MMA Cases, MMA agrees to take all reasonable actions necessary to expedite resolution of any payment issues relating to all cases that have not settled within three (3) business days of receipt of the check or request from B&D, including but not limited to: (a) endorsing any settlement check; (b) agreeing to remove MMA's name from a settlement check; (c) providing written authorization for B&D or its representatives to endorse checks on MMA's behalf; or (d) executing documents necessary to effectuate prompt payment on client's behalf.

b.  The failure of MMA to comply with this section constitutes a material breach of this Agreement subjecting MMA and entitles B&D to reasonable attorney's fees, costs, and expenses to remedy the breach. In the event a dispute arises regarding MMA's cooperations as discussed in 21(a), the parties shall meet and confer as a precursor prior to filing any legal action.

29. **RETENTION OF JURISDICTION:**

a.  In the event a dispute exists under this Settlement Agreement, the Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes arising from or related to this Agreement.

30. **MUTUAL RELEASES:**

a.  Upon full performance of the terms of this Agreement, MMA and B&D shall mutually

{00384530-1}

release, acquit, and forever discharge each other, its owners, employees, officers, agents, representatives, directors, and any and all other persons, of and from any and all claims, demands, and causes of action, whether known or should have been known as of the date of this Settlement Agreement, arising out of or related to the Former MMA Clients and Cases, the Turnover Motion and the Adversary.

Date: 12-18-2025

/s/ John Z. Moseley

**John Zachary Moseley – MMA Law Firm, PLLC**
1235 North Loop West
Suite 810
Houston, Texas 77008
Email: zach@mma-pllc.com
Telephone: 713-334-6121
Fax: 713-332-5953

Date: 12/18/25

**Sye J. Broussard – Broussard & Dove, APLC**
7605 Park Avenue
Houma, Louisiana 70364
Email: Sye@BroussardDoveLaw.com
Telephone: 985-868-4800

{00384530-1}

**EXHIBIT A**

| |
|---|
| Allen, Iesha |
| Austin, Steven |
| Austin, Steven |
| Bias, Ronnie |
| Black, Kenneth |
| Boggs, Jason |
| Cameron, Briana |
| Charles, Charlotte |
| Clackum, Andrew |
| Culpepper, Paula |
| Dartez, James |
| Delaunay, Marilyn |
| Duncan, Melvin |
| Eaglin, Ahmad |
| Edwards, Manessia |
| Fernandez, Kim |
| Gardner, Alberta |
| Gillette, Billy |
| Goins, Dwanesa |
| Goins, Dwanesa |
| Green, Garry |
| Gremillion and Janet Solomon, Keith |
| Guice, Dorothy |
| Guillory, Hubert |
| Guillory-melanson, Francis |
| Henry, Marvin And Wanda |
| Holland, Romel |
| Holland, Romel |
| Jack, Sandra |
| Jackson, Rachel |
| Jenkins, Leatrice (Insured is Wilson, Nicole) |
| Jenkins, Leonard |
| Johnson, James |
| Johnson, Minion |
| Jones, Linda |
| Lejeune, Bernard |
| Lejeune, Bernard |
| Lindsey, Anthony |
| Martin, Ladarrius |
| Millet, Kelley |
| Milton, Sharron |
| Mitchell, Myron |
| Mumphord, Lloyd |

| |
|---|
| Narcisse, Huey |
| Opperam, Perpetua |
| Overton, Justin |
| Papillion, Bernell |
| Patterson, Chris |
| Peck, Louis |
| Peck, Louis |
| Peck, Louis |
| PIERRE, LINDA |
| Pons, Charles |
| Posey, Clair |
| Raney, Byrle |
| RATCLIFF, NAKISHA |
| Reid, Earline |
| Rosette, Chastity |
| ROSS, YOLANDA |
| Scott, Niccole |
| Sharon, Carney (Carney, Sharon) |
| Smith, Caroline |
| SMOTHERS, AMAECHA |
| Suazo, Rolando |
| Svendsen, Judy |
| Tasker, Patricia |
| Taylor, Carolyn |
| Theriot, James |
| Thompson, David |
| Triggs, Mary |
| Washington, Spencer |
| Weatherall, Hillary |
| White, Jacquetta |
| Williams, Arthur |
| Williams, Bernard |
| Williams, Diedra |
| Williams, Janine |
| Young, Michelle |
| Andrade, Amanda |
| Barrett, William |
| Bascle, Rhonda |
| Baudoin, Ronnie |
| Bonner, Tracey |
| Braquet, Craig |
| Clines, Charles |
| Cory, Marilyn |
| Dufrene, Barbara |

| |
|---|
| Fan, Leda (Insured Brinson, Donald) |
| Hoob, Troy |
| Keller, Jason |
| Kreuscher, Samantha |
| Main, Marc & Mary Lou |
| Meyer, Billie Jo |
| Mitchell, James |
| Pierre, Aaron |
| Prosperie, Charlotte |
| Santangelo, Morris |
| Savoy, Rita |
| Smith, Brett |
| Tran, Hung |
| Turner, Larry |
| Waguespack, John |
| Allen, Iesha |
| Boggs, Jason |
| Charles, Charlotte |
| Cory, Marilyn |
| Duncan, Melvin |
| Eaglin, Ahmad |
| Gary Green |
| Hubert Guillory |
| Marilyn Delauney |
| Mitchell, James |
| Mitchell, Myron |
| Papillion, Bernell |
| Peck, Louis |
| Pierre, Linda |
| Pierre, Linda |
| Pons, Charles |
| Smith, Caroline |
| Tasker, Patricia |
| The Roland J. Cortez Sr. and /or Bennette T. Cortez Revocable Living Trust Agreement |
| Thompson, David |
| Triggs, Mary |
| Young, Michelle |
| Fernandez, Kim/Estate of Dianne Fernandez |
| Suazo |