IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>MMA LAW FIRM, PLLC,<br><br>*Debtor*. | Case No. 24-31596<br><br>Chapter 11 |

### *EMERGENCY* MOTION FOR STAY PENDING APPEAL

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON FEBRUARY 17, 2026.**

**NOW INTO COURT**, through undersigned counsel, comes The Monson Law Firm ("TMLF"), who moves for a stay pending appeal of the Order dated February 5, 2026.[1] (the "Order") In support, TMLF represents:

---

[1] ECF No. 1314.

## PRELIMINARY STATEMENT

1. TMLF seeks a stay pending appeal of the Order compelling its testimony on February 26, 2026, in a Rule 2004 examination that has been brought as both a punitive measure and to chill the exercise of constitutionally protected free speech. As iterated further below, absent a stay, TMLF will suffer irreparable harm. It is unlikely that the United States District Court for the Southern District of Texas, Houston Division (the "District Court") will be able to render a decision on the appeal prior to the February 26 examination.[2] A stay pending appeal is required to ensure that TMLF does not suffer any constitutional injury.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of Texas, dated May 24, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).[3] TMLF confirms its consent to the entry of a final order by this Court in connection with this motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of this Chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] TMLF intends to expedite its appeal pursuant to Rule 8013(a)(2)(B) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[3] While TMLF agrees that a Rule 2004 examination is a core proceeding, any defamation claim that the Debtor might bring is not a core proceeding. *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011)

2

4. The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Bankruptcy Rules 2004 and 8007, and Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## RELIEF REQUESTED

5. Pursuant to Bankruptcy Rules 8007(a)(1)(A) and (C), TMLF files this Motion seeking to stay the Order while this Appeal is pending. *See* FED. R. BANKR. P. 8007(a)(1)(A), (C).

6. Emergency relief is requested because—absent a stay—TMLF will suffer irreparable harm. Pursuant to the Order, TMLF is being compelled to provide testimony in a proceeding that has been hijacked by MMA Law Firm, PLLC (the "Debtor") to punish TMLF for its exercise of constitutional right to free speech and to chill future exercises of free speech.

7. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 349 (1976). The Order compels TMLF to testify at the Rule 2004 examination regarding matters that the Debtor and its counsel have unquestionably threatened to sue it for.[4] The Debtor and its counsel have threatened specific present objective harm or a threat of specific harm

8. Pursuant to the Order, TMLF is mandated to appear and testify under oath in 16 days. The Court should not compel testimony or the production of documents regarding facts touching on the exercise of First Amendment Rights. Unquestionably, TMLF will suffer irreparable injury if it is required to do so.

---

[4] ECF No. 1294-1 (C&D Letter).

**BACKGROUND**

9. On July 9, 2025, the Debtor, through its counsel, sent TMLF a cease and desist and preservation of evidence letters threatening to sue TMLF for defamation if it did not cease posting on social media and other outlets, what it claims was false statements.[5] The Debtor did not identify any false statements in its cease and desist letter. Matthew Monson, the principal of TMLF, continued to post pleadings and opinions related to the Debtor and its former members on LinkedIn and other platforms.

10. On January 16, 2026, the Debtor, through its counsel served TMLF with a *Notice of Rule 2004 Examination* at TMLF's Houston office. TMLF, through counsel, advised counsel for the Debtor that objections would be filed on two grounds. First, the Rule 2004 examination was being used punitively to stifle or chill TMLF's constitutionally protected, First Amendment right to free speech. Second, the Debtor was seeking communications between TMLF and Louisiana state regulatory agencies and State and Federal law enforcement agencies and such communications were privileged.

11. In response, counsel for both parties endeavored to work to reach an agreement regarding what documents would be produced. On January 23, 2026, the parties filed the *Agreed Emergency Motion for Resolution of Objections Regarding Rule 2004 Examination of the Monson Law Firm* (the "Agreed Emergency Motion").[6] In the Agreed Emergency Motion, TMLF specifically stated its objections to a host of requests for the 2004 examination. First, TMLF objected to the production of documents and requirement to testify regarding "Category A" matters (social media and online content posted by Monson that reference the Debtor, Moseley, or Mr.

---

[5] ECF No. 1294.

[6] ECF No. 1284.

Huye and CLE and other related materials).[7] TMLF's objection to the Category A urging that the Debtor had issued its 2004 Notice in an effort to chill TMLF's constitutionally protected, First Amendment right to free speech.[8] Secondly, TMLF objected to the production of documents and requirement to testify regarding "Category "B" matters (communications Louisiana State regulatory agencies as well as state and federal law enforcement agencies).[9] TMLF urged this Court to limit the 2004 Notice as those communications, if any, would be privileged and not subject to inquiry via a Rule 2004 examination because TMLF would be entitled to qualified immunity for communications with law enforcement and other state regulatory agencies.

12. In the *Agreed Emergency Motion*, the parties jointly requested the following relief:

➤ A hearing limited to the legal issues in Category A & B.[10]

13. On January 27, 2026, in response to the *Agreed Emergency Motion*, this Court issued an order directing the parties to "file a Joint Stipulation with the Clerk of Court identifying with particularity each question that is the subject of each category (A, B, and C) for hearing scheduled on the 'Agreed Emergency Motion for Resolution of Objections Regarding Rule 2004 Examination of The Monson Law Firm.'"[11]

14. On January 27, 2026, in response to the Court's order, the parties filed the pleading titled, *Stipulation*.[12] Per the Court's order, TMLF identified with particularity each question that is the subject of each Category (A, B & C). TMLF's issues included both the First Amendment

---

[7] ECF No. 1284, at ¶ 3(a).

[8] ECF No. 1284, ¶ 4(a).

[9] ECF No. 1284, ¶ 4(b).

[10] ECF No. 1284 ¶ 7.

[11] ECF No. 1292.

[12] ECF No. 1293.

5

issues[13] as well as questions of qualified immunity–essentially that the Debtor cannot probe TMLF about its communications with Louisiana state regulatory agencies or state and federal law enforcement.[14]

    15.    The *Stipulation* specifically asked this court:

> **Issues for court to determine**: Whether [the 2004 Examination] is […] (2) being used as a punitive action against TMLF for the exercise of its First Amendment right to free speech, or to have a chilling effect on TMLF from continuing exercise [of] its right to free speech, and (3) utilizing the unique procedure of Rule 2004 to avoid the rigors of having to prove a prima facia claim of defamation by clear and specific evidence as required by state law.[15]

Again, in the *Stipulation*, TMLF maintained its objection to the Rule 2004 examination based on constitutional and qualified immunity grounds.

    16.    On January 29, 2026, prior to hearing on the *Agreed Emergency Motion*, continued to work towards a meeting of the minds regarding the parameters of the 2004 Notice. From those discussions, the *Limited Stipulation* was reached–emphasis on "*Limited*."[16] In the *Limited Stipulation*, the Debtor and TMLF agreed to certain procedural matters.[17] The parties also agreed to the production of certain documents and that Matthew Monson would testify regarding certain subjects.[18]

    17.    The matter came for hearing late in the afternoon of January 29, 2026. It became clear immediately that there had not been a meeting of the minds between counsel for the parties

---

[13] ECF No. 1293, pgs. 8-12 (Constitutional Infringement).

[14] ECF No. 1293, pgs. 1-8.

[15] ECF No. 1293, pgs. 12-13.

[16] ECF No 1299.

[17] *See* Stipulations 1 – 3.

[18] *See* Stipulations 4, 8.

as to the scope of the *Limited Stipulation* and whether TMLF had withdrawn its objections–particularly its First Amendment retaliation/chilling effect objection. Argument was had before this Court. On February 5, 2026 the Court issued its *Memorandum Opinion*[19] and Order. In the Order, the Court, on the one hand, overrules TMLF's objections to the 2004 Notice, and yet on the other, orders that TMLF must comply with the *Limited Stipulation*.[20]

18. It is from the Order that emergency stay pending appeal arises.

## BASIS FOR RELIEF REQUESTED

19. The Fifth Circuit employs a four-part test in determining whether to grant and/or extend an injunction or a stay pending appeal: (i) whether the movant has made a showing of likelihood of success on the merits; (ii) whether the movant has made a showing of irreparable injury if the stay is not granted; (iii) whether the granting of the stay would substantially harm the other parties; and (iv) whether the granting of the stay would serve the public interest. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *accord Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001). The Fifth Circuit, however, "has refused to apply these factors in a rigid mechanical fashion." *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 272 (5th Cir. 1994). Accordingly, "the absence of any one factor is not fatal to a successful motion for stay." *In re Permian Producers Drilling, Inc.*, 263 B.R. 510, 515 (W.D. Tex. 2000) (*citing In re First S. Savs. Ass'n*, 820 F.2d 700, 709 n.10 (5th Cir. 1987).

    A.    **The Law Firm is Likely to Succeed on Appeal.**

20. As to the first prong, likelihood of success on appeal, a movant need not establish certainty of success on appeal but, instead, may meet its burden by establishing "a substantial case

---

[19] ECF No. 1313.

[20] ECF No. 1314, ¶¶ 1, 2, and 8.

7

on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Arnold*, 278 F.3d at 439. When an appeal deals with "questions involving the application of law, or when the law has not been definitively addressed by a higher court, the movant more easily satisfies the first element." *In re Tex. Equip. Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) (citing *In re Westwood Plaza Apartments*, 150 B.R. 163, 168 (Bankr. E.D. Tex. 1993)) (internal citations omitted).

21. In the Memorandum Opinion and Order, the Court focused solely on whether the issuance of the 2004 Notice was punitive for TMLF's past exercise of free speech. The Court did not consider TMLF's position that the Rule 2004 examination was being improperly deployed it to chill its future exercise of its constitutionally protected First Amendment right. The Emergency Motion, TMLF urged, "[W]hile Rule 2004's scope is broad, it cannot be utilized to chill free speech. The Debtor's threat of a defamation suit is not abstract. Without identifying any specific publication or statement, by letter dated July 9, 2025, the Debtor sent Monson a cease-and-desist letter to halt publication, etc. of false, defamatory or misleading statements, remove existing content from the web pages, issue retractions of such alleged defamatory statements and commit to avoid future defamation.".

22. In 2024, the Fifth Circuit was faced with a question of standing as to the plaintiff's claim that that government action chilled its exercise of free speech. Relying on the Supreme Court's decision in *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021), the Court recognized that "in pre-enforcement cases alleging a violation of the First Amendment's Free Speech Clause, the Supreme Court has recognized that chilled speech or self-censorship is an injury sufficient to confer standing." Specifically, "[a] plaintiff has suffered an injury in fact if he (1) has an 'intention to engage in a course of conduct arguably affected with a constitutional

interest,' (2) his intended future conduct is 'arguably […] proscribed by [the policy in question],' and (3) 'the threat of future enforcement of the [challenged policies] is substantial.'" Unlike in other constitutional contexts, in the speech context, [the Court] may assume a substantial threat of future enforcement absent compelling contrary evidence." "Controlling precedent thus establishes that a chilling of speech because of the mere existence of an allegedly vague or overbroad statute can be sufficient injury to support standing." *Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 782-83 (5th Cir. 2024). While *Barilla* and *Nat'l Press Photographers Ass'n* address standing, they are unquestionably applicable in this instance. Courts have uniformly struck down efforts by government officials to that act to chill a citizen's Constitutionally protected right to freedom of speech. The evidence established that (1) the Debtor and its counsel threatened to sue TMLF and Matthew Monson for defamation if they did not abide by the Debtor's cease and desist mandate; (2) TMLF continued to exercise its rights under the First Amendment; and (3) the Debtor deployed the extraordinary bankruptcy tool of a Rule 2004 examination to TMLF and its principal, Matthew Monson.

23. The above facts are sufficient to show chill. This Court did not address the chilling effect of the Debtor's threats on TMLF's First Amendment rights and a conclusion that a substantial threat of future litigation filed against TMLF clearly exists and there was zero compelling evidence to the contrary. This Court's order compelling TMLF to testify regarding his constitutionally protected speech is absolutely a violation of his First Amendment rights. Supreme Court and Fifth Circuit precedent weighs in favor of TMLF and its likelihood of success on its appeal of the Court's Order.

> B. **Law Firm Will Suffer Immediate and Irreparable Injury if the Bankruptcy Court Does Not Issue a Stay.**

24. The second factor considered in granting a stay pending appeal is whether the movant will be irreparably injured absent a stay. *U.S. v. Transocean Deepwater Drilling, Inc.*, 536 F.App'x 358, 362 (5th Cir. 2013). Courts consistently find that the irreparable harm requirement is satisfied when the moving party's rights would be vitiated absent a stay. Analogously, the District Court for the Southern District of New York, in issuing a stay pending appeal of a bankruptcy court's confirmation order, has emphasized that the loss of appellate review is a "quintessential form of prejudice." *ACC Bondholder Group v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 347-48 (S.D.N.Y. 2007). In that case, the court concluded that "where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement is satisfied." *Id*. at 348; *see also Manges v. Seattle-First Nat'l Bank (In re Manges)*, 29 F.3d 1034 (5th Cir. 1994); *In re Tex. Equip. Co., Inc.*, 283 B.R. 222, 228 (Bankr. N.D. Tex 2002) (explaining that unless the party obtains a stay of a confirmation order, there would be no effective remedies).

25. The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. at 349. The Order compels TMLF to testify at the 2004 examination regarding matters that the Debtor and its counsel has unquestionably threatened to sue it for.[21] The Debtor and its counsel have threatened specific present objective harm or a threat of specific harm. TMLF is mandated to appear and testify under oath in 16 days. This Court should not compel a citizen to testify regarding facts touching on his

---

[21] ECF No. 1294 – July 9, 2025 Cease & Desist and Evidence Preservation Letters.

10

exercise of his First Amendment Rights. Unquestionably, TMLF will suffer irreparable injury if it is required to do so.

   **C.**  **Granting a Stay Would Not Harm Other Parties.**

26. "The third factor requires this Court to balance the hardship of the parties and find whether the harms outweigh any likely irreparable injury to the movant absent a stay." *In re Dernick*, 2019 WL 236999, at *4 (Bankr. S.D. Tex. Jan. 16, 2019) (citing *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 585 (5th Cir. 2013)).

27. A stay will not harm any party. The Debtor's counsel has suggested to the Court that they are working against an April 9, 2026 deadline to bring adversarial actions.[22] *See* 11 U.S.C. § 108(a). A stay by this Court will not impact the Debtor's right to bring any such action, if any. With or without a Rule 2004 examination, the Debtor and its counsel can bring any action it deems proper against TMLF (or any other person or entity) before the deadline. Once litigation ensues, the Debtor will be entitled to conduct discovery. There is no harm that will befall the Debtor or any other party.

   **D.**  **Granting a Stay is in the Public Interest.**

28. The final question is whether a stay serves the public interest. TMLF submits that this factor weighs heavily in favor of granting a stay of the Order because there is an overwhelming public interest in preserving the integrity of the statutory right of appellate review in an expeditious and efficient manner:

> The ability to review decisions of the lower courts is the guarantee of accountability in our judicial system. In other words, no single judge or court can violate the Constitution and laws of the United States, or the rules that govern court

---

[22] The Court should observe that the cease-and-desist letter was sent on July 9, 2025. Yet, the Debtor and its counsel waited until January 16, 2026 to send the Rule 2004 Notice. Despite the seriousness of the allegations against TMLF, the Debtor and its counsel waited 191 days to proceed under Rule 2004. Accordingly, any harm suffered by the Debtor and its estate is self-inflicted.

proceedings, with impunity, because nearly all decisions are subject to appellate review. At the end of the appellate process, all parties and the public accept the decision of the courts because we, as a nation, are governed by the rule of law. Thus, the ability to appeal a lower court ruling is a substantial and important right.

*In re Adelphia Commc'ns Corp.*, 361 B.R. at 342 (citation omitted).

29. A violation of one person's free speech is generally considered a violation for all. Bankruptcy Rule 2004 provides a powerful tool for parties to explore facts and gather evidence prelitigation. As with any powerful tool, it should be wielded justly and not as a weapon to silence citizens. Granting a stay in this instance will unquestionably advance the public's interest.

## STATEMENT PURSUANT TO BANKRUPTCY RULE 8007(b)(2)

30. Pursuant to Bankruptcy Rule 8007(a)(1)(A), TMLF respectfully submits that the filing of this Motion in this Court is necessary and appropriate under the circumstances. As stated above, TMLF will be irreparably harmed if the stay of the Order is not entered. This Court is, thus, well-positioned to decide this Motion.

## TIMELINESS OF THE MOTION

31. Pursuant to Bankruptcy Rule 8007(a)(2), a "motion [for stay pending appeal] may be made either before or after the notice of appeal is filed." FED. R. BANKR. P. 8007(a)(2). "[T]here is no specific deadline for filing a motion for a stay pending appeal. *In re 40 Lakeview Drive, LLC*, 2017 Bankr. LEXIS 2326, *5 (Bankr. D. N.J. August 17, 2017); *Consol. Distribs. v. Mortner*, 2017 U.S. Dist. LEXIS 66075, *3 (E.D.N.Y. May 1, 2017) ("The rules of bankruptcy procedure allow appellant to request a stay of the judgment against it at any time while the appeal is pending.").

32. Accordingly, this is a timely filed Motion as there is no specific deadline for filing a motion for stay pending appeal.

**CONCLUSION**

33. For these reasons, the Court should stay the Order pending appeal. The Order compels imminent testimony that irreparably burdens constitutionally protected speech, threatens to moot meaningful appellate review, and raises serious legal questions that warrant review by the District Court. A stay will preserve the status quo, impose no cognizable harm on the Debtor or its estate, and serves the public interest in safeguarding First Amendment rights and the integrity of appellate review. Absent a stay, TMLF will suffer immediate and irreparable injury. Accordingly, the Court should grant the requested emergency relief and stay enforcement of the Order pending resolution of the appeal.

34. Emergency relief is requested because–absent a stay–TMLF will suffer irreparable harm.

**WHEREFORE**, TMLF requests the entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and for such other relief as the facts may warrant and justice so requires.

Respectfully submitted,

STERNBERG, NACCARI & WHITE, LLC

By: /s/ **Ryan J. Richmond**
Ryan J. Richmond (La. Bar No. 30688)
450 Laurel Street, Suite 1450
Baton Rouge, LA 70801-1821
Tel: (225) 412-3667
Fax: (225) 286-3046
ryan@snw.law

AND

M. Suzanne Montero (La. Bar No. 21361)[23]
935 Gravier Street, Suite 1800

---

[23] Admitted pro hac vice. (ECF No. 1300).

13

New Orleans, LA 70112-1639
Tel: (504) 308-1395
Fax: (504) 534-8961
suzy@snw.law

*Attorneys for The Monson Law Firm, LLC*

## CERTIFICATE OF SERVICE

I certify that on Wednesday, February 11, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

**/s/ Ryan J. Richmond**
Ryan J. Richmond

## CERTIFICATE OF ACCURACY

Pursuant to Local Rule 9013-1, I hereby certify that the foregoing document for accuracy.

**THE MONSON LAW FIRM, LLC**

**/s/ Matthew Monson**
By: Matthew Monson
Its: Member