**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: | § |
| | § CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC, | § |
| | § Chapter 11 |
| DEBTOR. | § |
| | § |
| MMA LAW FIRM, PLLC, | § |
| Plaintiff, | § |
| v. | § ADVERSARY NO. _____ |
| **BEN BAKER, ATTORNEY AT LAW,** | § |
| **PLLC;** | § |
| **RED DIRT LEGAL, PLLC,** | § |
| **Defendants.** | § |

**<u>COMPLAINT</u>**

MMA Law Firm, PLLC (**"Plaintiff"** and/or **"Debtor"**), files this Complaint against Ben Baker, Attorney at Law, PLLC, and Red Dirt Legal, PLLC, pursuant to FED. R. BANKR. P. 7001(1) and (7), requesting actual and punitive damages, equitable relief, and respectfully shows the Court as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This is an adversary proceeding brought by the Debtor seeking a declaratory judgment regarding the determination of property of the bankruptcy estate, turnover of estate property, and violation of the automatic stay.

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), pursuant to 28 U.S.C. § 1409.

5. **MMA Law Firm, PLLC** is the Debtor in Case No. 24-31596 pending in the Southern District of Texas and can be served through its undersigned counsel.

6. **Ben Baker, Attorney at Law, PLLC** ("**Baker**") can be served with this Complaint through its registered agent, Ben Baker, 201 N. Broadway St., Suite 111, Moore, Oklahoma 73160.

7. **Red Dirt Legal, PLLC** ("**Red Dirt Legal**") can be served with this Complaint through its registered agent, Ben Baker Attorney at Law PLLC, 201 N. Broadway Street, Suite 111, Moore, Oklahoma 73160.

8. MMA Law Firm, PLLC (the "Debtor") hereby states that it consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT FACTS

### Relevant Background Facts

9. MMA Law Firm, PLLC ("Debtor") is a litigation law firm based in Houston, Texas.

10. The Debtor represented clients with property damage claims against their insurance companies arising from storm events ("MMA Clients").

11. The Debtor entered into contingency fee contracts with the MMA Clients, entitling it to contingency fees and reimbursement of expenses ("Contingency Fee Contracts").

12. The Debtor prosecuted claims and filed lawsuits on behalf of the MMA Clients pursuant to the Contingency Fee Contracts ("MMA Cases").

### The Baker/MMA Cases

13. Among the MMA Cases, the Debtor associated Ben Baker, Attorney at Law, PLLC, an Oklahoma licensed attorney, as local co-counsel in one or more Oklahoma property damage cases (the "Baker/MMA Cases"). Baker served as Oklahoma-licensed counsel of record in those cases.

14. The Baker/MMA Cases include, at a minimum, the following:

- First Christian Church of Blackwell v. Brotherhood Mutual Insurance Company, et al., Case No. CJ-2017-59, District Court of Kay County, State of Oklahoma (the "First Christian Church Case");
- Cookson Hills Christian School; and
- Other additional smaller property damage cases in which MMA served as primary counsel and Baker served as Oklahoma local co-counsel (collectively with the foregoing, the "Baker/MMA Cases").

15. In the First Christian Church Case, the Debtor's attorney, James M. McClenny, a member of the Debtor firm, was admitted to practice in the State of Oklahoma pro hac vice on or about January 31, 2019, on the Debtor's motion, to serve as co-counsel alongside Ben Baker.

16. The Debtor performed substantial legal services in the Baker/MMA Cases, including, but not limited to, filing and prosecuting claims, preparing for trial, conducting and defending depositions, preparing and presenting witnesses at trial, and advancing costs and expenses on behalf of the clients.

17. In the First Christian Church Case, following a multi-day jury trial in February 2020, the jury returned a verdict in favor of the Plaintiff client as follows: $824,000.00 for breach of contract; $45,000.00 for breach of the duty of good faith and fair dealing; and $100,000.00 in punitive damages. The trial court thereafter awarded attorney's fees of $430,000.00, costs of approximately $58,400.92, and prejudgment interest of $413,067.76.

18. The insurer, Brotherhood Mutual Insurance Company, appealed the judgment in the First Christian Church Case. Following appellate proceedings, the matter was resolved and the total amount paid by the insurer — encompassing the judgment, attorney's fees, costs, prejudgment interest, and appellate proceedings — was $2,223,401.24.

19. The Debtor incurred costs and expenses in the Baker/MMA Cases, which remain unreimbursed.

20. The Baker/MMA Cases were resolved and Baker received attorney's fees in connection therewith. In the First Christian Church Case alone, Baker received as an uncontested distribution not less than $412,528.02 and received additional funds from the contested interpleader distribution of $476,832.48, of which Baker received not less than $251,832.48 — for total fees received in the First Christian Church Case in excess of $664,360.50. The total fees received by Baker across all Baker/MMA Cases are unknown to the Debtor at this time and will be determined through discovery.

21. Baker has not paid the Debtor any portion of the fees it received in the Baker/MMA Cases.

22. Baker has not reimbursed the Debtor for any of the costs and expenses incurred by the Debtor in the Baker/MMA Cases.

**Red Dirt Legal, PLLC**

23. Upon information and belief, Ben Baker, Attorney at Law, PLLC is now operating as or has reorganized its practice under the name Red Dirt Legal, PLLC ("Red Dirt Legal"), which is a new or successor entity operating out of the same address — 201 N. Broadway

Street, Suite 111, Moore, Oklahoma 73160 — and is registered with Ben Baker Attorney at Law PLLC as its registered agent.

24. On or about April 7, 2026, Baker's office was called and Matt Echols identified himself as the executive director of what is now operating as Red Dirt Legal.

25. During that call, Mr. Echols was requested to provide settlement agreements and information identifying which cases MMA Law Firm had handled that Baker/Red Dirt Legal took over. Mr. Echols refused to provide any such information and affirmatively stated that MMA was not entitled to any fees.

26. Mr. Echols was specifically whether any funds had been distributed to James M. McClenny, a former member of the Debtor firm who served as co-counsel in the Baker/MMA Cases. Mr. Echols refused to answer.

27. Mr. Echols was asked whether Mr. McClenny was employed by Baker or Red Dirt Legal. Mr. Echols initially stated that Mr. McClenny did not work there. However, when pressed to provide Mr. McClenny's email address, Mr. Echols provided an email address for Mr. McClenny with the same domain as both Ben Baker's and Mr. Echols's own email addresses.

28. When questioned about the inconsistency, *i.e.*, why Mr. McClenny would have a firm email address if he did not work there, Mr. Echols stated that while Mr. McClenny "works in Houston he doesn't work here in Oklahoma." When pressed further and asked directly whether Mr. McClenny works for the law firm, Mr. Echols refused to answer the question.

29. The foregoing facts give rise to the inference that Red Dirt Legal, PLLC is a continuation, successor, or alter ego of Ben Baker, Attorney at Law, PLLC, and/or that Red Dirt Legal may have received, controls, or is exercising dominion over funds properly belonging to the bankruptcy estate, including fees earned in whole or in part through the substantial legal services performed by the Debtor and costs advanced by the Debtor in the Baker/MMA Cases.

## **Chapter 11 Bankruptcy Filed and Notice Provided**

30. On April 9, 2024, the Debtor filed a Chapter 11 bankruptcy petition in Case No. 24-31596 in the United States Bankruptcy Court for the Southern District of Texas.

31. In its schedules, the Debtor disclosed liabilities to numerous creditors for expenses incurred in the MMA Cases which it is currently unable to pay. Since the bankruptcy filing, substantial unsecured claims have been filed by creditors who provided services to the MMA Clients and have not been paid.

32. At the time of the filing, MMA was unaware of the extent of Baker/Red Dirt Legal and their representation of former MMA clients.

33. Notwithstanding the foregoing, Baker and Red Dirt Legal, as licensed attorneys and/or legal entities practicing in the same field and having an ongoing financial relationship with the Debtor, knew or should have known of the Debtor's bankruptcy filing and the resulting automatic stay, and Baker and/or Red Dirt Legal continued to receive, retain, and exercise control over funds properly belonging to the bankruptcy estate.

**CAUSE OF ACTION NO. 1 — DECLARATORY JUDGMENT**

34. The Debtor incorporates Paragraphs 9 through 33 into Cause of Action No. 1.

35. Under Oklahoma law, when two or more attorneys provide legal services to the same client on a contingency-fee basis and one attorney is discharged or a case is transferred before resolution, a court may allocate the contingency fee between the attorneys based on each attorney's quantum of service and applicable equitable factors. See *Martin v. Buckman*, 883 P.2d 185 (Okla. App. 1994).

36. The applicable equitable factors for fee apportionment may include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services; (4) the amount involved and the results obtained; and (5) the nature and length of the professional relationship with the client.

37. The Debtor asserts an entitlement to apportionment of fees and reimbursement of costs in the Baker/MMA Cases based on the substantial services performed by the Debtor and its attorneys in those cases (the "Fee Apportionment Claims").

38. The Debtor seeks a declaratory judgment affirming that the Debtor's Fee Apportionment Claims constitute property of the bankruptcy estate.

39. An actual controversy exists between the Debtor and Baker and/or Red Dirt Legal regarding the Debtor's interest in the Fee Apportionment Claims, as Baker and/or Red Dirt Legal have failed to account for or turn over any funds related to those claims.

40. The Bankruptcy Court has authority to grant declaratory relief under 28 U.S.C. § 1334, which grants exclusive jurisdiction over all cases under title 11, including all property of the debtor as of the commencement of such case. 28 U.S.C. § 1334(e); *In re TMT Procurement Corp.*, 764 F.3d 512, 523 (5th Cir. 2014). The Debtor respectfully requests that the Bankruptcy Court exercise its broad discretion to determine this declaratory judgment action.

**CAUSE OF ACTION NO. 2 — TURNOVER OF PROPERTY OF THE ESTATE**

41. The Debtor incorporates Paragraphs 9 through 33 into Cause of Action No. 2.

42. Pursuant to Section 541(a)(1) of the Bankruptcy Code, "property of the estate" encompasses "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541.

43. Section 542(a) mandates that an entity in possession of property of the estate must deliver and account for such property, or its equivalent value, to the bankruptcy estate. 11 U.S.C. § 542.

44. The Debtor is owed a portion of the fees received by Baker and/or Red Dirt Legal in the Baker/MMA Cases, as Baker and/or Red Dirt Legal received and retained fees earned in whole or in part through the substantial legal services performed by the Debtor and through the costs and expenses advanced by the Debtor.

45. The Debtor's interest in properly apportioned fees and reimbursable costs in the Baker/MMA Cases constitutes property of the estate, which Baker and/or Red Dirt Legal received and has failed to turn over to the Debtor.

46. The Debtor respectfully requests that the Court issue an order compelling Baker and Red Dirt Legal to provide a comprehensive accounting of all funds received in connection with the Baker/MMA Cases, to determine the estate's interest in those funds, and to order Baker and/or Red Dirt Legal to immediately deliver all estate property, including properly apportioned fees and reimbursable costs, to the Debtor.

**CAUSE OF ACTION NO. 3 — VIOLATION OF THE AUTOMATIC STAY**

47. The Debtor incorporates Paragraphs 9 through 33 into Cause of Action No. 3.

48. The Debtor asserts that Baker and/or Red Dirt Legal violated 11 U.S.C. § 362(a)(3) of the Bankruptcy Code.

49. Pursuant to 11 U.S.C. § 362(a)(3), any act to obtain possession of property of the estate or of property from the estate, or to exercise control over property of the estate, is stayed.

50. The Debtor entered into contingent fee agreements with the clients in the Baker/MMA Cases and performed substantial work on those cases. As a result, the Debtor is entitled to fee apportionment and reimbursement of costs from Baker and/or Red Dirt Legal.

51. A portion of the fees collected by Baker and/or Red Dirt Legal in the Baker/MMA Cases were earned by the Debtor prior to the Chapter 11 filing on April 9, 2024. Although the Baker/MMA Cases were resolved and fees were collected therein, none of the funds properly attributable to the Debtor's contributions have been paid to the Debtor.

52. Section 541(a) defines "property of the estate" to include all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1).

Therefore, the Debtor's interest in properly apportioned fees and reimbursable costs constitutes property of the estate.

53. Baker and/or Red Dirt Legal, as a licensed attorney and/or law firm, is charged with knowledge of the law, including the existence and effect of the automatic stay.

54. Post-petition, Baker and/or Red Dirt Legal obtained possession of and exercised control over property of the estate by collecting, retaining, and/or disbursing fees from the Baker/MMA Cases without remitting the Debtor's proportionate share to the bankruptcy estate.

55. Baker's and/or Red Dirt Legal's conduct was both intentional and willful, as Baker and/or Red Dirt Legal was financially motivated to retain the unremitted fees and costs to the exclusion of the Debtor and the bankruptcy estate.

56. To sustain an action for violation of Section 362, the Debtor must show: (1) a property interest is invoked; (2) the property interest is property of the estate; and (3) there occurred an act to obtain possession of, or to exercise control over, estate property. 11 U.S.C. § 362(a)(3).

57. In this case: (1) the Debtor holds an interest in the Fee Apportionment Claims and the properly apportioned fees and costs resulting from those claims; (2) these funds are property of the estate; and (3) Baker and/or Red Dirt Legal has obtained possession of and continues to exercise control over this property, failing to turn it over to the Debtor.

58. Baker and Red Dirt Legal are licensed attorneys/law firms and should be held to a higher standard regarding compliance with the automatic stay.

59. Pursuant to Section 362(k), the Debtor is entitled to recover actual damages, including costs and attorney's fees, from Baker and/or Red Dirt Legal for its intentional and willful violations of Section 362. The Debtor has incurred attorney's fees and costs in filing this adversary proceeding, including payment of filing fees.

60. Although Section 362(k) provides for recovery for individuals, courts in this district have employed their civil contempt powers under Section 105(a) to address automatic stay violations, including damages, fees, and punitive damages, when the plaintiff is not an individual. *Sanchez v. Ameriquest Mort. Co. (In re Sanchez)*, 372 B.R. 289, 310-11 (Bankr. S.D. Tex. 2007).

61. Baker's and/or Red Dirt Legal's intentional violation of the automatic stay warrants this Court's intervention to determine the violation and utilize its equitable powers under Section 105(a) to enforce Section 362 and award appropriate damages and fees.

62. The Court also possesses authority under Section 105(a) to impose sanctions for civil contempt. "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Sanchez v. Ameriquest Mort. Co. (In re Sanchez)*, 372 B.R. 289, 310-11 (Bankr. S.D. Tex. 2007) (citing *American Airlines Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)).

63. "The automatic stay is a self-executing injunction, and therefore for contempt purposes it constitutes an order of the bankruptcy court." *Sanchez v. Ameriquest Mort. Co. (In re Sanchez)*, 372 B.R. 289, 311 (Bankr. S.D. Tex. 2007)(citations omitted).

64. Consequently, the Debtor seeks actual damages and sanctions against Baker and Red Dirt Legal for their intentional violations of the automatic stay.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff MMA Law Firm, PLLC respectfully requests that this Court:

(a) Enter a declaratory judgment that the Debtor's Fee Apportionment Claims against Baker and/or Red Dirt Legal are property of the bankruptcy estate;

(b) Order Baker and Red Dirt Legal to provide a full and complete accounting of all funds received in connection with the Baker/MMA Cases;

(c) Determine the Debtor's proper share of fees and costs in the Baker/MMA Cases and order Baker and/or Red Dirt Legal to immediately turn over all such estate property to the Debtor;

(d) Find that Baker and/or Red Dirt Legal willfully and intentionally violated the automatic stay under 11 U.S.C. § 362(a);

(e) Award the Debtor actual damages, including attorneys' fees and costs incurred in connection with Baker's and/or Red Dirt Legal's stay violations, pursuant to 11 U.S.C. §§ 362(k) and 105(a);

(f) Award punitive damages against Baker and/or Red Dirt Legal for their intentional and willful violations of the automatic stay; and

(g) Grant such other and further relief, at law or in equity, to which the Plaintiff shows itself entitled.

Dated: April 7, 2026.

Respectfully submitted,

By: */s/ Johnie Patterson*
Johnie Patterson
Attorney-in-Charge
SBN 15601700

COUNSEL FOR THE PLAINTIFF

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)
jjp@walkerandpatterson.com