**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **ADVERSARY CASE NO. _____** |
| | § | |
| **Plaintiff** | § | |
| **v.** | § | |
| | § | |
| **MERLIN LAW GROUP, P.A.** | § | |
| | § | |
| **Defendant** | § | |

## COMPLAINT

MMA Law Firm, PLLC, Plaintiff and/or Debtor, files this Complaint against Merlin Law Group, P.A., pursuant to FED. R. BANKR. P. 7001(1) and (7), requesting actual and punitive damages, equitable relief, and respectfully shows the Court as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an adversary proceeding brought by the Debtor seeking a declaratory judgment regarding the determination of property of the bankruptcy estate, turnover of estate property, and violation of the automatic stay.

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the Southern District of Texas (the **"Bankruptcy Court"**), pursuant to 28 U.S.C. § 1409.

5. MMA Law Firm, PLLC is the Debtor in Case No. 24-31596 pending in the Southern District of Texas and can be served through its undersigned proposed counsel.

6. Merlin Law Group, P.A. (**"Merlin"**) is a law firm organized under the laws of the State of Florida, with its principal office located at 777 S. Harbour Island Blvd., Suite 950, Tampa, FL 33602, and can be served with this Complaint through its registered agent or at said address.

7. MMA Law Firm, PLLC (the, "Debtor") hereby states that it consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELEVANT FACTS

### Relevant Background Facts

8. MMA Law Firm, PLLC (**"Debtor"**) is a litigation firm based in Texas that represented property owners with insurance claims arising from natural disasters, including Hurricane Ian.

9. On or about October 12, 2022, the Debtor entered into a Property Damage Claims – Attorney Employment Contract (the "Retainer Agreement") with Forest Lake Townhomes Homeowners Association, Inc. ("Forest Lake" or the "Client") for representation of Hurricane Ian property damage claims against Heritage Insurance (Claim No. FNOL, Policy No. HCP008363-1), Greenwich Insurance (Policy No. PPP744000309), and Alliant Insurance Services (Policy No. IBP1004763), with a date of loss of September 29, 2022.

10. Pursuant to the Retainer Agreement, the Debtor was entitled to a contingency fee of 10% of the total sums collected if the matter was resolved prior to litigation, plus reimbursement of all reasonable expenses advanced on behalf of the Client (the "Contingency Fee Contract").

11. The Debtor prosecuted and advanced the Client's claims, including retaining Locklin Consulting, LLC as an estimator to prepare damage estimates and other expert work product in connection with the Forest Lake claims (the "MMA Case").

12. During the course of representation, the Debtor incurred costs and expenses in the MMA Case, including but not limited to the expert consulting fees owed to Locklin Consulting, LLC.

### Merlin Law Group Assumes Representation

13. At some point after the Debtor's initial representation, Merlin Law Group, P.A. assumed representation of Forest Lake in the property damage claims previously pursued by the Debtor (the "Merlin/MMA Case").

14.     Merlin and MMA did not enter into any formal written agreement regarding the allocation of fees or reimbursement of costs in the Merlin/MMA Case.

15.     The Merlin/MMA Case was settled prior to litigation. Merlin collected fees in connection with the settlement of the Merlin/MMA Case.

16.     Under the Retainer Agreement, the Debtor is entitled to a contingency fee on the total sums collected, as the matter was resolved without the filing of a lawsuit.

17.     Merlin has failed and refused to remit to the Debtor any portion of the fees earned by the Debtor under the Retainer Agreement.

18.     Merlin has failed and refused to reimburse the Debtor for any of the costs and expenses incurred by the Debtor in the Merlin/MMA Case, including but not limited to the unpaid invoice owed to Locklin Consulting, LLC for estimating services.

19.     On or about August 25, 2025, Merlin's attorney, Etienne M. Font, sent correspondence to counsel for the Debtor acknowledging that the case had been settled "several months ago" and that the only unresolved issue related to MMA's claimed costs. Merlin acknowledged that the Retainer Agreement provided for a 10% fee and referenced the holding of *Rosenberg v. Levin*, 409 So.2d 1016 (Fla. 1982), regarding the rights of a discharged attorney.

20.     On or about October 6, 2025, Katy S. Ohlsson, Vice President of Operations for MMA, confirmed to counsel that MMA's pre-suit contingency fee was 10% and provided a copy of the signed Retainer Agreement. MMA also identified the outstanding expense owed to Locklin Consulting, LLC for the damage estimate prepared in the case.

21.     Despite demand, Merlin has continued to hold settlement funds in its trust account and has refused to disburse the Debtor's earned fees and reimburse expenses.

**Chapter 11 Bankruptcy Filed and Notice Provided**

22.     On April 9, 2024, the Debtor filed a Chapter 11 bankruptcy petition in the Southern District of Texas, Case No. 24-31596.

23.     In its schedules, the Debtor disclosed liabilities to numerous creditors for expenses incurred in cases such as the Merlin/MMA Case, which it is currently unable to pay. Since the bankruptcy filing, over $25,000,000.00 in unsecured claims have been filed by creditors who provided services to MMA clients and have not been paid, including estimators who provided expert reports.

24.     The Debtor provided notice of the bankruptcy filing to Merlin and/or its agents.

**CAUSE OF ACTION #1 – DECLARATORY JUDGMENT**

25.     The Debtor incorporates Paragraphs 8 through 24 into Cause of Action #1.

26.     Under Florida law, when two attorneys provide legal services to the same client on a contingency-fee basis and one attorney is discharged before resolution, the discharged attorney is entitled to the reasonable value of legal services rendered. *Rosenberg v. Levin*, 409 So.2d 1016 (Fla. 1982). The Florida Supreme Court held that a discharged attorney operating under a contingency fee contract is limited to recovering the reasonable value of services rendered, measured by *quantum meruit*, but capped by the amount provided in the contingency fee contract.

27.     The Debtor asserts an entitlement to fees and reimbursement of costs in the Merlin/MMA Case pursuant to *Rosenberg v. Levin* and the terms of the Retainer Agreement (the "*Rosenberg* Claims").

28.     The Debtor seeks a declaratory judgment affirming that the Debtor's *Rosenberg* Claims are property of the bankruptcy estate.

29.     When considering a declaratory judgment action, the Court must engage in a three-step inquiry: (1) whether an "actual controversy" exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether "to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

30.     An actual controversy exists between the Debtor and Merlin regarding the Debtor's interest in the *Rosenberg* Claims, as Merlin has failed to turnover any funds related to the *Rosenberg* Claims.

31.     The Debtor is entitled to fees and reimbursement of costs under the Retainer Agreement and *Rosenberg v. Levin*. Merlin's own correspondence acknowledges the 10% contractual fee and the applicability of *Rosenberg*. Therefore, a live controversy exists between the Debtor and Merlin regarding the *Rosenberg* Claims.

32.     The Bankruptcy Court has authority to grant relief, and the Debtor respectfully requests that the Bankruptcy Court exercise its broad discretion to determine this declaratory judgment action. A bankruptcy court's jurisdiction is governed by 28 U.S.C. § 1334. District courts, and therefore bankruptcy courts, have exclusive jurisdiction over "all cases under title 11," including jurisdiction over "all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e); *In re TMT Procurement Corp.*, 764 F.3d 512, 523 (5th Cir. 2014).

**CAUSE OF ACTION #2: TURNOVER OF PROPERTY OF THE ESTATE**

33.     The Debtor incorporates Paragraphs 8 through 24 into Cause of Action No. 2.

34.     Pursuant to Section 541(a)(1) of the Bankruptcy Code, "property of the estate" encompasses "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541.

35.     Section 542(a) mandates that an entity possessing property of the estate must deliver and account for such property, or its equivalent value, to the bankruptcy estate. 11 U.S.C. § 542.

36.     The Debtor is aware that Merlin acquired an interest in the Merlin/MMA Case following the Debtor's cessation of representation of Forest Lake.

37.     The Debtor asserts that it is entitled to fees and reimbursement of costs in the Merlin/MMA Case pursuant to *Rosenberg v. Levin*, which provides that a discharged attorney retained under a contingency fee contract is entitled to the reasonable value of services rendered, capped by the contractual fee. *Rosenberg v. Levin*, 409 So.2d 1016 (Fla. 1982).

38.     The Debtor's interest in properly determined fees and costs in the Merlin/MMA Case is property of the estate which Merlin has received and has failed to turnover to the Debtor.

39.     The Debtor respectfully requests that the Court issue an order compelling Merlin to provide a comprehensive accounting of all funds received in connection with the Merlin/MMA Case, to determine the estate's interest in those funds (including the determination of appropriate fees and costs of the Debtor), and to order the Defendant to immediately deliver all estate property to the Debtor.

40.     The Debtor also requests an order directing the turnover of the properly determined fees and costs associated with the Merlin/MMA Case.

**CAUSE OF ACTION NO. 3: VIOLATION OF THE AUTOMATIC STAY**

41.     The Debtor incorporates Paragraphs 8 through 24 into Cause of Action No. 3.

42.     The Debtor asserts that Merlin violated 11 U.S.C. § 362(a)(3) of the Bankruptcy Code.

43.     Pursuant to 11 U.S.C. § 362(a)(3), any acts to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate is stayed.

44.     The Debtor entered into the Retainer Agreement with Forest Lake and performed work in the Merlin/MMA Case. As a result, the Debtor is entitled to fees and reimbursement of expenses from Merlin per *Rosenberg v. Levin*.

45.     A portion of the fees collected by Merlin were earned by the Debtor prior to its Chapter 11 filing on April 9, 2024. Although Merlin finalized the settlement in the Merlin/MMA Case, none of the Debtor's earned fees or costs have been paid to the Debtor.

46.     Section 541(a) of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Therefore, the Debtor's interest in properly determined fees and costs constitutes property of the estate.

47.     The Debtor provided notice of the bankruptcy filing to Merlin and/or its agents.

48.     Post-petition, after having received notice of the Debtor's Chapter 11 Case, Merlin obtained possession of property of the estate and exercised control over this property by retaining the Debtor's earned fees and expense reimbursements in its trust account and refusing to disburse them.

49.     Merlin's conduct was both intentional and willful, as it was financially motivated to retain the Debtor's fees and costs to the exclusion of the Debtor and its bankruptcy estate.

50.     In order to sustain an action for violation of Section 362, the Debtor must assert that: 1) a property interest is invoked; 2) the property interest is property of the estate; and 3) there occurred an act to obtain possession of the estate property or there existed an act to exercise control over estate property. 11 U.S.C. § 362(a)(3).

51.     In this case: 1) The Debtor holds an interest in the *Rosenberg* Claims and the properly determined fees and costs resulting from those claims; 2) these funds are property of the estate; and 3) Merlin has obtained and continued to exercise control over this property, failing to turn it over to the Debtor.

52.     Furthermore, Merlin is a law firm, and should be held to a higher standard regarding compliance with the automatic stay.

53.     Pursuant to Section 362(k), the Debtor is entitled to recover actual damages, including costs and attorney's fees, from Merlin for its intentional and willful violations of Section 362 of the Bankruptcy Code. The Debtor incurred attorney's fees and costs in filing this adversary proceeding, including the payment of filing fees.

54.     Although Section 362(k) provides for recovery for individuals, courts in this district have employed their civil contempt powers under section 105(a) to address automatic stay violations, including damages, fees and punitive damages, when the plaintiff is not an individual. *Sanchez v. Ameriquest Mort. Co. (In re Sanchez)*, 372 B.R. 289, 309 (Bankr. S.D. Tex. 2007).

55.     Merlin's intentional violation of the automatic stay warrants the Court's intervention to determine the violation and utilize its equitable powers under Section 105(a) to enforce Section 362, and awarding appropriate damages and fees for violations.

56.     The Court also possesses the authority under Section 105(a) to impose sanctions for civil contempt or as part of its equitable powers. As noted, "Judicial sanctions in civil contempt proceedings may, in proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Sanchez v. Ameriquest Mort. Co. (In re Sanchez)*, 372 B.R. 289, 309 (Bankr. S.D. Tex. 2007) (citing *American Airlines Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)).

57.     "The automatic stay is a self-executing injunction, and therefore for contempt purposes it constitutes an order of the bankruptcy court." *Sanchez v. Ameriquest Mort. Co. (In re Sanchez)*, 372 B.R. 289, 309 (Bankr. S.D. Tex. 2007).

58.     Consequently, the Debtor seeks actual damages and sanctions against Merlin for its intentional violations of the automatic stay.

**WHEREFORE**, Plaintiff requests the Court to grant its declaration requests, determine that identified assets are property of the estate, to order the delivery of the estate funds as requested, to determine that Defendant willfully and intentionally violated the automatic stay, awarding appropriate actual and punitive damages and attorney fees, and such other and further relief, at law or in equity, to which the Plaintiff shows itself entitled.

Dated: April 7, 2026.

Respectfully submitted,
By: */s/ Johnie Patterson*
Johnie Patterson
Attorney-in-Charge
SBN 15601700

COUNSEL FOR THE PLAINTIFF

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)
jjp@walkerandpatterson.com