**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **Case No. 24-31596** |
| **Debtor.** | § | |

**EAJF'S RESPONSE IN OPPOSITION TO DEBTOR'S RENEWED EMERGENCY MOTION TO EXTEND THE AUTOMATIC STAY TO JOHN ZACHARY MOSELEY PURSUANT TO 11 U.S.C § 362 AND § 105**
**[Relates to Docket No. 1372]**

Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "**EAJF**") file this Response in Opposition to Debtor MMA Law Firm, PLLC's Renewed Emergency Motion to Extend the Automatic Stay to John Zachary Moseley pursuant to 11 U.S.C. § 362 and § 105 ("**Motion To Extend Stay**") [Doc. No. 1372] as follows.

**SUMMARY OF OPPOSITION**

1.      Fundamentally, the automatic stay does not apply to non-Debtors, hard stop. The Supreme Court's recent decision in *Harrington v. Purdue Pharma L.P.*[1] underscores that extending the automatic stay to non-Debtors, non-consensually, should occur only in "unusual circumstances." Those unusual circumstances do not exist in this case. Further, the relief the Debtor seeks is an injunction asking for the automatic stay to extend to a non-Debtor and for this Court to temporarily enjoin litigation against a non-Debtor. Pursuant to the Federal Rules of Bankruptcy Procedures, such relief requires an adversary proceeding, which the Debtor has not filed. As such, the Court should deny the relief requested.

2.      The Debtor's case has been pending for over two years, having been filed on April 9, 2024.  EAJF and the Debtor entered into a settlement agreement (the "**EAJF Settlement**

---

[1] 603 U.S. 204 (2024).

**Agreement**") in early March 2025, which agreement expressly preserved EAJF's claims against Moseley, individually.[2]

3.    On June 26, 2025, the Debtor previously applied to this Court for an Order ("**Order**") extending the automatic stay to its principal, non-debtor John Zachary Moseley ("**Moseley**").  The Motion was granted on July 18, 2025 (Doc. No. 746) and by its own terms, the Order expired on November 17, 2025.

4.    During the intervening period, EAJF continued its collection efforts in Moseley's divorce proceeding solely as to Moseley's spouse, Jayne Moseley, and not against Moseley himself.

5.    On March 7, 2026, as a courtesy, EAJF notified the Debtor of its intent to recommence collection efforts against Moseley, thereby affording the Debtor an opportunity to seek relief from the Court should it choose.

6.    In response, the Debtor filed the renewed Motion. In the Motion, the Debtor asserts that the automatic stay should again be extended to Moseley because "Mr. Moseley is actively involved in assisting Debtor's counsel in preparing this case for confirmation and is a necessary party at any confirmation hearing to obtain approval."[3]

7.    The Debtor further conclusory alleges that "unusual circumstances" exist in this case because: (i) "the Debtor has no other leadership, no board, and no independent management; all restructuring activity, assistance with the pending adversary proceedings, and the firm's daily operations depend entirely on [Moseley]"; and (ii) "litigation by EAJF in two separate courts, coupled with a judgment and collection efforts against Mr. Moseley, will directly affect the Debtor by diverting his time, attention, and resources away from his duties. Worse, such actions risk

---

[2] *See* Docket No. 588-1 at 7.
[3] *See* Motion ot Extend Stay at ¶ 20.

forcing him into a Chapter 7, which could have a devastating effect on this Chapter 11 case. A judgment against Mr. Moseley would, in every practical sense, have the same effect as a judgment entered against MMA itself."[4]

**ARGUMENT AND AUTHORITIES**

**A.      The Motion is Procedurally Improper.**

8.      Injunctions require adversary proceedings. FED. R. BANKR. P. 7001(g). This includes injunctions pursuant to Section 105. *See In re RGV Smiles by Rocky L. Salinas D.D.S. P.A.*, 626 B.R. 278, 291 (Bank.S.D.Tex.2021) (injunctive relief related to the automatic stay requires an adversary proceeding. "T[h]is Court will not entertain a request for injunctive relief that rides in under the cover of darkness on the back of a contested matter where Rule 7001 requires an adversary proceeding". )); *In re Zale Corporation*, 62 F.3d 746, 763 (5th Cir. 1995). The Debtor has also failed to demonstrate that it is entitled to an injunction under 11 U.S.C. § 105(a).  This Court has recognized that a bankruptcy court may issue injunctions as part of its equitable powers, pursuant to 11 U.S.C. § 105. *See In re OGA Charters, LLC*, 554 B.R. 415, 424 (Bankr. S.D. Tex. 2016). A preliminary injunction seeks to "prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Id.* citing *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985). "Some courts have found that the use of §105 to issue an injunction is, in effect, merely an extension of the automatic stay in situations where non-debtor co-defendants require the protection of the bankruptcy court." *Id.* citing generally 1 Norton Bankruptcy L. & Prac. § 13:6 n.6; see also *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986); *In re Divine Ripe, L.L.C.*, 538 B.R. 300 (Bankr. S.D. Tex. 2015) (reviewing whether to extend the automatic stay to the debtor's sole member).

---

[4] *Id.*

9.      "However, such use of equitable powers to issue an injunction should be done with an eye to the requirements of Fed. R. Civ. P. 65. *Id.* (*citing In re Continental Air Lines, Inc.*, 61 B.R. 758, 781–82 (S.D. Tex. 1986)). "When a party seeks a preliminary injunction, the party 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* (*citing Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)); *see also Green v. Wells Fargo Bank, N.A.*, 575 Fed.Appx. 322, 323 n. 3 (5th Cir.2014) (stating the four-prong test for a preliminary injunction, as stated in *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 572–73 (5th Cir.1974)). "The movant has the burden of persuasion on each of the four elements." *Id.* (*citing Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir.1984)); *see also In re Chiron Equities, LLC*, 552 B.R. 674, 697–98 (Bankr. S.D. Tex. 2016). "In many matters, the opposition to a preliminary injunction focuses on some, but not all of the elements required, and, as such, this Court will look at each element." *Id.*

10.     The Debtor has not filed an adversary proceeding, and thus the relief sought in the Motion is procedurally improper. Even if the Court were to put aside the procedural infirmities, the Motion still does not address any of the four elements required by Fed. R. Civ. P. 65 to show entitlement to an injunction under Section 105(a). The Debtor cannot meet this heavy burden. As discussed more fully below, the Settlement Agreement expressly allows EAJF to pursue claims against Moseley personally. Moseley is a guarantor of all indebtedness owed by the Debtor to EAJF. The Debtor cannot establish that Moseley is likely to succeed on the merits in the Guaranty Action and it cannot establish the other three elements necessary for injunctive relief.

11.     The extension of the stay would also prejudice EAJF and would provide no

legitimate benefit to the Debtor.  EAJF's Guaranty Action against Moseley, based on his written personal guaranty, is entirely separate from the Debtor's bankruptcy case.  First, EAJF performed under the Settlement Agreement and the Debtor's suit against the Debtor has been dismissed, with prejudice. Second, property of the Debtor's bankruptcy estate is not involved. Moseley has failed to meaningfully oppose summary judgment in that action and has no legitimate defense. The Debtor's speculative claim that the Guaranty Action would distract Moseley from his duties is meritless. This is evidenced by the fact that Moseley has been embroiled in the divorce proceeding for more than one year with no apparent impact on his continued role with the Debtor, and he serves as his own counsel therein.

12.     EAJF's efforts to enforce its personal guaranty and protect its interests will not impact Moseley's involvement with the Debtor's operations or the Debtor's reorganization in any material way, and the Debtor has not shown how it would.

**B.      Unusual Circumstances Do Not Exist, and Moseley Has a Fiduciary Duty to Assist in Collection of Assets to Creditors.**

13.     The law is clear: the automatic stay under 11 U.S.C. § 362(a) applies to debtors, not non-debtors, except in very rare "unusual circumstances" where a judgment against a non-debtor would effectively be a judgment or finding against the debtor. *S.I. Acquisition, Inc. v. Eastway Delivery Service*, 817 F.2d 1142, 1147–48 (5th Cir. 1987); *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

14.     While the Debtor uses the magic words that EAJF's intended actions to recommence its collection efforts against Moseley would "effectively be a judgment against the Debtor," no such identity of interests exists here.  The Guaranty Action is independent of and bears no relation to the Debtor's estate.  It involves the pursuit of assets owned by Moseley, and Moseley

has never claimed his assets constitute property of the estate. While EAJF's legitimate actions may make Moseley's divorce more uncomfortable, and it may affect the disposition of assets between Moseley and Mrs. Moseley, the idea that those collection actions constitute unusual circumstances is devoid of merit.

15.     Indeed, the Fifth Circuit held that the automatic stay does not extend to a non-debtor in an action to enforce a guaranty, reasoning that "to prevent or delay a creditor from enforcing its rights in a situation foreseen by it and contractually provided for with each guarantor would be …legally inequitable." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 717 (5th Cir. 1985).

16.     Moreover, Debtor's actions in seeking to extend the stay to Moseley contradict its own interests and the best interests of the estate. Any successful collection effort by EAJF against Moseley will reduce EAJF's claims against the Debtor's estate. The Debtor, as a fiduciary, should encourage all such actions which reduce its liability in this case, rather than protesting and seeking an extension of the stay to Moseley. The Debtor cannot meet its burden to show that unusual circumstances exist to justify stay extension. See *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. 2010).

### C.     The EAJF Settlement Agreement Expressly Permits Actions by EAJF Against Moseley.

17.     In its renewed Motion to Extend Stay, the Debtor requests that the Court extend the Stay to Moseley once again until its Plan of Reorganization is confirmed. While that date is undefined, the Debtor states that should mean the extension of the stay to Moseley would not last beyond ninety (90) days.[5] Given that a hearing to consider the Adequacy of the Debtor's Disclosure

---

[5] Motion to Extend Stay, ¶21 ("The Debtor respectfully requests that this Court extend the automatic stay under 11 U.S.C. §§ 105(a) and 362(a) to cover all litigation and collection activity against John Zachary Moseley by EAJF until the effective date of the Debtor's Chapter 11 plan, which the Debtor anticipates should occur within 90 days.").

Statement will not occur until June 24, 2026 (Doc. No. 1419), the ninety (90) days originally estimated by the Debtor will have passed long before plan confirmation will occur.  In light of that timing and the realities of this case, if the Motion is granted it appears the stay could be extended for Moseley's benefit into the fall of 2026, or later.

18.     EAJF's intent to proceed against Moseley in the Guaranty Action is foreseeable, is legally proper, and the ability to do so is expressly contemplated by the Parties' settlement agreement.  Consider the following:

> c.☐     Those claims against Mr. Moseley individually shall not be affected by this Agreement and shall not be dismissed. As to the Harris County Suit, this Agreement does not compromise, settle, constitute a novation of John Moseley's guaranty, or otherwise affect those claims brought by EAJF against John Moseley, individually.

(*See* Settlement Agreement, Doc. No. 588-1, p. 6-7).

19.     In the Settlement Agreement, the Parties specifically bargained for a provision carving out EAJF's right to pursue its claims against Moseley on his personal guaranty Settlement Agreement (*Id.*)

20.     The Debtor's attempt to extend the stay to Moseley is also unsupported by well-established law and would deprive EAJF of its legal remedies.  Simply put, the Debtor is attempting to do an end-run around the Settlement Agreement of the Parties by seeking to deprive EAJF of its rights to pursue claims against Moseley that were negotiated and expressly preserved therein.

21.     Debtor has not and cannot meet its burden to establish "unusual circumstances" and the elements for an injunction pursuant to 11 U.S.C. § 105(a) as required to extend the automatic stay to Moseley, and the Motion should be denied.

**Page 7**

**CONCLUSION**

22.     The automatic stay should not be extended to non-debtor Moseley. The Debtor have not file an adversary proceeding, and cannot carry their burden that "unusual circumstances" exist. Further, the Debtor cannot meet its burden to establish that injunctive relief under 11 U.S.C. § 105(a) is warranted, Granting the Debtor's Motion would improperly deprive EAJF of its rights against non-debtor third parties, all while providing no discernible benefit to the bankruptcy estate. Accordingly, the Court should deny Debtor's Emergency Motion to Extend the Automatic Stay to non-debtor John Zachary Moseley.

Dated April 14, 2026

Respectfully submitted,

**SPENCER FANE LLP**

*/s/ Jason P. Kathman*
Jason P. Kathman
State Bar No. 24070036
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: jkathman@spencerfane.com

-and-

David M. Miller
Fed. No. 3936351
Colo. Bar No. 17915
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Fax: (303) 839-3838
dmiller@spencerfane.com

**COUNSEL FOR EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP**

## CERTIFICATE OF SERVICE

I certify that on April 14, 2026, a true and correct copy of the foregoing document was served by electronic service via the Court's ECF filing system on those parties registered to receive service via the Clerk of the Court through the ECF system.

/s/ *Jason P. Kathman*
JASON P. KATHMAN