IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**DEBTOR'S MOTION TO COMPROMISE CONTROVERSY WITH
GLAGO WILLIAMS, LLC, MOISANT LAW FIRM, LLC, AND
F. GERALD DESALVO, LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

MMA Law Firm, PLLC (the "Debtor" or "MMA") hereby files this Motion to Compromise Controversy (the "Motion"), seeking court approval for the settlement of a dispute with Glago Williams, LLC ("Glago"), Moisant Law Firm, LLC ("Moisant"), and F. Gerald DeSalvo, LLC ("DeSalvo") (collectively, the "Settling Firms"), regarding attorney's fees in dispute in Adversary No. 26–03101. In support thereof, the Debtor states as follows:

## RELEVANT BACKGROUND FACTS
## BACKGROUND OF MMA

1.      The Debtor is a Texas-based litigation firm that previously represented thousands of clients in property insurance claims following Hurricanes Laura, Delta, Zeta, and Ida.

2.      On April 9, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate and manage its affairs as a debtor in possession.

3.      On April 7, 2026, MMA filed an Adversary Proceeding against Glago in Case No. 26–03101 (the "Adversary"). Pursuant to the Adversary, MMA asserts that it is entitled to attorney's fees in connection with work performed by MMA for three of its former clients who were subsequently represented by Glago, together with co-counsel Moisant and DeSalvo (the "Former MMA Cases").

4.      The first of the Former MMA Cases, referred to by the parties as the Long Case, was settled by Glago in conjunction with co-counsel Moisant. Glago and Moisant collectively received attorney's fees totaling $10,073.49 in that matter.

5.      The second of the Former MMA Cases, referred to by the parties as the Fraino Case, was settled by Glago in conjunction with co-counsel DeSalvo. Glago and DeSalvo collectively received attorney's fees totaling $5,994.00 in that matter.

6.      In the third and final of the Former MMA Cases, MMA already received fifty percent (50%) of the attorney's fees prior to the petition date. The Debtor therefore seeks no further recovery of fees in that matter, and the settlement resolves any remaining claim concerning it.

7.      Prior to the filing of an Answer in the Adversary, MMA and the Settling Firms reached a settlement regarding the allocation of attorney's fees related to all of the Former MMA Cases, subject to bankruptcy court approval.

**SETTLEMENT TERMS**

8.      The material terms of the settlement agreement (the "Settlement Agreement"), attached hereto as Exhibit A, are as follows:

a.      Within three (3) days following entry of an order approving the Settlement Agreement by the Bankruptcy Court, Glago shall pay to MMA through its bankruptcy counsel the total sum of $5,355.83, which represents one-third (1/3) of the total attorney's fees collected by Glago, Moisant, and DeSalvo in the Former MMA Cases.

b.      Payment shall be made payable to MMA Law Firm, PLLC and delivered to the Debtor's counsel, Walker & Patterson, P.C., 4815 Dacoma Street, Houston, Texas 77092, or by such other method as the parties mutually agree in writing.

c.      Upon full performance of the Settlement Agreement, the parties shall mutually release and discharge one another from any and all claims, demands, and causes of action related to the Former MMA Cases.

d.      The Adversary shall be dismissed.

e.      The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute between the parties regarding the Settlement Agreement.

**ARGUMENT AND AUTHORITIES**

9.      An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation, and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

**FACTOR 1: PROBABILITY OF SUCCESS IN THE LITIGATION**

10.     The Debtor believes it has a strong claim to a share of the attorney's fees earned in the Former MMA Cases based on the legal work it performed prior to the substitution of the Settling Firms. However, litigation over fee apportionment is inherently uncertain, fact-intensive, and often requires expert testimony. While confident in its position, the Debtor acknowledges that success is not guaranteed.

11.     The proposed settlement eliminates this uncertainty and ensures that the Debtor recovers $5,355.83, a favorable result without the cost and delay of litigation. That sum represents one-third of every dollar of fee revenue the Settling Firms collected in the Former MMA Cases, which is the full measure of the recovery the Debtor sought in the Adversary.

**FACTOR 2: DIFFICULTY OF COLLECTION ON A JUDGMENT**

12.     While the Settling Firms are established law firms, and collection would not likely pose a serious issue, obtaining and enforcing a judgment could still involve delay, expense, and potential appeals. The settlement provides immediate certainty and avoids enforcement issues. Furthermore, given the modest sum at stake, the cost of litigating to judgment and collecting on it would likely exceed the amount of any judgment obtained.

**FACTOR 3: COMPLEXITY OF THE LITIGATION**

13.     This matter is relatively straightforward. However, disputes over fee apportionment often involve conflicting records, interpretations of agreements, and credibility issues, all of which increase cost and risk. The presence of multiple co-counsel firms across separate underlying matters would compound that burden here. Settlement avoids those complications.

## FACTOR 4: DEFERENCE TO CREDITORS

14.     The proposed compromise is clearly in the best interest of the estate and its creditors. It results in an immediate cash recovery, and these funds will be used to support the Debtor's ongoing reorganization efforts and to maximize distributions to creditors.

WHEREFORE, MMA Law Firm, PLLC prays that the court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and for such other relief as the court finds appropriate and just to grant.

Dated: <u>July 11, 2026</u>

By: /s/ Miriam T. Goott
Miriam T. Goott
attorney-in-charge
SBN 24048846
COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com
713.956.5577 (telephone)
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a true and complete copy of the foregoing Motion to Approve Compromise was served on all parties receiving notice via CM/ECF on July 11, 2026.

*/s/ Miriam T. Goott*
Miriam T. Goott