**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 24-31596** |
| **MMA LAW FIRM, PLLC,**[1] | § | |
| *Debtor*. | § | |

**SUMMARY COVER SHEET TO**
**SECOND AND FINAL FEE APPLICATION OF GORDON, ARATA, MONTGOMERY,**
**BARNETT, McCOLLAM, DUPLANTIS & EAGAN, LLC AS SPECIAL LOUISIANA**
**COUNSEL FOR THE OFFICIAL COMMITEE OF UNSECURED CREDITORS**
**FOR THE FEE PERIOD FROM JUNE 1, 2026 THROUGH JULY 16, 2026**
**(AND FOR FINAL APPROVAL OF THE INTERIM APPLICATION**
**APPROVED BY ORDER DATED JULY 1, 2026)**

| | | |
|---|---|---|
| **Name of Counsel:** | **Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC** | |
| Counsel's Professional Role in Case: | Special Louisiana Counsel to the Official Committee of Unsecured Creditors in connection with La. Sup. Court Docket 2026-QC-0161 | |
| Indicate whether this is an interim or final application: | Final | |
| Date Order of Employment Signed | 5/19/2026 [ECF 1503] | |
| | **Beginning of Period** | **End of Period** |
| Time period covered in application: | 6/01/2026 | 7/16/2026 |
| Time periods covered by any prior applications: | 3/24/2026 | 5/31/2026 |
| Total amounts awarded in all prior applications: | $28,107.62 ($26,950.00 in fees and $1,157.62 in costs) | |
| Total fees applied for in this application and in all prior applications: | $29,330.00 | |
| Total fees applied for in this application: | $2,380.00 | |
| Total professional fees applied for in this application: | $2,380.00 | |
| Total professional hours covered by this application: | 3.4 hours | |
| Average hourly rate for professionals: | $700 | |

---

[1] The last four digits of the Debtor's federal tax identification number are 5686.

| | |
|---|---|
| Total paraprofessional fees applied for in this application: | not applicable |
| Total paraprofessional hours covered by this application: | not applicable |
| Average hourly rate for paraprofessionals: | not applicable |
| Reimbursable expenses applied for this application: | $100.00 |
| Total to be paid to Priority Unsecured Creditors: | Unknown |
| Anticipated % Dividend to Priority Unsecured Creditors: | Unknown |
| Total to be paid to General Unsecured Creditors: | Unknown |
| Anticipated % Dividend to General Unsecured Creditors: | Unknown |
| Date of confirmation hearing: | |
| Indicate whether the plan has been confirmed: | No |

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 24-31596** |
| **MMA LAW FIRM, PLLC,**[2] | § | |
| *Debtor.* | § | |

**SECOND AND FINAL FEE APPLICATION OF GORDON, ARATA, MONTGOMERY,
BARNETT, McCOLLAM, DUPLANTIS & EAGAN, LLC AS SPECIAL LOUISIANA
COUNSEL FOR THE OFFICIAL COMMITEE OF UNSECURED CREDITORS
FOR THE FEE PERIOD FROM JUNE 1, 2026 THROUGH JULY 16, 2026
(AND FOR FINAL APPROVAL OF THE INTERIM APPLICATION
<u>APPROVED BY ORDER DATED JULY 1, 2026)</u>**

> **If you object to the relief requested, you must respond in writing. Unless
> otherwise directed by the Court, you must file your response electronically at
> https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this
> motion was filed. If you do not have electronic filing privileges, you must file
> a written objection that is actually received by the clerk within twenty-one
> days from the date this application was filed. Otherwise, the Court may treat
> the pleading as unopposed and grant the relief requested.**

Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC ("***Gordon
Arata***"), special Louisiana counsel to the Official Committee of Unsecured Creditors ("***UCC***") of
MMA Law Firm, PLLC, the above captioned debtor-in-possession (the "***Debtor***"), hereby submits
this Second and Final Fee Application for Allowance and Payment of Fees and Expenses of
Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC ("***Gordon Arata***"),
special Louisiana counsel to the UCC, (this "***Final Application***"):

        (a)     for the period from June 1, 2026 through July 16, 2026 (the "***Second Fee
Period***") for final allowance of (i) compensation in the amount of $2,380.00 for
professional services Gordon Arata rendered to the UCC during the Second Fee Period and

---

[2] The last four digits of the Debtor's federal tax identification number are 5686.

(ii) reimbursement of actual and necessary expenses in the amount of $100.00 which Gordon Arata incurred during the Second Fee Period; and

(b)       for final approval of the UCC's first interim fee application [ECF No. 1536] (the "*Interim Application*") for Gordon Arata for the period March 24, 2026 through May 31, 2026 (the "*First Fee Period*") (for allowance of (i) compensation in the amount of $26,950.00 for professional services Gordon Arata rendered to the UCC during the First Fee Period and (ii) reimbursement of actual and necessary expenses in the amount of $1,157.62 which Gordon Arata incurred during the First Fee Period), which Interim Application this Court approved by its Order dated June 30, 2026 [ECF No. 1573].

## JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1.       The Court has jurisdiction over this Final Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory and procedural bases for the relief requested herein are 11 U.S.C. § 330, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas.

## BACKGROUND

4.       On April 9, 2024, the Debtor filed a voluntary petition in this Court commencing its case for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108.  No trustee has been appointed in this Case.

5.       On April 30, 2024, the U.S. Trustee appointed the UCC pursuant to § 1102.  ECF No. 23.

4396346-1

2

6.      On June 13, 2025, the Debtor filed its plan and disclosure statement.  ECF No. 693.  The Debtor has filed amendments to each, including most recently a third amended plan and third amendment disclosure statement filed on July 1, 2026.  ECF Nos. 1576-1577.

7.      On April 15, 2026, the UCC filed an application to retain and employ Gordon Arata as special Louisiana counsel effective March 24, 2026.  ECF No. 1458.  By order dated May 19, 2026, the Court approved the application.  ECF No. 1503.  On June 5, 2026, undersigned counsel filed a motion to appear in this case *pro hac vice*.  ECF No. 1535.  By order dated June 8, 2026, the Court granted the motion.  ECF No. 1540.

### THE PRIOR, INTERIM APPLICATION

8.      On June 6, 2026, the UCC filed its Interim Application for Gordon Arata for the First Fee Period for (i) compensation in the amount of $26,950.00 for professional services Gordon Arata rendered to the UCC during the First Fee Period and (ii) reimbursement of actual and necessary expenses in the amount of $1,157.62 which Gordon Arata incurred during the First Fee Period.  ECF No. 1536.  By Order dated June 30, 2026, this Court approved the Interim Application.  ECF No. 1573.  On July 2, 2026, as authorized by paragraph 2 of that order, the Debtor paid $28,107.62 to Gordon Arata.

### THIS SECOND, FINAL FEE APPLICATION

9.      All services for which compensation is requested were performed on behalf of the UCC.  Gordon Arata has received no payment and no promises for payment from any source other than Debtor for the services rendered in this Case or connection with this Final Application.  Further, no agreement or understanding exists between Gordon Arata and any other person or entity for the sharing of compensation to be received for services rendered in, or in connection with, this Case.

10.     The following exhibits are attached in support of this Final Application:

| Exhibit | Description |
|---|---|
| A | Notice of Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC's Fourth Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Special Louisiana Counsel to the Official Committee of Unsecured Creditors for the Period From June 1, 2026 through June 30, 2026. |
| B | Notice of Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC's Fifth Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Special Louisiana Counsel to the Official Committee of Unsecured Creditors for the Period From July 1, 2026 through July 16, 2026. |

11.     With respect to the First Fee Period, Gordon Arata incorporates by reference the Interim Application (with all attachments) [ECF No. 1536] and the Order dated July 1, 2026 approving same [ECF No. 1573].

**<u>GORDON ARATA'S SERVICES</u>**

12.     Gordon Arata submits that this request for the final allowance of compensation for both the First Fee Period and the Second Fee period is reasonable and appropriate.  The services rendered by Gordon Arata required substantial time and effort.

13.     Section 330 of the of the Bankruptcy Code authorizes the Court to award Gordon Arata reasonable compensation for its actual and necessary services rendered and reimbursement of its actual and necessary expenses incurred in the rendering of services as special Louisiana counsel to the UCC.  Section 330(a)(1) provides:

(a)(1)   After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103:

    (A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B)     reimbursement for actual, necessary expenses.

14. This Fina Application substantiates the total amount Gordon Arata seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications.

15. Pursuant to § 330(a)(3), a court should consider the following factors in determining the amount of reasonable compensation to be awarded:

    a. the time spent on such services;

    b. the rates charged for such services;

    c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

16. The UCC has participated, where appropriate, in the Debtor's adversaries including the Morris Bart adversary where the District Court certified questions to the Louisiana Supreme Court. *See* Adv. Proc. No. 24-3127; Civil Action No. 24-cv-4446. The UCC played an important role in the certification litigation by submitting to the Louisiana Supreme Court an amicus brief outlining bankruptcy implications and information about the creditor body.

17. The UCC respectfully submits the services for which Gordon Arata seeks compensation and final approval in this Final Application were necessary for, and beneficial to, the UCC, the Debtor's estate, and its creditors, and such services were performed economically, effectively, and efficiently and were necessary to maximize the Debtor's estate for the benefit of its creditors. The UCC's lead counsel is not admitted to practice law in Louisiana. Thus, for the UCC's lead counsel to appear on a pro hac vice basis in that Louisiana Supreme Court proceeding,

5

the UCC needed to retain Louisiana counsel.  Gordon Arata (through undersigned counsel) prepared the necessary filings and submissions to both the Louisiana Attorney Disciplinary Board and the Louisiana Supreme Court for the UCC's lead counsel to appear on a pro hac vice basis in that proceeding so that the UCC could file an amicus brief and its lead counsel could participate in oral argument before that Court (over the objection of Morris Bart, LLC).  Because the certified questions before the Louisiana Supreme Court involve issues of Louisiana law, Gordon Arata also provided substantial input in drafting the Committee's amicus brief to that Court.  On June 29, 2026, the Louisiana Supreme Court issued its opinion on the certified questions.  No party filed a timely application for rehearing.  Thus, the Louisiana Supreme Court's opinion is now final.

18.     The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the UCC, the Debtor's estate, and its creditors, taking into account the complexities and challenges presented.

19.     In summary, the services rendered by Gordon Arata were necessary and beneficial to the UCC, the Debtor's estate, and its creditors and were consistently performed in manner commensurate with the complexity, importance, novelty, and nature of the issues involved. Accordingly, final approval of the compensation sought herein is warranted.

## DISBURSEMENTS

20.     Gordon Arata incurred actual and necessary out-of-pocket expenses during the Second Fee Period, which are set forth in Exhibit A-1.  This Final Application seeks allowance for reimbursement, in full, to Gordon Arata of such expenses.

## NO PRIOR REQUEST FOR THE SECOND FEE PERIOD

21.     No prior application has been made to this Court or any other court for the relief requested herein with respect to the Second Fee Period.

4396346-1                                        6

## FINAL APPROVAL OF BOTH THE INTERIM APPLICATION
## AND THIS FINAL APPLICATION

22. Now that the Louisiana Supreme Court's opinion on the certified questions is final, Gordon Arata seeks final approval of both the Interim Application and this Final Application.

## CONCLUSION

**WHEREFORE**, Gordon Arata respectfully requests the Court enter an order (a) granting final allowance of compensation for professional services rendered by Gordon Arata during the Second Fee Period in the amount of $2,380.00, (b) granting reimbursement of actual and necessary expenses incurred by Gordon Arata during the Second Fee Period in the amount of $100.00, (c) authorizing and directing the Debtor to pay the fees and expenses to Gordon Arata as requested, (d) approving as a final order the Interim Application [ECF No. 1536] and this Court's Order dated June 30, 2026 approving same [ECF No. 1573] and (e) granting such other and further relief as is just and proper.

Dated: July 16, 2026

GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC

By: */s/ C. Peck Hayne Jr.*
C. Peck Hayne Jr. (Texas Bar No. 24052764)
  *admitted pro hac vice* [ECF No. 1540]
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Phone: 504-582-1111
Email: phayne@gordonarata.com

***Special Louisiana Counsel for the Official Committee of Unsecured Creditors***

4396346-1

7

## CERTIFICATE OF SERVICE

I certify that, on July 16, 2026, a true and correct copy of this application (with all attachments) was electronically served to all parties registered to receive electronic notices *via* CM/ECF in this case.

*/s/ C. Peck Hayne Jr.*
C. Peck Hayne Jr.