**IN THE UNITED STATED BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | **CASE NO: 24-31596** |
| | § | **(Chapter 11)** |
| Debtor. | § | |

**MORRIS BART, LLC'S LIMITED OBJECTION TO**
**THIRD AMENDED JOINT PLAN OF LIQUIDATION**
[Ref. Dkt. No. 1577]

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF BANKRUPTCY JUDGE:

COMES NOW, MORRIS BART, LLC ("Morris Bart"), party-in-interest, and makes this Morris Bart, LLC's Limited Objection to Third Amended Joint Plan of Liquidation as follows:

**I.**

**RELIEF REQUESTED ON LIMITED OBJECTION**

1. Morris Bart, LLC ("Morris Bart") objects to the Third Amended Joint Plan of Liquidation (the "Plan"). The Plan contains provisions in the Retention of Court Jurisdiction section 11.1 that are impermissible or impermissibly vague. The Plan also contains impermissibly broad exculpatory and injunction provisions in sections 9.5 and 9.6 that could restrict Morris Bart from asserting its defenses in the MMA/Morris Bart adversary proceeding and the related appeals arising out of that adversary proceeding. At a minimum the provisions are impermissibly vague and could deny Morris Bart due process by foreclosing its defenses in the pending adversary proceeding. This Court should strike or modify those offensive provisions before confirming the Plan.

1

## II.

## BACKGROUND FACTS

2.   On June 24,  2024, the Debtor MMA Law Firm, PLLC ("MMA" or the "Debtor") filed an adversary  proceeding against MB styled *MMA Law Firm, PLLC v. Morris Bart, LLC*, Adv. Pro. No. 24-ap-3127 (the "Adversary"). Morris Bart appealed multiple orders entered by the Bankruptcy Court in the Adversary, and all the appeals were assigned to United States District Judge Andrew S. Hanen.[1]

3.   On December 12, 2024, Judge Hanen withdrew the reference of jurisdiction from the Bankruptcy Court over all "matters raised in Case Numbers 4:24-cv-2793, 4:24-cv-3443, 4:24-cv-4343, 4:24-cv-4446, Adversary Case Number 24-3127, and matters related to the attorneys' fees/costs dispute between MMA and Morris Bart in Bankruptcy Case Number 24-31596."[2] Judge Hanen held that Morris Bart is entitled to a jury trial on the claims raised by MMA, and since the Bankruptcy Court cannot conduct a jury trial without the parties' consent, withdrawal of the reference was mandatory. Judge Hanen has only referred pretrial matters in the Adversary back to the Bankruptcy Court for handling.[3]

4.   On May 21, 2025, Morris Bart filed a motion for summary judgment in the Adversary.[4] On August 12, 2025, the Bankruptcy Court entered its Order denying the motion.[5] On August 26, 2025, Morris Bart appealed the Order to the District Court.[6] On September 30, 2025, Morris Bart

---

[1] Civil Action No. 4:24-cv-2793 (appeal of preliminary injunction), Civil Action No. 4:24-cv-4343 (appeal of order denying motion to dismiss and motion to transfer venue), Civil Action No. 4:25-cv-4059 (appeal of bankruptcy court's order denying MB's motion for summary judgment), Civil Action No. 4:25-cv-4917 (petition for writ of mandamus), Civil Action No. 4:25-cv-5013 (appeal of show cause order), Civil Action No. 4:25-cv-5576 (appeal of order compelling production).
[2] Civil Action No. 4:24-cv-4446, Dkt. No. 5, p. 9.
[3] Civil Action No. 4:24-cv-4446, Dkt. No. 21.
[4] Adv. Pro. No. 24-3127, Dkt. No. 96.
[5] Adv. Pro. No. 24-3127, Dkt. No. 105.
[6] Adv. No. 24-3127, Dkt. No. 113.

filed a motion for certification of questions of law to the Louisiana Supreme Court.[7]

5.   On January 23, 2026, Judge Hanen reversed in part the Bankruptcy Court's Order denying Morris Bart's motion for summary judgment and granted a partial summary judgment in favor of Morris Bart.[8] MMA appealed Judge Hanen's Order,[9] and that appeal is currently pending before the United States Court of Appeals for the Fifth Circuit in Case No. 26-20046.[10]

6.   On February 4, 2026, Judge Hanen certified questions to the Louisiana Supreme Court.[11] In the first certified question, Judge Hanen asked the Louisiana Supreme Court:

> Can a successor law firm, in a lawsuit filed against it by a predecessor law firm seeking fees and costs, who either no longer could continue the representation and withdrew or was discharged by the client or the court, *raise the defense* that the predecessor law firm's earlier misconduct renders the predecessor's contingent fee contract an absolute nullity? (emphasis added).[12]

On March 13, 2026, the Louisiana Supreme Court entered an order accepting Judge Hanen's certified questions.[13]

7.   On February 9, 2026, the Bankruptcy Court entered the Stipulation and Agreed Order staying the Adversary pending rulings by the Louisiana Supreme Court and the Fifth Circuit.[14] On March 4, 2026, Judge Hanen entered orders staying Morris Bart's appeals of an injunction order,[15] a  show cause order[16] and an order granting MMA's motion to compel production entered by the Bankruptcy Court.[17] On March 25, 2026, Judge Hanen entered an order staying the case in which the reference to the Bankruptcy Court has been withdrawn, also pending rulings by the Louisiana

---

[7] Civil Action No. 4:25-cv-4059, Dkt. No. 6.
[8] Civil Action No. 4:24-cv-4446, Dkt. No. 41.
[9] Civil Action No. 4:24-cv-4446, Dkt. No. 42.
[10] Judge Hanen entered an order severing the summary judgment so that the judgment would be final for purposes of appeal. See Civil Action No. 4:26-cv-0642.
[11] Civil Action No. 4:24-cv-4446, Dkt. No. 45 and 46.
[12] Civil Action No. 4:24-cv-4446, Dkt. No. 46, p. 11.
[13] Exhibit 1.
[14] Adv. No. 24-3127, Dkt. No. 241.
[15] Civil Action No. 4:24-cv-2793, Dkt. No. 42.
[16] Civil Action No. 4:25-cv-5013, Dkt. No. 23.
[17] Civil Action No. 4:25-cv-5576, Dkt. No. 18.

Supreme Court and the Fifth Circuit.[18]

8.  On June 29, 2026, the Louisiana Supreme Court entered an opinion answering the questions certified by Judge Hanen.[19] The Louisiana Supreme Court answered "Yes" to Judge Hanen's first question – whether a successor law firm could raise absolute nullity as a defense to a claim by a predecessor law firm for fees and costs.[20]

9.  On July 1, 2026, MMA filed its Third Amended Joint Plan of Liquidation.[21] The Bankruptcy Court has set a hearing to consider confirmation of the Plan for August 4, 2026, at 10:30 a.m.[22] The deadline for filing objections to the Plan is July 22, 2026.[23]

10. The Plan contains an Exculpation provision in section 9.5 that provides in pertinent part "exculpated parties shall neither have nor incur any liability to any holder of a claim or interest, . . . or any other entity for any act taken . . ."[24] The Plan defines "exculpated parties" to include the Debtor.[25] The Plan further contains an Injunction provision in section 9.6 that proposes to enjoin "all persons who have held, hold, or may hold claims against, or interests in, the Debtor . . . from (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or the Reorganized Debtor or its assets with respect to any such claim or interest."[26] Finally, the Plan contains a Gatekeeper Provision in section 9.7 that prohibits any person or entity from:

> commencing, continuing, amending, or pursuing, a Claim or Cause of Action of any kind that may be subject to the foregoing exculpation and injunction provisions, in each case without first (i) requesting a determination from the Court, after notice to all affected parties and a hearing, that such Claim or Cause of Action represents a

---

[18] Civil Action No. 4:24-cv-4446, Dkt. No. 61.
[19] Exhibit 2.
[20] Exhibit 2, p. 5.
[21] Case No. 24-31596, Dkt. No. 1577.
[22] Case No. 24-31596, Dkt. No. 1562.
[23] Case No. 24-31596, Dkt. No. 1562.
[24] Case No. 24-31596, Dkt. No. 1577, p. 29, section 9.5.
[25] Case No. 24-31596, Dkt. No. 1577, p. 5, section 1.1.33.
[26] Case No. 24-31596, Dkt. No. 1577, p. 30, section 9.6.

colorable claim and is not subject to the foregoing exculpation and injunction provisions, which request must attach the complaint or petition proposed to be filed by the requesting party and (ii) obtaining from the Court specific authorization for such party to bring such Claim or Cause of Action. . . . The Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by applicable law.[27]

11. The United States Trustee has filed an objection to the Plan on the grounds, *inter alia*, that the exculpation, injunction, and gatekeeper provisions are impermissibly broad under the Bankruptcy Code and Fifth Circuit caselaw.[28]

12. The Plan also contains provisions in the Retention of Court Jurisdiction section that provide for the Bankruptcy Court to retain jurisdiction over "all matters arising in, arising under, or related to, the Debtor's case including matters concerning and related to, among other things, the following purposes:

11.1.5. Adjudicate, decide, or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications involving the Debtor prior to the closing of the case;

11.1.6. Adjudicate, decide, or resolve any and all matters related to Causes of Action;

\* \* \*

11.1.12. Resolve any cases, controversies, suits, disputes, or Causes of Action, if any;

---

[27] Case No. 24-31596, Dkt. No. 1577, p. 30, section 9.7.
[28] Case No. 24-31596, Dkt. No. 1589.

5

## II.

## <u>ARGUMENT</u>

**A.  The Plan's Retention of Court Jurisdiction Provision is Impermissibly Broad.**

13. The effect of the Plan's Retention of Court Jurisdiction provision in section 11 is to improperly provide for the Bankruptcy Court to retain jurisdiction over the Adversary. The District Court has already entered an order withdrawing the reference of that proceeding pursuant to 28 U.S.C. § 157(d). MMA cannot use the Plan to provide the Bankruptcy Court with jurisdiction that the District Court has already withdrawn from it.

14. "Neither the bankruptcy court nor the parties can write their own jurisdictional ticket." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004). Section 1334 of Title 28 supplies the jurisdiction that a bankruptcy court may exercise. All jurisdiction resides in the district court; the bankruptcy court is a unit of the district court. Section 157 of Title 28 controls the reference and withdrawal of that jurisdiction. Where the district court has already withdrawn the reference of jurisdiction from an earlier referral, the jurisdiction remains with the district court until the district court refers the case back to the bankruptcy court. The original grant of jurisdiction by Congress is to the district court, and the district court controls whether to withdraw or refer jurisdiction over bankruptcy matters, and the district court can withdraw the reference in whole or in part.  *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985); 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section.").

15. . The Plan's Retention of Jurisdiction provision must be construed consistently with the District Court's order withdrawing the reference in the Adversary and cannot enlarge the Bankruptcy Court's authority beyond the scope of the District Court's referral under 28 U.S.C. §

157. Only that jurisdiction referred by the district court to the bankruptcy court may be exercised by the bankruptcy court. A plan cannot confer jurisdiction to the bankruptcy court that is beyond the jurisdiction permitted by sections 1334 and 157 of Title 28. *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390, 91 (5th Cir. 2001); *see also In re New York Skyline, Inc.*, 601 F.App'x 52, 54-55 (2d Cir. 2015). This Court should either strike or modify sections 11.1.5, 11.1.6, and 11.1.12.

16. Further, there are appeals still pending before the District Court and an appeal pending before the Fifth Circuit Court of Appeals. The Fifth Circuit follows the ordinary federal divestiture rule derived from *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982). *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007); *see also Taylor v. Sterrett*, 640 F.2d 663, 667–68 (5th Cir. 1981). The filing of a notice of appeal divests the bankruptcy court of any jurisdiction over the issues on appeal and confers jurisdiction on the appellate court. *In re Transtexas Gas Corp.*, 303 F. 3d 571 (5th Cir. 2002) (citing *In re Statistical Tabulating Corp, Inc.*, 60 F.3d 1286, 1289 (7th Cir. 1995)). Thus, while an appeal is pending, neither the bankruptcy court nor a confirmation order can alter the issues before the appellate court. And the Plan cannot affect matters already pending on appeal before the District Court or the Fifth Circuit.

17. Because the Plan contains a provision inconsistent with federal law and with the District Court's withdrawal order, the Plan fails to satisfy 11 U.S.C. § 1129(a)(1) and cannot be confirmed unless the offending provision is deleted or revised to acknowledge that the withdrawn Adversary and the appeals arising out of the Adversary shall remain before the District Court. This Court should strike sections 11.1.5, 11.1.6, and 11.1.12 of the Plan.

18. Alternatively, this Court should modify the Retention of Court Jurisdiction provision to include a statement in section 11.1 that reads:

This section does not expand the Bankruptcy Court's jurisdiction beyond the jurisdiction permitted under 28 U.S.C. §§ 157 and 1334 and does not modify, alter, restrict or change the jurisdiction currently being exercised or that may in the future be exercised by the District Court over the Adversary Proceeding styled *MMA Law Firm, PLLC v. Morris Bart, LLC*, Adv. Pro. No. 24-ap-3127 or Civil Action Nos. 4:24-cv-2793, 4:24-cv-4343, 4:24-cv-4446, 4:25-cv-4059, 4:25-cv-4917, 4:25-cv-5013, and 4:25-cv-5576.

**B. The Plan's Exculpation, Injunction, and Gatekeeper Provisions are impermissibly vague, because it could be read to exculpate MMA from Morris Bart's defenses asserted in the Adversary and enjoin Morris Bart from asserting those defenses.**

19. The Plan's exculpation, injunction, and gatekeeper provisions are impermissibly vague and could allow MMA to use these provisions to attempt to foreclose Morris Bart's absolute nullity defense under La. Civ. Code, Art. 2030. This is not an unfounded or hypothetical fear by Morris Bart. MMA has already argued that Morris Bart's absolute nullity defense is a claim, not a defense, and this Court has already once accepted that argument.

20. At the hearing before this Court on Morris Bart's motion for summary judgment, MMA's counsel argued that the Louisiana statute on absolute nullity "only allows you to recover a claim. It doesn't say you can argue the unauthorized practice of law as a defense."[29] In response to this argument, Morris Bart made it clear that its absolute nullity argument was a defense, not a claim. Counsel for Morris Bart stated "We are not making a claim in this case. There is no counterclaim, there is no lawsuit by Morris Bart against MMA. We are defendants raising a defense."[30] ". . . Article 2030 says that a contract is an absolute nullity if it is violative of a rule of a public order. . . That is our defense to the claim."[31] ". . . We didn't ask to be hauled into this court. We are here defending ourselves, so we are presenting a defense to MMA's claims. We are

---

[29] Exhibit 3, Tr. 95/6-8.
[30] Exhibit 3, Tr. 105/15-17.
[31] Exhibit 3, Tr. 106/14-17.

not asserting our own claim. We are not asking for any injury to be redressed."[32]

21. Responding to Morris Bart's counsel, MMA's counsel continued to push its theory that an absolute nullity under La. Civ. Code, Art. 2030 is a claim, not a defense:

> This is not a defense.  A defense is I didn't do it.  A defense is I don't owe the money, I didn't breach the contract, right?  Or an affirmative defense that yes, you are correct, yes, your claims are good, but for the statute of limitations, I'm not liable, right?  Affirmative defense.
> But to assert a claim, defendants assert claims all the time.  That's what a counterclaim is, right?  So they admit that they're identical, right?  And so how can you assert a claim as a plaintiff that's only a defense?  It makes no sense whatsoever, right?  I can -- the claim is the claim.  And asserting a claim against another party requires standing.[33]

This Court accepted MMA's argument. In its memorandum opinion on Morris Bart's motion for summary judgment, this Court directly addressed the question "of whether Morris Bart's assertions – that MMA facilitated the unauthorized practice of law and that the Fee Agreements are absolutely null – are true defenses . . . or instead claims for relief that should have been pleaded separately and would require standing."[34] And this Court found that Morris Bart's absolute nullity argument "cannot be categorized as a 'defense.'"[35]

22. On appeal, Morris Bart asked the District Court to reverse the Bankruptcy Court's determination that absolute nullity was a claim and that Morris Bart had no standing to bring the claim. The District Court, instead of ruling on that point, certified a question to the Louisiana

---

[32] Exhibit 3, Tr. 108/12-15.
[33] Exhibit 3, Tr. 121/20 – 122/6.
[34] Case No. 24-31596, Dkt. 104, p. 25.
[35] Case No. 24-31596, Dkt. 104, p. 27.

Supreme Court, asking "Can a successor law firm, in a lawsuit filed against it by a predecessor law firm seeking fees and costs, who either no longer could continue the representation and withdrew or was discharged by the client or the court, *raise the defense* that the predecessor law firm's earlier misconduct renders the predecessor's contingent fee contract an absolute nullity?"[36] The Louisiana Supreme Court answered that question "Yes."[37] Nevertheless, this answer has not yet been accepted by the District Court in an order, so the threat remains real that MMA's exculpation and injunction provisions in the Plan will be used to foreclose Morris Bart's absolute nullity defense.

23. It is axiomatic that a plan cannot be used as a device to determine substantive litigation issues. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) (recognizing confirmation order should not have been entered without adversary proceeding determining dischargeability of student loan, but holding because creditor failed to object to confirmation or appeal confirmation order, such confirmation order was not void and could not be vacated under Fed. R. Civ. P. 60(b)(4)); *see also e.g. In re Galey*, 230 B.R. 898, 899 (Bankr. S.D. Ga. 1999) (holding Chapter 13 Plan impermissibly attempted to determine dischargeability of debt without adversary determination). Plan confirmation cannot dispense with procedural requirements established by the Bankruptcy Code and Federal Rules or a litigant's substantive rights to assert claims or defenses. To do so would amount to a denial of due process of law. Nevertheless, this is just what MMA is attempting to do by proposing a plan with language that could be construed as barring Morris Bart from asserting its defense to MMA's adversary proceeding.

24. MMA has repeatedly argued there that Morris Bart's absolute-nullity defense is really a claim. Having failed to successfully eliminate Morris Bart's defense by characterizing it as a

---

[36] Civil Action No. 4:24-cv-4446, Dkt. No. 46, p. 11.
[37] Exhibit 2, p. 5.

claim that Morris Bart has no standing to bring in the Adversary, MMA now seeks to accomplish the same result indirectly by seeking confirmation of a plan whose injunction, exculpation, and gatekeeper provisions could be used to characterize the defense as an impermissible 'claim' against the Debtor, or could be used in an attempt to bar Morris Bart from asserting its defense.

25. These plan provisions also improperly interfere with the pending litigation in the District Court, which has withdrawn the reference of jurisdiction over the Adversary and has asserted its jurisdiction over the issues in Morris Bart's motion for summary judgment in Civil Action No. 4:24-cv-4446 and the appeal in Civil Action No. 4:25-cv-4059. The District Court has reviewed the Bankruptcy Court's ruling on whether a successor law firm can raise absolute nullity as a defense and certified that dispositive state-law question to the Louisiana Supreme Court. The Louisiana Supreme Court then decided the issue, holding that Morris Bart can assert absolute nullity as a defense. The District Court must now apply the ruling of the Louisiana Supreme Court to the case. Confirmation cannot be used by the Debtor to alter the issues that remain pending before the District Court. The proposed Plan provisions implicate comity between the Bankruptcy Court and the District Court. The Bankruptcy Court should not approve the Plan with language that could be used to recharacterize that same defense as a discharged "claim." To do so would effectively nullify the certified-question procedure and interfere with the District Court's consideration of the issues in the Adversary. This is not simply a discharge issue; it is an interference with ongoing litigation in the District Court where all jurisdiction lies.

26. An exculpation and injunction provision in a plan is certainly not an appropriate vehicle to thrash out substantive defenses to pending litigation. But that what MMA appears to be attempting to accomplish with these Plan provisions. MMA has filed over 30 adversary proceedings seeking fees and costs from successor law firms. The Adversary against Morris Bart

was the first such adversary, and it has been a long and disappointing fight for MMA. After adverse rulings by the District Court and now the Louisiana Supreme Court, MMA is hoping to bar Morris Bart's absolute nullity defense and the defenses of other law firms through its offensive and impermissible use of exculpation and injunction provisions in its Plan. This Court should either deny confirmation or modify the exculpation and injunction provisions of the Plan to include a statement that:

> Notwithstanding the foregoing, this section shall not apply to any causes of action or defenses currently pleaded and that could in the future be pleaded in the adversary proceeding styled *MMA Law Firm, PLLC v. Morris Bart, LLC*, Adv. Pro. No. 24-ap-3127 or Civil Action Nos. 4:24-cv-2793, 4:24-cv-4343, 4:24-cv-4446, 4:25-cv-4059, 4:25-cv-4917, 4:25-cv-5013, and 4:25-cv-5576, or any appeals arising from those cases.

WHEREFORE, PREMISES CONSIDERED, MORRIS BART, LLC respectfully requests that this Court deny confirmation of the Third Amended Joint Plan of Liquidation or alternatively strike or modify the impermissible sections of the Plan.

DATED: July 22, 2026      Respectfully submitted,

**THE PROBUS LAW FIRM**

By: */s/ Matthew B. Probus*
    **Matthew B. Probus**
    State Bar No. 16341200
    Fed. I.D. No. 10915
    matthewprobus@theprobuslawfirm.com

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)

-and-

**MILLER THIBODEAUX DYSART VEITH &
PASCHAL, LLC**

By: */s/ Rebekka C. Veith*
      Kerry J. Miller, *pro hac vice*
      Rebekka C. Veith, *pro hac vice*
      Monica L. Bergeron, *pro hac vice*

643 Magazine Street, Suite 405
New Orleans, LA 70130
Tel: (504) 586-5252
kmiller@mtdvp.com
rveith@mtdvp.com
mbergeron@mtdvp.com

*COUNSEL FOR MORRIS BART, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 22, 2026, a true and correct copy of the foregoing has been served on all parties requesting notice and parties entitled to notice which includes the debtor, the plan proponents, the Official Committee of Unsecured Creditors, and the United States Trustee, electronically via the CM/ECF filing system.

                           */s/ Matthew B. Probus*
                           Matthew B. Probus