**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MMA LAW FIRM, PLLC | § | CASE NO. 24-31596 |
| | § | |
| Debtor | § | CHAPTER 11 |
| | § | |
| | § | |
| | § | |

**CHAPTER 11 PLAN OBJECTIONS OF JAMES MARSHAL MCCLENNY**

James Marshall McClenny respectfully shows:

<u>Background</u>

1.      Debtor MMA was engaged in the practice of law and had an office in Houston Texas.  James McClenny ("McClenny"), an attorney licensed in the State of Texas, is a former member of MMA.

2.      Pre-bankruptcy, MMA obtained funding from or through one or more of Equal Access Justice Fund LP and EAJF ESQ Fund LP (collectively "EAJF").

3.      MMA defaulted on its loan obligations.  On information and belief, EAJF contends that McClenny should answer for some or all of the MMA indebtedness to EAJF.

4.      At present EAJF and McClenny are parties to the litigation pending before the U.S. District Court for the Southern District of Texas assigned civil action number 4:23-cv-00928.

5.      As an alleged guarantor of MMA's indebtedness to EAJF, non-bankruptcy law equips McClenny with common law, statutory, and equitable defenses, as well as rights regarding other alleged guarantors.

1

<u>Request for Express Rights Preservation</u>

6.        McClenny asks that any order confirming the chapter 11 plan expressly provide

that – notwithstanding anything to the contrary in the confirmation order, the chapter 11 plan, the

disclosure statement, any order finally approving the disclosure statement, or any plan-related

document whatsoever[1] (collectively, "Any Plan Document") – nothing in Any Plan Document

impairs, diminishes, or in any manner negatively impacts the rights, claims, and defenses of

McClenny with respect to any individual or entity that is not MMA.  *Harrington v. Purdue*

*Pharma L.P.*, 603 U.S. 204 (2024).[2]

<u>Objections</u>

7.        <u>No consent</u>.  For the removal of doubt, McClenny does not consent to any

impairment, diminishment, release of, or in any manner negative impact upon his rights, claims,

and defenses *vis a vis* any individual or entity.  *Id.*

8.        <u>Conflicts.</u>  Section 13.9 of the plan provides that the terms of the plan shall

control in the event of a conflict with the confirmation order.  This provision would rob the

Bankruptcy Court of its jurisdiction over the proceedings.  As is customary, the confirmation

order should control in the event of conflicts.

9.        <u>Absolute priority rule</u>.  This is a liquidating, not reorganizing, chapter 11.  Under

section 726(a) of the Bankruptcy Code, even tardy proofs of claim are paid before equity

receives funds, as is interest on unsecured claims.  Here, instead, the plan contemplates the

payment of equity before the payment of claims filed after the deadline in the notice transmitted

---

[1]        Including, for the removal of doubt, this Court's order approving the EAJF/MMA settlement at ECF # 683.

[2]        "The question we face thus boils down to whether a court in bankruptcy may effectively extend
to *nondebtors* the benefits of a Chapter 11 discharge usually reserved for *debtors….*. [T]he bankruptcy code does not
authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to
discharge claims against a nondebtor without the consent of affected claimants."

by the Clerk of the Court.  In that respect the plan violates the absolute priority rule and,

therefore, is not fair and equitable.  11 U.S.C. § 1129(b).

> "The words 'fair and equitable' are terms of art — they mean that 'senior interests are entitled to full priority over junior ones.' If a court approves a settlement as part of a reorganization plan absent reasonable assurance that the settlement accords with the fair and equitable standard, that court has abused its discretion."

*Matter of AWECO, Inc.*, 725 F. 2d 293, 298 (5th Cir. 1984) (citations removed).

10.     <u>Best interest of the creditors</u>.  Again, under section 726 of the Bankruptcy Code,

even tardy proofs of claim are paid before equity receives funds, as is interest on unsecured

claims.  Here, instead, the plan contemplates the payment of equity before the payment of claims

filed after the deadline in the notice transmitted by the Clerk of the Court.  In that respect the

plan violates the best interests of the creditors test.  11 U.S.C. § 1129(a)(7)(A)(ii).[3]

11.     <u>The EAJF settlement</u>.  The plan intends to implement the EAJF settlement.

McClenny was not a party to the EAJF settlement.  The order entered by this Court approving

the EAJF settlement was not the form of order served[4] with the motion for approval of the EAJF.

McClenny objects to the extent that the plan purports to somehow make McClenny a party to

that settlement.

12.     <u>Discharge</u>.  The plan is one of liquidation, not reorganization.  Therefore, the plan

may not discharge debts.  The plan, however, contains provisions that have the effect of

discharging debts.  Without limitation, see, e.g., part 9.1 (Settlement, Discharge, and Release)

describing how the plan "release[s]" and "satisfie[s]" claims; see further, part 9.6 (Injunction)

enjoining all parties and creditors from collection activities.  McClenny objects on that basis.

---

[3]      Indeed, here the plan purports to disallow untimely claims without objection or other due process. McClenny objects on that basis.

[44]      Presumably served.  The certificate of service for the motion is defective insofar as it does not reflect the names and addresses of the parties allegedly served.

13.     Joinder in other objections.  McClenny joins in the objections found (a) in ECF # 1593 (overreaching provisions regarding plan provisions as to jurisdictional retention, gate-keeping, third party releases, and exculpations), (b) in ECF # 1592 (same, plus impermissibly vague plan language that could be read to negatively impact defenses and claims), and ECF # 1589 (objections of the Office of the U.S. Trustee).

Prayer

McClenny prays that this Court sustain his objections and deny plan confirmation.

Respectfully submitted,

**O'CONNORWECHSLER PLLC**
By:  ___/s/ Annie Catmull___
Annie E. Catmull
State Bar No. 00794932
aecatmull@o-w-law.com
4400 Post Oak Plaza, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-5977

**COUNSEL FOR JAMES MARSHALL
MCCLENNY**

Certificate of Service

I certify that on July 22, 2026, a copy of these objections was served upon all parties in interest via the Court's ECF notification system.

___/s/ Annie Catmull___
Annie E. Catmull