**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | * | |
| | * | **Chapter 11** |
| **MMA LAW FIRM, PLLC** | * | |
| | * | **CASE NO. 24-31596** |
| **DEBTOR** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NEW ORLEANS LEGAL, LLC AND GULF COAST ATTORNEYS, LLC'S
OBJECTION TO THIRD AMENDED JOINT PLAN OF LIQUIDATION**

**NOW INTO COURT**, through undersigned counsel, comes New Orleans, Legal, LLC ("New Orleans Legal") and Gulf Coast Attorneys, LLC ("Gulf Coast") (collectively New Orleans Legal and Gulf Coast are herein after sometimes the "Objectors"), which file this objection to the Third Amended Joint Plan of Liquidation (the "Third Amended Plan") [P-1577], filed by MMA Law Firm, PLLC (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee"), as follows.

*Background*

1. On February 5, 2025, the Debtor filed an adversary proceeding against New Orleans Legal styled *MMA Law Firm, PLLC v. New Orleans Legal, LLC* Adv. Case No. 25-03027 (the "Adversary").

2. On January 2, 2026, the Debtor filed an Amended Complaint [P-29] against New Orleans Legal and Gulf Coast.

3. On March 17, 2026, United States District Court Judge Hanan issued an Order [USDC S.D.TX No. 25-05459, Doc. 3] adopting the report and recommendation by Chief Bankruptcy Judge Rodriguez [Bankr. No. 25-03027, Doc. No 20) and withdrew the reference as to all matters

involving the division of attorney fees between New Orleans Legal, LLC and MMA Law Firm, PLLC.

4. On July 1, 2026, the Debtor and the Committee filed the Third Amended Plan.

5. On July 16, 2026, the United States Trustee filed its objection [P-1589] (the "**UST Objection**") to the Third Amended Plan.

6. On July 22, 2026, the Morris Bart, LLC filed its limited objection [P-1592] (the "**Morris Bart Objection**") to the Third Amended Plan.

7. On July 22, 2026, Hair & Shunnarah Trial Attorneys, LLC filed its objection to the Third Amende Plan and joinder to objection of the United States Trustee [P-1593] (the "**HSTA Objection**").

### *Statutory Standard*

8. With regards to the requirements for plan confirmation, Objectors adopt ¶ 6 and ¶ 7 of the UST Objection.

### *Jurisdictional Arguments*

9. Debtor and the Committee improperly seek to strip the Unted States District Court for the Southern District of Texas of its jurisdiction in the Adversary. Accordingly, New Orleans Legal and Gulf Coast adopts the jurisdictional arguments of HSTA at ¶ 9 (including with particularity objections to specific subsections 11.1 of the Third Amended Plan), ¶ 11, and ¶ 13 of the HSTA Objection. Further, New Orleans Legal and Gulf Coast adopt the jurisdictional arguments of Morris Bart at ¶ 12 through ¶ 17 of the Morris Bart Objection.

10. Alternatively, this Court should modify the Retention of Court Jurisdiction provision to include a statement in section 11.1 that reads:

> This section does not expand the Bankruptcy Court's jurisdiction beyond the jurisdiction permitted under U.S.C §§ 157 and 1334 and does not modify, alter,

restrict or change the jurisdiction currently being exercised or that may in the future be exercised by the District Court in Civil Action No. 4:25-CV-05459 and the Adversary Proceeding styled *MMA Law Firm, PLLC v. New Orleans Legal, LLC, et al.* Adv. Case No. 25-03027.

### *Exculpation Argument(s)*

11. The Third Amended Plan's use of exculpation impermissibly thwarts the Objectors from defending themselves in the Adversary.

12. Accordingly, Objectors adopt the Morris Bart Objection's ¶ 10. Objectors also adopt ¶ 15 and ¶ 16 of the UST Objection.

### *Choice of Law Argument(s)*

13. Objectors object to Section 13.2 of the Third Amended Plan regarding choice of law to the extent it seeks to limit or diminish the application of Louisiana law in the regulation of attorneys practicing in the state of Louisiana.

14. Accordingly, Objectors suggest the insertion of the following sentence at the end of Section 13.2 of the Third Amended Plan:

> However, notwithstanding the foregoing, this Third Amended Plan is not intended to thwart the jurisdiction of the Louisiana Supreme Court and its application of Louisiana law to the regulation of attorneys practicing in the State of Louisiana. Further, nothing herein is intended to void the application of Louisiana law in the District Court in Civil Action No. 4:25-CV-05459 and the Adversary Proceeding styled *MMA Law Firm, PLLC v. New Orleans Legal, LLC, et al.* Adv. Case No. 25-03027.

### *Stay Extension Argument(s)*

15. The Third Amended Plan impermissibly extends the application of the automatic stay post-conformation to non-debtor individuals.

16. Accordingly, Objectors adopt ¶ 12 through ¶ 14 of the UST Objection.

*Conclusion*

17.   For the foregoing reasons, confirmation of the Third Amended Plan should be denied. Alternatively, were the Third Amended Plan confirmed, the confirmation order should only be entered if the above concerns are adequately addressed, including with particularity, the suggested language for sections 11.1 and 13.2 above.

DATED: July 22, 2026.                    Respectfully submitted,

THE DERBES LAW FIRM, L.L.C.

*/s/ Albert J. Derbes, IV*
ALBERT J. DERBES, IV (TX BAR   NO. 24030171)
ERIC J. DERBES (TX BAR NO. 24009844)
3027 Ridgelake Drive
Metairie, LA 70002
Telephone: (504) 837-1230
Facsimile: (504) 832-0323
Email: AJDIV@derbeslaw.com
Email: EDerbes@derbeslaw.com
*Attorneys for New Orleans Legal, LLC*
*and Gulf Coast Attorneys, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, a true and correct copy of the foregoing document was served via email through the Bankruptcy Court's Electronic Case Filing System on the parties that have consented to such service.

*/s/ Albert J. Derbes, IV*
Albert J. Derbes, IV