IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

**APEX ROOFING AND RESTORATION, LLC'S LIMITED OBJECTION
TO THIRD AMENDED JOINT PLAN OF LIQUIDATION**

Apex Roofing and Restoration, L.L.C. (hereinafter "Apex"), by and through undersigned counsel, respectfully submits this objection to the Third Amended Joint Plan of Liquidation (the "Plan") filed by MMA Law Firm, PLLC ("MMA" or "Debtor"), and respectfully shows this Court as follows:

**INTRODUCTION**

Apex objects to the Plan on the limited grounds that the Plan wrongly provides third parties with benefits of collateral bankruptcy to which they are not claiming bankruptcy protection. Specifically, Section 5.8 of the Plan stays actions against Zach Moseley, Katy Ohlsson, and Morgan Weaver-Gallacher—the "Stay Parties"—as well as their property. *See* Plan at 15–16.

Prior to the filing of this bankruptcy, Apex filed an ongoing legal malpractice case against John Zachary Moseley, James Marshall McClenny, and Richard William Huye, III. Apex also has an ongoing action against MMA, captioned *Apex v. Richard William Huye, III et al.*, which is pending in Louisiana State Court under Civil District Court Case No. 2023-2475.

1

**OBJECTION**

**A. The Plan Wrongly Extends Collateral Bankruptcy Benefits to Third Parties.**

As raised by the United States Trustee for Region 7, *see* ECF No. 1589, and adopted herein, Apex raises this objection on the grounds that extending an automatic stay to third parties is improper and in violation of Supreme Court precedent.

The Plan proposes the establishment of an eighteenth-month stay of actions against the Stay Parties. The Plan states that this stay "may be extended beyond the Stay Period by Final Order of the Bankruptcy Court upon motion by any Stay Party for cause shown, after notice and a hearing." Plan at 25. Allowing the Stay Parties the ability to extend the stay beyond the effective date violates Supreme Court precedent because it allows parties not directly involved in the bankruptcy proceedings to essentially extend this stay protection indefinitely.

In *Harrington v. Purdue Pharma L. P.*, the Supreme Court held that a bankruptcy plan's discharge may void past or future judgments "only for the benefit of the debtor against its creditors and 'does not affect the liability of any other entity.'" 603 U.S. 204, 215 (2024) (quoting Bankr. Code § 5244(e)). Importantly, the Court discussed that a discharge must affect the parties at issue in the bankruptcy proceedings. *Id.* Bankruptcy courts may not, therefore, confirm plans that concern "discharge claims brought by nondebtors against other nondebtors." *Id.* at 224.

As in *Harrington*, where the Sackler family sought "an injunction 'permanently and forever'" foreclosing similar suits in the future" through a bankruptcy plan when they had not even "filed for bankruptcy and [had] not placed virtually all their assets on the table for distribution to creditors," the Stay Parties directly seek to do an end-run around *Harrington* to protect themselves. *Id.* at 215. The Plan authorizes a stay against them for eighteenth months, and then, by its terms allows perpetuation of the same for an indefinite number of months. This proposed scheme violates

2

the Supreme Court's holding that Chapter 11 benefits may not extend to nondebtors, as they are "reserved for debtors." *Id.* at 215; *see also Matter of Zale Corp.*, 62 F.3d 746, 759–60 (5th Cir. 1995) (holding that a bankruptcy court which confirmed a Chapter 11 permanent injunction that discharged the debts of a nondebtor exceeded its statutory authority).

Because they are not the parties directly involved in the bankruptcy proceedings, they are not afforded this protection, which is why Apex—as well as the U.S. Trustee—objects to this Court's confirmation of the Plan.

### CONCLUSION

For the foregoing reasons, Apex respectfully requests that this Court deny confirmation of the Third Amended Joint Plan of Liquidation or alternatively strike the impermissible sections of the Plan.

DATED: July 22, 2026

New Orleans, Louisiana

Respectfully submitted,

**MARTZELL, BICKFORD, & CENTOLA**

 /S/ *Scott R. Bickford*
**SCOTT R. BICKFORD, (TX 02295200)**
**(LA #1165) T.A.**
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:     (504) 581-9065
Fax:               (504) 581-7635

*COUNSEL    FOR    APEX    ROOFING    &*
*RESTORATION, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, the foregoing document has been served on all parties registered to receive notices by PACER via the Court's ECF/PACER system and by separate email to counsel for Debtor, the U.S. Trustee, and the Official Committee of Unsecured Creditors.

/S/ *Scott. R. Bickford*

SCOTT R. BICKFORD