**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **CASE NO. 24-31596** |
| | § | **(CHAPTER 11)** |
| **DEBTOR** | § | |
| | § | |

**OBJECTION OF BARCUS ARENAS, PLLC TO CONFIRMATION OF**
**DEBTOR'S THIRD AMENDED JOINT PLAN OF LIQUIDATION**
**[Dkt. No. 1577]**

TO THE HONORABLE EDUARADO V RODRIGUEZ, CHIEF BANKRUPTCY JUDGE:

Barcus Arenas, PLLC ("Barcus Arenas"), by and through its undersigned counsel, files this Objection (the "Objection") to confirmation of the Third Amended Joint Plan of Liquidation [ECF No. 1577] (the "Plan") proposed by MMA Law Firm, PLLC ("MMA" or the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee," and together with the Debtor, the "Plan Proponents"). In support of this Objection, Barcus Arenas respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Plan's Retention of Court Jurisdiction provision, Section 11 of the Plan, is impermissibly broad. It purports to allow this Court to "[a]djudicate, decide, or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters," as well as to "[r]esolve any cases, controversies, suits, disputes, or Causes of Action" touching the Debtor's case, without qualification, exception, or limitation of any kind. (Plan §§ 11.1.5, 11.1.6, 11.1.9, 11.1.11, 11.1.12, 11.1.18.) Nowhere does the Plan except matters — including the pending adversary proceeding against Barcus Arenas — as to which a party has demanded, and not waived or consented to forgo, a jury trial, or matters that remain subject to a party's statutory right to seek withdrawal of the reference to the District Court. The Plan cannot be confirmed with this overbroad and legally insufficient jurisdictional retention language intact.

1

2.      Additionally, the Plan contains impermissibly broad exculpatory and injunction language that may restrict Barcus Arenas from asserting its defenses in the Adversary Proceeding and any appeal. Barcus Arenas further joins in the United States Trustee's objection to the Plan [ECF No. 1589].

**BACKGROUND**

3.      On January 28, 2025, MMA commenced an adversary proceeding against Barcus Arenas in this Court, Adversary No. 25-03018 (the "Adversary Proceeding"), claiming an interest in the settlement proceeds of certain cases. On February 28, 2025, Barcus Arenas filed its Unopposed Motion for Withdrawal of Reference. (Adversary Proceeding, ECF No. 7). On April 14, 2025, this Court granted Barcus Arenas' Unopposed Motion for Withdrawal of Reference and referred the case to the district court. (Adversary Proceeding, ECF No. 15).

4.      On February 4, 2026, Judge Hanen of the U.S. District Court for the Southern District of Texas referred certified questions to the Louisiana Supreme Court in a separate but relevant adversary proceeding. (Civil Action No. 4:24-cv-4446, ECF No. 45, 46). These questions related to whether and when attorney misconduct could eliminate MMA's right to collect fees and costs under contingency fee contracts, as well as defenses that can be raised.

5.      On March 17, 2026, Judge Hanen of the U.S. District Court for the Southern District of Texas, granted an opposed motion to refer ***pre-trial*** matters back to the bankruptcy court. (Adversary Proceeding, ECF No. 17).

6.      On June 29, 2026, the Louisiana Supreme Court entered an opinion answering the questions raised by Judge Hannen. (Exhibit 1). The Louisiana Supreme Court held that if misconduct caused the attorney-client contract to be formed in the first instance, the contract is absolutely null. *Id.* The Court further held that federal law will apply in the application of any *O'Rourke* factors to reduce claimed fees, and such issues are to be submitted to the jury. *Id*. at 15.

7.      On July 1, 2026, MAM filed its Third Amended Joint Plan of Liquidation. (Cause No. 24-31596, ECF 1577). Section 11 of the Plan states that the bankruptcy court "shall retain jurisdiction over all matters arising in, arising under, or related to, the Debtor's case." *Id*. at p. 4. This provision is broad and would grant the bankruptcy court full jurisdiction over all issues in any adversary proceeding, including the trial which has already been referred to the district court for a jury trial. Barcus Arenas already objected to consent of final orders made by the bankruptcy court. (Adversary Proceeding, ECF 32).

8.      Further, Section 9 of the Plan provides broad exculpatory and injunction language that may prevent Barcus Arenas, and any other adversary, from raising certain defenses found viable by the Louisiana Supreme Court. The United States Trustee has filed an objection to the Plan on the grounds that the exculpation, injunction, and gatekeeper provisions of the Plan are impermissibly broad. (Cause No. 24-31596, ECF 1589).

## ARGUMENT

I.      **The Plan's Blanket Retention-of-Jurisdiction Provision Improperly Purports to Divest the District Court of Its Authority Over Matters as to Which a Jury Trial May Be Demanded**

9.      A bankruptcy court's jurisdiction is not self-created. It exists only by virtue of the reference from the district court under 28 U.S.C. § 157(a) and 28 U.S.C. § 1334, and the district court "may withdraw, in whole or in part, any case or proceeding referred under this section." 28 U.S.C. § 157(d). A bankruptcy judge, moreover, may conduct a jury trial only "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). And where a defendant has not filed a claim against the estate and has not otherwise consented to the bankruptcy court's equitable jurisdiction, the Seventh Amendment guarantees that defendant a jury trial on legal claims such as fraudulent-transfer or turnover-type actions. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989); see also *Stern v.*

*Marshall*, 564 U.S. 462 (2011) (limiting the constitutional authority of bankruptcy courts to enter final judgment on certain claims).

10.     Barcus Arenas has not consented, and does not consent, to a jury trial before the Bankruptcy Court in the Adversary Proceeding, and it expressly reserved its jury-trial rights. Section 11.1.5 of the Plan nonetheless purports to authorize this Court to "[a]djudicate, decide, or resolve any . . . adversary proceedings, contested or litigated matters," with no carve-out for proceedings that, consistent with the Seventh Amendment and 28 U.S.C. § 157(e), must be tried before an Article III judge absent the consent of all parties. A chapter 11 plan cannot expand a bankruptcy court's subject-matter jurisdiction, or its authority to try a jury case, beyond what Congress and the Constitution permit. Sections 157 and 1334 of Title 28 define what jurisdiction a bankruptcy court may exercise; a plan of liquidation cannot supply jurisdiction that has not been, or that has been withdrawn from, the reference.

11.     Because Section 11 of the Plan is inconsistent with federal law and prior Orders from the Court on the right to a jury trial in the district court on the allegations made by MMA in this Adversary Proceeding, the Plan fails to satisfy 11 U.S.C. § 1129(a)(1) and cannot be confirmed absent revisions to ensure this Adversary Proceeding shall remain before the district court.

## II.     The Plan's Exculpation, Injunction, and Gatekeeper Provisions are Impermissible Vague

12.     MMA has alleged in certain proceedings that to the extent any defendant in an adversary proceeding asserted an affirmative defense that MMA is owed no fees on a case due to voidable conduct, that this is not an actual "defense" but a "claim" against MMA. *See* (Cause No. 24-31596, ECF 1592, Exhibit 3). This conflicts directly with the Louisiana Supreme Court's holding that a successor law firm can raise the defense pertaining to nullity of a contingency fee contract based on a firm's misconduct. (Exhibit 1, at 3-4).

4

13.     Moreover, a debtor's plan in a bankruptcy proceeding cannot be used as a device to determine substantive litigation issues. *See United Student Aid Funds, Inc. v. Espinoza*, 559 U.S. 260 (2010). The Plan is also unconfirmable for the reasons stated in the United States Trustee's Objection, and the Court should deny confirmation until the Plan complies with the requirements of the Bankruptcy Code, particularly with respect to third party releases, exculpations, injunctions, and gatekeeping provisions.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Barcus Arenas, PLLC respectfully requests that this Court (i) deny confirmation of the Third Amended Joint Plan of Liquidation, or, in the alternative, (ii) strike or modify the impermissibly broad provisions of Section 11 and Section 9 of the Plan as set forth above, and (iii) grant Barcus Arenas such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: July 22, 2026

Respectfully submitted,

By: /s/ *Andrew A. Woellner*
Andrew A. Woellner
State Bar No. 24060850
Woellner Law Group, PLLC
1717 W. 34th, Suite 600-186
Houston, Texas 77018
Telephone: (832) 982-0100
Facsimile: (832) 363-6333
Email: andrew@woellnerlaw.com

**COUNSEL FOR BARCUS ARENAS, PLLC**

5

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, a true and correct copy of the foregoing Objection was served electronically on all parties requesting notice and entitled to notice, including the Debtor, the Committee, the Official Committee of Unsecured Creditors, and the United States Trustee, via the Court's CM/ECF electronic filing system.


/s/ *Andrew A. Woellner*
Andrew A. Woellner