IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | Case No. 24-31596 (EVR) |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 73
FILED BY JEFFREY ALAN VITT**

**THIS OBJECTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE OBJECTION, YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE OBJECTING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE OBJECTING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 30 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE OBJECTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE OBJECTION AT THE HEARING.**

MMA Law Firm, PLLC, (the **"Debtor"**), files this objection (the **"Objection"**) to Proof of Claim No. 73 filed by Jeffrey Alan Vitt (**"Mr. Vitt"**) and respectfully states as follows.

**BACKGROUND**

1. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 9, 2024 (the **"Petition Date"**).

2. On July 23, 2026, Mr. Vitt filed Proof of Claim No. 73, individually and as the beneficiary and trustee of the Jeffrey Alan Vitt Irrevocable Trust in the amount of $646,305.06 (**"POC No. 73"**). *(Exhibit A)*

3.      On July 23, 2026, **Vitt 121, Ltd.** And Affiliated Entities filed Proof of Claim No. 74 in the amount of $25,000,000.00 (**"POC No. 74"**). Mr. Vitt signed POC No. 74, identifying his title as "individual, founder, president, CEO, beneficiary and trustee". *(Exhibit B)*

4.      On July 23, 2026, **Jeffrey Alan Vitt individually and as "person of Interests Representing Doe and XYZ Corp"** filed Proof of Claim No. 75, in the amount of $325,000,000.00 (**"POC No. 75"**). Mr. Vitt signed POC No. 75, identifying his title as "individual, founder, president, CEO, beneficiary and trustee".  *(Exhibit C)*

5.      (POC No. 73, POC No. 74, and POC No. 75 are collectively referred to as **"The Claims"**).

**The Addendum**

6.      Mr. Vitt attached an identical nine-page document titled "Master Omnibus Addendum to Official Form 410 Proofs of Claim" (the **"Addendum"**) to all of The Claims, and asserts that the basis of The Claims is the attached Addendum.  *(Exhibit D)*

7.      The Addendum is difficult to parse or comprehend.

8.      The Debtor does not represent that the following summary is complete. As the Debtor understands it, Mr. Vitt asserts that he was a client of the Debtor, in connection with a portfolio of commercial and property damage matters held individually and through approximately fifteen affiliated entities and trusts. The Addendum appears to allege that the Debtor suppressed a digital forensics report, diverted trade secrets, and failed to prosecute insurance claims. The Addendum further asserts grievances arising from a 2017 Denton County divorce proceeding, a related Denton County probate proceeding, and the conduct of Claimant's former counsel, opposing counsel, and court appointed receivers in those proceedings, none of whom is the Debtor.

9.      The Addendum appears to assert causes of action for civil RICO, violations of the Sherman and Clayton Acts, legal malpractice, breach of fiduciary duty, fraudulent concealment, deprivation of rights under 42 U.S.C. § 1983, and civil conspiracy, and asserts that the Debtor, its principals, unidentified co-counsel, litigation funders, state actors, and one thousand fictitious persons and entities are jointly and severally liable for the entirety of the damages claimed.

**Similar Pleadings Filed in Other Cases**

10.      Mr. Vitt has previously presented substantially the same grievances to other courts. On September 21, 2018, Claimant filed a *pro se* complaint in the United States District Court for the Northern District of Oklahoma naming twenty-three defendants, including individuals, law firms, city and county governments, courts, and businesses in Oklahoma and Texas, and seeking damages "[i]n excess of $4,000,000.00." *Vitt v. Koons Fuller, P.C.*, No. 18-CV-493-TCK-JFJ (N.D. Okla.). Among the defendants was KoonsFuller, one of the law firms identified in the Addendum as a participant in the conduct underlying the Claim. The court dismissed the complaint sua sponte for lack of subject matter jurisdiction on May 15, 2019, finding no cause of action arising under federal law and no complete diversity of citizenship. A copy of the order is attached as Exhibit E.

11.      In a separate action, Mr. Vitt asserted for himself the CyberlinkASP claim that the Addendum identifies as the Debtor's most significant asserted failure. In *Vitt v. Cyberlink ASP Technology, Inc.*, No. 19-CV-254-JED-FHM (N.D. Okla.), Mr. Vitt filed a pro se complaint against Cyberlink ASP Technology, Inc. and Christopher M. Lantrip asserting nine causes of action arising from the same conduct described at pages 4 through 5 of the Addendum, together with three causes of action against his former spouse. Mr. Vitt moved for leave to proceed in forma pauperis and for a temporary restraining order and preliminary injunction. On May 14, 2019, the

court dismissed the action *sua sponte* for lack of subject matter jurisdiction, again finding no federal question and no complete diversity because Claimant and his former spouse were both citizens of Oklahoma, and denied the remaining motions. No defendant was ever served or appeared. A copy of the order is attached as Exhibit F.

12.     These two orders at Exhibit E and F establish that Mr. Vitt personally pursued the CyberlinkASP claim after the voluntary dismissal of which he now complains, and that the claim failed for reasons unrelated to any act or omission of the Debtor. The Addendum therefore fails to allege facts supporting causation as to the single largest component of the asserted damages. Second, these orders establish that the grievances underlying The Claims have been presented in escalating form across multiple forums over eight years, growing from a demand in excess of $4,000,000 in 2018 to a demand in excess of $350,000,000 in 2026, without supporting documentation at any stage.

13.     The Claims are not accompanied by any writing, statement of account, or other documentation supporting the amounts asserted, and the Addendum states that Mr. Vitt cannot quantify his damages absent discovery. The Claims therefore are not prima facie valid under Bankruptcy Rule 3001(f), and the burden of establishing its validity and amount rests with Claimant. Without conceding that a response is required, and to the extent any factual allegation in the Claims or the Addendum is deemed to require one, the Debtor denies each such allegation. (See attached Declaration at Exhibit G)

14.     The Debtor is contemporaneously filing separate objections to Claim Nos. 74 and 75.

## LEGAL STANDARD

15.     A filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. section 502(a). Upon objection, the Court must determine the amount of the claim as of the date of the filing of the petition and shall disallow the claim to the extent it is unenforceable against the debtor or property of the debtor under applicable law, 11 U.S.C. section 502(b)(1), or to the extent the claim was not timely filed, 11 U.S.C. section 502(b)(9).

16.     A proof of claim is prima facie evidence of the validity and amount of the claim only if it is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 3001(f). Where a claim is based on a writing, a copy of the writing must be filed with the claim. Fed. R. Bankr. P. 3001(c)(1). A claim that does not comply with Rule 3001 is not entitled to the presumption, and the claimant bears the burden of producing evidence sufficient to establish the claim. *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).

## OBJECTIONS

**A.  The Claim Was Filed Almost Two Years After the Bar Date and Must Be Disallowed Under Section 502(b)(9).**

17.     The Court fixed August 13, 2024 as the last date for filing proofs of claim in this case (the **"Bar Date"**).

18.     Claim No. 73 was filed on July 23, 2026, which is 709 days after the Bar Date. The Claim is untimely on its face and must be disallowed under 11 U.S.C. section 502(b)(9).

19.     Claim No. 73 does not relate back to any earlier filing. At line 4 of Claim No. 73, the Claimant affirmatively answered "No" to the question whether the Claim amends one already filed. There is no earlier claim of this Claimant on the register to which the Claim could attach.

**B.  The Claim Attaches No Supporting Documentation and Is Not Entitled to Prima Facie Validity.**

20.     At line 8, the Claim states that the basis of the claim is the "Attached Master Omnibus Addendum." The Addendum is argument, not documentation. It expressly relies on writings that it does not attach, including an October 30, 2018 HUD 1 settlement statement, an April 25, 2019 order entered in Denton County Probate Court Cause No. PR-2017-00521, a Denton County transaction detail, a digital forensics report attributed to Dr. William C. Easttom II, a June 21, 2018 internal electronic mail message, and unspecified insurance policies, engagement agreements, and litigation funding prospectuses.

21.     Rule 3001(c)(1) required the Claimant to file copies of the writings on which the Claim is based. He filed none. The proof of claim therefore carries no presumption of validity under Rule 3001(f), and the burden of producing evidence rests entirely on the Claimant.

**C.  The Claim Describes Funds Held by a State Court, Not a Right to Payment from the Debtor.**

22.     Furthermore, the amount asserted in Claim No. 73 is not a debt the Debtor is alleged to owe. It is a sum of money that, according to the Addendum, sits in the registry of a Denton County court in two state court proceedings to which the Debtor is not alleged to be a party. The Debtor does not hold those funds, has never held those funds, and cannot pay them out.

23.     A claim is a right to payment from the debtor. 11 U.S.C. section 101(5)(A). The alleged deposit of money in a state court registry is not a right to payment from this estate, and Claim No. 73 identifies no act of the Debtor by which the Debtor came to owe the Claimant the alleged $646,305.06.

24.     The Addendum alleges that $80,000.00 was deducted for an American Express obligation and that $37,173.20 was disbursed to Jack Balderson Jr., Jeffrey Tasker, and Scott Bodkin. Those are payments to persons other than the Debtor. The Claim does not allege that the Debtor received any part of the $646,305.06 or of the HUD 1 disbursements.

**D.  The Claim Is Time Barred Under Applicable Nonbankruptcy Law.**

25.     Section 502(b)(1) requires disallowance of a claim to the extent it is unenforceable against the debtor under applicable law. Every act attributed to the Debtor in the Addendum occurred between 2015 and 2019.

26.     Under Texas law, a claim for legal malpractice and conversion is governed by a two-year limitations period. Tex. Civ. Prac. & Rem. Code section 16.003(a). Breach of fiduciary duty is governed by a four year period. Tex. Civ. Prac. & Rem. Code section 16.004(a)(5).

27.     Mr. Vitt cannot invoke the discovery rule, because the Addendum pleads his own actual knowledge. He alleges that he independently identified and funded the forensic investigation, that he reported the underlying conduct to the Federal Bureau of Investigation in Dallas, that the state court action was voluntarily dismissed on October 10, 2018, and that the HUD 1 settlement statement is dated October 30, 2018. On the face of the Claim, accrual occurred no later than 2019, roughly five years before the Petition Date.

**E.  Portions of the Claim Assert Liability of Parties Other Than the Debtor.**

28.     A claim is a right to payment from the debtor. 11 U.S.C. section 101(5)(A). The Addendum asserts joint and several liability against a long list of persons and firms who are not the Debtor, including Luwalhati Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, William Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, Ben Baker,

KoonsFuller, Tasker & Balderson, Equal Access Justice Fund, B.E. Blank, unidentified state court receivers, unidentified state actors, and fictitious parties designated as John and Jane Does 1 through 1,000, XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

29.     To the extent Claim No. 73 seeks recovery from any of those persons or entities, it asserts no right to payment from this Debtor and must be disallowed. The same is true of the allegations directed at James M. McClenny and John Zachary Moseley in their individual capacities.

**F.  The Claim Is Duplicative of Claim Nos. 74 and 75.**

30.     All three of The Claims attach the identical Addendum, and the Addendum does not allocate distinct injuries among them. It states instead that every party it names is jointly and severally liable for "the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3," and that the Claimant "is not required to parse or pro-rate damages among co-conspirators." By its own terms each claim seeks the whole of a single asserted loss.

31.     Even if some part of Mr. Vitt's theory survived the defects identified above, Claim No. 73 could not be allowed alongside Claim Nos. 74 and 75 without permitting duplicative recovery from the estate.

<u>**PRAYER AND RELIEF REQUESTED**</u>

For the reasons stated above, the Debtor respectfully requests that the Court enter an order (i) sustaining this Objection, (ii) disallowing Claim No. 73 in its entirety, and (iii) granting the Debtor such other and further relief as is just.

Respectfully submitted,

**WALKER & PATTERSON, P.C.**

By: */s/ Miriam t. Goott*
Miriam Goott
Texas Bar No. 24048846
4815 Dacoma Street
Houston, Texas 77092
Telephone: 713-956-5577
mgoott@walkerandpatterson.com
COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I certify that on July 30, 2026, a true and correct copy of the foregoing, was served by United States first class mail, postage prepaid, and by electronic mail, upon the person most recently designated on Claim No. 73 as the person to receive notices, as follows:

Jeffrey Alan Vitt
12791 S. 4230 Road
Chelsea, Oklahoma 74016
justiceiceice@icloud.com
andajustice4all@icloud.com
javit2004rule@gmail.com

A copy was also served upon all parties receiving electronic notice in this case through the Court's CM/ECF system.

*/s/ Miriam T. Goott*
Miriam Goott