**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)**

**IN RE: MMA LAW FIRM, PLLC, Debtor.**

**CASE NO.: 4:24-bk-31596 (Chapter 11)**

**MASTER OMNIBUS ADDENDUM TO OFFICIAL FORM 410 PROOFS OF CLAIM**
**(** ATTACHED TO AND INCORPORATED INTO CLAIMS 1, 2, AND 3 )

**NOTICE:**

   **ASSERTION OF JOINT AND SEVERAL LIABILITY ACROSS ALL DEBTOR**

   **PRINCIPALS, CO-CONSPIRATORS, LITIGATION FUNDERS, AND DOE ENTITIES**

## PRELIMINARY STATEMENT: PROCEDURAL DURESS, FRAUDULENT CONCEALMENT, & ABSOLUTE RESERVATION OF RIGHTS

**1. Pleading Under Severe Procedural Duress & Deceptive Practices:**

This Master Omnibus Proof of Claim is filed in good faith as an expansive, uncompromised master framework under severe procedural duress. Due to the Debtor (MMA Law Firm, PLLC), its managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel co-conspirators, and allied state actors continuously refusing to surrender client case files, unredacted IOLTA ledgers, and critical digital forensic telemetry, this claim is submitted with an **ABSOLUTE, UNQUALIFIED RESERVATION OF RIGHTS TO AMEND, SUPPLEMENT, CORRECT, OR RE-QUANTIFY**.

Claimant explicitly preserves the unassailable right under Fed. R. Bankr. P. 3001, 7015, and 9014 to correct any clerical, mathematical, formal, or factual errors; modify or reclassify liquidated versus unliquidated damage figures; substitute true party names; and perfect specific causes of action upon the receipt of Rule 2004 discovery productions to any and all Claimant's interests (including not limited to bank wire metadata, Strait Lane HUD-1 transaction logs, server logs, communications, and third-party litigation funding prospectuses).

The enterprise engaged in systemic deceptive trade practices, fraudulent concealment, and active evidence suppression—including sitting on the Dr. William C. Easttom II digital forensics report for 18 months, engineering unauthorized voluntary dismissals of $100M+ corporate

actions without client consent, manufacturing false standing through compromised state court officers of the courts, and siphoning settlement proceeds behind closed doors.

## I. UNIVERSAL INDIVIDUAL STANDING, DIRECT INSURED-PARTY PRIVITY, AND DUAL-CAPACITY EQUITY OWNERSHIP

**2. Universal Individual Standing Due to Forced Commingling and Direct Insured Status:**

This Master Omnibus Addendum is executed and filed by **Jeffrey Alan Vitt, Individually**, and across all associated capacities. All interests were forcibly commingled, manipulated, and systematically exploited through the combined unethical, unlawful actions of officers of the court government bodies, corrupted court proceedings, court-appointed receivers, and compromised legal representation. Because the enterprise deliberately blurred the legal and financial boundaries between personal, trust, and corporate assets to execute an asset-stripping scheme, Claimant asserts **Universal Individual Standing** across all claims presented herein.

At the absolute minimum, Jeffrey Alan Vitt is included individually in all claims—whether explicitly named or designated as a "John Doe 1" or fictitious entity—Claimant is intrinsically woven into every facet of the economic harm inflicted upon the estate. Furthermore, Claimant appears in the following distinct legal capacities to preserve necessary jurisdictional firewalls:

**3. Direct Insured Party Privity:** For core operating assets and properties—specifically **Vitt 121, LTD.** (4707 State Hwy 121, The Colony, TX) where all entity and operational interests were insured through **Vitt, Inc.** (an S-Corporation, separate from trust corpus)—and for residential/casualty properties including the **Strait Lane** homestead property, **Shadow Wood Ct**, **Libby Lane**, and **Normandy Road**, Jeffrey Alan Vitt was individually the named insured and/or direct contracting party on the underlying property, casualty, and commercial insurance policies. The resulting bad-faith insurance handling, unprosecuted storm claims, and fraudulent payouts directly inflicted severe individual economic injury upon Claimant.

**4. Dual-Capacity Equity Ownership:** In addition to serving as Voting Trustee and Beneficiary of the **Jeffrey Alan Vitt Irrevocable Trusts** and **Pi.314 Irrevocable Trusts**, Claimant independently owns direct equity percentages in the underlying corporate operating entities. As an individual equity holder and primary investor, Claimant holds direct standing to recover diminished corporate value and buy back or protect equity interests compromised by the Debtor's malpractice collusion, conspiring, corrupt and deceptive practices.

**B. Comprehensive Schedule of Filer Capacities & Operating Entities:**

Claimant appears in the following exhaustive list of legal capacities and corporate structures to maintain necessary firewalls while anchoring individual rights:

- **Individually & Crime Victim:** Protecting direct personal economic harm, uncompensated property losses, and constitutional civil rights deprivations under color of law, and personal torts..

- **Voting Trustee & Beneficiary:** For the *Jeffrey Alan Vitt Irrevocable Trusts* and *Pi.314 Irrevocable Trusts, possessing absolute authority over trust corpus and claims*.
- **Founder, President, CEO & Authorized Agent:** On behalf of the complete operating corporate enterprise and subsidiaries, explicitly including:
  - Flu Shots of Texas, LTD.
  - MediAccess Integration Technologies, LTD.
  - PATHCare Medical, LTD.
  - Personalized H20, LTD.
  - Pi.314 Irrevocable Trusts
  - SMG Star Medical Group 2, LLC.
  - Texas Family & Occupational Health Services, LTD.
  - Texas Family & Occupational Health Services I, INC.
  - Vitt 121, LTD.
  - Vitt Health, LLC.
  - Vitt Holdings & Development, LLC.
  - Vitt, INC. (d/b/a Recovery Services of America)
  - Vitt IP Holdings, LLC.
  - Vitt OKTX, LLC.
  - Vitt OK, LP.
  - Vitt TX, LTD.

## C. Broad Fictitious Party & Co-Conspirator Net:

Pursuant to Federal Rules of Bankruptcy Procedure 7015 and 9014, joint and several liability asserted herein extends to the Debtor, its managing principals (James M. McClenny, John Zachary Moseley), affiliated counsel, litigation funders, and all unnamed, concealed, or successor entities designated as:

- John Does 1 through 1,000 and Jane Does 1 through 1,000 (inclusive but not limited to).
- XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

# II. COMPREHENSIVE FACTUAL NARRATIVE & ENTERPRISE SABOTAGE

### A. The Unbroken Record: Zero Resolved Matter Checks Received

Across more than a decade of aggressive commercial enterprise and litigation, **Claimant individually never cashed a single resolved litigation matter check** under the counsel of MMA, LAJ, or associated attorneys. Settlement proceeds, insurance payouts, and corporate revenues were systematically intercepted, diverted, siphoned into receivership registries, or converted by legal professionals who operated as an enterprise rather than zealous advocates.

**B. Suppression of Digital Forensics & Sabotage of CyberlinkASP/PTS Diagnostics Actions:**

Debtor and affiliated co-conspirators intentionally suppressed, concealed, and subsequently abandoned critical evidentiary assets. Claimant independently identified, retained, funded, and delivered the comprehensive digital forensics investigation conducted by Dr. William C. Easttom II. This forensic evidence proved a massive data breach alignment to CyberlinkASP cloud servers, wherein 130+ emails containing confidential attachments, bank credentials, and attorney-client privileged files were illegally exfiltrated.

Despite possessing this critical evidence (and internally documenting the strategy via a June 21, 2018, MMA email from Ben Baker), Debtor sat on it for 18 months. Only after Claimant independently reported the crimes to the FBI (Dallas HQ) did MMA file the state court action against CyberlinkASP (Rogers County District Court, Case No. CJ-2018-205, filed May 24, 2018). MMA then quickly and voluntarily dismissed the action on October 10, 2018, without valid legal reasoning, client authorization, or consent. McClenny explicitly valued this specific litigation at **$100,000,000.00**.

Simultaneously, Debtor actively sabotaged the **$200,000,000.00** PTS Diagnostics trade secret and DTPA action (involving copyrighted software, Sinocare, Abbey Merger Sub, Inc., and possibly Huawei Technologies), converting client corporate assets into private leverage for third-party litigation financing (i.e. specifically utilizing Equal Access Justice Fund, LP / B.E. Blank) rather than prosecuting the claims for Claimant.

**C. The Comprehensive MMA Representation Matrix (Filed and Unfiled Causes):**

Debtor (acting primarily through James McClenny) maintained a systemic, overlapping, and comprehensive scope of representation across Claimant's legal matrix. MMA's internal tracking documents explicitly categorized Claimant's commercial actions under "RICO," "Conspiracy to Defraud," and compared the intellectual property theft to *"Winklevoss vs. Facebook"*. Debtor intentionally bottlenecked, stalled, failed to file, or outright abandoned the following actionable claims:

1. **Vitt 121, Ltd. (Denton County / The Colony):** 4707 State Hwy 121. Claim against Farmers Insurance for 2015 ice/rain storm damage.
2. **General Star Insurance (Berkshire Hathaway):** Roof damage during the sale transition from Robert M. Farrell Development, Ltd. Claim and settlement proceeds suppressed and undisclosed.
3. **Vitt TX, Ltd. (Dallas County / Grand Prairie):** 2010 Libby Lane. Filed August 2, 2017 (Cause No. DC-17-09402, 101st District Court) against Farmers Insurance and Powerjack Foundation Repair.
4. **Vitt TX, Ltd. (Tarrant County / Arlington):** 2702 Shadow Wood Ct. Claim against Farmers Insurance for 2015 storm damage.
5. **Vitt TX, Ltd. (Tarrant County / Fort Worth):** 7240 Normandy Road. Claim identified and retained by MMA but intentionally never filed, allowing limitations to expire.

6. **Tenant Casualty Claim:** Unprosecuted claim regarding a garage ceiling collapse onto a tenant's automobile.
7. **Criminal Policy / E&O Case:** Action against Bill David and TIG Insurance Company for a $65,000 fraudulent check conversion.
8. **Powerjack E&O Case:** Action against Powerjack based on warranty documents and 2015 Farmers claim assignments.
9. **Retaliation Eviction:** Action accepted against JSC Realty and Landlord for retaliatory property eviction practices at 2300 Valley View Lane.

## D. Intentional Abandonment of Property Assets:

Debtor intentionally stalled or refused to prosecute high-value property damage and bad-faith insurance claims to resolution, paralyzing specific corporate assets including 4707 State Hwy 121 (Vitt 121, Ltd. vs. Farmers/General Star), 2010 Libby Lane (Vitt TX, Ltd. vs. Farmers/Powerjack), 2702 Shadow Wood Ct, 7240 Normandy Rd, and the $65,000 fraudulent check conversion (Bill David / TIG).

## E. The "Duplicative Litigation" Matrix: Seven Unbroken Appellate Chain-Reactions:

The harm inflicted by Debtor and interconnected actors spans multiple trial courts and fans out across at least seven (7) specific appellate actions, establishing an unbroken chain of legal abuse:

1. **The Family Law & Property Track:** Denton District Court (16-01374-362) **– >** Second Court of Appeals (02-17-00214-CV) **– >** Fifth Court of Appeals (05-17-00828-CV) **– >** Second Court of Appeals (02-23-00308-CV) – > **Texas Supreme Court (24-0583)**.
2. **The Probate & Asset Liquidation Track:** Denton County Probate Court (PR-2017-00521) **– >** Second Court of Appeals (02-23-00452-CV) **– > Texas Supreme Court (24-0594)**.
3. **The Intervenor / Sabotage Track (Vitt v. Jacobs / LAJ):** Denton & Dallas District Court (19-4770-367; DC-19-08160) **– >** Fifth Court of Appeals (05-22-01240-CV) **– > Texas Supreme Court (24-0736)**.

## F. Egregious Attorney Conflicts of Interest (The LAJ Matrix):

Luwalhati Admana "Lynn" Johnson (LAJ), acting concurrently with the broader enterprise, intentionally compromised Claimant's legal standing after being paid substantial legal fees ($50,000 aggregate, including $15,000 cash deposited directly into her credit union account for the 2017 divorce appeal). LAJ obtained privileged strategic information and weaponized it by intervening *against* her own client across eleven (11) specific trial and appellate dockets:

1. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
2. Vitt (LAJ) Vs Vitt Family Law # 16-01374-362
3. Vitt (LAJ) Vs Vitt FLMM Appeal #05-17-00828-CV
4. Vitt (LAJ) Vs Vitt Probate # PR-17-00521
5. Sanofi Vs Vitt Paid LAJ - No Legal Rep Effort # DC-17-00470

6. McKesson Vs Vitt Paid LAJ - No Legal Rep Effort # DC-18-02981
7. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
8. LAJ Intervening Vs Vitt 121, Ltd Vs RM Farrell # DC-17-16791
9. LAJ Intervening Vs Vitt Vs Jacobs # 19-4770-367
10. LAJ Intervening Vs Vitt Vs Jacobs # DC-19-08160
11. LAJ Intervening Vs Vitt Vs Jacobs - LAJ Vs Appeal #05-22-01240-CV

## III. MANDATE OF JOINT AND SEVERAL LIABILITY

IT IS HEREBY EXPRESSLY ASSERTED AND STATED that the Debtor (MMA Law Firm, PLLC), its past and present managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel, other parties of interests (i.e. including but not limited to Ben Baker, Luwalhati "Lynn" Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, Willam Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, ), litigation funders (i.e., EAJF ESQ Fund, LP / B.E. Blank), state actors, and all designated John/Jane Doe (1-1,000) and XYZ/ABC corporate entities are JOINTLY AND SEVERALLY LIABLE for the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3. Claimant is not required to parse or pro-rate damages among co-conspirators; each member of the enterprise is fully responsible for the aggregate harm inflicted.

## IV. THREE-PART OMNIBUS CLAIM STRUCTURE & DAMAGE MATRIX

To preserve legal firewalls while simultaneously maintaining Claimant's universal individual standing across all entities and interests, damages are allocated across three distinct Official Form 410 packages:

| Claim | Primary Creditor / Filer | Baseline Damage | Fundamental Legal Basis |
| --- | --- | --- | --- |
| **Claim 1 (Trust Anchor)** | Jeffrey Alan Vitt, Individually; Founder, president, CEO of Vitt, Inc.; and as Beneficiary & Trustee of | **$646,305.06** (Fixed / Liquidated Baseline Floor) | Conversion, Breach of Fiduciary Duty, Misappropriation of Registry Funds if paid. Supported by trapped funds in Denton Bifurcated, Duplication Litigation of Probate Cause No. PR-2017-00521 and Family Law Cause No. |

| | | | |
|---|---|---|---|
| | JAVIT, Pi3.14IT | | 16-01374-362 –Oct. 30, 2018 HUD-1 Settlement Statement. |
| **Claim 2 (Operating Subsidiaries)** | Vitt 121, Ltd., Vitt TX, Vitt OK, PATHCare Medical, Ltd., Flu Shots of Texas, Ltd., Vitt, Inc.,, MediAccess Integrated Technologies, Ltd.; et al. | **$25,000,000.00** (Unliquidated Placeholder / Property Loss) | Legal Malpractice, Breach of Contract, Sabotaged Insurance Claims (Farmers, Gen Star, Guard), allowing unchallenged foreclosures and asset degradation. |
| **Claim 3 (Enterprise RICO)** | Jeffrey Alan Vitt, Individually & Rep. Doe / XYZ Entities | **$325,000,000.00+** (Unliquidated Statutory / Treble / Punitive) | Civil RICO (18 U.S.C. § 1962), Sherman Act, Corporate Espionage, Civil Conspiracy. Anchored by suppression of the $300M+ CyberlinkASP/PTS valuations. |

## V. CAUSES OF ACTION ASSERTED

The Debtor, alongside co-conspirators, own and opposing counsel (including not limited to LAJ, Jack Balderson Jr., Tasker & Balderson, KoonsFuller), litigation funders (i.e. EAJF ESQ Fund, LP / B.E. Blank), and state actors, is **jointly and severally liable** under the following causes of action:

1. **Civil RICO (18 U.S.C. § 1962(c) & (d)):** Participating in and conspiring to conduct an association-in-fact enterprise through a pattern of racketeering activity (wire fraud, mail fraud, obstruction of justice, and extortion).
2. **Sherman Act & Clayton Act Antitrust Violations:** Collusive market division, trade secret suppression, and unlawful restraint of trade.
3. **Gross Legal Malpractice & Breach of Fiduciary Duty:** Sabotaging active claims, suppressing Easttom forensic reports, and abandoning client files.
4. **Fraudulent Concealment & Constructive Fraud:** Withholding unredacted IOLTA ledgers and escrow wire records to conceal illegal fee siphoning.
5. **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983):** Bad-faith coordination with law enforcement and court officers to manufacture standing, execute improper process, and enforce retaliatory orders.
6. **Common Law Civil Conspiracy & Business Disparagement:** Systemic tortious interference with business relationships and prospective economic advantage.

## VI. PROTECTIVE FIREWALL, COMMINGLED HUD-1 BLEED, & THE ABSOLUTE STANDING SHIELD TO AMEND

**A. The Absolute Standing Shield (Frozen Funds & Judicial Mandate):**

On April 25, 2019, in Cause No. PR-2017-00521 (Denton County Probate Court), an *Order Abandoning Claims* was entered. This Order explicitly mandates: *"IT IS FURTHER ORDERED, that any beneficiary of the Jeffrey Alan Vitt Irrevocable Trust is not precluded from individually pursuing the matters abandoned herein."*

This absolute judicial order, combined with the **$646,305.06** in funds frozen in registry and verified on the Denton County transaction detail, is directly linked to the fraudulent escrow disbursements executed across the board. Specifically, the October 30, 2018, Strait Lane HUD-1 Settlement Statement reveals massive, unauthorized capital bleeding: Line 506 reflects an **$80,000.00** unremitted American Express deduction, while Lines 1302–1304 reflect a combined **$37,173.20** in unverified attorney fee payouts disbursed outside authorized constraints directly to opposing probate counsel (**Jack Balderson Jr. / Balderson Law; Jeffrey Tasker / Tasker & Balderson; Scott Bodkin / Bodkin Niehaus Dorris & Jolley**), alongside excessive payouts to court-appointed receivers.

**B. The Proof of Commingling:**

The fact that the exact same attorneys and professional actors crossed over between the Denton Probate litigation (Cause No. PR-2017-00521) and the Family Law litigation (Cause No. 16-01374-362) to loot the Strait Lane homestead proceeds and probate registry funds serves as undeniable, concrete proof of the enterprise's forced commingling of assets. This operational reality solidifies Claimant's exclusive and undeniable standing to pursue all claims individually across this federal forum.

### C. Exclusive Legal Authority (Anti-Severance):

Claimant asserts independent and exclusive legal standing over these claims and trust assets. No outside law firm, state court-appointed receiver, or third-party entity possesses the legal authority or jurisdiction to negotiate, settle, sever, or dismiss any portion of this claim.

### D. Absolute Right to Amend & Procedural Duress:

Pursuant to Fed. R. Bankr. P. 3001, 7015, and 9014, Claimant reserves the absolute, unassailable right to file Amended Proofs of Claim to re-quantify damage figures, substitute true party names for all "John/Jane Doe" placeholders, and perfect specific counts upon the receipt of Rule 2004 discovery productions.

### E. Jurisdictional Reservation:

No part of this filing waives Claimant's right to launch independent Adversary Proceedings, seek mandatory withdrawal of reference, enforce prior probate orders, or demand a trial by jury.