**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JEFFREY ALAN VITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-254-JED-FHM |
| | ) | |
| CYBERLINK ASP TECHNOLOGY, INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court are plaintiff's Complaint (Doc. 2), his Motion for Leave to Proceed in Forma Pauperis (Doc. 3), and his Motions for a Temporary Restraining Order (Doc. 4) and Preliminary Injunction (Doc. 5). No service is reflected on the docket, and no defendant has entered an appearance.

In his Complaint, plaintiff names three defendants: (1) Cyberlink ASP Technology, Inc. ("Cyberlink"), a Delaware corporation; (2) Christopher M. Lantrip, a citizen of Texas; and (3) Deborah Faye Vitt, plaintiff's ex-wife, who is a citizen of Oklahoma. (Doc. 2 at ¶¶ 2, 3, 4). Plaintiff asserts that he is also a citizen of Oklahoma. (Doc. 2 at ¶ 1). Plaintiff brings the following causes of action against Cyberlink and/or Mr. Lantrip: breach of contract, actual fraud/constructive fraud/fraud in the inducement, deceit, negligence/gross negligence, violation of Oklahoma's Consumer Protection Act/deceptive trade practices, defamation, harassment and abuse of process, tortious interference with business relations/prospective economic advantage, and breach of fiduciary duty. (*Id.* at ¶¶ 26-59). He then asserts the following causes of action against Ms. Vitt: actual fraud, conversion, and tortious interference with business relations/prospective economic advantage. (*Id.* at ¶¶ 60-68).

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject matter jurisdiction be waived. *Id.*; *see United States v. Cotton*, 535 U.S. 625, 630 (2002). Lack of subject matter jurisdiction may be raised as a basis of dismissal at any time, either by a party or by the Court sua sponte. *See Bender*, 475 U.S. at 541; Fed. R. Civ. P. 12(h)(3). Because plaintiff is acting pro se, the Court construes his Complaint liberally and holds it to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a pro se plaintiff must still allege jurisdictional facts sufficient to show that this Court has jurisdiction. *See Harris v. Tulsa 66ers*, 551 F. App'x 451, 451-52 (10th Cir. 2014) (unpublished) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

First, the Court notes that plaintiff has not identified any cause of action based on or created by federal law. Although he provides a laundry list of federal statutes in paragraph 69 of his Complaint, he makes no effort to explain how his case arises under any of these statutes. Instead, all of the counts asserted in the Complaint are clearly state law claims. As a result, the Court finds no basis to exercise federal question jurisdiction.

It is also apparent that diversity jurisdiction does not exist in this case. Federal courts have diversity jurisdiction in cases between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S. § 1332(a)(1). Diversity jurisdiction attaches only where there is complete diversity, "when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship*

2

*v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). Here, complete diversity is absent because the plaintiff and Ms. Vitt are both citizens of Oklahoma. (*See* Doc. 2 at ¶ 1, 4).

The court has construed the allegations of the plaintiff's pro se Complaint liberally; however, the Court finds no federal question from the allegations of the Complaint, and there is no diversity of citizenship. Thus, the Court finds no basis to exercise subject matter jurisdiction, and this case is hereby **dismissed**. The Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is **denied**, as are Plaintiff's Motions for a Temporary Restraining Order (Doc. 4) and Preliminary Injunction (Doc. 5). A separate judgment of dismissal will be entered forthwith.

**SO ORDERED** this 14th day of May, 2019.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT