## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY ALAN VITT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-493-TCK -JFJ |
| | ) | |
| KOONS FULLER, P.C., *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

On September 21, 2018, Plaintiff Jeffrey Alan Vitt, acting *pro se*, filed a Complaint naming 23 defendants, including individuals, law firms, city and county governments, courts and businesses in Oklahoma and Texas.  Doc. 1.  Plaintiff alleges that he is a citizen of Oklahoma.  *Id.* at 2.  The Complaint asserts claims against all defendants of:

> Vexatious Litigations, disruption, tortious interference with bad faith, self-gain intentional unethical, illegal and corruption misconducts regardless of merits to them, disadvantage, harass and/or subdue my personal business interests by frivolous legal actions and repetitive, burdensome and unwarranted filing of motions in multiple matters without concern to my constitutional, civil, victim of criminal rights and common laws protections individual and/or collusion pivoting off of 3 felonies of my ex-wife and in the interests of children divorce.

*Id.* at 35.  Plaintiff seeks damages "[i]n excess of $4,000,000.00" *Id.* at 34.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Subject matter jurisdiction cannot by conferred by the parties, nor can a defect in subject matter jurisdiction be waived.  *Id.* *see United States v. Cotton*, 535 U.S. 625, 630 (2002).  Lack of subject matter jurisdiction may be

raised as a basis of dismissal at any time, either by a party or by the Court, *sua sponte. See Bender*, 475 U.S. at 541; Fed. R. Civ. P. 12(h)(3).

Because plaintiff is acting pro se, the Court construes his Complaint liberally and holds it to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a pro se plaintiff must still allege jurisdictional facts sufficient to show that this Court has jurisdiction. *See Harris v. Tulsa 66ers*, 551 Fed. Appx. 451, 451-52 (10nth Cir. 2014 (unpublished) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

In his Complaint, plaintiff has not identified any cause of action based on or created by federal law. Although, as noted above, he makes a general allegation that defendants have acted "without concern to my constitutional rights," he makes no effort to explain how his case arises under any federal law or basis.

Furthermore, it is apparent from a review of the complaint that diversity jurisdiction is lacking. Federal courts have diversity jurisdiction in cases between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S. §1332(a)(1). However, diversity jurisdiction only where there is complete diversity, *i.e.*, "when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 f.2d 461, 463 (10th Cir 1990). Complete diversity is lacking in this case because Plaintiff and many of the named defendants, including his ex-wife, are all citizens of Oklahoma. Doc. 2 at 1, 8.

Construing the allegations of plaintiff's pro se Complaint liberally, the Court finds no federal question from the allegations of the Complaint, and there is no diversity of citizenship.

Accordingly, the court finds no basis to exercise subject matter jurisdiction and this case is hereby dismissed.

ENTERED this 15th day of May, 2019.

TERENCE C. KERN
United States District Judge

3