**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **MMA Law Firm, PLLC** | § | **Case No. 24-31596** |
| **Debtor** | | |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 74
FILED BY VITT 121, LTD. AND AFFILIATED ENTITIES**

**THIS OBJECTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE OBJECTION, YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE OBJECTING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE OBJECTING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 30 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE OBJECTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE OBJECTION AT THE HEARING.**

MMA Law Firm, PLLC (the "Debtor"), files this objection (the "Objection") to Proof of Claim No. 74 filed in the name of Vitt 121, Ltd. and affiliated Entities and respectfully states as follows.

**BACKGROUND**

1. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 9, 2024 (the "Petition Date").

2. On July 23, 2026, Jeffrey Alan Vitt ("Mr. Vitt"), individually and as beneficiary and trustee of the Jeffrey Alan Vitt Irrevocable Trust, filed Proof of Claim No. 73 in the amount of $646,305.06 ("POC No. 73"). (Exhibit A)

3. On July 23, 2026, a proof of claim was filed in the name of Vitt 121, Ltd. and affiliated Entities in the amount of $25,000,000.00 ("POC No. 74"). Mr. Vitt signed POC No. 74,

identifying his title as "Individual, Founder, President & CEO, Beneficiary & Trustee" and identifying the company as "Vitt 121, Ltd & Interests." (Exhibit B)

4.      On July 23, 2026, Mr. Vitt, individually and as "person of Interests Representing 'Doe' and XYZ Corp," filed Proof of Claim No. 75 in the amount of $325,000,000.00 ("POC No. 75"). (Exhibit C)

5.      POC No. 73, POC No. 74, and POC No. 75 are collectively referred to as the "Claims."

6.      The Debtor is contemporaneously filing separate objections to POC No. 73 and POC No. 75.

**The Addendum**

7.      Mr. Vitt attached an identical nine-page document titled "Master Omnibus Addendum to Official Form 410 Proofs of Claim" (the **"Addendum"**) to each of the Claims, and states at line 8 of POC No. 74 that the basis of the claim is the Addendum. (Exhibit D)

8.      The Addendum is difficult to parse or fully comprehend.

9.      The Debtor does not represent that the following summary is complete. As the Debtor understands it, Mr. Vitt asserts that he was a client of the Debtor in connection with a portfolio of commercial and property damage matters held individually and through approximately fifteen affiliated entities and trusts. The Addendum appears to allege that the Debtor suppressed a digital forensics report, diverted trade secrets, and failed to prosecute insurance claims. The Addendum further asserts grievances arising from a 2017 Denton County divorce proceeding, a related Denton County probate proceeding, and the conduct of Mr. Vitt's former counsel, opposing counsel, and receivers appointed in those proceedings, none of whom is the Debtor.

10. The Addendum appears to assert causes of action for civil RICO, violations of the Sherman and Clayton Acts, legal malpractice, breach of fiduciary duty, fraudulent concealment, deprivation of rights under 42 U.S.C. section 1983, and civil conspiracy, and asserts that the Debtor, its principals, unidentified co counsel, litigation funders, state actors, and one thousand fictitious persons and entities are jointly and severally liable for the entirety of the damages claimed.

11. The Addendum contains a table allocating damages across three parts. The table describes the amount asserted in POC No. 74 as an "Unliquidated Placeholder."

**Similar Pleadings Filed in Other Cases**

12. Mr. Vitt has previously presented substantially the same grievances to other courts. On September 21, 2018, Mr. Vitt filed a *pro se* complaint in the United States District Court for the Northern District of Oklahoma naming twenty-three defendants, including individuals, law firms, city and county governments, courts, and businesses in Oklahoma and Texas, and seeking damages "[i]n excess of $4,000,000.00." Vitt v. Koons Fuller, P.C., No. 18-CV-493-TCK-JFJ (N.D. Okla.). Among the defendants was KoonsFuller, one of the law firms identified in the Addendum as a participant in the conduct underlying the Claims. That court dismissed the complaint *sua sponte* for lack of subject matter jurisdiction on May 15, 2019, finding no cause of action arising under federal law and no complete diversity of citizenship. A copy of the order is attached as Exhibit E.

13. In a separate action, Mr. Vitt asserted for himself the CyberlinkASP claim that the Addendum identifies as the Debtor's most significant asserted failure. In *Vitt v. Cyberlink ASP Technology, Inc.*, No. 19-CV-254-JED-FHM (N.D. Okla.), Mr. Vitt filed a *pro se* complaint against Cyberlink ASP Technology, Inc. and Christopher M. Lantrip asserting nine causes of

action arising from the same conduct described in the Addendum, together with three causes of action against his former spouse. Mr. Vitt moved for leave to proceed in forma pauperis and for a temporary restraining order and preliminary injunction. On May 14, 2019, the court dismissed the action *sua sponte* for lack of subject matter jurisdiction, again finding no federal question and no complete diversity because Mr. Vitt and his former spouse were both citizens of Oklahoma, and denied the remaining motions. No defendant was ever served or appeared. A copy of the order is attached as Exhibit F.

14.     The Debtor does not contend that either dismissal is preclusive, because both rest on jurisdiction rather than the merits. The orders are relevant for two reasons. First, they establish that Mr. Vitt personally pursued the CyberlinkASP claim after the voluntary dismissal of which he now complains, and that the dismissal of his own action was for reasons unrelated to any act or omission of the Debtor. Second, they establish that the grievances underlying the Claims have been presented in escalating form across multiple forums over eight years, growing from a demand in excess of $4,000,000.00 in 2018 to a demand in excess of $350,000,000.00 in 2026, without supporting documentation at any stage.

15.     To the extent a response to the factual allegations of POC No. 74 and the Addendum is required, the Debtor denies each of them. (Exhibit G)

**LEGAL STANDARD**

16.     A filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. section 502(a). Upon objection, the Court must determine the amount of the claim as of the date of the filing of the petition and shall disallow the claim to the extent it is unenforceable against the debtor or property of the debtor under applicable law, 11 U.S.C. section 502(b)(1), or to the extent the claim was not timely filed, 11 U.S.C. section 502(b)(9).

17.     A proof of claim is prima facie evidence of the validity and amount of the claim only if it is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 3001(f). Where a claim is based on a writing, a copy of the writing must be filed with the claim. Fed. R. Bankr. P. 3001(c)(1).

**OBJECTIONS**

**A.     POC No. 74 Was Filed Almost Two Years After the Bar Date and Must Be Disallowed Under Section 502(b)(9).**

18.     The Court fixed August 13, 2024 as the last date for filing proofs of claim in this case (the "Bar Date").

19.     POC No. 74 was filed on July 23, 2026, which is 709 days after the Bar Date. The claim is untimely on its face and must be disallowed under 11 U.S.C. section 502(b)(9).

20.     POC No. 74 does not relate back to any earlier filing. At line 4 of POC No. 74, the answer to the question whether the claim amends one already filed is "No." There is no earlier claim of this claimant on the register to which POC No. 74 could attach.

**B.     POC No. 74 Attaches No Supporting Documentation and Is Not Entitled to Prima Facie Validity.**

21.     At line 8, POC No. 74 states that the basis of the claim is the "Attached Master Omnibus Addendum." The Addendum is argument, not documentation. It expressly relies on writings that it does not attach, including insurance policies issued by Farmers Insurance, General Star Insurance, and Guard, engagement agreements, a digital forensics report attributed to Dr. William C. Easttom II, a June 21, 2018 internal electronic mail message, and unspecified litigation funding prospectuses.

22.     Rule 3001(c)(1) required the claimant to file copies of the writings on which the claim is based. None were filed. POC No. 74 therefore carries no presumption of validity under Rule 3001(f), and the burden of producing evidence rests entirely on the claimant.

23.     The Addendum states that the claimant is unable to quantify his damages until he receives discovery under Bankruptcy Rule 2004, and the Addendum's own damage table describes the amount asserted in POC No. 74 as an "Unliquidated Placeholder." A placeholder is not a claim amount, and the Court cannot determine the amount of the claim as section 502(b) requires.

**C.     POC No. 74 Does Not Identify a Creditor.**

24.     Line 1 of Official Form 410 requires the claimant to state the name of the current creditor, meaning the person or entity to be paid. POC No. 74 answers "Vitt 121, Ltd., and affiliated Entities."

25.     Vitt 121, Ltd. is a single limited partnership. The phrase "and affiliated Entities" identifies no person. POC No. 74 does not state which entity holds which asserted right to payment, in what amount, or arising from what conduct. The Addendum lists sixteen entities and trusts, describes losses at several different properties, and then aggregates everything into one undifferentiated figure.

26.     A proof of claim that does not identify the creditor and does not allocate the asserted debt among the persons on whose behalf it is filed does not comply with Rule 3001 and does not permit the Court to determine the amount of any claim held by any particular creditor.

**D.     Mr. Vitt Lacks Standing to Assert the Entities' Claims in His Individual Capacity.**

27. Mr. Vitt signed POC No. 74 in the capacity of "Individual, Founder, President & CEO, Beneficiary & Trustee." The Addendum asserts that he holds "Universal Individual Standing" across all claims and that he "independently owns direct equity percentages in the underlying corporate operating entities" and therefore "holds direct standing to recover diminished corporate value."

28. To the extent POC No. 74 asserts claims belonging to Vitt 121, Ltd. or any other entity, Mr. Vitt cannot assert them individually.

**E.    A Business Entity May Not Prosecute a Contested Matter Without Counsel.**

29. An objection to a proof of claim is a contested matter governed by Bankruptcy Rule 9014.

30. Upon information and belief, Mr. Vitt is not an attorney. Although Rule 3001(b) permits an authorized agent to sign a proof of claim, no entity named in POC No. 74 may litigate this contested matter through him. Unless licensed counsel appears for each entity asserting a claim, POC No. 74 cannot be prosecuted.

**F.  POC No. 74 Is Time Barred Under Applicable Nonbankruptcy Law.**

31. Section 502(b)(1) requires disallowance of a claim to the extent it is unenforceable against the debtor under applicable law. Each act attributed to the Debtor for which the Addendum supplies a date occurred between 2015 and 2019.

32. Under Texas law, claims for legal malpractice and conversion are governed by a two year limitations period. Tex. Civ. Prac. & Rem. Code section 16.003(a). Breach of fiduciary duty is governed by a four year period. Tex. Civ. Prac. & Rem. Code section 16.004(a)(5). Breach of contract is governed by a four year period. Tex. Civ. Prac. & Rem. Code section 16.004(a)(3).

33.     Mr. Vitt cannot invoke the discovery rule, because the Addendum pleads his own actual knowledge. He alleges that he independently identified and funded the forensic investigation, that he reported the underlying conduct to the Federal Bureau of Investigation in Dallas, that the state court action was voluntarily dismissed on October 10, 2018, and that a settlement statement dated October 30, 2018 reflects the disbursements of which he complains. On the face of the Addendum, accrual occurred no later than 2019, approximately five years before the Petition Date.

**G.     Portions of POC No. 74 Assert Liability of Parties Other Than the Debtor.**

34.     A claim is a right to payment from the debtor. 11 U.S.C. section 101(5)(A).

35.     The Addendum asserts joint and several liability against a long list of persons and firms who are not the Debtor, including Luwalhati Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, William Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, Ben Baker, KoonsFuller, Tasker & Balderson, Equal Access Justice Fund, B.E. Blank, unidentified receivers, unidentified state actors, and fictitious parties designated as John and Jane Does 1 through 1,000, XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

36.     The Addendum also names insurers and other third parties, including Farmers Insurance, General Star Insurance, and Powerjack Foundation Repair, as the sources of the underlying property losses. To the extent POC No. 74 seeks recovery from any of those persons or entities, it asserts no right to payment from this Debtor and must be disallowed. The same is true of the allegations directed at James M. McClenny and John Zachary Moseley in their individual capacities.

**H.    POC No. 74 Overlaps With POC No. 73 and POC No. 75 and Is Not Allocated Among Them.**

37.    All three of the Claims attach the identical Addendum, and the Addendum does not allocate distinct injuries among them. It states instead that every party it names is jointly and severally liable for "the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3," and that the claimant "is not required to parse or pro-rate damages among co-conspirators." The references to Claims 1, 2, and 3 are the claimant's own designations for the three parts of his damage table and do not correspond to the claim numbers assigned on the claims register in this case.

38.    Mr. Vitt signed both POC No. 74 and POC No. 75 on the same date, and the company field of POC No. 73 and POC No. 75 identifies the same collection of interests. By their own terms the Claims each seek the whole of a single asserted loss.

39.    Even if some part of the theory asserted in POC No. 74 survived the defects identified above, it could not be allowed alongside POC No. 73 and POC No. 75 without permitting duplicative recovery from the estate.

**PRAYER AND RELIEF REQUESTED**

For the reasons stated above, the Debtor respectfully requests that the Court enter an order (i) sustaining this Objection, (ii) disallowing Proof of Claim No. 74 in its entirety, and (iii) granting the Debtor such other and further relief as is just.

Respectfully submitted,

**WALKER & PATTERSON, P.C.**

By: /s/ Miriam T. Goott
Miriam T. Goott
Texas Bar No. 24048846
4815 Dacoma Street
Houston, Texas 77092
Telephone: [INSERT]
mgoott@walkerandpatterson.com
COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I certify that on July 30, 2026, a true and correct copy of the foregoing was served by United States first class mail, postage prepaid, and by electronic mail, upon the person most recently designated on Claim No. 74 as the person to receive notices, as follows:

Jeffrey Alan Vitt
12791 S. 4230 Road
Chelsea, Oklahoma 74016
justiceiceice@icloud.com
andajustice4all@icloud.com
javit2004rule@gmail.com

A copy was also served upon all parties receiving electronic notice in this case through the Court's CM/ECF system.

/s/ Miriam T. Goott
Miriam T. Goott