# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |

**DEBTOR'S EMERGENCY MOTION TO DESIGNATE THE BALLOTS OF EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP PURSUANT TO 11 U.S.C. § 1126(e)**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN AUGUST 4, 2026, THE DATE OF THE HEARING ON CONFIRMATION OF THE DEBTOR'S PLAN.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

MMA Law Firm, PLLC (the "Debtor") files this Emergency Motion (the "Motion") pursuant to 11 U.S.C. § 1126(e) and Bankruptcy Rule 3018, requesting that the Court designate the two ballots cast by Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively,

"EAJF") rejecting the Debtor's Third Amended Joint Plan of Liquidation [ECF No. 1577] (the "Plan") as not cast in good faith, and order that the ballots not be counted, and in support respectfully shows:

## I. Emergency Consideration

1. The voting deadline on the Plan is July 31, 2026; the Debtor's ballot summary must be filed and served in connection with the confirmation hearing set for August 4, 2026, at 10:30 a.m.; and the proposed confirmation order is due August 3, 2026. EAJF delivered its two rejecting ballots on July 29, 2026. Because the tabulation of Class 2 and Class 4, and the record on which confirmation will be heard, turns on whether EAJF's ballots are counted, the Debtor requests that this Motion be heard on an emergency basis at or before the confirmation hearing. Pursuant to Bankruptcy Local Rule 9013-1(i), the nature of the emergency is set forth herein and counsel certifies the emergency is not self-created.

## II. Jurisdiction and Venue

2. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief are 11 U.S.C. §§ 105(a) and 1126(e) and Bankruptcy Rule 3018(a).

## III. Background

3. EAJF and the Debtor are parties to a comprehensive, Court-approved settlement (the "EAJF Settlement") [ECF No. 588], approved by this Court's order granting the parties' joint motion under Bankruptcy Rule 9019 (the "9019 Order") [ECF No. 683]. Under the EAJF Settlement, EAJF received, among other consideration: (i) an Allowed Secured Claim in the capped amount of $25,000,000.00; (ii) an Allowed General Unsecured Claim of $17,000,000.00; (iii) fixed sharing percentages of Estate recoveries (75% of Mass Tort Docket proceeds and 90% of Non-WP Case proceeds); and (iv) express preservation of its guaranty claims against John Zachary Moseley (the "Guaranty Litigation").

4. In exchange, EAJF covenanted, in Section 11 of the EAJF Settlement, to vote in favor of the Debtor's plan, provided the terms of the EAJF Settlement are fully incorporated into the plan and the plan does not contain provisions that contradict or conflict with the EAJF Settlement. Section 10 provides that the agreement "shall be specifically enforceable by any Party."

5. The Plan fully incorporates the EAJF Settlement. Section 9.2 of the Plan provides that "[t]he terms of the EAJF Settlement are incorporated as an integral part of this Plan, and the terms and conditions contained therein are fully enforceable as provisions of this Plan," and Sections 4.2 and 4.4 implement EAJF's bargained-for claim treatment verbatim. EAJF has identified a single asserted inconsistency: the temporary stay of actions in Plan Section 5.8 as applied to EAJF's preserved Guaranty Litigation. [See ECF No. 1594].

6. Notwithstanding the foregoing, on July 29, 2026, EAJF delivered two ballots rejecting the Plan: one on account of its Class 2 Allowed Secured Claim and one on account of its $17,000,000.00 Class 4 Allowed General Unsecured Claim. Copies of the ballots are attached as Exhibits A and B. If counted, the Class 4 rejection alone would control the amount-based tabulation of Class 4 under 11 U.S.C. § 1126(c).

7. EAJF's rejecting ballots are not an isolated act. During plan negotiations, EAJF insisted upon, and obtained, the right to designate one of the three members of the Oversight Committee established under the Plan, the post-confirmation body vested with the right to review, appear, and be heard on the material decisions of the Plan Administrator. Section 1.1.52 of the Plan requires the identity of the Oversight Committee members to be disclosed in the Plan Supplement. The Debtor has repeatedly requested that EAJF provide the name of its designee. EAJF has refused or failed to do so, despite having demanded the seat, thereby delaying the filing of the Plan Supplement past its July 21, 2026 deadline, a delay that itself drew a confirmation objection from another party [ECF No. 1602]. The Debtor is filing the Plan Supplement without EAJF's designee rather than permit further delay.

## IV. Argument

8. Section 1126(e) provides that "[o]n request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title." 11 U.S.C. § 1126(e). A designated vote is not counted. 11 U.S.C. § 1126(c); FED. R. BANKR. P. 3018(a). Designation is committed to this Court's discretion. *In re Tex. Extrusion Corp.*, 844 F.2d 1142 (5th Cir. 1988) (affirming, as "within its discretion under 11 U.S.C. § 1126(e)," the bankruptcy court's refusal to count ballots and its even-handed administration of the voting process).

9. A vote is not cast in good faith when it is cast for an ulterior purpose — to obtain an advantage to which the creditor is not otherwise entitled, rather than to advance the creditor's interest in its treatment as a creditor. *Young v. Higbee Co.*, 324 U.S. 204, 210–11 (1945) (voting rights are not freed from obligations of good faith); *In re Applegate Prop., Ltd.*, 133 B.R. 827 (Bankr. W.D. Tex. 1991) (designating votes cast for ulterior motive rather than to protect the creditor's economic interest in its claim); accord *Dish Network Corp. v. DBSD N. Am., Inc.* (*In re DBSD N. Am., Inc.*), 634 F.3d 79, 101–04 (2nd Cir. 2011) (affirming designation of votes cast to secure a strategic advantage rather than to maximize recovery on the claim); *Figter Ltd. v. Teachers Ins. & Annuity Ass'n (In re Figter Ltd.)*, 118 F.3d 635, 639 (9th Cir. 1997) (bad faith where creditor seeks "to secure some untoward advantage over other creditors for some ulterior motive"); *In re Pine Hill Collieries Co.*, 46 F. Supp. 669, 671 (E.D. Pa. 1942) (distinguishing "selfish" votes, which are permitted, from votes cast with an "ulterior" purpose, which are not).

10. EAJF's rejections are the paradigm of an ulterior-purpose vote. EAJF's treatment under the Plan is the treatment EAJF itself negotiated, reduced to a Court-approved settlement, and covenanted to support: its claims are Allowed in the bargained amounts, and its recovery percentages are fixed. A rejection cast in the face of that treatment does not protect any economic interest EAJF holds as a creditor; it can serve only to leverage matters extraneous to EAJF's recovery. Where a creditor has bound itself, in a Court-approved agreement, to vote in favor of a conforming plan, a rejection cast in breach of that covenant is not a good-faith exercise of the voting franchise; it is the use of the ballot to obtain "some benefit to which [it is] not entitled" — release from a bargain it made and this Court approved. *Young*, 324 U.S. at 210–11.

11. The 9019 Order is a final order of this Court, and the EAJF Settlement is law of the case, specifically enforceable by its own terms. EAJF accepted and retains the substantial benefits of that bargain, a $25 million Allowed Secured Claim, a $17 million Allowed General Unsecured Claim, and super-majority sharing percentages, while repudiating the reciprocal support obligation that induced the Debtor and this Court to confer those benefits. Judicial estoppel independently bars a party from obtaining the benefits of a position accepted by a court and later asserting the contrary. Equity should not permit EAJF to keep the consideration and disavow the covenant.

12. Designation will not prejudice EAJF. Its Allowed Claims, treatment, and distributions are fixed by the EAJF Settlement and the Plan regardless of how, or whether, its ballots are

counted, and its objection to confirmation [ECF No. 1594] remains before the Court on the merits. Designation deprives EAJF only of the strategic use of a franchise it contracted away.

13. EAJF's refusal to name its Oversight Committee designee confirms the ulterior character of its votes. Good faith is assessed from the totality of the creditor's conduct in the plan process. EAJF demanded a governance seat as part of its settlement, then has withheld the designation required for the Plan Supplement while simultaneously casting rejecting ballots in breach of its support covenant, conduct explicable only as an effort to delay or derail confirmation of the very plan architecture EAJF negotiated, and not as protection of any recovery to which EAJF is entitled. A creditor may vote its economic self-interest; it may not weaponize both its ballot and its bargained-for governance rights to obstruct a process it agreed to support. *Young*, 324 U.S. at 210–11; *Applegate*, 133 B.R. 827; *DBSD*, 634 F.3d at 104 (designation appropriate where creditor acts "not to maximize its return on its claim" but to advance an agenda extrinsic to that recovery).

14. In the alternative, the Court should (i) pursuant to Section 10 of the EAJF Settlement and 11 U.S.C. § 105(a), specifically enforce EAJF's voting covenant and deem EAJF's ballots cast in acceptance of the Plan, or (ii) for cause under Bankruptcy Rule 3018(a), permit tabulation of Classes 2 and 4 without regard to EAJF's ballots. The Debtor further requests that the Court order that the Plan Supplement may be filed, and confirmation may proceed, without EAJF's Oversight Committee designation; that EAJF designate its member, if at all, within seven (7) days of entry of the order; and that, failing timely designation, EAJF's seat be deemed waived and the Oversight Committee be constituted with the two members designated by the Unsecured Creditors Committee. The Debtor further reserves the right to seek confirmation under 11 U.S.C. § 1129(b) as to any non-accepting Class irrespective of the disposition of this Motion.

## V. Prayer

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached: (a) designating, pursuant to 11 U.S.C. § 1126(e), the two ballots cast by EAJF rejecting the Plan as not cast in good faith; (b) ordering that the designated ballots shall not be counted or considered for any purpose under 11 U.S.C. §§ 1126 or 1129(a)(8) or (a)(10); (c) alternatively, deeming EAJF's ballots cast in acceptance of the Plan pursuant to the EAJF Settlement and § 105(a); (d) providing that the Plan Supplement may be filed, and confirmation may proceed, without EAJF's Oversight Committee designation, that any

designation by EAJF be made within seven (7) days, and that EAJF's seat otherwise be deemed waived; and (e) granting such other and further relief as is just.

Dated: July 30, 2026

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: */s/ Johnie Patterson*
Johnie Patterson
SBN 15601700
Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, TX 77208
(713) 956-5577
jjp@walkerandpatterson.com

COUNSEL FOR THE DEBTOR

### Certificate of Accuracy Regarding Emergency

I certify that the foregoing statements concerning the emergency are true and accurate to the best of my knowledge, information, and belief, and that the emergency is not of the Debtor's making: EAJF's ballots were received on July 29, 2026, two business days before the voting deadline and five days before the confirmation hearing.

By: */s/ Johnie Patterson*
Johnie Patterson

### Certificate of Service

I certify that on July 30, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all parties registered to receive electronic notice in this case, and by email upon counsel for EAJF.

By: */s/ Johnie Patterson*
Johnie Patterson