**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| *Debtor*. | § | |

**DEBTOR'S MOTION TO COMPROMISE CONTROVERSY
WITH SANGISETTY LAW FIRM, PLLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

MMA Law Firm, PLLC (the "**Debtor**") hereby files this *Motion to Compromise Controversy with Sangisetty Law Firm, PLLC* ("**Sangisetty**") pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "**Motion**"), and respectfully represents as follows:

**RELEVANT BACKGROUND FACTS**

**BACKGROUND OF MMA**

1.     MMA Law Firm, PLLC ("**Debtor**") is a litigation firm based in Texas.

2.      The Debtor represented thousands of storm victims with property damage claims against their insurance companies following Hurricanes Laura, Delta, Zeta, and Ida (the **"MMA Clients"**).

3.      The Debtor entered into contingency fee contracts with the MMA Clients, entitling it to contingency fees and reimbursement of expenses (**"Contingency Fee Contracts"**).

4.      On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the Louisiana licenses of all attorneys affiliated with the Debtor for ninety days (the **"Suspension Order"**).

5.      Pursuant to the Suspension Order, the Debtor was ordered, among other things, to notify the MMA Clients of the suspension and that they had the option of either retaining new counsel or remaining with the Debtor.

6.      Subsequently, Sangisetty took over many of the cases with the MMA Clients (the **"Former MMA Cases"**).

7.      On November 10, 2024, the Debtor filed a Complaint initiating an Adversary Proceeding against Sangisetty regarding the Parties' respective interest in attorney's fees arising from certain matters involving former clients of MMA subsequently represented by Sangisetty (Adv. No. 24-03230) (the "**Adversary**").

8.      On January 13, 2025, Sangisetty filed a Motion for Withdrawal of Reference, which was subsequently granted by the District Court and opened Case No. 25-00318 (the "**Withdrawn Case**").

9.      Thereafter, the Adversary was administratively closed in the Bankruptcy Court, and the dispute has continued to be litigated in the Withdrawn Case.

10.     On February 12, 2025, in the Withdrawn Case, Sangisetty filed a Motion to Dismiss and Transfer Venue (the "**Motion to Dismiss/Transfer**"), which MMA opposed.

11.     On May 27, 2025, MMA filed a Motion to Refer All Pre-Trial Matters Back to the Bankruptcy Court, which Sangisetty opposed.

12.     On September 15, 2025, MMA and Sangisetty attended mediation with Sylvia Mayer, and an impasse was declared by Ms. Mayer.

13.     The Parties have engaged in extensive, arm's-length negotiations in good faith to resolve the claims in the Adversary and now seek approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019. The Settlement Agreement is attached hereto as **Exhibit A**.

**BACKGROUND REGARDING JASON JOY & ASSOCIATES, PLLC**

14.     On April 19, 2025, Jason Joy & Associates, PLLC ("**Joy**") filed a Supplemental and Amended Motion for Leave to Intervene and to File Amended Complaint in Intervention in the Withdrawn Case (the "**Intervention Motion**").

15.     In the Intervention Motion, Joy alleges that in June 2023, MMA and Joy entered into an agreement under which MMA agreed to transfer its Louisiana client files to Joy. Joy alleges that MMA failed to perform this obligation and that Joy independently acquired and onboarded Former MMA Clients through its own efforts.

16.     Joy further alleges that in July 2023, Joy and Sangisetty entered into a separate "Joint Venture Agreement" to jointly represent the Former MMA Clients and share responsibility for those cases and the fees arising therefrom. Joy contends that Sangisetty subsequently excluded

Joy from case management, revoked access to shared files and calendars, and settled cases without Joy's knowledge or participation.

17.     Joy also alleges that Sangisetty filed a separate lawsuit against Joy in the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana, styled *Sangisetty Law Firm, LLC v. Xpand Legal, LLC*, Case No. 200581 (the "**Louisiana Litigation**"), in which the parties are actively litigating their respective claims to fees arising from the Former MMA Cases.

18.     MMA was not a party to any agreement between Joy and Sangisetty, and was not aware of the existence of any such agreement until after the Adversary was filed against Sangisetty. MMA's Adversary was brought solely against Sangisetty, and Joy is not a defendant in the Adversary.

19.     The Settlement Agreement resolves *solely* the dispute between MMA and Sangisetty. The Settlement Agreement does not purport to resolve, adjudicate, release, or otherwise affect any rights, claims, or defenses that Joy may have against Sangisetty, or that Sangisetty may have against Joy, whether arising under the alleged Joint Venture Agreement, the Louisiana Litigation, or otherwise.

## SETTLEMENT TERMS

20.     Upon entry of an order approving this Motion to Compromise, Sangisetty shall pay to MMA the total amount of **$570,629.06** (the "**Settlement Funds**") as follows:

a.      $420,629.06 shall be paid by Sangisetty to MMA within three (3) business days of entry of an order approving the 9019 Motion by the Bankruptcy Court (the "**First Payment**"); and

b.   $150,000.00 shall be paid by Sangisetty to MMA within ninety (90) days of entry of an order approving the 9019 Motion by the Bankruptcy Court (the "**Second Payment**").

21.   In exchange for the payment of the Settlement Funds *(i.e.* both the First Payment and the Second Payment), MMA shall release all claims against Sangisetty and dismiss the Withdrawn Case with prejudice.

## ARGUMENT AND AUTHORITIES

22.   An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise.  The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation; and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

### FACTOR 1: PROBABILITY OF SUCCESS IN THE LITIGATION.

23.   The Debtor believes it has strong claims against Sangisetty for the fees involved in the Adversary based on its substantial legal work. However, litigation over fee allocations is inherently uncertain and fact-intensive. Despite confidence in its position, MMA recognizes that prevailing is not guaranteed. The risks of litigation make compromise a prudent course.

### FACTOR 2: DIFFICULTY OF COLLECTION ON A JUDGMENT.

24.   While Sangisetty is an established law firm, and collection would not likely pose a serious issue, obtaining and enforcing a judgment could still involve delay, expense, and potential appeals. The settlement provides immediate certainty and avoids enforcement issues.

### FACTOR 3: COMPLEXITY OF THE LITIGATION.

25.        This matter is relatively straightforward. However, disputes over fee apportionment often involve conflicting records, interpretations of agreements, and credibility issues, all of which increase cost and risk. Settlement avoids those complications.

**FACTOR 4:  DEFERENCE TO CREDITORS.**

26.        The proposed compromise is in the best interest of the estate. The Adversary has been pending before the District Court without material progress. Approval of the compromise will result in an immediate recovery of $570,629.06, without the delay, expense, and litigation risk associated with continued proceedings. These funds can be used immediately in the administration of the estate and to fund distributions to creditors. Efficient resolution also allows the Debtor to focus on other similar fee disputes currently pending.

**WHEREFORE**, MMA Law Firm, PLLC prays that the Court grant this Motion and approve the compromise of the controversy between the parties as set out in the Settlement Agreement attached hereto as **Exhibit "A",** authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and for such other relief as the court finds appropriate and just to grant.

Dated: <u>March 16, 2026.</u>

By: <u>/s/ Miriam T. Goott</u>
Miriam T. Goott
attorney-in-charge
SBN 24048846
COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301

Houston, TX 77208
mgoott@walkerandpatterson.com
713.956.5577 (telephone)
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I, Miriam T. Goott, hereby certify that a true and complete copy of the foregoing Motion

to Compromise Controversy was served on all parties receiving notice via CM/ECF on March 16,

2026, including counsel for the Committee, EAJF, Sangisetty and Jason Joy & Associates.

*/s/Miriam T. Goott*
Miriam T. Goott

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **CASE NO. 24-31596** |
| | § | |
| **Debtor** | § | **Chapter 11** |

**SETTLEMENT AGREEMENT**

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), and Sangisetty Law Firm, PLLC ("**Sangisetty**"). MMA and Sangisetty are collectively referred to as "**The Parties**".

The Parties hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

**RECITALS**

1.      On April 9, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in Case No. 24-31596 (the "**Bankruptcy Case**").

2.      On November 10, 2024, the Debtor filed a Complaint initiating an Adversary Proceeding against Sangisetty regarding the Parties' respective interest in attorney's fees arising from certain matters involving former clients of MMA subsequently represented by Sangisetty (Adv. No. 24-03230) (the "**Adversary**").

3.     On January 13, 2025, Sangisetty filed a Motion for Withdrawal of Reference, which was subsequently granted by the District Court and opened Case No. 25-00318 (the "**Withdrawn Case**").

4.     Thereafter, the Adversary was administratively closed in the Bankruptcy Court, and the dispute has continued to be litigated in the Withdrawn Case.

5.     On February 12, 2025, in the Withdrawn Case, Sangisetty filed a Motion to Dismiss and Transfer Venue (the "**Motion to Dismiss/Transfer**"), which MMA opposed.

6.     On May 27, 2025, MMA filed a Motion to Refer All Pre-Trial Matters Back to the Bankruptcy Court, which Sangisetty opposed.

7.     On September 15, 2025, MMA and Sangisetty attended mediation with Sylvia Mayer, and an impasse was declared by Ms. Mayer.

## TERMS OF THE AGREEMENT

8.     Upon entry of an order approving this Agreement by the Bankruptcy Court, Sangisetty shall pay to MMA the total amount of **$570,629.06** (the "**Settlement Funds**") as follows:

   a.   $420,629.06 shall be paid by Sangisetty to MMA within three (3) business days of entry of an order approving this Settlement Agreement by the Bankruptcy Court (the "**First Payment**"); and

   b.   $150,000.00 shall be paid by Sangisetty to MMA within ninety (90) days of entry of an order approving this Settlement Agreement by the Bankruptcy Court (the "**Second Payment**").

    c.   The First Payment and the Second Payment shall be made payable to MMA Law Firm, PLLC and delivered to MMA's counsel, Walker & Patterson, P.C. at 4815 Dacoma, Houston, TX 77092.

9.    Upon entry of an order approving this Agreement and payment of the Settlement Funds by Sangisetty, MMA shall file an Agreed Motion to Dismiss the Withdrawn Case (Case No. 25-00318) with prejudice within seven (7) days.

10.    Effective upon entry of an order approving this Agreement, payment of the Settlement Funds, and dismissal of the Withdrawn Case with prejudice, the Parties, on behalf of themselves and their respective partners, members, agents, affiliates, and professionals, including attorneys, hereby fully and irrevocably release each other from any and all claims, demands, causes of action, or liabilities of any kind, whether known or unknown, arising out of or related to the Adversary and the Withdrawn Case.

11.    The Parties understand that this Agreement is expressly subject to approval by the Bankruptcy Court.

12.    This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, whether oral or written, of the Parties.

13.    This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

14.    The Bankruptcy Court shall retain jurisdiction to enforce this Agreement.

**Dated:** __3-16-2026_____

___/s/*John Zachary Moseley* _____

**John Zachary Moseley on behalf of MMA Law Firm, PLLC**

1235 North Loop West

Suite 810

Houston, Texas 77008

Email: zach@mma-pllc.com

Telephone: 713-334-6121

Fax: 713-332-5953

**Dated: _____**

_____

**Sangisetty Law Firm, PLLC**

Name: Ravi Sangisetty__

Title: _____

**Dated: ___3/16/26_____**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-31596 |
| | § | |
| MMA LAW FIRM, PLLC | § | Chapter 11 |
| | § | |
| *Debtor*. | § | |

ORDER APPROVING COMPROMISE
WITH SANGISETTY LAW FIRM, PLLC

[Relates to ECF No. ____]

It is

**ORDERED** that the Debtor's Motion to Compromise Controversy with Sangisetty Law Firm, PLLC (**"Sangisetty"**) is granted in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that the Debtor and Sangisetty are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that Sangisetty shall pay MMA $420,629.06 within three (3) days following the entry of this Order, and it is further

**ORDERED** that Sangisetty shall pay MMA an additional $150,000.00 within ninety (90) days following the entry of this Order, and it is further

**ORDERED** that nothing in this Order, the attached Settlement Agreement, or the compromise approved herein shall be construed as resolving, adjudicating, releasing, impairing, or otherwise affecting any rights, claims, causes of action, or defenses that Jason Joy & Associates, PLLC  may have against Sangisetty, or that Sangisetty may have against Joy, all of which are expressly preserved in full, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related

to the interpretation or enforcement of the Settlement Agreement and this Order.


SIGNED:_____

 

                  _____
                  **CHIEF UNITED STATES BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **CASE NO. 24-31596** |
| | § | |
| **Debtor** | § | **Chapter 11** |

**SETTLEMENT AGREEMENT**

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), and Sangisetty Law Firm, PLLC ("**Sangisetty**"). MMA and Sangisetty are collectively referred to as "**The Parties**".

The Parties hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

**RECITALS**

1.      On April 9, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in Case No. 24-31596 (the "**Bankruptcy Case**").

2.      On November 10, 2024, the Debtor filed a Complaint initiating an Adversary Proceeding against Sangisetty regarding the Parties' respective interest in attorney's fees arising from certain matters involving former clients of MMA subsequently represented by Sangisetty (Adv. No. 24-03230) (the "**Adversary**").

3.     On January 13, 2025, Sangisetty filed a Motion for Withdrawal of Reference, which was subsequently granted by the District Court and opened Case No. 25-00318 (the "**Withdrawn Case**").

4.     Thereafter, the Adversary was administratively closed in the Bankruptcy Court, and the dispute has continued to be litigated in the Withdrawn Case.

5.     On February 12, 2025, in the Withdrawn Case, Sangisetty filed a Motion to Dismiss and Transfer Venue (the "**Motion to Dismiss/Transfer**"), which MMA opposed.

6.     On May 27, 2025, MMA filed a Motion to Refer All Pre-Trial Matters Back to the Bankruptcy Court, which Sangisetty opposed.

7.     On September 15, 2025, MMA and Sangisetty attended mediation with Sylvia Mayer, and an impasse was declared by Ms. Mayer.

**<u>TERMS OF THE AGREEMENT</u>**

8.     Upon entry of an order approving this Agreement by the Bankruptcy Court, Sangisetty shall pay to MMA the total amount of **$570,629.06** (the "**Settlement Funds**") as follows:

   a. $420,629.06 shall be paid by Sangisetty to MMA within three (3) business days of entry of an order approving this Settlement Agreement by the Bankruptcy Court (the "**First Payment**"); and

   b. $150,000.00 shall be paid by Sangisetty to MMA within ninety (90) days of entry of an order approving this Settlement Agreement by the Bankruptcy Court (the "**Second Payment**").

c. The First Payment and the Second Payment shall be made payable to MMA Law Firm, PLLC and delivered to MMA's counsel, Walker & Patterson, P.C. at 4815 Dacoma, Houston, TX 77092.

9. Upon entry of an order approving this Agreement and payment of the Settlement Funds by Sangisetty, MMA shall file an Agreed Motion to Dismiss the Withdrawn Case (Case No. 25-00318) with prejudice within seven (7) days.

10. Effective upon entry of an order approving this Agreement, payment of the Settlement Funds, and dismissal of the Withdrawn Case with prejudice, the Parties, on behalf of themselves and their respective partners, members, agents, affiliates, and professionals, including attorneys, hereby fully and irrevocably release each other from any and all claims, demands, causes of action, or liabilities of any kind, whether known or unknown, arising out of or related to the Adversary and the Withdrawn Case.

11. The Parties understand that this Agreement is expressly subject to approval by the Bankruptcy Court.

12. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, whether oral or written, of the Parties.

13. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

14. The Bankruptcy Court shall retain jurisdiction to enforce this Agreement.

**Dated:   3-16-2026**

_____/s/_*John Zachary Moseley*_____

**John Zachary Moseley on behalf of MMA Law Firm, PLLC**

1235 North Loop West

Suite 810

Houston, Texas 77008

Email: zach@mma-pllc.com

Telephone: 713-334-6121

Fax: 713-332-5953

**Dated: _____**

_____

**Sangisetty Law Firm, PLLC**

Name: Ravi Sangisetty__

Title: _____

**Dated: ___3/16/26_____**