# EXHIBIT 3

**EXHIBIT**

**A**

CASE NO.
4:25-CV-0318

## MMA AND JJA TRANSFER/ASSIGNMENT/SECONDMENT AGREEMENT

**THIS SECONDMENT AGREEMENT** (this "Agreement") is made the **22nd** day of June, 2023

**BETWEEN:**

(1) MMA Law Firm, PLLC ("MMA"), a professional limited liability company and existing under the laws of the state of Texas with a place of business at 1415 Louisiana St, Suite 2900, Houston, Texas 77002; and

(2) Jason Joy & Associates ("JJA"), a law firm existing under the laws of the state of Texas] with a place of business at 909 Texas Street, Houston, Texas 77002.

MMA and JJA are referred to individually herein as a "Party" and collectively as the "Parties".

**WHEREAS:**

(a) The parties desire to facilitate the expeditious transfer of MMA's current Louisiana client files related to Hurricanes Laura, Delta, Ida, and other storms in order to preserve asset these clients' under their respective insurance policies;

(b) This agreement is intended to facilitate the transfer of MMA clients to JJA in accordance with all applicable Rules of Professional Conduct;

(c) JJA will seek the Courts' and LSBA's assistance to ensure representation of current MMA clients is ethically and expeditiously transferred to JJA considering prescription on Hurricane Ida claims is August 29, 2023, less than 70 days from this date.

**NOW, THEREFORE,** for the mutual promises made herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties agree as follows:

Section 1. Purpose and Scope:

The purpose of this agreement is to assign, delegate, and transfer MMA's current Louisiana client files to JJA or an Affiliate Law Firm in accordance with the parties duties under applicable law and Rules of Professional Conduct and in accordance with the terms and conditions herein. And where clients cannot, or need not, be transferred, JJA agrees to prosecute claims, at a minimum, to the point of preserving prescription and facilitate closeout of resolved claims.

Section 2. Terms and Conditions

(a) The parties hereto agree that JJA will enter into a contingency fee contract with certain MMA current Louisiana clients. JJA acknowledges that MMA asserts an attorney fee interest in the transferred client files as its former attorney. As such, JJA agrees to hold 45% of any attorney fee and reimbursable expenses earned in connection with the transferred client files in an escrow/trust account.

(b) MMA agrees to allow JJA, as a secondee of MMA, access to its client database to facilitate efficient transfer of the client files.

(c) MMA agrees to obtain express written consent from JJA and/or the Court for all communication with its current clients.

(d) JJA will immediately seek the proper authority to utilize MMA's database or a similar system to facilitate efficient communication with the transferred clients and to ensure efficient and expeditious preservation of their respective claims in light of the August 29, 2023 prescription date for the clients who have first-party insurance claims arising out damage resulting from Hurricane Ida.

Section 3. Confidentiality.

JJA shall not use, divulge or communicate to any person (other than those whose province it is to know the same or with authority from MMA) any trade secrets, intellectual property, or information which are for the time being confidential to MMA or any of its subsidiaries and are not in the public domain ("Confidential Information"), which JJA may have received or obtained during the transfer of client files or client representation. This restriction shall cease to apply to information or knowledge that may come into the public domain otherwise than through the unauthorized disclosure by or the fault of JJA.

Section 4. Indemnity.

Once a case has been transferred and legal services agreement has been entered into by JJA and the transferred client, JJA shall indemnify and hold harmless MMA from any and all malpractice claims that would arise from JJA's malpractice relating to the claim. MMA agrees to indemnify and hold harmless JJA from any and all malpractice claims that would arise from MMA's actions prior to JJA's participation in the case/claim.

Section 5. MMA Transfer of Representation.

(a) MMA expressly acknowledges that its representation with its respective Louisiana clients is terminated with JJA endeavoring to obtain new legal contracts of representation. JJA is expressly not being assigned MMA's legal contracts and reserves the right to refuse representation upon evaluation of the individual client matter.

(b) JJA has not had any opportunity to review the MMA client files referenced herein prior to the execution of this agreement. As such, the parties understand and acknowledge that JJA's representation of the transferred client files does not begin until the execution of a new legal services contract with the transferred client. MMA expressly acknowledges that it will not be party to this new legal services contract but, rather, asserts a fee and expense interest in any attorney fee earned as described above.

(c) Further, JJA reserves the right to reject representation of the transferred client at its discretion.

Section 6.  No Agent/ Employee Relationship.

The parties acknowledge that nothing in this agreement is intended to create a contract of employment, joint venture, partnership, fiduciary duty, or other legal status by and among the parties other than to facilitate an efficient transfer of the client files so that they can be expeditiously reviewed and/or the clients' rights can be preserved and asserted.

Section 7. Miscellaneous.

(a) Entire Agreement. This Agreement sets forth the entire agreement and understanding of the parties concerning the subject matter hereof and supersedes all prior agreements, arrangements and understandings between MMA and JJA concerning such subject matter. No representation, promise, inducement or statement of intention has been made by or on behalf of either party hereto that is not set forth in this Agreement or the documents referred to herein. This Agreement may not be amended or modified except by a written instrument specifically referring to this Agreement executed by the parties hereto.

(b) Waiver. The failure of either Party hereto at any time or from time to time to require performance of any of the other party's obligations under this Agreement shall in no manner affect the right to enforce any provision of this Agreement at a subsequent time, and the waiver of any rights arising out of any breach shall not be construed as a waiver of any rights arising out of any subsequent breach.

(c) No Third Party Beneficiary. The terms and provisions of this Agreement are intended solely for the benefit of each Party hereto, and it is not the intention of the Parties to confer third-party beneficiary rights upon any other person.

(d) No Assignment. Neither this Agreement nor any right, interest or obligation hereunder may be assigned by any Party hereto without the prior written consent of the other Party, except that JJA will endeavor to enter into a joint venture with attorneys licensed in Louisiana to effectuate the terms of this agreement.

(e) Headings. The headings used in this Agreement have been inserted for convenience of reference only and do not define or limit the provisions hereof.

(f) Severability. In the event that any provision of this Agreement shall be determined by a court of competent jurisdiction to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

(g) Governing Law. This Agreement shall be governed by and construed and enforced in accordance with federal law and, to the extent federal law incorporates state law, that law shall be the laws of the State of Texas without regard to its principles of conflicts of laws.

(h) <u>Non-disparagement</u> JJA agrees and covenants that it will not at any time, directly or indirectly, make, publish or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning MMA or its businesses, or any of its employees, officers, shareholders, members or advisors. MMA agrees and covenants that it shall not make any defamatory or disparaging remarks, comments, or statements concerning JJA to any third parties.

[Signature Page Fallows]

**IN WITNESS WHEREOF,** the undersigned have executed this Secondment Agreement as of the Effective Date.

MMA Law Firm, PLLC

By: _____

Title: ___MANAGING MEMBER___ 6/22/23


Jason Joy & Associates

By: _____

Title: _____ 6/22/23