**EXHIBIT 3**

United States District Court
Southern District of Texas
**ENTERED**
March 19, 2026
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § | CIVIL ACTION NO. 4:25-CV-00990 |
| MMA LAW FIRM, PLLC | § § § § § § | ADVERSARY PRO. NO.  24-03269 |

## ORDER

Pending before this Court is Defendant Hair & Shunnarah Trial Attorneys, LLC ("HSTA") Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue (Doc. No. 5) and Plaintiff MMA Law Firm, PLLC's ("MMA") Motion to Refer Pre-Trial Matters to Chief Bankruptcy Judge Rodriguez. (Doc. No. 9). This Court is also in receipt of all responses and replies. (Doc. Nos. 6, 8, 10). Upon consideration of the pleadings and relevant legal standards, the Court hereby **DENIES** the Motion to Dismiss and Transfer Venue (Doc. No. 5) and the Motion to Refer (Doc. No. 9). The Court hereby **STAYS** this proceeding pending the resolution of the Certification Request to the Supreme Court of Louisiana (No. 4:24-CV-04446, Doc. No. 46) and the appeal to the Fifth Circuit (No. 4:26-CV-00642, Doc. Nos. 16, 17).

### I.     Factual Background

This is one of almost twenty-five matters in this Court related to MMA Law Firm, PLLC's ("MMA") ongoing Chapter 11 bankruptcy proceedings. According to the Complaint, MMA initiated this adversary proceeding against Hair & Shunnarah Trial Attorneys, LLC ("HSTA") for the collection of disputed attorneys' fees in various cases pending or resolved in Louisiana. (Bankr. No. 24-31596, No. 1). After MMA was apparently prohibited from practicing in the Western District of Louisiana, HSTA "assumed representation of at least 33 MMA cases on a contingency

fee basis." (*Id.*). According to the Complaint, MMA "reached out to [HSTA] and spoke with Galen Hair regarding the [HSTA] Cases and the Debtor's interest in the attorney's fees and costs." (*Id.* at 3). The Complaint alleges that "[a]t the conclusion of the conversation, Mr. Hair represented that [MMA] is entitled to 50% of the attorney's fees and reimbursement of costs in the [HSTA] Cases and would work with [MMA] to draft an agreement." (*Id.*). MMA alleges that after three follow-up emails, no further communication from HSTA was ever received. (*Id.* at 3–4).

On April 9, 2024, MMA filed a Chapter 11 bankruptcy petition in the Southern District of Texas. Throughout the bankruptcy proceeding, MMA has "disclosed claims" against HSTA for "possession of attorney's fees and expenses related to the [HSTA] Cases that belong to [MMA]." (*Id.* at 4). After the commencement of the automatic bankruptcy stay, MMA contends that HSTA continued to reach settlements and collect attorney's fees in these cases. (*Id.*). MMA brought this adversary proceeding against HSTA for (1) alleged violations of the automatic stay and (2) turnover of the property of the estate. (*Id.*). MMA also seeks a declaratory judgment "affirming that the [MMA]'s interest in the attorney's fees and costs in all of the [HSTA cases] are property of the bankruptcy estate." (*Id.* at 19).

After HSTA filed the Unopposed Motion to Withdraw the Bankruptcy Reference and Jury Demand, (Doc. No. 2), this Court adopted the Report and Recommendation of Chief Bankruptcy Judge Rodriguez (Doc. No. 1) and withdrew the reference from the Bankruptcy Court. (Doc. No. 4). Following the withdrawal of the reference, HSTA filed a Motion to Dismiss, or Alternatively, a Motion to Transfer Venue (Doc. No. 5) and MMA filed a Motion to Refer Pre-Trial Matters to Chief Bankruptcy Judge Rodriguez (Doc. No. 9). The Court addresses both Motions below.

## II.    Analysis

### A. Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." "Considering the nearly identical language in § 1404(a) and § 1412, court have generally applied the same analysis to both." *In re Victorville Aerospace, LLC*, No. 08-35790, 2008 WL 5482785 (S.D. Tex. Bankr. Dec. 9, 2008).

"The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (interpreting § 1404(a)). "The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the costs of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* "The public concerns include: (1) the administrative difficulties flowing from the court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Under § 1412, while "[t]he location of the debtor's bankruptcy case is not the only factor that courts have evaluated in considering whether to transfer venue," courts have also considered "whether the transfer would promote the economic and efficient administration of the bankruptcy estate, whether the interests of judicial economy would be served by the transfer,

whether the parties would be able to receive a fair trial in each of the possible venues, whether either forum has an interest in having the controversy decided within its borders, whether the enforceability of any judgment obtained would be affected by the transfer, and whether the plaintiff's original choice of forum should be disturbed." *Norton v. Encompass Servs. Corp.*, 301 B.R. 836, 839 (S.D. Tex. 2003).

HSTA requests this Court to transfer this case to the Eastern District of Louisiana largely because the underlying cases and the related attorneys' fees at the center of this dispute are pending in that District. In response, MMA contends that the factors weigh in favor of maintaining the litigation in this District due to the pending bankruptcy proceedings. While the Parties address most of the factors enumerated above, the Court limits its analysis to the most relevant to this litigation.

First, the Court recognizes that this litigation is geographically split between Texas and Louisiana. While HSTA is a Louisiana law firm and the underlying cases with the disputed attorneys' fees are pending in Louisiana, MMA is a Texas law firm that chose to file its Chapter 11 bankruptcy petition and subsequent adversary proceedings in this District. For HSTA, the Eastern District of Louisiana would likely be more convenient for its attorneys and putative witnesses to appear in court proceedings, but for MMA, this District is the more convenient venue for its attorneys and putative witnesses. The Court finds that the "convenience" of the Parties and their witnesses are split equally between Texas and Louisiana. When the convenience of the parties is split between two venues, "the Debtors' choice of venue should not be disturbed on the basis of convenience of the parties under these circumstances." *In re ERG Intermediate Holdings, LLC*, No. 15-31858, 2015 WL 6521607, at *6 (N.D. Tex. Bankr. Oct. 27, 2015).

4

Second, HSTA argues that since the litigation will likely turn on the application of Louisiana law, this Court should transfer the case to the Eastern District of Louisiana. Even if this Court is faced with the application of more complex Louisiana state law, this Court has already filed a Certification Request to the Supreme Court of Louisiana in a matter involving another successor law firm. *See* (No. 4:24-CV-04446, Doc. No. 46). That Certification Request addresses the exact issues of state law that HSTA argues will govern this litigation in its Motion to Transfer. *See* (Doc. No. 7 at 8) (mentioning the *Saucier* factors, which are discussed at length in the Certification Request). As another court has noted and this Court finds applicable here, this Court "is somewhat familiar and possibly educable on Louisiana substantive law," especially when it has filed a Certification Request with the Supreme Court of Louisiana. *See Emrick v. Calcasieu Kennel Club, Inc.*, 800 F. Supp. 482, 484 (E.D. Tex. 1992). While the Court finds that this factor may weigh slightly in favor of the transfer, this sole factor is not dispositive.

Lastly, as the Court mentioned above, this matter is one of nearly twenty-five pending cases in this Court arising out of the underlying bankruptcy proceeding and several ongoing adversary proceedings. In April 2024, MMA filed its bankruptcy petition in the Southern District of Texas. For nearly two years, this District has been involved in facilitating the pre-trial matters of the several adversary proceedings between MMA and successor law firms like HSTA. *See, e.g.*, No. 4:24-CV-3443, No. 4:24-CV-4343, No. 4:24-CV-2793, No. 4:25-CV-4059, No. 4:24-CV-4446, No. 4:25-CV-4917, No. 4:25-CV-5576, No. 4:26-CV-642, No. 4:25-CV-5584, No. 4:25-CV-1341, No. 4:25-CV-991, No. 4:25-CV-291, No. 4:25-CV-99, No. 4:25-CV-97, No. 4:25-CV-3179, No. 4:25-CV-2133, No. 4:25-CV-2134, No. 4:25-CV-2687, No. 4:25-CV-318, No. 4:25-CV-1342, No. 4:25-CV-5459, No. 4:25-CV-1493, No. 4:26-CV-1232. This Court and the Bankruptcy Court are well-versed in the intricate facts surrounding the litigation. *See In re MMA Law Firm, PLLC*, No.

5

24-BK-31596 (S.D. Tex. Bankr.) (listing over 1379 docket entries since April 2024). Under § 1412, the venue statute that has been tailored to bankruptcy proceedings like this one, "promot[ing] the efficient administration of the bankruptcy estate" is among the most important of factors. *Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, No. H-08-1815, 2008 WL 4330897, at *9 (S.D. Tex. Sep. 18, 2008). "Allowing the bankruptcy court to adjudicate the core claims involved in this case, as well as the other related claims, promotes the efficient administration of the bankruptcy estate." *Id.* Separating this litigation from the center of the bankruptcy proceedings would likely cause confusion among litigants, waste valuable judicial resources, and create a danger of inconsistent rulings across multiple judicial districts. The proposed separation would certainly hinder the efficient administration of the bankruptcy estate in this District. The Court finds that this factor weighs heavily in favor of denying the Motion to Transfer and finds that the "interest of justice" requires this litigation to remain in this District.[1]

### B. The Remaining Pending Motions

As mentioned above, this Court has over twenty-five pending matters related to the underlying bankruptcy proceeding. Most of these matters are between MMA and successor law firms like HSTA. In one of those pending matters, *MMA v. Morris Bart, LLC*, No. 4:26-CV-00642, this Court addressed a core issue that also pervades the face of this case: whether MMA waived its right to collect attorneys' fees and costs in the cases pending in the Eastern District of Louisiana. This Court held that, as a matter of law, "MMA made an affirmative pre-petition waiver of its right to collect any attorneys' fees or costs from any case pending in the Eastern District of Louisiana." (No. 4:26-CV-00642, Doc. No. 16). MMA appealed this Order to the United States Court of

---

[1] This ruling is consistent with a previous determination by this Court. In a related matter, this Court affirmed the Bankruptcy Court's denial of a similar Motion to Transfer. *See* (No. 4:24-CV-4343, Doc. No. 11).

6

Appeals for the Fifth Circuit, and that appeal remains pending. (No. 4:26-CV-00642, Doc. No. 17). Additionally, in *MMA v. Morris Bart, LLC*, No. 4:24-CV-04446, this Court certified certain questions of Louisiana state law to the Supreme Court of Louisiana. (No. 4:24-CV-04446, Doc. No. 46). The Court finds that the resolution of these pending matters is critical to the overall resolution of this dispute.

### III.     Conclusion

For the foregoing reasons, HSTA's Motion to Transfer Venue (Doc. No. 5) is **DENIED.** MMA's Motion to Refer Pre-Trial Matters (Doc. No. 9) is **DENIED** without prejudice, but MMA may reraise that Motion at the conclusion of the stay. HSTA's Motion to Dismiss (Doc. No. 5) is denied without prejudice, and HSTA may reraise that Motion at the conclusion of the stay. The Court hereby **STAYS** this action during the pendency of the Certification Request to the Supreme Court of Louisiana and the appeal to the Fifth Circuit.

It is so ordered.

Signed on this the $\underline{19^{th}}$ day of March 2026.

Andrew S. Hanen
United States District Judge

7