# EXHIBIT 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | |

**HAIR & SHUNNARAH TRIAL ATTORNEYS, LLC'S OBJECTION TO
CONFIRMATION OF DEBTOR'S THIRD AMENDED JOINT PLAN OF LIQUIDATION
AND JOINDER TO OBJECTION OF UNITED STATES TRUSTEE**
[Relates to ECF Nos. 1577 and 1589]

Hair & Shunnarah Trial Attorneys, LLC ("***HSTA***") files this objection (the "***Objection***") to the Third Amended Joint Plaint of Liquidation [ECF No. 1577] (the "***Plan***") filed by MMA Law Firm, PLLC (the "***Debtor***" or "***MMA***") and the Official Committee of Unsecured Creditors (the "***Committee***"), and respectfully shows this Court as follows:

**PRELIMINARY STATEMENT**

1. The jurisdiction retention provisions in the Debtor's Plan should be modified to reflect the pending adversary proceedings between MMA and law firms that represent former MMA clients, including HSTA. *See* Plan, § 11.1. The Debtor should not be allowed to utilize Plan provisions to achieve an end-run around the withdrawal of the reference by the District Court and impinge on the District Court's jurisdiction over the remaining adversary proceedings. HSTA further joins in the United States Trustee's objection to the Plan [ECF No. 1589] (the "***UST Objection***") and the serious impediments to confirmation posed by the release, exculpation, injunction, and gatekeeping provisions in the Plan.

1

18553561

**BACKGROUND**

### I.      First Adversary Proceeding

2.      On December 17, 2024, the Debtor initiated Adversary Proceeding No. 24-03269 (the "***First Adversary Proceeding***")[1] against HSTA [Main Case ECF No. 445], asserting claims for violation of the automatic stay, declaratory judgment, and turnover of property related to attorneys' fees in cases where HSTA substituted as counsel following the Debtor's suspension from practice in Louisiana federal courts.

3.      On February 5, 2025, HSTA filed an Unopposed Motion to Withdraw the Bankruptcy Reference [First Adversary Proceeding, ECF No. 5], which this Court determined should be granted in its Report and Recommendation on March 3, 2025 [First Adversary Proceeding, ECF No. 6]. The District Court subsequently withdrew the reference on March 21, 2025, specifically "as to all matters involving the division of attorney's fees" between the Debtor and HSTA [First Adversary Proceeding, ECF No. 8]. The case is currently pending under *MMA Law Firm, PLLC v. Hair & Shunnarah Trial Attorneys, LLC*, Civil Action No. 4:25-cv-00990.

4.      On April 7, 2025, HSTA filed a Motion to Dismiss in the District Court [4:25-cv-00990, ECF No. 5], arguing amongst other things that: (a) the Debtor lacks standing to assert claims regarding EDLA cases based on prior court orders finding the Debtor waived any rights to fees; (b) the Debtor's claims are essentially breach of contract or quantum meruit claims improperly styled as turnover and automatic stay violations; and (c) the relief sought requires a determination of the parties' respective rights to fees.

---

[1] After the withdraw of the reference, the adversary proceeding in the United States District Court for the Southern District of Texas has proceeded under the caption: *MMA Law Firm, PLLC v. Hair & Shunnarah Trial Attorneys, LLC*, Civil Action No. 4:25-cv-00990.

18553561

5. The District Court stayed the First Adversary Proceeding while the Debtor appeals the District Court's order in the Morris Bart case (Case No. 4:24-cv-4446, ECF No. 41) to the Fifth Circuit and while the Louisiana Supreme Court considered the certified questions from the District Court. The Louisiana Supreme Court heard arguments on April 27, 2026 and issued a ruling on the certified questions on June 29, 2026. The court determined that if misconduct caused the attorney-client contract to be formed in the first instance, the contract is absolutely null and the lawyer walks away with nothing. *See In re: MMA Law Firm, PLLC*, 2026-CQ-00161 (La. June 29, 2026). The Fifth Circuit appeal is still pending.

## II. Second Adversary Proceeding

7. MMA filed the second adversary proceeding (Adv. Pro. 26-03028) (the "***Second Adversary Proceeding***") on February 3, 2026 related to *McGee v. State Farm Fire and Cas. Co.*, Case No. 3:24-cv-00180 (M.D. La.) (the "***McGee Case***") and the settlement in that case. The claims in the Second Adversary Proceeding substantially overlap with the claims and legal issues in the First Adversary Proceeding. HSTA filed a motion to withdraw the reference on May 4, 2026 [Case No. 26-03028, ECF No. 9]. On May 18, 2026, the Bankruptcy Court entered its report and recommendation, recommending denial of the withdrawal of the reference [Case No. 26-03028, ECF No. 15]. HSTA then filed its opposition to the report and recommendation in the District Court. [4:26-cv-04226, ECF No. 3].

8. The Debtor has continuously failed to disclose the McGee Case as a case in which MMA had an alleged interest in or claim to settlement funds—even after the District Court ordered MMA to disclose such interests or claims in the First Adversary Proceeding. It is not listed in (i) the case list attached to notice MMA sent HSTA of this bankruptcy case; (ii) the Debtor's schedules; (iii) the exhibit to the first adversary complaint MMA filed; or (iv) the *complete* list of

18553561

cases MMA was *ordered* by the District Court to disclose to HSTA in the First Adversary Proceeding. MMA decided to ambush HSTA—while flouting the District Court's order—with an alleged stay violation claim when the Middle District of Louisiana sought clarification of MMA's purported interest in the settlement funds in the McGee Case.

**III.     Plan's Jurisdiction Provisions**

9.     Section 11.1 of the Plan provides that, "the Court shall retain jurisdiction over all matters arising in, arising under, or related to, the Debtor's case including matters concerning and related to, among other things, the following purposes:"

> 11.1.11. Resolve any cases, controversies, suits, disputes, or Causes of Action with respect to the settlements, compromises, releases and injunctions, and enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions;
>
> 11.1.12. Resolve any cases, controversies, suits, disputes, or Causes of Action, if any;
>
> 11.1.13. Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;
>
> 11.1.14. Determine any other matters that may arise in connection with or relate to the Plan, Disclosure Statement, Confirmation Order or any contract, instrument, release, indenture, or other agreement or document created in connection with the Plan or Disclosure Statement;
>
> 11.1.15. Adjudicate any and all disputes arising from or relating to distributions under the Plan or any transactions contemplated in the Plan;
>
> 11.1.16. Consider any modifications of the Plan, to cure any defect or omission or to reconcile any inconsistency in any Court order, including the Confirmation Order;

## OBJECTION

10.     The Debtor bears the burden of showing that the Plan complies with all applicable provisions of the Bankruptcy Code and that the Debtor has complied with the applicable provisions of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a)(1)–(2); *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters. (In Re Briscoe Enters.)*, 994 F.2d 1160, 1165 (5th Cir. 1993) (a debtor must show it has complied with the elements of section 1129(a) by a preponderance of the evidence); *In re Cypresswood Land Partners, I*, 409 B.R. 396, 422–25 (Bankr. S.D. Tex. 2009).

4

11.     Regarding jurisdiction, bankruptcy courts operate as units of district courts under 28 U.S.C. § 151, with jurisdictional authority limited by both constitutional and statutory constraints.  In *Centrust Sav. Bank v. Love*, the court emphasized that "the bankruptcy court is a unit of the district court, and bankruptcy judges are judicial officers of the district court," noting that referrals to bankruptcy court are "not mandatory" and "can be withdrawn by the district court at any time." 131 B.R. 64, 65-66 (S.D. Tex. 1991).  Critically, bankruptcy courts "cannot transfer cases in [their] jurisdiction to the district court" but may only recommend withdrawal of the reference to the district court that originally conferred jurisdiction.  *Id.* at 66.  As non-Article III courts, bankruptcy courts face constitutional limitations on their authority to enter final judgments in certain matters, though they may do so with party consent.  *See Wellness Int'l Network, Ltd. v. Sharif,* 135 S. Ct. 1932, 1949 (2015) ("Article III permits bankruptcy courts to decide *Stern* claims submitted to them by consent"). This hierarchical framework demonstrates that once the district court withdraws the reference and properly vests jurisdiction in itself, the bankruptcy court loses all authority to adjudicate the transferred matters.

12.     Unlike cases where disputes are merely potential, the parties here are litigating in First Adversary Proceeding in the United States District Court for the Southern District of Texas (Civil Action No. 4:25-cv-00990).  The District Court has exclusive jurisdiction following withdrawal of the reference specifically "as to all matters involving the division of attorney's fees" between the Debtor and HSTA [First Adversary Proceeding, ECF No. 8].  HSTA did not consent to entry of final orders by this Court and asserted its jury trial rights in the First Adversary Proceeding.  Similarly, HSTA did not consent to entry of final orders [Second Adversary Proceeding, ECF No. 23] in the Second Adversary Proceeding and is currently seeking withdrawal of the reference [Second Adversary Proceeding, ECF No. 9] in the Second Adversary Proceeding.

5

18553561

The District Court is currently considering the Bankruptcy Court's report and recommendation to deny the motion to withdraw the reference in the Second Adversary Proceeding.

13. The breadth of section 11.1.11, 11.1.12, and 11.1.14 of the Plan would, on their terms, impinge on the jurisdiction of the District Court over the First Adversary Proceeding and potentially the Second Adversary Proceeding. While Section 11.1 does not characterize such jurisdiction as "exclusive," it seeks to retain jurisdiction over such a broad swathe of matters—including all adversary proceedings for which the bankruptcy reference has been withdrawn. Under the Plan, the Bankruptcy Court would have jurisdiction to "Resolve any cases, controversies, suits, disputes, or Causes of Action." *See* Plan, § 11.1.12. Section 11 should be modified to clarify that the Plan cannot modify the District Court's jurisdiction over adversary proceedings—like the First Adversary Proceeding and the Second Adversary Proceeding—that have had or may have the reference to the Bankruptcy Court withdrawn. The District Court retains the power to refer cases to the Bankruptcy Court or not, and that power cannot be inhibited by the provisions of a chapter 11 plan.

14. The Plan is also unconfirmable for the reasons stated in the UST Objection, and the Court should deny confirmation until the Plan complies with the requirements of the Bankruptcy Code, particularly with respect to third party releases, exculpations, injunctions, and gatekeeping provisions.

## CONCLUSION

WHEREFORE, HSTA respectfully requests that the Court deny confirmation of the Plan until it is modified to preserve the District Court's jurisdiction over the adversary proceedings the Debtor has filed and for which the reference has been or may be withdrawn. HSTA further requests that the Court deny confirmation until the Debtor has modified its Plan to address the UST

6

18553561

Objection and any other objections to the Plan's releases, exculpations, injunctions, and gatekeeping provisions.

Dated: July 22, 2026
Houston, Texas.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl; TX Bar No. 24038592
Heather K. Hatfield; TX Bar No. 24050730
Michael B. Dearman; TX Bar No. 24116270
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
hhatfield@porterhedges.com
mdearman@porterhedges.com

**COUNSEL TO DEFENDANT
HAIR & SHUNNARAH TRIAL
ATTORNEYS, LLC**

## CERTIFICATE OF SERVICE

I certify that on July 22, 2026, I caused a copy of the foregoing document to be served by electronic transmission to all registered ECF users appearing in this case on July 22, 2026.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

7

18553561

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | |

## ORDER DENYING CONFIRMATION OF THIRD AMENDED PLAN
[Relates to ECF No. 1577]

On this day the Court considered confirmation of the Third Amended Joint Plan of Liquidation [ECF No. 1577] (the "***Plan***") filed by the MMA Law Firm, PLLC and the Official Committee of Unsecured Creditors.  Due notice and opportunity for hearing having been given to all parties by the Clerk, and the Court having considered the Plan, the objections thereto, any reply, any evidence, and arguments of counsel, and it having been shown to the satisfaction of the Court, it is hereby

**ORDERED** that confirmation of Debtor's Amended Plan is **DENIED**.

Signed this _____ day of _____, 2026.

_____
HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE

18553561