IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| MMA LAW FIRM, PLLC, ET AL | § | CASE NO. 24-03127-ADV |
| | § | HOUSTON, TEXAS |
| v | § | MONDAY, |
| | § | JULY 14, 2025 |
| MORRIS BART, LLC | § | 1:31 P.M. TO 5:24 P.M. |

### HEARING ON MOTION FOR SUMMARY JUDGMENT

BEFORE THE HONORABLE EDUARDO V. RODRIGUEZ
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:                          SEE NEXT PAGE

CASE MANAGER:                         JEANNIE CHAVEZ

COURTROOM ERO:                        ANA CASTRO

TRANSCRIPTION SERVICE BY:

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 Eldridge Road, #144
Sugar Land, TX 77478
281-277-5325
www.judicialtranscribers.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

EXHIBIT 2

2

**APPEARANCES:**

FOR MMA LAW FIRM, PLLC,        WALKER & PATTERSON, PC
ET AL.:                        Johnie J. Patterson, Esq.
                               P.O. Box 61301
                               Houston, TX 77208
                               713-956-5577

FOR MORRIS BART, LLC:          MILLER THIBODEAUX DYSART
                                 VEITH & PASCHAL, LLC
                               Rebekka C. Veith, Esq.
                               643 Magazine Street
                               Suite 405
                               New Orleans, LA 70130
                               504-977-9158

                               THE PROBUS LAW FIRM
                               Matthew B. Probus, Esq.
                               10497 Town & Country Way
                               Suite 930
                               Houston, TX 77024
                               713-258-2700

FOR THE OFFICIAL COMMITTEE     LAWSON & MOSHENBERG, PLLC
OF UNSECURED CREDITORS:        Avi Moshenberg, Esq.
                               801 Travis Street
                               Suite 2101
                               Houston, TX 77002
                               713-316-9155

EXHIBIT 3

**HOUSTON, TEXAS; MONDAY, JULY 14, 2025; 1:31 P.M.**

COURT SECURITY OFFICER:  All rise.

THE COURT:  Okay.  Please be seated.

All right.  Now taking up the 1:30 matter.  I'm taking appearances in 24-3127, MMA Law Firm, PLLC versus Morris Bart, LLC.

Mr. Patterson?

MR. PATTERSON:  Good afternoon, Your Honor.  Johnie Patterson here on behalf of MMA, the Debtor and Plaintiff.

THE COURT:  Thank you.

MS. VEITH:  Good afternoon, Your Honor.  Rebekka Veith here on behalf of Morris Bart, LLC, the Defendant.

THE COURT:  Thank you.

All right.  Before we get started, this is oral arguments on summary judgment, I do want to let the parties know that about 3:45 we have the United States Postal Service celebrating 150th year anniversary, so there's a large group of visitors in the courthouse and they're going to be touring my courtroom about 3:45.

So we're going to take about 1/2 hour, or 45 minute recess around that time to allow them to, you know, take over my courtroom essentially.  And then we'll get back on the Record, we'll -- just stay close by once we break for recess and we'll let you know when we're ready to get started.

MR. PROBUS:  Would you allow me to make a quick

EXHIBIT 3

THE COURT:  Thank you.  Please be seated.

All right.  Resuming with the 24-3127, matter -- do we have Mr. Moshberg on the call?

(No verbal response)

THE COURT:  I don't see him on the call.  Let's give him a few minutes.

(Participants confer)

MS. VEITH:  I think he may have just joined.

THE COURT:  Okay.  Thank you.

MR. PATTERSON:  He said he's having an audio issue, but he's ...

(Pause in proceedings)

THE COURT:  Mr. Moshenberg?

MR. MOSHENBERG:  Hi, Your Honor.  I apologize for that, Your Honor.  I was -- I had some weird hold music, for some reason, and I couldn't get on.

THE COURT:  Very well.  Are you ready to proceed?

MR. MOSHENBERG:  Whenever you are, Your Honor.

THE COURT:  Go ahead.  We're back on the record.

MR. MOSHENBERG:  Well, thank you, Judge.  I will be very short, I promise.  I think Mr. Patterson did a really good job covering the major issues.

Just to pick up where we left off, I think it is worth pointing out, again, their argument on the basis of unauthorized practice of law, that there is a non-recoverable

fee here.  Mr. Patterson hit it really hard and I totally agree, the Louisiana statute does not let a competing law firm make that argument; that's an argument that belongs to the client, to the party.  It doesn't belong to another lawyer or another law firm, especially a competitor law firm.

And in fact, the statute itself only allows you to recover a claim.  It doesn't say you can argue the unauthorized practice of law as a defense.  And again, you have to be a party, you can't be a law firm to make this argument.

Similarly, in terms of the argument that it's void, I thought Mr. Patterson really explained well to you, Your Honor, the Article III standing issue.  And the Court itself flagged there's this argument about Prudential standing, which is actually a little bit different than Article III standing, which is more just judicial self-restraint; that, even if there is, arguably, a case in controversy, there are certain instances where a court will exercise restraint and not go forward with allowing the issue to be litigated.  And one of those issues -- and that's called "Prudential standing," as the Court flagged.  One of those issues is when you're litigating the rights of others -- right?  That are not in the proceeding.

And here, what Morris Bart wants this Court to do is to hold a contract between MMA and its former clients, a party

new or different from one of the litigant's positions.  And what I just heard Mr. Moshenberg do is just buttress the position of the defendants.

So we put this in our response to his brief, but I'll say here again we do not think that his arguments or his brief are appropriately considered by this Court because they don't offer a unique amicus perspective, which is the point of an amicus brief.

To respond to Mr. Patterson, there was a lot of time spent on standing.  Your Honor, if you can find a case that says a defendant has to have Article III standing, I know that you're smarter than me, but I will know it for sure because I looked up, down, and all over the place.  Article III standing is something that a plaintiff has to have, not a defendant.

We are not making a claim in this case.  There is no counterclaim, there is no lawsuit by Morris Bart against MMA.  We are defendants raising a defense.  Standing is not a prerequisite to assert a defense.

And regardless, if it were, as Your Honor, I think, identified, the injury that the Louisiana District Court found was missing is here now because what the Louisiana District Court did is say that Morris Bart could not show that MMA was imminently seeking fees to which Morris Bart believed it was entitled.

I heard a lot from Mr. Patterson that that's what

we're doing.  We're -- we -- whether we're doing it appropriately or not, in his view, we believe we're entitled to these fees that MMA is seeking.  So the injury that was missing is now present.  But it doesn't matter because we do not have to have injury in order to assert a defense.

That's -- and the same thing with Mr. Moshenberg's point about the unauthorized practice of law statute being something that only a plain -- or a client can assert.  Correct, only a client can bring a claim for civil liability or injunctive relief under the unauthorized practice of law statute.  But that's not what we're doing here.  We're not asking you to issue an injunction.  We're not asking for relief.

Instead, because Article 2030 says that a contract is an absolute nullity if it is violative of a rule of a public order, we are identifying the rule of public order that it is violative of.  That is our defense to the claim. What's -- the posture of this lawsuit is that MMA is saying certain money is property of the estate because we're entitled to it under our contingency fee contracts.

Our defense to that claim is you do not have a valid contract.  The reason you do not have a valid contract is because of your -- we're not saying MMA was engaged in --

THE COURT:  So your --

MS. VEITH:  -- an unauthorized --

EXHIBIT 3

MS. VEITH:  -- have to have --

THE COURT:  -- do you have to back that up?  I mean, where are you getting --

MS. VEITH:  Article III --

THE COURT:  -- this argument?

MS. VEITH:  -- which is -- requires a plaintiff to show standing.  I mean, all of the cases that address -- Lujan, any case -- *Spokeo*, which is the most recent one addressing standing, say that a plaintiff has to prove standing.  It is a plaintiff who has to show that they have the ability to avail themselves of the Federal District Court.  We didn't ask to be hauled into this Court.  We are here defending ourselves, so we are presenting a defense to MMA's claims.  We are not asserting our own claim.  We are not asking for any injury to be redressed.

THE COURT:  You're not?

MS. VEITH:  No, it's a -- it is a defense to the injury that they claim.

THE COURT:  Okay.

MS. VEITH:  Thank you, Your Honor.

So there was also discussion by Mr. Patterson of the 40 clients whose cases were settled that we took on after and were referenced in Judge Africk's order.  That's not in the record.  There is no citation to any particular plaintiff whose case was settled prior to Morris Bart taking on the

evidence of that, there is zero evidence of that.  I know that's the recollection -- or that's the assertion.

But I can tell you that Velawcity was hired as an agent of MMA to operate the call center.  I mean, that's what call centers do.  There's nothing untoward of that.  But again, there is no evidence that there was ever anything said or done on behalf of any client which they were upset with.  And we can go to these affidavits, not that it matters because the issue here is whether they have standing to assert these claims and the effect of that.

But let me go to the standing.  And to suggest that -- I'm struggling to even argue.  But Morris Bart says that yes, we have -- our clients are identical in this case and that we asserted, I think, in the Eastern District, the case that we talked about that was dismissed.  Those claims are identical, they stand here and say that.  But to assert them as a defendant, as a counterclaim or cross-claim, however you want to talk about it, if it's a claim, you still have to have standing to assert that claim.

This is not a defense.  A defense is I didn't do it.  A defense is I don't owe the money, I didn't breach the contract, right?  Or an affirmative defense that yes, you are correct, yes, your claims are good, but for the statute of limitations, I'm not liable, right?  Affirmative defense.

But to assert a claim, defendants assert claims all

the time.  That's what a counterclaim is, right?  So they admit that they're identical, right?  And so how can you assert a claim as a plaintiff that's only a defense?  It makes no sense whatsoever, right?  I can -- the claim is the claim.  And asserting a claim against another party requires standing.

I'm happy to brief that issue.  But plaintiffs generally bring claims, right?  That's the most common thing, and so that's what the cases are going to talk about.  But I guarantee you there's no case that says, if you bring a claim for breach of contract as a defendant, as a counterclaim, you don't have to have Article III standing.  That doesn't even make sense.  I haven't done the research, but I feel highly confident that's not what the law is.

So to say, somehow, that an affirmative claim that I bring as a plaintiff in Court A, and I lose, I bring as a defendant as a counterclaim and I don't have to meet the standing requirements, right?  Standing is kind of the guidepost of the justiciability concept in the Constitution.  There has to be a live controversy, right?  That's what courts do is they determine controversies.  If there's no a controversy, then it's an advisory opinion.  And so that's how it kind of all fits together.

THE COURT:  Uh-huh.

MR. PATTERSON:  So we're saying that the standing

*I certify that the foregoing is a correct transcript to the best of my ability produced from the electronic sound recording of the proceedings in the above-entitled matter.*

/S./  MARY D. HENRY

*CERTIFIED BY THE AMERICAN ASSOCIATION OF*

*ELECTRONIC REPORTERS AND TRANSCRIBERS, CET\*\*337*

*JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

*JTT TRANSCRIPT #70587*

*DATE FILED:  FEBRUARY 25, 2026*