IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| MMA LAW FIRM, PLLC | § | CASE NO. 24-31596 |
| | § | |
| *Debtor* | § | |
| | § | |

## ACCESS RESTORATION SERVICES US, INC.'S LIMITED OBJECTION TO DEBTOR'S THIRD AMENDED JOINT PLAN OF LIQUIDATION

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Creditor, ACCESS RESTORATION SERVICES US, INC. ("ARS"), by and through the undersigned counsel, files this Limited Objection to the Third Amended Joint Plan of Liquidation (the "Amended Plan") [ECF No. 1577], and in support thereof would show as follows:

### INTRODUCTION

1. As drafted, the Amended Plan contains provisions that are impermissible under Fifth Circuit law. Such provision would improperly extinguish MMA's pending state court claims against John Zachary Moseley, individually ("Moseley") and/or impose restrictions to ARS's prosecution of such claims. For these reasons, ARS respectfully requests that confirmation of the Amended Plan be denied, or in the alternative, the Cour should order the Debtor to modify the Amended Plan's exculpation, gatekeeper, and injunction provisions to conform with applicable law as a condition of conformation.

### BACKGROUND

2. On or about April 21, 2023, ARS filed a lawsuit against MMA Law Firm, PLLC (the "Debtor") and John Zachary Moseley, individually, in Cause No. 2023-25422 in the 270th Judicial District Court of Harris County, Texas (the "Lawsuit"). The State Court Lawsuit remains pending against Moseley.

**OBJECTION**

**A.      The Exculpation Provision is Overly Broad in Violation of Fifth Circuit Authority.**

3.      Section 1.1.33 of the Amended Plan defines "Exculpated Parties" to include:

(a) the Debtor, (b) the Committee; and (c) with respect to each of the foregoing, such Entity's and its current and former equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case acting in such capacity at any time on or after the Petition Date.

Amended Plan, §1.1.33.

4.      To the extent that applicable law authorizes exculpation beyond 11 U.S.C. § 1125(e), the Amended Plan improperly provides overly broad exculpation coverage to the related parties of the Debtor and the Committee including "current and former equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case acting in such capacity at any time on or after the Petition Date" in violation of Fifth Circuit case law. *NexPoint Advisors, L.P. v. Highland Capital Management L.P.* (*In re Highland Capital Management, L.P.*), 48 F.4th 419, 437-38 (5th Cir. 2022, cert denied). This controlling decision is unequivocal. Fifth Circuit precedent, including *Bank of New York Trust Company, NA v. Official Unsecured Creditors' Committee* (*In re Pacific Lumber Co.*) 584 F.3d 229 (5th Cir. 2009), and section 524(e) of the Bankruptcy Code, "require any exculpation in a Chapter 11 reorganization plan be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties . . . ." *In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 437 (5th Cir. 2022, cert denied).

5.      Specifically, the Fifth Circuit in *Highland Capital* analyzed whether the independent directors who were specifically appointed by the Official Committee of Unsecured Creditors in the

*Highland Capital* bankruptcy case pursuant to an order entered by the bankruptcy court to act together as the bankruptcy trustee could be exculpated and concluded:

> That leaves one remaining question: whether the bankruptcy court can exculpate the Independent Directors under Pacific Lumber. We answer in the affirmative. As the bankruptcy court's governance order clarified, nontraditional as it may be, the Independent Directors were appointed to act together as the bankruptcy trustee for Highland Capital. Like a debtor-in-possession, the Independent Directors are entitled to all the rights and powers of a trustee. See 11 U.S.C. § 1107(a); 7 COLLIER ON BANKRUPTCY ¶ 1101.01. It follows that the Independent Directors are entitled to the limited qualified immunity for any actions short of gross negligence. See In re Hilal, 534 F.3d at 501. Under this unique governance structure, the bankruptcy court legally exculpated the Independent Directors.

*In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 437.

6.      The Debtors, the creditors' committee and its members, and trustees are the only parties for which the Fifth Circuit has allowed exculpation. Under *Highland I*, "current and former equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case acting in such capacity at any time on or after the Petition Date" are not entitled to exculpation. Indeed, the Fifth Circuit in *Highland I* struck from the definition of exculpated parties numerous parties, including professionals retained by the Debtors and the Claimant Trust, among others. *In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 438. Thus, to be consistent with Fifth Circuit precedent, the definition of Exculpated Parties in Article 1.1.33 should be modified so that the only exculpated parties are solely the Debtor, the Committee and its members (for conduct within their statutory duties under § 1103(c)), and any party serving in a trustee or quasi-trustee capacity (for conduct within the scope of their fiduciary duties and short of gross negligence).

7.      Moreover, Article 9.5 of the Amended Plan includes language that improperly expands the protection of the Exculpation Provision. To be consistent with Fifth Circuit precedent, Article 9.5 of the Amended Plan should be modified as suggested by the U.S. Trustee in its objection

to the Amended Plan, as follows:

> **THE EXCULPATED PARTIES SHALL NEITHER HAVE NOR INCUR ANY LIABILITY TO** ~~ANY HOLDER OF A CLAIM OR INTEREST, THE DEBTOR, THE REORGANIZED DEBTOR, THE ESTATE, OR ANY OTHER ENTITY~~ **PERSON FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH OR ARISING OUT OF THE CASE, THE CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, THE ADMINISTRATION OF THE PLAN OR THE ASSETS AND PROPERTY TO BE DISTRIBUTED PURSUANT TO THE PLAN (INCLUDING UNCLAIMED PROPERTY UNDER THE PLAN), UNLESS SUCH ENTITY'S ACTION IS DETERMINED AS (i) BAD FAITH; (ii) ACTUAL FRAUD; (iii) WILLFUL MISCONDUCT; OR (iv) GROSS NEGLIGENCE, IN EACH CASE BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION.** ~~EACH ENTITY MAY REASONABLY RELY UPON THE OPINIONS OF ITS COUNSEL, CERTIFIED PUBLIC ACCOUNTANTS, AND OTHER EXPERTS OR PROFESSIONALS.~~ **FOR THE AVOIDANCE OF DOUBT, THE EXCULPATION IN THIS § 9.5 SHALL NOT APPLY TO ANY ACTIONS TAKEN PRIOR TO THE PETITION DATE. THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAW OR RULES PROTECTING THE PARTIES EXCULPATED IN THIS PLAN FROM LIABILITY. FOR THE AVOIDANCE OF DOUBT, AND CONSISTENT WITH SECTIONS 524(e) AND 105 OF THE BANKRUPTCY CODE, THE EXCULPATION PROVIDED SHALL EXTEND ONLY TO THE DEBTOR AND OTHER ESTATE FIDUCIARIES, AND SOLELY FOR CONDUCT WITHIN THE SCOPE OF THEIR DUTIES IN CONNECTION WITH THE CASE.**

**B.      The Injunction Provision Violates Fifth Circuit Precedent and the Bankruptcy Code.**

8.      Article 9.7 of the Amended Plan improperly attempts to expand the gatekeeper provision to the injunction provision in violation of *Highland Cap. Mgmt. Fund Advisors, L.P. v. Highland Cap. Mgmt., L.P.* (*In re Highland Cap. Mgmt., L.P.*), 132 F.4th 353 (5th Cir. 2025) ("*Highland II*"). The Fifth Circuit clarified in *Highland II* that:

> the proper reading of Highland I is to require the bankruptcy court to narrow the definition of 'Protected Parties' used in the Gatekeeper Clause coextensively with the definition of 'Exculpated Parties' used in the Exculpation Provision, to read simply: 'collectively, (i) the Debtor; (ii) the Independent Directors, for conduct within the scope of their duties; (iii) the Committee; and (iv) the members of the Committee in their official capacities, for conduct within the scope of their duties.' Both (1) the opinion's plain language and (2) the change made to the opinion on

rehearing elucidate this holding.

*Highland II*, 132 F.4th at 360 (quoting *Highland I*, 48 F.4th 419).

9.      The *Container Store* court recently applied the *Highland II* holding regarding gatekeeping provisions and reasoned that "[t]he Fifth Circuit neither held nor implied that consensual third-party releases could allow a bankruptcy court to authorize gatekeeping provisions beyond the bounds of the Barton doctrine under § 105. Rather, doing so would be 'patently beyond the power of Article I court under § 105.'" *Container Store*, 2026 WL 395898, at *24. The court held that "[t]he Plan's gatekeeping provision must be limited to the scope of *Highland II*, which in turn limits the provision to the Barton doctrine." *Id*.

10.      To comply with the Fifth Circuit's directives in *Highland II* and *Container Store*, the language in Article 9.7 should be modified as follows:

> **Gatekeeper Provision.** No Person or Entity may commence, continue, amend, or otherwise pursue, join in, or otherwise support any other party commencing, continuing, amending, or pursuing, a Claim or Cause of Action of any kind that may be subject to the foregoing exculpation ~~and injunction~~ provisions, in each case without first (i) requesting a determination from the Court, after notice to all affected parties and a hearing, that such Claim or Cause of Action represents a colorable claim and is not subject to the foregoing exculpation ~~and injunction provision~~s, which request must attach the complaint or petition proposed to be filed by the requesting party and (ii) obtaining from the Court specific authorization for such party to bring such Claim or Cause of Action. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any claims or causes of action not explicitly included in the authorized complaint or petition must obtain authorization from the Court before filing any such amendment in the court where such complaint or petition is pending. The Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by applicable law. For the avoidance of doubt, this gatekeeper provision is limited to the Exculpated Parties and to the exculpation provisions of this Plan, and does not extend to any party beyond the Exculpated Parties or to any Claim or Cause of Action merely relating to the Case.

## C.      The Stay Party Injunction Impermissibly Extends to Third-Parties.

11.      Amended Plan sections 5.6 and 5.8 establish a "Stay Party" injunction. Upon entry of the Confirmation Order and continuing for 18 months, "ALL PERSONS AND ENTITIES ARE

STAYED AND ENJOINED FROM COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY JUDICIAL, ADMINISTRATIVE, ARBITRAL, OR OTHER ACTION OR PROCEEDING OF ANY KIND AGAINST ANY OF THE STAY PARTIES [i.e., Moseley, Ohlsson, and Weaver-Gallacher] IN HIS OR HER INDIVIDUAL OR PERSONAL CAPACITY." Plan, § 5.8. The sole carve-out from this stay is for EAJF's preserved guaranty claims against Moseley under the EAJF Settlement (ECF No. 588). There is no carve-out for JJA's (or any party's) claims against Moseley.

12. First, ARS never opted into or consented to any release or stay of its pending claims against Moseley. Second, the Amended Plan and Disclosure Statement do not identify any extraordinary or exceptional circumstances establishing that the Stay Party injunction is necessary to the administration of the estate, and no evidence has been presented that staying claims against Moseley for 18 months will generate any incremental value for the estate or facilitate any estate function. Third, the Amended Plan is a liquidating plan with no reorganization to protect. The traditional justification for non-debtor injunctions—that they are "necessary to the reorganization"—is wholly absent. There is no going-concern to protect, no fresh-start equity infusion conditioned on release of claims against the Stay Parties, and no evidence that ARS's prosecution of its pending claims against Moseley would impair the Plan Administrator's independent, retained causes of action against insiders.

13. Moreover, the Amended Plan's section 9.9 provides: "nothing in the release provisions in this Plan shall operate as a third-party discharge or affect the liability of any non-debtor party in contravention of 11 U.S.C. § 524(e)." This provision is an admission by the Amended Plan's proponents that the release provisions in the Amended Plan cannot lawfully extinguish or stay claims against non-debtors like Moseley without consent. The Stay Party injunction, which does precisely that, is irreconcilable with Plan section 9.9 and with section 524(e)

of the Bankruptcy Code as a matter of law. ARS requests, that at minimum, its pending claims against Moseley be expressly carved out from the Stay Party injunction.

**CONCLUSION**

14. Debtor's Amended Plan violates various provisions of the Bankruptcy Code. For the reasons set in detail above, the Court should deny confirmation of the Amended Plan, or require amendments to the Amended Plan as set forth herein.

WHEREFORE, ACCESS RESTORATION SERVICES US, INC. respectfully requests that the Court:

i. Deny confirmation of the Amended Plan as currently drafted; or

ii. in the alternative, require modification of the Amended Plan's offending provisions as a condition of confirmation, including:

 a. Narrowing the definition of "Exculpated Parties" (§ 1.1.33) to conform with *Highland I* and *Pacific Lumber* by limiting it to the Debtor, the Committee and its members (for conduct within their statutory duties under § 1103(c)), and any party serving in a trustee or quasi-trustee capacity (for conduct within the scope of their fiduciary duties and short of gross negligence);

 b. Striking "and injunction" from section 9.7 and narrowing the Gatekeeper Provision to extend only to estate fiduciaries for acts taken in their fiduciary capacity, consistent with applicable law;

 c. Expressly carving out from the Stay Party injunction (Plan, §§ 5.6 and 5.8) all of ARS's claims against Moseley; and

 d. Declaring that Plan §§ 9.5, 9.6, and 9.7 do not and cannot reach, channel, enjoin, or impose gatekeeping requirements on ARS's claims against Moseley.

iii. Granting ARS such other and further relief as the Court deems just and equitable.

Dated: July 22, 2026

Respectfully submitted,

**ANDREWS MYERS, P.C.**

*/s/ Lisa M. Norman*
LISA M. NORMAN
SBN: 24037190
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
lnorman@andrewsmyers.com

**COUNSEL FOR CREDITOR**
**ACCESS RESTORATION SERVICES US, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2026, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF.

*/s/ Lisa M. Norman*
LISA M. NORMAN