EXHIBIT

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **MMA LAW FIRM, PLLC** | ) | **Case No. 24-31596** |
| | ) | |
| **Debtor(s).** | ) | |
| | ) | |

**UNITED STATES TRUSTEE OBJECTION TO THIRD AMENDED JOINT PLAN OF**
**LIQUIDATION**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), by and through the undersigned counsel, files this Objection to the *Third Amended Joint Plan of Liquidation* (the "Amended Plan") [ECF No. 1577]. In support of the Objection, the U.S. Trustee states as follows:

**INTRODUCTION**

1. After two years in bankruptcy, MMA Law Firm, PLLC (the "Debtor") has presented a plan of liquidation. The Amended Plan does not comply with basic requirements of the Bankruptcy Code. Confirmation of the Amended Plan should be denied should be denied because it includes provisions that improperly: (i) bind the Plan Administrator to continue paying post-confirmation for health insurance benefits of insiders and employees of the Debtor after it ceases to operate as a law firm; (ii) extends to automatic stay post-confirmation to non-debtor individuals; (iii) expands the exculpations and gatekeeping provisions in violation of Fifth Circuit precedent.

**JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY TO ENTER A**
**FINAL ORDER**

2. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

3. This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

4. Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

5. The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11, the U.S. Trustee's supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

## OBJECTION

**Statutory Standard**

6. Section 1129(a) of the Bankruptcy Code sets forth the requirements for confirming a chapter 11 plan. Among other things, a plan must comply with the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1). The Debtors bear the burden of establishing that the Plan complies with all elements of section 1129. *In re Cypresswood Land Partners*, I, 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009).

7. The Debtors bear the burden of establishing that the Plan complies with all elements of section 1129. *In re Cypresswood Land Partners, I*, 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009).

2

*The Amended Plan Improperly Attempts to Bind the Plan Administrator To Pay Health Insurance of Insiders of the Debtor.*

8. The Amended Plan provides that certain insiders and employees of the Debtor will continue to assist the Debtor in post-confirmation liquidation efforts as Consultants. Specifically, Article 5.7 of the Amended Plan provides as follows:

> The continuation of the same or comparable health insurance for each Consultant is a negotiated and integral component of the Consultants' below-market compensation and is provided in consideration of the Consultants' agreement to remain available to assist the Plan Administrator during the wind-down. The hourly rates set forth above are materially below the rates that would be required to retain comparably knowledgeable professionals, and the continuation of existing health coverage was a condition of the Consultants' agreement to provide ongoing services. For the avoidance of doubt, the Plan Administrator shall pay the premiums for such health insurance coverage from Estate funds as a Permitted Expense, and such coverage shall continue only for so long as the applicable Consultant continues to provide services to the Plan Administrator.

9. The Amended Plan provides for the liquidation of the assets of the Debtor by the Plan Administrator. The Plan Administrator will execute the fiduciary functions that a liquidating trustee ordinarily performs in a chapter 11 liquidating plan.

10. Article 5.7 does not specify who negotiated the continuation of health insurance benefits with the Consultants. However, the Plan Administrator was clearly not involved in the negotiation because such entity will come into existence only if the Amended Plan is confirmed. The Plan Administrator as a fiduciary of the estate should have the ability to exercise her judgment as to the propriety of maintaining the health insurance coverage of insiders and employees of the Debtor post-confirmation.

11. The continuation of the health insurance coverage for insiders and employes of the Debtor is not justified. The Debtor will cease to operate as a law firm on the Effective Date. Moreover, consultants that provide services on an hourly basis do not receive health insurance. The conditions the Amended Plan creates for the assistance of the Consultants allows insiders to

extract additional benefits from the Debtor before it ceases to operate and creates the appearance of bad faith. For these reasons, Article 5.7, and any other provision of the Amended Plan referencing payment of health insurance to the Consultants, should not the approved.

### *The Amended Plan Improperly Seeks to Extend the Automatic Stay to Three Non-Debtor Individual During the Post-Confirmation Period.*

12. Article 5.8 of the Amended Plan improperly seeks to extend the automatic stay post-confirmation to three non-debtor individuals —Zach Moseley, Katy Ohlsson, and Morgan Ewaver-Callacher (the "Stay Parties") for a period of 18 months. First, the Debtor acknowledges in the Amended Disclosure Statement that it does not have causes of action against two of the Stay Parties, Ohlsson and Weaver-Callacher. *See* ECF No. 1576, p.25. Moreover, these two individuals are not co-debtors of the Debtor. Thus, the inclusion of Ohlsson and Weaver-Gallacher as Stay Parties is capricious and unwarranted under the facts of the case.

13. Importantly, the stay contemplated in the Amended Plan is not justified under controlling law. A post-confirmation stay requires the filing of an adversary proceeding. *See Matter of Zale Corp.*, 62 F.3d 746, 766 (5th Cir. 1995) (holding that "the bankruptcy court failed to conduct an adversary proceeding as required by Rule 7001 for the entry of a § 105 temporary injunction."). The Court has previously ruled in this case that extending the stay to Mosely requires the filing of an adversary proceeding.

14. As it relates to Moseley, is important to note that this bankruptcy case has been pending for two years and Mosely already received the benefits of the stay while the Debtor developed a chapter 11 plan. Extending the stay to Moseley during the post-confirmation period is unwarranted. The Debtor has causes of actions against Moseley that must be investigated and pursued by conflicts counsel. Importantly, Moseley is also a co-debtor to the main secured debt of

4

the Debtor. Thus, it is in Moseley's best interest to assist the Debtor in its liquidation efforts because payments made by the Debtor to the secured creditor reduce Moseley's personal liability.

### *The Exculpation Provision is Overly Broad in Violation of Fifth Circuit Authority.*

15.     To the extent that applicable law authorizes exculpation beyond 11 U.S.C. § 1125(e), the Amended Plan improperly provides overly broad exculpation coverage to the related parties of the Debtor and the Committee including "current and former equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case acting in such capacity at any time on or after the Petition Date" in violation of Fifth Circuit case law. *NexPoint Advisors, L.P. v. Highland Capital Management L.P. (In re Highland Capital Management, L.P.),* 48 F.4th 419, 437-38 (5th Cir. 2022, cert denied). This controlling decision is unequivocal. Fifth Circuit precedent, including *Bank of New York Trust Company, NA v. Official Unsecured Creditors' Committee (In re Pacific Lumber Co.)* 584 F.3d 229 (5th Cir. 2009), and section 524(e) of the Bankruptcy Code, "require any exculpation in a Chapter 11 reorganization plan be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties . . . ." *In re Highland Cap. Mgmt., L.P.,* 48 F.4th at 437 (5th Cir. 2022, cert denied).

16.     Specifically, the Fifth Circuit in *Highland Capital* analyzed whether the independent directors who were specifically appointed by the Official Committee of Unsecured Creditors in the Highland Capital bankruptcy case pursuant to an order entered by the bankruptcy court to act together as the bankruptcy trustee could be exculpated and concluded:

> That leaves one remaining question: whether the bankruptcy court can exculpate the Independent Directors under Pacific Lumber. We answer in the affirmative.

As the bankruptcy court's governance order clarified, nontraditional as it may be, the Independent Directors were appointed to act together as the bankruptcy trustee for Highland Capital. Like a debtor-in-possession, the Independent Directors are entitled to all the rights and powers of a trustee. See 11 U.S.C. § 1107(a); 7 COLLIER ON BANKRUPTCY ¶ 1101.01. It follows that the Independent Directors are entitled to the limited qualified immunity for any actions short of gross negligence. See In re Hilal, 534 F.3d at 501. Under this unique governance structure, the bankruptcy court legally exculpated the Independent Directors.

*In re Highland Cap. Mgmt., L.P.,* 48 F.4th at 437.

17. The Debtors, the creditors' committee and its members, and trustees are the only parties for which the Fifth Circuit has allowed exculpation. Under *Highland I,* "current and former equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case acting in such capacity at any time on or after the Petition Date" are not entitled to exculpation. Indeed, the Fifth Circuit in *Highland I* struck from the definition of exculpated parties numerous parties, including professionals retained by the Debtors and the Claimant Trust, among others. *In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 438. Thus, to be consistent with Fifth Circuit precedent, the definition of *Exculpated Parties* in Article 1.1.33 should be modified as follows:

> **EXCULPATED PARTIES:** means, collectively, and in each case, in its capacity as such: (a) the Debtor, (b) the Committee; and (c) with respect to each of the foregoing, such Entity's and its current and former equity holders, subsidiaries, officers, directors, managers, principals, members, employees, agents, advisors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case acting in such capacity at any time on or after the Petition Date. Notwithstanding the foregoing, nothing in the Plan shall release, or impair any Cause of Action of the Estate against any insider (including John Zachary Moseley), all of which Causes of Action are expressly preserved.

6

18.    Moreover, Article 9.5 of the Plan includes language that improperly expands the protection of the Exculpation Provision. To be consistent with Fifth Circuit precedent, Article 9.5 of the Plan should be modified as follows:

> **THE EXCULPATED PARTIES SHALL NEITHER HAVE NOR INCUR ANY LIABILITY TO ~~ANY HOLDER OF A CLAIM OR INTEREST, THE DEBTOR, THE REORGANIZED DEBTOR, THE ESTATE, OR~~ ANY ~~OTHER ENTITY~~ <span style="color:red">PERSON</span> FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN FROM THE PETITION DATE TO THE EFFECTIVE DATE IN CONNECTION WITH OR ARISING OUT OF THE CASE, THE CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, THE ADMINISTRATION OF THE PLAN OR THE ASSETS AND PROPERTY TO BE DISTRIBUTED PURSUANT TO THE PLAN (INCLUDING UNCLAIMED PROPERTY UNDER THE PLAN), UNLESS SUCH ENTITY'S ACTION IS DETERMINED AS (i) BAD FAITH; (ii) ACTUAL FRAUD; (iii) WILLFUL MISCONDUCT; OR (iv) GROSS NEGLIGENCE, IN EACH CASE BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION. ~~EACH ENTITY MAY REASONABLY RELY UPON THE OPINIONS OF ITS COUNSEL, CERTIFIED PUBLIC ACCOUNTANTS, AND OTHER EXPERTS OR PROFESSIONALS.~~ FOR THE AVOIDANCE OF DOUBT, THE EXCULPATION IN THIS § 9.5 SHALL NOT APPLY TO ANY ACTIONS TAKEN PRIOR TO THE PETITION DATE. THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAW OR RULES PROTECTING THE PARTIES EXCULPATED IN THIS PLAN FROM LIABILITY. FOR THE AVOIDANCE OF DOUBT, AND CONSISTENT WITH SECTIONS 524(e) AND 105 OF THE BANKRUPTCY CODE, THE EXCULPATION PROVIDED SHALL EXTEND ONLY TO THE DEBTOR AND OTHER ESTATE FIDUCIARIES, AND SOLELY FOR CONDUCT WITHIN THE SCOPE OF THEIR DUTIES IN CONNECTION WITH THE CASE.**

### *The Injunction Provision Violates Fifth Circuit Precedent and the Bankruptcy Code.*

19.    Article 9.7 of the Amended Plan improperly attempts to expand the gatekeeper provision to the injunction provision in violation of *Highland Cap. Mgmt. Fund Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.),* 132 F.4th 353 (5th Cir. 2025) ("*Highland II*"). The Fifth Circuit clarified in *Highland II* that:

7

> the proper reading of *Highland I* is to require the bankruptcy court to narrow the definition of 'Protected Parties' used in the Gatekeeper Clause coextensively with the definition of 'Exculpated Parties' used in the Exculpation Provision, to read simply: 'collectively, (i) the Debtor; (ii) the Independent Directors, for conduct within the scope of their duties; (iii) the Committee; and (iv) the members of the Committee in their official capacities, for conduct within the scope of their duties.' Both (1) the opinion's plain language and (2) the change made to the opinion on rehearing elucidate this holding.

*Highland II*, 132 F.4th at 360 (quoting *Highland I*, 48 F.4th 419).

20. The *Container Store* court recently applied the *Highland II* holding regarding gatekeeping provisions and reasoned that "[t]he Fifth Circuit neither held nor implied that consensual third-party releases could allow a bankruptcy court to authorize gatekeeping provisions beyond the bounds of the Barton doctrine under § 105. Rather, doing so would be 'patently beyond the power of Article I court under § 105.'" *Container Store,* 2026 WL 395898, at *24. The court held that "[t]he Plan's gatekeeping provision must be limited to the scope of *Highland II*, which in turn limits the provision to the *Barton* doctrine." *Id.*

21. To comply with the Fifth Circuit's directives in *Highland II* and *Container Store*, the language in Article 9.7 should be modified as follows:

> Gatekeeper Provision. No Person or Entity may commence, continue, amend, or otherwise pursue, join in, or otherwise support any other party commencing, continuing, amending, or pursuing, a Claim or Cause of Action of any kind that may be subject to the foregoing exculpation ~~and injunction~~ provisions, in each case without first (i) requesting a determination from the Court, after notice to all affected parties and a hearing, that such Claim or Cause of Action represents a colorable claim and is not subject to the foregoing exculpation ~~and injunction~~ provision~~s~~, which request must attach the complaint or petition proposed to be filed by the requesting party and (ii) obtaining from the Court specific authorization for such party to bring such Claim or Cause of Action. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any claims or causes of action not explicitly included in the authorized complaint or petition must obtain authorization from the Court before filing any such amendment in the court where such complaint or petition is pending. ~~The Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by applicable law.~~ For the avoidance of doubt, this gatekeeper provision is limited to the Exculpated Parties

and to the exculpation provisions of this Plan, and does not extend to any party beyond the Exculpated Parties or to any Claim or Cause of Action merely relating to the Case.

## CONCLUSION

22.     Debtor's Amended Plan violates various provisions of the Bankruptcy Code. For the reasons set in detail above, the court should deny confirmation of the Amended Plan.

**WHEREFORE**, the U.S. Trustee respectfully requests this Court to enter an Order denying confirmation of the Amended Plan [ECF No. 1577].

Dated: July 16, 2026

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

By: /s/ Andrew Jiménez
Andrew Jiménez
U.S. Department of Justice
United States Trustee Program
District of Columbia Bar 991907
Email: Andrew.Jimenez@usdoj.gov
515 Rusk Street, Suite 3516
Houston, TX 77002
(713) 718-4668
(713) 718-4670 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing UNITED STATES TRUSTEE OBJECTION TO THIRD AMENDED PLAN OF LIQUIDATION was served upon all parties entitled to receive notice by CM/ECF on July 16, 2026.

/s/ Andrew Jiménez
Andrew Jiménez

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | ) | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **MMA LAW FIRM, PLLC** | ) | **Case No. 24-31596** |
| | ) | |
| | ) | |
| **Debtor(s).** | ) | |
| | ) | |

<u>**ORDER DENYING CONFIRMATION OF THIRD AMENDED PLAN**</u>
**Related to ECF No. 1557**

CAME ON to be considered for confirmation the *Third Amended Joint Plan of Liquidation* (the "Amended Plan"). [ECF No. 1557]. Due notice and opportunity for hearing having been given to all parties by the Clerk, and it having been shown to the satisfaction of the Court, it is hereby

**ORDERED** that confirmation of Debtor's Amended Plan is **DENIED**.

Signed: _____

_____
**EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE**