United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 24, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| | § | **CHAPTER 11** |

## ORDER

Pending before the Court is a single matter self-styled as "Second Amended Disclosure Statement In Support of Second Amended Joint Plan Of Liquidation" ("*Disclosure Statement*"), [ECF No. 1556] filed on June 24, 2026 along with a Plan of Liquidation ("*Plan*"), [ECF No. 1557], by MMA Law Firm, PLLC ("*Debtor*") . On June 9, 2026 the United States Trustee ("*US Trustee*") filed its Objection. [ECF No. 1541]. Allied World Insurance Company ("*Allied World*") filed its Reservation of Rights, [ECF No. 1543] and stated on the record at the June 24, 2026 hearing that the Disclosure Statement adequately addressed its Reservation of Rights concerns. On June 10, 2026, Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "EAJF"), filed its Objection. [ECF No. 1545].

The Disclosure Statement describes a Plan under which the Debtor would no longer operate as a law firm but assist the proposed Plan Administrator in prosecuting claims and causes of action against multiple law firms to recover fees and expenses, and to potentially sell the Debtor's mass tort dockets. The Plan proposes to treat creditors in five classes, with distributions contingent upon the Debtor's ability to prosecute and recover claims and on the sale or monetization of mass tort dockets.

This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334. Approval of a disclosure statement is a core proceeding under 28 USC § 157(b)(2)(L). The Debtor bears the burden of establishing that the disclosure statement complies with all elements of Section 1125 of the Bankruptcy Code. Section 1125 requires that it contain adequate information. Section 1125(a)(1) defines "adequate information" as: information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal Tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. 11 U.S.C. § 1125. The determination of whether a disclosure statement contains adequate information is subjective and made on a case-by-case basis, largely within the discretion of the bankruptcy court. *In re Tex. Extrusion Corp.*, 844 F2d 1142 (5th Cir. 1988).

As a preliminary matter, the Court overrules the "patently unconfirmable" objection raised by EAJF. Nevertheless, the Court finds that the Disclosure Statement suffers from multiple deficiencies that render it inadequate under Section 1125. The Court will address each in turn. The US Trustee's objection is sustained as it pertains to (i) **Insurance:** the disclosure statement lacking adequate information relating to the health insurance coverage as currently articulated in Section D of the Disclosure Statement; (ii) **Tolling:** Section E of the Disclosure fails to adequately articulate the lack of any chapter 5 causes of action as against Ms. Ohlsson and Ms. Weaver-Gallacher; (iii) **Waterfall:** Section G of the Disclosure Statements makes reference to "A worked, dollar-illustrated example of the operation of this waterfall at the base-case recovery level—including the dilutive effect of EAJF's Allowed General Unsecured Claim on the non-EAJF Class

4 pool—will be set forth in the quantified Liquidation Analysis to be filed with the Debtor's forthcoming amended Plan, as described in Section VI.A below" but fails to attach it to the Plan; (iv) **US Trustee Fees:** The Disclosure Statement fails to include an estimate of the projected US Trustee's Quarterly fees post confirmation; (v) **Malpractice Insurance:** Paragraph N of the Disclosure Statement fails to adequately describe whether the professional liability tail coverage and malpractice insurance coverage was a pre-petition obligation or whether there is an existing post-petition administrative expense, including whether the Debtor currently has professional liability insurance; (vi) **Methodology and Key Assumptions:** Paragraph 4 of this Section of the Disclosure Statement makes reference to the potential unavailability of Mr. Mosely to the chapter 7 trustee should the case be converted. The language requires further disclosure and clarification as to this statement; (vii) **Mass Tort Docket**: the Disclosure Statement, although referenced in different sections, does not adequately describe the Mass Tort Docket in a single section of the Disclosure. Although it generally lists the assets, it does not adequately describe the current status of the cases or whether they can actually be monetized or what effect they would have on the payment of claims should the assets were to be monetized or not. The Disclosure Statement needs to clarify where the assumptions were derived from, including a statement from Mr. Middleman, if required.

EAJF's objection regarding (i) the description and current status of the Non-WP cases sustained; (ii) the 18 month stay as to the non-debtor third parties is sustained in part. The Disclosure Statement does not adequately explain why the Debtor requires an 18 month stay.

Accordingly, it is therefore

**ORDERED**: that

1. No later than **Wednesday, July 1, 2026** Debtor must file an amended Disclosure Statement and Plan that addresses each and every one of the deficiencies in this Order.

2. On **Tuesday, August 4, 2026, at 10:30 a.m.** (Central Standard Time) a hearing on Debtor's Plan before the United States Bankruptcy Court, Houston Division. For persons wishing to appear in person, the hearing will be conducted from the United States Courthouse, Bob Casey Federal Building, Courtroom #401, 515 Rusk, Houston, TX 77002.

3. By **Tuesday, July 7, 2026** Debtor must deposit a copy of this Order and the proposed plan, a ballot(s) and any supporting statements (collectively, the "Solicitation Package") in the mail to all known creditors and interest holders and parties-in-interest and file a certificate of service with the Clerk's office and transmit to the United States trustee, as provided in Fed. R. Bankr. P. 3017(d), a copy of the Plan or a summary or summaries thereof approved by the court, and a ballot conforming to Official Form 14.

4. Pursuant to Bankruptcy General Order 2021-05 and Bankruptcy Local Rule 9017-1, parties may either appear electronically or in person unless otherwise ordered by this Court.

5. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at **832-917-1510,** conference room number 999276 **and** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez. **Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.**

6. Debtor is authorized to solicit votes with respect to the Plan.

7. **Wednesday, July 22, 2026** is fixed, pursuant to Bankruptcy Rule 3020(b)(1) as the last day for filing and serving written objections to confirmation of the Plan. All written objections must be filed with the Clerk of this Court.

8. **Friday, July 31, 2026** is fixed as the last day for holders of claims and interests to accept or reject the Plan by submitting a ballot. All ballots must be filed with the Clerk of Court. Additionally, Debtor must prepare a ballot summary and attach each ballot to the ballot summary and make the ballot summary a part of Debtor's Witness and Exhibit List.

9. By **Monday, August 3, 2026** Debtor must file a proposed form of order confirming plan.

10. Parties must comply with Bankruptcy Local Rule 9013-2 and Judge Rodriguez's Court Procedures Section VII(2)(b) regarding the exchange and submission of electronic exhibits.

11. For any witness and exhibits, parties must utilize Form 1-100 Witness & Exhibit List which can be located on this Court's home page at https://www.txs.uscourts.gov/content/chief-united-states-bankruptcy-judgeeduardo-v-rodriguez

**SIGNED Wednesday, June 24, 2026**

_____

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**