United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 07, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **Case No. 24-31596** |
| Debtor. | § | |

## STIPULATION AND TOLLING AGREEMENT

This Stipulation and Tolling Agreement (this **"Agreement"**) is entered into as of April 2, 2026, by and between MMA Law Firm, PLLC (the **"Debtor"**), by and through its authorized representative, together with the Debtor's estate, successors, and assigns (collectively, the **"Estate"**), and Zachary Moseley, individually and on behalf of his agents, representatives, successors, assigns, and all persons or entities acting at his direction, on his behalf, or for his benefit (collectively, **"Moseley"**).

**Recitals**

**WHEREAS**, on April 8, 2024, MMA Law Firm, PLLC filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the **"Bankruptcy Court"**), bearing Case No. 24-31596 (the **"Bankruptcy Case"**);

**WHEREAS**, the Estate has or may have claims, causes of action, and rights of recovery against Moseley arising from conduct occurring before and after the petition date, including without limitation claims arising under the Bankruptcy Code, applicable federal law, and applicable state law (collectively, the **"Claims"**);

**WHEREAS**, one or more statutes of limitations, statutes of repose, laches, or other time-based deadlines may apply to the Claims;

**WHEREAS**, the Parties desire to toll all such deadlines to preserve the Estate's rights with respect to the Claims; and

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**Agreement**

1. **Tolling of All Time-Based Deadlines.**

   (a) Effective as of April 2, 2026, all statutes of limitations, statutes of repose, laches, and any and all other time-based bars, deadlines, or defenses of any kind or nature—whether arising under federal law, state law, the Bankruptcy Code, or

otherwise—that are applicable to any Claim the Estate has against Moseley, whether arising before or after the petition date, are hereby tolled, suspended, and held in abeyance until one (1) year following the entry of an Order Confirming a Chapter 11 Plan.

(b) Moseley hereby irrevocably waives any and all rights to assert, raise, or rely upon any statute of limitations, statute of repose, laches, or any other time-based bar or defense of any kind with respect to any Claim brought by the Estate against Moseley.

(c) Any Claim brought by the Estate not otherwise time-barred prior to April 2, 2026 and brought during the tolling period against Moseley shall be deemed timely as a matter of agreement and shall not be construed as untimely, time-barred, or subject to any limitation, repose, or other deadline of any kind, under any circumstances, in any forum.

(d) The tolling provided herein applies to all Claims of the Estate, whether known or unknown, matured or unmatured, accrued or contingent, arising before or after the petition date, including without limitation any avoidance actions, fraudulent transfer claims, preference claims, breach of fiduciary duty claims, and any other claims arising under applicable federal or state law.

(e) The tolling and waiver set forth herein extend to and are enforceable against all persons and entities acting at Moseley's direction or on Moseley's behalf, whether or not such persons or entities are signatories to this Agreement.

## 2. Authority.

Each signatory represents and warrants that he or she is duly authorized to execute this Agreement on behalf of the respective Party and to bind such Party to the terms hereof.

## 3. Governing Law; Exclusive Jurisdiction.

This Agreement shall be governed by and construed in accordance with applicable federal bankruptcy law and, to the extent state law applies, the laws of the State of Texas, without regard to conflicts of law principles. The Bankruptcy Court shall have exclusive jurisdiction over any dispute arising out of or relating to this Agreement, including its interpretation, enforcement, or validity, and each Party hereby consents to such jurisdiction.

## 4. Survival; Binding Effect.

This Agreement shall remain in full force and effect until termination regardless of any future events or developments in the Bankruptcy Case or otherwise, including without limitation the confirmation of any plan of reorganization or liquidation, the conversion of the Bankruptcy Case to a case under any other chapter of the Bankruptcy Code, the dismissal of the Bankruptcy Case, or any sale, transfer, or assignment of the Estate's claims to any other person or entity. This Agreement shall be binding upon and enforceable by whoever holds or prosecutes the Estate's claims, in whatever capacity and under whatever circumstances.

**5. Entire Agreement.**

This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, understandings, and agreements relating thereto.


**SO ORDERED:**


**Signed: Tuesday, April 07, 2026**

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge


**AGREED AS TO FORM AND CONTENT:**

**MMA LAW FIRM, PLLC,**
as Debtor and Debtor-in-Possession

By: /s/_____
Name: __John Zachary Moseley_____
Title: ___Managing Member_____
Date: April 2, 2026

**JOHN ZACHARY MOSELEY,**
individually and on behalf of all persons and entities acting at his direction, on his behalf, or for his benefit

By: /s/_____
John Zachary Moseley
Date: April 2, 2026