United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 14, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **Case No. 24-31596** |
| Debtor. | § | |

**ORDER APPROVING DEBTOR'S COMPROMISE AND SETTLEMENT WITH
EAJF JUSTICE FUND, LP AND EAJF ESQ FUND, LP
[Relates to ECF No. 588]**

THIS MATTER comes before the Court upon the hearing on the Debtor's Motion to Compromise Controversy with Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "**EAJF**") (the "**9019 Motion**") [ECF No. 588], the Court having considered the 9019 Motion, all responses or objections thereto, the evidence presented at the hearing, the arguments of counsel, and the law, the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding under 28 U.S.C. § 157; that notice of the 9019 Motion and the opportunity for hearing on the 9019 Motion was appropriate under the particular circumstances; that no other or further notice need be provided; that the terms of the Settlement Agreement are fair, equitable, and in the best interest of the Debtor, the Debtor's estate, the creditors, and all other parties-in-interests; and the Court, after due deliberation and sufficient cause appearing therefore, it is:

**ORDERED** that:

1. The 9019 Motion is GRANTED.

2. The Settlement Agreement (attached as Exhibit A to the 9019 Motion) is HEREBY APPROVED in its entirety except as may be modified and/or clarified herein.

3. The Settlement Agreement does not address nor affect the claims, causes of actions or defenses in any pending proceeding or litigation other than (1) Adversary Proceeding


EXHIBIT
4

4:24-ap-03208 pending in the Bankruptcy Court for the Southern District of Texas, and; (2) the issues and defenses raised in and in response to ECF #353

4. Notwithstanding anything set forth in (a) the Settlement Agreement, (b) its Exhibits, (c) the 9019 Motion, or (d) this Order, this Order does not determine or resolve any claim, cause of action or defense in Civil Action Nos. 4:25-cv-0291, 4:24-cv-2793, 4:24-cv-3443, 4:24-cv-4343, 4:24-cv-4446, 4:25-cv-1342, 4:25-cv-0099, 4:25-cv-00990, and 4:24-cv-0097 (the "**Civil Actions**").

5. Notwithstanding anything in this Order or Settlement Agreement to the contrary, nothing in this Order or the Settlement Agreement shall operate as, or be considered to be, a finding of fact or conclusion of law as to whether any funds or other property in the Debtor's possession are property of the estate under 11 U.S.C. § 541 and neither the Order nor the Settlement Agreement impact the rights of any party-in-interest to assert claims with respect to property of the estate or property that is in the Debtor's possession.

6. Notwithstanding anything in this Order or Settlement Agreement to the contrary (including, but not limited to, Paragraph 7 of the Settlement Agreement), neither this Order nor the Settlement Agreement shall limit the Debtor's ability to use funds to: a) pay allowed administrative expense claims; or b) fund plan payments.

7. Section 4 of the Settlement Agreement is modified to exclude any claims and causes of action against Allied World Insurance Company. Exhibit D of the Settlement Agreement is modified to no longer include Allied World Insurance Company and expressly excludes Allied World Insurance Company. Exhibit D of the Settlement Agreement is modified and replaced with the Amended Exhibit D attached to the Proposed Order filed on May 12, 2025, ECF No. 678-1.

8. All rights are reserved for parties to object to a future proposed sale of any asset of the Debtor if a motion is filed with this Court seeking approval of a sale of assets pursuant to 11 U.S.C. § 363.

9. All objections to the 9019 Motion not withdrawn or otherwise addressed in this Order are denied with prejudice.

10. The Parties are authorized and directed to take all actions necessary to effectuate the relief granted in this Order.

11. This Order is binding in all respects upon all parties-in-interest, the Debtor, creditors of the Debtor or the estate, any trustee, and the successors and assigns of each of the foregoing.

Signed: May 14, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**Proposed Order submitted and agreed to by:**

**Equal Access Justice Fund, LP**
By: BEB Partners LLC

Its: General Partners

By: _Benjamin E. Blank_
Name: Benjamin E. Blank
Title: Manager

Date: _5/9/2025_


**EAJF ESQ Fund, LP**
By: EAJF ESQ GP LLC

Its: General Parter

By: _Benjamin E. Blank_
Name: Benjamin E. Blank
Title: Manager

Date: _5/9/2025_


**Debtor MMA Law Firm, PLLC**

By: _____

Name: Zach Mosely
Title: Managing Member

Date: _5/12/2025_


**Official Committee of Unsecured Creditors**

By: _Avi Moshenberg_

Name: Avi Mosehnberg
Title: Counsel for UCC

Date: _05-12-2025_

3

HOU 6688151.1