CAUSE NO. 2023-44970

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§ | IN THE DISTRICT COURT |
| | § | |
| JAYNE ELIZABETH MOSELEY<br>AND | §<br>§ | |
| JOHN ZACHARY MOSELEY | §<br>§ | 245TH JUDICIAL DISTRICT |
| | § | |
| AND IN THE INTEREST OF | § | |
| CAMILLA QUINN MOSELEY AND | § | |
| MIA ELIZABETH MOSELEY, | § | |
| CHILDREN | § | HARRIS COUNTY, TEXAS |

**JURY CHARGE**

LADIES AND GENTLEMEN OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1.      Do not let bias, prejudice, or sympathy play any part in your decision.

**EXHIBIT**

**7**

2.      The fact that a party is a corporation, limited partnership, or other business entity should not prejudice you either for or against that party. Business entities are entitled to the same fair and impartial consideration as individuals, and you should decide this case based solely on the evidence and the Court's instructions.

3.      Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

4.      You are to make up your minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

5.      If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be the proper legal definition.

6.      All the questions and answers are important. No one should say that any question or answer is not important.

7.      Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no", your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no". A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

8.      Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

9.      Do not answer questions by drawing straws or by any method of chance.

10.     Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

11.     Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

12.     The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This

would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

**Defined Terms:**

1. "**Jayne Moseley**" means Jayne Elizabeth Moseley.

2. **"Zach Mosely"** means John Zachary Moseley.

3. "**Intervenors**" means Equal Access Justice Fund, LP and EAJF ESQ Fund, LP.

4. An "**asset**" means property of Zach Moseley but does not include property to the extent it is encumbered by a valid lien or to the extent it is generally exempt under non-bankruptcy law.

5. A "**claim**" means a right to payment or property, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

6. A "**creditor**" means a person that has a claim.

7. A "**debtor**" means a person who is liable on a claim.

8. An "**insider**" includes a spouse.

9. A "**person**" means an individual, partnership, corporation, or any other legal or commercial entity.

10. A "**transfer**" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance.

**Instructions on the law:**

1. A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation. A debtor who is generally not paying the debtor's debts as they become due is presumed to be insolvent.

2. Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person. "Reasonably equivalent value" includes without limitation, a transfer or obligation that is within the range of values for which the transferor would have sold the assets in an arm's length transaction.

3. A transfer is made with respect to an asset that is not real property, when the transfer is so far perfected that a creditor on a simple contract cannot acquire a judicial lien otherwise than under this chapter that is superior to the interest of the transferee. If applicable law does not permit the transfer to be perfected as provided above, the transfer is made when it becomes effective between the debtor and the transferee.

4. Community property consists of the property, other than separate property, acquired by either spouse during marriage.

5. Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.

6. During marriage, each spouse has the sole management, control, and disposition of the community property the spouse would have owned if single, including personal earnings, revenue from separate property, and the increase and mutations of, and the revenue from, all property subject to the spouse's sole management, control, and disposition.

7. If community property subject to the sole management, control, and disposition of one spouse is mixed or combined with community property subject to the sole management, control, and disposition of the other spouse, then the mixed or combined community property is subject to the joint management, control, and disposition of the spouses, unless the spouses provide otherwise by power of attorney in writing or other agreement.

8. Except as described in Instruction No. 6, community property is subject to the joint management, control and disposition of the spouses unless the spouses provide otherwise by power of attorney in writing or other agreement.

9. A spouse's separate property is not subject to the liabilities of the other spouse unless both spouses are liable by other rules of law.

10. Unless both spouses are personally liable, the community property subject to a spouse's sole management control and disposition is not subject to any liabilities that the other spouse incurred before marriage; or any nontortious liabilities that the other spouse incurs during marriage.

**Question 1**

Did Zach Moseley transfer any of the assets listed below with actual intent to hinder, delay, or defraud any creditor?

In determining actual intent, you may consider, among other factors, whether—

1.  The transfer was to an insider.

2.  Zach Moseley retained possession or control of the property transferred after the transfer.

3.  The transfer was concealed.

4.  Before the transfer was made, Zach Moseley had been sued or threatened with suit.

5.  The transfer was of substantially all of Zach Moseley's assets.

6.  Zach Moseley removed or concealed assets.

7.  The value of the consideration received by Zach Moseley was reasonably equivalent to the value of the asset transferred.

8.  Zach Moseley was insolvent or became insolvent shortly after the transfer was made.

9.  The transfer occurred shortly before or shortly after a substantial debt was incurred.

Answer "Yes" or "No" for each asset listed below.

1.  Proceeds of the sale of cart.com stock                           Answer_____

2.  Proceeds from the sale of the house that
    went into the trust account                                      Answer_____

3.  Other proceeds from the sale of the house
    Per the mediated settlement agreement                            Answer_____

4.  Gold nail bracelet                                               Answer_____

5.  Clash de Cartier bracelet                                        Answer_____

6.  Gold love bracelet with diamonds                                 Answer_____

7.  Panthere Cartier bracelet                                        Answer_____

8.  Zadok custom necklace                                            Answer_____

9.  Louis Vuitton crocodile purse.                                   Answer_____

## Question 2

Did Zach Moseley transfer any of the assets listed below without receiving reasonably equivalent value in exchange?

Answer "Yes" or "No" for each asset listed below.

1.  Proceeds of the sale of cart.com stock                Answer_____

2.  Proceeds from the sale of the house that
    went into the trust account                           Answer_____

3.  Other proceeds from the sale of the house
    Per the mediated settlement agreement                 Answer_____

4.  Gold nail bracelet                                    Answer_____

5.  Clash de Cartier bracelet                             Answer_____

6.  Gold love bracelet with diamonds                      Answer_____

7.  Panthere Cartier bracelet                             Answer_____

8.  Zadok custom necklace                                 Answer_____

9.  Louis Vuitton crocodile purse.                        Answer_____

If you answered "Yes" to an asset in Question 2, then answer the following question as to the asset. Otherwise, do not answer the following question.

## Question 3

At the time the asset was transferred—

1. Was Zach Moseley engaged in or about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction; or

2. Did Zach Moseley intend to incur or believe that he would incur, or should he reasonably have believed that he would incur, debts beyond his ability to pay as they became due; or

3. Was Zach Moseley insolvent or did he become insolvent as a result of the transfer?

Answer "Yes" or "No" for each asset as to which you answered "Yes" in Question 2.

1.  Proceeds of the sale of cart.com stock                   Answer_____

2.  Proceeds from the sale of the house that
    went into the trust account                              Answer_____

3.  Other proceeds from the sale of the house
    Per the mediated settlement agreement                    Answer_____

4.  Gold nail bracelet                                       Answer_____

5.  Clash de Cartier bracelet                                Answer_____

6.  Gold love bracelet with diamonds                         Answer_____

7.  Panthere Cartier bracelet                                Answer_____

8.  Zadok custom necklace                                    Answer_____

9.  Louis Vuitton crocodile purse.                           Answer_____

If you answered "Yes" to an asset in Question 1 or Question 3, then answer the following question. Otherwise, do not answer the following question.

## Question 4

What were the values of the assets transferred at the time of each transfer?

Answer separately in dollars and cents, if any for each asset as to which you answered "Yes" in Question 1 or Question 3.

1. Proceeds of the sale of cart.com stock       Answer_____

2. Proceeds from the sale of the house that went into the trust account       Answer_____

3. Other proceeds from the sale of the house Per the mediated settlement agreement       Answer_____

4. Gold nail bracelet       Answer_____

5. Clash de Cartier bracelet       Answer_____

6. Gold love bracelet with diamonds       Answer_____

7. Panthere Cartier bracelet       Answer_____

8. Zadok custom necklace       Answer_____

9. Louis Vuitton crocodile purse.       Answer_____

If you answered "Yes" to an asset in Question 1 or Question 3, then answer the following question. Otherwise, do not answer the following question.

## Question 5

What is a reasonable fee for the necessary legal services of Intervenors' attorney for their fraudulent transfer claims?

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

Do not include fees that relate solely to any other claim.

Answer with an amount in dollars and cents for each of the following:

1. For representation in the trial court.

   Answer: _____

2. For representation in the court of appeals.

   Answer: _____

3. For representation at the petition for review stage in the Supreme Court of Texas.

   Answer: _____

4. For representation at the merits briefing stage in the Supreme Court of Texas.

   Answer: _____

5. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

   Answer: _____

If you answered "No" to each asset in response to Question 1 and Question 3, then answer the following question. Otherwise, do not answer the following question.

## Question 6

What is a reasonable fee for the necessary legal services of Jayne Moseley's attorney for the fraudulent transfer claims asserted against her?

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.

Do not include fees that relate solely to any other claim.

Answer with an amount in dollars and cents for each of the following:

1. For representation in the trial court.

   Answer: _____

2. For representation in the court of appeals.

   Answer: _____

3. For representation at the petition for review stage in the Supreme Court of Texas.

   Answer: _____

4. For representation at the merits briefing stage in the Supreme Court of Texas.

   Answer: _____

5. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

   Answer: _____

If you answered "Yes" to an asset in Question 1 or Question 3, then answer the following question. Otherwise, do not answer the following question.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

## Question No. 7

Do you find by clear and convincing evidence that the harm to Intervenors caused by the asset transfers for which you answered "yes" in Question 1 or Question 3 resulted from malice or gross negligence of Jayne Moseley?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Jayne Moseley to cause substantial injury to EAJF.

"Gross negligence" means an act or omission by Jayne Moseley,

1. which when viewed objectively from the standpoint of Jayne Moseley at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2. of which Jayne Moseley has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."


Answer: _____

Answer the following question only if you unanimously answered "Yes" to Question No. 8. Otherwise, do not answer the following question.

You must unanimously agree on the amount of any award of exemplary damages.

## Question No. 8

What sum of money, if any, if paid now in cash, should be assessed against Jayne Moseley and awarded to Intervenors as exemplary damages, if any, for the asset transfers for which you answered "yes" in Question 1 or Question 3?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1.      The nature of the wrong.

2.      The character of the conduct involved.

3.      The degree of culpability of Jayne Moseley.

4.      The situation and sensibilities of the parties concerned.

5.      The extent to which such conduct offends a public sense of justice and propriety.

6.      The net worth of Jayne Moseley.

Answer in dollars and cents, if any.


Answer: _____

**INSTRUCTIONS FOR PRESIDING JUROR:**

After you retire to the jury room, you will select your own presiding juror.  The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror--

1.      to preside during your deliberations,

2.      to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.      to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge,

4.      to vote on the questions,

5.      to write your answers to the questions in the spaces provided, and

6.      to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

Do you understand the duties of the presiding juror?  If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1.    You may answer the questions on a vote of ten jurors.  The same ten jurors must agree on every answer in the charge.  This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2.    If ten jurors agree on every answer, those ten jurors sign the verdict.  If eleven jurors agree on every answer, those eleven jurors sign the verdict.  If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3.    All jurors should deliberate on every question.  You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

Do you understand these instructions?  If you do not, please tell me now.

_____

JUDGE PRESIDING

**Verdict Certificate**

Check one:

_____        Our verdict is unanimous.  All twelve of us have agreed to each and every answer.  The presiding juror has signed the certificate for all twelve of us.

_____

Presiding Juror

_____

Printed Name of Presiding Juror

_____        Our verdict is not unanimous.  Eleven of us have agreed to each and every answer and have signed the certificate below.

_____        Our verdict is not unanimous.  Ten of us have agreed to each and every answer and have signed the certificate below

Jurors' Signatures                    Jurors' Printed Names

1. _____        _____
2. _____        _____
3. _____        _____
4. _____        _____
5. _____        _____
6. _____        _____
7. _____        _____
8. _____        _____
9. _____        _____
10. _____        _____
11. _____        _____