# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

IN RE: MMA LAW FIRM, PLLC,
Debtor.

CASE NO. 24-31596
Chapter 11

**EMERGENCY MOTION FOR CONTINUANCE OF CONFIRMATION HEARING, ENLARGEMENT OF VOTING DEADLINE, AND OBJECTION TO EXPEDITED VOTING NOTICE**

**EMERGENCY RELIEF** HAS BEEN REQUESTED. IF THE COURT CONSIDERS **THE MOTION ON AN EMERGENCY BASIS**, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**EMERGENCY CONSIDERATION** IS REQUIRED BY JULY 31, 2026, BECAUSE THE DEBTOR HAS IMPOSED A DEFECTIVE AND PREJUDICIAL 48-HOUR DEADLINE FOR CREDITORS TO CAST BALLOTS ON THE PLAN OF LIQUIDATION. FAILURE TO GRANT THIS RELIEF WILL RESULT IN A DENIAL OF DUE PROCESS AND SEVERE HARM TO THE MOVANT'S ABILITY TO PURSUE NON-DISCHARGEABLE FRAUD CLAIMS AND UNRECOVERED ESTATE ASSETS.

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Comes now Jeffrey Alan Vitt, a *pro se* creditor and party in interest in the bankruptcy Case No. 24-31596, having formally asserted three Proofs of Claim against the Debtor's estate—including the informative 9-page Omnibus Addendum filed as Proof of Claim No. 13404695, Claim No. 13404698, and Claim No. 13404715 *(attached hereto as Exhibit A)*—("Movant"), and files this Emergency Motion for Continuance of the August 4, 2026 Confirmation Hearing, Enlargement of the Voting Deadline, and Objection to Expedited Voting Notice (the "Motion"). In support hereof, Movant respectfully shows the Court the following:

**I. BACKGROUND AND EMERGENCY NEXUS** On July 29, 2026, the Court entered an Order granting Debtor's counsel, Walker & Patterson, P.C., an administrative claim in the amount of $267,403.52 (Doc. 1607).

That exact same day, July 29, 2026, the Debtor filed a "Ballot for Accepting or Rejecting Debtor's Plan of Liquidation" (Doc. 1608), setting an impossibly short deadline demanding that all ballots be received by Debtor's counsel on or before Friday, July 31, 2026.

The Debtor's abrupt attempt to force a 48-hour voting deadline just six days after Movant filed Proofs of Claim and a 9-page Omnibus Addendum (July 23, 2026) creates an unmistakable risk of premature plan confirmation designed to shield estate assets from scrutiny and deprive creditors of due process. Furthermore, the Debtor has set the Confirmation Hearing for Tuesday, August 4, 2026, at 10:30 a.m.

Movant did not receive a ballot from Debtor's counsel. The Debtor is attempting to force a highly prejudicial 48-hour voting window upon creditors, blatantly circumventing the mandatory 28-day notice requirements stipulated by Federal Rules of Bankruptcy Procedure 2002(b) and 3017.

## II. HARM TO CREDITOR AND THE ESTATE

Movant recently filed an informative 9-page Omnibus Addendum (Exhibit A) detailing massive estate irregularities and unmined assets that the Debtor has failed to pursue. If the Court confirms the Plan on August 4, 2026, the Debtor will effectively "slam the door" on vital claims and third-party liability.

The June 2026 Monthly Operating Report (Doc. 1606) reveals severe cash flow issues and highly irregular, unauthorized insider payments, including $10,992 for James McClenny's personal credit card plan, while malpractice insurance remains missing.

Movant requires a continuance to pursue crucial Rule 2004 discovery.

III. RELIEF REQUESTED
Movant respectfully requests a 45-day continuance of the August 4, 2026 Confirmation Hearing to allow adequate time for creditors to review the Plan, conduct necessary Rule 2004 discovery into the missing assets, and formulate a formal objection to confirmation.

Movant further requests the Court strictly enforce the 28-day notice period mandated by Fed. R. Bankr. P. 2002(b), strike the July 31, 2026 voting deadline, and enlarge the voting period by a minimum of 30 days to ensure all creditors are properly served with ballots and afforded due process..

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Movant respectfully prays that the Court grant this Emergency Motion, continue the Confirmation Hearing for 45 days, enlarge the voting deadline by at least 30 days, order the Debtor to immediately serve Movant with a proper ballot, and grant such other and further relief as is just and proper.

Respectfully submitted, July 30, 2026

_____
Jeffrey A. Vitt, *Pro Se* Creditor
12791 South 4230 Road Chelsea, OK 74016
539-292-9358
Claim No. 13404695  – Claim No. 13404698 – Claim No. 13404715