**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| **MMA LAW FIRM, PLLC,** | § | **CASE NO. 24-31596** |
| | § | |
| Debtor. | § | **CHAPTER 11** |

**DEBTOR'S RESPONSE TO THE EMERGENCY MOTION FOR CONTINUANCE OF CONFIRMATION HEARING, ENLARGEMENT OF VOTING DEADLINE, AND OBJECTION TO EXPEDITED VOTING NOTICE FILED BY JEFFREY ALAN VITT [DOC. NO. 1627]**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

MMA Law Firm, PLLC, (**"MMA"** or **"Debtor"**), files this Response in Opposition to the *Emergency Motion for Continuance of Confirmation Hearing, Enlargement of Voting Deadline, and Objection to Expedited Voting Notice* [Doc. No. 1627] (the **"Emergency Motion"**) filed by Jeffrey Alan Vitt, and respectfully states as follows:

**I. RELEVANT BACKGROUND**

1.      The Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code on April 9, 2024.

2.      The Court fixed August 13, 2024 as the last date for filing proofs of claim in this case (the **"Bar Date"**).

3.      On June 24, 2026, the Court entered an order setting a hearing on the Debtor's Chapter 11 Plan for August 4, 2026.

4.      On July 23, 2026, Vitt, individually and as beneficiary and trustee of the Jeffrey Alan Vitt Irrevocable Trust, filed Proof of Claim No. 73 in the amount of $646,305.06 ("**POC No. 73**").

5.      On July 23, 2026, a proof of claim was filed in the name of Vitt 121, Ltd. and affiliated Entities in the amount of $25,000,000.00 ("POC No. 74"). Vitt signed POC No. 74.

6.      On July 23, 2026, Vitt, individually and as "person of Interests Representing 'Doe' and XYZ Corp," filed Proof of Claim No. 75 in the amount of $325,000,000.00 ("POC No. 75"). Vitt signed POC No. 75, identifying his title as "Individual, Founder, President & CEO, Beneficiary & Trustee" and identifying the company as "Jeffrey Alan Vitt Irrevocable Trusts, All Entities, Individual, All Interests."

7.      POC No. 73, POC No. 74, and POC No. 75 are collectively referred to as the "Claims."

8.      Neither Vitt, nor the other entities that filed The Claims are creditors of this estate.

9.      On July 30, 2026, the Debtor filed three separate objections to the Claims at ECF No. 1610, 1611, and 1612 (the **"Objections"**). The Objections are pending.

10.     On July 31, 2026, Vitt filed a Ballot rejecting the Debtor's Chapter 11 Plan at ECF No. 1628.

11.     The day before filing the Ballot, Vitt filed this *Emergency Motion for Continuance of Confirmation Hearing, Enlargement of Voting Deadline, and Objection to Expedited Voting Notice* (the **"Emergency Motion"**).

12.     The Emergency Motion requests this Court to continue confirmation to conduct discovery, and object to confirmation.  The relief requested should be denied for the reasons stated below.

## II. ARGUMENT AND AUTHORITIES

### A. The Emergency Motion Is Unsigned and Rule 9011(a) Directs That It Be Stricken.

13.     Federal Rule of Bankruptcy Procedure 9011(a) provides that every pleading, written motion, and other paper shall be signed by at least one attorney of record, or, if the party is not represented by an attorney, shall be signed by the party. The rule then supplies its own remedy: an unsigned paper shall be stricken unless the omission is corrected promptly after being called to the attention of the party.

14.     The Vitt Motion is unsigned.

15.     The signature requirement is not a formality. A signature is the filer's certification under Rule 9011(b) that the allegations have evidentiary support and that the paper is not being presented for an improper purpose. Vitt has made serious accusations concerning concealment of estate assets. He has certified none of them. The Court should strike the Emergency Motion.

### B. Vitt Holds No Allowed Claim and Is Not Entitled to Vote

16.     Section 502(a) of the Bankruptcy Code provides that a filed claim is deemed allowed unless a party in interest objects. The Debtor has objected. Vitt's claims are therefore disputed and unallowed as of today.

17.     Section 1126(a) of the Bankruptcy Code permits only the holder of a claim allowed under section 502 to accept or reject a plan.

18.     The consequence is dispositive of the relief Vitt seeks. The Emergency Motion asks the Court to strike the voting deadline, extend the voting period, and order the Debtor to serve him with a ballot. Vitt is not entitled to a ballot and has no vote to protect.

**C. The Claims Were Filed After the Bar Date and Rule 3003(c)(2) Bars Vitt from Voting on That Independent Ground.**

19.     Federal Rule of Bankruptcy Procedure 3003(c)(2) provides that a creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated, and who fails to file a proof of claim by the bar date, shall not be treated as a creditor with respect to that claim for purposes of voting and distribution.

20.     Vitt filed the Claims on July 23, 2026, long after the August 23, 2024 bar date.

**D. Vitt May Not Appear Pro Se on Behalf of Any Entity.**

21.     The Supreme Court has held that a corporation may appear in federal court only through licensed counsel. *Rowland v. California Men's Colony,* 506 U.S. 194, 201 to 202 (1993).

22.     POC No. 74 and POC No. 75 were asserted by an entity rather than Vitt individually. To the extent Vitt asserts any claim on behalf of an entity, or seeks relief in this case for any party other than himself, that portion of the Emergency Motion should be stricken.

**E. The Premise of the Emergency Motion Is Factually Wrong.**

23.     The Emergency Motion asserts that the Debtor imposed a 48-hour voting deadline on July 29, 2026. That is incorrect.

24.     On June 24, 2026, the Court entered an Order requiring the Debtor to serve a copy of the order, the Debtor's proposed plan, and a ballot (the "Solicitation Package") by July 7, 2026 (the **"Order"**). The Order further provides July 31, 2026, as the last day for holders of claims to accept or reject the Plan by submitting a ballot.

25.     The Solicitation Package was served on July 6, 2026, more than 28 days before the August 4, 2026 hearing.

26. Document 1608, which Vitt characterizes as the source of his injury, is a ballot form filed by Noble Public Adjusting Group, LLC.

27. Vitt further suggests a connection between the Court's July 29, 2026 order allowing an administrative claim to the Debtor's counsel and the timing of the ballot form (the **"Fee Order"**). There is none. The Fee Order followed a noticed application, an opportunity to object, and this Court's independent review. Vitt filed no objection to that application. His insinuation is unsupported and, being unsigned, uncertified.

**F. The Emergency Motion's Accusations Are Unsupported**

28. The Emergency Motion accuses the Debtor of designing a confirmation timetable to shield estate assets from scrutiny, of making unauthorized insider payments, and of allowing malpractice coverage to lapse. It cites no evidence.

29. The Debtor denies all allegations.

**G. The Request for Rule 2004 Relief Is Not Properly Before the Court.**

30. Federal Rule of Bankruptcy Procedure 2004(a) permits the Court, on motion of a party in interest, to order the examination of an entity. Vitt has filed no such motion nor requested dates to conduct a 2004 examination. He identifies no proposed examinee, no subject matter, no documents, and no cause. A stated intention to pursue discovery at some future point is not a basis to continue a confirmation hearing.

31. Furthermore, Vitt is not a creditor and is not entitled to conduct discovery in this case.

**H. Continuing Confirmation Would Prejudice the Estate and Its Creditors.**

32. Continuing confirmation for Vitt would prejudice this estate and would provide no benefit to Vitt as he is not a creditor and not entitled to vote.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order denying the Emergency Motion and granting the Debtor such other and further relief as is just.

Dated: <u>August 2, 2026</u>

Respectfully submitted,

By: */s/ Miriam T. Goott*
Miriam T. Goott
Texas Bar No. 24048846
4815 Dacoma Street
Houston, Texas 77092
Telephone: 713-956-5577
mgoott@walkerandpatterson.com
COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I certify that on July 31, 2026, a true and correct copy of the foregoing was served on all parties receiving notice through the Court's CM/ECF system, and by electronic mail upon Jeffrey Alan Vitt.

*/s/ Miriam T. Goott*
Miriam T. Goott