**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **Case No. 24-31596** |
| **Debtor.** | § | |
| | § | |

**EAJF'S OBJECTION TO CONFIRMATION OF**
**THIRD AMENDED JOINT PLAN OF LIQUIDATION**
**[Docket No. 1577]**

Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "**EAJF**"), creditors in the above-referenced bankruptcy case, file this Objection (the "**Objection**") to the *Third Amended Joint Plan of Liquidation* (the "**Plan**"). In support, EAJF would show the Court as follows:

**SUMMARY OF OBJECTION**

1. The *Third Amended Joint Plan of Liquidation* [Docket No. 1577] is dead on arrival because of its blatant disregard of: (i) the Settlement Agreement ("**Settlement Agreement**"), entered into by the Debtor and EAJF which was approved by the Court on May 14, 2025 [Docket No. 683]; and (ii) its further disregard for well-established case law and procedural requirements for the imposition of exculpation for parties and a stay in favor of parties not afforded such protection under 5tgh Circuit case law and authority; and (iii) EAJF further notes that the Debtor must satisfy each of the elements of 11 US.C. § 1129 and demands strict proof thereof.

2. The Plan provides for a 18-month injunction in favor of the MMA Law Firm, PLLC's ("**MMA**" or the "**Debtor**") principal, Mr. Moseley. The Settlement Agreement is enforceable by EAJF against the Debtor by specific performance. Moreover, it prohibits affecting any claims that EAJF may have against Mr. Moseley individually and proscribes that the Plan may

EAJF's Objection to Confirmation

EXHIBIT
1

"not contain provisions that contradict or conflict with the Settlement Agreement." *See* Settlement Agreement, quoted language in Section 11, specific performance provision in Section 10, and the prohibition of affecting claims against Mr. Moseley in Section 9(c).

3.     Due to this glaring deficiency, confirmation of the Plan should be denied.

4.     Moreover, the exculpation provisions and the imposition of a stay in favor of non-debtor should be denied because the prosper exculpation and stay provisions fly in the face of well-established 5th Circuit procedural requirements, case law, and precedent.

## RELEVANT FACTS AND PROCEDURAL HISTORY

5.     On April 9, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor currently operates as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6.     Prior to the Petition Date, the Debtor entered into a series of loans with EAJF.

7.     On August 13, 2024, EAJF filed their Proof of Claims and supporting documents related thereto (collectively, the "**EAJF POCs**").

8.     EAJF and the Debtor entered into a Settlement Agreement, and the Settlement Agreement was approved by the Court on May 14, 2025 [Docket No. 683].

9.     The Settlement Agreement sets forth the treatment of EAJF under the Debtor's plan, bifurcating the EAJF POCs into secured and unsecured components and allowed claims.

10.     Pursuant to the Settlement Agreement, EAJF agreed to vote in favor of and provide a statement in support of any Chapter 11 Plan proposed by the Debtor upon request "provided the terms of this Settlement Agreement are fully incorporated into the Plan, and the Plan does not contain provisions that contradict or conflict with this Settlement Agreement." [Docket No. 588-1, p. 7].

11. The Settlement Agreement states that "[t]hose claims against Mr. Moseley individually shall not be affected by this Agreement and shall not be dismissed." Id.

12. "In addition to all other remedies, the [Settlement] Agreement shall be specifically enforceable by any Party."[1] Id.

13. On July 1, 2026, the Debtor filed its Plan.

14. On July 16, 20216, the United States Trustee filed his objection to the Plan (the "UST Objection") Docket No. 1589. EAJF hereby joins in to the UST Objection and incorporates the same in its entirety herein. For the sake of brevity for this Court and all others parties-in-interest, this Objection will not re-state the arguments and case law cited therein except as the same arguments are summarized above in the Argument Summary and instead this Objection will largely focus on the specialized objection to confirmation of the Plan that EAJF has special standing to make because of the Settlement Agreement.

## OBJECTIONS AND AUTHORITIES

### A. The Plan Violates the Terms of the Settlement Agreement

15. The terms of the Plan patently violate the requirements imposed by the Settlement Agreement. Mr. Moseley serves as personal guarantor on the EAJF pre-petition indebtedness, which sum exceeds $37,000,000.00 (together, the "**Guarantees**"). Pre-petition, EAJF sued both the Debtor and Moseley based upon the Debtor's default under its Loan Agreements and Moseley's Guarantees ("**Guaranty Litigation**").

16. The Settlement Agreement specifically carved out from its terms any and all EAJF claims it possesses against Moseley, individually, including but not limited to the claims it had pending against Moseley on the Petition Date in the Guaranty Litigation. In pertinent part, the

---

[1] Capitalized terms quoted are defined in the Settlement Agreement.

EAJF's Objection to Confirmation

Settlement Agreement recites:

> **Those claims against Mr. Mosely individually shall not be affected by this Agreement and shall not be dismissed.** As to the Harris County Suit, the Agreement does not compromise, settle, constitute a novation of John Moseley's guaranty, or otherwise affect those claims brought by EAJF against John Moseley, individually.[2]

17.     It goes on to state:

> In addition to all other available remedies, this Agreement shall be specifically enforceable by any Party, **and in the event of the failure of any Party or Parties to comply with the terms of this Settlement Agreement**, equitable and/or legal relief may be sought by the Party to the defaulting or breaching Party.[3]

18.     The Settlement Agreement further states:

> EAJF agrees to vote all claims in favor of and shall provide a statement in support of any Chapter 11 Plan proposed by the Debtor upon request, **provided the terms of this Settlement Agreement are fully incorporated into the Plan, and the Plan does not contain provisions that contradict or conflict with this Settlement Agreement.**[4]

19.     Thus, the terms of the Settlement Agreement are that claims against Mr. Moseley individually shall not be affected. The Plan must comply with the terms of the Settlement Agreement, and the Debtor is in breach of its obligations under the Settlement Agreement and can be forced by specific performance into curing that breach (i.e. removing the requested injunction in the Plan of the 18-month stay).

20.     The Court is aware of the "carve out" of the personal guaranty as is Debtor's counsel. In fact, in a hearing before this Court, the following exchange took place:

---

[2] *See* Docket No. 588-1 at ¶9(c) (emphasis added).
[3] Id (emphasis added).
[4] Id (emphasis added).

THE COURT: Before I let you go there. So the 9019,
that this Court proved, had provisions in it that
essentially carved out Mr. Moseley's personal guarantee and
things of that nature.

I don't understand why Mr. Moseley is seeking this type
of extraordinary relief from his Court if that was part of
the deal with someone.

MR. PATTERSON: It was part of the deal, 100%.

*See* transcript of July 18, 2025, hearing, page 11, lines 6-13.

21.     Now, in blatant violation of the Settlement Agreement, the Debtor seeks to further stay all legal actions against Moseley individually, for an additional eighteen (18) month term. Placing this language in the Plan violates the Settlement Agreement, as does the Exculpation provisions contained in the Plan.

22.     The Plan also contradicts the Settlement Agreement by providing for the automatic stay to remain in effect post-confirmation. This is a violation of the Settlement Agreement and renders the Plan unconfirmable.

**B.      The Plan is Patently Unconfirmable.**

23.     The Debtor's Plan fails to meet several of the requirements of § 1129 of the Bankruptcy Code.  In particular, the Plan does not comply with applicable provisions of the Bankruptcy Code, it was not proposed in good faith and is also forbidden by the law due to the law of this case due to the Settlement Agreement, nor was the plan was approved by all impaired classes and the cram-down provisions of the Bankruptcy Code are not met, and the best interests of the creditors' test cannot be met as the Debtor itself acknowledged that the recoveries incorporated into the liquidation analysis are wholly speculative and the costs to administer this case through a

liquidating plan are both uncapped and could potentially erase any and all recoveries to the creditors.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE EAJF requests that the Court enter an order (i) denying the approval of the Disclosure Statement, and (ii) granting EAJF such other and further relief, legal or equitable, special or general, to which EAJF may show themselves justly entitled.

Dated: July 22, 2026.

Respectfully submitted,

**SPENCER FANE LLP**

*/s/ Clay M. Taylor*
Clay M. Taylor
Texas Bar No. 24033261
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Telephone: (972) 324-0383
Fax: (972) 324-0301
Email: ctaylor@spencerfane.com

-and-

David M. Miller
Fed. No. 3936351
Colo. Bar No. 17915
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Fax: (303) 839-3838
Email: dmiller@spencerfane.com

-and-

Brian W. Zimmerman
TX Bar No. 00788746
Fed. No. 18979
3040 Post Oak Blvd., Ste. 1400
Houston, Texas 77056

Telephone: (713) 212-2643
Email: bzimmerman@spencerfane.com

**COUNSEL FOR EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on July 22, 2026, a true and correct copy of the foregoing document was served by electronic service via the Court's ECF filing system on those parties registered to receive service via the Clerk of the Court through the ECF system.

*/s/ Clay M. Taylor*
Clay M. Taylor