# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 24-31596** |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **Chapter 11** |
| | § | |
| *Debtor*. | § | |

### DEBTOR'S MOTION TO COMPROMISE CONTROVERSY
### WITH EQUAL ACCESS JUSTICE FUND, LP AND EAJF FUND, LP

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

MMA Law Firm, PLLC (the "**Debtor**") hereby files this *Motion to Compromise Controversy* (the "**Motion**"), seeking court approval for the settlement of multiple disputes with Equal Access Justice Fund, LP, EAJF Fund, LP, and the Official Committee of Unsecured Creditors ("**Committee**"). Collectively, the Debtor, EAJF and the Committee are referred to as the "**Parties**". In support of this Motion, the Debtor submits the following:

**EXHIBIT**

**2**

### SUMMARY OF FACTS AND RELIEF REQUESTED

For the past year, the Debtor has been embroiled in contentious litigation with Equal Access Justice Fund, and EAJF Fund, LP (collectively, **"EAJF"**) in the Bankruptcy Court. Following a failed mediation, the Debtor, with the support of the Committee, has reached a global settlement with EAJF. The Debtor respectfully requests that the Court approve the terms of this settlement, which will facilitate the resolution of all outstanding disputes, enable the Debtor to move forward with a Chapter 11 plan, and benefit the bankruptcy estate as a whole.

### RELEVANT BACKGROUND FACTS

#### BACKGROUND OF MMA

1. The Debtor is a Texas-based litigation law firm specializing in high-volume property damage insurance claims and mass tort litigation.

2. The Debtor has an interest in numerous mass tort cases, including approximately 722 Roundup Exposure cases, 3,149 Zantac cases, 2,132 APAP Cases, and approximately 138 NEC Cases (the **"Mass Tort Cases"**). The Debtor is working with co-counsel on these Mass Tort Cases, none of which have settled as of yet, and the Debtor has not received any distributions from them.

3. In addition to the Mass Tort Cases, the Debtor has asserted an interest in attorney's fees and costs in approximately 25,000 property damage/insurance cases, primarily in Louisiana (the **"Louisiana Cases"**).

4. Finally, the Debtor has also asserted an interest in attorney's fees and costs in numerous other property damage/insurance cases that are not located in Louisiana.

**THE RELATIONSHIP WITH EAJF**

5.        In 2021, the Debtor was approached by EAJF with a proposal for funding, which would provide the Debtor with working capital to expand its operations and capture more clients.

6.        EAJF ultimately provided the Debtor with approximately $38 million in funding, which resulted in the execution of multiple loan agreements between the parties.

7.        As time passed, the Debtor encountered difficulties in repaying the loans, leading to EAJF filing a lawsuit on September 1, 2023, in the 80th Judicial District Court of Harris County, Texas (Cause No. 2023-59211).

**BANKRUPTCY FILED**

8.        On April 9, 2024, the Debtor filed a Chapter 11 bankruptcy case.

9.        On August 13, 2024, Equal Access Justice Fund, LP filed a proof of claim (Claim #50), asserting a secured claim in the amount of $18,360,133.07.

10.       On August 13, 2024, EAJF ESQ Fund LP filed a proof of claim (Claim #51), asserting a secured claim in the amount of $19,187,499.24.

11.       Collectively, Equal Access Justice Fund, LP and EAJF ESQ Fund LP asserted secured claims totaling $37,547,632.31 (collectively, the **"POC"**).

**POST-PETITION DISPUTES**

12.       Since the bankruptcy filing, disputes arose between the Debtor, EAJF and the Committee, over the use of cash collateral and the validity of EAJF's lien. These disputes led to multiple contested hearings.

13.       On October 6, 2024, the Debtor initiated Adversary Proceeding No. 24-03208 against EAJF (the **"Adversary"**).

14. In the Adversary, the Debtor sought the following relief: 1) a determination that the loan agreements between EAJF and the Debtor are void and unenforceable; 2) a declaration that EAJF has no interest in any property related to the representation of clients and that attorney's fees cannot be proceeds of EAJF's collateral; 3) a determination that EAJF failed to prefect its interest in funds located in the Debtor's bank accounts; 4) avoidance of all unperfected security interests; and 5) an objection to EAJF's POC.

15. On October 15, 2024, the Debtor filed a Supplemental Motion to Use Cash Collateral (**"552 Motion"**), requesting that the Court enter an order determining that EAJF has no interest in the Debtor's post-petition cash or any other income or funds generated post-petition.

16. On October 21, 2024, the UCC filed its Statement Supporting the 552 Motion.

17. On February 19, 2025, the Parties attended a contested evidentiary hearing on the 552 Motion, and the matters were taken under advisement (the **"552 Hearing"**).

## MEDIATION AND RESOLUTION ATTEMPTS

18. For the last year, the Debtor and EAJF have made numerous attempts to reach a global resolution of their disputes.

19. The Parties attended a full day mediation with Retired Judge Leif Clark in January 2025, but were unable to reach a resolution.

20. Following the 552 Hearing, the Debtor, the UCC and EAJF resumed negotiations in an attempt to resolve the issues. After nearly daily discussions, the Parties have reached an agreement, attached as Exhibit A, which is subject to bankruptcy court approval (the "**Settlement Agreement"**).

**SETTLEMENT TERMS:**

21. The essential financial terms of the attached Settlement Agreement sets out the terms negotiated by the Parties which is subject to Bankruptcy Court approval. The essential financial terms on the allocation of funds that may be received by the estate are summarized as follows:

a. **Mass Tort Docket: (Cases identified in Exhibit A to Settlement Agreement)**

    i. The Debtor is permitted to sell the mass tort dockets, with proceeds distributed 75% to EAJF and 25% to the Bankruptcy Estate.

    ii. If the total sales of all four (4) individual dockets do not reach $18 million, the shortfall is to be paid to EAJF from other estate funds.

    iii. EAJF agrees that they are not permitted to credit bit at any sale.

    iv. For any unsold Mass Tort Dockets, the Bankruptcy Estate shall receive 25% of any funds received and EAJF shall receive the remaining 75%.

b. **Non-WP Cases: (Cases identified in Exhibit B to Settlement Agreement)**

    i. Proceeds from these cases will be distributed 90% to EAJF and 10% to the Bankruptcy Estate.

c. **The Two Cases: (Cases identified in Exhibit C to Settlement Agreement)**

    i. Proceeds from these cases will be used by the Debtor to operate the business and pay allowed administrative fees.

    ii. 90% of the proceeds will be owed to EAJF, with such proceeds to be paid in the future and prior to any distribution to unsecured creditors of the estate from other funds received by the Bankruptcy Estate, with the Bankruptcy Estate retaining the remaining 10%.

    d.      **WP Cases: (Cases identified in Exhibit D to Settlement Agreement)**

          i.      Proceeds from these cases will be distributed 95% to the Bankruptcy Estate and 5% to EAJF.

    e.      **Monthly Operating Expenses**

          i.      The Debtor is allowed to utilize up to $200,000 per month from cash and allocated income for operations without EAJF's line-item approval, with the condition that there will be no salary or bonus increases for Zach Moseley. Expenses and/or costs exceeding the $200,000.00 cap requires committee approval.

    f.      **EAJF's Claim**

          i.      EAJF's claim is capped at $25 million secured and $17 million unsecured.

    g.      **Plan Support**

          i.      EAJF agrees to support any Chapter 11 plan if the settlement terms are incorporated and the plan aligns with the agreement.

## ARGUMENT AND AUTHORITIES

22.        FED. R. BANKR. P. 9019 governs compromises in bankruptcy cases. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation; and (iv) deference to the concerns of creditors. Each factor is addressed below.

23.     In order to address the first factor related to the "probability of success in litigation", the Debtor asserts that each issue needs to be addressed separately.

### FACTOR 1: PROBABILITY OF SUCCESS IN THE LITIGATION.

24.     In regards to the 552 Motion, the Debtor asserts that it is highly likely that it would succeed in this litigation. Based on the record from 552 Hearing, the evidence and the facts and the applicable case law, the Debtor believes that the income generated from the post-petition litigation against the law firms are clearly not proceeds of EAJF's prepetition lien.  However, the Debtor also believes that EAJF would appeal any adverse ruling.

25.     The Debtor is less confident regarding its probability of success as it relates to the Mass Tort Dockets.

26.     The pending adversary challenging EAJF's prepetition lien appears less likely to succeed.  First, the allegations by the Debtor relating to the voidness of the loan agreements asserts that the agreements are merely fee sharing arrangements. Sharing attorney fees with non-lawyers is against public policy in Texas, with supporting case law indicating that fee sharing arrangements are void.  However, there is a lack of existing case law analyzing the type of agreements subject to the claims of the Debtor against EAJF. So, while fee sharing would clearly make the agreements void, case law holding litigation funding agreements with law firms as fee sharing in Texas is scant, making the likelihood of success on this claim uncertain at best.

27.     With respect to the claims attacking the validity of EAJF's prepetition lien, the likelihood of success is higher. With respect to perfection and enforceability against the Debtor. EAJF asserts an interest in the accounts of the Debtor, *i.e.*, the right to receive future income from successful prosecution of lawsuits on behalf of clients. EAJF failed to perfect their interest in any

cash or other deposit account by failing to obtain any account control agreements with the Debtor. The Debtor believes that the probability of success with respect to this claim to be very high.

28.     The remaining claims in the adversary proceeding focus on EAJF's lien in general. The loan documents and security agreements are very broad in nature, are contradictory in places, and general non-specific with respect to the claimed collateral. The Debtor believes that the claims seeking to find EAJF generally unsecured due to the insufficiencies of the loan and security documents to be a toss-up in terms of probability of success. The Debtor believes that pursuant to the requirements of the Texas Business and Commerce Code and the Texas Uniform Commercial Code the claims have a relatively high probability of success, the case law in Texas is not consistent in applying the strict requirements of the statutes governing security claims to personal property. Again, with respect to these claims, the Debtor believes that the probability of success to 50/50.

## FACTOR 2: DIFFICULTY OF COLLECTION ON A JUDGMENT

29.     Collection is not an issue in this settlement as the Debtor is not seeking to collect funds from EAJF, but instead seeks a determination that income generated by the Debtor is not subject to EAJF's lien as proceeds under section 552 and further seeks to reclassify the claims of EAJF from secured to unsecured.

## FACTOR 3: COMPLEXITY OF THE LITIGATION

30.     The litigation with respect to the cash collateral/552 litigation was not generally complex, however it did involve complex documents and significant factual elements. The adversary litigation is relatively complex, involving evolving and new case law and applications of law and ethical standards, with the result potentially impacting and the entire industry of litigation funding in the state of Texas.

**FACTOR 4: DEFERENCE TO CREDITORS.**

31.     The Debtor submits that the compromise of this dispute is very beneficial to the estate in that the settlement avoids delay, additional expense, and uncertainty.

32.     Furthermore, as part of this Settlement, EAJF has agreed that 25% of the proceeds from the Mass Tort Docket will belong to the Estate for the benefit of the unsecured creditors. The Debtor believes that this factor alone makes this settlement very deferential to unsecured creditors as this asset would not likely become available to the Estate.

**RELIEF REQUESTED**

33.     The Debtor respectfully requests that the Court approves the global settlement.

34.     Approval of this settlement will resolve all outstanding disputes between the estate, the Committee, and EAJF, enabling the Debtor to focus on confirming its Chapter 11 plan and pending litigation which only furthers the interests of all creditors.

WHEREFORE, MMA Law Firm, PLLC prays that the Court grant this Motion, approve the settlement, authorize the parties to take all necessary actions to effectuate the settlement, and grant such further relief as the Court deems just and appropriate.

By: _/s/ Miriam T. Goott_
Miriam T. Goott
attorney-in-charge
SBN 24048846
COUNSEL FOR DEBTOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com
713.956.5577 (telephone)
713.956.5570 (fax)

## **CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that I served a true and complete copy of the foregoing Motion to Approve Compromise was served on all parties listed in the attached Service List by first class mail and/or ECF on March 19, 2025.

*/s/Miriam T. Goott*
Miriam T. Goott