United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 26-3135** |
| | § | |
| **EQUAL ACCESS JUSTICE FUND, LP and** | § | |
| **EAJF ESQ FUND LP,** | § | |
| | § | |
| Defendants. | § | |

**<u>PRELIMINARY INJUNCTION</u>**
*Relates to ECF No. 1*

On this day came on for consideration the "Verified Complaint for Injunctive Relief Extending the Automatic Stay Under 11 U.S.C. §§ 362(a) and 105(a) to John Zachary Moseley"[1] (the "*Complaint*"), together with the Application for Temporary Restraining Order and Preliminary Injunction (the "*Application*"), filed by Plaintiff and Debtor-in-Possession MMA Law Firm, PLLC (the "*Debtor*" or "*Plaintiff*") against Defendants Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "*EAJF*" or "*Defendants*"). The Court has considered the evidence presented and finds that good cause exists for the entry of this Temporary Restraining Order, and FINDS as follows:

## I. FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Order supplements those findings and conclusions. If there is an inconsistency, this Order controls.

---

[1] ECF No. 1.

**EXHIBIT**

**6**

## A. Background

1. For the purposes of this Order and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Background Facts in this Court's February 25, 2026, Memorandum Opinion.[2]

2. On June 10, 2022, Debtor borrowed and as of the date of filing owes $19,187,449.24 to EAJF ESQ Fund, LP[3] and $18,360,133.07 to EAJF[4] and all guaranteed by, *inter alia*, John Zachary Moseley.

3. On September 1, 2023, EAJF commenced litigation against both the Debtor and Moseley in Harris County State District Court to enforce the underlying loan obligations and the Guaranty (the "*Guaranty Litigation*").[5]

4. On July 19, 2023, Moseley's spouse, Jayne Elizabeth Moseley, filed a divorce proceeding styled *In the Matter of the Marriage of Jayne Elizabeth Moseley and John Zachary Moseley*, Cause No. 2023-44970, pending in the 245th Judicial District Court of Harris County, Texas (the "*Divorce Proceeding*").[6]

5. On April 9, 2024, Debtor filed for bankruptcy protection under chapter 11 of the Bankruptcy Code[7] initiating the bankruptcy case.[8]

6. On June 20, 2025, EAJF filed a Petition in Intervention in the Divorce Proceeding, naming Jayne Moseley as Intervenor Defendant.[9]

7. On July 18, 2025, EAJF filed a First Amended Petition in Intervention, and a Verified Second Amended Petition in Intervention and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction on January 21, 2026 (the "*Intervention*").[10]

8. On March 14, 2025, the Debtor and EAJF entered into a settlement agreement (the "*Settlement Agreement*") that this Court approved pursuant to its "Order Approving Debtor's Compromise and Settlement with EAJF Justice Fund, LP and EAJF Esq Fund, LP" entered on May 14, 2025 (the "*EAJF 9019 Order*").[11]

---

[2] Bankr. Case No. 24-31596, ECF No. 1313.

[3] Bankr. Case No. 24-31596, Claim No. 51.

[4] Bankr. Case No. 24-31596, Claim No. 50.

[5] ECF No. 1, at 4, ¶ 17.

[6] ECF No. 1, at 4, ¶ 18.

[7] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.

[8] "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 24-31596. Entries made in Plaintiff's Case number 26-3135 shall take the format of ECF No. __.

[9] ECF No. 1 at 4, ¶ 19.

[10] *Id.*

[11] Bankr. Case No. 24-31596, ECF No. 683.

9.  On July 18, 2025, the Debtor sought and the Court entered an "Order Granting Debtor's Emergency Motion To Extend The Automatic Stay To John Zachary Moseley Pursuant To 11 U.S.C. §362 And §105 On An Interim Basis" which expired on November 17, 2025.[12]

10. On April 24, 2026, Plaintiff initiated the instant adversary complaint ("*Complaint*").[13]

11. On May 11, 2026, EAJF filed the "Defendants' Motion To Dismiss Complaint Pursuant To Fed. R. Civ. P. 12(b)(6)" ("*Motion to Dismiss*").[14]

12. On May 19, 2026, the Court held a hearing and now issues the instant Order.

## II.  CONCLUSIONS OF LAW

This Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Complaint was properly commenced as an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(7), and temporary injunctive relief is authorized under Federal Rule of Bankruptcy Procedure 7065 and Federal Rule of Civil Procedure 65 ("*Rule*").

The Debtor is a single-attorney Texas litigation firm.[15] John Zachary Moseley ("*Moseley*") is the Debtor's sole owner, sole practicing attorney, and sole source of the institutional and case-specific knowledge on which the Debtor's estate and reorganization depend.[16] The Debtor has no board, no independent management, and no other attorney-principal.[17] EAJF has provided written notice of its intent to (i) prosecute Moseley on an approximately $30 million personal guaranty in Cause No. 2023-59211 in the 80th Judicial District Court of Harris County, Texas, and (ii) add Moseley individually to a pending Petition in Intervention in Cause No. 2023-44970 in the 245th Judicial District Court of Harris County, Texas, in which EAJF seeks a constructive trust, asset freeze, attachment, turnover, and permanent injunctive relief.[18] Based on the evidence, the Court finds that the Debtor has established the elements for temporary injunctive relief under Rule 65.

### A. Section 362(a), the automatic stay

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor."[19] "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property

---

[12] Bankr. Case No. 24-31596, ECF No. 746.
[13] ECF No. 1.
[14] ECF No. 15.
[15] ECF No. 1, at 2.
[16] ECF No. 1, at 7.
[17] ECF No. 1, at 3.
[18] ECF No. 1, at 2.
[19] 11 U.S.C. § 362(a)(1).

from the estate."[20] Ordinarily, the automatic stay under § 362 does not apply to actions against a non-debtor.[21] Courts recognize that a § 362 stay may apply to an action against non-debtor defendants depending on their relationship to the debtor.[22] Additionally, Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This includes the power to enjoin actions against non-debtors when necessary to protect the debtor's reorganization, including through preliminary and permanent injunctions.[23]

The party invoking the stay has the burden to show that it is applicable.[24] Additionally, "when a party seeks a preliminary injunction, the party 'must establish that (i) he is likely to succeed on the merits, (ii) he is likely to suffer irreparable harm in the absence of preliminary relief, (iii) the balance of equities tips in his favor, and (iv) that an injunction is in the public interest.'"[25] MMA has the burden of persuasion on each of the four elements.[26]

### B. Debtor's motion to extend the stay to Mr. Mosley

As this Court has previously held, the extension of the automatic stay to non-Debtors is "extraordinary" relief.[27] Additionally, in order to extend the stay to a non-Debtor, the Debtor must prove that "there is such an identity of interest between the debtor and the third-party defendant the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."[28] The Complaint asserts three "claims for relief."[29] Specifically, the counts are (1) Extension of the Automatic Stay Under 11 U.S.C. § 362(a); (2) Injunctive Relief under 11 U.S.C. § 105(a); and (3) Declaratory Relief.[30]

---

[20] *See Matter of S.I. Acquisition, Inc.,* 817 F.2d 1142, 1148 (5th Cir.1987) (quoting 11 U.S.C. § 362(a)(3)).

[21] *See In re TXNB Internal Case,* 483 F.3d 292, 301 (5th Cir. 2007).

[22] *See Reliant Energy Servs., Inc. v. Enron Can. Corp.,* 349 F.3d 816, 825 (5th Cir.2003) ("[A] bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt codefendants where 'there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." (quoting *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986))).

[23] *In re OGA Charters, LLC*, 554 B.R. 415, 424 (Bankr. S.D. Tex. 2016); *see In re Divine Ripe, L.L.C.*, 538 B.R. 300 (Bankr. S.D. Tex. 2015).

[24] *See* 2 William L. Norton, Jr., Norton Bankruptcy Law And Practice § 43:4 (3d ed. Supp. 2010) (noting that in bankruptcy court proceedings, "the party seeking to extend the stay will bear the burden to show that 'unusual circumstances' exist warranting such an extension of the stay to a nondebtor"); *see also Arnold v. Garlock, Inc.,* 278 F.3d 426, 436 (5th Cir. 2001) (holding that the defendant had "no interest to establish such an identity [of interests] with [the] debtor")).

[25] *In re OGA Charters, LLC*, 554 B.R. at 424 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[26] *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir.1984)); *see also In re Chiron Equities, LLC*, 552 B.R. 674, 697–98 (Bankr. S.D. Tex. 2016).

[27] *See, e.g. In re Divine Ripe, L.L.C.*, 538 B.R. 300, 314 (Bankr. S.D. Tex. 2015).

[28] *See In re Reliant Energy Services, Inc.*, 349 F.3d 815, 825 (5th Cir. 2003) (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

[29] ECF No. 1, at 7-9.

[30] ECF No. 1, at 7-9.

Debtor asserts that unusual circumstances exist warranting the requested relief.[31] Moseley is the Debtor's sole owner and its only practicing attorney.[32] He is the Debtor's only source of case-specific factual knowledge on which the Debtor's fee disputes and related settlements depend.[33] As a result, Moseley is a necessary witness on every material contested matter in this chapter 11 case. He is also the Debtor's only representative for mediations, depositions, and hearings.[34] In practical terms, Moseley functions as the Debtor's operational decision-maker and sole litigation representative. Accordingly, litigation that diverts Moseley's time, attention, and financial resources directly impairs the Debtor's ability to prosecute this reorganization and to perform its duties in the chapter 11 case.

### 1. MMA is likely to succeed on the merits

The Debtor demonstrated that "unusual circumstances" exist justifying extension of the automatic stay to Moseley, because Moseley's identity of interest with the Debtor is such that litigation consuming his time, attention, and financial resources operates directly on the Debtor's estate and reorganization.

### 2. Debtor is likely to suffer irreparable harm in the absence of preliminary relief

Absent this Order, Moseley will be required to simultaneously defend a summary-judgment posture in the Guaranty Action and participate in an active, trial-bound Intervention in the Divorce Proceeding, during the critical period leading to confirmation of the Debtor's chapter 11 plan. A judgment against Moseley on the Guaranty during this period carries a substantial risk of forcing Moseley into personal chapter 7, which would terminate the Debtor's ability to administer its estate, prosecute and settle pending Fee Disputes, and reorganize. This harm cannot be remedied by monetary damages.

### 3. The balance of equities tips in MMA's favor

The temporary relief granted herein is narrow, time-limited, and runs solely against EAJF; it preserves the status quo, does not extinguish any of EAJF's rights, and does not prevent the Divorce Proceeding from continuing on the merits between Moseley and his spouse. The balance of equities tips decisively in favor of the Debtor and the estate.

### 4. An injunction is in the public interest

---

[31] ECF No. 1, at 7.
[32] ECF No. 1, at 7.
[33] ECF No. 1, at 7.
[34] ECF No. 1, at 7.

The public interest is served by preserving the Debtor's ability to complete a reorganization that has generated more than $4.9 million in recoveries for the estate and that is on the cusp of plan confirmation. The Debtor has no adequate remedy at law.

### III.  CONCLUSION

For the reasons stated herein, it is therefore:

**ORDERED:** that

1. The Application for Preliminary Injunction is GRANTED as provided herein.

2. This Order applies only to Equal Access Justice Fund, LP and EAJF ESQ Fund, LP and does not extend to any other creditor, to Jayne Moseley, to any other party in interest, or to any governmental entity.

3. The automatic stay pursuant to 11 U.S.C. §§ 105(a) and 362(a) shall *not* apply to the pending divorce proceedings in Cause No. 2023-44970 in the *Matter of the Marriage of Jayne Elizabeth Moseley and John Zachary Moseley* to allow a division of the marital estate and the entry of a decree of divorce, and nothing in this Order prohibits Cause No. 2023-44970 from proceeding to a final resolution on the merits as between John Zachary Moseley and Jayne Elizabeth Moseley, and including EAJF Justice Fund, LP and EAJF Esq Fund, LP. from proceeding to prosecute its claims within the "First Amended Petition in Intervention" ("*Petition in Intervention*")[35] dated July 18, 2025, in this proceeding including but not limited to the taking of John Zachary Moseley's deposition, subpoenaing Mr. Moseley to testify at trial and conducting discovery in connection with its Petition in Intervention, and responding to any Motion Practice including but not limited to responding to Mr. Moseley's Motion For Summary Judgment. EAJF Justice Fund, LP and EAJF Esq Fund, LP., however, are precluded from amending their Petition in Intervention to add any claims against John Zachary Moseley.

4. Except as stated in Paragraph 3 of this Order, and pursuant to 11 U.S.C. § 362(a) and the Fifth Circuit's unusual-circumstances doctrine, the automatic stay extends to John Zachary Moseley with respect to EAJF Justice Fund, LP and EAJF Esq Fund, LP. pursuant to 11 U.S.C. §§ 105(a) and 362(a).  Equal Access Justice Fund, LP and EAJF ESQ Fund, LP together with their affiliates, agents, attorneys, successors, and assigns, are enjoined from commencing, continuing, prosecuting, or enforcing any litigation, discovery, judgment, collection action, asset freeze, attachment, constructive-trust relief, turnover relief, or other coercive proceeding against John Zachary Moseley, in any court or forum and the automatic stay is hereby extended to apply to all litigation, discovery, collection activity, and related proceedings initiated or pursued by Equal Access Justice Fund, LP and EAJF ESQ Fund, LP, including their affiliates, agents, attorneys, successors, or assigns, against John Zachary Moseley, in any court or forum, including but not limited to any efforts to obtain or enforce a judgment against John Zachary Moseley, to impose injunctive

---

[35] ECF No. 22, Ex. 25.

relief against John Zachary Moseley, or to freeze, attach, or otherwise restrain the assets of John Zachary Moseley.

5. Except as stated in Paragraph 4 of this Order, the automatic stay pursuant to 11 U.S.C. § 362(a) is herein modified to permit EAJF Justice Fund, LP and EAJF Esq Fund, LP to pursue and prosecute their "Motion for Summary Judgment" filed on March 15, 2024 or any amendment thereto.[36] If EAJF Justice Fund, LP and EAJF Esq Fund, LP were to obtain a favorable judgment against John Zachary Moseley they may not proceed to collect on the judgment pending further orders of this Court.

6. This Temporary Restraining Order is entered on **Tuesday, May 19, 2026 at 7:00 p.m.** Central Standard Time and expires on **Monday, August 17, 2026 at 7:00** p.m.

7. This Order does not prohibit Debtor from seeking further relief, and Equal Access Justice Fund, LP and EAJF ESQ Fund, LP's right to seek modification or dissolution, if plan confirmation has not occurred within 90 days of entry of any preliminary injunction.

8. As a fiduciary of this bankruptcy estate, MMA Law Firm, PLLC is not required to post a bond.

9. Plaintiff shall serve a copy of this Order on counsel for Equal Access Justice Fund, LP and EAJF ESQ Fund, LP, and on John Zachary Moseley, by electronic mail and by the Court's CM/ECF system, within twenty-four (24) hours of entry of this Order.

10. Nothing in this Order shall constitute a determination on the merits of any claim or defense of any party, including John Zachary Moseley, Equal Access Justice Fund, LP, or EAJF ESQ Fund, LP.

11. This Court retains exclusive jurisdiction over all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED Wednesday, May 20, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**

---

[36] ECF No. 22, Ex. 11.