7/28/2026 7:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 117928999
By: Sandra Castillo
Filed: 7/28/2026 7:59 PM

Certified Document Number: 127959628 - Page 1 of 10

## CAUSE NO. 2023-44970

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § | IN THE DISTRICT COURT |
| | § | |
| JAYNE ELIZABETH MOSELEY AND<br>JOHN ZACHARY MOSELEY | § | 245TH JUDICIAL DISTRICT |
| | § | |
| AND IN THE INTEREST OF<br>CAMILLA QUINN MOSELEY AND<br>MIA ELIZABETH MOSELEY,<br>CHILDREN | § | HARRIS COUNTY, TEXAS |

### INTERVENORS' MOTION FOR ENTRY OF FINAL JUDGMENT

TO THE HONORABLE COURT:

Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, **"Intervenors"**) file this Motion for Entry of Final Judgment and respectfully request that the Court enter judgment in accordance with the jury's verdict and applicable Texas law.

### I. REQUESTED JUDGMENT

The Court should enter judgment in favor of Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP and against Jayne Elizabeth Moseley as follows:

a. The sum of **$1,900,000.00** in damages awarded by the jury;

b. The sum of **$141,250.68** in prejudgment interest through July 27, 2026, plus additional prejudgment interest accruing at the rate of **$351.37 per day** from July 28, 2026 through the date judgment is signed, calculated at the applicable rate of **6.75% per annum**;

c. Reasonable and necessary attorney's fees as determined by the jury and authorized under Chapter 24 of the Texas Business and Commerce Code;

d. Taxable costs incurred by Intervenors in prosecuting this lawsuit, as determined by the clerk; and

**EXHIBIT
8**

---

**INTERVENORS' MOTION FOR ENTRY OF FINAL JUDGMENT**          **Page 1 of 9**

e.  Post-judgment interest on all amounts awarded at the applicable statutory post-judgment interest rate, compounded annually, from the date judgment is signed until the judgment is fully satisfied.

The requested judgment is based upon the jury's verdict and applicable Texas law as set forth below.

## II. ARGUMENT

### A. The Court Should Award Intervenors Damages of $1,900,000.00.

The jury found in response to Questions Nos. 1, 2, and 3 that Jayne Elizabeth Moseley committed fraudulent transfers in violation of the Texas Uniform Fraudulent Transfer Act ("TUFTA"). In response to Question No. 4, the jury awarded Intervenors damages in the amount of **$1,900,000.00**.

The jury's damages award is supported by the evidence presented at trial, including evidence concerning Jayne Moseley's fraudulent transfer of the Cart.com proceeds. The jury determined that Jayne Moseley engaged in fraudulent conduct that resulted in damages to Intervenors in the amount of $1,900,000.00.

The Court should therefore enter judgment awarding Intervenors damages in the amount of **$1,900,000.00** in accordance with the jury's verdict.

### B. Intervenors Are Entitled to an Award of Attorney's Fees Under TUFTA, and the Court Should Decline to Award Attorney's Fees to Jayne Moseley.

1.  **TUFTA Expressly Authorizes an Award of Attorney's Fees to Intervenors.**

In response to Question No. 5, the jury determined the reasonable and necessary attorney's fees incurred by Intervenors as follows:

- $491,600.00 for representation through trial;

Certified Document Number: 127959628 - Page 2 of 10

---

**INTERVENORS' MOTION FOR ENTRY OF FINAL JUDGMENT**                    **Page 2 of 9**

- $45,000.00 if Jayne Elizabeth Moseley unsuccessfully appeals this matter to the Court of Appeals;

- $35,000.00 if Jayne Elizabeth Moseley files a petition for review to the Texas Supreme Court that is subsequently denied;

- $15,000.00 if Jayne Elizabeth Moseley files a petition for review to the Texas Supreme Court, the parties are requested or required to submit briefing on the merits, and Jayne Elizabeth Moseley's appeal is unsuccessful because review is denied or the judgment is affirmed after review is granted; and

- $15,000.00 if Jayne Elizabeth Moseley files a petition for review to the Texas Supreme Court, review is granted, oral argument occurs, and the appeal is unsuccessful.

The Court should award those fees in the judgment.

The Texas Uniform Fraudulent Transfer Act ("TUFTA") expressly authorizes an award of attorney's fees. Specifically, TUFTA provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable attorney's fees as are equitable and just." TEX. BUS. & COM. CODE ANN. § 24.013. See also *Yamin v. Carroll Wayne Conn, L.P.*, 574 S.W.3d 50, 69 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Section 24.013 expressly places the equitable determination with the Court. Although the jury determines the reasonable and necessary amount of attorney's fees, the ultimate determination of whether a fee award is equitable and just belongs to the Court.

Here, the jury found in Questions Nos. 1, 2, and 3 that Jayne Moseley engaged in fraudulent transfers in violation of TUFTA and awarded Intervenors $1,900,000.00 in damages resulting from those fraudulent transfers. The jury further

Certified Document Number: 127959628 - Page 3 of 10

determined the reasonable and necessary attorney's fees incurred by Intervenors in prosecuting their TUFTA claims.

The evidence established that Intervenors incurred those fees as a direct result of Moseley's fraudulent conduct. But for Moseley's conduct, Intervenors would not have been required to investigate, trace, and pursue recovery of assets that were wrongfully transferred beyond their reach.

The attorney's fees incurred by Intervenors were necessary to remedy Moseley's TUFTA violations and recover the assets she improperly transferred. Because the jury found Moseley liable for fraudulent transfers and awarded Intervenors $1.9 million in damages, it is both equitable and just under Section 24.013 to award Intervenors the reasonable and necessary attorney's fees determined by the jury.

**2. The Court Should Decline to Award Attorney's Fees to Jayne Moseley Because Such an Award Would Not Be Equitable or Just.**

Although the jury determined the amount of attorney's fees allegedly incurred by Jayne Moseley, that finding does not establish that Moseley is entitled to recover attorney's fees under TUFTA. Section 24.013 does not provide for an automatic fee award. Rather, it requires that any award be equitable and just, and that determination rests with the Court.

Texas Rule of Civil Procedure 301 permits the Court to disregard a jury finding that is immaterial or cannot support the judgment to be entered. A jury finding is immaterial when it does not determine a controlling issue or cannot form the basis for the judgment requested.

Certified Document Number: 127959628 - Page 4 of 10

---

**INTERVENORS' MOTION FOR ENTRY OF FINAL JUDGMENT**          **Page 4 of 9**

The jury's attorney's fee finding in Moseley's favor does not resolve the controlling question under TUFTA—whether an award of fees to Moseley would be equitable and just. The jury's determination of the amount of fees Moseley incurred cannot, standing alone, establish entitlement to an award where the statutory equitable requirements are not satisfied.

Moreover, the verdict as a whole demonstrates that awarding attorney's fees to Moseley would not be equitable or just. The jury found that Moseley engaged in fraudulent transfers and awarded Intervenors $1,900,000.00 in damages.

The primary issue at trial was Moseley's fraudulent transfer of the Cart.com proceeds, and Intervenors prevailed on that central claim. The jury's findings that certain other transfers did not constitute fraudulent transfers do not alter the overall outcome of the case. Those transfers were nominal when compared to the $1.9 million Cart.com proceeds transfer for which the jury found Moseley liable.

Moseley's limited success on isolated issues does not make her the prevailing party and does not justify an award of attorney's fees under TUFTA.

Intervenors achieved the principal objective of this litigation: they established Jayne Moseley's liability for fraudulent transfers and obtained a substantial monetary recovery. Moseley, by contrast, was found liable for violating TUFTA and was ordered to pay $1.9 million in damages.

Awarding attorney's fees to Moseley under these circumstances would improperly reward the party whose fraudulent conduct necessitated this litigation while requiring Intervenors to bear the costs of enforcing their TUFTA rights.

Certified Document Number: 127959628 - Page 5 of 10

Accordingly, the Court should award Intervenors the reasonable and necessary attorney's fees found by the jury and decline to award attorney's fees to Moseley because such an award would not be equitable, just, or supported by the verdict as a whole.

## C. Intervenors Are Entitled to Prejudgment Interest.

Intervenors are entitled to recover prejudgment interest on their damages award as a matter of Texas law. Prejudgment interest serves to fully compensate a prevailing party for the lost use of money due as damages from the time the cause of action accrues until judgment is entered.

Based upon the damages awarded by the jury, prejudgment interest through **July 27, 2026**, equals **$141,250.68**. Additional prejudgment interest accrues thereafter at the rate of **$351.37 per day** until the date Final Judgment is signed.

Accordingly, the Court should award Intervenors prejudgment interest in the amount of **$141,250.68** through July 27, 2026, together with additional prejudgment interest accruing at the rate of **$351.37 per day** beginning July 28, 2026, through the date the Court signs the Final Judgment.

## D. Intervenors Are Entitled to Recover Their Taxable Court Costs.

Intervenors have necessarily incurred taxable court costs in prosecuting this action.

Texas Rule of Civil Procedure 131 provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."

Certified Document Number: 127959628 - Page 6 of 10

---

Because Intervenors prevailed on their TUFTA claims and obtained a favorable jury verdict, they are entitled to recover all taxable court costs as determined by the Clerk of the Court.

**E. The Court Should Enter Final Judgment Consistent with the Jury's Verdict.**

The jury has resolved all disputed issues submitted for its determination.

The evidence admitted at trial supports the jury's findings that Jayne Elizabeth Moseley participated in the fraudulent transfer of the Cart.com proceeds with actual intent to hinder, delay, or defraud Intervenors in violation of the Texas Uniform Fraudulent Transfer Act.

The jury further determined the amount of damages sustained by Intervenors and the reasonable and necessary attorney's fees incurred in prosecuting their claims. No issues remain for determination other than the entry of judgment. Accordingly, the Court should enter Final Judgment incorporating the jury's findings and awarding Intervenors all relief to which they are entitled under Texas law.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP respectfully request that the Court enter Final Judgment in their favor and against Defendant Jayne Elizabeth Moseley as follows:

1. Actual damages in the amount of **$1,900,000.00**;

2. Prejudgment interest in the amount of **$141,250.68** through **July 27, 2026**, together with additional prejudgment interest accruing at the rate of **$351.37 per day** from **July 28, 2026** until the date Final Judgment is signed;

3. Reasonable and necessary attorney's fees in the amount of **$491,600.00**, together with the contingent appellate attorney's fees found by the jury,

---

Certified Document Number: 127959628 - Page 7 of 10

because such an award is equitable and just under Section 24.013 of the Texas Business and Commerce Code;

4. Taxable court costs as determined by the Clerk of the Court;

5. Post-judgment interest on all amounts awarded at the statutory rate prescribed by Chapter 304 of the Texas Finance Code, compounded annually from the date judgment is signed until paid in full; and

6. Such other and further relief, at law or in equity, to which Intervenors may be justly entitled.

Respectfully submitted,

**SPENCER FANE LLP**

By: ***/s/ Brian W. Zimmerman***
Brian W. Zimmerman
State Bar No. 00788746
bzimmerman@spencerfane.com
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056
Telephone:   (713) 552-1234
Facsimile:   (713) 963-0859
**ATTORNEYS FOR INTERVENORS**

Certified Document Number: 127959628 - Page 8 of 10

## Certificate of Service

I certify that on July 28, 2026, a true and correct copy of the foregoing was forwarded to all counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure as follows:

*VIA E-SERVICE*
Andrew Bayley
andrew@bayleylawfirm.com
THE BAYLEY LAW FIRM
1225 North Loop West, Suite 900
HOUSTON, TX 77008
Attorney for Respondent

*VIA E-SERVICE*
J. Patrick Cohoon
pcohoon@lkclawfirm.com
John Ben Blackburn
jbblackburn@lkclawfirm.com
Jason Curd
jcurd@lkclawfirm.com
LEGER KETCHUM & COHOON, PLLC.
179 S. Main Street, Suite 102
Boerne, Texas 78006
ATTORNEY FOR JAYNE ELIZABETH MOSELEY

*VIA E-SERVICE*
Douglas Ray York
service@douglasyork.com
LAW OFFICES OF DOUGLAS RAY YORK, P.C.
1824 Heights Blvd.,
Houston, Texas 77008
ATTORNEY FOR JAYNE ELIZABETH MOSELEY

*/s/ Brian W. Zimmerman*
Brian W. Zimmerman

Certified Document Number: 127959628 - Page 9 of 10

**INTERVENORS' MOTION FOR ENTRY OF FINAL JUDGMENT**         **Page 9 of 9**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Julia Woods on behalf of Brian Zimmerman
Bar No. 788746
jwoods@spencerfane.com
Envelope ID: 117928999
Filing Code Description: Motion (No Fee)
Filing Description: INTERVENORS??? MOTION FOR ENTRY OF FINAL JUDGMENT
Status as of 7/29/2026 9:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| J. PatrickCohoon | | pcohoon@lkclawfirm.com | 7/28/2026 7:59:38 PM | SENT |
| Stephanie Proffitt | 24006775 | notice@proffittfamilylaw.com | 7/28/2026 7:59:38 PM | SENT |
| Katie LFlynn | | service@thestoutlawfirm.com | 7/28/2026 7:59:38 PM | SENT |
| Andrew Bayley | 24071501 | Andrew@bayleylawfirm.com | 7/28/2026 7:59:38 PM | SENT |
| Doug York | | service@douglasyork.com | 7/28/2026 7:59:38 PM | SENT |
| Jason Curd | | jcurd@lkclawfirm.com | 7/28/2026 7:59:38 PM | SENT |
| John Ben Blackburn | | jbblackburn@lkclawfirm.com | 7/28/2026 7:59:38 PM | SENT |
| Jessica Stacy | | jstacy@lkclawfirm.com | 7/28/2026 7:59:38 PM | SENT |

Certified Document Number: 127959628 - Page 10 of 10



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 31, 2026

Certified Document Number:        127959628 Total Pages:  10

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**