**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **Case No. 24-31596** |
| **Debtor.** | § | |

**EAJF'S OBJECTION TO DEBTOR'S EMERGENCY MOTION TO DESIGNATE THE
BALLOTS OF EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP
<u>PURSUANT TO 11 U.S.C. § 1126(e)</u>
[Docket No. 1614]**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "**EAJF**"), creditors

in the above-referenced bankruptcy case, file this Objection (the "**Objection**") to the Debtor's

Emergency Motion To Designate The Ballots Of Equal Access Justice Fund, LP And EAJF Esq

Fund, LP Pursuant To 11 U.S.C. § 1126(e) ("**Designation Motion**"), and as grounds therefore

state as follows:

1.      The Debtor's subterfuge continues.  Its Designation Motion confirms that despite

EAJF's reliance on the Settlement Agreement ("**Settlement Agreement**"), entered into by the

Debtor and EAJF and approved by the Court on May 14, 2025 [Docket No. 683], the Debtor has

never intended to abide by its terms.

2.      EAJF has performed pursuant to the Settlement Agreement, undertaking acts such

as promptly dismissing the Debtor as a Party-Defendant from its pre-petition Harris County Suit

against both the Debtor and John Zachary Moselely ("**Moseley**"), the Debtor's principal. EAJF's

bargain with the Debtor and Moseley under the Settlement Agreement in part specifically calls for

EAJF to be able to pursue, without limitation, EAJF's ability to collect the underlying indebtedness

1

due to it from Moseley, a guarantor on the Debtor's loans with EAJF. It prohibits affecting any claims that EAJF may have against Mr. Moseley individually and proscribes that the Plan may "not contain provisions that contradict or conflict with the Settlement Agreement." (*See* Settlement Agreement, § 11, specific performance provision in § 10, and the prohibition of affecting claims against Mr. Moseley in §9(c)).

3.      Despite this fact, the Debtor seeks to prohibit for 18 months EAJF's ability to collect that indebtedness from Moseley (which would of course reduce the Debtor's liability due to EAJF),  This has occurred in stark contrast to and in violation of the express terms of the Settlement Agreement.

4.      As set forth in EAJF's Objection to Confirmation of the Plan [Docket No.1594], ("**EAJF Plan Objection**") the Plan is dead on arrival because of its blatant disregard of the Settlement Agreement and its 18-month injunction provided in favor of Moseley. EAJF is entitled to specific performance of the Debtor's obligations under the Settlement Agreement and despite the current *Third Amended Joint Plan of Liquidation* [Docket No. 1577] ("**Plan**"), EAJF is not required to vote for a plan of reorganization that stands in direct opposition to the terms and spirit of the Settlement Agreement. Thus, EAJF cast its ballots rejecting the Plan, as is its right.  Despite the Designation Motion, it is the Debtor, not EAJF, that has failed to perform under the terms of the Settlement Agreement, and EAJF has taken no action inconsistent with its terms.

5.      As set forth in the EAJF Plan Objection[1], the Plan is also unconfirmable because the exculpation provisions and the imposition of a stay in favor of non-debtor because the

---

[1] EAJF incorporates herein its Plan Objection as if fully set forth herein.

prospective exculpation and stay provisions fly in the face of well-established 5th Circuit procedural requirements, case law, and precedent.

6.      As to the Debtor's complaint that EAJF has not designated a Plan Oversight Committee Member, EAJF has requested the Debtor provide it with the proposed by-laws for the Oversight Committee, but those requests have gone unanswered.  EAJF is concerned with blindly nominating an Oversight Committee member when such issues remain unresolved, but it does represent that EAJF shall designate Mr. David Childers as its representative, should the Plan be confirmed without the Debtor being required to provide such important information.

7.      Simply put, the Designation Motion is devoid of merit.  11 U.S.C. § 1126(e) should not be inappropriately invoked as a sword by the Debtor to evade its duties and responsibilities under the Settlement Agreement and Plan.  The Debtor, not EAJF, is the party acting in bad faith, and the EAJF's votes rejecting the Plan were well grounded, supported by the terms of the Settlement Agreement, the Order approving same, and were cast in good faith.

WHEREFORE EAJF requests that the Court enter an order denying the Debtor's Designation Motion,  and granting EAJF such other and further relief, legal or equitable, special or general, to which EAJF may show themselves justly entitled.

Dated: August 3, 2026.                                    Respectfully submitted,

**SPENCER FANE LLP**

*/s/ Clay M. Taylor*
Clay M. Taylor
Texas Bar No. 24033261
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Telephone: (972) 324-0300
Fax: (972) 324-0301
Email: ctaylor@spencerfane.com

-and-

David M. Miller
Fed. No. 3936351
Colo. Bar No. 17915
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Fax: (303) 839-3838
Email: dmiller@spencerfane.com

-and-

Brian W. Zimmerman
TX Bar No. 00788746
Fed. No. 18979
3040 Post Oak Blvd., Ste. 1400
Houston, Texas 77056
Telephone: (713) 212-2643
Email: bzimmerman@spencerfane.com

**COUNSEL FOR EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP**

## CERTIFICATE OF SERVICE

I certify that on August 3, 2026, a true and correct copy of the foregoing document was served by electronic service via the Court's ECF filing system on those parties registered to receive service via the Clerk of the Court through the ECF system.

*/s/ Clay M. Taylor*
Clay M. Taylor