IN RE MMA LAW FIRM, PLLC | Case No. 24-31596 | Bankr. S.D. Tex. (Houston Div.)
Confirmation Hearing — Third Amended Joint Plan of Liquidation (ECF 1577)

**EX. 15**

# *Purdue Pharma* Forbids Permanent Nonconsensual Releases — Not This Temporary, Tolled Stay

*Harrington v. Purdue Pharma L.P., 603 U.S. 204 (2024) ("Today's decision is a narrow one.")*

| | PROHIBITED BY *PURDUE* <br> Nonconsensual Third-Party Release | THE MMA PLAN <br> 18-Month Stay of Actions (Plan § 5.8) |
|---|---|---|
| **Nature of relief** | Release and injunction that "effectively seek to **discharge** claims against a nondebtor without the consent of affected claimants" | A **temporary plan injunction** under §§ 105(a) and 1123(b)(6) deferring — not extinguishing — suits against three individuals |
| **Duration** | **Permanent and forever** — claims extinguished for all time | **18 months**; expires by its own terms unless extended only for cause shown, after notice and a hearing |
| **Effect on creditors' claims** | Claims **extinguished without consent** — claimants receive a judgment's preclusive effect with none of a judgment's process | **Every claim survives.** No discharge of any claim, debt, or cause of action (Plan §§ 5.8, 9.3); § 524(e) savings clause (Plan § 9.9) |
| **Limitations periods** | Irrelevant — claims are gone | **Tolled during the entire Stay Period**, plus a 60-day grace period after the stay expires — no claimant loses a single day |
| **Debtor's discharge** | Nondebtors obtained relief broader than the Code gives an honest debtor | **No one is discharged — not even the Debtor** (§ 1141(d)(3); Plan § 9.3: liquidating plan; Debtor ceases operations) |
| **Consideration** | Sackler payment extracted from claimants' extinguished rights | Stay Parties provide **capped (15 hrs/wk), below-market consulting** ($350/$250/$125 per hr) essential to monetizing the mass tort dockets — value flows **to** the Estate |
| **Who benefits** | Owners who extracted billions prepetition | **Creditors** — the stay preserves the institutional knowledge needed to collect Roundup / APAP / NEC receivables and prosecute estate Causes of Action |
| **Insider accountability** | Claims against insiders released | **All Estate Causes of Action against insiders — including Mr. Moseley — are expressly preserved** (Plan §§ 1.1.33, 5.18); EAJF's guaranty claims against Mr. Moseley are **carved out entirely** |

**Temporary stays of actions against nondebtors remain permissible after *Purdue***: *Feld v. Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995) (§ 105 permits temporary stays of nondebtor suits; only permanent relief offends § 524(e)) • *In re Parlement Techs., Inc.*, 661 B.R. 722 (Bankr. D. Del. 2024) • *In re Kabbage, Inc.*, No. 22-10951 (Bankr. D. Del. 2023) (liquidating plan confirmed with temporary wind-down injunction) • *In re Engineering Recruiting Experts, LLC*, 783 B.R. 32 (Bankr. M.D. Fla. 2025)

*DEMONSTRATIVE AID — Purdue distinction chart | Prepared by counsel; not itself evidence; subject to proof at hearing.*