IN RE MMA LAW FIRM, PLLC | Case No. 24-31596 | Bankr. S.D. Tex. (Houston Div.)
Confirmation Hearing — Third Amended Joint Plan of Liquidation (ECF 1577)

**EX. 17**

# Distribution Waterfall — Absolute Priority Satisfied as to Deemed-Rejecting Class 5

*Plan of Liquidation — every dollar flows down the statutory priority scheme before equity receives anything*



**UNCLASSIFIED — Administrative, Professional Fee & Priority Tax Claims**
Paid in full — §§ 1129(a)(9), 1123(a)(1) (Plan Art. 2)

**CLASS 1 — Other Priority Claims**
Unimpaired — paid in full; deemed to accept (§ 1126(f))

**CLASS 2 — Secured Claim of EAJF — Allowed at $25M (capped)**
Paid solely from EAJF Funds per 9019 Settlement (ECF 588/683); no deficiency claim

**CLASS 3 — Other Secured Claims**
Unimpaired — paid in full or collateral returned; deemed to accept

**CLASS 4 — General Unsecured Claims (incl. EAJF's agreed $17M GUC)**
Impaired & voting — Pro Rata Share of GUC Funds

**CLASS 5 — Equity Interests — DEEMED TO REJECT (§ 1126(g))**
Extinguished; NO distribution unless Classes 1–4 are PAID IN FULL

**AVAILABLE FUNDS — ESTATE / EAJF ALLOCATIONS (EAJF Settlement)**

| | |
|---|---|
| **WP Cases:** | 95% Estate / 5% EAJF |
| **Non-WP Cases:** | 10% Estate / 90% EAJF |
| **Two Cases:** | 10% Estate / 90% EAJF — but EAJF's 90% deferred 1 yr post-Confirmation; 100% of proceeds to Class 4 during deferral |
| **Zantac sale:** | 25% Estate / 75% EAJF (~$1.25M) |
| **Mass Tort Dockets:** | Roundup • APAP/Tylenol • NEC |
| **Causes of Action:** | Ch. 5 actions; insider claims (incl. Moseley) preserved — Plan § 5.18 |

**§ 1129(b)(2)(C) ABSOLUTE PRIORITY:**

Equity (Class 5) receives nothing on account of its Interests unless and until every senior Allowed Claim is paid in full (Plan § 4.5). Cramdown of the deemed-rejecting class is therefore fair and equitable a fortiori.

*DEMONSTRATIVE AID — Distribution waterfall / § 1129(b) cramdown | Prepared by counsel; not itself evidence; subject to proof at hearing.*