**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| **MMA LAW FIRM, PLLC** | § | |
| | § | CHAPTER 11 |
| Debtor | § | |

**FIRST INTERIM APPLICATION OF DAVID MIDDLEMAN FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS MARKETING CONSULTANT AND BROKER**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

David Middleman (the **"Applicant"**) files this First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses as Marketing Consultant and Broker (the "**Application"),** and respectfully shows the Court as follows:

**<u>Relevant Facts</u>**

1. On April 9, 2024, MMA Law Firm, PLLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

2.      The Debtor held an interest in attorneys' fees arising from four mass tort dockets: Zantac, Roundup, APAP, which is also referred to as Tylenol, and NEC (collectively, the "Mass Tort Dockets").

3.      The Debtor prosecuted the Mass Tort Dockets in collaboration with co-counsel law firms, referred to as the Handling Firms, under agreements providing for the sharing of contingency fees. The estate's interest in each docket is a partial interest in attorneys' fees payable upon resolution of the underlying claims.

4.      On May 14, 2025, the Court approved a compromise between the Debtor and Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "EAJF") [ECF No. 683]. Pursuant to that compromise, the Debtor is authorized to sell the Mass Tort Dockets, subject to the employment of estate professionals and further order of this Court.

5.      On June 27, 2025, the Debtor filed its Amended Application to Employ David Middleman as Marketing Consultant and Broker for the Sale of Estate Assets [ECF No. 710] (the **"Employment Application"**).

6.      On July 30, 2025, the Court entered its Order Granting Employment [ECF No. 760] (the **"Employment Order"**), authorizing the employment of the Applicant pursuant to 11 U.S.C. §§ 327(a) and 328(a), effective as of May 15, 2025.

7.      The Employment Order provides that the Applicant shall receive a five percent contingency fee as defined in the Employment Application, under section 328(a), and that any fees or expenses are payable only after entry of a further order of this Court approving compensation and expenses.

**Zantac Docket**

8.      Beginning in July 2025, the Applicant marketed the Zantac docket to purchasers reasonably expected to have an interest in acquiring an attorney's fee interest in mass tort matters.

9.      Applicant reviewed the Zantac cases, the relevant case inventories, and the associated financial data, and engaged in numerous discussions with Krause and Kinsman and numerous other parties regarding a potential sale.

10.     Applicant communicated with Krause & Kinsman, and evaluated the structure of the qualified settlement funds in order to assess the risks associated with the estate's interest.

11.     Following extensive arm's length negotiations conducted over several months, the highest and best offer obtained was a proposal from Krause and Kinsman Group, LLC in the amount of $1,250,000.00.

12.     On January 16, 2026, the Debtor filed its Motion for Authority to Sell Zantac Docket to Krause and Kinsman Group, LLC and Compromise Controversy with Krause and Kinsman Trial Lawyers, LLP [ECF No. 1265].

13.     On February 25, 2026, the Court entered its order granting that motion in full and authorizing the sale free and clear pursuant to 11 U.S.C. § 363(f) [ECF No. 1347].

14.     In addition to the cash consideration of $1,250,000.00, the transaction facilitated by the Applicant resulted in the disallowance of Proof of Claim No. 39 in its entirety and the waiver by Krause and Kinsman Trial Lawyers, LLP of any asserted entitlement to attorneys' fees arising from the Louisiana Cases.

15.     The Applicant seeks allowance of a contingency fee in the amount of $62,500.00, calculated as five percent of the $1,250,000.00 in gross proceeds generated by the sale of the Zantac docket to Krause and Kinsman Group, LLC as approved by this Court at ECF No. 1347.

16.     The Applicant has received no payment on account of his services in this case and no compensation has been paid to date.

17.     The Applicant did not receive a retainer in this case.

18.     The Court approved the Applicant's employment and the terms of his compensation under 11 U.S.C. § 328(a). Section 328(a) permits a professional to be employed on any reasonable terms and conditions, including on a contingent fee basis, and provides that the Court may allow compensation different from the compensation provided under such terms only if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

19.     No developments have occurred that would render the approved terms improvident. To the contrary, the terms operated exactly as contemplated. The Applicant marketed four dockets. He generated a sale on one of them. He is compensated on that sale alone and receives nothing on the three dockets that did not sell. The risk allocation embedded in a pure contingency structure fell on the Applicant, not on the estate.

20.     Notice of this Application has been provided to the United States Trustee, counsel for EAJF, counsel for the Official Committee of Unsecured Creditors, the Debtor, and all parties requesting notice under Bankruptcy Rule 2002.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Applicant respectfully requests that the Court enter an order (i) granting this Application; (ii) allowing interim compensation to David Middleman in the amount of $62,500.00; (iii) authorizing and directing payment of the allowed amounts; and (v) granting such other and further relief as the Court deems just and proper.

Dated: <u>August 7, 2026</u>.

Respectfully submitted,

WALKER & PATTERSON, P.C.

*By: /s/ Miriam T. Goott*
Miriam T. Goott
State Bar No. 24048846
P.O. Box 61301
Houston, Texas 77208
Telephone: 713.956.5577
mgoott@walkerandpatterson.com

**COUNSEL FOR THE DEBTOR**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2026, a true and correct copy of the foregoing Application was served on the United States Trustee, counsel for EAJF, counsel for the Official Committee of Unsecured Creditors, Allison D. Byman, and all parties receiving notice via the Court's CM/ECF system.

*/s/ Miriam T. Goott*
Miriam T. Goott