**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **Case No. 24-31596** |
| | § | |
| **DEBTOR** | § | |

# EMERGENCY MOTION TO ENFORCE CONFIRMATION ORDER AND SETTLEMENT AGREEMENT, FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF, AND FOR DECLARATORY RELIEF

**[EXPEDITED/EMERGENCY RELIEF REQUESTED]**

***Emergency Relief Requested Regarding Judgment Entered August 21, 2026***

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

**IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:**

## I. INTRODUCTION

1. John Zachary Moseley ("Mr. Moseley"), an attorney licensed to practice law in Texas, appearing pro se and filing on his own behalf as an affected party, respectfully files this Emergency Motion to Enforce Confirmation Order and Settlement Agreement, for Temporary Restraining Order and Injunctive Relief, and for Declaratory Relief (this "Motion") and in support thereof states as follows:

2. This Motion seeks emergency relief to enforce Section 5.8 of the Plan (as defined below), Paragraph 11(o) of the Order Confirming Third Amended Joint Plan of Liquidation and Plan Supplement of MMA Law Firm, PLLC, entered August 5, 2026 [ECF No. 1648] (the "Confirmation Order"), as well as the Settlement Agreement approved by this Court's Order dated May 14, 2025 [ECF No. 683] (the "9019 Order"). The Confirmation Order confirmed the Third Amended Joint Plan of Liquidation [ECF No. 1577, filed July 1, 2026] (the "Plan") and incorporates the EAJF Settlement into the Plan.

3. Emergency relief is necessary because EAJF has violated—and continues to violate—Paragraph 11(o) of the Confirmation Order by actively pursuing claims against Jayne Elizabeth Moseley in the Divorce Case *before* the Divorce Court has rendered a final division of the marital estate. EAJF filed a Notice of Oral Hearing on August 6, 2026—one day after entry of the Confirmation Order—setting a hearing on its Motion for Entry of Final Judgment for August 21, 2026, and filed a Motion for Sanctions and Contempt on August 14, 2026, seeking, among other things, confinement of Jayne Elizabeth Moseley. On August 21, 2026, EAJF obtained entry of judgment against Jayne notwithstanding Paragraph 11(o), the Plan EAJF had

just accepted, and the absence of a final division of the marital estate. EAJF's immediate filing after agreeing to the Plan demonstrates bad faith.

4. The judgment entered against Jayne Elizabeth Moseley is void, voidable, or at minimum unenforceable because it was procured and entered in direct violation of a controlling federal bankruptcy court order. EAJF should be restrained immediately from enforcing, recording, abstracting, using, relying upon, or communicating the judgment as an enforceable judgment against Jayne or against the Community Property. This Court should declare that the judgment is without legal effect as to the Community Property unless and until this Court determines otherwise and the Divorce Court renders a final division of the marital estate.

## II. <u>JURISDICTION AND STANDING</u>

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L), and this Motion concerns enforcement of the Confirmation Order, the Plan, and the Court's prior 9019 Order.

6. Paragraph 12 of the 9019 Order [ECF No. 683] expressly provides: "*This Court shall retain exclusive jurisdiction over the interpretation and enforcement of the Settlement Agreement.*" Paragraph 18 of the Confirmation Order [ECF No. 1648] separately provides that the Court retains jurisdiction over this chapter 11 case, including jurisdiction to interpret and enforce the Plan and the Confirmation Order.

7. Section 11.1 of the Third Amended Joint Plan of Liquidation [ECF No. 1577] (as confirmed by ECF No. 1648) provides that the Court retains jurisdiction over "all matters arising

in, arising under, or related to, the Debtor's case," including authority to: (i) under Section 11.1.9, "Resolve any cases, controversies, suits, disputes, or Causes of Action that may arise in connection with the Consummation, interpretation, or enforcement of the Plan or any entity's obligations incurred in connection with the Plan"; (ii) under Section 11.1.10, "Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation or enforcement of the Plan"; (iii) under Section 11.1.18, "Hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan or Confirmation Order"; (iv) under Section 11.1.20, "Enforce all orders previously entered by the Court"; and (v) under Section 11.1.23, "Enforce and/or extend the injunction provisions set forth in the Plan."

8. John Zachary Moseley ("Mr. Moseley") has standing to bring this Motion as a party directly affected by Paragraph 11(o) of the Confirmation Order, the incorporated EAJF Settlement, and Section 5.8 of the Plan. Mr. Moseley and Jayne Elizabeth Moseley are married and are parties to the pending Divorce Case, Cause No. 2023-44970, in which they are actively seeking a divorce. The Divorce Court has not yet rendered a final division of their marital estate. Under Texas law, property acquired during marriage is community property unless established to be separate property, and property possessed by either spouse on dissolution is presumed community property. See Tex. Fam. Code §§ 3.002, 3.003. The property EAJF is pursuing, including property that may be reached by the August 21, 2026 judgment or post-judgment remedies, is community property or presumptively community property in which Mr. Moseley has a present interest until final division (the "Community Property"). As a spouse, EAJF's pursuit of judgment and post-judgment remedies against Jayne directly impairs Mr. Moseley's community-property interests and threatens the orderly division of property belonging to both

spouses. Mr. Moseley is also a party to the Divorce Case and a "Stay Party" protected by Section 5.8 of the Plan (the "Forbearance"), which, upon entry of the Confirmation Order, stays and enjoins actions against him in his individual or personal capacity for eighteen (18) months, subject to the Plan's express terms and any relief from the Forbearance for cause, including enforcement, attachment, collection, or recovery of a judgment and the creation, perfection, or enforcement of a lien or encumbrance against his property. Accordingly, Mr. Moseley is an affected party with standing to seek enforcement of the Confirmation Order and protection of the undivided community estate.

## III. RELEVANT BACKGROUND

### A. The Settlement, Plan, and Confirmation Order

9. On May 14, 2025, this Court entered its Order Approving Debtor's Compromise and Settlement with EAJF Justice Fund, LP and EAJF ESQ Fund, LP [ECF No. 683] (the "9019 Order"), granting the 9019 Motion [ECF No. 588] and approving the Settlement Agreement. On August 5, 2026, this Court entered the Confirmation Order [ECF No. 1648], confirming the Third Amended Joint Plan of Liquidation [ECF No. 1577, filed July 1, 2026] and modifying the Plan through Paragraph 11, including Paragraph 11(o). At the Confirmation Hearing, EAJF sought leave on the record to change its votes in Classes 2 and 4 from reject to accept. The Court granted leave and accepted EAJF's ballots as accepting the Plan. EAJF therefore knowingly agreed to the Plan as confirmed, including the incorporated EAJF Settlement and Paragraph 11(o).

10. Paragraph 11(o) of the Confirmation Order [ECF No. 1648], entered August 5, 2026, provides in full: *"(o) Divorce Case. The Forbearance contemplated in this Order and in*

*the Plan shall not apply to the pending divorce proceedings in Cause No. 2023-44970 in the Matter* of the *Marriage of Jayne Elizabeth Moseley* and *John Zachary Moseley (the 'Divorce Case') to allow a division of the marital estate and* the *entry of a decree of* divorce*, and nothing* in *this Order prohibits* Cause No. 2023-44970 *from proceeding to a final resolution on the merits as between John Zachary Moseley and Jayne Elizabeth Moseley, and including EAJF Justice Fund*, *LP and EAJF Esq Fund*, *LP from proceeding to prosecute its claims, entry* of *judgment or other post-judgment remedies against* Jayne Elizabeth Moseley *until after the Divorce Court renders a final division of the marital estate."*

11. Paragraph 11(o) is not merely a contractual term. The Confirmation Order confirms the Plan as modified, makes the Plan and Order binding on all parties-in-interest, and itself contains the prohibition quoted above. EAJF is therefore barred by a federal court order—not only by the underlying Settlement Agreement—from proceeding to prosecute its claims, seek entry of judgment, or pursue other post-judgment remedies against Jayne Elizabeth Moseley until after the Divorce Court renders a final division of the marital estate. EAJF's next-day filing underscores the knowing nature of the violation. Paragraph 11(o) expressly permits the Divorce Case to proceed to final resolution on the merits between the spouses; it does not permit EAJF to take the prohibited actions against Jayne before that final division.

12. Section 9.2 of the Plan provides: "The terms of the EAJF Settlement are incorporated as an integral part of this Plan, and the terms and conditions contained therein are fully enforceable as provisions of this Plan." The Motion therefore seeks enforcement of both Paragraph 11(o) of the Confirmation Order itself and the incorporated settlement terms, with the Confirmation Order serving as the primary source of the prohibition at issue. EAJF's acceptance of the Plan and immediate post-confirmation conduct further establish actual notice.

**B. Paragraph 11(o) Was Negotiated to Preserve the Undivided Community Estate Until Final Division**

13. Paragraph 11(o) reflects the negotiated accommodation between the Forbearance and the pending Divorce Case involving an undivided marital estate. Because the Divorce Court has not yet rendered a final division of the marital estate, property held or possessed by either spouse remains community property or presumptively community property in which Mr. Moseley has a present interest. Actions against Jayne Elizabeth Moseley before final division therefore necessarily threaten property that remains part of the undivided community estate and implicate Mr. Moseley's protected interests under the Plan and Confirmation Order.

14. The purpose of Paragraph 11(o) was to allow the Divorce Court to proceed to final resolution as between the spouses—including entry of a decree of divorce and final division of the marital estate—while preventing EAJF from using the Divorce Case to prosecute claims, obtain judgment, or pursue remedies against the undivided community estate before that division occurred. EAJF's contrary reading in their state court filings would render the phrase "until after the Divorce Court renders a final division of the marital estate" meaningless and would give EAJF an end-run around the Forbearance and this Court's protection of Mr. Moseley's property interests.

15. This interpretation is also consistent with the structure of the Plan and Confirmation Order. The carveout permits the divorce proceeding itself to move forward so the marital estate can be divided; it does not permit EAJF to collapse that timing protection by obtaining relief against one spouse while the estate remains undivided and the Forbearance is in place.

## C. The State Court Divorce Proceeding

16. Jayne Elizabeth Moseley and John Zachary Moseley are parties to a pending divorce proceeding styled *In the Matter of the Marriage of Jayne Elizabeth Moseley and John Zachary Moseley*, Cause No. 2023-44970, in the 245th Judicial District Court, Harris County, Texas (the "Divorce Proceeding").

17. **The Divorce Court has not yet rendered a final division of the marital estate.** The prohibition in Paragraph 11(o) therefore remains in effect as to EAJF's prosecution of claims, entry of judgment, and other post-judgment remedies against Jayne Elizabeth Moseley. The undivided community property remains subject to Mr. Moseley's and Jayne's respective interests until the Divorce Court makes a final division.

## D. EAJF's Violating Conduct in State Court

18. Despite the clear terms of Paragraph 11(o), EAJF has undertaken aggressive actions against Jayne Elizabeth Moseley in the Divorce Case that fall within the Confirmation Order's prohibition and directly affect Mr. Moseley's community-property interests:

19. **Notice of Oral Hearing (August 6, 2026):** One day after the Confirmation Order was entered on August 5, 2026—and immediately after EAJF had sought and obtained leave to change its votes in Classes 2 and 4 from reject to accept—EAJF filed a Notice of Oral Hearing identifying its Motion for Entry of Final Judgment and setting the matter for hearing on August 21, 2026, at 9:00 a.m. before the 245th Judicial District Court. EAJF's effort to obtain entry of a final judgment against Jayne Elizabeth Moseley is precisely the type of conduct Paragraph 11(o) prohibits until after the Divorce Court renders a final division of the marital estate. Filing the

Notice the very next day after agreeing to the Plan was a knowing violation and evidence of bad faith.

20. **Motion for Sanctions and Contempt (August 14, 2026):** Nine days after the Confirmation Order was entered, EAJF filed a Motion for Sanctions and Contempt against Jayne Elizabeth Moseley in the Divorce Case seeking:

a. A finding of contempt against Jayne Elizabeth Moseley;

b. Monetary sanctions;

c. Coercive contempt relief, including confinement;

d. A complete accounting of funds; and

e. Attorneys' fees.

21. Mr. Moseley will attach the relevant state-court filings as exhibits, including EAJF's Notice of Oral Hearing filed August 6, 2026, EAJF's Motion for Entry of Final Judgment, EAJF's Motion for Sanctions and Contempt filed August 14, 2026, any Motion to Abate or other filing placing Paragraph 11(o) before the state court, and the judgment entered on August 21, 2026. These filings are probative of EAJF's actual notice, the timing of its conduct, and the knowing and bad-faith nature of the violation.

22. EAJF's counsel in the state court proceeding is Spencer Fane LLP (Brian W. Zimmerman, Frederick Johnson, and Gary J. Zimmerman) and Proffitt Family Law, P.C. (Stephanie J. Proffitt).

23. A motion to abate was filed in the state court proceedings (the "Motion to Abate"), bringing Paragraph 11(o) of the Confirmation Order, the Plan, and the Settlement

Agreement to the state court's attention. On August 21, 2026, Judge Angela Lancelin of the 245th Judicial District Court disagreed with the Motion to Abate and entered judgment against Jayne Elizabeth Moseley, despite there being no final division of the marital estate.

## IV. ARGUMENT AND AUTHORITIES

### A. This Court Has Exclusive Jurisdiction to Interpret and Enforce the Settlement Agreement, Plan, and Confirmation Order

24. The 9019 Order unambiguously vests this Court with "exclusive jurisdiction over the interpretation and enforcement of the Settlement Agreement." ECF No. 683, ¶ 12. Paragraph 18 of the Confirmation Order [ECF No. 1648] independently retains jurisdiction over the Plan and the Confirmation Order itself, and Section 11.1 of the Plan expressly authorizes this Court to resolve disputes concerning the Plan and Confirmation Order, issue injunctions to restrain interference with enforcement, and enforce previously entered orders. Paragraph 11(o) is therefore enforceable in this Court as an operative term of the Confirmation Order, not merely as a private contract. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994); *In re Grimland, Inc.*, 243 F.3d 228, 231 (5th Cir. 2001).

25. This Court also has authority under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," including orders necessary to enforce the Plan and Confirmation Order. Section 1142(a) requires the debtor and any entity issuing securities under the Plan to carry out the Plan and comply with the Court's orders, and Section 1142(b) authorizes the Court to direct actions necessary to consummate the Plan. The Court may enforce Paragraph 11(o) through its contempt power

because EAJF's noncompliance is a violation of a federal court order. *See United States v. Sutton*, 786 F.2d 1305, 1307–08 (5th Cir. 1986).

**B. EAJF Is Violating Paragraph 11(o) of the Confirmation Order**

26. Paragraph 11(o) does not bar the Divorce Case from proceeding to final resolution on the merits between John Zachary Moseley and Jayne Elizabeth Moseley, including division of the marital estate and entry of a decree of divorce. It does, however, expressly prohibit EAJF Justice Fund, LP and EAJF Esq Fund, LP from proceeding to prosecute their claims, seeking entry of judgment, or pursuing other post-judgment remedies against Jayne Elizabeth Moseley until after the Divorce Court renders a final division of the marital estate. No final division has occurred. EAJF's conduct therefore violates a direct prohibition in the Confirmation Order in knowing disregard of its agreement.

27. Notwithstanding this direct restriction, EAJF is actively pursuing Jayne Elizabeth Moseley in state court by:

a. Seeking entry of a judgment against Jayne Elizabeth Moseley (which was entered on August 21, 2026);

b. Filing a motion for sanctions and contempt against Jayne Elizabeth Moseley (filed August 14, 2026);

c. Seeking Jayne Elizabeth Moseley's confinement;

d. Seeking monetary sanctions and attorneys' fees against Jayne Elizabeth Moseley.

28. EAJF's efforts to obtain a judgment, sanctions, contempt, confinement, attorneys' fees, and other relief against Jayne Elizabeth Moseley are part of the prosecution of claims, entry of judgment, or post-judgment remedies prohibited by Paragraph 11(o) before final division. Those efforts also threaten to impair the Community Property. EAJF cannot circumvent the Confirmation Order by styling its conduct as enforcement of a state court order or judgment. The Divorce Case may proceed between the spouses as Paragraph 11(o) permits, but EAJF may not pursue these remedies against Jayne until the Divorce Court renders a final division of the marital estate. EAJF's conduct is especially egregious given its acceptance of the Plan.

**C. The Judgment Entered Against Jayne Elizabeth Moseley Is Void, Voidable, or at Minimum Unenforceable as to the Community Property Because It Was Entered in Violation of This Court's Confirmation Order**

29. The judgment entered by the 245th Judicial District Court on August 21, 2026 against Jayne Elizabeth Moseley is void, voidable, or at minimum unenforceable as to the Community Property because it was procured and entered in direct violation of Paragraph 11(o) of this Court's Confirmation Order. Paragraph 11(o) expressly prohibited EAJF from proceeding to prosecute its claims, seeking entry of judgment, or pursuing other post-judgment remedies against Jayne until after the Divorce Court renders a final division of the marital estate. The Divorce Court had not rendered a final division of the marital estate when EAJF sought and obtained judgment against Jayne.

30. This request does not ask this Court to sit as an appellate court over the state court or to decide ordinary state-law error. Rather, Mr. Moseley asks this Court to enforce its own Confirmation Order, protect its retained jurisdiction, protect his community-property interest,

and declare that relief procured in violation of that federal order is void, voidable, or unenforceable as against Jayne and as to the Community Property. EAJF could not obtain from the state court relief that this Court's Confirmation Order expressly forbade EAJF from pursuing.

31. Accordingly, the Court should declare that the August 21, 2026 judgment is void and without legal effect as against Jayne Elizabeth Moseley and as to the Community Property. Alternatively, the Court should declare that the judgment is stayed, unenforceable, and may not be enforced, recorded, abstracted, relied upon, communicated as an enforceable judgment, used to create any lien or cloud on the Community Property or credit, or used as a predicate for contempt, sanctions, collection, post-judgment discovery, execution, garnishment, turnover, receivership, charging orders, or any other post-judgment remedy until further order of this Court and until after the Divorce Court renders a final division of the marital estate.

## D. Mr. Moseley Is Entitled to a Temporary Restraining Order and Injunction

32. To obtain injunctive relief, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

### *1. Likelihood of Success on the Merits*

33. Mr. Moseley has a strong likelihood of success on the merits. Paragraph 11(o) of the Confirmation Order is unambiguous and enforceable and must be read in a way that gives effect to every phrase, including the timing restriction "until after the Divorce Court renders a

final division of the marital estate." The only reading that gives effect to that language is that the Divorce Case may proceed between the spouses, but EAJF may not prosecute claims, obtain entry of judgment, or pursue other post-judgment remedies against Jayne Elizabeth Moseley or the undivided community estate until after final division. The Divorce Court has not rendered that division, yet EAJF sought and obtained entry of judgment against Jayne on August 21, 2026.

***2. Irreparable Harm***

34. Mr. Moseley faces irreparable harm absent immediate relief because EAJF now possesses a judgment entered in violation of the Confirmation Order and may attempt to enforce, record, abstract, use, or rely on that judgment against Jayne or against the Community Property before this Court can determine its effect. The harm includes impairment of property rights, clouding of title or credit, interference with the marital-estate division, and the practical impossibility of fully unwinding post-judgment enforcement activity after the fact. EAJF's actions also threaten Jayne's liberty through contempt proceedings, further disrupting the Divorce Case and the orderly division of the community estate.

35. The threatened harm is not limited to ordinary money-judgment consequences. EAJF is also seeking contempt and confinement against Jayne based on disputed and inaccurate allegations concerning Jayne's use of funds as a violation of a standing order *between the spouses*, including alleged conduct occurring *before* EAJF even intervened in the Divorce Case. The Bankruptcy Court need not resolve those factual disputes to grant emergency relief. The point is that EAJF is pursuing contempt, monetary sanctions, fees, accounting relief, and confinement against Jayne before final division of the marital estate, in violation of Paragraph 11(o). That requested relief escalates EAJF's violation from ordinary prohibited litigation

conduct to an immediate threat to liberty and coercive leverage over the undivided community estate, and it risks impairing the Divorce Court's ability to divide the marital estate in an orderly manner.

36. The judgment also creates immediate practical harm if EAJF communicates it to creditors or other third parties as an enforceable judgment against Jayne or the Community Property. Paragraph 11(o) was designed to preserve the status quo until final division of the marital estate; permitting EAJF to use the judgment now would deprive Mr. Moseley of the protection this Court ordered for his community-property interests.

37. EAJF's threatened contempt and confinement proceedings further support emergency relief because they seek coercive remedies against Jayne while the marital estate remains undivided and before the condition in Paragraph 11(o) has occurred. The requested confinement relief would cause immediate and irreparable disruption to the Divorce Case, the administration of the community estate, and Mr. Moseley's protected interests under the Plan and Confirmation Order.

***3. Balance of Equities***

38. The balance of equities overwhelmingly favors Mr. Moseley. EAJF *agreed* to the settlement terms that were incorporated into the Plan, sought and obtained leave to change its votes in Classes 2 and 4 from reject to accept, and then participated in the confirmation process in which this Court entered Paragraph 11(o) as part of the Confirmation Order. EAJF cannot claim hardship from being required to comply with a federal court order of which it had actual notice. *See In re Ames Dep't Stores, Inc.*, 582 F.3d 422, 433 (2d Cir. 2009) (parties are bound by the terms of court-approved settlements).

39. By contrast, if an injunction does not issue, Mr. Moseley faces impairment and potential loss of his community-property interests, clouding or encumbering of marital property, and disruption of the final division—all consequences of EAJF's prohibited conduct. EAJF's pursuit of contempt and confinement against Jayne further threatens the integrity of the Divorce Case.

#### *4. Public Interest*

40. The public interest strongly favors enforcement of confirmation orders and court-approved settlement agreements. The integrity of the bankruptcy process depends upon parties' confidence that Plans and Confirmation Orders will be enforced according to their terms. Allowing EAJF to disregard Paragraph 11(o) would undermine the reliability of federal bankruptcy orders and harm the public interest in the orderly administration of bankruptcy estates.

### E. This Court May Enjoin Enforcement or Use of the State-Court Judgment Under the Anti-Injunction Act

41. The Anti-Injunction Act, 28 U.S.C. § 2283, generally prohibits federal courts from enjoining state court proceedings. However, it contains exceptions permitting injunctions that are "necessary in aid of [the federal court's] jurisdiction" or "to protect or effectuate [the federal court's] judgments." 28 U.S.C. § 2283.

42. Both exceptions apply here. First, an injunction is necessary in aid of this Court's jurisdiction because the Confirmation Order and Plan retain jurisdiction over enforcement, and Section 11.1.10 expressly authorizes injunctions and other orders to restrain interference with

consummation or enforcement of the Plan. EAJF's state court actions seek to circumvent Paragraph 11(o), which this Court has authority to interpret and enforce. *See In re Nat'l Benevolent Ass'n of the Christian Church*, 333 B.R. 817, 828 (Bankr. W.D. Mo. 2005).

43. Second, an injunction is necessary to protect or effectuate this Court's judgments. The Confirmation Order [ECF No. 1648] and the 9019 Order [ECF No. 683] are judgments of this Court, and Paragraph 11(o) is an operative term of the Confirmation Order. EAJF's state court actions, if allowed to proceed, would nullify the protection the Court ordered until final division of the marital estate. The relitigation exception applies where a party attempts to relitigate or circumvent issues resolved by a federal court judgment. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988).

**F. Emergency and Expedited Relief Is Warranted**

44. The extreme urgency of this matter cannot be overstated. EAJF obtained judgment against Jayne Elizabeth Moseley on August 21, 2026 despite Paragraph 11(o), despite the absence of a final division of the marital estate, and despite this Court's retained jurisdiction to interpret and enforce the Confirmation Order, the Plan, and the Settlement Agreement. Unless restrained immediately, EAJF may attempt to enforce, record, abstract, use, rely upon, or communicate the judgment as enforceable against Jayne or against the Community Property before this Court can determine the effect of its own Confirmation Order.

45. The Motion to Abate brought the Confirmation Order and Paragraph 11(o) to the state court's attention. The state court disagreed and entered judgment notwithstanding the federal order. Mr. Moseley therefore seeks emergency relief from this Court to enforce its own

order, preserve the protection Paragraph 11(o) provides, and protect his community-property interest.

46. Courts routinely grant emergency relief on shortened notice when, as here, the movant faces imminent and irreparable harm that cannot be remedied after the fact. *See Fed. R. Bankr. P. 7065*; *Fed. R. Civ. P. 65(b)*.

## V. APPLICATION FOR TEMPORARY RESTRAINING ORDER

### *A. Legal Standard*

47. Rule 7065 of the Federal Rules of Bankruptcy Procedure makes Federal Rule of Civil Procedure 65 applicable to this request. Rule 65(b) authorizes a temporary restraining order when specific facts clearly show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard. In the Fifth Circuit, the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the TRO is not granted; (3) that the threatened injury outweighs any harm the TRO may cause the party to be restrained; and (4) that the TRO will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

48. For the reasons set forth in Section IV.D above, Mr. Moseley satisfies each of the four requirements for a TRO. Although Rule 65(b) permits a TRO without prior notice, Mr. Moseley has provided notice and seeks relief on an emergency basis.

***B. Notice and Bond***

49. Mr. Moseley has provided notice of this emergency request to EAJF's counsel, Spencer Fane LLP and Proffitt Family Law, P.C., by the fastest available means.

50. Mr. Moseley requests that the Court set security in a nominal amount or waive bond to the extent permitted by Rule 65(c). He is seeking only to enforce rights under the Confirmation Order, and EAJF will suffer no monetary harm from the brief delay required by Paragraph 11(o).

***C. Specific Relief Requested in the TRO***

51. To prevent further violation and preserve the status quo pending a prompt preliminary-injunction hearing, the TRO should:

a. Restrain EAJF, including Equal Access Justice Fund, LP and EAJF ESQ Fund, LP, their agents, attorneys, and all persons acting in concert with them, from (i) prosecuting EAJF's claims against Jayne Elizabeth Moseley in Cause No. 2023-44970, including proceeding on the Motion for Entry of Final Judgment and the Motion for Sanctions and Contempt (including any other additional filings for enforcement of contempt), until after the Divorce Court renders a final division of the marital estate; and (ii) enforcing, recording, abstracting, using, relying upon, communicating, or taking any action based on the August 21, 2026 judgment entered against Jayne in Cause No. 2023-44970, against Jayne or with respect to the Community Property, including any lien, execution, garnishment, turnover, receivership, charging order, post-

judgment discovery, contempt, sanctions, collection effort, credit reporting, or communication to lenders, title companies, creditors, or other third parties as an enforceable judgment;

b. Declare, on a temporary basis pending further order of this Court, that the August 21, 2026 judgment is void, voidable, stayed, or at minimum unenforceable as against Jayne Elizabeth Moseley and as to the Community Property because it was procured and entered in violation of Paragraph 11(o) of the Confirmation Order;

c. Require EAJF immediately to notify the 245th Judicial District Court, Harris County, Texas, that this Court has taken up enforcement of Paragraph 11(o) and has restrained use or enforcement of the judgment and any action affecting the Community Property pending further order;

d. Set a hearing on a preliminary injunction within fourteen (14) days, as contemplated by Rule 65(b)(2).

## VI. WILLFUL CONTEMPT

### *A. Governing Standard*

52. In the Fifth Circuit, civil contempt requires proof by clear and convincing evidence that: (1) a court order was in effect; (2) the order required or prohibited certain conduct; and (3) the alleged contemnor failed to comply. *In re Bradley*, 588 F.3d 254, 264 (5th Cir. 2009); *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).

53. Willfulness is relevant but not strictly required to establish civil contempt; the focus is on compliance with the order, not the alleged contemnor's intent. Willfulness is nevertheless relevant to the appropriate remedy and supports enhanced sanctions, attorneys' fees, and other coercive or remedial relief.

***B. EAJF's Willful Disregard of the Confirmation Order***

54. The timeline strongly supports a finding of willfulness and bad faith. EAJF was a signatory to the Settlement Agreement and actively participated in plan confirmation, giving it actual knowledge of the prohibition now embodied in Paragraph 11(o) of the Confirmation Order.

55. EAJF voted to accept the Plan. On the record, EAJF sought leave to change its votes in Classes 2 and 4 from reject to accept, and the Court granted that request and accepted the ballots as accepting the Plan.

56. The Confirmation Order was entered on August 5, 2026. It confirmed the Plan as modified, made the Plan and Order binding on parties-in-interest, and made Paragraph 11(o) an operative and enforceable provision.

57. EAJF filed its Notice of Oral Hearing just one day later, on August 6, 2026, setting its Motion for Entry of Final Judgment for hearing on August 21, 2026. The next-day filing followed EAJF's agreement to the Plan and directly pursued relief that Paragraph 11(o) prohibited before final division.

58. EAJF filed its Motion for Sanctions and Contempt nine days after entry of the Confirmation Order, on August 14, 2026, seeking contempt, confinement, monetary sanctions, an accounting, and attorneys' fees.

59. This temporal proximity—filing the Notice one day after confirmation and the sanctions motion nine days after confirmation—eliminates any credible claim of ignorance or inadvertence. The sequence is powerful circumstantial evidence that EAJF knowingly and willfully disregarded the Confirmation Order and acted in bad faith after agreeing to the Plan.

60. The Court need not reach willfulness to find civil contempt: the facial violation of the Confirmation Order is sufficient if established by clear and convincing evidence. Willfulness is relevant to the appropriate remedy, including sanctions, fees, and other coercive or remedial relief.

61. Mr. Moseley requests an award of all reasonable and necessary attorneys' fees, costs, and expenses incurred by Mr. Moseley and his estate in bringing this Motion, enforcing the Confirmation Order, and responding to EAJF's prohibited conduct. Such relief is appropriate as compensatory civil contempt relief and as part of this Court's inherent and statutory authority to enforce its own orders, remedy violations of the Plan and Confirmation Order, and make Mr. Moseley and his estate whole for costs incurred because of EAJF's prohibited actions.

62. Mr. Moseley also requests that the Court set a separate evidentiary hearing to determine the amount and scope of sanctions and other compensatory, coercive, and remedial relief warranted by EAJF's knowing and bad-faith violation of the Confirmation Order. The state-court filings attached as exhibits to this Motion demonstrate that EAJF's violation was not inadvertent, but knowing and deliberate.

63. For purposes of emergency relief, Mr. Moseley asks the Court to restrain further enforcement or use of the judgment immediately. For purposes of sanctions, Mr. Moseley requests that the Court preserve and set the issue for an evidentiary hearing after notice to EAJF and any other persons against whom sanctions may be sought, including any persons acting in concert or participation with EAJF. This staged approach protects Mr. Moseley and the undivided community estate from immediate irreparable harm while ensuring appropriate process before the Court determines the full scope of sanctions and remedial relief.

## VII. PRAYER FOR RELIEF

64. WHEREFORE, PREMISES CONSIDERED, John Zachary Moseley, appearing pro se and filing on his own behalf as an affected party, respectfully requests that the Court:

a. Grant this Motion on an emergency basis;

b. Issue a Temporary Restraining Order, effective pending a hearing on a preliminary injunction within fourteen (14) days under Rule 65(b)(2), and, after notice and hearing, enter a Preliminary Injunction prohibiting EAJF (including Equal Access Justice Fund, LP and EAJF ESQ Fund, LP), their agents, attorneys, and all persons acting in concert with them from (i) proceeding to prosecute EAJF's claims against Jayne Elizabeth Moseley, seeking entry of judgment, or pursuing other post-judgment remedies in Cause No. 2023-44970 before the Divorce Court renders a final division of the marital estate, and (ii) enforcing, recording, abstracting, using, relying upon, communicating, or taking any action based on the August 21, 2026 judgment entered against Jayne Elizabeth Moseley in Cause No. 2023-44970, 245th

Judicial District Court, Harris County, Texas, against Jayne or with respect to the Community Property, including any lien, execution, garnishment, turnover, receivership, charging order, post-judgment discovery, contempt, sanctions, collection effort, credit reporting, or communication to lenders, title companies, creditors, or other third parties as an enforceable judgment, until further order of this Court and until after the Divorce Court renders a final division of the marital estate, consistent with Paragraph 11(o) of the Confirmation Order and the negotiated purpose of preserving the undivided community estate until final division;

c. Require EAJF, through its counsel and agents, immediately to notify the 245th Judicial District Court, Harris County, Texas, that this Court has taken up enforcement of Paragraph 11(o) and has restrained use or enforcement of the judgment and any action affecting the Community Property pending further order;

d. Waive any bond or set bond in a nominal amount under Rule 65(c), because Mr. Moseley seeks only to enforce the Confirmation Order and EAJF will suffer no monetary harm from the brief delay;

e. Declare that EAJF's actions in the state court proceeding—including filing the Notice of Oral Hearing on Motion for Entry of Final Judgment on August 6, 2026, one day after entry of the Confirmation Order, and the Motion for Sanctions and Contempt against Jayne Elizabeth Moseley on August 14, 2026—violate Paragraph 11(o) of the Confirmation Order [ECF No. 1648]

and the corresponding EAJF Settlement terms incorporated into the Plan under Section 9.2;

f. Declare that the judgment entered against Jayne Elizabeth Moseley on August 21, 2026 in Cause No. 2023-44970 was procured and entered in violation of Paragraph 11(o) of the Confirmation Order and is therefore void, voidable, stayed, unenforceable, and of no legal effect as against Jayne and as to the Community Property, including that it may not be enforced, recorded, abstracted, relied upon, communicated as enforceable, or used as a basis for any lien, execution, garnishment, turnover, receivership, charging order, post-judgment discovery, contempt, sanctions, collection effort, credit reporting, or other post-judgment remedy against Jayne or with respect to the Community Property unless and until this Court orders otherwise and the Divorce Court renders a final division of the marital estate;

g. Enforce Paragraph 11(o) of the Confirmation Order, together with the corresponding terms of the EAJF Settlement and the Plan, and direct EAJF to cease the prohibited state-court actions against Jayne and cease any action that would enforce or impair the Community Property until after the Divorce Court renders a final division of the marital estate;

h. If EAJF fails to cease the prohibited state-court actions, hold Equal Access Justice Fund, LP and EAJF ESQ Fund, LP in contempt of the Confirmation Order and impose appropriate coercive, remedial, and bad-faith sanctions;

i. Award Mr. Moseley and his estate all reasonable and necessary attorneys' fees, costs, and expenses incurred in bringing this Motion, enforcing the

Confirmation Order, and responding to EAJF's prohibited state-court actions, together with such compensatory and remedial relief as the Court deems just and proper for the harm caused by EAJF's prohibited conduct;

j. Impose sanctions against EAJF for its knowing and bad-faith violation of the Confirmation Order, and set a separate evidentiary hearing on notice to determine the amount and scope of all sanctions and remedial relief;

k. Grant such other and further relief, at law or in equity, to which Mr. Moseley may be justly entitled.

Respectfully submitted,

*/s/ J. Zachary Moseley*

**J. ZACHARY MOSELEY,** Attorney Filing Pro Se
TX Bar No. 24092863
1235 N. Loop West, Suite 810
Houston, Texas 77008
P: (713) 334-6121
F: (713) 322-5953
E: zach@mma-pllc.com
**ATTORNEY FILING PRO SE**

## CERTIFICATE OF CONFERENCE

I, John Zachary Moseley, hereby certify that I emailed counsel for EAJF on August 24, 2026. Counsel for EAJF opposes the relief requested in this Motion.

*/s/ J. Zachary Moseley*

**J. ZACHARY MOSELEY,** Attorney Filing Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

*/s/ J. Zachary Moseley*
**J. ZACHARY MOSELEY,** Attorney Filing Pro Se