**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 11** |

**NINTH INTERIM APPLICATION OF WALKER & PATTERSON, P.C., COUNSEL TO THE DEBTOR AND SPECIAL LITIGATION COUNSEL TO THE ESTATE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF JULY 8, 2026 THROUGH AUGUST 27, 2026.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.**

**IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

| | | |
|---|---|---|
| **Name of Applicant:** | Walker & Patterson, P.C. | |
| **Applicant's Role in Case:** | Counsel for Debtor and special litigation counsel to the Estate | |
| **Date Order of Appointment Signed:** | July 18, 2024 (ECF No. 173) | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | July 8, 2026 | August 25, 2026 |
| **Time period(s) covered by prior Applications:** | April 8, 2024<br>September 29, 2025<br>December 11, 2025<br>January 17, 2026<br>March 3, 2026<br>April 3, 2026<br>May 6, 2026<br>June 8, 2026 | September 28, 2025<br>December 10, 2025<br>January 16, 2026<br>March 2, 2026<br>April 2, 2026<br>May 5, 2026<br>June 7, 2026<br>July 7, 2026 |
| **Total amounts awarded in all prior Applications (fees and expenses):** | | First Fee Order: $571,772.44<br>Second Fee Order: $148,375.66<br>Third Fee Order: $179,803.38<br>Fourth Fee Order: $284,527.36<br>Fifth Fee Order $291,700.09<br>Sixth Fee Order $94,389.07<br>Seventh Fee Order $292,476.75<br>Eighth Fee Order |

| | |
|---|---|
| | $267,403.52<br>Total:<br>$2,130,448.27 |
| **Total fees requested in this Application and in all prior Applications:** | $2,203,367.59 |
| **Total fees requested in this Application:** | $72,919.32 |
| **Total professional fees requested in this Application:** | $72,919.32 |
| **Total actual professional hours covered by this Application:** | n/a – 40% Contingency Fee |
| **Average hourly rate for professionals:** | n/a |
| **Total paraprofessional fees requested in this Application:** | n/a |
| **Total actual paraprofessional hours covered by this Application:** | n/a |
| **Average hourly rate for paraprofessionals:** | n/a |
| **Reimbursable expenses sought in this application:** | $88.00 |
| **Application cost:** | $0.00 |

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Miriam T. Goott, on behalf of Walker & Patterson, P.C. (the "**Applicant**") as counsel for MMA Law Firm, PLLC (the **"Debtor"**), files this *Ninth Interim Application for Compensation for Legal Services Rendered and Reimbursement of Expenses Incurred by Attorneys* (the "**Application**"), and would respectfully show the Court the following:

**RELEVANT BACKGROUND FACTS AND ORDERS:**

1. On April 9, 2024, the Debtor commenced its Chapter 11 bankruptcy case by filing a voluntary petition for relief under the Bankruptcy Code.

2. On July 18, 2024, the Court entered an order approving the Debtor's application to employ Walker & Patterson, P.C. as counsel for the Debtor (ECF No. 173) (the **"Employment Order"**).

3. Pursuant to the Employment Order, Walker & Patterson, P.C. (the **"Applicant"**) was

retained on a contingency basis, entitling the firm to a 40% contingency fee on all value obtained for the estate.

4. On May 14, 2025, the Court approved a settlement between the Debtor and Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, **"EAJF"**). Under the terms of the settlement (the **"EAJF Settlement"**), for all cases defined as "WP Cases," 95% of any recoveries shall be distributed to the bankruptcy estate and 5% to EAJF.

5. On August 5, 2026, the Court entered its Order Confirming Third Amended Joint Plan of Liquidation and Plan Supplement of MMA Law Firm, PLLC [ECF No. 1648] (the **"Confirmation Order**"), confirming the Debtor's Third Amended Joint Plan of Liquidation [ECF No. 1577], as modified by the Confirmation Order (the **"Plan"**). Allison D. Byman was appointed as Plan Administrator effective as of the Effective Date. (Confirmation Order – Paragraph 5, Plan §5.3. The Effective Date of the Plan occurred on August 20, 2026 [ECF No. 1669].

6. Section 2.2.3 of the Plan provides that Applicant shall continue to be employed pursuant to the terms previously approved by the Court, that Applicant shall not be required to file a Final Fee Application, and that Applicant shall file and serve applications for compensation and obtain orders approving such compensation before receiving payment of fees or expenses throughout the term of the Plan.

**PRIOR INTERIM FEE APPLICATIONS AND AWARDS**

7. On October 18, 2025, Applicant filed a *Motion for Approval to Vary the Compensation Procedures Pursuant to 11 U.S.C. §331* (the **"Motion to Vary"**).

8. On November 12, 2025, the Court entered an Order approving the Motion to Vary, authorizing Applicant to file interim fee applications as frequently as needed, but in no event more than once per month.

9. On September 28, 2025, Applicant filed its First Interim Fee Application (the **"First Fee Application"**).

10. On October 21, 2025, the Court entered an Order approving the First Fee Application.

11. On November 12, 2025, the Court granted the Motion to Vary, allowing Applicant to file fee applications more frequently, but no more than once per month.

12. On December 10, 2025, Applicant filed its Second Interim Fee Application.

13. On January 3, 2026, the Court entered an Order approving the Second Fee Application.

14. On January 16, 2026, Applicant filed its Third Interim Fee Application.

15. On February 9, 2026, the Court entered an Order approving the Third Interim Fee Application.

16. On March 2, 2026, Applicant filed its Fourth Interim Fee Application, which was approved on March 27, 2026.

17. On April 2, 2026, Applicant filed its Fifth Interim Fee Application, which was approved by the Court on April 27, 2026.

18. On May 5, 2026, Applicant filed its Sixth Interim Fee Application, which was approved by the Court on May 27, 2026.

19. On June 7, Applicant filed its Seventh Interim Fee Application, which was approved by the Court on July 1, 2026.

20. On July 7, 2026, Applicant filed its Eighth Interim Fee Application, which was approved by the Court on July 29, 2026.

**PRIOR AND CURRENT SETTLEMENTS APPROVED BY THE COURT RELATED TO THIS APPLICATION**

21. Applicant previously obtained approval of compromises with five defendants, Sangisetty Law Firm, PLLC (ECF No. 1509), Houghtaling Law Firm, LLC (ECF No. 1510); Daly

& Black (ECF No. 1409); Alvendia, Kelly & Demarest, LLC (ECF No. 837), and Voorhies Law Firm (ECF No. 877), which provided for future payments to the Estate pursuant to the respective settlements. During this Application Period, the Estate received a total of $191,892.96 (the **"Prior Settlement Funds"**).

22. In addition, on August 24, 2026, the Court entered an Order approving a Motion to Compromise Controversy with Glago Williams, LLC, Moisant Law Firm, LLC, and F. Gerald DeSalvo, LLC (ECF No. 1672) (the **"Glago Settlement"**). Applicant filed a Complaint against Glago Williams, LLC and successfully resolved that litigation, resulting in the Glago Settlement in the amount of $5,994.00.

**CURRENT REQUEST FOR FEES AND EXPENSES**

23. Applicant now seeks a total of $72,919.32 in fees in this Ninth Interim Application for recoveries obtained on behalf of the Estate during the period July 8, 2026 through August 27, 2026. These recoveries include settlement funds from the following sources that were approved pursuant to Orders approving Compromise under Rule 9019 (the **"Settled Cases"**), and payments received from the Parties for previously approved settlements:

| **Source** | **Amount** |
|---|---|
| Sangisetty Law Firm, PLLC (ECF No. 1509) | $150,000.00 |
| Glago Settlement (ECF No. 1672) | $5,994.00 |
| Houghtaling Law Firm, LLC (ECF No. 1510) | $13,297.17 |
| Daly & Black (ECF No. 1409) | $16,473.62 |
| Alvendia, Kelly & Demarest, LLC (ECF No. 837) | $3,061.50 |
| Voorhies Law Firm (ECF No. 877) | $3,066.67 |
| **TOTAL** | **$191,892.96** |

24. 95% of the above total of Settled Cases equates to $182,298.31. Applicant is only seeking 40% of this amount (*i.e.* $72,919.32).

25. Applicant also seeks reimbursement of $88.00 in parking expenses incurred during this period. These expenses consist of separate parking expenses incurred by Ms. Goott for two days of attendance at MMA's confirmation hearing and separate parking expenses incurred by Mr. Patterson for the same two days.

**EVALUATION STANDARDS:**

26. In support of this application, Applicant states as follows:

a. **Time and labor required (the time spent on such services).** The services for which compensation is sought were performed pursuant to the Court's Employment Order and involved extensive effort, negotiation, and case management. All services rendered were anticipated at the time of the Court's approval of Applicant's retention.

b. **The novelty and difficulty of the questions presented in this case.** The matters addressed involved complex legal and factual issues, including contested ownership of assets, disputes with multiple firms, and aggressive litigation tactics from numerous parties.

c. **The skill requisite to perform legal services properly (whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed).** Applicant provided competent and effective legal services that were commensurate with the complexity of the issues. These efforts resulted in the successful recovery of substantial funds for an otherwise insolvent estate.

d. **The preclusion of other employment due to acceptance of the case**. Due to the time-intensive nature of this case, Applicant declined to accept work in other matters during the relevant period.

e. **Contingent nature of the fee**. All recovery efforts on behalf of the estate were conducted on a 40% contingency basis, as approved by the Employment Order. Consistent with the

EAJF Settlement and Section 1.1.62 of the Plan, Applicant seeks its contingency fee on 95% of the value brought into the estate.

f. **The results obtained (whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title)**. The Applicant achieved significant results recovering $191,892.96 during this time period related to the Glago Settlement and the Prior Settlement Funds described above. These funds will facilitate a distribution to creditors in this case.

g. **The experience, reputation and ability of Applicant.** All services were performed by attorneys Miriam Goott and Johnie Patterson of Walker & Patterson, P.C. Both are experienced practitioners in bankruptcy and complex litigation. Their knowledge and expertise were essential to achieving the positive results in this case.

h. **The undesirability of the case.** While there were no inherently "undesirable" aspects to the representation, the contentious nature of the case and aggressive litigation tactics by opposing parties presented substantial challenges.

i. **Nature and length of the professional relationship with the client.** The Applicant had no prior relationship with the Debtor before the commencement of this bankruptcy case.

j. **Awards in similar cases (whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title).** Applicant believes that the Court is aware of awards in cases of a similar nature and that the amounts herein sought are within that range.

k. **Disclosures required by Bankruptcy Rule 2016(a):** Except for the compensation and reimbursement previously allowed by the Court pursuant to the fee orders identified above, no payments have been made or promised to Applicant for services rendered or to be rendered in any capacity in connection with this case. No compensation previously received by Applicant has been shared with another entity, and no agreement or understanding exists between Applicant and any other entity for the sharing of compensation n received or to be received rendered in connection with this case, other than the sharing of compensation among the shareholders of Walker & Patterson, P.C.

l. **Certification:** Applicant certifies that Allison D. Byman, Plan Administrator, counsel for the United States Trustee, and the oversight committee members have been provided with a copy of this Application.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully requests that the Court enter an order (i) allowing Applicant compensation in the amount of $72,919.32 and reimbursement of expenses in the amount of $88.00, for a total of $73,007.32; and (ii) authorizing and directing the Plan Administrator to pay such amount to Applicant; and (iii) granting Applicant such other and further relief to which it may be justly entitled.

Dated: August 27, 2026.

Respectfully submitted,

*/s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
APPLICANT

OF COUNSEL
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
713.956.5577 (Telephone)

**CERTIFICATE OF SERVICE**

I, Miriam T. Goott, hereby certify that a true and correct copy of the foregoing *Ninth Interim Application* was served upon all parties receiving notice via email and CM/ECF on July 7, 2026, including to the Plan Administrator, the members of the oversight committee, counsel for the UST, and EAJF.

*/s/ Miriam T. Goott*
Miriam T. Goott