7/8/2026 3:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 117095036
By: Sandra Castillo
Filed: 7/8/2026 3:56 PM

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

**NO. 2023-44970**

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § | **IN THE DISTRICT COURT OF** |
| **JAYNE ELIZABETH MOSELEY AND JOHN ZACHARY MOSELEY** | § | **245th JUDICIAL DISTRICT** |
| **AND IN THE INTEREST OF CAMILLA QUINN MOSELEY AND MIA ELIZABETH MOSELEY, CHILDREN** | § | **HARRIS COUNTY, TEXAS** |

Unofficial Copy Office of Marilyn Burgess District Clerk

## FOURTH AMENDED PETITION FOR DIVORCE

### *1. Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

### *2. Objection to Assignment of Case to Associate Judge*

Petitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

### *3. Parties*

This suit is brought by **JAYNE ELIZABETH MOSELEY**, Petitioner. The last three numbers of Petitioner's driver's license number are 762. The last three numbers of Petitioner's Social Security number are 870.

**JOHN ZACHARY MOSELEY** is Respondent.

### *4. Domicile*

Petitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

### *5. Service*

Respondent should be served in accordance with Rule 21a, TRCP, by serving Respondent's attorney, Andrew Bayley, 21225 North Loop West, Ste 900, Houston, TX 77008.

***6. Protective Order Statement***

No protective order under title 4 of the Texas Family Code is in effect, and no application for a protective order is pending with regard to the parties to this suit.

***7. Dates of Marriage and Separation***

The parties were married on or about March 30, 2019 and have ceased living together as husband and wife.

***8. Grounds for Divorce***

8.1. The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

8.2. Respondent has committed adultery.

8.3. Respondent is guilty of cruel treatment toward Petitioner of a nature that renders further living together insupportable.

***9. Children of the Marriage***

Petitioner and Respondent are parents of the following children of this marriage who are not under the continuing jurisdiction of any other court:

| | |
|---|---|
| Name: | CAMILLA QUINN MOSELEY |
| Sex: | Female |
| Birth date: | April 28, 2021 |

| | |
|---|---|
| Name: | MIA ELIZABETH MOSELEY |
| Sex: | Female |
| Birth date: | January 9, 2023 |

9.1. There are no court-ordered conservatorships, court-ordered guardianships, or other court-ordered relationships affecting the children the subject of this suit.

9.2. Information required by section 154.181(b) of the Texas Family Code will be provided at a later date.

9.3. No property of consequence is owned or possessed by the children the subject of this suit.

9.4. Petitioner believes that Petitioner and Respondent will enter into a written agreement containing provisions for conservatorship, possession and access, and support of the children. If such an agreement is made, Petitioner requests that the Court approve that agreement and adopt it as the Court's order. If such an agreement is not made, Petitioner requests the Court to make orders that are in the

Unofficial Copy Office of Marilyn Burgess District Clerk

best interest of the children including but not limited to the following:

9.5. Petitioner requests that Petitioner and Respondent be appointed joint managing conservators, with Petitioner having the following exclusive rights:

a. the exclusive right to determine the primary residence of the children;

b. the exclusive right, after consulting with the other parent conservator, to consent to non-emergency invasive medical decisions;

c. the exclusive right, after consulting with the other parent conservator, to consent to mental health care treatment and evaluation of the children;

d. the exclusive right, after consulting with the other parent conservator to make decisions concerning the child's education; and

e. the exclusive right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children.

9.6. Petitioner requests that all other rights and duties should be exercised jointly by the parties.

9.7. Petitioner requests that Respondent be awarded a limited Possession Order of the children due to the age of the children and the historical and proven needs of the children, and stair stepping into a Standard Possession Order for a parent who does not have the right to determine the primary residence of the children, and that Petitioner be awarded possession of and access to the children at all times for a parent who has the exclusive right to determine the primary residence in a standard possession order and at all times not requested for Respondent herein.

9.8. Petitioner requests that Respondent be ordered to make payments for the support of the children in accordance with guidelines imposed by the Texas Family Code.

9.9. Petitioner requests that Respondent be ordered to provide medical child support that includes the cost of the children's health insurance premiums and 100% of uninsured medical expenses. Petitioner requests that the payments for the support of the children survive the death of Respondent and become the obligations of Respondent's estate.

9.10. Petitioner further requests that Respondent be required to maintain the current level of health insurance coverage for Petitioner and the children at Respondent's sole cost that includes the cost of the family's health insurance premiums and uninsured medical expenses while this case is pending.

9.11. Ordering Respondent to continue to pay for the nanny and the private school costs of the children as he historically has done.

Unofficial Copy Office of Marilyn Burgess District Clerk

***10. Division of Community Property***

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Petitioner requests the Court to divide their estate in a manner that the Court deems just and right as provided by law including Petitioner being awarded a greater disproportionate share of the community estate based on the following:

a. Respondent's fault in the breakup of the marriage;

b. benefits the innocent spouse may have derived from the continuation of the marriage;

c. the spouse to whom conservatorship of the children is granted;

d needs of the children of the marriage;

e. need for future support;

f. wasting of community assets by the spouses;

g. constructive fraud committed by a spouse; and

h. attorney's fees to be paid.

Respondent has committed fraud on the community estate. Petitioner requests that the Court reconstitute the community estate to its full value prior to Respondent's depletion of the community estate by his fraudulent acts and divide the reconstituted community estate in a manner that the Court deems just and right, including awarding Petitioner an appropriate share of the community estate, a money judgment, or both.

Respondent has expended far in excess of funds for reasonable and necessary living expenses, business expenses, and attorney's fees. Despite Respondent's fiduciary duty to Petitioner, Respondent disposed of more than $100,000.00 in community property during the marriage without Petitioner's knowledge or consent. Respondent has admitted to spending community funds on paramour and others who are not related by blood or marriage. Expenditures include, but are not limited a two Chanel handbags, a painting, expensive shoes, Gucci outfits, flowers, dinners, Topgolf events, plane tickets, an Alexander McQueen handbag, Louis Vuitton shoes, a pink Versace handbag, various trips including Vegas, Scottsdale, Fort Lauderdale, Cartier Love Ring, Gucci shoes (multiple pairs), purchases at Cartier, purchases at Rene Caovilla in Vegas, and various Venmo transactions to Respondent's paramour.

Additionally, Respondent has committed fraud on the community estate by personally securing a loan without Petitioner's knowledge or consent. Petitioner should be indemnified and held harmless should Intervenor's recovery any amount against Petitioner and/or Respondent, and it should be considered waste by the Respondent. Petitioner requests that the Court reconstitute the community estate to its full value prior to Respondent's fraudulent acts and waste and divide the reconstituted community estate in a manner that the Court deems just and right, including awarding Petitioner an appropriate share of the community estate, a money judgment,

Unofficial Copy Office of Marilyn Burgess District Clerk

or both.

***11. Separate Property***

Petitioner owns certain separate property that is not part of the community estate of the parties, and Petitioner requests the Court to confirm that separate property as Petitioner's separate property and estate.

***12. Request for Temporary Restraining Order and Mutual Injunctions***

Petitioner requests the Court to dispense with the issuance of a bond, to make temporary orders and issue any appropriate mutual temporary injunctions for the preservation of property and protection of the parties as deemed necessary and equitable. Petitioner request that the Court enjoin Petitioner and Respondent from the following:

1. Intentionally communicating with the other party in person or in any other manner, including by telephone or another electronic voice transmission, video chat, in writing, or electronic messaging, by use of vulgar, profane, obscene, or indecent language or in a coarse or offensive manner, with intent to annoy or alarm the other party.

2. Threatening the other party in person or in any other manner, including by telephone or another electronic voice transmission, video chat, in writing, or electronic messaging, to take unlawful action against any person, intending by this action to annoy or alarm the other party.

3. Placing a telephone call, anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication with the intent to annoy or alarm the other party.

4. Intentionally, knowingly, or recklessly causing bodily injury to the other party or to a child of either party.

5. Threatening the other party or a child of either party with imminent bodily injury.

6. Intentionally, knowingly, or recklessly destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties with the intent to obstruct the authority of the Court to order a division of the estate of the parties in a manner that the Court deems just and right, having due regard for the rights of each party and the children of the marriage.

7. Intentionally falsifying any writing or record, including an electronic record, relating to the property of either party.

8. Intentionally misrepresenting or refusing to disclose to the other party or to the Court, on proper request, the existence, amount, or location of any tangible or intellectual property of one or both of the parties, including electronically stored or

Unofficial Copy Office of Marilyn Burgess District Clerk

recorded information.

9. Intentionally or knowingly damaging or destroying the tangible or intellectual property of one or both of the parties, including electronically stored or recorded information.

10. Intentionally or knowingly tampering with the tangible or intellectual property of one or both of the parties, including electronically stored or recorded information, and causing pecuniary loss or substantial inconvenience to the other party.

11. Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of one or both of the parties, whether personal property, real property, or intellectual property, and whether separate or community property, except as specifically authorized by this order.

12. Incurring any debt, other than legal expenses in connection with this suit, except as specifically authorized by this order.

13. Withdrawing money from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

14. Spending any money in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order.

15. Withdrawing or borrowing money in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan, employee savings plan, individual retirement account, or Keogh account of either party, except as specifically authorized by this order.

16. Withdrawing, transferring, assigning, encumbering, selling, or in any other manner alienating any funds or assets held in any brokerage account, mutual fund account, or investment account by one or both parties, regardless of whether the funds or assets are community or separate property and whether the accounts are self-managed or managed by a third party, except as specifically authorized in this order.

17. Withdrawing or borrowing in any manner all or any part of the cash surrender of any life insurance policy on the life of either party or the parties' children, except as specifically authorized by this order.

18. Entering any safe-deposit box in the name of or subject to the control of one or both of the parties, whether individually or jointly with others.

19. Changing or in any manner altering the beneficiary designation on any life insurance policy on the life of either party or the parties' children.

20. Canceling, altering, failing to renew or pay premiums on, or in any manner affecting the level of coverage that existed at the time this suit was filed of, any life, casualty, automobile, or health insurance policy insuring the parties' property or persons, including the parties' children.

Unofficial Copy Office of Marilyn Burgess District Clerk

21. Opening or diverting mail or e-mail or any other electronic communication addressed to the other party.

22. Signing or endorsing the other party's name on any negotiable instrument, check, or draft, including a tax refund, insurance payment, and dividend, or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

23. Taking any action to terminate or limit credit or charge cards in the name of the other party.

24. Discontinuing or reducing the withholding for federal income taxes from either party's wages or salary.

25. Destroying, disposing of, or altering any financial records of the parties, including but not limited to a canceled check, deposit slip, and other records from a financial institution, a record of credit purchases or cash advances, a tax return, and a financial statement.

26. Destroying, disposing of, or altering any e-mail, text message, video message, or chat message or other electronic data or electronically stored information relevant to the subject matters of this case, whether stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium.

27. Modifying, changing, or altering the native format or metadata of any electronic data or electronically stored information relevant to the subject matters of this case, whether stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium.

28. Deleting any data or content from any social network profile used or created by either party including the parties' children.

29. Using any password or personal identification number to gain access to Petitioner's e-mail account, bank account, social media account, or any other electronic account.

30. Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or any other contractual services, including security, pest control, landscaping, or yard maintenance, at 4018 Meadow Lake Lane, Houston, Texas 77027, or in any manner attempting to withdraw any deposits for service in connection with any of those services.

31. Entering, operating, or exercising control over motor vehicle historically driven by the other party.

32. Disturbing the peace of the children or of another party.

33. Withdrawing a child from enrollment in the school or day-care facility where the

Unofficial Copy Office of Marilyn Burgess District Clerk

child is presently enrolled.

34. Hiding or secreting a child from the other party.

35. Making disparaging remarks regarding the other party or the other party's family in the presence or within the hearing of the children or on any form of social media.

36. Discussing any litigation concerning the children in the presence or within the hearing of the children, or on any form of social media.

37. As an additional injunction, the parties are enjoined from permitting an unrelated adult with whom either party has or has had an intimate or dating relationship to be in the presence of or on the same premises as the children, the subject of this suit.

Petitioner requests that Petitioner and Respondent be authorized only as follows:

a. To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation, and medical care.

b. To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

c. To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

d. To engage in acts reasonable and necessary to conduct Petitioner and Respondent's usual business and occupation.

***14. Request for Temporary Orders Concerning Use of Property***

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

14.1. Awarding Petitioner the exclusive use and possession of the residence located at 4018 Meadow Lake Lane, Houston, Texas 77027, as well as the furniture, furnishings, and other personal property at that residence, while this case is pending, and enjoining Respondent from entering or remaining on the premises of the residence and exercising possession or control of any of this personal property, except as authorized by order of this Court.

14.2. Awarding Petitioner exclusive use and control of the motor vehicle historically in the possession of Petitioner and enjoining Respondent from entering, operating, or exercising control over it.

14.3. Awarding Petitioner exclusive access, control, and management of all financial accounts in her name and/or under her control.

14.4. Ordering Respondent to continue making timely payments on all household related

Unofficial Copy Office of Marilyn Burgess District Clerk

expenses, including but not limited to the mortgage on the residence located at 4018 Meadow Lake Lane, Houston, Texas 77027, as he historically has done.

14.5. Awarding Petitioner access to a fair share of the parties' financial resources to be utilized for living expenses as authorized by the Court.

***15. Request for Temporary Orders Regarding Children***

Petitioner requests the Court, after notice and hearing, to dispense with the necessity of a bond and to make temporary orders and issue any appropriate temporary injunctions for the safety and welfare of the children of the marriage as deemed necessary and equitable, including but not limited to the following:

15.1. Appointing Petitioner and Respondent appointed joint managing conservators, with Petitioner having the following exclusive rights:

a. the exclusive right to determine the primary residence of the children;

b. the exclusive right, after consulting with the other parent conservator, to consent to non-emergency invasive medical decisions;

c. the exclusive right, after consulting with the other parent conservator, to consent to mental health care treatment and evaluation of the children;

d. the exclusive right, after consulting with the other parent conservator to make decisions concerning the child's education; and

e. the exclusive right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children.

15.2. Ordering that all other rights and duties should be exercised jointly by the parties.

15.3. Awarding Respondent a limited Possession Order of the children due to the age of the children and the historical and proven needs of the children, and stair stepping into a Standard Possession Order for a parent who does not have the right to determine the primary residence of the children, and that Petitioner be awarded possession of and access to the children at all times for a parent who has the exclusive right to determine the primary residence in a standard possession order and at all times not requested for Respondent herein.

15.4. Ordering Respondent to make payments for the support of the children in accordance with guidelines imposed by the Texas Family Code.

15.5. Ordering Respondent to provide medical children support that includes the cost of the children's health insurance premiums and 100% of uninsured medical expenses.

Petitioner requests that the payments for the support of the children survive the death of Respondent and become the obligations of Respondent's estate.

15.6. Ordering Respondent to maintain the current level of health insurance coverage for

Unofficial Copy Office of Marilyn Burgess District Clerk

Petitioner and the children at Respondent's sole cost that includes the cost of the family's health insurance premiums and uninsured medical expenses while this case is pending.

15.7. Ordering Respondent to continue to pay for the nanny and the private school costs of the children as he historically has done.

### *16. Interim Attorney's Fees and Support*

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions regarding support as deemed necessary and equitable, including but not limited to the following:

16.1. Ordering Respondent to pay reasonable interim attorney's fees and expenses, including but not limited to fees for appraisals, accountants, actuaries, and so forth. Petitioner is not in control of sufficient community assets to pay attorney's fees and anticipated expenses.

16.2. Ordering Respondent to make payments for the support of Petitioner until a final decree is rendered as Petitioner lacks sufficient income for support.

### *17. Name Change*

Petitioner requests a change of name to JAYNE ELIZABETH WABEKE.

### *18. Attorney's Fees*

It was necessary for Petitioner to secure the services of Douglas Ray York, a licensed attorney, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the children, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Respondent and in favor of Petitioner for the use and benefit of Petitioner's attorney and be ordered paid directly to Petitioner's attorney, who may enforce the judgment in the attorney's own name. Petitioner requests postjudgment interest as allowed by law.

### *19. Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Petitioner prays that the Court immediately grant a temporary restraining order restraining Respondent, in conformity with the allegations of this petition, from the acts set forth above, and Petitioner prays that, after notice and hearing, this temporary restraining order be made a temporary injunction.

Petitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Petitioner prays for general relief.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

LAW OFFICES OF DOUGLAS RAY YORK, P.C.
1824 Heights Blvd.
Houston, TX 77008
Tel: (713) 479-5555

By: /s/ Douglas Ray York
Douglas Ray York
State Bar No. 24028243
service@douglasyork.com
Attorney for JAYNE ELIZABETH MOSELEY

Unofficial Copy Office of Marilyn Burgess District Clerk

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document was served in accordance with rule 21a of the Texas Rules of Civil Procedure on the following on July 8, 2026:

THE BAYLEY LAW FIRM
ATTN: Andrew Bayley
1225 North Loop West, Suite 900
Houston, Texas 77008
*Via Eserve: andrew@bayleylawfirm.com*

SPENCER FANE LLP
ATTN: Brian W. Zimmerman
3040 Post Oak Blvd., Ste. 1400
Houston, TX 77056
*Via Eserve: bzimmerman@spencerfane.com*

PROFFITT FAMILY LAW, P.C.
ATTN: Stephanie J. Proffitt
917 Franklin St., Ste. 550
Houston, TX 77002
*Via Eserve: notice@proffittfamilylaw.com*

/s/ Douglas Ray York
Douglas Ray York
Attorney for JAYNE ELIZABETH MOSELEY

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leslie Jacob on behalf of Leslie Jacob
Bar No. 24055847
leslie@douglasyork.com
Envelope ID: 117095036
Filing Code Description: Amended Filing
Filing Description: Fourth Amended Petition
Status as of 7/8/2026 4:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| J. PatrickCohoon | | pcohoon@lkclawfirm.com | 7/8/2026 3:56:08 PM | SENT |
| Frederick Johnson | 785429 | fjohnson@spencerfane.com | 7/8/2026 3:56:08 PM | SENT |
| Stephanie Proffitt | 24006775 | notice@proffittfamilylaw.com | 7/8/2026 3:56:08 PM | SENT |
| Brian Zimmerman | 788746 | bzimmerman@spencerfane.com | 7/8/2026 3:56:08 PM | SENT |
| Gary Zimmerman | 795740 | gzimmerman@spencerfane.com | 7/8/2026 3:56:08 PM | SENT |
| Andrew Bayley | 24071501 | Andrew@bayleylawfirm.com | 7/8/2026 3:56:08 PM | SENT |
| Doug York | | service@douglasyork.com | 7/8/2026 3:56:08 PM | SENT |
| Jason Curd | | jcurd@lkclawfirm.com | 7/8/2026 3:56:08 PM | SENT |
| John Ben Blackburn | | jbblackburn@lkclawfirm.com | 7/8/2026 3:56:08 PM | SENT |
| Jessica Stacy | | jstacy@lkclawfirm.com | 7/8/2026 3:56:08 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk