**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause No.:2023-44970
JM-1
Moseley v. Moseley
exhibitsticker.com

**NO. 2023-44970**

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § § § | **IN THE DISTRICT COURT OF** |
| **JAYNE ELIZABETH MOSELEY AND JOHN ZACHARY MOSELEY** | § § § § | **245th JUDICIAL DISTRICT** |
| **AND IN THE INTEREST OF CAMILLA QUINN MOSELEY AND MIA ELIZABETH MOSELEY, CHILDREN** | § § § § § | **HARRIS COUNTY, TEXAS** |

Unofficial Copy Office of Marilyn Burgess District Clerk

## BINDING SETTLEMENT AGREEMENT – TEMPORARY ORDERS

*Petitioner*, **JAYNE ELIZABETH MOSELEY**, (herein after sometimes referred to as "JAYNE" or "Wife") and *Respondent*, **JOHN ZACHARY MOSELEY**, (herein after sometimes referred to as "ZACH" or "Husband"), herewith agree to compromise and settle all matters related to temporary orders in the above entitled and numbered cause of action presently pending or that could have been brought as set forth herein. The parties agree and stipulate that this is the entire agreement of the parties.

**THIS AGREEMENT IS NOT SUBJECT TO REVOCATION AND EITHER PARTY IS ENTITLED TO JUDGMENT ON THIS AGREEMENT**

DS JM DS JZM

**JEM** **JZM**

**1. THE PARTIES AGREE THAT THIS AGREEMENT IS ENFORCEABLE UNDER THE PROVISIONS FOR BINDING AGREEMENTS ON DIVISON OF PROPERTY AND PARENT CHILD ISSUES CONTAINED IN THE TEXAS FAMILY CODE AND ALL OTHER TEXAS LAW RELATED THE ENFORCEABILITY OF AGREEMENTS.**

**2. Temporary Conservatorship, Possession and Access and Child Support**

The parties agree to enter into a temporary agreement regarding conservatorship, possession and access and support as indicated in **Exhibit A** which is attached hereto and incorporated herein for all purposes as if set forth verbatim. The parties stipulate that all agreements regarding the children are in the children's best interest.

**3. Temporary Division of Property**

3.1 All property set out to **JAYNE** in **Exhibit A** is temporarily awarded to **JAYNE**. All financial obligations and debts set out to **JAYNE** in **Exhibit A** are temporarily awarded to **JAYNE**.

3.2 All property set out to **ZACH** in **Exhibit A** is temporarily awarded to **ZACH**. All financial obligations and debts set out to **ZACH** in **Exhibit A** are temporarily awarded to **ZACH**.

**4.** Attorneys for **JAYNE** shall prepare the first draft of the *Agreed Temporary Orders.* The parties agree that any disagreement regarding the drafting of the Agreed Temporary Orders or any other contested issue related to this Binding Settlement Agreement shall be submitted to for arbitration and costs split equally between the parties. All relief requested and not set out herein is denied.

**5.** This Settlement Agreement is performable in Harris County, Texas and shall be construed in accordance with the laws of the State of Texas.

**6.** Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals of his or her choice. Each party has been advised by his or her respective attorney, and each party's attorney has approved this Binding Settlement Agreement as to form only before executing it.

**7.** The provisions of this agreement are effective immediately as a contract, shall supersede any prior temporary orders or other agreements of the parties with respect to the subject matter hereof.

**8.** This Settlement Agreement is signed voluntarily and with the advice and consent of counsel as set forth below. The provisions of this Settlement Agreement are intended to and shall be incorporated into an *Agreed Temporary Order*. The temporary orders shall be drafted according to the Texas Family Law Practice Manual.

**9.** Any relief requested or that could have been requested in this case that is not contained in this agreement shall be denied until further order of the court.

Unofficial Copy Office of Marilyn Burgess District Clerk

DS JM

JEM



DS JZM

JZM

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

DocuSigned by:
Jayne Moseley
A26E6A8F01A54E7...

**JAYNE ELIZABETH MOSELEY**
Petitioner

DocuSigned by:
John Zachary Moseley
EEE964BFB84143B...

**JOHN ZACHARY MOSELEY**
Respondent

APPROVED AS TO FORM ONLY:

**BOBBY K. NEWMAN, P.C.**

DocuSigned by:
By: Bobby K. Newman
45CE53A91BA2461...

**BOBBY K. NEWMAN**
State Bar No. 00791347
3355 W. Alabama, Suite 444
Houston, Texas 77098
Tel: (713) 322-0000
Fax: (713) 333-0548
E-Service: bknservice@bobbyknewman.com
Attorney for Petitioner

**THE STOUT LAW FIRM, P.L.L.C.**

DocuSigned by:
By: [signature]
C66D81DD2CE04D1...

**KATIE L. FLYNN**
State Bar No. 24067600
201 W. 16th Street
Houston, Texas 77008
(713) 980-4300
(713) 980-4302 [Facsimile]
Service Email: service@thestoutlawfirm.com

Unofficial Copy Office of Marilyn Burgess District Clerk

# Exhibit A

## Temporary Use of Property:

1. 4018 Meadow Lake Lane:
   a. Jayne to have exclusive use of this property.
   b. Zach to vacate the marital residence at the earlier of:
      i. Five days after the date in which the current tenants vacate the townhome at 1214 W. Dallas; or
      ii. May 07, 2024.
   c. Zach to pay Mortgage, taxes, insurance, HOA dues, and taxes when due until the closing of the sale of the property.
      i. To the extent that the mortgage/insurance/HOA dues are paid by separate property funds, Zach does not waive the right to reimbursement from the community.
      ii. The parties agree that, if necessary, Zach has the right to use retirement accounts, investment accounts, and/or stock for the purposes of paying the mortgage/insurance/taxes/HOA dues on the home only.
   d. Jayne to timely pay all lawn care, and maintenance, except as set out herein, associated with the marital residence until it is sold.
   e. Zach to pay utilities on the marital residence until he vacates the residence, or it is sold, whichever happens earlier. Jayne to pay utilities thereafter.

2. Sale of the residence at 4018 Meadow Lake Lane:
   a. The parties acknowledge that the property is currently listed for sale. The parties shall keep the marital residence listed for sale with a mutually agreeable duly licensed real estate broker having sales experience in the area where the property is located, provided further that the real estate broker shall be an active member in the Multiple Listing Service with the Houston Board of Realtors.

   b. The marital residence shall remain listed for sale until such time in which the property is sold. The parties shall reduce the listing price on the marital residence by mutual agreement of the parties. If the parties are unable to reach an agreement on the listing price, it shall be listed at a price recommended by the realtor.

   c. The parties shall accept any asking price within three percent (3%) of the listing price.

   d. If there is no offer within 90 days of listing the home, the parties shall reduce the listing price by three percent (3%). The listing price shall continue to reduce every ninety days, in the same manner, until the home is sold.

Unofficial Copy Office of Marilyn Burgess District Clerk

e. Each party shall sign any documentation necessary to close on the sale of the marital residence and/or to accept an offer on the marital residence within 5 business days of receiving a request from the other party or the relator to do so.

f. Jayne further agrees to the following:

   i. Keeping the marital residence clean and presentable for showings by the real estate agent;

   ii. Making the marital residence available for showings via key box; and

   iii. Allowing open houses at the request of the real estate agent.

g. The parties further agree that the net sales proceeds from the sale of the marital residence, defined as the gross sales price less: (1) outstanding mortgage indebtedness, (2) outstanding property taxes on the marital residence not escrowed with mortgage payments, (3) realtor fees owed on the marital residence, (4) closing costs, shall be distributed as follows:

   1. 10% to Jayne
   2. 10% to Zach
   3. 80% into the trust account of The Stout Law Firm, PLLC

h. There shall be with no withdrawal from the trust account without the agreement of the parties or order of the Court.

i. Any escrow check or utility deposit refunded to the parties from the sale of the marital residence shall be split between the parties 50/50.

j. In the event that a repair on the marital residence in excess of one thousand dollars ($1,000.00) is necessary prior to the sale of the home:

   i. The party who is aware of the necessary repair shall notify the other party of the need for the repair prior to hiring anyone to make the repair on the residence;

   ii. The parties shall agree upon a person or company to conduct the repair, in writing, prior to hiring someone to make the repair;

   iii. The cost of any necessary and agreed upon repair to the marital residence that exceeds one thousand dollars ($1,000.00) shall be paid for out of the parties joint checking account; and

Unofficial Copy Office of Marilyn Burgess District Clerk

DS JM

DS JZM

3. Temporary Use of Property to Jayne:
   a. Personal clothing and jewelry
   b. All accounts solely in her name subject to injunctions
   c. The vehicle in her possession
   d. Marital residence

4. Temporary Use of Property by Zach:
   a. Personal clothing and jewelry
      i. Jayne to return his clothing, shoes, watches, and any other personal property she took within 24 hours of signing this agreement.
   b. All accounts solely in his name subject to injunctions
   c. The vehicle in his possession
   d. MMA
   e. Prosperity Trade and Investment Group (Moseley Law) subject to injunctions
   f. The town house owned by the parties at 1214 W Dallas. Zach is authorized to buy out the last two months of the tenant's lease.

5. Temporary Debt to Jayne:
   a. All debt incurred by her except as set out herein
   b. The Townhome Mortgage, taxes, insurance, HOA dues, taxes when due, until Zach takes possession of same
   c. Lawn care, utilities (upon Zach vacating the residence or the residence being sold – whichever is earlier), and maintenance on the marital residence
   d. All monthly debts related to property temporarily awarded to her except as set out herein

6. Temporary Debt to Zach:
   a. All debt incurred by him except as set out herein
   b. All monthly debts related to property temporarily awarded to him
   c. Townhome mortgage, taxes, insurance, HOA dues after he takes possession of same.
      i. The parties agree that if necessary, Zach has the right to use retirement accounts, investment accounts, and/or stock for the purposes of paying the mortgage/insurance/taxes/HOA dues on the home only.

7. Neither party shall charge on credit cards that are associated with the other party's credit.

8. If the house sells prior to finalizing the case, the parties will agree to division of personal belongings and furnishings in the home. If they cannot agree, Alicia Franklin York or Judge Farr shall arbitrate the matter.

9. Standard temporary injunctions and additionally the additional injunction:

9.1 Neither party shall permit a child the subject of this suit to be in the presence of or on the same premises as any unrelated person with whom he or she has had a

Unofficial Copy Office of Marilyn Burgess District Clerk

romantic, sexual or dating relationship other.

9.2 Neither party shall spend any sum of money or provide any financial benefits to any unrelated person with whom he or she has had a romantic, sexual or dating relationship.

10. Zach will pay the following in the manner in which he customarily has:
    a. Daycare
    b. Schooling
    c. Mortgage/property taxes/HOA dues
    d. Vehicle insurance
    e. Health and dental insurance

11. The parties stipulate that Zach paying 100% of daycare and schooling is not a stipulation to pay above guideline child support on final.

## Temporary Parent/Child:

1. Parties to be named temporary JMC.

    a. Jayne shall have the right to determine the residence of the children subject to the geographic restriction of Harris County.

2. Rights and duties to be allocated as follows:
    a. Non-emergency invasive medical – joint with the pediatrician as the tiebreaker;
    b. Dental – joint with the dentist as the tiebreaker;
    c. Educational – joint with the school counselor as the tiebreaker;
    d. Psychological/psychiatric – joint with the pediatrician as the tiebreaker.
    e. The remainder to be independent to each party.

3. If the house sells prior to finalizing the case:
    a. Zach to exercise a SPO without elections until the youngest child is 3 years of age and thereafter a SPO with elections.
    b. All holidays and summer possession standard except that that Zachs summer for 2024 shall be two 7-day periods separated by no more than 7 days with Jayne.

4. Zach can keep the children on his insurance unless Jayne would like to enroll them on hers or if MMA is no longer able to insure the children.

5. If the house sells prior to finalizing the case:

    a. Child support – beginning on the 1st day of the 1st month after the parties vacate the marital residence per guidelines ($2,300/month).

Unofficial Copy Office of Marilyn Burgess District Clerk

DS JM

DS JZM

($2,300/month).

b. Uninsured medical/dental to be split 50/50.

c. Temp. Spousal Support at $3000/mo beginning on the 1st day of the 1st month after the parties vacate the marital residence after the house is sold.

6. Passports, Birth Certificates and Social Security Cards for children

a. Parties have joint right to apply for and renew passports. Jayne to have the right to hold subject to obligation to exchange and international travel notices per Texas Family Practice Manual.

b. Each party shall execute any document necessary to apply for or renew a passport for the children within 5 business days of receiving a request for the same.

c. Jayne to be primary holder for passports but shall not withhold request from Zach to use passports for the children subject to standard turnover language set forth in Texas Practice Family Manual for international travel upon proper notice.

d. Jayne to be primary holder for birth certificates and Social Security cards but shall not withhold request from Zach to use birth certificates and Social Security cards.

Unofficial Copy Office of Marilyn Burgess District Clerk

DS JM

DS JZM