**CAUSE NO. 2023-44970**

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **JAYNE ELIZABETH MOSELEY AND JOHN ZACHARY MOSELEY** | § | **245TH JUDICIAL DISTRICT** |
| | § | |
| **AND IN THE INTEREST OF CAMILLA QUINN MOSELEY AND MIA ELIZABETH MOSELEY, CHILDREN** | § | **HARRIS COUNTY, TEXAS** |

**FINAL JUDGMENT**

At the trial on this cause on July 20 through July 24, 2026, Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "Intervenors") appeared by and through its counsel of record Brian W. Zimmerman, Gary J. Zimmerman, and Frederick T. Johnson of the Law firm of Spencer Fane LLP, and Defendant Jayne Elizabeth Moseley by and through its counsel of record Douglas Ray York of the Law Offices of Douglas Ray York, P.C, and John Ben Blackburn of Leger, Ketchum, & Cohoon, PLLC. A jury was duly accepted, impaneled, and sworn. The jury returned its verdict after hearing the evidence and arguments of counsel. In response to the jury questions submitted by the Court, the jury made findings which were received by the Court and were filed and entered on the record.

Intervenors moved the Court to accept the verdict which this Court granted. Intervenors moved the Court to enter a final judgment. Based on the jury's verdict, the prior rulings of the Court, and the arguments of counsel, if any, the Court is of the opinion that the Motion should be **GRANTED**.

The Court finds, based upon the jury's verdict and the evidence admitted at trial, that Jayne Elizabeth Moseley engaged in fraudulent transfers in violation of the Texas Uniform Fraudulent Transfer Act

The Court finds, based upon the jury's verdict and the evidence admitted at trial, that Jayne Elizabeth Moseley participated in the fraudulent transfer of the cart.com proceeds in the amount of $1.9 million in violation of the Texas Uniform Fraudulent Transfer Act.

The Court further finds that Jayne Elizabeth Moseley participated in the transfer of the cart.com proceeds in the amount of $1.9 million with actual intent to hinder, delay, or defraud Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP, as found by the jury in its answers to Questions 1, 2, and 3.

The Court further finds the transfer was made knowingly, intentionally, willfully and maliciously for the purpose of placing assets beyond the reach of Intervenors as creditors.

The Court further finds that Jayne Elizabeth Moseley knowingly participated in and directed the transfer with actual intent to hinder, delay, and defraud Intervenors and was not the result of mistake, accident, or negligence.

The Court further finds the damages awarded represent the value of property fraudulently transferred with actual intent to hinder, delay, and defraud Intervenors.

The Court further finds that Jayne Elizabeth Moseley's intentional, willful and malicious fraudulent conduct directly and proximately caused damages to Intervenors in the amount of $1,900,000.00, as found by the jury.

The Court further finds that the attorney's fees awarded herein were incurred as a direct result of Jayne Elizabeth Moseley's intentional fraudulent conduct and are awarded pursuant to Section 24.013 of the Texas Business and Commerce Code because such an award is equitable and just.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP recover judgment against Defendant Jayne Elizabeth Moseley as follows:

a) Actual damages in the amount of **$1,900,000.00**;

b) Prejudgment interest in the amount of **$141,250.68** through **July 27, 2026**, together with additional prejudgment interest accruing at the rate of **$351.37 per day** from **July 28, 2026** through the date this Judgment is signed;

c) Reasonable and necessary attorney's fees in the amount of **$491,600.00** for services rendered through trial;

d) Post Judgment interest at the maximum amount permitted under Texas law;

e) Taxable court costs as determined by the Clerk of Court; and

f) Post-judgment interest on all amounts awarded in this Judgment at the statutory rate prescribed by Chapter 304 of the Texas Finance Code, compounded annually, from the date this Judgment is signed until fully paid.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the transfers of the Cart.com proceeds (and any remaining identifiable proceeds, mutations, or balances derived therefrom) are avoided to the extent necessary to satisfy this Judgment, pursuant to Tex. Bus. & Com. Code § 24.008. Intervenors are entitled to all writs and processes available under the Texas Uniform Fraudulent Transfer Act and Texas law to enforce**

**this Judgment, including but not limited to turnover under Tex. Civ. Prac. & Rem. Code § 31.002, attachment, garnishment, execution, and any other remedy authorized by law.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Intervenors recover the following contingent appellate attorney's fees from Jayne Elizabeth Moseley, conditioned upon Intervenors successfully defending the judgment on appeal:

a) $45,000.00 if Jayne Elizabeth Moseley unsuccessfully appeals this matter to the Court of Appeals; and,
b) $35,000.00 if Jayne Elizabeth Moseley files a petition for review to the Texas Supreme Court that is subsequently denied; and,

c) $15,000.00 if Jayne Elizabeth Moseley files a petition for review to the Texas Supreme Court, the parties are requested or required to submit briefing on the merits, and Jayne Elizabeth Moseley's appeal is unsuccessful either because review is denied or the judgment is affirmed after review is granted; and

d) $15,000.00 if Jayne Elizabeth Moseley files a petition for review to the Texas Supreme Court, review is granted, oral argument occurs, and the appeal is unsuccessful; and,

e) The Court expressly finds that the attorney's fees awarded herein are equitable and just pursuant to Section 24.013 of the Texas Business and Commerce Code in light of the jury's findings that Jayne Elizabeth Moseley violated the Texas Uniform Fraudulent Transfer Act and the relief awarded herein.

f) Post-judgment interest shall accrue on any contingent appellate attorney's fees awarded herein from the date the award becomes due until paid.

All relief requested in the Intervention not expressly granted herein is DENIED.

This Judgment finally disposes of all claims and all parties to the Intervention, is final for purposes of appeal, and is immediately appealable.

SIGNED this ____ day of _____________, 2026.

______________________________
JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE:

SPENCER FANE LLP

By: */s/ Brian W. Zimmerman*

Brian W. Zimmerman
State Bar No. 00788746
bzimmerman@spencerfane.com
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Telephone: (713) 552-1234
Facsimile: (713) 963-0859
ATTORNEYS FOR INTERVENORS
EQUAL ACCESS JUSTICE FUND, LP AND EAJF ESQ FUND, LP

## Certificate of Service

I certify that on July 29, 2026, a true and correct copy of the foregoing was forwarded to all counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure as follows:

***VIA E-SERVICE***
Andrew Bayley andrew@bayleylawfirm.com
THE BAYLEY LAW FIRM
1225 North Loop West, Suite 900
HOUSTON, TX 77008
Attorney for Respondent

***VIA E-SERVICE***
J. Patrick Cohoon pcohoon@lkclawfirm.com
John Ben Blackburn jbblackburn@lkclawfirm.com
Jason Curd jcurd@lkclawfirm.com
LEGER KETCHUM & COHOON, PLLC.
179 S. Main Street, Suite 102
Boerne, Texas 78006
ATTORNEY FOR JAYNE ELIZABETH MOSELEY

***VIA E-SERVICE***
Douglas Ray York service@douglasyork.com
LAW OFFICES OF DOUGLAS RAY YORK, P.C.
1824 Heights Blvd.,
Houston, Texas 77008
ATTORNEY FOR JAYNE ELIZABETH MOSELEY

***/s/ Brian W. Zimmerman***
Brian W. Zimmerman