8/14/2026 6:48:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 118672305
By: CASTILLO, SANDRA
Filed: 8/14/2026 6:48:22 PM

**CAUSE NO. 2023-44970**

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § | **IN THE DISTRICT COURT** |
| **JAYNE ELIZABETH MOSELEY AND JOHN ZACHARY MOSELEY** | § | |
| | § | **245TH JUDICIAL DISTRICT** |
| **AND IN THE INTEREST OF CAMILLA QUINN MOSELEY AND MIA ELIZABETH MOSELEY, CHILDREN** | § | |
| | § | **HARRIS COUNTY, TEXAS** |

Unofficial Copy Office of Marilyn Burgess District Clerk

## ORDER ON INTERVENORS' MOTION FOR SANCTIONS AND CONTEMPT

The Court considered Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP's ("Intervenors" or "Judgment Creditors") Motion for Sanctions and Contempt against Jayne Moseley and all other responsible parties, together with the pleadings, evidence, arguments of counsel, and the record in this case.

The Court, having considered the Motion, the response, if any, the evidence presented, the Court's prior orders, and the applicable law, makes the following findings and ORDERS:

**FINDINGS**

1. The Court's Standing Order effective October 5, 2023 remains in full force and effect as to all parties in this matter.

2. Section 4.5 of the Standing Order prohibits selling, transferring, assigning, mortgaging, encumbering, or otherwise alienating property, whether personal or real and whether separate or community, except as specifically authorized by the Order.

3. Section 4.7 of the Standing Order prohibits withdrawals from checking or savings accounts for any purpose, except as specifically authorized by the Order.

4. Section 4.8 of the Standing Order prohibits spending any sum of cash in either party's control for any purpose, except as specifically authorized by the Order.

5. Jayne Moseley had actual knowledge of the Standing Order and its restrictions.

6. The jury found that the approximately $1.9 million transferred to Jayne Moseley from John Zachary Moseley was a fraudulent transfer.

7. The evidence establishes that approximately $1.9 million was transferred on June 3, 2024, from a joint account into an account held solely in Jayne Moseley's name.

8. The evidence establishes that Jayne Moseley subsequently withdrew and spent substantial portions of those funds.

9. The evidence further establishes that the balance in the account containing the transferred funds declined substantially over time, including from approximately $1,551,321.36 in April 2025, to approximately $739,978.71 in December 2025, approximately $400,000 at trial, and approximately $170,000 as of August 7, 2026.

10. The Court finds that the withdrawals and expenditures established by the evidence were not authorized by the Court's Standing Order to the extent set forth below.

11. The Court further finds that Jayne Moseley's conduct was knowing and willful and constituted violations of the Court's Standing Order.

## CONCLUSIONS AND ORDERS

1. The Court finds Jayne Moseley in contempt of court for her knowing and willful violations of the Court's Standing Order.

2. Jayne Moseley is ORDERED to cease and desist from any further withdrawal, transfer, expenditure, dissipation, or other disposition of any remaining funds or property subject to the Court's Standing Order except as expressly authorized by this Court.

3. Jayne Moseley is ORDERED, within seven (7) days of the entry of this Order, to provide Intervenors and the Court with a complete accounting of all withdrawals, transfers, expenditures, and other dispositions from the account into which the approximately $1.9 million transfer was made, from June 3, 2024 through the date of the accounting.

4. The accounting shall identify the date, amount, payee or recipient, purpose, and source of each transaction and shall include supporting bank statements and other records sufficient to trace the transferred funds.

5. Jayne Moseley is ORDERED to preserve all remaining funds and assets subject to the Court's Standing Order pending further order of this Court.

6. To the extent authorized by applicable law, Jayne Moseley is ORDERED to restore, disgorge, or otherwise account for amounts established to have been dissipated in violation of the Court's Standing Order, in an amount to be determined by the Court after consideration of the accounting and supporting evidence.

Unofficial Copy Office of Marilyn Burgess District Clerk

7. Intervenors are awarded sanctions and their reasonable and necessary attorneys' fees and expenses incurred as a result of the violations established herein, in the amount of $____________, against Jayne Moseley subject to any further hearing or proof the Court determines necessary.

8. Because civil contempt is remedial and coercive, the Court further ORDERS that Jayne Moseley may purge the contempt by fully complying with the Court's Standing Order, providing the required accounting, preserving the remaining assets, and complying with all other requirements of this Order. The Court reserves the right to impose additional coercive measures, including confinement, if necessary to secure compliance.

9. Any punitive sanction for completed violations that constitutes criminal contempt shall be imposed, if at all, only after compliance with all procedural protections required by Texas law.

10. The Court retains jurisdiction to enforce this Order and to enter such additional orders as may be necessary to secure compliance, protect the remaining assets, and effectuate the Court's prior orders and the judgment entered in this matter.

IT IS FURTHER ORDERED

that all relief requested by Intervenors that is not expressly granted herein is DENIED without prejudice, except that the Court retains jurisdiction over the matters addressed in this Order.

SIGNED on this ______ day of 2026.

______________________________

JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk