8/17/2026 3:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 118728419
By: Sandra Castillo
Filed: 8/17/2026 3:47 PM

**CAUSE NO. 2023-44970**

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § | **IN THE DISTRICT COURT** |
| **JAYNE ELIZABETH MOSELEY AND JOHN ZACHARY MOSELEY** | § | |
| **AND IN THE INTEREST OF CAMILLA QUINN MOSELEY AND MIA ELIZABETH MOSELEY, CHILDREN** | § | **245TH JUDICIAL DISTRICT** |
| | § | **HARRIS COUNTY, TEXAS** |

Unofficial Copy Office of Marilyn Burgess District Clerk

# INTERVENORS' RESPONSE TO MOTION TO ABATE ENTRY OF FINAL JUDGMENT AND DEFER HEARING ON INTERVENORS' MOTION FOR ENTRY OF FINAL JUDGMENT

## I. Introduction

Jayne Moseley's Motion asks this Court to delay entry of final judgment against her.

As the Court will recall, counsel for Jayne and Zach Moseley, Douglas York, represented that the divorce had been settled but requested that Intervenors agree not to challenge transfers made pursuant to their settlement. At that time, the Court elected to proceed with EAJF's fraudulent transfer claims against Jayne Moseley and set a final hearing on the divorce settlement for after completion of the trial.

Now, following the jury's verdict, Jayne Moseley seeks to delay entry of final judgment based on an erroneous interpretation of Paragraph 11(o) of the August 5, 2026 Confirmation Order entered by the United States Bankruptcy Court for the Southern District of Texas in the bankruptcy case of MMA Law Firm, PLLC, Case No. 24-31596. Her interpretation ignores the remainder of the paragraph in which the relevant language appears. It also conflicts with the paragraph as a whole, is

inconsistent with the other provisions of the Confirmation Order, and would lead to absurd results.

## II. Argument and Authorities

### A. The plain language of Paragraph 11(o) does not prohibit Intervenors from obtaining a judgment against Jayne Moseley.

Courts are required to give effect to the language actually used in a written instrument and to read its provisions together rather than adding language that is not there. *See URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 763–65 (Tex. 2018); *Endeavor Energy Resources, L.P. v. Energen Resources Corp.*, 877 S.W.3d 791, 799–800 (Tex. 2020).

Paragraph 11(o) provides in its entirety:

> "(o) Divorce Case. The Forbearance contemplated in this Order and in the Plan shall not apply to the pending divorce proceedings in Cause No. 2023-44970 in the Matter of the Marriage of Jayne Elizabeth Moseley and John Zachary Moseley (the 'Divorce Case') to allow a division of the marital estate and the entry of a decree of divorce, and nothing in this Order prohibits Cause No. 2023-44970 from proceeding to a final resolution on the merits as between John Zachary Moseley and Jayne Elizabeth Moseley, and including EAJF Justice Fund, LP and EAJF Esq Fund, LP from proceeding to prosecute its claims, entry of judgment or other post-judgment remedies against Jayne Elizabeth Moseley until after the Divorce Court renders a final division of the marital estate."

The language preceding this paragraph imposes restrictions on Intervenors from collection efforts on any judgment against Zach Moseley (although it permitted Intervenors to prosecute their suit against him and obtain a judgment). The first operative statement in Paragraph 11(o) clearly exempts the Divorce Case from those restrictions.

The next portion of the provision reinforces that exemption by providing that "nothing in this Order prohibits" the Divorce Case from proceeding to final resolution

Unofficial Copy Office of Marilyn Burgess District Clerk

on the merits, including the division of the marital estate and entry of a divorce decree. Jayne Moseley's interpretation treats the final phrase of the paragraph as though it independently imposes a stay against Intervenors' claims against Jayne Moseley. But the text simply cannot support that interpretation.

If the Bankruptcy Court intended to impose those restrictions, it could and would have said so expressly, using language similar to that used to limit certain proceedings against Zach Moseley. Instead, the language appears in a provision expressly addressing what the existing Forbearance does and does not cover with respect to the Divorce Case. The Court should not transform a clarifying sentence concerning an exemption from the Forbearance into an independent source of a new prohibition.

Unofficial Copy Office of Marilyn Burgess District Clerk

**B. Jayne Moseley identifies no other provision in the Confirmation Order that stays Intervenors' claims against her.**

Given the nature of Paragraph 11(o), the paragraph as a whole can only be read as exempting certain suits or actions from the Forbearance. Paragraph 11(o) does not itself establish the underlying Forbearance; rather, it refers to "The Forbearance contemplated in this Order and in the Plan." If the Bankruptcy Court's order actually barred the actions that Jayne Moseley claims it prohibits, there would necessarily have to be *some other language* in the order imposing restrictions on the pursuit of claims against Jayne Moseley. But the Motion identifies no such provision because none exists. The remaining provisions of the order expressly restrict activities against Zach Moseley—not Jayne Moseley.

In fact, the final clause of the paragraph on which Jayne Moseley relies—"until after the Divorce Court renders a final division of the marital estate"—serves to clarify that no restrictions apply to actions against Jayne Moseley unless and until the Divorce Court enters a final division of the marital estate. That language is necessary only because, after the marital estate is finally divided, certain—but not all—post-judgment remedies against Jayne Moseley could conceivably be restricted to the extent they also constitute proceedings against Zach Moseley. For example, execution on an asset that the division of the marital estate requires to be sold and the proceeds divided between Jayne and Zach Moseley could be barred because it would constitute a post-judgment proceeding against Zach Moseley. Any resulting restriction on the remedy against Jayne Moseley would be merely incidental to, and derivative of, the restriction applicable to Zach Moseley; it would not create an independent prohibition against pursuing Jayne Moseley.

Unofficial Copy Office of Marilyn Burgess District Clerk

### C. Jayne Moseley's interpretation is absurd because it creates an internal loop that would prevent the Divorce Case from ever reaching final resolution.

Jayne Moseley's interpretation assumes that the phrase "until after the Divorce Court renders a final division of the marital estate" modifies every word following "Cause No. 2023-44970 from," rather than modifying only the phrase "entry of judgment or other post-judgment remedies against Jayne Elizabeth Moseley." But that interpretation would lead to the untenable result that no part of Cause No. 2023-44970 could reach a final resolution while the Bankruptcy Court's stay remains in effect.

Paragraph 11(o) expressly permits the Divorce Case to proceed "to a final resolution on the merits." Yet Jayne Moseley contends that this is one of several actions that cannot occur "until after the Divorce Court renders a final division of the marital estate." That reading creates a logical impossibility. The division of the marital estate necessarily occurs after the case has been resolved on the merits. Indeed, the merits determination resolves the factual and legal issues necessary for the Divorce Court to determine how the marital estate should be divided. Under Jayne Moseley's interpretation, however, neither event could occur because each would have to precede the other.

That cannot be the intended meaning of the Confirmation Order. The Bankruptcy Court expressly permitted the Divorce Case to proceed to a final resolution on the merits. It would make little sense to construe the same paragraph as imposing a condition that prevents the Divorce Court from reaching the very final resolution that the paragraph expressly permits. The Court should therefore reject Jayne Moseley's construction and adopt one that gives coherent effect to Paragraph 11(o) as a whole.

**D. The jury has already returned its verdict, and Jayne Moseley's request would delay entry of judgment after the merits have been fully adjudicated.**

There is another important factual consideration. This is not a case in which Intervenors are attempting to initiate new litigation against Jayne Moseley after the Confirmation Order was entered. The claims have already been tried.

On July 21, 2026, the jury returned its verdict finding that John Zachary Moseley transferred the proceeds from the sale of Cart.com stock with actual intent

Unofficial Copy Office of Marilyn Burgess District Clerk

to hinder, delay, or defraud a creditor, without receiving reasonably equivalent value in exchange, and while insolvent or rendered insolvent by the transfer, in violation of TUFTA. The jury valued the transfer at $1,900,000.

The Confirmation Order was not entered until August 5, 2026. By that time, the jury had already completed its adjudicative function and returned its verdict. Jayne Moseley now seeks to prevent this Court from entering final judgment on that verdict based on a construction of Paragraph 11(o) that is unsupported by the provision's actual language.

The distinction between adjudicating a claim and enforcing a judgment is particularly important here. The claim has already been adjudicated through a completed trial, and the jury has returned its verdict. Entry of judgment merely gives formal effect to that adjudication; it does not itself enforce the judgment or authorize any post-judgment remedy against Jayne Moseley. Nothing in Paragraph 11(o) states that this Court must refrain from entering judgment on an already-adjudicated claim, and the Court should not read such a prohibition into language that does not say so.

Nor does the quoted language of Paragraph 11(o) purport to undo the jury's verdict, invalidate the completed trial, or require this Court to disregard an adjudication that had already occurred when the Confirmation Order was entered. If the Bankruptcy Court intended to restrict enforcement of a judgment, that restriction can be honored according to its terms. But a restriction on enforcement does not, without more, prohibit the entry of judgment itself. Nothing in Paragraph 11(o) supports converting a limitation on post-judgment remedies into a requirement that

Unofficial Copy Office of Marilyn Burgess District Clerk

this Court withhold judgment on a claim that has already been fully adjudicated.

**E. The Court can give effect to the Confirmation Order without abating this case.**

Intervenors do not dispute that the Confirmation Order is entitled to be enforced according to its terms. The issue is what those terms require. There is no necessary conflict between entering judgment consistent with the jury's verdict and complying with any legitimate restrictions the Bankruptcy Court has imposed on enforcement or collection.

The Court can:

1. enter judgment consistent with the jury's verdict;
2. recognize and enforce any applicable limitations on execution, collection, or other post-judgment remedies to the extent those limitations restrict proceedings against Zach Moseley; and
3. proceed with the division of the marital estate.

That approach gives effect to both proceedings without expanding the Confirmation Order beyond its actual language. By contrast, Jayne Moseley's proposed interpretation requires the Court to infer a prohibition against the entry of judgment that the Confirmation Order does not expressly impose—while also producing the circular result discussed above. The Court should decline to read such a prohibition into the Order.

Unofficial Copy Office of Marilyn Burgess District Clerk

## III. Conclusion

FOR THESE REASONS, Intervenors Equal Access Justice Fund, LP and EAJF Esq Fund, LP respectfully request that the Court deny Jayne Moseley's Motion to Abate Entry of Final Judgment and to Defer the Hearing on Intervenors' Motion

for Entry of Final Judgment, and grant Intervenors such other and further relief to which they may be justly entitled.

Respectfully submitted,

SPENCER FANE LLP

By: */s/ Brian W. Zimmerman*

Brian W. Zimmerman
State Bar No. 00788746
Frederick Johnson
State Bar No. 00785429
Gary J. Zimmerman
State Bar No. 00795740
bzimmerman@spencerfane.com
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Telephone: (713) 552-1234
Facsimile: (713) 963-0859

ATTORNEYS FOR INTERVENORS
EQUAL ACCESS JUSTICE FUND, LP AND
EAJF ESQ FUND, LP

Unofficial Copy Office of Marilyn Burgess District Clerk

**Certificate of Service**

I certify that on August 17, 2026, a true and correct copy of the foregoing was forwarded to all counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure as follows:

***VIA E-SERVICE***
Andrew Bayley andrew@bayleylawfirm.com
THE BAYLEY LAW FIRM
1225 North Loop West, Suite 900
HOUSTON, TX 77008
ATTORNEY FOR RESPONDENT

***VIA E-SERVICE***
J. Patrick Cohoon pcohoon@lkclawfirm.com
John Ben Blackburn jbblackburn@lkclawfirm.com
Jason Curd jcurd@lkclawfirm.com
LEGER KETCHUM & COHOON, PLLC.
179 S. Main Street, Suite 102
Boerne, Texas 78006
ATTORNEY FOR JAYNE ELIZABETH MOSELEY

***VIA E-SERVICE***
Douglas Ray York service@douglasyork.com
LAW OFFICES OF DOUGLAS RAY YORK, P.C.
1824 Heights Blvd.,
Houston, Texas 77008
ATTORNEY FOR JAYNE ELIZABETH MOSELEY

***VIA E-SERVICE***
Lisa Bowlin Hobbs Lisa@HobbsTexasAppeals.com
LBH LAW PLLC
5501 Balcones, Suite A215
Austin, Texas 78731
ATTORNEY FOR JAYNE ELIZABETH MOSELEY

***/s/ Brian W. Zimmerman***
Brian W. Zimmerman

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Julia Woods on behalf of Brian Zimmerman
Bar No. 788746
jwoods@spencerfane.com
Envelope ID: 118728419
Filing Code Description: No Fee Documents
Filing Description: INTERVENORS??? RESPONSE TO MOTION TO ABATE ENTRY OF FINAL JUDGMENT AND DEFER HEARING ON INTERVENORS??? MOTION FOR ENTRY OF FINAL JUDGMENT
Status as of 8/17/2026 4:28 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| J. PatrickCohoon | | pcohoon@lkclawfirm.com | 8/17/2026 3:47:39 PM | SENT |
| Stephanie Proffitt | 24006775 | notice@proffittfamilylaw.com | 8/17/2026 3:47:39 PM | SENT |
| Lisa Hobbs | 24026905 | lisa@hobbstexasappeals.com | 8/17/2026 3:47:39 PM | SENT |
| Jessica Stacy | | jstacy@lkclawfirm.com | 8/17/2026 3:47:39 PM | SENT |
| Jason Curd | | jcurd@lkclawfirm.com | 8/17/2026 3:47:39 PM | SENT |
| John Ben Blackburn | | jbblackburn@lkclawfirm.com | 8/17/2026 3:47:39 PM | SENT |
| Katie LFlynn | | service@thestoutlawfirm.com | 8/17/2026 3:47:39 PM | SENT |
| Andrew Bayley | 24071501 | Andrew@bayleylawfirm.com | 8/17/2026 3:47:39 PM | SENT |
| Doug York | | service@douglasyork.com | 8/17/2026 3:47:39 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk