8/21/2026 5:50 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 118916391
By: Roslyn Mayes
Filed: 8/21/2026 5:50 AM

**CAUSE NO. 2023-44970**

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § | **IN THE DISTRICT COURT** |
| **JAYNE ELIZABETH MOSELEY AND JOHN ZACHARY MOSELEY** | §<br>§<br>§<br>§ | **245TH JUDICIAL DISTRICT** |
| **AND IN THE INTEREST OF CAMILLA QUINN MOSELEY AND MIA ELIZABETH MOSELEY, CHILDREN** | §<br>§<br>§<br>§ | **HARRIS COUNTY, TEXAS** |

**JAYNE MOSELEY'S MOTION TO QUASH SUBPOENA DUCES TECUM AND FOR PROTECTIVE ORDER**

Unofficial Copy Office of Marilyn Burgess District Clerk

TO THE HONORABLE JUDGE OF SAID COURT:

Jayne Elizabeth Moseley ("Movant" or "Jayne"), Respondent herein and party to this proceeding, files this Motion to Quash Subpoena Duces Tecum and for Protective Order, and would respectfully show the Court as follows:

## I. INTRODUCTION

Movant seeks an order quashing the subpoena duces tecum issued on August 17, 2026, by counsel for Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP ("Intervenors"), commanding Movant to appear and produce documents on August 21, 2026, at 9:00 a.m. The subpoena is fatally defective and unenforceable for multiple independent reasons: (1) it was not delivered to the correct office address of Movant's counsel of record — the address at which Rule 176.5(a) permits service on a represented party — and counsel of record was never actually served; (2) no witness fee was in fact tendered, notwithstanding the officer's return; (3) the subpoena, issued and served with less than twenty-four hours before the compelled appearance and production, fails to afford adequate time for compliance under Rule 176.7 and is unreasonable as a matter of law; and (4) the return of service affirmatively misrepresents that Movant was personally served at a time when, in fact, the office to which the subpoena was purportedly

delivered was closed and unattended. Each defect independently warrants quashing the subpoena and entry of a protective order.

## II. STATEMENT OF FACTS

On August 17, 2026, counsel for Intervenors issued a subpoena duces tecum commanding Movant to appear before this Court on August 21, 2026, at 9:00 a.m. and to produce twelve broad categories of documents, including more than two years of personal bank records, credit card statements, payment records, attorney-fee payment records, and communications concerning the marital estate and settlement negotiations.

The officer's return of service reflects that process server Michael Vandenberg attempted service on August 20, 2026, at 9:18 a.m.,[1] by delivering a copy of the subpoena "IN PERSON" at "179 S. Main St. #120, Boerne Tx." Movant's counsel's office — and the address at which Movant could properly have been served through her attorney of record under Rule 176.5(a) — is located at 179 S. Main Street, Suite 102, Boerne, Texas, not Suite 120. Suite 120 is not the office of the undersigned, and the undersigned has no knowledge of what, if anything, was delivered to that suite or to whom. The return further certifies that a $10.00 witness fee was tendered and accepted. This certification is false. No witness fee was ever tendered.

Even accepting the return's stated time of service — August 20, 2026, at 9:18 a.m. — as accurate, the subpoena commanded appearance the very next morning, August 21, 2026, at 9:00 a.m., affording less than twenty-four hours' notice to comply with a document production spanning, in some categories, more than two years.

## III. LEGAL STANDARD

A subpoena may be quashed where service was improper, where required fees were not tendered, or where the subpoena imposes an undue burden or is otherwise unreasonable. TEX. R. CIV. P.

Unofficial Copy Office of Marilyn Burgess District Clerk

[1]The undersigned's office was closed, with its doors locked, at this time due to an out-of-office meeting. No one was present at the office to receive delivery of the subpoena or tender of any fee at 9:18 a.m. on August 20, 2026.

176.6(e), 176.7. A person commanded by subpoena, or any other person affected by it, may move for a protective order before the time specified for compliance, either in the court in which the action is pending or in a district court in the county where the subpoena was served. TEX. R. CIV. P. 176.6(e). Where, as here, the subpoena commands attendance and production at a hearing, it is a trial subpoena, and the subpoenaed person may instead choose to object or move for protective order before the court at the time and place specified for compliance, rather than proceeding in advance under paragraphs (d) and (e). TEX. R. CIV. P. 176.6(f). A party causing a subpoena to issue must take reasonable steps to avoid imposing undue burden or expense on the person served, and in ruling on any objection or motion for protection, the court must provide the person served an adequate time for compliance and protection from undue burden or expense. TEX. R. CIV. P. 176.7. The trial court may also issue a protective order to protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, and may order that the requested discovery not be sought in whole or in part, or that it be limited or conditioned. TEX. R. CIV. P. 192.6(b).

## IV. ARGUMENT

### A. The Subpoena Was Not Properly Served and Must Be Quashed.

Unofficial Copy Office of Marilyn Burgess District Clerk

Rule 176.5(a) provides that a subpoena must be served by delivering a copy to the witness and tendering any fees required by law, and that, where — as here — the witness is a party represented by an attorney of record in the proceeding, the subpoena may instead be served on the witness's attorney of record. TEX. R. CIV. P. 176.5(a). Movant is a party to this proceeding and has been represented throughout by the undersigned counsel of record. The undersigned has, in the ordinary course of this litigation, received certain documents from Intervenors' counsel; however, as set out above, no subpoena was served on the undersigned on August 20, 2026, and the subpoena at issue in this Motion was first seen by the undersigned only upon service of the officer's return of service.

Nor does the return establish valid service on Movant directly. As set out above, the return reflects delivery to the wrong suite of the undersigned's office — the address at which Rule 176.5(a) contemplates service on a represented party — and neither Movant nor the undersigned has any knowledge of what document, if anything, was delivered there, or to whom.

The return's certification of personal service is incorrect, and no valid service under Rule 176.5(a) was accomplished by any means — not on Movant personally, and not on her attorney of record. This is corroborated by the closed and unattended state of the undersigned's office at the stated time of service, discussed above.

Because Movant was not validly served, the subpoena is unenforceable against her and must be quashed.

This Motion is filed before the time specified for compliance. Rule 176.6(e) accordingly excuses Movant from compliance with the subpoena, without need of a prior order, unless and until the Court orders otherwise. TEX. R. CIV. P. 176.6(e) ("A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court."). Movant files this Motion to make that automatic stay of record and to request the relief set out below.

**B. No Witness Fee Was, in Fact, Tendered.**

Rule 176.5(a) requires that a subpoena be served by delivering a copy to the witness and tendering to that person any fees required by law. TEX. R. CIV. P. 176.5(a). Texas Civil Practice and Remedies Code section 22.001(a) entitles a witness to ten dollars for each day's attendance, and section 22.001(b) requires the party who summons the witness to pay that fee at the time the subpoena is served. Tex. Civ. Prac. & Rem. Code § 22.001(a)–(b).

As set out above, the officer's return's certification that a $10.00 witness fee was tendered and accepted is false; no witness fee was ever tendered. Because the required fee was not paid or tendered at the time of service, the subpoena does not comply with Rule 176.5(a) or section 22.001(b) and must be quashed.

Rule 176.8(b) further provides that a fine may not be imposed, nor a person served with a subpoena attached, for failure to comply, without proof by affidavit that all fees due the witness by law were paid or tendered. TEX. R. CIV. P. 176.8(b). Intervenors cannot make that showing, because no fee was tendered. Movant accordingly cannot be compelled to comply with the subpoena, and no sanction may issue against her for noncompliance.

Unofficial Copy Office of Marilyn Burgess District Clerk

**C. The Subpoena Does Not Afford Adequate Time for Compliance.**

Even if service had been proper and the fee tendered — which they were not — the subpoena fails to provide adequate time for compliance and must be quashed as unreasonable. As set out above, the subpoena affords less than twenty-four hours between attempted service and the compelled appearance and production — insufficient time to comply with a demand covering twelve categories of documents, including more than two years of financial and communications records.

As set out above, this is not a failure to notice the underlying hearing itself; that hearing was previously and separately noticed. The defect is Intervenors' attempt to compel Movant's personal appearance and a sweeping, multi-year document production through a subpoena delivered, at best, less than a day before compliance was due. Rule 176.7 requires a party causing a subpoena to issue to take reasonable steps to avoid imposing undue burden or expense on the person served, and requires the Court, in ruling on any objection or motion for protection, to provide the person served an adequate time for compliance. TEX. R. CIV. P. 176.7. Less than twenty-four hours is not adequate time to gather, review, and produce years of bank records, credit card statements, payment records, privileged attorney-fee records, and communications, or to identify and assert applicable privileges and objections before production. Intervenors have identified no exigency justifying such compressed timing, and none exists.

The Court may also issue a protective order where discovery is sought at an unreasonable time or in an unreasonably burdensome manner. TEX. R. CIV. P. 192.6(b). The Court should quash the subpoena for failing to afford adequate time for compliance under Rule 176.7 or, alternatively, enter a protective order excusing compliance unless and until reasonable notice is provided.

**D. The Court Should Issue a Protective Order.**

Rule 176.6(e) authorizes Movant to seek a protective order before the time specified for compliance. TEX. R. CIV. P. 176.6(e). Rule 192.6(b) permits the Court to enter any order necessary in the interest of justice to protect Movant from undue burden, unnecessary expense, harassment, or annoyance, including an order that the requested discovery not be sought in whole or in part, that its scope be limited, or that it proceed only on terms and conditions the Court directs. TEX. R. CIV. P. 192.6(b).

Unofficial Copy Office of Marilyn Burgess District Clerk

Because the subpoena commands Movant to attend and give testimony, and to produce documents, at a hearing, it is, in relevant part, a trial subpoena. Rule 176.6(f) would permit Movant simply to object or move for protective order before the Court at the time and place specified for compliance, rather than proceeding in advance under paragraphs (d) and (e). TEX. R. CIV. P. 176.6(f). Movant does not rely on that alternative here; as set out above, Movant instead elects to proceed under Rule 176.6(e) and files this Motion before the time specified for compliance, rather than waiting to raise these defects for the first time at the hearing.

The subpoena here is defective in service, defective in fee tender, and unreasonable in timing. It imposes an undue burden by demanding compliance within hours and by seeking voluminous, sensitive financial and communications records spanning years, without adequate time for compliance or any real opportunity to assert privilege or objection. A protective order quashing the subpoena and excusing Movant from compliance is warranted.

Unofficial Copy Office of Marilyn Burgess District Clerk

**V. PRAYER**

WHEREFORE, PREMISES CONSIDERED, Movant Jayne Elizabeth Moseley respectfully requests that the Court:

1. Consider and rule on this Motion as a threshold matter before compelling any testimony or production from Movant at the hearing on Intervenors' Motion for Sanctions and Contempt;
2. Quash the subpoena duces tecum issued August 17, 2026, and commanding appearance and production on August 21, 2026, at 9:00 a.m.;
3. In the alternative, enter a protective order excusing Movant from compliance with the subpoena unless and until proper service is made on Movant or her attorney of record, the required witness fee is actually tendered, and reasonable notice is provided;
4. Confirm that, pursuant to Rule 176.6(e), Movant need not comply with the subpoena pending the Court's ruling on this Motion, this Motion having been filed before the time specified for compliance; and
5. Grant Movant such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

LEGER KETCHUM & COHOON, PLLC

By: J. Patrick Cohoon
State Bar No. 24034381
pcohoon@lkclawfirm.com
John Ben Blackburn
State Bar No. 24031867
jbblackburn@lkclawfirm.com
179 S. Main Street, Suite 102
Boerne, Texas 78006
Telephone: (210) 504.4401
Facsimile: (210) 504.4401

Lisa Bowlin Hobbs
State Bar No. 24026905
Lisa@HobbsTexasAppeals.com
LBH LAW PLLC
5501 Balcones, Suite A215
Austin, Texas 78731
(512) 297-7792

**ATTORNEYS FOR DEFENDANT JAYNE ELIZABETH MOSELEY**

Douglas Ray York
Law Offices of Douglas Ray York, P.C.
1021 Main Street, Ste. 1450
Houston, Tx. 77002
Tel: (713) 479-5555

**CO-COUNSEL FOR DEFENDANT JAYNE ELIZABETH MOSELEY**

Unofficial Copy Office of Marilyn Burgess District Clerk

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2026, a true and correct copy of the foregoing was forwarded to all counsel of record pursuant to Rule 21a of the Texas Rules of Civil Procedure via the Court's e-filing/e-service system,

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patrick Cohoon on behalf of James Cohoon
Bar No. 24034381
pcohoon@lkclawfirm.com
Envelope ID: 118916391
Filing Code Description: Motion (No Fee)
Filing Description: Motion to Quash
Status as of 8/21/2026 8:24 AM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| J. PatrickCohoon | | pcohoon@lkclawfirm.com | 8/21/2026 5:50:48 AM | SENT |
| Frederick Johnson | 785429 | fjohnson@spencerfane.com | 8/21/2026 5:50:48 AM | SENT |
| Stephanie Proffitt | 24006775 | notice@proffittfamilylaw.com | 8/21/2026 5:50:48 AM | SENT |
| John Moseley | 24092863 | zach@mma-pllc.com | 8/21/2026 5:50:48 AM | SENT |
| Lisa Hobbs | 24026905 | lisa@hobbstexasappeals.com | 8/21/2026 5:50:48 AM | SENT |
| Brian Zimmerman | 788746 | bzimmerman@spencerfane.com | 8/21/2026 5:50:48 AM | SENT |
| Gary Zimmerman | 795740 | gzimmerman@spencerfane.com | 8/21/2026 5:50:48 AM | SENT |
| Lorraine Brazil | | production@brazilco.com | 8/21/2026 5:50:48 AM | SENT |
| Katie LFlynn | | service@thestoutlawfirm.com | 8/21/2026 5:50:48 AM | SENT |
| Andrew Bayley | 24071501 | Andrew@bayleylawfirm.com | 8/21/2026 5:50:48 AM | SENT |
| Doug York | | service@douglasyork.com | 8/21/2026 5:50:48 AM | SENT |
| Jason Curd | | jcurd@lkclawfirm.com | 8/21/2026 5:50:48 AM | SENT |
| John Ben Blackburn | | jbblackburn@lkclawfirm.com | 8/21/2026 5:50:48 AM | SENT |
| Bobby K. Newman | | bknservice@bobbyknewman.com | 8/21/2026 5:50:48 AM | SENT |
| Jessica Stacy | | jstacy@lkclawfirm.com | 8/21/2026 5:50:48 AM | SENT |
| John ZachMoseley | | zach@mma-pllc.com | 8/21/2026 5:50:48 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk