8/24/2026 3:41:13 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 119019276
By: CASTILLO, SANDRA
Filed: 8/24/2026 3:41:13 PM

**CAUSE NO. 2023-44970**

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **JAYNE ELIZABETH MOSELEY AND JOHN ZACHARY MOSELEY** | § | **245TH JUDICIAL DISTRICT** |
| | § | |
| **AND IN THE INTEREST OF CAMILLA QUINN MOSELEY AND MIA ELIZABETH MOSELEY, CHILDREN** | § | **HARRIS COUNTY, TEXAS** |

Unofficial Copy Office of Marilyn Burgess District Clerk

# ORDER TO SHOW CAUSE

On this day, the Court considered Intervenors' First Amended Motion for Sanctions and Contempt Against Jayne Moseley (the "Motion"), filed by Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "Intervenors"). Having reviewed the Motion and its supporting exhibits, the Court finds that the Motion states grounds sufficient to require Jayne Elizabeth Moseley ("Ms. Moseley") to appear and show cause why she should not be held in contempt of court and sanctioned for the conduct described below.

## I. The Order Alleged to Have Been Violated

The Court's Standing Order, effective October 5, 2023 (the "Standing Order"), has remained continuously in full force and effect as to all parties in this matter, as the Court confirmed at the March 10, 2026 hearing and in its Order signed March 17, 2026. The Standing Order provides, among other things, that a party is prohibited from:

1. Section 4.5 — Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property, whether personal property or real property, and whether separate or community, except as specifically authorized by this order;

2. Section 4.7 — Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order; and

3. Section 4.8 — Spending any sum of cash in either party's control for any purpose, except as specifically authorized by this order.

**II. The Conduct Alleged to Constitute Contempt**

The Motion alleges that, with actual knowledge of the Standing Order, Ms. Moseley knowingly and repeatedly withdrew, transferred, and spent funds subject to the Standing Order from the account ending in x9302 — the account into which approximately $1.9 million was transferred on or about June 3, 2024, and which a jury determined to have been fraudulently transferred. The Motion further alleges that the balance in that account declined from approximately $1,551,321.36 in April 2025 to approximately $170,000 as of August 7, 2026, and identifies, without limitation, the following expenditures made in alleged violation of Sections 4.5, 4.7, and 4.8 of the Standing Order:

a. approximately $5,136.75 for a five-day trip to Boca Raton;
b. approximately $4,500 for cosmetic treatments;
c. approximately $250,000 paid toward personal credit-card balances from the x9302 account;
d. numerous purchases at Saks Fifth Avenue and nineteen separate purchases from Revolve totaling more than $12,000;
e. lease payments on an Infiniti totaling more than $100,000, a mortgage exceeding $15,000 per month, and approximately $7,000 per month in rent on a second residence while Ms. Moseley already owned the townhouse at 1214 W. Dallas Street, Houston, Texas 77019; and
f. approximately $11,000 paid toward student loans and payments to divorce counsel from the transferred funds.

The Court finds that these allegations, together with the Motion and its supporting exhibits, provide Ms. Moseley full and unambiguous notice of the specific acts said to constitute contempt, including the provisions of the Standing Order

Unofficial Copy Office of Marilyn Burgess District Clerk

allegedly violated and the nature of the expenditures alleged to have violated those provisions.

**III. Order to Appear and Show Cause**

IT IS THEREFORE ORDERED that Jayne Elizabeth Moseley personally appear before this Court in the 245th Judicial District Court, Harris County, Texas, on the ______ day of ________________, 2026, at ______ .m., and then and there SHOW CAUSE, if any she has, why she should not be:

1. held in contempt of court for her alleged knowing and willful violations of the Standing Order;

2. ordered to provide a complete accounting of all withdrawals, transfers, and expenditures from the account containing the fraudulently transferred funds;

3. ordered to restore, disgorge, or otherwise account for all amounts dissipated in violation of the Standing Order, to the extent authorized by law;

4. assessed monetary sanctions and other remedial relief in an amount supported by the evidence for funds spent, transferred, or otherwise dissipated in violation of the Standing Order;

5. assessed Intervenors' reasonable and necessary attorneys' fees and expenses incurred in connection with the Motion, to the extent authorized by law; and

6. subjected to coercive contempt relief, including, without limitation, confinement conditioned upon compliance with the Court's orders, and to such further restrictions on the transfer or expenditure of any remaining assets as may be necessary to secure compliance with the Court's orders.

Unofficial Copy Office of Marilyn Burgess District Clerk

**IV. Order to Produce Financial Records**

IT IS FURTHER ORDERED that, no later than ________________, 2026 (and in any event not later than seven (7) days before the show-cause hearing), Ms. Jayne Moseley produce to counsel for Intervenors, Brian W. Zimmerman, 3040 Post Oak Blvd., Suite 1400, Houston, Texas 77056, true, complete, and legible copies of the following records for the period from January 1, 2026 through the date of production:

1. Bank statements. All monthly or periodic statements for every checking, savings, money-market, or other deposit or financial account held in Ms. Moseley's name, jointly or individually, or over which she has or had signatory authority or control, including without limitation the account ending in x9302 and the separate account into which Ms. Moseley deposited her salary and bonuses, together with all documents sufficient to show every deposit into and every withdrawal, transfer, or disbursement from each such account;

2. Credit-card statements and records. All monthly or periodic statements and transaction records for every credit-card, charge-card, or line-of-credit account held in Ms. Moseley's name, jointly or individually, or that she used, including all statements reflecting the charges paid and the source of the funds used to pay the approximately $250,000 in credit-card balances described in the Motion; and

3. Supporting records. All checks, wire-transfer confirmations, receipts, and similar records sufficient to trace the disposition of the funds transferred into the account ending in x9302.

**V. Service and Notice**

IT IS FURTHER ORDERED that a copy of this Order, together with a copy of the Motion, be served upon Jayne Elizabeth Moseley by personal service, or by such other method as satisfies the requirements of due process and Texas law, not later than the tenth (10th) day before the date of the show-cause hearing set above.

**Ms. Moseley is expressly warned that, if she fails to appear at the time and place ordered above, the Court may issue a writ of attachment or capias for her arrest, may proceed in her absence, and may grant the relief requested in the Motion. A finding of contempt may be punishable by confinement in the county jail, by fine, or by both, and by an order requiring her to pay Intervenors' attorneys' fees and costs.**

SIGNED this ______ day of ________________, 2026.

________________________________
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

APPROVED & ENTRY REQUESTED:

SPENCER FANE LLP

By: */s/ Brian W. Zimmerman*
Brian W. Zimmerman
State Bar No. 00788746
bzimmerman@spencerfane.com
Frederick T. Johnson
Texas Bar No. 00785429
fjohnson@spencerfane.com
Gary J. Zimmerman
Texas Bar No. 00795740
gzimmerman@spencerfane.com
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Telephone: (713) 552-1234
Facsimile: (713) 963-0859

PROFFITT FAMILY LAW, P.C.

Stephanie J. Proffitt
State Bar No. 24006775
917 Franklin St 550
Houston, TX 77002
Telephone: (713) 224-3400
notice@proffittfamilylaw.com
ATTORNEYS FOR INTERVENORS

Unofficial Copy Office of Marilyn Burgess District Clerk