**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 24-31596** |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **Chapter 11** |
| | § | |
| ***Debtor*.** | § | |

**PLAN ADMINISTRATOR'S MOTION TO COMPROMISE CONTROVERSY WITH LABORDE EARLES LAW FIRM, LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the "Plan Administrator"), hereby files this *Motion to Compromise Controversy* (the "**Motion**"), seeking court approval of a settlement with Laborde Earles Law Firm, LLC (**"Laborde Earles" or "LE")** resolving Adversary Proceeding No. 24-03130. In support thereof, the Debtor states as follows:

## RELEVANT BACKGROUND FACTS

1. MMA Law Firm, PLLC (the **"Debtor" or "MMA"**) is a Texas-based litigation law firm that represented clients on a contingency fee basis (the **"Hurricane Cases"**). MMA entered into co-counsel agreements with Cristobal M. Galindo, PC (**"Galindo"**) in many of the Hurricane Cases, under which both firms jointly represented clients on a contingency fee basis (the **"MMA/Galindo Agreement"**).

2. On or about March 3, 2023, attorneys associated with MMA were suspended from practice in the United States District Court for the Western District of Louisiana. Following that suspension, MMA sought to transfer client representations to other law firms.

3. Following the suspension, Laborde Earles undertook the representation of the Hurricane Cases on a contingency fee basis (the **"LE/Debtor Cases"**). The LE/Debtor Cases are cases that were subject to the MMA/Galindo Agreement (**"MMA/Galindo Cases"**).

4. On April 9, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. MMA initiated Adversary Proceeding No. 24-03130 against Laborde Earles, which has also proceeded in the United States District Court for the Southern District of Texas under Case No. 4:25-cv-00097 (together, the **"Adversary Proceeding").** In its Amended Complaint [Adv. Pro. No. 24-03130, ECF No. 25], MMA asserted claims for violation of the automatic stay under 11 U.S.C. § 362, declaratory judgment under 11 U.S.C. § 541, and turnover of property of the estate under 11 U.S.C. § 542.

6. Laborde Earles filed an Amended Answer and Defenses [Adv. Pro. No. 24-03130, ECF No. 50], denying all of MMA's claims and asserting numerous affirmative defenses.

7. On August 2, 2024, this Court entered an Agreed Preliminary Injunction [Adv. Pro. No. 24-03130, ECF No. 22] (the **"Agreed Preliminary Injunction"**), pursuant to which Laborde Earles has continued prosecuting and settling the LE/Debtor Cases and has held attorneys' fees and cost reimbursements in a trust account pending further order of this Court (the **"Segregated Trust Funds"**).

8. The Segregated Trust Funds represent attorneys' fees and cost reimbursements generated or incurred by MMA and Laborde Earles in the LE/Debtor Cases and held pending further order of this Court. The Debtor asserts, and the Settlement Agreement is premised upon, the position that the Debtor's alleged interest in those funds is an interest of the estate, and that payment of the Settlement Payment to the Debtor in accordance with an order of this Court discharges Laborde Earles as to that interest.

9. On September 18, 2025, this Court approved a settlement agreement between MMA and Galindo [ECF No. 832] (the **"Galindo Settlement")**, pursuant to which Galindo irrevocably waived and released all claims to attorneys' fees, costs or recovery arising from the Former MMA Clients (the **"Galindo Order"**).

10. Pursuant to the Galindo Settlement and the accompanying Galindo Order, Galindo irrevocably waived all claims against any successor firms related to the MMA/Galindo Cases, and specifically agreed that all successor firms may rely on this waiver as third-party beneficiaries. Laborde Earles is a successor firm under the definition contained in the Galindo Settlement.

11. Following extensive negotiations and a failed mediation, the Plan Administrator and Laborde Earles reached a settlement resolving all claims between them arising from the LE/Debtor Cases and the Adversary Proceeding, subject to approval by this Court.

## SETTLEMENT TERMS

12. The material terms of the Settlement Agreement attached hereto as Exhibit A are as follows:

a. Laborde Earles shall pay to MMA the sum of $607,028.99 (the **"Settlement Payment")** which may be funded from the trust account maintained by Laborde Earles pursuant to the Agreed Preliminary Injunction.

b. Upon entry of an order approving the Settlement Agreement, the Agreed Preliminary Injunction shall be deemed modified to authorize disbursement of the Settlement Payment from that trust account.

c. Laborde Earles shall preserve all electronically stored information, documents, files, communications, and other records relating to MMA, MMA's principals, the Hurricane Cases, the LE/Debtor Cases, or any former MMA client for a specified preservation period, and shall cooperate in good faith with formal discovery served by MMA in other litigation during that period, subject to applicable privileges and cost reimbursement.

d. Upon receipt of the Settlement Payment, the parties shall exchange mutual releases of all claims arising from or relating to the LE/Debtor Cases, subject to specified exclusions specified in the Settlement Agreement.

13. The schedule of LE/Debtor Cases and the underlying settlement statements contain confidential client information. The Settlement Agreement provides that those materials shall be treated as confidential. MMA has therefore not attached that schedule to this Motion, and stands ready to provide it to the Court in camera or under seal upon request.

14. Notice of this Motion has been served on all creditors and parties in interest in this

case. Any person or entity asserting an interest in the Segregated Trust Funds, or in the attorneys' fees and cost reimbursements generated in the LE/Debtor Cases, has the opportunity to be heard on this Motion. The Plan Administrator submits that upon approval, and upon Laborde Earles' payment of the Settlement Payment in accordance with the order approving this Motion, no party in interest retains any right to recover from Laborde Earles any portion of those fees or reimbursements, all such interests having been satisfied by payment to the estate.

## ARGUMENT AND AUTHORITIES

15. FED. R. BANKR. P. 9019 governs compromises with the trustee. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation; and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

**FACTOR 1: PROBABILITY OF SUCCESS IN THE LITIGATION.**

16. The Plan Administrator believes it has a strong claim to a share of the attorneys' fees earned in the LE/Debtor Cases based on the legal work MMA performed before the transfer of those representations. Laborde Earles disputes that position, denies the existence of any binding fee arrangement with MMA, denies that the settlement proceeds constitute property of the estate, and denies that any violation of the automatic stay occurred or was willful.

17. Litigation over fee apportionment is inherently uncertain and fact-intensive related to the value of services rendered by each firm. The apportionment of contingency fees between successive counsel in the underlying Louisiana matters is governed by a framework requiring a case-by-case evaluation of numerous factors, and the outcome as to any individual matter is

difficult to predict. The Adversary Proceeding has also been the subject of proceedings in the District Court, which adds a further layer of procedural uncertainty and potential delay.

18. The proposed settlement eliminates that uncertainty and secures for the estate an immediate and substantial recovery. The Settlement Payment was negotiated after a failed mediation in 2025, at arm's length by sophisticated parties represented by experienced counsel, and reflects a reasoned assessment of the merits, the litigation risk, and the cost and delay of proceeding to judgment.

**FACTOR 2: DIFFICULTY OF COLLECTION ON A JUDGMENT.**

19. Laborde Earles is an established law firm and collection would not likely pose a serious obstacle. However, obtaining and enforcing a judgment would involve substantial delay, expense, and the near certainty of an appeal by the losing party in a matter of this size and complexity.

**FACTOR 3: COMPLEXITY OF THE LITIGATION.**

20. The Adversary Proceeding is factually complex. It involves hundreds of underlying client matters, each with its own procedural history, fee arrangement, and record of services performed. Resolution on the merits would require case-by-case proof as to the work performed and expenses incurred by MMA and by Laborde Earles in each matter.

21. Continued litigation would consume estate resources and management attention over an extended period. The settlement avoids that burden entirely and permits the Plan Administrator to direct resources to the remaining matters before the Court.

**FACTOR 4: DEFERENCE TO CREDITORS.**

22. The proposed compromise is in the best interest of the estate and its creditors. It results in an immediate and substantial cash recovery for the estate, avoids the cost and risk of protracted litigation, and preserves estate resources.

**WHEREFORE**, the Plan Administrator prays that the court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and for such other relief as the court finds appropriate and just to grant.

Dated: August 29, 2026

By: */s/ Miriam T. Goott*
Miriam T. Goott
attorney-in-charge
SBN 24048846
COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR FOR MMA LAW FIRM, PLLC

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com
713.956.5577 (telephone)
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I, Miriam T. Goott, hereby certify that I served a true and complete copy of the foregoing Motion to Approve Compromise was served on all parties entitled to notice via CM/ECF on August 29, 2026, including but not limited to the Oversight Committee, and Galindo through its counsel of record, Mr. Shelton.

*/s/Miriam T. Goott*
Miriam T. Goott