IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S MOTION TO COMPROMISE CONTROVERSY WITH HEATH LAW GROUP, LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this Motion to Compromise Controversy (the **"Motion"**), seeking approval of a settlement with Heath Law Group, LLC (**"Heath Law"**) that resolves the claims asserted in Adversary No. 26–03116. In support thereof, the Plan Administrator states as follows:

## RELEVANT BACKGROUND FACTS

1. MMA Law Firm, PLLC ("MMA") is a Texas litigation firm that previously represented thousands of clients in property insurance claims following Hurricanes Laura, Delta, Zeta, and Ida.

2. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On August 5, 2026, the Court entered its order confirming MMA's Chapter 11 plan (ECF No. 1660). Under the confirmed plan, Allison D. Byman serves as Plan Administrator.

4. On April 8, 2026, MMA commenced an adversary proceeding against Heath Law styled *MMA Law Firm, PLLC v. Heath Law Group, LLC*, Adversary No. 26–03116 (the **"Adversary"**). The Adversary asserts claims for declaratory judgment, for turnover of property of the estate under section 542 of the Bankruptcy Code, and for willful violation of the automatic stay under section 362(a)(3) of the Bankruptcy Code, together with requests for actual and punitive damages, attorney's fees, and sanctions (collectively, the **"Claims"**).

5. The Claims concern the estate's asserted interest in attorney's fees arising from the representation of one former MMA client who was subsequently represented by Heath Law (the **"Former MMA Case"**).

6. Heath Law disputes and denies each of the Claims, denies that it has any liability to MMA or to the estate, and denies that it engaged in any wrongdoing. Heath Law has agreed to the settlement solely to avoid the cost, burden, and uncertainty of continued litigation.

7. The Plan Administrator and Heath Law have reached a settlement resolving all of the Claims and all disputes concerning the Former MMA Case, subject to the approval of this Court.

## SETTLEMENT TERMS

8. The material terms of the settlement agreement (the **"Settlement Agreement"**), attached hereto as Exhibit A, are as follows:

a. Within seven (7) days following entry of an order approving the Settlement Agreement, Heath Law shall pay the estate the total sum of $5,666.67, which represents one third of the total attorney's fees Heath Law collected in the Former MMA Case.

b. Payment shall be made, at Heath Law's election, either by check payable to MMA Law Firm, PLLC and delivered to Walker & Patterson, P.C., 4815 Dacoma Street, Houston, Texas 77092, or by wire transfer to an account designated in writing not less than five (5) business days before payment is due.

c. After entry of the order approving the Settlement Agreement and receipt of the settlement amount, the parties shall dismiss the Adversary with prejudice, each party bearing its own attorney's fees and costs.

## ARGUMENT AND AUTHORITIES

9. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation, and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

10. The Plan Administrator believes the estate holds a strong claim to a share of the attorney's fees earned in the Former MMA Case, based on the work MMA performed before Heath

Law was substituted as counsel. Litigation over the apportionment of fees is nevertheless uncertain and intensely factual, and it often requires expert testimony. Heath Law denies liability and disputes that the estate holds any interest in the fees it collected. While the Plan Administrator is confident in the estate's position, success is not assured.

11. The proposed settlement eliminates that uncertainty and secures $5,666.67 for the estate without the cost and delay of litigation. That sum represents one third of the attorney's fees collected by the Defendant in the Former MMA Case.

12. Heath Law is a law firm, and collection would not likely pose a serious issue. Obtaining and enforcing a judgment could still involve delay, expense, and potential appeals. Given the modest sum at stake, the cost of litigating to judgment and collecting on it would likely exceed the amount of any judgment obtained. The settlement provides immediate certainty and avoids enforcement issues.

13. The underlying dispute is relatively straightforward. Disputes over the apportionment of fees nonetheless involve conflicting records, competing readings of engagement agreements, and questions of credibility, each of which increases cost and risk. Settlement avoids those complications.

14. The proposed compromise is in the best interest of the estate and its creditors. It results in an immediate cash recovery at no further expense to the estate, and those funds will be available for distribution to creditors under the confirmed plan. Creditors receive notice of this Motion and an opportunity to be heard.

**WHEREFORE,** Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, prays that the Court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as those set out in the Settlement Agreement

attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and grant such other relief as the Court finds appropriate and just to grant.

Dated: August 29, 2026

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: *<u>/s/ Miriam T. Goott</u>*
Miriam T. Goott
attorney in charge
State Bar No. 24048846
4815 Dacoma
Houston, Texas 77092
Telephone: (713) 956-5577
Facsimile: (713) 956-5570
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR FOR MMA LAW FIRM, PLLC**

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a true and complete copy of the foregoing Motion to Compromise Controversy was served on all parties receiving notice via CM/ECF, including the members of the oversight committee, and on counsel for Heath Law Group, LLC, Roland Gary Jones, rgj@rolandjones.com, by electronic mail, on August 29, 2026.

*/s/ Miriam T. Goott*
Miriam T. Goott