# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), on the one hand, and Heath Law Group, LLC (**"Heath Law"**) on the other hand. MMA and Heath Law are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Parties hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

This Settlement Agreement shall be effective on the date on which the Bankruptcy Court enters an order approving this Settlement Agreement (the **"Effective Date").**

The Parties acknowledge and agree that Bankruptcy Court approval is a condition precedent to the effectiveness and enforceability of this Agreement, and that if such approval is not granted or is materially modified, this Agreement shall be null and void and the Parties shall be restored to their respective positions as if this Agreement had not been executed.

## DEFINITIONS AND RECITALS

1. On April 9, 2024, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2. On April 8, 2026, MMA filed an adversary proceeding against Heath Law, styled MMA Law Firm, PLLC v. Heath Law Group, LLC, Adversary Proceeding No. 26-03116 (the "Adversary"), asserting claims for declaratory judgment, for turnover of property of the estate

under Section 542 of the Bankruptcy Code, and for willful violation of the automatic stay under Section 362(a)(3) of the Bankruptcy Code, together with requests for actual and punitive damages, attorneys' fees, and sanctions (collectively, the "Claims"). The Claims concern MMA's alleged interest in attorneys' fees related to one former client of MMA who was subsequently represented by Heath Law (the "Former MMA Case").

3. Heath Law disputes and denies each of the Claims, denies that it has any liability to MMA or to the Debtor's bankruptcy estate, and denies that it engaged in any wrongdoing. Heath Law enters into this Settlement Agreement solely to avoid the cost, burden, distraction, and uncertainty of continued litigation, and for no other purpose.

4. The Parties have reached a comprehensive resolution of all disputes asserted in the Adversary and concerning the Former MMA Case and the Adversary.

5. The Parties acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

**PAYMENT TERMS AND CONDITIONS**

6. Upon entry of an order by the Bankruptcy Court approving this Settlement Agreement, Heath Law shall pay MMA a total of **$5,666.67** (the "Settlement Amount"), within seven (7) days after entry of the Bankruptcy Court's order approving this Settlement Agreement, representing one-third (1/3) of the total attorneys' fees collected by Heath Law in the Former MMA Case. In exchange for Heath Law's payment of the Settlement Amount in accordance with this Paragraph, the Parties shall fully release all claims against one another as provided in the Mutual Release below, and the Adversary shall be dismissed with prejudice, with each Party bearing its own attorneys' fees and costs. The Parties agree that dismissal of the Adversary with prejudice shall occur only after entry of the order approving this Settlement Agreement and after payment of the Settlement Amount has been made in accordance with this Paragraph.

7. MMA shall file a motion under Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Settlement Agreement, together with a proposed order, no later than fourteen (14) days after the date on which the last Party executes this Settlement Agreement. The Parties shall cooperate in the submission to the Bankruptcy Court of any motion, proposed order, or other document necessary to obtain approval of this Settlement Agreement and to dismiss the Adversary with prejudice.

8. The Settlement Amount shall be paid, at Heath Law's election, either by check made payable to MMA Law Firm, PLLC and delivered to MMA's counsel, Walker & Patterson, P.C., at 4815 Dacoma Street, Houston, Texas 77092, or by wire transfer to an account designated by MMA, with MMA to provide complete wire instructions in writing not less than five (5) business days before payment is due. Payment shall be deemed made on the date on which the Settlement Amount is delivered to MMA's counsel in good funds or, in the case of a wire transfer, on the date on which the wire transfer is received from Heath Law's financial institution. Each Party shall bear its own bank fees, wire transfer fees, and other transaction fees incurred in connection with the payment of the Settlement Amount

9. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction, to the extent permitted by applicable law, to resolve any dispute between the Parties regarding this Agreement or as otherwise ordered by the Bankruptcy Court.

10. **Mutual Release.** Effective upon the Effective Date and upon the full and final completion of Heath Law's payment obligations under this Agreement, each Party, on behalf of itself and its predecessors, successors, assigns, parents, subsidiaries, affiliates, members, managers, partners, officers, directors, shareholders, employees, agents, attorneys, accountants, other professionals, insurers, and representatives, and in the case of MMA, on behalf of the Debtor, the Debtor's bankruptcy estate, and any trustee, examiner, successor trustee, liquidating trustee, litigation

trustee, plan administrator, or other representative of the estate appointed in or under the Debtor's Chapter 11 case, hereby releases, acquits, and forever discharges the other Party and each of the foregoing persons and entities associated with that other Party (collectively, the "Released Parties") from any and all claims, demands, causes of action, obligations, damages, and liability of every nature and kind whatsoever, asserted in the Adversary, including all claims, demands, and causes of action arising out of or relating to the Former MMA Case.

11. **Preservation of Heath Law's Claims Against the Estate**. Notwithstanding the Mutual Release above, nothing in this Settlement Agreement shall affect, impair, release, or waive any Party's rights and obligations created by this Settlement Agreement.

12. **Bankruptcy Court Approval**. The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval. No Party shall have any obligation to perform under this Agreement, and no release or dismissal shall become effective, unless and until the Bankruptcy Court enters an order approving this Settlement Agreement on terms that are not materially inconsistent with the terms set forth herein.

13. **No Admission of Liability**. This Settlement Agreement is a compromise of disputed claims. Neither this Settlement Agreement, nor any of its terms, nor any negotiation, statement, or document made or exchanged in connection with it, is or shall be construed as an admission by any Party of any liability, wrongdoing, or fault, or of the truth or validity of any claim or defense. Heath Law expressly denies any liability and any wrongdoing. This Settlement Agreement shall not be offered or received in evidence in any action or proceeding as an admission or concession of liability or wrongdoing of any nature, except in an action or proceeding to enforce its terms.

14. **Representations and Warranties**. Each Party represents and warrants that (a) it has full power and authority to enter into and perform this Settlement Agreement, (b) the person executing this Settlement Agreement on its behalf is duly authorized to do so and to bind it, (c) it has not

assigned, transferred, conveyed, pledged, or otherwise disposed of, in whole or in part, any claim, demand, or cause of action released under this Settlement Agreement, and (d) it has been represented by counsel of its own choosing in connection with this Settlement Agreement, or has had a full and fair opportunity to obtain such counsel.

15. **Notices.** Any notice required or permitted under this Settlement Agreement shall be in writing and shall be effective only if delivered both by electronic mail and by certified mail, return receipt requested, postage prepaid. Notices to MMA shall be sent to MMA Law Firm, PLLC, Attention: Allison D. Byman, 7924 W. Broadway St #104, Pearland, TX 77581, Email: adb@bymanlaw.com, with a copy to John Zachary Moseley, Email: zach@mma-pllc.com, with a copy to Walker & Patterson, P.C., Attention: Johnie Patterson, 4815 Dacoma Street, Houston, Texas 77092, Email: jjp@walkerandpatterson.com and mgoott@walkerandpatterson.com. Notices to Heath Law shall be sent to Heath Law Group, LLC, Attention: Danielle Smith Heath, 201 St. Charles Avenue, Suite 2500, New Orleans, Louisiana 70170, Email: danielle@heathlawgrp.com, with a copy to Jones & Associates, Attention: Roland Gary Jones, Esq., 1325 Avenue of the Americas, 28th Floor, New York, New York 10019, Email: rgj@rolandjones.com. Any Party may change its notice address by written notice given in accordance with this Paragraph.

16. **Governing Law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to its conflict of laws principles, and by applicable federal bankruptcy law.

17. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by electronic mail, facsimile, or portable document format shall be deemed original signatures for all purposes.

18. **Entire Agreement and Amendment**. This Settlement Agreement contains the entire agreement between the Parties with respect to its subject matter and supersedes all prior and contemporaneous negotiations, understandings, representations, and agreements, whether written or oral. This Settlement Agreement may be amended only by a written instrument signed by both Parties and approved by the Bankruptcy Court in the Southern District of Texas.

19. **Severability**. If any provision of this Settlement Agreement is held to be invalid, illegal, or unenforceable, that provision shall be modified to the minimum extent necessary to make it enforceable, and the remaining provisions shall continue in full force and effect.

20. **Successors and Assigns and No Third-Party Beneficiaries**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, successors, assigns, and the Released Parties. Except for the Released Parties, this Settlement Agreement is not intended to and does not confer any right or benefit upon any person or entity that is not a Party.

21. **Construction**. This Settlement Agreement is the product of negotiation between the Parties, each of which was represented by counsel or had a full opportunity to consult counsel. It shall not be construed against any Party as the drafter.

**Dated:** 8/24/26

[signature]

~~**John Zachary Moseley**~~ Allison D. Byman, Plan Administrator

Its: Plan Administrator

**MMA LAW FIRM, PLLC**
1235 North Loop West
Suite 810
Houston, Texas 77008
Email: zach@mma-pllc.com
Telephone: 713-334-6121
Fax: 713-332-5953

**Dated:** 8/24/26

HEATH LAW GROUP, LLC
By: ____________________
Danielle Smith Heath
Its: ____________________
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
Email: danielle@heathlawgrp.com