United States Courts
Southern District of Texas
FILED
*August 29, 2026*
Nathan Ochsner, Clerk of Court

## CATEGORY IV: FEDERAL PROBES & BANKRUPTCY

### Exhibit 13: Federal Probes & Macro Context (FBI, FTC, Huawei Trial)

### Exhibit 14: Master Omnibus Addendum to Official Form 410 (Amended Claim No. 73)

**Exhibit 13: Federal Probes & Macro Context (FBI, FTC, Huawei Trial)**

Learn more about LSEG

Reuters

Subscribe

# FBI probing law firm McClenny Moseley for alleged hurricane litigation fraud

By **Diana Novak Jones**

June 7, 2024 4:51 PM CDT · Updated June 7, 2024

Aa



An aerial view shows destroyed houses in a flooded area after Hurricane Ida made landfall in Louisiana, in Montegut, Louisiana, U.S. August 31, 2021. REUTERS/Marco Bello Purchase Licensing Rights

**Summary** Companies

Separately, U.S. Appeals court rules in law firm's favor in fee dispute

June 7 (Reuters) - The U.S. Federal Bureau of Investigations on Thursday said it is investigating McClenny Moseley & Associates and asked potential victims of the troubled Texas law firm to come forward after it came under scrutiny in Louisiana for allegedly mishandling thousands of lawsuits over hurricane property damage.

The post that seeks information from potential victims, which appears on the FBI's website, says that it "believes MMA primarily targeted Southeastern Louisiana homeowners after Hurricane Ida." The post also says that the law firm may have been assisted by Apex Roofing & Restoration.

Jumpstart your morning with the latest legal news delivered straight to your inbox from The Daily Docket newsletter. Sign up here.

McClenny Moseley, which is now known as MMA Law Firm and is based in Houston, filed thousands of lawsuits in Louisiana state and federal courts in 2022 against insurers on behalf of homeowners who suffered property damage from hurricanes Laura, Delta and Ida.

The FBI did not respond to questions about its posting. An attorney for McClenny Moseley did not respond to a request for comment about the FBI probe, nor did its founder, John Zachary Moseley.

A spokesperson for Apex Roofing said in a statement on Friday that the company was misled by MMA, had not been accused of wrongdoing and had relied on MMA for assistance with processing insurance claims in Louisiana. The statement said Apex was "working with the federal investigators in this matter."

Feedback

Garrison Jordan, an attorney for former MMA name partner James McClenny, told Reuters on Friday that his client "had no involvement in the Louisiana litigation that's sparked this investigation." Jordan declined to comment on the investigation or when McClenny learned about it.

In October, the Louisiana State Police opened a criminal investigation into the firm for fraud, forgery, improper solicitation of clients and other potential charges, according to the police.

The investigation came after federal judges in Louisiana held hearings in 2023 over allegations that MMA attorneys improperly solicited or paid for clients through a marketing company and a roofer, filed lawsuits on behalf of people it did not represent and mishandled checks for clients from settlements, according to court records.

Attorneys from the firm have faced disciplinary proceedings in both state and federal court, court records show. In August 2023, U.S. District Judge James Cain in Lake Charles, Louisiana, blocked the firm and its attorneys from collecting any fees in hundreds of cases pending in his court.

The FBI post asked potential victims to fill out a form that asks whether the firm received money on their behalf from their insurer and if so, if the firm provided any money from the insurer to them.

MMA filed for bankruptcy in Texas in April, telling the court it had about $155 million in assets and another $106 million in debts.

Meanwhile, in a court ruling on Friday, the New Orleans-based 5th U.S. Circuit Court of Appeals vacated Cain's decision finding that MMA was not entitled to any fees from any of its pending claims in the Western District of Louisiana and had no ownership interest in any of their proceeds. The appeals court said the judge had failed to give the law firm a chance to defend its right to the fees.

The appeals court also vacated a ruling from Cain that rejected hedge fund EAJF's bid to intervene in the case to defend what it says is its right to the fees after it invested $30 million in MMA. The court said EAJF has a right to intervene and remanded the case back to the judge.

Attorneys for MMA and EAJF did not immediately respond to requests for comment on the ruling.

Our Standards: **The Thomson Reuters Trust Principles.**

Suggested Topics:

Government Criminal White Collar Crime

Purchase Licensing Rights

Feedback

**Diana Novak Jones**
Thomson Reuters

Diana reports on product liability, litigation, mass torts and the plaintiffs' bar. She previously worked at Law360 and the Chicago Sun-Times.

## Read Next / Editor's Picks

Government

# Huawei US Trial Set for Jury Selection on September 8

Huawei's US criminal case heads to jury selection in Brooklyn on September 8, 2026. The report examines the charges, Huawei's defense and the use of Meng Wanzhou's 2021 statement.

✦ 锐报编辑部 2026年8月12日 14:11

RuiBao Technology | August 12, 2026

Jury selection in the US criminal case against Huawei is scheduled to begin in Brooklyn on September 8. The nearly eight-year-old prosecution includes allegations of bank fraud, trade-secret theft and racketeering. Huawei denies wrongdoing.

Witness testimony and the presentation of evidence are expected to follow once a jury is seated, according to the schedule in the US District Court for the Eastern District of New York. Huawei Chief Financial Officer Meng Wanzhou is not a defendant at this trial, although a statement of facts she signed in 2021 will be available to prosecutors as evidence.

The Theodore Roosevelt United States Courthouse in Brooklyn, where the Eastern District of New York is hearing the Huawei case. Image: Ajay Suresh/Wikimedia Commons, CC BY 4.0.

US prosecutors brought the first indictment in 2018 and disclosed allegations concerning Huawei's business in Iran and its dealings with banks in 2019. A 2020 indictment added trade-secret theft and racketeering charges. US District Judge Ann Donnelly rejected Huawei's bid to dismiss

the main charges in 2025. A fourth superseding indictment filed in April removed several defendants' names and dropped two fraud counts while leaving the core of the case intact. The trial was subsequently moved to September.

Prosecutors allege that Huawei played down its relationship with Hong Kong-based Skycom when dealing with a global financial institution, causing the institution to continue processing transactions without a full understanding of sanctions risk. The trade-secret allegations concern the recruitment of competitors' employees, the acquisition of confidential material and Huawei's internal incentive arrangements. Prosecutors will seek to show that conduct spanning different years and jurisdictions formed part of a continuing corporate scheme.

Huawei has argued that much of the alleged conduct occurred outside the United States and lacked a sufficient connection to US banks and communications systems. It also disputes whether some of the information cited in the indictment qualifies as legally protected trade secrets. Donnelly ruled that several of those disputes require factual findings and should be addressed at trial.

In June, Donnelly ruled that prosecutors may use the four-page statement of facts Meng signed as part of a 2021 deferred prosecution agreement. Meng did not plead guilty, but she affirmed several facts central to the prosecution's case, including that she made untrue statements in a 2013 presentation to a global financial institution about Huawei's relationship with Skycom.

Meng Wanzhou in Vancouver in 2021. Her statement of facts may be used in the corporate trial, but public records do not show that she will testify for the prosecution. Image: China News Service/Wikimedia Commons, CC BY 3.0.

The agreement allowed Meng to avoid a conviction while giving prosecutors

a formal statement they can use in the case against Huawei. The United States dismissed the charges against her after the agreement expired. Her statement may be used to establish what Huawei management knew about Skycom and how that relationship was disclosed to banks.

The court decided only that the statement is admissible; it did not rule that the document proves Huawei's guilt. Its weight remains for the jury to determine. Public court records do not indicate that Meng will testify as a government witness.

A conviction could expose Huawei to fines and forfeiture, while banks and suppliers outside the United States could reassess the risk of dealing with the company. The Commerce Department's Entity List is a separate administrative measure: an acquittal would not automatically remove Huawei from the list, and a conviction would not by itself impose new semiconductor restrictions.

A verdict for the government would give US officials judicial support for some of their longstanding security and compliance concerns about Huawei. Failure to prove the principal charges would allow Huawei to challenge the factual basis of the US case. Public filings showed no settlement as of August 12. Huawei could file post-trial motions and appeal if convicted.

Sources: the Eastern District of New York docket collected by the US Government Publishing Office; the Justice Department's 2020 superseding-indictment summary; a summary of the April 2026 fourth superseding indictment; Associated Press coverage of the 2025 dismissal ruling; and Reuters coverage of the June 2026 evidentiary ruling. The allegations in the indictment have not been proven. The defendants are presumed innocent unless convicted. The trial schedule remains subject to change.

**The scope of the investigation and the formal indictments address specific behaviors within the following contexts:**

- **Obstruction of Justice & Cover-Ups:** Prosecutors explicitly charged Huawei and its affiliates with orchestrating obstruction of justice, making false statements to federal officials and the FBI, providing misleading testimony to Congress, and attempting to conceal corporate ties to subsidiaries operating in sanctioned nations like Iran and North Korea.

- **Third-Party Interference and Bribes:** While Huawei itself is not on trial for physical violence, separate federal actions tied to the broader obstruction of the Huawei investigation resulted in criminal charges against Chinese intelligence officers accused of attempting to bribe a purported U.S. law enforcement double agent with Bitcoin to steal confidential prosecution files and trial strategy.
  ** Sheppard, Mullin, Richter & Hampton LLP

- **Corporate "Ends Justify the Means" Culture:** The RICO and trade-secret indictments highlight internal corporate policies designed to bypass legal barriers. This included establishing an internal bonus program that financially rewarded employees for stealing confidential information and source code from global competitors, signing non-disclosure agreements with the explicit intent to violate them, and using complex shell company networks to bypass international trade sanctions.
  **Department of Justice

The charges do not feature allegations of physical harm, extortion, physical threats, or blackmail directed by the company.-- ***Instead, the "pattern of racketeering" alleged by the Justice Department centers on economic crime—specifically wire fraud, bank fraud, money laundering, witness tampering (in the context of concealing documentation), and the systematic theft of intellectual property.***
**Lawfare

From: Federal Trade Commission via Federal Trade Commission <[redacted]>
Sent: Monday, December 13, 2021 9:58 AM
To: OpenMeeting <openmeetings@ftc.gov>
Subject: Form submission from: Speaker Registration and Public Comment Submission Form for December 16, 2021 Open Commission Meeting

Submitted on Monday, December 13, 2021 - 09:57 Submitted by anonymous user: [redacted] Submitted values are:

First Name: Jeff
Last Name: Vitt
Affiliation: Fear Fear Fear • Crimes Victims • Whistleblower Protections Full Email Address: [redacted] Confirm Email Address: [redacted]
Telephone: +[redacted]
FTC-Related Topic:
- Competition
- Consumer Protection
- FTC Operations
Register to speak during meeting: Yes
Link to web video statement:
Submit written comment:
• Identify Theft / Impersonation
• Money, Power, Influence RICO With Civil Rights Violations • Intellectual / Proprietary/ Real Property~ Tangible / Intangible (Part Copyright)
• Monopoly Conglomerates Cartels
  • Pharmaceutical Conglomerate
  • Insurance
  • Technology
    • Data Breaches
    • Privacy
    • Data / File Hacking Breaches
  • Big Pharmaceutical Medical Industry
  • Industries Integration Overlapping
  • Attorney Failures of Self Policing
    • Every State Bar Association (i.e. Texas, Oklahoma ~ All)
    • Family Law Masquerade Massacre
    • Legal Representation Blacklisted
    • Attorney Client Privilege Ethics, Violations, Collusion
• Local to Global, County, State, United States Police, Regulators, Federal Agencies Legal System Failure To Investigates, Regulate, Enforce
  • Injustice

I Am, Pro Se . . . Alone I Am Taking A Stand For Peacefully For Greater Good of Society In The United States of America I BELIEVE IN . . . Alone . .
Against Corruption, Perversion, Obstruction of Justice, Prosecution, Color of Law, ETC, ETC, ANDA. There Are Not Many Approaches (Including / Not Excluding Calling, Submitting Complaints Online, I've GONE TO FBI, OSBI In Person Alone. All With Follow Up Throughs

Including Voiced Out Loud, In Motions To Judges Presiding Over Multiple Courts Requesting Government Agencies Intervention DOJ, FBI, USAO, FTC, SEC, FCC

RESPECTFULLY SUBMITTED

JEFFREY A VITT, PRO SE
BAR # NOT AN ATTORNEY

The results of this submission may be viewed at:
https://www.ftc.gov/node/1591350/submission/7