3/17/2026 11:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112513343
By: Sandra Castillo
Filed: 3/17/2026 11:51 AM

**CAUSE NO. 2023-44970**

P-12 TINJZ OR TX 3ENSX

| | | |
|---|---|---|
| **IN THE MATTER OF THE MARRIAGE OF:** | § | **IN THE DISTRICT COURT** |
| **JAYNE ELIZABETH MOSELEY AND JOHN ZACHARY MOSELEY** | § | **245TH JUDICIAL DISTRICT** |
| **AND IN THE INTEREST OF:** | § | |
| **CAMILLA QUINN MOSELEY AND MIA ELIZABETH MOSELEY, CHILDREN** | § | **HARRIS COUNTY, TEXAS** |

**ORDER ON INTERVENORS' MOTION FOR TEMPORARY INJUNCTION**

On March 10, 2026, the Court heard Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP's (collectively, "Intervenors") Application for Temporary Injunctive Relief.

*Appearances*

Petitioner Jayne Elizabeth Moseley appeared in person and through her counsel of record, Douglas Ray York and John Ben Blackburn, who announced ready.

Intervenors Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, "Intervenors") appeared through counsel, Brian W. Zimmerman, Gary J. Zimmerman, and Stephanie J. Proffitt, and announced ready.

Respondent John Zachary Moseley, although duly and properly cited, did not appear and wholly made default.

*Jurisdiction and Record of Proceeding*

GZ A

The Court finds that it has jurisdiction over the case and the parties. The record of testimony was duly reported by the court reporter for the 245th Judicial District Court, A. Botello. The Court finds that the attached Bankruptcy Order is incorporated as Exhibit B

*Orders*

AFTER HEARING ARGUMENTS OF COUNSEL: **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. Intervenor's Motion for Temporary Injunctions are hereby ~~DENIED in their entirety.~~ RENDERED MOOT IN LIGHT OF THE COURTS STANDING ORDER. GZ A

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

EXHIBIT 3

Certified Document Number: 126218028 - Page 1 of 12

2. The Court's Standing Order effective October 5, 2023 (attached and incorporated hereto as **Exhibit A**) is in full force and effect as to all parties in this matter including,

3. Petitioner Jayne Elizabeth Moseley shall appear for her deposition no later than forty-five (45) days from the date of entry of this Order.

4. The divorce trial is set for a jury trial on **July 13, 2026, at 9:00 a.m.** JAYNE MOSELEY announced in open court she withdraws her request for a jury trial on the divorce between her and JOHN ZACHARY MOSELEY.

5. Intervenors' claims against the parties are set for a jury trial on **July 20, 2026, at 9:00 a.m.**

6. A Pretrial conference for both trials is set for **July 2, 2026, at 9:00 a.m.**

7. The Court shall send out a new docket control order and all parties are placed on notice that since JAYNE MOSELEY has withdrawn her jury demand for the divorce, if JOHN ZACHARY MOSELEY wishes to rely upon the jury demand he shall appear in person on July 2, 2026 and make his announcement requesting a jury. Failure for JOHN ZACHARY MOSELEY to appear on July 2, 2026 and announce to the court he wishes for a jury trial to proceed in the divorce case shall mean he specifically waives a jury in this divorce case.

SIGNED this 15th day of April, 2026.

JUDGE PRESIDING

**AGREED AND APPROVED AND ENTRY REQUESTED:**

**SPENCER FANE LLP**

By: ______________________
Brian W. Zimmerman
State Bar No. 00788746
bzimmerman@spencerfane.com
Frederick T. Johnson
Texas Bar No. 00785429
fjohnson@spencerfane.com
Gary J. Zimmerman
Texas Bar No. 00795740
gzimmerman@spencerfane.com
3040 Post Oak Blvd., Suite 1400
Houston, Texas 77056
Telephone: (713) 552-1234
Facsimile: (713) 963-0859

Doug Yu
TBN: 24029247
Atty. for Jayne Moseley

Certified Document Number: 126218028 - Page 2 of 12

**PROFFITT FAMILY LAW, P.C.**

Stephanie J. Proffitt
State Bar No. 24006775
917 Franklin St #550
Houston, TX 77002
Telephone: (713) 224-3400
notice@proffittfamilylaw.com

**ATTORNEYS FOR INTERVENORS EQUAL ACCESS JUSTICE FUND,**

Certified Document Number: 126218028 - Page 3 of 12

**LP AND EAJF ESQ FUND, LP**

LAW OFFICES OF DOUGLAS RAY YORK, P.C.
1021 Main Street, Ste. 1450
Houston, Tx. 77002
By: /s/ Douglas Ray York ___________
Douglas Ray York
State Bar No. 2402843
service@douglasyork.com

LEGER KETCHUM & COHOOM, PLLC
179 S. Main Street, Suite 102
Boerne, Texas 78006

By:____________________
John Ben Blackburn
State Bar No. 24031867
jbblackburn@lkclawfirm.com

Attorneys for JAYNE ELIZABETH MOSELEY



Certified Document Number: 126218028 - Page 4 of 12

EXHIBIT A

**245th JUDICIAL DISTRICT COURT STANDING ORDER REGARDING CHILDREN, PETS, PROPERTY AND CONDUCT OF THE PARTIES**

**THIS 245th JUDICIAL DISTRICT COURT STANDING ORDER REGARDING CHILDREN, PETS, PROPERTY AND CONDUCT OF THE PARTIES IS BINDING ON (1) THE PARTIES, (2) THE PARTIES' OFFICERS, AGENTS, SERVANTS, EMPLOYEES, AND ATTORNEYS, AND (3) ANY OTHER PERSON WHO ACTS IN CONCERT WITH THE PARTIES OR THEIR AGENTS AND WHO RECEIVES ACTUAL NOTICE OF THESE ORDERS, AND IS ENFORCEABLE BY CONTEMPT OF COURT, INCLUDING FINE AND/OR IMPRISONMENT.**

No party to this lawsuit has requested this order. Rather, this order is a standing order of the 245th Judicial District Court in Harris County whose jurisdiction includes cases arising under the Texas Family Code and applies in every divorce suit and every suit affecting the parent-child relationship filed in Harris County. The 245th Judicial District Court has adopted this order because the parties, their children and the family pets should be protected and their property preserved while the lawsuit is pending before the court. The term "party" as used in this order does not include the Office of the Attorney General of Texas. Therefore, it is ORDERED:

1. **NO DISRUPTION OF CHILDREN.** All parties are ORDERED to refrain from doing the following acts concerning any children who are subjects of this case:

1.1 Removing the children from the State of Texas, for the purpose of changing the residence of the children or evading the jurisdiction of the court, acting directly or in concert with others, without the written agreement of both parties or an order of the court; provided, however, that this paragraph shall not prohibit or restrict a party from so removing the children if an active prior court order gives that party the right to designate the children's primary residence outside the State of Texas or without regard to geographic location.

1.2 Disrupting or withdrawing the children from the school or day-care facility where the children are presently enrolled, without the written agreement of both parents or an order of the court; provided, however, that this paragraph shall not prohibit or restrict a party from so withdrawing the children from a school or day-care facility if that party is changing the children's domicile or residence within that party's rights pursuant to an active prior court order as described in 1.1 above.

1.3 Hiding or secreting the children from the other party.

1.4 Changing the children's current place of abode, without the written agreement of all parties or an order of the court; provided, however, that this paragraph shall not prohibit or restrict a party from changing such place of abode if an active prior court order gives that party the right to designate the children's

Certified Document Number: 126218028 - Page 5 of 12
Unofficial Copy Office of Marilyn Burgess District Clerk

primary residence without geographic restriction, or if the new place of abode lies within the geographic limits established by that active prior court order.

1.5 Disturbing the peace of the children.

1.6 Making disparaging remarks about another party or another party's family members, including but not limited to the child's grandparents, aunts, uncles, stepparents, or anyone with whom a party has a dating relationship, in the presence or within the hearing of the children.

1.7 Discussing with the children, or with any other person in the presence of the children or within the hearing of the children, any litigation related to the children or any other party.

1.8 If this is an original divorce action, allowing anyone with whom the party has an intimate or dating relationship to be in the same dwelling or on the same premises overnight while in the possession of the children. Overnight is defined from 9:00 p.m. until 8:00 a.m.

2. <u>PROTECTION OF FAMILY PETS OR COMPANION ANIMALS.</u> All parties are to refrain from harming, threatening, interfering with the care, custody, or control of a pet or companion animal that is possessed by a person protected by this order or by a member of the family or household of a person protected by this order.

3. <u>CONDUCT OF THE PARTIES DURING THE CASE.</u> All parties are ORDERED to refrain from doing the following acts:

3.1 Using vulgar, profane, obscene, or indecent language, or a coarse or offensive manner, to communicate with the other party, whether in person, by telephone, or in writing, including by email, text message, or any other electronic communication.

3.2 Threatening the other party in person, by telephone, or in writing, including by email, text message, or any other electronic communication, to take unlawful action against any person.

3.3 Placing one or more telephone calls to another party, at an unreasonable hour, in an offensive or repetitious manner, without a legitimate purpose of communication, or anonymously.

3.4 Causing bodily injury to another party or to a child of any party.

3.5 Threatening another party or a child of any party with imminent bodily injury.

Unofficial Copy Office of Marilyn Burgess District Clerk

Certified Document Number: 126218028 - Page 6 of 12

3.6 Opening or diverting mail addressed to another party.

3.7 Unlawfully intercepting or recording another party's electronic communications.

3.8 Tracking or monitoring personal property or a motor vehicle in the possession of the other party, without the other party's effective consent, including by using a tracking application on a personal electronic device in the possession of the other party, using a tracking device, or physically following the other party or causing another to physically follow the other party.

4. **PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

4.1 Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

4.2 Misrepresenting or refusing to disclose to the other party or to the court, on proper request, the existence, amount or location of any property of one or both of the parties.

4.3 Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

4.4 Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

4.5 Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of either party, whether personal property or real property, and whether separate or community, except as specifically authorized by this order.

4.6 Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by this order.

4.7 Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

4.8 Spending any sum of cash in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order.

4.9 Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or

Unofficial Copy Office of Marilyn Burgess District Clerk

Certified Document Number: 126218028 - Page 7 of 12

employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order.

4.10 Entering any safe-deposit box in the name of or subject to the control of Petitioner or Respondent, whether individually or jointly with others.

4.11 Signing or endorsing the other party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

4.12 Taking any action to terminate or limit credit or charge cards in the name of the other party.

4.13 Entering, operating, or exercising control over the motor vehicle in the possession of the other party.

4.14 Discontinuing or reducing the withholding for federal income taxes on wages or salary while this suit is pending.

4.15 Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance at the other party's residence or in any manner attempting to withdraw any deposits for service in connection with such services.

4.16 Excluding the other party from the use and enjoyment of the other party's residence.

4.17 Communicating with the other party's employer or a person with whom the other party has a business relationship without a legitimate purpose.

5. **<u>PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE.</u>** "Records" means any tangible document or recording and includes e-mail or other digital or electronic data, whether stored on a computer hard drive, diskette or other electronic storage device. If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

5.1 Concealing, destroying, disposing of, or altering any family records, property records, financial records, business records or any records of income, debts, or other obligations.

5.2 Falsifying any writing or record relating to the property of either party.

5.3 Deleting any data or content from any social network profile used or created by either party or a child of the parties.

Unofficial Copy Office of Marilyn Burgess District Clerk

Certified Document Number: 126218028 - Page 8 of 12

5.4 Modifying, changing, or altering the native format or metadata of any electronic data or electronically stored information relevant to the subject matter of the suit for dissolution of marriage, regardless of whether the information is stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium.

5.5 Destroying, disposing of, or altering any e-mail, text message, video message, or chat message or other electronic data or electronically stored information relevant to the subject matter of the suit for dissolution of marriage, regardless of whether the information is stored on a hard drive, in a removable storage device, in cloud storage, or in another electronic storage medium.

5.6 Using any password or personal identification number to gain access to the other party's e-mail account, bank account, social media account, or any other electronic account.

6. **INSURANCE IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

6.1 Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party, except as specifically authorized by this order or a subsequent order of the court.

6.2 Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' children.

6.3 Canceling, altering, or in any manner affecting any casualty, automobile, or health insurance policies insuring the parties' property or persons, including the parties' minor children.

7. **SPECIFIC AUTHORIZATIONS IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

7.1 To engage in acts reasonable and necessary to conduct each party's usual business and occupation.

7.2 To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

7.3 To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation and medical care.

7.4 To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

Unofficial Copy Office of Marilyn Burgess District Clerk

Certified Document Number: 126218028 - Page 9 of 12

8. **SERVICE AND APPLICATION OF THIS ORDER.**

8.1 The Petitioner shall attach a copy of this order to the original petition and to each copy of the petition. At the time the petition is filed, if the Petitioner has failed to attach a copy of this order to the petition and any copy of the petition, the Clerk shall ensure that a copy of this order is attached to the petition and every copy of the petition presented.

8.2 This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for fourteen days after the date of the filing of the original petition. If, after service, no party contests this order by presenting evidence at a hearing on or before fourteen days after the date of service of the filing of the original petition, this order shall continue in full force and effect as a temporary injunction until further notice of the court. This entire order will terminate and will no longer be effective only upon further order of the court, entry of a final order, or dismissal of the case.

8.3 In addition to any other remedies available for the enforcement of this order, at the court's discretion, the court may award reasonable and necessary attorney fees against a party found to have violated any provision of this order.

9. **EFFECT OF OTHER COURT ORDERS.** If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions prevail. Any part of this order not changed by some later order remains in full force and effect until the court signs a final order.

10. **PARTIES REQUIRED TO MEDIATE.** The parties are encouraged to settle their disputes amicably without court intervention. The parties are encouraged to use alternative dispute resolution methods, such as mediation, to resolve the conflicts that may arise in this lawsuit. Mediation is required by the court prior to any hearing on temporary orders or final trial on the merits, and the parties are ordered to comply with this requirement.

11. **BOND WAIVED.** It is ORDERED that the requirement of a bond is waived.

**THIS 245th JUDICIAL DISTRICT COURT STANDING ORDER REGARDING CHILDREN, PETS, PROPERTY AND CONDUCT OF THE PARTIES SHALL BECOME EFFECTIVE ON October 5, 2023**

**Hon. Angela Lancelin**
**Presiding Judge**

Unofficial Copy Office of Marilyn Burgess District Clerk

Certified Document Number: 126218028 - Page 10 of 12

Exhibit B

 P 2

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 14, 2025
Nathan Ochsner, Clerk

MOSELEY 2023-44970

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **CASE NO. 24-31596-H3** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**AGREED ORDER ON JAYNE MOSELEY'S EMERGENCY MOTION FOR ENTRY OF ORDER CONFIRMING THE ABSENCE OF STAY**
(This Order Resolves Docket No. 673)

The Court having considered Jayne Moseley's (hereinafter "Movant") *Motion for Entry of Order Confirming the Absence or Inapplicability of Stay* (hereinafter the "Motion") (Docket No. 673) and the agreement of the parties, it is hereby:

**ORDERED** that:

1. Jayne Elizabeth Moseley and John Zachary Moseley may prosecute their divorce proceeding pending in the 245th Judicial District Court of Harris County under Case No. 2023-44970 in order to dissolve their marriage.

2. Orders regarding any minor children and the establishment or modification of the obligation to support minor children or spouses may be issued. Execution of orders is allowed only to the extent permitted by 11 U.S.C. § 362(b). Other orders of the type described in 11 U.S.C. § 362(b) may also be issued and enforced by the state court only to the extent allowed by 11 U.S.C. § 362(b).

3. Orders respecting the division of community property may be issued by the state court but nothing in this Order authorizes the parties to seek, or the state court to issue, any orders respecting the division, valuation, and/or determination of property that is or may be property of MMA Law Firm, PLLC's Bankruptcy Estate, including rights to or amounts of fees that may be owed or not owed by current or former clients of MMA Law Firm, PLLC, except as further ordered by this Court.

Signed: May 14, 2025

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging.

8-27-25
**FILED**
Marilyn Burgess
District Clerk
AUG 27 2025
Time: 8:36 PM
Harris County, Texas
By SANDRA CASTILLO
Deputy



Certified Document Number: 126218028 - Page 11 of 12

**AGREED:**

**TRAN SINGH LLP**

*/s/ Mayur M. Patel*

Susan Tran Adams | TBN: 24075648
Brendon Singh | TBN: 24075646
Mayur M. Patel | TBN: 24043863
2502 La Branch Street
Houston, TX 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: mpatel@ts-llp.com
*Attorneys for Jayne Moseley*

*/s/ Johnie Patterson*

Johnie Patterson | TBN: 15601700
P.O. Box 61301
Houston, TX 77208-1301
Ph: (713) 956-5577
Fax: (713) 956-5570
Email: jjp@walkerandpatterson.com
*Attorney for Debtor*



Certified Document Number: 126218028 - Page 12 of 12

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office
this September 1, 2026

Certified Document Number: 126218028 Total Pages: 12

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**