United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | **CHAPTER 11** |

**ORDER**
***Resolving ECF No. 1682***

Pending before this Court is a single matter self-styled as "Emergency Motion To Enforce Confirmation Order And Settlement Agreement, For Temporary Restraining Order And Injunctive Relief, And For Declaratory Relief" ("*Motion*"), ECF No. 1682, filed on August 27, 2026 by John Zachary Moseley ("*Mr. Moseley*"). On August 31, 2026, Equal Access Justice Fund, LP and EAJF ESQ, Fund, LP (collectively "*EAJF*") filed "Equal Access Justice Fund, LP And EAJF Esq. Fund, LP's Objection To John Moseley's Emergency Motion To Enforce Confirmation Order And Settlement Agreement, For Temporary Restraining Order And Injunctive Relief, And For Declaratory Relief" ("*Objection*"). ECF No. 1694. On September 2, 2026 this Court held an evidentiary hearing, ("*Hearing*"), and now issues the instant Order.

## I. Background

At the Hearing, the Court admitted the following exhibits into evidence, to wit: ECF No. 1686, Ex. Nos. 1-23; 27-28 and ECF No. 1700, Ex. Nos. 1-5. Additionally, the Court received live testimony from Mrs. Jayne E. Moseley, ("*Mrs. Moseley*"), and Mr. Brian Zimmerman, (*Mr. Zimmerman*"). The Court found both witness's testimony to be credible and truthful. Additionally the Court finds Mr. Zimmerman's testimony to be especially compelling and gives greater weight to his testimony.

Mr. Moseley's Motion asks this Court to enforce paragraph 11(o) of the Confirmation Order, enforce the settlement agreement approved by the Court's prior Rule 9019 Order, restrain EAJF's conduct in the pending Texas divorce proceeding between himself and his spouse Mrs. Mrs. Moseley, declare a state-court judgment void or unenforceable, and award contempt-related relief. *See* generally, ECF No. 1682. EAJF opposes such relief because (1) "The Confirmation Order Does Not Preclude Entry of an Interlocutory Judgment Against Mrs. Moseley; (2) The Plain Language of Paragraph 11(o) Does Not Prohibit EAJF From Obtaining a Judgment Against Mrs. Moseley." ECF No. 1694, at 5.

The history of this case is well known to this Court in that it has written several Memorandum Opinions and issued orders in not only the main bankruptcy case but in numerous adversary proceedings. Thus, the history of this case does not need to be restated here. The instant Motion, however, is based upon this Court's order confirming a chapter 11 plan and the plan itself so a brief recital of those facts are important here. On August 5, 2026, this Court entered its Order confirming Debtor's Third Amended Joint Plan of Liquidation and Plan Supplement ("*Confirmation Order & Plan*" respectively). ECF No. 1686, Ex. 19. On August 21, 2026 EAJF obtained an "Interlocutory Judgment" in IMMO Jayne E. Moseley and John Z. Moseley, Case No. 2023-44970 pending in the District Court, 245th Judicial District Harris County Texas (the "*State Court Judgment*") against Mrs. Mosely only. ECF No. 1686, Ex. No. 6. Because of this State Court Judgment, Mr. Moseley asserts that emergency relief is required because "EAJF has violated and continues to violate Paragraph 11(o) of the Confirmation Order by actively pursuing claims against Jayne Elizabeth Moseley in the Divorce Case before the Divorce Court has rendered a final division of the marital estate. ECF No. 1682, ¶ 3. EAJF opposes the relief. Additionally, the August

21, 2026 State Court transcript reflects that the state court set the divorce trial for September 16, 2026 at 9:00 a.m. ECF No. 700, Ex. No. 5.

## II. JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

This Court has subject-matter jurisdiction under 28 U.S.C. §1334 because the Motion asks the Court to interpret and enforce its Confirmation Order, the confirmed Plan, and a prior settlement-approval order entered in this chapter 11 case. Proceedings concerning confirmation of plans, administration of the estate, and implementation of enforcement of orders entered in a bankruptcy case are core proceedings under 28 U.S.C. § 157(b)(1), (b)(2)(A) and (O). The Court also has statutory authority under 11 U.S.C. § 105 to issue orders necessary or appropriate to carry out the Bankruptcy Code, but that authority must be exercised within the confines of the Code and cannot be used to create substantive rights unavailable under applicable law. 11 U.S.C. § 105. Finally, the Court has constitutional authority to enter a final order or judgment on the Motion because the Motion seeks interpretation and enforcement of orders entered in the bankruptcy case and resolution of whether the requested bankruptcy relief should be issued. *Stern v. Marshall* holds that Article III limits a bankruptcy court's authority to enter final judgments on certain state-law counterclaims that are not resolved in ruling on a creditor's proof of claim but *Stern* does not prevent bankruptcy courts from finally adjudicating matters that stem from the bankruptcy itself or that would necessarily be resolved in the claims-allowance or plan-enforcement process. *Stern v. Marshall*, 564, U.S. 462, 499-502 (2011). The Motion itself does not require this Court to enter a money judgment on EAJF's state-law fraudulent transfer claim against Mrs. Moseley, because the state court has already entered an Interlocutory Judgment in the first instance. See ECF No. 1686, Ex. No. 6. This Court's ruling is limited to whether Mr. Moseley has established a basis for relief under the Confirmation Order, the Plan, and Rule 7065, declaratory judgment principles and

contempt standards. That determination arises in and under the bankruptcy case and falls within the Court's constitutional authority. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009).

## III. Analysis

A confirmed chapter 11 plan binds the debtor, creditors, equity security holders, and other parties identified in 11 U.S.C. § 1141(a). A confirmation order is a final judgment entitled to preclusive effect if the issuing court had jurisdiction and the parties received adequate notice. *See Travelers*, 557 U.S. at 152. A bankruptcy court may interpret and enforce its own orders, including confirmation orders, but enforcement depends on the order's actual terms. *Travelers*, 557 U.S. at 151. Where an order is ambiguous, contempt is not appropriate if there is a fair ground of doubt as to whether the order barred the challenged conduct. *Taggart v. Lorenzen*, 587 U.S. 554, 561-62 (2019). The movant, here Mr. Moseley, seeking enforcement bears the burden of showing that the Confirmation Order clearly required or prohibited the conduct at issue. *Id.*

Paragraph 11 of the Confirmation Order states that ". . .Pursuant to 11 U.S.C. § 1127(a) and Bankruptcy Rule 3019, and in resolution of the objections to confirmation, the Plan is modified as follows (collectively, the "Plan Modifications"):

> (o) Divorce Case. The Forbearance contemplated in this Order and in the Plan shall not apply to the pending divorce proceedings in Cause No. 2023-44970 in the Matter of the Marriage of Jayne Elizabeth Moseley and John Zachary Moseley (the "Divorce Case") to allow a division of the marital estate and the entry of a decree of divorce, and nothing in this Order prohibits Cause No. 2023-44970 from proceeding to a final resolution on the merits as between John Zachary Moseley and Jayne Elizabeth Moseley, and including EAJF Justice Fund, LP and EAJF Esq Fund, LP from proceeding to prosecute its claims, entry of judgment or other post-judgment remedies against Jayne Elizabeth Moseley until after the Divorce Court renders a final division of the marital estate.

ECF No. 1686, Ex. No.19, ¶ 11(o).

When interpreting case law, courts first analyze the plain language. "In disputes over the meaning of a contract, which we review de novo, we first look to the plain language of the contract

to determine whether it is ambiguous." *Horn v. State Farm Lloyds*, 703 F.3d 735, 738 (5th Cir. 2012 (citing *Empire Fire & Marine Ins. Co. v. Brantley Trucking Inc*. 220 F/ 3d 679, 681 (5th Cir. 2000) (applying Texas law)). "In Texas, whether a contract is ambiguous is a question of law." *Id.* (internal quotations omitted) (quoting *Addicks Servs. Inc. v GGP-Bridgeland, L.P*. 596 F.3d 286, 294 (5th Cir. 2010) (applying Texas law)). "A contract is ambiguous "if its plan language is amenable to more than one reasonable interpretation." *Id.* (quoting *Nautilus Ins. Co. v. Country Oaks Apts. Ltd.* 566 F.3d 452, 455 (5th Cir. 2009) (applying Texas law)). If a contract is unambiguous, courts apply its plain meaning and enforce it as written. *Texas v Am. Tobacco Co*., 463, F.3d 399, 407 (5th Cir. 2006) (applying Texas law)). If a contract is ambiguous, then and only then, do courts consider extrinsic evidence for "the purpose of ascertaining the true intentions of the parties expressed in the contract." *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. S. Plains Switching, Ltd*. 174 S.W. 3d 348, 358 (Tex. App.-Fort Worth 2005, no pet.)).

Here the parties dispute the meaning of Paragraph 11(o) of the Confirmation Order. ECF No. 1686, Ex. No. 19 at 7. Mr. Moseley reads Paragraph 11(o) to prohibit EAJF from prosecuting claims, obtaining judgement, or pursuing post-judgment remedies against Mrs. Moseley until after final division of the marital estate. *See* ECF No. 1682, ¶ 11. EAJF reads Paragraph 11(o) to permit the divorce proceeding, including EAJF's claims against Mrs. Moseley, to proceed, while limited execution or post-judgment remedies that would affect Mr. Moseley or property protected by the Plan before the divorce court completes the property division. ECF No. 1694, ¶ 22.

Particularly at issue is the impact of the wording following "and nothing in" in Paragraph 11(o). The wording preceding that phrase is instructive to the meaning of what comes after. The wording preceding that phrase states in unambiguous terms that the Forbearance "shall not apply to the pending divorce proceedings." The wording following that phrase refers to specific

situations in which the Forbearance shall not apply. The phrase "and nothing in this Order prohibits" modifies both of the following phrases: "Cause No. 2023-44970 from proceeding to a final resolution on the merits as between John Zachary Moseley and Jayne Elizabeth Moseley and "including EAJF Justice Fund, LP and EAJF Esq. Fund, L.P. from proceeding to prosecute its claims, entering judgments, and exercising post-judgment remedies against Mrs. Moseley until after the Divorce Court renders a final division of the marital estate." Put another way, the Confirmation Order specifically does not prohibit EAJF from proceeding to prosecute its claims, entering judgments, and exercising post-judgment remedies against Mrs. Moseley until after the Divorce Court renders a final division of the marital estate." Thus, EAJF need not await a finial division of the marital estate before prosecuting its claims against Mrs. Moseley.

To interpret Paragraph 11(o) as Mr. Moseley suggests, would be incompatible with the first portion providing that "[t]he Forbearance contemplated in this Order and in the Plan shall not apply to the pending divorce proceedings in Cause No. 2023-44970. . ." Construing the paragraph as a whole, it is clearly intended to make plain that the Forbearance provided for in the Plan will not impact the divorce proceeding between Mr. and Mrs. Moseley. Interpreting the paragraph as Mr. Moseley suggests would lead to the anomalous result of this Court enjoining collection activity by EAJF against a non-debtor whose connection to this case arises from her marriage to a former principal of the debtor. EAJF's interpretation, that the Forbearance does not apply to its collection efforts against Mrs. Moseley in the divorce proceeding, gives effect to the entire paragraph and is consistent with the first provision that the Forbearance "shall not apply to the pending divorce proceedings."

Thus, Mr. Moseley has failed to meet his burden to show that Paragraph 11(o) of the Confirmation Order clearly prevents EAJF from prosecuting its claims against Mrs. Moseley.

Because Mr. Moseley did not meet his burden to show Paragraph 11(o) of the Confirmation Order clearly prevents EAJF from prosecuting its claims against Mrs. Moseley, the Court does not need to reach the merits of Mr. Moseley's request for a Temporary Restraining Order, request for declaratory judgment, contempt or sanctions. A federal declaratory judgment requires an actual controversy within the court's jurisdiction and remains discretionary even when jurisdiction exists. *Medlmmune, Inc. v. Genentech, Inc*. 549 U.S. 118, 126-27 (2007). The record here does not establish that the state-court interlocutory judgment has been enforced against Mr. Moseley, the bankruptcy estate, or property protected by the Forbearance. Civil contempt requires clear and convincing evidence that a court order was in effect, that the order required or prohibited specific conduct by the alleged contemnor, and that the alleged contemnor failed to comply with that order. *Ingalls v. Thompson*, 588, F.3d 254, 264 (5th Cir. 2009). Although the Confirmation Order is final and was in effect when EAJF pursued entry of the state-court interlocutory judgment against Mrs. Moseley, this Court has already determined that no violation of this Court's Confirmation Order occurred.

For these reasons the "Emergency Motion To Enforce Confirmation Order And Settlement Agreement, For Temporary Restraining Order And Injunctive Relief, And For Declaratory Relief" (the "*Motion*"), ECF No. 1682, filed on August 27, 2026 by John Zachary Moseley is DENIED. "Equal Access Justice Fund, LP And EAJF Esq. Fund, LP's Objection To John Moseley's Emergency Motion To Enforce Confirmation Order And Settlement Agreement, For Temporary Restraining Order And Injunctive Relief, And For Declaratory Relief", ECF No. 1694 is SUSTAINED. All requests for temporary restraining order, preliminary injunctive relief, declaratory relief, contempt, sanctions, fees, costs, and any other relief requested in the Motion are

DENIED. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED Wednesday, September 2, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**