IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S MOTION TO COMPROMISE CONTROVERSY WITH HUBER THOMAS, LLP**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this Motion to Compromise Controversy (the **"Motion"**), seeking approval of a settlement with Huber Thomas, LLP (**"Huber Thomas"**) that resolves the claims asserted in Adversary No. 26–03115. In support thereof, the Plan Administrator states as follows:

## RELEVANT BACKGROUND FACTS

1. MMA Law Firm, PLLC ("MMA") is a Texas litigation firm that previously represented thousands of clients in property insurance claims following Hurricanes Laura, Delta, Zeta, and Ida.

2. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On August 5, 2026, the Court entered its order confirming MMA's Chapter 11 plan (ECF No. 1660). Under the confirmed plan, Allison D. Byman serves as Plan Administrator.

4. On April 8, 2026, MMA commenced an adversary proceeding against Huber Thomas styled *MMA Law Firm, PLLC v. Huber Thomas, LLP*, Adversary No. 26–03115 (the **"Adversary"**). The Adversary asserts claims for declaratory judgment, for turnover of property of the estate under section 542 of the Bankruptcy Code, and for willful violation of the automatic stay under section 362(a)(3) of the Bankruptcy Code, together with requests for actual and punitive damages, attorney's fees, and sanctions (collectively, the **"Claims"**).

5. The Claims concern the estate's asserted interest in attorney's fees arising from the representation of eight former MMA clients who were subsequently represented by Huber Thomas (the **"Former MMA Cases"**). The attorney's fees attributable to one of those matters, the Lubertha Lewis matter (the "Lewis Matter"), total $3,833.33 and had not been received by Huber Thomas as of the execution of the Settlement Agreement.

6. Huber Thomas disputes and denies each of the Claims, denies that it has any liability to MMA or to the estate, and denies that it engaged in any wrongdoing. Huber Thomas has agreed to the settlement solely to avoid the cost, burden, and uncertainty of continued litigation.

7. The Plan Administrator and Huber Thomas have reached a settlement resolving all of the Claims and all disputes concerning the Former MMA Cases, subject to the approval of this Court.

## SETTLEMENT TERMS

8. The material terms of the settlement agreement (the **"Settlement Agreement"**), attached hereto as Exhibit A, are as follows:

a. Upon entry of an order approving the Settlement Agreement, Huber Thomas shall pay the estate the total sum of $13,194.44 (the "Fees Owed"), representing one third of the attorney's fees attributable to the Former MMA Cases.

b. Of the Fees Owed, $11,916.66 shall be paid within three (3) days after entry of the order approving the Settlement Agreement.

c. The remaining $1,277.78, representing one third of the attorney's fees to be received by Huber Thomas in the Lewis Matter, shall be paid within fourteen (14) days after Huber Thomas receives those fees.

d. In exchange for payment of the Fees Owed, the parties will fully release one another from all claims, demands, and causes of action related to the Former MMA Cases, and the Adversary will be dismissed with prejudice, each party bearing its own attorney's fees and costs. This Court will retain exclusive jurisdiction to resolve any dispute between the parties regarding the Settlement Agreement.

**ARGUMENT AND AUTHORITIES**

9. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation, and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

10. The Plan Administrator believes the estate holds a strong claim to a share of the attorney's fees earned in the Former MMA Cases, based on the work MMA performed before Huber Thomas was substituted as counsel. Litigation over the apportionment of fees is nevertheless uncertain and intensely factual, and it often requires expert testimony. Huber Thomas denies liability and disputes that the estate holds any interest in the fees it collected. While the Plan Administrator is confident in the estate's position, success is not assured, and that risk is compounded across eight separate client matters.

11. The proposed settlement eliminates that uncertainty and secures $13,194.44 for the estate without the cost and delay of litigation. That sum represents one third of the attorney's fees attributable to the Former MMA Cases. Of that amount, $11,916.66 is payable within three days after entry of an order approving the Settlement Agreement, and the remaining $1,277.78 becomes payable once Huber Thomas receives the fees in the Lewis Matter.

12. Huber Thomas is a law firm, and collection would not likely pose a serious issue. Obtaining and enforcing a judgment could still involve delay, expense, and potential appeals. Given the modest sum at stake, the cost of litigating to judgment and collecting on it would likely exceed the amount of any judgment obtained. The settlement provides immediate certainty and avoids enforcement issues.

13. The underlying dispute is relatively straightforward, but it spans eight separate client matters. Disputes over the apportionment of fees involve conflicting records, competing readings of engagement agreements, and questions of credibility, each of which increases cost and risk.

14. The proposed compromise is in the best interest of the estate and its creditors. It results in an immediate cash recovery at no further expense to the estate, and those funds will be available for distribution to creditors under the confirmed plan. Creditors receive notice of this Motion and an opportunity to be heard.

**WHEREFORE,** Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, prays that the Court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as those set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and grant such other relief as the Court finds appropriate and just to grant.

Dated: September 4, 2026

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: */s/ Miriam T. Goott*
Miriam T. Goott
attorney in charge
State Bar No. 24048846
4815 Dacoma
Houston, Texas 77092
Telephone: (713) 956-5577
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN,**
**PLAN ADMINISTRATOR FOR**
**MMA LAW FIRM, PLLC**

**CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that a true and complete copy of the foregoing Motion to Compromise Controversy was served on all parties receiving notice via CM/ECF, including the members of the oversight committee, and on counsel for Huber Thomas, LLP, Stephen M. Huber, stephen@huberthomaslaw.com, by electronic mail, on September 4, 2026.

*/s/ Miriam T. Goott*
Miriam T. Goott