IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S MOTION TO COMPROMISE CONTROVERSY WITH BARCUS ARENAS, PLLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this Motion to Compromise Controversy (the **"Motion"**), seeking approval of a settlement with Barcus Arenas, PLLC (**"Barcus Arenas"**) that resolves the claims asserted in Adversary No. 25-03018 and all disputes arising under the discovery order entered in that proceeding on September 2, 2026. In support thereof, the Plan Administrator states as follows:

## RELEVANT BACKGROUND FACTS

1. MMA Law Firm, PLLC (**"MMA"**) is a Texas litigation firm that previously represented thousands of clients in property insurance claims following Hurricanes Laura, Delta, Zeta, and Ida.

2. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On August 5, 2026, the Court entered its order confirming MMA's Chapter 11 plan (ECF No. 1660). Under the confirmed plan, Allison D. Byman serves as Plan Administrator.

4. On January 28, 2025, MMA commenced an adversary proceeding against Barcus Arenas styled *MMA Law Firm, PLLC v. Barcus Arenas, PLLC*, Adversary No. 25-03018 (the **"Adversary"**).

5. Barcus Arenas answered the Complaint on February 28, 2025, and filed its First Amended Answer on July 7, 2026. Barcus Arenas disputes and denies each of the Claims, denies that it has any liability to MMA or to the estate, and denies that it engaged in any wrongdoing. Barcus Arenas has agreed to the settlement solely to avoid the cost, burden, distraction, and uncertainty of continued litigation.

6. The Adversary has been actively litigated, including a contested discovery dispute that the parties briefed and the Court heard. On September 2, 2026, the Court entered its order resolving ECF No. 47 in the Adversary (ECF No. 62) (the **"Discovery Order"**).

7. The Plan Administrator and Barcus Arenas have reached a comprehensive settlement that resolves all of the claims asserted in the Adversary and all disputes arising under the Discovery Order, subject to the approval of this Court.

8. The Oversight Committee received notice on September 3, 2026, and approved the terms of the Settlement Agreement on September 4, 2026.

## SETTLEMENT TERMS

9. The material terms of the settlement agreement (the **"Settlement Agreement"**), attached hereto as Exhibit A, are as follows:

a. In full and final resolution of the Adversary, Barcus Arenas shall pay MMA the total sum of $560,000.00 (the **"Settlement Amount"**), in two equal installments.

b. The first installment of $280,000.00, representing fifty percent (50%) of the Settlement Amount, shall be paid within seven (7) days after entry of an order approving the Settlement Agreement.

c. The second installment of $280,000.00, representing the remaining fifty percent (50%) of the Settlement Amount, shall be paid within sixty (60) days after entry of that order.

d. Each installment shall be paid in good funds made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman, Plan Administrator, at 7924 W. Broadway, Suite #104, Pearland, Texas 77581. Payment is deemed made on the date the installment is delivered to the Plan Administrator in good funds.

e. Upon entry of the order approving the Settlement Agreement and upon payment of the Settlement Amount in full and when due, the parties will fully release one another from all claims, demands, and causes of action asserted in the Adversary and arising out of or relating to the Adversary and the Discovery Order.

f. Upon entry of that order and payment of both installments in full and when due, MMA will move to dismiss the Adversary with prejudice. The motion to dismiss will request that the order of dismissal provide that no obligation under the Discovery Order remains outstanding and that no amount awarded under the Discovery Order is due or collectible.

g. If the Court does not approve the Settlement Agreement, or if Barcus Arenas fails to make both payments when due, the Discovery Order remains in full force and effect in all respects and the parties' rights and remedies are fully reserved.

**ARGUMENT AND AUTHORITIES**

10. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. *See also In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980). The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation, and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

11. The Plan Administrator believes the estate holds a strong claim against Barcus Arenas and has litigated the Adversary vigorously for more than nineteen months. Barcus Arenas denies liability outright, denies that the estate holds any interest in the fees it collected, and has amended its answer to sharpen those defenses. Disputes over the apportionment of attorney's fees are intensely factual, turn on conflicting records and competing readings of engagement agreements, and frequently require expert testimony on the value of the work performed. The Plan

Administrator is confident in the estate's position, but success at trial is not assured, and a contested trial would be followed by the realistic prospect of an appeal.

12. The proposed settlement eliminates that uncertainty and secures $560,000.00 for the estate. That recovery is substantial in both absolute terms and relative to the range of outcomes available at trial. It arrives on a defined schedule rather than after further months of litigation, and it arrives without the additional expense of expert work, trial preparation, trial, and appeal, each of which would reduce the net recovery available to creditors. The settlement also resolves the parties' dispute under the Discovery Order, which would otherwise remain a source of continued litigation and expense in the Adversary.

13. Barcus Arenas is an operating law firm, and collection would not likely pose a serious issue. The Settlement Agreement addresses collection risk directly. Fifty percent of the Settlement Amount is due within seven days of entry of the order approving it, and the balance within sixty days. If Barcus Arenas fails to pay after notice and a five day opportunity to cure, the Discovery Order springs back into full force and the estate's rights and remedies are fully preserved. The estate therefore gives up nothing if the settlement is not performed.

14. The Adversary is factually complex. It requires reconstructing the work MMA performed on each client matter before Barcus Arenas was substituted as counsel, tracing the fees ultimately recovered on those matters, and litigating the legal basis for the estate's asserted interest in those fees. The proceeding has already produced a contested discovery dispute requiring the Court's intervention, and further discovery, dispositive motion practice, and trial would each add cost and risk. The settlement resolves all of it at once.

15. The proposed compromise is in the best interest of the estate and its creditors. It converts a contested claim into a defined cash recovery of $560,000.00, payable in full within sixty

days of entry of an order approving it, at no further expense to the estate. Those funds will be available for distribution to creditors under the confirmed plan. The Oversight Committee received advance notice of the Settlement Agreement and approved it, and creditors receive notice of this Motion and an opportunity to be heard.

**WHEREFORE,** Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, prays that the Court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as those set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and grant such other relief as the Court finds appropriate and just to grant.

Dated: September 4, 2026

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: */s/ Miriam T. Goott*
Miriam T. Goott
attorney in charge
State Bar No. 24048846
4815 Dacoma
Houston, Texas 77092
Telephone: (713) 956-5577
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN,
PLAN ADMINISTRATOR FOR
MMA LAW FIRM, PLLC**

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a true and complete copy of the foregoing Motion to Compromise Controversy was served on all parties receiving notice via CM/ECF, including the members of the oversight committee, and on counsel for Barcus Arenas, PLLC, by electronic mail, on September 4, 2026.

*/s/ Miriam T. Goott*
Miriam T. Goott