# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC, in her capacity as Plan Administrator (the "**Plan Administrator**"), on the one hand, and Barcus Arenas, PLLC ("**Barcus Arenas**") on the other hand. The Plan Administrator and Barcus Arenas are each referred to individually as a "Party" and collectively as the "Parties."

The Parties hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

This Settlement Agreement shall be effective on the date on which the Bankruptcy Court enters an order approving this Settlement Agreement (the "**9019 Order**") and the date of entry of the 9019 Order, the "**Effective Date**".

The Parties acknowledge and agree that Bankruptcy Court approval is a condition precedent to the effectiveness and enforceability of this Settlement Agreement.

## DEFINITIONS AND RECITALS

1. On April 9, 2024, MMA Law Firm, PLLC ("MMA" or the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-31596 (the "**Bankruptcy Case**").

2. On January 28, 2025, MMA filed a Complaint and initiated an adversary proceeding against Barcus Arenas, styled *MMA Law Firm, PLLC v. Barcus Arenas, PLLC*, Adversary Proceeding No. 25-03018 (the "**Complaint**", and that proceeding is referred to as the "Adversary").

3. Barcus Arenas answered the Complaint on February 28, 2025, and filed its First Amended Answer on July 7, 2026. Barcus Arenas disputes and denies each of the claims asserted in the Complaint, denies that it has any liability to MMA or to the Debtor's bankruptcy estate, and denies that it engaged in any wrongdoing.

4. On September 2, 2026, the Bankruptcy Court entered its Order resolving ECF No. 47 in the Adversary (ECF No. 62) (the **"Discovery Order"**).

5. The Parties have reached a comprehensive resolution of all disputes asserted in the Adversary and the Discovery Order.

6. Barcus Arenas enters into this Settlement Agreement solely to avoid the cost, burden, distraction, and uncertainty of continued litigation, and for no other purpose.

7. The Parties acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

**PAYMENT TERMS AND CONDITIONS**

8. **Settlement Amount.** In full and final resolution of the Adversary, Barcus Arenas shall pay MMA a total of $560,000.00 (the **"Settlement Amount"**), in two equal installments as follows:

a. **First Payment.** $280,000.00, representing fifty percent (50%) of the Settlement Amount, to be paid within seven (7) days after entry of the 9019 Order; and

b. **Second Payment.** $280,000.00, representing the remaining fifty percent (50%) of the Settlement Amount, to be paid within sixty (60) days after entry of the 9019 Order.

9. **Manner of Payment.** Each installment of the Settlement Amount shall be paid by Barcus Arenas in good funds made payable to MMA Law Firm, PLLC and delivered to Allison

D. Byman, Plan Administrator at 7924 W. Broadway, Suite #104, Pearland, Texas 77581. Payment shall be deemed made on the date on which the installment is delivered to the Plan Administrator in good funds.

10. **Time Is of the Essence; Default and Cure.** Time is of the essence as to each installment of the Settlement Amount. Notwithstanding the foregoing, in the event the Plan Administrator does not timely receive any installment of the Settlement Amount, the Plan Administrator shall provide Barcus Arenas with written notice via email to Defendant's counsel of such nonreceipt. Barcus Arenas shall then have five (5) days after receipt of such written notice to cure any failure to make the required payment. No default shall occur, and no remedy based upon an alleged failure to make a payment shall be pursued, unless Barcus Arenas fails to cure the nonpayment within such five-day period.

11. **Agreed Emergency Motion to Stay the Discovery Order.** Within two (2) business days after the last Party executes this Agreement, the Parties shall file an agreed emergency motion asking the Bankruptcy Court to (a) stay the Discovery Order including all deadlines and obligations imposed by the Discovery Order; (b) stay all outstanding discovery served by the Parties; and (c) stay all depositions. The Parties shall cooperate in the preparation, filing, and prosecution of that motion and of any proposed order the Bankruptcy Court requires.

12. **Motion to Approve.** MMA shall file a motion under Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Settlement Agreement (the **"9019 Motion"**). The Parties shall cooperate in the submission to the Bankruptcy Court of any motion, proposed order, or other document necessary to obtain approval of this Settlement Agreement and to dismiss the Adversary with prejudice. Barcus Arenas understands that the Plan Administrator cannot file a 9019 Motion

until 14 days have passed after the Oversight Committee has received notice of this Settlement Agreement.

13. **Dismissal of Adversary with Prejudice.** Upon entry of the 9019 Order approving this Settlement and upon Barcus Arenas's payment of both the First Payment and the Second Payment in full and when due, MMA shall file a Motion to Dismiss the Adversary with prejudice. The Parties agree that the motion to dismiss shall request that the order of dismissal provide that no obligation under the Discovery Order remains outstanding and that no amount awarded thereunder is due or collectible.

14. If the Bankruptcy Court does not approve this Settlement Agreement, or if Barcus Arenas fails to make both payments timely as required, then the Discovery Order shall remain in full force and effect in all respects, and the Parties rights and remedies are fully reserved.

15. **Mutual Release.** Effective upon the Effective Date and upon the full and final completion of Barcus Arenas's payment obligations under this Agreement, each Party, on behalf of itself and its predecessors, successors, assigns, parents, subsidiaries, affiliates, members, managers, partners, officers, directors, shareholders, employees, agents, attorneys, accountants, other professionals, insurers, and representatives, and in the case of MMA, on behalf of the Debtor, the Debtor's bankruptcy estate, the Plan Administrator, and any trustee, examiner, successor trustee, liquidating trustee, litigation trustee, or other representative of the estate appointed in or under the Debtor's Chapter 11 case, hereby releases, acquits, and forever discharges the other Party and each of the foregoing persons and entities associated with that other Party (collectively, the **"Released Parties"**) from any and all claims, demands, causes of action, obligations, damages, and liability of every nature and kind whatsoever, asserted in the Adversary, including all claims, demands, and causes of action arising out of or relating to the Adversary and the Discovery Order.

16. **Preservation of Rights Under This Agreement.** Notwithstanding the Mutual Release above, nothing in this Settlement Agreement shall affect, impair, release, or waive any Party's rights and obligations created by this Settlement Agreement.

## GENERAL PROVISIONS

17. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction, to the extent permitted by applicable law, to resolve any dispute between the Parties regarding this Agreement, including any dispute regarding payment of the Settlement Amount, or as otherwise ordered by the Bankruptcy Court.

18. **Bankruptcy Court Approval.** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

19. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by electronic mail, facsimile, or portable document format shall be deemed original signatures for all purposes.

20. **Entire Agreement and Amendment.** This Settlement Agreement contains the entire agreement between the Parties with respect to its subject matter and supersedes all prior and contemporaneous negotiations, understandings, representations, and agreements, whether written or oral. This Settlement Agreement may be amended only by a written instrument signed by both Parties and approved by the Bankruptcy Court in the Southern District of Texas.

21. **Severability.** If any provision of this Settlement Agreement is held to be invalid, illegal, or unenforceable, that provision shall be modified to the minimum extent necessary to make it enforceable, and the remaining provisions shall continue in full force and effect.

22. **Successors and Assigns and No Third Party Beneficiaries.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, successors, assigns, and the Released Parties. Except for the Released Parties, this Settlement Agreement is not intended to and does not confer any right or benefit upon any person or entity that is not a Party.

23. **Construction.** This Settlement Agreement is the product of negotiation between the Parties, each of which was represented by counsel or had a full opportunity to consult counsel. It shall not be construed against any Party as the drafter.

Dated: 9-4-2026

*/s/ Allison D. Byman*

Allison D. Byman, Plan Administrator
**MMA LAW FIRM, PLLC**
7924 W. Broadway St #104
Pearland, Texas 77581
Email: adb@bymanlaw.com

Dated: 9/3/26

**BARCUS ARENAS, PLLC**
By: [signature]
Name: Aaron Arenas
Its: Partner
2200 North Loop West, Ste. 108, Houston, TX 77018
Email: aaron@barcusarenas.law