IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S MOTION TO COMPROMISE CONTROVERSY WITH LOFTIN LAW GROUP, LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the "**Plan Administrator**"), files this Motion to Compromise Controversy (the "**Motion**"), seeking approval of a settlement with Loftin Law Group, LLC ("**LLG**") that resolves the claims asserted in Adversary No. 26-03110. In support thereof, the Plan Administrator states as follows:

## RELEVANT BACKGROUND FACTS

1. MMA Law Firm, PLLC (**"MMA"**) is a Texas litigation firm that previously represented thousands of clients in property insurance claims following Hurricanes Laura, Delta, Zeta, and Ida.

2. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On August 5, 2026, the Court entered its order confirming MMA's Chapter 11 plan (ECF No. 1660). Under the confirmed plan, Allison D. Byman serves as Plan Administrator.

4. On April 8, 2026, MMA commenced an adversary proceeding against LLG styled *MMA Law Firm, PLLC v. Loftin Law Group, LLC*, Adversary No. 26-03110 (the **"Adversary"**).

5. The Claims concern the estate's asserted interest in attorney's fees arising from the representation of one former MMA clients who were subsequently represented by LLG (the **"Former MMA Case"**). LLG received a total of $7,000.00 in attorney's fees in the Former MMA Case.

6. LLG answered the Complaint on May 6, 2026. LLG disputes and denies each of the Claims, denies that it has any liability to MMA or to the estate, and denies that it engaged in any wrongdoing. LLG has agreed to the settlement solely to avoid the cost, burden, distraction, and uncertainty of continued litigation, and for no other purpose.

7. The Plan Administrator intended on deposing LLG's corporate representative, which would have resulted in approximately $2,000.00 in expenses for the estate. Prior to noticing a deposition, the Plan Administrator and LLG reached a comprehensive resolution of all disputes asserted in the Adversary, subject to the approval of this Court.

## SETTLEMENT TERMS

8. The material terms of the settlement agreement (the **"Settlement Agreement"**), attached hereto as Exhibit A, are as follows:

a. In full and final resolution of the Adversary, LLG shall pay MMA the total sum of $1,200.00 (the **"Settlement Amount"**), within three (3) days after entry of an order approving the Settlement Agreement.

b. All pending written discovery served in the Adversary, together with all outstanding response and supplementation deadlines, is stayed pending the Court's ruling on this Motion.

c. Upon entry of the order approving the Settlement Agreement and upon payment of the Settlement Amount in full, the parties will fully release one another from all claims, demands, and causes of action asserted in the Adversary.

## ARGUMENT AND AUTHORITIES

9. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation, and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

10. The Plan Administrator believes the estate holds a valid claim to a share of the attorney's fees earned in the Former MMA Cases, based on the work MMA performed before LLG was substituted as counsel. Litigation over the apportionment of fees is nevertheless uncertain and intensely factual, and it often requires expert testimony. LLG denies liability and disputes that

the estate holds any interest in the fees it collected. While the Plan Administrator is confident in the estate's position, success is not assured.

11. The proposed settlement eliminates that uncertainty and secures $1,200.00 for the estate within three days after entry of an order approving it. The recovery is modest, but so is the amount in controversy. The fees at issue in the Adversary are small, and the expense of taking the dispute through discovery, and trial would exceed the amount the estate could hope to recover by a wide margin. Settling now preserves estate resources for matters where litigation can produce a meaningful return.

12. LLG is a law firm, and collection would not likely pose a serious issue. The Settlement Agreement reduces collection risk further by requiring payment in full within three days after entry of an order approving it, rather than on an installment schedule. By contrast, obtaining and enforcing a judgment would involve delay, expense, and potential appeals, and the cost of that effort would plainly exceed the sum at stake.

13. The underlying dispute is not novel. Disputes over the apportionment of fees involve conflicting records and questions of credibility, each of which increases cost and risk out of proportion to the amount in controversy.

14. The proposed compromise is in the best interest of the estate and its creditors. It results in an immediate cash recovery at no further expense to the estate, avoids the commitment of estate resources disproportionate to the sum in dispute, and makes those funds available for distribution to creditors under the confirmed plan. Creditors receive notice of this Motion and an opportunity to be heard.

**WHEREFORE,** Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, prays that the Court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as those set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and grant such other relief as the Court finds appropriate and just to grant.

Dated: September 4, 2026.

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: */s/ Miriam T. Goott*
Miriam T. Goott
attorney in charge
State Bar No. 24048846
4815 Dacoma
Houston, Texas 77092
Telephone: (713) 956-5577
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR FOR MMA LAW FIRM, PLLC**

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a true and complete copy of the foregoing Motion to Compromise Controversy was served on all parties receiving notice via CM/ECF, including the members of the oversight committee, and on counsel for Loftin Law Group, LLC, by electronic mail, on September 4, 2026.

*/s/ Miriam T. Goott*
Miriam T. Goott