# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
September 04, 2026
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| MMA LAW FIRM, PLLC, | § | **CASE NO. 24-31596 (EVR)** |
| Debtor. | § | |

**NOTICE TO PARTIES IN INTEREST:**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

## EMERGENCY MOTION FOR JUDICIAL APPROVAL OF PRO SE CM/ECF ACCESS, LEAVE TO CURE AND REFILE MASTER COMPENDIUM, AND REQUEST FOR EXPEDITED HEARING

**COMES NOW**, Jeffrey Alan Vitt, Individually, appearing strictly pro se as a creditor, crime victim, and whistleblower, and respectfully submits this Emergency Motion pursuant to 11 U.S.C. § 105(a), Federal Rules of Bankruptcy Procedure 9013 and 9023, and Local Bankruptcy Rules, seeking:

(1) immediate judicial authorization to access and utilize the Court's CM/ECF electronic filing system;

(2) leave to cure, complete, and properly structure the record regarding the August 28, 2026 Amended Proof of Claim #73 / Omnibus Addendum, the Second Amended and Restated Reconsideration Motion, Sworn Statements, and associated 14-part evidentiary compendium (including prior and supplemental filings); and

(3) an expedited emergency hearing if administrative approval is not immediately granted. In support thereof, Movant respectfully shows the Court as follows:

## I. INTRODUCTION & EMERGENCY GROUNDS

1. **The Pro Se Prejudice & Systemic Bottlenecks:** Movant previously established a PACER/NextGen profile under the good-faith understanding that registration automatically routed for judicial review. However, under Southern District of Texas local administrative practices, unrepresented pro se litigants are barred from direct CM/ECF docket posting unless expressly authorized by the presiding judge.

2. **The 2MB EDSS Trap:** Forced to rely exclusively on the Bankruptcy Electronic Document Submission System (EDSS)—which imposes a rigid, uncompromising **2MB file size cap per PDF document—**Movant has experienced repeated, systemic intake failures. Large evidentiary files (such as the multi-page forensic reports, probate packets, and the 14-exhibit compendium supporting Master Claim No. 73) repeatedly failed to upload, timed out, or fragmented across multiple separate docket entries (reflected in Court Docket Nos. 1697, 1698, and 1699). This structural file-size barrier has similarly impacted prior filings in this case where documents exceeded the 2MB threshold, resulting in recurring intake bottlenecks and docket omissions.

3. **Exhaustion of Administrative Remedies:** Movant has attempted since July 30th, 2026 or before, to resolve these intake and access barriers initially through Pacer and court help lines, enduring multiple three-hour-plus hold queues only to be automatically disconnected. Emails directed to chambers staff regarding these technical omissions have correctly been met with the procedural instruction that documents must appear on the official docket.

4. **Emergency Relief Required:** Without direct CM/ECF access (which permits file sizes up to 35MB) and judicial permission to cure the fragmented record, Movant is severely prejudiced in prosecuting his Second Amended Reconsideration Motion and protecting his verified $350,646,305.06+ Proof of Claim (No. 73) against a confirmed Chapter 11 liquidation plan.

## II. FACTUAL BACKGROUND REGARDING INTAKE OMISSIONS

5. On August 28–29, 2026, Movant executed a comprehensive master filing package designed to challenge the confirmed Chapter 11 Plan (ECF No. 1660) under Fed. R. Bankr. P. 9023. Because of the 2MB EDSS restriction, Movant was forced to split his unified submission across multiple EDSS sessions.

6. This fragmentation resulted in incomplete docket indexing:
    - **Amended Proof of Claim #73 Omnibus Addendum (**August 28th, 2026)
    - **Exhibits 5, 6, and 11** (detailing Rames Law Firm data privacy breaches, the PTS Diagnostics C-NDA/DTPA demands, and the federal criminal wire fraud

conviction of C&C Residential / Charles Carrier) were omitted from the primary ECF attachment lists.
   - **The Certificate of Service** and standalone confirmation items were separated from the main motion body.
   - **The Second Sworn Declaration** filings risked version confusion due to automated system processing.

## III. ARGUMENT & AUTHORITIES

### A. Inherent Equity Power to Grant Pro Se CM/ECF Access (11 U.S.C. § 105(a))

7. Courts possess broad equitable authority under 11 U.S.C. § 105(a) to issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title and ensure fundamental fairness.

8. Where rigid administrative intake systems (such as a 2MB EDSS cap) mechanically prohibit a complex, multi-million-dollar fraud and trade-secret whistleblower compendium from being accurately docketed, the Court must step in to level the playing field. Granting Movant non-attorney CM/ECF electronic filing privileges for this specific case ensures that the record is complete, transparent, and accessible for judicial review by Chief Judge Rodriguez.

### B. The Nexus Between Intake Barriers, Inequitable Conduct, and Plan Rejections

9. Furthermore, the administrative technical barriers and 2MB EDSS limitations experienced by Movant are emblematic of the broader, systemic obstruction of justice practiced by the Debtor's principals (MMA, Moseley, and McClenny). A debtor and its insiders who seek equitable protections, stays, and non-debtor releases under a Chapter 11 plan cannot rely on a dysfunctional pro se intake wall to suppress a $350M+ verified proof of claim and evidentiary compendium. Under 11 U.S.C. § 1129(a)(3), a plan must be proposed in good faith; blocking a crime victim from the docket is the antithesis of equity.

### C. Right to Cure and Supplement Under Rule 7015 / Rule 3001

10. Under Federal Rules of Bankruptcy Procedure 3001, 7015 (incorporating Fed. R. Civ. P. 15), and 9014, a claimant maintains the absolute right to amend, cure, and properly consolidate proofs of claim and supporting addenda. Granting leave to refile a clean, unified, bookmarked master package directly via CM/ECF will cure all previous EDSS fragmentation errors, eliminate clerk confusion, and properly anchor Master Claim No. 73.

## IV. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Movant Jeffrey Alan Vitt, Individually, respectfully requests that this Court enter an Emergency Order:

1. **GRANTING** immediate judicial permission for Movant to register for and utilize non-attorney CM/ECF electronic filing access in Case No. 24-31596, and directing the Clerk's Office to unlock Movant's PACER/NextGen profile for direct docket posting;

2. **GRANTING LEAVE** to cure, refile, consolidate, and supplement the Amended Proof of Claim #73 Omnibus Addendum (August 28, 2026), the Second Amended Reconsideration Motion, Sworn Declarations, Certificate of Service, and complete evidentiary compendium (Exhibits 1 through 14, along with any subsequent or supplemental exhibits) as a single, unified corrected filing on the official docket;

3. **Alternatively**, if administrative relief is not granted on an expedited basis, **SETTING AN EMERGENCY HEARING** at the earliest possible date before Chief Bankruptcy Judge Eduardo V. Rodriguez; and

4. Granting such other and further relief, both general and special, at law or in equity, to which Movant may show himself justly entitled.

Respectfully submitted,

______________________________ **9/4/2026**

**Jeffrey Alan Vitt, Individually**
12791 S. 4230 Road
Chelsea, OK 74016
539-292-9358
javit2004rule@gmail.com
*Pro Se Claimant*