United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | **CHAPTER 11** |

**ORDER**
***Resolving ECF No. 1682***

Pending before this Court is a single matter self-styled as "Emergency Motion To Enforce Confirmation Order And Settlement Agreement, For Temporary Restraining Order And Injunctive Relief, And For Declaratory Relief" ("*Motion*"), ECF No. 1682, filed on August 27, 2026 by John Zachary Moseley ("*Mr. Moseley*"). On August 31, 2026, Equal Access Justice Fund, LP and EAJF ESQ, Fund, LP (collectively "*EAJF*") filed "Equal Access Justice Fund, LP And EAJF Esq. Fund, LP's Objection To John Moseley's Emergency Motion To Enforce Confirmation Order And Settlement Agreement, For Temporary Restraining Order And Injunctive Relief, And For Declaratory Relief" ("*Objection*"). ECF No. 1694. On September 2, 2026 this Court held an evidentiary hearing, ("*Hearing*"), and now issues the instant Order.

## I. Background

At the Hearing, the Court admitted the following exhibits into evidence, to wit: ECF No. 1686, Ex. Nos. 1-23; 27-28 and ECF No. 1700, Ex. Nos. 1-5. Additionally, the Court received live testimony from Mrs. Jayne E. Moseley, ("*Mrs. Moseley*"), and Mr. Brian Zimmerman, (*Mr. Zimmerman*"). The Court found both witness's testimony to be credible and truthful. Additionally the Court finds Mr. Zimmerman's testimony to be especially compelling and gives greater weight to his testimony.

Mr. Moseley's Motion asks this Court to enforce paragraph 11(o) of the Confirmation Order, enforce the settlement agreement approved by the Court's prior Rule 9019 Order, restrain EAJF's conduct in the pending Texas divorce proceeding between himself and his spouse Mrs. Mrs. Moseley, declare a state-court judgment void or unenforceable, and award contempt-related relief. *See* generally, ECF No. 1682. EAJF opposes such relief because (1) "The Confirmation Order Does Not Preclude Entry of an Interlocutory Judgment Against Mrs. Moseley; (2) The Plain Language of Paragraph 11(o) Does Not Prohibit EAJF From Obtaining a Judgment Against Mrs. Moseley." ECF No. 1694, at 5.

The history of this case is well known to this Court in that it has written several Memorandum Opinions and issued orders in not only the main bankruptcy case but in numerous adversary proceedings. Thus, the history of this case does not need to be restated here. The instant Motion, however, is based upon this Court's order confirming a chapter 11 plan and the plan itself so a brief recital of those facts are important here. On August 5, 2026, this Court entered its Order confirming Debtor's Third Amended Joint Plan of Liquidation and Plan Supplement ("*Confirmation Order & Plan*" respectively). ECF No. 1686, Ex. 19. On August 21, 2026 EAJF obtained an "Interlocutory Judgment" in IMMO Jayne E. Moseley and John Z. Moseley, Case No. 2023-44970 pending in the District Court, 245th Judicial District Harris County Texas (the "*State Court Judgment*") against Mrs. Mosely only. ECF No. 1686, Ex. No. 6. Because of this State Court Judgment, Mr. Moseley asserts that emergency relief is required because "EAJF has violated and continues to violate Paragraph 11(o) of the Confirmation Order by actively pursuing claims against Jayne Elizabeth Moseley in the Divorce Case before the Divorce Court has rendered a final division of the marital estate. ECF No. 1682, ¶ 3. EAJF opposes the relief. Additionally, the August

21, 2026 State Court transcript reflects that the state court set the divorce trial for September 16, 2026 at 9:00 a.m. ECF No. 700, Ex. No. 5.

## II. JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

This Court has subject-matter jurisdiction under 28 U.S.C. §1334 because the Motion asks the Court to interpret and enforce its Confirmation Order, the confirmed Plan, and a prior settlement-approval order entered in this chapter 11 case. Proceedings concerning confirmation of plans, administration of the estate, and implementation of enforcement of orders entered in a bankruptcy case are core proceedings under 28 U.S.C. § 157(b)(1), (b)(2)(A) and (O). The Court also has statutory authority under 11 U.S.C. § 105 to issue orders necessary or appropriate to carry out the Bankruptcy Code, but that authority must be exercised within the confines of the Code and cannot be used to create substantive rights unavailable under applicable law. 11 U.S.C. § 105. Finally, the Court has constitutional authority to enter a final order or judgment on the Motion because the Motion seeks interpretation and enforcement of orders entered in the bankruptcy case and resolution of whether the requested bankruptcy relief should be issued. *Stern v. Marshall* holds that Article III limits a bankruptcy court's authority to enter final judgments on certain state-law counterclaims that are not resolved in ruling on a creditor's proof of claim but *Stern* does not prevent bankruptcy courts from finally adjudicating matters that stem from the bankruptcy itself or that would necessarily be resolved in the claims-allowance or plan-enforcement process. *Stern v. Marshall*, 564, U.S. 462, 499-502 (2011). The Motion itself does not require this Court to enter a money judgment on EAJF's state-law fraudulent transfer claim against Mrs. Moseley, because the state court has already entered an Interlocutory Judgment in the first instance. See ECF No. 1686, Ex. No. 6. This Court's ruling is limited to whether Mr. Moseley has established a basis for relief under the Confirmation Order, the Plan, and Rule 7065, declaratory judgment principles and

contempt standards. That determination arises in and under the bankruptcy case and falls within the Court's constitutional authority. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009).

## III. Analysis

A confirmed chapter 11 plan binds the debtor, creditors, equity security holders, and other parties identified in 11 U.S.C. § 1141(a). A confirmation order is a final judgment entitled to preclusive effect if the issuing court had jurisdiction and the parties received adequate notice. *See Travelers*, 557 U.S. at 152. A bankruptcy court may interpret and enforce its own orders, including confirmation orders, but enforcement depends on the order's actual terms. *Travelers*, 557 U.S. at 151. Where an order is ambiguous, contempt is not appropriate if there is a fair ground of doubt as to whether the order barred the challenged conduct. *Taggart v. Lorenzen*, 587 U.S. 554, 561-62 (2019). The movant, here Mr. Moseley, seeking enforcement bears the burden of showing that the Confirmation Order clearly required or prohibited the conduct at issue. *Id.*

Paragraph 11 of the Confirmation Order states that ". . .Pursuant to 11 U.S.C. § 1127(a) and Bankruptcy Rule 3019, and in resolution of the objections to confirmation, the Plan is modified as follows (collectively, the "Plan Modifications"):

> (o) Divorce Case. The Forbearance contemplated in this Order and in the Plan shall not apply to the pending divorce proceedings in Cause No. 2023-44970 in the Matter of the Marriage of Jayne Elizabeth Moseley and John Zachary Moseley (the "Divorce Case") to allow a division of the marital estate and the entry of a decree of divorce, and nothing in this Order prohibits Cause No. 2023-44970 from proceeding to a final resolution on the merits as between John Zachary Moseley and Jayne Elizabeth Moseley, and including EAJF Justice Fund, LP and EAJF Esq Fund, LP from proceeding to prosecute its claims, entry of judgment or other post-judgment remedies against Jayne Elizabeth Moseley until after the Divorce Court renders a final division of the marital estate.

ECF No. 1686, Ex. No.19, ¶ 11(o).

When interpreting case law, courts first analyze the plain language. "In disputes over the meaning of a contract, which we review de novo, we first look to the plain language of the contract

to determine whether it is ambiguous." *Horn v. State Farm Lloyds*, 703 F.3d 735, 738 (5th Cir. 2012 (citing *Empire Fire & Marine Ins. Co. v. Brantley Trucking Inc*. 220 F/ 3d 679, 681 (5th Cir. 2000) (applying Texas law)). "In Texas, whether a contract is ambiguous is a question of law." *Id.* (internal quotations omitted) (quoting *Addicks Servs. Inc. v GGP-Bridgeland, L.P*. 596 F.3d 286, 294 (5th Cir. 2010) (applying Texas law)). "A contract is ambiguous "if its plan language is amenable to more than one reasonable interpretation." *Id.* (quoting *Nautilus Ins. Co. v. Country Oaks Apts. Ltd.* 566 F.3d 452, 455 (5th Cir. 2009) (applying Texas law)). If a contract is unambiguous, courts apply its plain meaning and enforce it as written. *Texas v Am. Tobacco Co*., 463, F.3d 399, 407 (5th Cir. 2006) (applying Texas law)). If a contract is ambiguous, then and only then, do courts consider extrinsic evidence for "the purpose of ascertaining the true intentions of the parties expressed in the contract." *Id.* (quoting *Burlington N. & Santa Fe Ry. Co. v. S. Plains Switching, Ltd*. 174 S.W. 3d 348, 358 (Tex. App.-Fort Worth 2005, no pet.)).

Here the parties dispute the meaning of Paragraph 11(o) of the Confirmation Order. ECF No. 1686, Ex. No. 19 at 7. Mr. Moseley reads Paragraph 11(o) to prohibit EAJF from prosecuting claims, obtaining judgement, or pursuing post-judgment remedies against Mrs. Moseley until after final division of the marital estate. *See* ECF No. 1682, ¶ 11. EAJF reads Paragraph 11(o) to permit the divorce proceeding, including EAJF's claims against Mrs. Moseley, to proceed, while limited execution or post-judgment remedies that would affect Mr. Moseley or property protected by the Plan before the divorce court completes the property division. ECF No. 1694, ¶ 22.

Particularly at issue is the impact of the wording following "and nothing in" in Paragraph 11(o). The wording preceding that phrase is instructive to the meaning of what comes after. The wording preceding that phrase states in unambiguous terms that the Forbearance "shall not apply to the pending divorce proceedings." The wording following that phrase refers to specific

situations in which the Forbearance shall not apply. The phrase "and nothing in this Order prohibits" modifies both of the following phrases: "Cause No. 2023-44970 from proceeding to a final resolution on the merits as between John Zachary Moseley and Jayne Elizabeth Moseley and "including EAJF Justice Fund, LP and EAJF Esq. Fund, L.P. from proceeding to prosecute its claims, entering judgments, and exercising post-judgment remedies against Mrs. Moseley until after the Divorce Court renders a final division of the marital estate." Put another way, the Confirmation Order specifically does not prohibit EAJF from proceeding to prosecute its claims, entering judgments, and exercising post-judgment remedies against Mrs. Moseley until after the Divorce Court renders a final division of the marital estate." Thus, EAJF need not await a finial division of the marital estate before prosecuting its claims against Mrs. Moseley.

To interpret Paragraph 11(o) as Mr. Moseley suggests, would be incompatible with the first portion providing that "[t]he Forbearance contemplated in this Order and in the Plan shall not apply to the pending divorce proceedings in Cause No. 2023-44970. . ." Construing the paragraph as a whole, it is clearly intended to make plain that the Forbearance provided for in the Plan will not impact the divorce proceeding between Mr. and Mrs. Moseley. Interpreting the paragraph as Mr. Moseley suggests would lead to the anomalous result of this Court enjoining collection activity by EAJF against a non-debtor whose connection to this case arises from her marriage to a former principal of the debtor. EAJF's interpretation, that the Forbearance does not apply to its collection efforts against Mrs. Moseley in the divorce proceeding, gives effect to the entire paragraph and is consistent with the first provision that the Forbearance "shall not apply to the pending divorce proceedings."

Thus, Mr. Moseley has failed to meet his burden to show that Paragraph 11(o) of the Confirmation Order clearly prevents EAJF from prosecuting its claims against Mrs. Moseley.

Because Mr. Moseley did not meet his burden to show Paragraph 11(o) of the Confirmation Order clearly prevents EAJF from prosecuting its claims against Mrs. Moseley, the Court does not need to reach the merits of Mr. Moseley's request for a Temporary Restraining Order, request for declaratory judgment, contempt or sanctions. A federal declaratory judgment requires an actual controversy within the court's jurisdiction and remains discretionary even when jurisdiction exists. *Medlmmune, Inc. v. Genentech, Inc*. 549 U.S. 118, 126-27 (2007). The record here does not establish that the state-court interlocutory judgment has been enforced against Mr. Moseley, the bankruptcy estate, or property protected by the Forbearance. Civil contempt requires clear and convincing evidence that a court order was in effect, that the order required or prohibited specific conduct by the alleged contemnor, and that the alleged contemnor failed to comply with that order. *Ingalls v. Thompson*, 588, F.3d 254, 264 (5th Cir. 2009). Although the Confirmation Order is final and was in effect when EAJF pursued entry of the state-court interlocutory judgment against Mrs. Moseley, this Court has already determined that no violation of this Court's Confirmation Order occurred.

For these reasons the "Emergency Motion To Enforce Confirmation Order And Settlement Agreement, For Temporary Restraining Order And Injunctive Relief, And For Declaratory Relief" (the "*Motion*"), ECF No. 1682, filed on August 27, 2026 by John Zachary Moseley is DENIED. "Equal Access Justice Fund, LP And EAJF Esq. Fund, LP's Objection To John Moseley's Emergency Motion To Enforce Confirmation Order And Settlement Agreement, For Temporary Restraining Order And Injunctive Relief, And For Declaratory Relief", ECF No. 1694 is SUSTAINED. All requests for temporary restraining order, preliminary injunctive relief, declaratory relief, contempt, sanctions, fees, costs, and any other relief requested in the Motion are

DENIED. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED Wednesday, September 2, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**

United States Bankruptcy Court
Southern District of Texas

In re: | Case No. 24-31596-evr
MMA Law Firm, PLLC | Chapter 11
Official Committee of Unsecured Creditor
Debtors

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 4 |
| Date Rcvd: Sep 03, 2026 | Form ID: pdf002 | Total Noticed: 48 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 05, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | MMA Law Firm, PLLC, Suite 810, 1235 North Loop West, Houston, TX 77008-1764 |
| aty | + | Misty Segura, 7601 FM 1960 Rd E, # 349, Atascocita, TX 77346-2209 |
| aty | + | The Lausten Group, 650 Poydras Street, Suite 1400, PB#3924, New Orleans, LA 70130-6116 |
| intp | + | AMO Trial Lawyers, LLC, 3045 Ridgelake Dr., Suite 100, Metairie, LA 70002-4937 |
| cr | + | Access Restoration Services US, Inc., Attn: Lisa M. Norman, 1885 Saint James Place, 15th Fl, Houston, TX 77056 UNITED STATES 77056-4175 |
| intp | + | Allied World Insurance Company, 1690 New Britain Ave.,, Suite 101, Farmington, CT 06032-3361 |
| intp | + | Barbara Gaunichaux, 260 Dale ave, Gretna, LA 70056-7852 |
| intp | + | Barcus Arenas, PLLC, c/o CTO Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140 |
| intp | + | Bensalah Hameurlaine, 57 Emile ave, Kenner, LA 70065-3769 |
| cr | + | Betty Johnson, 417 Belle Chasse Dr., Laplace, LA 70068-3401 |
| cr | + | Charles William Nicolas Tapp, 4614 Quarter Charge Dr, Annandale, VA 22003, UNITED STATES 22003-4622 |
| cr | + | Cristobal M. Galindo, PC d/b/a Galindo Law, c/o Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, TX 75231-2203 |
| intp | + | Douglas Freeman, 22108 W McKinney Rd, Springfield, LA 70462-8903 |
| cr | + | EAJF ESQ Fund, LP, c/o Misty A. Segura, Spencer Fane LLP, 3040 Post Oak Blvd., Ste. 1400, Houston, TX 77056 UNITED STATES 77056-6584 |
| cr | + | Equal Access Justice Fund, LP, c/o Misty A. Segura, Spencer Fane LLP, 3040 Post Oak Blvd., Ste. 1400, Houston, TX 77056 UNITED STATES 77056-6584 |
| intp | + | Frank Martin, 42587 Highway 10, Franklinton, LA 70438-5645 |
| cr | + | Glago Williams, LLC, 909 Poydras St., Suite 2950, New Orleans, LA 70112-4006 |
| intp | + | Gulf Coast Attorneys, LLC, c/o Albert J. Derbes IV, 3027 Ridgelake Drive, Metairie, LA 70002-4924 |
| intp | + | James Jochum, 709 Codifer Blvd., Metairie, LA 70005-3750 |
| cr | + | James Marshall McClenny, 380 Ridge Lake Scenic Drive, Montgomery, TX 77316-6933 |
| intp | + | Jennifer Jason Joy & Associates, PLLC, Suite 1801, 909 Texas St., Suite 1801, Houston, TX 77002-3192 |
| intp | + | John Zachary Moseley, 1235 N. Loop West, Suite 810, Houston, TX 77008-1764 |
| cr | + | Katrena Leigh Henderson, 4614 Quarter Charge Dr, Annandale, VA 22003, UNITED STATES 22003-4622 |
| cr | + | Kirsten Young, 5341 Brownfields Dr, Baton Rouge, LA 70811-1070 |
| dft | + | LaHatte Law Firm, LLC, 2000 Clearview Parkway, Suite 203, Metairie, LA 70001-2441 |
| cr | + | Latosha Barrow, 1058 Balsam Ave., Baton Rouge, LA 70807-2964 |
| cr | + | Louisiana Farm Bureau, P.O. Box 95008, Baton Rouge, LA 70895-9008 |
| intp | + | Pandit Law Firm, LLC, c/o Raj Pandit, 701 Poydras Street, Suite 3950, New Orleans, LA 70139-7731 |
| cr | + | Patricia Briscoe, 7801 Warsaw St, Metairie, LA 70003-6429 |
| cr | + | Paul Brown, 19380 Old Covington HWY, Hammond, LA 70403-0755 |
| cr | | Starlight Studios, LLC, c/o Leo D. Congeni, Suite 2750, New Orleans, LA 70130, UNITED STATES |
| cr | #+ | Stephen Landreneau, 104 Piney Cv, West Monroe, LA 71291-7461 |
| wit | + | Tessa Vorhaben, c/o Stephen P. Strohschein, Hinshaw & Culbertson LLP, 400 Convention Street, Suite 1001 Baton Rouge, LA 70802-5616 |
| intp | + | The Monson Law Firm, LLC, 5 Sanctuary Boulevard, Suite 101, Mandeville, LA 70471-5304 |
| cr | + | Trung Nguyen, 3531 W Esplanade Ave N, Metairie, LA 70002-3343 |
| intp | + | Voorhies Law Firm, LLC, c/o The Derbes Law Firm, 3027 Ridgelake Dr, Metairie, LA 70002-4924 |
| cr | + | Wayne Galjour, Jr, 732 Oakwood Dr, Gretna, LA 70056-3008 |

| | | |
|---|---|---|
| intp | + | Yulonda Alexander, P.O Box 125, Wilson, LA 70789-0125 |

TOTAL: 38

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | ^ | MEBN | Sep 03 2026 20:51:47 | Walker & Patterson, P.C., P.O. Box 61301, Houston, TX 77208-1301 |
| cr | + | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | Sep 03 2026 20:55:00 | ACAR Leasing Ltd. d/b/a GM Financial Leasing, P O Box 183853, Arlington, TX 76096-3853 |
| cr | | Email/PDF: bncnotices@becket-lee.com | Sep 03 2026 21:01:39 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| cr | + | Email/Text: bnkatty@aldineisd.org | Sep 03 2026 20:57:00 | BANKRUPTCY ATTY. ALDINE INDEPENDENT SCHOOL DISTRIC, 2520 W.W. THORNE BLVD., LEGAL DEPARTMENT, HOUSTON, TX 77073, UNITED STATES 77073-3406 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Sep 03 2026 20:56:00 | City of Houston, Linebarger Goggan Blair & Sampson LLP, Jeannie Lee Andresen, PO Box 3064, Houston, TX 77253-3064 |
| ex | + | Email/Text: eengelhart@rossbanks.com | Sep 03 2026 20:56:00 | Eva S Engelhart, Ross Banks May Cron & Cavin P.C., 7700 San Felipe, Suite 550, Houston, TX 77063, UNITED STATES 77063-1618 |
| cr | + | Email/Text: info@ts-llp.com | Sep 03 2026 20:55:00 | Jayne Moseley, c/o Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004-1028 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Sep 03 2026 20:56:00 | Lone Star College System, Linebarger Goggan Blair & Sampson LLP, c/o Jeannie Lee Andresen, PO Box 3064, Houston, TX 77253-3064 |
| cr | ^ | MEBN | Sep 03 2026 20:51:25 | Texas Comptroller of Public Accounts, c/o Office of the Attorney General, Bankruptcy - Collections Division MC-008, PO Box 12548, Austin, tx 78711-2548 |
| cr | + | Email/Text: bcd@oag.texas.gov | Sep 03 2026 20:55:00 | Texas Workforce Commission, Jamie Kirk, c/o Sherri K. Simpson, Paralegal, P.O. Box 12548, Austin, TX 78711-2548 |

TOTAL: 10

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| aty | | Megan Clontz |
| aty | | Spencer Fane LLP, 3040 Post Oak Blvd., Suite 1400, Houston |
| intp | | Alvin Coleman, Jr |
| cr | | Anna Barefield |
| cr | | Apex Roofing and Restoration, LLC |
| intp | | Austin Haydel |
| intp | | Betty Jarrell |
| intp | | Broussard & Dove PLLC |
| intp | | Broussard Injury Lawyers, LLC, Daly & Black, P.C., |
| cr | | Christine Griffin |
| cr | | Colby Haas |
| intp | | Daly & Black, P.C. |
| intp | | Danny Neal |
| cr | | Donald Blais |
| intp | | Donald Henderson |
| intp | | Edwin Hessler |

| | | |
|---|---|---|
| intp | | Eric Starks |
| cr | | Faye Larkins-Hewitt |
| intp | | Gayle Heard, et al. |
| cr | | Global Estimating Services, LLC |
| intp | | Hair & Shunnarah Trial Attorneys, LLC |
| intp | | Hancock Whitney Bank |
| intp | | James Junkin |
| intp | | Jason J. Joy & Associates, PLLC |
| intp | | Jessica Martin Scott |
| cr | | Jim Dennis, Jr |
| intp | | Kane Russell Coleman Logan PC |
| intp | | Katherine Monson |
| intp | | Katherine Salvant |
| cr | | Keisha Simpson |
| cr | | Kenneth Davis |
| cr | | Kerry Martin |
| intp | | Krause & Kinsman Trial Lawyers, LLC |
| intp | | Laborde Earles |
| cr | | Linda L.R. Wilhelm |
| intp | | Lindsay Cantrelle |
| cr | | Locklin Consulting, LLC |
| intp | | Louisiana Louisiana Insurance Guaranty Association |
| cr | | Luciana Garcia |
| cr | | Mack Perkins |
| cr | | Makkah Corporation |
| cr | | Nedra Williams |
| cr | | Noble Public Adjusting Group, LLC |
| intp | | Norman Bonck |
| cr | | Oakwood Bank |
| crcm | | Official Committee of Unsecured Creditors |
| cr | | PCG Claims, LLC d/b/a PCG Consulting, LLC |
| intp | | Paul Rahfield |
| intp | | Porsche Financial Services, Inc. |
| cr | | Rachael Apken |
| intp | | Rachelle Cope |
| cr | | Reginald Mack |
| intp | | Sandra Plough |
| intp | | Sara Ardoin |
| cr | | Schilacy Hall |
| intp | | State Farm Fire & Casualty Company |
| intp | | Tasha Venson |
| intp | | Thaddeus Thompson |
| intp | | The Sangisetty Law Firm, PLLC |
| cr | | Todd Charters |
| intp | | Tort Network, LLC d/b/a Velawcity |
| intp | | Troy Scott |
| cr | | William Dunn |
| intp | ##+ | New Orleans Legal, LLC, c/o Peter Diiorio, 825 Baronne Street, New Orleans, LA 70113-1102 |

TOTAL: 63 Undeliverable, 0 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 05, 2026 Signature: /s/Gustava Winters