**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

**RESPONSE IN OPPOSITION TO JEFFREY ALAN VITT'S AMENDED MOTION FOR RECONSIDERATION OF THE CONFIRMATION ORDER**
[Relates to ECF Nos. 1676 and 1697]

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, as Plan Administrator for MMA Law Firm, PLLC (**"MMA"**), files this response in opposition to the Amended and Restated Motion for Reconsideration Pursuant to Federal Rule of Bankruptcy Procedure 9023/ Fed.R.Civ. P. 59 (e) to Alter or Amend the August 5, 2026 confirmation Order [ECF No. 1676] and the Second Amended and Restated Motion for Reconsideration Pursuant to Federal Rule of Bankruptcy Procedure 9023/ Fed.R.Civ. P. 59 (e) to Alter or Amend the August 5, 2026 confirmation Order [ECF No. 1697] (collectively the **"Motions"**) filed by Jeffrey Alan Vitt, and respectfully state as follows:

## SUMMARY

The Motions filed by Mr. Vitt asks the Court to revisit a confirmation order entered after two days of evidentiary hearings, at the close of which the Court found that the Debtor had carried its burden under 11 U.S.C. § 1129. The Motion identifies no error of law or fact in that order. It should be denied.

## RELEVANT BACKGROUND

1. Mr. Vitt and an affiliated entity filed Claim Nos. 73, 74, and 75 nearly two years after the August 13, 2024 claims bar date. The Debtor has objected to each of those claims [ECF Nos. 1609, 1610, 1611, 1612], and those objections remain pending.

2. On August 5, 2026, following contested evidentiary hearings, the Court entered its Order Confirming Third Amended Joint Plan of Liquidation and Plan Supplement [ECF No. 1648] (the **"Confirmation Order"**). In the Motion, Mr. Vitt refers to the Confirmation Order as ECF No. 1660, which is the BNC Certificate of Mailing.

3. Two days prior to confirmation, Mr. Vitt filed a Notice of Joinder in the United States Trustee's objections to the Plan [ECF No. 1645].

4. The Court overruled the United States Trustee's objection on the record at the confirmation hearing.

5. On August 19, 2026, Mr. Vitt filed a Motion to Reconsider [ECF No. 1670], which the Court struck [ECF Nos. 1673, 1678].

6. On August 25, 2026, Mr. Vitt filed an *Amended Motion for Reconsideration Pursuant Pursuant to Federal Rule of Bankruptcy Procedure 9023/ Fed.R.Civ. P. 59 (e) to Alter or Amend the August 5, 2026 confirmation Order* (the **"Amended Motion"**) (ECF No. 1676).

7. On August 28, 2026, Mr. Vitt filed a Second *Amended Motion for Reconsideration Pursuant Pursuant to Federal Rule of Bankruptcy Procedure 9023/ Fed.R.Civ. P. 59 (e) to Alter or Amend the August 5, 2026 confirmation Order* (the **"Second Amended Motion"**) (ECF No. 1697).

8. The Amended Motion and the Second Amended Motion are collectively referred to as the **"Motions"**.

## ARGUMENT

9. Rule 9023 incorporates Federal Rule of Civil Procedure 59(e). The Federal Rules of Civil Procedure 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovery evidence. *Templet v. HydroChem, Inc.,* 367 F. 3d 473, 479 (5th Cir. 2004). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.*

10. The Motions do not point to any requirement of § 1129 that the Court misapplied or any finding that lacks support in the record. The Motions instead characterizes certain Plan provisions, including the forbearance in Plan § 5.8, as "illicit shields" for the Debtor's principals. Those provisions were fully disclosed, were subject to objection (including the very objection Mr. Vitt joined), and were approved by the Court after an evidentiary hearing. Disagreement with the result is not manifest error.

11. The Motions do not explain how the matters it describes, which include Oklahoma injunction statutes, a data breach, a Texas Department of Insurance escrow matter, a real estate closing, and a Denton County probate proceeding, bear on any element of § 1129, much less how they would have changed the outcome.

12. Each item in the Motions' prayer falls outside what reconsideration of a confirmation order can accomplish. Striking the Plan's forbearance provision would modify a confirmed plan. Liquidating and "protecting" Claim No. 73 is a question of claim allowance under 11 U.S.C. § 502 and Rule 3007, and the Debtor's objection to that claim is pending. No privilege dispute is before the Court to which a crime fraud exception could apply. And Rule 2004 discovery is the subject of Mr. Vitt's separate motion [ECF No. 1677], not relief available under Rule 9023.

## CONCLUSION

Ms. Byman respectfully requests that the Court deny the Motions and grant such other relief as is just.

Dated: September 15, 2026.

Respectfully submitted,

By: */s/ Miriam Goott*
Miriam Goott
SBN 24048846
Walker & Patterson, PC
P.O.Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR**

## CERTIFICATE OF SERVICE

I certify that on September 15, 2026, a true and correct copy of this response was served through the Court's CM/ECF system on all parties registered to receive electronic notice, and by email on Jeffrey Alan Vitt at javit2004rule@gmail.com.

*/s/ Miriam Goott*
Miriam Goott