**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

**RESPONSE IN OPPOSITION TO JEFFREY ALAN VITT'S MOTION FOR RULE 2004 EXAMINATION**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC ("MMA"), files this response in opposition to the Motion of Jeffrey Alan Vitt for Examination of John Zachary Moseley, James M. McClenny, and the Debtor under Federal Rule of Bankruptcy Procedure 2004 and for Production of Documents [ECF No. 1677] (the **"Motion"**), In support, Respondents state as follows:

## I. SUMMARY

Mr. Vitt never conferred before filing the Motion, as Bankruptcy Local Rule 2004-1(c) requires. That failure alone warrants denial. The Motion also fails on its merits. Mr. Vitt's own claims are the subject of pending contested matters, so Rule 2004 is not the proper vehicle for discovery. The examination he seeks has nothing to do with the administration of this estate and targets his personal business disputes, his family trusts, the confidential files of other clients, and the personal devices of individuals. And the Motion asks the Court to override privileges no one has asserted, on a record that supplies no factual basis for doing so.

## II. BACKGROUND

1. On August 5, 2026, the Court confirmed the Debtor's Third Amended Joint Plan of Liquidation [ECF No. 1648]. The Effective Date occurred on August 20, 2026 [ECF No. 1669].

2. Mr. Vitt and an affiliated entity filed Claim Nos. 73, 74, and 75 nearly two years after the August 13, 2024 claims bar date. On July 30, 2026, the Debtor objected to those claims [ECF Nos. 1609, 1610, 1611, 1612]. The objections remain pending, and the Debtor has asked the Court to set them for hearing.

3. Mr. Vitt submitted the Motion on August 26, 2026. It seeks to examine James M. McClenny, John Zachary Moseley, and Ms. Byman, and to compel production within fourteen days of the categories listed in its Exhibit A. Exhibit A also names Ben Baker as an examinee, although the Motion itself does not. The Motion proposes no date, time, or place for any examination.

## III. ARGUMENT

### A. Mr. Vitt did not confer, as the Local Rules require.

4. In this District, "[c]onferences to arrange for an agreeable examination schedule are required," and a failure to confer is grounds to quash the examination and for sanctions. BLR 2004-1(c). The Motion recasts that mandatory requirement as something the rule merely "encourages" and it does not claim that any conference took place.

5. None occurred. Before the Motion was filed, Mr. Vitt made no request to confer with Respondents' counsel about an examination, its scope, or a schedule. His only communication to counsel on the subject arrived early on August 26, 2026, and simply transmitted the completed Motion and its certificate of service.

6. The Motion's suggestion that the Debtor "refus[ed] to confer" is unfounded. Mr. Vitt knows how to confer, and he has done so in this case: on July 30, 2026, he emailed counsel to confer on his emergency motion for continuance, and counsel responded the same day. He made no similar effort here. (Exhibit A)

7. The Motion also disregards the balance of BLR 2004-1. It states no date, time, or place for any examination, and it demands production on fourteen days' notice through a court order rather than the written notice procedure the rule prescribes. BLR 2004-1(d). Because the Motion is not a notice of examination under BLR 2004-1(d), and because Mr. Vitt himself noticed it for a 21-day response period, nothing in it is deemed ordered under BLR 2004-1(e).

**B. The pending proceeding rule bars the examination.**

8. Once a contested matter or adversary proceeding is pending, discovery relating to it must proceed under the discovery rules that govern that proceeding, not Rule 2004. *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

9. The Debtor's objections to Mr. Vitt's claims are pending contested matters.

**C. The Motion does not show good cause, and it seeks discovery for an improper purpose.**

10. The party seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks. *In re Eagle-Picher Industries, Inc.* 169 B.R. 130, 134 (Bankr. S. D. Ohio 1994). Good cause for a 2004 examination generally requires a showing that the examination sought is necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice. In re Dinubilo, 177 B.R. 932, 940 (E.D. Cal. 1993). Furthermore, if the cost and disruption to the

examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied. In re Eagle-Picher Industries, 169 B.R. at 134.

11. The Motion does not connect a single request to the administration of this estate, which is now proceeding under a confirmed and effective plan. Instead, it seeks communications from 2015 forward, while Mr. McClenny and Mr. Moseley worked at another firm, a period the Motion concedes predates the Debtor's formation in May 2016. It seeks every communication about Mr. Vitt, "his personal affairs, his family, his businesses, his entities, and his irrevocable trust interests," defined to include more than thirty individuals, trusts, and companies. It seeks records of a 2018 real estate closing, a Denton County lawsuit, a Rogers County lawsuit, and a probate receivership, together with communications with more than a dozen outside lawyers and firms. None of this bears on the Debtor's property, liabilities, or plan implementation. It is an effort to use this Court's process to investigate Mr. Vitt's own grievances.

12. The requests are also grossly overbroad and unduly burdensome. They demand the personal phones, tablets, and private email accounts of individuals; unredacted trust account ledgers and wire records that would disclose the confidential information of clients who are strangers to Mr. Vitt's dispute; and complete legal files, work product, and strategy memoranda, all within fourteen days.

## IV. RELIEF REQUESTED

Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC requests that the Court deny the Motion and grant such other relief as is just.

Dated: September 15, 2026.

Respectfully submitted,

By: */s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, TX 77092
Phone: 713-956-5577
Email: mgoott@walkerandpatterson.com
**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR**

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2026, a true and correct copy of this response was served through the Court's CM/ECF system on all parties registered to receive electronic notice, and by email on Jeffrey Alan Vitt at javit2004rule@gmail.com.

*/s/ Miriam Goott*
Miriam Goott