**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 24-31596** |
| **MMA LAW FIRM, PLLC,**[1] | § | |
| | § | |
| ***Debtor.*** | § | |

# SUMMARY COVER SHEET TO THE FIFTH AND FINAL FEE APPLICATION OF LAWSON & MOSHENBERG PLLC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE FEE PERIOD FROM AUGUST 13, 2024, THROUGH SEPTEMBER 15, 2026

| **Name of Applicant:** | **Lawson & Moshenberg PLLC** | |
|---|---|---|
| Applicant's Professional Role in Case: | Counsel to the Official Committee of Unsecured Creditors | |
| Indicate whether this is an interim or final application: | Interim | |
| Date Order of Employment Signed | October 4, 2024 [ECF No. 319] | |
| | **Beginning of Period** | **End of Period** |
| Time period covered in application: | 8/13/2024 | 9/15/2026 |
| Time periods covered by any prior applications: | 8/13/2024 | 12/31/2025 |
| Total amounts awarded in all prior applications: | $782,356.42 | |
| Amount of retainer received in the case: | N/A | |
| Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied): | $880,654.42 | |
| Total fees applied for in this application (including any retainer amounts to be applied): | $98,260.00 | |
| Total professional fees requested in this application: | $170,082.00[2] | |

[1] The last four digits of the Debtor's federal tax identification number is: 5686.

[2] Professional fees of $287,288 were allowed for LM in the First Interim Fee Application, but 25% of the fee compensation, or $71,822, was held-back pending a final fee application. ECF No. 527 at ¶¶ 5-6. The unpaid fees and costs in this Fifth and Final Fee Application total $98,298 which covers fees and costs only for the Fifth Fee Period. Therefore, the total unpaid compensation includes the hold-back from the First Interim Fee Period, together with the fees and costs incurred through the Fifth Fee Period, which means the total unpaid compensation is $170,082.

| | |
|---|---|
| Total professional hours covered by this application: | 118.8 |
| Average hourly rate for professionals: | 762.12 |
| Total paraprofessional fees requested in this application: | $7,720 |
| Total paraprofessional hours covered by this application: | 38.6 |
| Average hourly rate for paraprofessionals: | $200 |
| Reimbursable expenses sought in this application: | $38.00 |
| Total to be paid to Priority Unsecured Creditors: | Unknown |
| Anticipated % Dividend to Priority Unsecured Creditors: | Unknown |
| Total to be paid to General Unsecured Creditors: | Unknown |
| Anticipated % Dividend to General Unsecured Creditors: | Unknown |
| Date of confirmation hearing: | August 4, 2026 |
| Indicate whether the plan has been confirmed: | Yes |

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 24-31596** |
| **MMA LAW FIRM, PLLC,**[3] | § | |
| | § | |
| ***Debtor*.** | § | |

**FIFTH AND FINAL FEE APPLICATION OF LAWSON & MOSHENBERG PLLC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE FEE PERIOD FROM AUGUST 13, 2024, THROUGH SEPTEMBER 16, 2026**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Lawson & Moshenberg PLLC ("LM"), counsel to the Official Committee of Unsecured Creditors ("UCC"), hereby submits this Fifth and Final Fee Application for Allowance and Payment of Fees and Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From August 13, 2024, through September 15, 2026 (the "Application"), for compensation for attorney's fees and expenses totaling $804,739.00, less any amounts already paid through interim fee orders, for services rendered from August 13, 2024 through September 16, 2026.

**JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding.

[3] The last four digits of the Debtor's federal tax identification number is: 5686.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and procedural bases for the relief requested herein are 11 U.S.C. § 330, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas.

**BACKGROUND**

4. On April 9, 2024 ("Petition Date"), MMA Law Firm, PLLC ("Debtor") filed a voluntary petition in this Court commencing its case for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108. No trustee has been appointed in this Case.

5. On April 30, 2024, the U.S. Trustee appointed the Committee of Unsecured Creditors ("Committee") pursuant to § 1102. ECF No. 23.

6. On October 4, 2024, the Court entered an order authorizing Applicant's retention as co-counsel to the Committee, effective August 13, 2024. ECF No. 31.

7. On December 9, 2024, LM filed its First Interim Fee Application. ECF No. 437.

8. On February 6, 2025, LM, the Debtor, and EAJF entered into a Stipulation regarding L&M's First Interim Fee Application and the Court approved it. ECF No. 527.

9. In the approved stipulation, the Court allowed LM's fees and costs in full under the First Interim Fee Application. ECF No. 527 at ¶¶ 3, 5. As a part of that stipulation, 25% of LM's allowed fees, or $71,822.00, were held-back pending a final fee application. *Id*. at ¶¶ 5-6.

10. On June 13, 2025, the Debtor filed its plan and disclosure statement. ECF No. 693.

11. On June 17, 2025, LM filed its Second Interim Fee Applications. ECF No. 696.

12. On July 9, 2025, LM and Equal Access Justice Fund, LP and EAJF ESQ Fund, LP entered in into a stipulated reduction in the LM Second Interim Fee Application. ECF No.

728.

13. On July 10, 2025, the Court granted LM's Second Interim Fee Application. ECF No. 730.

14. On January 15, 2026, the Court granted Otterbourg P.C.'s Motion to Withdraw as Co-Counsel of Unsecured Creditors. ECF No. 1261.

15. On January 16, 2026, LM filed its Third Interim Fee Applications. ECF No. 1268.

16. On February 9, 2026, the Court granted LM Third Interim Fee Application. ECF No. 1321.

17. On May 13, 2026, LM filed its Fourth Interim Fee Applications. ECF No. 1486.

18. On June 4, 2026, the Court granted LM's Fourth Interim Fee Application. ECF No. 1534.

19. On August 5, 2026, the Court entered its Order Confirming Third Amended Joint Plan of Liquidation and Plan Supplement of MMA Law Firm, PLLC. ECF No. 1648.

## LM'S PRIOR FEE APPLICATIONS

20. LM filed four interim fee applications during the pendency of this Chapter 11 case. *See* ECF Nos. 437, 696, 1268, and 1534. The Court granted each of them. See ECF Nos. 527, 728, 1321, and 1534.

21. To date, on an interim basis, the Court has approved $772,829.29 in fees, and $9,527.13 in expenses for services rendered to the UCC. LM's prior applications, together with the attached fee statements and expense records are incorporated herein by reference. *See* ECF Nos. 437, 696, 1268, and 1534.

22. However, LM, together with the Debtor and EAJF, stipulated to, and the Court approved, a 25% holdback of payment on allowed compensation for professional services rendered

in the First Interim Fee Application until the final fee application. ECF No. 527 at ¶¶ 5-6. The amount of the holdback was $71,822. Therefore, LM has an outstanding balance of $71,822 of allowed compensation through the first, second, third, and fourth interim fee statements.

**THE FIFTH AND FINAL FEE APPLICATION**

23. All services for which Applicant requests compensation were performed on behalf of the Committee. Applicant has received no payment and no promises for payment from any source other than Debtor for the services rendered in this Case or connection with this application. Further, no agreement or understanding exists between Applicant and any other person or entity for the sharing of compensation to be received for services rendered in, or in connection with, this Case.

24. In support of this Application, LM attaches the following exhibits:

| Exhibit | Description |
| --- | --- |
| A. | Notice of Lawson & Moshenberg PLLC's 22nd Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From May 1, 2026, through May 31, 2026. |
| B. | Notice of Lawson & Moshenberg PLLC's 23rd Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From June 1, 2026, through June 30, 2026. |
| C. | Notice of Lawson & Moshenberg PLLC's 24th Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From July 1, 2026, through July 31, 2026. |
| D. | Notice of Lawson & Moshenberg PLLC's 25th Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From August 1, 2026, through August 31, 2026. |
| E. | Notice of Lawson & Moshenberg PLLC's 26th Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors for the Period From September 1, 2026, through September 15, 2026 |

25. Although every effort has been made to include all fees and expenses incurred during the Fee Period, some fees and expenses might not be included in this Application due to delays caused by accounting and processing during the Fee Period. LM reserves the right to make further application to this Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules for the Southern District of Texas, the Procedures for Complex Cases in the Southern District of Texas, and the Interim Compensation Order.

**APPLICANT'S SERVICES**

26. Applicant submits its request for the final allowance of compensation is reasonable and appropriate. The services rendered by Applicant required substantial time and effort, including through various adversary litigations, briefing and argument in the Supreme Court of Louisiana, and contested confirmation of this bankruptcy plan.

27. Section 330 of the of the Bankruptcy Code authorizes the Court to award Lawson & Moshenberg PLLC reasonable compensation for its actual and necessary services rendered and reimbursement of its actual and necessary expenses incurred in the rendering of services as general counsel to the Trustee. Section 330 provides:

> (a)(1) After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103:
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1).

28. This Application substantiates the total amount Applicant seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications.

29. Pursuant to § 330(a)(3), a court should consider the following factors in determining the amount of reasonable compensation to be awarded:

a. the time spent on such services;

b. the rates charged for such services;

c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

30. Applicant respectfully submits the services for which it seeks compensation in this Application were necessary for, and beneficial to, the Committee, the Debtor's estate, and its creditors, and such services were performed economically, effectively, and efficiently, and were necessary to maximize the Debtor's estate for the benefit of its creditors. For example, the Committee was instrumental, as mentioned on the record in several hearings, in bringing the Debtor and secured creditor together for a settlement paving the way for a bankruptcy plan. The Committee mediated with Debtor and secured creditor, conducted numerous telephone conferences, hearings, and corresponded over email to reach an agreement. The agreement allowed for unsecured creditors to share in the waterfall of litigation collections together with the secured lender, whereas without this agreement the secured lender sought to assert its status as first in line

for payment. In other words, the UCC helped secure payment for the unsecured creditors that may not have otherwise been made available to them. The Committee also met almost weekly throughout the pendency of this Chapter 11 case to discuss issue items and to make sure the unsecured creditors were up-to-speed on current status in the bankruptcy. Further, the Committee was instrumental in working through a contested 9019 on the settlement with the secured creditor. The contested 9019 involved multiple days of evidentiary hearings, and post-hearing conferences with the objecting parties. Again, the Committee was instrumental in bringing that contested litigation to a largely un-objected to resolution that the Court could approve and pave the way for a bankruptcy plan.

31. The Committee has also played a critical role in the bankruptcy plan process, including helping to shepherd the Parties towards consensus on a plan, and represent the unsecured creditors interests through objections and numerous conferences with constituent parties regarding the Plan. The Parties formally mediated plan objections before the Honorable Judge Alfredo Perez, and utilized the mediation process to get to a largely consensual plan on unique facts.

32. In addition, the Committee has participated, where appropriate, in the Debtor's adversaries including the Morris Bart adversary where the District Court certified questions to the Louisiana Supreme Court. The Committee played an important role in the certification litigation by submitting an Amicus brief outlining bankruptcy implications and information about the creditor body for the Louisiana Supreme Court. The Committee was then granted permission to give oral argument before the Louisiana Supreme Court.

33. Finally, the Committee was instrumental in getting this bankruptcy plan confirmed. After two days of contested hearings, the Committee brokered an agreement between the secured lender, various objecting parties, and the Debtor that resulted in a largely consensual plan that this

Court could confirm.

34. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtor's estate, and its creditors, taking into account the complexities and challenges presented.

35. In summary, the services rendered by Applicant were necessary and beneficial to the Committee, the Debtor's estate, and its creditors, and were consistently performed in manner commensurate with the complexity, importance, novelty, and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

**DISBURSEMENTS**

36. Applicant incurred actual and necessary out-of-pocket expenses during the Fifth Fee Period, which are set forth in Exhibits A-1, B-1, C-1, D-1, and E-1. By this Application, Applicant respectfully requests allowance for reimbursement, in full, of such expenses. Further, Applicant seeks approval on a final basis of all fees and expenses already allowed by this Court, which fees and expenses are incorporated here by reference. ECF Nos. 437, 696, 1268, and 1534

**NO PRIOR REQUEST**

37. No prior application has been made to this Court or any other court for the relief requested herein.

**CONCLUSION**

**WHEREFORE**, LM respectfully requests the Court enter an order (a) granting final approval of compensation for professional services rendered by LM during the Fee Period in the amount of $871,089.23, (b) granting reimbursement of actual and necessary expenses incurred by LM during the Fee Period in the amount of $9,565.13, and (c) authorizing the Debtors to pay the fees and expenses to LM as requested, less any amounts already paid, which results in an unpaid

total of $170,120, on a final basis, and (d) granting such other and further relief as is just and proper.

Dated: September 16, 2026

**LAWSON & MOSHENBERG PLLC**

By: *<u>/s/ Nicholas R. Lawson</u>*
Nicholas R. Lawson (Texas Bar No. 24083367)
2301 Commerce St., Suite 200
Houston, TX 77002
Tel: 832-280-5670
Nick.Lawson@lmbusinesslaw.com

*Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was electronically served to all parties registered to receive electronic notices *via* CM/ECF in this case on September 16, 2026.

*<u>/s/ Nicholas R. Lawson</u>*
Nicholas R. Lawson