**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No.: 24-31596** |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **Chapter 11** |
| **DEBTOR.** | § | |

## APPLICATION TO APPROVE EMPLOYMENT OF ACCOUNTANT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

| | |
|---|---|
| Name of Plan Administrator | Allison D. Byman |
| Name of professional to be employed | KenWood & Associates, P.C. with David E. Bott to act as lead accountant |
| Reason that employment is needed | To perform various financial and other professional services, including the filing of tax returns |
| Reason the Plan Administrator selected this professional | The firm's accountants have considerable experience in matters of this character and the Plan Administrator is of the opinion that they are well qualified to perform the accounting services required in this case. The Plan Administrator relies on the firm's services and trusts in the firm's abilities to complete the tasks requested of them on a consistent basis. |
| Professional's connection to the case | None |
| Compensation arrangement | Hourly. CPAs and accountants anticipated to be involved in this case are David E. Bott $425.00; Amanda M. Hall $350.00; Christopher W. Hale $225.00; Sandra Y. Salamanca $220.00; Michelle Wood $225.00; Kyle R. Welch $200.00; Kaylee E. White $200.00. |

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, UNITED STATES BANKRUPTCY JUDGE:**

The Application of Allison D. Byman, Plan Administrator, Applicant herein, respectfully represents:

1. On April 9, 2024, the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code and Allison D. Byman was subsequently appointed as Chapter 11 Plan Administrator to administer the assets of the bankruptcy estate.

2. Applicant, as Plan Administrator, wishes to employ the accounting firm of KenWood & Associates, PC ("KWA") with offices located at 14090 Southwest Freeway, Suite 200, Sugar Land, Texas 77478. David E. Bott shall act as lead accountant for the Plan Administrator.

3. Plan Administrator has selected David E. Bott and the accounting firm of KenWood & Associates, PC for the reason that the firm's accountants have considerable experience in matters of this character. Plan Administrator is of the opinion that they are well qualified to perform the accounting services required in this case. The Plan Administrator relies on the advice and practices at KWA and frequently employs the firm as her accountants based on this relationship and trust.

4. Plan Administrator proposes that KWA shall be employed to perform various financial and other professional services including, but not limited to the following:

a) to prepare any necessary federal and state income, payroll, sales, franchise and excise tax returns and reports of the bankruptcy estate;

b) to provide evaluations and advice to Plan Administrator on tax matters which may arise, including the determination of the tax basis of estate assets and the evaluation of the tax effects of the sale of assets of the estate;

c) to locate, obtain, inventory and preserve the accounting, business and computer records of the Debtor for use in performing the tasks assigned to Applicant and in Plan Administrator's administration of the estate;

d) to analyze the Debtor's books and records and financial transactions regarding possible fraudulent, post-petition and/or preferential transfers to which the estate may be entitled to a recovery;

e) to analyze the books and records and financial transactions of entities and individuals to which the Debtor is related, may be related or may have been

related at some prior date to determine the value of any assets and existence of possible fraudulent transfers to which the estate may be entitles to a recovery; and

f) to assist Plan Administrator as an accountant and/or expert witness in litigation of the estate, assist in examinations and discovery under Federal Rule of Bankruptcy Procedure 2004 and the Federal Rules of Civil Procedures and to prepare any required expert reports related to litigation matters.

5. The Plan Administrator, exercising her business judgment, believes that the employment of KWA as accountants is in the best interest of the estate.

6. To the best of Plan Administrator's knowledge after diligent inquiry, the persons employed by KWA and the accounting firm of KWA have no connection with the Debtor, creditors, any other party-in-interest, their respective attorneys and accountants, the United States Plan Administrator or any person employed in the Office of the United States Trustee.

7. Furthermore, as evidenced by the affidavit attached hereto as **Exhibit "A"**, which by reference is incorporated herein for all purposes, the persons employed by KWA and the accounting firm of KWA represent no interest adverse to Plan Administrator or the estate in the matters upon which it is to be engaged for the Plan Administrator.

8. Plan Administrator certifies that KWA is not being employed to perform duties required to be performed by the Plan Administrator. Plan Administrator has informed KWA that if Plan Administrator duties are performed, KWA may not be compensated by the bankruptcy estate.

9. KWA is willing to do the accounting work described above on a reasonable hourly fee basis, subject to interim application and Court approval. The hourly billing rates of KWA personnel are presently $425.00 per hour payable for work performed by David E. Bott, $350.00 per hour payable for work performed by Amanda M. Hall; $225.00 per hour payable for work performed by Christopher W. Hale, $220.00 per hour payable for work performed by Sandra Y. Salamanca, $225.00 per hour payable for work performed by Michelle M .Woods, $200.00 per hour payable for work performed by Kyle R. Welch, $200.00 per hour payable for work performed by Kaylee E. White, and amounts ranging from $400 to $125 per hour payable for work performed by other associates commensurate with their experience. Out of pocket expenses will

be charged at actual cost incurred. Plan Administrator agrees to pay, subject to court approval by separate application, the professional rates listed but reserves the right to seek an accommodation or reduction of fees in the event of any unanticipated or adverse events negatively affecting the economics of the Estate.

10. As further evidenced in Exhibit "A", the hourly rates charged by KWA are the same as or less than comparable accountants who perform the same kind of work in the same geographical area.

11. Plan Administrator requests that this Application be granted effective August 26, 2026.

**WHEREFORE, PREMISES CONSIDERED,** Plan Administrator respectfully prays that she be authorized to employ and appoint, effective August 26, 2026, the accounting firm of KenWood & Associates, PC with David E. Bott acting as lead accountant to represent Plan Administrator in this case under Chapter 11 of the Bankruptcy Code and the Plan Administrator have such other and further relief as is just.

Dated the 22nd of September, 2026.

Respectfully submitted,

*/s/ Allison D. Byman**
Allison D. Byman
SBN 24040773
7924 Broadway
Suite 104
Pearland, TX 77581
Phone: 281-884-9269
Email: adb@bymanlaw.com

**signed with permission*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Application to Employ was served on only the United States Trustee, by ECF notification on this the 22nd day of September, 2026 as it is allowed to be submitted *ex parte* under BLR 9003.

*/s/ Allison D. Byman**
Allison D. Byman, Plan Administrator

**signed with permission*