IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S MOTION TO COMPROMISE CONTROVERSY WITH AMO TRIAL LAWYERS, LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this Motion to Compromise Controversy (the **"Motion"**), seeking approval of a settlement with AMO Trial Lawyers, LLC (**"AMO"**) that resolves the claims asserted in Adversary No. 26–03106. In support thereof, the Plan Administrator states as follows:

## RELEVANT BACKGROUND FACTS

1. MMA Law Firm, PLLC ("MMA") is a Texas litigation firm that previously represented thousands of clients in property insurance claims following Hurricanes Laura, Delta, Zeta, and Ida.

2. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On August 5, 2026, the Court entered its order confirming MMA's Chapter 11 plan (ECF No. 1660). Under the confirmed plan, Allison D. Byman serves as Plan Administrator.

4. On April 8, 2026, MMA filed a Complaint (the "Complaint") commencing this adversary proceeding against AMO Trial Lawyers, LLC ("AMO"), styled *MMA Law Firm, PLLC v. AMO Trial Lawyers, LLC*, Adversary No. 26-03106 (the "Adversary").

5. The Adversary concerns attorney's fees arising from seven cases in which MMA previously represented clients on a contingency-fee basis and AMO subsequently stepped in as counsel and settled the cases (the "Former MMA Cases").

6. On May 11, 2026, AMO filed its Answer and Affirmative Defenses to Complaint with July Demand, denying liability and asserting defenses to each of the claims pleaded in the Adversary.

7. The Parties have reached a global settlement agreement which is subject to approval by this Court. The material terms of the settlement agreement (the **"Settlement Agreement"**), attached hereto as Exhibit A, are as follows:

a. Within three (3) days following entry of an order approving the Settlement Agreement, AMO shall pay the estate the total sum of $11,100.00 (the **"Settlement Payment"**).

b. The Settlement Payment shall be made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman at 7924 W. Broadway, Suite #104, Pearland, TX 77581.

c. After entry of the order approving the Settlement Agreement and receipt of the settlement amount, the parties shall dismiss the Adversary with prejudice, each party bearing its own attorney's fees and costs.

## ARGUMENT AND AUTHORITIES

8. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation, and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

9. The Plan Administrator believes the estate holds a claim to a share of the attorney's fees earned in the Former MMA Cases based on the work MMA performed before AMO was substituted as counsel. However, in two of the seven Former MMA Cases, MMA already received attorney's fees from settlements with LIGA that were previously approved by the Court, and the Plan Administrator does not believe the estate would be entitled to additional funds based on MMA's work in those cases. Moreover, litigation over the apportionment of fees would be uncertain and intensely fact-dependent. Although the Plan Administrator is confident in the estate's position, success is not assured.

10. Unlike other similar adversary proceedings filed in this case, MMA and AMO did not enter into an agreement to jointly handle these cases. In those other cases, the Court approved settlements under which MMA received one-third of the attorney's fees. Here, one-third of the

attorney's fees would be $17,564.47. The Plan Administrator has agreed to settle this matter for $11,100.00, or $6,464.47 less than what she believes the estate could recover through litigation. This business judgment is based on the anticipated out-of-pocket costs and resources required to litigate the matter through trial. Five depositions of the Former MMA Clients and one deposition of AMO would likely exceed the $6,464.47 difference. In summary, the proposed settlement eliminates the uncertainty, expense, and delay of further litigation while securing $11,100.00 for the estate.

11. AMO is a law firm, and collection would not likely pose a serious issue. Obtaining and enforcing a judgment could still involve delay, expense, and potential appeals. Given the modest sum at stake, the cost of litigating to judgment and collecting on it would likely exceed the amount of any judgment obtained. The settlement provides immediate certainty and avoids enforcement issues.

12. The underlying dispute is relatively straightforward. Disputes over the apportionment of fees nonetheless involve conflicting records, competing readings of engagement agreements, and questions of credibility, each of which increases cost and risk. Settlement avoids those complications.

13. The proposed compromise is in the best interest of the estate and its creditors. It results in an immediate cash recovery at no further expense to the estate, and those funds will be available for distribution to creditors under the confirmed plan. Creditors receive notice of this Motion and an opportunity to be heard.

**WHEREFORE,** Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, prays that the Court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as those set out in the Settlement Agreement

attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and grant such other relief as the Court finds appropriate and just to grant.

Dated: September 24, 2026.

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: *_/s/ Miriam T. Goott_*
Miriam T. Goott
attorney in charge
State Bar No. 24048846
4815 Dacoma
Houston, Texas 77092
Telephone: (713) 956-5577
Facsimile: (713) 956-5570
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN,**
**PLAN ADMINISTRATOR FOR**
**MMA LAW FIRM, PLLC**

## CERTIFICATE OF SERVICE

I, Miriam Goott, hereby certify that a true and complete copy of the foregoing Motion to Compromise Controversy was served on all parties receiving notice via CM/ECF, including counsel to AMO on September 24, 2026.

*/s/ Miriam T. Goott*
Miriam T. Goott