**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **§** | **Case No. 24-31596** |
| | **§** | |
| **MMA LAW FIRM, PLLC** | **§** | **Chapter 11** |
| | **§** | |
| ***Debtor*.** | **§** | |

**<u>PLAN ADMINISTRATOR'S MOTION TO COMPROMISE CONTROVERSY WITH LABORDE EARLES LAW FIRM, LLC</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the "Plan Administrator"), hereby files this *Motion to Compromise Controversy* (the "**Motion**"), seeking court approval of a settlement with Laborde Earles Law Firm, LLC (**"Laborde Earles" or "LE")** resolving Adversary Proceeding No. 24-03130. In support thereof, the Debtor states as follows:

## <u>RELEVANT BACKGROUND FACTS</u>

1. MMA Law Firm, PLLC (the **"Debtor" or "MMA"**) is a Texas-based litigation law firm that represented clients on a contingency fee basis (the **"Hurricane Cases"**). MMA entered into co-counsel agreements with Cristobal M. Galindo, PC (**"Galindo"**) in many of the Hurricane Cases, under which both firms jointly represented clients on a contingency fee basis (the **"MMA/Galindo Agreement"**).

2. On or about March 3, 2023, attorneys associated with MMA were suspended from practice in the United States District Court for the Western District of Louisiana. Following that suspension, MMA sought to transfer client representations to other law firms.

3. Following the suspension, Laborde Earles undertook the representation of the Hurricane Cases on a contingency fee basis (the **"LE/Debtor Cases"**). The LE/Debtor Cases are cases that were subject to the MMA/Galindo Agreement (**"MMA/Galindo Cases"**).

4. On April 9, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. MMA initiated Adversary Proceeding No. 24-03130 against Laborde Earles, which has also proceeded in the United States District Court for the Southern District of Texas under Case No. 4:25-cv-00097 (together, the **"Adversary Proceeding").** In its Amended Complaint [Adv. Pro. No. 24-03130, ECF No. 25], MMA asserted claims for violation of the automatic stay under 11 U.S.C. § 362, declaratory judgment under 11 U.S.C. § 541, and turnover of property of the estate under 11 U.S.C. § 542.

6. Laborde Earles filed an Amended Answer and Defenses [Adv. Pro. No. 24-03130, ECF No. 50], denying all of MMA's claims and asserting numerous affirmative defenses.

7. On August 2, 2024, this Court entered an Agreed Preliminary Injunction [Adv. Pro. No. 24-03130, ECF No. 22] (the **"Agreed Preliminary Injunction"**), pursuant to which Laborde Earles has continued prosecuting and settling the LE/Debtor Cases and has held attorneys' fees and cost reimbursements in a trust account pending further order of this Court (the **"Segregated Trust Funds"**).

8. The Segregated Trust Funds represent attorneys' fees and cost reimbursements generated or incurred by MMA and Laborde Earles in the LE/Debtor Cases and held pending further order of this Court. The Debtor asserts, and the Settlement Agreement is premised upon, the position that the Debtor's alleged interest in those funds is an interest of the estate, and that payment of the Settlement Payment to the Debtor in accordance with an order of this Court discharges Laborde Earles as to that interest.

9. On September 18, 2025, this Court approved a settlement agreement between MMA and Galindo [ECF No. 832] (the **"Galindo Settlement")**, pursuant to which Galindo irrevocably waived and released all claims to attorneys' fees, costs or recovery arising from the Former MMA Clients (the **"Galindo Order"**).

10. Pursuant to the Galindo Settlement and the accompanying Galindo Order, Galindo irrevocably waived all claims against any successor firms related to the MMA/Galindo Cases, and specifically agreed that all successor firms may rely on this waiver as third-party beneficiaries. Laborde Earles is a successor firm under the definition contained in the Galindo Settlement.

11. Following extensive negotiations and a failed mediation, the Plan Administrator and Laborde Earles reached a settlement resolving all claims between them arising from the LE/Debtor Cases and the Adversary Proceeding, subject to approval by this Court.

**SETTLEMENT TERMS**

12. The material terms of the Settlement Agreement attached hereto as Exhibit A are as follows:

a. Laborde Earles shall pay to MMA the sum of $607,028.99 (the **"Settlement Payment")** which may be funded from the trust account maintained by Laborde Earles pursuant to the Agreed Preliminary Injunction.

b. Upon entry of an order approving the Settlement Agreement, the Agreed Preliminary Injunction shall be deemed modified to authorize disbursement of the Settlement Payment from that trust account.

c. Laborde Earles shall preserve all electronically stored information, documents, files, communications, and other records relating to MMA, MMA's principals, the Hurricane Cases, the LE/Debtor Cases, or any former MMA client for a specified preservation period, and shall cooperate in good faith with formal discovery served by MMA in other litigation during that period, subject to applicable privileges and cost reimbursement.

d. Upon receipt of the Settlement Payment, the parties shall exchange mutual releases of all claims arising from or relating to the LE/Debtor Cases, subject to specified exclusions specified in the Settlement Agreement.

13. The schedule of LE/Debtor Cases and the underlying settlement statements contain confidential client information. The Settlement Agreement provides that those materials shall be treated as confidential. MMA has therefore not attached that schedule to this Motion, and stands ready to provide it to the Court in camera or under seal upon request.

14. Notice of this Motion has been served on all creditors and parties in interest in this

case. Any person or entity asserting an interest in the Segregated Trust Funds, or in the attorneys' fees and cost reimbursements generated in the LE/Debtor Cases, has the opportunity to be heard on this Motion. The Plan Administrator submits that upon approval, and upon Laborde Earles' payment of the Settlement Payment in accordance with the order approving this Motion, no party in interest retains any right to recover from Laborde Earles any portion of those fees or reimbursements, all such interests having been satisfied by payment to the estate.

## ARGUMENT AND AUTHORITIES

15. FED. R. BANKR. P. 9019 governs compromises with the trustee. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation; and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

**FACTOR 1: PROBABILITY OF SUCCESS IN THE LITIGATION.**

16. The Plan Administrator believes it has a strong claim to a share of the attorneys' fees earned in the LE/Debtor Cases based on the legal work MMA performed before the transfer of those representations. Laborde Earles disputes that position, denies the existence of any binding fee arrangement with MMA, denies that the settlement proceeds constitute property of the estate, and denies that any violation of the automatic stay occurred or was willful.

17. Litigation over fee apportionment is inherently uncertain and fact-intensive related to the value of services rendered by each firm. The apportionment of contingency fees between successive counsel in the underlying Louisiana matters is governed by a framework requiring a case-by-case evaluation of numerous factors, and the outcome as to any individual matter is

difficult to predict. The Adversary Proceeding has also been the subject of proceedings in the District Court, which adds a further layer of procedural uncertainty and potential delay.

18. The proposed settlement eliminates that uncertainty and secures for the estate an immediate and substantial recovery. The Settlement Payment was negotiated after a failed mediation in 2025, at arm's length by sophisticated parties represented by experienced counsel, and reflects a reasoned assessment of the merits, the litigation risk, and the cost and delay of proceeding to judgment.

**FACTOR 2: DIFFICULTY OF COLLECTION ON A JUDGMENT.**

19. Laborde Earles is an established law firm and collection would not likely pose a serious obstacle. However, obtaining and enforcing a judgment would involve substantial delay, expense, and the near certainty of an appeal by the losing party in a matter of this size and complexity.

**FACTOR 3: COMPLEXITY OF THE LITIGATION.**

20. The Adversary Proceeding is factually complex. It involves hundreds of underlying client matters, each with its own procedural history, fee arrangement, and record of services performed. Resolution on the merits would require case-by-case proof as to the work performed and expenses incurred by MMA and by Laborde Earles in each matter.

21. Continued litigation would consume estate resources and management attention over an extended period. The settlement avoids that burden entirely and permits the Plan Administrator to direct resources to the remaining matters before the Court.

**FACTOR 4: DEFERENCE TO CREDITORS.**

22. The proposed compromise is in the best interest of the estate and its creditors. It results in an immediate and substantial cash recovery for the estate, avoids the cost and risk of protracted litigation, and preserves estate resources.

**WHEREFORE**, the Plan Administrator prays that the court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and for such other relief as the court finds appropriate and just to grant.

Dated: August 29, 2026

By: */s/ Miriam T. Goott*
Miriam T. Goott
attorney-in-charge
SBN 24048846
COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR FOR MMA LAW FIRM, PLLC

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com
713.956.5577 (telephone)
713.956.5570 (fax)

## CERTIFICATE OF SERVICE

I, Miriam T. Goott, hereby certify that I served a true and complete copy of the foregoing Motion to Approve Compromise was served on all parties entitled to notice via CM/ECF on August 29, 2026, including but not limited to the Oversight Committee, and Galindo through its counsel of record, Mr. Shelton.

*/s/Miriam T. Goott*
Miriam T. Goott

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE (this "***Agreement***") is entered into as of August 24, 2026 (the "***Execution Date***"), by and between: Allison D. Byman, in her capacity as Plan Administrator for **MMA LAW FIRM, PLLC** ("***MMA***" or "***Plaintiff***"), formerly known as McClenny Moseley & Associates, PLLC, a Texas professional limited liability company, debtor and debtor-in-possession in Case No. 24-31596 (EVR), Chapter 11, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***Bankruptcy Case***") and **LABORDE EARLES LAW FIRM, LLC**, a Louisiana limited liability company ("***Laborde Earles***" or "***LE***"). Allison D. Byman, in her capacity as Plan Administrator for MMA ("***Plan Administrator***") and Laborde Earles are referred to individually as a "***Party***" and collectively as the "***Parties***."

## RECITALS

***WHEREAS***, MMA is a Texas professional limited liability company that formerly represented thousands of individuals in property damage claims under contingency fee agreements;

***WHEREAS***, on or about March 3, 2023, attorneys associated with MMA were suspended from practice in the Western District of Louisiana (the "***Suspension***"), and MMA thereafter sought to transfer client representations to other law firms;

***WHEREAS***, after the Suspension, Laborde Earles undertook representation of certain of the MMA Cases on a contingency fee basis defined herein as the LE/Debtor Cases.

***WHEREAS***, MMA filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on April 9, 2024, initiating the Bankruptcy Case in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***Bankruptcy Court***");

***WHEREAS***, MMA initiated Adversary Proceeding No. 24-03130 (which has also proceeded in the United States District Court for the Southern District of Texas under Case No. 4:25-cv-00097, together, the "***Adversary Proceeding***") against Laborde Earles, and filed an *Amended Complaint* [Adv. Pro. No. 24-03130, ECF No. 25] (the "***Amended Complaint***") asserting claims for: (1) violation of the automatic stay under 11 U.S.C. § 362; (2) declaratory judgment under 11 U.S.C. § 541; and (3) turnover of property of the estate under 11 U.S.C. § 542;

***WHEREAS***, Laborde Earles filed an Amended Answer and Defenses [Adv. Pro. No. 24-03130, ECF No. 50] (the "***Amended Answer***") denying MMA's claims and asserting affirmative defenses, including but not limited to lack of standing, failure to join necessary parties, that settlement proceeds are not property of the estate, that any stay violation was not willful, and equitable defenses;

***WHEREAS***, the Parties entered into an Agreed Preliminary Injunction, entered by the Bankruptcy Court on August 2, 2024 [Adv. Pro. No. 24-03130, ECF No. 22] (the "***Agreed Preliminary Injunction***"), pursuant to which Laborde Earles has continued prosecuting and settling the

LE/Debtor Cases and has held attorneys' fees and cost reimbursements in a trust account pending further order of the Court;

***WHEREAS***, the Parties desire to fully, finally, and forever resolve all claims, counterclaims, disputes, and causes of action between them arising from or related to the MMA Cases, the LE/Debtor Cases, the Adversary Proceeding, and any alleged agreement between the Parties, without further litigation and without any admission of liability or wrongdoing by either Party;

***NOW, THEREFORE***, in consideration of the mutual covenants, agreements, representations, and warranties contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## ARTICLE I
## DEFINITIONS

**1.1** "***Adversary Proceeding***" has the meaning set forth in the Recitals.

**1.2** "***Agreed Preliminary Injunction***" has the meaning set forth in the Recitals.

**1.3** "***Bankruptcy Case***" has the meaning set forth in the Preamble.

**1.4** "***Bankruptcy Court***" has the meaning set forth in the Recitals.

**1.5** "***Court Approval***" means the entry of a final, non-appealable order of the Bankruptcy Court approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.

**1.6** "***Effective Date***" means the date on which Court Approval is obtained.

**1.7** "**ESI**" has the meaning set forth in Section 9.1 hereof.

**1.8** "***LE/Debtor Cases***" means those legal matters formerly handled by MMA in which Laborde Earles subsequently undertook representation of the clients and identified on **<u>Exhibit A</u>** attached hereto.

**1.9** "***MMA Cases***" means all legal matters formerly handled by MMA arising from property damage claims related to Hurricanes Laura, Delta, Zeta, and Ida.

**1.10** "***Preservation Period***" has the meaning set forth in Section 9.1 hereof.

**1.11** "***Released Claims***" has the meaning set forth in Section 5.1 hereof.

**1.12** "***Released Parties***" has the meaning set forth in Section 5.3 hereof.

**1.13** "***Settlement Payment***" means the sum of Six Hundred Seven Thousand Twenty-Eight Dollars and Ninety-Nine Cents ($607,028.99), payable by Laborde Earles to MMA as provided in Article III hereof.

**1.14** ***"Settlement Statements"*** means settlement statements, closing statements, or disbursement sheets reflecting the resolution of each LE/Debtor Case, including the gross recovery, attorney's fee calculation, expense reimbursements, and disbursement of funds.

**1.15** ***"Trust Account"*** means the attorney trust account maintained by Laborde Earles in which attorneys' fees and cost reimbursements from the LE/Debtor Cases have been held pursuant to the Agreed Preliminary Injunction.

1.16 "***Associated Firm***" means any law firm, lawyer, professional corporation, or other professional entity, other than a Party itself, that has at any time served as co-counsel, associated counsel, referring counsel, forwarding counsel, local counsel, or successor counsel, or has otherwise participated in the representation of any client, in any LE/Debtor Case or any MMA Case, or that has received, shared, claimed, or asserted any right to any portion of the attorneys' fees generated in any such matter. No individual shall constitute an Associated Firm solely by reason of having performed legal services on an LE/Debtor Case in his or her capacity as a member, partner, or employee of Laborde Earles.

## ARTICLE II
## COURT APPROVAL

**2.1** **Motion for Approval.** The form of motion seeking approval of this Agreement (the "9019 Motion") and the form of proposed order thereon are attached hereto as Exhibit D and Exhibit E, respectively, and have been reviewed and approved by both Parties. Within five (5) business days following the Execution Date, the Plan Administrator shall file the 9019 Motion and submit the proposed order in substantially the form of Exhibit D and Exhibit E, subject to (i) the insertion of dates, case captions, docket numbers, signature blocks, certificates of service, and other conforming or non-substantive information, (ii) any modification required by the Bankruptcy Court, by the Bankruptcy Local Rules, or by the procedures of the presiding judge, and (iii) any modification agreed to in writing by both Parties. Nothing in this Agreement shall limit, condition, or in any way restrict the Plan Administrator 's right to describe, explain, or disclose the terms of this Agreement, the basis for the Settlement Payment, the terms contained in the Settlement Statements, or any other matter relating to this Agreement or the 9019 Motion, whether in testimony, argument, proffer, or response to inquiry, at any hearing on the 9019 Motion. If the Bankruptcy Court requires, or if any party in interest objects to the 9019 Motion on the ground that it discloses insufficient information regarding the terms of this Agreement, the Plan Administrator may supplement the 9019 Motion, file a reply, or make any disclosure necessary to obtain Court Approval or to respond to the objection or to any inquiry of the Bankruptcy Court, and no such supplement, reply, disclosure, or response shall constitute a breach of this Agreement, provided that the Plan Administrator or her successor shall take reasonable steps necessary to maintain and protect the confidentiality of Settlement Statements and Exhibit A hereto. The Plan Administrator shall give Laborde Earles notice of any written supplement or written disclosure as far in advance as is practicable and shall confer with Laborde Earles in good faith regarding its form and content and shall use reasonable efforts to seek to file under seal or otherwise protect from public disclosure any information designated confidential under Article XI.

**2.2** **Condition Precedent.** This Agreement, and the obligations of the Parties hereunder, are expressly conditioned upon and subject to the entry of Court Approval. If the Bankruptcy Court declines to approve this Agreement or imposes material modifications not acceptable to both Parties, either Party may terminate this Agreement upon written notice to the other, in which event this Agreement shall be null and void and of no further force or effect, and neither Party shall have any liability to the other hereunder.

## ARTICLE III
## SETTLEMENT PAYMENT

**3.1** **Amount.** In full and final settlement of all claims between the Parties, Laborde Earles shall pay to MMA the Settlement Payment in the amount of Six Hundred Seven Thousand Twenty-Eight Dollars and Ninety-Nine Cents ($607,028.99).

**3.2** **Inclusive Payment.** Except as provided in Sections 5.8, 6.4, and 8.2, the Parties expressly acknowledge and agree that the Settlement Payment of $607,028.99 includes and fully accounts for any and all attorneys' fees, case expenses, costs, filing fees, service fees, expert fees, estimator fees, reimbursements, and any other amounts of any kind or nature whatsoever that are or may be owed, claimed to be owed, or alleged to be owed by Laborde Earles to MMA in connection with the LE/Debtor Cases, the MMA Cases, any alleged agreement between the Parties, the Adversary Proceeding, or any other matter. Upon receipt of the Settlement Payment, and except as provided in Sections 5.8, 6.4 and 8.2, no further amounts of any kind shall be due or owing from Laborde Earles to MMA. The Parties agree that MMA shall take full responsibility for addressing claims by any and all experts or estimators MMA engaged for any reason. This Settlement Agreement is intended to, among other things, make clear that Laborde Earles has no responsibility or obligation to address, negotiate, or resolve any portion of MMA's expert or estimator expenses. For the avoidance of doubt, the Settlement Payment compensates MMA solely for the portion of the attorneys' fees, costs, and expenses in the LE/Debtor Cases and the MMA Cases received, earned, realized, or held by or for the benefit of Laborde Earles and its Released Parties. The Settlement Payment does not compensate MMA for, and MMA does not release, any portion of the attorneys' fees, costs, or expenses in any such matter received, earned, realized, or held by or for the benefit of any Associated Firm. Nothing in this Section 3.2 shall be construed to limit or reduce any claim of MMA against any Associated Firm.

**3.3** **Timing and Method of Payment.** No later than five (5) business days after the Effective Date, MMA (or its counsel) shall designate an account in writing for the payment of the Settlement Payment to be sent to the Plan Administrator. The Settlement Payment shall be made within ten (10) business days following the designation of such account by wire transfer of immediately available funds to such account designated by the Plan Administrator.

**3.4** **Transfer of Funds.** The Settlement Payment may be funded from the Trust Account, which contains funds held by Laborde Earles pursuant to the Agreed Preliminary Injunction. Upon entry of Court Approval, the Agreed Preliminary Injunction shall be deemed modified to authorize the disbursement of the Settlement Payment from the Trust

Account to MMA. Any funds remaining in the Trust Account after disbursement of the Settlement Payment shall be released to Laborde Earles free and clear of any claim by MMA, the MMA bankruptcy estate and any successor to MMA and/or the MMA bankruptcy estate; *provided however*, that certain original settlement memos were executed at a 40% attorney fee, and Laborde Earles shall return the difference between the 40% fee and the 33.33% fee Laborde Earles holds pursuant to *Agreed Preliminary Injunction* [Adv. No. 24-03130. ECF No. 22] to the respective client free and clear of any claim by MMA, the MMA bankruptcy estate and any successor to MMA and/or the MMA bankruptcy estate.

3.5 **Tax Consequences.** Each Party shall be solely responsible for the payment of any and all taxes owed by it as a result of the Settlement Payment and the transactions contemplated herein. Laborde Earles shall issue any required tax reporting forms (including IRS Form 1099, if applicable) to MMA through the Plan Administrator.

## ARTICLE IV
## DISMISSAL OF ADVERSARY PROCEEDING

4.1 **Stipulation of Dismissal.** Within five (5) business days following Laborde Earles' payment of the Settlement Payment in full, the Parties shall jointly file a Stipulation of Dismissal with Prejudice of the Adversary Proceeding in the Bankruptcy Court and in the District Court (in 4:25-cv-00097 (S.D. Tex.)), with each Party to bear its own attorneys' fees and costs. In the event either Party fails to execute the stipulation, this Agreement may be presented to the Bankruptcy Court as the basis for entry of an order of dismissal with prejudice.

4.2 **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Agreement, including but not limited to the payment obligations, the preservation and cooperation obligations, and any disputes arising hereunder.

## ARTICLE V
## RELEASE

5.1 **Released Claims.** "***Released Claims***" means any and all claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, demands, rights, liabilities, obligations, losses, costs, expenses (including attorneys' fees), and actions of every kind and nature whatsoever, whether at law or in equity, whether known or unknown, suspected or unsuspected, fixed or contingent, matured or unmatured, liquidated or unliquidated, that either Party ever had, now has, or hereafter may have against the other Party or any Released Party, arising out of, relating to, or in any way connected with:

(a) the MMA Cases and/or the LE/Debtor Cases;



18666905

(b) any alleged agreement, arrangement, understanding, or course of dealing between MMA and Laborde Earles regarding the transfer, referral, or handling of cases, clients, or fees;

(c) the Adversary Proceeding, including all claims asserted in the Amended Complaint and all counterclaims and affirmative defenses asserted in the Amended Answer;

(d) any alleged violation of the automatic stay under 11 U.S.C. § 362;

(e) any claim for declaratory relief under 11 U.S.C. § 541 regarding property of the estate;

(f) any claim for turnover under 11 U.S.C. § 542;

(g) any claim for attorneys' fees, costs, expenses, or damages arising from or related to any of the foregoing; and

(h) any and all other claims, of whatever nature, that were or could have been asserted by either Party against the other in the Adversary Proceeding or that arise from the same nucleus of operative facts.

**5.2 Carve-Out.** Notwithstanding anything to the contrary herein, Sections 5.1, 5.4, 5.6 and 5.7 shall not apply to any undisclosed or subsequently discovered legal matter formerly handled by MMA in which Laborde Earles subsequently undertook representation of such client that is omitted, intentionally or unintentionally, from Exhibit A hereto. Any statute of limitations, prescriptive period applicable to any claim by MMA and its bankruptcy estate, or any successor to MMA and/or the MMA bankruptcy estate has or may have against Laborde Earles arising solely from legal fees and expenses related to such undisclosed or subsequently discovered legal matters described in the preceding sentence is tolled and suspended. Except with respect to any claim related to an intentional misrepresentation of the disclosures contained in Exhibit A, no omission of such legal matter shall constitute a material breach of this Agreement or result in any recission, voidability or voiding of this Agreement, including, but not limited to, the releases contained herein.

**5.3 Released Parties.** "***Released Parties***" means, with respect to each Party: (a) the Party itself; (b) its past, present, and future owners, members, managers, partners, principals, officers, directors, and employees; (c) its, agents, representatives, attorneys, advisors, and consultants, solely in their capacity as agent, representative, counsel, or advisor to the Party in the Bankruptcy Case, the Adversary Proceeding, or the negotiation and performance of this Agreement; (d) its parent entities, subsidiaries, affiliates, predecessors, successors lenders, and assigns; and (e) each of the foregoing persons' and entities' respective heirs, executors, administrators, personal representatives, and estates. Notwithstanding anything to the contrary in this Agreement, "Released Parties" does not include any Associated Firm, and no release, waiver, discharge, or covenant not to sue set forth in this Agreement extends to any Associated Firm.

**5.4 MMA's Release of Laborde Earles.** Effective upon receipt of the Settlement Payment, MMA, on behalf of itself, its bankruptcy estate, any successor to MMA and/or the MMA bankruptcy estate and their respective Released Parties, hereby unconditionally and irrevocably releases, acquits, and forever discharges Laborde Earles and its Released Parties from any and all Released Claims.

**5.5 Laborde Earles' Release of MMA.** Effective upon payment of the Settlement Payment, Laborde Earles, on behalf of itself and its Released Parties, hereby unconditionally and irrevocably releases, acquits, and forever discharges MMA, its bankruptcy estate, any successor to MMA and/or the MMA bankruptcy estate, and MMA's Released Parties from any and all Released Claims, including but not limited to any claims asserted or that could have been asserted as counterclaims or affirmative defenses in the Adversary Proceeding.

**5.6 Waiver of Unknown Claims.** Each Party acknowledges that it may hereafter discover facts different from or in addition to those it now knows or believes to be true with respect to the subject matter of this Agreement, and each Party agrees that this Agreement shall remain in full force and effect notwithstanding the existence or discovery of any such different or additional facts. Each Party expressly waives and relinquishes, to the fullest extent permitted by law, any right or benefit it may have under applicable law, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known, would have materially affected his or her settlement with the released party.

**5.7 Covenant Not to Sue.** Each Party covenants and agrees that it will not, directly or indirectly, commence, maintain, or prosecute, or cause or permit to be commenced, maintained, or prosecuted, any action, suit, or proceeding of any kind against the other Party or any Released Party with respect to any Released Claim.

**5.8 Exclusions from Release.** Notwithstanding anything in this Article V to the contrary, the Released Claims do not include, and neither Party releases, waives, discharges, or covenants not to sue upon: (a) any claim arising from a breach of this Agreement, including any breach of the representations and warranties set forth in Article VI; (b) any claim arising from or relating to any case, claim, or matter that was required to be identified on Exhibit A but was not so identified; (c) any claim arising from or relating to any understatement on Exhibit A of the attorneys' fees, gross recovery, or expenses associated with any case, provided that, except where such understatement results an intentional misrepresentation, fraud, or conduct described in Section 6.4(f), the exclusive remedy for such understatement shall be in accordance with Section 6.4(e) hereof; (d) any claim to enforce Article VI, Article VII, Article VIII, or Article IX; (e) any claim sounding in fraud, fraudulent inducement, or intentional or negligent misrepresentation arising from the representations made in Article VI or in the Sworn Certification. and (f) any claim against any Associated Firm, or any claim against Laborde Earles arising from or relating to fees received, shared, or retained by any Associated Firm. The waiver of unknown claims in Section 5.6 and the covenant not to sue in Section 5.7 do not apply to any matter excluded by this Section 5.8

**5.9 Reservation of Rights Against Associated Firms.** MMA and thereby the Plan Administrator, expressly reserves, and does not release, waive, discharge, or compromise, any and all claims, causes of action, and rights of recovery it has or may have against any Associated Firm and against any person or entity other than Laborde Earles and its Released Parties whether arising from the same facts as the Released Claims or otherwise. This Agreement is intended to release only Laborde Earles and its Released Parties.

## ARTICLE VI
## REPRESENTATIONS AND WARRANTIES REGARDING THIRD-PARTY CLAIMS, EXHIBIT A AND LIENS

**6.1 MMA's Representations and Warranties.** MMA represents and warrants to Laborde Earles as follows:

(a) **Authority.** The Plan Administrator has full legal authority and capacity, subject to Court Approval, to enter into this Agreement, to release the Released Claims, and to perform all obligations hereunder. The execution, delivery, and performance of this Agreement by MMA have been duly authorized by all necessary action.

(b) **No Assignments.** MMA has not assigned, transferred, pledged, or otherwise encumbered any of the claims released herein to any third party, and no other person or entity has any interest in the Released Claims.

**6.2 Survival.** All representations and warranties under this Article VI shall survive the Effective Date, the payment of the Settlement Payment, and the dismissal of the Adversary Proceeding, and shall remain in full force and effect without limitation as to time.

**6.3 Laborde Earles' Representations and Warranties.** Laborde Earles represents and warrants to MMA that it has full legal authority and capacity to enter into this Agreement and to perform all obligations hereunder, and that the execution, delivery, and performance of this Agreement by Laborde Earles have been duly authorized by all necessary action.

**6.4 Laborde Earles' Representations and Warranties Regarding Exhibit A.** As a material inducement to MMA's entry into this Agreement, and as a material term hereof, Laborde Earles represents and warrants to MMA as follows:

(a) **Completeness of Exhibit A.** After reasonable inquiry and to Laborde Earles' knowledge, Exhibit A identifies every case, claim, and legal matter in which Laborde Earles has at any time undertaken, assumed, continued, or participated in the representation of any person or entity who was, to Laborde Earles' knowledge, at any time a client of MMA, whether that representation was undertaken directly, jointly with any other law firm or lawyer, by referral, by substitution, or through any other arrangement, and whether or not Laborde Earles remains counsel of record as of the Execution Date. After reasonable inquiry and to Laborde Earles' knowledge, no such case, claim, or matter has been omitted from Exhibit A. Exhibit A further identifies, for each case, claim, and matter listed thereon, each Associated Firm, **if any,** that participated in the representation or received, shared, or claimed

any portion of the attorneys' fees therein, and the amount of attorneys' fees received, shared, or claimed by each such Associated Firm.

(b) **Accuracy of Amounts.** After diligent inquiry and to Laborde Earles' knowledge, each case, claim, and matter specifically identified on Exhibit A resolved as of the Execution Date, the amounts stated are true, correct, and complete, and reflect the gross recovery obtained, the total attorneys' fees received, earned, or otherwise realized by Laborde Earles or by any person or entity for the benefit of Laborde Earles, and the total expenses and costs reimbursed. After diligent inquiry and to Laborde Earles' knowledge, the aggregate attorneys' fee figure stated on Exhibit A for each matter identified on Exhibit A that is resolved as of the Execution Date is the entirety of the attorneys' fees generated in those matters, and no portion of any such fee has been paid, assigned, diverted, deferred, waived, or held for the benefit of any other person or entity in any manner that reduces the amounts shown, except as may be provided pursuant to Section 3.4 hereof.

(c) **Reliance.** The Settlement Payment was calculated by reference to the cases and the attorneys' fee amounts stated on Exhibit A. Laborde Earles acknowledges that MMA has relied upon the completeness and accuracy of Exhibit A, and that MMA would not have entered into this Agreement, agreed to the amount of the Settlement Payment, or granted the releases in Article V, absent the representations set forth in this Section 6.4.

(d) **Understatements.** The understatement from Exhibit A of the amount of attorneys' fees associated with any case, claim, or matter, shall be remedied in accordance with Section 6.4(e) of this Agreement.

(e) **Remedy.** Upon any understatement described in Section 6.4(d) or omission under Section 8.2, Laborde Earles shall pay to MMA, within thirty (30) days of written demand, an amount bearing the same proportion to the attorneys' fees omitted or understated as the Settlement Payment bears to the aggregate attorneys' fees stated on Exhibit A for matters resolved as of the Execution Date, together with interest from the date of demand at the rate applicable to federal judgments and MMA's reasonable attorneys' fees and costs incurred in enforcing this Section 6.4. No omission or understatement of such fees shall constitute a material breach of this Agreement or result in any recission, voidability or voiding of this Agreement.

(f) **Matters Pending as of the Execution Date.** Exhibit A separately identifies each case, claim, and matter described in Section 6.4(a) that remains pending as of the Execution Date and states, for each, the status of settlement negotiations and any offer or demand outstanding as of the Execution Date. Laborde Earles represents and warrants that, to Laborde Earles' knowledge, no matter identified on Exhibit A as pending is one in which a settlement had been agreed, executed, or funded on or before the Execution Date, and that it has not deferred, delayed, or withheld the resolution or the recording of the resolution of any matter for the purpose of characterizing that matter as pending. A breach of this Section 6.4(f) is a breach of

this Agreement and carries the remedy set forth in Section 6.4(e), which remedy is not exclusive of any other remedy available at law or in equity.

## ARTICLE VII
## DELIVERY OF SETTLEMENT STATEMENTS

7.1 **Obligation to Provide.** Laborde Earles has, prior to the Execution Date, provided MMA with copies of all Settlement Statements for the LE/Debtor Cases resolved as of the Execution Date, and Laborde Earles represents and warrants that the Settlement Statements so provided are complete and constitute all such Settlement Statements. For any LE/Debtor Case resolved on or after the Execution Date, Laborde Earles shall provide the applicable Settlement Statement within fourteen (14) business days following resolution of such case.

7.2 **No Further Obligation.** For the avoidance of doubt, the provision of Settlement Statements is for informational and record-keeping purposes only and shall not, standing alone, give rise to any additional payment obligation or reopen the finality of the Settlement Payment or the releases granted herein. Nothing in this Section 7.2 limits Laborde Earles' obligations, or MMA's rights and remedies, under Section 6.4, Section 7.3, or Section 8.2.

7.3 **Reconciliation.** MMA shall have until the Court Approval of this Settlement to reconcile the Settlement Statements referenced in Section 7.1 to reconcile those statements against Exhibit A. If the Settlement Statements disclose any case, claim, or matter not identified on Exhibit A, or attorneys' fees exceeding the amount stated on Exhibit A for any case, MMA shall so notify Laborde Earles in writing, and Laborde Earles shall promptly correct Exhibit A and the Settlement Payment shall be increased in the manner set forth in Section 6.4(e).

## ARTICLE VIII
## SWORN REPRESENTATION REGARDING OTHER CASES

8.1 **Certification.** Concurrently with the execution of this Agreement, a member or managing partner of Laborde Earles with authority to bind the firm shall execute a sworn certification substantially in the form attached hereto as **Exhibit B** (the "***Sworn Certification***"), representing and certifying that, after reasonable inquiry of Laborde Earles' records, no other cases are known to exist in which Laborde Earles currently represents or has represented a former MMA client, other than those LE/Debtor Cases already identified and accounted for in Exhibit A hereto.

8.2 **Discovery of Additional Cases or Undisclosed Cases.** If at any time Laborde Earles discovers, or MMA identifies, any case, claim, or matter that was required to be identified on Exhibit A but was not so identified, Laborde Earles shall notify the Plan Administrator and her counsel in writing within ten (10) business days and shall deliver to the Plan Administrator and her counsel the Settlement Statement and a complete fee accounting for that matter, or Laborde Earles shall deliver to the Plan Administrator and her counsel the Settlement Statement and complete fee accounting for such matter within ten (10) business

days after the Plan Administrator and her counsel identify such case to Laborde Earles, as the case may be. Laborde Earles shall pay to MMA, within thirty (30) days of written demand, the amount determined under Section 6.4(e) with respect to that matter; *provided, however*, that neither the releases granted in Article V nor the dismissal of the Adversary Proceeding shall bar MMA from enforcing this Section 8.2 or Section 6.4, and MMA's claims with respect to any case, claim, or matter omitted from Exhibit A are expressly preserved under Section 5.8.

## ARTICLE IX
## PRESERVATION OF ELECTRONIC INFORMATION AND COOPERATION

**9.1** **Preservation Obligation.** Laborde Earles covenants and agrees that it will preserve and shall not allow the destruction, deletion, alteration, or disposition of any electronically stored information ("***ESI***"), documents, files, communications, or other records in its or its principals' possession, custody, or control that relate to MMA, MMA's principals, the MMA Cases, the LE/Debtor Cases, or any former MMA client, for a period of eighteen (18) months following the date on which the order approving this Agreement becomes final and non-appealable (the "***Preservation Period***").

**9.2** **Cooperation in Third-Party Discovery.** Laborde Earles further covenants and agrees that, from and after the Effective Date, during the Preservation Period, if Laborde Earles is served with reasonable, formal discovery requests (including but not limited to subpoenas, requests for production, or interrogatories) by MMA in other litigation or proceedings involving MMA and third parties, and such requests seek information or documents relating to MMA, MMA's principals, the MMA Cases, or the LE/Debtor Cases, Laborde Earles shall cooperate in good faith in producing responsive, non-privileged information and documents, subject to:

(a) Laborde Earles' right to assert applicable privileges (including attorney-client privilege and work product doctrine) with respect to its own clients' confidential information; and

(c) compliance with all applicable rules, laws, and court orders governing such discovery.

**9.3** **Survival.** The obligations set forth in this Article IX shall survive the releases granted in Article V, the dismissal of the Adversary Proceeding, and the termination or expiration of this Agreement, and shall continue in full force and effect for the duration of the Preservation Period. For the avoidance of doubt, the mutual release granted in Article V does not release, waive, or limit the obligations of Laborde Earles under this Article IX.

## ARTICLE X
## NO ADMISSION OF LIABILITY

**10.1** This Agreement represents a compromise and settlement of disputed claims. Nothing contained herein shall be construed as an admission of liability, wrongdoing, or fault by either Party. Each Party expressly denies any liability or wrongdoing. Laborde Earles

specifically denies the existence of any binding agreement with MMA regarding fee-sharing and denies any violation of the automatic stay. This Agreement shall not be admissible in any proceeding for any purpose other than to enforce its terms.

## ARTICLE XI
## CONFIDENTIALITY

**11.1 Confidential Treatment.** The Parties agree that (i) Exhibit A hereto and (ii) Settlement Statements shall be treated as confidential and shall not be disclosed to any third party except as provided in Section 11.2.

**11.2 Permitted Disclosures.** Notwithstanding Section 11.1, disclosure of the items specified in Section 11.1 is permitted:

(a) to a Party's attorneys, accountants, tax advisors, auditors, insurers, and other professional advisors, provided such persons agree to maintain the confidentiality of the information;

(b) to the extent required by applicable law, regulation, or legal process (including subpoena or court order), provided that the disclosing Party gives the other Party reasonable prior written notice to the extent permitted by law;

(c) with the prior written consent of the other Party; and

(d) by MMA, in testimony, argument, proffer, or response to inquiry at any hearing before the Bankruptcy Court, or as necessary to obtain Court Approval or to respond to any objection to the 9019 Motion, in each case as provided in Section 2.1.

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

**12.1 Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Louisiana, without regard to its conflict of laws principles, except to the extent that federal bankruptcy law applies.

**12.2 Entire Agreement.** This Agreement (including any exhibits hereto) constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior or contemporaneous oral or written agreements, understandings, representations, or warranties between the Parties relating to such subject matter.

**12.3 Amendment.** This Agreement may not be amended, modified, or supplemented except by a written instrument executed by both Parties and, to the extent required, approved by the Bankruptcy Court.

**12.4 Waiver.** No waiver of any provision of this Agreement shall be effective unless in writing and signed by the waiving Party. The failure of either Party to enforce any provision of this

Agreement shall not be construed as a waiver of such provision or the right to enforce it at a later time.

**12.5 Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by facsimile, email (including PDF), or other electronic means shall be deemed original signatures for all purposes.

**12.6 Severability.** If any provision of this Agreement is held to be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not be affected or impaired thereby, and such invalid, illegal, or unenforceable provision shall be modified to the minimum extent necessary to make it valid, legal, and enforceable while preserving the Parties' original intent.

**12.7 No Third-Party Beneficiaries.** Except as expressly set forth herein with respect to the Released Parties (who are intended third-party beneficiaries of the releases in Article V), this Agreement is not intended to confer any rights, remedies, obligations, or liabilities upon any person or entity other than the Parties. No Associated Firm is a third-party beneficiary of this Agreement or of any provision hereof.

**12.8 Notices.** All notices required or permitted under this Agreement shall be in writing and shall be deemed given when: (a) delivered personally; (b) sent by certified mail, return receipt requested, postage prepaid; or (c) sent by nationally recognized overnight courier, **and** (d) sent by email, in each case addressed as follows:

**If to MMA:**

MMA Law Firm, PLLC
c/o Miriam T. Goott
Walker & Patterson, P.C.
4815 Dacoma
Houston, Texas 77092

and

Allison D. Byman
7924 Broadway
Suite 104,
Pearland, TX 77581

By email: mgoott@walkerandpatterson.com, jjp@walkerandpatterson.com, adb@bymanlaw.com, kohlsson@mma-pllc.com, and Zach@mma-pllc.com.

**If to Laborde Earles:**

Laborde Earles Law Firm, LLC
c/o Joshua W. Wolfshohl
Porter Hedges LLP

1000 Main Street, 36th Floor
Houston, Texas 77002

By email: jwolfshohl@porterhedges.com; hhatfield@porterhedges.com; mdearman@porterhedges.com

Either Party may change its address and email for notices by written notice to the other Party in accordance with this Section by email.

**12.9 Construction.** This Agreement has been jointly drafted and negotiated by the Parties and their respective counsel. No provision of this Agreement shall be construed against either Party on the ground that such Party drafted the provision or caused it to be drafted.

**12.10 Headings.** The headings in this Agreement are for convenience of reference only and shall not affect the interpretation of any provision hereof.

**12.11 Authority.** Each person signing this Agreement represents and warrants that he or she is duly authorized to execute this Agreement on behalf of the Party for whom he or she signs.

**[SIGNATURE PAGES FOLLOW]**

* * * * *

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement and Mutual Release to be executed by their duly authorized representatives as of the date first written above.

**MMA LAW FIRM, PLLC**

By: Allison D. Byman, Plan Administrator

Name: /s/ Allison D. Byman, Plan Administrator

Title: 8-24-2026

Date:

**LABORDE EARLES LAW FIRM, LLC**

By: [signature]

Name: David C Laborde

Title: Partner

Date: 8-27-26



18666905

# EXHIBIT B

## SWORN CERTIFICATION OF LABORDE EARLES LAW FIRM, LLC REGARDING FORMER MMA CLIENT CASES

STATE OF LOUISIANA

PARISH OF Lafayette

BEFORE ME, the undersigned notary public, on this 27th day of August, 2026, personally appeared David Laborde (the "*Affiant*"), who, being first duly sworn, states under penalty of perjury as follows:

**1.** I am a duly authorized representative of Laborde Earles Law Firm, LLC ("***Laborde Earles***") and am authorized to make this Sworn Certification on behalf of Laborde Earles in connection with the Settlement Agreement and Mutual Release dated August___, 2026 (the "***Agreement***"), between MMA Law Firm, PLLC ("***MMA***") and Laborde Earles.

**2.** I have personal knowledge of the matters stated herein, or have made reasonable inquiry of Laborde Earles' records, case management systems, and personnel sufficient to form a reasonable belief regarding the matters stated herein.

**3.** After reasonable inquiry of Laborde Earles' records and personnel, I hereby certify that, to the best of my knowledge, information, and belief: no cases or legal matters exist in which Laborde Earles currently represents, or has at any time represented, a former client of MMA in the MMA Cases (as defined in the Agreement), other than those cases identified as "LE/Debtor Cases" on Exhibit A to the Agreement.

4. I further certify that dollar amounts identified on Exhibit A are true, correct, and complete, and reflect the gross recovery obtained, the total attorneys' fees received, earned, or otherwise realized by Laborde Earles or by any person or entity for the benefit of Laborde Earles, and the total expenses and costs reimbursed.

**4.** In the event that Laborde Earles discovers, after the date of this Certification, the existence of any additional case or matter involving a former MMA client in the MMA Cases that was not previously identified, Laborde Earles shall notify MMA in writing in accordance with Section 8.2 of the Agreement.

**5.** I understand that this Certification is made under penalty of perjury under the laws of the United States and the State of Louisiana, and that any knowing and willful false statement herein may subject me and/or Laborde Earles to criminal penalties.



18665972

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 27 day of August, 2026.

Name: David C Laborde
Title: Partner
Laborde Earles Law Firm, LLC

SUBSCRIBED AND SWORN TO before me on this 27th day of August, 2026.

Notary Public
My Commission Expires: @ Death

KELBY RASMUSSEN STATE OF LOUISIANA Notary Public No. 146500 Bar Roll # 36634 Attorney at Law



18665972

Simon Hendershot
Suite 600
1800 Bering Dr.
Houston, TX 77057

Katie Cowart
Suite 600
1800 Bering Dr.
Houston, TX 77057

Jason Kathman
Suite 650
5700 Granite Parkway
Plano, TX 75024

Ryan Richmond
Suite 1450
450 Laurel St.
Baton Rouge, LA 70801

Carla Ruth Delpit
Suite 300
2211 Norfolk St.
Houston, TX 77098

Laura A. Carlock
Suite 300
2211 Norfolk St.
Houston, TX 77098

Richard D. Daly
Suite 300
2211 Norfolk St.
Houston, TX 77098

Charles David Brown
Suite 300
2211 Norfolk St.
Houston, TX 77098

Jason Joy
Suite 1801
909 Texas St.
Houston, TX 77002

Colin Wood
Suite 1801
909 Texas St.
Houston, TX 77002

Emory Powers
Suite 4400
1221 McKinney
Houston, TX 77010

Marcus Eason
Suite 2800
609 Main St.
Houston, TX 77002

Fields Alexander
Suite 4500
1221 McKinney
Houston, TX 77010

Lorenzo Nunez
P.O. Box 183853
Arlington, TX 76096

Ruth Van Meter
9322 Shady Lane Circle
Houston, TX 77063

American Express Nat. Bank
c/o Becket & Lee LLP
P.O. Box 3001
Malvern, PA 19355

Avi Moshenberg
Suite 2101 #838
801 Travis St.
Houston, TX 77002

Nicholas R. Lawson
Suite 2101 #838
801 Travis St.
Houston, TX 77002

Elias M. Yazbeck
Suite 2800
609 Main St.
Houston, TX 77002

Ruth Van Meter
Suite 210
1707 Post Oak Blvd.
Houston, TX 77056

H. Anthony Hervol
Suite 1206-168
22211 IH-10 West
San Antonio, TX 78257

Scott R. Bickford
338 Lafayette St.
New Orleans, LA 70130

Matthew B. Probus
Suite 930
10497 Town and Country Way
Houston, TX 77024

Tristan Manthey
46th Floor
201 St. Charles Ave.
New Orleans, LA 70170

Lynnette R. Warman
Suite 110-1593
13101 Preston Rd.
Dallas, TX 75240

Ariel Sagre
Suite 892
5201 Blue Lagoon Dr.
Miami, FL 33126

Nicholas Zugaro
5 Houston Center
Suite 1625
1401 McKinney St.
Houston, TX 77010

David J. Schenck
Suite 4200
1717 Main St.
Dallas, TX 75201

Clay A. Cosse
Suite 4200
1717 Main St.
Dallas, TX 75201

Alexandra M. Twiss
Suite 4200
1717 Main St.
Dallas, TX 75201

Jayne Moseley
c/o Tran Singh LLP
2502 La Branch St.
Houston, TX 77004

David Miller
Suite 2000
1700 Lincoln St.
Denver, CO 80203

Stephanie Laird Tolson
Suite 1380
5151 San Felipe
Houston, TX 77056

Lisa Norman
15th Floor
1885 St. James Place
Houston, TX 77056

Edward L. Ripley
15th Floor
1885 St. James Place
Houston, TX 77056

T. Josh Judd
15th Floor
1885 St. James Place
Houston, TX 77056

Joshua W. Wolfshohl
36th Floor
1000 Main St.
Houston, TX 77002

Michael Dearman
36th Floor
1000 Main St.
Houston, TX 77002

Scott Cheatham
Suite 4500
701 Poydras St.
New Orleans, LA 70139

Charlie Shelton
Suite 106
10501 N. Central Expy.
Dallas, TX 75231

Ruth Van Meter
Suite 106
10501 N. Central Expy.
Dallas, TX 75231

Annette Ramirez
2520 W.W. Thorne Drive
Houston, TX 77073

Kanika W. Middleton
2520 W.W. Thorne Drive
Houston, TX 77073

Pamela H. Walters
2520 W.W. Thorne Drive
Houston, TX 77073

Jamie Kirk
c/o Sherri K. Simpson
Texaas AG, Bankr. & Collections
12221 Merit Dr., Suite 825
Dallas, TX 75251

U.S. Trustee (Houston)
Suite 3516
515 Rusk
Houston, TX 77002

Jeannie Lee Andresen
P.O. Box 3064
Houston, TX 77253

SEC
Suite 1900
801 Cherry St.
Fort Worth, TX 76102

Texas Workforce Commission
Office of Attorney General
BK/Collections
P.O. Box 12548, MC008
Austin, TX 78711-2548

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Aldine ISD Tax Office
14909 Aldine Westfield Rd
Houston, TX 77032

Curtis and Ardene Tassin
Health Law Group LLC
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
c/o Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487

Louisiana Farm Bureau
P.O. Box 95008
Baton Rouge, LA 70895

Regina A. Ceaser
4200 CoCo Miguel Rd.
New Iberia, LA 70560

Opal Prejean
1709 Seventh St.
Lake Charles, LA 70601

Cynthia Troxclair
PO Box 1731
Kinder, LA 70648

Kevin Kelly
1120 Wyndham South
Gretna, LA 70056

The Kidwell Group, LLC
d/b/a Air Quality Assessors of Florida
c/o Latham Luna Eden & Beaudine, LLP
201 S. Orange Ave., Suite 1400
Orlando, FL 32801

Apex Roofing and Restoration, LLC
c/o Scott R. Bickford, Esq
338 Lafayette Street
New Orleans, LA 70130

Aramark Refreshments Services, LLC
c/o Devin G. Bray
Hawley Troxell Ennis & Hawley LLP
P.O. Box 1617
Boise, ID 83701

Abdul Muhammad
58025 Geroge St.
Plaquemine, LA 70764

Darrell Broussard
420 Tommys Rd.
Sunset, LA 70584

Cynthia Johnson
1318 Bank Avenue
New Iberia, LA 70560

Linda Thomas
4224 Worthy Dr.
Lake Charles, LA 70607

Paul Adams
340 Scenic Drive
Ville Platte, LA 70586

Eunice Pillette
503 East Valcourt St.
Abbeville, LA 70510

Ernest Willaims
110 Hansel St.
New Iberia, LA 70560

Lorenzo Garner
1201 Butter Street
Leesville, LA 71446

Harold Boudreaux
105 Crestmont Blvd
Youngsville, LA 70592

Shavaun Miller
215 Ralph Street
Midland, LA 70559

Marino Guillory
101 Weaver Street
Eunice, LA 70535

Addison Houston
521 Sykes St.
Shreveport, LA 71104

Deborah Hollie
390 Burks Rd.
Starks, LA 70661

Noble Public Adjusting
107 Amar Place, #103
Panama City Beach, FL 32413

Christovich & Kearney, LLP
601 Poydras St., Suite 2300
New Orleans, LA 70130

Ginger Beebe
21 Virgil Beebe Rd
Lena, LA 71447

Krause & Kinsman Trial Lawyers, LLP
Saul Ewing LLP c/o Turner Falk, Esq.
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Starlight Studios, LLC
c/o Congeni Law Firm, LLC
650 Poydras Street, Ste. 2750
New Orleans, LA 70130

Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Locklin Consulting, LLC
17319 Fountainbluff Drive
San Antonio, TX 78248

Katherine Monson, et al
1100 Poydras Street, Suite 3250
New Orleans, LA 70163

PCG - Property Loss Consultants
2000 Mallory Lane, Suite 130, #239
Franklin, TN 37067

Cristobal M. Galindo, P.C.
c/o Charlie Shelton
Hayward PLLC
7600 Burnet Road, Suite 530
Austin, TX 78757

Global Estimating Services, Inc.
c/o Andrews Myers, PC
Attn: Lisa M. Norman
1885 Saint James Place, 15th Fl
Houston, TX 77056

Access Restoration Services US, Inc.
c/o Andrews Myers, PC
Attn: Lisa M. Norman
1885 Saint James Place, 15th Fl
Houston, TX 77056

Equal Access Justice Fund, LP
c/o Fred Johnson
Spencer Fane, LLP
3040 Post Oak Blvd, Suite 1400
Houston, TX 77056

EAJF ESQ Fund, LP
c/o Misty A. Segura, Spencer Fane, LLP
3040 Post Oak Blvd., Ste. 1400
Houston, TX 77056

LeeRoy Jefferson
2667 Sligo Road
Haughton, LA 71037

John Zachary Moseley
1235 N. Loop West, Suite 810
Houston, TX 77008

Disaster Solutions
192 Solhelm Lane
Raleigh, NC 27603

Morgan Law Group, P.A.
1331 Ochsner Blvd., Ste. 101
Covington, LA 70433

AT&T
P.O. Box 5019
Carol Stream, IL 60197

CapitalOne Spark
P.O. Box 30285
Salt Lake City, UT 84130

Comcast
P.O. Box 8587
Philadelphia, PA 19101

James McClenny
380 Ridge Lake Scenic Dr.
Montgomery, TX 77316

Louisiana TWC
P.O. Box 94050
Baton Rouge, LA 70804

Oakwoood Bank
Suite 600, LB 35
8411 Preston Rd
Dallas, TX 75225

Porsche Financial Services
One Porsche Dr.
Atlanta, GA 30354

SBA
CESC - COVID EIDL Service Center
14925 Kingsport Rd.
Fort Worth, TX 76155

Thomson Reuters
610 Opperman Drive
Eagan, MN 55123

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **Case No. 24-31596** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**ORDER APPROVING COMPROMISE WITH**
**LABORDE EARLES LAW FIRM, LLC**

[Relates to ECF No. __]

Upon consideration of Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **“Plan Administrator”**) *Motion to Compromise Controversy with Laborde Earles Law Firm, LLC* (the **"Motion"),** and the Court finding that notice of the Motion was due, proper, and sufficient, that no objection to the Motion was timely filed or that any objection filed has been resolved or overruled, and that the compromise set forth in the Settlement Agreement attached to the Motion is fair, equitable, and in the best interest of the Debtor's estate and its creditors, it is

**ORDERED** that the Motion is GRANTED in full, and it is further

**ORDERED** that notice of the Motion was served on the Debtor's creditors and all parties in interest listed in the Service List attached to this Order as Exhibit A, in accordance with the Bankruptcy Rules and the procedures of this Court, that such notice was due, proper, and sufficient under the circumstances, and that no other or further notice is required; and it is further

**ORDERED** that the Settlement Agreement attached hereto as Exhibit B is approved, and it is further

**ORDERED** that the Plan Administrator and Laborde Earles Law Firm, LLC (**"Laborde Earles"**) are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained therein, and to take all actions and execute all documents necessary to effectuate the compromise; and it is further

**ORDERED** that the Settlement Agreement was negotiated and entered into in good faith and at arm's length by parties represented by independent counsel; and it is further

**ORDERED** that Laborde Earles shall pay the Debtor the sum of $607,028.99 in good funds by wire transfer to an account designated in writing by the Plan Administrator or its counsel, in accordance with the terms of the Settlement Agreement, and it is further

**ORDERED** that the Agreed Preliminary Injunction entered by this Court on August 2, 2024 [Adv. Pro. No. 24-03130, ECF No. 22] is (i) modified to authorize the disbursement of the Settlement Payment from the trust account maintained by Laborde Earles thereunder, and to authorize the release to Laborde Earles of any funds remaining in that trust account following such disbursement and following the remittances to clients provided for in the Settlement Agreement, and (ii) upon satisfaction of the Settlement Payment, the Agreed Preliminary Injunction shall be deemed dissolved, and it is further

**ORDERED** that pursuant to this Court's *Order Approving Compromise With Cristobal M. Galindo, PC* ("Galindo") entered on September 18, 2025 at ECF No. 832, Galindo irrevocably waived and released any and all claims to attorneys' fees, costs, or recovery against all successor law firms arising out of or related to the former MMA clients or cases, including Laborde Earles Law Firm, LLC; and it is further

**ORDERED** that Laborde Earles' payment of the Settlement Payment to the Debtor is made pursuant to and in compliance with this Order, and Laborde Earles shall have no liability to any

person or entity related to or arising from having made such payment in accordance with this Order, including Cristobal M. Galindo, PC; and it is further

**ORDERED** that nothing in this Order or in the Settlement Agreement shall be construed to release, discharge, reduce, extinguish, or otherwise affect any claim, cause of action, or right of recovery held by the Debtor or its bankruptcy estate against any person or entity *other than* Laborde Earles and its released parties as defined in the Settlement Agreement, including without limitation any law firm or lawyer that served as co-counsel, referring counsel, or successor counsel in any of the underlying matters, and it is further

**ORDERED** that upon Laborde Earles' payment of the Settlement Payment in full in good funds and the Debtor's receipt thereof, the Agreed Preliminary Injunction shall be dissolved, and it is further

**ORDERED** that following receipt of the Settlement Payment the Plan Administrator shall file a stipulation or motion to dismiss the Adversary Proceeding with prejudice, and that upon such dismissal the preservation, notice, cooperation, disclosure, and reconciliation obligations set forth in the Settlement Agreement shall survive the dismissal of the Adversary Proceeding; and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the Settlement Agreement and this Order.

SIGNED: ____________

______________________________________
CHIEF UNITED STATES BANKRUPTCY JUDGE

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE (this "***Agreement***") is entered into as of August 24, 2026 (the "***Execution Date***"), by and between: Allison D. Byman, in her capacity as Plan Administrator for **MMA LAW FIRM, PLLC** ("***MMA***" or "***Plaintiff***"), formerly known as McClenny Moseley & Associates, PLLC, a Texas professional limited liability company, debtor and debtor-in-possession in Case No. 24-31596 (EVR), Chapter 11, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***Bankruptcy Case***") and **LABORDE EARLES LAW FIRM, LLC**, a Louisiana limited liability company ("***Laborde Earles***" or "***LE***"). Allison D. Byman, in her capacity as Plan Administrator for MMA ("***Plan Administrator***") and Laborde Earles are referred to individually as a "***Party***" and collectively as the "***Parties***."

## RECITALS

***WHEREAS***, MMA is a Texas professional limited liability company that formerly represented thousands of individuals in property damage claims under contingency fee agreements;

***WHEREAS***, on or about March 3, 2023, attorneys associated with MMA were suspended from practice in the Western District of Louisiana (the "***Suspension***"), and MMA thereafter sought to transfer client representations to other law firms;

***WHEREAS***, after the Suspension, Laborde Earles undertook representation of certain of the MMA Cases on a contingency fee basis defined herein as the LE/Debtor Cases.

***WHEREAS***, MMA filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on April 9, 2024, initiating the Bankruptcy Case in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "***Bankruptcy Court***");

***WHEREAS***, MMA initiated Adversary Proceeding No. 24-03130 (which has also proceeded in the United States District Court for the Southern District of Texas under Case No. 4:25-cv-00097, together, the "***Adversary Proceeding***") against Laborde Earles, and filed an *Amended Complaint* [Adv. Pro. No. 24-03130, ECF No. 25] (the "***Amended Complaint***") asserting claims for: (1) violation of the automatic stay under 11 U.S.C. § 362; (2) declaratory judgment under 11 U.S.C. § 541; and (3) turnover of property of the estate under 11 U.S.C. § 542;

***WHEREAS***, Laborde Earles filed an Amended Answer and Defenses [Adv. Pro. No. 24-03130, ECF No. 50] (the "***Amended Answer***") denying MMA's claims and asserting affirmative defenses, including but not limited to lack of standing, failure to join necessary parties, that settlement proceeds are not property of the estate, that any stay violation was not willful, and equitable defenses;

***WHEREAS***, the Parties entered into an Agreed Preliminary Injunction, entered by the Bankruptcy Court on August 2, 2024 [Adv. Pro. No. 24-03130, ECF No. 22] (the "***Agreed Preliminary Injunction***"), pursuant to which Laborde Earles has continued prosecuting and settling the

LE/Debtor Cases and has held attorneys' fees and cost reimbursements in a trust account pending further order of the Court;

***WHEREAS***, the Parties desire to fully, finally, and forever resolve all claims, counterclaims, disputes, and causes of action between them arising from or related to the MMA Cases, the LE/Debtor Cases, the Adversary Proceeding, and any alleged agreement between the Parties, without further litigation and without any admission of liability or wrongdoing by either Party;

***NOW, THEREFORE***, in consideration of the mutual covenants, agreements, representations, and warranties contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## ARTICLE I
## DEFINITIONS

**1.1** "***Adversary Proceeding***" has the meaning set forth in the Recitals.

**1.2** "***Agreed Preliminary Injunction***" has the meaning set forth in the Recitals.

**1.3** "***Bankruptcy Case***" has the meaning set forth in the Preamble.

**1.4** "***Bankruptcy Court***" has the meaning set forth in the Recitals.

**1.5** "***Court Approval***" means the entry of a final, non-appealable order of the Bankruptcy Court approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.

**1.6** "***Effective Date***" means the date on which Court Approval is obtained.

**1.7** "**ESI**" has the meaning set forth in Section 9.1 hereof.

**1.8** "***LE/Debtor Cases***" means those legal matters formerly handled by MMA in which Laborde Earles subsequently undertook representation of the clients and identified on **Exhibit A** attached hereto.

**1.9** "***MMA Cases***" means all legal matters formerly handled by MMA arising from property damage claims related to Hurricanes Laura, Delta, Zeta, and Ida.

**1.10** "***Preservation Period***" has the meaning set forth in Section 9.1 hereof.

**1.11** "***Released Claims***" has the meaning set forth in Section 5.1 hereof.

**1.12** "***Released Parties***" has the meaning set forth in Section 5.3 hereof.

**1.13** "***Settlement Payment***" means the sum of Six Hundred Seven Thousand Twenty-Eight Dollars and Ninety-Nine Cents ($607,028.99), payable by Laborde Earles to MMA as provided in Article III hereof.

**1.14** ***"Settlement Statements"*** means settlement statements, closing statements, or disbursement sheets reflecting the resolution of each LE/Debtor Case, including the gross recovery, attorney's fee calculation, expense reimbursements, and disbursement of funds.

**1.15** ***"Trust Account"*** means the attorney trust account maintained by Laborde Earles in which attorneys' fees and cost reimbursements from the LE/Debtor Cases have been held pursuant to the Agreed Preliminary Injunction.

1.16 "***Associated Firm***" means any law firm, lawyer, professional corporation, or other professional entity, other than a Party itself, that has at any time served as co-counsel, associated counsel, referring counsel, forwarding counsel, local counsel, or successor counsel, or has otherwise participated in the representation of any client, in any LE/Debtor Case or any MMA Case, or that has received, shared, claimed, or asserted any right to any portion of the attorneys' fees generated in any such matter. No individual shall constitute an Associated Firm solely by reason of having performed legal services on an LE/Debtor Case in his or her capacity as a member, partner, or employee of Laborde Earles.

## ARTICLE II
## COURT APPROVAL

**2.1** **Motion for Approval.** The form of motion seeking approval of this Agreement (the "9019 Motion") and the form of proposed order thereon are attached hereto as Exhibit D and Exhibit E, respectively, and have been reviewed and approved by both Parties. Within five (5) business days following the Execution Date, the Plan Administrator shall file the 9019 Motion and submit the proposed order in substantially the form of Exhibit D and Exhibit E, subject to (i) the insertion of dates, case captions, docket numbers, signature blocks, certificates of service, and other conforming or non-substantive information, (ii) any modification required by the Bankruptcy Court, by the Bankruptcy Local Rules, or by the procedures of the presiding judge, and (iii) any modification agreed to in writing by both Parties. Nothing in this Agreement shall limit, condition, or in any way restrict the Plan Administrator 's right to describe, explain, or disclose the terms of this Agreement, the basis for the Settlement Payment, the terms contained in the Settlement Statements, or any other matter relating to this Agreement or the 9019 Motion, whether in testimony, argument, proffer, or response to inquiry, at any hearing on the 9019 Motion. If the Bankruptcy Court requires, or if any party in interest objects to the 9019 Motion on the ground that it discloses insufficient information regarding the terms of this Agreement, the Plan Administrator may supplement the 9019 Motion, file a reply, or make any disclosure necessary to obtain Court Approval or to respond to the objection or to any inquiry of the Bankruptcy Court, and no such supplement, reply, disclosure, or response shall constitute a breach of this Agreement, provided that the Plan Administrator or her successor shall take reasonable steps necessary to maintain and protect the confidentiality of Settlement Statements and Exhibit A hereto. The Plan Administrator shall give Laborde Earles notice of any written supplement or written disclosure as far in advance as is practicable and shall confer with Laborde Earles in good faith regarding its form and content and shall use reasonable efforts to seek to file under seal or otherwise protect from public disclosure any information designated confidential under Article XI.

**2.2 Condition Precedent.** This Agreement, and the obligations of the Parties hereunder, are expressly conditioned upon and subject to the entry of Court Approval. If the Bankruptcy Court declines to approve this Agreement or imposes material modifications not acceptable to both Parties, either Party may terminate this Agreement upon written notice to the other, in which event this Agreement shall be null and void and of no further force or effect, and neither Party shall have any liability to the other hereunder.

## ARTICLE III
## SETTLEMENT PAYMENT

**3.1 Amount.** In full and final settlement of all claims between the Parties, Laborde Earles shall pay to MMA the Settlement Payment in the amount of Six Hundred Seven Thousand Twenty-Eight Dollars and Ninety-Nine Cents ($607,028.99).

**3.2 Inclusive Payment.** Except as provided in Sections 5.8, 6.4, and 8.2, the Parties expressly acknowledge and agree that the Settlement Payment of $607,028.99 includes and fully accounts for any and all attorneys' fees, case expenses, costs, filing fees, service fees, expert fees, estimator fees, reimbursements, and any other amounts of any kind or nature whatsoever that are or may be owed, claimed to be owed, or alleged to be owed by Laborde Earles to MMA in connection with the LE/Debtor Cases, the MMA Cases, any alleged agreement between the Parties, the Adversary Proceeding, or any other matter. Upon receipt of the Settlement Payment, and except as provided in Sections 5.8, 6.4 and 8.2, no further amounts of any kind shall be due or owing from Laborde Earles to MMA. The Parties agree that MMA shall take full responsibility for addressing claims by any and all experts or estimators MMA engaged for any reason. This Settlement Agreement is intended to, among other things, make clear that Laborde Earles has no responsibility or obligation to address, negotiate, or resolve any portion of MMA's expert or estimator expenses. For the avoidance of doubt, the Settlement Payment compensates MMA solely for the portion of the attorneys' fees, costs, and expenses in the LE/Debtor Cases and the MMA Cases received, earned, realized, or held by or for the benefit of Laborde Earles and its Released Parties. The Settlement Payment does not compensate MMA for, and MMA does not release, any portion of the attorneys' fees, costs, or expenses in any such matter received, earned, realized, or held by or for the benefit of any Associated Firm. Nothing in this Section 3.2 shall be construed to limit or reduce any claim of MMA against any Associated Firm.

**3.3 Timing and Method of Payment.** No later than five (5) business days after the Effective Date, MMA (or its counsel) shall designate an account in writing for the payment of the Settlement Payment to be sent to the Plan Administrator. The Settlement Payment shall be made within ten (10) business days following the designation of such account by wire transfer of immediately available funds to such account designated by the Plan Administrator.

**3.4 Transfer of Funds.** The Settlement Payment may be funded from the Trust Account, which contains funds held by Laborde Earles pursuant to the Agreed Preliminary Injunction. Upon entry of Court Approval, the Agreed Preliminary Injunction shall be deemed modified to authorize the disbursement of the Settlement Payment from the Trust

Account to MMA. Any funds remaining in the Trust Account after disbursement of the Settlement Payment shall be released to Laborde Earles free and clear of any claim by MMA, the MMA bankruptcy estate and any successor to MMA and/or the MMA bankruptcy estate; *provided however*, that certain original settlement memos were executed at a 40% attorney fee, and Laborde Earles shall return the difference between the 40% fee and the 33.33% fee Laborde Earles holds pursuant to *Agreed Preliminary Injunction* [Adv. No. 24-03130. ECF No. 22] to the respective client free and clear of any claim by MMA, the MMA bankruptcy estate and any successor to MMA and/or the MMA bankruptcy estate.

**3.5** **Tax Consequences.** Each Party shall be solely responsible for the payment of any and all taxes owed by it as a result of the Settlement Payment and the transactions contemplated herein. Laborde Earles shall issue any required tax reporting forms (including IRS Form 1099, if applicable) to MMA through the Plan Administrator.

## ARTICLE IV
## DISMISSAL OF ADVERSARY PROCEEDING

**4.1** **Stipulation of Dismissal.** Within five (5) business days following Laborde Earles' payment of the Settlement Payment in full, the Parties shall jointly file a Stipulation of Dismissal with Prejudice of the Adversary Proceeding in the Bankruptcy Court and in the District Court (in 4:25-cv-00097 (S.D. Tex.)), with each Party to bear its own attorneys' fees and costs. In the event either Party fails to execute the stipulation, this Agreement may be presented to the Bankruptcy Court as the basis for entry of an order of dismissal with prejudice.

**4.2** **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Agreement, including but not limited to the payment obligations, the preservation and cooperation obligations, and any disputes arising hereunder.

## ARTICLE V
## RELEASE

**5.1** **Released Claims.** "***Released Claims***" means any and all claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, demands, rights, liabilities, obligations, losses, costs, expenses (including attorneys' fees), and actions of every kind and nature whatsoever, whether at law or in equity, whether known or unknown, suspected or unsuspected, fixed or contingent, matured or unmatured, liquidated or unliquidated, that either Party ever had, now has, or hereafter may have against the other Party or any Released Party, arising out of, relating to, or in any way connected with:

(a) the MMA Cases and/or the LE/Debtor Cases;

(b) any alleged agreement, arrangement, understanding, or course of dealing between MMA and Laborde Earles regarding the transfer, referral, or handling of cases, clients, or fees;

(c) the Adversary Proceeding, including all claims asserted in the Amended Complaint and all counterclaims and affirmative defenses asserted in the Amended Answer;

(d) any alleged violation of the automatic stay under 11 U.S.C. § 362;

(e) any claim for declaratory relief under 11 U.S.C. § 541 regarding property of the estate;

(f) any claim for turnover under 11 U.S.C. § 542;

(g) any claim for attorneys' fees, costs, expenses, or damages arising from or related to any of the foregoing; and

(h) any and all other claims, of whatever nature, that were or could have been asserted by either Party against the other in the Adversary Proceeding or that arise from the same nucleus of operative facts.

**5.2 Carve-Out.** Notwithstanding anything to the contrary herein, Sections 5.1, 5.4, 5.6 and 5.7 shall not apply to any undisclosed or subsequently discovered legal matter formerly handled by MMA in which Laborde Earles subsequently undertook representation of such client that is omitted, intentionally or unintentionally, from Exhibit A hereto. Any statute of limitations, prescriptive period applicable to any claim by MMA and its bankruptcy estate, or any successor to MMA and/or the MMA bankruptcy estate has or may have against Laborde Earles arising solely from legal fees and expenses related to such undisclosed or subsequently discovered legal matters described in the preceding sentence is tolled and suspended. Except with respect to any claim related to an intentional misrepresentation of the disclosures contained in Exhibit A, no omission of such legal matter shall constitute a material breach of this Agreement or result in any recission, voidability or voiding of this Agreement, including, but not limited to, the releases contained herein.

**5.3 Released Parties.** "***Released Parties***" means, with respect to each Party: (a) the Party itself; (b) its past, present, and future owners, members, managers, partners, principals, officers, directors, and employees; (c) its, agents, representatives, attorneys, advisors, and consultants, solely in their capacity as agent, representative, counsel, or advisor to the Party in the Bankruptcy Case, the Adversary Proceeding, or the negotiation and performance of this Agreement; (d) its parent entities, subsidiaries, affiliates, predecessors, successors lenders, and assigns; and (e) each of the foregoing persons' and entities' respective heirs, executors, administrators, personal representatives, and estates. Notwithstanding anything to the contrary in this Agreement, "Released Parties" does not include any Associated Firm, and no release, waiver, discharge, or covenant not to sue set forth in this Agreement extends to any Associated Firm.

**5.4 MMA's Release of Laborde Earles.** Effective upon receipt of the Settlement Payment, MMA, on behalf of itself, its bankruptcy estate, any successor to MMA and/or the MMA bankruptcy estate and their respective Released Parties, hereby unconditionally and irrevocably releases, acquits, and forever discharges Laborde Earles and its Released Parties from any and all Released Claims.

**5.5 Laborde Earles' Release of MMA.** Effective upon payment of the Settlement Payment, Laborde Earles, on behalf of itself and its Released Parties, hereby unconditionally and irrevocably releases, acquits, and forever discharges MMA, its bankruptcy estate, any successor to MMA and/or the MMA bankruptcy estate, and MMA's Released Parties from any and all Released Claims, including but not limited to any claims asserted or that could have been asserted as counterclaims or affirmative defenses in the Adversary Proceeding.

**5.6 Waiver of Unknown Claims.** Each Party acknowledges that it may hereafter discover facts different from or in addition to those it now knows or believes to be true with respect to the subject matter of this Agreement, and each Party agrees that this Agreement shall remain in full force and effect notwithstanding the existence or discovery of any such different or additional facts. Each Party expressly waives and relinquishes, to the fullest extent permitted by law, any right or benefit it may have under applicable law, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known, would have materially affected his or her settlement with the released party.

**5.7 Covenant Not to Sue.** Each Party covenants and agrees that it will not, directly or indirectly, commence, maintain, or prosecute, or cause or permit to be commenced, maintained, or prosecuted, any action, suit, or proceeding of any kind against the other Party or any Released Party with respect to any Released Claim.

**5.8 Exclusions from Release.** Notwithstanding anything in this Article V to the contrary, the Released Claims do not include, and neither Party releases, waives, discharges, or covenants not to sue upon: (a) any claim arising from a breach of this Agreement, including any breach of the representations and warranties set forth in Article VI; (b) any claim arising from or relating to any case, claim, or matter that was required to be identified on Exhibit A but was not so identified; (c) any claim arising from or relating to any understatement on Exhibit A of the attorneys' fees, gross recovery, or expenses associated with any case, provided that, except where such understatement results an intentional misrepresentation, fraud, or conduct described in Section 6.4(f), the exclusive remedy for such understatement shall be in accordance with Section 6.4(e) hereof; (d) any claim to enforce Article VI, Article VII, Article VIII, or Article IX; (e) any claim sounding in fraud, fraudulent inducement, or intentional or negligent misrepresentation arising from the representations made in Article VI or in the Sworn Certification. and (f) any claim against any Associated Firm, or any claim against Laborde Earles arising from or relating to fees received, shared, or retained by any Associated Firm. The waiver of unknown claims in Section 5.6 and the covenant not to sue in Section 5.7 do not apply to any matter excluded by this Section 5.8

**5.9 Reservation of Rights Against Associated Firms.** MMA and thereby the Plan Administrator, expressly reserves, and does not release, waive, discharge, or compromise, any and all claims, causes of action, and rights of recovery it has or may have against any Associated Firm and against any person or entity other than Laborde Earles and its Released Parties whether arising from the same facts as the Released Claims or otherwise. This Agreement is intended to release only Laborde Earles and its Released Parties.

## ARTICLE VI
## REPRESENTATIONS AND WARRANTIES REGARDING THIRD-PARTY CLAIMS, EXHIBIT A AND LIENS

**6.1 MMA's Representations and Warranties.** MMA represents and warrants to Laborde Earles as follows:

(a) **Authority.** The Plan Administrator has full legal authority and capacity, subject to Court Approval, to enter into this Agreement, to release the Released Claims, and to perform all obligations hereunder. The execution, delivery, and performance of this Agreement by MMA have been duly authorized by all necessary action.

(b) **No Assignments.** MMA has not assigned, transferred, pledged, or otherwise encumbered any of the claims released herein to any third party, and no other person or entity has any interest in the Released Claims.

**6.2 Survival.** All representations and warranties under this Article VI shall survive the Effective Date, the payment of the Settlement Payment, and the dismissal of the Adversary Proceeding, and shall remain in full force and effect without limitation as to time.

**6.3 Laborde Earles' Representations and Warranties.** Laborde Earles represents and warrants to MMA that it has full legal authority and capacity to enter into this Agreement and to perform all obligations hereunder, and that the execution, delivery, and performance of this Agreement by Laborde Earles have been duly authorized by all necessary action.

**6.4 Laborde Earles' Representations and Warranties Regarding Exhibit A.** As a material inducement to MMA's entry into this Agreement, and as a material term hereof, Laborde Earles represents and warrants to MMA as follows:

(a) **Completeness of Exhibit A.** After reasonable inquiry and to Laborde Earles' knowledge, Exhibit A identifies every case, claim, and legal matter in which Laborde Earles has at any time undertaken, assumed, continued, or participated in the representation of any person or entity who was, to Laborde Earles' knowledge, at any time a client of MMA, whether that representation was undertaken directly, jointly with any other law firm or lawyer, by referral, by substitution, or through any other arrangement, and whether or not Laborde Earles remains counsel of record as of the Execution Date. After reasonable inquiry and to Laborde Earles' knowledge, no such case, claim, or matter has been omitted from Exhibit A. Exhibit A further identifies, for each case, claim, and matter listed thereon, each Associated Firm, **if any,** that participated in the representation or received, shared, or claimed

any portion of the attorneys' fees therein, and the amount of attorneys' fees received, shared, or claimed by each such Associated Firm.

(b) **Accuracy of Amounts.** After diligent inquiry and to Laborde Earles' knowledge, each case, claim, and matter specifically identified on Exhibit A resolved as of the Execution Date, the amounts stated are true, correct, and complete, and reflect the gross recovery obtained, the total attorneys' fees received, earned, or otherwise realized by Laborde Earles or by any person or entity for the benefit of Laborde Earles, and the total expenses and costs reimbursed. After diligent inquiry and to Laborde Earles' knowledge, the aggregate attorneys' fee figure stated on Exhibit A for each matter identified on Exhibit A that is resolved as of the Execution Date is the entirety of the attorneys' fees generated in those matters, and no portion of any such fee has been paid, assigned, diverted, deferred, waived, or held for the benefit of any other person or entity in any manner that reduces the amounts shown, except as may be provided pursuant to Section 3.4 hereof.

(c) **Reliance.** The Settlement Payment was calculated by reference to the cases and the attorneys' fee amounts stated on Exhibit A. Laborde Earles acknowledges that MMA has relied upon the completeness and accuracy of Exhibit A, and that MMA would not have entered into this Agreement, agreed to the amount of the Settlement Payment, or granted the releases in Article V, absent the representations set forth in this Section 6.4.

(d) **Understatements.** The understatement from Exhibit A of the amount of attorneys' fees associated with any case, claim, or matter, shall be remedied in accordance with Section 6.4(e) of this Agreement.

(e) **Remedy.** Upon any understatement described in Section 6.4(d) or omission under Section 8.2, Laborde Earles shall pay to MMA, within thirty (30) days of written demand, an amount bearing the same proportion to the attorneys' fees omitted or understated as the Settlement Payment bears to the aggregate attorneys' fees stated on Exhibit A for matters resolved as of the Execution Date, together with interest from the date of demand at the rate applicable to federal judgments and MMA's reasonable attorneys' fees and costs incurred in enforcing this Section 6.4. No omission or understatement of such fees shall constitute a material breach of this Agreement or result in any recission, voidability or voiding of this Agreement.

(f) **Matters Pending as of the Execution Date.** Exhibit A separately identifies each case, claim, and matter described in Section 6.4(a) that remains pending as of the Execution Date and states, for each, the status of settlement negotiations and any offer or demand outstanding as of the Execution Date. Laborde Earles represents and warrants that, to Laborde Earles' knowledge, no matter identified on Exhibit A as pending is one in which a settlement had been agreed, executed, or funded on or before the Execution Date, and that it has not deferred, delayed, or withheld the resolution or the recording of the resolution of any matter for the purpose of characterizing that matter as pending. A breach of this Section 6.4(f) is a breach of

this Agreement and carries the remedy set forth in Section 6.4(e), which remedy is not exclusive of any other remedy available at law or in equity.

## ARTICLE VII
## DELIVERY OF SETTLEMENT STATEMENTS

7.1 **Obligation to Provide.** Laborde Earles has, prior to the Execution Date, provided MMA with copies of all Settlement Statements for the LE/Debtor Cases resolved as of the Execution Date, and Laborde Earles represents and warrants that the Settlement Statements so provided are complete and constitute all such Settlement Statements. For any LE/Debtor Case resolved on or after the Execution Date, Laborde Earles shall provide the applicable Settlement Statement within fourteen (14) business days following resolution of such case.

7.2 **No Further Obligation.** For the avoidance of doubt, the provision of Settlement Statements is for informational and record-keeping purposes only and shall not, standing alone, give rise to any additional payment obligation or reopen the finality of the Settlement Payment or the releases granted herein. Nothing in this Section 7.2 limits Laborde Earles' obligations, or MMA's rights and remedies, under Section 6.4, Section 7.3, or Section 8.2.

7.3 **Reconciliation.** MMA shall have until the Court Approval of this Settlement to reconcile the Settlement Statements referenced in Section 7.1 to reconcile those statements against Exhibit A. If the Settlement Statements disclose any case, claim, or matter not identified on Exhibit A, or attorneys' fees exceeding the amount stated on Exhibit A for any case, MMA shall so notify Laborde Earles in writing, and Laborde Earles shall promptly correct Exhibit A and the Settlement Payment shall be increased in the manner set forth in Section 6.4(e).

## ARTICLE VIII
## SWORN REPRESENTATION REGARDING OTHER CASES

8.1 **Certification.** Concurrently with the execution of this Agreement, a member or managing partner of Laborde Earles with authority to bind the firm shall execute a sworn certification substantially in the form attached hereto as **Exhibit B** (the "***Sworn Certification***"), representing and certifying that, after reasonable inquiry of Laborde Earles' records, no other cases are known to exist in which Laborde Earles currently represents or has represented a former MMA client, other than those LE/Debtor Cases already identified and accounted for in Exhibit A hereto.

8.2 **Discovery of Additional Cases or Undisclosed Cases.** If at any time Laborde Earles discovers, or MMA identifies, any case, claim, or matter that was required to be identified on Exhibit A but was not so identified, Laborde Earles shall notify the Plan Administrator and her counsel in writing within ten (10) business days and shall deliver to the Plan Administrator and her counsel the Settlement Statement and a complete fee accounting for that matter, or Laborde Earles shall deliver to the Plan Administrator and her counsel the Settlement Statement and complete fee accounting for such matter within ten (10) business

days after the Plan Administrator and her counsel identify such case to Laborde Earles, as the case may be. Laborde Earles shall pay to MMA, within thirty (30) days of written demand, the amount determined under Section 6.4(e) with respect to that matter; *provided, however*, that neither the releases granted in Article V nor the dismissal of the Adversary Proceeding shall bar MMA from enforcing this Section 8.2 or Section 6.4, and MMA's claims with respect to any case, claim, or matter omitted from Exhibit A are expressly preserved under Section 5.8.

## ARTICLE IX
## PRESERVATION OF ELECTRONIC INFORMATION AND COOPERATION

**9.1 Preservation Obligation.** Laborde Earles covenants and agrees that it will preserve and shall not allow the destruction, deletion, alteration, or disposition of any electronically stored information ("***ESI***"), documents, files, communications, or other records in its or its principals' possession, custody, or control that relate to MMA, MMA's principals, the MMA Cases, the LE/Debtor Cases, or any former MMA client, for a period of eighteen (18) months following the date on which the order approving this Agreement becomes final and non-appealable (the "***Preservation Period***").

**9.2 Cooperation in Third-Party Discovery.** Laborde Earles further covenants and agrees that, from and after the Effective Date, during the Preservation Period, if Laborde Earles is served with reasonable, formal discovery requests (including but not limited to subpoenas, requests for production, or interrogatories) by MMA in other litigation or proceedings involving MMA and third parties, and such requests seek information or documents relating to MMA, MMA's principals, the MMA Cases, or the LE/Debtor Cases, Laborde Earles shall cooperate in good faith in producing responsive, non-privileged information and documents, subject to:

(a) Laborde Earles' right to assert applicable privileges (including attorney-client privilege and work product doctrine) with respect to its own clients' confidential information; and

(c) compliance with all applicable rules, laws, and court orders governing such discovery.

**9.3 Survival.** The obligations set forth in this Article IX shall survive the releases granted in Article V, the dismissal of the Adversary Proceeding, and the termination or expiration of this Agreement, and shall continue in full force and effect for the duration of the Preservation Period. For the avoidance of doubt, the mutual release granted in Article V does not release, waive, or limit the obligations of Laborde Earles under this Article IX.

## ARTICLE X
## NO ADMISSION OF LIABILITY

**10.1** This Agreement represents a compromise and settlement of disputed claims. Nothing contained herein shall be construed as an admission of liability, wrongdoing, or fault by either Party. Each Party expressly denies any liability or wrongdoing. Laborde Earles

specifically denies the existence of any binding agreement with MMA regarding fee-sharing and denies any violation of the automatic stay. This Agreement shall not be admissible in any proceeding for any purpose other than to enforce its terms.

## ARTICLE XI
## CONFIDENTIALITY

**11.1 Confidential Treatment.** The Parties agree that (i) Exhibit A hereto and (ii) Settlement Statements shall be treated as confidential and shall not be disclosed to any third party except as provided in Section 11.2.

**11.2 Permitted Disclosures.** Notwithstanding Section 11.1, disclosure of the items specified in Section 11.1 is permitted:

(a) to a Party's attorneys, accountants, tax advisors, auditors, insurers, and other professional advisors, provided such persons agree to maintain the confidentiality of the information;

(b) to the extent required by applicable law, regulation, or legal process (including subpoena or court order), provided that the disclosing Party gives the other Party reasonable prior written notice to the extent permitted by law;

(c) with the prior written consent of the other Party; and

(d) by MMA, in testimony, argument, proffer, or response to inquiry at any hearing before the Bankruptcy Court, or as necessary to obtain Court Approval or to respond to any objection to the 9019 Motion, in each case as provided in Section 2.1.

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

**12.1 Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Louisiana, without regard to its conflict of laws principles, except to the extent that federal bankruptcy law applies.

**12.2 Entire Agreement.** This Agreement (including any exhibits hereto) constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior or contemporaneous oral or written agreements, understandings, representations, or warranties between the Parties relating to such subject matter.

**12.3 Amendment.** This Agreement may not be amended, modified, or supplemented except by a written instrument executed by both Parties and, to the extent required, approved by the Bankruptcy Court.

**12.4 Waiver.** No waiver of any provision of this Agreement shall be effective unless in writing and signed by the waiving Party. The failure of either Party to enforce any provision of this

Agreement shall not be construed as a waiver of such provision or the right to enforce it at a later time.

**12.5 Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by facsimile, email (including PDF), or other electronic means shall be deemed original signatures for all purposes.

**12.6 Severability.** If any provision of this Agreement is held to be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not be affected or impaired thereby, and such invalid, illegal, or unenforceable provision shall be modified to the minimum extent necessary to make it valid, legal, and enforceable while preserving the Parties' original intent.

**12.7 No Third-Party Beneficiaries.** Except as expressly set forth herein with respect to the Released Parties (who are intended third-party beneficiaries of the releases in Article V), this Agreement is not intended to confer any rights, remedies, obligations, or liabilities upon any person or entity other than the Parties. No Associated Firm is a third-party beneficiary of this Agreement or of any provision hereof.

**12.8 Notices.** All notices required or permitted under this Agreement shall be in writing and shall be deemed given when: (a) delivered personally; (b) sent by certified mail, return receipt requested, postage prepaid; or (c) sent by nationally recognized overnight courier, **and** (d) sent by email, in each case addressed as follows:

**If to MMA:**

MMA Law Firm, PLLC
c/o Miriam T. Goott
Walker & Patterson, P.C.
4815 Dacoma
Houston, Texas 77092

and

Allison D. Byman
7924 Broadway
Suite 104,
Pearland, TX 77581

By email: mgoott@walkerandpatterson.com, jjp@walkerandpatterson.com, adb@bymanlaw.com, kohlsson@mma-pllc.com, and Zach@mma-pllc.com.

**If to Laborde Earles:**

Laborde Earles Law Firm, LLC
c/o Joshua W. Wolfshohl
Porter Hedges LLP

1000 Main Street, 36th Floor
Houston, Texas 77002

By email: jwolfshohl@porterhedges.com; hhatfield@porterhedges.com; mdearman@porterhedges.com

Either Party may change its address and email for notices by written notice to the other Party in accordance with this Section by email.

**12.9 Construction.** This Agreement has been jointly drafted and negotiated by the Parties and their respective counsel. No provision of this Agreement shall be construed against either Party on the ground that such Party drafted the provision or caused it to be drafted.

**12.10 Headings.** The headings in this Agreement are for convenience of reference only and shall not affect the interpretation of any provision hereof.

**12.11 Authority.** Each person signing this Agreement represents and warrants that he or she is duly authorized to execute this Agreement on behalf of the Party for whom he or she signs.

**[SIGNATURE PAGES FOLLOW]**

* * * * *

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement and Mutual Release to be executed by their duly authorized representatives as of the date first written above.

**MMA LAW FIRM, PLLC**

By: Allison D. Byman, Plan Administrator
Name: /s/ Allison D. Byman, Plan Administrator
Title: 8-24-2026
Date:

**LABORDE EARLES LAW FIRM, LLC**

By: [signature]
Name: David C Laborde
Title: Partner
Date: 8-27-26



18666905

# EXHIBIT B

## SWORN CERTIFICATION OF LABORDE EARLES LAW FIRM, LLC REGARDING FORMER MMA CLIENT CASES

STATE OF LOUISIANA

PARISH OF Lafayette

BEFORE ME, the undersigned notary public, on this 27th day of August, 2026, personally appeared David Laborde (the "***Affiant***"), who, being first duly sworn, states under penalty of perjury as follows:

**1.** I am a duly authorized representative of Laborde Earles Law Firm, LLC ("***Laborde Earles***") and am authorized to make this Sworn Certification on behalf of Laborde Earles in connection with the Settlement Agreement and Mutual Release dated August___, 2026 (the "***Agreement***"), between MMA Law Firm, PLLC ("***MMA***") and Laborde Earles.

**2.** I have personal knowledge of the matters stated herein, or have made reasonable inquiry of Laborde Earles' records, case management systems, and personnel sufficient to form a reasonable belief regarding the matters stated herein.

**3.** After reasonable inquiry of Laborde Earles' records and personnel, I hereby certify that, to the best of my knowledge, information, and belief: no cases or legal matters exist in which Laborde Earles currently represents, or has at any time represented, a former client of MMA in the MMA Cases (as defined in the Agreement), other than those cases identified as "LE/Debtor Cases" on Exhibit A to the Agreement.

4. I further certify that dollar amounts identified on Exhibit A are true, correct, and complete, and reflect the gross recovery obtained, the total attorneys' fees received, earned, or otherwise realized by Laborde Earles or by any person or entity for the benefit of Laborde Earles, and the total expenses and costs reimbursed.

**4.** In the event that Laborde Earles discovers, after the date of this Certification, the existence of any additional case or matter involving a former MMA client in the MMA Cases that was not previously identified, Laborde Earles shall notify MMA in writing in accordance with Section 8.2 of the Agreement.

**5.** I understand that this Certification is made under penalty of perjury under the laws of the United States and the State of Louisiana, and that any knowing and willful false statement herein may subject me and/or Laborde Earles to criminal penalties.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 27 day of August, 2026.

Name: David C Laborde
Title: Partner
Laborde Earles Law Firm, LLC

SUBSCRIBED AND SWORN TO before me on this 27th day of August, 2026.

Notary Public
My Commission Expires: @ Death

KELBY RASMUSSEN
STATE OF LOUISIANA
Notary Public No. 146500
Attorney at Law Bar Roll # 36634



18665972

Simon Hendershot
Suite 600
1800 Bering Dr.
Houston, TX 77057

Katie Cowart
Suite 600
1800 Bering Dr.
Houston, TX 77057

Jason Kathman
Suite 650
5700 Granite Parkway
Plano, TX 75024

Ryan Richmond
Suite 1450
450 Laurel St.
Baton Rouge, LA 70801

Carla Ruth Delpit
Suite 300
2211 Norfolk St.
Houston, TX 77098

Laura A. Carlock
Suite 300
2211 Norfolk St.
Houston, TX 77098

Richard D. Daly
Suite 300
2211 Norfolk St.
Houston, TX 77098

Charles David Brown
Suite 300
2211 Norfolk St.
Houston, TX 77098

Jason Joy
Suite 1801
909 Texas St.
Houston, TX 77002

Colin Wood
Suite 1801
909 Texas St.
Houston, TX 77002

Emory Powers
Suite 4400
1221 McKinney
Houston, TX 77010

Marcus Eason
Suite 2800
609 Main St.
Houston, TX 77002

Fields Alexander
Suite 4500
1221 McKinney
Houston, TX 77010

Lorenzo Nunez
P.O. Box 183853
Arlington, TX 76096

Ruth Van Meter
9322 Shady Lane Circle
Houston, TX 77063

American Express Nat. Bank
c/o Becket & Lee LLP
P.O. Box 3001
Malvern, PA 19355

Avi Moshenberg
Suite 2101 #838
801 Travis St.
Houston, TX 77002

Nicholas R. Lawson
Suite 2101 #838
801 Travis St.
Houston, TX 77002

Elias M. Yazbeck
Suite 2800
609 Main St.
Houston, TX 77002

Ruth Van Meter
Suite 210
1707 Post Oak Blvd.
Houston, TX 77056

H. Anthony Hervol
Suite 1206-168
22211 IH-10 West
San Antonio, TX 78257

Scott R. Bickford
338 Lafayette St.
New Orleans, LA 70130

Matthew B. Probus
Suite 930
10497 Town and Country Way
Houston, TX 77024

Tristan Manthey
46th Floor
201 St. Charles Ave.
New Orleans, LA 70170

Lynnette R. Warman
Suite 110-1593
13101 Preston Rd.
Dallas, TX 75240

Ariel Sagre
Suite 892
5201 Blue Lagoon Dr.
Miami, FL 33126

Nicholas Zugaro
5 Houston Center
Suite 1625
1401 McKinney St.
Houston, TX 77010

David J. Schenck
Suite 4200
1717 Main St.
Dallas, TX 75201

Clay A. Cosse
Suite 4200
1717 Main St.
Dallas, TX 75201

Alexandra M. Twiss
Suite 4200
1717 Main St.
Dallas, TX 75201

Jayne Moseley
c/o Tran Singh LLP
2502 La Branch St.
Houston, TX 77004

David Miller
Suite 2000
1700 Lincoln St.
Denver, CO 80203

Stephanie Laird Tolson
Suite 1380
5151 San Felipe
Houston, TX 77056

Lisa Norman
15th Floor
1885 St. James Place
Houston, TX 77056

Edward L. Ripley
15th Floor
1885 St. James Place
Houston, TX 77056

T. Josh Judd
15th Floor
1885 St. James Place
Houston, TX 77056

Joshua W. Wolfshohl
36th Floor
1000 Main St.
Houston, TX 77002

Michael Dearman
36th Floor
1000 Main St.
Houston, TX 77002

Scott Cheatham
Suite 4500
701 Poydras St.
New Orleans, LA 70139

Charlie Shelton
Suite 106
10501 N. Central Expy.
Dallas, TX 75231

Ruth Van Meter
Suite 106
10501 N. Central Expy.
Dallas, TX 75231

Annette Ramirez
2520 W.W. Thorne Drive
Houston, TX 77073

Kanika W. Middleton
2520 W.W. Thorne Drive
Houston, TX 77073

Pamela H. Walters
2520 W.W. Thorne Drive
Houston, TX 77073

Jamie Kirk
c/o Sherri K. Simpson
Texaas AG, Bankr. & Collections
12221 Merit Dr., Suite 825
Dallas, TX 75251

U.S. Trustee (Houston)
Suite 3516
515 Rusk
Houston, TX 77002

Jeannie Lee Andresen
P.O. Box 3064
Houston, TX 77253

SEC
Suite 1900
801 Cherry St.
Fort Worth, TX 76102

Texas Workforce Commission
Office of Attorney General
BK/Collections
P.O. Box 12548, MC008
Austin, TX 78711-2548

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

Aldine ISD Tax Office
14909 Aldine Westfield Rd
Houston, TX 77032

Curtis and Ardene Tassin
Health Law Group LLC
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
c/o Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487

Louisiana Farm Bureau
P.O. Box 95008
Baton Rouge, LA 70895

Regina A. Ceaser
4200 CoCo Miguel Rd.
New Iberia, LA 70560

Opal Prejean
1709 Seventh St.
Lake Charles, LA 70601

Cynthia Troxclair
PO Box 1731
Kinder, LA 70648

Kevin Kelly
1120 Wyndham South
Gretna, LA 70056

The Kidwell Group, LLC
d/b/a Air Quality Assessors of Florida
c/o Latham Luna Eden & Beaudine, LLP
201 S. Orange Ave., Suite 1400
Orlando, FL 32801

Apex Roofing and Restoration, LLC
c/o Scott R. Bickford, Esq
338 Lafayette Street
New Orleans, LA 70130

Aramark Refreshments Services, LLC
c/o Devin G. Bray
Hawley Troxell Ennis & Hawley LLP
P.O. Box 1617
Boise, ID 83701

Abdul Muhammad
58025 Geroge St.
Plaquemine, LA 70764

Darrell Broussard
420 Tommys Rd.
Sunset, LA 70584

Cynthia Johnson
1318 Bank Avenue
New Iberia, LA 70560

Linda Thomas
4224 Worthy Dr.
Lake Charles, LA 70607

Paul Adams
340 Scenic Drive
Ville Platte, LA 70586

Eunice Pillette
503 East Valcourt St.
Abbeville, LA 70510

Ernest Willaims
110 Hansel St.
New Iberia, LA 70560

Lorenzo Garner
1201 Butter Street
Leesville, LA 71446

Harold Boudreaux
105 Crestmont Blvd
Youngsville, LA 70592

Shavaun Miller
215 Ralph Street
Midland, LA 70559

Marino Guillory
101 Weaver Street
Eunice, LA 70535

Addison Houston
521 Sykes St.
Shreveport, LA 71104

Deborah Hollie
390 Burks Rd.
Starks, LA 70661

Noble Public Adjusting
107 Amar Place, #103
Panama City Beach, FL 32413

Christovich & Kearney, LLP
601 Poydras St., Suite 2300
New Orleans, LA 70130

Ginger Beebe
21 Virgil Beebe Rd
Lena, LA 71447

Krause & Kinsman Trial Lawyers, LLP
Saul Ewing LLP c/o Turner Falk, Esq.
1500 Market Street, 38th Floor
Philadelphia, PA 19102

Starlight Studios, LLC
c/o Congeni Law Firm, LLC
650 Poydras Street, Ste. 2750
New Orleans, LA 70130

Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Locklin Consulting, LLC
17319 Fountainbluff Drive
San Antonio, TX 78248

Katherine Monson, et al
1100 Poydras Street, Suite 3250
New Orleans, LA 70163

PCG - Property Loss Consultants
2000 Mallory Lane, Suite 130, #239
Franklin, TN 37067

Cristobal M. Galindo, P.C.
c/o Charlie Shelton
Hayward PLLC
7600 Burnet Road, Suite 530
Austin, TX 78757

Global Estimating Services, Inc.
c/o Andrews Myers, PC
Attn: Lisa M. Norman
1885 Saint James Place, 15th Fl
Houston, TX 77056

Access Restoration Services US, Inc.
c/o Andrews Myers, PC
Attn: Lisa M. Norman
1885 Saint James Place, 15th Fl
Houston, TX 77056

Equal Access Justice Fund, LP
c/o Fred Johnson
Spencer Fane, LLP
3040 Post Oak Blvd, Suite 1400
Houston, TX 77056

EAJF ESQ Fund, LP
c/o Misty A. Segura, Spencer Fane, LLP
3040 Post Oak Blvd., Ste. 1400
Houston, TX 77056

LeeRoy Jefferson
2667 Sligo Road
Haughton, LA 71037

John Zachary Moseley
1235 N. Loop West, Suite 810
Houston, TX 77008

Disaster Solutions
192 Solhelm Lane
Raleigh, NC 27603

Morgan Law Group, P.A.
1331 Ochsner Blvd., Ste. 101
Covington, LA 70433

AT&T
P.O. Box 5019
Carol Stream, IL 60197

CapitalOne Spark
P.O. Box 30285
Salt Lake City, UT 84130

Comcast
P.O. Box 8587
Philadelphia, PA 19101

James McClenny
380 Ridge Lake Scenic Dr.
Montgomery, TX 77316

Louisiana TWC
P.O. Box 94050
Baton Rouge, LA 70804

Oakwoood Bank
Suite 600, LB 35
8411 Preston Rd
Dallas, TX 75225

Porsche Financial Services
One Porsche Dr.
Atlanta, GA 30354

SBA
CESC - COVID EIDL Service Center
14925 Kingsport Rd.
Fort Worth, TX 76155

Thomson Reuters
610 Opperman Drive
Eagan, MN 55123