IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S MOTION TO COMPROMISE CONTROVERSY WITH BARCUS ARENAS, PLLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this Motion to Compromise Controversy (the **"Motion"**), seeking approval of a settlement with Barcus Arenas, PLLC (**"Barcus Arenas"**) that resolves the claims asserted in Adversary No. 25-03018 and all disputes arising under the discovery order entered in that proceeding on September 2, 2026. In support thereof, the Plan Administrator states as follows:

## RELEVANT BACKGROUND FACTS

1. MMA Law Firm, PLLC (**"MMA"**) is a Texas litigation firm that previously represented thousands of clients in property insurance claims following Hurricanes Laura, Delta, Zeta, and Ida.

2. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On August 5, 2026, the Court entered its order confirming MMA's Chapter 11 plan (ECF No. 1660). Under the confirmed plan, Allison D. Byman serves as Plan Administrator.

4. On January 28, 2025, MMA commenced an adversary proceeding against Barcus Arenas styled *MMA Law Firm, PLLC v. Barcus Arenas, PLLC*, Adversary No. 25-03018 (the **"Adversary"**).

5. Barcus Arenas answered the Complaint on February 28, 2025, and filed its First Amended Answer on July 7, 2026. Barcus Arenas disputes and denies each of the Claims, denies that it has any liability to MMA or to the estate, and denies that it engaged in any wrongdoing. Barcus Arenas has agreed to the settlement solely to avoid the cost, burden, distraction, and uncertainty of continued litigation.

6. The Adversary has been actively litigated, including a contested discovery dispute that the parties briefed and the Court heard. On September 2, 2026, the Court entered its order resolving ECF No. 47 in the Adversary (ECF No. 62) (the **"Discovery Order"**).

7. The Plan Administrator and Barcus Arenas have reached a comprehensive settlement that resolves all of the claims asserted in the Adversary and all disputes arising under the Discovery Order, subject to the approval of this Court.

8. The Oversight Committee received notice on September 3, 2026, and approved the terms of the Settlement Agreement on September 4, 2026.

## SETTLEMENT TERMS

9. The material terms of the settlement agreement (the **"Settlement Agreement"**), attached hereto as Exhibit A, are as follows:

a. In full and final resolution of the Adversary, Barcus Arenas shall pay MMA the total sum of $560,000.00 (the **"Settlement Amount"**), in two equal installments.

b. The first installment of $280,000.00, representing fifty percent (50%) of the Settlement Amount, shall be paid within seven (7) days after entry of an order approving the Settlement Agreement.

c. The second installment of $280,000.00, representing the remaining fifty percent (50%) of the Settlement Amount, shall be paid within sixty (60) days after entry of that order.

d. Each installment shall be paid in good funds made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman, Plan Administrator, at 7924 W. Broadway, Suite #104, Pearland, Texas 77581. Payment is deemed made on the date the installment is delivered to the Plan Administrator in good funds.

e. Upon entry of the order approving the Settlement Agreement and upon payment of the Settlement Amount in full and when due, the parties will fully release one another from all claims, demands, and causes of action asserted in the Adversary and arising out of or relating to the Adversary and the Discovery Order.

f. Upon entry of that order and payment of both installments in full and when due, MMA will move to dismiss the Adversary with prejudice. The motion to dismiss will request that the order of dismissal provide that no obligation under the Discovery Order remains outstanding and that no amount awarded under the Discovery Order is due or collectible.

g. If the Court does not approve the Settlement Agreement, or if Barcus Arenas fails to make both payments when due, the Discovery Order remains in full force and effect in all respects and the parties' rights and remedies are fully reserved.

## ARGUMENT AND AUTHORITIES

10. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. *See also In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980). The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation, and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

11. The Plan Administrator believes the estate holds a strong claim against Barcus Arenas and has litigated the Adversary vigorously for more than nineteen months. Barcus Arenas denies liability outright, denies that the estate holds any interest in the fees it collected, and has amended its answer to sharpen those defenses. Disputes over the apportionment of attorney's fees are intensely factual, turn on conflicting records and competing readings of engagement agreements, and frequently require expert testimony on the value of the work performed. The Plan

Administrator is confident in the estate's position, but success at trial is not assured, and a contested trial would be followed by the realistic prospect of an appeal.

12. The proposed settlement eliminates that uncertainty and secures $560,000.00 for the estate. That recovery is substantial in both absolute terms and relative to the range of outcomes available at trial. It arrives on a defined schedule rather than after further months of litigation, and it arrives without the additional expense of expert work, trial preparation, trial, and appeal, each of which would reduce the net recovery available to creditors. The settlement also resolves the parties' dispute under the Discovery Order, which would otherwise remain a source of continued litigation and expense in the Adversary.

13. Barcus Arenas is an operating law firm, and collection would not likely pose a serious issue. The Settlement Agreement addresses collection risk directly. Fifty percent of the Settlement Amount is due within seven days of entry of the order approving it, and the balance within sixty days. If Barcus Arenas fails to pay after notice and a five day opportunity to cure, the Discovery Order springs back into full force and the estate's rights and remedies are fully preserved. The estate therefore gives up nothing if the settlement is not performed.

14. The Adversary is factually complex. It requires reconstructing the work MMA performed on each client matter before Barcus Arenas was substituted as counsel, tracing the fees ultimately recovered on those matters, and litigating the legal basis for the estate's asserted interest in those fees. The proceeding has already produced a contested discovery dispute requiring the Court's intervention, and further discovery, dispositive motion practice, and trial would each add cost and risk. The settlement resolves all of it at once.

15. The proposed compromise is in the best interest of the estate and its creditors. It converts a contested claim into a defined cash recovery of $560,000.00, payable in full within sixty

days of entry of an order approving it, at no further expense to the estate. Those funds will be available for distribution to creditors under the confirmed plan. The Oversight Committee received advance notice of the Settlement Agreement and approved it, and creditors receive notice of this Motion and an opportunity to be heard.

**WHEREFORE,** Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, prays that the Court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as those set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and grant such other relief as the Court finds appropriate and just to grant.

Dated: September 4, 2026

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: */s/ Miriam T. Goott*
Miriam T. Goott
attorney in charge
State Bar No. 24048846
4815 Dacoma
Houston, Texas 77092
Telephone: (713) 956-5577
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN,**
**PLAN ADMINISTRATOR FOR**
**MMA LAW FIRM, PLLC**

**CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that a true and complete copy of the foregoing Motion to Compromise Controversy was served on all parties receiving notice via CM/ECF, including the members of the oversight committee, and on counsel for Barcus Arenas, PLLC, by electronic mail, on September 4, 2026.

*/s/ Miriam T. Goott*
Miriam T. Goott

# SETTLEMENT AGREEMENT

This Settlement Agreement (the **"Agreement"**) is entered into by and between Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC, in her capacity as Plan Administrator (the **"Plan Administrator"**), on the one hand, and Barcus Arenas, PLLC (**"Barcus Arenas"**) on the other hand. The Plan Administrator and Barcus Arenas are each referred to individually as a "Party" and collectively as the "Parties."

The Parties hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the **"Bankruptcy Court"**).

This Settlement Agreement shall be effective on the date on which the Bankruptcy Court enters an order approving this Settlement Agreement (the **"9019 Order"**) and the date of entry of the 9019 Order, the **"Effective Date"**.

The Parties acknowledge and agree that Bankruptcy Court approval is a condition precedent to the effectiveness and enforceability of this Settlement Agreement.

## DEFINITIONS AND RECITALS

1. On April 9, 2024, MMA Law Firm, PLLC ("MMA" or the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-31596 (the **"Bankruptcy Case"**).

2. On January 28, 2025, MMA filed a Complaint and initiated an adversary proceeding against Barcus Arenas, styled *MMA Law Firm, PLLC v. Barcus Arenas, PLLC*, Adversary Proceeding No. 25-03018 (the **"Complaint"**, and that proceeding is referred to as the "Adversary").

3. Barcus Arenas answered the Complaint on February 28, 2025, and filed its First Amended Answer on July 7, 2026. Barcus Arenas disputes and denies each of the claims asserted in the Complaint, denies that it has any liability to MMA or to the Debtor's bankruptcy estate, and denies that it engaged in any wrongdoing.

4. On September 2, 2026, the Bankruptcy Court entered its Order resolving ECF No. 47 in the Adversary (ECF No. 62) (the **"Discovery Order"**).

5. The Parties have reached a comprehensive resolution of all disputes asserted in the Adversary and the Discovery Order.

6. Barcus Arenas enters into this Settlement Agreement solely to avoid the cost, burden, distraction, and uncertainty of continued litigation, and for no other purpose.

7. The Parties acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

## PAYMENT TERMS AND CONDITIONS

8. **Settlement Amount.** In full and final resolution of the Adversary, Barcus Arenas shall pay MMA a total of $560,000.00 (the **"Settlement Amount"**), in two equal installments as follows:

a. **First Payment.** $280,000.00, representing fifty percent (50%) of the Settlement Amount, to be paid within seven (7) days after entry of the 9019 Order; and

b. **Second Payment.** $280,000.00, representing the remaining fifty percent (50%) of the Settlement Amount, to be paid within sixty (60) days after entry of the 9019 Order.

9. **Manner of Payment.** Each installment of the Settlement Amount shall be paid by Barcus Arenas in good funds made payable to MMA Law Firm, PLLC and delivered to Allison

D. Byman, Plan Administrator at 7924 W. Broadway, Suite #104, Pearland, Texas 77581. Payment shall be deemed made on the date on which the installment is delivered to the Plan Administrator in good funds.

10. **Time Is of the Essence; Default and Cure.** Time is of the essence as to each installment of the Settlement Amount. Notwithstanding the foregoing, in the event the Plan Administrator does not timely receive any installment of the Settlement Amount, the Plan Administrator shall provide Barcus Arenas with written notice via email to Defendant's counsel of such nonreceipt. Barcus Arenas shall then have five (5) days after receipt of such written notice to cure any failure to make the required payment. No default shall occur, and no remedy based upon an alleged failure to make a payment shall be pursued, unless Barcus Arenas fails to cure the nonpayment within such five-day period.

11. **Agreed Emergency Motion to Stay the Discovery Order.** Within two (2) business days after the last Party executes this Agreement, the Parties shall file an agreed emergency motion asking the Bankruptcy Court to (a) stay the Discovery Order including all deadlines and obligations imposed by the Discovery Order; (b) stay all outstanding discovery served by the Parties; and (c) stay all depositions. The Parties shall cooperate in the preparation, filing, and prosecution of that motion and of any proposed order the Bankruptcy Court requires.

12. **Motion to Approve.** MMA shall file a motion under Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Settlement Agreement (the **"9019 Motion"**). The Parties shall cooperate in the submission to the Bankruptcy Court of any motion, proposed order, or other document necessary to obtain approval of this Settlement Agreement and to dismiss the Adversary with prejudice. Barcus Arenas understands that the Plan Administrator cannot file a 9019 Motion

until 14 days have passed after the Oversight Committee has received notice of this Settlement Agreement.

13. **Dismissal of Adversary with Prejudice.** Upon entry of the 9019 Order approving this Settlement and upon Barcus Arenas's payment of both the First Payment and the Second Payment in full and when due, MMA shall file a Motion to Dismiss the Adversary with prejudice. The Parties agree that the motion to dismiss shall request that the order of dismissal provide that no obligation under the Discovery Order remains outstanding and that no amount awarded thereunder is due or collectible.

14. If the Bankruptcy Court does not approve this Settlement Agreement, or if Barcus Arenas fails to make both payments timely as required, then the Discovery Order shall remain in full force and effect in all respects, and the Parties rights and remedies are fully reserved.

15. **Mutual Release.** Effective upon the Effective Date and upon the full and final completion of Barcus Arenas's payment obligations under this Agreement, each Party, on behalf of itself and its predecessors, successors, assigns, parents, subsidiaries, affiliates, members, managers, partners, officers, directors, shareholders, employees, agents, attorneys, accountants, other professionals, insurers, and representatives, and in the case of MMA, on behalf of the Debtor, the Debtor's bankruptcy estate, the Plan Administrator, and any trustee, examiner, successor trustee, liquidating trustee, litigation trustee, or other representative of the estate appointed in or under the Debtor's Chapter 11 case, hereby releases, acquits, and forever discharges the other Party and each of the foregoing persons and entities associated with that other Party (collectively, the **"Released Parties"**) from any and all claims, demands, causes of action, obligations, damages, and liability of every nature and kind whatsoever, asserted in the Adversary, including all claims, demands, and causes of action arising out of or relating to the Adversary and the Discovery Order.

16. **Preservation of Rights Under This Agreement.** Notwithstanding the Mutual Release above, nothing in this Settlement Agreement shall affect, impair, release, or waive any Party's rights and obligations created by this Settlement Agreement.

## GENERAL PROVISIONS

17. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction, to the extent permitted by applicable law, to resolve any dispute between the Parties regarding this Agreement, including any dispute regarding payment of the Settlement Amount, or as otherwise ordered by the Bankruptcy Court.

18. **Bankruptcy Court Approval.** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

19. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by electronic mail, facsimile, or portable document format shall be deemed original signatures for all purposes.

20. **Entire Agreement and Amendment.** This Settlement Agreement contains the entire agreement between the Parties with respect to its subject matter and supersedes all prior and contemporaneous negotiations, understandings, representations, and agreements, whether written or oral. This Settlement Agreement may be amended only by a written instrument signed by both Parties and approved by the Bankruptcy Court in the Southern District of Texas.

21. **Severability.** If any provision of this Settlement Agreement is held to be invalid, illegal, or unenforceable, that provision shall be modified to the minimum extent necessary to make it enforceable, and the remaining provisions shall continue in full force and effect.

22. **Successors and Assigns and No Third Party Beneficiaries.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, successors, assigns, and the Released Parties. Except for the Released Parties, this Settlement Agreement is not intended to and does not confer any right or benefit upon any person or entity that is not a Party.

23. **Construction.** This Settlement Agreement is the product of negotiation between the Parties, each of which was represented by counsel or had a full opportunity to consult counsel. It shall not be construed against any Party as the drafter.

Dated: 9-4-2026

*/s/ Allison D. Byman*

Allison D. Byman, Plan Administrator
**MMA LAW FIRM, PLLC**
7924 W. Broadway St #104
Pearland, Texas 77581
Email: adb@bymanlaw.com

Dated: 9/3/26

**BARCUS ARENAS, PLLC**
By: [signature]
Name: Aaron Arenas
Its: Partner
2200 North Loop West, Ste. 108, Houston, TX 77018
Email: aaron@barcusarenas.law

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**ORDER APPROVING COMPROMISE WITH BARCUS ARENAS, PLLC**

It is

**ORDERED** that the Plan Administrator's Motion to Compromise Controversy with Barcus Arenas, PLLC (**"Barcus Arenas"**) is GRANTED in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, and Barcus Arenas are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that Barcus Arenas shall pay the sum of $280,000.00 in good funds within seven (7) days of entry of this Order, made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman, Plan Administrator, 7924 W. Broadway, Suite #104, Pearland, Texas 77581, unless the parties mutually agree in writing to a different method of payment or delivery, and it is further

**ORDERED** that Barcus Arenas shall pay the remaining sum of $280,000.00 in good funds within sixty (60) days of entry of this Order, in the same manner, and it is further

**ORDERED** that time is of the essence as to each installment, and if the Plan Administrator does not timely receive an installment, the Plan Administrator shall give written notice of nonreceipt by electronic mail to counsel for Barcus Arenas, and Barcus Arenas shall have five (5)

days after receipt of that notice to cure, and no default shall occur and no remedy based on nonpayment shall be pursued unless Barcus Arenas fails to cure within that period, and it is further

**ORDERED** that upon receipt of all sums due under the Settlement Agreement, the parties are authorized to dismiss Adversary No. 25-03018 with prejudice, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the attached Settlement Agreement and this Order.

SIGNED:____________

____________________________________

CHIEF UNITED STATES BANKRUPTCY JUDGE

<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement (the **"Agreement"**) is entered into by and between Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC, in her capacity as Plan Administrator (the **"Plan Administrator"**), on the one hand, and Barcus Arenas, PLLC (**"Barcus Arenas"**) on the other hand. The Plan Administrator and Barcus Arenas are each referred to individually as a "Party" and collectively as the "Parties."

The Parties hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the **"Bankruptcy Court"**).

This Settlement Agreement shall be effective on the date on which the Bankruptcy Court enters an order approving this Settlement Agreement (the **"9019 Order"**) and the date of entry of the 9019 Order, the **"Effective Date"**.

The Parties acknowledge and agree that Bankruptcy Court approval is a condition precedent to the effectiveness and enforceability of this Settlement Agreement.

**DEFINITIONS AND RECITALS**

1. On April 9, 2024, MMA Law Firm, PLLC ("MMA" or the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-31596 (the **"Bankruptcy Case"**).

2. On January 28, 2025, MMA filed a Complaint and initiated an adversary proceeding against Barcus Arenas, styled *MMA Law Firm, PLLC v. Barcus Arenas, PLLC*, Adversary Proceeding No. 25-03018 (the **"Complaint"**, and that proceeding is referred to as the "Adversary").

3. Barcus Arenas answered the Complaint on February 28, 2025, and filed its First Amended Answer on July 7, 2026. Barcus Arenas disputes and denies each of the claims asserted in the Complaint, denies that it has any liability to MMA or to the Debtor's bankruptcy estate, and denies that it engaged in any wrongdoing.

4. On September 2, 2026, the Bankruptcy Court entered its Order resolving ECF No. 47 in the Adversary (ECF No. 62) (the "**Discovery Order**").

5. The Parties have reached a comprehensive resolution of all disputes asserted in the Adversary and the Discovery Order.

6. Barcus Arenas enters into this Settlement Agreement solely to avoid the cost, burden, distraction, and uncertainty of continued litigation, and for no other purpose.

7. The Parties acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

## PAYMENT TERMS AND CONDITIONS

8. **Settlement Amount.** In full and final resolution of the Adversary, Barcus Arenas shall pay MMA a total of $560,000.00 (the "**Settlement Amount**"), in two equal installments as follows:

a. **First Payment.** $280,000.00, representing fifty percent (50%) of the Settlement Amount, to be paid within seven (7) days after entry of the 9019 Order; and

b. **Second Payment.** $280,000.00, representing the remaining fifty percent (50%) of the Settlement Amount, to be paid within sixty (60) days after entry of the 9019 Order.

9. **Manner of Payment.** Each installment of the Settlement Amount shall be paid by Barcus Arenas in good funds made payable to MMA Law Firm, PLLC and delivered to Allison

D. Byman, Plan Administrator at 7924 W. Broadway, Suite #104, Pearland, Texas 77581. Payment shall be deemed made on the date on which the installment is delivered to the Plan Administrator in good funds.

10. **Time Is of the Essence; Default and Cure.** Time is of the essence as to each installment of the Settlement Amount. Notwithstanding the foregoing, in the event the Plan Administrator does not timely receive any installment of the Settlement Amount, the Plan Administrator shall provide Barcus Arenas with written notice via email to Defendant's counsel of such nonreceipt. Barcus Arenas shall then have five (5) days after receipt of such written notice to cure any failure to make the required payment. No default shall occur, and no remedy based upon an alleged failure to make a payment shall be pursued, unless Barcus Arenas fails to cure the nonpayment within such five-day period.

11. **Agreed Emergency Motion to Stay the Discovery Order.** Within two (2) business days after the last Party executes this Agreement, the Parties shall file an agreed emergency motion asking the Bankruptcy Court to (a) stay the Discovery Order including all deadlines and obligations imposed by the Discovery Order; (b) stay all outstanding discovery served by the Parties; and (c) stay all depositions. The Parties shall cooperate in the preparation, filing, and prosecution of that motion and of any proposed order the Bankruptcy Court requires.

12. **Motion to Approve.** MMA shall file a motion under Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Settlement Agreement (the **"9019 Motion"**). The Parties shall cooperate in the submission to the Bankruptcy Court of any motion, proposed order, or other document necessary to obtain approval of this Settlement Agreement and to dismiss the Adversary with prejudice. Barcus Arenas understands that the Plan Administrator cannot file a 9019 Motion

until 14 days have passed after the Oversight Committee has received notice of this Settlement Agreement.

13. **Dismissal of Adversary with Prejudice.** Upon entry of the 9019 Order approving this Settlement and upon Barcus Arenas's payment of both the First Payment and the Second Payment in full and when due, MMA shall file a Motion to Dismiss the Adversary with prejudice. The Parties agree that the motion to dismiss shall request that the order of dismissal provide that no obligation under the Discovery Order remains outstanding and that no amount awarded thereunder is due or collectible.

14. If the Bankruptcy Court does not approve this Settlement Agreement, or if Barcus Arenas fails to make both payments timely as required, then the Discovery Order shall remain in full force and effect in all respects, and the Parties rights and remedies are fully reserved.

15. **Mutual Release.** Effective upon the Effective Date and upon the full and final completion of Barcus Arenas's payment obligations under this Agreement, each Party, on behalf of itself and its predecessors, successors, assigns, parents, subsidiaries, affiliates, members, managers, partners, officers, directors, shareholders, employees, agents, attorneys, accountants, other professionals, insurers, and representatives, and in the case of MMA, on behalf of the Debtor, the Debtor's bankruptcy estate, the Plan Administrator, and any trustee, examiner, successor trustee, liquidating trustee, litigation trustee, or other representative of the estate appointed in or under the Debtor's Chapter 11 case, hereby releases, acquits, and forever discharges the other Party and each of the foregoing persons and entities associated with that other Party (collectively, the **"Released Parties"**) from any and all claims, demands, causes of action, obligations, damages, and liability of every nature and kind whatsoever, asserted in the Adversary, including all claims, demands, and causes of action arising out of or relating to the Adversary and the Discovery Order.

16. **Preservation of Rights Under This Agreement.** Notwithstanding the Mutual Release above, nothing in this Settlement Agreement shall affect, impair, release, or waive any Party's rights and obligations created by this Settlement Agreement.

## GENERAL PROVISIONS

17. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction, to the extent permitted by applicable law, to resolve any dispute between the Parties regarding this Agreement, including any dispute regarding payment of the Settlement Amount, or as otherwise ordered by the Bankruptcy Court.

18. **Bankruptcy Court Approval.** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

19. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by electronic mail, facsimile, or portable document format shall be deemed original signatures for all purposes.

20. **Entire Agreement and Amendment.** This Settlement Agreement contains the entire agreement between the Parties with respect to its subject matter and supersedes all prior and contemporaneous negotiations, understandings, representations, and agreements, whether written or oral. This Settlement Agreement may be amended only by a written instrument signed by both Parties and approved by the Bankruptcy Court in the Southern District of Texas.

21. **Severability.** If any provision of this Settlement Agreement is held to be invalid, illegal, or unenforceable, that provision shall be modified to the minimum extent necessary to make it enforceable, and the remaining provisions shall continue in full force and effect.

22. **Successors and Assigns and No Third Party Beneficiaries.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, successors, assigns, and the Released Parties. Except for the Released Parties, this Settlement Agreement is not intended to and does not confer any right or benefit upon any person or entity that is not a Party.

23. **Construction.** This Settlement Agreement is the product of negotiation between the Parties, each of which was represented by counsel or had a full opportunity to consult counsel. It shall not be construed against any Party as the drafter.

Dated: 9-4-2026

*/s/ Allison D. Byman*

Allison D. Byman, Plan Administrator
**MMA LAW FIRM, PLLC**
7924 W. Broadway St #104
Pearland, Texas 77581
Email: adb@bymanlaw.com

Dated: 9/3/26

**BARCUS ARENAS, PLLC**
By: [signature]
Name: Aaron Arenas
Its: Partner
2200 North Loop West, Ste. 108, Houston, TX 77018
Email: aaron@barcusarenas.law