**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 (EVR) |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S RESPONSE IN OPPOSITION TO JEFFREY ALAN VITT'S APPLICATION FOR EXEMPTION FROM THE JUDICIAL CONFERENCE ELECTRONIC PUBLIC ACCESS FEES**
**[Relates to ECF No. 1604]**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"),** files this response in opposition to the Application for Exemption from the Judicial Conference Electronic Public Access Fees [ECF No. 1604] (the **"Application"**) filed by Jeffrey Alan Vitt, and respectfully shows the Court as follows:

## I. SUMMARY

Mr. Vitt asks the Court to exempt him from PACER fees, without a defined limit as to docket or time, and to declare that the exemption gives him access to the records "necessary to investigate the full scope of the Debtor's systemic operations." The Judicial Conference's Electronic Public Access Fee Schedule permits a discretionary exemption only when the applicant shows that it "is necessary in order to avoid unreasonable burdens and to promote public access to information," and it provides that any exemption "should be granted for a definite period of time" and "should be limited in scope." Mr. Vitt makes neither showing. He has been entitled, through the Notice of Electronic Filing system, to one free electronic copy of each document filed in this case since September 10, 2026, and no PACER fee is owed for any quarter in which an account's

charges do not exceed $30.00. The purpose he states is his own investigation of, and litigation against, the Debtor and its principals. The Plan Administrator requests that the Court deny the Application or, if the Court grants any exemption, limit it to the docket of this case for a definite period, on the conditions the Fee Schedule requires, and without the findings and investigative language in Mr. Vitt's proposed order.

## II. BACKGROUND

1. Exhibits 2, 3, and 4 are copies of documents Mr. Vitt filed in this case (ECF Nos. 1717, 1716, and 1718), and Exhibits 1, 5, and 6 are copies of the Court's orders (ECF Nos. 1713, 1726, and 1733).

2. On July 23, 2026, Mr. Vitt filed the Application. He states that "the Creditor must continuously pull, cross-reference, and forensically screen gigabytes of data," and that "[t]he Creditor is actively tracking and untangling a coordinated campaign of multi-million-dollar litigation suppression, trade secret misappropriation, and cross-border data theft involving the Debtor's leadership."

3. Mr. Vitt agrees that data he obtains under the exemption "will be used exclusively for the purpose of investigating and litigating claims involving, relating to, affiliated with, or associated with the Debtor, MMA LAW FIRM, PLLC, James McClenny, and John Zachary Moseley."

4. The Application itself contains no statement of Mr. Vitt's income, assets, or expenses.

5. Mr. Vitt's proposed order would find "that the applicant has demonstrated an unreasonable financial burden and that an exemption is necessary to promote essential public access to information." It would exempt him from fees for "accessing, researching, and tracking

records associated with Case No. 4:24-bk-31596 (In re: MMA Law Firm, PLLC), expressly including any related adversary proceedings, interconnected dockets, or associated matters as the Creditor's investigation develops." It would provide "unrestricted, fee-exempt access to the court files necessary to investigate the full scope of the Debtor's systemic operations," and it would remain in effect "for the duration of this bankruptcy proceeding, including where related evidentiary leads may extend."

6. On September 9, 2026, the Court granted Mr. Vitt's emergency motion for CM/ECF access. (Exhibit 1) The order provides that Mr. Vitt "can complete the Consent by Self represented Litigant to Receive Notice of Electronic Filing (NEF) to receive electronic notices in this case," and it grants him CM/ECF filing access through a creditor account established through his PACER account.

7. On September 10, 2026, Mr. Vitt signed and filed that consent. (Exhibit 2) In it, he acknowledged: "I understand that I may view each filed document one time without charge by using the hyperlink in the Notice of Electronic Filing (NEF) email within 15 days after the notice is sent." The same day, he gave notice that the Clerk's Office had processed his PACER registration. (Exhibit 3)

8. On September 11, 2026, Mr. Vitt filed a motion asking for an expedited ruling on the Application. (Exhibit 4) He states that he "requires unrestrained access to the 1,700+ document docket to protect his consolidated $350 million priority claim."

9. On September 18, 2026, the Court struck Mr. Vitt's separate application to proceed without prepaying fees or costs under 28 U.S.C. § 1915. (Exhibit 5) The Court found that "Movant is a creditor in MMA Law Firm, PLLC's instant chapter 11 bankruptcy. Movant is not a plaintiff or defendant. Thus, this Motion was improperly filed in the instant bankruptcy case."

10. On September 25, 2026, the Court set the Debtor's objections to Proofs of Claim Nos. 73, 74, and 75, filed by Mr. Vitt and an affiliated entity, for an electronic scheduling conference on October 13, 2026. (Exhibit 6)

## III. ARGUMENT

### A. A Discretionary Exemption Requires A Showing That It Is Necessary To Avoid Unreasonable Burdens And To Promote Public Access To Information.

11. The Judicial Conference sets PACER fees in its Electronic Public Access Fee Schedule, issued under 28 U.S.C. §§ 1913, 1914, 1926, 1930, and 1932. Judicial Conference of the United States, *Electronic Public Access Fee Schedule* (eff. Jan. 1, 2020) (the "Fee Schedule"), https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule. The fee is "$0.10 per page, not to exceed the fee for thirty pages." *Id.* The Fee Schedule provides automatic exemptions. As relevant here, it states:

> No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.
>
> Parties in a case (including pro se litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.

12. Beyond the automatic exemptions, courts "may exempt certain persons or classes of persons from payment of the user access fee." *Id.* But "[c]ourts should not . . . exempt individuals or groups that have the ability to pay the statutorily established access fee." *Id.* Before granting an exemption, a court "must find" that the applicant has "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Id.*

13. If an exemption is granted, "the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption." *Id.* The Judicial Conference's policy notes add that "exemptions should be granted as the exception, not the rule." *Id.* (Judicial Conference Policy Notes).

14. A party seeking a discretionary exemption "cannot rely on his *in forma pauperis* status alone." *Berkowitz v. Club Ventures Invs. LLC (In re Club Ventures Invs. LLC)*, 507 B.R. 91, 99 (S.D.N.Y. 2014) (quoting *Mallgreen v. Parties in this petition*, No. 13 Civ. 3660 (S.D.N.Y. Aug. 1, 2013)). In *Club Ventures*, the district court held that the bankruptcy court did not abuse its discretion in denying the creditor's request for a PACER exemption, given the creditor's use of email, through which he could have automatically received a copy of electronic filings, and his failure to show how granting an exemption would promote public access to information. *Id.* at 100.

**B. <u>Mr. Vitt Has Not Shown That An Exemption Is Necessary To Avoid An Unreasonable Burden.</u>**

15. Mr. Vitt has been entitled to a free copy of each document filed in this case since September 10, 2026. That day, he consented, as "a self-represented (*pro se*) party in the above-captioned case," to receive Notices of Electronic Filing, and he acknowledged that he "may view each filed document one time without charge by using the hyperlink in the Notice of Electronic Filing (NEF) email within 15 days after the notice is sent." (Exhibit 2) For other PACER access, no fee is owed for any quarter in which his charges do not exceed $30.00.

16. The Application does not explain why that is not enough. It states that Mr. Vitt "must continuously pull, cross-reference, and forensically screen gigabytes of data." It does not identify any document he needs and cannot obtain through his Notices of Electronic Filing or at no charge under the Fee Schedule's $30.00 quarterly threshold.

17. The Application itself also contains no statement of Mr. Vitt's income, assets, or expenses, and no finding of indigency has been made in this case. The Court struck Mr. Vitt's separate application to proceed without prepaying fees because Mr. Vitt "is a creditor" and "is not a plaintiff or defendant." (Exhibit 5).

18. The question under the Fee Schedule is whether the exemption is necessary to avoid an unreasonable burden, and Mr. Vitt has not shown that it is.

### C. The Exemption Would Serve Mr. Vitt's Own Litigation, Not Public Access To Information.

19. Mr. Vitt states that he will use the exemption "exclusively for the purpose of investigating and litigating claims involving, relating to, affiliated with, or associated with the Debtor, MMA LAW FIRM, PLLC, James McClenny, and John Zachary Moseley." His motion for an expedited ruling states the same purpose: "to protect his consolidated $350 million priority claim." The Application's reference to exposing "the full scope of the Debtor's systemic malpractice, deceptive trade, and unfair business practices" describes the same investigation. None of these purposes promotes public access to information. Each concerns Mr. Vitt's own claims.

20. The records Mr. Vitt needs for his claims are the filings on those claims. The Debtor objected to Proofs of Claim Nos. 73, 74, and 75, and the Court has set those objections for a scheduling conference on October 13, 2026. Each document filed in those contested matters will reach Mr. Vitt, without charge, through his Notices of Electronic Filing.

### D. The Proposed Order Is Not Limited In Scope Or Time, And It Contains Findings The Record Does Not Support.

21. The Fee Schedule provides that an exemption "should be granted for a definite period of time" and "should be limited in scope." The proposed order would do neither. It would reach "any related adversary proceedings, interconnected dockets, or associated matters as the

Creditor's investigation develops," and it would last "for the duration of this bankruptcy proceeding, including where related evidentiary leads may extend." Its scope would be set by Mr. Vitt's investigation, not by the Court.

22. The proposed order would also find that Mr. Vitt "has demonstrated an unreasonable financial burden," and it would describe the exemption as access to "the court files necessary to investigate the full scope of the Debtor's systemic operations." The record supports neither statement. The Court should not enter an order that finds an unreasonable burden no evidence shows, or that describes the Debtor's "systemic operations" as a subject of investigation.

## IV. CONCLUSION

For the reasons stated above, the Plan Administrator respectfully requests that this Court deny the Application.

Dated: September 25, 2026.

Respectfully submitted,

Walker & Patterson, P.C.
By: */s/ Miriam T. Goot*
Miriam T. Goott
SBN 24048846
mgoott@walkerandpatterson.com
COUNSEL FOR ALLISON D. BYMAN,
PLAN ADMINISTRATOR

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
713.956.5577
713.956.5570 (fax)

**CERTIFICATE OF SERVICE**

I, Miriam T. Goott, hereby certify that a true and correct copy of the foregoing Response was served on all parties entitled to notice pursuant to the Court's CM/ECF noticing platform on September 28, 2026, including Mr. Vitt at javit2004rule@gmail.com.

By: *<u>/s/ Miriam T. Goot</u>*
Miriam T. Goott