**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
*September 28, 2026*
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **IN RE:** | **§** | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | **§** | **Case No. 24-31596 (EVR)** |
| **Debtor.** | **§** | |

**EMERGENCY APPLICATION FOR IMMEDIATE JUDICIAL INTERVENTION, STATUS CONFERENCE, AND TEMPORARY ABATEMENT OF SEPTEMBER 29–30, 2026 PROCEEDINGS**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW,** Movant Jeffrey Alan Vitt, appearing pro se in his individual capacity as a primary priority creditor, crime victim, and claimant holding active Claim No. 73 in the principal amount of $350,646,305.06+ (which formally incorporates, absorbs, and supersedes earlier placeholder compendiums and legacy filings, including Claims Nos. 74 and 75 pursuant to Fed. R. Bankr. P. 7015 and Fed. R. Civ. P. 15(c)), and respectfully files this Emergency Application for Immediate Judicial Intervention, Status Conference, and Temporary Abatement pursuant to Bankruptcy Rule 9014, 11 U.S.C. Section 105(a), the Texas Disciplinary Rules of Professional Conduct, Fifth Circuit jurisprudence, and the Court's inherent equitable powers. Movant respectfully shows the Court as follows:

## I. INTRODUCTION & EXCEPTIONAL CIRCUMSTANCES

**1. The Institutional Paradox and Systemic Breakdown:** This matter transcends standard calendar scheduling disputes. It presents an extraordinary institutional paradox and administrative breakdown: while this Chief Judge expressly entered Order 1713 on September 9, 2026, granting Movant full attorney-level CM/ECF filing access and leave to cure master compendiums, the Clerk's Office administrative provisioning erroneously locked Movant behind a restricted "Limited Creditor".

**2. Weaponizing Administrative Barriers Against Pro Se Litigants:** Conflicted opposing counsel are aggressively exploiting this court-induced system lockout while simultaneously forcing an unrepresented priority creditor into a compressed, four-day notice evidentiary showdown on September 29, 2026, regarding major Rule 9019 compromises (Docs. 1689, 1690, 1706, 1707, 1708). When administrative system barriers physically bar a litigant from complying with a presiding judge's directives while conflicted counsel orchestrate dual-representation pleadings, exceptional circumstances exist requiring immediate chambers

intervention, an emergency stay, and a formal status conference pursuant to 11 U.S.C. Section 105(a).

**3. The Best Interests of Justice & The Lincoln Standard:** While Movant is capable of proceeding pro se under extreme duress, a temporary 45-day pause of all evidentiary hearings, discovery tracks, status conferences, and accelerated dockets is strictly required in the best interests of justice. As Abraham Lincoln famously observed regarding the complexities of legal representation and structural equity: "The man who represents himself has a fool for a client." Forcing an unrepresented crime victim and priority creditor through a compressed, multi-million-dollar evidentiary matrix without counsel creates an extreme, unconstitutional procedural imbalance.

**4. Parallel Criminal Exposures (The Huye Matrix):** This emergency pause is further necessitated by rapidly evolving developments in parallel federal criminal proceedings involving Richard William Huye III and related enterprise actors. Because the foundational operations and asset pools underlying the debtor's estate and contested compromises are directly tied to these criminal matters, a brief stay is essential to evaluate how shifting federal liabilities impact the estate before the Court considers accelerated compromises or claim objections.

**II. FACTUAL BACKGROUND & THE PRE-PLANNED SQUEEZE TACTICS**

**5. The Cart-Before-the-Horse Chronology:** The Chapter 11 plan establishing Allison D. Byman as Plan Administrator was confirmed on August 5, 2026 (Doc. 1660). Yet, the underlying negotiations, drafts, and sworn certifications for these massive multi-million-dollar adversary compromises were quietly finalized and executed in late August (e.g., August 24–27, 2026), directly on the heels of the omnibus claim objections dropped by the Debtor on July 30, 2026 (Docs. 1609–1612).

**6. Manufactured Urgency and Compressed Squeeze Tactics:** Opposing counsel orchestrated these settlements weeks in advance behind closed doors, only to spring them onto the docket with an accelerated late-September evidentiary setting (culminating in the rapid-fire Friday entry of Docs. 1731–1738 on September 25, 2026). This manufactured urgency is specifically designed to lock down estate asset pools and secure releases before an unrepresented creditor—hamstrung by technical lockouts and historical docket access barriers—can conduct a proper forensic review of the 1,700+ document docket baseline.

**7. Direct Inconsistency with the Court's Scheduling & Claim Supersession:** While the Court properly recognized the need for orderly proceedings by entering an order setting an electronic scheduling conference for October 13, 2026, to address the substantive objections to Proof of Claim Nos. 73, 74, and 75 (Doc. 1733), opposing counsel is simultaneously attempting to ram through premature compromise approvals two weeks earlier on September 29 Furthermore, as previously noticed in Movant's September 17 filing (Doc. 1716), because Amended Proof of Claim No. 73 superseded any prior fragmented filings, the underlying July 30 omnibus objections are legally moot under Fed. R. Bankr. P. 7015. Halting the September 29

hearings and encompassing all related status conferences and discovery tracks is strictly necessary to harmonize these dockets and prevent irremediable prejudice.

**8. Asymmetrical Disadvantage and the Need for Specialized Counsel:** Institutional insiders are weaponizing the docket against an unrepresented priority creditor holding a massive $350M+ active claim (#73). Just as complex, specialized litigation requires qualified counsel rather than generalized processing—evidenced by historical transitions where counsel recognized the necessity of specialized expertise—forcing an unrepresented claimant through a compressed matrix without counsel creates an extreme procedural imbalance.

## III. LEGAL GROUNDS: THE FATAL DUAL-REPRESENTATION CONFLICT & FIDUCIARY CAPTURE

**9. Violation of Bankruptcy Rule 2014 and Section 327:** Miriam T. Goott of Walker & Patterson, P.C. is counsel of record for the Debtor (MMA Law Firm, PLLC). Yet, across the compromise dockets (Doc. 1730), certificates of service (Doc. 1736), opposition briefs (Docs. 1722, 1738), and the September 29 Witness List (Doc. 1737), Goott formally appears and executes pleadings directly as "Counsel for Allison D. Byman, Plan Administrator," without Rule 2014 disinterestedness disclosures or Court authorization.

**10. Tainted Fiduciary Judgment, Fiduciary Capture, and the Signature Toggle:** A Plan Administrator is an independent fiduciary duty-bound to investigate, audit, and recover assets from the Debtor and historical insiders (including James McClenny and John Zachary Moseley). When Debtor's counsel acts as the litigation engine and signatory for the independent administrator, the watchdog is captured. The docket proves this calculated signature toggle: routine administrative filings (Doc. 1729) are filed under Byman's name and tagged "*signed with permission" to maintain an external veneer of separation; in stark contrast, substantive compromises (Doc. 1730), hearing notices (Doc. 1736), and aggressive opposition briefs (Doc. 1738) are executed directly and unreservedly by Miriam T. Goott under the Walker & Patterson, P.C. debtor-firm signature block. Under Fifth Circuit jurisprudence (In re Southmark Corp.) and the Supreme Court's TMT Trailer Ferry standard, estate fiduciaries and their counsel must be strictly disinterested. Furthermore, under Harrington v. Purdue Pharma, L.P., the Court cannot permit insiders or non-debtors to obtain back-door releases through tainted Rule 9019 compromises steered by conflicted counsel.

**11. Breach of Texas Disciplinary Rules (TDRPC Rules 1.06, 3.01 & 3.04):** Under TDRPC Rule 1.06(b), a lawyer cannot represent a party if the representation is adversely limited by responsibilities to another client. Because the Plan Administrator must audit and potentially sue the Debtor and its principals, Goott's dual representation is an irreconcilable conflict under state ethics and 11 U.S.C. § 327. Moreover, railroading an unrepresented claimant through a 4-day evidentiary ambush—particularly while the underlying Confirmation Order remains subject to an active Motion for Reconsideration and the claimant remains limited or locked out of CM/ECF filing—violates TDRPC Rules 3.01 and 3.04, which prohibit unfair procedural manipulation designed to prejudice an opposing party.

**12. Willful Blindness to Technical Access Barriers:** While opposing counsel argues in recent opposition filings (Doc. 1738) that Movant receives electronic notice (NEF), counsel exhibits willful blindness to the clerical lockout restricting Movant to "Limited Creditor" status in direct defiance of Order 1713. This lockout physically prevents Movant from accessing the core menus required to file master evidence or review the historical 1,700+ document baseline necessary to defend Claim No. 73 against rushed settlements.

**13. Multi-Tiered Error-Correction Safeguards & Incorporation of Prior History:** Pursuant to this Court's prior rulings granting leave to cure and consolidate master compendiums, alongside EDSS substitution protocols, Fed. R. Civ. P. 15, and explicit reservations of rights, Claimant maintains broad, sweeping procedural standing to correct, supplement, amend, or adjust all prior filings, claim compendiums, and responses affected by administrative lockouts, technical friction, or pro se transitions, without prejudice or default. Furthermore, this Application expressly incorporates, re-asserts, and preserves all grounds, historical efforts, exhibits, and relief previously raised in Claimant's September 17, 2026 Objection and Motion for 45-Day Abatement (Doc. 1716) to ensure continuous preservation of the record should the September 29–30 hearings proceed.

**IV. PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Movant Jeffrey Alan Vitt respectfully requests that this Court enter an Order providing the following relief:

**1. ABATING AND STAYING** all proceedings, scheduling conferences, discovery obligations, claim objections, status conferences (including specifically the October 13 scheduling conference and Rule 26(f) reporting tracks), and pending responses (including all matters set for September 29 and September 30, 2026, and the proposed reconsideration order) for a period of forty-five (45) days, effective immediately upon the entry of this Order, to prevent irreparable procedural injury and preserve the integrity of the record.

**2. DIRECTING t**he Clerk's Office to correctly provision Claimant's PACER/NextGen account with full attorney-level CM/ECF event categories in compliance with Order 1713.

**3. ORDERING AN INQUIRY / DISQUALIFYING** and removing debtor counsel (Walker & Patterson, P.C. / Miriam T. Goott) from acting as counsel of record for the Plan Administrator due to non-disclosed, un-disinterested dual representation, signature toggling, and fiduciary capture under 11 U.S.C. Section 327, Bankruptcy Rule 2014, and TDRPC Rule 1.06.

**4. GRANTING** Movant broad, sweeping, and retroactive leave to cure, amend, supplement, modify, and refile any and all prior pleadings, claim responses, discovery positions, and evidentiary compendiums affected by technical system lockouts or pro se constraints, ensuring full administrative flexibility without prejudice, waiver, or default.

**5. GRANTING** Claimant such other and further relief, general or special, at law or in equity, to which Claimant may show himself justly entitled to preserve the integrity of the record.

Respectfully submitted, Executed on this 28th day of September, 2026.

____________________________________________

Jeffrey Alan Vitt, Individually
Pro Se Claimant
12791 South 4230 Road
Chelsea, OK 74016-2114
Tel: 539-292-9358
Email: javit2004rule@gmail.com

**CERTIFICATE OF CONFERENCE**

Pursuant to Bankruptcy Local Rule 9013-1(b), formal conferral regarding this Emergency Application was not conducted because opposing counsel for the Debtor and the Plan Administrator have actively sought expedited, ex parte hearing settings and default orders against Claimant during an active CM/ECF system lockout. Because this Application seeks an immediate emergency stay to halt those premature hearings and enforce Order 1713, the relief requested is inherently opposed. Meaningful conferral was rendered impossible and futile by opposing counsel's unilateral filings, and the matter is respectfully submitted to the Court for immediate determination.

______________________________

Jeffrey Alan Vitt, Individually

**CERTIFICATE OF SERVICE**

I, Jeffrey Alan Vitt, acting pro se, hereby certify that on this 28th day of September, 2026, a true and correct copy of the foregoing Emergency Application for Immediate Judicial Intervention, Status Conference, and Temporary Abatement was submitted for transmission and served via electronic mail upon all parties registered on the CM/ECF master electronically mailed service list for Case No. 24-31596, including:

**Counsel for the Debtor:**
Johnie Patterson & Miriam Goott
jjp@walkerandpatterson.com, mgoott@walkerandpatterson.com

**Counsel for the Official Committee of Unsecured Creditors:**
Nicholas R. Lawson & Avi Moshenberg
Nick.Lawson@lmbusinesslaw.com, Avi.Moshenberg@lmbusinesslaw.com

**Plan Administrator:**
Allison Byman
adb@bymanlaw.com

**Office of the United States Trustee:**
Andrew Jimenez
ustpregion07.hu.ecf@usdoj.gov, andrew.jimenez@usdoj.gov

Jeffrey Alan Vitt, Individually