**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
*September 28, 2026*
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | § | **Case No. 24-31596 (EVR)** |
| **Debtor.** | § | |

**DECLARATION OF JEFFREY ALAN VITT, INDIVIDUALLY, IN SUPPORT OF EMERGENCY MOTION TO ABATE/STAY**

I, Jeffrey Alan Vitt, declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 and relevant federal bankruptcy rules that the following is true and correct:

**1. Identity and Capacity:** I am an individual priority creditor, crime victim, and claimant holding active Claim No. 73 in the principal amount of $350,646,305.06+ against the above-captioned estate. I am appearing pro se in my individual capacity. I have personal knowledge of the facts stated herein, and they are all true and correct.

**2. Good-Faith Diligence and Early Access Efforts:** Before making my initial filings, I exercised exhaustive due diligence, including a comprehensive 1-hour and 28-minute telephone support session with PACER and Non-Attorney CM/ECF Support on July 16, 2026, to ensure proper electronic setup and compliance. Despite these good-faith efforts and my compliance steps, access barriers persisted.

**3. Extraordinary Administrative Lockout and Systemic Paradox:** I swear and depose that I have been trapped in an administrative paradox that severely prejudices my standing as a $350M+ priority creditor. Despite Chief Judge Eduardo V. Rodriguez entering Order 1713 on September 9, 2026, which granted me direct attorney-level CM/ECF access and broad leave to cure my master compendium, the Clerk's Office technical setup defaulted my PACER profile (Account No. 9177719) to a restricted "Limited Creditor" status. This technical lockout physically blocks me from posting documents directly to the court docket, forcing reliance on EDSS file-size caps. Conflicted opposing counsel are aggressively exploiting this court-induced handicap to push for default judgments before I can upload my cured records.

**4. Ambush Dockets and Complete Lack of Conferral:** Opposing counsel (Miriam T. Goott) has engaged in a deliberate pattern of springing sudden, late-September hearing settings and compressing scheduling deadlines without any prior good-faith conferral, violating the spirit of local meet-and-confer rules and ethical standards of fairness.

**5. The Structural Dual-Representation Conflict & Signature Toggle:** In reviewing filings submitted by the estate, I observed severe structural anomalies that violate Bankruptcy Rule 2014 disinterestedness and Texas Disciplinary Rule of Professional Conduct 1.06. Specifically, the docket reveals an undeniable signature pattern: while routine administrative matters (Doc. 1729) are filed under Allison Byman's name with an explicit "*signed with permission" notation, substantive compromises (Doc. 1730), hearing certificates (Doc. 1736), and aggressive pro se oppositions (Doc. 1738) contain no such disclaimer and are signed directly by Miriam T. Goott under the Walker & Patterson, P.C. debtor-firm letterhead as "Counsel for Allison D. Byman, Plan Administrator." This confirms that debtor counsel is actively driving the legal machinery of the supposedly independent administrator, creating an irreconcilable conflict of interest and severe prejudice to unrepresented priority claimants.

**6. Necessity of Specialized Counsel and Litigation History:** Navigating a massive, multi-jurisdictional enterprise fraud, civil RICO, and trade secret matrix requires highly specialized institutional legal counsel. As I experienced in prior complex multi-party litigation (such as in Cause No. DC-19-08160 in the 116th Judicial District Court of Dallas County), general practitioners or mismatched firms cannot properly handle specialized multi-million-dollar asset claims. Rushing an unrepresented claimant through compressed September and October deadlines without counsel creates extreme, irreversible prejudice.

**7. Parallel Criminal Exposures (Huye Proceedings):** The integrity of this bankruptcy estate is deeply compromised by parallel federal criminal proceedings involving Richard William Huye III and related enterprise actors cooperating with federal authorities. Because the foundational operations and asset pools underlying the debtor's estate and contested compromises are directly tied to these criminal matters, a 45-day pause is essential to evaluate shifting liabilities before the Court addresses accelerated compromises or claim objections.

**8. The Best Interests of Justice:** A temporary 45-day abatement of all scheduling orders, discovery tracks, and late-September hearings is strictly necessary in the best interests of justice to allow me time to secure qualified, licensed legal counsel, rectify technical access barriers, and protect the integrity of the record against unearned procedural defaults.

**INDEX OF SUPPORTING EXHIBITS**

**EXHIBIT A:** Order Granting Pro Se CM/ECF Access and Leave to Cure (Doc. 1713) and Proposed Order (Doc. 1709-1) - Focus: Proving formal judicial authorization to cure, consolidate, and refile master compendiums.

**EXHIBIT B:** Clerk's Office Administrative Notice & PACER/CM/ECF Support Call Records (July 16, 2026) - Focus: Documenting initial good-faith compliance efforts and the technical discrepancy where the profile was restricted to "Limited Creditor" status despite Order 1713.

**EXHIBIT C:** Contrastive Signature Pleadings (Doc. 1729 showing *signed with permission vs. Docs. 1730 and 1738 showing direct Goott/Walker & Patterson signatures) - Focus: Exposing the Rule 2014 and TDRPC Rule 1.06 disinterestedness violation and willful signature toggle.

**EXHIBIT D:** Historical Counsel Transition Records (Excerpts from Rames Motion to Withdraw, Cause No. DC-19-08160) - Focus: Demonstrating a consistent, long-standing pattern of seeking specialized legal expertise for complex, multi-party claims rather than engaging in delay tactics.

**EXHIBIT E:** Claimant's September 17, 2026 Objection and Motion for 45-Day Abatement (Doc. 1716) – **Focus:** Formally incorporating prior historical compliance efforts, preserved legal grounds, and objections into the current evidentiary record to demonstrate an ongoing, unbroken chain of procedural diligence.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of September, 2026.

______________________________

Jeffrey Alan Vitt, Individually
Pro Se Claimant
12791 South 4230 Road
Chelsea, OK 74016-2114
Tel: 539-292-9358
Email: javit2004rule@gmail.com