**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | Case No. 24-31596 (EVR) |
| | § | |
| Debtor. | § | |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 73**
**FILED BY JEFFREY ALAN VITT**

**THIS OBJECTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE OBJECTION, YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE OBJECTING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE OBJECTING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 30 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE OBJECTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE OBJECTION AT THE HEARING.**

MMA Law Firm, PLLC, (the **"Debtor"**), files this objection (the **"Objection"**) to Proof of Claim No. 73 filed by Jeffrey Alan Vitt (**"Mr. Vitt"**) and respectfully states as follows.

## BACKGROUND

1. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 9, 2024 (the **"Petition Date"**).

2. On July 23, 2026, Mr. Vitt filed Proof of Claim No. 73, individually and as the beneficiary and trustee of the Jeffrey Alan Vitt Irrevocable Trust in the amount of $646,305.06 (**"POC No. 73"**). *(Exhibit A)*

3. On July 23, 2026, **Vitt 121, Ltd.** And Affiliated Entities filed Proof of Claim No. 74 in the amount of $25,000,000.00 (**"POC No. 74"**). Mr. Vitt signed POC No. 74, identifying his title as "individual, founder, president, CEO, beneficiary and trustee". *(Exhibit B)*

4. On July 23, 2026, **Jeffrey Alan Vitt individually and as "person of Interests Representing Doe and XYZ Corp"** filed Proof of Claim No. 75, in the amount of $325,000,000.00 (**"POC No. 75"**). Mr. Vitt signed POC No. 75, identifying his title as "individual, founder, president, CEO, beneficiary and trustee". *(Exhibit C)*

5. (POC No. 73, POC No. 74, and POC No. 75 are collectively referred to as **"The Claims")**.

**<u>The Addendum</u>**

6. Mr. Vitt attached an identical nine-page document titled "Master Omnibus Addendum to Official Form 410 Proofs of Claim" (the **"Addendum"**) to all of The Claims, and asserts that the basis of The Claims is the attached Addendum. *(Exhibit D)*

7. The Addendum is difficult to parse or comprehend.

8. The Debtor does not represent that the following summary is complete. As the Debtor understands it, Mr. Vitt asserts that he was a client of the Debtor, in connection with a portfolio of commercial and property damage matters held individually and through approximately fifteen affiliated entities and trusts. The Addendum appears to allege that the Debtor suppressed a digital forensics report, diverted trade secrets, and failed to prosecute insurance claims. The Addendum further asserts grievances arising from a 2017 Denton County divorce proceeding, a related Denton County probate proceeding, and the conduct of Claimant's former counsel, opposing counsel, and court appointed receivers in those proceedings, none of whom is the Debtor.

9. The Addendum appears to assert causes of action for civil RICO, violations of the Sherman and Clayton Acts, legal malpractice, breach of fiduciary duty, fraudulent concealment, deprivation of rights under 42 U.S.C. § 1983, and civil conspiracy, and asserts that the Debtor, its principals, unidentified co-counsel, litigation funders, state actors, and one thousand fictitious persons and entities are jointly and severally liable for the entirety of the damages claimed.

**Similar Pleadings Filed in Other Cases**

10. Mr. Vitt has previously presented substantially the same grievances to other courts. On September 21, 2018, Claimant filed a *pro se* complaint in the United States District Court for the Northern District of Oklahoma naming twenty-three defendants, including individuals, law firms, city and county governments, courts, and businesses in Oklahoma and Texas, and seeking damages "[i]n excess of $4,000,000.00." *Vitt v. Koons Fuller, P.C.*, No. 18-CV-493-TCK-JFJ (N.D. Okla.). Among the defendants was KoonsFuller, one of the law firms identified in the Addendum as a participant in the conduct underlying the Claim. The court dismissed the complaint sua sponte for lack of subject matter jurisdiction on May 15, 2019, finding no cause of action arising under federal law and no complete diversity of citizenship. A copy of the order is attached as Exhibit E.

11. In a separate action, Mr. Vitt asserted for himself the CyberlinkASP claim that the Addendum identifies as the Debtor's most significant asserted failure. In *Vitt v. Cyberlink ASP Technology, Inc.*, No. 19-CV-254-JED-FHM (N.D. Okla.), Mr. Vitt filed a pro se complaint against Cyberlink ASP Technology, Inc. and Christopher M. Lantrip asserting nine causes of action arising from the same conduct described at pages 4 through 5 of the Addendum, together with three causes of action against his former spouse. Mr. Vitt moved for leave to proceed in forma pauperis and for a temporary restraining order and preliminary injunction. On May 14, 2019, the

court dismissed the action *sua sponte* for lack of subject matter jurisdiction, again finding no federal question and no complete diversity because Claimant and his former spouse were both citizens of Oklahoma, and denied the remaining motions. No defendant was ever served or appeared. A copy of the order is attached as Exhibit F.

12. These two orders at Exhibit E and F establish that Mr. Vitt personally pursued the CyberlinkASP claim after the voluntary dismissal of which he now complains, and that the claim failed for reasons unrelated to any act or omission of the Debtor. The Addendum therefore fails to allege facts supporting causation as to the single largest component of the asserted damages. Second, these orders establish that the grievances underlying The Claims have been presented in escalating form across multiple forums over eight years, growing from a demand in excess of $4,000,000 in 2018 to a demand in excess of $350,000,000 in 2026, without supporting documentation at any stage.

13. The Claims are not accompanied by any writing, statement of account, or other documentation supporting the amounts asserted, and the Addendum states that Mr. Vitt cannot quantify his damages absent discovery. The Claims therefore are not prima facie valid under Bankruptcy Rule 3001(f), and the burden of establishing its validity and amount rests with Claimant. Without conceding that a response is required, and to the extent any factual allegation in the Claims or the Addendum is deemed to require one, the Debtor denies each such allegation. (See attached Declaration at Exhibit G)

14. The Debtor is contemporaneously filing separate objections to Claim Nos. 74 and 75.

## LEGAL STANDARD

15. A filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. section 502(a). Upon objection, the Court must determine the amount of the claim as of the date of the filing of the petition and shall disallow the claim to the extent it is unenforceable against the debtor or property of the debtor under applicable law, 11 U.S.C. section 502(b)(1), or to the extent the claim was not timely filed, 11 U.S.C. section 502(b)(9).

16. A proof of claim is prima facie evidence of the validity and amount of the claim only if it is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 3001(f). Where a claim is based on a writing, a copy of the writing must be filed with the claim. Fed. R. Bankr. P. 3001(c)(1). A claim that does not comply with Rule 3001 is not entitled to the presumption, and the claimant bears the burden of producing evidence sufficient to establish the claim. *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).

## OBJECTIONS

**A. The Claim Was Filed Almost Two Years After the Bar Date and Must Be Disallowed Under Section 502(b)(9).**

17. The Court fixed August 13, 2024 as the last date for filing proofs of claim in this case (the **"Bar Date"**).

18. Claim No. 73 was filed on July 23, 2026, which is 709 days after the Bar Date. The Claim is untimely on its face and must be disallowed under 11 U.S.C. section 502(b)(9).

19. Claim No. 73 does not relate back to any earlier filing. At line 4 of Claim No. 73, the Claimant affirmatively answered "No" to the question whether the Claim amends one already filed. There is no earlier claim of this Claimant on the register to which the Claim could attach.

**B. The Claim Attaches No Supporting Documentation and Is Not Entitled to Prima Facie Validity.**

20. At line 8, the Claim states that the basis of the claim is the "Attached Master Omnibus Addendum." The Addendum is argument, not documentation. It expressly relies on writings that it does not attach, including an October 30, 2018 HUD 1 settlement statement, an April 25, 2019 order entered in Denton County Probate Court Cause No. PR-2017-00521, a Denton County transaction detail, a digital forensics report attributed to Dr. William C. Easttom II, a June 21, 2018 internal electronic mail message, and unspecified insurance policies, engagement agreements, and litigation funding prospectuses.

21. Rule 3001(c)(1) required the Claimant to file copies of the writings on which the Claim is based. He filed none. The proof of claim therefore carries no presumption of validity under Rule 3001(f), and the burden of producing evidence rests entirely on the Claimant.

**C. The Claim Describes Funds Held by a State Court, Not a Right to Payment from the Debtor.**

22. Furthermore, the amount asserted in Claim No. 73 is not a debt the Debtor is alleged to owe. It is a sum of money that, according to the Addendum, sits in the registry of a Denton County court in two state court proceedings to which the Debtor is not alleged to be a party. The Debtor does not hold those funds, has never held those funds, and cannot pay them out.

23. A claim is a right to payment from the debtor. 11 U.S.C. section 101(5)(A). The alleged deposit of money in a state court registry is not a right to payment from this estate, and Claim No. 73 identifies no act of the Debtor by which the Debtor came to owe the Claimant the alleged $646,305.06.

24. The Addendum alleges that $80,000.00 was deducted for an American Express obligation and that $37,173.20 was disbursed to Jack Balderson Jr., Jeffrey Tasker, and Scott Bodkin. Those are payments to persons other than the Debtor. The Claim does not allege that the Debtor received any part of the $646,305.06 or of the HUD 1 disbursements.

**D. The Claim Is Time Barred Under Applicable Nonbankruptcy Law.**

25. Section 502(b)(1) requires disallowance of a claim to the extent it is unenforceable against the debtor under applicable law. Every act attributed to the Debtor in the Addendum occurred between 2015 and 2019.

26. Under Texas law, a claim for legal malpractice and conversion is governed by a two-year limitations period. Tex. Civ. Prac. & Rem. Code section 16.003(a). Breach of fiduciary duty is governed by a four year period. Tex. Civ. Prac. & Rem. Code section 16.004(a)(5).

27. Mr. Vitt cannot invoke the discovery rule, because the Addendum pleads his own actual knowledge. He alleges that he independently identified and funded the forensic investigation, that he reported the underlying conduct to the Federal Bureau of Investigation in Dallas, that the state court action was voluntarily dismissed on October 10, 2018, and that the HUD 1 settlement statement is dated October 30, 2018. On the face of the Claim, accrual occurred no later than 2019, roughly five years before the Petition Date.

**E. Portions of the Claim Assert Liability of Parties Other Than the Debtor.**

28. A claim is a right to payment from the debtor. 11 U.S.C. section 101(5)(A). The Addendum asserts joint and several liability against a long list of persons and firms who are not the Debtor, including Luwalhati Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, William Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, Ben Baker,

KoonsFuller, Tasker & Balderson, Equal Access Justice Fund, B.E. Blank, unidentified state court receivers, unidentified state actors, and fictitious parties designated as John and Jane Does 1 through 1,000, XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

29. To the extent Claim No. 73 seeks recovery from any of those persons or entities, it asserts no right to payment from this Debtor and must be disallowed. The same is true of the allegations directed at James M. McClenny and John Zachary Moseley in their individual capacities.

**F. The Claim Is Duplicative of Claim Nos. 74 and 75.**

30. All three of The Claims attach the identical Addendum, and the Addendum does not allocate distinct injuries among them. It states instead that every party it names is jointly and severally liable for "the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3," and that the Claimant "is not required to parse or pro-rate damages among co-conspirators." By its own terms each claim seeks the whole of a single asserted loss.

31. Even if some part of Mr. Vitt's theory survived the defects identified above, Claim No. 73 could not be allowed alongside Claim Nos. 74 and 75 without permitting duplicative recovery from the estate.

## PRAYER AND RELIEF REQUESTED

For the reasons stated above, the Debtor respectfully requests that the Court enter an order (i) sustaining this Objection, (ii) disallowing Claim No. 73 in its entirety, and (iii) granting the Debtor such other and further relief as is just.

Respectfully submitted,

**WALKER & PATTERSON, P.C.**

By: *<u>/s/ Miriam t. Goott</u>*
Miriam Goott
Texas Bar No. 24048846
4815 Dacoma Street
Houston, Texas 77092
Telephone: 713-956-5577
mgoott@walkerandpatterson.com
COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I certify that on July 30, 2026, a true and correct copy of the foregoing, was served by United States first class mail, postage prepaid, and by electronic mail, upon the person most recently designated on Claim No. 73 as the person to receive notices, as follows:

Jeffrey Alan Vitt
12791 S. 4230 Road
Chelsea, Oklahoma 74016
justiceiceice@icloud.com
andajustice4all@icloud.com
javit2004rule@gmail.com

A copy was also served upon all parties receiving electronic notice in this case through the Court's CM/ECF system.

*<u>/s/ Miriam T. Goott</u>*
Miriam Goott

**Fill in this information to identify the case:**

Debtor 1 MMA Law Firm, PLLC

Debtor 2
(Spouse, if filing) ______

United States Bankruptcy Court for the: Southern District of Texas

Case number 4:24-bk-31596

Official Form 410

# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

Jeffrey Alan Vitt, Individually, as Beneficiary & Trustee of Jeffrey Alan Vitt Irrevocable Trust
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor See Addendum

2. **Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name: Jeffrey Alan Vitt | Name: Jeffrey Alan Vitt |
| Number Street: 12791 S. 4230 Road | Number Street: 12791 S. 4230 Road |
| City: Chelsea State: OK ZIP Code: 74016 | City: Chelsea State: OK ZIP Code: 74016 |
| Contact phone: 539-292-9358 | Contact phone: 539-292-9358 |
| Contact email: justiceiceice@icloud.com | Contact email: andajustice4all@icloud.com |

Uniform claim identifier (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

4. **Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 646,305.06. **Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Attached Master Omnibus Addendum

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________________

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________________ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________________ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________________ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________________ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________________ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/23/2026
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Jeffrey<br>First name | Alan<br>Middle name | Vitt<br>Last name |
| Title | Individual, Founder, President & CEO, Beneficiary & Trustee | | |
| Company | Jeffrey Alan Vitt Irrevocable Trusts, All Entities, Individual, All Interests<br>Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 12791 S. 4230 Road<br>Number Street | | |
| | Chelsea<br>City | OK<br>State | 74016<br>ZIP Code |
| Contact phone | 539-292-9358 | Email | javit2004rule@gmail.com |

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)

**IN RE: MMA LAW FIRM, PLLC, Debtor.**

**CASE NO.: 4:24-bk-31596 (Chapter 11)**

**MASTER OMNIBUS ADDENDUM TO OFFICIAL FORM 410 PROOFS OF CLAIM**
**(** ATTACHED TO AND INCORPORATED INTO CLAIMS 1, 2, AND 3 )

**NOTICE:**

**ASSERTION OF JOINT AND SEVERAL LIABILITY ACROSS ALL DEBTOR**

**PRINCIPALS, CO-CONSPIRATORS, LITIGATION FUNDERS, AND DOE ENTITIES**

## PRELIMINARY STATEMENT: PROCEDURAL DURESS, FRAUDULENT CONCEALMENT, & ABSOLUTE RESERVATION OF RIGHTS

### 1. Pleading Under Severe Procedural Duress & Deceptive Practices:

This Master Omnibus Proof of Claim is filed in good faith as an expansive, uncompromised master framework under severe procedural duress. Due to the Debtor (MMA Law Firm, PLLC), its managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel co-conspirators, and allied state actors continuously refusing to surrender client case files, unredacted IOLTA ledgers, and critical digital forensic telemetry, this claim is submitted with an **ABSOLUTE, UNQUALIFIED RESERVATION OF RIGHTS TO AMEND, SUPPLEMENT, CORRECT, OR RE-QUANTIFY**.

Claimant explicitly preserves the unassailable right under Fed. R. Bankr. P. 3001, 7015, and 9014 to correct any clerical, mathematical, formal, or factual errors; modify or reclassify liquidated versus unliquidated damage figures; substitute true party names; and perfect specific causes of action upon the receipt of Rule 2004 discovery productions to any and all Claimant's interests (including not limited to bank wire metadata, Strait Lane HUD-1 transaction logs, server logs, communications, and third-party litigation funding prospectuses).

The enterprise engaged in systemic deceptive trade practices, fraudulent concealment, and active evidence suppression—including sitting on the Dr. William C. Easttom II digital forensics report for 18 months, engineering unauthorized voluntary dismissals of $100M+ corporate

actions without client consent, manufacturing false standing through compromised state court officers of the courts, and siphoning settlement proceeds behind closed doors.

## I. UNIVERSAL INDIVIDUAL STANDING, DIRECT INSURED-PARTY PRIVITY, AND DUAL-CAPACITY EQUITY OWNERSHIP

**2. Universal Individual Standing Due to Forced Commingling and Direct Insured Status:**

This Master Omnibus Addendum is executed and filed by **Jeffrey Alan Vitt, Individually**, and across all associated capacities. All interests were forcibly commingled, manipulated, and systematically exploited through the combined unethical, unlawful actions of officers of the court government bodies, corrupted court proceedings, court-appointed receivers, and compromised legal representation. Because the enterprise deliberately blurred the legal and financial boundaries between personal, trust, and corporate assets to execute an asset-stripping scheme, Claimant asserts **Universal Individual Standing** across all claims presented herein.

At the absolute minimum, Jeffrey Alan Vitt is included individually in all claims—whether explicitly named or designated as a "John Doe 1" or fictitious entity—Claimant is intrinsically woven into every facet of the economic harm inflicted upon the estate. Furthermore, Claimant appears in the following distinct legal capacities to preserve necessary jurisdictional firewalls:

**3. Direct Insured Party Privity:** For core operating assets and properties—specifically **Vitt 121, LTD.** (4707 State Hwy 121, The Colony, TX) where all entity and operational interests were insured through **Vitt, Inc.** (an S-Corporation, separate from trust corpus)—and for residential/casualty properties including the **Strait Lane** homestead property, **Shadow Wood Ct**, **Libby Lane**, and **Normandy Road**, Jeffrey Alan Vitt was individually the named insured and/or direct contracting party on the underlying property, casualty, and commercial insurance policies. The resulting bad-faith insurance handling, unprosecuted storm claims, and fraudulent payouts directly inflicted severe individual economic injury upon Claimant.

**4. Dual-Capacity Equity Ownership:** In addition to serving as Voting Trustee and Beneficiary of the **Jeffrey Alan Vitt Irrevocable Trusts** and **Pi.314 Irrevocable Trusts**, Claimant independently owns direct equity percentages in the underlying corporate operating entities. As an individual equity holder and primary investor, Claimant holds direct standing to recover diminished corporate value and buy back or protect equity interests compromised by the Debtor's malpractice collusion, conspiring, corrupt and deceptive practices.

**B. Comprehensive Schedule of Filer Capacities & Operating Entities:**

Claimant appears in the following exhaustive list of legal capacities and corporate structures to maintain necessary firewalls while anchoring individual rights:

- **Individually & Crime Victim:** Protecting direct personal economic harm, uncompensated property losses, and constitutional civil rights deprivations under color of law, and personal torts..

- **Voting Trustee & Beneficiary:** For the *Jeffrey Alan Vitt Irrevocable Trusts* and *Pi.314 Irrevocable Trusts, possessing absolute authority over trust corpus and claims*.
- **Founder, President, CEO & Authorized Agent:** On behalf of the complete operating corporate enterprise and subsidiaries, explicitly including:
  - Flu Shots of Texas, LTD.
  - MediAccess Integration Technologies, LTD.
  - PATHCare Medical, LTD.
  - Personalized H20, LTD.
  - Pi.314 Irrevocable Trusts
  - SMG Star Medical Group 2, LLC.
  - Texas Family & Occupational Health Services, LTD.
  - Texas Family & Occupational Health Services I, INC.
  - Vitt 121, LTD.
  - Vitt Health, LLC.
  - Vitt Holdings & Development, LLC.
  - Vitt, INC. (d/b/a Recovery Services of America)
  - Vitt IP Holdings, LLC.
  - Vitt OKTX, LLC.
  - Vitt OK, LP.
  - Vitt TX, LTD.

**C. Broad Fictitious Party & Co-Conspirator Net:**

Pursuant to Federal Rules of Bankruptcy Procedure 7015 and 9014, joint and several liability asserted herein extends to the Debtor, its managing principals (James M. McClenny, John Zachary Moseley), affiliated counsel, litigation funders, and all unnamed, concealed, or successor entities designated as:

- John Does 1 through 1,000 and Jane Does 1 through 1,000 (inclusive but not limited to).
- XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

## II. COMPREHENSIVE FACTUAL NARRATIVE & ENTERPRISE SABOTAGE

### A. The Unbroken Record: Zero Resolved Matter Checks Received

Across more than a decade of aggressive commercial enterprise and litigation, **Claimant individually never cashed a single resolved litigation matter check** under the counsel of MMA, LAJ, or associated attorneys. Settlement proceeds, insurance payouts, and corporate revenues were systematically intercepted, diverted, siphoned into receivership registries, or converted by legal professionals who operated as an enterprise rather than zealous advocates.

**B. Suppression of Digital Forensics & Sabotage of CyberlinkASP/PTS Diagnostics Actions:**

Debtor and affiliated co-conspirators intentionally suppressed, concealed, and subsequently abandoned critical evidentiary assets. Claimant independently identified, retained, funded, and delivered the comprehensive digital forensics investigation conducted by Dr. William C. Easttom II. This forensic evidence proved a massive data breach alignment to CyberlinkASP cloud servers, wherein 130+ emails containing confidential attachments, bank credentials, and attorney-client privileged files were illegally exfiltrated.

Despite possessing this critical evidence (and internally documenting the strategy via a June 21, 2018, MMA email from Ben Baker), Debtor sat on it for 18 months. Only after Claimant independently reported the crimes to the FBI (Dallas HQ) did MMA file the state court action against CyberlinkASP (Rogers County District Court, Case No. CJ-2018-205, filed May 24, 2018). MMA then quickly and voluntarily dismissed the action on October 10, 2018, without valid legal reasoning, client authorization, or consent. McClenny explicitly valued this specific litigation at **$100,000,000.00**.

Simultaneously, Debtor actively sabotaged the **$200,000,000.00** PTS Diagnostics trade secret and DTPA action (involving copyrighted software, Sinocare, Abbey Merger Sub, Inc., and possibly Huawei Technologies), converting client corporate assets into private leverage for third-party litigation financing (i.e. specifically utilizing Equal Access Justice Fund, LP / B.E. Blank) rather than prosecuting the claims for Claimant.

**C. The Comprehensive MMA Representation Matrix (Filed and Unfiled Causes):**

Debtor (acting primarily through James McClenny) maintained a systemic, overlapping, and comprehensive scope of representation across Claimant's legal matrix. MMA's internal tracking documents explicitly categorized Claimant's commercial actions under "RICO," "Conspiracy to Defraud," and compared the intellectual property theft to *"Winklevoss vs. Facebook"*. Debtor intentionally bottlenecked, stalled, failed to file, or outright abandoned the following actionable claims:

1. **Vitt 121, Ltd. (Denton County / The Colony):** 4707 State Hwy 121. Claim against Farmers Insurance for 2015 ice/rain storm damage.
2. **General Star Insurance (Berkshire Hathaway):** Roof damage during the sale transition from Robert M. Farrell Development, Ltd. Claim and settlement proceeds suppressed and undisclosed.
3. **Vitt TX, Ltd. (Dallas County / Grand Prairie):** 2010 Libby Lane. Filed August 2, 2017 (Cause No. DC-17-09402, 101st District Court) against Farmers Insurance and Powerjack Foundation Repair.
4. **Vitt TX, Ltd. (Tarrant County / Arlington):** 2702 Shadow Wood Ct. Claim against Farmers Insurance for 2015 storm damage.
5. **Vitt TX, Ltd. (Tarrant County / Fort Worth):** 7240 Normandy Road. Claim identified and retained by MMA but intentionally never filed, allowing limitations to expire.

6. **Tenant Casualty Claim:** Unprosecuted claim regarding a garage ceiling collapse onto a tenant's automobile.
7. **Criminal Policy / E&O Case:** Action against Bill David and TIG Insurance Company for a $65,000 fraudulent check conversion.
8. **Powerjack E&O Case:** Action against Powerjack based on warranty documents and 2015 Farmers claim assignments.
9. **Retaliation Eviction:** Action accepted against JSC Realty and Landlord for retaliatory property eviction practices at 2300 Valley View Lane.

**D. Intentional Abandonment of Property Assets:**

Debtor intentionally stalled or refused to prosecute high-value property damage and bad-faith insurance claims to resolution, paralyzing specific corporate assets including 4707 State Hwy 121 (Vitt 121, Ltd. vs. Farmers/General Star), 2010 Libby Lane (Vitt TX, Ltd. vs. Farmers/Powerjack), 2702 Shadow Wood Ct, 7240 Normandy Rd, and the $65,000 fraudulent check conversion (Bill David / TIG).

**E. The "Duplicative Litigation" Matrix: Seven Unbroken Appellate Chain-Reactions:**

The harm inflicted by Debtor and interconnected actors spans multiple trial courts and fans out across at least seven (7) specific appellate actions, establishing an unbroken chain of legal abuse:

1. **The Family Law & Property Track:** Denton District Court (16-01374-362) **– >** Second Court of Appeals (02-17-00214-CV) **– >** Fifth Court of Appeals (05-17-00828-CV) **– >** Second Court of Appeals (02-23-00308-CV) – > **Texas Supreme Court (24-0583)**.
2. **The Probate & Asset Liquidation Track:** Denton County Probate Court (PR-2017-00521) **– >** Second Court of Appeals (02-23-00452-CV) **– > Texas Supreme Court (24-0594)**.
3. **The Intervenor / Sabotage Track (Vitt v. Jacobs / LAJ):** Denton & Dallas District Court (19-4770-367; DC-19-08160) **– >** Fifth Court of Appeals (05-22-01240-CV) **– > Texas Supreme Court (24-0736)**.

**F. Egregious Attorney Conflicts of Interest (The LAJ Matrix):**

Luwalhati Admana "Lynn" Johnson (LAJ), acting concurrently with the broader enterprise, intentionally compromised Claimant's legal standing after being paid substantial legal fees ($50,000 aggregate, including $15,000 cash deposited directly into her credit union account for the 2017 divorce appeal). LAJ obtained privileged strategic information and weaponized it by intervening *against* her own client across eleven (11) specific trial and appellate dockets:

1. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
2. Vitt (LAJ) Vs Vitt Family Law # 16-01374-362
3. Vitt (LAJ) Vs Vitt FLMM Appeal #05-17-00828-CV
4. Vitt (LAJ) Vs Vitt Probate # PR-17-00521
5. Sanofi Vs Vitt Paid LAJ - No Legal Rep Effort # DC-17-00470

6. McKesson Vs Vitt Paid LAJ - No Legal Rep Effort # DC-18-02981
7. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
8. LAJ Intervening Vs Vitt 121, Ltd Vs RM Farrell # DC-17-16791
9. LAJ Intervening Vs Vitt Vs Jacobs # 19-4770-367
10. LAJ Intervening Vs Vitt Vs Jacobs # DC-19-08160
11. LAJ Intervening Vs Vitt Vs Jacobs - LAJ Vs Appeal #05-22-01240-CV

## III. MANDATE OF JOINT AND SEVERAL LIABILITY

IT IS HEREBY EXPRESSLY ASSERTED AND STATED that the Debtor (MMA Law Firm, PLLC), its past and present managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel, other parties of interests (i.e. including but not limited to Ben Baker, Luwalhati "Lynn" Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, Willam Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, ), litigation funders (i.e., EAJF ESQ Fund, LP / B.E. Blank), state actors, and all designated John/Jane Doe (1-1,000) and XYZ/ABC corporate entities are JOINTLY AND SEVERALLY LIABLE for the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3. Claimant is not required to parse or pro-rate damages among co-conspirators; each member of the enterprise is fully responsible for the aggregate harm inflicted.

## IV. THREE-PART OMNIBUS CLAIM STRUCTURE & DAMAGE MATRIX

To preserve legal firewalls while simultaneously maintaining Claimant's universal individual standing across all entities and interests, damages are allocated across three distinct Official Form 410 packages:

| **Claim** | **Primary Creditor / Filer** | **Baseline Damage** | **Fundamental Legal Basis** |
|---|---|---|---|
| **Claim 1 (Trust Anchor)** | Jeffrey Alan Vitt, Individually; Founder, president, CEO of Vitt, Inc.; and as Beneficiary & Trustee of | **$646,305.06** (Fixed / Liquidated Baseline Floor) | Conversion, Breach of Fiduciary Duty, Misappropriation of Registry Funds if paid. Supported by trapped funds in Denton Bifurcated, Duplication Litigation of Probate Cause No. PR-2017-00521 and Family Law Cause No. |

| | | | |
|---|---|---|---|
| | JAVIT, Pi3.14IT | | 16-01374-362 –Oct. 30, 2018 HUD-1 Settlement Statement. |
| **Claim 2 (Operating Subsidiaries)** | Vitt 121, Ltd., Vitt TX, Vitt OK, PATHCare Medical, Ltd., Flu Shots of Texas, Ltd., Vitt, Inc.,, MediAccess Integrated Technologies, Ltd.; et al. | **$25,000,000.00** (Unliquidated Placeholder / Property Loss) | Legal Malpractice, Breach of Contract, Sabotaged Insurance Claims (Farmers, Gen Star, Guard), allowing unchallenged foreclosures and asset degradation. |
| **Claim 3 (Enterprise RICO)** | Jeffrey Alan Vitt, Individually & Rep. Doe / XYZ Entities | **$325,000,000.00+** (Unliquidated Statutory / Treble / Punitive) | Civil RICO (18 U.S.C. § 1962), Sherman Act, Corporate Espionage, Civil Conspiracy. Anchored by suppression of the $300M+ CyberlinkASP/PTS valuations. |

## V. CAUSES OF ACTION ASSERTED

The Debtor, alongside co-conspirators, own and opposing counsel (including not limited to LAJ, Jack Balderson Jr., Tasker & Balderson, KoonsFuller), litigation funders (i.e. EAJF ESQ Fund, LP / B.E. Blank), and state actors, is **jointly and severally liable** under the following causes of action:

1. **Civil RICO (18 U.S.C. § 1962(c) & (d)):** Participating in and conspiring to conduct an association-in-fact enterprise through a pattern of racketeering activity (wire fraud, mail fraud, obstruction of justice, and extortion).
2. **Sherman Act & Clayton Act Antitrust Violations:** Collusive market division, trade secret suppression, and unlawful restraint of trade.
3. **Gross Legal Malpractice & Breach of Fiduciary Duty:** Sabotaging active claims, suppressing Easttom forensic reports, and abandoning client files.
4. **Fraudulent Concealment & Constructive Fraud:** Withholding unredacted IOLTA ledgers and escrow wire records to conceal illegal fee siphoning.
5. **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983):** Bad-faith coordination with law enforcement and court officers to manufacture standing, execute improper process, and enforce retaliatory orders.
6. **Common Law Civil Conspiracy & Business Disparagement:** Systemic tortious interference with business relationships and prospective economic advantage.

## VI. PROTECTIVE FIREWALL, COMMINGLED HUD-1 BLEED, & THE ABSOLUTE STANDING SHIELD TO AMEND

### A. The Absolute Standing Shield (Frozen Funds & Judicial Mandate):

On April 25, 2019, in Cause No. PR-2017-00521 (Denton County Probate Court), an *Order Abandoning Claims* was entered. This Order explicitly mandates: *"IT IS FURTHER ORDERED, that any beneficiary of the Jeffrey Alan Vitt Irrevocable Trust is not precluded from individually pursuing the matters abandoned herein."*

This absolute judicial order, combined with the **$646,305.06** in funds frozen in registry and verified on the Denton County transaction detail, is directly linked to the fraudulent escrow disbursements executed across the board. Specifically, the October 30, 2018, Strait Lane HUD-1 Settlement Statement reveals massive, unauthorized capital bleeding: Line 506 reflects an **$80,000.00** unremitted American Express deduction, while Lines 1302–1304 reflect a combined **$37,173.20** in unverified attorney fee payouts disbursed outside authorized constraints directly to opposing probate counsel (**Jack Balderson Jr. / Balderson Law; Jeffrey Tasker / Tasker & Balderson; Scott Bodkin / Bodkin Niehaus Dorris & Jolley**), alongside excessive payouts to court-appointed receivers.

### B. The Proof of Commingling:

The fact that the exact same attorneys and professional actors crossed over between the Denton Probate litigation (Cause No. PR-2017-00521) and the Family Law litigation (Cause No. 16-01374-362) to loot the Strait Lane homestead proceeds and probate registry funds serves as undeniable, concrete proof of the enterprise's forced commingling of assets. This operational reality solidifies Claimant's exclusive and undeniable standing to pursue all claims individually across this federal forum.

**C. Exclusive Legal Authority (Anti-Severance):**

Claimant asserts independent and exclusive legal standing over these claims and trust assets. No outside law firm, state court-appointed receiver, or third-party entity possesses the legal authority or jurisdiction to negotiate, settle, sever, or dismiss any portion of this claim.

**D. Absolute Right to Amend & Procedural Duress:**

Pursuant to Fed. R. Bankr. P. 3001, 7015, and 9014, Claimant reserves the absolute, unassailable right to file Amended Proofs of Claim to re-quantify damage figures, substitute true party names for all "John/Jane Doe" placeholders, and perfect specific counts upon the receipt of Rule 2004 discovery productions.

**E. Jurisdictional Reservation:**

No part of this filing waives Claimant's right to launch independent Adversary Proceedings, seek mandatory withdrawal of reference, enforce prior probate orders, or demand a trial by jury.

**Fill in this information to identify the case:**

Debtor 1 MMA Law Firm, PLLC

Debtor 2
(Spouse, if filing) ____________________

United States Bankruptcy Court for the: Southern District of Texas

Case number 4:24-bk-31596

Official Form 410

# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   Jeffrey Alan Vitt, Individually, as Beneficiary & Trustee of Jeffrey Alan Vitt Irrevocable Trust
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor See Addendum

2. **Has this claim been acquired from someone else?**

   ☑ No
   ☐ Yes. From whom? ____________________

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| Name | Jeffrey Alan Vitt | Jeffrey Alan Vitt |
| Number Street | 12791 S. 4230 Road | 12791 S. 4230 Road |
| City / State / ZIP Code | Chelsea OK 74016 | Chelsea OK 74016 |
| Contact phone | 539-292-9358 | 539-292-9358 |
| Contact email | justiceiceice@icloud.com | andajustice4all@icloud.com |

   Uniform claim identifier (if you use one):

   __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes. Who made the earlier filing? ____________________

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 646,305.06 . **Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Attached Master Omnibus Addendum

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ______________________________

**Basis for perfection:** ______________________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $__________________

**Amount of the claim that is secured:** $__________________

**Amount of the claim that is unsecured:** $__________________(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $____________________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $____________________

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: ______________________________

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $__________ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $__________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/23/2026
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Jeffrey<br>First name | Alan<br>Middle name | Vitt<br>Last name |
| Title | Individual, Founder, President & CEO, Beneficiary & Trustee | | |
| Company | Jeffrey Alan Vitt Irrevocable Trusts, All Entities, Individual, All Interests<br>Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 12791 S. 4230 Road<br>Number Street | | |
| | Chelsea<br>City | OK<br>State | 74016<br>ZIP Code |
| Contact phone | 539-292-9358 | Email | javit2004rule@gmail.com |

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)

**IN RE: MMA LAW FIRM, PLLC, Debtor.**

**CASE NO.: 4:24-bk-31596 (Chapter 11)**

**MASTER OMNIBUS ADDENDUM TO OFFICIAL FORM 410 PROOFS OF CLAIM**
**(** ATTACHED TO AND INCORPORATED INTO CLAIMS 1, 2, AND 3 )

**NOTICE:**

**ASSERTION OF JOINT AND SEVERAL LIABILITY ACROSS ALL DEBTOR**

**PRINCIPALS, CO-CONSPIRATORS, LITIGATION FUNDERS, AND DOE ENTITIES**

## PRELIMINARY STATEMENT: PROCEDURAL DURESS, FRAUDULENT CONCEALMENT, & ABSOLUTE RESERVATION OF RIGHTS

### 1. Pleading Under Severe Procedural Duress & Deceptive Practices:

This Master Omnibus Proof of Claim is filed in good faith as an expansive, uncompromised master framework under severe procedural duress. Due to the Debtor (MMA Law Firm, PLLC), its managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel co-conspirators, and allied state actors continuously refusing to surrender client case files, unredacted IOLTA ledgers, and critical digital forensic telemetry, this claim is submitted with an **ABSOLUTE, UNQUALIFIED RESERVATION OF RIGHTS TO AMEND, SUPPLEMENT, CORRECT, OR RE-QUANTIFY**.

Claimant explicitly preserves the unassailable right under Fed. R. Bankr. P. 3001, 7015, and 9014 to correct any clerical, mathematical, formal, or factual errors; modify or reclassify liquidated versus unliquidated damage figures; substitute true party names; and perfect specific causes of action upon the receipt of Rule 2004 discovery productions to any and all Claimant's interests (including not limited to bank wire metadata, Strait Lane HUD-1 transaction logs, server logs, communications, and third-party litigation funding prospectuses).

The enterprise engaged in systemic deceptive trade practices, fraudulent concealment, and active evidence suppression—including sitting on the Dr. William C. Easttom II digital forensics report for 18 months, engineering unauthorized voluntary dismissals of $100M+ corporate

actions without client consent, manufacturing false standing through compromised state court officers of the courts, and siphoning settlement proceeds behind closed doors.

## I. UNIVERSAL INDIVIDUAL STANDING, DIRECT INSURED-PARTY PRIVITY, AND DUAL-CAPACITY EQUITY OWNERSHIP

**2. Universal Individual Standing Due to Forced Commingling and Direct Insured Status:**

This Master Omnibus Addendum is executed and filed by **Jeffrey Alan Vitt, Individually**, and across all associated capacities. All interests were forcibly commingled, manipulated, and systematically exploited through the combined unethical, unlawful actions of officers of the court government bodies, corrupted court proceedings, court-appointed receivers, and compromised legal representation. Because the enterprise deliberately blurred the legal and financial boundaries between personal, trust, and corporate assets to execute an asset-stripping scheme, Claimant asserts **Universal Individual Standing** across all claims presented herein.

At the absolute minimum, Jeffrey Alan Vitt is included individually in all claims—whether explicitly named or designated as a "John Doe 1" or fictitious entity—Claimant is intrinsically woven into every facet of the economic harm inflicted upon the estate. Furthermore, Claimant appears in the following distinct legal capacities to preserve necessary jurisdictional firewalls:

**3. Direct Insured Party Privity:** For core operating assets and properties—specifically **Vitt 121, LTD.** (4707 State Hwy 121, The Colony, TX) where all entity and operational interests were insured through **Vitt, Inc.** (an S-Corporation, separate from trust corpus)—and for residential/casualty properties including the **Strait Lane** homestead property, **Shadow Wood Ct**, **Libby Lane**, and **Normandy Road**, Jeffrey Alan Vitt was individually the named insured and/or direct contracting party on the underlying property, casualty, and commercial insurance policies. The resulting bad-faith insurance handling, unprosecuted storm claims, and fraudulent payouts directly inflicted severe individual economic injury upon Claimant.

**4. Dual-Capacity Equity Ownership:** In addition to serving as Voting Trustee and Beneficiary of the **Jeffrey Alan Vitt Irrevocable Trusts** and **Pi.314 Irrevocable Trusts**, Claimant independently owns direct equity percentages in the underlying corporate operating entities. As an individual equity holder and primary investor, Claimant holds direct standing to recover diminished corporate value and buy back or protect equity interests compromised by the Debtor's malpractice collusion, conspiring, corrupt and deceptive practices.

**B. Comprehensive Schedule of Filer Capacities & Operating Entities:**

Claimant appears in the following exhaustive list of legal capacities and corporate structures to maintain necessary firewalls while anchoring individual rights:

- **Individually & Crime Victim:** Protecting direct personal economic harm, uncompensated property losses, and constitutional civil rights deprivations under color of law, and personal torts..

- **Voting Trustee & Beneficiary:** For the *Jeffrey Alan Vitt Irrevocable Trusts* and *Pi.314 Irrevocable Trusts, possessing absolute authority over trust corpus and claims*.
- **Founder, President, CEO & Authorized Agent:** On behalf of the complete operating corporate enterprise and subsidiaries, explicitly including:
  - Flu Shots of Texas, LTD.
  - MediAccess Integration Technologies, LTD.
  - PATHCare Medical, LTD.
  - Personalized H20, LTD.
  - Pi.314 Irrevocable Trusts
  - SMG Star Medical Group 2, LLC.
  - Texas Family & Occupational Health Services, LTD.
  - Texas Family & Occupational Health Services I, INC.
  - Vitt 121, LTD.
  - Vitt Health, LLC.
  - Vitt Holdings & Development, LLC.
  - Vitt, INC. (d/b/a Recovery Services of America)
  - Vitt IP Holdings, LLC.
  - Vitt OKTX, LLC.
  - Vitt OK, LP.
  - Vitt TX, LTD.

**C. Broad Fictitious Party & Co-Conspirator Net:**

Pursuant to Federal Rules of Bankruptcy Procedure 7015 and 9014, joint and several liability asserted herein extends to the Debtor, its managing principals (James M. McClenny, John Zachary Moseley), affiliated counsel, litigation funders, and all unnamed, concealed, or successor entities designated as:

- John Does 1 through 1,000 and Jane Does 1 through 1,000 (inclusive but not limited to).
- XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

## II. COMPREHENSIVE FACTUAL NARRATIVE & ENTERPRISE SABOTAGE

### A. The Unbroken Record: Zero Resolved Matter Checks Received

Across more than a decade of aggressive commercial enterprise and litigation, **Claimant individually never cashed a single resolved litigation matter check** under the counsel of MMA, LAJ, or associated attorneys. Settlement proceeds, insurance payouts, and corporate revenues were systematically intercepted, diverted, siphoned into receivership registries, or converted by legal professionals who operated as an enterprise rather than zealous advocates.

**B. Suppression of Digital Forensics & Sabotage of CyberlinkASP/PTS Diagnostics Actions:**

Debtor and affiliated co-conspirators intentionally suppressed, concealed, and subsequently abandoned critical evidentiary assets. Claimant independently identified, retained, funded, and delivered the comprehensive digital forensics investigation conducted by Dr. William C. Easttom II. This forensic evidence proved a massive data breach alignment to CyberlinkASP cloud servers, wherein 130+ emails containing confidential attachments, bank credentials, and attorney-client privileged files were illegally exfiltrated.

Despite possessing this critical evidence (and internally documenting the strategy via a June 21, 2018, MMA email from Ben Baker), Debtor sat on it for 18 months. Only after Claimant independently reported the crimes to the FBI (Dallas HQ) did MMA file the state court action against CyberlinkASP (Rogers County District Court, Case No. CJ-2018-205, filed May 24, 2018). MMA then quickly and voluntarily dismissed the action on October 10, 2018, without valid legal reasoning, client authorization, or consent. McClenny explicitly valued this specific litigation at **$100,000,000.00**.

Simultaneously, Debtor actively sabotaged the **$200,000,000.00** PTS Diagnostics trade secret and DTPA action (involving copyrighted software, Sinocare, Abbey Merger Sub, Inc., and possibly Huawei Technologies), converting client corporate assets into private leverage for third-party litigation financing (i.e. specifically utilizing Equal Access Justice Fund, LP / B.E. Blank) rather than prosecuting the claims for Claimant.

**C. The Comprehensive MMA Representation Matrix (Filed and Unfiled Causes):**

Debtor (acting primarily through James McClenny) maintained a systemic, overlapping, and comprehensive scope of representation across Claimant's legal matrix. MMA's internal tracking documents explicitly categorized Claimant's commercial actions under "RICO," "Conspiracy to Defraud," and compared the intellectual property theft to *"Winklevoss vs. Facebook"*. Debtor intentionally bottlenecked, stalled, failed to file, or outright abandoned the following actionable claims:

1. **Vitt 121, Ltd. (Denton County / The Colony):** 4707 State Hwy 121. Claim against Farmers Insurance for 2015 ice/rain storm damage.
2. **General Star Insurance (Berkshire Hathaway):** Roof damage during the sale transition from Robert M. Farrell Development, Ltd. Claim and settlement proceeds suppressed and undisclosed.
3. **Vitt TX, Ltd. (Dallas County / Grand Prairie):** 2010 Libby Lane. Filed August 2, 2017 (Cause No. DC-17-09402, 101st District Court) against Farmers Insurance and Powerjack Foundation Repair.
4. **Vitt TX, Ltd. (Tarrant County / Arlington):** 2702 Shadow Wood Ct. Claim against Farmers Insurance for 2015 storm damage.
5. **Vitt TX, Ltd. (Tarrant County / Fort Worth):** 7240 Normandy Road. Claim identified and retained by MMA but intentionally never filed, allowing limitations to expire.

6. **Tenant Casualty Claim:** Unprosecuted claim regarding a garage ceiling collapse onto a tenant's automobile.
7. **Criminal Policy / E&O Case:** Action against Bill David and TIG Insurance Company for a $65,000 fraudulent check conversion.
8. **Powerjack E&O Case:** Action against Powerjack based on warranty documents and 2015 Farmers claim assignments.
9. **Retaliation Eviction:** Action accepted against JSC Realty and Landlord for retaliatory property eviction practices at 2300 Valley View Lane.

**D. Intentional Abandonment of Property Assets:**

Debtor intentionally stalled or refused to prosecute high-value property damage and bad-faith insurance claims to resolution, paralyzing specific corporate assets including 4707 State Hwy 121 (Vitt 121, Ltd. vs. Farmers/General Star), 2010 Libby Lane (Vitt TX, Ltd. vs. Farmers/Powerjack), 2702 Shadow Wood Ct, 7240 Normandy Rd, and the $65,000 fraudulent check conversion (Bill David / TIG).

**E. The "Duplicative Litigation" Matrix: Seven Unbroken Appellate Chain-Reactions:**

The harm inflicted by Debtor and interconnected actors spans multiple trial courts and fans out across at least seven (7) specific appellate actions, establishing an unbroken chain of legal abuse:

1. **The Family Law & Property Track:** Denton District Court (16-01374-362) **– >** Second Court of Appeals (02-17-00214-CV) **– >** Fifth Court of Appeals (05-17-00828-CV) **– >** Second Court of Appeals (02-23-00308-CV) – > **Texas Supreme Court (24-0583)**.
2. **The Probate & Asset Liquidation Track:** Denton County Probate Court (PR-2017-00521) **– >** Second Court of Appeals (02-23-00452-CV) **– > Texas Supreme Court (24-0594)**.
3. **The Intervenor / Sabotage Track (Vitt v. Jacobs / LAJ):** Denton & Dallas District Court (19-4770-367; DC-19-08160) **– >** Fifth Court of Appeals (05-22-01240-CV) **– > Texas Supreme Court (24-0736)**.

**F. Egregious Attorney Conflicts of Interest (The LAJ Matrix):**

Luwalhati Admana "Lynn" Johnson (LAJ), acting concurrently with the broader enterprise, intentionally compromised Claimant's legal standing after being paid substantial legal fees ($50,000 aggregate, including $15,000 cash deposited directly into her credit union account for the 2017 divorce appeal). LAJ obtained privileged strategic information and weaponized it by intervening *against* her own client across eleven (11) specific trial and appellate dockets:

1. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
2. Vitt (LAJ) Vs Vitt Family Law # 16-01374-362
3. Vitt (LAJ) Vs Vitt FLMM Appeal #05-17-00828-CV
4. Vitt (LAJ) Vs Vitt Probate # PR-17-00521
5. Sanofi Vs Vitt Paid LAJ - No Legal Rep Effort # DC-17-00470

6. McKesson Vs Vitt Paid LAJ - No Legal Rep Effort # DC-18-02981
7. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
8. LAJ Intervening Vs Vitt 121, Ltd Vs RM Farrell # DC-17-16791
9. LAJ Intervening Vs Vitt Vs Jacobs # 19-4770-367
10. LAJ Intervening Vs Vitt Vs Jacobs # DC-19-08160
11. LAJ Intervening Vs Vitt Vs Jacobs - LAJ Vs Appeal #05-22-01240-CV

## III. MANDATE OF JOINT AND SEVERAL LIABILITY

IT IS HEREBY EXPRESSLY ASSERTED AND STATED that the Debtor (MMA Law Firm, PLLC), its past and present managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel, other parties of interests (i.e. including but not limited to Ben Baker, Luwalhati "Lynn" Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, Willam Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, ), litigation funders (i.e., EAJF ESQ Fund, LP / B.E. Blank), state actors, and all designated John/Jane Doe (1-1,000) and XYZ/ABC corporate entities are JOINTLY AND SEVERALLY LIABLE for the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3. Claimant is not required to parse or pro-rate damages among co-conspirators; each member of the enterprise is fully responsible for the aggregate harm inflicted.

## IV. THREE-PART OMNIBUS CLAIM STRUCTURE & DAMAGE MATRIX

To preserve legal firewalls while simultaneously maintaining Claimant's universal individual standing across all entities and interests, damages are allocated across three distinct Official Form 410 packages:

| Claim | Primary Creditor / Filer | Baseline Damage | Fundamental Legal Basis |
|---|---|---|---|
| **Claim 1 (Trust Anchor)** | Jeffrey Alan Vitt, Individually; Founder, president, CEO of Vitt, Inc.; and as Beneficiary & Trustee of | **$646,305.06** (Fixed / Liquidated Baseline Floor) | Conversion, Breach of Fiduciary Duty, Misappropriation of Registry Funds if paid. Supported by trapped funds in Denton Bifurcated, Duplication Litigation of Probate Cause No. PR-2017-00521 and Family Law Cause No. |

| | | | |
|---|---|---|---|
| | JAVIT, Pi3.14IT | | 16-01374-362 –Oct. 30, 2018 HUD-1 Settlement Statement. |
| **Claim 2 (Operating Subsidiaries)** | Vitt 121, Ltd., Vitt TX, Vitt OK, PATHCare Medical, Ltd., Flu Shots of Texas, Ltd., Vitt, Inc.,, MediAccess Integrated Technologies, Ltd.; et al. | **$25,000,000.00** (Unliquidated Placeholder / Property Loss) | Legal Malpractice, Breach of Contract, Sabotaged Insurance Claims (Farmers, Gen Star, Guard), allowing unchallenged foreclosures and asset degradation. |
| **Claim 3 (Enterprise RICO)** | Jeffrey Alan Vitt, Individually & Rep. Doe / XYZ Entities | **$325,000,000.00+** (Unliquidated Statutory / Treble / Punitive) | Civil RICO (18 U.S.C. § 1962), Sherman Act, Corporate Espionage, Civil Conspiracy. Anchored by suppression of the $300M+ CyberlinkASP/PTS valuations. |

## V. CAUSES OF ACTION ASSERTED

The Debtor, alongside co-conspirators, own and opposing counsel (including not limited to LAJ, Jack Balderson Jr., Tasker & Balderson, KoonsFuller), litigation funders (i.e. EAJF ESQ Fund, LP / B.E. Blank), and state actors, is **jointly and severally liable** under the following causes of action:

1. **Civil RICO (18 U.S.C. § 1962(c) & (d)):** Participating in and conspiring to conduct an association-in-fact enterprise through a pattern of racketeering activity (wire fraud, mail fraud, obstruction of justice, and extortion).
2. **Sherman Act & Clayton Act Antitrust Violations:** Collusive market division, trade secret suppression, and unlawful restraint of trade.
3. **Gross Legal Malpractice & Breach of Fiduciary Duty:** Sabotaging active claims, suppressing Easttom forensic reports, and abandoning client files.
4. **Fraudulent Concealment & Constructive Fraud:** Withholding unredacted IOLTA ledgers and escrow wire records to conceal illegal fee siphoning.
5. **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983):** Bad-faith coordination with law enforcement and court officers to manufacture standing, execute improper process, and enforce retaliatory orders.
6. **Common Law Civil Conspiracy & Business Disparagement:** Systemic tortious interference with business relationships and prospective economic advantage.

## VI. PROTECTIVE FIREWALL, COMMINGLED HUD-1 BLEED, & THE ABSOLUTE STANDING SHIELD TO AMEND

### A. The Absolute Standing Shield (Frozen Funds & Judicial Mandate):

On April 25, 2019, in Cause No. PR-2017-00521 (Denton County Probate Court), an *Order Abandoning Claims* was entered. This Order explicitly mandates: *"IT IS FURTHER ORDERED, that any beneficiary of the Jeffrey Alan Vitt Irrevocable Trust is not precluded from individually pursuing the matters abandoned herein."*

This absolute judicial order, combined with the **$646,305.06** in funds frozen in registry and verified on the Denton County transaction detail, is directly linked to the fraudulent escrow disbursements executed across the board. Specifically, the October 30, 2018, Strait Lane HUD-1 Settlement Statement reveals massive, unauthorized capital bleeding: Line 506 reflects an **$80,000.00** unremitted American Express deduction, while Lines 1302–1304 reflect a combined **$37,173.20** in unverified attorney fee payouts disbursed outside authorized constraints directly to opposing probate counsel (**Jack Balderson Jr. / Balderson Law; Jeffrey Tasker / Tasker & Balderson; Scott Bodkin / Bodkin Niehaus Dorris & Jolley**), alongside excessive payouts to court-appointed receivers.

### B. The Proof of Commingling:

The fact that the exact same attorneys and professional actors crossed over between the Denton Probate litigation (Cause No. PR-2017-00521) and the Family Law litigation (Cause No. 16-01374-362) to loot the Strait Lane homestead proceeds and probate registry funds serves as undeniable, concrete proof of the enterprise's forced commingling of assets. This operational reality solidifies Claimant's exclusive and undeniable standing to pursue all claims individually across this federal forum.

**C. Exclusive Legal Authority (Anti-Severance):**

Claimant asserts independent and exclusive legal standing over these claims and trust assets. No outside law firm, state court-appointed receiver, or third-party entity possesses the legal authority or jurisdiction to negotiate, settle, sever, or dismiss any portion of this claim.

**D. Absolute Right to Amend & Procedural Duress:**

Pursuant to Fed. R. Bankr. P. 3001, 7015, and 9014, Claimant reserves the absolute, unassailable right to file Amended Proofs of Claim to re-quantify damage figures, substitute true party names for all "John/Jane Doe" placeholders, and perfect specific counts upon the receipt of Rule 2004 discovery productions.

**E. Jurisdictional Reservation:**

No part of this filing waives Claimant's right to launch independent Adversary Proceedings, seek mandatory withdrawal of reference, enforce prior probate orders, or demand a trial by jury.

**Fill in this information to identify the case:**

Debtor 1 MMA Law Firm, PLLC

Debtor 2 (Spouse, if filing) ____________________

United States Bankruptcy Court for the: Southern District of Texas

Case number 4:24-bk-31596

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Vitt 121, Ltd., and affiliated Entities
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor See Addendum

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ____________________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Jeffrey Alan Vitt (Name) | Jeffrey Alan Vitt (Name) |
| 12791 S. 4230 Road (Number Street) | 12791 S. 4230 Road (Number Street) |
| Chelsea, OK 74016 (City State ZIP Code) | Chelsea, OK 74016 (City State ZIP Code) |
| Contact phone 539-292-9358 | Contact phone 539-292-9358 |
| Contact email justiceiceice@icloud.com | Contact email andajustice4all@icloud.com |

Uniform claim identifier (if you use one): ____________________

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ____________________

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. **How much is the claim?** | $ 25,000,000.00. **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>See Attached Master Omnibus Addendum |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: ____________________<br>**Basis for perfection:** ____________________<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>**Value of property**: $__________<br>**Amount of the claim that is secured:** $__________<br>**Amount of the claim that is unsecured:** $__________(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>**Amount necessary to cure any default as of the date of the petition:** $__________<br>**Annual Interest Rate** (when case was filed)_______%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: ____________________ |

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $__________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $__________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/23/2026
MM / DD / YYYY

Signature [signature]

**Print the name of the person who is completing and signing this claim:**

Name: Jeffrey (First name) Alan (Middle name) Vitt (Last name)

Title: Individual, Founder, President & CEO, Beneficiary & Trustee

Company: Vitt 121, Ltd & Interests
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 12791 S. 4230 Road (Number Street)
Chelsea (City) OK (State) 74016 (ZIP Code)

Contact phone: 539-292-9358 Email: javit2004rule@gmail.com

Print | Save As... | Add Attachment | Reset

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)

**IN RE: MMA LAW FIRM, PLLC, Debtor.**

**CASE NO.: 4:24-bk-31596 (Chapter 11)**

**MASTER OMNIBUS ADDENDUM TO OFFICIAL FORM 410 PROOFS OF CLAIM**
**(** ATTACHED TO AND INCORPORATED INTO CLAIMS 1, 2, AND 3 )

**NOTICE:**

**ASSERTION OF JOINT AND SEVERAL LIABILITY ACROSS ALL DEBTOR**

**PRINCIPALS, CO-CONSPIRATORS, LITIGATION FUNDERS, AND DOE ENTITIES**

## PRELIMINARY STATEMENT: PROCEDURAL DURESS, FRAUDULENT CONCEALMENT, & ABSOLUTE RESERVATION OF RIGHTS

### 1. Pleading Under Severe Procedural Duress & Deceptive Practices:

This Master Omnibus Proof of Claim is filed in good faith as an expansive, uncompromised master framework under severe procedural duress. Due to the Debtor (MMA Law Firm, PLLC), its managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel co-conspirators, and allied state actors continuously refusing to surrender client case files, unredacted IOLTA ledgers, and critical digital forensic telemetry, this claim is submitted with an **ABSOLUTE, UNQUALIFIED RESERVATION OF RIGHTS TO AMEND, SUPPLEMENT, CORRECT, OR RE-QUANTIFY**.

Claimant explicitly preserves the unassailable right under Fed. R. Bankr. P. 3001, 7015, and 9014 to correct any clerical, mathematical, formal, or factual errors; modify or reclassify liquidated versus unliquidated damage figures; substitute true party names; and perfect specific causes of action upon the receipt of Rule 2004 discovery productions to any and all Claimant's interests (including not limited to bank wire metadata, Strait Lane HUD-1 transaction logs, server logs, communications, and third-party litigation funding prospectuses).

The enterprise engaged in systemic deceptive trade practices, fraudulent concealment, and active evidence suppression—including sitting on the Dr. William C. Easttom II digital forensics report for 18 months, engineering unauthorized voluntary dismissals of $100M+ corporate

actions without client consent, manufacturing false standing through compromised state court officers of the courts, and siphoning settlement proceeds behind closed doors.

## I. UNIVERSAL INDIVIDUAL STANDING, DIRECT INSURED-PARTY PRIVITY, AND DUAL-CAPACITY EQUITY OWNERSHIP

**2. Universal Individual Standing Due to Forced Commingling and Direct Insured Status:**

This Master Omnibus Addendum is executed and filed by **Jeffrey Alan Vitt, Individually**, and across all associated capacities. All interests were forcibly commingled, manipulated, and systematically exploited through the combined unethical, unlawful actions of officers of the court government bodies, corrupted court proceedings, court-appointed receivers, and compromised legal representation. Because the enterprise deliberately blurred the legal and financial boundaries between personal, trust, and corporate assets to execute an asset-stripping scheme, Claimant asserts **Universal Individual Standing** across all claims presented herein.

At the absolute minimum, Jeffrey Alan Vitt is included individually in all claims—whether explicitly named or designated as a "John Doe 1" or fictitious entity—Claimant is intrinsically woven into every facet of the economic harm inflicted upon the estate. Furthermore, Claimant appears in the following distinct legal capacities to preserve necessary jurisdictional firewalls:

**3. Direct Insured Party Privity:** For core operating assets and properties—specifically **Vitt 121, LTD.** (4707 State Hwy 121, The Colony, TX) where all entity and operational interests were insured through **Vitt, Inc.** (an S-Corporation, separate from trust corpus)—and for residential/casualty properties including the **Strait Lane** homestead property, **Shadow Wood Ct**, **Libby Lane**, and **Normandy Road**, Jeffrey Alan Vitt was individually the named insured and/or direct contracting party on the underlying property, casualty, and commercial insurance policies. The resulting bad-faith insurance handling, unprosecuted storm claims, and fraudulent payouts directly inflicted severe individual economic injury upon Claimant.

**4. Dual-Capacity Equity Ownership:** In addition to serving as Voting Trustee and Beneficiary of the **Jeffrey Alan Vitt Irrevocable Trusts** and **Pi.314 Irrevocable Trusts**, Claimant independently owns direct equity percentages in the underlying corporate operating entities. As an individual equity holder and primary investor, Claimant holds direct standing to recover diminished corporate value and buy back or protect equity interests compromised by the Debtor's malpractice collusion, conspiring, corrupt and deceptive practices.

**B. Comprehensive Schedule of Filer Capacities & Operating Entities:**

Claimant appears in the following exhaustive list of legal capacities and corporate structures to maintain necessary firewalls while anchoring individual rights:

- **Individually & Crime Victim:** Protecting direct personal economic harm, uncompensated property losses, and constitutional civil rights deprivations under color of law, and personal torts..

- **Voting Trustee & Beneficiary:** For the *Jeffrey Alan Vitt Irrevocable Trusts* and *Pi.314 Irrevocable Trusts, possessing absolute authority over trust corpus and claims*.
- **Founder, President, CEO & Authorized Agent:** On behalf of the complete operating corporate enterprise and subsidiaries, explicitly including:
  - Flu Shots of Texas, LTD.
  - MediAccess Integration Technologies, LTD.
  - PATHCare Medical, LTD.
  - Personalized H20, LTD.
  - Pi.314 Irrevocable Trusts
  - SMG Star Medical Group 2, LLC.
  - Texas Family & Occupational Health Services, LTD.
  - Texas Family & Occupational Health Services I, INC.
  - Vitt 121, LTD.
  - Vitt Health, LLC.
  - Vitt Holdings & Development, LLC.
  - Vitt, INC. (d/b/a Recovery Services of America)
  - Vitt IP Holdings, LLC.
  - Vitt OKTX, LLC.
  - Vitt OK, LP.
  - Vitt TX, LTD.

**C. Broad Fictitious Party & Co-Conspirator Net:**

Pursuant to Federal Rules of Bankruptcy Procedure 7015 and 9014, joint and several liability asserted herein extends to the Debtor, its managing principals (James M. McClenny, John Zachary Moseley), affiliated counsel, litigation funders, and all unnamed, concealed, or successor entities designated as:

- John Does 1 through 1,000 and Jane Does 1 through 1,000 (inclusive but not limited to).
- XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

## II. COMPREHENSIVE FACTUAL NARRATIVE & ENTERPRISE SABOTAGE

### A. The Unbroken Record: Zero Resolved Matter Checks Received

Across more than a decade of aggressive commercial enterprise and litigation, **Claimant individually never cashed a single resolved litigation matter check** under the counsel of MMA, LAJ, or associated attorneys. Settlement proceeds, insurance payouts, and corporate revenues were systematically intercepted, diverted, siphoned into receivership registries, or converted by legal professionals who operated as an enterprise rather than zealous advocates.

**B. Suppression of Digital Forensics & Sabotage of CyberlinkASP/PTS Diagnostics Actions:**

Debtor and affiliated co-conspirators intentionally suppressed, concealed, and subsequently abandoned critical evidentiary assets. Claimant independently identified, retained, funded, and delivered the comprehensive digital forensics investigation conducted by Dr. William C. Easttom II. This forensic evidence proved a massive data breach alignment to CyberlinkASP cloud servers, wherein 130+ emails containing confidential attachments, bank credentials, and attorney-client privileged files were illegally exfiltrated.

Despite possessing this critical evidence (and internally documenting the strategy via a June 21, 2018, MMA email from Ben Baker), Debtor sat on it for 18 months. Only after Claimant independently reported the crimes to the FBI (Dallas HQ) did MMA file the state court action against CyberlinkASP (Rogers County District Court, Case No. CJ-2018-205, filed May 24, 2018). MMA then quickly and voluntarily dismissed the action on October 10, 2018, without valid legal reasoning, client authorization, or consent. McClenny explicitly valued this specific litigation at **$100,000,000.00**.

Simultaneously, Debtor actively sabotaged the **$200,000,000.00** PTS Diagnostics trade secret and DTPA action (involving copyrighted software, Sinocare, Abbey Merger Sub, Inc., and possibly Huawei Technologies), converting client corporate assets into private leverage for third-party litigation financing (i.e. specifically utilizing Equal Access Justice Fund, LP / B.E. Blank) rather than prosecuting the claims for Claimant.

**C. The Comprehensive MMA Representation Matrix (Filed and Unfiled Causes):**

Debtor (acting primarily through James McClenny) maintained a systemic, overlapping, and comprehensive scope of representation across Claimant's legal matrix. MMA's internal tracking documents explicitly categorized Claimant's commercial actions under "RICO," "Conspiracy to Defraud," and compared the intellectual property theft to *"Winklevoss vs. Facebook"*. Debtor intentionally bottlenecked, stalled, failed to file, or outright abandoned the following actionable claims:

1. **Vitt 121, Ltd. (Denton County / The Colony):** 4707 State Hwy 121. Claim against Farmers Insurance for 2015 ice/rain storm damage.
2. **General Star Insurance (Berkshire Hathaway):** Roof damage during the sale transition from Robert M. Farrell Development, Ltd. Claim and settlement proceeds suppressed and undisclosed.
3. **Vitt TX, Ltd. (Dallas County / Grand Prairie):** 2010 Libby Lane. Filed August 2, 2017 (Cause No. DC-17-09402, 101st District Court) against Farmers Insurance and Powerjack Foundation Repair.
4. **Vitt TX, Ltd. (Tarrant County / Arlington):** 2702 Shadow Wood Ct. Claim against Farmers Insurance for 2015 storm damage.
5. **Vitt TX, Ltd. (Tarrant County / Fort Worth):** 7240 Normandy Road. Claim identified and retained by MMA but intentionally never filed, allowing limitations to expire.

6. **Tenant Casualty Claim:** Unprosecuted claim regarding a garage ceiling collapse onto a tenant's automobile.
7. **Criminal Policy / E&O Case:** Action against Bill David and TIG Insurance Company for a $65,000 fraudulent check conversion.
8. **Powerjack E&O Case:** Action against Powerjack based on warranty documents and 2015 Farmers claim assignments.
9. **Retaliation Eviction:** Action accepted against JSC Realty and Landlord for retaliatory property eviction practices at 2300 Valley View Lane.

**D. Intentional Abandonment of Property Assets:**

Debtor intentionally stalled or refused to prosecute high-value property damage and bad-faith insurance claims to resolution, paralyzing specific corporate assets including 4707 State Hwy 121 (Vitt 121, Ltd. vs. Farmers/General Star), 2010 Libby Lane (Vitt TX, Ltd. vs. Farmers/Powerjack), 2702 Shadow Wood Ct, 7240 Normandy Rd, and the $65,000 fraudulent check conversion (Bill David / TIG).

**E. The "Duplicative Litigation" Matrix: Seven Unbroken Appellate Chain-Reactions:**

The harm inflicted by Debtor and interconnected actors spans multiple trial courts and fans out across at least seven (7) specific appellate actions, establishing an unbroken chain of legal abuse:

1. **The Family Law & Property Track:** Denton District Court (16-01374-362) **– >** Second Court of Appeals (02-17-00214-CV) **– >** Fifth Court of Appeals (05-17-00828-CV) **– >** Second Court of Appeals (02-23-00308-CV) – > **Texas Supreme Court (24-0583)**.
2. **The Probate & Asset Liquidation Track:** Denton County Probate Court (PR-2017-00521) **– >** Second Court of Appeals (02-23-00452-CV) **– > Texas Supreme Court (24-0594)**.
3. **The Intervenor / Sabotage Track (Vitt v. Jacobs / LAJ):** Denton & Dallas District Court (19-4770-367; DC-19-08160) **– >** Fifth Court of Appeals (05-22-01240-CV) **– > Texas Supreme Court (24-0736)**.

**F. Egregious Attorney Conflicts of Interest (The LAJ Matrix):**

Luwalhati Admana "Lynn" Johnson (LAJ), acting concurrently with the broader enterprise, intentionally compromised Claimant's legal standing after being paid substantial legal fees ($50,000 aggregate, including $15,000 cash deposited directly into her credit union account for the 2017 divorce appeal). LAJ obtained privileged strategic information and weaponized it by intervening *against* her own client across eleven (11) specific trial and appellate dockets:

1. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
2. Vitt (LAJ) Vs Vitt Family Law # 16-01374-362
3. Vitt (LAJ) Vs Vitt FLMM Appeal #05-17-00828-CV
4. Vitt (LAJ) Vs Vitt Probate # PR-17-00521
5. Sanofi Vs Vitt Paid LAJ - No Legal Rep Effort # DC-17-00470

6. McKesson Vs Vitt Paid LAJ - No Legal Rep Effort # DC-18-02981
7. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
8. LAJ Intervening Vs Vitt 121, Ltd Vs RM Farrell # DC-17-16791
9. LAJ Intervening Vs Vitt Vs Jacobs # 19-4770-367
10. LAJ Intervening Vs Vitt Vs Jacobs # DC-19-08160
11. LAJ Intervening Vs Vitt Vs Jacobs - LAJ Vs Appeal #05-22-01240-CV

## III. MANDATE OF JOINT AND SEVERAL LIABILITY

IT IS HEREBY EXPRESSLY ASSERTED AND STATED that the Debtor (MMA Law Firm, PLLC), its past and present managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel, other parties of interests (i.e. including but not limited to Ben Baker, Luwalhati "Lynn" Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, Willam Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, ), litigation funders (i.e., EAJF ESQ Fund, LP / B.E. Blank), state actors, and all designated John/Jane Doe (1-1,000) and XYZ/ABC corporate entities are JOINTLY AND SEVERALLY LIABLE for the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3. Claimant is not required to parse or pro-rate damages among co-conspirators; each member of the enterprise is fully responsible for the aggregate harm inflicted.

## IV. THREE-PART OMNIBUS CLAIM STRUCTURE & DAMAGE MATRIX

To preserve legal firewalls while simultaneously maintaining Claimant's universal individual standing across all entities and interests, damages are allocated across three distinct Official Form 410 packages:

| **Claim** | **Primary Creditor / Filer** | **Baseline Damage** | **Fundamental Legal Basis** |
|---|---|---|---|
| **Claim 1 (Trust Anchor)** | Jeffrey Alan Vitt, Individually; Founder, president, CEO of Vitt, Inc.; and as Beneficiary & Trustee of | **$646,305.06** (Fixed / Liquidated Baseline Floor) | Conversion, Breach of Fiduciary Duty, Misappropriation of Registry Funds if paid. Supported by trapped funds in Denton Bifurcated, Duplication Litigation of Probate Cause No. PR-2017-00521 and Family Law Cause No. |

| | | | |
|---|---|---|---|
| | JAVIT, Pi3.14IT | | 16-01374-362 –Oct. 30, 2018 HUD-1 Settlement Statement. |
| **Claim 2 (Operating Subsidiaries)** | Vitt 121, Ltd., Vitt TX, Vitt OK, PATHCare Medical, Ltd., Flu Shots of Texas, Ltd., Vitt, Inc.,, MediAccess Integrated Technologies, Ltd.; et al. | **$25,000,000.00** (Unliquidated Placeholder / Property Loss) | Legal Malpractice, Breach of Contract, Sabotaged Insurance Claims (Farmers, Gen Star, Guard), allowing unchallenged foreclosures and asset degradation. |
| **Claim 3 (Enterprise RICO)** | Jeffrey Alan Vitt, Individually & Rep. Doe / XYZ Entities | **$325,000,000.00+** (Unliquidated Statutory / Treble / Punitive) | Civil RICO (18 U.S.C. § 1962), Sherman Act, Corporate Espionage, Civil Conspiracy. Anchored by suppression of the $300M+ CyberlinkASP/PTS valuations. |

## V. CAUSES OF ACTION ASSERTED

The Debtor, alongside co-conspirators, own and opposing counsel (including not limited to LAJ, Jack Balderson Jr., Tasker & Balderson, KoonsFuller), litigation funders (i.e. EAJF ESQ Fund, LP / B.E. Blank), and state actors, is **jointly and severally liable** under the following causes of action:

1. **Civil RICO (18 U.S.C. § 1962(c) & (d)):** Participating in and conspiring to conduct an association-in-fact enterprise through a pattern of racketeering activity (wire fraud, mail fraud, obstruction of justice, and extortion).
2. **Sherman Act & Clayton Act Antitrust Violations:** Collusive market division, trade secret suppression, and unlawful restraint of trade.
3. **Gross Legal Malpractice & Breach of Fiduciary Duty:** Sabotaging active claims, suppressing Easttom forensic reports, and abandoning client files.
4. **Fraudulent Concealment & Constructive Fraud:** Withholding unredacted IOLTA ledgers and escrow wire records to conceal illegal fee siphoning.
5. **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983):** Bad-faith coordination with law enforcement and court officers to manufacture standing, execute improper process, and enforce retaliatory orders.
6. **Common Law Civil Conspiracy & Business Disparagement:** Systemic tortious interference with business relationships and prospective economic advantage.

## VI. PROTECTIVE FIREWALL, COMMINGLED HUD-1 BLEED, & THE ABSOLUTE STANDING SHIELD TO AMEND

### A. The Absolute Standing Shield (Frozen Funds & Judicial Mandate):

On April 25, 2019, in Cause No. PR-2017-00521 (Denton County Probate Court), an *Order Abandoning Claims* was entered. This Order explicitly mandates: *"IT IS FURTHER ORDERED, that any beneficiary of the Jeffrey Alan Vitt Irrevocable Trust is not precluded from individually pursuing the matters abandoned herein."*

This absolute judicial order, combined with the **$646,305.06** in funds frozen in registry and verified on the Denton County transaction detail, is directly linked to the fraudulent escrow disbursements executed across the board. Specifically, the October 30, 2018, Strait Lane HUD-1 Settlement Statement reveals massive, unauthorized capital bleeding: Line 506 reflects an **$80,000.00** unremitted American Express deduction, while Lines 1302–1304 reflect a combined **$37,173.20** in unverified attorney fee payouts disbursed outside authorized constraints directly to opposing probate counsel (**Jack Balderson Jr. / Balderson Law; Jeffrey Tasker / Tasker & Balderson; Scott Bodkin / Bodkin Niehaus Dorris & Jolley**), alongside excessive payouts to court-appointed receivers.

### B. The Proof of Commingling:

The fact that the exact same attorneys and professional actors crossed over between the Denton Probate litigation (Cause No. PR-2017-00521) and the Family Law litigation (Cause No. 16-01374-362) to loot the Strait Lane homestead proceeds and probate registry funds serves as undeniable, concrete proof of the enterprise's forced commingling of assets. This operational reality solidifies Claimant's exclusive and undeniable standing to pursue all claims individually across this federal forum.

**C. Exclusive Legal Authority (Anti-Severance):**

Claimant asserts independent and exclusive legal standing over these claims and trust assets. No outside law firm, state court-appointed receiver, or third-party entity possesses the legal authority or jurisdiction to negotiate, settle, sever, or dismiss any portion of this claim.

**D. Absolute Right to Amend & Procedural Duress:**

Pursuant to Fed. R. Bankr. P. 3001, 7015, and 9014, Claimant reserves the absolute, unassailable right to file Amended Proofs of Claim to re-quantify damage figures, substitute true party names for all "John/Jane Doe" placeholders, and perfect specific counts upon the receipt of Rule 2004 discovery productions.

**E. Jurisdictional Reservation:**

No part of this filing waives Claimant's right to launch independent Adversary Proceedings, seek mandatory withdrawal of reference, enforce prior probate orders, or demand a trial by jury.

**Fill in this information to identify the case:**

Debtor 1 MMA Law Firm, PLLC

Debtor 2 (Spouse, if filing) ______

United States Bankruptcy Court for the: Southern District of Texas

Case number 4:24-bk-31596

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Vitt 121, Ltd., and affiliated Entities
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: See Addendum

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name: Jeffrey Alan Vitt | Name: Jeffrey Alan Vitt |
| Number Street: 12791 S. 4230 Road | Number Street: 12791 S. 4230 Road |
| City State ZIP Code: Chelsea, OK 74016 | City State ZIP Code: Chelsea, OK 74016 |
| Contact phone: 539-292-9358 | Contact phone: 539-292-9358 |
| Contact email: justiceiceice@icloud.com | Contact email: andajustice4all@icloud.com |

Uniform claim identifier (if you use one): ______

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

- ☑ No
- ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 25,000,000.00. **Does this amount include interest or other charges?**

- ☑ No
- ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Attached Master Omnibus Addendum

**9. Is all or part of the claim secured?**

- ☑ No
- ☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

- ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
- ☐ Motor vehicle
- ☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

- ☐ Fixed
- ☐ Variable

**10. Is this claim based on a lease?**

- ☑ No
- ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

- ☑ No
- ☐ Yes. Identify the property: ____________________

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/23/2026
MM / DD / YYYY



Signature

**Print the name of the person who is completing and signing this claim:**

Name: Jeffrey (First name) Alan (Middle name) Vitt (Last name)

Title: Individual, Founder, President & CEO, Beneficiary & Trustee

Company: Vitt 121, Ltd & Interests
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 12791 S. 4230 Road (Number Street)
Chelsea (City) OK (State) 74016 (ZIP Code)

Contact phone: 539-292-9358 Email: javit2004rule@gmail.com

Print | Save As... | Add Attachment | Reset

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)

**IN RE: MMA LAW FIRM, PLLC, Debtor.**

**CASE NO.: 4:24-bk-31596 (Chapter 11)**

**MASTER OMNIBUS ADDENDUM TO OFFICIAL FORM 410 PROOFS OF CLAIM**
**(** ATTACHED TO AND INCORPORATED INTO CLAIMS 1, 2, AND 3 )

**NOTICE:**

**ASSERTION OF JOINT AND SEVERAL LIABILITY ACROSS ALL DEBTOR**

**PRINCIPALS, CO-CONSPIRATORS, LITIGATION FUNDERS, AND DOE ENTITIES**

## PRELIMINARY STATEMENT: PROCEDURAL DURESS, FRAUDULENT CONCEALMENT, & ABSOLUTE RESERVATION OF RIGHTS

**1. Pleading Under Severe Procedural Duress & Deceptive Practices:**

This Master Omnibus Proof of Claim is filed in good faith as an expansive, uncompromised master framework under severe procedural duress. Due to the Debtor (MMA Law Firm, PLLC), its managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel co-conspirators, and allied state actors continuously refusing to surrender client case files, unredacted IOLTA ledgers, and critical digital forensic telemetry, this claim is submitted with an **ABSOLUTE, UNQUALIFIED RESERVATION OF RIGHTS TO AMEND, SUPPLEMENT, CORRECT, OR RE-QUANTIFY**.

Claimant explicitly preserves the unassailable right under Fed. R. Bankr. P. 3001, 7015, and 9014 to correct any clerical, mathematical, formal, or factual errors; modify or reclassify liquidated versus unliquidated damage figures; substitute true party names; and perfect specific causes of action upon the receipt of Rule 2004 discovery productions to any and all Claimant's interests (including not limited to bank wire metadata, Strait Lane HUD-1 transaction logs, server logs, communications, and third-party litigation funding prospectuses).

The enterprise engaged in systemic deceptive trade practices, fraudulent concealment, and active evidence suppression—including sitting on the Dr. William C. Easttom II digital forensics report for 18 months, engineering unauthorized voluntary dismissals of $100M+ corporate

actions without client consent, manufacturing false standing through compromised state court officers of the courts, and siphoning settlement proceeds behind closed doors.

## I. UNIVERSAL INDIVIDUAL STANDING, DIRECT INSURED-PARTY PRIVITY, AND DUAL-CAPACITY EQUITY OWNERSHIP

**2. Universal Individual Standing Due to Forced Commingling and Direct Insured Status:**

This Master Omnibus Addendum is executed and filed by **Jeffrey Alan Vitt, Individually**, and across all associated capacities. All interests were forcibly commingled, manipulated, and systematically exploited through the combined unethical, unlawful actions of officers of the court government bodies, corrupted court proceedings, court-appointed receivers, and compromised legal representation. Because the enterprise deliberately blurred the legal and financial boundaries between personal, trust, and corporate assets to execute an asset-stripping scheme, Claimant asserts **Universal Individual Standing** across all claims presented herein.

At the absolute minimum, Jeffrey Alan Vitt is included individually in all claims—whether explicitly named or designated as a "John Doe 1" or fictitious entity—Claimant is intrinsically woven into every facet of the economic harm inflicted upon the estate. Furthermore, Claimant appears in the following distinct legal capacities to preserve necessary jurisdictional firewalls:

**3. Direct Insured Party Privity:** For core operating assets and properties—specifically **Vitt 121, LTD.** (4707 State Hwy 121, The Colony, TX) where all entity and operational interests were insured through **Vitt, Inc.** (an S-Corporation, separate from trust corpus)—and for residential/casualty properties including the **Strait Lane** homestead property, **Shadow Wood Ct**, **Libby Lane**, and **Normandy Road**, Jeffrey Alan Vitt was individually the named insured and/or direct contracting party on the underlying property, casualty, and commercial insurance policies. The resulting bad-faith insurance handling, unprosecuted storm claims, and fraudulent payouts directly inflicted severe individual economic injury upon Claimant.

**4. Dual-Capacity Equity Ownership:** In addition to serving as Voting Trustee and Beneficiary of the **Jeffrey Alan Vitt Irrevocable Trusts** and **Pi.314 Irrevocable Trusts**, Claimant independently owns direct equity percentages in the underlying corporate operating entities. As an individual equity holder and primary investor, Claimant holds direct standing to recover diminished corporate value and buy back or protect equity interests compromised by the Debtor's malpractice collusion, conspiring, corrupt and deceptive practices.

**B. Comprehensive Schedule of Filer Capacities & Operating Entities:**

Claimant appears in the following exhaustive list of legal capacities and corporate structures to maintain necessary firewalls while anchoring individual rights:

- **Individually & Crime Victim:** Protecting direct personal economic harm, uncompensated property losses, and constitutional civil rights deprivations under color of law, and personal torts..

- **Voting Trustee & Beneficiary:** For the *Jeffrey Alan Vitt Irrevocable Trusts* and *Pi.314 Irrevocable Trusts, possessing absolute authority over trust corpus and claims*.
- **Founder, President, CEO & Authorized Agent:** On behalf of the complete operating corporate enterprise and subsidiaries, explicitly including:
    - Flu Shots of Texas, LTD.
    - MediAccess Integration Technologies, LTD.
    - PATHCare Medical, LTD.
    - Personalized H20, LTD.
    - Pi.314 Irrevocable Trusts
    - SMG Star Medical Group 2, LLC.
    - Texas Family & Occupational Health Services, LTD.
    - Texas Family & Occupational Health Services I, INC.
    - Vitt 121, LTD.
    - Vitt Health, LLC.
    - Vitt Holdings & Development, LLC.
    - Vitt, INC. (d/b/a Recovery Services of America)
    - Vitt IP Holdings, LLC.
    - Vitt OKTX, LLC.
    - Vitt OK, LP.
    - Vitt TX, LTD.

**C. Broad Fictitious Party & Co-Conspirator Net:**

Pursuant to Federal Rules of Bankruptcy Procedure 7015 and 9014, joint and several liability asserted herein extends to the Debtor, its managing principals (James M. McClenny, John Zachary Moseley), affiliated counsel, litigation funders, and all unnamed, concealed, or successor entities designated as:

- John Does 1 through 1,000 and Jane Does 1 through 1,000 (inclusive but not limited to).
- XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

## II. COMPREHENSIVE FACTUAL NARRATIVE & ENTERPRISE SABOTAGE

### A. The Unbroken Record: Zero Resolved Matter Checks Received

Across more than a decade of aggressive commercial enterprise and litigation, **Claimant individually never cashed a single resolved litigation matter check** under the counsel of MMA, LAJ, or associated attorneys. Settlement proceeds, insurance payouts, and corporate revenues were systematically intercepted, diverted, siphoned into receivership registries, or converted by legal professionals who operated as an enterprise rather than zealous advocates.

**B. Suppression of Digital Forensics & Sabotage of CyberlinkASP/PTS Diagnostics Actions:**

Debtor and affiliated co-conspirators intentionally suppressed, concealed, and subsequently abandoned critical evidentiary assets. Claimant independently identified, retained, funded, and delivered the comprehensive digital forensics investigation conducted by Dr. William C. Easttom II. This forensic evidence proved a massive data breach alignment to CyberlinkASP cloud servers, wherein 130+ emails containing confidential attachments, bank credentials, and attorney-client privileged files were illegally exfiltrated.

Despite possessing this critical evidence (and internally documenting the strategy via a June 21, 2018, MMA email from Ben Baker), Debtor sat on it for 18 months. Only after Claimant independently reported the crimes to the FBI (Dallas HQ) did MMA file the state court action against CyberlinkASP (Rogers County District Court, Case No. CJ-2018-205, filed May 24, 2018). MMA then quickly and voluntarily dismissed the action on October 10, 2018, without valid legal reasoning, client authorization, or consent. McClenny explicitly valued this specific litigation at **$100,000,000.00**.

Simultaneously, Debtor actively sabotaged the **$200,000,000.00** PTS Diagnostics trade secret and DTPA action (involving copyrighted software, Sinocare, Abbey Merger Sub, Inc., and possibly Huawei Technologies), converting client corporate assets into private leverage for third-party litigation financing (i.e. specifically utilizing Equal Access Justice Fund, LP / B.E. Blank) rather than prosecuting the claims for Claimant.

**C. The Comprehensive MMA Representation Matrix (Filed and Unfiled Causes):**

Debtor (acting primarily through James McClenny) maintained a systemic, overlapping, and comprehensive scope of representation across Claimant's legal matrix. MMA's internal tracking documents explicitly categorized Claimant's commercial actions under "RICO," "Conspiracy to Defraud," and compared the intellectual property theft to *"Winklevoss vs. Facebook"*. Debtor intentionally bottlenecked, stalled, failed to file, or outright abandoned the following actionable claims:

1. **Vitt 121, Ltd. (Denton County / The Colony):** 4707 State Hwy 121. Claim against Farmers Insurance for 2015 ice/rain storm damage.
2. **General Star Insurance (Berkshire Hathaway):** Roof damage during the sale transition from Robert M. Farrell Development, Ltd. Claim and settlement proceeds suppressed and undisclosed.
3. **Vitt TX, Ltd. (Dallas County / Grand Prairie):** 2010 Libby Lane. Filed August 2, 2017 (Cause No. DC-17-09402, 101st District Court) against Farmers Insurance and Powerjack Foundation Repair.
4. **Vitt TX, Ltd. (Tarrant County / Arlington):** 2702 Shadow Wood Ct. Claim against Farmers Insurance for 2015 storm damage.
5. **Vitt TX, Ltd. (Tarrant County / Fort Worth):** 7240 Normandy Road. Claim identified and retained by MMA but intentionally never filed, allowing limitations to expire.

6. **Tenant Casualty Claim:** Unprosecuted claim regarding a garage ceiling collapse onto a tenant's automobile.
7. **Criminal Policy / E&O Case:** Action against Bill David and TIG Insurance Company for a $65,000 fraudulent check conversion.
8. **Powerjack E&O Case:** Action against Powerjack based on warranty documents and 2015 Farmers claim assignments.
9. **Retaliation Eviction:** Action accepted against JSC Realty and Landlord for retaliatory property eviction practices at 2300 Valley View Lane.

**D. Intentional Abandonment of Property Assets:**

Debtor intentionally stalled or refused to prosecute high-value property damage and bad-faith insurance claims to resolution, paralyzing specific corporate assets including 4707 State Hwy 121 (Vitt 121, Ltd. vs. Farmers/General Star), 2010 Libby Lane (Vitt TX, Ltd. vs. Farmers/Powerjack), 2702 Shadow Wood Ct, 7240 Normandy Rd, and the $65,000 fraudulent check conversion (Bill David / TIG).

**E. The "Duplicative Litigation" Matrix: Seven Unbroken Appellate Chain-Reactions:**

The harm inflicted by Debtor and interconnected actors spans multiple trial courts and fans out across at least seven (7) specific appellate actions, establishing an unbroken chain of legal abuse:

1. **The Family Law & Property Track:** Denton District Court (16-01374-362) **– >** Second Court of Appeals (02-17-00214-CV) **– >** Fifth Court of Appeals (05-17-00828-CV) **– >** Second Court of Appeals (02-23-00308-CV) – > **Texas Supreme Court (24-0583)**.
2. **The Probate & Asset Liquidation Track:** Denton County Probate Court (PR-2017-00521) **– >** Second Court of Appeals (02-23-00452-CV) **– > Texas Supreme Court (24-0594)**.
3. **The Intervenor / Sabotage Track (Vitt v. Jacobs / LAJ):** Denton & Dallas District Court (19-4770-367; DC-19-08160) **– >** Fifth Court of Appeals (05-22-01240-CV) **– > Texas Supreme Court (24-0736)**.

**F. Egregious Attorney Conflicts of Interest (The LAJ Matrix):**

Luwalhati Admana "Lynn" Johnson (LAJ), acting concurrently with the broader enterprise, intentionally compromised Claimant's legal standing after being paid substantial legal fees ($50,000 aggregate, including $15,000 cash deposited directly into her credit union account for the 2017 divorce appeal). LAJ obtained privileged strategic information and weaponized it by intervening *against* her own client across eleven (11) specific trial and appellate dockets:

1. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
2. Vitt (LAJ) Vs Vitt Family Law # 16-01374-362
3. Vitt (LAJ) Vs Vitt FLMM Appeal #05-17-00828-CV
4. Vitt (LAJ) Vs Vitt Probate # PR-17-00521
5. Sanofi Vs Vitt Paid LAJ - No Legal Rep Effort # DC-17-00470

6. McKesson Vs Vitt Paid LAJ - No Legal Rep Effort # DC-18-02981
7. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
8. LAJ Intervening Vs Vitt 121, Ltd Vs RM Farrell # DC-17-16791
9. LAJ Intervening Vs Vitt Vs Jacobs # 19-4770-367
10. LAJ Intervening Vs Vitt Vs Jacobs # DC-19-08160
11. LAJ Intervening Vs Vitt Vs Jacobs - LAJ Vs Appeal #05-22-01240-CV

## III. MANDATE OF JOINT AND SEVERAL LIABILITY

IT IS HEREBY EXPRESSLY ASSERTED AND STATED that the Debtor (MMA Law Firm, PLLC), its past and present managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel, other parties of interests (i.e. including but not limited to Ben Baker, Luwalhati "Lynn" Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, Willam Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, ), litigation funders (i.e., EAJF ESQ Fund, LP / B.E. Blank), state actors, and all designated John/Jane Doe (1-1,000) and XYZ/ABC corporate entities are JOINTLY AND SEVERALLY LIABLE for the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3. Claimant is not required to parse or pro-rate damages among co-conspirators; each member of the enterprise is fully responsible for the aggregate harm inflicted.

## IV. THREE-PART OMNIBUS CLAIM STRUCTURE & DAMAGE MATRIX

To preserve legal firewalls while simultaneously maintaining Claimant's universal individual standing across all entities and interests, damages are allocated across three distinct Official Form 410 packages:

| **Claim** | **Primary Creditor / Filer** | **Baseline Damage** | **Fundamental Legal Basis** |
|---|---|---|---|
| **Claim 1 (Trust Anchor)** | Jeffrey Alan Vitt, Individually; Founder, president, CEO of Vitt, Inc.; and as Beneficiary & Trustee of | **$646,305.06** (Fixed / Liquidated Baseline Floor) | Conversion, Breach of Fiduciary Duty, Misappropriation of Registry Funds if paid. Supported by trapped funds in Denton Bifurcated, Duplication Litigation of Probate Cause No. PR-2017-00521 and Family Law Cause No. |

| | | | |
|---|---|---|---|
| | JAVIT, Pi3.14IT | | 16-01374-362 –Oct. 30, 2018 HUD-1 Settlement Statement. |
| **Claim 2 (Operating Subsidiaries)** | Vitt 121, Ltd., Vitt TX, Vitt OK, PATHCare Medical, Ltd., Flu Shots of Texas, Ltd., Vitt, Inc.,, MediAccess Integrated Technologies, Ltd.; et al. | **$25,000,000.00** (Unliquidated Placeholder / Property Loss) | Legal Malpractice, Breach of Contract, Sabotaged Insurance Claims (Farmers, Gen Star, Guard), allowing unchallenged foreclosures and asset degradation. |
| **Claim 3 (Enterprise RICO)** | Jeffrey Alan Vitt, Individually & Rep. Doe / XYZ Entities | **$325,000,000.00+** (Unliquidated Statutory / Treble / Punitive) | Civil RICO (18 U.S.C. § 1962), Sherman Act, Corporate Espionage, Civil Conspiracy. Anchored by suppression of the $300M+ CyberlinkASP/PTS valuations. |

## V. CAUSES OF ACTION ASSERTED

The Debtor, alongside co-conspirators, own and opposing counsel (including not limited to LAJ, Jack Balderson Jr., Tasker & Balderson, KoonsFuller), litigation funders (i.e. EAJF ESQ Fund, LP / B.E. Blank), and state actors, is **jointly and severally liable** under the following causes of action:

1. **Civil RICO (18 U.S.C. § 1962(c) & (d)):** Participating in and conspiring to conduct an association-in-fact enterprise through a pattern of racketeering activity (wire fraud, mail fraud, obstruction of justice, and extortion).
2. **Sherman Act & Clayton Act Antitrust Violations:** Collusive market division, trade secret suppression, and unlawful restraint of trade.
3. **Gross Legal Malpractice & Breach of Fiduciary Duty:** Sabotaging active claims, suppressing Easttom forensic reports, and abandoning client files.
4. **Fraudulent Concealment & Constructive Fraud:** Withholding unredacted IOLTA ledgers and escrow wire records to conceal illegal fee siphoning.
5. **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983):** Bad-faith coordination with law enforcement and court officers to manufacture standing, execute improper process, and enforce retaliatory orders.
6. **Common Law Civil Conspiracy & Business Disparagement:** Systemic tortious interference with business relationships and prospective economic advantage.

## VI. PROTECTIVE FIREWALL, COMMINGLED HUD-1 BLEED, & THE ABSOLUTE STANDING SHIELD TO AMEND

### A. The Absolute Standing Shield (Frozen Funds & Judicial Mandate):

On April 25, 2019, in Cause No. PR-2017-00521 (Denton County Probate Court), an *Order Abandoning Claims* was entered. This Order explicitly mandates: *"IT IS FURTHER ORDERED, that any beneficiary of the Jeffrey Alan Vitt Irrevocable Trust is not precluded from individually pursuing the matters abandoned herein."*

This absolute judicial order, combined with the **$646,305.06** in funds frozen in registry and verified on the Denton County transaction detail, is directly linked to the fraudulent escrow disbursements executed across the board. Specifically, the October 30, 2018, Strait Lane HUD-1 Settlement Statement reveals massive, unauthorized capital bleeding: Line 506 reflects an **$80,000.00** unremitted American Express deduction, while Lines 1302–1304 reflect a combined **$37,173.20** in unverified attorney fee payouts disbursed outside authorized constraints directly to opposing probate counsel (**Jack Balderson Jr. / Balderson Law; Jeffrey Tasker / Tasker & Balderson; Scott Bodkin / Bodkin Niehaus Dorris & Jolley**), alongside excessive payouts to court-appointed receivers.

### B. The Proof of Commingling:

The fact that the exact same attorneys and professional actors crossed over between the Denton Probate litigation (Cause No. PR-2017-00521) and the Family Law litigation (Cause No. 16-01374-362) to loot the Strait Lane homestead proceeds and probate registry funds serves as undeniable, concrete proof of the enterprise's forced commingling of assets. This operational reality solidifies Claimant's exclusive and undeniable standing to pursue all claims individually across this federal forum.

**C. Exclusive Legal Authority (Anti-Severance):**

Claimant asserts independent and exclusive legal standing over these claims and trust assets. No outside law firm, state court-appointed receiver, or third-party entity possesses the legal authority or jurisdiction to negotiate, settle, sever, or dismiss any portion of this claim.

**D. Absolute Right to Amend & Procedural Duress:**

Pursuant to Fed. R. Bankr. P. 3001, 7015, and 9014, Claimant reserves the absolute, unassailable right to file Amended Proofs of Claim to re-quantify damage figures, substitute true party names for all "John/Jane Doe" placeholders, and perfect specific counts upon the receipt of Rule 2004 discovery productions.

**E. Jurisdictional Reservation:**

No part of this filing waives Claimant's right to launch independent Adversary Proceedings, seek mandatory withdrawal of reference, enforce prior probate orders, or demand a trial by jury.

**Fill in this information to identify the case:**

Debtor 1 MMA Law Firm, PLLC

Debtor 2 ______
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of Texas

Case number 4:24-bk-31596

Official Form 410

# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Jeffrey Alan Vitt, Individually and as person of Interests Representing "Doe" and XYZ Corp
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor See Addendum

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Jeffrey Alan Vitt<br>Name | Jeffrey Alan Vitt<br>Name |
| 12791 S. 4230 Road<br>Number Street | 12791 S. 4230 Road<br>Number Street |
| Chelsea, OK 74016<br>City State ZIP Code | Chelsea, OK 74016<br>City State ZIP Code |
| Contact phone 539-292-9358 | Contact phone 539-292-9358 |
| Contact email justiceiceice@icloud.com | Contact email andajustice4all@icloud.com |

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. **How much is the claim?** | $ 325000000.00. **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>See Attached Master Omnibus Addendum |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: ____________<br>**Basis for perfection:** ____________<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>**Value of property**: $__________<br>**Amount of the claim that is secured:** $__________<br>**Amount of the claim that is unsecured:** $__________(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>**Amount necessary to cure any default as of the date of the petition:** $__________<br>**Annual Interest Rate** (when case was filed)_______%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: ____________ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $__________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $__________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/21/2026
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Jeffrey (First name) Alan (Middle name) Vitt (Last name)

Title: Individual, Founder, President & CEO, Beneficiary & Trustee

Company: Jeffrey Alan Vitt Irrevocable Trusts, All Entities, Individual, All Interests
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 12791 S. 4230 Road (Number Street)
Chelsea (City) OK (State) 74016 (ZIP Code)

Contact phone: 539-292-9358 Email: javit2004rule@gmail.com

Print | Save As... | Add Attachment | Reset

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)

**IN RE: MMA LAW FIRM, PLLC, Debtor.**

**CASE NO.: 4:24-bk-31596 (Chapter 11)**

**MASTER OMNIBUS ADDENDUM TO OFFICIAL FORM 410 PROOFS OF CLAIM**
**(** ATTACHED TO AND INCORPORATED INTO CLAIMS 1, 2, AND 3 )

**NOTICE**:

**ASSERTION OF JOINT AND SEVERAL LIABILITY ACROSS ALL DEBTOR**

**PRINCIPALS, CO-CONSPIRATORS, LITIGATION FUNDERS, AND DOE ENTITIES**

## PRELIMINARY STATEMENT: PROCEDURAL DURESS, FRAUDULENT CONCEALMENT, & ABSOLUTE RESERVATION OF RIGHTS

### 1. Pleading Under Severe Procedural Duress & Deceptive Practices:

This Master Omnibus Proof of Claim is filed in good faith as an expansive, uncompromised master framework under severe procedural duress. Due to the Debtor (MMA Law Firm, PLLC), its managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel co-conspirators, and allied state actors continuously refusing to surrender client case files, unredacted IOLTA ledgers, and critical digital forensic telemetry, this claim is submitted with an **ABSOLUTE, UNQUALIFIED RESERVATION OF RIGHTS TO AMEND, SUPPLEMENT, CORRECT, OR RE-QUANTIFY**.

Claimant explicitly preserves the unassailable right under Fed. R. Bankr. P. 3001, 7015, and 9014 to correct any clerical, mathematical, formal, or factual errors; modify or reclassify liquidated versus unliquidated damage figures; substitute true party names; and perfect specific causes of action upon the receipt of Rule 2004 discovery productions to any and all Claimant's interests (including not limited to bank wire metadata, Strait Lane HUD-1 transaction logs, server logs, communications, and third-party litigation funding prospectuses).

The enterprise engaged in systemic deceptive trade practices, fraudulent concealment, and active evidence suppression—including sitting on the Dr. William C. Easttom II digital forensics report for 18 months, engineering unauthorized voluntary dismissals of $100M+ corporate

actions without client consent, manufacturing false standing through compromised state court officers of the courts, and siphoning settlement proceeds behind closed doors.

## I. UNIVERSAL INDIVIDUAL STANDING, DIRECT INSURED-PARTY PRIVITY, AND DUAL-CAPACITY EQUITY OWNERSHIP

**2. Universal Individual Standing Due to Forced Commingling and Direct Insured Status:**

This Master Omnibus Addendum is executed and filed by **Jeffrey Alan Vitt, Individually**, and across all associated capacities. All interests were forcibly commingled, manipulated, and systematically exploited through the combined unethical, unlawful actions of officers of the court government bodies, corrupted court proceedings, court-appointed receivers, and compromised legal representation. Because the enterprise deliberately blurred the legal and financial boundaries between personal, trust, and corporate assets to execute an asset-stripping scheme, Claimant asserts **Universal Individual Standing** across all claims presented herein.

At the absolute minimum, Jeffrey Alan Vitt is included individually in all claims—whether explicitly named or designated as a "John Doe 1" or fictitious entity—Claimant is intrinsically woven into every facet of the economic harm inflicted upon the estate. Furthermore, Claimant appears in the following distinct legal capacities to preserve necessary jurisdictional firewalls:

**3. Direct Insured Party Privity:** For core operating assets and properties—specifically **Vitt 121, LTD.** (4707 State Hwy 121, The Colony, TX) where all entity and operational interests were insured through **Vitt, Inc.** (an S-Corporation, separate from trust corpus)—and for residential/casualty properties including the **Strait Lane** homestead property, **Shadow Wood Ct**, **Libby Lane**, and **Normandy Road**, Jeffrey Alan Vitt was individually the named insured and/or direct contracting party on the underlying property, casualty, and commercial insurance policies. The resulting bad-faith insurance handling, unprosecuted storm claims, and fraudulent payouts directly inflicted severe individual economic injury upon Claimant.

**4. Dual-Capacity Equity Ownership:** In addition to serving as Voting Trustee and Beneficiary of the **Jeffrey Alan Vitt Irrevocable Trusts** and **Pi.314 Irrevocable Trusts**, Claimant independently owns direct equity percentages in the underlying corporate operating entities. As an individual equity holder and primary investor, Claimant holds direct standing to recover diminished corporate value and buy back or protect equity interests compromised by the Debtor's malpractice collusion, conspiring, corrupt and deceptive practices.

**B. Comprehensive Schedule of Filer Capacities & Operating Entities:**

Claimant appears in the following exhaustive list of legal capacities and corporate structures to maintain necessary firewalls while anchoring individual rights:

- **Individually & Crime Victim:** Protecting direct personal economic harm, uncompensated property losses, and constitutional civil rights deprivations under color of law, and personal torts..

- **Voting Trustee & Beneficiary:** For the *Jeffrey Alan Vitt Irrevocable Trusts* and *Pi.314 Irrevocable Trusts, possessing absolute authority over trust corpus and claims*.
- **Founder, President, CEO & Authorized Agent:** On behalf of the complete operating corporate enterprise and subsidiaries, explicitly including:
  - Flu Shots of Texas, LTD.
  - MediAccess Integration Technologies, LTD.
  - PATHCare Medical, LTD.
  - Personalized H20, LTD.
  - Pi.314 Irrevocable Trusts
  - SMG Star Medical Group 2, LLC.
  - Texas Family & Occupational Health Services, LTD.
  - Texas Family & Occupational Health Services I, INC.
  - Vitt 121, LTD.
  - Vitt Health, LLC.
  - Vitt Holdings & Development, LLC.
  - Vitt, INC. (d/b/a Recovery Services of America)
  - Vitt IP Holdings, LLC.
  - Vitt OKTX, LLC.
  - Vitt OK, LP.
  - Vitt TX, LTD.

**C. Broad Fictitious Party & Co-Conspirator Net:**

Pursuant to Federal Rules of Bankruptcy Procedure 7015 and 9014, joint and several liability asserted herein extends to the Debtor, its managing principals (James M. McClenny, John Zachary Moseley), affiliated counsel, litigation funders, and all unnamed, concealed, or successor entities designated as:

- John Does 1 through 1,000 and Jane Does 1 through 1,000 (inclusive but not limited to).
- XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

## II. COMPREHENSIVE FACTUAL NARRATIVE & ENTERPRISE SABOTAGE

### A. The Unbroken Record: Zero Resolved Matter Checks Received

Across more than a decade of aggressive commercial enterprise and litigation, **Claimant individually never cashed a single resolved litigation matter check** under the counsel of MMA, LAJ, or associated attorneys. Settlement proceeds, insurance payouts, and corporate revenues were systematically intercepted, diverted, siphoned into receivership registries, or converted by legal professionals who operated as an enterprise rather than zealous advocates.

**B. Suppression of Digital Forensics & Sabotage of CyberlinkASP/PTS Diagnostics Actions:**

Debtor and affiliated co-conspirators intentionally suppressed, concealed, and subsequently abandoned critical evidentiary assets. Claimant independently identified, retained, funded, and delivered the comprehensive digital forensics investigation conducted by Dr. William C. Easttom II. This forensic evidence proved a massive data breach alignment to CyberlinkASP cloud servers, wherein 130+ emails containing confidential attachments, bank credentials, and attorney-client privileged files were illegally exfiltrated.

Despite possessing this critical evidence (and internally documenting the strategy via a June 21, 2018, MMA email from Ben Baker), Debtor sat on it for 18 months. Only after Claimant independently reported the crimes to the FBI (Dallas HQ) did MMA file the state court action against CyberlinkASP (Rogers County District Court, Case No. CJ-2018-205, filed May 24, 2018). MMA then quickly and voluntarily dismissed the action on October 10, 2018, without valid legal reasoning, client authorization, or consent. McClenny explicitly valued this specific litigation at **$100,000,000.00**.

Simultaneously, Debtor actively sabotaged the **$200,000,000.00** PTS Diagnostics trade secret and DTPA action (involving copyrighted software, Sinocare, Abbey Merger Sub, Inc., and possibly Huawei Technologies), converting client corporate assets into private leverage for third-party litigation financing (i.e. specifically utilizing Equal Access Justice Fund, LP / B.E. Blank) rather than prosecuting the claims for Claimant.

**C. The Comprehensive MMA Representation Matrix (Filed and Unfiled Causes):**

Debtor (acting primarily through James McClenny) maintained a systemic, overlapping, and comprehensive scope of representation across Claimant's legal matrix. MMA's internal tracking documents explicitly categorized Claimant's commercial actions under "RICO," "Conspiracy to Defraud," and compared the intellectual property theft to *"Winklevoss vs. Facebook"*. Debtor intentionally bottlenecked, stalled, failed to file, or outright abandoned the following actionable claims:

1. **Vitt 121, Ltd. (Denton County / The Colony):** 4707 State Hwy 121. Claim against Farmers Insurance for 2015 ice/rain storm damage.
2. **General Star Insurance (Berkshire Hathaway):** Roof damage during the sale transition from Robert M. Farrell Development, Ltd. Claim and settlement proceeds suppressed and undisclosed.
3. **Vitt TX, Ltd. (Dallas County / Grand Prairie):** 2010 Libby Lane. Filed August 2, 2017 (Cause No. DC-17-09402, 101st District Court) against Farmers Insurance and Powerjack Foundation Repair.
4. **Vitt TX, Ltd. (Tarrant County / Arlington):** 2702 Shadow Wood Ct. Claim against Farmers Insurance for 2015 storm damage.
5. **Vitt TX, Ltd. (Tarrant County / Fort Worth):** 7240 Normandy Road. Claim identified and retained by MMA but intentionally never filed, allowing limitations to expire.

6. **Tenant Casualty Claim:** Unprosecuted claim regarding a garage ceiling collapse onto a tenant's automobile.
7. **Criminal Policy / E&O Case:** Action against Bill David and TIG Insurance Company for a $65,000 fraudulent check conversion.
8. **Powerjack E&O Case:** Action against Powerjack based on warranty documents and 2015 Farmers claim assignments.
9. **Retaliation Eviction:** Action accepted against JSC Realty and Landlord for retaliatory property eviction practices at 2300 Valley View Lane.

**D. Intentional Abandonment of Property Assets:**

Debtor intentionally stalled or refused to prosecute high-value property damage and bad-faith insurance claims to resolution, paralyzing specific corporate assets including 4707 State Hwy 121 (Vitt 121, Ltd. vs. Farmers/General Star), 2010 Libby Lane (Vitt TX, Ltd. vs. Farmers/Powerjack), 2702 Shadow Wood Ct, 7240 Normandy Rd, and the $65,000 fraudulent check conversion (Bill David / TIG).

**E. The "Duplicative Litigation" Matrix: Seven Unbroken Appellate Chain-Reactions:**

The harm inflicted by Debtor and interconnected actors spans multiple trial courts and fans out across at least seven (7) specific appellate actions, establishing an unbroken chain of legal abuse:

1. **The Family Law & Property Track:** Denton District Court (16-01374-362) **– >** Second Court of Appeals (02-17-00214-CV) **– >** Fifth Court of Appeals (05-17-00828-CV) **– >** Second Court of Appeals (02-23-00308-CV) – > **Texas Supreme Court (24-0583)**.
2. **The Probate & Asset Liquidation Track:** Denton County Probate Court (PR-2017-00521) **– >** Second Court of Appeals (02-23-00452-CV) **– > Texas Supreme Court (24-0594)**.
3. **The Intervenor / Sabotage Track (Vitt v. Jacobs / LAJ):** Denton & Dallas District Court (19-4770-367; DC-19-08160) **– >** Fifth Court of Appeals (05-22-01240-CV) **– > Texas Supreme Court (24-0736)**.

**F. Egregious Attorney Conflicts of Interest (The LAJ Matrix):**

Luwalhati Admana "Lynn" Johnson (LAJ), acting concurrently with the broader enterprise, intentionally compromised Claimant's legal standing after being paid substantial legal fees ($50,000 aggregate, including $15,000 cash deposited directly into her credit union account for the 2017 divorce appeal). LAJ obtained privileged strategic information and weaponized it by intervening *against* her own client across eleven (11) specific trial and appellate dockets:

1. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
2. Vitt (LAJ) Vs Vitt Family Law # 16-01374-362
3. Vitt (LAJ) Vs Vitt FLMM Appeal #05-17-00828-CV
4. Vitt (LAJ) Vs Vitt Probate # PR-17-00521
5. Sanofi Vs Vitt Paid LAJ - No Legal Rep Effort # DC-17-00470

6. McKesson Vs Vitt Paid LAJ - No Legal Rep Effort # DC-18-02981
7. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
8. LAJ Intervening Vs Vitt 121, Ltd Vs RM Farrell # DC-17-16791
9. LAJ Intervening Vs Vitt Vs Jacobs # 19-4770-367
10. LAJ Intervening Vs Vitt Vs Jacobs # DC-19-08160
11. LAJ Intervening Vs Vitt Vs Jacobs - LAJ Vs Appeal #05-22-01240-CV

## III. MANDATE OF JOINT AND SEVERAL LIABILITY

IT IS HEREBY EXPRESSLY ASSERTED AND STATED that the Debtor (MMA Law Firm, PLLC), its past and present managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel, other parties of interests (i.e. including but not limited to Ben Baker, Luwalhati "Lynn" Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, Willam Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, ), litigation funders (i.e., EAJF ESQ Fund, LP / B.E. Blank), state actors, and all designated John/Jane Doe (1-1,000) and XYZ/ABC corporate entities are JOINTLY AND SEVERALLY LIABLE for the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3. Claimant is not required to parse or pro-rate damages among co-conspirators; each member of the enterprise is fully responsible for the aggregate harm inflicted.

## IV. THREE-PART OMNIBUS CLAIM STRUCTURE & DAMAGE MATRIX

To preserve legal firewalls while simultaneously maintaining Claimant's universal individual standing across all entities and interests, damages are allocated across three distinct Official Form 410 packages:

| Claim | Primary Creditor / Filer | Baseline Damage | Fundamental Legal Basis |
|---|---|---|---|
| **Claim 1 (Trust Anchor)** | Jeffrey Alan Vitt, Individually; Founder, president, CEO of Vitt, Inc.; and as Beneficiary & Trustee of | **$646,305.06** (Fixed / Liquidated Baseline Floor) | Conversion, Breach of Fiduciary Duty, Misappropriation of Registry Funds if paid. Supported by trapped funds in Denton Bifurcated, Duplication Litigation of Probate Cause No. PR-2017-00521 and Family Law Cause No. |

| | | | |
|---|---|---|---|
| | JAVIT, Pi3.14IT | | 16-01374-362 –Oct. 30, 2018 HUD-1 Settlement Statement. |
| **Claim 2 (Operating Subsidiaries)** | Vitt 121, Ltd., Vitt TX, Vitt OK, PATHCare Medical, Ltd., Flu Shots of Texas, Ltd., Vitt, Inc.,, MediAccess Integrated Technologies, Ltd.; et al. | **$25,000,000.00** (Unliquidated Placeholder / Property Loss) | Legal Malpractice, Breach of Contract, Sabotaged Insurance Claims (Farmers, Gen Star, Guard), allowing unchallenged foreclosures and asset degradation. |
| **Claim 3 (Enterprise RICO)** | Jeffrey Alan Vitt, Individually & Rep. Doe / XYZ Entities | **$325,000,000.00+** (Unliquidated Statutory / Treble / Punitive) | Civil RICO (18 U.S.C. § 1962), Sherman Act, Corporate Espionage, Civil Conspiracy. Anchored by suppression of the $300M+ CyberlinkASP/PTS valuations. |

## V. CAUSES OF ACTION ASSERTED

The Debtor, alongside co-conspirators, own and opposing counsel (including not limited to LAJ, Jack Balderson Jr., Tasker & Balderson, KoonsFuller), litigation funders (i.e. EAJF ESQ Fund, LP / B.E. Blank), and state actors, is **jointly and severally liable** under the following causes of action:

1. **Civil RICO (18 U.S.C. § 1962(c) & (d)):** Participating in and conspiring to conduct an association-in-fact enterprise through a pattern of racketeering activity (wire fraud, mail fraud, obstruction of justice, and extortion).
2. **Sherman Act & Clayton Act Antitrust Violations:** Collusive market division, trade secret suppression, and unlawful restraint of trade.
3. **Gross Legal Malpractice & Breach of Fiduciary Duty:** Sabotaging active claims, suppressing Easttom forensic reports, and abandoning client files.
4. **Fraudulent Concealment & Constructive Fraud:** Withholding unredacted IOLTA ledgers and escrow wire records to conceal illegal fee siphoning.
5. **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983):** Bad-faith coordination with law enforcement and court officers to manufacture standing, execute improper process, and enforce retaliatory orders.
6. **Common Law Civil Conspiracy & Business Disparagement:** Systemic tortious interference with business relationships and prospective economic advantage.

## VI. PROTECTIVE FIREWALL, COMMINGLED HUD-1 BLEED, & THE ABSOLUTE STANDING SHIELD TO AMEND

### A. The Absolute Standing Shield (Frozen Funds & Judicial Mandate):

On April 25, 2019, in Cause No. PR-2017-00521 (Denton County Probate Court), an *Order Abandoning Claims* was entered. This Order explicitly mandates: *"IT IS FURTHER ORDERED, that any beneficiary of the Jeffrey Alan Vitt Irrevocable Trust is not precluded from individually pursuing the matters abandoned herein."*

This absolute judicial order, combined with the **$646,305.06** in funds frozen in registry and verified on the Denton County transaction detail, is directly linked to the fraudulent escrow disbursements executed across the board. Specifically, the October 30, 2018, Strait Lane HUD-1 Settlement Statement reveals massive, unauthorized capital bleeding: Line 506 reflects an **$80,000.00** unremitted American Express deduction, while Lines 1302–1304 reflect a combined **$37,173.20** in unverified attorney fee payouts disbursed outside authorized constraints directly to opposing probate counsel (**Jack Balderson Jr. / Balderson Law; Jeffrey Tasker / Tasker & Balderson; Scott Bodkin / Bodkin Niehaus Dorris & Jolley**), alongside excessive payouts to court-appointed receivers.

### B. The Proof of Commingling:

The fact that the exact same attorneys and professional actors crossed over between the Denton Probate litigation (Cause No. PR-2017-00521) and the Family Law litigation (Cause No. 16-01374-362) to loot the Strait Lane homestead proceeds and probate registry funds serves as undeniable, concrete proof of the enterprise's forced commingling of assets. This operational reality solidifies Claimant's exclusive and undeniable standing to pursue all claims individually across this federal forum.

**C. Exclusive Legal Authority (Anti-Severance):**

Claimant asserts independent and exclusive legal standing over these claims and trust assets. No outside law firm, state court-appointed receiver, or third-party entity possesses the legal authority or jurisdiction to negotiate, settle, sever, or dismiss any portion of this claim.

**D. Absolute Right to Amend & Procedural Duress:**

Pursuant to Fed. R. Bankr. P. 3001, 7015, and 9014, Claimant reserves the absolute, unassailable right to file Amended Proofs of Claim to re-quantify damage figures, substitute true party names for all "John/Jane Doe" placeholders, and perfect specific counts upon the receipt of Rule 2004 discovery productions.

**E. Jurisdictional Reservation:**

No part of this filing waives Claimant's right to launch independent Adversary Proceedings, seek mandatory withdrawal of reference, enforce prior probate orders, or demand a trial by jury.

**Fill in this information to identify the case:**

Debtor 1 MMA Law Firm, PLLC

Debtor 2 (Spouse, if filing) ______

United States Bankruptcy Court for the: Southern District of Texas

Case number 4:24-bk-31596

# Official Form 410

# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Vitt 121, Ltd., and affiliated Entities
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor See Addendum

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Jeffrey Alan Vitt (Name) | Jeffrey Alan Vitt (Name) |
| 12791 S. 4230 Road (Number Street) | 12791 S. 4230 Road (Number Street) |
| Chelsea, OK 74016 (City State ZIP Code) | Chelsea, OK 74016 (City State ZIP Code) |
| Contact phone 539-292-9358 | Contact phone 539-292-9358 |
| Contact email justiceiceice@icloud.com | Contact email andajustice4all@icloud.com |

Uniform claim identifier (if you use one): __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 25,000,000.00 . **Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Attached Master Omnibus Addendum

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ______________________

**Basis for perfection:** ______________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ______________________

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/23/2026
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Jeffrey<br>First name | Alan<br>Middle name | Vitt<br>Last name |
| Title | Individual, Founder, President & CEO, Beneficiary & Trustee | | |
| Company | Vitt 121, Ltd & Interests<br>Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 12791 S. 4230 Road<br>Number Street | | |
| | Chelsea<br>City | OK<br>State | 74016<br>ZIP Code |
| Contact phone | 539-292-9358 | Email | javit2004rule@gmail.com |

Print | Save As... | Add Attachment | Reset

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)

**IN RE: MMA LAW FIRM, PLLC, Debtor.**

**CASE NO.: 4:24-bk-31596 (Chapter 11)**

**MASTER OMNIBUS ADDENDUM TO OFFICIAL FORM 410 PROOFS OF CLAIM**
**(** ATTACHED TO AND INCORPORATED INTO CLAIMS 1, 2, AND 3 )

**NOTICE:**

**ASSERTION OF JOINT AND SEVERAL LIABILITY ACROSS ALL DEBTOR**

**PRINCIPALS, CO-CONSPIRATORS, LITIGATION FUNDERS, AND DOE ENTITIES**

## PRELIMINARY STATEMENT: PROCEDURAL DURESS, FRAUDULENT CONCEALMENT, & ABSOLUTE RESERVATION OF RIGHTS

**1. Pleading Under Severe Procedural Duress & Deceptive Practices:**

This Master Omnibus Proof of Claim is filed in good faith as an expansive, uncompromised master framework under severe procedural duress. Due to the Debtor (MMA Law Firm, PLLC), its managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel co-conspirators, and allied state actors continuously refusing to surrender client case files, unredacted IOLTA ledgers, and critical digital forensic telemetry, this claim is submitted with an **ABSOLUTE, UNQUALIFIED RESERVATION OF RIGHTS TO AMEND, SUPPLEMENT, CORRECT, OR RE-QUANTIFY**.

Claimant explicitly preserves the unassailable right under Fed. R. Bankr. P. 3001, 7015, and 9014 to correct any clerical, mathematical, formal, or factual errors; modify or reclassify liquidated versus unliquidated damage figures; substitute true party names; and perfect specific causes of action upon the receipt of Rule 2004 discovery productions to any and all Claimant's interests (including not limited to bank wire metadata, Strait Lane HUD-1 transaction logs, server logs, communications, and third-party litigation funding prospectuses).

The enterprise engaged in systemic deceptive trade practices, fraudulent concealment, and active evidence suppression—including sitting on the Dr. William C. Easttom II digital forensics report for 18 months, engineering unauthorized voluntary dismissals of $100M+ corporate

actions without client consent, manufacturing false standing through compromised state court officers of the courts, and siphoning settlement proceeds behind closed doors.

## I. UNIVERSAL INDIVIDUAL STANDING, DIRECT INSURED-PARTY PRIVITY, AND DUAL-CAPACITY EQUITY OWNERSHIP

**2. Universal Individual Standing Due to Forced Commingling and Direct Insured Status:**

This Master Omnibus Addendum is executed and filed by **Jeffrey Alan Vitt, Individually**, and across all associated capacities. All interests were forcibly commingled, manipulated, and systematically exploited through the combined unethical, unlawful actions of officers of the court government bodies, corrupted court proceedings, court-appointed receivers, and compromised legal representation. Because the enterprise deliberately blurred the legal and financial boundaries between personal, trust, and corporate assets to execute an asset-stripping scheme, Claimant asserts **Universal Individual Standing** across all claims presented herein.

At the absolute minimum, Jeffrey Alan Vitt is included individually in all claims—whether explicitly named or designated as a "John Doe 1" or fictitious entity—Claimant is intrinsically woven into every facet of the economic harm inflicted upon the estate. Furthermore, Claimant appears in the following distinct legal capacities to preserve necessary jurisdictional firewalls:

**3. Direct Insured Party Privity:** For core operating assets and properties—specifically **Vitt 121, LTD.** (4707 State Hwy 121, The Colony, TX) where all entity and operational interests were insured through **Vitt, Inc.** (an S-Corporation, separate from trust corpus)—and for residential/casualty properties including the **Strait Lane** homestead property, **Shadow Wood Ct**, **Libby Lane**, and **Normandy Road**, Jeffrey Alan Vitt was individually the named insured and/or direct contracting party on the underlying property, casualty, and commercial insurance policies. The resulting bad-faith insurance handling, unprosecuted storm claims, and fraudulent payouts directly inflicted severe individual economic injury upon Claimant.

**4. Dual-Capacity Equity Ownership:** In addition to serving as Voting Trustee and Beneficiary of the **Jeffrey Alan Vitt Irrevocable Trusts** and **Pi.314 Irrevocable Trusts**, Claimant independently owns direct equity percentages in the underlying corporate operating entities. As an individual equity holder and primary investor, Claimant holds direct standing to recover diminished corporate value and buy back or protect equity interests compromised by the Debtor's malpractice collusion, conspiring, corrupt and deceptive practices.

**B. Comprehensive Schedule of Filer Capacities & Operating Entities:**

Claimant appears in the following exhaustive list of legal capacities and corporate structures to maintain necessary firewalls while anchoring individual rights:

- **Individually & Crime Victim:** Protecting direct personal economic harm, uncompensated property losses, and constitutional civil rights deprivations under color of law, and personal torts..

- **Voting Trustee & Beneficiary:** For the *Jeffrey Alan Vitt Irrevocable Trusts* and *Pi.314 Irrevocable Trusts, possessing absolute authority over trust corpus and claims*.
- **Founder, President, CEO & Authorized Agent:** On behalf of the complete operating corporate enterprise and subsidiaries, explicitly including:
    - Flu Shots of Texas, LTD.
    - MediAccess Integration Technologies, LTD.
    - PATHCare Medical, LTD.
    - Personalized H20, LTD.
    - Pi.314 Irrevocable Trusts
    - SMG Star Medical Group 2, LLC.
    - Texas Family & Occupational Health Services, LTD.
    - Texas Family & Occupational Health Services I, INC.
    - Vitt 121, LTD.
    - Vitt Health, LLC.
    - Vitt Holdings & Development, LLC.
    - Vitt, INC. (d/b/a Recovery Services of America)
    - Vitt IP Holdings, LLC.
    - Vitt OKTX, LLC.
    - Vitt OK, LP.
    - Vitt TX, LTD.

**C. Broad Fictitious Party & Co-Conspirator Net:**

Pursuant to Federal Rules of Bankruptcy Procedure 7015 and 9014, joint and several liability asserted herein extends to the Debtor, its managing principals (James M. McClenny, John Zachary Moseley), affiliated counsel, litigation funders, and all unnamed, concealed, or successor entities designated as:

- John Does 1 through 1,000 and Jane Does 1 through 1,000 (inclusive but not limited to).
- XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

## II. COMPREHENSIVE FACTUAL NARRATIVE & ENTERPRISE SABOTAGE

### A. The Unbroken Record: Zero Resolved Matter Checks Received

Across more than a decade of aggressive commercial enterprise and litigation, **Claimant individually never cashed a single resolved litigation matter check** under the counsel of MMA, LAJ, or associated attorneys. Settlement proceeds, insurance payouts, and corporate revenues were systematically intercepted, diverted, siphoned into receivership registries, or converted by legal professionals who operated as an enterprise rather than zealous advocates.

**B. Suppression of Digital Forensics & Sabotage of CyberlinkASP/PTS Diagnostics Actions:**

Debtor and affiliated co-conspirators intentionally suppressed, concealed, and subsequently abandoned critical evidentiary assets. Claimant independently identified, retained, funded, and delivered the comprehensive digital forensics investigation conducted by Dr. William C. Easttom II. This forensic evidence proved a massive data breach alignment to CyberlinkASP cloud servers, wherein 130+ emails containing confidential attachments, bank credentials, and attorney-client privileged files were illegally exfiltrated.

Despite possessing this critical evidence (and internally documenting the strategy via a June 21, 2018, MMA email from Ben Baker), Debtor sat on it for 18 months. Only after Claimant independently reported the crimes to the FBI (Dallas HQ) did MMA file the state court action against CyberlinkASP (Rogers County District Court, Case No. CJ-2018-205, filed May 24, 2018). MMA then quickly and voluntarily dismissed the action on October 10, 2018, without valid legal reasoning, client authorization, or consent. McClenny explicitly valued this specific litigation at **$100,000,000.00**.

Simultaneously, Debtor actively sabotaged the **$200,000,000.00** PTS Diagnostics trade secret and DTPA action (involving copyrighted software, Sinocare, Abbey Merger Sub, Inc., and possibly Huawei Technologies), converting client corporate assets into private leverage for third-party litigation financing (i.e. specifically utilizing Equal Access Justice Fund, LP / B.E. Blank) rather than prosecuting the claims for Claimant.

**C. The Comprehensive MMA Representation Matrix (Filed and Unfiled Causes):**

Debtor (acting primarily through James McClenny) maintained a systemic, overlapping, and comprehensive scope of representation across Claimant's legal matrix. MMA's internal tracking documents explicitly categorized Claimant's commercial actions under "RICO," "Conspiracy to Defraud," and compared the intellectual property theft to *"Winklevoss vs. Facebook"*. Debtor intentionally bottlenecked, stalled, failed to file, or outright abandoned the following actionable claims:

1. **Vitt 121, Ltd. (Denton County / The Colony):** 4707 State Hwy 121. Claim against Farmers Insurance for 2015 ice/rain storm damage.
2. **General Star Insurance (Berkshire Hathaway):** Roof damage during the sale transition from Robert M. Farrell Development, Ltd. Claim and settlement proceeds suppressed and undisclosed.
3. **Vitt TX, Ltd. (Dallas County / Grand Prairie):** 2010 Libby Lane. Filed August 2, 2017 (Cause No. DC-17-09402, 101st District Court) against Farmers Insurance and Powerjack Foundation Repair.
4. **Vitt TX, Ltd. (Tarrant County / Arlington):** 2702 Shadow Wood Ct. Claim against Farmers Insurance for 2015 storm damage.
5. **Vitt TX, Ltd. (Tarrant County / Fort Worth):** 7240 Normandy Road. Claim identified and retained by MMA but intentionally never filed, allowing limitations to expire.

6. **Tenant Casualty Claim:** Unprosecuted claim regarding a garage ceiling collapse onto a tenant's automobile.
7. **Criminal Policy / E&O Case:** Action against Bill David and TIG Insurance Company for a $65,000 fraudulent check conversion.
8. **Powerjack E&O Case:** Action against Powerjack based on warranty documents and 2015 Farmers claim assignments.
9. **Retaliation Eviction:** Action accepted against JSC Realty and Landlord for retaliatory property eviction practices at 2300 Valley View Lane.

**D. Intentional Abandonment of Property Assets:**

Debtor intentionally stalled or refused to prosecute high-value property damage and bad-faith insurance claims to resolution, paralyzing specific corporate assets including 4707 State Hwy 121 (Vitt 121, Ltd. vs. Farmers/General Star), 2010 Libby Lane (Vitt TX, Ltd. vs. Farmers/Powerjack), 2702 Shadow Wood Ct, 7240 Normandy Rd, and the $65,000 fraudulent check conversion (Bill David / TIG).

**E. The "Duplicative Litigation" Matrix: Seven Unbroken Appellate Chain-Reactions:**

The harm inflicted by Debtor and interconnected actors spans multiple trial courts and fans out across at least seven (7) specific appellate actions, establishing an unbroken chain of legal abuse:

1. **The Family Law & Property Track:** Denton District Court (16-01374-362) **– >** Second Court of Appeals (02-17-00214-CV) **– >** Fifth Court of Appeals (05-17-00828-CV) **– >** Second Court of Appeals (02-23-00308-CV) – > **Texas Supreme Court (24-0583)**.
2. **The Probate & Asset Liquidation Track:** Denton County Probate Court (PR-2017-00521) **– >** Second Court of Appeals (02-23-00452-CV) **– > Texas Supreme Court (24-0594)**.
3. **The Intervenor / Sabotage Track (Vitt v. Jacobs / LAJ):** Denton & Dallas District Court (19-4770-367; DC-19-08160) **– >** Fifth Court of Appeals (05-22-01240-CV) **– > Texas Supreme Court (24-0736)**.

**F. Egregious Attorney Conflicts of Interest (The LAJ Matrix):**

Luwalhati Admana "Lynn" Johnson (LAJ), acting concurrently with the broader enterprise, intentionally compromised Claimant's legal standing after being paid substantial legal fees ($50,000 aggregate, including $15,000 cash deposited directly into her credit union account for the 2017 divorce appeal). LAJ obtained privileged strategic information and weaponized it by intervening *against* her own client across eleven (11) specific trial and appellate dockets:

1. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
2. Vitt (LAJ) Vs Vitt Family Law # 16-01374-362
3. Vitt (LAJ) Vs Vitt FLMM Appeal #05-17-00828-CV
4. Vitt (LAJ) Vs Vitt Probate # PR-17-00521
5. Sanofi Vs Vitt Paid LAJ - No Legal Rep Effort # DC-17-00470

6. McKesson Vs Vitt Paid LAJ - No Legal Rep Effort # DC-18-02981
7. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
8. LAJ Intervening Vs Vitt 121, Ltd Vs RM Farrell # DC-17-16791
9. LAJ Intervening Vs Vitt Vs Jacobs # 19-4770-367
10. LAJ Intervening Vs Vitt Vs Jacobs # DC-19-08160
11. LAJ Intervening Vs Vitt Vs Jacobs - LAJ Vs Appeal #05-22-01240-CV

## III. MANDATE OF JOINT AND SEVERAL LIABILITY

IT IS HEREBY EXPRESSLY ASSERTED AND STATED that the Debtor (MMA Law Firm, PLLC), its past and present managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel, other parties of interests (i.e. including but not limited to Ben Baker, Luwalhati "Lynn" Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, Willam Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, ), litigation funders (i.e., EAJF ESQ Fund, LP / B.E. Blank), state actors, and all designated John/Jane Doe (1-1,000) and XYZ/ABC corporate entities are JOINTLY AND SEVERALLY LIABLE for the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3. Claimant is not required to parse or pro-rate damages among co-conspirators; each member of the enterprise is fully responsible for the aggregate harm inflicted.

## IV. THREE-PART OMNIBUS CLAIM STRUCTURE & DAMAGE MATRIX

To preserve legal firewalls while simultaneously maintaining Claimant's universal individual standing across all entities and interests, damages are allocated across three distinct Official Form 410 packages:

| Claim | Primary Creditor / Filer | Baseline Damage | Fundamental Legal Basis |
|---|---|---|---|
| **Claim 1 (Trust Anchor)** | Jeffrey Alan Vitt, Individually; Founder, president, CEO of Vitt, Inc.; and as Beneficiary & Trustee of | **$646,305.06** (Fixed / Liquidated Baseline Floor) | Conversion, Breach of Fiduciary Duty, Misappropriation of Registry Funds if paid. Supported by trapped funds in Denton Bifurcated, Duplication Litigation of Probate Cause No. PR-2017-00521 and Family Law Cause No. |

| | | | |
|---|---|---|---|
| | JAVIT, Pi3.14IT | | 16-01374-362 –Oct. 30, 2018 HUD-1 Settlement Statement. |
| **Claim 2 (Operating Subsidiaries)** | Vitt 121, Ltd., Vitt TX, Vitt OK, PATHCare Medical, Ltd., Flu Shots of Texas, Ltd., Vitt, Inc.,, MediAccess Integrated Technologies, Ltd.; et al. | **$25,000,000.00** (Unliquidated Placeholder / Property Loss) | Legal Malpractice, Breach of Contract, Sabotaged Insurance Claims (Farmers, Gen Star, Guard), allowing unchallenged foreclosures and asset degradation. |
| **Claim 3 (Enterprise RICO)** | Jeffrey Alan Vitt, Individually & Rep. Doe / XYZ Entities | **$325,000,000.00+** (Unliquidated Statutory / Treble / Punitive) | Civil RICO (18 U.S.C. § 1962), Sherman Act, Corporate Espionage, Civil Conspiracy. Anchored by suppression of the $300M+ CyberlinkASP/PTS valuations. |

## V. CAUSES OF ACTION ASSERTED

The Debtor, alongside co-conspirators, own and opposing counsel (including not limited to LAJ, Jack Balderson Jr., Tasker & Balderson, KoonsFuller), litigation funders (i.e. EAJF ESQ Fund, LP / B.E. Blank), and state actors, is **jointly and severally liable** under the following causes of action:

1. **Civil RICO (18 U.S.C. § 1962(c) & (d)):** Participating in and conspiring to conduct an association-in-fact enterprise through a pattern of racketeering activity (wire fraud, mail fraud, obstruction of justice, and extortion).
2. **Sherman Act & Clayton Act Antitrust Violations:** Collusive market division, trade secret suppression, and unlawful restraint of trade.
3. **Gross Legal Malpractice & Breach of Fiduciary Duty:** Sabotaging active claims, suppressing Easttom forensic reports, and abandoning client files.
4. **Fraudulent Concealment & Constructive Fraud:** Withholding unredacted IOLTA ledgers and escrow wire records to conceal illegal fee siphoning.
5. **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983):** Bad-faith coordination with law enforcement and court officers to manufacture standing, execute improper process, and enforce retaliatory orders.
6. **Common Law Civil Conspiracy & Business Disparagement:** Systemic tortious interference with business relationships and prospective economic advantage.

## VI. PROTECTIVE FIREWALL, COMMINGLED HUD-1 BLEED, & THE ABSOLUTE STANDING SHIELD TO AMEND

### A. The Absolute Standing Shield (Frozen Funds & Judicial Mandate):

On April 25, 2019, in Cause No. PR-2017-00521 (Denton County Probate Court), an *Order Abandoning Claims* was entered. This Order explicitly mandates: *"IT IS FURTHER ORDERED, that any beneficiary of the Jeffrey Alan Vitt Irrevocable Trust is not precluded from individually pursuing the matters abandoned herein."*

This absolute judicial order, combined with the **$646,305.06** in funds frozen in registry and verified on the Denton County transaction detail, is directly linked to the fraudulent escrow disbursements executed across the board. Specifically, the October 30, 2018, Strait Lane HUD-1 Settlement Statement reveals massive, unauthorized capital bleeding: Line 506 reflects an **$80,000.00** unremitted American Express deduction, while Lines 1302–1304 reflect a combined **$37,173.20** in unverified attorney fee payouts disbursed outside authorized constraints directly to opposing probate counsel (**Jack Balderson Jr. / Balderson Law; Jeffrey Tasker / Tasker & Balderson; Scott Bodkin / Bodkin Niehaus Dorris & Jolley**), alongside excessive payouts to court-appointed receivers.

### B. The Proof of Commingling:

The fact that the exact same attorneys and professional actors crossed over between the Denton Probate litigation (Cause No. PR-2017-00521) and the Family Law litigation (Cause No. 16-01374-362) to loot the Strait Lane homestead proceeds and probate registry funds serves as undeniable, concrete proof of the enterprise's forced commingling of assets. This operational reality solidifies Claimant's exclusive and undeniable standing to pursue all claims individually across this federal forum.

**C. Exclusive Legal Authority (Anti-Severance):**

Claimant asserts independent and exclusive legal standing over these claims and trust assets. No outside law firm, state court-appointed receiver, or third-party entity possesses the legal authority or jurisdiction to negotiate, settle, sever, or dismiss any portion of this claim.

**D. Absolute Right to Amend & Procedural Duress:**

Pursuant to Fed. R. Bankr. P. 3001, 7015, and 9014, Claimant reserves the absolute, unassailable right to file Amended Proofs of Claim to re-quantify damage figures, substitute true party names for all "John/Jane Doe" placeholders, and perfect specific counts upon the receipt of Rule 2004 discovery productions.

**E. Jurisdictional Reservation:**

No part of this filing waives Claimant's right to launch independent Adversary Proceedings, seek mandatory withdrawal of reference, enforce prior probate orders, or demand a trial by jury.

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS (HOUSTON DIVISION)**

**IN RE: MMA LAW FIRM, PLLC, Debtor.**

**CASE NO.: 4:24-bk-31596 (Chapter 11)**

**MASTER OMNIBUS ADDENDUM TO OFFICIAL FORM 410 PROOFS OF CLAIM**
**(** ATTACHED TO AND INCORPORATED INTO CLAIMS 1, 2, AND 3 )

**NOTICE:**

**ASSERTION OF JOINT AND SEVERAL LIABILITY ACROSS ALL DEBTOR**

**PRINCIPALS, CO-CONSPIRATORS, LITIGATION FUNDERS, AND DOE ENTITIES**

## PRELIMINARY STATEMENT: PROCEDURAL DURESS, FRAUDULENT CONCEALMENT, & ABSOLUTE RESERVATION OF RIGHTS

### 1. Pleading Under Severe Procedural Duress & Deceptive Practices:

This Master Omnibus Proof of Claim is filed in good faith as an expansive, uncompromised master framework under severe procedural duress. Due to the Debtor (MMA Law Firm, PLLC), its managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel co-conspirators, and allied state actors continuously refusing to surrender client case files, unredacted IOLTA ledgers, and critical digital forensic telemetry, this claim is submitted with an **ABSOLUTE, UNQUALIFIED RESERVATION OF RIGHTS TO AMEND, SUPPLEMENT, CORRECT, OR RE-QUANTIFY**.

Claimant explicitly preserves the unassailable right under Fed. R. Bankr. P. 3001, 7015, and 9014 to correct any clerical, mathematical, formal, or factual errors; modify or reclassify liquidated versus unliquidated damage figures; substitute true party names; and perfect specific causes of action upon the receipt of Rule 2004 discovery productions to any and all Claimant's interests (including not limited to bank wire metadata, Strait Lane HUD-1 transaction logs, server logs, communications, and third-party litigation funding prospectuses).

The enterprise engaged in systemic deceptive trade practices, fraudulent concealment, and active evidence suppression—including sitting on the Dr. William C. Easttom II digital forensics report for 18 months, engineering unauthorized voluntary dismissals of $100M+ corporate

actions without client consent, manufacturing false standing through compromised state court officers of the courts, and siphoning settlement proceeds behind closed doors.

## I. UNIVERSAL INDIVIDUAL STANDING, DIRECT INSURED-PARTY PRIVITY, AND DUAL-CAPACITY EQUITY OWNERSHIP

**2. Universal Individual Standing Due to Forced Commingling and Direct Insured Status:**

This Master Omnibus Addendum is executed and filed by **Jeffrey Alan Vitt, Individually**, and across all associated capacities. All interests were forcibly commingled, manipulated, and systematically exploited through the combined unethical, unlawful actions of officers of the court government bodies, corrupted court proceedings, court-appointed receivers, and compromised legal representation. Because the enterprise deliberately blurred the legal and financial boundaries between personal, trust, and corporate assets to execute an asset-stripping scheme, Claimant asserts **Universal Individual Standing** across all claims presented herein.

At the absolute minimum, Jeffrey Alan Vitt is included individually in all claims—whether explicitly named or designated as a "John Doe 1" or fictitious entity—Claimant is intrinsically woven into every facet of the economic harm inflicted upon the estate. Furthermore, Claimant appears in the following distinct legal capacities to preserve necessary jurisdictional firewalls:

**3. Direct Insured Party Privity:** For core operating assets and properties—specifically **Vitt 121, LTD.** (4707 State Hwy 121, The Colony, TX) where all entity and operational interests were insured through **Vitt, Inc.** (an S-Corporation, separate from trust corpus)—and for residential/casualty properties including the **Strait Lane** homestead property, **Shadow Wood Ct**, **Libby Lane**, and **Normandy Road**, Jeffrey Alan Vitt was individually the named insured and/or direct contracting party on the underlying property, casualty, and commercial insurance policies. The resulting bad-faith insurance handling, unprosecuted storm claims, and fraudulent payouts directly inflicted severe individual economic injury upon Claimant.

**4. Dual-Capacity Equity Ownership:** In addition to serving as Voting Trustee and Beneficiary of the **Jeffrey Alan Vitt Irrevocable Trusts** and **Pi.314 Irrevocable Trusts**, Claimant independently owns direct equity percentages in the underlying corporate operating entities. As an individual equity holder and primary investor, Claimant holds direct standing to recover diminished corporate value and buy back or protect equity interests compromised by the Debtor's malpractice collusion, conspiring, corrupt and deceptive practices.

**B. Comprehensive Schedule of Filer Capacities & Operating Entities:**

Claimant appears in the following exhaustive list of legal capacities and corporate structures to maintain necessary firewalls while anchoring individual rights:

- **Individually & Crime Victim:** Protecting direct personal economic harm, uncompensated property losses, and constitutional civil rights deprivations under color of law, and personal torts..

- **Voting Trustee & Beneficiary:** For the *Jeffrey Alan Vitt Irrevocable Trusts* and *Pi.314 Irrevocable Trusts, possessing absolute authority over trust corpus and claims*.
- **Founder, President, CEO & Authorized Agent:** On behalf of the complete operating corporate enterprise and subsidiaries, explicitly including:
  - Flu Shots of Texas, LTD.
  - MediAccess Integration Technologies, LTD.
  - PATHCare Medical, LTD.
  - Personalized H20, LTD.
  - Pi.314 Irrevocable Trusts
  - SMG Star Medical Group 2, LLC.
  - Texas Family & Occupational Health Services, LTD.
  - Texas Family & Occupational Health Services I, INC.
  - Vitt 121, LTD.
  - Vitt Health, LLC.
  - Vitt Holdings & Development, LLC.
  - Vitt, INC. (d/b/a Recovery Services of America)
  - Vitt IP Holdings, LLC.
  - Vitt OKTX, LLC.
  - Vitt OK, LP.
  - Vitt TX, LTD.

**C. Broad Fictitious Party & Co-Conspirator Net:**

Pursuant to Federal Rules of Bankruptcy Procedure 7015 and 9014, joint and several liability asserted herein extends to the Debtor, its managing principals (James M. McClenny, John Zachary Moseley), affiliated counsel, litigation funders, and all unnamed, concealed, or successor entities designated as:

- John Does 1 through 1,000 and Jane Does 1 through 1,000 (inclusive but not limited to).
- XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

## II. COMPREHENSIVE FACTUAL NARRATIVE & ENTERPRISE SABOTAGE

### A. The Unbroken Record: Zero Resolved Matter Checks Received

Across more than a decade of aggressive commercial enterprise and litigation, **Claimant individually never cashed a single resolved litigation matter check** under the counsel of MMA, LAJ, or associated attorneys. Settlement proceeds, insurance payouts, and corporate revenues were systematically intercepted, diverted, siphoned into receivership registries, or converted by legal professionals who operated as an enterprise rather than zealous advocates.

**B. Suppression of Digital Forensics & Sabotage of CyberlinkASP/PTS Diagnostics Actions:**

Debtor and affiliated co-conspirators intentionally suppressed, concealed, and subsequently abandoned critical evidentiary assets. Claimant independently identified, retained, funded, and delivered the comprehensive digital forensics investigation conducted by Dr. William C. Easttom II. This forensic evidence proved a massive data breach alignment to CyberlinkASP cloud servers, wherein 130+ emails containing confidential attachments, bank credentials, and attorney-client privileged files were illegally exfiltrated.

Despite possessing this critical evidence (and internally documenting the strategy via a June 21, 2018, MMA email from Ben Baker), Debtor sat on it for 18 months. Only after Claimant independently reported the crimes to the FBI (Dallas HQ) did MMA file the state court action against CyberlinkASP (Rogers County District Court, Case No. CJ-2018-205, filed May 24, 2018). MMA then quickly and voluntarily dismissed the action on October 10, 2018, without valid legal reasoning, client authorization, or consent. McClenny explicitly valued this specific litigation at **$100,000,000.00**.

Simultaneously, Debtor actively sabotaged the **$200,000,000.00** PTS Diagnostics trade secret and DTPA action (involving copyrighted software, Sinocare, Abbey Merger Sub, Inc., and possibly Huawei Technologies), converting client corporate assets into private leverage for third-party litigation financing (i.e. specifically utilizing Equal Access Justice Fund, LP / B.E. Blank) rather than prosecuting the claims for Claimant.

**C. The Comprehensive MMA Representation Matrix (Filed and Unfiled Causes):**

Debtor (acting primarily through James McClenny) maintained a systemic, overlapping, and comprehensive scope of representation across Claimant's legal matrix. MMA's internal tracking documents explicitly categorized Claimant's commercial actions under "RICO," "Conspiracy to Defraud," and compared the intellectual property theft to *"Winklevoss vs. Facebook"*. Debtor intentionally bottlenecked, stalled, failed to file, or outright abandoned the following actionable claims:

1. **Vitt 121, Ltd. (Denton County / The Colony):** 4707 State Hwy 121. Claim against Farmers Insurance for 2015 ice/rain storm damage.
2. **General Star Insurance (Berkshire Hathaway):** Roof damage during the sale transition from Robert M. Farrell Development, Ltd. Claim and settlement proceeds suppressed and undisclosed.
3. **Vitt TX, Ltd. (Dallas County / Grand Prairie):** 2010 Libby Lane. Filed August 2, 2017 (Cause No. DC-17-09402, 101st District Court) against Farmers Insurance and Powerjack Foundation Repair.
4. **Vitt TX, Ltd. (Tarrant County / Arlington):** 2702 Shadow Wood Ct. Claim against Farmers Insurance for 2015 storm damage.
5. **Vitt TX, Ltd. (Tarrant County / Fort Worth):** 7240 Normandy Road. Claim identified and retained by MMA but intentionally never filed, allowing limitations to expire.

6. **Tenant Casualty Claim:** Unprosecuted claim regarding a garage ceiling collapse onto a tenant's automobile.
7. **Criminal Policy / E&O Case:** Action against Bill David and TIG Insurance Company for a $65,000 fraudulent check conversion.
8. **Powerjack E&O Case:** Action against Powerjack based on warranty documents and 2015 Farmers claim assignments.
9. **Retaliation Eviction:** Action accepted against JSC Realty and Landlord for retaliatory property eviction practices at 2300 Valley View Lane.

**D. Intentional Abandonment of Property Assets:**

Debtor intentionally stalled or refused to prosecute high-value property damage and bad-faith insurance claims to resolution, paralyzing specific corporate assets including 4707 State Hwy 121 (Vitt 121, Ltd. vs. Farmers/General Star), 2010 Libby Lane (Vitt TX, Ltd. vs. Farmers/Powerjack), 2702 Shadow Wood Ct, 7240 Normandy Rd, and the $65,000 fraudulent check conversion (Bill David / TIG).

**E. The "Duplicative Litigation" Matrix: Seven Unbroken Appellate Chain-Reactions:**

The harm inflicted by Debtor and interconnected actors spans multiple trial courts and fans out across at least seven (7) specific appellate actions, establishing an unbroken chain of legal abuse:

1. **The Family Law & Property Track:** Denton District Court (16-01374-362) **– >** Second Court of Appeals (02-17-00214-CV) **– >** Fifth Court of Appeals (05-17-00828-CV) **– >** Second Court of Appeals (02-23-00308-CV) – > **Texas Supreme Court (24-0583)**.
2. **The Probate & Asset Liquidation Track:** Denton County Probate Court (PR-2017-00521) **– >** Second Court of Appeals (02-23-00452-CV) **– > Texas Supreme Court (24-0594)**.
3. **The Intervenor / Sabotage Track (Vitt v. Jacobs / LAJ):** Denton & Dallas District Court (19-4770-367; DC-19-08160) **– >** Fifth Court of Appeals (05-22-01240-CV) **– > Texas Supreme Court (24-0736)**.

**F. Egregious Attorney Conflicts of Interest (The LAJ Matrix):**

Luwalhati Admana "Lynn" Johnson (LAJ), acting concurrently with the broader enterprise, intentionally compromised Claimant's legal standing after being paid substantial legal fees ($50,000 aggregate, including $15,000 cash deposited directly into her credit union account for the 2017 divorce appeal). LAJ obtained privileged strategic information and weaponized it by intervening *against* her own client across eleven (11) specific trial and appellate dockets:

1. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
2. Vitt (LAJ) Vs Vitt Family Law # 16-01374-362
3. Vitt (LAJ) Vs Vitt FLMM Appeal #05-17-00828-CV
4. Vitt (LAJ) Vs Vitt Probate # PR-17-00521
5. Sanofi Vs Vitt Paid LAJ - No Legal Rep Effort # DC-17-00470

6. McKesson Vs Vitt Paid LAJ - No Legal Rep Effort # DC-18-02981
7. Vitt 121, Ltd (LAJ) Vs RM Farrell # DC-17-04592
8. LAJ Intervening Vs Vitt 121, Ltd Vs RM Farrell # DC-17-16791
9. LAJ Intervening Vs Vitt Vs Jacobs # 19-4770-367
10. LAJ Intervening Vs Vitt Vs Jacobs # DC-19-08160
11. LAJ Intervening Vs Vitt Vs Jacobs - LAJ Vs Appeal #05-22-01240-CV

## III. MANDATE OF JOINT AND SEVERAL LIABILITY

IT IS HEREBY EXPRESSLY ASSERTED AND STATED that the Debtor (MMA Law Firm, PLLC), its past and present managing principals (James M. McClenny, John Zachary Moseley), affiliated co-counsel, other parties of interests (i.e. including but not limited to Ben Baker, Luwalhati "Lynn" Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, Willam Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, ), litigation funders (i.e., EAJF ESQ Fund, LP / B.E. Blank), state actors, and all designated John/Jane Doe (1-1,000) and XYZ/ABC corporate entities are JOINTLY AND SEVERALLY LIABLE for the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3. Claimant is not required to parse or pro-rate damages among co-conspirators; each member of the enterprise is fully responsible for the aggregate harm inflicted.

## IV. THREE-PART OMNIBUS CLAIM STRUCTURE & DAMAGE MATRIX

To preserve legal firewalls while simultaneously maintaining Claimant's universal individual standing across all entities and interests, damages are allocated across three distinct Official Form 410 packages:

| Claim | Primary Creditor / Filer | Baseline Damage | Fundamental Legal Basis |
|---|---|---|---|
| **Claim 1 (Trust Anchor)** | Jeffrey Alan Vitt, Individually; Founder, president, CEO of Vitt, Inc.; and as Beneficiary & Trustee of | **$646,305.06** (Fixed / Liquidated Baseline Floor) | Conversion, Breach of Fiduciary Duty, Misappropriation of Registry Funds if paid. Supported by trapped funds in Denton Bifurcated, Duplication Litigation of Probate Cause No. PR-2017-00521 and Family Law Cause No. |

| | | | |
|---|---|---|---|
| | JAVIT,<br>Pi3.14IT | | 16-01374-362 –Oct. 30, 2018 HUD-1 Settlement Statement. |
| **Claim 2 (Operating Subsidiaries)** | Vitt 121, Ltd., Vitt TX, Vitt OK, PATHCare Medical, Ltd., Flu Shots of Texas, Ltd., Vitt, Inc.,, MediAccess Integrated Technologies, Ltd.; et al. | **$25,000,000.00** (Unliquidated Placeholder / Property Loss) | Legal Malpractice, Breach of Contract, Sabotaged Insurance Claims (Farmers, Gen Star, Guard), allowing unchallenged foreclosures and asset degradation. |
| **Claim 3 (Enterprise RICO)** | Jeffrey Alan Vitt, Individually & Rep. Doe / XYZ Entities | **$325,000,000.00+** (Unliquidated Statutory / Treble / Punitive) | Civil RICO (18 U.S.C. § 1962), Sherman Act, Corporate Espionage, Civil Conspiracy. Anchored by suppression of the $300M+ CyberlinkASP/PTS valuations. |

## V. CAUSES OF ACTION ASSERTED

The Debtor, alongside co-conspirators, own and opposing counsel (including not limited to LAJ, Jack Balderson Jr., Tasker & Balderson, KoonsFuller), litigation funders (i.e. EAJF ESQ Fund, LP / B.E. Blank), and state actors, is **jointly and severally liable** under the following causes of action:

1. **Civil RICO (18 U.S.C. § 1962(c) & (d)):** Participating in and conspiring to conduct an association-in-fact enterprise through a pattern of racketeering activity (wire fraud, mail fraud, obstruction of justice, and extortion).
2. **Sherman Act & Clayton Act Antitrust Violations:** Collusive market division, trade secret suppression, and unlawful restraint of trade.
3. **Gross Legal Malpractice & Breach of Fiduciary Duty:** Sabotaging active claims, suppressing Easttom forensic reports, and abandoning client files.
4. **Fraudulent Concealment & Constructive Fraud:** Withholding unredacted IOLTA ledgers and escrow wire records to conceal illegal fee siphoning.
5. **Deprivation of Rights Under Color of Law (42 U.S.C. § 1983):** Bad-faith coordination with law enforcement and court officers to manufacture standing, execute improper process, and enforce retaliatory orders.
6. **Common Law Civil Conspiracy & Business Disparagement:** Systemic tortious interference with business relationships and prospective economic advantage.

## VI. PROTECTIVE FIREWALL, COMMINGLED HUD-1 BLEED, & THE ABSOLUTE STANDING SHIELD TO AMEND

### A. The Absolute Standing Shield (Frozen Funds & Judicial Mandate):

On April 25, 2019, in Cause No. PR-2017-00521 (Denton County Probate Court), an *Order Abandoning Claims* was entered. This Order explicitly mandates: *"IT IS FURTHER ORDERED, that any beneficiary of the Jeffrey Alan Vitt Irrevocable Trust is not precluded from individually pursuing the matters abandoned herein."*

This absolute judicial order, combined with the **$646,305.06** in funds frozen in registry and verified on the Denton County transaction detail, is directly linked to the fraudulent escrow disbursements executed across the board. Specifically, the October 30, 2018, Strait Lane HUD-1 Settlement Statement reveals massive, unauthorized capital bleeding: Line 506 reflects an **$80,000.00** unremitted American Express deduction, while Lines 1302–1304 reflect a combined **$37,173.20** in unverified attorney fee payouts disbursed outside authorized constraints directly to opposing probate counsel (**Jack Balderson Jr. / Balderson Law; Jeffrey Tasker / Tasker & Balderson; Scott Bodkin / Bodkin Niehaus Dorris & Jolley**), alongside excessive payouts to court-appointed receivers.

### B. The Proof of Commingling:

The fact that the exact same attorneys and professional actors crossed over between the Denton Probate litigation (Cause No. PR-2017-00521) and the Family Law litigation (Cause No. 16-01374-362) to loot the Strait Lane homestead proceeds and probate registry funds serves as undeniable, concrete proof of the enterprise's forced commingling of assets. This operational reality solidifies Claimant's exclusive and undeniable standing to pursue all claims individually across this federal forum.

**C. Exclusive Legal Authority (Anti-Severance):**

Claimant asserts independent and exclusive legal standing over these claims and trust assets. No outside law firm, state court-appointed receiver, or third-party entity possesses the legal authority or jurisdiction to negotiate, settle, sever, or dismiss any portion of this claim.

**D. Absolute Right to Amend & Procedural Duress:**

Pursuant to Fed. R. Bankr. P. 3001, 7015, and 9014, Claimant reserves the absolute, unassailable right to file Amended Proofs of Claim to re-quantify damage figures, substitute true party names for all "John/Jane Doe" placeholders, and perfect specific counts upon the receipt of Rule 2004 discovery productions.

**E. Jurisdictional Reservation:**

No part of this filing waives Claimant's right to launch independent Adversary Proceedings, seek mandatory withdrawal of reference, enforce prior probate orders, or demand a trial by jury.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JEFFREY ALAN VITT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No. 18-CV-493-TCK -JFJ |
| | ) | |
| **KOONS FULLER, P.C., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On September 21, 2018, Plaintiff Jeffrey Alan Vitt, acting *pro se*, filed a Complaint naming 23 defendants, including individuals, law firms, city and county governments, courts and businesses in Oklahoma and Texas. Doc. 1. Plaintiff alleges that he is a citizen of Oklahoma. *Id.* at 2. The Complaint asserts claims against all defendants of:

> Vexatious Litigations, disruption, tortious interference with bad faith, self-gain intentional unethical, illegal and corruption misconducts regardless of merits to them, disadvantage, harass and/or subdue my personal business interests by frivolous legal actions and repetitive, burdensome and unwarranted filing of motions in multiple matters without concern to my constitutional, civil, victim of criminal rights and common laws protections individual and/or collusion pivoting off of 3 felonies of my ex-wife and in the interests of children divorce.

*Id.* at 35. Plaintiff seeks damages "[i]n excess of $4,000,000.00" *Id.* at 34.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Subject matter jurisdiction cannot by conferred by the parties, nor can a defect in subject matter jurisdiction be waived. *Id. see United States v. Cotton*, 535 U.S. 625, 630 (2002). Lack of subject matter jurisdiction may be

raised as a basis of dismissal at any time, either by a party or by the Court, *sua sponte*. *See Bender*, 475 U.S. at 541; Fed. R. Civ. P. 12(h)(3).

Because plaintiff is acting pro se, the Court construes his Complaint liberally and holds it to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a pro se plaintiff must still allege jurisdictional facts sufficient to show that this Court has jurisdiction. *See Harris v. Tulsa 66ers*, 551 Fed. Appx. 451, 451-52 (10nth Cir. 2014 (unpublished) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

In his Complaint, plaintiff has not identified any cause of action based on or created by federal law. Although, as noted above, he makes a general allegation that defendants have acted "without concern to my constitutional rights," he makes no effort to explain how his case arises under any federal law or basis.

Furthermore, it is apparent from a review of the complaint that diversity jurisdiction is lacking. Federal courts have diversity jurisdiction in cases between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S. §1332(a)(1). However, diversity jurisdiction only where there is complete diversity, *i.e.*, "when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 f.2d 461, 463 (10th Cir 1990). Complete diversity is lacking in this case because Plaintiff and many of the named defendants, including his ex-wife, are all citizens of Oklahoma. Doc. 2 at 1, 8.

Construing the allegations of plaintiff's pro se Complaint liberally, the Court finds no federal question from the allegations of the Complaint, and there is no diversity of citizenship.

Accordingly, the court finds no basis to exercise subject matter jurisdiction and this case is hereby dismissed.

ENTERED this 15th day of May, 2019.

TERENCE C. KERN
United States District Judge

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JEFFREY ALAN VITT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-CV-254-JED-FHM** |
| | ) | |
| **CYBERLINK ASP TECHNOLOGY, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

Before the Court are plaintiff's Complaint (Doc. 2), his Motion for Leave to Proceed in Forma Pauperis (Doc. 3), and his Motions for a Temporary Restraining Order (Doc. 4) and Preliminary Injunction (Doc. 5). No service is reflected on the docket, and no defendant has entered an appearance.

In his Complaint, plaintiff names three defendants: (1) Cyberlink ASP Technology, Inc. ("Cyberlink"), a Delaware corporation; (2) Christopher M. Lantrip, a citizen of Texas; and (3) Deborah Faye Vitt, plaintiff's ex-wife, who is a citizen of Oklahoma. (Doc. 2 at ¶¶ 2, 3, 4). Plaintiff asserts that he is also a citizen of Oklahoma. (Doc. 2 at ¶ 1). Plaintiff brings the following causes of action against Cyberlink and/or Mr. Lantrip: breach of contract, actual fraud/constructive fraud/fraud in the inducement, deceit, negligence/gross negligence, violation of Oklahoma's Consumer Protection Act/deceptive trade practices, defamation, harassment and abuse of process, tortious interference with business relations/prospective economic advantage, and breach of fiduciary duty. (*Id.* at ¶¶ 26-59). He then asserts the following causes of action against Ms. Vitt: actual fraud, conversion, and tortious interference with business relations/prospective economic advantage. (*Id.* at ¶¶ 60-68).

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject matter jurisdiction be waived. *Id.*; *see United States v. Cotton*, 535 U.S. 625, 630 (2002). Lack of subject matter jurisdiction may be raised as a basis of dismissal at any time, either by a party or by the Court sua sponte. *See Bender*, 475 U.S. at 541; Fed. R. Civ. P. 12(h)(3). Because plaintiff is acting pro se, the Court construes his Complaint liberally and holds it to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a pro se plaintiff must still allege jurisdictional facts sufficient to show that this Court has jurisdiction. *See Harris v. Tulsa 66ers*, 551 F. App'x 451, 451-52 (10th Cir. 2014) (unpublished) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

First, the Court notes that plaintiff has not identified any cause of action based on or created by federal law. Although he provides a laundry list of federal statutes in paragraph 69 of his Complaint, he makes no effort to explain how his case arises under any of these statutes. Instead, all of the counts asserted in the Complaint are clearly state law claims. As a result, the Court finds no basis to exercise federal question jurisdiction.

It is also apparent that diversity jurisdiction does not exist in this case. Federal courts have diversity jurisdiction in cases between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S. § 1332(a)(1). Diversity jurisdiction attaches only where there is complete diversity, "when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship*

Case 24-… Document 1748-6 Filed in TXSB on 02/26/25 Page 96 of 100

*v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). Here, complete diversity is absent because the plaintiff and Ms. Vitt are both citizens of Oklahoma. (*See* Doc. 2 at ¶ 1, 4).

The court has construed the allegations of the plaintiff's pro se Complaint liberally; however, the Court finds no federal question from the allegations of the Complaint, and there is no diversity of citizenship. Thus, the Court finds no basis to exercise subject matter jurisdiction, and this case is hereby **dismissed**. The Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is **denied**, as are Plaintiff's Motions for a Temporary Restraining Order (Doc. 4) and Preliminary Injunction (Doc. 5). A separate judgment of dismissal will be entered forthwith.

**SO ORDERED** this 14th day of May, 2019.



JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Case 24-31596 Document 1769-8 Filed in TXSB on 09/28/26 Page 97 of 100

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | Case No. 24-31596 (EVR) |
| | § | |
| **Debtor.** | § | |

**DECLARATION OF JOHN ZACHARY MOSELEY IN SUPPORT OF DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 73, 74 and 75**

I, John Zachary Moseley, declare under penalty of perjury pursuant to 28 U.S.C. section 1746 as follows.

1. I am over the age of eighteen years, of sound mind, and fully competent to make this Declaration. I have never been convicted of a felony or a crime involving moral turpitude. Except where stated on information and belief, the facts set forth in this Declaration are within my personal knowledge and are true and correct.
2. I am the managing member of MMA Law Firm, PLLC, (the "Debtor" or "MMA"). I have served in that capacity since the Debtor's bankruptcy case was filed and continue in this capacity.
3. If called upon to testify, I could and would competently testify to the matters set forth in this Declaration.
4. I submit this Declaration in support of the Debtor's Objection to Proof of Claim No. 73, Claim No. 74 and Claim No. 75. Capitalized terms used but not defined in this Declaration have the meanings given to them in the Objection.

5. On April 9, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in this Court.

6. The deadline for filing proofs of claim was August 13, 2024.

7. On July 23, 2026, Mr. Vitt filed Proof of Claim No. 73, individually and as the beneficiary and trustee of the Jeffrey Alan Vitt Irrevocable Trust in the amount of $646,305.06 (**"POC No. 73"**). A true and correct copy of Proof of Claim No. 73, as it appears on the claims register maintained in this case, is attached to the Objection as Exhibit A.

8. On July 23, 2026, **Vitt 121, Ltd.** And Affiliated Entities filed Proof of Claim No. 74 in the amount of $25,000,000.00 (**"POC No. 74"**). Mr. Vitt signed POC No. 74, identifying his title as "individual, founder, president, CEO, beneficiary and trustee". A true and correct copy of Proof of Claim No. 74, as it appears on the claims register maintained in this case, is attached to the Objection as Exhibit B.

9. On July 23, 2026, **Jeffrey Alan Vitt individually and as "person of Interests Representing Doe and XYZ Corp"** filed Proof of Claim No. 75, in the amount of $325,000,000.00 (**"POC No. 75"**). Mr. Vitt signed POC No. 75, identifying his title as "individual, founder, president, CEO, beneficiary and trustee". A true and correct copy of Proof of Claim No. 75, as it appears on the claims register maintained in this case, is attached to the Objection as Exhibit C.

10. Mr. Vitt attached an identical nine-page document titled "Master Omnibus Addendum to Official Form 410 Proofs of Claim" (the **"Addendum"**) to all of The Claims, and asserts that the basis of The Claims is the attached Addendum. A true and correct copy of the Addendum is attached to the Objection as Exhibit D.

11. The Debtor is not a party to Cause No. PR-2017-00521 pending in Denton County Probate Court No. 1, or to Cause No. 16-01374-362 pending in the 362nd Judicial District Court of Denton County, Texas. The Debtor does not hold, and has never held, any funds deposited in the registry of either court.

Executed on July 30, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

____________________________________
John Zachary Moseley
Managing Member, MMA Law Firm, PLLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | Chapter 11 |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | Case No. 24-31596 (EVR) |
| | § | |
| **Debtor.** | § | |

**ORDER SUSTAINING DEBTOR'S OBJECTION TO**
**PROOF OF CLAIM NO. 73**

The Court considered the Debtor's Objection to Proof of Claim No. 73 filed by Jeffrey Alan Vitt (the "Objection"). The Court finds that notice of the Objection was proper and sufficient, that no timely response was filed or that any response filed has been resolved or overruled, and that cause exists to grant the relief requested. It is therefore

**ORDERED** that the Objection is **SUSTAINED**; and it is further

**ORDERED** that Proof of Claim No. 73 is **DISALLOWED** in its entirety.

Signed: ________________________________

_________________________________________
EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY
JUDGE