Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

# Rule 2004 CERTIFICATE OF SERVICE I hereby certify that on August 26, 2026t

1 message

**JAVIT Vitt** <javit2004rule@gmail.com> Wed, Aug 26, 2026 at 2:08 AM
To: jjp@walkerandpatterson.com, Miriam Goott <mgoott@walkerandpatterson.com>

Rule 2004 + Proposed Order - Google Docs

**Counsel for the Debtor:** Johnie Patterson & Miriam Goott Walker & Patterson, P.C. P.O. Box 61301, Houston, TX 77208 jjp@walkerandpatterson.com; mgoott@walkerandpatterson.com

Jeffrey A. Vitt

javit2004rule@gmail.com

539-292-9358

**2 attachments**

- **Rule 2004 - 8-26-26 - Google Docs.pdf**
  249K
- **Rule 2004 - 8-26-26 - Google Docs.pdf**
  249K

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-31596 (EVR)** |
| **MMA LAW FIRM, PLLC,** | § | **CHAPTER 11** |
| Debtor. | § | |

**MOTION OF JEFFREY ALAN VITT FOR EXAMINATION OF JOHN ZACHARY MOSELEY, JAMES M. MCCLENNY, AND THE DEBTOR UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND FOR PRODUCTION OF DOCUMENTS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Claimant Jeffrey Alan Vitt, Individually ("Claimant"), appearing *pro se*, respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1 for an Order authorizing the examination under oath of James M. McClenny, John Zachary Moseley, and the Debtor (through Plan Administrator Allison Byman), and compelling the production of the documentary evidence set forth in Exhibit A. In support of this Motion, Claimant shows the Court as follows:

## I. JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).
2. Claimant holds an active, consolidated priority claim against the Estate (Amended Claim No. 73) totaling $350,646,305.06+.

3. Claimant currently has a pending Motion for Reconsideration Pursuant to Rule 9023 (ECF No. 1670) challenging the validity of the Confirmation Order (ECF No. 1660) based on allegations of extrinsic fraud, evidence suppression, and unauthorized fiduciary conversions.
4. Although Local Rule 2004-1 encourages pre-filing agreements on examination schedules, the extreme adversarial posture of this case, the Debtor's refusal to confer with Claimant, the involvement of third-party criminal defense counsel, and the severe allegations of fiduciary breach make mutual agreement impossible, necessitating this Court's intervention.

## II. SCOPE OF RULE 2004 EXAMINATIONS

5. Federal Rule of Bankruptcy Procedure 2004(b) provides that an examination may relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."

6. Courts in the Fifth Circuit recognize that the scope of a Rule 2004 examination is "unfettered and broad." It is intended to be a legitimate "fishing expedition" designed to discover assets, unearth frauds, and verify the true liabilities of the estate. *See In re GHR Energy Corp.*, 33 B.R. 451 (Bankr. D. Mass. 1983).

## III. GROUNDS FOR EXAMINATION AND DOCUMENT PRODUCTION

7. The requested examinations and documents are critical to uncovering the true financial liabilities of the Debtor and the extent to which the enterprise weaponized Claimant's assets. Claimant seeks broad inquiry into the following categories, dating back to 2015, prior to the Debtor's formal corporate filing with the Texas Secretary of State:

- **Pre-Formation Communications (2015-May 2016):** Examination regarding early communications and meetings with James McClenny and John Zachary Moseley while they were employed at the Voss Law Firm, establishing the foundational knowledge of Claimant’s assets prior to the May 2016 formal entity incorporation of MMA Law Firm, PLLC.
- **The Suppressed Forensics & CybASP:** Examination into the Debtor’s intentional suppression and failure to act upon the Dr. William C. Easttom II digital forensics report and the 86-second admission recordings regarding the CyberlinkASP data breaches.
- **PTS Diagnostics & Intellectual Property:** Inquiry into the Debtor’s knowledge, handling, and valuation of Claimant’s trade secrets and software vision (PTS Diagnostics/Sinocare), which the Debtor internally analogized to the "Winklevoss" litigation.
- **Real Estate Sabotage & The Carrier Conviction Nexus:** Examination regarding the intentional abandonment of property insurance claims (e.g., 4707 Hwy 121, 2010 Libby Lane, 2702 Shadow Wood Ct, 10 Acres Claremore, OK, 2.5 Acres Claremore, OK, 3.5 Acres Collinsville, OK), and the Debtor's direct knowledge of the fraudulent October 30, 2018 Strait Lane HUD-1 settlement disbursements involving Paradise Settlement

Services, LLC, Charles Carrier, C&C Residential, Darla Buehler, Stephanie Askew, Jack Balderson, Jr., Bruce McFarling, and Scott Hickey.

- **All Matters Filed and Unfiled (Direct & Indirect):** Any and all communications, legal and other research, legal strategy, work product, or involvement associated in any way—in person, orally, written, text, or electronically—directly or indirectly, regarding Jeffrey A. Vitt individually, his personal affairs, his family, his businesses, his entities, and his irrevocable trust interests.
- **IOLTA Ledgers & Litigation Funding:** Compelled production of unredacted IOLTA bank ledgers and wire transfer metadata to trace the settlement funds, and the disclosure of all litigation funding agreements (e.g., Equal Access Justice Fund, LP / EAJF).
- **The Crime-Fraud Exception:** To the extent the examinees assert attorney-client or joint-defense privilege, Claimant asserts that the Crime-Fraud Exception applies. The Debtor's fiduciaries actively engaged in the suppression of evidence, unconsented dismissals, and the concealment of wire metadata to further an ongoing fraud.

**IV. PRAYER** WHEREFORE, Claimant Jeffrey Alan Vitt respectfully requests that the Court enter an Order:

A. Authorizing the Rule 2004 Examination of James M. McClenny, John Zachary Moseley, and the Plan Administrator on dates to be scheduled by the Court or by subpoena;

B. Compelling the examinees to produce the documents requested in **Exhibit A** within fourteen (14) days;

C. Overruling any prospective assertions of attorney-client privilege over accounting ledgers, work product, and settlement distributions under the Crime-Fraud Exception; and

D. Granting such other and further relief as is just and proper.

Date: August 26, 2026

Respectfully submitted,

______________________________

Jeffrey Alan Vitt, Individually
12791 S. 4230 Road - Chelsea, OK 74016
539-292-9358
javit2004rule@gmail.com
*Pro Se Claimant*

**CERTIFICATE OF SERVICE** I hereby certify that on August 26, 2026, a true and correct copy of the foregoing Motion and all attached exhibits were served electronically via the Court's CM/ECF/EDSS system and by email upon the following parties in interest:

**Counsel for the Debtor:** Johnie Patterson & Miriam Goott Walker & Patterson, P.C. P.O. Box 61301, Houston, TX 77208 jjp@walkerandpatterson.com; mgoott@walkerandpatterson.com

**Counsel for the Official Committee of Unsecured Creditors:** Nicholas R. Lawson & Avi Moshenberg Lawson & Moshenberg PLLC 2301 Commerce Street, Suite 200, Houston, TX 77002 Nick.Lawson@lmbusinesslaw.com; Avi.Moshenberg@lmbusinesslaw.com

**Plan Administrator:** Allison Byman 7924 Broadway, Suite 104, Pearland, TX 77581 adb@bymanlaw.com

**Office of the United States Trustee:** Region 7 515 Rusk Ave, Ste 3516, Houston, TX 77002 ustpregion07.hu.ecf@usdoj.gov; andrew.jimenez@usdoj.gov

Date: August 26, 2026

Respectfully submitted,



Jeffrey Alan Vitt, Individually
12791 S. 4230 Road - Chelsea, OK 74016
539-292-9358
javit2004rule@gmail.com
*Pro Se Claimant*

**EXHIBIT A: SCHEDULE OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION (ESI) TO BE PRODUCED**

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and 9016, the Examinees (James M. McClenny, John Zachary Moseley, Ben Baker, and MMA Law Firm, PLLC) shall produce the following Electronically Stored Information (ESI), physical documents, and communications.

**I. DEFINITIONS FOR PRODUCTION:**

1. **"Communications"** includes all emails, SMS text messages, iMessages, WhatsApp messages, Signal messages, Slack messages, call logs, calendar invites, voicemail transcripts, and any and all other methods of communication.
2. **"Devices"** includes all MMA Law Firm, PLLC corporate servers, desktops, and laptops, as well as all personal devices (including personal cell phones, tablets, and private email accounts such as Gmail, Yahoo, or iCloud) utilized by the Examinees for any communications related to the matters herein.
3. **"Client File Ownership"** Under Texas law (*In re George*, 28 S.W.3d 511), the complete client file belongs to the client. Examinees are strictly prohibited from withholding any internal firm communications, legal strategies, attorney notes, or "work product" regarding the handling of Claimant's interests under the guise of attorney-client privilege.
4. **"Claimant's Affiliated Interests"** means, collectively and exhaustively, including but not limited to the following individuals, trusts, corporate entities, and assumed names (DBAs): Jeffrey A. Vitt, Deborah Faye Vitt, Haven Dawn Redinger, Carlie Danielle Vitt, Joseph Carter Vitt; Flu Shots of Texas, LTD., Jeffrey Alan Vitt Irrevocable Trusts, MediAccess Integration Technologies, LTD., PATHCare Medical, LTD., PersonalizedH20, LTD., Pi.314 Irrevocable Trusts, SMG Star Medical Group 2, LLC., Texas Family & Occupational Health Services, LTD., Texas Family & Occupational Health Services I, INC., Vitt 121, LTD., Vitt Health, LLC., Vitt Holdings & Development, LLC, Vitt, INC., Vitt IP Holdings, LLC., Vitt OKTX, LLC., Vitt OK, LP., Vitt TX, LTD.; and including but not limited to Sole Proprietorships/DBAs including Asset Recovery Systems, Neighborhood Occupational & Family Practice Network, Recovery Services of America, Flu Shots of America, ProPrev Health, PATHCare - Personal Access To Health, PATHCare, and Star Medical Group.

**II. CATEGORIES OF PRODUCTION:**

1. **The Complete, Unredacted Client Files, Work Product & Unfiled Matters:** The entire, unredacted legal files, including all attorney work product, internal strategic memos, research, and communication logs, relating directly or indirectly to any cases, whether civil or criminal, filed or unfiled, regarding the representation or involvement of Claimant's Affiliated Interests.
2. **Voss Law Firm Era, Pre-Formation & Post-Formation Records (2015-Present):** All Communications between James M. McClenny, John Zachary Moseley, Ben Baker, and Jeffrey Alan Vitt dating from January 1, 2015, through the present, encompassing all knowledge and valuations of Claimant's assets made prior to the formal incorporation of

MMA Law Firm, PLLC, and any and all other direct and indirect entities, trusts, associations, contracts, agreements, or interest assessment, consideration of any kind, in any state, rather implemented or not from May 2016 to the present.

3. **Third-Party & "Shadow" Communications:** All Communications directly or indirectly associated with Claimant's Affiliated Interests, between the Examinees and any third-party attorneys, law firms, receivers, or municipal, city, county, state, or federal entities or adverse parties, explicitly including but not limited to: Luwalhati "Lynn" Admana Johnson (LAJ), R. Scott Alagood, Ian Ghrist, William Neal, Jack Balderson Jr., Stephanie Askew, Darla Buehler, KoonsFuller, McAfee & Taft, Taft Stettinius & Hollister, McGuire, Craddock & Strother, Talley, Turner, Stice & Bertman, and Goranson Bain Ausley, etc.
4. **Forensics, Data Breach, & Sabotage Directives:** All internal MMA Communications, work product, and external communications referencing CyberlinkASP, CyberlinkUSA, Chris Lantrip, Dr. William C. Easttom II, the suppression of digital forensic reports, and the legal strategy or decisions including but not limited to the *Cyberlink ASP Technology, Inc. and Christopher M. Lantrip vs. Jeffrey Alan Vitt* Denton County retaliatory action (Case No. 17-8915-431) and the unconsented dismissal of the Rogers County action (Case No. CJ-2018-205).
5. **PTS Diagnostics & Intellectual Property Valuations:** All Communications, valuations, research, strategic memos including but not limited to all awareness, involvement, case consideration or filing, work product, valuations, notes, strategic memos, settlement negotiations, discussions, and assessments regarding Claimant's healthcare integration trade secrets, PTS Diagnostics, Sinocare, and any internal firm comparisons of Claimant's intellectual property to the "Winklevoss" litigation.
6. **General Knowledge, Case Intake & Unfiled Matters (Accepted or Declined):** All internal and external Communications of MMA, McClenny, Moseley, Baker, or any direct, contract, or associated employee, attorney, or firm referencing Claimant's Affiliated Interests—whether legal representation was ultimately accepted or declined—from the initial introduction contact. This includes but not limited to all awareness, involvement, case consideration or filing, work product, valuations, notes, strategic memos, settlement negotiations, discussions, and assessments.
7. **IOLTA Ledgers, Wire Metadata & Commingled Funds:** Complete, unredacted accounting ledgers, IOLTA trust account statements, and wire transfer metadata (including sender/receiver IP addresses) for all funds received, held, or disbursed by MMA Law Firm, PLLC, Paradise Settlement Services, LLC, Christopher McLucas, Charles Carrier, or C&C Residential relating to the October 30, 2018 Strait Lane HUD-1 closing and the Denton County Probate/Receivership distributions.
8. **Litigation Funding & Collateralization:** Unredacted copies of all litigation funding research, introductions, exploring or engaged interests, agreements, prospectuses, risk analyses, and communications between the Examinees and litigation funders including Equal Access Justice Fund, LP (EAJF), EAJF ESQ Fund, LP, B.E. Blank, or any other private equity, litigation funder, or financial support interest. Examinees must produce all schedules that identify whether any assets belonging to Claimant's Affiliated Interests were named, leveraged, or offered as collateral or risk-assets to any third party.