IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | **§** | **Chapter 11** |
| **MMA Law Firm, PLLC** | **§** | **Case No. 24-31596** |
| **Debtor** | | |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 75
FILED BY JEFFREY ALAN VITT**

**THIS OBJECTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE OBJECTION, YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE OBJECTING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE OBJECTING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 30 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE OBJECTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE OBJECTION AT THE HEARING.**

MMA Law Firm, PLLC (the **"Debtor"**), files this objection (the **"Objection"**) to Proof of Claim No. 75 filed by Jeffrey Alan Vitt (**"Mr. Vitt"**) and respectfully states as follows.

## BACKGROUND

1. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 9, 2024 (the **"Petition Date"**).

2. On July 23, 2026, Mr. Vitt, individually and as beneficiary and trustee of the Jeffrey Alan Vitt Irrevocable Trust, filed Proof of Claim No. 73 in the amount of $646,305.06 ("POC No. 73"). (Exhibit A)

3. On July 23, 2026, a proof of claim was filed in the name of Vitt 121, Ltd. and affiliated Entities in the amount of $25,000,000.00 ("POC No. 74"). Mr. Vitt signed POC No. 74. (Exhibit B)

4. On July 23, 2026, Mr. Vitt, individually and as "person of Interests Representing 'Doe' and XYZ Corp," filed Proof of Claim No. 75 in the amount of $325,000,000.00 ("POC No. 75"). Mr. Vitt signed POC No. 75, identifying his title as "Individual, Founder, President & CEO, Beneficiary & Trustee" and identifying the company as "Jeffrey Alan Vitt Irrevocable Trusts, All Entities, Individual, All Interests." (Exhibit C)

5. POC No. 73, POC No. 74, and POC No. 75 are collectively referred to as the "Claims."

6. The Debtor is contemporaneously filing separate objections to POC No. 73 and POC No. 74.

**The Addendum**

7. Mr. Vitt attached an identical nine-page document titled "Master Omnibus Addendum to Official Form 410 Proofs of Claim" (the "Addendum") to each of the Claims, and states at line 8 of POC No. 75 that the basis of the claim is the Addendum. (Exhibit D)

8. The Addendum is difficult to parse or comprehend.

9. The Debtor does not represent that the following summary is complete. As the Debtor understands it, Mr. Vitt asserts that he was a client of the Debtor in connection with a portfolio of commercial and property damage matters held individually and through approximately fifteen affiliated entities and trusts. The Addendum appears to allege that the Debtor suppressed a digital forensics report, diverted trade secrets, and failed to prosecute insurance claims. The Addendum further asserts grievances arising from a 2017 Denton County divorce proceeding, a

related Denton County probate proceeding, and the conduct of Mr. Vitt's former counsel, opposing counsel, and receivers appointed in those proceedings, none of whom is the Debtor.

10. The Addendum contains a table allocating damages across three parts. The table describes the amount asserted in POC No. 75 as "Unliquidated Statutory / Treble / Punitive" and states that it is "Anchored by suppression of the $300M+ CyberlinkASP/PTS valuations."

**Similar Pleadings Filed in Other Cases**

11. Mr. Vitt has previously presented substantially the same grievances to other courts. On September 21, 2018, Mr. Vitt filed a pro se complaint in the United States District Court for the Northern District of Oklahoma naming twenty-three defendants, including individuals, law firms, city and county governments, courts, and businesses in Oklahoma and Texas, and seeking damages "[i]n excess of $4,000,000.00." *Vitt v. Koons Fuller, P.C.*, No. 18-CV-493-TCK-JFJ (N.D. Okla.). Among the defendants was KoonsFuller, one of the law firms identified in the Addendum as a participant in the conduct underlying the Claims. The court dismissed the complaint *sua sponte* for lack of subject matter jurisdiction on May 15, 2019, finding no cause of action arising under federal law and no complete diversity of citizenship. A copy of the order is attached as Exhibit E.

12. In a separate action, Mr. Vitt asserted for himself the CyberlinkASP claim that the Addendum identifies as the anchor of the damages asserted in POC No. 75. In *Vitt v. Cyberlink ASP Technology, Inc.,* No. 19-CV-254-JED-FHM (N.D. Okla.), Mr. Vitt filed a *pro se* complaint against Cyberlink ASP Technology, Inc. and Christopher M. Lantrip asserting nine causes of action arising from the same conduct described in the Addendum, together with three causes of action against his former spouse. Mr. Vitt moved for leave to proceed in *forma pauperis* and for a temporary restraining order and preliminary injunction. On May 14, 2019, that court dismissed the

action *sua sponte* for lack of subject matter jurisdiction, again finding no federal question and no complete diversity because Mr. Vitt and his former spouse were both citizens of Oklahoma, and denied the remaining motions. No defendant was ever served or appeared. A copy of the order is attached as Exhibit F.

13. The Debtor does not contend that either dismissal is preclusive, because both rest on jurisdiction rather than the merits. The orders are relevant for two reasons. First, they establish that Mr. Vitt personally pursued the CyberlinkASP claim that anchors POC No. 75, and that the dismissal of his own action was for reasons unrelated to any act or omission of the Debtor. Second, they establish that the grievances underlying the Claims have been presented in escalating form across multiple forums over eight years, growing from a demand in excess of $4,000,000.00 in 2018 to a demand in excess of $350,000,000.00 in 2026, without supporting documentation at any stage.

14. To the extent a response to the factual allegations of POC No. 75 and the Addendum is required, the Debtor denies each of them. (Exhibit G)

**<u>LEGAL STANDARD</u>**

15. A filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. section 502(a). Upon objection, the Court must determine the amount of the claim as of the date of the filing of the petition and shall disallow the claim to the extent it is unenforceable against the debtor or property of the debtor under applicable law, 11 U.S.C. section 502(b)(1), or to the extent the claim was not timely filed, 11 U.S.C. section 502(b)(9).

16. A proof of claim is prima facie evidence of the validity and amount of the claim only if it is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure. Fed.

R. Bankr. P. 3001(f). Where a claim is based on a writing, a copy of the writing must be filed with the claim. Fed. R. Bankr. P. 3001(c)(1).

**<u>OBJECTIONS</u>**

**A. POC No. 75 Was Filed Almost Two Years After the Bar Date and Must Be Disallowed Under Section 502(b)(9).**

17. The Court fixed August 13, 2024 as the last date for filing proofs of claim in this case (the "Bar Date").

18. POC No. 75 was filed on July 23, 2026, which is 709 days after the Bar Date. The claim is untimely on its face and must be disallowed under 11 U.S.C. section 502(b)(9).

19. POC No. 75 does not relate back to any earlier filing. At line 4 of POC No. 75, the answer to the question whether the claim amends one already filed is "No." There is no earlier claim of this claimant on the register to which POC No. 75 could attach.

**B. POC No. 75 Attaches No Supporting Documentation and Is Not Entitled to Prima Facie Validity.**

20. At line 8, POC No. 75 states that the basis of the claim is the "Attached Master Omnibus Addendum." The Addendum is argument, not documentation. It expressly relies on writings that it does not attach, including a digital forensics report attributed to Dr. William C. Easttom II, a June 21, 2018 internal electronic mail message, unspecified server logs and bank wire metadata, and unspecified litigation funding prospectuses.

21. Rule 3001(c)(1) required the claimant to file copies of the writings on which the claim is based. None were filed. POC No. 75 therefore carries no presumption of validity under Rule 3001(f), and the burden of producing evidence rests entirely on the claimant.

22. The Addendum states that the claimant is unable to quantify his damages until he receives discovery under Bankruptcy Rule 2004, and the Addendum's own damage table describes the amount asserted in POC No. 75 as unliquidated. The figure of $325,000,000.00 is derived by trebling an asserted valuation that the Addendum attributes to a third party and supports with no document. The Court cannot determine the amount of the claim as section 502(b) requires.

**C. "Doe" and "XYZ Corp" Are Not Creditors and Mr. Vitt Cannot File on Their Behalf.**

23. Line 1 of POC No. 75 identifies the creditor as "Jeffrey Alan Vitt, Individually and as person of Interests Representing 'Doe' and XYZ Corp."

24. A proof of claim must be filed by or on behalf of an identified creditor holding a right to payment. Fictitious designations identify no person, no right to payment, and no amount. To the extent POC No. 75 purports to assert claims on behalf of John and Jane Does 1 through 1,000, XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, or Fictitious Business Entities 1 through 1,000, it asserts nothing the Court can allow.

25. To the extent POC No. 75 purports to assert claims on behalf of identifiable business entities, Mr. Vitt is not an attorney and may not prosecute this contested matter on their behalf. An objection to a proof of claim is a contested matter governed by Bankruptcy Rule 9014, and an artificial entity may appear in the courts of the United States only through licensed counsel.

**D. The Civil RICO Claim Is Time Barred.**

26. A civil claim under the Racketeer Influenced and Corrupt Organizations Act is governed by a four-year limitations period and each act attributed to the Debtor for which the Addendum supplies a date occurred between 2015 and 2019. The Addendum pleads Mr. Vitt's own actual knowledge as of 2018, including that he independently identified and funded the

forensic investigation, that he reported the underlying conduct to the Federal Bureau of Investigation in Dallas, and that the state court action was voluntarily dismissed on October 10, 2018. He filed his own action on the same subject matter in 2019. The limitations period expired years before the Petition Date.

**E. The Addendum Does Not Plead the Elements of a Civil RICO Claim.**

27. A civil RICO claim under 18 U.S.C. section 1962(c) requires a person distinct from the enterprise, a pattern of racketeering activity consisting of at least two related predicate acts posing a threat of continued criminal activity, conduct of the affairs of the enterprise through that pattern, and injury to business or property proximately caused by the violation.

28. The Addendum names as the enterprise the same collection of persons it names as defendants, and does not identify any enterprise distinct from the alleged participants. It identifies no specific predicate act, no date, no speaker, and no misrepresentation. Where predicate acts sound in fraud, they must be pleaded with particularity under Rule 9(b), made applicable by Bankruptcy Rule 7009. The Addendum's references to wire fraud, mail fraud, obstruction of justice, and extortion are conclusions unaccompanied by any factual allegation identifying a specific communication.

29. The Addendum also fails to plead proximate cause. The injuries it describes are the outcomes of state court proceedings in which the Debtor was not a party, and losses on insurance claims held by entities that are not the claimant.

**F. The Debtor Is Not a State Actor and the Section 1983 Claim Fails.**

30. A claim under 42 U.S.C. section 1983 requires conduct under color of state law. The Debtor is a private law firm. A private party's participation in litigation, including invoking

the processes of a state court, does not convert that party into a state actor. The Addendum pleads no facts establishing that the Debtor acted under color of state law.

**G. The Antitrust Claims Fail.**

31. A claim under the Sherman Act requires a relevant product and geographic market, an agreement or conduct restraining trade in that market, and antitrust injury of the type the antitrust laws were intended to prevent. The Addendum defines no market, identifies no agreement, and describes no harm to competition as distinguished from harm to the claimant. Neither the Sherman Act nor the Clayton Act creates a remedy for the alleged mishandling of a client's litigation.

**H. Portions of POC No. 75 Assert Liability of Parties Other Than the Debtor.**

32. A claim is a right to payment from the debtor. 11 U.S.C. section 101(5)(A).

33. The Addendum asserts joint and several liability against a long list of persons and firms who are not the Debtor, including Luwalhati Johnson, Ian Ghrist, R. Scott Alagood, Phil Burleson, William Neal, James F. Kelly, Kathy Neal, Jack Balderson Jr., Jeff Tasker, Scott Bodkin, Charla Bradshaw, Stephanie Askew, Darla Buehler, Charles Carrier, C&C Residential, Jerry Pomposelli, Ben Baker, KoonsFuller, Tasker & Balderson, Equal Access Justice Fund, B.E. Blank, unidentified receivers, unidentified state actors, and fictitious parties designated as John and Jane Does 1 through 1,000, XYZ Corporations 1 through 1,000, ABC LLCs 1 through 1,000, and Fictitious Business Entities 1 through 1,000.

34. To the extent POC No. 75 seeks recovery from any of those persons or entities, it asserts no right to payment from this Debtor and must be disallowed. The same is true of the allegations directed at James M. McClenny and John Zachary Moseley in their individual capacities.

**I. POC No. 75 Overlaps With POC No. 73 and POC No. 74 and Is Not Allocated Among Them.**

35. All three of the Claims attach the identical Addendum, and the Addendum does not allocate distinct injuries among them. It states instead that every party it names is jointly and severally liable for "the entirety of all direct, consequential, statutory, treble, and punitive damages asserted across Claims 1, 2, and 3," and that the claimant "is not required to parse or pro-rate damages among co-conspirators." The references to Claims 1, 2, and 3 are the claimant's own designations for the three parts of his damage table and do not correspond to the claim numbers assigned on the claims register in this case.

36. POC No. 73 and POC No. 75 are each signed by Mr. Vitt and each identify the company on whose behalf they are filed as "Jeffrey Alan Vitt Irrevocable Trusts, All Entities, Individual, All Interests." By their own terms, POC No. 73 and POC No. 75 are filed on behalf of the same person and the same collection of interests, and each seeks the whole of a single asserted loss.

37. Even if some part of the theory asserted in POC No. 75 survived the defects identified above, it could not be allowed alongside POC No. 73 and POC No. 74 without permitting duplicative recovery from the estate.

## PRAYER AND RELIEF REQUESTED

For the reasons stated above, the Debtor respectfully requests that the Court enter an order (i) sustaining this Objection, (ii) disallowing Proof of Claim No. 75 in its entirety, and (iii) granting the Debtor such other and further relief as is just.

Case 24-31596 Document 1748 Filed in TXSB on 07/30/26 Page 10 of 10

Respectfully submitted,

**WALKER & PATTERSON, P.C.**

By: */s/ Miriam T. Goott*
Miriam T. Goott
Texas Bar No. 24048846
4815 Dacoma Street
Houston, Texas 77092
Telephone:713-956-5577
mgoott@walkerandpatterson.com
COUNSEL FOR THE DEBTOR

**CERTIFICATE OF SERVICE**

I certify that on July 30, 2026, a true and correct copy of the foregoing, was served by United States first class mail, postage prepaid, and by electronic mail, upon the person most recently designated on Claim No. 75 as the person to receive notices, as follows:

Jeffrey Alan Vitt
12791 S. 4230 Road
Chelsea, Oklahoma 74016
justiceiceice@icloud.com
andajustice4all@icloud.com
javit2004rule@gmail.com

A copy was also served upon all parties receiving electronic notice in this case through the Court's CM/ECF system.

*/s/ Miriam T. Goott*
Miriam T. Goott