**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 (EVR) |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S RESPONSE IN OPPOSITION TO JEFFREY ALAN VITT'S EMERGENCY APPLICATION FOR IMMEDIATE JUDICIAL INTERVENTION, STATUS CONFERENCE, AND TEMPORARY ABATEMENT OF SEPTEMBER 29–30, 2026 PROCEEDINGS**

[Relates to ECF Nos. 1744 and 1745]

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), acting for the Reorganized Debtor under Sections 5.4 and 5.5 of the confirmed Plan, files this response in opposition to the Emergency Application for Immediate Judicial Intervention, Status Conference, and Temporary Abatement of September 29–30, 2026 Proceedings [ECF No. 1744] (the **"Application"**) and the supporting Declaration [ECF No. 1745] filed by Jeffrey Alan Vitt, and respectfully shows as follows:

## I. SUMMARY

The Application is Mr. Vitt's latest attempt to stop this case from moving forward. Filed at 7:30 a.m. on the day before the September 29, 2026 hearing, it asks the Court, without a hearing, without evidence, and without any attempt to confer, to freeze every proceeding in this case for 45 days, to order the Clerk to change his CM/ECF permissions, to disqualify the Plan Administrator's counsel, and to grant him "broad, sweeping, and retroactive leave" to rewrite every filing and proof of claim he has ever made. None of that relief is available on this record.

The Application admits that Mr. Vitt did not confer. It identifies no emergency. It offers no evidence that a 45-day stay is needed, while the harm to creditors from delaying settlements that bring money into the estate is concrete. Its request to disqualify counsel is procedurally improper, is brought by a party with no standing to raise it, and attacks an arrangement that the Plan expressly provides for and that this Court approved when it confirmed the Plan. The Application should be denied in its entirety.

## II. BACKGROUND

1. On August 5, 2026, after a two day evidentiary hearing, the Court confirmed the Third Amended Joint Plan of Liquidation [ECF No. 1648] (the "Confirmation Order" and the "Plan"). The Effective Date occurred on August 20, 2026 [ECF No. 1669]. Mr. Vitt's Application misidentifies the Confirmation Order as "Doc. 1660," which is the BNC certificate of mailing.

2. On the Effective Date, "[a]ll management authority shall vest exclusively in the Plan Administrator," who "shall succeed to all rights and powers of the Debtor-in possession." Plan §§ 5.4, 5.5. The Plan also provides that Walker & Patterson, P.C., bankruptcy counsel for the Debtor, "shall continue to be employed pursuant to the terms previously approved by the Court." Plan § 2.2.3; see also Plan § 1.1.62 (Walker & Patterson as special litigation counsel to the Estate).

3. Mr. Vitt filed Proofs of Claim Nos. 73, 74, and 75 on July 23, 2026, nearly two years after the August 13, 2024 bar date. Claim 73 asserts $646,305.06; Claim 74, filed in the name of Vitt 121, Ltd. and affiliated entities, asserts $25,000,000; Claim 75 asserts $325,000,000. The Debtor objected to all three on July 30, 2026 [ECF Nos. 1609, 1611, 1612], and the Court set the objections for a scheduling conference on October 13, 2026 [ECF No. 1733].

4. Mr. Vitt's filing history in this case includes an application to proceed without prepaying fees that the Court struck [ECF No. 1726]; a motion for reconsideration that the Court

struck for failure to comply with the Local Rules [ECF Nos. 1673, 1678]; two further reconsideration motions [ECF Nos. 1676, 1697]; a Rule 2004 motion filed without conferring [ECF No. 1677]; a PACER fee application [ECF No. 1604]; and a motion for expedited ruling [ECF No. 1718]. Those matters are set for hearing on September 30, 2026.

5. On September 9, 2026, the Court granted Mr. Vitt CM/ECF filing access through a creditor account [ECF No. 1713]. On September 10, he consented to receive electronic notice of every filing and acknowledged that he may view each document once without charge [ECF No. 1717]. Since then he has filed three documents, including the Application itself.

6. The Rule 9019 motions set for September 29, 2026 [ECF Nos. 1689, 1690, 1706, 1707, 1708] were filed on August 29, 2026 and September 4, 2026 (the **"9019 Motions"**). None of the 9019 Motions were filed on an emergency basis. If the 9019 Motions are approved by this Court, the estate will be entitled to receive in excess of $1.1 million.

7. Mr. Vitt filed the Application and Declaration through the Court's electronic document submission system at 7:30 a.m. on September 28, 2026 [ECF No. 1744-2]. His certificate of conference states that "formal conferral regarding this Emergency Application was not conducted." ECF No. 1744 at 6.

## III. ARGUMENT

### A. The Application does not comply with the rules that govern every movant, including pro se movants.

8. Mr. Vitt admits he did not confer. ECF No. 1744 at 6. He excuses that failure by asserting that the relief is "inherently opposed." That is not an exception to the conference requirement; it describes every contested motion. Mr. Vitt failed to comply with BLR 9013-1

conference and emergency certification subsections and the Application lacks the BLR 9013-1(b) notice language, the defect for which the Court struck Mr. Vitt's prior motion at ECF No. 1670.

9. The Application also does not identify a genuine emergency. The matters set for September 30 are Mr. Vitt's own motions. A party cannot manufacture an emergency by waiting until the morning before a hearing to ask that it be cancelled.

10. Mr. Vitt is entitled to have his filings read with some latitude as a pro se litigant, but "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). This Court has already enforced those rules against him twice [ECF Nos. 1673, 1726]. The Application repeats the same pattern.

**B. Mr. Vitt has not shown any basis to stay the entire case for 45 days.**

11. In deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. at 254-55 (1936). That party must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." Id. at 255. The court must weigh several factors, including "(1 the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Cmax, Inc. v. Hall,* 300 F. 2d 265, 268 (9th Cir. 1962)(citing *Landis*,299 U.S. at 254-55).

12. **The harm to creditors is real.** The 9019 Motions set for September 29, 2026 will bring in excess of $1.1 million into the estate for distribution under a confirmed plan. Every week

of delay postpones those recoveries and increases administrative expense. A blanket stay would also halt the claim objection process for Mr. Vitt's own claims, which he says he wants resolved.

13. **His claimed hardships do not hold up.** Mr. Vitt's CM/ECF assertions is an administrative matter between him and the Clerk under the Court's September 9 order; it has not prevented him from filing, as the Application itself shows. He receives electronic notice of every filing [ECF No. 1717]. His wish to retain counsel does not require a stay; he has been involved in this case for months and has been free to hire a lawyer at any time.

14. **Vitt cannot represent an entity.** Mr. Vitt, who is not a lawyer, cannot "absorb" into his individual claim the $25 million claim filed in the name of Vitt 121, Ltd., an entity that can appear only through counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993). The reference to criminal proceedings involving Richard William Huye III identifies no connection to any matter set for hearing, and the Declaration offers none.

15. **The authorities he cites support going forward.** *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), sets the standard this Court will apply when it evaluates the Rule 9019 settlements on September 29. It is not a reason to postpone that evaluation. *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024), concerns nonconsensual releases of third parties in a chapter 11 plan; it has nothing to do with settlements of estate claims under Rule 9019, and Mr. Vitt's joinder in the U.S. Trustee's objections to third party releases was overruled when the Court confirmed the Plan [ECF Nos. 1645, 1648].

**C. The request to disqualify the Plan Administrator's counsel is improper and baseless.**

16. **It cannot be granted on this record.** Mr. Vitt asks the Court to disqualify counsel the day before two hearings, by emergency motion, without a hearing, and without evidence. Furthermore, the Plan vests all management authority in the Plan Administrator and continues Walker & Patterson's Court approved employment. The Court found that all payments for services and the identity of the Plan Administrator were fully disclosed. The Confirmation Order binds Mr. Vitt. He did not raise this issue before confirmation and cannot collaterally attack the Plan now. Finally, there is no conflict. The Plan Administrator manages the Reorganized Debtor; counsel for the Reorganized Debtor necessarily takes direction from her. Their interests are the same. Walker & Patterson does not represent Mr. McClenny or Mr. Moseley. Walker & Patterson was employed by Court order with the disclosures Rule 2014 requires, and the Plan continues that employment. Mr. Vitt identifies no undisclosed connection, and none exists. His invocation of Texas Disciplinary Rules 3.01 and 3.04 rests on nothing more than his objection to hearings being held on schedule.

**D. The request for "broad, sweeping, and retroactive leave" to amend everything should be denied.**

17. Mr. Vitt asks for blanket permission to "amend, supplement, modify, and refile any and all prior proofs of claim, pleadings, responses, discovery positions, and evidentiary compendiums," without prejudice or waiver. No rule authorizes an advance, unlimited license of that kind. Any request to amend a particular filing must be made by motion, on notice, under the standards that apply to that filing, including the limits on amending proofs of claim after the bar date. Granting the request would also invite exactly the disorder Mr. Vitt says he wants to avoid.

## IV. CONCLUSION

The Plan Administrator respectfully requests that the Court deny the Application in its entirety, and grant such other relief as is just.

Dated: September 28, 2026.

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: */s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, TX 77208
(713) 956-5577
mgoott@walkerandpatterson.com
COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR FOR MMA LAW FIRM, PLLC

## CERTIFICATE OF SERVICE

I certify that on September 28, 2026, a true and correct copy of this response and the proposed order was served through the Court's CM/ECF system on all parties registered to receive electronic notice, and by email on Jeffrey Alan Vitt at javit2004rule@gmail.com.

*/s/ Miriam T. Goott*
Miriam T. Goott