**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596 (EVR)** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S EMERGENCY MOTION TO VACATE ORDER SETTING SEPTEMBER 29, 2026 HEARING ON ECF NO. 1718 AND DENY THE MOTION FOR EXPEDITED RULING AS MOOT.**
[Relates to ECF Nos. 1718 and 1732]

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator**"), files this emergency motion to vacate the Order Setting Electronic Hearing [ECF No. 1732], and respectfully shows the Court as follows:

## I. SUMMARY OF FACTS AND RELIEF REQUESTED

1. The Court set Mr. Vitt's Expedited Ruling Motion [ECF No. 1718] for hearing today at 3:00 p.m. [ECF No. 1732]. No hearing is necessary because the Expedited Ruling Motion is now moot. It sought expedited rulings on two applications: one has been stricken by the Court, and the other is set for an evidentiary hearing tomorrow. Nothing remains for today's hearing to decide. The Plan Administrator therefore respectfully requests that the Court vacate today's 3:00 p.m. hearing and deny ECF No. 1718 as moot.

## II. BACKGROUND

2. On July 23, 2026, Mr. Vitt filed his Application for Exemption from the Judicial Conference Electronic Public Access Fees [ECF No. 1604] (the **"PACER Application"**) **(Exhibit A).**

3. On July 23, 2026, Mr. Vitt filed his Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 1605] (the **"IFP Application"). (Exhibit B)**

4. On September 11, 2026, Mr. Vitt filed the Expedited Ruling Motion, asking for expedited rulings on the PACER Application and the IFP Application. He attached three proposed orders to the Expedited Ruling Motion [ECF Nos. 1718-1, 1718-2, and 1718-3]. None of them provides for an expedited ruling. **(Exhibit C)**

5. On September 18, 2026, the Court struck the IFP Application. [ECF No. 1726]. **(Exhibit D)**

6. On September 25, 2026, the Court set the PACER Application for an evidentiary hearing on September 30, 2026, at 1:30 p.m. [ECF No. 1734]. **(Exhibit E)** The same day, the Court set the Expedited Ruling Motion for hearing today at 3:00 p.m. [ECF No. 1732]. **(Exhibit F)**

7. The Plan Administrator has filed her response to the PACER Application [ECF No. 1738] and her witness and exhibit list for tomorrow's hearing [ECF No. 1746].

## III. EMERGENCY RELIEF REQUESTED AND BASIS

8. The Expedited Ruling Motion is moot. The only relief it seeks is a prompt ruling. The PACER Application will be heard on the merits tomorrow, which is all the Expedited Ruling Motion could accomplish. The IFP Application no longer exists to be ruled on.

9. The proposed orders attached to the IFP Application confirm that nothing remains for today's hearing, because each seeks relief on the merits of the underling applications, rather than a prompt ruling. The first proposed order [ECF No. 1718-1] would grant the PACER Application, which is set for an evidentiary hearing tomorrow.

10. The second and third proposed orders attached to the Expedited Ruling Motion [ECF Nos. 1718-2 and 1718-3] are identical. Each would grant the IFP Application the Court has already struck.

11. The Plan Administrator therefore requests that the Court vacate the Order Setting Electronic Hearing [ECF No. 1732] and deny the Expedited Ruling Motion as moot.

## IV. CONCLUSION

The Plan Administrator respectfully requests that the Court vacate the Order Setting Hearing at ECF No. 1732, and denying ECF No. 1718 as moot, and grant such other relief as is just.

Dated: September 29, 2026.

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: */s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
mgoott@walkerandpatterson.com
P.O. Box 61301
Houston, TX 77208
713.956.5577
713.956.5570 (fax)

**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR**

## CERTIFICATE OF ACCURACY

I certify that the facts and circumstances stated in this motion concerning the need for emergency consideration are true and accurate to the best of my knowledge.

*/s/ Miriam T. Goott*
Miriam T. Goott

## CERTIFICATE OF CONFERENCE

On September 29, 2026, I attempted to confer with Mr. Vitt by email regarding the relief requested in this motion. Mr. Vitt did not respond prior to the filing of this Emergency Motion.

*/s/ Miriam T. Goott*
Miriam T. Goott

## CERTIFICATE OF SERVICE

I certify that on September 29, 2026, a true and correct copy of this motion was served on all parties entitled to notice through the Court's CM/ECF system, and on Jeffrey Alan Vitt by email at javit2004rule@gmail.com.

*/s/ Miriam T. Goott*
Miriam T. Goott