United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**ORDER APPROVING COMPROMISE WITH LOFTIN LAW GROUP, LLC**
**ECF No. 1708**

It is

**ORDERED** that the Plan Administrator's Motion to Compromise Controversy with Loftin Law Group, LLC (**"LLG"**) is GRANTED in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, and LLG are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that LLG shall pay the sum of $1,200.00 in good funds within three (3) days of entry of this Order, made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman, Plan Administrator, 7924 W. Broadway, Suite #104, Pearland, Texas 77581, unless the parties mutually agree in writing to a different method of payment or delivery, and it is further

**ORDERED** that upon receipt of all sums due under the Settlement Agreement, the parties are authorized to dismiss Adversary No. 26-03110 with prejudice, each party bearing its own attorney's fees and costs, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the attached Settlement Agreement and this Order.

**Signed: Tuesday, September 29, 2026**

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

# SETTLEMENT AGREEMENT

This Settlement Agreement (the **"Agreement"**) is entered into by and between Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC, in her capacity as Plan Administrator (the **"Plan Administrator"**), on the one hand, and Loftin Law Group, LLC(**"LLG"**) on the other hand. The Plan Administrator and LLG are each referred to individually as a "Party" and collectively as the "Parties."

The Parties hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the **"Bankruptcy Court"**).

This Settlement Agreement shall be effective on the date on which the Bankruptcy Court enters an order approving this Settlement Agreement (the **"9019 Order"**) and the date of entry of the 9019 Order, the **"Effective Date"**.

The Parties acknowledge and agree that Bankruptcy Court approval is a condition precedent to the effectiveness and enforceability of this Agreement, and that if such approval is not granted or is materially modified, this Agreement shall be null and void and the Parties shall be restored to their respective positions as if this Agreement had not been executed.

## DEFINITIONS AND RECITALS

1. On April 9, 2024, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-31596 (the **"Bankruptcy Case"**).

2. On April 8, 2026, MMA filed a Complaint and initiated an adversary proceeding against LLG, styled *MMA Law Firm, PLLC v. Loftin Law Group, LLC*, Adversary Proceeding No. 26-03110 (the **"Complaint"**).

3. On May 6, 2026, LLG answered the Complaint and disputes and denies each claim asserted in the Complaint.

4. LLG enters into this Settlement Agreement solely to avoid the cost, burden, distraction, and uncertainty of continued litigation, and for no other purpose.

5. The Parties have reached a comprehensive resolution of all disputes asserted in the Adversary.

6. The Parties acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

**PAYMENT TERMS AND CONDITIONS**

7. **Settlement Amount.** In full and final resolution of the Adversary, LLG shall pay MMA a total of $1,200.00 (the **"Settlement Amount"**), within three days of an entry of an order by the Bankruptcy Court approving this settlement.

8. **Manner of Payment.** The Settlement Amount of $1,200.00 shall be paid by LLG in good funds made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman, Plan Administrator at 7924 W. Broadway, Suite #104, Pearland, Texas 77581. Payment shall be deemed made on the date on which the Settlement Amount is received.

9. The Parties further agree that all pending written discovery served in the Adversary, together with all outstanding response and supplementation deadlines, is stayed pending the Bankruptcy Court's ruling on the motion to approve this Settlement.

10. **Motion to Approve.** The Plan Administrator shall file a motion under Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Settlement Agreement (the **“9019 Motion”**).

11. **Dismissal.** The Adversary shall be dismissed with prejudice, with each Party bearing its own attorneys' fees and costs. The Parties agree that dismissal of the Adversary with prejudice shall occur only after entry of an order approving the 9019 Motion, and after payment of the Settlement Amount in full.

17. **Mutual Release.** Effective upon the Effective Date and upon the full and final completion of LLG’s payment obligations under this Agreement, each Party, on behalf of itself and its predecessors, successors, assigns, parents, subsidiaries, affiliates, members, managers, partners, officers, directors, shareholders, employees, agents, attorneys, accountants, other professionals, insurers, and representatives, and in the case of MMA, on behalf of the Debtor, the Debtor's bankruptcy estate, the Plan Administrator, and any trustee, examiner, successor trustee, liquidating trustee, litigation trustee, or other representative of the estate appointed in or under the Debtor's Chapter 11 case, hereby releases, acquits, and forever discharges the other Party and each of the foregoing persons and entities associated with that other Party (collectively, the **"Released Parties"**) from any and all claims, demands, causes of action, obligations, damages, and liability of every nature and kind whatsoever, asserted in the Adversary.

18. **Preservation of Rights Under This Agreement.** Notwithstanding the Mutual Release above, nothing in this Settlement Agreement shall affect, impair, release, or waive any Party's rights and obligations created by this Settlement Agreement.

## GENERAL PROVISIONS

19. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction, to the extent permitted by applicable law, to resolve any dispute between the Parties regarding this Agreement, including any dispute regarding payment of the Settlement Amount or the Rule 37 Fees, or as otherwise ordered by the Bankruptcy Court.

20. **Bankruptcy Court Approval.** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval. No Party shall have any obligation to perform under this Agreement, and no release or dismissal shall become effective, unless and until the Bankruptcy Court enters an order approving this Settlement Agreement on terms that are not materially inconsistent with the terms set forth herein.

21. **No Admission of Liability.** This Settlement Agreement is a compromise of disputed claims. Neither this Settlement Agreement, nor any of its terms, nor any negotiation, statement, or document made or exchanged in connection with it, is or shall be construed as an admission by any Party of any liability, wrongdoing, or fault, or of the truth or validity of any claim or defense. LLG expressly denies any liability and any wrongdoing. This Settlement Agreement shall not be offered or received in evidence in any action or proceeding as an admission or concession of liability or wrongdoing of any nature, except in an action or proceeding to enforce its terms.

22. **Representations and Warranties.** Each Party represents and warrants that (a) it has full power and authority to enter into and perform this Settlement Agreement, (b) the person executing this Settlement Agreement on its behalf is duly authorized to do so and to bind it, (c) it has not assigned, transferred, conveyed, pledged, or otherwise disposed of, in whole or in part, any claim, demand, or cause of action released under this Settlement

Agreement, and (d) it has been represented by counsel of its own choosing in connection with this Settlement Agreement, or has had a full and fair opportunity to obtain such counsel.

25. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by electronic mail, facsimile, or portable document format shall be deemed original signatures for all purposes.

26. **Entire Agreement and Amendment.** This Settlement Agreement contains the entire agreement between the Parties with respect to its subject matter and supersedes all prior and contemporaneous negotiations, understandings, representations, and agreements, whether written or oral. This Settlement Agreement may be amended only by a written instrument signed by both Parties and approved by the Bankruptcy Court in the Southern District of Texas.

27. **Severability.** If any provision of this Settlement Agreement is held to be invalid, illegal, or unenforceable, that provision shall be modified to the minimum extent necessary to make it enforceable, and the remaining provisions shall continue in full force and effect.

28. **Successors and Assigns and No Third Party Beneficiaries.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, successors, assigns, and the Released Parties. Except for the Released Parties, this Settlement Agreement is not intended to and does not confer any right or benefit upon any person or entity that is not a Party.

29. **Construction.** This Settlement Agreement is the product of negotiation between the Parties, each of which was represented by counsel or had a full opportunity to consult counsel. It shall not be construed against any Party as the drafter.

Dated: 9-4-2026

/s/*Allison D. Byman, Plan Administrator*
Allison D. Byman, Plan Administrator **MMA LAW FIRM, PLLC**
7924 W. Broadway St #104
Pearland, Texas 77581
Email: adb@bymanlaw.com

Dated: 9/4/2026

**Loftin Law Group, LLC**
By: */s/ Van C. Seneca*
Van C. Seneca, Member and Attorney at Law
113 Dr. Michael DeBakey Drive
Lake Charles, LA 70601
Email: van@llgllc.com