United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**ORDER APPROVING COMPROMISE WITH BARCUS ARENAS, PLLC**
**ECF No. 1707**

It is

**ORDERED** that the Plan Administrator's Motion to Compromise Controversy with Barcus Arenas, PLLC (**"Barcus Arenas"**) is GRANTED in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, and Barcus Arenas are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that Barcus Arenas shall pay the sum of $280,000.00 in good funds within seven (7) days of entry of this Order, made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman, Plan Administrator, 7924 W. Broadway, Suite #104, Pearland, Texas 77581, unless the parties mutually agree in writing to a different method of payment or delivery, and it is further

**ORDERED** that Barcus Arenas shall pay the remaining sum of $280,000.00 in good funds within sixty (60) days of entry of this Order, in the same manner, and it is further

**ORDERED** that time is of the essence as to each installment, and if the Plan Administrator does not timely receive an installment, the Plan Administrator shall give written notice of nonreceipt by electronic mail to counsel for Barcus Arenas, and Barcus Arenas shall have five (5)

days after receipt of that notice to cure, and no default shall occur and no remedy based on nonpayment shall be pursued unless Barcus Arenas fails to cure within that period, and it is further

**ORDERED** that upon receipt of all sums due under the Settlement Agreement, the parties are authorized to dismiss Adversary No. 25-03018 with prejudice, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the attached Settlement Agreement and this Order.

**Signed: Tuesday, September 29, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC, in her capacity as Plan Administrator (the "**Plan Administrator**"), on the one hand, and Barcus Arenas, PLLC ("**Barcus Arenas**") on the other hand. The Plan Administrator and Barcus Arenas are each referred to individually as a "Party" and collectively as the "Parties."

The Parties hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

This Settlement Agreement shall be effective on the date on which the Bankruptcy Court enters an order approving this Settlement Agreement (the "**9019 Order**") and the date of entry of the 9019 Order, the "**Effective Date**".

The Parties acknowledge and agree that Bankruptcy Court approval is a condition precedent to the effectiveness and enforceability of this Settlement Agreement.

## DEFINITIONS AND RECITALS

1. On April 9, 2024, MMA Law Firm, PLLC ("MMA" or the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-31596 (the "**Bankruptcy Case**").

2. On January 28, 2025, MMA filed a Complaint and initiated an adversary proceeding against Barcus Arenas, styled *MMA Law Firm, PLLC v. Barcus Arenas, PLLC*, Adversary Proceeding No. 25-03018 (the "**Complaint**", and that proceeding is referred to as the "Adversary").

3. Barcus Arenas answered the Complaint on February 28, 2025, and filed its First Amended Answer on July 7, 2026. Barcus Arenas disputes and denies each of the claims asserted in the Complaint, denies that it has any liability to MMA or to the Debtor's bankruptcy estate, and denies that it engaged in any wrongdoing.

4. On September 2, 2026, the Bankruptcy Court entered its Order resolving ECF No. 47 in the Adversary (ECF No. 62) (the **"Discovery Order"**).

5. The Parties have reached a comprehensive resolution of all disputes asserted in the Adversary and the Discovery Order.

6. Barcus Arenas enters into this Settlement Agreement solely to avoid the cost, burden, distraction, and uncertainty of continued litigation, and for no other purpose.

7. The Parties acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

**PAYMENT TERMS AND CONDITIONS**

8. **Settlement Amount.** In full and final resolution of the Adversary, Barcus Arenas shall pay MMA a total of $560,000.00 (the **"Settlement Amount"**), in two equal installments as follows:

a. **First Payment.** $280,000.00, representing fifty percent (50%) of the Settlement Amount, to be paid within seven (7) days after entry of the 9019 Order; and

b. **Second Payment.** $280,000.00, representing the remaining fifty percent (50%) of the Settlement Amount, to be paid within sixty (60) days after entry of the 9019 Order.

9. **Manner of Payment.** Each installment of the Settlement Amount shall be paid by Barcus Arenas in good funds made payable to MMA Law Firm, PLLC and delivered to Allison

D. Byman, Plan Administrator at 7924 W. Broadway, Suite #104, Pearland, Texas 77581. Payment shall be deemed made on the date on which the installment is delivered to the Plan Administrator in good funds.

10. **Time Is of the Essence; Default and Cure.** Time is of the essence as to each installment of the Settlement Amount. Notwithstanding the foregoing, in the event the Plan Administrator does not timely receive any installment of the Settlement Amount, the Plan Administrator shall provide Barcus Arenas with written notice via email to Defendant's counsel of such nonreceipt. Barcus Arenas shall then have five (5) days after receipt of such written notice to cure any failure to make the required payment. No default shall occur, and no remedy based upon an alleged failure to make a payment shall be pursued, unless Barcus Arenas fails to cure the nonpayment within such five-day period.

11. **Agreed Emergency Motion to Stay the Discovery Order.** Within two (2) business days after the last Party executes this Agreement, the Parties shall file an agreed emergency motion asking the Bankruptcy Court to (a) stay the Discovery Order including all deadlines and obligations imposed by the Discovery Order; (b) stay all outstanding discovery served by the Parties; and (c) stay all depositions. The Parties shall cooperate in the preparation, filing, and prosecution of that motion and of any proposed order the Bankruptcy Court requires.

12. **Motion to Approve.** MMA shall file a motion under Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Settlement Agreement (the **"9019 Motion"**). The Parties shall cooperate in the submission to the Bankruptcy Court of any motion, proposed order, or other document necessary to obtain approval of this Settlement Agreement and to dismiss the Adversary with prejudice. Barcus Arenas understands that the Plan Administrator cannot file a 9019 Motion

until 14 days have passed after the Oversight Committee has received notice of this Settlement Agreement.

13. **Dismissal of Adversary with Prejudice.** Upon entry of the 9019 Order approving this Settlement and upon Barcus Arenas's payment of both the First Payment and the Second Payment in full and when due, MMA shall file a Motion to Dismiss the Adversary with prejudice. The Parties agree that the motion to dismiss shall request that the order of dismissal provide that no obligation under the Discovery Order remains outstanding and that no amount awarded thereunder is due or collectible.

14. If the Bankruptcy Court does not approve this Settlement Agreement, or if Barcus Arenas fails to make both payments timely as required, then the Discovery Order shall remain in full force and effect in all respects, and the Parties rights and remedies are fully reserved.

15. **Mutual Release.** Effective upon the Effective Date and upon the full and final completion of Barcus Arenas's payment obligations under this Agreement, each Party, on behalf of itself and its predecessors, successors, assigns, parents, subsidiaries, affiliates, members, managers, partners, officers, directors, shareholders, employees, agents, attorneys, accountants, other professionals, insurers, and representatives, and in the case of MMA, on behalf of the Debtor, the Debtor's bankruptcy estate, the Plan Administrator, and any trustee, examiner, successor trustee, liquidating trustee, litigation trustee, or other representative of the estate appointed in or under the Debtor's Chapter 11 case, hereby releases, acquits, and forever discharges the other Party and each of the foregoing persons and entities associated with that other Party (collectively, the **"Released Parties"**) from any and all claims, demands, causes of action, obligations, damages, and liability of every nature and kind whatsoever, asserted in the Adversary, including all claims, demands, and causes of action arising out of or relating to the Adversary and the Discovery Order.

16. **Preservation of Rights Under This Agreement.** Notwithstanding the Mutual Release above, nothing in this Settlement Agreement shall affect, impair, release, or waive any Party's rights and obligations created by this Settlement Agreement.

## GENERAL PROVISIONS

17. **Retention of Jurisdiction.** The Bankruptcy Court shall retain jurisdiction, to the extent permitted by applicable law, to resolve any dispute between the Parties regarding this Agreement, including any dispute regarding payment of the Settlement Amount, or as otherwise ordered by the Bankruptcy Court.

18. **Bankruptcy Court Approval.** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

19. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Signatures transmitted by electronic mail, facsimile, or portable document format shall be deemed original signatures for all purposes.

20. **Entire Agreement and Amendment.** This Settlement Agreement contains the entire agreement between the Parties with respect to its subject matter and supersedes all prior and contemporaneous negotiations, understandings, representations, and agreements, whether written or oral. This Settlement Agreement may be amended only by a written instrument signed by both Parties and approved by the Bankruptcy Court in the Southern District of Texas.

21. **Severability.** If any provision of this Settlement Agreement is held to be invalid, illegal, or unenforceable, that provision shall be modified to the minimum extent necessary to make it enforceable, and the remaining provisions shall continue in full force and effect.

22. **Successors and Assigns and No Third Party Beneficiaries.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective predecessors, successors, assigns, and the Released Parties. Except for the Released Parties, this Settlement Agreement is not intended to and does not confer any right or benefit upon any person or entity that is not a Party.

23. **Construction.** This Settlement Agreement is the product of negotiation between the Parties, each of which was represented by counsel or had a full opportunity to consult counsel. It shall not be construed against any Party as the drafter.

Dated: 9-4-2026

*/s/ Allison D. Byman*

Allison D. Byman, Plan Administrator
**MMA LAW FIRM, PLLC**
7924 W. Broadway St #104
Pearland, Texas 77581
Email: adb@bymanlaw.com

Dated: 9/3/26

**BARCUS ARENAS, PLLC**
By: [signature]
Name: Aaron Arenas
Its: Partner
2200 North Loop West, Ste. 108, Houston, TX 77018
Email: aaron@barcusarenas.law

United States Bankruptcy Court
Southern District of Texas

In re: Case No. 24-31596-evr
MMA Law Firm, PLLC Chapter 11
Official Committee of Unsecured Creditor
Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4 User: ADIuser 
Date Rcvd: Sep 29, 2026 Form ID: pdf002 Total Noticed: 49

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 01, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | MMA Law Firm, PLLC, Suite 810, 1235 North Loop West, Houston, TX 77008-1764 |
| aty | + | Misty Segura, 7601 FM 1960 Rd E, # 349, Atascocita, TX 77346-2209 |
| aty | + | The Lausten Group, 650 Poydras Street, Suite 1400, PB#3924, New Orleans, LA 70130-6116 |
| intp | + | AMO Trial Lawyers, LLC, 3045 Ridgelake Dr., Suite 100, Metairie, LA 70002-4937 |
| cr | + | Access Restoration Services US, Inc., Attn: Lisa M. Norman, 1885 Saint James Place, 15th Fl, Houston, TX 77056 UNITED STATES 77056-4175 |
| intp | + | Allied World Insurance Company, 1690 New Britain Ave.,, Suite 101, Farmington, CT 06032-3361 |
| intp | + | Barbara Gaunichaux, 260 Dale ave, Gretna, LA 70056-7852 |
| intp | + | Barcus Arenas, PLLC, c/o CTO Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140 |
| intp | + | Bensalah Hameurlaine, 57 Emile ave, Kenner, LA 70065-3769 |
| cr | + | Betty Johnson, 417 Belle Chasse Dr., Laplace, LA 70068-3401 |
| cr | + | Charles William Nicolas Tapp, 4614 Quarter Charge Dr, Annandale, VA 22003, UNITED STATES 22003-4622 |
| cr | + | Cristobal M. Galindo, PC d/b/a Galindo Law, c/o Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, TX 75231-2203 |
| intp | + | Douglas Freeman, 22108 W McKinney Rd, Springfield, LA 70462-8903 |
| cr | + | EAJF ESQ Fund, LP, c/o Misty A. Segura, Spencer Fane LLP, 3040 Post Oak Blvd., Ste. 1400, Houston, TX 77056 UNITED STATES 77056-6584 |
| cr | + | Equal Access Justice Fund, LP, c/o Misty A. Segura, Spencer Fane LLP, 3040 Post Oak Blvd., Ste. 1400, Houston, TX 77056 UNITED STATES 77056-6584 |
| intp | + | Frank Martin, 42587 Highway 10, Franklinton, LA 70438-5645 |
| cr | + | Glago Williams, LLC, 909 Poydras St., Suite 2950, New Orleans, LA 70112-4006 |
| intp | + | Gulf Coast Attorneys, LLC, c/o Albert J. Derbes IV, 3027 Ridgelake Drive, Metairie, LA 70002-4924 |
| intp | + | James Jochum, 709 Codifer Blvd., Metairie, LA 70005-3750 |
| cr | + | James Marshall McClenny, 380 Ridge Lake Scenic Drive, Montgomery, TX 77316-6933 |
| intp | + | Jennifer Jason Joy & Associates, PLLC, Suite 1801, 909 Texas St., Suite 1801, Houston, TX 77002-3192 |
| intp | + | John Zachary Moseley, 1235 N. Loop West, Suite 810, Houston, TX 77008-1764 |
| cr | + | Katrena Leigh Henderson, 4614 Quarter Charge Dr, Annandale, VA 22003, UNITED STATES 22003-4622 |
| cr | + | Kirsten Young, 5341 Brownfields Dr, Baton Rouge, LA 70811-1070 |
| dft | + | LaHatte Law Firm, LLC, 2000 Clearview Parkway, Suite 203, Metairie, LA 70001-2441 |
| cr | + | Latosha Barrow, 1058 Balsam Ave., Baton Rouge, LA 70807-2964 |
| cr | + | Louisiana Farm Bureau, P.O. Box 95008, Baton Rouge, LA 70895-9008 |
| intp | + | Pandit Law Firm, LLC, c/o Raj Pandit, 701 Poydras Street, Suite 3950, New Orleans, LA 70139-7731 |
| cr | + | Patricia Briscoe, 7801 Warsaw St, Metairie, LA 70003-6429 |
| cr | + | Paul Brown, 19380 Old Covington HWY, Hammond, LA 70403-0755 |
| cr | | Starlight Studios, LLC, c/o Leo D. Congeni, Suite 2750, New Orleans, LA 70130, UNITED STATES |
| cr | #+ | Stephen Landreneau, 104 Piney Cv, West Monroe, LA 71291-7461 |
| wit | + | Tessa Vorhaben, c/o Stephen P. Strohschein, Hinshaw & Culbertson LLP, 400 Convention Street, Suite 1001 Baton Rouge, LA 70802-5616 |
| intp | + | The Monson Law Firm, LLC, 5 Sanctuary Boulevard, Suite 101, Mandeville, LA 70471-5304 |
| cr | + | Trung Nguyen, 3531 W Esplanade Ave N, Metairie, LA 70002-3343 |
| intp | + | Voorhies Law Firm, LLC, c/o The Derbes Law Firm, 3027 Ridgelake Dr, Metairie, LA 70002-4924 |
| cr | + | Wayne Galjour, Jr, 732 Oakwood Dr, Gretna, LA 70056-3008 |

| | | | | |
|---|---|---|---|---|
| intp | + | Yulonda Alexander, P.O Box 125, Wilson, LA 70789-0125 | | |

TOTAL: 38

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | ^ | MEBN | Sep 29 2026 20:52:58 | MMA Law Firm, PLLC, Suite 810, 1235 North Loop West, Houston, TX 77008-1764 |
| aty | ^ | MEBN | Sep 29 2026 20:53:43 | Walker & Patterson, P.C., P.O. Box 61301, Houston, TX 77208-1301 |
| tr | + | Email/Text: adb@bymanlaw.com | Sep 29 2026 20:51:00 | Allison D. Byman, 7924 Broadway, Suite 104, None, Pearland, TX 77581-7933 |
| cr | + | Email/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM | Sep 29 2026 20:51:00 | ACAR Leasing Ltd. d/b/a GM Financial Leasing, P O Box 183853, Arlington, TX 76096-3853 |
| cr | | Email/PDF: bncnotices@becket-lee.com | Sep 29 2026 20:57:39 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| cr | + | Email/Text: bnkatty@aldineisd.org | Sep 29 2026 20:52:00 | BANKRUPTCY ATTY. ALDINE INDEPENDENT SCHOOL DISTRIC, 2520 W.W. THORNE BLVD., LEGAL DEPARTMENT, HOUSTON, TX 77073, UNITED STATES 77073-3406 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Sep 29 2026 20:51:00 | City of Houston, Linebarger Goggan Blair & Sampson LLP, Jeannie Lee Andresen, PO Box 3064, Houston, TX 77253-3064 |
| ex | + | Email/Text: eengelhart@rossbanks.com | Sep 29 2026 20:52:00 | Eva S Engelhart, Ross Banks May Cron & Cavin P.C., 7700 San Felipe, Suite 550, Houston, TX 77063, UNITED STATES 77063-1618 |
| cr | + | Email/Text: info@ts-llp.com | Sep 29 2026 20:51:00 | Jayne Moseley, c/o Tran Singh LLP, 2502 La Branch Street, Houston, TX 77004-1028 |
| cr | | Email/Text: houston_bankruptcy@LGBS.com | Sep 29 2026 20:51:00 | Lone Star College System, Linebarger Goggan Blair & Sampson LLP, c/o Jeannie Lee Andresen, PO Box 3064, Houston, TX 77253-3064 |
| cr | ^ | MEBN | Sep 29 2026 20:50:16 | Texas Comptroller of Public Accounts, c/o Office of the Attorney General, Bankruptcy - Collections Division MC-008, PO Box 12548, Austin, tx 78711-2548 |
| cr | + | Email/Text: bcd@oag.texas.gov | Sep 29 2026 20:50:00 | Texas Workforce Commission, Jamie Kirk, c/o Sherri K. Simpson, Paralegal, P.O. Box 12548, Austin, TX 78711-2548 |

TOTAL: 12

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| aty | | Megan Clontz |
| aty | | Spencer Fane LLP, 3040 Post Oak Blvd., Suite 1400, Houston |
| intp | | Alvin Coleman, Jr |
| cr | | Anna Barefield |
| cr | | Apex Roofing and Restoration, LLC |
| intp | | Austin Haydel |
| intp | | Betty Jarrell |
| intp | | Broussard & Dove PLLC |
| intp | | Broussard Injury Lawyers, LLC, Daly & Black, P.C., |
| cr | | Christine Griffin |
| cr | | Colby Haas |

| | | |
|---|---|---|
| intp | | Daly & Black, P.C. |
| intp | | Danny Neal |
| cr | | Donald Blais |
| intp | | Donald Henderson |
| intp | | Edwin Hessler |
| intp | | Eric Starks |
| cr | | Faye Larkins-Hewitt |
| intp | | Gayle Heard, et al. |
| cr | | Global Estimating Services, LLC |
| intp | | Hair & Shunnarah Trial Attorneys, LLC |
| intp | | Hancock Whitney Bank |
| intp | | James Junkin |
| intp | | Jason J. Joy & Associates, PLLC |
| intp | | Jessica Martin Scott |
| cr | | Jim Dennis, Jr |
| intp | | Kane Russell Coleman Logan PC |
| intp | | Katherine Monson |
| intp | | Katherine Salvant |
| cr | | Keisha Simpson |
| cr | | Kenneth Davis |
| cr | | Kerry Martin |
| intp | | Krause & Kinsman Trial Lawyers, LLC |
| intp | | Laborde Earles |
| cr | | Linda L.R. Wilhelm |
| intp | | Lindsay Cantrelle |
| cr | | Locklin Consulting, LLC |
| intp | | Louisiana Louisiana Insurance Guaranty Association |
| cr | | Luciana Garcia |
| cr | | Mack Perkins |
| cr | | Makkah Corporation |
| cr | | Nedra Williams |
| cr | | Noble Public Adjusting Group, LLC |
| intp | | Norman Bonck |
| cr | | Oakwood Bank |
| crcm | | Official Committee of Unsecured Creditors |
| cr | | PCG Claims, LLC d/b/a PCG Consulting, LLC |
| intp | | Paul Rahfield |
| intp | | Porsche Financial Services, Inc. |
| cr | | Rachael Apken |
| intp | | Rachelle Cope |
| cr | | Reginald Mack |
| intp | | Sandra Plough |
| intp | | Sara Ardoin |
| cr | | Schilacy Hall |
| intp | | State Farm Fire & Casualty Company |
| intp | | Tasha Venson |
| intp | | Thaddeus Thompson |
| intp | | The Sangisetty Law Firm, PLLC |
| cr | | Todd Charters |
| intp | | Tort Network, LLC d/b/a Velawcity |
| intp | | Troy Scott |
| cr | | William Dunn |
| intp | ##+ | New Orleans Legal, LLC, c/o Peter Diiorio, 825 Baronne Street, New Orleans, LA 70113-1102 |

TOTAL: 63 Undeliverable, 0 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 01, 2026 Signature: /s/Gustava Winters