**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE | § | Chapter 11 |
| | § | |
| MMA Law Firm, PLLC | § | Case No. 24-31596 |
| | § | |
| DEBTOR | § | |
| | § | |

**PLAN ADMINISTRATOR'S APPLICATION FOR AUTHORITY TO EMPLOY WALKER & PATTERSON, P.C. AS COUNSEL FOR CLAIMS OBJECTIONS**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COMES NOW, Allison D. Byman, solely in her capacity as Plan Administrator (the **"Plan Administrator"**) for MMA Law Firm, PLLC (the **"Debtor"**), and files this Application for Authority to Employ Walker & Patterson, P.C. (**"W&P"**) as counsel to the Plan Administrator for claims objections, pursuant to Sections 2.2.2, 5.5, and 5.13 of the confirmed Plan and, to the extent applicable, 11 U.S.C. §§ 327, 328(a), and 330.

## SUMMARY OF FACTS AND RELIEF REQUESTED

1. The Debtor filed this chapter 11 case on April 9, 2024.

2. By Order entered July 18, 2024 [Dkt. No. 173] (the **"Employment Order"**), the Court approved the Debtor's employment of W&P as its counsel on a hybrid basis under 11 U.S.C.

§§ 327 and 328(a), effective as of April 8, 2024: a $60,000 flat fee and a 40% contingency fee on all value obtained by W&P for the estate.

3. On August 5, 2026, the Court confirmed the Debtor's Third Amended Joint Plan of Liquidation [Dkt. No. 1648] (the **"Plan"**). The Plan became effective on August 20, 2026 [Dkt. No. 1669] (the **"Effective Date"**). On the Effective Date, Allison D. Byman (the **"Plan Administrator"**) became Plan Administrator, and all management authority over the Debtor vested exclusively in her (Confirmation Order ¶ 5; Plan §§ 5.3, 5.4).

4. The Plan gives the Plan Administrator sole authority to object to claims (Plan § 5.5.7) and to litigate and settle disputed claims (Plan § 8.1), and it permits her to retain professionals with Court approval (Plan §§ 2.2.2, 5.5.5, 5.13). Objections to claims must be filed by August 20, 2027 (Plan § 8.4).

5. **W&P's existing employment is not modified.** Under Section 2.2.3 of the Plan, W&P continues to be employed as counsel for the Debtor "pursuant to the terms previously approved by the Court," and it continues as special litigation counsel prosecuting the WP Cases (Plan § 1.1.62). This Application does not modify, amend, supersede, or limit the Employment Order, the April 8, 2024 Contract of Representation approved by it, or Section 2.2.3 of the Plan, all of which remain in full force and effect.

6. This is a separate engagement by the Plan Administrator for claims objection services after the Effective Date. W&P will keep separate time records for this engagement.

7. The Plan Administrator requires counsel. The claims register contains 76 proofs of claim. **(Exhibit A)** Many are objectionable, including claims filed after the August 13, 2024 bar date and frivolous or unsupported claims.

8. The Plan Administrator proposes to employ W&P, with Miriam T. Goott designated as attorney in charge, to:

a. review and analyze the claims register and supporting documentation;

b. prepare, file, and prosecute objections to claims, including omnibus objections;

c. respond to claimants, conduct discovery, and appear at hearings; and

d. negotiate and document settlements of disputed claims under Section 8.1 of the Plan.

9. W&P is best suited for this work. It has represented the Debtor since April 2024, prepared the Debtor's schedules, managed the case through confirmation, and has already prosecuted claim objections in this case. Its institutional knowledge of the Debtor's records, creditors, and claims will allow claims to be resolved more quickly and at lower cost than new counsel could achieve. (See attached Engagement Agreement – **Exhibit B.)**

10. It is proposed that compensation for these services be on an hourly basis at reduced rates of $700 per hour for Miriam T. Goott and $750 per hour for Johnie J. Patterson.

11. W&P will also seek reimbursement of actual and necessary expenses, including filing fees, copying, postage, courier, transcripts, and travel, within the standards normally enforced by this Court.

12. W&P will submit monthly invoices to the Plan Administrator and the Oversight Committee. If no written objection is made within fourteen days, the Plan Administrator may pay the invoice as a Permitted Expense (Plan §§ 1.1.49(iii), 2.2.2). Any disputed amount will be paid only on agreement or order of the Court. The Plan Administrator will report all payments in her quarterly reports (Plan § 5.11).

13. As required by Section 5.13 of the Plan, the Plan Administrator gave the Oversight Committee written notice of this proposed retention, the motion, and proposed order. They do not oppose the relief requested.

14. To the best of the Plan Administrator's knowledge and belief, W&P and each of the attorneys to be employed do not represent any person or entity with an interest adverse to the Debtor or its estate with respect to the matters on which W&P is to be employed.

15. Attached as **Exhibit "C"** is the declaration of Walker & Patterson, P.C., which discloses W&P's connections with the Debtor, its creditors, and other parties in interest, including its existing employment under the Employment Order.

16. The employment of W&P for the services described in this Application should be approved as of the Effective Date of the Plan, which is August 20, 2026.

WHEREFORE, the Plan Administrator requests that the Court enter an order authorizing the employment of Walker & Patterson, P.C. as counsel to the Plan Administrator for claims objections on the terms stated in this Application; confirming that the Employment Order [Dkt. No. 173] and Section 2.2.3 of the Plan remain in full force and effect and are not modified; and granting such other and further relief as may be just and proper.

Dated: **October 2, 2026**.

Respectfully submitted,

*By: /s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
Proposed Counsel for the
Plan Administrator

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
mgoott@walkerandpatterson.com

**CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that a true and correct copy of the foregoing was served upon the United States Trustee, upon the members of the Oversight Committee, and upon all parties receiving notice via CM/ECF on October 2, 2026.

*/s/ Miriam T. Goott*
Miriam T. Goott