**Fill in this information to identify the case:**

Debtor 1 MMA Law Firm, PLLC

Debtor 2 (Spouse, if filing) ____________

United States Bankruptcy Court for the: Southern District of Texas

Case number 24-31596

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Cristóbal M. Galindo, P.C.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor Galindo Law Trial Attorneys

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? ____________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

c/o Charlie Shelton
Name
7600 Burnet Road, Suite 530
Number Street
Austin, Texas 78757
City State ZIP Code

Contact phone 737-881-7101

Contact email cshelton@haywardfirm.com

**Where should payments to the creditor be sent?** (if different)

Cristóbal M. Galindo
Name
4151 Southwest Fwy., Suite 602
Number Street
Houston, Texas 77027
City State ZIP Code

Contact phone 713-228-3030

Contact email cmg@galindolaw.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ____________ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? ____________

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ See Exhibit A

**Does this amount include interest or other charges?**

☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

fee-sharing agreement, see Exhibit A

**9. Is all or part of the claim secured?**

☐ No
☒ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☒ Other. Describe: See Exhibit A

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $____________

**Amount of the claim that is secured:** $____________

**Amount of the claim that is unsecured:** $____________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $____________

**Annual Interest Rate** (when case was filed) _______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $____________

**11. Is this claim subject to a right of setoff?**

☒ No
☐ Yes. Identify the property: ____________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 08/13/2024
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Cristóbal M. Galindo
First name Middle name Last name

Title: President

Company: Cristóbal M. Galindo, P.C.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 4151 Southwest Fwy., Suite 602
Number Street

Houston, Texas 77027
City State ZIP Code

Contact phone: 713-228-3030 Email: cmg@galindolaw.com

Case 24-31596 Document 178-1 Filed in TXSB on 10/08/24 Page 4 of 4

# EXHIBIT A

1. Between approximately November 2021 and approximately September 2022, McClenny Moseley & Associates, PLLC (n/k/a MMA Law Firm, PLLC) ("MMA") and Cristóbal M. Galindo, P.C. d/b/a Galindo Law Trial Attorneys ("GLF") entered into more than 6,000 agreements with clients (collectively, and individually, the "Agreement(s)") wherein GLF would receive 50% of any attorneys' fees payable under the Agreement(s) (the "GLF Portion").

2. MMA filed bankruptcy on April 9, 2024 (the "Petition Date").

3. Upon information and belief, MMA has received, both prepetition and postpetition, payments pursuant to the Agreement(s) that belonged to GLF, but that were never paid to GLF.

4. GLF takes the position that if MMA received funds pursuant to the Agreement(s), that the GLF Portion, to the extent not previously paid, is not property of the MMA bankruptcy estate to the extent MMA still holds such funds. However, in an abundance of caution, GLF files this secured proof of claim with respect to such funds on the theory that, if the funds are property of the estate under Section 541, then GLF has a secured claim with respect thereto.

5. However, to the extent that MMA (i) has received funds pursuant to the Agreement(s); (ii) has not previously paid to GLF the GLF Portion of such funds, and (iii) is no longer in possession of the GLF Portion, then MMA still has a claim to the unpaid GLF Portion under various theories, including, but not limited to, conversion, bailment, constructive trust, and/or unjust enrichment, extent of the funds that should have been paid.

6. Based on the foregoing, GLF's claims derive from: (i) GLF's potential security interest in the recoveries under the Agreement(s); (ii) breach of contract, and/or (iv) any other applicable state law claims.

7. The Agreements may also be considered executory contracts and not yet breached.

8. GLF is unable to liquidate the amount of the claims without further discovery.

9. GLF reserves the right to amend its proof of claim for any reason. GLF further reserves all of its rights and entitlements to its share of the fee splitting pursuant to the Agreements, and to seek allowance or payment of any additional amounts under Sections 365 and 503(b) of the Bankruptcy Code.