IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | CHAPTER 7 |
| Debtor | § | |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 47**
**FILED BY CRISTOBAL M. GALINDO, P.C.**

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**COMES NOW,** MMA Law Firm, PLLC and files this Objection to Proof of Claim No. 47 filed by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Trial Attorneys (**"Galindo"**), and would show this Court the following:

## RELEVANT PRE-PETITION FACTS

1. MMA Law Firm, PLLC ("**Debtor**") is a litigation firm based in Texas.

2. The Debtor represented thousands of storm victims with property damage claims against their insurance companies following Hurricanes Laura, Delta, Zeta, and Ida.

3. In 2021 and 2022, Galindo referred thousands of cases that it could not handle to MMA (**"Clients"**).

4. The Debtor and Galindo entered into contingency fee contracts with the Clients, with the clients agreeing to pay Galindo 50% of the fee (**"MMA/Galindo Cases"**).

5. Throughout the course of representing the Clients in the MMA/Galindo Cases, MMA performed all of the legal work in the MMA/Galindo Cases, while Galindo did not perform any legal services for these Clients.

6. On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with the Debtor for ninety days (**"Suspension Order"**).

7. Pursuant to the Suspension Order, the Debtor was ordered, among other things, to notify its clients of the suspension and inform them that they had the option of either retaining new counsel or remaining with the Debtor.

8. After the entry of the Suspension Order, multiple other law firms acquired the vast majority of MMA/Galindo Cases.

**PROOF CLAIM FILED BY GALINDO**

9. On April 9, 2024, the Debtor filed its Chapter 11 bankruptcy case.

10. On August 13, 2024, Galindo filed a secured proof of claim (Claim No. 47) (**"POC"**) (Exhibit A).

11. Initially, Galindo contends that if MMA received funds under their alleged "fee-sharing" agreement, such funds would not be property of the bankruptcy estate. Galindo then argues that it has filed a secured POC as a precaution, asserting that if the funds are estate property, Galindo has a secured claim.

12. Galindo further asserts that if the Debtor received funds and is no longer in possession of those funds, it has a claim based on theories such as conversion, bailment, constructive trust, and unjust enrichment.

13. Galindo summarizes the basis of his claims against the Debtor to include 1) "potential" security interest; 2) breach of contract; and 3) other state law claims.

14. Notably, Galindo fails to provide any documents supporting the asserted secured claim or indicating a perfection of a security interest, or support for any other legal theories raised in the POC.

15. Finally, Galindo claims that the alleged agreement with the Debtor "may also be considered an executory contract, not yet breached".

**PROPERTY OF THE ESTATE**

16. Galindo asserts that the fees allegedly owed to it are not property of the bankruptcy estate pursuant to a "fee sharing agreement". However, no such agreement is attached to the POC.

17. The Debtor objects to any determination of property of the estate in the claims process, as an adversary proceeding must be filed to resolve such issues. Rule 7001 of the Federal Rules of Bankruptcy Procedure specifically requires an adversary proceeding to determine the validity, priority, or extent of a lien or other interest in property. This means that any dispute over whether an asset belongs to the bankruptcy estate must be resolved through an adversary proceeding.

**SECURED PROOF OF CLAIM AND BANKRUPTCY RULE 3001(D)**

18. Pursuant to Bankruptcy Rule 3001(d), if a creditor claims a security interest in the debtor's property, the proof of claim must be accompanied by evidence that the security interest has been perfected.

19. Galindo asserts a secured claim regarding the funds at issue, but has failed to attach proof of a security interest as required by Bankruptcy Rule 3001(d).

**11 U.S.C. §502(b)(1)**

20. Galindo further asserts that if MMA received fees under the alleged fee-sharing and no longer possessed them, Galindo asserts that it has a claim based on various theories including conversion, bailment, constructive trust, and/or unjust enrichment.

21. Pursuant to 11 U.S.C. § 502(b)(1), a bankruptcy court may disallow a claim if the claim is unenforceable against a Debtor under any agreement or applicable law.

22. Galindo has failed to provide any supporting documentation to show that its claim is enforceable against the Debtor pursuant to any agreement.

23. Instead, Galindo asserts that it is entitled to attorney's fees based on the agreements the Debtor and Galindo entered into with their clients in the MMA/Galindo Cases. However, such claims are unenforceable against the Debtor under any agreement or applicable law as Galindo did not perform any legal work in these cases and is therefore not entitled to fees under its alleged theories of recovery, including conversion, bailment, constructive trust, and unjust enrichment.

24. Furthermore, the alleged agreement Galindo refers to is between Galindo and its former clients, not between Galindo and the Debtor.

**RELIEF REQUESTED**

For the reasons stated above, the Debtor respectfully request that the Court disallow Claim No. 47 filed by Galindo. See attached Declaration (Exhibit B).

Case 24-31596 Document 175 Filed in TXSB on 02/05/25 Page 5 of 5

Dated: February 5, 2025

Respectfully submitted,

By: */s/ Miriam T. Goott*

Miriam T. Goott
SBN 24048846
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
mgoott@walkerandpatterson.com
COUNSEL FOR DEBTOR

## **CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that on February 5, 2025, I served a copy of this Claim Objection on counsel for Galindo via email.

*/s/ Miriam T. Goott*
Miriam T. Goott

**Fill in this information to identify the case:**

Debtor 1 MMA Law Firm, PLLC

Debtor 2
(Spouse, if filing) ______

United States Bankruptcy Court for the: Southern District of Texas

Case number 24-31596

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Cristóbal M. Galindo, P.C.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor Galindo Law Trial Attorneys

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| c/o Charlie Shelton (Name) | Cristóbal M. Galindo (Name) |
| 7600 Burnet Road, Suite 530 (Number Street) | 4151 Southwest Fwy., Suite 602 (Number Street) |
| Austin, Texas 78757 (City State ZIP Code) | Houston, Texas 77027 (City State ZIP Code) |
| Contact phone 737-881-7101 | Contact phone 713-228-3030 |
| Contact email cshelton@haywardfirm.com | Contact email cmg@galindolaw.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? ______

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. How much is the claim? | $ See Exhibit A ________. Does this amount include interest or other charges?<br>☒ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>fee-sharing agreement, see Exhibit A |
| 9. Is all or part of the claim secured? | ☐ No<br>☒ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☒ Other. Describe: See Exhibit A<br>**Basis for perfection:** ________<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>**Value of property:** $________<br>**Amount of the claim that is secured:** $________<br>**Amount of the claim that is unsecured:** $________ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br>**Amount necessary to cure any default as of the date of the petition:** $________<br>**Annual Interest Rate** (when case was filed) ____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $________ |
| 11. Is this claim subject to a right of setoff? | ☒ No<br>☐ Yes. Identify the property: ________ |

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 08/13/2024
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Cristóbal M. Galindo<br>First name / Middle name / Last name |
| Title | President |
| Company | Cristóbal M. Galindo, P.C.<br>Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 4151 Southwest Fwy., Suite 602<br>Number / Street |
| | Houston, Texas 77027<br>City / State / ZIP Code |
| Contact phone | 713-228-3030 |
| Email | cmg@galindolaw.com |

# EXHIBIT A

1. Between approximately November 2021 and approximately September 2022, McClenny Moseley & Associates, PLLC (n/k/a MMA Law Firm, PLLC) ("MMA") and Cristóbal M. Galindo, P.C. d/b/a Galindo Law Trial Attorneys ("GLF") entered into more than 6,000 agreements with clients (collectively, and individually, the "Agreement(s)") wherein GLF would receive 50% of any attorneys' fees payable under the Agreement(s) (the "GLF Portion").

2. MMA filed bankruptcy on April 9, 2024 (the "Petition Date").

3. Upon information and belief, MMA has received, both prepetition and postpetition, payments pursuant to the Agreement(s) that belonged to GLF, but that were never paid to GLF.

4. GLF takes the position that if MMA received funds pursuant to the Agreement(s), that the GLF Portion, to the extent not previously paid, is not property of the MMA bankruptcy estate to the extent MMA still holds such funds. However, in an abundance of caution, GLF files this secured proof of claim with respect to such funds on the theory that, if the funds are property of the estate under Section 541, then GLF has a secured claim with respect thereto.

5. However, to the extent that MMA (i) has received funds pursuant to the Agreement(s); (ii) has not previously paid to GLF the GLF Portion of such funds, and (iii) is no longer in possession of the GLF Portion, then MMA still has a claim to the unpaid GLF Portion under various theories, including, but not limited to, conversion, bailment, constructive trust, and/or unjust enrichment, extent of the funds that should have been paid.

6. Based on the foregoing, GLF's claims derive from: (i) GLF's potential security interest in the recoveries under the Agreement(s); (ii) breach of contract, and/or (iv) any other applicable state law claims.

7. The Agreements may also be considered executory contracts and not yet breached.

8. GLF is unable to liquidate the amount of the claims without further discovery.

9. GLF reserves the right to amend its proof of claim for any reason. GLF further reserves all of its rights and entitlements to its share of the fee splitting pursuant to the Agreements, and to seek allowance or payment of any additional amounts under Sections 365 and 503(b) of the Bankruptcy Code.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | CHAPTER 7 |
| Debtor | § | |

**DECLARATION BY ZACH MOSELY**

My name is John Zachary Moseley and I have personal knowledge of all the facts stated herein.

1. I am the managing member of the MMA Law Firm, PLLC (**"Debtor"**).
2. MMA Law Firm, PLLC ("**Debtor**") is a litigation firm based in Texas.
3. The Debtor represented thousands of storm victims with property damage claims against their insurance companies following Hurricanes Laura, Delta, Zeta, and Ida.
4. In 2021 and 2022, Galindo referred thousands of cases that it could not handle to MMA (**"Clients"**).
5. The Debtor and Galindo entered into contingency fee contracts with the Clients, with the clients agreeing to pay Galindo 50% of a contingency fee (**"MMA/Galindo Cases"**).
6. Throughout the course of representing the Clients in the MMA/Galindo Cases, MMA performed all of the legal work in the MMA/Galindo Cases, while Galindo did not perform any legal services for these Clients.
7. On March 3, 2023, Judge James D. Cain, Jr., a United States district judge of the United States District Court for the Western District of Louisiana, issued an order suspending the

licenses of all attorneys affiliated with the Debtor for ninety days (**"Suspension Order"**).

8. Pursuant to the Suspension Order, the Debtor was ordered, among other things, to notify its clients of the suspension and inform them that they had the option of either retaining new counsel or remaining with the Debtor.

9. After the entry of the Suspension Order, multiple other law firms acquired the vast majority of MMA/Galindo Cases.

10. On April 9, 2024, the Debtor filed its Chapter 11 bankruptcy case.

11. On August 13, 2024, Galindo filed a secured proof of claim (Claim No. 47) (**"POC"**).

12. I reviewed the POC filed by Galindo.

13. Galindo failed to provide any documents supporting the perfection of a security interest or support for any other legal theories raised in the POC.

I declare under penalty of perjury that the information, statements, and facts given above are true and correct.

Dated: February 5, 2025.

*/s/Zach Moseley*___
John Zachary Moseley

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC | § | |
| | § | CHAPTER 7 |
| Debtor | § | |

**ORDER DISSALLOWING PROOF OF CLAIM #47**
**FILED BY CRISTOBAL M. GALINDO, P.C.**

It is

**ORDERED** that Proof of Claim No. 47 filed by Cristobal M. Galindo, PC is disallowed in its entirety.

SIGNED: __________

______________________________________
**CHIEF UNITED STATES BANKRUPTCY JUDGE**