Case 24-31596 Document 1784 Filed in TXSB on 09/18/25 Page 1 of 1

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 24-31596** |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **Chapter 11** |
| | § | |
| ***Debtor.*** | § | |

**ORDER APPROVING COMPROMISE**
**WITH CRISTOBAL M. GALINDO, PC**
(Relates to ECF No. 805)

It is

**ORDERED** that the Debtor's Motion to Compromise Controversy with *Cristobal M. Galindo, PC* (**"GLF"**) is granted in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that the Debtor and GLF are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the Settlement Agreement.

Signed: September 18, 2025

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), on the one hand, and Cristobal M. Galindo, PC (**"GLF"**), on the other hand. MMA and GLF are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Debtor and GLF hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

## DEFINITIONS AND RECITALS

1. MMA is a Texas-based litigation firm that represented thousands of clients in insurance claims following Hurricanes Laura, Delta, Zeta, and Ida (collectively, the "**Hurricane Cases**").

2. In a substantial number of the Hurricane Cases, MMA entered into co-counsel agreements with GLF, under which both firms jointly represented clients on a contingency fee basis (the "**MMA/Galindo Cases**").

3. On March 3, 2023, the Honorable James D. Cain, Jr., United States District Judge for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated

with MMA for a period of ninety (90) days (the "**Suspension Order**").

4. Following the entry of the Suspension Order, numerous third-party law firms (collectively, the "**Successor Firms**") assumed legal representation of thousands of clients previously jointly represented by MMA and GLF in the MMA/Galindo Cases. For the avoidance of doubt, for the purposes of this Agreement, "Successor Firms" does not include GLF.

5. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating the above-captioned bankruptcy case (the "**Bankruptcy Case**").

6. Following the petition date, MMA began asserting claims against the Successor Firms, both through litigation and through negotiated settlements.

7. On August 13, 2024**,** GLF timely filed a proof of claim in the Bankruptcy Case (the "**POC**").

8. MMA filed an objection to GLF's POC on February 5, 2025 (the "**Claim Objection**").

9. On April 28, 2025**,** the Bankruptcy Court converted the Claim Objection into an adversary proceeding and directed GLF to file a formal complaint, thereby initiating Adversary Proceeding No. 25-03310 (the "**Galindo Adversary**").

10. On August 15, 2025, MMA filed a *Motion to Approve Compromise under Rule 9019* with Irpino, Avin & Hawkins Law Firm, a Successor Firm (the "**Irpino Settlement**").

11. Under the Irpino Settlement, Irpino is required to deposit $81,413.21 into the registry of the Bankruptcy Court (the **"Irpino Registry Funds"**) and, on a going-forward basis, to deposit 25% of all attorneys' fees it receives in connection with the MMA/Galindo cases into the Bankruptcy Court's Registry (the "**Irpino Future Registry Funds**").

12. On the same date, MMA also filed a separate *Motion to Approve Compromise under Rule 9019* with Alvendia, Kelly & Demarest, LLC, a Successor Firm (the "**AKD Settlement**").

13. Pursuant to the AKD Settlement, AKD is required to deposit $153,743.52 into the registry

of the Bankruptcy Court (the **"AKD Registry Funds"**). Additionally, AKD has agreed, on a going-forward basis, to deposit 25% of all attorneys' fees it receives in the MMA/Galindo cases into the Court's registry (the **"AKD Future Registry Funds"**).

14. On August 22, 2025, MMA filed a Complaint against GLF, initiating Adversary Proceeding No. 25-03633 (the "**MMA Adversary**").

15. The Galindo Adversary and the MMA Adversary are collectively referred to herein as the "**Adversaries**."

16. The Parties have reached a full and final global resolution of all disputes and claims related to the Adversaries, as set forth in this Agreement.

17. The Parties expressly acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

**<u>PAYMENT TERMS AND OBLIGATIONS</u>**

18. On or before October 1, 2025, GLF shall remit payment to MMA in the amount of $250,000.00, in good and sufficient funds.

19. GLF hereby acknowledges and agrees that MMA is entitled to retain the entirety of the following funds, free and clear of any claim by GLF:

a. AKD Registry Funds

b. AKD Future Registry Funds

c. Irpino Registry Funds

d. Irpino Future Registry Funds

20. GLF irrevocably waives and relinquishes any and all claims it may have against any and all Successor Firms related to the MMA/Galindo Cases. This waiver is intended to provide assurance to Successor Firms that any settlements or payments made to MMA shall not subject them to liability or further claims by GLF and each of the Successor Firms may rely on this waiver

Case 24-31596 Document 782-5 Filed in TXSB on 09/08/25 Page 5 of 7

and release as third-party beneficiaries of this provision.

21. GLF agrees that, in the event it receives any funds after September 4, 2025, whether directly or indirectly, from any Successor Firm related to the MMA/Galindo Cases, GLF shall remit 100% of such funds to MMA within fourteen (14) calendar days of receipt.

22. GLF shall be granted an allowed general unsecured claim in the Bankruptcy Case in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00) (the "**Allowed Claim**")

23. Except as provided in Paragraph 22 regarding GLF's Allowed Claim in the amount of $2,500,000.00, GLF irrevocably waives and releases any further claims to any fees, costs, or recovery from MMA arising out of or related to former MMA clients or cases.

24. Except for the rights afforded to GLF under Paragraph 22 with respect to its Allowed Claim, GLF hereby irrevocably waives, releases, and forever disclaims any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from MMA, whether direct or indirect, arising from or relating to any former MMA clients, cases, co-counsel relationships, or any other matters associated with the MMA/Galindo Cases.

25. The Parties agree to jointly submit an Agreed Order concerning approval of both the AKD Settlement and the Irpino Settlement to the Bankruptcy Court no later than September 8, 2025.

26. GLF may propose to the Official Committee of Unsecured Creditors (the "**UCC**") the inclusion of third-party releases in any Chapter 11 plan proposed by MMA. If such releases are accepted by the UCC and agreed to by MMA, MMA shall incorporate the releases into its plan and support their approval. GLF shall be responsible for advancing all out-of-pocket costs associated with providing any required notice required of such releases, including, without limitation, the costs of copies, postage, certifications, filings, and related labor. Notwithstanding the foregoing, in the event that the Bankruptcy Court rejects or denies approval of any third-party

releases included in the Chapter 11 plan, such rejection shall not constitute a condition precedent or a breach of this Settlement Agreement, and MMA reserves the right to refile or amend the plan to remove such third-party release provisions without affecting the enforceability or validity of this Settlement Agreement.

27. GLF shall support any Chapter 11 plan proposed by MMA that incorporates terms consistent with this Agreement.

28. In the event the Bankruptcy Court denies approval of this Settlement Agreement, then the Parties agree that all unexpired deadlines in the Adversaries, as of September 4, 2025, shall be extended for a period equal to the time elapsed between September 4, 2025, and the date of the Court's denial of the Settlement Agreement. In addition, the deposition of John Zachary Moseley shall be rescheduled.

29. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes arising under or related to this Settlement Agreement.

30. Upon full performance of the terms and conditions herein, each of the Parties, on behalf of themselves, their respective current and former affiliates, subsidiaries, officers, directors, shareholders, members, managers, partners, employees, attorneys, agents, representatives, predecessors, successors, and assigns, hereby mutually release and discharge each other from any and all claims, demands, actions, and causes of action, known or unknown, arising out of or related to the Adversaries.

31. Subject to the full performance of all terms and conditions set forth in this Agreement, and without limiting any other provisions herein, MMA hereby irrevocably waives, releases, and forever disclaims any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from GLF, arising from or relating to any former MMA clients.

32. Subject to the full performance of all terms and conditions set forth in this Agreement, and without limiting any other provisions herein, GLF hereby irrevocably waives, releases, and forever disclaims any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from MMA, arising from or relating to any former MMA clients.

33. This Agreement is subject in its entirety to Bankruptcy Court approval, without which it shall be null and void and of no force or effect.

Dated: 9-8-2025

*/S/ JOHN ZACHARY MOSELEY*

MMA Law Firm, PLLC
John Zachary Moseley, President

Dated: 9-8-25

Cristobal M. Galindo, P.C.
Cristobal Galindo, President