**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | Chapter 11 |
| | § | |

**DECLARATION OF ALLISON D. BYMAN IN SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION TO CRISTÓBAL M. GALINDO, P.C.'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(b) AND 507(a)(2)**
**(Relates to ECF No. 1780)**

I, Allison D. Byman, declare as follows:

1. I am over 18 years of age and competent to make this declaration. I am the Plan Administrator for MMA Law Firm, PLLC ("MMA"), appointed under the Order Confirming the Third Amended Joint Plan of Liquidation [ECF No. 1648] (the "Confirmation Order"). I have served in that capacity since the Effective Date, August 20, 2026.

2. I submit this declaration in support of the Plan Administrator's Objection to Cristóbal M. Galindo, P.C.'s Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(b) and 507(a)(2) (the "Objection"), which responds to the motion filed at ECF No. 1780 (the "Motion"). Capitalized terms not defined here have the meanings given in the Objection.

3. The facts stated here are based on my personal knowledge, gained from my review of MMA's claims register; and the docket in this case and in the related adversary proceedings. As to events before the Effective Date, my knowledge is based on my review of those records and filings.

4. MMA filed its chapter 11 petition on April 9, 2024.

5. On August 13, 2024, Galindo filed Proof of Claim No. 47. A true and correct copy of Proof of Claim No. 47, as it appears on the claims register, is attached to the Objection.
6. On February 5, 2025, MMA filed its objection to Proof of Claim No. 47 [ECF No. 518], a true and correct copy of which is attached to the Objection as Exhibit B. On April 28, 2025, the Court entered the order at ECF No. 663, a true and correct copy of which is attached to the Objection, and the claim dispute proceeded as Adversary No. 25-03310.
7. MMA and Galindo resolved that dispute through a settlement agreement (the "Galindo Settlement"), a true and correct copy of which is attached to the Objection. On September 18, 2025, the Court entered its Order Approving Compromise with Cristobal M. Galindo, PC [ECF No. 832], a true and correct copy of which is attached to the Objection.
8. On March 9, 2026, MMA filed its complaint against Houghtaling Law Firm, LLC ("HLF"), commencing Adversary No. 26-03065. A true and correct copy of the complaint is attached to the Objection.
9. MMA and HLF resolved that proceeding through a settlement agreement (the "Houghtaling Agreement"), a true and correct copy of which is attached to the Objection.
10. On March 30, 2026, MMA filed its Motion to Approve Compromise under Rule 9019 with Houghtaling Law Firm, LLC [ECF No. 1418] (the "Houghtaling 9019 Motion"). A true and correct copy of the Houghtaling 9019 Motion, including the

certificate reflecting its service on Galindo's counsel of record, Charlie Shelton, is attached to the Objection.

11. On April 23, 2026, the Court entered an order setting the Houghtaling 9019 Motion for hearing on May 20, 2026 [ECF No. 1461] (the "Order Setting Hearing"), a true and correct copy of which is attached to the Objection. The Bankruptcy Noticing Center's certificate of mailing of the Order Setting Hearing, with a notice date of April 25, 2026 [ECF No. 1465], is attached to the Objection. MMA's certificate of service of the Order Setting Hearing, filed April 29, 2026 [ECF No. 1469], is attached to the Objection.

12. The docket reflects that Galindo filed no objection or other response to the Houghtaling 9019 Motion. The minute entry for the May 20, 2026 hearing on the Houghtaling 9019 Motion reflects no appearance on behalf of Galindo.

13. On May 20, 2026, the Court entered its Order Approving Compromise with Houghtaling Law Firm, LLC [ECF No. 1510] (the "HLF 9019 Order"), a true and correct copy of which is attached to the Objection. The Bankruptcy Noticing Center mailed the HLF 9019 Order with a notice date of May 22, 2026 [ECF No. 1522]. The docket reflects no motion for reconsideration and no notice of appeal of the HLF 9019 Order.

14. On July 22, 2026, Galindo filed an objection to confirmation of the Plan [ECF No. 1602], a true and correct copy of which is attached to the Objection. On July 30, 2026, MMA filed its Plan Supplement [ECF No. 1615], a true and correct copy of which is attached to the Objection.

15. On August 5, 2026, the Court entered the Confirmation Order, a true and correct copy of which is attached to the Objection. The Effective Date occurred on August 20, 2026.

16. On October 5, 2026, Galindo filed the Motion, a true and correct copy of which is attached to the Objection.

17. Based on my role as Plan Administrator, it is my understanding that there is no record that reflects a postpetition agreement or transaction under which Galindo provided services, goods, credit, or any other value to MMA or its estate.

18. MMA received funds from HLF under the Houghtaling Agreement and the HLF 9019 Order. In exchange, MMA released its claims against HLF arising from the Former MMA Cases and resolved Adversary No. 26-03065.

19. The facts stated in the Objection are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2026, in Pearland, Texas.

Allison Byman, Plan Administrator

Allison D. Byman, Plan Administrator