**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 24-31596 |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**REPORT OF RULE 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN**
**Debtor's Objections to Proofs of Claim Nos. 73, 74, and 75**
[Relates to ECF Nos. 1609, 1610, 1611, 1612, and 1733]

Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC (**"MMA"**) submits this Report pursuant to the Court's Order for Electronic Scheduling Conference [ECF No. 1733]. MMA made multiple attempts to confer with Mr. Vitt and prepare a joint report, but Mr. Vitt refused to participate. As a result, MMA submits this Report separately. See Exhibit A and Paragraph 2 below for further details.

**1. The Contested Matters**

On July 23, 2026, the following proofs of claim were filed in this case, each signed by Mr. Vitt and each attaching the same document titled "Master Omnibus Addendum to Official Form 410 Proofs of Claim":

| Claim No. | Claimant as Stated on the Proof of Claim | Amount | Debtor's Objection |
|---|---|---|---|
| 73 | Jeffrey Alan Vitt, individually and as beneficiary and trustee of the Jeffrey Alan Vitt Irrevocable Trust | $646,305.06 | ECF Nos. 1609 and 1610 |

| | | | |
|---|---|---|---|
| 74 | Vitt 121, Ltd. and affiliated entities | $25,000,000.00 | ECF No. 1611 |
| 75 | Jeffrey Alan Vitt, individually and as "person of Interests Representing Doe and XYZ Corp" | $325,000,000.00 | ECF No. 1612 |

The Debtor filed its objections on July 30, 2026. ECF Nos. 1609 and 1610 are both objections to Claim No. 73.

**2. Rule 26(f) Conference**

Date, time, and method of the conference, and the persons who participated:

| | |
|---|---|
| **Debtor's Position** | On September 25, 2026, Miriam Goott emailed Mr. Vitt a copy of the Court's Order setting the hearing at ECF No. 1733, along with a draft of this Joint Report. On September 28, 2026, Ms. Goott followed up and requested that Mr. Vitt provide any comments. On September 29, 2026, Ms. Goott followed up a third time. Later that day, Mr. Vitt responded, stating:<br><br>"Regarding the draft Rule 26(f) Joint Report you circulated: as detailed in my Emergency Application for Abatement (Doc. 1744) and the Notice filed this morning, my position is that all scheduling tracks, discovery obligations, and evidentiary deadlines must be stayed pending a ruling by Chief Judge Rodriguez on the requested 45-day abatement. I cannot negotiate or stipulate to a binding discovery schedule while I remain administratively locked out of the CM/ECF system, unrepresented, and operating under the extreme challenges and duress. If you choose to file a motion for a separate report, you may notify the Court that my position for the Rule 26(f) report is a mandatory 45-day abatement of all scheduling and discovery." (See attached Exhibit A) |
| **Claimant's Position** | |

**3. Parties and Counsel**

| | |
|---|---|
| **Debtor's Position** | MMA Law Firm, PLLC, represented by Miriam T. Goott, Walker & Patterson, P.C., P. O. Box 61301, Houston, Texas 77208, (713) 956-5577, mgoott@walkerandpatterson.com. |
| **Claimant's Position** | |

**4. Jurisdiction, Core Status, and Consent to Final Orders**

| | |
|---|---|
| **Debtor's Position** | The Court has jurisdiction over these contested matters under 28 U.S.C. § 1334, that the allowance or disallowance of claims is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and Ms. Byman consents to the entry of final orders by the Bankruptcy Court. |
| **Claimant's Position** | |

**5. Summary of Each Party's Position**

| | |
|---|---|
| **Debtor's Position** | The Debtor's positions are set out in its objections [ECF Nos. 1609, 1610, 1611, and 1612]. In summary, the Debtor contends that each claim should be disallowed in its entirety because, among other grounds: (a) each claim was filed on July 23, 2026, 709 days after the August 13, 2024 bar date, and is untimely under 11 U.S.C. § 502(b)(9); (b) no claim attaches the writings on which it is based, so none is entitled to prima facie validity under Bankruptcy Rule 3001(f); (c) the claims are time barred under applicable nonbankruptcy law; (d) the claims assert liability of persons and entities other than the Debtor; (e) the claims are duplicative of one another; and (f) Claim No. 74 does not identify a creditor, and an entity may not prosecute a contested matter without licensed counsel. |
| **Claimant's Position** | |

**6. Related Cases and Proceedings**

*Please identify any other pending or concluded case, in any court, involving the same facts or claims.*

| | |
|---|---|
| **Debtor's Position** | Vitt v. Koons Fuller, P.C., No. 18-CV-493-TCK-JFJ (N.D. Okla.) (dismissed May 15, 2019); Vitt v. Cyberlink ASP Technology, Inc., No. 19-CV-254-JED-FHM (N.D. Okla.) (dismissed May 14, 2019). |
| **Claimant's Position** | |

**7. Additional Parties and Amendments**

*Please state whether any party expects to add parties or amend its claim or objection, and propose a deadline.*

| | |
|---|---|
| **Debtor's Position** | None at this time. |
| **Claimant's Position** | |

**8. Initial Disclosures**

| | |
|---|---|
| **Debtor's Position** | All documents have been attached to MMA's Objections to proofs of claim at ECF Nos. 1609, 1610, 1611, 1612, and 1733, previously served on Mr. Vitt. |
| **Claimant's Position** | |

**9. Discovery Plan**

(a) Subjects on which discovery may be needed:

| | |
|---|---|
| **Debtor's Position** | None. No discovery is needed and Ms. Byman is ready to proceed on the claim objections. |

| | |
|---|---|
| **Claimant's Position** | |

**10. Settlement**

*Please describe any settlement discussions and whether you believe mediation would be useful.*

| | |
|---|---|
| **Debtor's Position** | No settlement discussions have occurred nor does Ms. Byman believe that settlement or mediation would be useful. |
| **Claimant's Position** | |

**11. Evidentiary Hearing**

*Please state the estimated length of the final evidentiary hearing on the objections.*

| | |
|---|---|
| **Debtor's Position** | 1.5 hours |
| **Claimant's Position** | |

Dated: October 8, 2026

Respectfully submitted,

**WALKER & PATTERSON, P.C.**

By: *<u>/s/ Miriam T. Goott</u>*
Miriam T. Goott
State Bar No. 24048846
4815 Dacoma
Houston, Texas 77092
Telephone: (713) 956-5577
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR**