IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S MOTION TO COMPROMISE CONTROVERSY WITH LAHATTE LAW FIRM, LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this Motion to Compromise Controversy (the **"Motion"**), seeking approval of a settlement with LaHatte Law Firm, LLC (**"LaHatte"**) that resolves the claims asserted in Adversary No. 26–03112. In support thereof, the Plan Administrator states as follows:

## RELEVANT BACKGROUND FACTS

1. MMA Law Firm, PLLC ("MMA") is a Texas litigation firm that previously represented thousands of clients in property insurance claims following Hurricanes Laura, Delta, Zeta, and Ida.

2. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On August 5, 2026, the Court entered its order confirming MMA's Chapter 11 plan (ECF No. 1648). Under the confirmed plan, Allison D. Byman serves as Plan Administrator.

4. On April 8, 2026, MMA commenced an adversary proceeding against LaHatte styled *MMA Law Firm, PLLC v. LaHatte Law Firm, LLC*, Adversary No. 26–03112 (the **"Adversary"**). The Adversary asserts claims for declaratory judgment, for turnover of property of the estate under section 542 of the Bankruptcy Code, and for willful violation of the automatic stay under section 362(a)(3) of the Bankruptcy Code, together with requests for actual and punitive damages, attorney's fees, and sanctions (collectively, the **"Claims"**).

5. The Claims concern the estate's asserted interest in attorney's fees arising from the representation of former MMA clients who were subsequently represented by LaHatte (the **"Former MMA Cases"**). LaHatte has collected attorney's fees in the Former MMA Cases totaling $205,089.23.

6. LaHatte disputes the Claims and denies that it has any liability to MMA or to the estate. Both parties have agreed to the settlement to avoid the cost, burden, and uncertainty of continued litigation.

7. The Plan Administrator and LaHatte have reached a settlement resolving all of the Claims and all disputes concerning the Former MMA Cases, subject to the approval of this Court.

## SETTLEMENT TERMS

8. The material terms of the settlement agreement (the **"Settlement Agreement"**), attached hereto as Exhibit A, are as follows:

a. Within fifteen (15) days after entry of an order approving the Settlement Agreement, LaHatte shall pay the estate the total sum of $61,526.77 (the "Fees Owed"), representing thirty percent (30%) of the total attorney's fees LaHatte collected in the Former MMA Cases. The Fees Owed shall be paid in good funds, made payable to MMA Law Firm, PLLC, and delivered to the Plan Administrator at 7924 Broadway Street, Suite 104, Pearland, Texas 77581.

b. At least three (3) days before any hearing on this Motion, LaHatte shall provide the Plan Administrator with proof of funds sufficient to pay the Fees Owed. The Plan Administrator will keep that information confidential, and it will not be filed on the docket. or be utilized in any other method beyond this transaction. Notwithstanding the foregoing, Ms. Byman may testify at the hearing on the 9019 Motion and represent to the Court that she reviewed the confidential proof of funds and confirmed that LLF has sufficient funds to pay the Fees Owed.

In exchange for payment of the Fees Owed, and effective upon full completion of the terms of the Settlement Agreement, the parties will mutually release one another from all claims, demands, and causes of action related to the Former MMA Cases, and the Adversary will be dismissed.

## ARGUMENT AND AUTHORITIES

9. An analysis of the factors in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968), will aid the court's decision in granting the compromise. The factors include: (i) the probability of success in the litigation, (ii) difficulty of collection of any judgment, (iii) the complexity of the litigation, and (iv) deference to the concerns of creditors. These factors will each be addressed in the paragraphs below.

10. The Plan Administrator believes the estate holds a strong claim to a share of the attorney's fees earned in the Former MMA Cases, based on the work MMA performed before LaHatte was substituted as counsel. Litigation over the apportionment of fees is nevertheless uncertain and intensely factual, and it often requires expert testimony. LaHatte denies liability and disputes that the estate holds any interest in the fees it collected. While the Plan Administrator is confident in the estate's position, success is not assured, and that risk is compounded across multiple separate client matters.

11. The proposed settlement eliminates that uncertainty and secures $61,526.77 for the estate without the cost and delay of litigation. That sum represents thirty percent of the total attorney's fees LaHatte collected in the Former MMA Cases, and it is payable in full within fifteen days after entry of an order approving the Settlement Agreement.

12. LaHatte is a law firm, and collection would not likely pose a serious issue. The Settlement Agreement further protects the estate by requiring LaHatte to provide proof of funds sufficient to pay the Fees Owed before the hearing on this Motion. Obtaining and enforcing a judgment, by contrast, could involve delay, expense, and potential appeals, and the cost of litigating to judgment and collecting would consume a meaningful portion of any recovery. The settlement provides prompt, certain payment and avoids enforcement issues altogether.

13. The underlying dispute is relatively straightforward. Disputes over the apportionment of fees involve conflicting records, competing readings of engagement agreements, and questions of credibility, each of which increases cost and risk.

14. The proposed compromise is in the best interest of the estate and its creditors. It results in an immediate cash recovery at no further expense to the estate, and those funds will be available for distribution to creditors under the confirmed plan. Creditors receive notice of this Motion and an opportunity to be heard.

15. The Oversight Committee received notice of the settlement prior to filing this Motion.

**WHEREFORE,** Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, prays that the Court grant this Motion and approve the compromise of the controversy between the parties on substantially the same terms as those set out in the Settlement Agreement attached hereto as Exhibit "A", authorize the parties to take all actions and execute all documents necessary to effectuate the compromise, and grant such other relief as the Court finds appropriate and just to grant.

Dated: October 8, 2026

Respectfully submitted,

WALKER & PATTERSON, P.C.

By: */s/ Miriam T. Goott*
Miriam T. Goott
attorney in charge
State Bar No. 24048846
4815 Dacoma
Houston, Texas 77092
Telephone: (713) 956-5577
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN,**
**PLAN ADMINISTRATOR FOR**
**MMA LAW FIRM, PLLC**

**CERTIFICATE OF SERVICE**

I, Miriam Goott, hereby certify that a true and complete copy of the foregoing Motion to Compromise Controversy was served on all parties receiving notice via CM/ECF, including the members of the oversight committee, and on counsel for LaHatte Law Firm, LLC, by electronic mail, on October 8, 2026.

*/s/ Miriam T. Goott*
Miriam T. Goott