IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**ORDER APPROVING COMPROMISE WITH LAHATTE LAW FIRM, LLC**

It is

**ORDERED** that the Plan Administrator's Motion to Compromise Controversy with LaHatte Law Firm, LLC (**"LaHatte"**) is GRANTED in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, and LaHatte are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that LaHatte shall pay the sum of $61,526.77 in good funds within fifteen (15) days of entry of this Order, made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman, Plan Administrator, 7924 Broadway Street, Suite 104, Pearland, Texas 77581, unless the parties mutually agree in writing to a different method of payment or delivery, and it is further

**ORDERED** that upon receipt of all sums due under the Settlement Agreement, the parties are authorized to dismiss Adversary No. 26–03112 with prejudice, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the attached Settlement Agreement and this Order.

SIGNED:____________

____________________________________
CHIEF UNITED STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement (the "**Agreement**") is entered into by and between Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC ("**MMA**"), on the one hand, and LaHatte Law Firm, LLC (**"LLF"**) on the other hand. MMA and LLF are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Parties hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

This Settlement Agreement shall be effective as of the date on which it is signed by both Parties **(**the **"Effective Date").**

**DEFINITIONS AND RECITALS**

1. On April 9, 2024, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2. On April 8, 2026, MMA filed an Adversary Proceeding against LLF in Case No. 26-03112 (the **"Adversary"**), concerning MMA's respective interest in attorneys' fees related to legal cases involving former client of MMA who were subsequently represented by LLF (the "**Former MMA**

**Cases**").

3. The Parties have reached a comprehensive resolution of all disputes concerning the Former MMA Case and the Adversary.

4. The Parties acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

**PAYMENT TERMS AND CONDITIONS**

5. Upon entry of an order by the Bankruptcy Court approving this Settlement Agreement, LLF shall pay MMA a total of **$61,526.770** (the "**Fees Owed**"), within fifteen (15) days after entry of the Bankruptcy Court's order approving this Settlement Agreement, representing 30% of the total attorneys' fees collected by LLF in the Former MMA Cases. In exchange for payment of the Fees Owed, the Parties shall fully release all claims against one another, and the Adversary Proceeding shall be dismissed.

6. The Fees Owed shall be made payable in good funds to MMA Law Firm, PLLC and delivered to Allison D. Byman, at 7924 Broadway Street, Suite 104, Pearland, TX 77581.

7. MMA shall file a Motion to Approve this compromise in the Bankruptcy Court (the **"9019 Motion**"). LLF shall provide MMA with proof of funds sufficient to pay the Fees Owed at least three (3) days before a hearing on the 9019 Motion. MMA agrees to maintain the confidentiality of such information, and the proof of funds shall not be filed on the docket or be utilized in any other method beyond this transaction. Notwithstanding the foregoing, Ms. Byman may testify at the hearing on the 9019 Motion and represent to the Court that she reviewed the confidential proof of funds and confirmed that LLF has sufficient funds to pay the Fees Owed.

8. **Retention of Jurisdiction:** The Bankruptcy Court shall retain exclusive jurisdiction to resolve any dispute between the Parties regarding this Agreement.

9. **Mutual Release**: Effective upon the full and final completion of all terms and conditions

set forth in this agreement, the Parties release each other from any and all claims, demands, and causes of action related to the Former MMA Cases. Moreover, the Parties agree that the purpose of this agreement is to fully and finally resolve this transaction and it is not an admission of fault by the LaHatte Law Firm, LLC that LaHatte owes any type of fees and/or costs to MMA from any legal representation.

10. **Bankruptcy Court Approval:** The Parties understand that this entire Settlement Agreement is subject to Bankruptcy Court approval.

**Dated: _________**

_____________________________________________________________
Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC

**Dated: ___________________**

**LaHatte Law Firm, LLC**

____*/s/ Joey Lahatte*______
2000 Clearview Parkway, Suite 203
Metairie, Louisiana 70001
Office: (504) 309-2996
Fax: 855-733-8180