**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Reorganized Debtor. | § | |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE PLAN ADMINISTRATOR TO ENTER INTO MASTER SERVICES AND HOSTING AGREEMENT WITH QUIKDATA, LLC AND (II) AUTHORIZING PAYMENT OF QUIKDATA'S FEES FROM ESTATE FUNDS AS PERMITTED EXPENSES**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC (**“MMA”**), files this motion (the **"Motion"**) and respectfully states as follows:

## SUMMARY OF RELIEF REQUESTED

By this Motion, the Plan Administrator asks the Court to authorize her to enter into the Master Services & Hosting Agreement (the **"Agreement"**) with QuikData, LLC (**"QuikData"**), a true and correct copy of which is attached as **Exhibit A**, and to pay QuikData's

fees from Estate funds as Permitted Expenses under the Plan. Under the Agreement, QuikData will forensically collect, process, and host the Debtor's electronically stored information in a secure, searchable repository so that the Plan Administrator can preserve that information, meet her discovery obligations, and prosecute the Causes of Action pending in this case and its adversary proceedings. The engagement carries a $10,000 flat collection fee and an open ended monthly hosting charge whose total will depend on the volume of data and the life of the litigation.

## RELEVANT BACKGROUND

### The Case and the Confirmed Plan

1. On April 9, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On August 5, 2026, the Court entered its Order Confirming Third Amended Joint Plan of Liquidation and Plan Supplement of MMA Law Firm, PLLC [ECF No. 1648] (the **"Confirmation Order"**), confirming the Third Amended Joint Plan of Liquidation [ECF No. 1577] (as modified, the **"Plan"**). The Effective Date occurred on August 20, 2026 [ECF No. 1669].

3. The Confirmation Order appointed Allison D. Byman as Plan Administrator, vested all management authority in her, and authorized her to "enter into, execute, deliver, file, and implement any documents and instruments substantially consistent with or incidental to the Plan, and to take such other steps and perform such other acts as may be necessary, useful, or appropriate to implement and effectuate the Plan."

4. The Plan charges the Plan Administrator with liquidating the Estate's prepetition assets and prosecuting its Causes of Action. The Plan Administrator is prosecuting numerous adversary proceedings to recover fees owed to the Estate. The adversary proceedings currently pending without settlements reached are listed below:

| **Adversary Proceeding** | **Adv. No.** |
|---|---|
| MMA Law Firm, PLLC, et al. v. Morris Bart, LLC | 24-03127 |
| MMA Law Firm, PLLC v. Morris Bart, LLC | 25-03799 |
| MMA Law Firm, PLLC v. Hair & Shunnarah Trial Attorneys, LLC | 24-03269 |
| MMA Law Firm, PLLC v. Hair Shunnarah Trial Attorneys, LLC | 26-03028 |
| MMA Law Firm, PLLC v. New Orleans Legal, LLC (and Gulf Coast Attorneys, LLC) | 25-03027 |
| MMA Law Firm, PLLC v. The Morgan Law Group of Louisiana, LLC | 26-03097 |
| MMA Law Firm, PLLC v. Ben Baker, Attorney At Law, PLLC | 26-03099 |
| MMA Law Firm, PLLC v. Montiel Hodge, LLC | 26-03102 |
| MMA Law Firm, PLLC v. Godbey Giardina Law Group, LLC | 26-03103 |
| MMA Law Firm, PLLC v. Merlin Law Group, P.A. | 26-03104 |
| MMA Law Firm, PLLC v. The Monson Law Firm, LLC | 26-03107 |
| MMA Law Firm, PLLC v. Chauvin Law Firm, LLC | 26-03109 |
| MMA Law Firm, PLLC v. Jim S. Hall & Assoc., LLC | 26-03113 |
| MMA Law Firm, PLLC v. Vilar & Green, LLC | 26-03114 |

5. Each of these matters turns substantially on the Debtor's own records.

**<u>The Need for Forensic Collection and Hosting</u>**

6. The Debtor's records are central to the Causes of Action the Plan Administrator is prosecuting. Those records include the Debtor’s email accounts, case management system, and accounting records. MMA has been served with discovery requests that call for the Debtor’s electronically stored information, and more is anticipated. The Plan Administrator needs a reliable, defensible way to preserve, search, review, and produce that information.

7. Before confirmation, the Debtor had a full staff available to help respond to discovery. Today, the Debtor has no employees. Only three former staff members remain, and they serve as Consultants under Section 5.6 of the Plan, each limited to fifteen hours per week. Only one of them is well positioned to help locate and gather the Debtor’s records.

**Terms of the Agreement**

8. The Plan Administrator selected QuikData based on its pricing, experience, and Houston location.

9. The Plan Administrator gave the Oversight Committee written notice of the proposed engagement on October 8, 2026.

10. The principal terms of the Agreement are summarized below.

| Term | Provision |
|---|---|
| **Parties** | QuikData, LLC and Allison D. Byman, Plan Administrator for MMA Law Firm, PLLC |
| **Services (Ex. A)** | Forensic collection and extraction; creation and maintenance of a secure QuikData Data Room repository; up to 4 hours of administrator training; 24/7 platform access and support |
| **Forensic collection (Ex. C)** | $10,000 flat fee |
| **Active data hosting (Ex. C)** | $3.00 per GB per month |
| **Cold storage hosting (Ex. C)** | $1.50 per GB per month |
| **Hourly services (Ex. C)** | Optional. Charged only when the Plan Administrator asks QuikData's services team to perform work on her behalf, and only with her prior approval: project management at $175 per hour; consulting at $250 per hour. No charge for the Plan Administrator's team to cull data or run searches in the platform (see ¶¶ 14, 18) |
| **User accounts (Ex. C)** | Unlimited administrator, internal, and external accounts at no added charge |
| **Term and termination (§ 9)** | Month to month; either party may terminate on 30 days' written notice |
| **Court approval (§ 5(a))** | The Plan Administrator must obtain Bankruptcy Court approval of the Agreement |
| **Confidentiality (§ 6)** | Mutual confidentiality obligations covering all client data |

11. QuickData charges for storage based on the amount of data. The current estimate of MMA's data is approximately 4.4 TB. However, the Plan Administrator anticipates that a significant portion of this data is irrelevant or duplicative, and will be removed before it is stored. Data that is stored by Quick Data, but not used by MMA is referred to as "cold storage hosting", and is billed monthly at $1.50 per GB. Once data is accessible to MMA it is referred to as "active data hosting" and costs $3.00 per GB. a, the Plan Administrator anticipates monthly hosting charges of "cold storage data"

12. Since the actual volume, and therefore the actual monthly charge, cannot be determined until the data has been collected and culled to remove duplicates and nonresponsive material, the Plan Administrator cannot state with certainty what the monthly charge will be. After culling, the Plan Administrator will keep only the data needed and all of the data will be moved to the lower cold storage rate and it is anticipated to cost $1,000.00 to $3,500.00 per month based on the estimate above. The data can be moved between active hosting and cold storage upon request. In months when no discovery is due and the data is not otherwise needed, the Plan Administrator will keep it in cold storage. She will reactivate it only when it is needed. Once reactivated the Plan Administrator anticipates the monthly hosting charges will range from $5,000.00 to $12,000.00 per month. Because the data cannot be moved between cold storage and active hosting more than once per month, the Plan Administrator will coordinate discovery-related searches and conduct, to the extent practicable, all necessary discovery activities during an "active month" to minimize hosting costs.

13. Beyond the flat $10,000.00 collection fee and the hosting charges described above, the Agreement imposes no hourly charges unless the Plan Administrator requests that QuikData's team assist with a specific discovery request. QuikData has confirmed in writing that there is no

hourly charge for the Plan Administrator or her team to cull data or conduct searches using the platform. If the Plan Administrator requests that QuikData conduct a specific search, QuikData charges $175.00 per hour, which is less than Ms. Ohlson's $250.00 hourly rate under the Confirmed Plan.

14. Finally, the Plan Administrator may terminate the engagement on 30 days' notice when hosting is no longer needed.

**Relief Requested**

15. The Confirmation Order authorizes the Plan Administrator to enter into documents "substantially consistent with or incidental to the Plan" and to take acts "necessary, useful, or appropriate to implement and effectuate the Plan," and separately authorizes her under 11 U.S.C. § 1142(b) "to take all actions necessary to consummate the Plan without further application to or order of this Court." Collecting and hosting the Debtor's records so that the Estate's Causes of Action can be litigated is incidental to, and necessary for, the Plan's core purpose.

16. QuikData's fees fall within the Plan's definition of Permitted Expenses, which the Plan Administrator may pay from Estate funds in the ordinary course after the Effective Date. Permitted Expenses expressly include "litigation costs and expenses" and "any other expense reasonably determined by the Plan Administrator to be necessary for the orderly liquidation of the Estate." They also include "document storage and records management costs."

17. QuikData's fees are actual, necessary costs of preserving the Estate and liquidating its assets. 11 U.S.C. § 503(b)(1)(A). The Plan Administrator asks that they be allowed as administrative expenses and that she be authorized to pay QuikData's invoices in the ordinary course as Permitted Expenses, without the need for fee applications or further order. The Plan Administrator will report all payments to QuikData in her quarterly reports under Plan § 5.11.

18. Consistent with Paragraph 13 of the Confirmation Order, the Plan Administrator has served this Motion on (a) the Office of the United States Trustee; (b) QuikData, LLC; (c) the members of the Oversight Committee, Scott Jamison, Jimmy Doles, and David Childers; and (d) all parties receiving notice via CM/ECF.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter an order substantially in the form submitted with this Motion (i) authorizing the Plan Administrator to enter into and perform under the Agreement; (ii) allowing QuikData's fees and expenses as administrative expenses and authorizing the Plan Administrator to pay them from Estate funds as Permitted Expenses in the ordinary course, without further order; and (iii) granting such other relief as is just and proper.

Dated: October 8, 2026

Respectfully submitted,

**WALKER & PATTERSON, P.C.**

By: *_/s/ Miriam T. Goott_*
Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, Texas 77208
Tel: 713.956.5577
mgoott@walkerandpatterson.com
**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR OF MMA LAW FIRM, PLLC**

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, a true and correct copy of this Motion was served electronically through the Court's ECF system on all parties registered to receive such service, and by email on the Oversight Committee.

*/s/ Miriam T. Goott*
Miriam T. Goott