United States Courts
Southern District of Texas
FILED
October 14, 2026
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | § | **CASE NO. 24-31596 (EVR)** |
| **Debtor.** | § | |

**JEFFREY A. VITT'S MOTION TO ALTER OR AMEND DOCKET 1765, RECONSIDER THE RELATED DISPOSITION AT DOCKET 1768, AND RESET THE AFFECTED MATTERS**

*This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.*

**<u>KEY TO THE MATTERS AND ORDERS ADDRESSED</u>**

| | |
|---|---|
| D1604 | Vitt's PACER fee-exemption application. |
| D1676, amended by D1697 | Vitt's request to reconsider confirmation. |
| D1677 | Vitt's Rule 2004 examination and document-production request. |
| D1734 | Order setting PACER and Rule 2004 hearings for September 30. |
| D1735 | Docket notification setting reconsideration for the same date and time. |
| D1754 | Vitt's September 29 witness and exhibit list. |
| D1758 | Vitt's September 29 notice of asserted barriers and reliance on pending requests. |
| D1764 | Vitt's emergency technical-failure and continuance motion. |
| D1764-2 | EDSS processing email associated with that motion. |
| D1765 | Order denying PACER, reconsideration, and Rule 2004 matters for failure to prosecute. |
| D1768 | Order denying the emergency continuance motion as moot. |

## I. RELIEF REQUESTED

1. Jeffrey A. Vitt, individually, requests relief from Docket 1765 insofar as it denied Docket 1604, Docket 1676 as amended by Docket 1697, and Docket 1677 for failure to prosecute. He requests restoration of those matters for consideration at a reset hearing under a practicable schedule. He also requests reconsideration of Docket 1768 to the extent necessary to implement that relief.

2. This motion invokes Bankruptcy Rule 9023 and Civil Rule 59(e), to the extent applicable, and alternatively Bankruptcy Rule 9024 and Civil Rule 60(b)(1). It challenges the September 30 and October 1 dispositions.

## II. RELEVANT RECORD

**A.** Multiple matters were scheduled on a compressed timetable

3. On September 25, 2026, the Court entered separate scheduling orders. Docket 1732 scheduled Vitt's expedited-ruling request concerning fee applications for September 29 at 3:00 p.m. Docket 1734 scheduled PACER and Rule 2004 hearings for September 30 at 1:30 p.m. The Docket 1735 notification scheduled reconsideration for the same September 30 time.
4. The September 25 scheduling orders allowed four or five calendar days before the hearings, including a weekend. Docket 1732 also required Vitt to serve the September 29 hearing order and file a certificate of service by September 25—the day the order was entered. Vitt filed that certificate at Docket 1743 that same day.
5. Vitt's preparation efforts included the witness and exhibit list filed at Docket 1754 and the notice filed at Docket 1758. Those filings identified evidence and requests concerning reconsideration, Rule 2004, filing access, abatement, and judicial intervention. They document efforts to prepare and raise difficulties before the telephone failure.
6. On September 29, Vitt stated by email that he did not oppose cancellation of the 3:00 p.m. hearing and expressly reiterated his position that proceedings should be abated pending a ruling on his requested 45-day abatement. His response addressed cancellation in the context of that broader request. Docket 1757 canceled the expedited-ruling hearing and expressly retained the September 30 PACER hearing.

**B.** Vitt notified counsel and court staff of the emergency and filed a request before the scheduled hearing

On September 29, Ms. Goott notified the Case Manager by email of her filed emergency cancellation motion and copied Vitt. The following day, Vitt likewise emailed counsel and court staff about his technical emergency and requested a continuance. He then submitted an emergency motion through EDSS, which was entered before the scheduled hearing.

7. Vitt's declaration describes the failure of his iPhone 11 the night preceding the hearing. He reports using it to send an email at 10:31 p.m. on September 29 before experiencing what's reasonable to believe was a simple battery charge failure later that night. He does not identify an exact failure time.
8. Vitt initially believed the issue was nothing more than charging. After a while he discovered it was not charging. He tried different charging cords, power sources, and troubleshooting and recovery procedures through the night and morning. Those efforts displaced hearing preparation but did not restore telephone service.
9. Vitt submitted an emergency request explaining the technical problem and asking for a continuance. The EDSS processing email bears a September 30, 1:04 p.m. timestamp

(D1764-2). The court-generated filing notice records entry of the motion at 1:19 p.m. (D1764), before the scheduled 1:30 p.m. hearing. These records do not establish when the judge reviewed the request or when appearances were called.

**C. Vitt reported attempted video participation without audio.**

**10.** The September 30 email thread records Ms. Goott's 1:32 p.m. report of difficulty logging in for herself and Ms. Byman; the Case Manager's 1:33 p.m. statement that GoToMeeting was just opening; and Ms. Goott's 1:34 p.m. statement that she was connected.

**11.** At 1:43 p.m., Vitt reported connection difficulty, a router restart interrupting a brief connection, and that he was joined without audio. He recalls connecting before the restart and reconnecting afterward. He believes the session had begun during the initial connection, but cannot establish when appearances were called because he could not hear the proceedings.

**12.** Vitt reports remaining connected after reconnecting until the session ended or a message ended his participation. He displayed the failed phone toward his camera but cannot confirm what the Court received or saw. The official hearing audio and any retained GoToMeeting participant, connection, or session logs could help establish the sequence of appearances and Vitt's connection and disconnection. Vitt requests that the Court consider those records, if retained and available, together with his contemporaneous emails and declaration when resolving the disputed participation account.

**13.** Docket 1765 records that Vitt did not appear and denies the PACER, reconsideration, and Rule 2004 matters for failure to prosecute. It also records the striking of earlier witness and exhibit lists. Vitt seeks an opportunity to make compliant submissions, not automatic reinstatement of those lists.

**D. Subsequent records document requests for relief and recovery efforts**

**14.** At 5:17 p.m. on September 30, Vitt emailed an account of his participation and technical problems and requested relief from Docket 1765. On October 1 at 3:57 p.m., he expressly asked Ms. Goott and Ms. Byman whether they would agree to vacating Docket 1765 and resetting the matters.

**15.** Docket 1768 denied the emergency motion as moot because it had not been granted before the hearing occurred and Docket 1765 issued. Vitt acknowledges that requesting a continuance did not itself postpone the hearing.

**16.** An October 1 Apple email confirms an appointment for October 5. The October 5 work authorization identifies an iPhone 11, records boot loops and an unsuccessful iOS restore, and states that the issue persisted and whole-unit replacement would be needed. This corroborates a malfunction observed October 5. Vitt relies on his declaration and contemporaneous communications for the earlier onset and hearing effects.

**17.** Vitt's declaration describes approximately 90 minutes of telephone troubleshooting with Apple Support and approximately two hours or more at the Apple Store. He states that

he requested further diagnostic detail but was told it could not be supplied. He does not possess an Apple record establishing the exact failure time.

**18.** On October 2 at 2:51 p.m., Vitt reported later Mac problems and difficulty preparing filings. On October 6 at approximately 4:30 p.m., he restored calling ability by transferring his SIM card into an older device. Data stored on the failed phone remains inaccessible.

**19.** Docket 1713 authorized creditor CM/ECF registration with specified permissions. Vitt reports that access was not completed. His emergency request nevertheless reached the docket through EDSS. He offers the access difficulty as context, not as proof that all filing was impossible or deadlines automatically suspended.

### E. Why this sequence warrants reconsideration

**20.** The emergency request sought to prevent loss of the opportunity to prosecute three pending matters because Vitt's only carrier-service telephone had failed. The request reached the docket before the scheduled hearing. Vitt then reported attempted video participation without audio. The Court recorded nonappearance and denied the underlying matters, while the request intended to avoid that consequence was subsequently denied as moot.

**21.** Vitt asks the Court to consider the emergency filing, contemporaneous communications, declaration, Apple record, and earlier preparation efforts together. The requested reset would restore an opportunity to prosecute the affected matters under a compliant schedule, leaving their substantive merits and opposing parties' objections for consideration.

**21A.** Restoring the Rule 2004 request would permit consideration of unresolved financial transactions and the firm's prior representation of Vitt. The additional exhibits include McClenny's correspondence, registry records, the reproduced Moseley declaration, and materials concerning the firm's prior dealings with Vitt. Vitt states that McClenny sent him two checks and requested their return. Vitt proposed marking them VOID and tearing them up, McClenny accepted that proposal, and Vitt has not received replacement checks or the funds represented by either check.

**21B.** The reproduced Moseley declaration at Docket 1609-7 bears a blank signature line and states that the Debtor never held funds deposited in the identified court registries. McClenny's correspondence describes trust-fund handling and receiver distributions. Examination and supporting financial records are needed to determine the disposition of the funds and reconcile those statements. These issues explain the importance of restoring Docket 1677 for consideration.

## III. GROUNDS FOR RELIEF

**22.** Rule 9023 provides a 14-day period for an applicable motion to alter or amend a judgment. The orders reviewed reflect entry of Docket 1765 on September 30 and Docket 1768 on October 1. Vitt requests relief under Rule 9023 to the extent applicable and alternatively under Rule 9024.

**23.** Vitt requests reconsideration of the failure-to-prosecute disposition based on the specific record of the technical emergency and his efforts to participate. The contemporaneous record supports reconsideration of the failure-to-prosecute disposition. Vitt placed his technical emergency on the docket before the scheduled hearing, reported his connection difficulties and participation without audio during the session, and sought relief from the resulting order that same afternoon. Those acts support a finding that he was attempting to prosecute the matters despite the equipment failure. His declaration explains the circumstances, and Apple's subsequent work authorization corroborates the continuing device malfunction. Vitt requests that the Court evaluate this record and restore the affected matters for consideration.

**24.** Alternatively, under Civil Rule 60(b)(1), as applicable through Bankruptcy Rule 9024, Vitt requests relief based on surprise or excusable neglect. He asks the Court to consider the sudden loss of his carrier-service telephone, his efforts to restore it, the emergency submission before the scheduled hearing, and his attempted video participation.

**25.** Vitt also asks the Court to consider the length and effect of the delay, circumstances within his control, good faith, and any prejudice to opposing parties. His same-day request for relief, October 1 request for agreement, October 2 update, October 5 Apple visit, and October 6 restoration of calling ability document steps taken following the hearing.

**26.** Vitt now has a working telephone for hearing audio and a separate working device for video participation. A limited reset would preserve substantive objections and permit compliant witness and exhibit submissions.

## IV. REQUESTED RELIEF

**27.** Vitt requests that the Court:

**a.** Vacate Docket 1765 insofar as it denied Docket 1604, Docket 1676 as amended by Docket 1697, and Docket 1677 for failure to prosecute;

**b.** Restore those matters for further consideration;

c. Reconsider Docket 1768 and modify or vacate its mootness disposition to the extent necessary to address Docket 1764 and implement the requested relief;

**d.** Set a hearing and schedule for compliant witness and exhibit submissions; and

**e**. If the written record does not resolve the request, hold a hearing concerning the disputed participation and technical-emergency facts.

**28.** Vitt will comply with Form 1-100, applicable exhibit requirements, and the Court's participation requirements. This motion does not seek automatic allowance of Claims 73–75, reinstatement of struck lists, a stay of all proceedings, or relief from Docket 1781.

WHEREFORE, Jeffrey A. Vitt requests the limited relief described above and such further relief within that scope as the Court finds appropriate.

Respectfully submitted October 14, 2026

______________________________

Jeffrey Alan Vitt, individually
12791 South 4230 Road
Chelsea, OK 74016-2114
Telephone: 539-292-9358
Email: javit2004rule@gmail.com

**CERTIFICATE OF CONFERENCE**

I certify that on October 1, 2026, at 3:57 p.m., I emailed Miriam Goott and Allison Byman, with the Case Manager copied, asking whether they would agree to vacating Docket 1765 and resetting the affected matters. Neither Ms. Goott nor Ms. Byman responded to that request. The email is reproduced in **Exhibit 1**. It sought agreement on the principal vacatur and reset relief requested here; it did not expressly identify Docket 1768.

____________________________________

Jeffrey Alan Vitt, Individually
Date: October, 14, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I served a true and correct copy of this Motion, supporting declaration, **Exhibits 1–8**, and accompanying proposed order by electronic mail upon the persons at the email addresses listed below.

Allison D. Byman (Plan Administrator), Miriam T. Goott and Johnie J. Patterson (Counsel for Debtor and Plan Administrator), Nicholas R. Lawson & Avi Moshenberg (Counsel for the Official Committee of Unsecured Creditors), Andrew Jimenez (Office of the United States Trustee), and John Zachary Moseley, Individually.

**Plan Administrator:**
Allison Byman
adb@bymanlaw.com

**Counsel for the Debtor:**
Johnie Patterson & Miriam Goott
jjp@walkerandpatterson.com, mgoott@walkerandpatterson.com

**Counsel for the Official Committee of Unsecured Creditors:**
Nicholas R. Lawson & Avi Moshenberg
Nick.Lawson@lmbusinesslaw.com, Avi.Moshenberg@lmbusinesslaw.com

**Office of the United States Trustee:**
Andrew Jimenez
ustpregion07.hu.ecf@usdoj.gov, andrew.jimenez@usdoj.gov

**John Zachary Moseley on behalf of Interested Party John Zachary Moseley, Individually**
Zach@mma-pllc.com

Respectfully submitted

Jeffrey Alan Vitt, Individually
Date: October 14th. 2026