**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **§** | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | **§** | **CASE NO. 24-31596 (EVR)** |
| **Debtor.** | **§** | |

| | |
|---|---|
| D1604 | Vitt's PACER fee-exemption application. |
| D1676, amended by | D1697 Vitt's request to reconsider confirmation. |
| D1677 | Vitt's Rule 2004 examination and document-production request. |
| D1734 | Order setting PACER and Rule 2004 hearings for September 30. |
| D1735 | Docket notification setting reconsideration for the same date and time. |
| D1754 | Vitt's September 29 witness and exhibit list. |
| D1758 | Vitt's September 29 notice of asserted barriers and reliance on pending requests. |
| D1764 | Vitt's emergency technical-failure and continuance motion. |
| D1764-2 | EDSS processing email associated with that motion. |
| D1765 | Order denying PACER, reconsideration, and Rule 2004 matters for failure to prosecute. |
| D1768 | Order denying the emergency continuance motion as moot. |

DECLARATION OF JEFFREY A. VITT IN SUPPORT OF MOTION REGARDING DOCKETS 1765 AND 1768

1. I am Jeffrey A. Vitt. I make this declaration from personal knowledge, except where I expressly identify information reflected in a document or email.
2. I prepared for multiple matters scheduled for September 29 and 30 following the September 25 scheduling orders. On September 29, I filed the witness and exhibit list at Docket 1754 and the notice at Docket 1758 describing difficulties and my reliance on pending requests for relief. I identify those filings as my preparation efforts and statements, not as orders granting relief.
3. During the September 30 hearing, my iPhone 11 was my only telephone with active carrier service. That service was provided through the federal Lifeline program.
4. I used the iPhone to send emails to my Mac during the preceding evening. The September 29 email I identified bears a 10:31 p.m. timestamp and the signature "Sent Via iPhone." I discovered that the phone was not functioning later that night, possibly after 11:00 p.m. I do not recall the exact time.
5. Initially, I thought the phone had a depleted battery. Its screen would not turn on. I tried different charging cords, outlets, and a car charger. At approximately 2:30 a.m., with the time uncertain, I thought I saw a faint indication of light on the screen. I researched troubleshooting and attempted restore or recovery procedures.

6. I continued trying to restore the phone through the night to morning and before the hearing. These efforts consumed time I otherwise would have used to prepare.
7. I had GoToMeeting set up before the scheduled hearing time. I experienced a connection difficulty and saw a spinning connection indicator. I recall a brief connection but had already restarted my router. I believe the session had begun during that connection, but cannot establish the exact time appearances were called because I could not hear the proceedings.
8. Restarting the router interrupted my connection. After it cycled, I reconnected. I cannot reliably identify my first connection time or the interruption's duration.
9. I saw video or participant displays that I understood to include the judge, courtroom, Ms. Goott, Ms. Byman, and my participant display. I could not hear the proceedings. I displayed the failed phone and my recovery efforts toward my camera because I wanted the Court to understand the problem.
10. After reconnecting, I remained connected until the session ended or a message ended my participation. I do not recall the exact wording of that message or a reliable total duration.
11. At 1:43 p.m., I emailed that I had experienced connection difficulty, restarted the router, lost a brief connection, and joined without audio. At 5:17 p.m., I sent a further account and requested relief from Docket 1765.
12. **Exhibit 1** reproduces the four-page "Trying to Call in to hearing" thread, with displayed messages dated September 30 through October 2. It contains messages I sent or received. Some quoted text is hidden, and an appointment attachment is identified but not reproduced within that PDF.
13. The thread contains Ms. Goott's September 30, 1:32 p.m. report of login difficulty, the Case Manager's 1:33 p.m. statement that GoToMeeting was just opening, and Ms. Goott's 1:34 p.m. statement that she was connected. I identify those as messages, not personal observations of their equipment.
14. On October 1 at 3:57 p.m., I asked Ms. Goott and Ms. Byman by email whether they would agree to vacating Docket 1765 and resetting the matters.
15. I spoke with Apple Support on Oct 1st. I estimate the call lasted approximately 90 minutes. The representative guided me through multiple troubleshooting steps, could not resolve the problem, and arranged my Oct 5th appointment.
16. **Exhibit 2** reproduces the October 1 Apple email confirming an October 5, 1:00 p.m. appointment at Apple Woodland Hills in Tulsa, Oklahoma.
17. I attended that appointment concerning the iPhone 11. I spent approximately two hours or more while the technician tried additional approaches, including diagnostics. I requested more detailed information, including whether the time of failure could be identified, and sought further assistance or permission to obtain details. Apple personnel told me they could not provide the requested information under their policy. I describe what I requested and was told, rather than an independently verified statement of Apple's policy.
18. **Exhibit 3** reproduces the October 5 Apple work authorization. It records boot loops, an attempted iOS restore that encountered an error, a continuing issue, and a statement

that whole-unit replacement would be needed. I do not have an Apple record establishing the exact failure time or cause.

**19.** After the September 30 hearing, my Mac also malfunctioned. I restarted it multiple times. I could minimize windows but could not operate them normally. Many mouse clicks did not work; I relied more heavily on the keyboard and could barely send email. My October 2, 2:51 p.m. message in **Exhibit 1** reported these later problems.

**20.** I contacted my telephone service provider and other services seeking a replacement device. My immediate efforts were unsuccessful. On October 6 at approximately 4:30 p.m., I transferred the SIM card into an older device I owned. I had believed it was locked to AT&T and did not expect it to work. It permitted calls but did not restore access to data stored on the failed iPhone.

**21.** I now have a working telephone for hearing audio and a separate working device for video participation. Data on the failed phone remains inaccessible.

**22.** **Exhibit 4** is a copy of Docket 1764-2, containing an EDSS processing email with a September 30, 1:04 p.m. sent timestamp. **Exhibit 5** reproduces the court-generated filing notice recording entry of Docket 1764 at 1:19 p.m. CDT. Those are separate timestamps; neither establishes when the judge reviewed the motion or called appearances.McClenny sent me two checks and subsequently asked me to return them. I trusted him. I told him I would mark the checks VOID and tear them up, and he accepted that proposal. I have not received replacement checks for either check.

**23.** **Exhibit 6** is a compilation of probate registry records, check images, a reproduced Moseley declaration, and McClenny correspondence. The reproduced declaration bears the court stamp for Docket 1609-7 and shows a blank signature line for John Zachary Moseley. McClenny's May 31, 2019 correspondence describes representation, trust-fund handling, and distributions involving a receiver.

**24.** **Exhibit 7** reproduces an image titled "Jeff Vitt Case Spreadsheet." **Exhibit 8** reproduces an image titled "Initial Jeff Vitt Claims Document and Information Request." These materials describe matters associated with the firm's prior dealings with me.

**25.** I have not received the funds represented by the two checks. I seek the accounting and supporting records necessary to determine their disposition.

**23E.** During a telephone conversation around January 2017, McClenny stated PTS Diagnostics is a $200 million settlement matter.

**23F.** Later, McClenny stated the CyberlinkASP matter is $100 million settlement.

**23G.** McClenny told me that a temporary restraining orders and injunction would stop the the bleeding i was experiencing from multiple angles.

**23H.** Before receiving the May 31, 2019 cease-and-desist letter, McClenny had not told me that he communicated with Debi Vitt or Receiver Scott Hickey about the matters in which he represented me. I first learned of the communications described in that letter when I read it.

**23I.** In March 2018, I visited McClenny at his Houston office while traveling with my daughter to visit Louisiana State University. Mr. McClenny showed me me a quick tour including "The War Room", we talked a legal & I signed a document or two during that visit but do not presently recall its exact title or terms. I seek that document and related records to establish what was authorized and what action followed.

**24.** **Exhibits 1 and 2** accurately reproduce emails I sent or received. Apple personnel handed me the paper work authorization at the October 5 appointment. **Exhibit 3** accurately reproduces that paper record.

**25.** **EXHIBITS LIST 1 - 8**

**Exhibit 1** — Email Thread Initiated By Miriam Goott: Hearing Connection Difficulties and Vitt's Requests for Continuance and Reset, Sept 30–Oct 2, 2026

**Exhibit 2** — Apple Genius Bar 10/5 Appointment Confirmation Sent Oct 1, 2026: For Oct 5, 2026 Evaluation of iPhone

**Exhibit 3** — Apple Genius Bar Work Authorization, Oct 5, 2026: Diagnostics: Boot Loops, Unsuccessful Restore; Recommended Device Replacement

**Exhibit 4** — Docket 1764-2: EDSS Processing Email Timestamped Sept 30, 2026, at 1:04 p.m.

**Exhibit 5** — Docket 1764 Notice of Electronic Filing: Emergency Motion Entered Sept 30, 2026, at 1:19 p.m. CDT

**Exhibit 6** — Probate Registry Records, Check Images, Reproduced Moseley Declaration at Docket 1609-7 with Blank Signature Line, and McClenny Correspondence

**Exhibit 7** — Spreadsheet Image Titled "Jeff Vitt Case Spreadsheet": Prior Representation and Matter References

**Exhibit 8** — Document Image Titled "Initial Jeff Vitt Claims Document and Information Request"

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2026, at Chelsea, Rogers County, Oklahoma.

______________________________

Jeffrey A. Vitt