**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **CASE NO. 24-31596** |
| **DEBTOR** | § | |

**OBJECTION TO PROOF OF CLAIM NO. 60 FILED BY WAYNE J. ADAMS**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**NO HEARING IS REQUESTED UNLESS A TIMELY RESPONSE IS FILED.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, in her capacity as Plan Administrator (the **"Plan Administrator"**) for MMA Law Firm, PLLC (the **"Debtor"**) files this objection (the **"Objection"**) to Proof of Claim No. 60 (the **"POC"**) filed by Wayne J. Adams (the **"Claimant"**), and respectfully states as follows.

## RELEVANT FACTS

1. The Debtor filed its chapter 11 petition on April 9, 2024.

2. The deadline for all creditors other than governmental units to file proofs of claim was August 13, 2024.[1]

[1] **Exhibit A**: Notice of Chapter 11 Bankruptcy Case (ECF No. 8)

3. On September 18, 2024, the Claimant filed Proof of Claim No. 60 (the **"POC"**).[2]

4. As required by Local Rule 3007-1(a), the POC is described below.

| **Claimant** | **Claim No.** | **Date Filed** | **Amount Claimed** | **Classification** |
|---|---|---|---|---|
| Wayne J. Adams, c/o The Kassab Law Firm, 1214 Elgin Street, Houston, Texas 77004 | 60 | September 18, 2024 | Unknown (reflected on the claims register as $0.00) | General unsecured; no secured or priority status asserted |

5. The POC lists its basis as "Civil barratry pursuant to Texas Gov. Code 82.0651."

6. Attached to the POC is Plaintiffs' Original Petition, filed June 21, 2023 in the District Court of Harris County, Texas, by the Claimant and eight other plaintiffs against the Debtor and others (the **"Petition"**).[3]

7. On July 1, 2026, the Debtor and the Official Committee of Unsecured Creditors filed the Third Amended Joint Plan of Liquidation (the **"Plan"**).

8. On August 5, 2026, the Court entered an order confirming the Plan (the **"Confirmation Order"**).[4]

9. The Effective Date occurred on August 20, 2026.[5]

10. The Confirmation Order appointed the Plan Administrator, and the Plan authorizes her to object to Claims.

11. The facts stated above are supported by the Declaration of Allison D. Byman, Plan Administrator.[6]

---

[2] **Exhibit B**: Proof of Claim
[3] **Exhibit C**: Petition
[4] **Exhibit D**: Confirmation Order (ECF No. 1648)
[5] **Exhibit E**: Notice of Effective Date (ECF No. 1669)
[6] **Exhibit F**: Declaration of Allison D. Byman

**Objection**

12. A claim is disallowed to the extent it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

13. The POC rests entirely on Texas Government Code § 82.0651. As outlined in the Petition attached to the POC, the Claimant alleges that he (a) resides in Mandeville, Louisiana; and (b) after Hurricane Ida damaged property in Louisiana, was solicited by telephone, social media, or electronic communication to hire the Debtor to handle the resulting insurance claim.

14. After the POC was filed, the Supreme Court of Texas issued its decision in *Pohl v. Cheatham*, addressing the same legal issue contained in the Petition and rejecting the basis for recovery under section 82.0651(a) under the circumstances presented. The Supreme Court of Texas held that when a client who does not live in Texas enters into a contract for legal services procured outside Texas through solicitation that occurred outside Texas, allowing that client to recover under section 82.0651(a) would apply the statute impermissibly beyond Texas. *Pohl v. Cheatham*, 718 S.W.3d 173 (Tex. 2025), *reh'g denied* (Sept. 5, 2025).[7] The Court rendered judgment that the clients take nothing. *Id.*[8]

15. The Petition pleads exactly those facts. Therefore, pursuant to 11 U.S.C. § 502(b)(1), the POC should be disallowed as it is unenforceable against the Debtor under applicable law. In addition, Section 502(b)(9) disallows a claim to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). The Claimant filed the POC 36 days late and never sought leave to do so.

---

[7] **Exhibit G**: Pohl Opinion

[8] Counsel for the Claimant also represented the respondents in the Pohl case. (See Exhibit G)

**<u>RELIEF REQUESTED</u>**

16. The Plan Administrator respectfully requests that the Court enter an order, substantially in the form submitted with this Objection, (a) sustaining this Objection; (b) disallowing Proof of Claim No. 60 in its entirety; and (c) granting such other relief as is just.

Dated: October 19, 2026.

Respectfully submitted,

By: *<u>/s/ Miriam T. Goott</u>*
Miriam T. Goott, SBN 24048846
P.O. Box 61301
Houston, Texas 77208
(713) 956-5577 (telephone)
(713) 956-5570 (fax)
mgoott@walkerandpatterson.com
**PROPOSED COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on October 19, 2026, I served this Objection, its exhibits, and the proposed order by email on counsel for the Claimant: Lance Christopher Kassab (lance@kassab.law) and David Eric Kassab (david@kassab.law; eserve@kassab.law), The Kassab Law Firm, 1214 Elgin Street, Houston, Texas 77004, and through the Court's CM/ECF system on all parties registered to receive electronic notice in this case.

*<u>/s/ Miriam T. Goott</u>*
Miriam T. Goott