United States Courts
Southern District of Texas
FILED
10/25/26
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | § | **CASE NO. 24-31596 (EVR)** |
| **Debtor.** | § | |

**JEFFREY ALAN VITT'S OBJECTION TO THE PLAN ADMINISTRATOR'S APPLICATION FOR AUTHORITY TO EMPLOY WALKER & PATTERSON, P.C. AS COUNSEL FOR CLAIMS OBJECTIONS, AND REQUEST FOR HEARING AND SUPPLEMENTAL DISCLOSURES**

Related Application: Docket 1776 — Plan Administrator's Application for Authority to Employ Walker & Patterson, P.C. as Counsel for Claims Objections.

Jeffrey Alan Vitt, individually, objects to the Plan Administrator's Application for Authority to Employ Walker & Patterson, P.C. as Counsel for Claims Objections at Docket 1776 ("Application"). Vitt requests supplemental disclosures and a hearing before approval.

## I. RELIEF REQUESTED

1. Vitt requests that the Court withhold approval pending clarification of the proposed engagement's authority, effective date, compensation boundaries, and economic interests. Following supplementation and a hearing, he requests denial, limitations, or conditions supported by the resulting record.
2. The Application seeks a separate hourly engagement effective August 20, 2026, while preserving Walker & Patterson's existing Debtor employment under Docket 173. The submitted agreement makes court approval a condition of effectiveness. Vitt requests clarification of the authority and terms governing services performed before approval of the proposed engagement.
3. The record should establish which engagement authorized that work, the client capacity represented, the compensation arrangement applied, and the safeguards preventing duplicate charges under the preserved and proposed arrangements.

## II. PRINCIPAL DOCKET REFERENCES

4. The principal documents and their relevance are:

Docket 173 — July 18, 2024 employment order approving the earlier engagement, subject to its express limitations.

Dockets 1648 and 1669 — Confirmation order and notice of the Plan's effective date.

Docket 1713 — Order granting Vitt's access motion and directing specified electronic-filing access.

Dockets 1765 and 1768 — Dispositions challenged through Vitt's pending motion at Docket 1796.

Docket 1776 — Application seeking a separate claims-objection engagement effective August 20, 2026.

Docket 1776-2 — Submitted engagement agreement, including its approval requirement, compensation provisions, and blank client signature and date lines.

Docket 1776-3 — Goott's disclosure declaration and attached earlier declaration describing the originally proposed compensation arrangement.

Docket 1776-4 — Proposed employment order.

Docket 1792 — October 13 minutes setting the claims objections for November 10.

Dockets 1796, 1796-1, and 1796-2 — Vitt's pending motion concerning those dispositions, supporting declaration, and combined Exhibits 1–8.

Docket 1801 — October 22 order denying Docket 1744 as moot and stating that the September 29 hearing proceeded without a ruling on that request.

III. GROUNDS FOR OBJECTION

A. The existing and proposed engagements require defined boundaries.

5. Application paragraphs 5–6 distinguish continuing employment under Docket 173 and Plan §2.2.3 from a separate engagement by the Plan Administrator for claims-objection services. Paragraph 16 requests approval of that separate engagement effective August 20, 2026.
6. Section 3 of the submitted agreement requires Bankruptcy Court approval of the fee arrangement before the agreement becomes effective. Goott's declaration, paragraph 5, states that she has represented the Plan Administrator in post-confirmation matters under the existing Employment Order and Plan §2.2.3.
7. The Court should determine which services fall within the preserved employment and which services require the new approval sought through Docket 1776. Any approval order should identify the scope and effective date of the separate engagement.
8. Vitt requests a supplemental statement identifying claims-objection services performed beginning August 20, 2026, including:

a. The dates of service and nonprivileged descriptions of the work performed;

b. The attorney performing the work and hours recorded;

c. The engagement, client capacity, and compensation arrangement assigned to the work;

d. Amounts billed, allowed, paid, or remaining unpaid; and

e. Any compensation calculation involving services or benefits also attributed to the preserved engagement.

9. These requests concern authorization, scope, timing, and compensation facts. They can be addressed without disclosure of privileged legal advice. The allocation must respect Docket 173, including paragraph 4(d), excluding reductions of estate liability from the contingency fee, and paragraph 4(e), excluding funds utilized or necessary to pay allowed secured claims.

B. The requested retroactive effective date requires an explanation.

10. The Application was filed October 2, 2026, forty-three days after its requested August 20 effective date.
11. Bankruptcy Local Rule 2014-1(b) addresses applications seeking retroactive employment approval more than thirty days after professional services commenced. It requires explanations concerning why the application was not filed earlier, why retroactive authorization is required, and potential prejudice to parties in interest.
12. Vitt requests that the applicant identify when services under the proposed separate engagement commenced, address the applicability of BLR 2014-1(b), and provide the required explanations if applicable.
13. The supplemental record should identify the preapproval services that would be covered by the requested order and the basis for applying the proposed terms to those services. This will permit the Court to evaluate the requested effective date on an identified factual and legal basis.

C. The record should establish the Plan Administrator's authorization.

14. The client signature and date lines on the agreement submitted at Docket 1776-2 are blank. The attorney signature appears as "/s/ Johnie J. Patterson."
15. The agreement reserves ultimate client control and final decisions concerning agreements and settlements to the Plan Administrator. It also addresses superseding prior understandings concerning Claims Work while preserving the earlier contract and order.
16. Vitt requests an executed agreement or other competent evidence establishing the Plan Administrator's adoption of the submitted terms, the date of authorization, and any material differences from an earlier authorization.
17. That evidence would permit determination of the relationship between actual client authorization, the agreement's approval condition, and the requested August 20 effective date.

D. The firm's continuing Debtor role and proposed Plan Administrator role require clarification.

18. Vitt requests clarification of the capacity and authority under which Walker & Patterson performed post-confirmation claims work, including whether its continuing representation of the Debtor creates an adverse interest in any matter assigned by the Plan Administrator. If the proposed assignment requires evaluating the firm's own prior conduct or protecting interests inconsistent with the Plan Administrator's duties under the confirmed Plan, Vitt requests disclosure of the resulting conflict and consideration of independent counsel for that matter.

E. The economic-interest statement and disclosed connections require clarification.

19. Paragraph 10 of Goott's declaration states that the firm continues under the earlier employment order and may hold claims for fees and expenses allowed or to be allowed.

Paragraph 18 states that the firm possesses no economic interest pertaining to the Debtor, creditors, or other parties in interest.

20. Vitt requests clarification of the intended meaning and scope of paragraph 18 in light of the existing compensation arrangement, possible fee claims, and proposed hourly engagement. The supplemental statement should identify any exceptions or qualifications necessary to make the disclosure complete and accurate.
21. Paragraphs 12 and 15 disclose repeated representations involving the Plan Administrator and connections involving EAJF and an Oversight Committee member. The proposed invoice procedure provides for review by the Plan Administrator and Oversight Committee and payment if no written objection is made within fourteen days.
22. The Court should evaluate those disclosed connections together with the firm's continuing role and existing fee interests. Vitt requests an explanation of who will review disputed charges and resolve any issue in which the firm's own compensation interests are implicated.
23. The Court should identify the governing post-confirmation employment standard under the Plan and Confirmation Order and, to the extent applicable, 11 U.S.C. §§327, 328, and 330 and Bankruptcy Rules 2014 and 2016.
24. The requested hearing would permit findings concerning the actual assignment, relevant interests and connections, and safeguards necessary for the proposed engagement. If the developed record establishes a disqualifying interest or other ground for denial, employment should be denied or appropriately limited.

## IV. CONNECTION TO PENDING RELIEF AND HEARING PREPARATION

25. Docket 1765 denied Vitt's PACER fee-exemption request at Docket 1604, confirmation-reconsideration request at Docket 1676 as amended by Docket 1697, and Rule 2004 examination and document-production request at Docket 1677 for failure to prosecute. Docket 1768 subsequently disposed of the emergency technical-lockout and continuance request at Docket 1764 as moot.
26. Vitt's pending motion at Docket 1796 seeks relief from those dispositions, restoration of the affected matters, and a reset hearing with compliant witness and exhibit submissions. Its supporting declaration is Docket 1796-1. Exhibits 1–8 are collectively filed at Docket 1796-2.
27. On October 22, 2026, the Court entered Docket 1801, denying Docket 1744 as moot and stating that the September 29 hearing proceeded without a ruling on that request. Docket 1744 concerned temporary abatement of the September 29–30 proceedings. This subsequent disposition forms part of the procedural history supporting coordinated consideration of the pending requests and a definite preparation schedule.
28. The September 25 orders set contested matters for September 29 and 30, leaving four or five calendar days, including a weekend. Docket 1796 describes the technical failure and participation difficulties surrounding September 30 and seeks relief from the resulting dispositions. Those unresolved matters bear on access to records and requested discovery relevant to claims preparation.
29. Docket 1713 directed that the Clerk provide Vitt access to the Bankruptcy event categories allowed to attorney e-filers, except opening a new bankruptcy case, with filing activity limited as specified in that order.
30. As of October 22, 2026, Vitt's account displays linked PACER and CM/ECF accounts and active Texas Southern registration, but his available menus do not provide motion or application events. He has used EDSS to submit documents. The discrepancy between the access directed by Docket 1713 and the available filing functions remains unresolved.

31. Vitt's court-stamped August 19 and August 28 submissions present a consolidated amended Claim 73. Identification of the operative amendment and objections remaining for adjudication will permit testimony and documentary submissions to address the disputed issues.
32. Vitt requests coordinated scheduling of this employment objection, Docket 1796, and the November 10 proceedings. The employment objection concerns authority, disclosures, and compensation for claims work; Docket 1796 concerns restoration of proceedings affecting access and evidence; and the separate continuance requests concern the time and sequence necessary to prepare and present that evidence.
33. Vitt requests a hearing on this objection before approval of Docket 1776 and an opportunity to address supplemental evidence. His separate scheduling and access requests address the November 10 settings, necessary witness arrangements, hearing records, implementation of Docket 1713, and any specifically supported request for financial assistance.
34. Vitt also needs to obtain subpoenas and arrange service for material witnesses whose voluntary attendance cannot be secured. His separate request for financial assistance will identify the witnesses, expected testimony, service needs, and financial circumstances supporting the particular relief sought.

## V. REQUESTED RELIEF

**WHEREFORE**, Jeffrey Alan Vitt requests that the Court:

a. Withhold approval of Docket 1776 pending supplemental disclosures and a hearing;

b. Require evidence addressing client authorization, commencement of services, the requested retroactive effective date and BLR 2014-1(b), preapproval services, compensation allocation, and the economic-interest statement in paragraph 18 of Goott's declaration;

c. Determine the respective scope of the preserved and proposed engagements under Docket 173, the confirmed Plan, and the Confirmation Order, and whether any identified adverse interest affects the proposed assignment or requires limitations or independent counsel for a particular matter;

d. Deny or limit employment if the developed record establishes grounds for that relief;

e. If employment is approved, specify its scope and effective date, preserve the compensation limitations imposed by Docket 173, require separate records sufficient to prevent duplicate charges for the same services, and preserve review of particular fees and expenses under the governing Plan and orders;

f. Permit Vitt to respond to supplemental evidence before disposition of this objection;

g. Coordinate scheduling, as appropriate, with Docket 1796 and the separate requests concerning the November 10 settings; and

h. Grant further relief consistent with these requests.

Respectfully submitted October 23, 2026,

______________________________

Jeffrey Alan Vitt, individually
12791 South 4230 Road
Chelsea, OK 74016-2114
Telephone: 539-292-9358
Email: javit2004rule@gmail.com

**CERTIFICATE OF CONFERENCE**

I certify that on October 22, 2026, at approximately 1:00 p.m. Central Time, I called Walker & Patterson, P.C. Miriam Goott was unavailable. I left a message with Mike Walker identifying MMA Law Firm, requesting a conference, and providing my name and telephone number.

At approximately 1:07 p.m. Central Time that day, I called Allison Byman's office, selected option 1, and left a voicemail identifying MMA Law Firm, requesting a conference, and providing my name and telephone number.

These messages were attempts to arrange a conference. They did not constitute a completed discussion of the requested relief or establish either recipient's position.

______________________________ October 23, 2026

Jeffrey Alan Vitt, individually

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I served a true and correct copy of this Objection to Docket 1776 and its accompanying proposed order by electronic mail upon the recipients listed below.

Allison D. Byman
Plan Administrator
adb@bymanlaw.com

Miriam T. Goott and Johnie J. Patterson
Walker & Patterson, P.C.
mgoott@walkerandpatterson.com
jjp@walkerandpatterson.com

Nicholas R. Lawson and Avi Moshenberg
Counsel for the Official Committee of Unsecured Creditors
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

Andrew Jimenez
Office of the United States Trustee
andrew.jimenez@usdoj.gov
ustpregion07.hu.ecf@usdoj.gov

John Zachary Moseley
Interested Party
zach@mma-pllc.com

____________________________

Jeffrey Alan Vitt, individually
October 23, 2026.