**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | § | **CASE NO. 24-31596 (EVR)** |
| **Debtor.** | § | |

**ORDER SETTING HEARING AND REQUIRING SUPPLEMENTAL DISCLOSURES CONCERNING THE PLAN ADMINISTRATOR'S APPLICATION TO EMPLOY WALKER & PATTERSON, P.C.**

Related Application: Docket 1776

The Court has considered Jeffrey Alan Vitt's objection to the Plan Administrator's Application for Authority to Employ Walker & Patterson, P.C. as Counsel for Claims Objections at Docket 1776. It is ORDERED:

1. Determination of the Application is deferred pending the supplemental submissions and hearing provided for below.
2. The Application and objection shall be set for hearing by separate notice. The hearing shall be scheduled to permit the submissions and response described in this Order.
3. No later than fourteen days before the hearing, the Plan Administrator and Walker & Patterson shall file supplemental evidence and disclosures addressing:

a. The Plan Administrator's authorization of the submitted engagement terms, including an executed agreement or other competent evidence establishing the date and terms of authorization;

b. The respective scope of the existing employment under Docket 173 and the proposed claims-objection engagement;

c. When services under the proposed separate engagement commenced, the basis for the requested August 20, 2026 effective date, and the applicability and requirements of Bankruptcy Local Rule 2014-1(b);

d. Claims-objection services performed beginning August 20, 2026, including dates, nonprivileged descriptions, attorneys performing the work, hours recorded, engagement and compensation categories assigned, and amounts billed or paid;

e. Any identified adverse interest affecting a particular assignment because of the firm's continuing Debtor representation, prior services, or compensation interests, and proposed measures to address that interest;

f. The meaning and scope of paragraph 18 of the declaration at Docket 1776-3 in light of the existing employment and fee interests disclosed elsewhere in that declaration; and

g. The procedure for allocating and reviewing charges under the separate engagements, preventing duplicate charges, and resolving disputes involving the firm's compensation interests.

4. The supplemental submissions shall identify the provisions of Docket 173, the confirmed Plan, and the Confirmation Order relied upon. They need not disclose privileged legal advice.
5. The Plan Administrator shall serve the supplemental submissions on Vitt, the United States Trustee, the Oversight Committee, and other parties entitled to notice, and shall file a certificate of service.
6. Vitt and other parties entitled to respond may file and serve a response no later than seven days before the hearing.
7. Witness and exhibit submissions shall comply with applicable rules, the Court's procedures, and any hearing-specific order.
8. This Order does not approve the proposed engagement, authorize payment under it, modify Docket 173, adjudicate the claims objections, or dispose of Docket 1796. Requests concerning the November 10 settings remain subject to separate order.
9. The Court retains jurisdiction to implement and enforce this Order.