**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE | § | Chapter 11 |
| | § | |
| MMA Law Firm, PLLC | § | Case No. 24-31596 |
| | § | |
| DEBTOR | § | |
| | § | |

**DECLARATION OF MIRIAM T. GOOTT ON BEHALF OF WALKER & PATTERSON, P.C. PURSUANT TO FED. R. BANKR. P. 2014 AND 2016**

Pursuant to Bankruptcy Rules 2014 and 2016, I, Miriam T. Goott, on behalf of Walker & Patterson, P.C. (the **"Firm"** or **"W&P" or "WP"**), state as follows:

1. I am an attorney at law duly licensed to practice in the State of Texas. I am also admitted to practice in this Court. I am an attorney in the law firm of Walker & Patterson, P.C., which maintains its offices at 4815 Dacoma, Houston, Texas 77092, and I am authorized to make this declaration for the purpose of fulfilling the disclosure requirements of Fed. R. Bankr. P. 2014(a) and 2016.

2. W&P is a Houston-based law firm with considerable experience in bankruptcy, insolvency, and commercial and business litigation, and is qualified to represent the Plan Administrator in the claims objection matters described in the Application.

3. I have represented the Debtor in this case since it was filed. W&P's employment as counsel for the Debtor was approved by the Court's Order entered July 18, 2024 [Dkt. No. 173] (the **"Employment Order"**), effective as of April 8, 2024, with Johnie J. Patterson as attorney in charge. I prepared and filed W&P's application for employment [Dkt. No. 3] and have worked on this case continuously since then.

4. During the case, I have, among other things: (a) prepared and filed the Debtor's schedules and statements and administered the case; (b) filed and prosecuted more than forty

adversary proceedings to recover fees and expenses owed to the estate by successor law firms, and (c) negotiated settlements of many of them under Bankruptcy Rule 9019;

5. Since the Effective Date, represented the Plan Administrator in post-confirmation matters under the Employment Order and Section 2.2.3 of the Plan.

6. As a result, I am familiar with the Debtor's records, its creditors, the claims register, and the disputes underlying many of the filed claims.

7. Before the petition date, W&P received a $60,000.00 flat fee from the Debtor, which the Court approved under 11 U.S.C. § 328(a) (Employment Order ¶ 4(b)).

8. The Court has allowed the following interim applications of W&P under the Employment Order (the **"Fee Chart"**):

| Fee Applications | App. Dkt. | Order Dkt. | Order Date | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|
| 1st Interim | 852 | 899 | Oct. 21, 2025 | $571,772.44 | $23,337.58 |
| 2nd Interim | 1167 | 1241 | Jan. 3, 2026 | $148,375.66 | $1,456.52 |
| 3rd Interim | 1267 | 1320 | Feb. 9, 2026 | $179,803.38 | $1,138.00 |
| 4th Interim | 1359 | 1412 | Mar. 27, 2026 | $283,181.76 | $1,345.60 |
| 5th Interim | 1420 | 1468 | Apr. 27, 2026 | $290,084.09 | $1,616.00 |
| 6th Interim | 1474 | 1525 | May 27, 2026 | $86,567.24 | $7,821.83 |
| 7th Interim | 1539 | 1575 | July 1, 2026 | $292,464.75 | $12.00 |
| 8th Interim | 1584 | 1607 | July 29, 2026 | $266,709.44 | $694.08 |
| 9th Interim | 1704 | 1751 | September 28, 2026 | $94,414.80 | $88.00 |

9. Other than the flat fee and the payments disclosed in the Fee Chart, W&P has received no compensation in connection with this case.

10. W&P continues to be employed under the Employment Order and Section 2.2.3 of the Plan, including as special litigation counsel prosecuting the WP Cases, and it may hold claims for fees and expenses allowed or to be allowed under the Employment Order.

**<u>Proposed Engagement</u>**

11. Subject to approval by this Court, W&P has agreed to represent the Plan Administrator in the claims objection matters described in the Application at reduced hourly rates of $700.00 per hour for me and $750.00 per hour for Johnie J. Patterson. W&P will not seek compensation under this engagement for any service compensated under the Employment Order, or under the Employment Order for any service compensated under this engagement. WP will keep separate time records for this engagement.

**<u>Connections and Disinterestedness</u>**

12. WP has connections to the Plan Administrator, having represented her on numerous occasions in the Southern District of Texas. Additionally, WP has represented debtors in cases where Ms. Byman served as the Chapter 7 Trustee, as well as in cases where Ms. Byman represented a creditor or the principals. A detailed list of all known connections between the Plan Administrator and WP are disclosed below:

| CASE NO. AND CASE NAME | CONNECTION BETWEEN TRUSTEE AND WP |
|---|---|
| Tradax Energy, Inc (15-33422) | WP represented the Trustee. |
| Piliszek, Theodore (13-36377) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Quality Fireplaces, LTD (14-36342) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Gremilion, Terrance (19-34465) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Willis, Rosa (21-33851) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Graubart, Marc (13-34526) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Microcinema, Inc.(14-32246) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Porter Development Partners, LLC (15-31305) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. However, Trustee rejected the appointment. |
| WB Murphy Road Development, LLC (15-31307) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. However, Trustee rejected the appointment. |

| | |
|---|---|
| Uselton, Darrel (17-34351) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| 2500 West Loop Inc. (18-20459) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Hendrick, Keith (12-38330) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Certified Roofing Systems & Construction (22-33544) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Wilcox, Richard D. (15-31526) | WP represented the Debtor and the Trustee was the Chapter 7 Trustee in the case. |
| Norris of Houston, Inc. (16-34059) | WP represented the Trustee. |
| Paragon Global, LLC (17-36605) | WP represented the Trustee. |
| Abdel K. Fustok (18-32862) | WP represented the Trustee. |
| Alfred Jackson (19-33423) | WP represented the Trustee. |
| Ana Maria Lara (21-33540) | WP represented the Trustee. |
| Paradigm Telecom II, LLC (18-34112) | WP represented the Trustee. |
| Markus D. Thierry (23-33999) | WP represented the Trustee. |
| Mark Ryan Boyle (22-30156) | WP represented the Trustee. |
| Linh Liberato Dao Hoang (19-32799) | WP represented the Trustee. |
| Hardcore Trucking Solutions LLC (23-31422) | WP currently represents the Trustee. |
| Nelkin & Nelkin, PC (23-34054) | WP represents the Debtor and the Trustee represents the principals. |
| Fatih Ozcelebi (20-70295) | WP represented the Debtor and the Trustee represented a creditor. |
| Markus D. Thierry (23-33999) | WP represented the Trustee. |
| Gonzalez, Jose (11-36920) | WP represented the Trustee. |
| Jones, William and Denise (21-31244) | WP represented the Trustee. |
| Akin Mears (25-30358) | WP currently represents the Trustee |
| Vaughan Law Firm, PC | WP currently represents the Trustee |

13. WP has no connections to the United States Trustee ("**UST**") or its employees, other than the UST appearing in cases where WP represents parties in the United States Bankruptcy Court for the Southern District of Texas ("**Bankruptcy Court**").

14. WP has limited connections to the Bankruptcy Court: (a) General and numerous appearances in the Bankruptcy Court for the Southern District Court of Texas in the normal course of its practice; (b) Participation in, and preparation for, educational programming and continuing legal education (CLE) programs involving members of the bar and the bench over the last twenty-

five (25) years; (c) Ms. Goott co-chaired two events titled “Roadways to the Bench” with Judge Isgur and Judge Lopez; and Ms. Goott was sworn-in to the Texas Bar by Judge Isgur in 2005.

15. W&P also has connections to EAJF, a secured creditor in this case. Specifically, WP currently represents Ms. Byman in the Vaughan Law Firm, PC bankruptcy case and EAJF is a creditor in that case. Furthermore, David Childers, one of the members on the Oversight Committee is an employee of or connected to EAJF.

16. Furthermore, the disclosures contained in the declaration attached to the Employment Application at ECF No. 3, are incorporated herein and attached to this Declaration as Exhibit A.

17. Other than as disclosed in this declaration, and to the best of my knowledge, information and belief, formed after due inquiry, W&P has no connection with the Debtor, its creditors, the Plan Administrator, the members of the Oversight Committee, other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

18. W&P does not possess any economic interest at all that pertains to the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

19. Out-of-pocket expenses will be reimbursed from the estate as provided in the Application. Expenses generally include charges for photocopying, courier services, document retrieval costs, printing, computer-assisted legal research (Westlaw/Lexis), postage, filing fees, transcripts, deposition fees, subpoena fees, parking fees, tolls, travel expenses (including mileage), and any fees for outside contract services.

20. No agreement or understanding exists between W&P and any other person (other than members of the firm) for the sharing of compensation received for services to be rendered in connection with this representation.

21. Therefore, W&P believes that it is "disinterested person" within the meaning of 11 U.S.C. §101(14).

I declare under penalties of perjury that the foregoing is true and correct.

Dated: **October 2, 2026.**

*/s/ Miriam T. Goott*
Miriam T. Goott

EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE** | § | **Chapter 11** |
| | § | |
| **MMA Law Firm, PLLC** | § | **Case No. 24-31596** |
| | § | |
| **DEBTOR** | § | |
| | § | |
| | § | |

**DECLARATION OF WALKER & PATTERSON, P.C. PURSUANT**
**<u>TO 11 U.S.C. § 327 AND FED. R. BANKR. P. 2016</u>**

Pursuant to Bankruptcy Code Section 327 and Bankruptcy Rule 2016, Walker & Patterson, P.C. (the ***"Firm" or "W&P"***) states as follows:

1. I am an attorney at law duly licensed to practice in the State of Texas. I am also admitted to practice in this Court. I am a partner in the law firm of Walker & Patterson, P.C. ("W&P") which maintains its offices at 4815 Dacoma, Houston, Texas 77092, and I'm authorized to make this declaration for the purpose of fulfilling the disclosure requirements of FED. R. BANKR. P. 2014(a).

2. W&P is a Houston-based law firm. W&P has considerable experience in bankruptcy, insolvency and commercial and business litigation, and is qualified to represent the Debtor in this case.

3. To the best of my knowledge, information and belief, formed after due inquiry, W&P has no known relationship with the Debtor, its creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed by the Office of the United States Trustee.

4. W&P has no other known connection with the Debtor, its creditors, any other parties-in-interest, its respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee and is a "disinterested person" within the definition of Section 101(14) of the Bankruptcy Code.

5. Subject to approval by this Court, W&P has agreed to represent the Debtor in this matter on a hybrid basis. WP agrees to represent the Debtor in administering the chapter 11 proceeding on a flat-fee of $60,000.00 **("Flat-Fee").** The Flat-Fee was paid by the Debtor to W&P pre-petition. In addition, the Debtor has proposed and W&P has agreed to represent the Debtor on a 40% contingency fee on all value

obtained by W&P for the estate, including but not limited to money recovered and collected, sale of property, reduction of liability, and all other benefits obtained for the estate.

6. Out of pocket expenses will be reimbursed by the Debtor.

7. Expenses generally include charges for photocopying, courier services, document retrieval costs, printing, computer-assisted legal research (Westlaw/Lexis), postage, long distance, telecopier, deposition fees, filing fees, witness fees, subpoena fees, parking fees, tolls, travel expenses (including mileage), and any fees for outside contract services. In certain cases, charges are set by the service providers or outside contractors.

8. No agreement or understanding exists between W&P and any other person (other than members of the firm) for the sharing of compensation received for services to be rendered in connection with this representation.

9. W&P reserves the right to amend and/or supplement this Declaration and the disclosures herein.

**I declare under penalties of perjury that the foregoing is true and correct.**

**Dated: April 11, 2024**

*/s/Johnie Patterson*
Johnie Patterson