**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 26-03107 |
| | § | |
| MATTHEW MONSON, THE MONSON LAW FIRM, LLC, KATHERINE MONSON, ALLIED TRUST INSURANCE COMPANY, INC., JAMES J. DONELON III, AND JAMES DAVID CALDWELL, JR., | § | |
| | § | |
| Defendants. | § | |

**RICHARD WILLIAM HUYE, III'S**
**EMERGENCY MOTION TO QUASH RULE 45 SUBPOENA**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF IS REQUESTED TO OCCUR BEFORE THE NOVEMBER 3, 2026 HEARING ON THE STAY MOTION.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Richard William Huye, III files this Emergency Motion to Quash the Hearing Subpoena, and in support of that request, respectfully shows:

## PROCEDURAL HISTORY

1. On July 24, 2026, Allied Trust Insurance Company, Matthew Monson, the Monson Law Firm, LLC, and Katherine Monson (collectively, "Defendants") filed a Motion to Transfer Venue to the Eastern District of Louisiana.

2. On August 4, 2026, the Court entered an Order denying the Motion to Transfer.

3. On August 18, 2026, fourteen days after entry of the Order Denying Transfer, the Defendants filed a Petition for Writ of Mandamus.

4. That same day, the Defendants filed a Joint Motion for Stay Pending Writ of Mandamus. The Stay Motion is set for an evidentiary hearing on November 3, 2026.

## NOTICE OF SUBPOENA

5. On October 8, 2026, Matthew Monson, the Monson Law Firm, LLC, and Katherine Monson (collectively, "Monson Defendants") filed a Notice of Subpoena directing Mr. Huye to appear at the November 3, 2026 Stay Hearing.

6. On October 12, 2026, the Monson Defendants served Mr. Huye with a subpoena directing Mr. Huye to appear in the United States Bankruptcy Court, Bob Casey Federal Building, 515 Rusk Street, Houston, TX 77002, Courtroom No. 401 on November 3, 2026 at 1:30 p.m.

7. Mr. Huye is a former MMA attorney who resigned from MMA on April 1, 2023. He has not been involved with MMA since his resignation, and has had no involvement with MMA since the commencement of the bankruptcy case (2024) or this Adversary Proceeding (2026).

8. Mr. Huye is not a party to this Adversary Proceeding.

**ARGUMENT**

9. Generally, a party may obtain discovery from a non-party by serving the non-party with a subpoena issued pursuant to Federal Rule of Civil Procedure 45. The Court, however, may quash or modify a Rule 45 subpoena if it: "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Further, Rule 45(a)(1)(A)(iii) requires that the subpoena provide "a specified time and place" to testify or produce documents—this is referred to as the place of compliance. The place of compliance, for either the deposition or document production, must be within 100 miles of where the person resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(c)(1)(A); (2)(A).

10. The subpoena directs Mr. Huye's appearance at the federal courthouse in Houston, Texas, which is more than 100 miles from where he resides, is employed, or regularly transacts business in person. *See* Ex. A (map demonstrating 169-mile distance from Mr. Huye's home to the appearance location identified on the subpoena) (PII redacted); Ex. B (map demonstrating 160-mile distance from Mr. Huye's work to the appearance location identified on the subpoena). Subpoenas for nonparty witnesses to travel more than 100 miles are subject to motions to quash under Fed. R. Civ. P. 45(c)(3). *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008).

11. Even though the Monson Defendants served Mr. Huye outside of this district, this district is the proper court in which to file a motion to quash because the subpoena directs the place of compliance in the Southern District of Texas. *See CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) (citations omitted) (holding place of compliance for subpoena duces tecum is place identified on the face of the subpoena); *Cenac v. Orkin, L.L.C.*, No. 15-4521, 2020 WL 13888745, at *2 (E.D. La. Sept. 11, 2020) (Douglas, M.J.) (holding that place identified in subpoena is place of compliance); *Providence Title Co. v. Truly Title, Inc.*, No. 21-147, 2022 WL 17981500, at *2 (E.D. Tex. Sept. 29, 2022) (same); *In re Highground Holdings, LLC*, No. 22-267, 2022 WL 4593088, at *3 (M.D. La. Sept. 29, 2022) (quashing subpoena duces tecum served on Dallas, Texas entity that requested production by email and identified only counsel's office address 500 miles away); *Schnelle v. Swift Tech. Servs. LLC*, No. 21-MC-02466, 2022 WL 705873, at *2 (S.D. Tex. Mar. 9, 2022) (stating that initial question of which court is the proper court to hear or transfer a subpoena-related motion is determined by the location identified on the subpoena and an email address is not a location); *Fidelis Grp. Holdings, LLC v. Chalmers Auto., LLC*, No. 16-3258, 2016 WL 4547994, at *2 (E.D. La. Sept. 1, 2016) (holding that place of compliance is location identified on subpoena duces tecum); *see also Proffit v. Highlands Hosp. Corp*., No. 21-27, 2021 WL 5323708, at *1 (N.D. Ind. Nov. 16, 2021) (listing cases holding that place where compliance is required is location where documents are to be sent, not where the subpoenaed party is located).

12. Counsel for Mr. Huye discussed the subpoena with counsel for the Monson Defendants, who assured Mr. Huye's counsel that Mr. Huye could appear via Zoom, despite the subpoena's clear direction to appear in person. But nothing on the subpoena indicates compliance by videoconference.

13. Either way, the 100-mile rule protects this non-party witness. For in-person attendance, the plain meaning of this rule is clear: a person cannot be required to attend a trial or hearing that is located more than 100 miles from their residence, place of employment, or where they regularly conduct in-person business. The Federal Rules of Bankruptcy Procedure incorporate this same limitation: "Although [Bankruptcy] Rule 7004(d) authorizes nationwide service of process, [Federal Rule of Civil Procedure 45] limits the subpoena power to the judicial district and places outside the district which are within 100 miles of the place of trial or hearing." Fed. R. Bankr. P. 9016 advisory committee's note to 1983 amendment. *See also In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023) ("That is, neither the text of the rules nor the advisory committee's notes establish that the 100-mile limitation is inapplicable to remote testimony or that the 'place of compliance' under Rule 45 changes the location of the trial or other proceeding to where the witness is located when a witness is allowed to testify remotely."); *Lea v. Wyeth LLC*, No. 1:03-CV-1339, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011) ("There is nothing in the language of Rule 43(a) that permits this court to compel the [remote] testimony of an individual who is indisputably outside the reach of its subpoena power.").

14. Further, the subpoena is unduly burdensome. Mr. Huye is a former MMA attorney who resigned from MMA on April 1, 2023. He has had no involvement with MMA since his resignation, and has had no involvement with MMA since the commencement of the bankruptcy case (2024) or this Adversary Proceeding (2026). *See* Fed. R. Cir. P. 45 advisory committee's note to 1991 amendment ("it might be unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of matters in dispute").

## BASIS FOR EMERGENCY CONSIDERATION

15. The Stay Hearing is set for November 3, 2026. If this motion is not granted before the Stay Hearing, Huye will be forced to appear in Houston for a hearing where he cannot possibly provide this Court with any evidence to support the allegations contained in the Stay Motion.

16. Mr. Huye recognizes that this request is made at the Eleventh Hour. He had only recently retained the undersigned counsel (for an unrelated matter) when he received this subpoena, and then expanded the scope of that representation. Counsel attempted to resolve this issue with counsel for the Monson Defendants before filing this motion by phone conference on October 23, 2026, to which counsel for the Monson Defendants responded by email on October 28, 2026. Counsel applied for e-filing privileges on October 28, 2026, applied for admission to the district on October 29, 2026, was admitted on October 30, 2026, and applied for e-filing privileges in the bankruptcy court on October 30, 2026.

## RELIEF REQUESTED

17. Mr. Huye respectfully requests that the Court enter an order, substantially in the form attached, quashing the Subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), made applicable by Federal Rule of Bankruptcy Procedure 9016.

Accordingly, Mr. Huye, respectfully requests that the Court set this Motion for an emergency hearing, and after the hearing, enter an order quashing the subpoena issued to him.

Respectfully submitted,

*/s/ Sara A. Johnson*

Sara A. Johnson
Texas Bar No. 24117874
700 Camp Street
New Orleans, LA 70130
(504) 528-9500
sara@sarajohnsonlaw.com

Counsel for Richard William Huye, III

## CERTIFICATE OF SERVICE

This certifies that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

Dated: October 30, 2026.

*/s/Sara A. Johnson*
Sara A. Johnson

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Suzy Montero about this request and she indicated that she opposes the relief sought in this motion.

Dated: October 30, 2026.

*/s/Sara A. Johnson*
Sara A. Johnson