United States Courts
Southern District of Texas
FILED
November 02, 2026
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | § | **CASE NO. 24-31596 (EVR)** |
| **Debtor.** | § | |

**JEFFREY ALAN VITT'S EMERGENCY MOTION TO CONTINUE THE NOVEMBER 10, 2026 HEARINGS ON CLAIMS OBJECTIONS, EMPLOYMENT, AND SHOW CAUSE; COORDINATE RELATED PENDING MATTERS; AND ESTABLISH NECESSARY WITNESS-SERVICE, EVIDENCE, AND HEARING DEADLINES**

*This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.*

*Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.*

**DETERMINATION REQUESTED NOVEMBER 2, 2026, OR AS SOON THEREAFTER AS PRACTICABLE BEFORE THE EXISTING PREPARATION DEADLINES.**

Jeffrey Alan Vitt, individually and pro se, requests continuation of the following matters presently set for November 10, 2026, at 1:30 p.m. Central Time:

• The objections to Claim 73 (Docket 1609), Claim 74 (Docket 1611), and Claim 75 (Docket 1612), including their application to the operative amendments to Claim 73;

• The Plan Administrator's claims-counsel employment application (Docket 1776) and Vitt's employment objection (Docket 1802), scheduled by the employment vacatur and hearing order (Docket 1805); and

• The show-cause proceeding concerning specified communications and possible contempt and sanctions (Docket 1781).

Vitt requests coordinated consideration of related pending requests, sufficient time to obtain material testimony through lawful compulsory process, replacement preparation deadlines, and adequate evidentiary hearing time. He submits his supporting declaration concerning preparation, witness arrangements, financial barriers, filing access, conference efforts, and outstanding hearing records.

## I. RELIEF REQUESTED AND NEED FOR PROMPT DETERMINATION

1. Vitt requests a continuance of at least fourteen days, to November 24, 2026, or a later date allowing sufficient preparation. The interval should account for determination of necessary service, financial-assistance, and record-access requests; lawful witness arrangements; reasonable compliance time; and exchange of responsive evidence.
2. Vitt expects subpoenas will be necessary for material witnesses. He has not secured voluntary attendance and cannot prepare his defense on the assumption that witnesses whose conduct, knowledge, or statements are disputed will appear voluntarily. His inability to afford necessary service and witness expenses is a substantial obstacle.
3. A new hearing date alone will not resolve that obstacle. Vitt requests a sequence permitting identification of material testimony, determination of legally available assistance or alternative arrangements, lawful service, reasonable compliance time, and completion of evidence submissions.
4. The October 27 employment vacatur and hearing order added the employment dispute to the November 10 setting (Docket 1805). The subsequently filed witness and exhibit packages contain 111 docketed pages for employment (Docket 1810), 345 pages for claims objections (Docket 1811), and 14 pages for show cause (Docket 1812). Those packages contain overlapping material but require preparation concerning each matter's disputed issues.
5. Vitt continues researching witnesses, locating records, reconciling docket references, preparing responsive evidence, and seeking functioning electronic-filing access. His September 30 hearing-record request remains unresolved to his knowledge.
6. An ordinary twenty-one-day response period would extend beyond the hearings. Vitt requests a shortened response period and determination on November 2, 2026, or as soon thereafter as practicable before preparation deadlines.
7. Vitt requests an express interim order extending the preparation deadlines if the Court cannot determine the full continuance request before those deadlines. Both the interim extension and the continuance require affirmative relief from the Court.

## II. THE CUMULATIVE PREPARATION AND FAIRNESS PROBLEM

8. Vitt contends that the November 10 setting must be evaluated in light of the preceding requests, access problems, compressed September schedule, struck witness submissions, and disputed participation.

9. His PACER fee-exemption request was filed July 23, 2026 (Docket 1604). The Court granted his electronic-filing access motion on September 9 (Docket 1713). That order directs processing of his creditor registration and access to Bankruptcy event categories allowed to attorney e-filers, except opening a new bankruptcy case, subject to the order's limits.
10. Vitt subsequently reported defective access (Docket 1716). As described in his supporting declaration, motion and application filing functions remain unavailable to him in practice. He continues relying on EDSS.
11. Orders entered September 25 set proceedings for September 29 and 30, allowing four or five calendar days, including a weekend. The Debtor filed extensive opposition exhibits, Vitt's witness submissions were struck, and the September 30 matters were denied for failure to prosecute following the technical emergency and disputed participation described in his pending vacatur motion.
12. Vitt contends that this sequence left him with filing access authorized but not fully implemented, preparation requests that did not produce the needed interval before the hearings, and substantive requests disposed of without the evidentiary presentation he sought to make. Communications attempting to explain the emergency and obtain a reset are also identified in the show-cause order.
13. The practical result is that Vitt must prepare three contested matters while requested restoration of the September 30 matters remains unresolved, the September 30 record request remains pending, and authorized filing functions remain unavailable. He requests a schedule that makes witness attendance, compliant evidence submissions, and meaningful responses practicable.

## III. THE SPECIFIC CONNECTIONS AMONG THE MATTERS

14. The claims objections concern MMA's representation, transactions, documents, and alleged liabilities. The employment application concerns counsel's proposed claims-objection engagement. Show cause concerns communications about scheduling, technical failure, participation, and resetting the September proceedings.
15. Vitt's pending September 30 vacatur motion (Docket 1796) seeks relief from the dispositions of his PACER fee-exemption request (Docket 1604), amended confirmation-reconsideration motions (Dockets 1676 and 1697), and Rule 2004 examination and document-production request (Docket 1677).
16. Whether those matters are restored affects what preparation may be authorized and what testimony and documents may become available. Vitt requests that the Court identify the appropriate discovery procedures for the particular matters restored or remaining for adjudication.
17. The September 30 recording/transcript motion (Docket 1782) concerns evidence bearing on disputed participation and the circumstances surrounding the communications identified for show cause. Vitt requests an express sequence addressing these connections.

## IV. AMENDED CLAIM 73, MOSELEY'S TESTIMONY, AND RESPONSIVE EVIDENCE

18. The claims exhibit list includes original Claim 73, an amended claim, and a second-amended claim as Exhibits 3, 5, and 6 (Docket 1811). Vitt requests identification of the operative amendment and incorporated materials, clarification of the objections applied to that version, and clarification of the procedural treatment of Claims 74 and 75.
19. The October 13 scheduling minutes record termination of duplicate Claim 73 objection Docket 1610 (Docket 1792). The claims objections remaining scheduled are Dockets 1609, 1611, and 1612.
20. Vitt intends to present evidence concerning MMA's representation, statements and actions during that representation, checks and proceeds, communications with other persons, and factual assertions relied upon against amended Claim 73.
21. His developing witness list includes James Marshall McClenny, John Zachary Moseley, Ben Baker, Scott Hickey, and Debi Vitt. Additional witnesses remain under evaluation based on their material personal knowledge, attendance arrangements, and the issues actually contested.
22. Moseley is expressly listed as a claims-objection witness, together with Byman, Patterson, Goott, and Vitt (Docket 1811). His proposed live testimony requires preparation for examination concerning his knowledge and prior statements.
23. The filed copy of Moseley's declaration displays a blank signature line (Docket 1609-7). Vitt intends to submit the complete declaration and examine Moseley concerning its preparation, adoption, execution, factual assertions, and personal knowledge. He requests examination of its form and evidentiary foundation when reliance is placed upon it.
24. McClenny's May 24, 2019 email is a separate record addressed to Vitt, Moseley, Sean Patterson, and Ben Baker. It discusses a replacement Farmers check and states that McClenny discussed Cyberlink with Ben and Zach. Separate May 31 correspondence and records concerning checks, proceeds, representation, and probate matters provide additional subjects for examination.
25. Vitt intends to identify particular disputed statements and compare them with relevant communications and financial records. Preparation requires time to obtain the material testimony and develop focused examinations.
26. The claims exhibits also include prior complaints, dockets, and dismissal orders from the Koons Fuller and Cyberlink litigation. The supplied orders identify lack of subject-matter jurisdiction as the dismissal basis; the Cyberlink judgment and Koons Fuller docket identify dismissal without prejudice. Vitt must prepare responsive evidence distinguishing those dispositions from decisions on the underlying allegations and connecting the underlying matters to MMA's representation and amended Claim 73.
27. Responsive materials include documents submitted with the August 28 amended reconsideration motion (Docket 1697), additional reconsideration exhibits (Docket 1698), and further sworn declaration (Docket 1699). Vitt's current submission will identify particular documents and pages, relevant testimony, and necessary corrections and additions.

## V. EMPLOYMENT AND COUNSEL'S REPRESENTATIVE CAPACITIES

28. Vitt's employment objection concerns authorization, effective date, scope, disclosures, continuing Debtor representation, and stated representative capacities (Docket 1802, addressing the employment application at Docket 1776).
29. The October 27 employment vacatur and hearing order vacated the earlier approval because it had been docketed in error and set the dispute for November 10 (Docket 1805). Preparation requires examination of engagement documents, governing employment and Plan provisions, signatures, and particular assignments undertaken for the Plan Administrator.
30. The employment witness list identifies Byman, Patterson, Goott, and Vitt (Docket 1810). Vitt requests sufficient time to prepare concerning their anticipated testimony and an express sequence addressing the engagement issues in relation to final adjudication of the claims objections.

## VI. SHOW CAUSE, CONDITIONAL RESPONSE, AND CLAIMED NECESSITY

31. The October 7 show-cause order identifies September 29 through October 2 communications and possible contempt and sanctions (Docket 1781). Those messages concern scheduling, abatement, technical failure, participation, and requests to reset proceedings.
32. Vitt's September 29 response concerning cancellation of the afternoon hearing was conditional: he stated that he did not oppose cancellation while maintaining his abatement request and disputing the proposed discovery schedule. He contends that the response should not be treated as unconditional agreement to the remaining schedule or abandonment of pending requests.
33. The complete thread, including its initiation by Goott, recipients, preceding messages, and Vitt's stated conditions, is necessary to evaluate his response. Vitt requests consideration of the entire exchange when determining the communications' character, purpose, and circumstances.
34. Vitt contends that participation in an existing group exchange including counsel and court personnel contributed to his understanding of how he could communicate an urgent scheduling or participation problem. He seeks an opportunity to explain that understanding and the alternatives he believed were available during the technical emergency.
35. Vitt also seeks to present his claimed necessity and other applicable defenses under the governing law. His position is that the circumstances and purpose of each communication must be examined before deciding whether the requirements for contempt or sanctions are established. He requests clarification of the nature and potential sanctions of the show-cause proceeding so that he can prepare the applicable defenses and address any entitlement to counsel or other procedural protections.
36. The show-cause witness list identifies Byman, Patterson, Goott, and Vitt (Docket 1812). Vitt requests sufficient time to prepare and present the relevant communications, testimony, and arguments before determination.

## VII. SEPTEMBER REQUESTS, SETTINGS, AND DISPOSITIONS

37. Before the September proceedings, Vitt filed the defective-access notice (Docket 1716), a claims-hearing objection and forty-five-day abatement request (Docket 1725), and an emergency intervention and temporary abatement motion with supporting declaration (Dockets 1744–1745). His September 29 participation-barriers notice further identified obstacles and reliance on pending requests (Docket 1758).
38. The Debtor filed September opposition exhibit packages concerning PACER, Rule 2004, and reconsideration (Dockets 1746–1749). Vitt's September 28 witness list (Docket 1750) was struck by the September 28 order (Docket 1753); his September 29 list (Docket 1754) was struck by the September 29 order (Docket 1755).
39. The September 29, 1:30 p.m. hearing concerned five settlement-approval motions, scheduled by the settlement-hearing order (Docket 1731). Vitt's September 28 witness list expressly identified that setting, the afternoon setting, and September 30 proceedings.
40. The September 29, 3:00 p.m. setting concerned Vitt's expedited fee-status ruling request (Docket 1718), set by the September 25 order (Docket 1732). The Court canceled that setting and denied the expedited-ruling request as moot (Docket 1757).
41. The September 25 PACER/Rule 2004 order (Docket 1734) and confirmation-reconsideration hearing entry (Docket 1735) set September 30 proceedings for 1:30 p.m. Vitt's technical-emergency continuance request is docketed at Docket 1764. Its EDSS processing email bears a 1:04 p.m. timestamp (Docket 1764-2), and the associated filing notice reports entry at 1:19 p.m. These records precede the scheduled 1:30 p.m. hearing; the actual commencement and participation circumstances remain subjects of the requested hearing-record review.
42. The September 30 order denied the PACER, amended reconsideration, and Rule 2004 requests for failure to prosecute (Docket 1765). The subsequent order disposed of the technical-emergency request as moot (Docket 1768).
43. Vitt's pending September 30 vacatur motion seeks relief from those dispositions and restoration of the affected matters (Docket 1796). The Court separately denied the earlier emergency abatement motion as moot on October 22 (Docket 1801). Vitt requests consideration of this history when evaluating his diligence and present preparation needs.

## VIII. THE SEPTEMBER 30 RECORD REQUEST

44. Vitt's October 8 September 30 recording/transcript motion remains pending without a ruling to his knowledge (Docket 1782). It requested complete audio, pre-hearing connection and bridge-opening records beginning fifteen minutes before docket call, and an expedited certified transcript.
45. The September 29 transcript entry concerns a different date (Docket 1797). The October 13 scheduling-conference audio concerns a different proceeding (Docket 1818). Neither entry identifies production of the September 30 materials requested.
46. Vitt requests determination of the preservation and production motion, identification of any requested records actually retained, and sufficient time to review available materials before presenting related evidence.

## IX. SUBPOENAS, FINANCIAL BARRIERS, AND FILING ACCESS

47. Vitt has researched and prepared a proposed witness list but has not secured attendance. He expects subpoenas will be necessary and cannot base preparation on voluntary appearances by witnesses whose conduct, knowledge, or statements are disputed.
48. Financial barriers to lawful service and required witness expenses are substantial obstacles. Vitt needs time to identify material testimony, complete service information, obtain any required issuance, arrange lawful service, and allow reasonable compliance time.
49. Vitt's earlier fee-waiver application (Docket 1605) was struck by the September 18 order (Docket 1726). He requests an expedited opportunity to submit a properly supported request addressing legally available service assistance, any specifically authorized expense relief, and alternative arrangements for obtaining necessary evidence. The replacement schedule should allow preparation following that determination.
50. On October 23 at 11:22 p.m., Vitt emailed the employment objection and proposed order to the listed recipients. At 11:41 p.m., he reported repeated EDSS attempts and a screen displaying both receipt acknowledgment and an inability to send email. He followed up with Houston Operations on October 26 after speaking with the help desk. The employment objection bears the October 25 filing date (Docket 1802).
51. Vitt requests implementation of the filing-access order (Docket 1713) and confirmation of the authorized method while the problem remains unresolved.
52. Replacement deadlines should address Form 1-100, witnesses, exhibits, exchange and filing, remote-testimony notices, and evidentiary responses. Previously filed materials will be identified by descriptive title, docket number, and specific pages. Vitt requests instructions identifying what must be resubmitted.

## X. HEARING TIME AND ALTERNATIVE RELIEF

53. At the October 13 scheduling conference, Goott estimated that her presentation would require less than an hour, qualifying that estimate because she did not know whether Vitt intended to present a defense or evidence. Vitt intends to present both. Her estimate concerned her presentation; the schedule must also accommodate his testimony, witnesses, exhibits, examinations, and responses. The minutes and audio are filed at Dockets 1792 and 1818.
54. The Court placed the claims objections at the existing November 10 show-cause date and time. The employment dispute was subsequently added through the October 27 order (Docket 1805). These matters require an express allocation of sufficient time.
55. Vitt requests one full evidentiary day or two sessions of three to four hours, subject to assessment of the anticipated evidence. He requests completion of material evidence and responses applicable to each matter before final disposition.
56. Alternatively, Vitt requests retention of November 10 for a scheduling and status conference addressing the amendments, disputed issues, compulsory process, financial barriers, record access, replacement deadlines, and hearing sequence, with evidentiary adjudication reset.

57. If one matter proceeds on November 10, Vitt requests identification of that matter and continuation of the others. This motion does not request alteration of either November 3 setting.

**XI. REQUESTED RELIEF**

WHEREFORE, Jeffrey Alan Vitt requests that the Court:

**a.** Consider this motion on an emergency basis, shorten the response period, and determine scheduling relief before existing preparation deadlines if practicable;

**b.** Continue the November 10 claims objections (Dockets 1609, 1611, and 1612), employment application and objection (Dockets 1776 and 1802), and show-cause matter (Docket 1781);

**c.** Reset those matters no earlier than November 24, 2026, or on another date allowing sufficient preparation following intervening rulings;

**d.** If the full request cannot be determined before preparation deadlines, enter an interim order expressly extending those deadlines;

**e.** Establish a sequence permitting identification of necessary testimony, determination of supported service and expense requests, lawful subpoena arrangements, reasonable compliance time, and evidence exchange;

**f.** Replace the associated witness, exhibit, filing, exchange, and remote-testimony deadlines;

**g.** Identify the operative Claim 73 amendment, incorporated materials, remaining objections, and procedural treatment of Claims 74 and 75;

**h.** Coordinate consideration of the September 30 vacatur motion (Docket 1796), including requested restoration of PACER, reconsideration, and Rule 2004 matters; the recording/transcript motion (Docket 1782); and the continued proceedings;

**i.** Address implementation of the electronic-filing access order (Docket 1713) and specify the authorized submission method;

**j.** Clarify the nature and potential sanctions of the show-cause proceeding and permit preparation of applicable defenses and requests for procedural protections;

**k.** Allocate one full evidentiary day or two sessions of three to four hours, or other sufficient time;

**l.** Permit completion of material evidence and responses applicable to each matter before final disposition;

**m.** Alternatively, retain November 10 for scheduling and status, or identify any matter proceeding and continue the others; and

**n.** Grant further relief consistent with these requests.

Respectfully submitted, November 2, 2026.

______________________________

Jeffrey Alan Vitt, individually
12791 South 4230 Road
Chelsea, OK 74016-2114
Telephone: 539-292-9358
Email: javit2004rule@gmail.com
Pro se

**CERTIFICATION OF ACCURACY**

I certify that I have reviewed this emergency motion and that its factual statements are accurate to the best of my knowledge, information, and belief. Descriptions of court filings are based on the identified record; disputed conclusions and requested findings are presented as arguments for the Court's determination.

____________________________________

Jeffrey Alan Vitt, individually
Dated: November 2, 2026.

**CERTIFICATE OF CONFERENCE**

On October 22, 2026, I attempted to arrange a conference concerning related filings and preparation issues. My purpose included the employment objection, continuation and preparation for November 10, access to the September 30 record, and witness and filing-access needs.

At approximately 1:00 p.m. Central Time, I called Walker & Patterson. Ms. Goott was unavailable. I left a message with Mike Walker identifying MMA Law Firm, requesting a conference, and providing my name and telephone number.

At approximately 1:07 p.m., I called Ms. Byman's office and left a voicemail identifying MMA Law Firm, requesting a conference, and providing my name and telephone number. These calls did not result in a completed conference.

On October 23, I emailed my employment objection and proposed order and requested agreement to supplemental disclosures and a hearing, or identification of relief that could be resolved by agreement.

As of signing, neither Ms. Goott nor Ms. Byman has responded to my October 22 conference requests. Their positions on the relief requested in this motion are unknown to me.

Jeffrey Alan Vitt, individually
Dated: November 2, 2026

**CERTIFICATE OF SERVICE**

I certify that on November 2, 2026, I transmitted true and correct copies of this Emergency Motion, including its certifications and certificates, the supporting Declaration of Jeffrey Alan Vitt, and the accompanying proposed order by electronic mail to the recipients at the email addresses listed below.

- Allison D. Byman (Plan Administrator)
- Miriam T. Goott and Johnie J. Patterson (Counsel for Debtor and Plan Administrator)
- Nicholas R. Lawson & Avi Moshenberg (Counsel for the Official Committee of Unsecured Creditors),
- Andrew Jimenez (Office of the United States Trustee),

  and
- John Zachary Moseley, Individually.

**Plan Administrator:**
Allison Byman
adb@bymanlaw.com

**Counsel for the Debtor:**
Johnie Patterson & Miriam Goott
jjp@walkerandpatterson.com, mgoott@walkerandpatterson.com

**Former Counsel for the Official Committee of Unsecured Creditors:**
Nicholas R. Lawson & Avi Moshenberg
Nick.Lawson@lmbusinesslaw.com, Avi.Moshenberg@lmbusinesslaw.com

**Office of the United States Trustee:**
Andrew Jimenez
ustpregion07.hu.ecf@usdoj.gov, andrew.jimenez@usdoj.gov

**John Zachary Moseley on behalf of Interested Party John Zachary Moseley, Individually**
Zach@mma-pllc.com



Jeffrey Alan Vitt, individually
Dated: November 2, 2026