**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **§** | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | **§** | **CASE NO. 24-31596 (EVR)** |
| **Debtor.** | **§** | |

**ORDER ON JEFFREY ALAN VITT'S EMERGENCY MOTION TO CONTINUE THE NOVEMBER 10, 2026 HEARINGS AND ESTABLISH PREPARATION DEADLINES**

The Court considered Jeffrey Alan Vitt's Emergency Motion to Continue the November 10, 2026 Hearings on Claims Objections, Employment, and Show Cause; Coordinate Related Pending Matters; and Establish Necessary Witness-Service, Evidence, and Hearing Deadlines.

**IT IS ORDERED:**

1. The motion is GRANTED to the extent provided in this Order.
2. The following November 10, 2026 hearings are CONTINUED:
   a. The objections to Claims 73, 74, and 75 at Dockets 1609, 1611, and 1612;
   b. The Plan Administrator's application to employ Walker & Patterson and Vitt's objection at Dockets 1776 and 1802, scheduled by Docket 1805; and
   c. The show-cause proceeding concerning communications identified in Docket 1781.
3. The continued hearings are set for ____________________ at ___________ Central Time, no earlier than November 24, 2026, to be conducted __________________________________.
4. Existing witness, exhibit, exchange, filing, and remote-testimony deadlines tied to the continued November 10 hearings are extended and replaced as follows:
   a. Witness lists and anticipated testimony subjects: ____________________.
   b. Exhibit exchange and filing: ____________________.
   c. Remote-testimony notices and requests: ____________________.
   d. Evidentiary responses and objections: ____________________.
5. Vitt may submit a request supported by current financial information, identified witnesses, material testimony subjects, and available service information concerning necessary witness service, legally available expense assistance, or alternative arrangements by ____________________. Responses are due ____________________. That request will be determined before the replacement preparation deadlines materially affected by its disposition.

6. The replacement schedule shall permit necessary subpoena issuance and lawful service, reasonable compliance time, and evidence exchange. Any service assistance or expense relief will be determined upon the specific supported request.
7. The parties shall use Form 1-100 and comply with the Court’s witness and exhibit procedures, subject to this Order and further directions.
8. Sufficient hearing time shall be allocated for the parties’ material testimony, exhibits, examinations, and responses. The allotted time is ________________________________. The sequence of the matters is ________________________________.
9. Before final disposition of a matter, the parties shall have the opportunity to complete the presentation of material evidence and responses applicable to that matter, subject to the Court’s evidentiary rulings and management of the proceedings.
10. Consideration of Vitt’s motion to vacate the September 30 dispositions at Docket 1796 and his September 30 recording-preservation and transcript motion at Docket 1782 shall proceed as follows: ________________________________.
11. Directions concerning the operative Claim 73 amendment, incorporated materials, remaining objections, and procedural treatment of Claims 74 and 75 are: ________________________________.
12. Pending implementation or clarification of the electronic-filing access order at Docket 1713, Vitt’s authorized submission method is ________________________________.
13. Further directions concerning the nature, potential sanctions, and preparation for the show-cause proceeding are: ________________________________.