United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 03, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | Case No. 24-31596 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**ORDER APPROVING COMPROMISE WITH AMO TRIAL LAWYERS, LLC**

[Relates to ECF No. 1730]

It is

**ORDERED** that the Plan Administrator's Motion to Compromise Controversy with AMO Trial Lawyers, LLC (**"AMO"**) is GRANTED in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC, and AMO are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that AMO shall pay the total sum of $11,100.00 in good funds within three (3) days of entry of this Order, made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman at 7924 W. Broadway, Suite #104, Pearland, TX 77581.

**ORDERED** that upon receipt of the settlement payment, the parties are authorized to dismiss Adversary No. 26–03106 with prejudice, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the attached Settlement Agreement and this Order.

Signed: November 03, 2026

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **CASE NO. 24-31596** |
| | § | |
| **DEBTOR** | § | **CHAPTER 11** |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the **"Agreement"**) is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) (**"MMA"** or the **"Debtor"**), on the one hand, and AMO Trial Lawyers, LLC (**"AMO"**), on the other hand. MMA and AMO are each referred to individually as a **"Party"** and collectively as the **"Parties."**

The Parties hereby agree to the terms and conditions set forth below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the **"Bankruptcy Court"**).

This Agreement shall be effective as of the date on which it is signed by both Parties (the **"Effective Date"**).

## DEFINITIONS AND RECITALS

1. On April 9, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 24-31596.

2. On April 8, 2026, MMA commenced an adversary proceeding against AMO styled *MMA Law Firm, PLLC v. AMO Trial Lawyers, LLC*, Adversary No. 26-03106 (the **"Adversary"**)asserting claims for declaratory judgment, turnover of property of the estate, and violation of the automatic stay, and concerning MMA's asserted interest in attorneys' fees and

costs relating to legal matters involving former clients of MMA who were thereafter represented by AMO.

3. On May 11, 2026, AMO filed its Answer and Affirmative Defenses to Complaint with Jury Demand, denying liability and asserting defenses to each of the claims pleaded in the Adversary.

4. The Parties dispute the merits of the claims and defenses asserted in the Adversary.

5. Without conceding any position, the Parties desire to resolve and fully settle all claims and disputes between them in the Adversary.

6. The Parties acknowledge that this Agreement is subject to approval by the Bankruptcy Court.

## PAYMENT TERMS AND CONDITIONS

7. **Settlement Payment**. Upon entry of an order by the Bankruptcy Court approving this Agreement, AMO shall pay MMA the total sum of **$11,100.00** (the **"Settlement Payment"**).

8. **Timing**. AMO shall deliver the Settlement Payment within three (3) days after entry of the Bankruptcy Court's order approving this Agreement.

9. **Delivery**. The Settlement Payment shall be made payable to MMA Law Firm, PLLC and delivered to Allison D. Byman at at 7924 W. Broadway, Suite #104, Pearland, Texas 77581.**Dismissal**. Within seven (7) days after MMA's receipt of the Settlement Payment, MMA shall file a stipulation or notice dismissing the Adversary with prejudice. Each Party shall bear its own attorneys' fees and costs incurred in the Adversary.

10. **Mutual Release**. Effective upon MMA's receipt of the Settlement Payment, each Party, on behalf of itself and its predecessors, successors, assigns, members, managers, officers, employees, attorneys and agents, releases and forever discharges the other Party and its

predecessors, successors, assigns, members, managers, officers, employees, attorneys and agents from any and all claims, demands, obligations, liabilities and causes of action, whether known or unknown, liquidated or unliquidated, suspected or unsuspected, fixed or contingency, arising out of or relating to the Adversary. **No Admission**. This Agreement reflects the compromise of disputed claims. Nothing in this Agreement constitutes, or may be construed as, an admission of liability or of the validity of any claim or defense asserted by any Party.

11. **Retention of Jurisdiction**. The Bankruptcy Court shall retain jurisdiction to resolve any dispute between the Parties regarding this Agreement, subject to the Court's Report and Recommendation on withdrawal of the reference at ECF No. 23..

12. **Bankruptcy Court Approval**. The Parties understand that this entire Agreement is subject to Bankruptcy Court approval. MMA shall promptly file a motion to approve compromise under Fed. R. Bankr. P. 9019. If the Bankruptcy Court declines to approve this Agreement, the Agreement shall be null and void, the Parties shall be restored to their respective positions as of the Effective Date, and neither the Agreement nor the negotiations leading to it may be offered as evidence in the Adversary or in any other proceeding.

13. **Authority**. Each person executing this Agreement represents and warrants that he or she is duly authorized to do so on behalf of the Party for whom he or she signs.

14. **Entire Agreement**. This Agreement contains the entire agreement between the Parties concerning its subject matter and supersedes all prior discussions, negotiations and understandings, whether written or oral. This Agreement may be amended only by a writing signed by both Parties.

15. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, and electronic or facsimile signatures shall have the same force and effect as original signatures.

16. **Governing Law**. This Agreement shall be governed by the Bankruptcy Code and, to the extent not inconsistent therewith, by the laws of the State of Texas.

**Dated:** 9-24-2026

*/s/Allison D. Byman*

**Allison D. Byman, Plan Administrator for MMA Law Firm,**

Byman & Associates PLLC
7924 Broadway, Suite 104
Pearland, TX 77581
281.884.9269 Office
adb@bymanlaw.com

**Dated:** 9/18/26

**Name:** Ryan Monsour
**Title:** Member
**AMO Trial Lawyers, LLC**

3045 Ridgelake Drive, Suite 100
Metairie, Louisiana 70002
Email: RPM@amotriallawyers.com
Telephone: 504-356-0110