United States Courts
Southern District of Texas
FILED
*11/4/26*
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | § | **CASE NO. 24-31596 (EVR)** |
| **Debtor.** | § | |

# JEFFREY ALAN VITT'S EMERGENCY MOTION FOR DETERMINATION OF ELIGIBILITY FOR IN FORMA PAUPERIS RELIEF IN CONTESTED PROCEEDINGS; NECESSARY WITNESS PROCESS AND SERVICE ASSISTANCE; LIMITED PACER FEE EXEMPTION; AND COORDINATED PREPARATION RELIEF

*This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.*

*Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.*

**Emergency relief requested by November 6, 2026, before the applicable preparation deadlines.**

Jeffrey Alan Vitt, individually and pro se, requests a determination of the financial, witness-service, and record-access assistance legally available to permit him to prepare and present his position in the pending contested proceedings.

## I. PURPOSE, RELATED MATTERS, AND URGENCY

1. This request concerns Vitt's ability to obtain material testimony and present evidence in the related claims-objection, employment, and show-cause proceedings. The preparation issues include amended Claim 73, the pending September 30 vacatur request, witness attendance, access to necessary records, and implementation of previously granted filing access.

2. Since Vitt filed his continuance motion, the Court has scheduled consideration of that request for November 9 through Docket 1828 and supplied the September 30 recording through Docket 1829. Vitt requests coordinated consideration of the remaining preparation barriers so that the opportunity to be heard includes sufficient time and practical means to obtain testimony and present evidence.

3. The related matters include:

   a. Dockets 1609, 1611, and 1612—the claims objections, including the objection concerning Claim 73;

   b. Dockets 1776 and 1802—the proposed claims-objection employment and Vitt's objection, scheduled through Docket 1805;

   c. Docket 1781—the show-cause proceeding;

   d. Docket 1796—the September 30 vacatur request;

   e. Docket 1782—the September 30 recording/transcript request, now affected by production of the recording at Docket 1829; and

   f. Dockets 1825 and 1828—the continuance request and November 9 hearing setting.

4. These proceedings involve overlapping records and preparation needs. Vitt requests coordination of the necessary rulings and schedule, with the scope and sequence determined by the Court.

5. The November 10 settings remain in effect unless changed by order. Vitt requests prompt consideration before affected preparation deadlines or, alternatively, express interim relief preserving sufficient time to implement any assistance granted. The November 9 hearing is presently set on Docket 1825; Vitt requests consideration of this motion in coordination with that setting if the Court permits.

6. To the extent shortened notice, leave to submit additional supporting materials, or another procedural direction is necessary, Vitt requests that relief based on the imminent settings, the November 3 hearing order, the November 4 availability of the recording, and the continuing witness-service and filing-access difficulties described below.

## II. EARLIER FINANCIAL APPLICATION AND DOCKET 1726

7. Vitt filed his earlier financial application at Docket 1605 on July 23, 2026. His separate PACER fee-exemption request appears at Docket 1604.

8. Docket 1726 struck the earlier financial application because Vitt was a creditor rather than a plaintiff or defendant in the Chapter 11 case and the Court determined that the application had been improperly filed in that case. The present motion expressly addresses that ruling.

9. Vitt now requests determination of assistance directed to identified contested proceedings and particular preparation expenses. He must defend against objections seeking disallowance of his claim and respond to the subsequently issued show-cause order. He

requests consideration of whether § 1915's reference to the defense of a proceeding permits relief in this posture.

10. The claims objections were already pending when Docket 1726 was entered. The present request identifies the material testimony, service arrangements, current hearing settings, and concrete preparation barriers requiring determination. The show-cause order was issued after Docket 1726.

11. Vitt requests an express determination of the Court's authority and the availability of relief in these circumstances. If § 1915 relief requires another forum or procedure, he requests directions concerning that procedure, together with consideration of independently available PACER and scheduling relief.

12. The current financial application and explanatory attachment are submitted as IFP Exhibit A. The court-filed July application and the order striking it are submitted as IFP Exhibit B for historical context. The earlier application is not presented as pending or approved. Current disclosures control where circumstances have changed.

**III. PRESENT HARDSHIP AND ABILITY TO FUND PREPARATION**

13. IFP Exhibit A provides the current financial particulars. IFP Exhibits C–F contain selected supporting records concerning trust provisions, property administration, property-tax history, and financial accounts.

14. The application distinguishes Vitt's estimated historical average monthly gifts of $1,000 from his expected monthly cash assistance of approximately $700. His estimated monthly cash expenditures are $695. These expenditures reflect financial constraint; they do not establish that all reasonable needs are met. Continued EBT food assistance is uncertain pending recertification.

15. His disclosed property-related and beneficial interests do not presently provide distributions available to pay necessary service, witness, and record expenses. His housing arrangement provides shelter but does not supply income for those expenses. The application and explanatory attachment distinguish ownership, beneficial interests, estimated resale values, and present availability.

16. Vitt contends that the conduct alleged in amended Claim 73 contributed to the loss of income, access to assets, financial security, and his ability to provide for himself and his family. He seeks assistance to obtain the testimony and records necessary to substantiate those allegations and respond to the objections.

17. The practical obstacle is immediate: material testimony must be secured, records reviewed, and responsive evidence prepared. An opportunity to appear is substantially impaired if he cannot afford the necessary means of presenting his position.

18. Absolute destitution is not required. The inquiry includes whether paying litigation costs would prevent an applicant from providing the necessities of life. Adkins v. E.I. DuPont

de Nemours & Co., 335 U.S. 331, 339–40 (1948). Vitt requests application of that standard to his disclosed resources and the necessary expenses identified here.

## IV. MATERIAL WITNESSES AND NECESSARY COMPULSORY PROCESS

19. Bankruptcy Rule 9016 makes Civil Rule 45 applicable to subpoenas. Where in forma pauperis treatment is authorized and granted, 28 U.S.C. § 1915(d) addresses issuance and service of process. Vitt requests assistance under those provisions to the extent applicable.

20. His initial priority witnesses are:

    a. James Marshall McClenny;

    b. Ben Baker;

    c. Scott Hickey;

    d. John Zachary Moseley; and

    e. Lindsey M. Rames.

21. These are initial priorities for evaluating service assistance. Additional witnesses may be identified through the applicable disclosure procedures and deadlines, subject to the Court's orders.

22. The anticipated subjects include representation undertaken; communications and knowledge concerning disputed matters; handling of checks, settlement proceeds, or other funds; actions taken or omitted; and the relationship between contemporaneous records and factual assertions advanced against Vitt's claim.

23. Those subjects bear on amended Claim 73, including its allegations of knowing participation and willful blindness. Vitt seeks testimony establishing the underlying facts and permitting comparison with the documents relied upon in the claims dispute.

24. Examination under oath is material where relevant knowledge rests with persons whose accounts or interests may differ from Vitt's. This includes an opportunity to examine the foundation, execution, and accuracy of declarations or other factual submissions relied upon against his claim.

25. Based on his prior dealings and communications, Vitt anticipates that very few material witnesses will testify voluntarily and that arranging attendance will be challenging even with subpoenas. Attendance has not been secured, and necessary issuance and service arrangements remain incomplete.

26. Vitt requests a prompt procedure for submitting proposed subpoenas and a witness-service schedule identifying anticipated testimony, relevance, verified service location, attendance status, and the assistance requested.

27. Vitt requests separate determination of process-service costs, required attendance fees, applicable mileage, and other necessary expenses. Where a requested expense cannot

lawfully be advanced or waived, he requests consideration of lawful alternatives and sufficient time to arrange them. Any remote testimony remains subject to the governing rules and the Court's authorization.

## V. PACER AND THE SEPTEMBER RECORD

28. Docket 1732 scheduled the expedited PACER-ruling motion at Docket 1718 for September 29 at 3:00 p.m. Docket 1757 cancelled that setting while leaving the underlying PACER application set for September 30. Docket 1734 expressly scheduled the PACER application and Rule 2004 examination motion for September 30 at 1:30 p.m.

29. Vitt's willingness to defer the PACER matter was conditional and intended to obtain preparation time for matters affected by the access request. He requests consideration of the complete communications and the continuing need for access. His pending motion at Docket 1796 challenges the September 30 disposition.

30. Independently of that pending request and the determination under § 1915, Vitt requests a prospective, limited PACER exemption for necessary access to the docket, claims register, and documents relevant to his contested matters and preparation. The exemption would avoid an unreasonable financial burden and permit access to the record needed to present his position.

31. On November 4, Docket 1829 supplied a PDF containing an embedded recording identified as the September 30 PACER, reconsideration, and Rule 2004 proceedings. Vitt has begun reviewing it. The present request concerns any remaining record-access needs and sufficient time to use the material now available. Transcript arrangements, if still needed, require a separate determination.

## VI. FILING ACCESS AND EFFECTIVE PREPARATION

32. Docket 1713 granted filing access. Vitt reports that motion and application filing functions nevertheless remain unavailable through his PACER-linked account. He has continued using EDSS and seeking technical assistance.

33. During the October 23 filing efforts concerning his employment objection, EDSS displayed both a submission-received acknowledgment and an inability-to-send-email message. Vitt emailed the objection and proposed order to the parties and reported the problem to the help desk. The objection was subsequently entered at Docket 1802.

34. Docket 1803 approved the proposed employment on October 26. Docket 1805 vacated that order on October 27, expressly stating that it had been docketed in error, and set the application and Vitt's objection for November 10. Vitt requests that the pending objection and supporting matters receive consideration before the disputed application is determined.

35. The filing and order history supports the need for a reliable submission method, confirmation that the materials submitted are before the Court, and a workable preparation

schedule. Vitt seeks effective implementation of existing access relief and consideration of documented difficulties when assessing his preparation efforts.

36. Vitt requests coordination with Docket 1825. A continuance without a practical means to obtain material testimony and necessary records would leave substantial preparation barriers unresolved. The schedule should permit the Court's assistance determinations to be implemented before affected evidentiary deadlines and hearings.

**VII. REQUESTED RELIEF**

37. Vitt respectfully requests that the Court:

a. Determine whether § 1915 relief is available in the identified contested proceedings, expressly addressing Docket 1726;

b. If authorized and warranted, grant that treatment and direct issuance and service of approved subpoenas through the United States Marshals Service or another legally authorized means;

c. Determine separately the treatment of required witness expenses and lawful alternatives;

d. Establish an expedited procedure for proposed subpoenas and the initial witness-service schedule;

e. Grant a limited prospective PACER fee exemption;

f. Coordinate remaining record-access and filing-access issues with the pending preparation and continuance requests;

g. Extend affected preparation deadlines and continue affected November 10 matters as necessary to provide sufficient time for authorized assistance, service, and evidence preparation;

h. If final relief cannot promptly be determined, set expedited consideration and enter interim relief preserving a meaningful opportunity to prepare; and

i. Grant other authorized and appropriate relief.

Respectfully submitted,

______________________________

Jeffrey Alan Vitt, individually
12791 South 4230 Road
Chelsea, OK 74016-2114
Telephone: 539-292-9358
Email: javit2004rule@gmail.com
Pro se
Date: November 4, 2026

**CERTIFICATION OF ACCURACY**

I certify that I have reviewed this emergency motion and that its factual statements are accurate to the best of my knowledge, information, and belief. Descriptions of court filings are based on the identified record. Disputed conclusions and requested findings are presented for the Court's determination.

______________________________
Jeffrey Alan Vitt, individually
Dated: November 4, 2026

**CERTIFICATE OF CONFERENCE**

On October 22, 2026, at approximately 1:00 p.m. Central Time, I called Walker & Patterson seeking a conference concerning related planned filings and preparation needs. Ms. Goott was unavailable. I left a message with Mike Walker identifying the case and providing my name, telephone number, and request to confer.

At approximately 1:07 p.m., I called Ms. Byman's office and left a voicemail identifying the case, requesting a conference, and providing my name and telephone number.

The intended subjects included related filings, preparation for November 10, access to the September 30 record, witness needs, and filing-access difficulties. The calls did not result in a completed conference.

On October 23, I emailed my employment objection and proposed order, requesting agreement to supplemental disclosures and a hearing or identification of relief that could be resolved by agreement.

On November 2, I emailed the continuance motion, supporting declaration, and proposed order to the parties and requested their positions concerning continuance and related preparation relief.

I have not obtained an agreement resolving the specific relief requested in this motion. The recipients' positions on this motion are unknown to me.

______________________________
Jeffrey Alan Vitt, individually
Dated: November 4, 2026

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2026, I transmitted true and correct copies of this Emergency Motion and its certifications and certificates, the supporting declaration, IFP Exhibits A–F and their index, and the accompanying proposed order by electronic mail to:

Allison D. Byman, Plan Administrator

adb@bymanlaw.com

Johnie J. Patterson and Miriam T. Goott, Walker & Patterson, P.C.

jjp@walkerandpatterson.com

mgoott@walkerandpatterson.com

Andrew Jimenez, Office of the United States Trustee

andrew.jimenez@usdoj.gov

ustpregion07.hu.ecf@usdoj.gov

John Zachary Moseley, individually

Zach@mma-pllc.com

Nicholas R. Lawson and Avi Moshenberg, former counsel for the Official Committee of Unsecured Creditors

Nick.Lawson@lmbusinesslaw.com

Avi.Moshenberg@lmbusinesslaw.com

Any additional recipients and service by another method are identified in the attached service schedule, if applicable, stating names, addresses, methods, and dates.

____________________________________
Jeffrey Alan Vitt
Date: November 4, 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| **MMA LAW FIRM, PLLC,** | § | **CASE NO. 24-31596 (EVR)** |
| **Debtor.** | § | |

**DECLARATION OF JEFFREY ALAN VITT IN SUPPORT OF FINANCIAL, WITNESS-SERVICE, AND PREPARATION RELIEF**

I, Jeffrey Alan Vitt, declare:

1. I am the individual requesting relief. These statements concern matters within my personal knowledge unless I identify them as my understanding of a document or proceeding.

2. I submit the current financial application and explanatory attachment as IFP Exhibit A. They distinguish historical estimated receipts, expected assistance, expenditures, account balances, asset values, beneficial interests, and funds presently available.

3. My estimated historical monthly gifts and expected monthly assistance concern different periods. The application reports an estimated historical average of $1,000 monthly and expected cash assistance of approximately $700 monthly. Future assistance is not guaranteed.

4. My estimated monthly cash expenditures are $695. They reflect what I can afford while other needs remain unmet. I cannot pay the necessary service, witness, and record expenses while meeting basic needs.

5. My November EBT benefit was $277. Recertification is required before November 30, 2026, and I provided the requested documentation. I do not know whether continued assistance will be approved or in what amount. I previously experienced nearly 60 days without receiving benefits.

6. My application and attachment disclose my individually owned property and my beneficial interests separately. I am not presently receiving probate or trust distributions available to pay the litigation expenses requested here.

7. The one-time $1,014.43 property-damage insurance reimbursement was used to purchase the Mac computer I use. The computer is an asset; the payment is not recurring support or cash presently available.

8. The court-filed July application and the order striking it are submitted as historical materials in IFP Exhibit B. Exhibits C–F contain the selected supporting records identified in the index. Exhibit C consists of identified excerpts from the trust instrument.

9. I have continued preparing by reviewing records and opposing submissions, identifying material witnesses, and developing responsive evidence and anticipated testimony subjects.

10. My initial priority witnesses for service assistance are James Marshall McClenny, Ben Baker, Scott Hickey, John Zachary Moseley, and Lindsey M. Rames. They are initial priorities rather than my complete anticipated witness list.

11. Based on my prior dealings and communications, I expect very few material witnesses will testify voluntarily. I anticipate that securing attendance will be challenging even with subpoenas.

12. I have not secured their attendance or completed the necessary subpoena issuance and service arrangements. I need sufficient time and legally available assistance to complete those arrangements.

13. I seek testimony concerning particular representations, communications, transactions, knowledge, handling of funds, and actions taken or omitted. I intend to compare the testimony with contemporaneous records and assertions relied upon against my claim.

14. My willingness to defer the PACER matter was conditional and intended to obtain preparation time for matters affected by my access needs.

15. Motion and application filing functions remain unavailable through my PACER-linked CM/ECF account as of signing. I have continued relying on EDSS and seeking technical assistance.

16. During the October 23 employment-objection filing efforts, EDSS displayed both a submission-received acknowledgment and an inability-to-send-email message. I emailed the objection and proposed order to the parties and reported the problem to the help desk. The objection was subsequently entered at Docket 1802.

17. On November 4, I received the notification and PDF at Docket 1829 containing an embedded recording identified as the September 30 proceedings. I have begun reviewing the recording. I request consideration of remaining preparation needs in light of its recent availability.

18. I understand that Docket 1828 sets the continuance request for November 9 at 9:00 a.m. Central Time. I understand that the November 10 settings remain in effect unless changed by order.

19. Additional time, combined with effective service and access arrangements, would permit me to obtain material testimony, review the newly supplied record, prepare responsive evidence, and present my position in the pending proceedings.

20. My financial circumstances have substantially affected my security, quality of life, and ability to provide for myself and my family. I attribute the underlying losses to the conduct alleged in my claims and seek an opportunity to substantiate those allegations with evidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2026, in Rogers County, Oklahoma.

________________________________________

Jeffrey Alan Vitt, individually