IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

IN RE: § CHAPTER 11

MMA LAW FIRM, PLLC, § CASE NO. 24-31596 (EVR)

Debtor. §

## ORDER ON JEFFREY ALAN VITT'S REQUEST FOR FINANCIAL, WITNESS-SERVICE, PACER, AND PREPARATION RELIEF

The Court considered Jeffrey Alan Vitt's Emergency Motion for Determination of Eligibility for In Forma Pauperis Relief in Contested Proceedings; Necessary Witness Process and Service Assistance; Limited PACER Fee Exemption; and Coordinated Preparation Relief, together with the supporting declaration, financial application, exhibits, and any responses.

IT IS ORDERED:

1. The motion is GRANTED IN PART as provided below.

2. The current financial application is received as evidence supporting this motion. Submission of that application does not restore the application struck through Docket 1726.

3. The availability and scope of relief under 28 U.S.C. § 1915 in the identified contested proceedings shall be determined at an expedited hearing on ______________________ at __________ Central Time, to be conducted ____________________________________________.

4. That determination shall address Docket 1726, the applicant's present financial circumstances, authority to provide process and service assistance, necessary witness arrangements, and the treatment of required expenses.

5. By ______________________, Vitt may submit proposed subpoenas and an initial witness-service schedule identifying each witness, verified service location, anticipated testimony and relevance, attendance status, requested compliance arrangements, and particular assistance sought.

6. Responses concerning that assistance are due ______________________. The Court will determine the requested service arrangements before replacement preparation deadlines materially affected by their disposition.

7. Required attendance fees, applicable mileage, process-service costs, and other expenses shall be considered separately. Public expenditures, fee waivers, and appointment of a process server require an express determination of lawful authority.

8. Vitt is granted a prospective PACER fee exemption for necessary access to the docket, claims register, and documents in Case No. 24-31596 relevant to his pending contested matters. The exemption begins upon implementation and expires ______________________ unless modified by further order.

9. The exemption applies solely to authorized case-related use and is subject to the applicable Electronic Public Access Fee Schedule restrictions. It does not waive existing charges. The Clerk shall take the steps within the Clerk's authority necessary to implement the exemption.

10. Docket 1829 supplies an embedded recording identified as the September 30 proceedings. Any remaining relief concerning Docket 1782 shall be determined as necessary in light of that production. This Order does not authorize transcript expenses from public funds.

11. Preparation deadlines for the claims-objection proceedings at Dockets 1609, 1611, and 1612; the employment application and objection at Dockets 1776 and 1802, scheduled by Docket 1805; and the show-cause proceeding at Docket 1781 are extended pending the scheduling determination below.

12. Those November 10 settings are continued to ______________________ at __________ Central Time, to be conducted ____________________________________________.

13. Replacement deadlines are:

a. Witness lists and anticipated testimony subjects: ______________________.

b. Exhibit exchange and filing: ______________________.

c. Remote-testimony notices and requests: ______________________.

d. Evidentiary responses and objections: ______________________.

14. The replacement schedule shall provide sufficient time for authorized issuance and service, reasonable compliance time, review of necessary records, and evidence preparation.

15. Directions concerning implementation of Docket 1713 and an authorized submission method pending resolution of filing-access difficulties are:

____________________________________________

____________________________________________

16. Except as expressly provided, this Order does not determine the merits of the claims objections, employment dispute, show-cause proceeding, or vacatur request at Docket 1796. Existing communication restrictions and all other orders remain in effect.