# IFP EXHIBITS A-F

United States Courts
Southern District of Texas
FILED
11/4/26
Nathan Ochsner, Clerk of Court

Jeffrey Alan Vitt, individually | Case 24-31596 (EVR)

**IFP Exhibit A — Current financial application and explanation**

7 pages

**IFP Exhibit B — July application and order striking application**

11 pages

**IFP Exhibit C — Selected trust provisions: cover and printed pages 1-4**

5 pages

**IFP Exhibit D — Probate order authorizing property sales**

2 pages

**IFP Exhibit E — Residence property-tax records: 2024 and 2025**

4 pages

**IFP Exhibit F — Account summary and VITT 121 LTD inactivity record**

5 pages

Exhibit B is historical; Docket 1605 was struck through Docket 1726. Exhibit C contains identified excerpts. These letters do not change previously filed Exhibits 1-8.

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

Jeffrey Alan Vitt
*Plaintiff/Petitioner*
v.
In re MMA LAw Firm, PLLC
*Defendant/Respondent*

Civil Action No. 24-31596 (EVR)

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Long Form)

**Affidavit in Support of the Application**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Signed: [signature]

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: November 4, 2026

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0.00 | $ | $ 0.00 | $ |
| Self-employment | $ 0.00 | $ | $ 0.00 | $ |
| Income from real property *(such as rental income)* | $ 0.00 | $ | $ 0.00 | $ |
| Interest and dividends | $ 0.00 | $ | $ 0.00 | $ |
| Gifts $700 is very little money to make ends meet. i spend thrift. | $ 1,000.00 | $ | $ 700.00 | $ |
| Alimony | $ 0.00 | $ | $ 0.00 | $ |
| Child support | $ 0.00 | $ | $ 0.00 | $ |

 

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ 0.00 | $ | $ 0.00 | $ |
| Disability *(such as social security, insurance payments)* | $ 0.00 | $ | $ 0.00 | $ |
| Unemployment payments | $ 0.00 | $ | $ 0.00 | $ |
| Public-assistance *(such as welfare)* **TBD: Recertification / Qualify required before 11/30** | $ 239.81 | $ | $ | $ |
| Other *(specify)*: | $ | $ | $ | $ |
| **Total monthly income:** | $ **1,239.81** | $ **0.00** | $ **700.00** | $ **0.00** |

2. List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | | | $ 0.00 |
| N/A | | | $ 0.00 |

3. List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | | | $ 0.00 |
| N/A | | | $ 0.00 |
| N/A | | | $ 0.00 |

4. How much cash do you and your spouse have? $ 250.00

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Chase Vitt OK LP - Bal 11/3 | Business Checking | $ 64.89 | $ |
| Chase Vitt 121 LTD - Bal 11/3 | Business Checking | $ 137.34 | $ |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| **Assets owned by you or your spouse** | |
|---|---|
| Home *(Value)* See attachment, Question 5" | $ 000 |
| Other real estate *(Value)* See attachment, Question 5" | $ |
| Motor vehicle #*1* *(Value)* | $ 1,375.00 |
| Make and year: 2004 BUICK | |
| Model: LE SABRE | |
| Registration #: | |
| Motor vehicle #*2* *(Value)* | $ 0.00 |
| Make and year: | |
| Model: | |
| Registration #: | |
| Other assets *(Value)* | $ 10,500.00 |
| Other assets *(Value)* | $ 0.00 |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| **Person owing you or your spouse money** | **Amount owed to you** | **Amount owed to your spouse** |
|---|---|---|
| MMA Law Firm, PLLC | $ 350,646,305.00 | $ |
| ****Joint & Severla Liability | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| **Name** (or, if under 18, initials only) | **Relationship** | **Age** |
|---|---|---|
| N/A | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment *(including ~~lot~~ rented for mobile home)*<br>Are real estate taxes included? ☐ Yes ☑ No<br>Is property insurance included? ☐ Yes ☑ No | $ 0.00 | $ |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ 325.00 | $ |
| Home maintenance *(repairs and upkeep)* | $ 25.00 | $ |
| Food | $ 60.00 | $ |
| Clothing | $ 0.00 | $ |
| Laundry and dry-cleaning | $ 10.00 | $ |
| Medical and dental expenses | $ 0.00 | $ |
| Transportation *(not including motor vehicle payments)* | $ 100.00 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ 175.00 | $ |
| Insurance *(not deducted from wages or included in mortgage payments)* | | |
| Homeowner's or renter's: | $ 0.00 | $ |
| Life: | $ 0.00 | $ |
| Health: | $ 0.00 | $ |
| Motor vehicle: | $ 0.00 | $ |
| Other: | $ 0.00 | $ |
| Taxes *(not deducted from wages or included in mortgage payments) (specify)*: | $ 0.00 | $ |
| Installment payments | | |
| Motor vehicle: | $ 0.00 | $ |
| Credit card *(name)*: | $ 0.00 | $ |
| Department store *(name)*: | $ 0.00 | $ |
| Other: | $ 0.00 | $ |
| Alimony, maintenance, and support paid to others | $ 0.00 | $ |

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $ 0.00 | $ |
| Other *(specify)*: | $ 0.00 | $ |
| **Total monthly expenses:** | $ **695.00** | $ **0.00** |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

**Yes because this possible change remains unresolved.**

☑ Yes ☐ No If yes, describe on an attached sheet.

10. Have you spent — or will you be spending — any money for expenses or attorney fees in conjunction with this lawsuit? ☑ Yes ☐ No

If yes, how much? $ 650.00

**$650 is Already Spent. There will be Additional Costs. Hopefully I will Get Legal Representation On A Contingency Fee Arrangement**

11. Provide any other information that will help explain why you cannot pay the costs of these proceedings.

**My present hardship arose in circumstances described in amended Claim 73, including alleged failures in legal representation, mishandling of funds, and knowing disregard of harm to my interests. I contend that this conduct contributed to the loss of income, access to assets, financial security, and my ability to provide for myself and my children. (See More Below)**

12. Identify the city and state of your legal residence.

Chelsea, Oklahoma

Your daytime phone number: (539) 292-9358

Your age: 60 Your years of schooling: 14

Print Save As... Add Attachment Reset

**I now receive approximately $700 monthly in cash assistance, against approximately $695 in monthly cash expenditures. Those expenditures reflect what I can afford, while other needs remain unmet. EBT provides restricted food assistance. My disclosed beneficial interests do not presently provide distributions available to pay litigation expenses.**

**I seek assistance to obtain material testimony under oath and necessary records so I can substantiate my allegations and defend my claim. Without assistance, I cannot afford the necessary service, witness, and record expenses while meeting basic needs.**

# JEFFREY ALAN VITT — FINANCIAL APPLICATION EXPLANATION

Case No. 24-31596 (EVR) | Individual creditor/applicant

## Identification and capacity

The form's preprinted reference to "plaintiff or petitioner" is qualified as follows: I submit this financial affidavit individually as a creditor/applicant supporting my motion in Case No. 24-31596, not as a plaintiff commencing a separate action. This financial application supports Jeffrey Alan Vitt's individual request for financial, witness-service, and record-access relief in the pending bankruptcy proceedings. Vitt submits it as an individual creditor and applicant. It does not commence a separate district-court lawsuit or seek relief on behalf of a trust, partnership, or other entity. The accompanying motion addresses the earlier order at Docket 1726 striking the July application.

## Question 1—Income and public assistance

The application reports estimated average monthly gifts of $1,000 for the past twelve months and expected monthly cash assistance of $700. These estimates concern different periods; future assistance is not guaranteed. The historical EBT monthly average entered in the application is $239.81. EBT is restricted food assistance, separate from cash available for other expenses. My November 2026 EBT benefit was $277. Recertification is required before November 30, 2026, and I have provided the requested documentation. I do not know whether continued benefits will be approved or in what amount. I previously experienced nearly 60 days without receiving benefits. The $700 expected-income total identifies anticipated cash assistance. It does not represent that future EBT benefits have been approved or that their amount is known. A one-time property-damage insurance reimbursement of $1,014.43 was received January 7, 2026 and used to purchase the Mac computer I use. It is separately disclosed here and is not recurring support or cash presently available. The computer is an asset, and its current value is distinct from its purchase price.

## Question 4—Account titles and availability

The disclosed Chase checking accounts are titled VITT OK, LP and VITT 121 LTD. I identify those entity titles separately from cash personally owned. The VITT OK, LP account has been used for receipts and household expenditures. The VITT 121 LTD account has been inactive. The application reports the account balances separately. Inactivity is not asserted to be a legal freeze or restriction on the account.

## Question 5—Property and beneficial interests

In my opinion, approximately $10,500 is a generous estimate of the total resale value of my individually owned tangible possessions at an auction or estate sale. Actual proceeds could be lower. This total includes my Buick and Mac computer; their separately identified values are not additional amounts to add to the $10,500 total. The $10,500 entry under Other assets is this total, not a separate additional asset. Cash and account balances are disclosed separately. Disputed litigation claims and property owned by the trust or separate entities are also disclosed separately. In my opinion, approximately $10,500 is a generous estimate of the total amount my individually owned tangible possessions could bring at an auction or estate sale. Actual proceeds could be lower. This is an estimated resale value, not available cash. But depose me …. Then It Is My Turn!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!!! This total includes my Buick and Mac computer; their separately identified values are not additional amounts to be added to the $10,500 total. Cash and account balances are disclosed separately. Disputed litigation claims and property owned by the trust or separate entities are also disclosed separately. I am a beneficiary of the Jeffrey Alan Vitt Irrevocable Trust. My understanding is that the residence where I live and other identified properties are held through Vitt OK, LP, in which the trust has an ownership interest. I disclose my beneficial interests separately from property titled to me individually. I do not presently have a reliable valuation of those beneficial interests and do not assign them a zero value merely because they are illiquid or disputed. My residence provides shelter but does not generate

income for me. I am not presently receiving probate or trust distributions available to pay the litigation expenses requested in my motion. The trust contains beneficiary rights. My statement about presently available funds does not deny the existence of those rights or assert that every trust asset is permanently inaccessible. The probate sale order authorizes sale of identified property and addresses the handling of resulting proceeds. The authorization alone does not establish a completed sale, the present amount or location of proceeds, or funds presently available to me.

### Question 6—Disputed claims

The amount listed against MMA Law Firm, PLLC represents a disputed claim, not an adjudicated recovery or collected funds available to pay expenses. References to joint and several liability do not identify a separate recovery to be added again to the same claimed loss. The nature and scope of the claims are addressed in amended Claim 73 and the underlying filings.

### Question 8—Living expenses

My listed monthly cash expenditures total approximately $695. They reflect estimates of what I actually spend under severe financial constraints. They do not establish that all reasonable needs are met. I defer or go without expenses I cannot afford. Restricted EBT benefits are separate from those cash resources. The listed cash food expense represents spending beyond EBT. Property taxes paid by another person are not included as a monthly cash payment made by me. Property-related obligations and beneficial interests are disclosed separately from my personal monthly expenditures.

### Question 9—Possible changes

Continued EBT assistance and its amount are uncertain pending recertification. Necessary service, witness, and recording/transcript expenses may also arise. I cannot predict a recovery from pending claims or treat a possible recovery as money presently available.

### Question 10—Litigation expenditures

The $650 entered in the application represents money already spent in connection with this litigation. Additional litigation expenses are anticipated, but their amounts have not all been determined.

### Question 11—Hardship and need for assistance

My present hardship arose in circumstances described in amended Claim 73, including alleged failures in legal representation, mishandling of funds, and knowing disregard of harm to my interests. I contend that this conduct contributed to the loss of income, access to assets, financial security, and my ability to provide for myself and my children. I receive approximately $700 monthly in cash assistance against approximately $695 in monthly cash expenditures, while other needs remain unmet. My disclosed beneficial interests do not presently provide distributions available to pay litigation expenses. I seek assistance to obtain material testimony under oath and necessary records so I can substantiate my allegations and defend my claim. Without assistance, I cannot afford the necessary service, witness, and record expenses while meeting basic needs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2026, in Rogers County, Oklahoma.

______________________________
Jeffrey Alan Vitt, individually

United States Courts
Southern District of Texas
FILED
7/23/2026
Nathan Ochsner, Clerk of Court





# UNITED STATES DISTRICT COURT

for the

Jeffrey Alan Vitt
*Plaintiff/Petitioner*
v.
MMA Law Firm, PLLC
*Defendant/Respondent*

Civil Action No. 4:24-bk-31596

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Long Form)

**Affidavit in Support of the Application**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Signed: [signature]

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: 7/20/26

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0.00 | $ | $ | $ |
| Self-employment | $ 0.00 | $ | $ | $ |
| Income from real property *(such as rental income)* | $ 0.00 | $ | $ | $ |
| Interest and dividends | $ 0.00 | $ | $ | $ |
| Gifts | $ 800.00 | $ | $ | $ |
| Alimony | $ 0.00 | $ | $ | $ |
| Child support | $ 0.00 | $ | $ | $ |

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ 0.00 | $ | $ | $ |
| Disability *(such as social security, insurance payments)* | $ 0.00 | $ | $ | $ |
| Unemployment payments | $ 0.00 | $ | $ | $ |
| Public-assistance *(such as welfare)* | $ 298.00 | $ | $ | $ |
| Other *(specify)*: | $ 0.00 | $ | $ | $ |
| **Total monthly income:** | $ **1,098.00** | $ **0.00** | $ **0.00** | $ **0.00** |

2. List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| **Employer** | **Address** | **Dates of employment** | **Gross monthly pay** |
|---|---|---|---|
| N/A | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| **Employer** | **Address** | **Dates of employment** | **Gross monthly pay** |
|---|---|---|---|
| N/A | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ 300.00

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| **Financial institution** | **Type of account** | **Amount you have** | **Amount your spouse has** |
|---|---|---|---|
| Chase Bank | Business Account | $ 300.00 | $ |
| DentonProbateCt# PR-2017-00521 | Registry & Trust Transaction De | $ 646,305.06 | $ |
| Jeffrey Alan Vitt Irrevocable Trust | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Assets owned by you or your spouse | |
|---|---|
| Home *(Value)* | $ |
| Other real estate *(Value)* | $ |
| Motor vehicle *#1 (Value)* | $ 750.00 |
| Make and year: 2004 Buick | |
| Model: Lesabre | |
| Registration #: 3701-TGN458 Okla | |
| Motor vehicle *#2 (Value)* | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Other assets *(Value)* | $ 10,000.00 |
| Other assets *(Value)* | $ |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| MMA Law Firm, PLLC Joint & Seve | $ 325,000,000.00 | $ |
| John Z. Moseley, James McClenny | $ | $ |
| Jane Doe,John Doe Joint & Severa | $ | $ |

7. State the persons who rely on you or your spouse for support.

| **Name** (or, if under 18, initials only) | **Relationship** | **Age** |
|---|---|---|
| | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment *(including lot rented for mobile home)*<br>Are real estate taxes included? ☑ Yes ☐ No<br>Is property insurance included? ☐ Yes ☑ No | $ 300.00 | $ |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ 275.00 | $ |
| Home maintenance *(repairs and upkeep)* | $ 150.00 | $ |
| Food | $ 500.00 | $ |
| Clothing | $ 75.00 | $ |
| Laundry and dry-cleaning | $ 30.00 | $ |
| Medical and dental expenses | $ 25.00 | $ |
| Transportation *(not including motor vehicle payments)* | $ 175.00 | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ 175.00 | $ |
| Insurance *(not deducted from wages or included in mortgage payments)* | | |
| Homeowner's or renter's: | $ 0.00 | $ |
| Life: | $ 0.00 | $ |
| Health: | $ 0.00 | $ |
| Motor vehicle: | $ 125.00 | $ |
| Other: | $ | $ |
| Taxes *(not deducted from wages or included in mortgage payments) (specify):* | $ 0.00 | $ |
| Installment payments | | |
| Motor vehicle: | $ 0.00 | $ |
| Credit card *(name)*: | $ 0.00 | $ |
| Department store *(name)*: | $ 0.00 | $ |
| Other: | $ 0.00 | $ |
| Alimony, maintenance, and support paid to others | $ 0.00 | $ |

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $ | $ |
| Other *(specify)*: Interests Operation Expenses/Costs Only Using $400 | $ -400.00 | $ |
| **Total monthly expenses:** | $ **1,430.00** | $ **0.00** |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☑ Yes ☐ No If yes, describe on an attached sheet.

10. Have you spent — or will you be spending — any money for expenses or attorney fees in conjunction with this lawsuit? ☑ Yes ☐ No

If yes, how much? $ 2,000.00

11. Provide any other information that will help explain why you cannot pay the costs of these proceedings.

Answer: Please refer to Section II of this Addendum (Statement of Extreme Hardship and Compelled Material Facts

12. Identify the city and state of your legal residence.

Chelsea, Oklahoma

Your daytime phone number: (539) 292-9358

Your age: 60 Your years of schooling: 16

# IN FORMA PAUPERIS

## EXPANDED DISCLOSURES (FORM AO 239)

## Q9, Q10, and Q11 ADDENDUM

**Question 9: <u>Expected changes to income, expenses, assets, or liabilities:</u>**

Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months? Yes or No - If yes, describe

Yes. I am actively pursuing all necessary legal avenues in the best interests of our family to resolve complex related legal matters to recover $646,305.06 in liquidated capital that is currently frozen and withheld in a state court registry due directly to the Debtor's actions. I anticipate these funds will be released within the next 12 months, which is a very important step to resolving this extreme financial hardship.

**Question 10: <u>Money spent on expenses or attorney fees in conjunction with this lawsuit:</u>**

Have you spent — or will you be spending — any money for expenses or attorney fees in conjunction with this lawsuit? ' Yes ' or No If yes, how much?

Yes. I have previously expended hundreds of thousands of dollars on legal counsel, forensic experts, and litigation costs in state and probate venues to survive the Debtor's deceptive and unfair business practice pattern. Consequently, my funds to finance expenditures in this specific federal bankruptcy proceeding are currently limited strictly to minor administrative, research, and printing costs. Because the Debtor has systematically choked off my operating assets, I cannot currently afford to retain federal bankruptcy counsel and am forced to proceed Pro Se.

*** Please refer to Section II of this Addendum*

**Question 11:** **information explaining the inability to pay costs:**

Provide any other information that will help explain why you cannot pay the costs of these proceedings.

## STATEMENT OF EXTREME HARDSHIP AND COMPELLED MATERIAL FACTS

## I. REQUEST FOR WAIVER OF COURT FEES

Creditor Jeffrey Alan Vitt, proceeding self-represented individually and in his capacity as the Trustee and Beneficiary of the Jeffrey Alan Vitt Irrevocable Trust, and the Pi 314 Irrevocable Trust interests, respectfully submits this declaration in support of his Application to Proceed without Prepaying Fees or Costs. This request seeks a total waiver of administrative fees, filing costs, and service assessments pursuant to 28 U.S.C. § 1915, to ensure uncompromised access to justice in Case No. 4:24-bk-31596.

**II. STATEMENT OF EXTREME HARDSHIP AND COMPELLED MATERIAL FACTS** The severe financial hardship clear within this application is the direct, proximate, and ongoing result of the Debtor's intentional actions, gross legal malpractice, and fraudulent concealment. The Debtor's bad-faith execution and systemic omission of material facts have triggered a catastrophic, multi-jurisdictional, and cross-border collapse of the Creditor's entire business enterprise and personal livelihood.

James McClenny served as the foundational counsel representing the Creditor's interests beginning in late 2015 and early 2016. Material oral and written communications began while McClenny and John Zachary Moseley operated under the umbrella of the Voss Law Firm, extending to in-person consultations around May 6, 2016. As one of MMA's earliest retained clients, the Creditor placed absolute fiduciary trust in the Debtor. In direct breach of that trust, the Debtor actively suppressed the Creditor's bad-faith insurance claims, concealed viable tort liabilities, and unlawfully seized unilateral control over the Creditor's litigation strategy.

Today, the significantly reduced amount of **$646,305.06** in liquidated capital belonging strictly to the Creditor's interests remains wrongfully frozen and withheld within a state court registry and connected trust accounts. The Debtor, acting in concert with conspiring and colluding third parties, intentionally took possession of the Creditor's proprietary evidence, personal, entity,

trusts assets, and core legal leverage—an arsenal of silver bullets—and deliberately aimed and fired those mechanisms directly at the Creditor to systematically strip and dismantle his estate.

Because the Debtor's fraudulent practices have completely choked off the Creditor's operating assets, frozen his capital, and decimated his operational entities, the financial impact on basic and simple necessities of life is severe.

**III. CONCLUSION AND PRAYER** The Creditor respectfully requests that the Honorable Judge Eduardo V. Rodriguez grant this application. The profound merits of the Creditor's interests, the demands of equal protection under the law, the protection of the independent entrepreneur, and the baseline requirements of due process insist that this long-delayed day in court be granted to redress a sustained tolling history of manifest injustice and systemic fraud.

**IV. IN CONJUNCTION WITH THIS LAWSUIT** In conjunction with the systemic injustices directly caused by the Debtor's gross malpractice, the only choice was to fight for my interests at all costs and investing well over $200,000.00 simply to survive the Debtor's bad-faith attrition tactics. This immense financial drain and damage more devastating than financial alone was caused by the Debtor and collaborating bad actors deliberately choosing to avoid highly lucrative, viable legal victories on my behalf—the Debtor engaged in a calculated pattern of concealment and abandonment. This intentional destruction of my legal leverage has resulted in nearly all of my asset interests being lost, destroyed, or wrongfully frozen. Despite the Debtor's systematic and intentional failure to provide zealous legal representation—including their deliberate choice to suppress and avoid high-value, viable litigation wins—I have maintained a continuous, determined effort to defend my interests. This endurance has come at a massive financial cost.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 20, 2026

Signed: ______________________________ Jeffrey Alan Vitt, Pro Se Litigant

Case 24-31596 Document 1605 Filed in TXSB on 07/23/26 Page 9 of 9

AO 240A (Rev. 08/23) Order to Proceed Without Prepaying Fees or Costs

# UNITED STATES DISTRICT COURT

for the

District of

Jeffrey Alan Vitt
*Plaintiff*
v.
MMA Law Firm, PLLC
*Defendant*

Civil Action No.

## ORDER TO PROCEED WITHOUT PREPAYING FEES OR COSTS

**IT IS ORDERED:** The plaintiff's application under 28 U.S.C. § 1915 to proceed without prepaying fees or costs is:

☐ Granted:

The clerk is ordered to file the complaint and issue a summons. The United States marshal is ordered to serve the summons with a copy of the complaint and this order on the defendant(s). The United States will advance the costs of service. Prisoner plaintiffs are responsible for full payment of the filing fee.

☐ Granted:

The clerk is ordered to file the complaint and to notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. If the complaint was not filed electronically, the clerk is ordered to notify the plaintiff of the transmission. The plaintiff does not need to serve a summons and complaint under Civil Rule 4. (Actions under 42 U.S.C. § 405(g) for review on the record of a final decision of the Commissioner of Social Security presenting only an individual claim.)

☐ Granted Conditionally:

The clerk is ordered to file the complaint. Upon receipt of the completed summons and USM-285 form for each defendant, the clerk will issue a summons. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed. The United States marshal is ordered to serve the completed summons with a copy of the complaint and this order on the defendant(s). The United States will advance the costs of service. Prisoner plaintiffs are responsible for full payment of the filing fee.

☐ Denied:

This application is denied for these reasons:

Date: ____________________

____________________
*Judge's signature*

____________________
*Printed name and title*

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 18, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | **CHAPTER 11** |

**ORDER**
**STRIKING PLEADING**
*Resolving Dkt. No. 1605*

Pending before the Court is the "AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)"[1] ("*Motion*") filed by Jeffrey Alan Vitt ("*Movant*") on July 23, 2026. In the Motion, Movant requests "a total waiver of administrative fees, filing costs, and service assessments pursuant to 28 U.S.C. § 1915."

28 U.S.C. § 1915 provides that:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Thus, the purpose of § 1915 is to allow a litigant to apply for waiver of the fees incurred in the "commencement, prosecution or defense" of a case. Here, Movant is a creditor in MMA Law Firm, PLLC's instant chapter 11 bankruptcy. Movant is not a plaintiff or defendant. Thus, this Motion was improperly filed in the instant bankruptcy case. It is therefore:

**ORDERED**: that

[1] Dkt. No. 1605.

1. The "AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)"[2] filed by Jeffrey Alan Vitt on July 23, 2026, is **STRUCK**.

2. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED Friday, September 18, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**

[2] Dkt. No. 1605.

# JEFFREY ALAN VITT IRREVOCABLE TRUST

**An Irrevocable Trust Created By:**
**Bernard Joseph Vitt and Barbara Jean Vitt**

**For The Benefit Of:**
**Our Son, Jeffrey Alan Vitt, and His Wife, Deborah Faye Vitt**

**October 30, 2002**

**Prepared By:**
**William E. Johnson III**
**Law Office of William E. Johnson III, P.C.**
**2828 Woodside**
**Dallas, Texas 75204**
**Telephone: (214) 922-8884 * Fax: (214) 922-8894**

# JEFFREY ALAN VITT IRREVOCABLE TRUST

This irrevocable trust agreement, dated October 30, 2002 is between us, Bernard Joseph Vitt and Barbara Jean Vitt, husband and wife of Tulsa, Tulsa County, Oklahoma, hereinafter referred to as, "Trustmakers", and Jeffrey Alan Vitt and Deborah Faye Vitt, our initial Trustees, and is for the benefit of our son, Jeffrey Alan Vitt (hereinafter sometimes referred to as "Jeff"), his wife, Deborah Faye Vitt (hereinafter sometimes referred to as "Deborah"), and their issue.

All references to "Our Trust" in this Agreement shall refer to this Irrevocable Trust Agreement and the trusts created hereunder. All references to "Trustees" shall refer to the initial Trustees or their Successors in Trust.

## ARTICLE ONE
## Name of Trust

For convenience, this Trust shall be known as the:

JEFFREY ALAN VITT IRREVOCABLE TRUST

For purposes of beneficiary designations, transfers directly to the trust, and formal correspondence, this Trust shall be referred to as:

> Jeffrey Alan Vitt and Deborah Faye Vitt, or their Successors in Trust, under the Jeffrey Alan Vitt Irrevocable Trust, dated October 30, 2002.

## ARTICLE TWO
## Beneficiaries

This Trust is established for the benefit of our son, Jeffrey Alan Vitt, his wife, Deborah Faye Vitt, and their issue.

All references to Jeff's and Deborah's children in this Agreement are to Haven Dawn Redinger, Carlie Danielle Vitt, Joseph Carter Vitt, and to any children subsequently born to, or legally adopted by Jeff and Deborah after the creation of this Trust. Haven Dawn Redinger is Deborah's daughter by a previous marriage.

This Trust shall be a spendthrift trust and no creditor of Jeffrey Alan Vitt, Deborah Faye Vitt, Haven Dawn Redinger, Carlie Danielle Vitt, Joseph Carter Vitt, or of any other beneficiary shall ever have any right to or claim upon any portion of the income or principal of this Trust and no assets of this Trust shall ever be subject to attachment or susceptible of anticipation or alienation. Any attempt by Jeffrey Alan Vitt, Deborah Faye Vitt, Haven Dawn Redinger, Carlie Danielle Vitt, Joseph Carter Vitt, or any other beneficiary hereunder (or any creditor of any beneficiary hereunder) to transfer or encumber his or her interest hereunder shall be null and void and of no force or effect whatsoever.

## ARTICLE THREE
## Funding Our Trust

Section 1. Initial Funding

We will initially fund this Trust with $2,500.00, and with such other property as we shall list on Schedule A from time to time. Schedule A shall be made a part of and shall be incorporated by reference in this Agreement.

Section 2. Additional Funding

This trust may be additionally funded with property interests of all kinds by us or by any other person in any manner. All property interests transferred, assigned, conveyed, or delivered to the Trustees in trust shall be absolute and irrevocable and must be acceptable to the Trustees.

All property interests transferred, assigned, conveyed, or delivered to the Trustees shall be subject to all of the terms and conditions set forth in the trust agreement.

## ARTICLE FOUR
## Administrative Matters

Section 1. Trust Irrevocable

This trust is irrevocable, and we shall have no power to control or direct payments, remove trust property, or alter, amend, revoke, or terminate this Trust, either in whole or in part.

Section 2. No Discharge of a Legal Obligation of Ours

No payment or distribution shall be made by the Trustees for the discharge of any of our legal obligations, or otherwise for our monetary benefit.

Section 3. Nonproductive Trust Property

Our son, Jeff, and our daughter-in-law, Deborah, during their lifetime, and, after their death, a majority of the living beneficiaries hereunder, shall have the absolute right, at any time, to compel the Trustees to convert any nonproductive property to productive property. The Trustees shall convert the property as soon as reasonably possible after receiving written directions to that effect.

Section 4. Primary Beneficiaries

Our son, Jeffrey Alan Vitt, and his wife, Deborah Faye Vitt, are the primary beneficiaries of this Trust and the Trustees shall be concerned first and foremost with their needs. Any children of Jeff and Deborah are the second most important beneficiaries hereunder and the Trustees shall be concerned with their needs only after the needs of the primary beneficiaries have been met.

## ARTICLE FIVE
## Withdrawal Rights of Beneficiaries

Section 1. The Beneficiaries' Right to Withdraw Trust Property

During the continuation of this Trust, our son, Jeffrey Alan Vitt, shall have the limited right to make withdrawals of trust property as set forth in this Article.

Each beneficiary's withdrawal right shall commence upon the date that the Trustees send written notice to such beneficiary that property has been transferred to the Trust and that such beneficiary has a right of withdrawal with respect to such property. The beneficiary named (or any other eligible beneficiary named by a donor to the Trust) shall have a right of withdrawal as more fully described hereafter.

The withdrawal right is noncumulative and will lapse at the end of thirty (30) days after written notice of the right to withdraw has been given by the Trustees if the right has not been exercised.

Section 2. Notice by the Trustees of the Right to Withdraw

The Trustees shall provide written notice to each beneficiary who has a withdrawal right that property subject to such right has been transferred to the Trust within seven (7) days following its transfer. The notice shall be delivered by hand or by mail to the last known address of the beneficiary and shall inform the beneficiary of the transfer as well as the right of the beneficiary to withdraw and the amount subject to such right. If the beneficiary with the withdrawal right is also a Trustee of this Trust, such Trustee need not give himself or herself notice, but may merely file a written memorandum with the Trust records of his or her election to exercise or not to exercise such right of withdrawal or may elect to do nothing, in which case, the right will expire as set forth above.

Section 3. Exercise of Withdrawal Rights by the Beneficiaries

A beneficiary shall make a withdrawal by delivering a written request, which specifically refers to and exercises the withdrawal right, to the Trustees.

A beneficiary's withdrawal right shall be vested as of the date that property was transferred to the trust.

A beneficiary who has a vested withdrawal right and who dies during the withdrawal right period shall not have such vested withdrawal right terminated by reason of death. The vested withdrawal right shall inure to the personal representative of the beneficiary's estate.

Section 4. Minor or Disabled Beneficiaries

If a beneficiary is a minor or is under any other form of legal disability during all or any part of the withdrawal period, the beneficiary's legal or natural guardian, conservator or other legal representative shall be informed of, and may then exercise, the withdrawal right on behalf of the beneficiary.

Section 5. We May Not Exercise a Withdrawal Right on Behalf of a Beneficiary

We may not exercise the right of withdrawal on behalf of a beneficiary who is deceased, a minor, or under any other form of legal disability.

Section 6. Amount of Trust Property Subject to a Withdrawal Right

Any person contributing assets to the Trust may designate in writing the beneficiary or beneficiaries described in Section 1 above, if any, including specifically Deborah Faye Vitt and any child or children of Jeff and/or Deborah Faye Vitt, who shall have the right of withdrawal and the amount of such right of withdrawal allocated to each beneficiary named, or may designate that there shall be no right of withdrawal, provided that the maximum such amount which may be the subject of a right of withdrawal is the greater of five thousand dollars ($5,000.00) or five percent

(5%) of the Trust assets, not to exceed the amount of the gift. In the event a contribution is made to the trust and no such written designation is received by the Trustees indicating the beneficiary or beneficiaries who shall have the right of withdrawal or the fact that there shall be no right of withdrawal with respect to all or a part of such contribution, or if a designation is received which fails to dispose of the right of withdrawal with respect to all of such contribution, our son, Jeffrey Alan Vitt, shall have the right to withdraw an aggregate amount equal to the entire value of any property actually or constructively transferred to the trust subject to the five thousand dollars ($5,000.00) or five percent (5%) limitation for each donor's gift. There shall be no right of withdrawal of any amount in excess of the amount of the current gift.

In the event the amount of the gift exceeds the five thousand dollar ($5,000.00) or five percent (5%) limitation amount, Deborah Faye Vitt shall have a withdrawal right equal to the withdrawal right of her husband, but not to exceed the excess of the value of the current gift over the amount of her husband, Jeff's, withdrawal right, unless the donor indicates that such withdrawal right shall be denied.

Section 7. Trustees Duties as to Trust Property Subject to a Withdrawal Right

The Trustees shall retain sufficient liquid trust property or transferable trust property in order to satisfy the withdrawal rights which are then outstanding.

The Trustees may distribute trust property in cash or in kind, including insurance policies held in the trust or interests in those policies, to a beneficiary making a withdrawal.

Section 8. No Withdrawal Right on Devises or Bequests

Notwithstanding anything contained in this Article to the contrary, there shall be no right of withdrawal available to any beneficiary with respect to any property passing to the Trustees of this Trust by way of bequest or devise from any person who is deceased.

## ARTICLE SIX
## Life Insurance

Section 1. Purchase of Life Insurance

The Trustees may purchase and hold as trust property a policy or policies of insurance on the lives of either of the Trustmakers, the life of any trust beneficiary, or on the life of any person in whom any trust beneficiary has an insurable interest.

The Trustees may also receive any such policies made as a gift to the trust, and thereafter may hold and deal with the policies as the owner.

The Trustees shall have the following powers, which may be exercised by them in their sole and absolute discretion, in addition to all other powers granted a policy owner:

a. Automatic Premium Loans

The Trustees shall have the power to execute or cancel any automatic premium loan agreement with respect to any policy, and shall have the power to elect or cancel any automatic premium loan provision in a life insurance policy.

FILE FOR RECORD
DENTON COUNTY CLERK
APR 30 2019
JULI LUKE
DEPUTY

**CAUSE NO. PR-2017-00521**

| | | |
|---|---|---|
| DEBORAH FAY VITT, ET AL., PLAINTFF, | § | IN THE PROBATE COURT |
| | § | |
| | § | |
| V. | § | OF |
| | § | |
| JEFFREY ALAN VITT, ET AL. | § | |
| DEFENDANT | § | DENTON COUNTY, TEXAS |

**ORDER AUTHORIZING SALE OF REAL PROPERTY**

On this day, the Court considered the Receiver's APPLICATION TO SELL REAL PROPERTY. After hearing the arguments of counsel and all parties present, as well as considering all of the evidence, the Court is of the opinion the same should be GRANTED.

IT IS THEREFORE ORDERED that the Receiver is authorized to sell the following properties on behalf of the Jeffrey Alan Vitt Irrevocable Trust, Vitt TX, LTD and Vitt OK, L.P.:

1. 2010 Libby Lane, Dallas, Dallas County, Texas. Further described in that certain deed to Vitt TX LTD, recorded at Instrument Number 2009-00293625, Deed Records of Dallas County, Texas.

2. 2702 Shadow Wood Court, Arlington, Tarrant County, Texas. Further described in that certain deed to Vitt TX LTD, recorded at Instrument # D213142786, Deed Records of Tarrant County, Texas.

3. 7240 Normandy Road, Fort Worth, Tarrant County, Texas. Further described in that certain deed to Vitt TX LTD, recorded at Instrument # D209273200, Deed Records of Tarrant County, Texas.

4. 20590 E. 420 Road, Claremore, Rogers County, Oklahoma. Further described as Tract 1 in that certain deed to Vitt OK, L.P. recorded at Book 2063, Page 420, Deed Records of Rogers County, Oklahoma.

5. 12791 S. 4230 Road, Chelsea, Rogers County, Oklahoma. Further described as Tract 2 in that certain deed to Vitt OK, L.P. recorded at Book 2063, Page 420, Deed Records of Rogers County, Oklahoma.

6. 17723 N. 113th E Avenue, Collinsville, Tulsa County, Oklahoma. Further described in that certain deed to Vitt OK, L.P. recorded at Document # 2009108584, Deed Records of Tulsa County, Oklahoma.



RECEIVED
Deanna Caster, Deputy
4/25/2019
Denton County, County Clerk

IT IS FURTHER ORDERED, that the Receiver shall and is authorized to:

1. Employ real estate agents in Texas and Oklahoma to list the properties for sale and that those agents be paid a reasonable commission for their work in selling any such properties;
2. Employ a real property title professional to research the title for the properties listed herein located in the state of Oklahoma to determine the status of the title to the same;
3. Obtain market information to insure a fair market price is received for the sale of the properties referenced herein;
4. Deposit the funds from such sale of any properties listed herein into the Court's registry pending further orders of the Court;
5. File a report of sale and decree confirming the sale of any such properties.

SIGNED this 30th day of April, 2019.

Bonnie Robison
JUDGE PRESIDING

HON. BONNIE J. ROBISON
JUDGE, PROBATE COURT

PROBATE COURT ★ DENTON COUNTY, TEXAS ★

Rogers County Treasurer

Home State Map View or Pay Tax Info Mortgage Tax Calculator Menu 0



Jason Carini, Treasurer

Location of Treasurer's Office:

200 S LYNN RIGGS BLVD CLAREMORE, OK 74017
Phone: 918-923-4797
Fax: 0--
E-Mail: treasurer@rogerscounty.org
Office Hours: Monday - Friday, 8:00 AM to 5:00 PM

**Tax payments updated through 11-02-26 close-of-business.**

## Owner Name and Address

VITT OK LP
412 S TAMARACK AVE
BROKEN ARROW OK 74012-3282

## Taxroll Information

| | |
|---|---|
| **Tax Year :** | 2024 |
| **Property ID :** | 23N17E-35-3-00000-000-0000 |
| **Location :** | 12791 S 4230 RD CHELSEA |
| **School District :** | 03RF CHELSEA FFD **Mills :** 97.596 |
| **Type of Tax :** | Real Estate **Code :** |
| **Tax ID :** | 30862 |

## Legal Description and Other Information:

NW NW SW SW LESS N 30' THEREOF 2.27 Acres History

| Assessed Valuations | Amount |
|---|---|
| Land | 3451 |
| Improvements | 3158 |
| Net Assessed | 0 |

| Tax Values | Amount |
|---|---|
| Base Tax | 645.00 |
| Penalty | 0.00 |
| Fees | 0.00 |
| Payments | 645.00 |
| Total Paid | 781.79 |
| Total Due | 0.00 |

| Date | Receipt | Paid With | Payment For | Amount | Paid By |
|---|---|---|---|---|---|
| 12/31/2025 | 59450 | Check | Taxes | 645.00 | VITT, BARBARA J->Check# 9984 |
| 12/31/2025 | 59450 | Check | Other | 5.69 | * MAIL FEE 820 |
| 12/31/2025 | 59450 | Check | Other | 15.00 | * DEL REAL ADV 822 |
| 12/31/2025 | 59450 | Check | Penalty | 116.10 | |

Login (build: 54190:20261102.5)

© 2020 All Rights Reserved. Powered by TM Consulting, Inc.

0

# Tax Roll Inquiry

## Rogers County Treasurer

Jason Carini, Treasurer
200 S LYNN RIGGS BLVD CLAREMORE, OK 74017
Phone: 918-923-4797
Fax: 0--
E-Mail: treasurer@rogerscounty.org

20250030862

## Owner Name and Address

VITT OK LP
412 S TAMARACK AVE
BROKEN ARROW OK 74012-3282

## Taxroll Information

| | |
|---|---|
| Tax Year : | 2025 |
| Property ID : | 23N17E-35-3-00000-000-0000 |
| Location : | 12791 S 4230 RD CHELSEA |
| School District : | 03RF CHELSEA FFD Mills : 95.74 |
| Type of Tax : | Real Estate |
| Tax ID : | 30862 |

### Legal Description and Other Information:

NW NW SW SW LESS N 30' THEREOF 2.27 Acres

| Assessed Valuations | Amount |
|---|---|
| Land | 3624 |
| Improvements | 3316 |
| Net Assessed | 6940 |

| Tax Values | Amount |
|---|---|
| Base Tax | 664.00 |
| Penalty | 0.00 |
| Fees | 0.00 |

| Tax Values | Amount |
|---|---|
| Payments | 664.00 |
| Total Paid | 664.00 |
| Total Due | 0.00 |

| Date | Receipt | Paid With | Payment For | Amount | Paid By |
|---|---|---|---|---|---|
| 12/31/2025 | 44550 | Check | Taxes | 664.00 | VITT, BARBARA J->Check# 9984 |

Login (build: 54190:20261102.5)

© 2020 All Rights Reserved. Powered by TM Consulting, Inc.

CHASE for BUSINESS®

Printed from Chase for Business

## FLU SHOTS OF TEXAS LTD

### Bank accounts

| Account | Available balance | Present balance | Account type | |
|---|---|---|---|---|
| CHASE BUS TOTAL SAV (...8898) › | $0.00 | $0.00 | Saving | ••• |

## VITT 121 LTD

### Bank accounts

| Account | Available balance | Present balance | Account type | |
|---|---|---|---|---|
| BUS COMPLETE CHK (...3630) › | $137.34 | $137.34 | Checking | ••• |

## VITT HOLDINGS & DEVELOPMENT LLC

### Bank accounts

| Account | Available balance | Present balance | Account type | |
|---|---|---|---|---|
| BUSINESSSELECT CHKG (...4368) › | $0.00 | $0.00 | Checking | ••• |

## VITT INC

### Bank accounts

| Account | Available balance | Present balance | Account type | |
|---|---|---|---|---|
| BUS SELECT HY SAV (...9924) > | $0.00 | $0.00 | Saving | ••• |

## VITT OK LP

### Bank accounts

| Account | Available balance | Present balance | Account type | |
|---|---|---|---|---|
| BUS COMPLETE CHK (...6516) > | $64.89 | $64.89 | Checking | ••• |

## Pending approvals (0)

## External accounts

Link your external accounts to better organize your money, budget and plan for the future.

Link account

**Disclosures**

**JPMorgan Chase Bank, N.A.** and its affiliates (collectively "JPMCB") offer investment products, which may include bank managed accounts and custody, as part of its trust and fiduciary services. Other investment products and services, such as brokerage and advisory accounts, are offered through **J.P. Morgan Securities LLC** (JPMS), a member of FINRA and SIPC. Insurance products are made available through Chase Insurance Agency, Inc. (CIA), a licensed insurance agency, doing business as Chase Insurance Agency Services, Inc. in Florida. JPMCB, JPMS and CIA are affiliated companies under the common control of JPMorgan Chase & Co. Products not available in all states.

INVESTMENT AND INSURANCE PRODUCTS ARE:

- NOT FDIC INSURED
- NOT INSURED BY ANY FEDERAL GOVERNMENT AGENCY
- NOT A DEPOSIT OR OTHER OBLIGATION OF, OR GUARANTEED BY, JPMORGAN CHASE BANK, N.A. OR ANY OF ITS AFFILIATES
- SUBJECT TO INVESTMENT RISKS, INCLUDING POSSIBLE LOSS OF THE PRINCIPAL AMOUNT INVESTED

JPMorgan Chase Bank, N.A. Member FDIC ©2026 JPMorgan Chase & Co Equal Opportunity Lender

Not Mailed Due To Inactivity

CHASE

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

January 01, 2026 through January 30, 2026
Account Number: [redacted]3630

**CUSTOMER SERVICE INFORMATION**

| | |
|---|---|
| Web site: | **Chase.com** |
| Service Center: | **1-800-242-7338** |
| Para Espanol: | 1-888-622-4273 |
| International Calls: | 1-713-262-1679 |

We accept operator relay calls

00054863 DRE 201 089 03126 NNNNNNNNNNN 1[redacted]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
VITT 121 LTD
PO BOX 436
LAVERNE OK 73848-0436

## CHECKING SUMMARY

Chase Business Complete Checking

| | INSTANCES | AMOUNT |
|---|---|---|
| **Beginning Balance** | | **$137.34** |
| **Ending Balance** | **0** | **$137.34** |

**How to Avoid the Monthly Service Fee (MSF)**
If you meet any of the following qualifying activities for this Chase Business Complete Checking[SM] account in a statement period, we will waive the $15 MSF.

Here's the business activity we used to determine if you qualified for the MSF waiver:

- $2,000 Minimum Daily Ending Balance: Your lowest daily ending balance was $137.34.
- $2,000 Chase Payment Solutions[SM] Activity: $0.00 was deposited into this account.
- $2,000 Chase Ink® Business Card Activity: $0.00 was your total Ink activity.

You can also avoid the MSF if you:

- Maintain a linked Chase Private Client Checking[SM] account OR
- Meet Chase Military Banking requirements

For complete details on all requirements to avoid the MSF, please review the Additional Banking Services and Fees for Business Accounts at chase.com/business/disclosures or visit a Chase branch.

CHASE

January 01, 2026 through January 30, 2026
Account Number: [redacted]3630

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

Call us at 1-866-564-2262 or write us at the address on the front of this statement immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.

**For personal accounts only:** We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:

- Your name and account number;
- A description of the error or the transaction you are unsure about, and why you think it is an error or want more information; and
- The amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new accounts) to do this, we will provide provisional credit to your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**For business accounts,** our practice is to follow the procedures described above as detailed in your Deposit Account Agreement or other applicable agreements, but we are not legally required to do so. For example, we require you to notify us no later than 30 days after we sent you the first statement on which the error appeared. We may require you to provide us with a written statement that the disputed transaction was unauthorized. We are also not required to give provisional credit.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC FUNDS TRANSFERS:** Contact us immediately if your statement is incorrect or if you need more information about any non-electronic funds transfers on this statement. For more details, see your Deposit Account Agreement or other applicable agreements that govern your account.

**JPMorgan Chase Bank, N.A. Member FDIC**