**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

**ELEVENTH INTERIM APPLICATION OF WALKER & PATTERSON, P.C., FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF OCTOBER 5, 2026 THROUGH NOVEMBER 5, 2026**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

| | |
|---|---|
| **Name of Applicant:** | Walker & Patterson, P.C. |
| **Applicant's Role in Case:** | Counsel to the Debtor and Special Litigation Counsel to the Estate |
| **Date Order of Appointment Signed:** | July 18, 2024 (ECF No. 173) |
| **Time Period Covered by this Application:** | October 5, 2026 through November 5, 2026 |
| **Time Periods Covered by Prior Applications:** | • April 8, 2025 through September 28, 2025<br>• September 29, 2025 through December 10, 2025<br>• December 11, 2025 through January 16, 2026<br>• January 17, 2026 through March 2, 2026<br>• March 3, 2026 through April 2, 2026<br>• April 3, 2026 through May 5, 2026<br>• May 6, 2026 through June 7, 2026<br>• June 8, 2026 through July 7, 2026<br>• July 8, 2026 through September 3, 2026<br>• September 4, 2026 through October 4, 2026 |
| **Total Amounts Awarded in All Prior Applications (fees and expenses):** | First Fee Order: $571,772.44<br>Second Fee Order: $148,375.66<br>Third Fee Order: $179,803.38<br>Fourth Fee Order: $284,527.36<br>Fifth Fee Order: $291,700.09<br>Sixth Fee Order: $94,389.07<br>Seventh Fee Order: $292,476.75<br>Eighth Fee Order: $267,403.52<br>Ninth Fee Order: $94,502.80<br>Tenth Fee Order: $344,208.68<br>Total: $2,569,159.75 |
| **Total Fees Requested in this Application and in All Prior Applications:** | $2,610,511.61 |
| **Total Fees Requested in this Application:** | $41,307.86 |
| **Total Professional Fees Requested in this Application:** | $41,307.86 |
| **Total Actual Professional Hours Covered by this Application:** | (40% Contingency Fee) |

| | |
|---|---|
| **Average Hourly Rate for Professionals:** | N/A |
| **Total Paraprofessional Fees Requested in this Application:** | N/A |
| **Total Actual Paraprofessional Hours Covered by this Application:** | N/A |
| **Average Hourly Rate for Paraprofessionals:** | N/A |
| **Reimbursable Expenses Sought in this Application:** | $44.00 |
| **Application Cost:** | $0.00 |

**TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Miriam T. Goott, on behalf of Walker & Patterson, P.C. (the *"Applicant"*), counsel to MMA Law Firm, PLLC (the *"Debtor"*), files this Eleventh Interim Application for Allowance of Compensation and Reimbursement of Expenses (the *"Application"*) and respectfully shows the Court as follows:

## RELEVANT BACKGROUND FACTS AND ORDERS

1. On April 9, 2024, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On July 18, 2024, the Court entered an order approving the Debtor's application to employ Applicant as counsel to the Debtor (ECF No. 173) (the *"Employment Order"*).

3. Under the Employment Order, Applicant was retained on a contingency basis and is entitled to a fee of 40% of all value recovered for the Estate.

4. On May 14, 2025, the Court approved a settlement between the Debtor and Equal Access Justice Fund, LP and EAJF ESQ Fund, LP (collectively, *"EAJF"*) (the *"EAJF Settlement"*). Under the EAJF Settlement, 95% of any recovery in a case defined as a "WP Case" is distributed to the Estate and the remaining 5% to EAJF.

5. On August 5, 2026, the Court entered its Order Confirming Third Amended Joint Plan of Liquidation and Plan Supplement of MMA Law Firm, PLLC (ECF No. 1648) (the *"Confirmation Order"*), confirming the Debtor's Third Amended Joint Plan of Liquidation (ECF No. 1577), as modified by the Confirmation Order (the *"Plan"*). Allison D. Byman was appointed Plan Administrator as of the Effective Date (Confirmation Order ¶ 5; Plan § 5.3). The Effective Date occurred on August 20, 2026 (ECF No. 1669).

6. Section 2.2.3 of the Plan provides that Applicant shall remain employed on the terms the Court previously approved, shall not be required to file a final fee application, and shall file and serve applications for compensation, and obtain orders approving that compensation, before receiving any payment of fees or expenses during the term of the Plan.

**<u>PRIOR INTERIM FEE APPLICATIONS AND AWARDS</u>**

7. On September 28, 2025, Applicant filed its First Interim Fee Application, which the Court approved on October 21, 2025.

8. On October 18, 2025, Applicant filed its Motion for Approval to Vary the Compensation Procedures Pursuant to 11 U.S.C. § 331 (the *"Motion to Vary"*). On November 12, 2025, the Court granted the Motion to Vary, authorizing Applicant to file interim fee applications as often as needed, but no more than once per month.

9. On December 10, 2025, Applicant filed its Second Interim Fee Application, which the Court approved on January 3, 2026.

10. On January 16, 2026, Applicant filed its Third Interim Fee Application, which the Court approved on February 9, 2026.

11. On March 2, 2026, Applicant filed its Fourth Interim Fee Application, which the Court approved on March 27, 2026.

12. On April 2, 2026, Applicant filed its Fifth Interim Fee Application, which the Court approved on April 27, 2026.

13. On May 5, 2026, Applicant filed its Sixth Interim Fee Application, which the Court approved on May 27, 2026.

14. On June 7, 2026, Applicant filed its Seventh Interim Fee Application, which the Court approved on July 1, 2026.

15. On July 7, 2026, Applicant filed its Eighth Interim Fee Application, which the Court approved on July 29, 2026.

16. On August 27, 2026, Applicant filed its Ninth Interim Fee Application (ECF No. 1680), which it amended on September 3, 2026 (ECF No. 1704). The Court approved the Amended Ninth Interim Fee Application on September 28, 2026 (ECF No. 1751).

17. On October 5, 2026, Applicant filed its Tenth Interim Fee Application, which the Court approved on October 29, 2026.

## SETTLEMENTS APPROVED BY THE COURT RELATED TO THIS APPLICATION

18. On November 3, 2026, the Court entered an order (ECF No. 1827) approving a settlement with AMO Trial Lawyers (**"AMO"**) in the amount of $11,100.00 (the **"AMO Settlement"**).

19. The Court previously entered orders under Bankruptcy Rule 9019 approving settlements with the following parties: (a) Houghtaling Law Firm, LLC ("Houghtaling") (ECF No. 1510); (b) Chehardy, Sherman, Williams, Recile & Hayes ("Chehardy") (ECF No. 1279); (c) Broussard & Dove ("Broussard") (ECF No. 1280); (d) Irpino Law Firm, LLC d/b/a Irpino, Avin & Hawkins Law Firm ("Irpino") (ECF No. 838); and (e) Alvendia, Kelly & Demarest, LLC ("AKD") (ECF No. 837) (collectively the **"Prior Settlements"**).

20. Each of the Prior Settlements provided for future payments to MMA. During the current application period, MMA received $97,604.90 in funds pursuant to the Prior Settlements.

21. Accordingly, this Application seeks fees attributable to the $11,100.00 AMO Settlement and the $97,604.90 received pursuant to the Prior Settlements, for total receipts of $108,704.90.

## CURRENT REQUEST FOR FEES AND EXPENSES

22. Applicant seeks $41,307.86 in fees for recoveries obtained for the Estate from October 5, 2026 through November 5, 2026 (the **"Application Period"**). Each recovery arises from a compromise the Court approved under Bankruptcy Rule 9019:

| **Source** | **Amount** |
|---|---:|
| AMO | $11,100.00 |
| Houghtaling | $32,483.23 |
| Chehardy | $2,913.75 |
| Broussard | $21,926.50 |
| AKD | $1,452.00 |
| Irpino | $38,829.42 |
| **TOTAL** | **$108,704.90** |

23. Under the EAJF Settlement, the Estate's 95% share of these recoveries is $103,269.66. Applicant seeks 40% of that share only, or $41,307.86.

24. Applicant seeks reimbursement of $44.00 in parking expenses incurred by two attorneys in connection with their attendance at the November 3, 2026 hearing in an adversary proceeding filed by MMA (MMA v. Matthew Monson, et al – Case No. 26-3107).

## EVALUATION STANDARDS

25. In support of this Application, Applicant states as follows:

a. **Time and labor required.** Applicant performed these services under the Employment Order. The work demanded sustained litigation, negotiation, and case management, all of which was contemplated when the Court approved Applicant's retention.

b. **Novelty and difficulty of the questions presented.** The matters resolved during the Application Period involved complex factual issues, including contested entitlement to fees, disputes with multiple law firms, and aggressive litigation tactics from numerous parties.

c. **Skill required to perform the services properly.** Applicant delivered competent and effective representation proportionate to the complexity of the issues. Those efforts produced substantial recoveries for an otherwise insolvent estate.

d. **Preclusion of other employment.** Because of the demands of this case, Applicant declined other engagements during the Application Period.

e. **Contingent nature of the fee.** Applicant pursued every recovery on a 40% contingency basis, as the Employment Order provides. Consistent with the EAJF Settlement and the Plan, Applicant seeks its contingency fee only on the 95% of each recovery that the Estate retains.

f. **Results obtained.** Applicant recovered $108,704.90 for the Estate during the Application Period through the AMO Settlement and the Prior Settlements. These funds will directly increase distributions to creditors.

g. **Experience, reputation, and ability of Applicant.** Attorneys Miriam T. Goott and Johnie J. Patterson of Walker & Patterson, P.C. performed all services. Both are seasoned practitioners in bankruptcy and complex litigation, and their expertise was essential to these results.

h. **Undesirability of the case.** Although the representation was not inherently undesirable, the contentious nature of the case presented substantial challenges.

i. **Nature and length of the professional relationship.** Applicant had no relationship with the Debtor before this case was filed.

j. **Awards in similar cases.** Applicant believes the Court is familiar with awards in comparable cases and that the compensation sought here falls within that range.

k. **Disclosures required by Bankruptcy Rule 2016(a).** Other than the compensation and reimbursement previously allowed under the fee orders identified above, no payment has been made or promised to Applicant for services rendered or to be rendered in any capacity in connection with this case. Applicant has not shared any compensation with any other entity, and no agreement or understanding exists between Applicant and any other entity to share compensation received or to be received in connection with this case, other than the sharing of compensation among the shareholders of Walker & Patterson, P.C.

l. **Certification.** Applicant certifies that it has provided a copy of this Application to Allison D. Byman, Plan Administrator; counsel for the United States Trustee; and the members of the oversight committee.

26. WHEREFORE, PREMISES CONSIDERED, Applicant respectfully requests that the Court enter an order (i) allowing Applicant compensation of $41,307.86 and expenses in the amount of $44.00; (ii) authorizing and directing the Plan Administrator to pay the allowed compensation and expenses to Applicant; and (iii) granting Applicant such other and further relief to which it may be justly entitled.

Dated: November 5, 2026.

Respectfully submitted,

*/s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
OF COUNSEL
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
713.956.5577 (Telephone)
APPLICANT

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2026, a true and correct copy of the foregoing Eleventh Interim Application was served by email and through the Court's CM/ECF system on all parties receiving electronic notice, including the Plan Administrator, the members of the oversight committee, counsel for the United States Trustee, and EAJF.

*/s/ Miriam T. Goott*
Miriam T. Goott