**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 (EVR) |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

# PLAN ADMINISTRATOR'S OBJECTION TO JEFFREY ALAN VITT'S EMERGENCY MOTION FOR DETERMINATION OF ELIGIBILITY FOR IN FORMA PAUPERIS RELIEF, WITNESS PROCESS AND SERVICE ASSISTANCE, LIMITED PACER FEE EXEMPTION, AND COORDINATED PREPARATION RELIEF

[Relates to ECF No. 1832]

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this Objection to Jeffrey Alan Vitt's Emergency Motion for Determination of Eligibility for In Forma Pauperis Relief in Contested Proceedings; Necessary Witness Process and Service Assistance; Limited PACER Fee Exemption; and Coordinated Preparation Relief (the **"IFP Motion"**), and respectfully states as follows:

## Summary of Facts and Relief Requested

The IFP Motion is a second attempt at relief the Court has already denied. The Court struck Mr. Vitt's earlier fee waiver application because he is a creditor, not a plaintiff or defendant, in this Chapter 11 case (ECF No. 1726). The IFP Motion acknowledges that ruling and then asks for the same relief again, now expanded to include service of his subpoenas by the United States Marshals and payment or waiver of his witness fees. The relief requested by Mr. Vitt is unavailable. 28 U.S.C. § 1915 does not authorize a court to pay or waive witness fees and mileage for a litigant proceeding in forma pauperis. Mr. Vitt is the claimant, not a defendant. He chose to file the proofs of claim, and he now bears the cost of proving them. His request for a PACER

exemption was already denied for failure to prosecute (ECF No. 1765), and as a registered electronic filer he receives a free copy of every document filed in this case.

The IFP Motion's real function is to supply another reason to continue the November 10 hearings (IFP Motion ¶36 and ¶37(g)). For the reasons stated in the Plan Administrator's objection to Mr. Vitt's *Emergency Motion to Continue the November 10, 2026 Hearing on Claim Objections, Employment and Show Cause* (ECF No. 1825), it should not do so. The IFP Motion should be denied.

## RELEVANT BACKGROUND FACTS

1. Mr. Vitt is a disputed creditor in MMA's bankruptcy case.

2. On July 21, 2026 and 23, 2026, he executed Proof of Claim No. 73, 74, and 75 (the **"POCs"**). The Plan Administrator objected to the POCs on July 30, 2026.

3. On July 23, 2026, Mr. Vitt filed a fee waiver application (ECF No. 1605) which was denied as Mr. Vitt is not a plaintiff or defendant.

4. On July 23, 2026, Mr. Vitt also filed a motion seeking an exemption from PACER fees (ECF No. 1604). This relief was denied for failure to prosecute. Mr. Vitt's motion to vacate that ruling is pending at ECF No. 1796.

5. On September 9, 2026, this Court entered an Order granting Mr. Vitt's Emergency Motion for Judicial Approval of Pro Se CM/ECF Access (ECF No. 1709), providing Mr. Vitt with electronic filing access. (ECF No. 1713).

6. On September 17, 2026, Mr. Vitt filed a Notice, seeking a 45-day abatement to allow him to retain counsel to enter an appearance and assume control of this litigation (the **"Notice"**) (ECF No. 1725). In the Notice, Mr. Vitt specifically represented to the Court that he "is

actively seeking legal representation to prosecute this $350M+ priority claim". No counsel has appeared.

7. The following hearings are scheduled for November 10, 2026 (the **"November 10th Hearings"**):

a. Show Cause Hearing (ECF No. 1781);

b. Plan Administrator's Application for Authority to Employ Walker & Patterson, P.C. as Counsel for Claims Objections (ECF No. 1776); and

c. Objections to POCs filed by Vitt (ECF No. 1609-1612).

**THE IFP MOTION**

8. On November 5, Mr. Vitt filed the IFP Motion and asks this Court to:

a. Decide whether 28 U.S.C. § 1915 relief is available notwithstanding ECF No. 1726;

b. Direct the United States Marshals Service to issue and serve subpoenas on five witnesses (James Marshall McClenny, Ben Baker, Scott Hickey, John Zachary Moseley, and Lindsey M. Rames);

c. Determine the "treatment" of Vitt's witness fees and expenses;

d. Grant a prospective PACER exemption; and

e. Extend deadlines and continue the November 10 Hearings.

## ARGUMENT

### A. The Court has already decided that Mr. Vitt may not proceed in forma pauperis in this case.

9. This Court previously struck Mr. Vitt's fee waiver application because he is a creditor in a Chapter 11 case, not a plaintiff or defendant. (ECF No. 1726)

10. Nothing about his status has changed. The IFP Motion offers no new fact or law. It asks the Court to reconsider the same question under a new label without meeting any standard for reconsideration.

11. Mr. Vitt's argument that he is "defending" a proceeding inverts the posture. He is the claimant. A claim objection tests whether the claimant can prove the debt he asserted; it does not make the claimant a defendant. He initiated this dispute when he filed his proofs of claim.

**B. Section 1915 does not provide for payment or waiver of witness fees.**

12. The heart of the IFP Motion is a request that someone other than Mr. Vitt pay to bring his witnesses to court. Even a litigant granted in forma pauperis status must pay witness fees and mileage. The Fifth Circuit has held that § 1915 does not authorize federal courts to pay or waive witness fees for in forma pauperis litigants. *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995).

13. Federal Rule of Civil Procedure 45(b)(1), made applicable by Bankruptcy Rule 9016, requires that the fees for one day's attendance and mileage be tendered with a subpoena. *See* 28 U.S.C. § 1821. No statute or rule permits the Court to shift those costs to the estate or to the United States, and the Plan Administrator objects to any order that would charge them to the estate.

14. Service itself requires no assistance from the Marshals. Any person who is at least 18 years old and not a party may serve a subpoena. Fed. R. Civ. P. 45(b)(1).

15. Nor does the IFP Motion show that the testimony is material. It lists five names and generic subjects such as "representation undertaken" and "handling of checks". It does not say what any witness is expected to say, why that testimony is needed to prove, or whether any witness has refused to appear voluntarily.

**D. No PACER exemption is warranted.**

16. The Court denied Mr. Vitt's PACER request on September 30 (ECF No. 1765). As a registered electronic filer, Mr. Vitt receives one free electronic copy of every document filed in this case when it is filed. The Plan Administrator has also emailed him every exhibit she intends to use at the November 10th Hearing. Mr. Vitt identifies no document he needs and cannot obtain.

**E. The scheduling relief duplicates ECF No. 1825.**

17. The IFP Motion's requests to extend deadlines and continue the November 10 matters repeat the relief sought in Mr. Vitt's continuance motion. The Plan Administrator incorporates her objection to that motion. Because the IFP Motion seeks relief that is unavailable, it provides no reason to continue anything.

**SUMMARY**

18. The Plan Administrator respectfully requests that the Court deny the IFP Motion in its entirety, order that no costs of Mr. Vitt's subpoenas, service, witness fees, or mileage be charged to the estate, and grant such other relief as is just.

Dated: November 8, 2026

Respectfully submitted,

**WALKER & PATTERSON, P.C.**

*/s/ Miriam T. Goott*
Miriam T. Goott (TBN 24048846)
4815 Dacoma Street
Houston, Texas 77092
(713) 956.5577 (telephone)
(713) 956.5570 (fax)
mgoott@walkerandpatterson.com
**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR**

**CERTIFICATE OF SERVICE**

I certify that on November 8, 2026, a true and correct copy of this Objection and the proposed order was served through the Court's CM/ECF system on all parties registered to receive electronic notice, and by email on Jeffrey Alan Vitt at javit2004rule@gmail.com.

*/s/ Miriam T. Goott*
Miriam T. Goott