**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 (EVR) |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S OBJECTION TO JEFFREY ALAN VITT'S EMERGENCY MOTION TO CONTINUE THE NOVEMBER 10, 2026 HEARINGS**

[Relates to ECF No. 1825]

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this Objection to Jeffrey Alan Vitt's Emergency Motion to Continue the November 10, 2026 Hearings on Claims Objections, Employment, and Show Cause [ECF No. 1825] (the **"Emergency Motion"**), and respectfully states as follows:

## SUMMARY OF FACTS AND RELIEF REQUESTED

Mr. Vitt's Emergency Motion asks the Court to postpone three matters that have been pending for hearing for weeks, and to replace the existing schedule with an open-ended series of proceedings concerning witness assistance, fee relief, record access, and discovery that Mr. Vitt has not even properly requested. Mr. Vitt identifies no specific, relevant testimony that cannot be obtained before November 10, nor does he identify any steps he has taken to secure that testimony. A claimant who seeks additional time to find evidence to support a claim he has already filed has not established good cause

## RELEVANT BACKGROUND

1. Mr. Vitt is a disputed creditor in MMA's bankruptcy case.

2. The following hearings are scheduled for November 10, 2026 (the **"November 10th Hearings"**):

a. Show Cause Hearing (ECF No. 1781);

b. Plan Administrator's Application for Authority to Employ Walker & Patterson, P.C. as Counsel for Claims Objections (ECF No. 1776); and

c. Objections to three proofs of claim filed by Mr. Vitt (ECF No. 1609-1612).

**Claim Objections**

3. On July 21, 2026 and July 23, 2026, Mr. Vitt executed Proof of Claim No. 73, 74, and 75 (collectively, the **"POCs"**). On July 30, 2026, the Plan Administrator filed objections to the POCs (the **"Claim Objections"**).

4. On October 13, 2026, the Court held a Scheduling Conference and set the Claim Objections for an evidentiary hearing on November 10, 2026, at 1:30 p.m. Mr. Vitt did not appear at the Scheduling Conference.

5. Before the Scheduling Conference, the Plan Administrator attempted to confer with Mr. Vitt regarding a joint discovery plan. Mr. Vitt refused to participate. Since the Claim Objections were filed, Mr. Vitt has not served any discovery.

**Show Cause Hearing**

6. The Court entered its Order to Show Cause on October 7, 2026, setting the matter for hearing on November 10, 2026.

**Employment Application**

7. On October 2, 2026, the Plan Administrator filed her application to employ Walker & Patterson, P.C. as Claims Objection Counsel at ECF No. 1776 (the **"Employment Application"**).

8. Mr. Vitt objected to the Employment Application.

9. A hearing on the contested Employment Application is scheduled for a hearing on November 10, 2026.

**The Current Motion**

10. On November 2, 2026, Mr. Vitt filed an Emergency Motion to Continue the November 10th Hearings (the **"Emergency Motions"**) (ECF No. 1825).

## ARGUMENT

11. Mr. Vitt asserts that he needs a continuance because he "expects subpoenas will be necessary." He does not state that he asked any witness to appear, that any witness declined, or that he requested the issuance of a subpoena. Nothing has prevented Mr. Vitt from seeking subpoenas at any point since the Claim Objections were filed in July 2026.

12. Mr. Vitt's own declaration attached to the Emergency Motion confirms the absence of any actual obstacle. He states only that he has "not secured the attendance" of witnesses and has "not completed the necessary subpoena issuance and service arrangements." That describes tasks he has not completed, not an impediment that prevented him from doing so.

13. This is not the first time Mr. Vitt has sought to delay these proceedings. On September 17, 2026, Mr. Vitt filed his response to the Claim Objections and asked the Court to abate the Claim Objections for 45 days, representing that he was "actively seeking legal representation" and needed time "to search for and retain prospective institutional counsel." (ECF No. 1725). The requested 45-day period expired on November 1, 2026. No counsel has appeared, and Mr. Vitt does not mention retaining counsel in the Emergency Motion. Instead, he now seeks another continuance of indefinite duration on an entirely different ground.

14. Mr. Vitt's own filings further demonstrate that he has had the ability and opportunity to prepare for the November 10 hearings. Between November 2, 2026 and November 5, 2026, he prepared and served two emergency motions, a declaration, a financial application, and Exhibits A through F. The time and effort devoted to those filings could have been directed toward preparing a witness list and requesting subpoenas.

15. The witnesses Mr. Vitt identifies in the Emergency Motion, and the documents he references, concern events he alleges occurred years ago, including a May 2019 email. These are matters underlying his own claims and within his knowledge when he prepared and filed the POCs. He offers no explanation for why he has been unable to identify or secure evidence concerning those matters before now.

16. Mr. Vitt also asserts that he needs access to the record. The September 30 recording he identified as necessary was made available on November 4, 2026, at ECF No. 1829. Moreover, the September 30 events have no bearing on the merits of the POCs, the Show Cause Order, or the Employment Application.

17. Mr. Vitt further complains of difficulties accessing the filing system. Yet he has repeatedly filed documents through EDSS, including the Emergency Motion itself and his objection to the Employment Application. Whatever difficulties he may have encountered with particular CM/ECF functions have not prevented him from preparing and filing documents with the Court.

18. Mr. Vitt's objection to the Employment Application raises legal and disclosure issues that are fully briefed. He identifies no witness or document necessary to resolve those issues that is not already in the record.

19. Finally, the Show Cause Order arises from the Court's own order and Mr. Vitt's alleged failure to comply with it. The proceeding does not require third-party witnesses or additional discovery. Mr. Vitt himself is the witness whose testimony is relevant to the matters before the Court.

## CONCLUSION

The Plan Administrator respectfully requests that the Court deny the Emergency Motion, proceed with the November 10, 2026 hearings as scheduled, and grant such other and further relief as the Court deems just and proper.

Dated: November 8, 2026

Respectfully submitted,

*/s/ Miriam T. Goott*
Miriam T. Goott (TBN 24048846)
4815 Dacoma Street
Houston, Texas 77092
(713) 956.5577 (telephone)
(713) 956.5570 (fax)
mgoott@walkerandpatterson.com
**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR**

## CERTIFICATE OF SERVICE

I certify that on November 8, 2026, a true and correct copy of this Response was served through the Court’s CM/ECF system on all parties registered to receive electronic notice, and by email on Jeffrey Alan Vitt, via email at javit2004rule@gmail.com.

*/s/ Miriam T. Goott*
Miriam T. Goott