**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31596 (EVR) |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S RESPONSE IN OPPOSITION TO JEFFREY A. VITT'S MOTION TO ALTER OR AMEND ECF NO. 1765, RECONSIDER THE RELATED DISPOSITION AT ECF NO. 1768, AND RESET THE AFFECTED MATTERS**

[Relates to ECF No. 1796]

Allison D. Byman, in her capacity as Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this Response in Opposition to Jeffrey A. Vitt's Motion to Alter or Amend Docket 1765, Reconsider the Related Disposition at Docket 1768, and Reset the Affected Matters [ECF No. 1796] (the **"Motion"**), and respectfully states as follows:

## Summary of Facts and Relief Requested

Mr. Vitt asks the Court to revive three requests it denied on September 30, 2026 for failure to prosecute: Mr. Vitt's request for a PACER fee exemption (Dkt. 1604), his request to reconsider the order confirming the Plan (Dkts. 1676, 1697), and his request for a Rule 2004 examination (Dkt. 1677). It should be denied for two independent reasons. First, restoring those requests would accomplish nothing, because each fails on its merits. Mr. Vitt is a registered electronic filer who receives a free copy of every filing, so he needs no PACER exemption. He identifies no ground to reconsider confirmation of a Plan that has gone effective and is being administered. And Rule 2004 is not available to obtain discovery for a pending contested matter; by his own account, Mr. Vitt wants the examination to support POC 73, which has been the subject of a pending objection since July 30, 2026. Second, the record does not show excusable neglect. Mr. Vitt knew of his telephone

problem the night before the hearing. By 11:15 a.m. on September 30, 2026 he was emailing the Court and counsel from his computer. He waited until 1:04 p.m., less than thirty minutes before the hearing, to submit his emergency motion, and he concedes that filing it did not postpone the hearing.

The Motion is one more request in a series that, taken together, would keep Mr. Vitt's claims from ever being adjudicated. The Plan Administrator respectfully requests that the Court denies the relief requested in the Motion.

**Relevant Facts**

1. **The underlying requests.** On July 23, 2026, Mr. Vitt filed a request for exemption from PACER fees (ECF No. 1604) (the **"PACER Motion"**). On August 25, 2026, Mr. Vitt filed an Amended Motion to Reconsider the order confirming the Plan, later amended (ECF Nos. 1676, 1697) (the **"Reconsideration Motion"**). On August 26, 2026, Mr. Vitt filed a motion for a Rule 2004 examination and document production (ECF No. 1677) (the **"2004 Motion"**).

2. **The September 30 setting.** On September 25, the Court set the PACER and Rule 2004 requests, and the reconsideration motion, for hearing on September 30, 2026 at 1:30 p.m. (the **"Sept 30 Hearing"**).

3. At 11:15 a.m. on September 30, 2026 Mr. Vitt emailed the Case Manager, the courtroom deputy, and counsel. He reported that his telephone had failed "late last night," that he had spent "hours overnight and this morning" trying to fix it, and that he wanted a continuance. He did not submit his emergency motion to the Court until 1:04 p.m.; it was entered at 1:19 p.m. The hearing went forward at 1:30 pm. The Court denied the three requests for failure to prosecute. (ECF No. 1765)

**ARGUMENT**

4. The Court has granted Mr. Vitt electronic filing access (ECF No. 1713). As a registered electronic filer, he receives one free electronic copy of each document filed in this case when it is filed, under the Judicial Conference policy noted on every Notice of Electronic Filing.

5. The Plan Administrator has also emailed him every exhibit she intends to use at the November 10 hearings. Mr. Vitt identifies no document he needs and cannot obtain. The Plan Administrator incorporates her objection to the PACER relief requested in Docket No. 1832.

6. With regard to Mr. Vitt's Motion to Reconsider Confirmation, the Plan Administrator asserts that this too should be denied. The Court confirmed the Plan on August 5, 2026. The Motion does not identify any manifest error in the confirmation order, any newly discovered evidence, or any ground that could justify unwinding a confirmed and consummated plan. Restoring the motion would only require the Court and the estate to spend resources denying it again.

7. Mr. Vitt's 2004 request also fails. Rule 2004 is not a substitute for discovery in a pending contested matter. Once a contested matter is pending, discovery related to it proceeds under the discovery rules made applicable by Bankruptcy Rule 9014, with their procedural protections, and not through a Rule 2004 examination. The Motion makes clear that the examination is sought to support POC 73. Mr. Vitt explains that he wants to examine Mr. Moseley about his declaration filed in support of the objection to Claim 73 and to trace funds he contends he is owed. Those are the issues in the claims objections, which have been pending since July 30, 2026. Discovery on them has been available to Mr. Vitt for more than three months. He declined to confer on a discovery plan and has served no discovery.

**Failure to Attend the Hearing**

8. According to his declaration, Mr. Vitt knew of his telephone problem the night before the hearing. By 11:15 a.m. on September 30, he was able to email the Court and counsel and to describe the problem in detail. He did not submit his emergency motion until 1:04 p.m. for a hearing that began at 1:30. He offers no explanation for waiting more than two hours after his email, and more than twelve hours after the problem began, to ask the Court for relief.

9. Mr. Vitt also concedes that asking for a continuance did not postpone the hearing. He did not obtain a continuance before the hearing, and he does not describe any effort to obtain a substitute telephone or other means to dial in during the morning.

10. The circumstances were within Mr. Vitt's reasonable control, and they fit a pattern. Mr. Vitt has repeatedly sought emergency relief on the eve of settings: a continuance of confirmation on July 30; a forty five day abatement on September 17 so he could retain counsel; emergency abatement on September 28; the September 30 continuance; and now emergency motions on November 2, 2026 and November 5, 2026. No counsel has appeared.

## CONCLUSION

The Plan Administrator respectfully requests that the Court deny the Motion in its entirety, and grant such other relief as is just.

Dated: November 8, 2026

Respectfully submitted,

*/s/ Miriam T. Goott*

Miriam T. Goott (TBN 24048846)
4815 Dacoma Street
Houston, Texas 77092
(713) 956.5577 (telephone)
(713) 956.5570 (fax)
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR**

## CERTIFICATE OF SERVICE

I certify that on November 8, 2026, a true and correct copy of this Response was served through the Court's CM/ECF system on all parties registered to receive electronic notice, and by email on Jeffrey Alan Vitt at javit2004rule@gmail.com.

*/s/ Miriam T. Goott*
Miriam T. Goott