IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| MMA LAW FIRM, PLLC | § | CASE NO. 24-31596 (EVR) |
| Debtor. | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | ADVERSARY NO. 25-03029 |
| | § | (Jury Demanded) |
| THE CHOPIN LAW FIRM, LLC, | § | |
| *Defendant*. | § | |

**DEFENDANT THE CHOPIN LAW FIRM, LLC'S**
**MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE, JURY DEMAND,**
**AND NOTICE OF NON-CONSENT TO ENTRY OF FINAL ORDERS**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Expedited relief has been requested. If the Court considers the motion on an expedited basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the expedited consideration is not warranted, you should file an immediate response.**

**TABLE OF CONTENTS**


I. NATURE OF PROCEEDING ........ 5

II. PRELIMINARY STATEMENT ........ 5

III. BRIEF FACTUAL BACKGROUND ........ 5

IV. ARGUMENT ........ 8

A. Chopin's Jury Demand Alone Requires Immediate Withdrawal of the Reference. ........ 12

1. The Seventh Amendment grants Chopin the right to a jury trial in this proceeding. ........ 12

2. Chopin's Jury Trial Demand and Non-Consent to a Jury Trial in the Bankruptcy Court is Dispositive. ........ 17

B. Application of the Remaining *Holland America* Factors Also Favors Immediate Withdrawal of the Reference. ........ 17

1. Whether the underlying Suit Contains Core Matters ........ 18

2. The Effect of Withdrawal on Judicial Economy ........ 19

3. Forum Shopping and Confusion ........ 21

4. Promotion of Uniformity in Bankruptcy Administration ........ 22

5. Effect of Withdrawal on Fostering Economic Use of the Parties' Resources ........ 23

6. Effect of Withdrawal on Expediting the Bankruptcy Process ... 24

V. CONCLUSION ........ 26

## I. NATURE OF PROCEEDING

Defendant The Chopin Law Firm, LLC ("Chopin") files this *Motion to Withdraw the Bankruptcy Reference, Jury Demand, and Notice of Non-Consent to Entry of Final Orders* (the "Motion"). Chopin requests that this Court recommend that the District Court enter an order immediately withdrawing the reference as to MMA Law Firm, PLLC's (the "Debtor") Complaint [Adv. Dkt. No. 1] (the "Complaint") filed against Chopin.

## II. PRELIMINARY STATEMENT

1. The current posture of this adversary proceeding strongly supports immediate withdrawal of the reference because: (i) this Motion is timely; (ii) Chopin demands and is entitled to a jury trial and does not consent to a jury trial before the Bankruptcy Court; and (iii) Chopin does not and will not consent to entry of final orders or judgments by the Bankruptcy Court if it is determined that, absent the consent of all parties, the Bankruptcy Court cannot enter final orders or judgments consistent with Article III of the United States Constitution. Beyond this, and more importantly, this Court has already recommended that the reference be withdrawn—and to-date the District Court has entered orders adopting two of those recommendations—in separate, yet related cases where the Debtor asserts the very claims it asserts here against Chopin.

## III. BRIEF FACTUAL BACKGROUND

2. The Debtor is a Texas-based litigation firm that entered into contingency fee agreements to file lawsuits against insurance companies on behalf of thousands of storm victims for property damage claims following several Louisiana hurricanes. *See* Dkt. No. 1 at ¶¶ 8–11. In March 2023, the District Court for the Western District of Louisiana entered an order (the "Suspension Order") suspending all attorneys affiliated with the Debtor from practicing before the court for ninety days. *Id*. at ¶ 12. So, pursuant to the Suspension Order, the Debtor (among other

things) notified its clients of their option to either retain new counsel or allow the Debtor to continue representing them. *Id*. at ¶ 13.

3. Both following entry of the Suspension Order, and unrelated to that Order, Chopin assumed representation of some of Debtor's clients. *Id.* at ¶ 14. The Debtor maintains that in all those cases for which Chopin assumed representation, the Debtor "performed legal services on behalf of the clients and incurred expenses." *Id*. at ¶ 16. The Debtor further maintains that Chopin settled many of those cases "resulting in attorney's fees and costs that have benefited CHOPIN, but no funds have been transferred to the Debtor." *Id*. at ¶ 17.

4. On April 9, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). *See* Main Case No. 24-31596 at Dkt. No. 1. In its bankruptcy schedules, the Debtor disclosed claims against Chopin for possession of attorneys' fees and expenses the Debtor claims belong to it. *See* Dkt. No. 1 at ¶ 19. Specifically, the Debtor claims entitlement to "an apportionment of fees and costs in the [CHOPIN]/Debtor Cases . . .." *See Id*. at ¶ 26.

5. On February 6, 2025, the Debtor filed a Complaint initiating this Adversary Proceeding against Chopin. *See* generally id. at Dkt. No. 1. The Debtor there asserted claims against Chopin for violation of the automatic stay and seeking a declaratory judgment and turnover of property the Debtor maintains belongs to the bankruptcy estate related to the cases for which Chopin was substituted as counsel following entry of the Suspension Order. *See Id*. at ¶¶ 22–56.

6. On January 7, 2025, this Court entered a Report and Recommendation in a separate, yet related matter finding that, as to all claims asserted by the Debtor—which are the same claims asserted by the Debtor here—mandatory withdrawal of the reference is required. *See MMA Law Firm, PLLC v. Laborde Earles Law Firm LLC*, Adversary No. 24-03130 [Dkt. No. 35]

(emphasis in original). Although the Court there determined that all the Debtor's claims are core, the Court reasoned that mandatory withdrawal of the reference is required because (i) the claims and remedies the Debtor seeks give rise to a jury trial; (ii) the defendant had not filed a proof of claim in the Debtor's bankruptcy proceeding; and (iii) the defendant timely demanded and was "entitled to a jury trial, [so] withdrawal is mandatory and this Court need not consider permissive withdrawal." *Id*. at p. 5; *see* also *MMA Law Firm, PLLC v. Daly & Black, P.C.*, Adversary No. 24-03223 [Dkt. No. 11 at p. 5] (same). As discussed in detail below, the same is true here.

## IV. ARGUMENT

7. This Court should recommend that the District Court enter an order immediately withdrawing the reference in this Adversary Proceeding. 28 U.S.C. § 157(d) provides in relevant part, that "a district court may withdraw, in whole or in part, any case or proceeding under this section, on its own motion or on timely motion of any party, for ***cause shown***." (emphasis added). Section 157(d) further provides that a district court "shall withdraw a proceeding" referred to the bankruptcy court where the district court determines "that resolution of the proceeding requires consideration of both title 11 and other laws of the United States." (emphasis added). In an adversary proceeding—absent the consent of all parties—a bankruptcy judge may hear, but may not ultimately decide, a proceeding which is non-core where that proceeding is otherwise related to a bankruptcy case. 28 U.S.C. § 157(c)(1).

8. Immediate withdrawal of the reference as to the entire Adversary Proceeding — pretrial and trial — is both required and the only efficient course. Because Chopin is entitled to and has demanded a jury trial it will not consent to the Bankruptcy Court conducting, the District Court must try this case. 28 U.S.C. § 157(e). The question is therefore not whether this proceeding belongs in the District Court, but whether the case should be split between two courts before it

gets there. It should not. The Article III court that will render final judgment should manage the pretrial proceedings that shape that judgment, from the first scheduling order forward.

9. Bifurcating this proceeding — pretrial in the Bankruptcy Court, trial in the District Court — would manufacture the very inefficiency the withdrawal analysis exists to prevent. The judge who presides over discovery disputes, dispositive motions, and motions in limine necessarily develops the command of the record that governs the conduct of trial. Severing those functions forces a second judge to re-learn the case on the eve of trial and invites inconsistent rulings on issues that recur from pretrial to trial. As courts have recognized, where the district court will ultimately try the case, leaving pretrial below is "a futile detour, requiring substantial duplication of judicial effort and needlessly burdening an already overcrowded docket in the Bankruptcy Court." *Travelers Ins. Co. v. Goldberg*, 135 B.R. 788, 792 (D. Md. 1992). Immediate and complete withdrawal ensures the District Court "will hold one trial and issue one judgment." *In Re Align Strategic Partners*, LLC, 2019 WL 2524938, at *4 (Bankr. S.D. Tex. Mar. 5, 2019).

10. When a defendant has a Seventh Amendment right to a jury trial and does not consent to a jury trial before the bankruptcy court, no further "cause" for withdrawal of the reference must be shown. A bankruptcy court may not conduct a jury trial without the consent of all parties. *Levine v. Blake (In re Blake)*, 400 B.R. 200, 206 (Bankr. S.D. Tex. 2009), citing *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994); *see also MMA Law Firm, PLLC v. Morris Bart, LLC*, Civil Action No. 24-cv-4446 (S.D. TX, Dec. 12, 2024), Hon. Andrew S. Hanen presiding [Dkt. No. 5 at p. 5] (explaining that a defendant's demand for a jury trial "outweighs the remaining [*Holland America*] factors"). Thus, a proper, timely filed demand for a jury trial coupled with a party's non-consent to the bankruptcy court conducting that jury trial is dispositive for purposes of a motion to withdraw the reference. *Levine*, 400 B.R. at 206.

11. Further, although "substantial weight" is given to whether a demand for a jury trial has been made, the Fifth Circuit instructs district courts to weigh the six *Holland America* factors for determination as to whether cause exists for permissive withdrawal of the reference. *In re Align Strategic Partners LLC*, 2019 WL 2524938, at *5 (Bankr. S.D. Tex. Mar. 5, 2019). The *Holland America* factors are whether: (1) the underlying lawsuit involves core and non-core matters; (2) a promotion of uniformity in bankruptcy administration will be achieved; (3) forum shopping and confusion will be reduced; (4) there will be economical use of the debtor's and creditor's resources; (5) withdrawal of the reference will expedite the bankruptcy process; and (6) a party has demanded a jury trial. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Therefore, a district court's determination of whether immediate withdrawal of the reference is appropriate is based on consideration of all the *Holland America* factors. *See, e.g., In re Bella Vita Custom Homes*, 2018 WL 2966838, at *3 (N.D. Tex. May 29, 2018), report and recommendation adopted sub nom, *In re Bella Vita Custom Homes, LLC*, 2018 WL 2926149 (N.D. Tex. June 8, 2018) (recommending immediate withdrawal of the reference based on consideration of the *Holland America* factors).

12. Because Chopin has properly and timely demanded a jury trial and does not consent to a jury trial before this Court, and because this factor is alone dispositive, this Court should recommend, and the District Court should immediately, withdraw the reference. Further, the balance of the *Holland America* factors supports immediate withdrawal of the reference and that the District Court oversee this Adversary Proceeding in its entirety. As stated above, this Court has already recommended that the reference be immediately withdrawn in at least two separate, yet related matters where the Debtor asserts the exact claims asserted against Chopin here. Still, in an abundance of caution, the *Holland America* factors are discussed in detail below.

**A. Chopin's Jury Demand Alone Requires Immediate Withdrawal of the Reference.**

13. Chopin has a Seventh Amendment right to a jury trial and does not consent to a jury trial in the Bankruptcy Court, thus, no further "cause" is required for withdrawal of the reference. *Levine*, 400 B.R. at 206. Section 157 provides that, to conduct a jury trial, a bankruptcy court judge must have the "express consent of all the parties." 28 U.S.C. § 157(e). So, because Chopin demands a jury trial and does not consent to this Court conducting that jury trial, withdrawal of the reference is required.

***i.* The Seventh Amendment grants Chopin a right to a jury trial in this proceeding.**

14. The Seventh Amendment grants the right to a trial by jury in actions where the amount in controversy exceeds twenty dollars and the claims asserted are to enforce statutory rights analogous to those tried at common-law in the late 18th century English courts. *Curtis v. Loether*, 415 U.S. 189, 191 (1974); *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 447, 7 L. Ed. 732 (1830). "'Suits at common law' refer to 'suits in which legal rights were to be ascertained and determined, in contradiction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (emphasis in original), quoting *Parsons*, 28 U.S. at 477.

15. Determination of whether the right to a jury trial exists requires district courts to: (1) "'compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity'" and (2) "'examine the remedy sought and determine whether it is legal or equitable in nature.'" *Granfinanciera*, 492 U.S. at 42, quoting *Tull v. United States*, 481 U.S. 412, 417–18 (1987). "The second stage of this analysis is more important than the

first." *Granfinanciera*, 492 U.S. at 42, citing *Tull*, 481 U.S. at 421. If, after balancing these factors, a district court finds that the requesting party is entitled to a jury trial under the Seventh Amendment, the court must then decide whether Congress "may and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder." *Granfinanciera*, 492 U.S. at 42. In other words, the Seventh Amendment provides the right to a jury trial where the cause of action is of a legal nature and involves private rights. Id. & n. 4.

16. The Supreme Court in *Granfinanciera* concluded that where the relief sought is a request for a monetary judgment, there is strong support for determination that the claim asserted "should be denominated legal rather than equitable." *Granfinanciera*, 492 U.S. at 47. The Supreme Court's decisions make clear that where the action is one for the recovery of a monetary judgment, the action is "unquestionably" an action at law. *See, e.g., Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n,* 430 U.S. 442, 461, n. 11 (1977) (an action for the "otherwise legal issues of voidable preferences"); *Pernell v. Southall Realty*, 416 U.S. 363, 370 (1974), quoting *Whitehead v. Shattuck*, 138 U.S. 146, 151 (1891) ("where an action is simply for the recovery. . . of a money judgment the action is one at law"); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476 (1962) ("Petitioner's contention . . . is that insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal. We agree with that contention."); *Gaines v. Miller*, 111 U.S. 395, 397–98 (1884) ("Whenever one person has in his hands money equitably belonging to another, that other person may recover it by assumpsit for money had and received. The remedy at law is adequate and complete.").

17. In this regard, the Seventh Amendment guarantees the right to a jury trial upon request "unless Congress may and has permissibly withdrawn jurisdiction over that action by courts of law and assigned it exclusively to non-Article III tribunals sitting without juries."

*Granfinanciera*, 492 U.S. at 49. Where a legal claim is joined with an equitable claim, "the right to a jury trial on the legal claim . . . remains intact. That right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Loether*, 415 U.S. at 196, n. 11, *citing Dairy Queen, Inc. v. Wood*, 369 U.S. at 470–73. Thus, where a complaint asserts claims in equity for which a party is not entitled to a jury trial, but those claims are so factually intertwined with legal claims for which a party is guaranteed and has demanded a jury trial, the reference should be withdrawn as to the entire proceeding due to the bankruptcy court's inability to conduct a jury trial. See, e.g., *In re Valley Steel Products Co., Inc.*, 147 B.R. 189, 193 (Bankr. E.D. Mo. 1992).

18. Here, the Debtor asserts claims against Chopin for an alleged violation of the automatic stay and seeks a declaratory judgment and turnover of property the Debtor contends belongs to the bankruptcy estate. Dkt. No. 1 at ¶¶ 22–56. But the Debtor and Chopin never had a debtor-creditor relationship, and that portion of the Complaint alleging violation of the automatic stay is merely an action at law asserting a claim of conversion and seeking the recovery of monetary damages in that regard. *See In re Quarles*, 294 B.R. 729, 731 (Bankr. E.D. Ark. 2003) (finding that, although plaintiff did not use the term "conversion," "her claims that her property was taken in violation of the automatic stay" were nothing more than allegations of "conversion of and damage to her personal property in an action of law to which a jury trial right" attached).

19. That portion of the Complaint alleging a claim for turnover of property the Debtor contends belongs to the bankruptcy estate is merely a claim for the attorneys' fees and costs at issue. In fact, the Debtor seeks "an order directing the turnover of the properly apportioned fees and costs associated with the CHOPIN/Debtor Cases." Dkt. No. 1 at ¶ 38. In that regard, Judge Hanen has already found that the Debtor seeks to "deprive [the defendant] of funds that it is holding despite the fact that no one is currently certain what percentage of the fees and costs, if any, either

party is entitled." *Morris Bart, LLC*, Dkt. No. 5 at p. 6. Thus, Judge Hanen determined that the overriding issue required "resolution of the amount [the Debtor was] owed, if any, under the contingency fee agreements," meaning the Debtor was "asking to be paid these sums—a claim and remedy that is clearly legal in nature." *Id*. at pp. 6–7.

20. As to the Debtor's claim for declaratory judgment, a suit regarding legal fees under a contingency fee arrangement is an action at law. See *Simler v. Conner*, 372 U.S. 221, 223 (1963). Judge Hanen reached a similar conclusion finding that, although the Debtor seemingly asserts a claim for declaratory judgement, "the 'basic character of the suit' requires the determination and payment of the fees owed." *Morris Bart, LLC*, Dkt. No. 5 at p. 8. In this regard, the Debtor "fundamentally seeks monetary relief—a 'traditionally "legal" action' that should be submitted to a jury." *Id*. citing *Simler*, 372 U.S. at 223. This Court agreed. See *Laborde Earles Law Firm LLC*, Dkt. No. 35, at p. 5.

21. Because the Debtor asserts claims for which the Seventh Amendment guarantees Chopin a jury trial, a right Chopin has not waived but is entitled and has demanded, Chopin is entitled to a jury trial. And because Chopin does not and will not consent to entry of final orders or judgment or a jury trial conducted by this Court, "withdrawal is mandatory." *Id*.; *see also Daly & Black, P.C.*, Dkt. No. 11 at pp. 4–5.

***ii*. Chopin's Jury Trial Demand and Non-Consent to a Jury Trial in the Bankruptcy Court is Dispositive.**

22. Because substantial weight is given to whether a jury trial has been demanded, this factor is considered dispositive in determination of whether the reference should be withdrawn. *In re Align Strategic Partners, LLC*, 2019 WL 2524938, at *5, citing *Levine*, 400 B.R. at 206; *see*

*also Morris Bart, LLC*, Dkt. No. 5 at p. 5. Beyond this, Chopin does not and will not consent to entry of final orders or judgment or a jury trial conducted by this Court.

**B. Application of the Remaining *Holland America* Factors Also Favors Immediate Withdrawal of the Reference.**

23. Although the remaining *Holland America* factors need not be considered for determination of whether the reference should be withdrawn, to the extent this Court decides such consideration is necessary, the remaining factors also favor immediate withdrawal of the reference. *See In re Bella Vita Custom Homes*, 2018 WL 2966838, at *3 (recommending immediate withdrawal of the reference based on the balance of the *Holland America* factors); *see also Align Strategic Partners*, 2019 WL 2524938, at *5 ("recommend[ing] that the District Court immediately withdraw the reference of the Adversary Proceeding" following consideration of the *Holland America* factors). Numerous other courts have done the same. *See, e.g., NRG New Roads Holdings LLC v. Horton*, 2015 WL 6167817, at *4 (M.D. La. Oct. 21, 2015) (examining the *Holland America* factors to determine whether immediate withdrawal of the reference was appropriate).

**1. Whether the underlying Suit Contains Core Matters**

24. In its Report and Recommendation, this Court determined that "all the claims asserted against Defendant in this adversary involve core matters." *Laborde Earles Law Firm LLC*, Dkt. No. 35, at p. 4. But the Court explained that a defendant's "right to a jury trial in adversary proceedings does not turn on whether, as a jurisdictional matter, the proceeding is core or non-core." *Id.* at p. 3, citing *Granfinanciera*, 492 U.S. at 41. "Instead, the analysis generally turns on whether the cause of action (1) is legal or equitable in nature; and (2) involves public or private rights." *Id.*, citing *Granfinanciera*, 492 U.S. at 53–54 (explaining that the Seventh Amendment

preserves the right to a jury trial in "all actions in which legal rights are to be determined"). In this regard, this Court determined that the claims asserted, and the remedies sought, by the Debtor, which are the same as those the Debtor asserts and seeks here, "give rise to a jury trial right." *Laborde Earles Law Firm LLC*, Dkt. No. 35, at p. 5. And like the defendant there, Chopin has not filed a proof of claim in this matter. *See* Main Case 24-31596 Claims Register; *see also Laborde Earles Law Firm LLC*, Dkt. No. 35, at p. 5 & n. 28.

25. As such, that the Debtor asserts claims which are core in nature does not negate that mandatory withdrawal is required.

**2. The Effect of Withdrawal on Judicial Economy**

26. This Adversary Proceeding is in its early stages. It was initiated on February 6, 2025. *See* Dkt. No. 1. No party has filed, nor has the Bankruptcy Court ruled on, any motions. Deadlines regarding factual discovery and dispositive motions have not been set as this Court has yet to set this matter for a scheduling conference.

27. Under these circumstances, immediate withdrawal of the reference serves the interests of judicial economy and conserves judicial resources as it will allow the District Court to gain familiarity with the facts of the Adversary Proceeding before conducting the jury trial. Immediate withdrawal will also allow the District Court—the court that will ultimately preside over the jury trial Chopin demands—to preside over the pretrial proceedings which will shape the conduct of the trial. "Under these circumstances, a referral appears to be a futile detour, requiring substantial duplication of judicial effort and needlessly burdening an already overcrowded docket in the Bankruptcy Court." *Travelers Ins. Co. v. Goldberg*, 135 B.R. 788, 792 (D. Md. 1992).

28. The inefficiency of retaining pretrial below is not merely one of familiarity; it is structural. To the extent any claim is non-core, or is a claim on which the Bankruptcy Court cannot enter final judgment consistent with Article III absent consent, the Bankruptcy Court may issue only proposed findings and conclusions, subject to de novo review by the District Court[1]. Leaving dispositive motion practice in the Bankruptcy Court thus guarantees that the same motions will be briefed below, decided by proposed recommendation, re-reviewed de novo above, and potentially re-argued — a duplication of effort that serves no party. See *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.,* 464 B.R. 587, 593 (S.D.N.Y. 2012); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 472 (S.D.N.Y. 2011); *Turner v. Boyle*, 425 B.R. 20, 24 (D. Me. 2010). Withdrawing the reference in full now eliminates that layered, repetitive process at the one moment it can be avoided entirely. Furthermore, rulings regarding motions in limine are often shaped by the parties' discovery conduct and can affect the presentation of evidence at trial. This also allows the trial court to develop an intimate familiarity with the facts of the case which cannot occur if all pretrial matters and dispositive motions are handled by a different court. Thus, this factor too weighs heavily in favor of immediate withdrawal of the reference.

[1]*See DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 593 (S.D.N.Y. 2012) ("As a non-core proceeding, the bankruptcy court's power will be limited to making recommendations to the District Court, which can undertake a de novo review of that court's findings of fact and conclusions of law before entering a final order. Such duplicate reviews of the contracts and facts are costly and time-consuming, and unnecessarily expend judicial resources."); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 472 (S.D.N.Y. 2011) ("Withdrawal will promote judicial economy. Because the Bankruptcy Court is not able to finally determine these proceedings without the consent of the Firms—which does not appear to be forthcoming—any recommendations it makes will need to be reviewed de novo in this Court. It would be inefficient to allow these proceedings to go forward, knowing that they will have to be substantially repeated."); *Turner v. Boyle*, 425 B.R. 20, 24 (D. Me. 2010) ("In noncore bankruptcy matters, efficiency and uniformity favor proceedings occurring in district court: because the bankruptcy court may only issue proposed findings of fact and conclusions of law subject to de novo review by the district court, there is a high potential for duplication of effort.").

**3. Forum Shopping and Confusion**

29. Chopin's Motion is not made for the purpose of causing confusion or forum shopping. This Adversary Proceeding was initiated by the Debtor and Chopin has not participated in the Debtor's chapter 11 case nor is it a creditor in that proceeding. *See generally* Main Case No. 24-31596. As such, the Bankruptcy Court has not issued any rulings against Chopin that would lead it to forum shop.

30. Further, Chopin's Motion is timely. See *U.S. v. Kaplan*, 146 B.R. 500, 503 (D. Mass. 1992) ("[C]ourts are in general agreement that a motion is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding, or, more simply, if it was made at the first reasonable opportunity."). Chopin did not "sit on [its] hands and let this Court spend significant time becoming acquainted" with this matter before seeking to withdraw the reference. *In re Align Strategic Partners, LLC*, 2019 WL 2524938, at *4. Chopin has not yet filed an answer or any other pleading in this matter. Instead, the Debtor filed its Complaint initiating these proceedings and Chopin "moved quickly to seek withdrawal of the reference." *In re Align Strategic Partners, LLC*, 2019 WL 2524938, at *4. So, the third factor also weighs in favor of immediate withdrawal.

**4. Promotion of Uniformity in Bankruptcy Administration**

31. The reference should not be withdrawn where the bankruptcy court has expended a great deal of time and gained extensive knowledge of the case. "If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration." *In re British Am. Properties III, Ltd.*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007).

32. That this Adversary Proceeding is at its inception is a reason to withdraw it in full now, not a reason to defer. No discovery has been conducted, no scheduling order has entered, and the Bankruptcy Court has not invested any time or resources or developed any familiarity with the record that complete withdrawal would waste. There is, in short, nothing to lose and every efficiency to gain by placing the entire proceeding before the District Court at the outset, so that a single court manages it from the first pretrial order through verdict. Deferring withdrawal until trial would, by contrast, require this Court to invest in pretrial management only to hand the case off mid-stream, reproducing that duplication the *Holland America* factors disfavor. In sum, having the District Court oversee pretrial proceedings and trial in this Adversary Proceeding will advance the uniformity of the administration of the Debtor's bankruptcy estate. This factor, therefore, weighs heavily in favor of immediate withdrawal.

**5. Effect of Withdrawal on Fostering Economic Use of the Parties' Resources**

33. "Bankruptcy aims to maximize the efficient use of resources to administer the debtor's estate and resolve related litigation." *In re Align Strategic Partners, LLC*, 2019 WL 2524938, at *4. Chopin did not file a proof of claim in the Debtor's chapter 11 case and demands a jury trial in the District Court. "Under these circumstances, the Constitution both guarantees a jury trial to [Chopin] and requires an Article III court to adjudicate the [claims] against [it]." *Id.*, citing *Granfinanciera*, 492 U.S. at 54-55, 64. Immediate withdrawal of the reference will allow the District Court to become familiar with the facts of the Adversary Proceeding before holding a jury trial in that regard, thereby serving the interest of judicial economy, conserving resources, and minimizing litigation costs for both the Debtor and Chopin. This factor weighs in favor of immediate withdrawal.

**6. Effect of Withdrawal on Expediting the Bankruptcy Process**

34. Immediate and complete withdrawal will **expedite**, not hinder, administration of the estate. In fact, immediately withdrawing the reference will likely lead to greater efficiencies because it will eliminate: (i) the prospect of an appeal to the District Court of the Bankruptcy Court's decision and (ii) the District Court having to conduct a de novo review of the Bankruptcy Court's proposed findings of facts and conclusions of law after a trial in the Bankruptcy Court as to the Debtor's non-core claims. Therefore, because the "District Court will hold one trial and issue one judgment," immediate withdrawal of the reference will expedite the bankruptcy process thereby allowing the estate to be administered "more quickly than if proceedings were held in both this Court and the District Court." *In re Align Strategic Partners, LLC*, 2019 WL 2524938, at *4.

35. Immediate withdrawal of the reference is certainly more efficient to the bankruptcy process. As such, this factor also weighs heavily in favor of immediate withdrawal of the reference.

36. The "Trial-Only" Alternative Should Be Rejected. The Debtor will undoubtedly urge this Court to withdraw the reference for trial alone and refer all pretrial matters back to the Bankruptcy Court. That half-measure would defeat the efficiencies withdrawal is meant to secure. It would install two judges on one case, duplicate dispositive-motion practice through the proposed-findings-and-de-novo-review mechanism, and require the trial court to absorb a cold record from a court that managed the case for months. Where, as here, the proceeding is at its inception and the District Court must try it in any event, the efficient course, and the one the *Holland America* factors compel, is to move the whole case now. Indeed, this Court has already recommended, and the District Court has already entered, complete withdrawal of several other related adversary proceedings asserting the identical claims; uniform administration of the

Debtor's estate favors treating this proceeding the same way, not carving it onto a separate, bifurcated track.

37. The Debtor's position on the scope of withdrawal is also a departure from the position it took in the related adversary proceedings, and that inconsistency counsels against accepting it here. In *Daly & Black*, the motion to withdraw the reference was presented to this Court as unopposed, and the proposed order submitted with it sought immediate withdrawal of the reference "as to this Adversary Proceeding, including regarding all claims and causes of action, . . . for the purpose of trial and all pretrial matters." *MMA Law Firm, PLLC v. Daly & Black, P.C.*, Adversary No. 24-03223 [Dkt. No. 8-1]. The Debtor did not then contend that pretrial matters on these same claims should remain with this Court. It now takes the opposite position as to Chopin, yet it has not explained what differs about the claims, the relief sought, or the governing law that would justify treating Chopin differently from the other defendants whose proceedings have already been withdrawn in full. That inconsistency undermines any suggestion that retaining pretrial matters in this Court serves the estate, and it underscores the uniformity and forum concerns embodied in the *Holland America* factors: the Debtor's identical claims should not proceed on a single track against some defendants and on a separate, bifurcated track against Chopin.

## V. <u>CONCLUSION</u>

Under the Seventh Amendment, The Chopin Law Firm is entitled to, and has demanded, a trial by jury as to all claims asserted against it by the Debtor. For this reason alone, mandatory withdrawal of the reference is required. And "while a jury trial may not present the most efficient or timely path to resolution, given [Chopin's] jury demand and the nature of the relief sought, the law compels the Court to be able to submit the issue of the amount of fees owing to a jury." *Morris*

*Bart, LLC*, Dkt. No. 5 at p. 8. All that remains is determination as to when the Bankruptcy Court must pass the baton to the District Court. The circumstance of this Adversary Proceeding and consideration of the *Holland America* factors evidence that immediate withdrawal of the reference is in the interest of the parties, this Court, the District Court, and the swift and efficient administration of justice.

For these reasons, Chopin respectfully requests that this Court prepare a Report and Recommendation that the District Court enter an order (i) immediately withdrawing the reference as to this Adversary Proceeding in its entirety — including all pretrial matters and trial, and all claims and causes of action asserted by the Debtor — and (ii) granting Chopin such other and further relief to which it may show itself justly entitled

Dated this 13th day of November, 2026.

Respectfully submitted,

**THE CHOPIN LAW FIRM LLC**

*/s/ Justin M. Chopin*
**JUSTIN M. CHOPIN**
(Texas Bar Roll No. 24090829)
**PHILIP D. LORIO, IV**
(Texas Bar Roll No. 24141327)
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone: Justin Direct: 504-229-6681
Phil Direct: 504-517-1673
Facsimile: 504-324-0640
E-mail: Justin@Chopin.com
Phil@Chopin.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the parties conferred via email on November 13, 2026, regarding the relief requested herein and counsel for the Debtor indicated that the Debtor is opposed to the requested relief.

*/s/ Justin M. Chopin*
**JUSTIN M. CHOPIN**

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System in the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Justin M. Chopin*
**JUSTIN M. CHOPIN**