IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| MMA LAW FIRM, PLLC | § | CASE NO. 24-31596 (EVR) |
| Debtor. | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | ADVERSARY NO. 25-03029 |
| | § | (Jury Demanded) |
| THE CHOPIN LAW FIRM, LLC, | § | |
| *Defendant*. | § | |

**DEFENDANT THE CHOPIN LAW FIRM, LLC'S**
**ANSWER AND DEFENSES TO DEBTOR'S COMPLAINT**

Defendant The Chopin Law Firm, LLC ("Chopin" or "Defendant"), files its Answer and Defenses (the "Answer") to Debtor/Plaintiff MMA Law Firm, PLLC's ("MMA" or the "Debtor") Complaint (the "Complaint"), and in support thereof would respectfully show the Court as follows:

## ANSWER TO DEBTOR'S ALLEGATIONS

Defendant specifically responds to the Debtor's allegations, which correspond to the Complaint's numbered paragraphs, as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Paragraph 1 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint, specifically, Defendant denies that the Bankruptcy Court may enter final orders in this proceeding.

4. Paragraph 4 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant acknowledges the Debtor's consent to the entry of final orders or judgments in this proceeding by the Bankruptcy Court. But Defendant does not consent to the entry of final orders or judgments by the Bankruptcy Court to the extent the Bankruptcy Court does not have authority to enter such orders or judgments.[1]

## FACTS

## RELEVANT BACKGROUND FACTS

8. In response to the allegations contained in Paragraph 8 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. Therefore, the allegations contained in Paragraph 8 of the Complaint are denied.

[1] Defendant has filed its Motion to Withdraw the Bankruptcy Reference, Jury Demand, and Notice of Non-Consent to Entry of Final Orders, seeking entry of an order by the District Court immediately withdrawing the reference of this Adversary Proceeding to the Bankruptcy Court.

9. In response to the allegations contained in Paragraph 9 of the Complaint, Defendant admits only that the Debtor purports to have represented certain storm victims. All allegations contained in Paragraph 9 of the Complaint not expressly admitted herein are denied.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint. Therefore, the allegations contained in Paragraph 10 of the Complaint are denied.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendant admits only that the Debtor filed thousands of lawsuits purportedly on behalf of certain storm victims. All allegations contained in Paragraph 11 of the Complaint not expressly admitted herein are denied.

**ORDERS ENTERED BY LOUISIANA DISTRICT COURT JUDGES**

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

**CHOPIN LAW FIRM, LLC**

14. In response to the allegations contained in Paragraph 14 of the Complaint, Defendant admits only that following entry of the Suspension Order, Chopin assumed representation of several former MMA Clients. All allegations contained in Paragraph 14 of the Complaint not expressly admitted herein are denied.[2]

---

[2] Footnote 1 of the Complaint contains allegations Defendant need not admit or deny. To the extent a response is required, Defendant acknowledges that Footnote 1 references Exhibit A to the Complaint purporting to be a list of all known CHOPIN/Debtor Cases, but Defendant is without sufficient knowledge to form a belief as to the truth or completeness of that exhibit, and therefore the allegations contained therein are denied.

15. In response to the allegations contained in Paragraph 15 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint. Therefore, the allegations contained in Paragraph 15 of the Complaint are denied.[3]

16. In response to the allegations contained in Paragraph 16 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint. Therefore, the allegations contained in Paragraph 16 of the Complaint are denied.

17. Defendant admits only that no funds have been transferred to the Debtor. All allegations contained in Paragraph 17 of the Complaint not expressly admitted herein are denied.

**CHAPTER 11 BANKRUPTCY FILED AND NOTICE PROVIDED**

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. In response to the allegations contained in Paragraph 19 of the Complaint, Defendant admits that the Debtor made the assertions in its bankruptcy schedules set forth in Paragraph 19 of the Complaint. All allegations contained in Paragraph 19 of the Complaint not expressly admitted herein are denied.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.[4]

---

[3] Footnote 2 of the Complaint contains allegations Defendant need not admit or deny. To the extent a response is required, Defendant acknowledges the Debtor's contention that Chopin may be handling additional CHOPIN/Debtor Cases.

[4] Footnote 3 of the Complaint contains allegations Defendant need not admit or deny. To the extent a response is required, Defendant acknowledges that Footnote 3 references Exhibit B to the Complaint purporting to be the Debtor's notice of bankruptcy to Chopin.

21. Defendant admits only that no funds have been transferred to the Debtor related to the CHOPIN/Debtor Cases. All allegations contained in Paragraph 21 of the Complaint not expressly admitted herein are denied.

**CAUSE OF ACTION #1 – DECLARATORY JUDGMENT**

22. Paragraph 22 of the Complaint repeats and realleges the allegations contained in Paragraphs 8–21 of the Complaint. As such, Defendant's admissions and denials contained in Paragraphs 8–21 above are incorporated by reference herein as if set forth in full.

23. Paragraph 23 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant acknowledges that Paragraph 23 purports to set forth Louisiana law regarding contingency fee contracts and fee apportionment in that regard. To the extent any further response is required, the allegations contained in Paragraph 23 of the Complaint are denied.

24. Paragraph 24 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant acknowledges that Paragraph 24 of the Complaint purports to set forth the elements for fee apportionment under Louisiana law. To the extent any further response is required, the allegations contained in Paragraph 24 of the Complaint are denied.

25. Paragraph 25 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant acknowledges that Paragraph 25 purports to set out the analysis for determination of whether a discharged attorney is entitled to any fees. To the extent any further response is required, the allegations contained in Paragraph 25 of the Complaint are denied.

26. Paragraph 26 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant acknowledges that the Debtor contends that there exists an actual controversy between the Debtor and Defendant, but Defendant denies that any such controversy exists. All allegations contained in Paragraph 29 of the Complaint not expressly admitted herein are denied.

30. Paragraph 30 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

**CAUSE OF ACTION #2 – TURNOVER OF PROPERTY OF THE ESTATE**

32. Paragraph 32 of the Complaint repeats and realleges the allegations contained in Paragraphs 8–21 of the Complaint. As such, Defendant's admissions and denials contained in Paragraphs 8–21 above are incorporated by reference herein as if set forth in full.

33. Paragraph 33 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant acknowledges that Section 541(a)(1) of the Bankruptcy Code defines "property of the estate" to include all legal and equitable interests of the debtor in property as of the commencement of the case, but Defendant denies that property of any bankruptcy estate is at issue here. All allegations contained in Paragraph 33 of the Complaint not expressly admitted herein are denied.

34. Paragraph 34 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant acknowledges that it represents or represented certain clients for whom MMA served as prior counsel before entry of the Suspension Order. All allegations contained in Paragraph 35 of the Complaint not expressly admitted herein are denied.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions and/or a request for relief to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 37 of the Complaint and denies that the Debtor is entitled to the relief requested.

38. Paragraph 38 of the Complaint contains legal conclusions and/or a request for relief to which Defendant need not respond. To the extent a response is required, Defendant denies the

allegations contained in Paragraph 38 of the Complaint and denies that the Debtor is entitled to the relief requested.

**CAUSE OF ACTION #3 – VIOLATION OF THE AUTOMATIC STAY**

39. Paragraph 39 of the Complaint repeats and realleges the allegations contained in Paragraphs 8–21 of the Complaint. As such, Defendant's admissions and denials contained in Paragraphs 8–21 above are incorporated by reference herein as if set forth in full.

40. Paragraph 40 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. In response to the allegations contained in Paragraph 42 of the Complaint, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations concerning the Debtor's contingent fee agreements and the work the Debtor purportedly performed, and therefore denies them. Defendant further denies that the Debtor is entitled to fee apportionment or reimbursement of expenses from Chopin. All allegations contained in Paragraph 42 of the Complaint not expressly admitted herein are denied.

43. Defendant denies the allegations contained in the first sentence of Paragraph 43 of the Complaint. Defendant admits only that no funds have been paid to the Debtor but denies that the Debtor earned or is entitled to any portion of the fees. All allegations contained in Paragraph 43 of the Complaint not expressly admitted herein are denied.

44. Paragraph 44 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant acknowledges that Section 541(a) of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of the debtor in property as of the commencement of the case, but Defendant denies that property of any bankruptcy estate is at issue here. All allegations contained in Paragraph 44 of the Complaint not expressly admitted herein are denied.

45. Defendant admits receiving an email from the Debtor on May 1, 2024, notifying Defendant of the Debtor's bankruptcy.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant admits that it is a law firm but denies all other allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains legal conclusions and/or contentions of law to which Defendant need not respond. To the extent a response is required, Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant admits that the Debtor is seeking actual damages and sanctions against Defendant, but Defendant denies that the Debtor is entitled to such relief and further denies all other allegations contained in Paragraph 56 of the Complaint.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses and affirmative defenses to some or all the Debtor's claims and/or damages. Defendant requests each in the alternative and to the extent necessary and applicable:

1. The Debtor's Complaint fails in whole or in part for failure to state a claim against Defendant for which relief can be granted.

2. The Debtor's claims fail, in whole or in part, because the Debtor has, by its own acts and/or omissions, waived any right to seek the relief it claims to be owed.

3. The Debtor's claims fail, in whole or in part, because the Debtor is estopped from seeking the relief it claims to be owed.

4. The Debtor's claims fail, in whole or in part, because the alleged agreement the Debtor seeks to enforce is invalid, void, voidable, and/or unenforceable.

5. The Debtor's claims fail, in whole or in part, because the Debtor has not satisfied all conditions precedent.

6. The Debtor's claims are barred, in whole or in part, because the Debtor's damages, if any, were caused by its own negligence or fault.

7. The Debtor's claims are barred, in whole or in part, because the Debtor has not incurred any damages because of any actions or inaction of Defendant.

8. Defendant reserves and asserts all affirmative defenses available under any applicable law. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, yet unstated defenses available. Accordingly, Defendant reserves the right to supplement this Answer and assert additional affirmative defenses or other defenses at such time and to such extent as warranted by discovery and the factual development of this case.

9. To the extent allowed by law, Defendant seeks recovery of its reasonable and necessary attorneys' fees and expenses from the date the Debtor served its lawsuit through final adjudication of this matter regarding all applicable claims asserted by the Debtor.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury in this action of all issues so triable.

## PRAYER

Defendant respectfully requests that Debtor take nothing in this matter; that all relief prayed for by Debtor be denied; that Debtor's claims be dismissed with prejudice; and that the Court enters

final judgment in favor of Defendant and against Debtor on all claims. Defendant further requests that the Court award Defendant its attorneys' fees, costs of court and litigation, and such other and further relief, at law or in equity, to which Defendant may show itself justly entitled.

[Remainder of page intentionally blank]

Dated this 13th day of November, 2026.

Respectfully submitted,

**THE CHOPIN LAW FIRM LLC**

*/s/ Justin M. Chopin*
**JUSTIN M. CHOPIN**
(Texas Bar No. 24090829)
**PHILIP D. LORIO, IV**
(Texas Bar No. 24141327)
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone: Justin Direct: 504-229-6681
Phil Direct: 504-517-1673
Facsimile: 504-324-0640
E-mail: Justin@Chopin.com
Phil@Chopin.com
Service: Service@Chopinlawfirm.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on November 13, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System in the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Justin M. Chopin*
**JUSTIN M. CHOPIN**