**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | Case No. 24-31596 |
| | § | |
| Reorganized Debtor. | § | Chapter 11 |

# EMERGENCY JOINT MOTION OF THE PLAN ADMINISTRATOR AND HOUGHTALING LAW FIRM, LLC FOR PROTECTIVE ORDER AND, IN THE ALTERNATIVE, TO QUASH OR MODIFY THE SUBPOENA ISSUED BY CRISTÓBAL M. GALINDO, P.C.

**(Relates to ECF Nos. 1854)**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

**IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator (the **"Plan Administrator"**) for MMA Law Firm, PLLC (**"MMA"**), and Houghtaling Law Firm, LLC (**"HLF,"** and together with the Plan Administrator, the **"Movants"**), file this Emergency Joint Motion for Protective Order and, in the Alternative, to Quash or Modify the Subpoena Duces Tecum (the **"Subpoena"**) served on HLF by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm (**"Galindo"**), and respectfully show as follows:

## REQUEST FOR EMERGENCY CONSIDERATION

1. Galindo served a subpoena on HLF to produce thirteen categories of documents by **November 30, 2026 at 5:00 p.m.** and to present a corporate representative for deposition on **December 9, 2026**.

2. The Court has set Galindo's administrative expense motion [ECF No. 1780] for hearing on **December 3, 2026 at 1:30 p.m.** The Movants request that the Court consider this Motion before November 30, 2026, or at the December 3, 2026 hearing, with production stayed until the Court rules.

## RELEVANT BACKGROUND FACTS

### A. THE GALINDO SETTLEMENT

3. On September 18, 2025, the Court approved MMA's settlement with Galindo (the **"Galindo Settlement"**). (ECF No. 832)

4. Pursuant to the Galindo Settlement, in exchange for an allowed general unsecured claim of $2,500,000, Galindo waived its claims to fees arising from former MMA clients and cases. Galindo also waived its claims against the successor firms, expressly so that they could settle with MMA: *"This waiver is intended to provide assurance to Successor Firms that any settlements or payments made to MMA shall not subject them to liability or further claims by GLF and each of*

*the Successor Firms may rely on this waiver and release as third-party beneficiaries of this provision."*

5. Finally, pursuant to the Settlement Agreement, the Court retained jurisdiction "over all disputes that may be related to the interpretation or enforcement of the Settlement Agreement." ECF No. 832 at 1.

### B. THE HLF SETTLEMENT AND THE HLF 9019 ORDER

6. After Galindo referred former MMA clients to HLF, MMA sued HLF for apportionment of fees in Adv. No. 26-03065.

7. MMA and HLF reached a settlement agreement (the **"HLF Settlement"**). Pursuant to the HLF Settlement, HLF represented under penalty of perjury that, "with the exception of one Former MMA Client, Barry Fletcher, the Former MMA Clients were referred to HLF by Cristobal M. Galindo, PC." The HLF Agreement classified those matters as Former MMA Cases and listed them on Exhibits A and B attached to the HLF Agreement. The Exhibit B funds, $352,863.05, were described as the amount "attributable to Galindo's fifty percent (50%) share."

8. On March 30, 2026, MMA filed a motion to approve the HLF Settlement (the **"HLF 9019 Motion"**). MMA served the HLF 9019 Motion and the settlement agreement on Galindo's counsel.

9. The Court subsequently set the HLF 9019 Motion for a hearing for May 20, 2026, and the Bankruptcy Noticing Center and MMA served the order setting hearing on Galindo.

10. Galindo filed no response to the HLF 9019 Motion and did not appear at the May 20, 2026 hearing.

11. On May 20, 2026, the Court approved the settlement (the **"HLF 9019 Order"**). The Court found "that notice of the Motion was properly served on all parties in interest, including

Cristobal M. Galindo, P.C. ('Galindo')." For both the resolved and the unresolved case payments, the Court ordered that the payments "shall be made to the Debtor without including Galindo as a payee" and that "Galindo has irrevocably waived and relinquished any and all claims it may have had against HLF" for those funds.

12. Galindo was served with a copy of the HLF 9019 Order. (ECF No. 1522)

13. Galindo did not seek reconsideration or appeal of the HLF 9019 Order.

14. The HLF 9019 Order is final.

## C. CONFIRMATION OF MMA'S CHAPTER 11 PLAN

15. MMA's Plan Supplement listed the HLF adversary as settled and retained the estate's rights to collect under the HLF 9019 Order. (ECF No. 1615).

16. Galindo objected to confirmation on other grounds, appeared at the confirmation hearing, and raised no objection on this point.

17. The Court confirmed the Plan on August 5, 2026. (ECF No. 1648)

## D. GALINDO'S CHAPTER 11 CASE AND ITS SWORN SCHEDULES

18. Galindo filed its own chapter 11 petition on August 24, 2026, Case No. 26-90764 (the **"Galindo BK Case"**), pending before Judge Perez.

19. In its first day declaration, Galindo stated: "GLF will seek a determination regarding the claims it may have against any co-counsel firms or other third parties." (Galindo Case ECF No. 22 ¶ 28, at 7.)

20. On September 21, 2026, Galindo filed its schedules under penalty of perjury. Schedule A/B lists, as causes of action against third parties:

a. "Houghtaling Law firm," $500,000.00, nature of claim: "Claim for funds improperly paid plus unpaid claims." Galindo Case ECF No. 92, line 74.6, at 17.

b. "McClenny Moseley & Associates," $250,000.00, nature of claim: "Administrative Expense Claim for improper receipt of funds." Id., line 74.11, at 18.

## E. Galindo's Administrative Expense Motion

21. On October 5, 2026, Galindo filed its Motion for Allowance and Payment of Administrative Expense Claim, seeking $260,014.82, in MMA's bankruptcy case (the **"Admin Motion"**). (ECF No. 1780)

22. In the Admin Motion, Galindo told this Court that "GLF seeks no relief against HLF through this Motion," while reserving "GLF's rights against HLF."

23. The Plan Administrator objected to the Admin Motion on October 7, 2026. (ECF No. 1784)

24. The Admin Motion is set for hearing on December 3, 2026 at 1:30 p.m. (the **"Hearing"**)

## F. The Subpoena

25. On November 17, 2026, forty-three days after filing its Admin Motion, Galindo served a Subpoena on HLF (the **"Subpoena"**). (Exhibit A)[1]

26. The Subpoena commands:

a. Production of thirteen categories of documents by November 30, 2026, at 5:00 p.m., spanning January 1, 2023 to the date of production, with spreadsheets and case management data in native format with metadata intact; and

b. a Rule 30(b)(6) deposition of HLF on December 9, 2026 on nine topics.

[1] Attached as Exhibit A is the Subpoena, however, Exhibit D attached to the Subpoena is labeled as confidential by Galindo. The names contained on the exhibit D have been redacted.

27. The Subpoena defines "MMA" to include MMA's "bankruptcy counsel, and Allison D. Byman, Plan Administrator."

28. Galindo's cover letter to the Subpoena states that the hearing "is still set for December 3, 2026," that Galindo "will file an opposed motion for continuance," and: "If the Court grants it, we'd like to keep the deposition the week of December 7, 2026. If the Court denies it, we will cancel the deposition."

29. As of the filing of this Emergency Motion, Galindo has filed no motion for continuance.

## III. ARGUMENT

### A. DISCOVERY SHOULD AWAIT THE COURT'S RULING ON THE THRESHOLD LEGAL ISSUES.

30. Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery on a claim that fails as a matter of law is neither.

31. The Plan Administrator's objection to the Admin Motion filed by Galindo raises three questions of law, none of which turns on any fact HLF holds:

a. **No administrative expense.** Section 503(b)(1)(A) reaches only the "actual, necessary costs and expenses of preserving the estate." "[T]o qualify as an `actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee [or debtor-in-possession] that benefitted the estate." In re Whistler Energy II, L.L.C., 931 F.3d 432, 441 (5th Cir. 2019) (quoting In re Jack/Wade Drilling, Inc., 258 F.3d 385, 387 (5th Cir. 2001)). Galindo supplied nothing to the estate. It rendered no services, extended no credit, and provided no goods. Its only theory is that the estate received

money from HLF that Galindo believes should have gone to Galindo. That is not a cost of preserving the estate; it is a disputed claim to funds.

b. **The HLF 9019 Order.** In the HLF 9019 Order, the Court adjudicated precisely the question Galindo now raises in the Admin Motion: who is entitled to the fees HLF held on the clients listed in the HLF Agreement. The Court found Galindo had notice, directed payment to MMA without Galindo as payee, and found Galindo's claims to those funds waived. A request for administrative priority cannot be used to obtain the reallocation that Galindo never sought.

c. **The confirmed Plan.** MMA's confirmed Plan independently forecloses the Motion. The Plan Supplement disclosed that the estate retained all rights to collect under the HLF Settlement Order, and Galindo, which scrutinized the Plan, attended the Confirmation Hearing, objected on other grounds, and raised no objection on this point. The Confirmation Order binds Galindo.

32. Galindo's own Admin Motion confirms that it needs no discovery to present its theory. It disclaims any constructive trust or property based remedy. And it had already valued the claim, under penalty of perjury, at $250,000 before filing the Admin Motion, by swearing to these facts in its own bankruptcy schedules.

33. Galindo itself asked the Court in its Admin Motion to "establish such further procedure as is appropriate" if the record is insufficient to fix the amount of its claim.

34. The Court should decide the threshold questions on December 3 and stay the Subpoena until it does. If any part of the claim survives, the Court can then set narrow discovery on the amount.

**C. The Subpoena seeks discovery for Galindo's separate claim against HLF, which this Court has already declared waived.**

35. In its Admin Motion, Galindo told this Court that it "seeks no relief against HLF through this Motion." Yet much of the Subpoena is aimed at HLF's own liability to Galindo:

a. **Request No. 12** seeks HLF's internal communications about Galindo's August 5, 2026 demand letter, and about "whether fees for any Exhibit D Client belong to GLF or MMA."

b. **Request No. 13** seeks "[a]ny fees for Exhibit D Clients that HLF still holds or expects to receive."

c. **Topics 6 and 7** seek testimony on "any funds HLF still holds" and on HLF's "receipt of, and response to, GLF's August 5, 2026 letter."

36. None of this bears on what MMA received. All of it bears on the $500,000 claim Galindo scheduled against HLF for "funds improperly paid plus unpaid claims."

37. The Court has already ordered that "Galindo has irrevocably waived and relinquished any and all claims it may have had against HLF" for these funds pursuant to HLF 9019 Order. Discovery on a waived claim is not relevant to any claim or defense.

38. To the extent Galindo believes it holds a claim against HLF, that claim is property of the Galindo estate, to be pursued in the Galindo Case, where Galindo has said it "will seek a determination regarding the claims it may have against any co-counsel firms."

39. A subpoena in MMA's confirmed case is not a substitute for that process where MMA's professionals must incur time and expense unrelated to MMA.

**D. THE SUBPOENA IS A COLLATERAL ATTACK ON THE FINAL HLF 9019 ORDER.**

40. Other requests contained in the Subpoena seek to reopen how the HLF settlement was negotiated and drafted:

a. **Request No. 5** seeks "[a]ll drafts and working versions of Exhibits A and B to the HLF Settlement Agreement" and every document used to decide "which clients were Former MMA Clients."

b. **Request No. 6** seeks the basis for HLF's representation that the Former MMA Clients were referred by Galindo.

c. **Request No. 7** seeks HLF's communications with MMA and its counsel about which clients were associated with MMA.

d. **Topics 3, 4 and 5** seek the same subjects by testimony.

41. The Court approved that classification after notice to Galindo. Galindo chose not to object, not to appear, and not to appeal. It cannot now take discovery to show the approved settlement was wrong.

42. Galindo's own client list (Exhibit D attached to the Subpoena) shows how directly its alleged claim, and the Subpoena, target the HLF 9019 Order:

a. Galindo's Exhibit D lists 40 clients totaling $260,014.82.

b. 26 of the 40 cases, totaling $161,396.40, appear on Exhibit B to the HLF settlement agreement, each in the identical dollar amount HLF listed there as Galindo's fifty percent share. These are the Resolved Case Payments the Court ordered paid to MMA "without including Galindo as a payee."

c. 11 of the 40 cases, totaling $71,909.42, appear on Exhibit A to the HLF Settlement Agreement as Unresolved Cases, whose payments the Court likewise directed to MMA in the HLF 9019 Order.

d. In all, $233,305.82, nearly 90 percent of Galindo's alleged claim in the Admin Motion, is for clients this Court approved as Former MMA Cases on notice to

Galindo. For most of its claim, Galindo's Exhibit D simply relabels the exhibit this Court approved.

43. Request No. 7 and Topic 5 also target the communications of the Plan Administrator's counsel by name, including March 2026 emails to Miriam Goott. Discovery into estate counsel's settlement communications on a matter resolved by final order serves no purpose except to burden the estate.

**E. The Subpoena Imposes an Undue Burden and Does Not Allow A Reasonable Time to Comply**

44. Rule 45(d)(3)(A) requires the Court to quash or modify a subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden."

45. Rule 45(d)(1) requires the party serving a subpoena to take reasonable steps to avoid imposing undue burden or expense on the person subject to it.

46. **HLF.** Galindo waited thirty nine days after filing its motion, then gave HLF seventeen days, including the Thanksgiving holiday, to search nearly four years of records across thirteen categories, including all internal communications, and to produce case management data in native format with metadata. Galindo's own counsel acknowledged "the rather short time between your production and the relevant hearing."

47. **The estate.** The Plan Administrator administers a liquidating estate. The Subpoena would require estate counsel to prepare for and defend a deposition about a settlement the Court approved six months ago, at the expense of creditors, on a claim that fails as a matter of law.

48. **The purpose.** Galindo set the deposition after the hearing and told HLF it would cancel the deposition if the hearing goes forward. A deposition that its proponent will abandon if the hearing is not continued is not needed for the hearing.

## F. GALINDO'S CONDUCT IN THIS CASE WARRANTS PROTECTION NOW.

49. The Movants recite the following history only as context. They seek no relief on MMA's prior motion to compel, which is subject to the automatic stay in the Galindo Case.

a. In the adversary proceeding over Galindo's own proof of claim, this Court denied Galindo's Motion for Entry of Default and Emergency Motion to Strike, finding them "self-contradicting and procedurally improper," and ordered Galindo and its counsel to show cause under Bankruptcy Rule 9011 why they should not be sanctioned for filing them. The show cause proceeding ended by agreement, under which Galindo paid MMA's attorney's fees in full.

b. After the entry of the GLF 9019 Order, MMA filed a Motion to Compel Compliance as Galindo owed money to MMA that had not been paid. In response, Galindo admitted that it "identified additional monies that should be remitted to MMA", ,and took the position that the Court's order approving the Galindo Settlement imposed no obligation on it to actually pay the funds owed to MMA. ECF No. 1368 ¶¶ 30–31.

c. Galindo filed its chapter 11 petition on August 24, 2026, while MMA's motion to compel was pending. Galindo did not include MMA on its master service list, did not schedule MMA as a creditor, and did not list MMA's motion to compel in its statement of financial affairs, which calls for every legal action in which the debtor "was involved in any capacity" in the year before filing.

50. The Subpoena is the latest step in the same pattern: an attempt, through a nonparty, to undo a settlement this Court approved and on which successor firms are entitled to rely.

## IV. RELIEF REQUESTED

51. **Primary relief.** The Movants request a protective order staying all compliance with the Subpoena, including the document production and the deposition, until the Court rules on the threshold legal issues raised in the Plan Administrator's objection [ECF No. 1784], which the Court can decide at the December 3, 2026 hearing.

52. **Requests that should be quashed in all events.** Whatever the Court's ruling on the threshold issues, the Movants request that the Court quash Request Nos. 5, 6, 7, 12 and 13, and deposition Topics 3, 4, 5 and 7, and Topic 6 to the extent it concerns funds HLF holds or expects to receive. These requests seek discovery on claims the Court has declared waived, or seek to relitigate the settlement approved in the HLF 9019 Order.

WHEREFORE, the Plan Administrator and HLF respectfully request that the Court enter the proposed order submitted with this Motion: (i) staying compliance with the Subpoena until the Court rules on the threshold legal issues raised in ECF No. 1784; (ii) quashing Request Nos. 5, 6, 7, 12 and 13 and deposition Topics 3, 4, 5 and 7, and Topic 6 to the extent it concerns funds HLF holds or expects to receive; and (iii) granting such other and further relief as is just.

Dated: November 18, 2026

Respectfully submitted,

By: */s/ Miriam T. Goott*

Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, Texas 77208
713.956.5577 (telephone)
713.956.5570 (fax)
mgoott@walkerandpatterson.com

**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR, AND THE REORGANIZED DEBTOR**

— and —

HOUGHTALING LAW FIRM, LLC

/s/ Brian J. Houghtaling
BRIAN J. HOUGHTALING, Bar No. 30258
TWO LAKEWAY
3850 N. Causeway Blvd., Ste. 1090
Metairie, LA 70002
Telephone: (504) 901-6767
Facsimile: (877) 448-5339
brian@houghtalinglaw.com

**CERTIFICATE OF CONFERENCE**

I certify that on November 13, 2026, counsel for Galindo proposed a Rule 30(b)(6) deposition of HLF, and I advised him in writing that the Plan Administrator opposes the deposition. Counsel for Galindo acknowledged the opposition in writing the same day.

By: */s/ Miriam T. Goott*
Miriam T. Goott