**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**IN RE:**
**MMA LAW FIRM, PLLC, Debtor**

**CHAPTER 11**
**CASE NO. 24-31596 (EVR)**

# JEFFREY ALAN VITT'S EXPEDITED MOTION FOR CONTINUANCE, COORDINATED DISCOVERY AND EVIDENTIARY SETTINGS, LEAVE TO COMPLETE DISCLOSURES, AND DETERMINATION OF IFP AND RELATED PREPARATION ASSISTANCE

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.

Expedited consideration requested by November 24, 2026. Vitt requests a shortened response period as the Court deems appropriate.

1. Jeffrey Alan Vitt requests a continuance of the December 4 resumed hearing and coordinated deadlines for material witness attendance, targeted discovery, evidence disclosure, and presentation. He requests prompt determination of the IFP and witness-service relief at Docket 1832, separate PACER relief, and legally available assistance obtaining the official hearing record. This request also includes the potential funeral and family-support scheduling conflict described in paragraph 10.

2. Docket 1846 states that the November 10 hearing proceeded on the objections to Claims 73–75 and that Vitt's cross-examination of Allison Byman remained underway. The resumed electronic session is set for December 4 from 1:30 to 5:30 p.m. Central. The minutes link Dockets 1609, 1611, and 1612 (claims objections), Dockets 1776 and 1802 (employment application and objection), and Docket 1781 (show cause). Vitt recalls the Court referring to seven matters on November 9 and requests clarification of the complete agenda and order of presentation. He also requests clarification whether related reconsideration or Rule 2004 matters, including the request at Docket 1796, are included or require separate settings.

3. Vitt attaches a preliminary proposed Form 1-100 as Exhibit A reflecting the witnesses and exhibits contemplated at this stage. Availability, service, the scope of testimony, and review of records remain in progress. Vitt requests leave to complete and supplement disclosures, with express filing and exchange deadlines. To the extent earlier deadlines remain operative, he requests that they be reopened or extended. Full exhibits will be filed and exchanged under the applicable deadline or the Court's replacement schedule. Exhibit B is an illustrative, partially completed Form B2550 showing preparation for hearing-witness process. It is not issued or ready for service. Witness identity, lawful place of compliance, attendance arrangements, and a definite setting must be completed before issuance and service are pursued.

4. Vitt's supporting declaration describes telephone and email efforts on November 16 and 17, including contacts with witnesses, counsel, and office personnel to obtain voluntary attendance. John Garrison Jordan confirmed representation of McClenny and requested Claim 73, which Vitt supplied. Vitt contacted Annie E. Catmull through telephone and email and received an automated reply. He has received no substantive response from her. The described efforts have not secured the attendance commitments needed for the anticipated presentation. Vitt requests a procedure to update attendance status and provide witness-specific service locations and general testimony subjects.

5. Bankruptcy Rules 9014 and 7030 govern deposition discovery in contested matters, subject to the Court's orders; Rule 9016 applies Civil Rule 45. Vitt requests a defined interval for targeted document production and, where necessary, depositions before the resumed evidentiary presentation. The discovery should concern particular representations, communications, transactions, and funds bearing on the pending disputes. He requests consideration of remote depositions by stipulation or order and recording permitted by Rule 30(b)(3), with a qualified officer and required safeguards. The schedule should account separately for process service, witness fees, any travel, the officer, recording, and any necessary transcription. He does not assume that IFP treatment pays these expenses. He seeks lawful assistance or alternatives, including voluntary arrangements, focused production, limited examinations, and use of existing sworn testimony where admissible. The schedule should allow time for service, compliance, review, and disclosure.

6. Vitt requests a prompt ruling on eligibility and assistance under 28 U.S.C. § 1915 as sought at Docket 1832, expressly addressing the procedural issue in Docket 1726. He relies on the filed financial application and supporting materials and will provide updates the Court requires. The requests concern his defense in the identified contested proceedings and practical means to obtain material testimony and records. He asks for express determinations concerning process issuance and service, attendance fees, any necessary travel costs, and any legally available assistance with authorized discovery and transcript expenses.

7. Vitt separately requests determination of the limited prospective PACER exemption sought in Docket 1832, including future access to identified earlier filings needed for preparation. He requests approval of appropriate remote testimony arrangements, including witness location and

safeguards. For approved testimony requiring no travel, he anticipates no mileage expense. He requests directions concerning the required attendance-fee tender and any other applicable expense before compulsory attendance is arranged.

8. On November 19, 2026, Docket 1861 denied Docket 1849 as moot, explaining that August 4 audio is available at Docket 1656 and August 5 audio at Dockets 1657–1659. The Court states that November 9 and 10 audio is preserved and will be posted as soon as practicable, and that December 4 audio will also be preserved and posted. Vitt requests practical access to those recordings when posted and a separate determination of legally available transcript assistance. Priority portions are Byman's November 10 examination, related evidentiary rulings and closing directions, and the November 9 ruling and preparation directions.

9. Vitt cannot afford commercial transcription. The complete context is material to examining possible inconsistencies, avoiding repetitive questions, and complying with the Court's rulings. Federal Rules of Evidence 611 and 613 govern the manner and scope of examination and use of prior statements. Vitt requests a determination whether the specified certified transcripts or excerpts can lawfully be furnished at no cost to him. If such assistance is unavailable, he requests directions for access to any existing transcript and for referring to or using the official audio, including pinpoint timestamps and appropriate disclosure to opposing counsel. He requests time to review the record before continuing the affected examination. Rule 5007(c) also recognizes a certified sound recording or transcript as prima facie evidence of the record. Vitt requests directions permitting an appropriate official-record method if certified transcript funding is unavailable.

10. The father of a longtime friend died in an automobile accident on November 14. Vitt understands the funeral may be on or near December 4. His friend is traveling from Arizona. Attending and spending time supporting her and the family is important to him. Arrangements remain unconfirmed, and he will promptly provide confirmed dates. He requests accommodation of that circumstance together with the outstanding service, discovery, and record-access needs.

11. Vitt requests replacement settings during the week of December 14 or December 21, or another date selected after considering availability. He presently estimates that the combined matters may require two or three hearing days, depending on scope, witness attendance, examination time, and rulings. He requests coordinated attendance windows and permission to recall a witness for material rebuttal where appropriate. He will refine the time estimate as attendance and the agenda are established.

12. An expedited ruling is requested because the ordinary response period would extend beyond the current hearing date and leave the service and preparation arrangements unresolved. Vitt requests that the Court decide the assistance requests in time for any authorized relief to be implemented before affected evidentiary deadlines.

13. Vitt requests an order confirming the agenda, continuing December 4 and setting coordinated replacement dates, granting leave and replacement disclosure deadlines, establishing a period for permitted targeted discovery, determining Docket 1832 and the separate transcript request, and specifying remote attendance arrangements. Byman's cross-examination should resume at the beginning of the continued claims presentation. Alternatively, if December 4 remains in place, Vitt requests express directions concerning the matters and evidence to be taken up then and additional settings for the remaining presentation.

Respectfully submitted,

______________________________

Jeffrey Alan Vitt, individually, pro se
12791 South 4230 Road
Chelsea, OK 74016-2114
Telephone 918-695-7468
javit2004rule@gmail.com

Date **November 20, 2026**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**
**IN RE:**
**MMA LAW FIRM, PLLC, Debtor**
**CHAPTER 11**
**CASE NO. 24-31596 (EVR)**

## CERTIFICATE OF CONFERENCE

I certify that on November 16, 2026, at approximately 4:13 p.m. Central, I emailed Miriam T. Goott at mgoott@walkerandpatterson.com, Johnie J. Patterson at jjp@walkerandpatterson.com, and Allison D. Byman at adb@bymanlaw.com to request a conference before filing a motion concerning the December 4 hearing. I asked for their availability for a brief call that day or the following day.

As of November 20, 2026, I have received no response of any kind to that request, and no conference or conversation concerning this motion has occurred. I therefore have not obtained agreement to the requested relief and cannot report their positions. I do not represent that the motion is agreed or unopposed.

This certificate accompanies Jeffrey Alan Vitt's expedited motion for continuance, coordinated discovery and evidentiary settings, leave to complete disclosures, and determination of IFP and related preparation assistance.

Dated: November 20, 2026.

____________________________________

Jeffrey Alan Vitt, individually, pro se
12791 South 4230 Road
Chelsea, OK 74016-2114
Telephone: 918-695-7468
Email: javit2004rule@gmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**
**IN RE:**
**MMA LAW FIRM, PLLC, Debtor**
**CHAPTER 11**
**CASE NO. 24-31596 (EVR)**

# CERTIFICATE OF SERVICE

I certify that on November 20, 2026, I transmitted true and correct copies of the following documents by electronic mail to the recipients listed below:

Jeffrey Alan Vitt's expedited motion for continuance, coordinated discovery and evidentiary settings, leave to complete disclosures, and determination of IFP and related preparation assistance;
the supporting witness-contact and scheduling declaration;
the preliminary proposed Form 1-100, identified as Exhibit A;
the illustrative, partially completed Form B2550, identified as Exhibit B;
the proposed order; and
the certificate of conference.

| **Recipient** | **Email address** |
|---|---|
| Allison D. Byman | adb@bymanlaw.com |
| Johnie J. Patterson | jjp@walkerandpatterson.com |
| Miriam T. Goott | mgoott@walkerandpatterson.com |
| Nicholas R. Lawson | Nick.Lawson@lmbusinesslaw.com |
| Avi Moshenberg | Avi.Moshenberg@lmbusinesslaw.com |
| Office of the United States Trustee | ustpregion07.hu.ecf@usdoj.gov |
| Andrew Jimenez | andrew.jimenez@usdoj.gov |
| John Zachary Moseley | Zach@mma-pllc.com |
| J. Garrison Jordan, counsel for James Marshall McClenny | jgj@chehardy.com |

Dated: November 20, 2026.

______________________________

Jeffrey Alan Vitt, individually, pro se
12791 South 4230 Road
Chelsea, OK 74016-2114
Telephone: 918-695-7468
Email: javit2004rule@gmail.com