**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | Case No. 24-31596 |
| | § | |
| Reorganized Debtor. | § | Chapter 11 |

**PLAN ADMINISTRATOR'S NOTICE OF INTENT TO OFFER STATEMENTS UNDER FEDERAL RULE OF EVIDENCE 807**

(Relates to ECF No. 1860)

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, in her capacity as Plan Administrator (the **"Plan Administrator"**) for MMA Law Firm, PLLC (**"MMA"**), files this Notice and respectfully states as follows:

## I. THE STATEMENTS

1. On Friday, November 20, 2026, the Court set the Emergency Joint Motion of the Plan Administrator and Houghtaling Law Firm, LLC (**"HLF"**) for Protective Order and, in the Alternative, to Quash or Modify the Subpoena Issued by Cristóbal M. Galindo, P.C. [ECF No. 1860] for hearing on Monday, November 23, 2026 at 9:00 a.m. (the **"Hearing"**).

2. At the Hearing, the Plan Administrator intends to offer the following statements/exhibits made by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("Galindo") in its own chapter 11 case, *In re Cristóbal M. Galindo, P.C.*, Case No. 26-90764 (Bankr. S.D. Tex.) (the "Galindo Case") (together, the **"Statements"**):

a. First Day Declaration. Galindo Case ECF No. 22 ¶ 28, at 7. Declarant: Cristobal M. Galindo signing as "President, Sole Director, Sole Shareholder" of Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm. He signed on August 26, 2026, under penalty of perjury under 28 U.S.C. § 1746. The Statement reads:

"GLF will seek a determination regarding the claims it may have against any co-counsel firms or other third parties."

"One of the primary methods GLF uses to expand its ability to represent clients is to enter into co-counsel arrangements with other law firms, whereby GLF and the other firm or firms will agree to a sharing of fees."

b. Schedule A/B and SOFA. Galindo Case ECF No. 92, filed September 21, 2026 under penalty of perjury. Declarant: Galindo, who signed the declaration accompanying the schedules. The Statements are:

(i) "Houghtaling Law firm," in the amount of "$500,000.00," with the nature of the claim stated as "Claim for funds improperly paid plus unpaid claims."

(ii) "McClenny Moseley & Associates," in the amount of "$250,000.00," with the nature of the claim stated as "Administrative Expense Claim for improper receipt of funds."

Statement of Financial Affairs: Part 3 (no disclosure of MMA related litigation); Part 6 (no disclosure of payments made to MMA); Part 13 (28.1); Part 13 (disclosure that Cristobal M. Galino is the president, sole director, and sole shareholder).

c. Galindo's Master Service List: Case No. 26-90764 (Galindo Case ECF No. 65) – MMA not disclosed.

d. Petition: Case No. 26-90764

3. Copies of the Statements will be listed as Exhibits 13, 14, 15, 16 on the Plan Administrator's Witness and Exhibit List for the hearing on the Emergency Joint Motion of the Plan Administrator and Houghtaling Law Firm, LLC for Protective Order and, in the Alternative, to Quash or Modify the Subpoena Issued by Cristóbal M. Galindo, P.C. (See attached exhibits to this Notice as Exhibit A (petition), B (first day declaration), C (schedules and SOFA), and D (Master service list)).

## II. THE STATEMENTS ARE NOT HEARSAY AND NOTICE FILED OUT OF AN ABUNDANCE OF CAUTIION

4. The Plan Administrator does not believe the Statements are hearsay, for two independent reasons.

5. First, each Statement is offered against Galindo and was made by Galindo. Each is therefore not hearsay. Fed. R. Evid. 801(d)(2)(A), (C), (D).

6. Second, as to a portion of the Statements, they are not offered for the truth of the matters asserted. Fed. R. Evid. 801(c)(2). The Plan Administrator does not offer them to prove that Galindo holds a valid claim against HLF or MMA, or a claim in any amount. She offers them to show that Galindo has asserted, under penalty of perjury, a claim against HLF that is separate from its administrative expense motion in this case [ECF No. 1780], and that Galindo has stated it will pursue that claim in the Galindo Case. That Galindo made these assertions bears directly on the purpose and relevance of the Subpoena, whether or not the assertions are true.

## III. NOTICE UNDER RULE 807

7. Out of an abundance of caution, and only to the extent the Court considers any Statement to be hearsay, the Plan Administrator gives notice under Federal Rule of Evidence 807(b) of her intent to offer the Statements under Rule 807(a).

8. <u>Sufficient guarantees of trustworthiness.</u> Galindo made each Statement in a sworn filing in a federal bankruptcy case, about its own assets and its own intentions. Bankruptcy schedules must be verified or contain an unsworn declaration. A false declaration in a bankruptcy case is a federal crime. 18 U.S.C. § 152(3). The Statements are corroborated by Galindo's own filing in this case, in which it reserves "GLF's rights against HLF." [ECF No. 1780].

9. <u>More probative than other reasonably obtainable evidence.</u> The Statements are Galindo's own sworn words, recorded at the time Galindo made them. No other evidence the Plan Administrator could obtain would show more reliably what Galindo itself has claimed and intends.

10. <u>Notice.</u> This Notice is filed and served before the Hearing and identifies the substance of each Statement and its declarant, giving Galindo a fair opportunity to meet it. Fed. R.

Evid. 807(b). The Court set the Hearing on Friday, November 20, 2026 for November 23, 2026. The undersigned counsel immediately contacted Galindo's counsel twenty minutes later to provide notice of the hearing and asked whether Galindo will appear at the hearing voluntarily and whether Galindo's counsel would accept service of a subpoena via email. Galindo's counsel stated that Galindo would not appear at the hearing voluntarily and that he would not accept service of a subpoena via email. The Plan Administrator therefore had no reasonable opportunity to serve a subpoena on Galindo prior to the hearing.

WHEREFORE, the Plan Administrator gives notice of her intent to offer the Statements at the Hearing and requests that the Court admit them under Rule 801(d)(2), as statements not offered for their truth under Rule 801(c)(2), or, in the alternative, under Rule 807, and grant such other relief as is just.

Dated: November 21, 2026

Respectfully submitted,

By: */s/ Miriam T. Goott*

Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, Texas 77208
713.956.5577 (telephone)
713.956.5570 (fax)
mgoott@walkerandpatterson.com
COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2026, a true and correct copy of this Notice was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, including counsel for Cristóbal M. Galindo, P.C., by email to Charlie Shelton at cshelton@haywardfirm.com, and Brian Houghtaling via email.

*/s/ Miriam T. Goott*
Miriam T. Goott