**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | Case No. 24-31596 |
| | § | |
| Reorganized Debtor. | § | Chapter 11 |

**PLAN ADMINISTRATOR'S NOTICE OF INTENT TO OFFER STATEMENTS UNDER FEDERAL RULE OF EVIDENCE 807**

(Relates to ECF No. 1860)

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, in her capacity as Plan Administrator (the **"Plan Administrator"**) for MMA Law Firm, PLLC (**"MMA"**), files this Notice and respectfully states as follows:

## I. THE STATEMENTS

1. On Friday, November 20, 2026, the Court set the Emergency Joint Motion of the Plan Administrator and Houghtaling Law Firm, LLC (**"HLF"**) for Protective Order and, in the Alternative, to Quash or Modify the Subpoena Issued by Cristóbal M. Galindo, P.C. [ECF No. 1860] for hearing on Monday, November 23, 2026 at 9:00 a.m. (the **"Hearing"**).

2. At the Hearing, the Plan Administrator intends to offer the following statements/exhibits made by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("Galindo") in its own chapter 11 case, *In re Cristóbal M. Galindo, P.C.*, Case No. 26-90764 (Bankr. S.D. Tex.) (the "Galindo Case") (together, the **"Statements"**):

a. First Day Declaration. Galindo Case ECF No. 22 ¶ 28, at 7. Declarant: Cristobal M. Galindo signing as "President, Sole Director, Sole Shareholder" of Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm. He signed on August 26, 2026, under penalty of perjury under 28 U.S.C. § 1746. The Statement reads:

> "GLF will seek a determination regarding the claims it may have against any co-counsel firms or other third parties."

"One of the primary methods GLF uses to expand its ability to represent clients is to enter into co-counsel arrangements with other law firms, whereby GLF and the other firm or firms will agree to a sharing of fees."

b. Schedule A/B and SOFA. Galindo Case ECF No. 92, filed September 21, 2026 under penalty of perjury. Declarant: Galindo, who signed the declaration accompanying the schedules. The Statements are:

(i) "Houghtaling Law firm," in the amount of "$500,000.00," with the nature of the claim stated as "Claim for funds improperly paid plus unpaid claims."

(ii) "McClenny Moseley & Associates," in the amount of "$250,000.00," with the nature of the claim stated as "Administrative Expense Claim for improper receipt of funds."

Statement of Financial Affairs: Part 3 (no disclosure of MMA related litigation); Part 6 (no disclosure of payments made to MMA); Part 13 (28.1); Part 13 (disclosure that Cristobal M. Galino is the president, sole director, and sole shareholder).

c. Galindo's Master Service List: Case No. 26-90764 (Galindo Case ECF No. 65) – MMA not disclosed.

d. Petition: Case No. 26-90764

3. Copies of the Statements will be listed as Exhibits 13, 14, 15, 16 on the Plan Administrator's Witness and Exhibit List for the hearing on the Emergency Joint Motion of the Plan Administrator and Houghtaling Law Firm, LLC for Protective Order and, in the Alternative, to Quash or Modify the Subpoena Issued by Cristóbal M. Galindo, P.C. (See attached exhibits to this Notice as Exhibit A (petition), B (first day declaration), C (schedules and SOFA), and D (Master service list)).

## II. THE STATEMENTS ARE NOT HEARSAY AND NOTICE FILED OUT OF AN ABUNDANCE OF CAUTIION

4. The Plan Administrator does not believe the Statements are hearsay, for two independent reasons.

5. First, each Statement is offered against Galindo and was made by Galindo. Each is therefore not hearsay. Fed. R. Evid. 801(d)(2)(A), (C), (D).

6. Second, as to a portion of the Statements, they are not offered for the truth of the matters asserted. Fed. R. Evid. 801(c)(2). The Plan Administrator does not offer them to prove that Galindo holds a valid claim against HLF or MMA, or a claim in any amount. She offers them to show that Galindo has asserted, under penalty of perjury, a claim against HLF that is separate from its administrative expense motion in this case [ECF No. 1780], and that Galindo has stated it will pursue that claim in the Galindo Case. That Galindo made these assertions bears directly on the purpose and relevance of the Subpoena, whether or not the assertions are true.

## III. NOTICE UNDER RULE 807

7. Out of an abundance of caution, and only to the extent the Court considers any Statement to be hearsay, the Plan Administrator gives notice under Federal Rule of Evidence 807(b) of her intent to offer the Statements under Rule 807(a).

8. Sufficient guarantees of trustworthiness. Galindo made each Statement in a sworn filing in a federal bankruptcy case, about its own assets and its own intentions. Bankruptcy schedules must be verified or contain an unsworn declaration. A false declaration in a bankruptcy case is a federal crime. 18 U.S.C. § 152(3). The Statements are corroborated by Galindo's own filing in this case, in which it reserves "GLF's rights against HLF." [ECF No. 1780].

9. More probative than other reasonably obtainable evidence. The Statements are Galindo's own sworn words, recorded at the time Galindo made them. No other evidence the Plan Administrator could obtain would show more reliably what Galindo itself has claimed and intends.

10. Notice. This Notice is filed and served before the Hearing and identifies the substance of each Statement and its declarant, giving Galindo a fair opportunity to meet it. Fed. R.

Evid. 807(b). The Court set the Hearing on Friday, November 20, 2026 for November 23, 2026. The undersigned counsel immediately contacted Galindo's counsel twenty minutes later to provide notice of the hearing and asked whether Galindo will appear at the hearing voluntarily and whether Galindo's counsel would accept service of a subpoena via email. Galindo's counsel stated that Galindo would not appear at the hearing voluntarily and that he would not accept service of a subpoena via email. The Plan Administrator therefore had no reasonable opportunity to serve a subpoena on Galindo prior to the hearing.

WHEREFORE, the Plan Administrator gives notice of her intent to offer the Statements at the Hearing and requests that the Court admit them under Rule 801(d)(2), as statements not offered for their truth under Rule 801(c)(2), or, in the alternative, under Rule 807, and grant such other relief as is just.

Dated: November 21, 2026

Respectfully submitted,

By: */s/ Miriam T. Goott*

Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, Texas 77208
713.956.5577 (telephone)
713.956.5570 (fax)
mgoott@walkerandpatterson.com
COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2026, a true and correct copy of this Notice was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, including counsel for Cristóbal M. Galindo, P.C., by email to Charlie Shelton at cshelton@haywardfirm.com, and Brian Houghtaling via email.

*/s/ Miriam T. Goott*
Miriam T. Goott

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* ________ Chapter 11

☐ Check if this is an amended filing

# Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Cristobal M. Galindo, P.C. |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | DBA Law Office of Cristobal M. Galindo<br>DBA Galindo Law<br>DBA Galindo Law Trial Attorneys<br>DBA Galindo Law Firm<br>DBA Law Office of Cristobal M. Galindo, P.C. |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 76-0675859 |
| **4.** | **Debtor's address** | **Principal place of business**<br>18000 Groeschke Road, Suite A-7<br>Houston, TX 77084<br>Number, Street, City, State & ZIP Code<br>Harris<br>County<br><br>***Mailing address, if different from principal place of business***<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | www.galindolaw.com |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

Debtor Cristobal M. Galindo, P.C. Case number (*if known*) ________
Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5411

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
*If more than 2 cases, attach a separate list.*

- ☒ No.
- ☐ Yes.

District ________ When ________ Case number ________
District ________ When ________ Case number ________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☒ No
- ☐ Yes.

Debtor Cristobal M. Galindo, P.C. Case number (*if known*) ______
Name

List all cases. If more than 1, attach a separate list

Debtor ______ Relationship ______
District ______ When ______ Case number, if known ______

**11. Why is the case filed in *this district?***

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ______

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ______

**Where is the property?** ______

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ______

Contact name ______

Phone ______

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor Cristobal M. Galindo, P.C.
Name

Case number (*if known*)

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/24/2026
MM / DD / YYYY

**X** [signature]
Signature of authorized representative of debtor

Cristobal M. Galindo
Printed name

Title President, Sole Director, Sole Shareholder

---

**18. Signature of attorney**

**X** Deborah D. Williamson /DRB
Signature of attorney for debtor

Date 08/24/2026
MM / DD / YYYY

Deborah D. Williamson 21617500
Printed name

Dykema Gossett PLLC
Firm name

112 E. Pecan Street, Suite 1800
San Antonio, TX 78205
Number, Street, City, State & ZIP Code

Contact phone 210-554-5275 Email address dwilliamson@dykema.com

21617500 TX
Bar number and State

**UNANIMOUS WRITTEN CONSENT OF BOARD OF DIRECTORS AND SOLE SHAREHOLDER OF CRISTÓBAL M. GALINDO, P.C.**

**August 23, 2026**

The undersigned, acting in the undersigned's capacity as the sole shareholder, sole member of the Board of Directors of Cristóbal M. Galindo, P.C., a Texas professional corporation (the "**Company**"), and authorized representative (the "**Authorized Representative**"), acting by written consent in lieu of a meeting, and acting pursuant to Article 2, Section 2.01 and Article 3, Section 3.01 of the Company's Bylaws as amended and Texas Business Organizations Code § 6.201, the undersigned, acting by written consent in lieu of meetings of the Board of Directors and shareholders, hereby takes the following actions and consents to the adoption of the following resolutions:

**WHEREAS**, the Authorized Representative has considered presentations by the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Authorized Representative has had the opportunity to consult with the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Authorized Representative has determined that it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code to facilitate a reorganization through a confirmed chapter 11 plan (the "**Reorganization**").

**NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the Authorized Representative, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Authorized Representative be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify the petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") or other court of competent jurisdiction and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States at such time as the Authorized Representative executing the petition shall determine to effectuate the Reorganization;

**BE IT FURTHER RESOLVED**, that the law firm of Dykema Gossett PLLC be, and hereby is, employed as general bankruptcy co-counsel for the Company under an agreed-upon retainer in the chapter 11 case, subject to the approval of the Bankruptcy Court;

**BE IT FURTHER RESOLVED**, that the law firm of Hayward PLLC be, and hereby is, employed as general bankruptcy co-counsel for the Company under an agreed-upon retainer in the chapter 11 case, subject to the approval of the Bankruptcy Court;

**BE IT FURTHER RESOLVED**, that HMP Advisory Holdings, LLC d/b/a Harney

Partners be, and hereby is, employed as financial advisor for the Company under an agreed-upon retainer in the chapter 11 case, subject to the approval of the Bankruptcy Court;

**BE IT FURTHER RESOLVED**, that Stretto, Inc. be, and hereby is, employed as claims and noticing agent for the Company under an agreed-upon retainer in the chapter 11 case, subject to the approval of the Bankruptcy Court;

**BE IT FURTHER RESOLVED**, that the Authorized Representative be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Authorized Representative deems necessary, proper, or desirable in connection with the Reorganization;

**BE IT FURTHER RESOLVED**, that in connection with the commencement of the chapter 11 case, the Authorized Representative be, and hereby is, authorized, empowered, and directed to negotiate the use of any cash collateral (including, in connection therewith, such notes, security agreements and other agreements or instruments as the Authorized Representative considers appropriate) on the terms and conditions the Authorized Representative executing the same may consider necessary, proper, or desirable, and to take such additional action and to execute and deliver each other agreement, instrument, or document to be executed and delivered by or on behalf of the Company, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Representative approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**BE IT FURTHER RESOLVED**, that the Authorized Representative and such other officers, employees, or agents of the Company (including counsel) as the Authorized Representative shall designate from time to time, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company to cause the Company to negotiate, enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, assignments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate the Reorganization;

**BE IT FURTHER RESOLVED**, that the Authorized Representative and such other officers, employees, or agents of the Company (including counsel) as the Authorized Representative shall designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to (and any such actions heretofore taken by any of them are hereby ratified, confirmed, and approved in all respects): (i) negotiate, execute, deliver and/or file any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as the Authorized Representative or such other officer, employee, or agent of the Company deems appropriate or advisable to advance the Reorganization, or to cause the negotiation, execution, and delivery thereof in such form and substance as the Authorized Representative, officers, employees, or agents may approve, together with such changes and amendments to any of the terms and

conditions thereof as such person may approve, with the execution and delivery thereof on behalf of the Company, by or at the direction of the Authorized Representative, officers, employees, or agents to constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the reorganization contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as the Authorized Representative, officers, employees, or agents deem appropriate or advisable in connection therewith to effectuate the Reorganization, and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the reorganization contemplated thereby;

**BE IT FURTHER RESOLVED**, that the Authorized Representative be, and hereby is, authorized and empowered on behalf of and in the name of the Company to execute such consents of the Company as the Authorized Representative considers necessary, proper, or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and

**BE IT FURTHER RESOLVED**, that any and all past actions heretofore taken by the Authorized Representative in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

**[signature on following page]**

IN WITNESS WHEREOF, the undersigned has executed this Written Consent to be effective on August 23, 2026.

**CRISTÓBAL M. GALINDO**

__________________________
Cristóbal M. Galindo in his capacity as Sole Shareholder and Sole Director

**CERTIFICATION OF CRISTÓBAL M. GALINDO**

The undersigned certifies that the undersigned is the sole director and sole shareholder of the Company and that this Written Consent constitutes the unanimous written consent of all directors and shareholders entitled to vote on the foregoing actions.

**CRISTÓBAL M. GALINDO**

__________________________
Cristóbal M. Galindo

**Fill in this information to identify the case:**

Debtor name Cristobal M. Galindo, P.C. d/b/a Galindo Law Firm

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (If known): 26-

❑ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1 | **CMG Funding 2025 LLC**<br>152 West 57th Street, 44th Floor<br>New York, NY 10019 | Attn: Legal Dept<br>(917) 388-9566<br>ayal@deerfinance.com | Lender | | | | **$48,843,840.38** |
| 2 | **Decibel Advertising, LLC**<br>Urb. Santa Juanita UU-I C/39 Box 621<br>Bayamon, PR 00956 | Attn: Accounting<br>(409) 203-2513<br>accounting@decibeladvertising.com | Trade Claim | | | | **$7,724,799.40** |
| 3 | **Sergio De La Canal**<br>Urb. Santa Juanita UU-I C/39 Box 621<br>Bayamon, PR 00956 | (303) 656-7053<br>sergio@sierracharliegroup.com | Trade Claim | | | | **$930,929.23** |
| 4 | **Pajaro Uno LLC**<br>18000 Groschke Rd<br>B4<br>Houston, TX 77084 | Attn: Legal Dept<br>(303) 656-7053<br>accounting@sierracharliegroup.com | Trade Claim | | | | **$435,900.00** |
| 5 | **Clayton Blehm**<br>408 Forrest Lane<br>Gainesville, GA 30501 | (678) 571-3581<br>claytonblehm@gmail.com | Trade Claim | | | | **$400,000.00** |
| 6 | **Front Face Business, S.A. DE C.V.**<br>Avenida Insurgentes Sur Number 64<br>Colonia Juárez<br>Cuauhtémoc Delegation, CDMX CP 06600<br>Mexico | Attn: Legal Dept<br>(800) 497-5332 x1127<br>quinn@ggrinc.com | Litigation Claim | | | | **$254,429.00** |
| 7 | **Crockett Law PC**<br>PO Box 6538<br>Houston, TX 77265 | Attn: Legal Dept<br>(281) 953-1180<br>brian@crockettlawfirm.com | Trade Claim | | | | **$250,000.00** |
| 8 | **The Mott Law Firm, PLLC**<br>5301 Katy Fwy<br>Ste 101<br>Houston, YX 77007-3866 | Attn: Legal Dept<br>(713) 228-1010<br>mlm@mottlawpc.com | Trade Claim | | | | **$250,000.00** |

Debtor Cristobal M. Galindo, P.C. d/b/a Galindo Law Firm
Name

Case number (*if known*)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Damage Resources LLC**<br>18000 Groschke Rd B4<br>Houston, TX 77084 | Attn: Accounting<br>(409) 203-2513<br>accounting@sierracharliegroup.com | Trade Claim | | | | **$244,933.07** |
| 10 | **SLP Strategic Litigation Partners**<br>21324 Provincial Blvd.<br>Katy, TX 77450 | Attn: Legal Dept<br>(713) 574-6689 x102<br>dmiller@slplegal.com | Trade Claim | | | | **$150,000.00** |
| 11 | **Litify LLC**<br>PO Box 70379<br>Newark, NJ 07101-0096 | Attn: Legal Dept<br>billing@litify.com | Trade Claim | | | | **$149,104.97** |
| 12 | **DRS Professional Services LLC**<br>8906 N Locust Ave<br>Tampa, FL 33604 | Attn: Legal Dept<br>(813) 296-4673<br>operations@drsproservice.com | Trade Claim | | | | **$127,050.00** |
| 13 | **Province Fiduciary Services LLC**<br>2360 Corporate Circle Suite 340<br>Henderson, NV 89074 | Attn: Legal Dept<br>(702) 342-0953<br>apopescu@provincefirm.com | Trade Claim | | | | **$122,874.00** |
| 14 | **Alpha Seven LLC**<br>18000 Groschke Rd B4<br>Houston, TX 77084 | Attn: Accounting<br>(409) 203-2513<br>accounting@sierracharliegroup.com | Rent | | | | **$70,358.44** |
| 15 | **Twin Diamond LLC**<br>18000 Groschke Rd B4<br>Houston, TX 77084 | Attn: Accounting<br>(303) 656-7053<br>accounting@sierracharliegroup.com | Trade Claim | | | | **$63,213.33** |
| 16 | **Ruth A. Van Meter P.C.**<br>9322 Shady Lane Circle<br>Houston, TX 77063 | (713) 858-2891<br>ruth@vanmeterlaw.com | Trade Claim | | | | **$30,525.00** |
| 17 | **Deer Finance, LLC**<br>152 West 57th Street 26th Floor<br>New York, NY 10019 | Attn: Legal Dept<br>(917) 546-2964<br>lawrence@deerfinance.com | Professional Services | | | | **$30,000.00** |
| 18 | **CRM Debugzone Private Limited**<br>3051 Mansarover Park 2<br>Ghaziabad Uttar, Pradesh 201002<br>India | Attn: Legal Dept<br>(585) 376-0954<br>info@crmdebugzone.com | Trade Claim | | | | **$24,000.00** |
| 19 | **Mac Murray & Shuster**<br>6525 W Campus Oval Suite 210<br>New Albany, OH 43054 | Attn: Legal Dept<br>(614) 939-9955<br>mkamer@mslawgroup.com | Trade Claim | | | | **$21,731.68** |
| 20 | **K & M of VA, Inc DBA 4Convergence**<br>11758 Lincolnshire Ct<br>Glen Alen, VA 23059-3417 | Attn: Legal Dept<br>(804) 426-4366<br>mike@4converge.com | Trade Claim | | | | **$21,187.41** |

# United States Bankruptcy Court
## Southern District of Texas

In re Cristobal M. Galindo, P.C. d/b/a Galindo Law Firm — Debtor(s)

Case No. ____________

Chapter 11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Cristobal M. Galindo | | 100% | Membership |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President, Sole Director, Sole Shareholder of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date 08/24/26

Signature ____________
Cristobal M. Galindo

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.


Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**CRISTÓBAL M. GALINDO, P.C.**<br>**D/B/A GALINDO LAW FIRM,**<br><br>**Debtor.**[1] | **Chapter 11**<br><br>**Case No. 26-_________** |

**STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO RULES 1007(a)(1) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm, the above-captioned debtor and debtor in possession (the "Debtor" or "GLF") in this chapter 11 case, hereby files its *Statement of Corporate Ownership Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure* and submits the following:

1. Cristóbal M. Galindo owns 100% of Debtor.

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.

Dated: August 24, 2026

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Danielle Rushing Behrends*
Deborah D. Williamson
State Bar No. 21617500
dwilliamson@dykema.com
Danielle Rushing Behrends
State Bar No. 24086961
dbehrends@dykema.com
Aaron E. Lozano
State Bar No. 24125803
alozano@dykema.com
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

and

**HAYWARD PLLC**

Charlie Shelton
State Bar No. 24079317
cshelton@haywardfirm.com
7600 Burnet Road, Suite 530
Austin, Texas 78757
Phone/Facsimile: (737) 881-7100

**PROPOSED COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

I certify that on August 24, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Danielle Rushing Behrends*
Danielle Rushing Behrends

| Fill in this information to identify the case: |
|---|
| Debtor name Cristobal M. Galindo, P.C. d/b/a Galindo Law Firm |
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) ______ |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ______
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ______

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/24/26     X [signature]

Signature of individual signing on behalf of debtor

Cristobal M. Galindo

Printed name

President, Sole Director, Sole Shareholder

Position or relationship to debtor



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. |
| | § | |
| Cristóbal M. Galindo, P.C.<br>D/B/A GALINDO LAW FIRM, | § | Chapter 11 |
| | § | |
| Debtor | § | |

**DECLARATION FOR ELECTRONIC FILING OF**
**BANKRUPTCY PETITION AND MASTER MAILING LIST (MATRIX)**

**PART I: DECLARATION OF PETITIONER:**

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case. I have read the information provided in the petition and in the lists of creditors to be filed electronically in this case and ***I hereby declare under penalty of perjury*** that the information provided therein, as well as the social security information disclosed in this document, is true and correct. I understand that this Declaration is to be filed with the Bankruptcy Court within five (5) business days after the petition and lists of creditors have been filed electronically. I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☐ *[Only include for Chapter 7 individual petitioners whose debts are primarily consumer debts]* – I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7. I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☑ *[Only include if petitioner is a corporation, partnership or limited liability company]* – I hereby further declare under penalty of perjury that I have been authorized to file the petition and lists of creditors on behalf of the debtor in this case.

Date: 8/24/26

Cristóbal M. Galindo
President, Sole Director, Sole Shareholder

**PART II: DECLARATION OF ATTORNEY:**

I declare ***under penalty of perjury*** that: (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date: 8/24/26

Danielle Rushing Behrends
Proposed Counsel to Debtor and Debtor in Possession

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:**<br><br>**CRISTÓBAL M. GALINDO, P.C.**<br>**D/B/A GALINDO LAW FIRM,**<br><br>**Debtor.**[1] | **Chapter 11**<br><br>**Case No. 26-90764** |

**DECLARATION OF CRISTÓBAL M. GALINDO IN SUPPORT**
**OF CHAPTER 11 PETITION AND FIRST DAY MOTIONS**

I, Cristóbal M. Galindo, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am the President and 100% owner of Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm (the "Debtor" or "GLF").

2. I am generally knowledgeable and familiar with GLF's day-to-day operations, business and financial affairs, books and records, and the circumstances leading to the commencement of this chapter 11 case (this "Case").

3. I am authorized to submit this Declaration (this "Declaration") on behalf of GLF to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this Case and in support of GLF's voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the motions filed concurrently herewith (the "First Day Motions").[2]

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the First Day Motions, as applicable.

4. Except as otherwise indicated, I base the facts set forth in this Declaration on my personal knowledge, my review of relevant documents, information provided to me by GLF's management and advisors, and my experience concerning GLF's operations.

## I. OVERVIEW AND CORPORATE HISTORY

5. GLF is a Texas-based law firm incorporated as a professional corporation in the State of Texas on March 5, 2001.

6. In approximately 2021, the firm expanded from single personal injury and property damage matters into mass torts, beginning with Zantac[3] and moving into Roundup[4] and Camp Lejeune.[5] As part of its transition from single plaintiff cases, GLF developed and implemented a strategy and system for case acquisition.

7. At this time, GLF represents and is ethically responsible for over 20,000 clients nationwide.

8. Since its change in emphasis, GLF now focuses primarily on first-party insurance, personal injury, and mass tort claims. GLF is equipped to handle even the most complicated cases and has developed a strong, proven track record of identifying liable parties, calculating damages, and delivering results throughout the United States.

9. One of the primary methods GLF uses to expand its ability to represent clients is to enter into co-counsel arrangements with other law firms, whereby GLF and the other firm or firms will agree to a sharing of fees. Similarly, GLF will enter into co-counsel agreements

[3] The Zantac lawsuits allege that manufacturers failed to warn consumers that the heartburn medication contained or could degrade into dangerous levels of N-nitrosodimethylamine (NDMA), a probable human carcinogen linked to various types of cancer.

[4] In the Roundup lawsuits, thousands of plaintiffs allege that long-term exposure to the glyphosate-based weedkiller caused them to develop non-Hodgkin lymphoma and that the manufacturer, Monsanto (now Bayer), knew of the risks but represented the product as safe.

[5] The Camp Lejeune litigation allows veterans, their families, and civilian workers to seek compensation from the United States government for serious illnesses, including multiple forms of cancer and Parkinson's disease, caused by decades of exposure to toxic chemicals in the water supply at Marine Corps Base Camp Lejeune in North Carolina.

whereby GLF has the initial relationship with the client. Consistent with professional obligations, all clients are aware of, and agree to, the sharing of fees. Further, GLF continues to maintain responsibility for ensuring the clients are well-represented.

10. GLF will not enter into a Consent to Associate ("CTA")[6] with any firm where the engagement letter does not permit the retention of additional counsel or if the client has not specifically given their authority in writing to such agreement. Similarly, GLF will not enter into a Memorandum of Understanding ("MOU")[7] with any firm that does not have similar provisions in its engagement letters.

11. GLF's continency fee agreements are pure contingency fee agreements in that nothing is owed to GLF until there is a settlement or successful litigation and the client has received a distribution. In other words, GLF does not even have the right to reimbursement of expenses unless and until there is a recovery for the benefit of the client and the client has signed the release approving the settlement and the disbursement approving the attorney fee and reimbursable expense amount. The agreements that GLF has with its clients specifically permit GLF to enter into agreements with other counsel.

12. In order to reach potential clients, GLF incurs significant costs related to marketing and other similar expenses, primarily with Decibel (as defined below). GLF complies with the strictures of the American Bar Association related to attorney advertising. If cases are only within a single state, then GLF also takes such actions as are required by that state. As an example, claims related to a hurricane in Louisiana. In such an event, GLF has, and will continue to comply with, Louisiana ethical and disciplinary requirements for advertising or otherwise seeking clients.

---

[6] A CTA is generally executed on a case-by-case basis.
[7] An MOU is generally executed in connection with multiple or mass cases.

GLF does not share legal fees with any non-lawyers or entities controlled by non-lawyers. GLF does not pay or receive a fee purely for referral of a case with no comparable work.

13. GLF has various contracts with entities owned and/or controlled by Sergio P. De La Canal, including Decibel Legal Services, LLC and its affiliates (together, "Decibel"). Decibel is a marketing, administrative, and operational services firm that maintains a broad and multifaceted relationship with GLF across several distinct service areas. GLF and Decibel are parties to various master service agreements for Decibel to provide marketing, administrative services, data management, and case tracking services to GLF. Beyond these services, Damage Resources (defined below), an affiliate of Decibel, acts as GLF's private professional employer organization, managing all payroll, tax obligations, and related payments for GLF's operations. GLF also maintains an office lease and several commercial aircraft lease agreements with Decibel, through its affiliates Alpha Seven LLC, Pajaro Uno LLC, and Twin Diamond LLC.

14. Since inception, GLF has been successful in recovering millions of dollars for its clients.

## II. EVENTS LEADING TO CHAPTER 11

15. GLF is a party to a series of credit facilities, which were used to fund GLF's case acquisition and general operations. First, on May 9, 2024, GLF executed that certain *Credit Agreement* for $25,000,000 with GLF, together with Galindo & Mott, LLP, as "Borrower," CMG Funding 2024 LLC, as "Lender and Administrative Agent," Deer Finance, LLC ("Deer"), as "Servicer," and JBSL Legal Finance LLC ("JBSL"), as "Participation Administrator." Second, on February 26, 2025, GLF, together with Galindo & Mott, LLP, as "Borrower," CMG Funding 2025 LLC, as the Lender and Administrative Agent ("CMG"), Deer, and JBSL (collectively, the

"Lender") executed a second *Credit Agreement* for $45,000,000 (the "Credit Agreement"), which restructured and refinanced existing obligations to provide continued liquidity.

16. The Credit Agreement functioned as a revolving facility where the amount of available credit was tied to a "Borrowing Base." The Borrowing Base (as defined in the Credit Agreement) is calculated based on the estimated value of GLF's Eligible Cases (as defined in the Credit Agreement), including high-value mass tort dockets. The Borrowing Base can go up or down depending on the Lender's opinion as to the value of the GLF Eligible Cases. Creation of the Borrowing Base involved extensive discussions with the Lender, who had final approval on each Borrowing Base and any adjustments.

17. To receive funds under the Credit Agreement, GLF previously submitted periodic draw request to the Lender. These requests typically align with GLF's immediate operational needs, such as case-specific costs or general overhead.

18. GLF previously requested funds on a quarterly basis to manage the high-volume cash flow requirements of a nationwide mass tort practice.

19. Funding was contingent on GLF maintaining sufficient Borrowing Base, remaining in compliance with the covenants contained in the Credit Agreement and providing all information regarding GLF's cases to the Lender.

20. On or about February 13, 2026, Lender refused to advance any additional funds without new conditions and changes to funding requirements.

## III. OPERATIONAL STRUCTURE AND WORKFORCE

21. GLF is a professional corporation. I am the 100% owner. I also serve as President, Sole Director, and Sole Shareholder of the firm.

22. GLF's staffing is provided through an employee services agreement with Damage Resources LLC ("Damage Resources").[8] Through this agreement, GLF utilizes the services of approximately fifteen (15) staff members who provide essential support to the GLF's legal operations.

## IV. BANKING

23. GLF maintains its banking relationship entirely with JPMorgan Chase Bank, N.A. ("Chase") and utilizes a centralized cash management system (the "Cash Management System") to efficiently collect, transfer, and disburse funds generated by its legal operations. GLF utilizes eight (8) essential accounts:

a. Operating Account (ending in x8765): Serves as the primary account for general business expenses;

b. DACA – Deer Finance Account (ending in x6963): A designated "Receipts Account", allegedly subject to a Deposit Account Control Agreement ("DACA");

c. Primary IOLTA Account (ending in x0666): Used for the retrieval and holding of funds meant for case clientele;

d. TPC IOLTA Account (ending in x1757): A specialized IOLTA account developed for segregating specific case funds;

e. MMA IOLTA Account (ending in x6872): A specialized IOLTA account developed for segregating funds related to the MMA bankruptcy;

---

[8] Damage Resources is owned by Mr. De La Canal. Mr. De La Canal is a lawyer admitted to practice in Mexico. Mr. De La Canal is also the owner of Decibel. Decibel provides marketing and other services to GLF and hosts GLF's case management database. Decibel has a judgment against GLF for $10,277,103.10 plus post-judgment interest. Decibel has exercised an alleged right to garnish funds owed to GLF. Brenda Galindo, my spouse, is also an employee of Decibel. Mr. De La Canal also controls Alpha Seven LLC, which is the landlord for GLF's office.

f. Collection Account (ending in x8872): A designated account for fee sharing in connection with a co-counsel agreement;

g. California IOLTA Account (ending in x2818): a specialized IOLTA account developed for segregating specific case funds in California;

h. TPC DOJ IOLTA Account (ending in x0699): a specialized IOLTA account developed for segregating specific case funds.

24. GLF's revenue primarily consists of attorney's fees derived from client recoveries, which are initially deposited into one of the five (5) IOLTA accounts. Funds belonging to clients are not deposited into any account other than an IOLTA account. Funds in the IOLTA accounts are not commingled with funds attributable to other operations or income.

25. The account ending in x6963 is governed by a DACA between CMG and Chase. Under this prior arrangement, the DACA Receipts Account receives portions of funds meant for GLF and automatically diverts 75% of those funds to the Lender as debt distributions while transferring the remaining 25% to the Operating Account to provide necessary cash for daily operations.

26. To maintain this integrated system, GLF incurs monthly bank fees of approximately $2,315.50.

## V. RESTRUCTURING STRATEGY AND OBJECTIVES

27. GLF intends to file a plan of reorganization.

28. GLF will seek a determination regarding the claims it may have against any co-counsel firms or other third parties.

29. GLF intends to ask the Court for authority to use any alleged cash collateral and to challenge any alleged security interest in funds in any IOLTA account or future recoveries from continued representation of any client.

30. GLF will explore whether there are avoidance actions which can be brought.

31. On August 18, 2026, GLF entered into that certain *Cristóbal M. Galindo, P.C. d/b/a Galindo Law Restructuring Support Agreement Term Sheet* (the "RSA Term Sheet") with Mr. De La Canal and his affiliated entities (collectively, the "SPD Parties"), containing the material terms of the proposed comprehensive restructuring of the existing debt and other obligations of GLF that will be consummated through a chapter 11 plan of reorganization in this Case. A true and correct copy of the RSA Term Sheet is attached hereto as **Exhibit A**.

## VI. THE FIRST DAY MOTIONS

32. To enable GLF to continue operating effectively and minimize potential adverse effects from the commencement of this Case, GLF is requesting certain emergency and other relief from the Court pursuant to the First Day Motions. I believe that the relief requested in each of the First Day Motions is in the best interests of GLF, its creditors, and its clients, and should be approved.

### A. Complex Case Procedures

33. Due to GLF having over 20,000 clients and numerous parties in interest, GLF seeks to implement the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures") to ensure efficient case administration and notice.

34. GLF qualifies for complex case treatment under the Complex Case Procedures because: (1) the Debtor has total liquidated, non-contingent debt exceeding $10 million; and (2) there are more than 50 parties in interest in this Case.

35. Implementation of the Complex Case Procedures is necessary to minimize administrative burdens on the Court and the Debtor's estate, while ensuring all parties in interest receive adequate and organized notice of the proceedings.

36. Given that GLF represents over 20,000 clients nationwide, the administrative burden of noticing and claims management requires the expertise of a specialized agent. Accordingly, the Debtor has sought to employ Stretto, Inc. ("Stretto") as its claims, noticing, and solicitation agent.

**B. Motion to Extend Time to File Schedules and SOFA**

37. Contemporaneously with this Declaration, GLF has filed its *Emergency Motion For Entry of an Order Extending Time to File (I) Schedules of Assets and Liabilities; and (II) Statement of Financial Affairs* [ECF No. 5] (the "Motion to Extend Time"). By the Motion to Extend Time, GLF requests an additional thirty-day extension to file its required Schedules and SOFA (both as defined in the Motion to Extend Time). Given the volume of clients and parties in interest in this Case, completing the Schedules and SOFA within the 14-day statutory timeframe would be unduly burdensome and distract GLF's management team from necessary restructuring tasks.

38. In the ordinary course of its business, GLF maintains voluminous and complex books, records, and accounting systems. As a result of GLF's work as a law firm specializing in personal injury and mass tort lawsuits, it has a large number of current and former clients and records pertaining to same. In order to prepare the Schedules and SOFA, GLF will need to compile information from books, records, and documents, relating to its many current and former clients, in addition to information pertaining to its assets, creditors, and contracts with third-parties. Therefore, the requested extension is necessary for the ongoing operation of GLF.

39. The extension requested in the Motion to Extend Time will not prejudice creditors or other parties in interest. Instead, the requested extension will benefit all parties in interest because it will ensure that the Schedules and SOFA are accurate and complete. Accurate and complete Schedules and SOFA will promote the efficient administration of this Case. Even under the requested deadline, GLF anticipates filing its Schedules and SOFA in advance of the requested extended deadline.

**C. Utilities Motion**

40. GLF has filed its *Emergency Motion for Entry of Final Order (I) Authorizing Debtor's Adequate Assurance of Payment to Utility Companies, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service* [ECF No. 8] (the "Utilities Motion"). Uninterrupted utility services are essential to GLF's nationwide law practice.

41. In connection with the operation of the business, GLF obtains internet, telecommunications, and other similar services from various utility companies. A true and correct non-exhaustive list of GLF's utility providers is attached to the Utilities Motion. GLF pays its utility providers by credit card. Based on my review of GLF's books and records, GLF owes $18,437.22 on account of utility services charges incurred before the Petition Date. On average, over the last six months, GLF has paid approximately $6,520.36 each month for utility services, with some fluctuations depending on the season.

42. The continued provision of the utility services is necessary for GLF to continue operating. If any of GLF's utility providers cuts off services for any reason, even if only for a brief time, GLF's business would be severely disrupted and this disruption would divert attention away from GLF's reorganization efforts.

### D. Cash Management Motion

43. GLF has filed its *Emergency Motion for Entry of an Order (I) Authorizing the Continued Use of the Cash Management System; (II) Authorizing Continued Use of the Existing Card Processing System; (III) Authorizing the Continued Use of Existing Business Forms and Bank Accounts; and (IV) Granting Related Relief* [ECF No. 9] (the "Cash Management Motion"). As detailed above, GLF utilizes accounts at Chase which are critical to its daily operations and client trust obligations.

44. GLF's Cash Management System consists of eight (8) accounts at JPMorgan Chase Bank, N.A., including five (5) IOLTA accounts essential for protecting client trust funds. Any disruption to this system would not only paralyze GLF's ability to fund its daily operations but would also risk interrupting critical disbursements to the firm's 20,000+ clients.

45. GLF seeks a waiver of the requirement to close existing accounts and open new debtor-in-possession accounts and authority to maintain its Cash Management System. Given the volume of GLF's transactions and the integrated nature of its banking with its case management software, forcing a transition to new account numbers would create an administrative bottleneck, increase the risk of accounting errors, and cause immediate and irreparable harm to the estate.

46. To maintain the integrity of these financial channels, GLF incurs approximately $2,315.50 in monthly bank fees.

### E. Motion to Limit Notice

47. GLF has filed the *Emergency Motion for Entry of an Order (I) Implementing Procedures to Maintain the Confidentiality of Certain Client Information; (II) Authorizing the Debtor to Redact Certain Personal Identifying Information; (III) Modifying the Required Notice*

*Procedures Under the Bankruptcy Rules; (IV) Approving the Form and Manner of the Notice of Commencement; and (V) Granting Related Relief* [ECF No. 10] (the "Motion to Limit Notice").

48. In connection with its representation of its more than 20,000 former and current clients, GLF is required to maintain the confidentiality of certain protected health information of such clients. This is particularly true with respect to personal injury and mass tort cases in which the respective clients' medical conditions and records are a central part of such cases. In addition to protected health information, GLF also maintains information and records that are protected by the attorney-client privilege, and therefore must be kept confidential. The requirements of confidentiality with respect to protected health information and attorney-client privileged information may conflict with GLF's duty to disclose certain information under the Bankruptcy Code, including the duty to file a list of creditors under section 521(a)(1)(A) and the duty to file schedules of all assets and liabilities under section 521(a)(1)(B)(i).

49. In an effort to comply with both the confidentiality requirements of applicable healthcare privacy laws and the ethical rules applicable to attorneys, as well as the disclosure requirements of the Bankruptcy Code, GLF seeks authorization to maintain a separate schedule of claims as well as a separate creditor matrix that each redact the names and addresses of GLF's clients. Without such relief, GLF may unintentionally violate applicable healthcare privacy laws, contractual obligations, or ethical rules applicable to attorneys by fulfilling its duties under the Bankruptcy Code to disclose certain information. Any violations of such healthcare privacy laws, contractual obligations, or ethical rules applicable to attorneys could expose GLF to severe monetary penalties that could threaten GLF's ability to successfully reorganize and would unnecessarily jeopardize the privacy of GLF's clients.

50. In addition to redacting protected or confidential information about GLF's clients for legal reasons, redaction of such information is also necessary to protect GLF's clients from potential identity theft or other risks to the clients' safety and welfare. I believe that redaction of any personal identifying information of GLF's clients is fair, reasonable, does not impair the rights of any parties, and is within the Court's authority under the Bankruptcy Code.

51. Finally, by the Motion to Limit Notice, GLF seeks authority to modify the notice procedures provided by Bankruptcy Rule 2002 by authorizing GLF to provide service of documents in this Case to GLF's clients by email, where possible. GLF often communicates with its thousands of clients through electronic means, including by email. Given the volume of clients and parties in interest in this Case, I believe that email service is the most efficient and cost-effective manner by which service to such parties can be completed. If GLF is able to provide service to parties in interest by email, where possible, such authority will help alleviate administrative burdens and costs on GLF's bankruptcy estate and is therefore reasonable. Additionally, I believe that allowing Stretto to undertake all mailings and required notices as directed by the Court, the United States Trustee, the Bankruptcy Code, or the Bankruptcy Rules, will maximize efficiency in administering this Case and would ease any administrative burdens that would otherwise fall upon the Court and the United States Trustee.

### F. Cash Collateral Motion

52. Contemporaneously with this Declaration, GLF filed its *Motion for Entry of an Order (I) Authorizing Debtor's Use of Cash Collateral, to the Extent Applicable, and (II) Granting Related Relief* [ECF No. 13] (the "Cash Collateral Motion").

53. Lender asserts that obligations under the Prepetition Credit Agreement are secured by a first-priority lien on substantially all of GLF's assets, including, but not limited to:

a. Case inventory and fees—all rights to attorney fees and expense reimbursements from GLF's client files (including the Zantac and TPC dockets).

b. Deposit accounts—all funds held in GLF's operating and merchant accounts, excluding funds in an IOLTA account.

c. General intangibles—all intellectual property, the "secret sauce" marketing models, and contractual rights.

54. Lender is not a law firm. Lender provides no legal services to any GLF client. Lender has no right to any share of any fees in an IOLTA account. *See* TEX. DISCIPLINARY RULES OF PROF'L CONDUCT R. 1.04(f),(g); 1.15. Settlement proceeds remain in an IOLTA account and any interest of GLF in funds in an IOLTA account is contingent until the client has executed any necessary documentation and been delivered its share of any settlement. In other words, GLF is not entitled to any funds in an IOLTA account unless and until the client has been paid and the fee is "earned." It is well settled that the lawyer's interest in a contingency fee contract is not vested until the contingency occurs and there is no legal or equitable interest in the contract until final judgment or settlement.[9] With few exceptions not applicable here, GLF is not permitted to share fees with a non-lawyer. *See* TEX. DISCIPLINARY RULES OF PROF'L CONDUCT R. 5.04.

55. In other words, while GLF did grant a security interest in funds deposited into an account which was subject to a Deposit Control Agreement, no security interest could attach to fees which have not yet been earned as that would constitute fee-sharing with a non-lawyer.[10]

---

[9] *See Floyd v. Dykeswill, Ltd. (In re Dykeswill, Ltd.)*, 365 B.R. 683, 687 (Bankr. S.D Tex. 2007)("the attorney does not receive a legal or equitable interest pursuant to a contingency fee contract until the contingency occurs").

[10] *See, e.g.*, Tex. Comm. on Prof'l Ethics, Op. 576 (Dec. 2006), https://tcle-web.s3.amazonaws.com/public/documents/Opinion-576_kSgMgPG.pdf. A true and correct copy of Opinion No. 576 is attached hereto as **Exhibit B**.

56. Further, the Credit Agreement appears to fall within Title 5 of the Texas Finance Code, Chapter 398 related to "Sales-based financing[11]".

57. Lender received approximately $182,000 dollars within the 90 days prior to the Petition Date. Pursuant to section 502(d) of the Bankruptcy Code, any claim of the Lender will not be allowed until all avoidable transfers are repaid and/or returned.

58. GLF also disputes the stated amount of the Lender's claim.

59. Reimbursement of expenses received after the Petition Date but incurred prior to the Petition Date are arguably cash collateral of Lender. To the extent that funds attributable to pre-petition expenses are reimbursed after the Petition Date ("Pre-Petition Expense Reimbursements"), GLF will segregate such funds subject to further order of the Court.

60. While GLF disputes the validity, priority, enforceability, perfection, extent, and amount of any asserted lien on funds in an IOLTA account, client funds, unearned attorneys' fees, post-petition-earned fees, future recoveries, and other disputed categories of property, GLF filed the Cash Collateral Motion out of an abundance of caution to avoid any disruption to its operations during the initial stages of this Case. By the Cash Collateral Motion, GLF seeks authority to use Cash Collateral, solely to the extent applicable, in accordance with the budget attached to the Cash Collateral Motion. The budget reflects projected disbursements of $127,957 for the interim period through the week ending September 18, 2026, and projected disbursements of $594,305 for the period through the week ending January 1, 2027. GLF is not seeking authority to use client funds held in IOLTA accounts for operating expenses.

[11] Sales-based financing is a transaction that is to be repaid "as a percentage of sales or revenue, in which the payment amount may increase or decrease according to the volume of sales made or revenue received by the recipient; or that "provides for a reconciliation process that adjusts the payment to an amount that is a percentage of sales or revenue". TEX. FIN. CODE § 398.001(8).

61. The Budget was prepared by GLF with the assistance of its proposed financial advisor, Harney Partners, based on GLF's books and records, projected receipts, projected operating disbursements, and projected restructuring-related expenses. The Budget reflects the GLF's good-faith estimate of the limited cash required to maintain operations, preserve estate value, continue client-service functions, and administer this Case during the Budget period.

## VII. CONCLUSION

GLF has run the best process possible in light of the facts presented and is confident this path is the best path for the company and all stakeholders.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 26, 2026.

Respectfully submitted,

*/s/ Cristóbal M. Galindo*
Cristóbal M. Galindo
Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm
President, Sole Director, Sole Shareholder

# <u>Exhibit A</u>

## RSA Term Sheet

**SUBJECT TO FRE 408 & ITS EQUIVALENTS**
**PRIVILEGED AND CONFIDENTIAL**
*Execution Version*

# CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW RESTRUCTURING SUPPORT AGREEMENT TERM SHEET[1]

**August 18, 2026**

This binding term sheet (the "Term Sheet")[2] between (i) Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("GLF" or the "Company"), and (ii) Sergio P. De La Canal ("SPD") and his affiliated entities (each, an "SPD Party, " collectively, the "SPD Parties," (as further identified below) and together with GLF, the "Parties") constitutes the material terms of the proposed comprehensive restructuring (the "Restructuring") of the existing debt and other obligations of GLF that will be consummated through a chapter 11 plan of reorganization (the "Plan") as part of GLF's anticipated chapter 11 bankruptcy case (the "Case") commenced under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

This Term Sheet does not constitute—nor shall it be construed as—an offer with respect to a solicitation of acceptances or rejections as to any chapter 11 plan of reorganization of GLF. Any such solicitation will only be made in strict compliance with the Bankruptcy Code.

**THIS TERM SHEET IS PROVIDED IN CONFIDENCE AND MAY BE DISTRIBUTED ONLY WITH THE EXPRESS WRITTEN CONSENT OF GLF AND THE SPD PARTIES. FURTHER, NOTHING IN THIS TERM SHEET SHALL BE AN ADMISSION OF FACT OR LIABILITY OR DEEMED BINDING ON GLF OR THE SPD PARTIES.**

This Term Sheet is a settlement proposal in furtherance of settlement discussions amongst the Parties and is protected by Rule 408 of the Federal Rules of Evidence and any other applicable statutes and/or doctrines protecting the use or disclosure of confidential settlement discussions.

---

[1] This Term Sheet is subject to ongoing review by GLF, the SPD Parties, and each of their respective professionals, is subject to material change, and is being distributed for discussion purposes only. Moreover, the treatment set forth in this Term Sheet remains subject to ongoing discussion among the Parties.

[2] For the avoidance of doubt, this Term Sheet shall only become binding upon execution by all parties hereto.

**SUBJECT TO FRE 408 & ITS EQUIVALENTS**
**PRIVILEGED AND CONFIDENTIAL**
*Execution Version*

| **Terms of the Restructuring** | |
|---|---|
| **Term** | **Description** |
| Venue | The Case shall be filed in the Southern District of Texas, Houston Division and designated as a Complex Case under the Procedures for Complex Cases in the Southern District of Texas. |
| Plan Filing | The chapter 11 plan of reorganization that reflects the terms of this Term Sheet (the "Plan") and the corresponding disclosure statement describing the Plan shall be filed no later than 30 days after commencement of the Case (the "Plan Filing Deadline") or such later date as mutually agreed to in writing by GLF and the SPD Parties.<br><br>Any Plan shall be in form and substance acceptable to the SPD Parties and shall be consistent with this Term Sheet in all material respects. |
| Confirmation Order Entered | The order confirming the Plan (the "Confirmation Order") shall be entered no later than November 30, 2026 (the "Confirmation Deadline") or such later date as mutually agreed to in writing by GLF and the SPD Parties.<br><br>The Confirmation Order shall be in form and substance acceptable to the SPD Parties and shall be consistent with this Term Sheet in all material respects. |
| Plan Effective Date | The Plan Effective Date shall occur no later than December 31, 2026. |
| Term Sheet Effective Date | This Term Sheet shall become effective and binding upon each of the Parties according to its terms on the date (the "Term Sheet Effective Date") when each of the Parties shall have executed and delivered counterpart signature pages of this Term Sheet. |
| Forbearance | On the Term Sheet Effective Date, as long as this Term Sheet has not been terminated pursuant to the terms hereof, each SPD Party agrees to forbear from pursuing any other remedies against GLF and Cristóbal M. Galindo ("Mr. Galindo") until the Plan Effective Date. For the avoidance of doubt, this forbearance shall not constitute a waiver of any kind with respect to defaults or remedies available under the |

| | |
|---|---|
| | SPD Agreements with respect to GLF, Mr. Galindo or any other party. |
| Termination | Upon the occurrence of any of the events set forth below (each, a "Termination Event"), this Term Sheet may be terminated by the applicable Party as specified below:<br><br>SPD Parties Termination Events. The SPD Parties may terminate this Term Sheet upon written notice to GLF and its counsel (email being sufficient) upon the following:<br>i. a receiver is appointed over GLF or substantially all of its assets;<br>ii. the Case is not filed in the Venue by September 1, 2026;<br>iii. GLF obtains debtor-in-possession financing from any person or entity other than the SPD Parties;<br>iv. the Plan Effective Date shall not have occurred by December 31, 2026, or such later date as mutually agreed to in writing by GLF and the SPD Parties;<br>v. the Bankruptcy Court enters an order converting the Case to a case under chapter 7 of the Bankruptcy Code or enters an order dismissing the Case;<br>vi. the Bankruptcy Court enters an order appointing a trustee or an examiner with expanded powers in the Case;<br>vii. GLF breaches any obligation under this Term Sheet, which breach is not cured within five (5) days after the SPD Parties provide written notice of such breach, solely to the extent such breach is curable;<br>viii. GLF does not file the Plan by the Plan Filing Deadline, or GLF otherwise withdraws or revokes the Plan after filed;<br>ix. GLF does not obtain confirmation of the Plan by the Confirmation Deadline;<br>x. GLF commences any adversary proceeding against any of the SPD Parties;<br>xi. the Bankruptcy Court or other governmental authority with jurisdiction issues any order, injunction, or other decree or takes any other action, which has become final and non-appealable and which restrains, enjoins, or otherwise prohibits the implementation of the Restructuring in a way that cannot be remedied by GLF or the effect of |

Docusign Envelope ID: 26CDA114-A3F7-89A9-807A-319DFC321F03



which would be to (A) render this Term Sheet or any portion unenforceable or enjoin or otherwise restrict the consummation of the Restructuring in a way that cannot reasonably be remedied by GLF or (B) render the Plan incapable of consummation on the terms set forth in this Term Sheet;

xii. the entry of an order by the Bankruptcy Court or any other court with appropriate jurisdiction denying confirmation of the Plan, or if the Confirmation Order is reversed, vacated, modified, amended, supplemented, or in any way altered by order of a court of competent jurisdiction;

xiii. GLF files any Plan or Disclosure Statement that is inconsistent with the requirements of this Term Sheet and such inconsistency has not been agreed to or waived by the SPD Parties in accordance with the terms hereof;

xiv. the Bankruptcy Court enters an order in the Case terminating GLF's exclusive right to file a plan pursuant to Bankruptcy Code section 1121 or such exclusivity period otherwise expires;

xv. the Bankruptcy Court enters an order authorizing or directing the assumption, assumption and assignment, or rejection of an executory contract or unexpired lease, other than any assumption or rejection that (A) is approved in advance by the SPD Parties or (B) is expressly contemplated by the Plan;

xvi. GLF files any motion seeking to reject or to assume and assign any SPD Agreement without the approval and consent by such applicable SPD Party;

xvii. GLF files any objection or challenge to a claim of the SPD Parties, including but not limited to the PEO Claims, the Pre-Petition SPD Claims, Post-Petition SPD Claims, Sergio De La Canal Claims, or the SPD Judgment Claim;

xviii. If any amounts garnished pursuant to the Writ of Garnishment After Judgment issued on March 6, 2026 by Marilyn Burgess, District Clerk, Harris County Texas, are ordered to be paid, repaid, or otherwise returned, in whole or in part, from any SPD Party to any other party;

xix. the Company files with the Bankruptcy Court any motion or application seeking authority to sell any

| | |
|---|---|
| | assets without the prior written consent of the SPD Parties.<br><br><u>GLF Termination Events</u>. GLF may terminate this Term Sheet upon written notice delivered to the SPD Parties and their counsel (email being sufficient), upon the following:<br>i. any of the SPD Parties breaches any obligation under this Term Sheet which breach is not cured within five (5) days after GLF provides written notice of such breach from GLF, solely to the extent such breach is curable;<br>ii. GLF exercises its Fiduciary Out hereunder; or<br>iii. the issuance by any governmental authority, including any regulatory authority or court of competent jurisdiction, of any ruling or order declaring this Term Sheet or any portion hereof to be unenforceable or enjoining or otherwise restricting the consummation of the Restructuring in a way that cannot reasonably be remedied by GLF.<br><br><u>Mutual Termination</u>. This Term Sheet may be terminated by mutual agreement among (a) GLF and (b) the SPD Parties for any reason at any time.<br><br><u>Termination Upon Consummation of the Restructuring</u>. This Term Sheet shall terminate automatically without any further required action or notice upon the occurrence of the Plan Effective Date.<br><br><u>Automatic Termination</u>. The Term Sheet shall terminate automatically, without any further action required by any Party, upon any court of competent jurisdiction entering a final, non-appealable judgment or order declaring the Term Sheet to be invalid, void, or otherwise unenforceable in any respect.<br><br><u>Effect of Termination</u>.<br>Upon the termination of this Term Sheet, this Term Sheet shall be of no further force and effect and each Party hereto shall be released from its commitments, undertakings, and agreements under or related to this Term Sheet and shall be entitled to take all actions, whether with respect to the Restructuring or otherwise, that they would have been entitled to take had they not entered into this Term Sheet. |

| | |
|---|---|
| | Notwithstanding the foregoing, any claim for breach of this Term Sheet that accrued prior to the date of termination of this Term Sheet and all rights and remedies of the Parties hereto shall not be prejudiced as a result of termination.<br><br>If this Term Sheet is terminated, nothing herein shall be construed as a waiver by any Party of any or all of such Party's rights, and the Parties expressly reserve any and all of their respective rights and any and all of their remedies, claims, and interests, including, without limitation, the right to challenge the validity of any such termination. Pursuant to Federal Rule of Evidence 408 and any other applicable rules of evidence, this Term Sheet and all negotiations relating hereto shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms. This Term Sheet shall in no event be construed as or be deemed to be evidence of an admission or concession on the part of any Party of any claim or fault or liability or damages whatsoever. Each of the Parties denies any and all wrongdoing or liability of any kind and does not concede any infirmity in the claims or defenses which it has asserted or could assert.<br><br>Following the commencement of the Case, GLF acknowledges and agrees that the termination of this Term Sheet upon the occurrence of a Termination Event, and the giving notice of termination by any SPD Party pursuant to this Term Sheet, is not a violation of the automatic stay pursuant to section 362 of the Bankruptcy Code (and GLF waives the applicability of the automatic stay to the giving of such notice); *provided that* nothing herein shall prejudice GLF's rights to argue that the termination of this Term Sheet was not proper under its terms. |
| Fiduciary Out | Notwithstanding anything to the contrary herein, but without prejudice to the rights of the SPD Parties to terminate this Term Sheet upon any Termination Event: (A) GLF shall be permitted to take (or permitted to refrain from taking) any action with respect to the Restructuring to the extent GLF determines, in good faith based upon advice of outside counsel, that taking such action, or refraining from taking such action, as applicable, is reasonably required to comply with applicable law, including its fiduciary duties, and may take such action without incurring any liability, and (B) the owners, officers, and employees of GLF shall not be required to take any action inconsistent with applicable law. |

| | |
|---|---|
| Management Compensation & Employment Terms | On the Term Sheet Effective Date, Mr. Galindo shall execute an employment agreement to serve as Chief Executive Officer / Managing Attorney of GLF as a W-2 salaried employee.<br><br>Mr. Galindo's annual compensation shall be fixed at $800,000 per annum (payable in accordance with standard payroll) until such time that the Plan is confirmed and such Plan Effective Date has occurred.<br><br>Mr. Galindo shall be entitled to receive equity distributions, shareholder draws, or discretionary bonuses, but in no event in excess of 25%, so long as obligations under the Plan are kept current and not in default. |
| **<u>Plan Definitions</u>** | |
| **<u>Defined Terms</u>** | **<u>Definition</u>** |
| AWD | "AWD" means Aspey, Watkins & Diesel, Attorneys at Law, P.L.L.C. and all parties acting directly or indirectly through AWD including without limitation, Whitney Cuningham in both his individual capacity as a managing partner of AWD, and all affiliates, partners, officers, directors, and related parties. |
| CMG | "CMG" means CMG Funding 2025 LLC (as lender and administrative agent), Deer Finance, LLC (as servicer), and all affiliates, officers, directors, members, managers, and related parties. |
| Convenience Class | "Convenience Class" shall mean the class of General Unsecured Creditors holding allowed claims in the maximum dollar amount of $10,000 or less, or who hold claims in a greater amount in the aggregate but who otherwise make an election (the "Convenience Class Election") on the ballot for voting on the Plan to have such claim treated as a claim in the Convenience Class. |
| Convenience Class Creditors | "Convenience Class Creditors" means General Unsecured Creditors holding allowed claims of $10,000 or less, or that otherwise make the Convenience Class Election. |

| | |
|---|---|
| Plan Effective Date | "Plan Effective Date" means the effective date of the confirmed Plan. |
| Galindo & Mott | "Galindo & Mott" means Galindo & Mott, LLP, the Texas law firm in which GLF owns a 50% interest. |
| General Unsecured Creditors | "General Unsecured Creditors" shall mean creditors holding allowed general unsecured claims. For the avoidance of doubt, General Unsecured Creditors shall specifically <u>exclude</u> CMG, SPD Parties, K&K, Galindo & Mott, and AWD. |
| K&K | "K&K" shall mean Krause and Kinsman Group, LLP, Krause & Kinsman Law Firm LLC, and Krause and Kinsman Group, LLC, collectively, and all affiliates, officers, directors, partners, managers, members, attorneys, and related parties, specifically including Adam Krause and Robert Kinsman. GLF owns a 50% interest in Krause and Kinsman Group, LLP, a Washington D.C. law firm, doing business as Galindo D.C. |
| PEO Claims | "PEO Claims" shall mean all claims of Damage Resources LLC under the January 1, 2025 *Professional Employer Organization (PEO) Client Service Agreement* that arise in whole or in part after the Case's petition date. |
| Pre-Petition SPD Claims | "Pre-Petition SPD Claims" shall mean all claims of any SPD Party which arise in whole or in part before the Case's petition date, <u>other than</u> the SPD Judgment Claim and the Sergio De La Canal Claims. |
| Post-Petition SPD Claims | "Post-Petition SPD Claims" shall mean all claims of any SPD Party which arise in whole or in part on or after the Case's petition date, <u>other than</u> the PEO Claims. |
| Reorganized GLF | As reorganized pursuant to the Restructuring, GLF shall be referred to as "Reorganized GLF". |
| Sergio De La Canal Claims | "Sergio De La Canal Claims" shall mean all amounts owed by GLF to Sergio De La Canal arising prior to the petition date. |
| SPD Agreements | "SPD Agreements" means the agreements between GLF and the SPD Parties, including, but not limited to: |

| | |
|---|---|
| | 1. *Commercial Aircraft Lease Agreement* [N776CD], effective September 4, 2020, with Triple Crown Aviation LLC;<br>2. *Master Services Agreement* – Camp Lejeune, effective October 13, 2022, with Decibel LLC;<br>3. *Commercial Aircraft Lease Agreement* [N502LA], effective March 14, 2023, with Twin Diamond LLC;<br>4. *Independent Contractor Services Agreement*, effective June 28, 2023, with Decibel LLC;<br>5. *Independent Contractor Services Agreement*, effective March 1, 2024, with Sergio De La Canal;<br>6. *Master Services Agreement* – Zantac, effective June 2, 2024, with Decibel LLC;<br>7. *Master Services Agreement* – Houston Storm, effective July 23, 2024, with Decibel LLC;<br>8. *Master Services Agreement* – PDiddy, effective October 6, 2024, with Decibel LLC;<br>9. *Master Services Agreement* – TPC, effective October 21, 2024, with Decibel LLC;<br>10. *Professional Employer Organization (PEO) Client Service Agreement*, effective January 1, 2025, with Damage Resources;<br>11. *Master Services Agreement* – Southern California Wildfires, effective January 13, 2025, with Decibel LLC;<br>12. *Commercial Aircraft Lease Agreement* [N434SC], effective May 1, 2026, Pajaro Uno, LLC; and<br>13. *Texas Commercial Lease Agreement*, effective May 1, 2026, with Alpha Seven LLC. |
| SPD Parties | "SPD Parties" means Sergio P. De La Canal, individually; Decibel Legal Services LLC; Damage Resources LLC; Damage Reports, LLC; LevelUp Law, LLC; Alpha Seven LLC; Pajaro Uno, LLC; Twin Diamond LLC; Triple Crown Aviation LLC; and any future-formed entity owned by Sergio P. De La Canal that does business with GLF, and all officers, directors, and/or managers and members, as applicable, of the forgoing. |
| SPD Judgment Claim | "SPD Judgment Claim" means all amounts awarded pursuant to the Final Judgment Confirming Arbitration Award signed on December 1, 2025 by Judge Garrison in the 157th Judicial District Court of Harris County, Texas (Cause No. 2024-89003). |

| **Plan Treatment** | |
|---|---|
| **Claim or Interest** | **Treatment** |
| SPD Parties Claims | SPD Parties Claims shall be treated under the Plan as follows:<br>• All SPD Agreements shall be assumed by GLF on the Plan Effective Date pursuant to 11 U.S.C. § 365. Cure claims related to the SPD Agreements shall be treated and payable as follows:<br>    o PEO Claims arising and accruing on or after the petition date and for the duration of the first six full months of the Case shall be treated as an allowed Administrative Claim, but shall be paid in full on the first business day of the seventh (7th) full month following the Petition Date.<br>    o PEO Claims arising and accruing on the first business day of the seventh (7th) full month following the Petition Date and thereafter shall be paid net 60.<br>    o Post-Petition SPD Claims (other than PEO Claims) shall be treated as allowed Administrative Claims, but shall be paid in full from the Plan Payment Account on the first business day following the eighteen (18) month anniversary of the Plan Effective Date.<br>    o All Pre-Petition SPD Claims, in the allowed amount of $4,999,860.50, shall be treated and paid as allowed General Unsecured Claims.<br>    o The SPD Judgment Claim shall be treated and paid as an allowed General Unsecured Claim.<br>• The Sergio De La Canal Claims, in the allowed amount of $930,929.23, shall be treated and paid as allowed General Unsecured Claims. |
| Convenience Claims | Allowed Convenience Class Claims will be paid in full, without interest, over 18 months on a quarterly basis from funds in the Plan Payment Account. |
| General Unsecured Claims | General Unsecured Creditors who hold allowed General Unsecured Claims and who are not Convenience Class Creditors shall be paid in full, without interest, over the lesser of 7 years or the life of the Plan through *pro rata* distribution of funds in the Plan Payment Account. |

| | |
|---|---|
| Galindo & Mott Claims | All unexpired and executory contracts, memorandums of understanding, and other agreements with Galindo & Mott will be assumed. Cure Claims shall be paid in full without interest on the first business day following the eighteen (18) month anniversary of the Plan Effective Date from the Plan Payment Account.<br><br>Galindo & Mott Claims unrelated to executory contracts shall be paid in full, without interest, over the lesser of 7 years or the life of the Plan through *pro rata* distribution of funds in the Plan Payment Account. |
| CMG Claims | All allowed CMG Claims will be paid in full over the lesser of 7 years or the life of the Plan through *pro rata* distribution of funds in the Plan Payment Account. The amount of the claim will be agreed to by CMG and the Parties hereto or otherwise determined by the Court. Interest will accrue at the federal judgment rate solely to the extent it is agreed or otherwise determined that some or all of the CMG Claims are allowed secured claims. |
| K&K Claims | All unexpired and executory contracts, memorandums of understanding, and other agreements with K&K will be assumed. Cure Claims shall be paid in full on the first business day following the eighteen (18) month anniversary of the Plan Effective Date from the Plan Payment Account. K&K Claims unrelated to executory contracts shall be paid in full, without interest, over the lesser of 7 years or the life of the Plan through *pro rata* distribution of funds in the Plan Payment Account. |
| AWD Claims | Any AWD claims, to the extent allowed by entry of a final order, shall be paid without interest through *pro rata* distribution of funds in the Plan Payment Account over the lesser of 7 years or the life of the Plan with the first payment, if any, due on the first business day that is one calendar year after entry of the final order allowing any AWD claim. |
| Equity Interests | Cristóbal M. Galindo will retain his equity interests in Reorganized GLF. |
| Executory Contracts | All unexpired leases and executory contracts not expressly assumed shall be rejected on the Plan Effective Date. |

| **Plan Implementation** | |
|---|---|
| Post-Plan Effective Date Trade Payables to SPD Parties | Payment of any post-Plan Effective Date amounts arising or otherwise accruing, other than PEO Claims (as treated above), with any SPD Party during the first eighteen (18) months following the Plan Effective Date shall be deferred in full and payable in a single lump sum on the first business day following the eighteen (18) month anniversary of the Plan Effective Date from the Plan Payment Account. Thereafter, payment terms for any post-Plan Effective Date obligations owed to any SPD Party shall be on net 60 terms. |
| Plan Payment Account | The Plan shall provide that 55% of (i) GLF's net revenue of all recoveries from any claims asserted on behalf of clients, directly or indirectly, (ii) any payments attributable to GLF's interest in Galindo & Mott and Krause and Kinsman Group, LLP; and (iii) any payments attributable to recoveries where GLF is counsel of record or otherwise pursuant to a Memorandum of Understanding, Co-Counsel Agreement, or such other agreement with other attorneys (collectively, the "Litigation Recoveries") shall be transferred from the applicable IOLTA account to a separate, segregated account established for purpose of making plan disbursements (the "Plan Payment Account"). |
| Waiver of Default Interest and Make-Whole | The Plan shall provide for a waiver of any provision in CMG's February 2025 credit and loan documents with GLF and Galindo & Mott relating to default interest or a make-whole fee. |
| Appointment / Duties of Disbursing Agent | The Plan shall provide for the appointment of a disbursing agent (the "Disbursing Agent"), which individual or entity shall be independent of Mr. Galindo, GLF, or any of the SPD Parties; *provided however*, that SPD and Mr. Galindo shall consult and be entitled to appoint a mutually agreeable Disbursing Agent in their sole discretion.<br><br>The Disbursing Agent will be paid reasonable compensation from funds on deposit in the Plan Payment Account. The duties of the Disbursing Agent shall include, but will not necessarily be limited to, preparing a report of all funds deposited into and disbursed from the Plan Payment Account, verification that Litigation Recoveries have been properly paid into the Plan Payment Account, disbursing |

| | |
|---|---|
| | payments as required under the Plan, and maintaining a reasonable reserve amount in the Plan Payment Account. |
| Reorganized GLF Corporate Existence | Reorganized GLF shall be registered, formed, or organized in accordance with the applicable laws of Puerto Rico. |
| Releases & Injunctions | Effective as of the Plan Effective Date, the Parties shall grant customary mutual releases of all pre-petition and post-petition claims.<br><br>For the avoidance of doubt, releases shall expressly <u>exclude</u> AWD, Priority Responsible Funding, LLC ("<u>PRF</u>"), Casey Gard, Bruce Copeland, and any related non-released defendants (collectively, the "<u>Excluded Parties</u>").<br><br>All estate claims, preference actions, and fraudulent transfer claims against the Excluded Parties under Sections 547, 548, and 549 of the Bankruptcy Code shall be preserved and transferred, and any recoveries on account of such preserved claims, shall be transferred to the Plan Payment Account for the benefit of creditors as set forth herein. |
| Other Plan Terms | The Plan shall contain all other customary terms reasonably acceptable to GLF and the SPD Parties. |

*[signature page to follow]*

**AGREED TO:**

**CRISTÓBAL M. GALINDO, P.C.**
**D/B/A GALINDO LAW**

DocuSigned by:

By: Cristobal M. Galindo
763AB7419A374A4...
Name: Cristóbal M. Galindo
Title: President/Owner

**SPD PARTIES**

By: Sergio P. De La Canal
Sergio P. De La Canal (Aug 18, 2026 16:53:17 PDT)
Name: Sergio P. De La Canal
Title: Authorized Representative/Owner

# Exhibit B

## Opinion No. 576

**The Professional Ethics Committee**
**For the State Bar of Texas**
**Opinion No. 576**

**December 2006**

## QUESTION PRESENTED

May a lawyer who represents a client in a contingent fee personal injury case enter into an agreement with a lending company owned by non-lawyers under the terms of which the lending company would agree to reimburse the lawyer for litigation expenses in the case as incurred and the lawyer would agree to repay, in the event of a recovery in the lawsuit, the amounts advanced plus a funding fee equal to a fixed percentage of any amount recovered in the case but subject to an agreed maximum?

## STATEMENT OF FACTS

A lawyer represents a client on a contingent fee basis in a personal injury case. Because the client cannot afford to fund the litigation expenses necessary to prosecute the lawsuit, the lawyer must advance all such expenses. A lending company owned by non-lawyers has offered to fund the litigation expenses in the case for the promise of a funding fee contingent on the client's recovery in the lawsuit. The agreement between the lending company and the lawyer would call for the lending company to reimburse the lawyer for litigation expenses actually incurred and for the lawyer to repay the amounts advanced for expenses plus a funding fee equal to a fixed percentage of any amount recovered (net of litigation expenses but not legal fees) when and if the client recovered in the lawsuit. The maximum amount of the funding fee would be limited by a cap equal to a specified multiple of the litigation expenses incurred in the case. For example, under an agreement where the funding fee percentage was 1% and the cap amount was equal to two times the litigation expenses, if the client's recovery net of expenses was $1,000,000 and the litigation expenses were $50,000, then the funding fee that the lawyer would be obligated to pay to the lending company would be $10,000 (1% of $1,000,000) and the agreed cap would not limit the amount of the funding fee.

The agreement would be solely between the lawyer and the lending company. The client would not be a party to the contract and would not owe money or have any other obligations to the lending company. The agreement would provide that the lending company would have no special rights to any of the proceeds of the lawsuit, such as a lien or security interest in the client's portion of the recovery or in the lawyer's contingent fee. Instead, the agreement would provide that the obligation to pay the lending company would be merely the general unsecured obligation of the lawyer. The agreement would provide further that the funding fee would not be charged to the client as an expense. In the example above, the litigation expenses advanced would be repaid from the proceeds of the recovery, but the $10,000 funding fee would be paid by the lawyer (presumably, but not necessarily, from his portion of the contingent fee). Additionally, the agreement between the lawyer and the lending company would require full disclosure to the client of the agreement and consent from the client for the lawyer to enter into the agreement. The agreement would also require the lawyer to maintain independence of judgment as to all aspects of the lawsuit and control of the litigation. The lending company

would not be permitted to have any control of the lawsuit or contact with the client and would not be permitted access to any confidential information except as was necessary to determine the expenses to be reimbursed and the amount of the client's ultimate recovery.

**DISCUSSION**

Whether the proposed arrangement constitutes a fee-sharing agreement with a non-lawyer is the primary concern here. Rule 5.04(a) of the Texas Disciplinary Rules of Professional Conduct clearly prohibits lawyers from sharing legal fees with non-lawyers. Rule 5.04(a) provides that, with exceptions not here relevant, "A lawyer or law firm shall not share or promise to share legal fees with a non-lawyer . . . ." The principal reasons for this prohibition are to prevent solicitation by lay persons of clients for lawyers and to avoid encouraging or assisting non-lawyers in the practice of law. See Comment 1 to Rule 5.04(a).

Recently, in a context similar to the one presented here, this Committee, citing Rule 5.04(a), determined that the Texas Disciplinary Rules would be violated by a lawyer who agreed, as a term of a loan agreement with a finance company that was loaning the lawyer money for litigation expenses in a contingent fee case, to pay to the finance company a percentage of his contingency fee in addition to the principal and interest on the loan. Professional Ethics Committee Opinion 558 (May 2005). There, the lawyer's agreement with the non-lawyer finance company plainly called for paying to a non-lawyer a specific portion of the lawyer's fee, unquestionably the very practice forbidden by Rule 5.04(a).

In a different context, this Committee approved in Opinion 481 (January 1994) an arrangement under which a client paid for legal services by borrowing monies equal to the legal fee from a for-profit finance company, which paid the lawyer directly 90% of the funds borrowed by the client. The finance company retained the remaining 10% and additionally charged lawyers a fee to participate in the program. Recognizing the principal reasons for the prohibition on fee splitting as set forth in Comment 1 to Rule 5.04(a) and noting that the finance company did not solicit clients for any participating lawyer and that it did not perform any legal services, the Committee expressed its belief that under these circumstances ". . . the retention by the finance corporation of a reasonable portion of the amount borrowed by the client is properly viewed as [a] finance arrangement rather than a fee-splitting arrangement subject to the prohibition."

The proposed arrangement here is similar to the fee-splitting arrangement rejected in Opinion 558 rather than the finance arrangement approved in Opinion 481. The funding fee in the circumstances here addressed would be tied directly to the amount of the recovery in the underlying litigation just as was the payment to the finance company in Opinion 558. The amount of the recovery in a lawsuit is largely determined by the lawyer's knowledge, skill, experience and time expended. See American Bar Association Standing Committee on Ethics and Professional Responsibility Formal Opinion 94-389 (December 5, 1994). By tying the proposed funding fee to a percentage of the recovery, the lending company would be directly benefiting from the lawyer's knowledge, skill, experience and time expended to the detriment of the lawyer, who would be solely responsible for paying the funding fee. This would be tantamount to fee splitting.

Finally, this result is consistent with the policy considerations underlying Rule 5.04(a). In Opinion 467 (November 1990), this Committee ruled that a law firm's office lease with a non-lawyer landlord that provided for rent that could be a percentage of the law firm's gross receipts constituted an agreement to share legal fees with a non-lawyer in violation of Rule 5.04(a). The

Committee reasoned that a percentage rental agreement is prohibited for lawyers because an arrangement under which a non-lawyer landlord could receive a percentage of legal fees earned by a law firm would create an incentive for the landlord to refer legal business to the law firm, a result that Rule 5.04(a) is intended to prevent. Similarly, the proposed arrangement here would create an incentive for the lending company to refer cases to lawyers using its services.

**CONCLUSION**

Under the Texas Disciplinary Rules of Professional Conduct, a lawyer who represents a client in a contingent fee personal injury case may not enter into an agreement with a lending company owned by non-lawyers under the terms of which the lending company would agree to reimburse the lawyer for litigation expenses in the case as incurred and the lawyer would agree, in the event of a recovery in the case, to repay the lending company the amount advanced by the lending company and to pay a funding fee equal to a specified percentage of the amount recovered in the case net of expenses but subject to an agreed maximum.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**CRISTÓBAL M. GALINDO, P.C.**<br>**D/B/A GALINDO LAW FIRM,**<br><br>**Debtor.**[1] | **Chapter 11**<br><br>**Case No. 26-90764 (ARP)** |

**<u>SCHEDULES OF ASSETS AND LIABILITIES FOR CRISTÓBAL M. GALINDO, P.C., D/B/A GALINDO LAW FIRM (CASE NO. 26-90764)</u>**

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:**<br><br>**CRISTÓBAL M. GALINDO, P.C.**<br>**D/B/A GALINDO LAW FIRM,**<br><br>**Debtor.**[1] | **Chapter 11**<br><br>**Case No. 26-90764** |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and Statement of Financial Affairs (collectively, the "Statement," and, together with the Schedules, the "Schedules and Statement") filed by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (this "Case") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), were prepared in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtor, with the assistance of the Debtor's professional advisors, and are unaudited.

The Schedules and Statement have been signed by Cristóbal M. Galindo, the Debtor's President, Sole Director, and Sole Shareholder. Mr. Galindo has not (nor could have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. Galindo has not (nor could have) personally verified the completeness of the Schedules and Statement, nor the accuracy of all of the information contained therein. In reviewing and signing the Schedules and Statement, Mr. Galindo necessarily relied upon the Debtor's professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to ensure that the Schedules and Statement are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statement, and inadvertent errors or omissions may exist.

These *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Schedules and Statement. The Global Notes should be referred to and reviewed in connection with

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.

review of the Schedules and Statement. Disclosure of information in a schedule, statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules, Statement, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.**

## Global Notes and Overview of Methodology

**General Reservation of Rights.** Although the Debtor's management has made every reasonable effort to ensure that the Schedules and Statement are as accurate and complete as possible under the circumstances based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statement, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statement contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statement are complete. The Debtor reserves all rights to amend the Schedules and Statement from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statement as to amount, liability, or classification, or to otherwise subsequently designate any claim ("Claim") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statement shall constitute an admission of any claims or a waiver of any of the Debtor's rights with respect to the Case, including issues involving recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

**Description of Cases and "As Of" Information Date.** On August 24, 2026 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Unless otherwise stated herein, liabilities are reported as of the Petition Date. To the best of the Debtor's knowledge, the asset information provided herein represents the asset data of the Debtor as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtor reserves its right to amend or adjust the value of each asset set forth as "unknown", "disputed", "contingent", "unliquidated", or "undetermined", and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statement.

**Basis of Presentation.** Information contained in the Schedules and Statement has been derived from the Debtor's books and records. The Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

**Totals.** All totals that are included in the Schedules and Statement represent totals of all known amounts included in the Debtor's books and records. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

**Excluded Assets and Liabilities.** The Debtor has excluded potential claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist. Certain immaterial assets and liabilities that are not reported or tracked by the Debtor may have been excluded.

**Amendments and Supplements; All Rights Reserved.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statement; inadvertent errors or omissions, however, may exist. The Debtor reserves all rights to amend and/or supplement the Schedules and Statement from time to time as is necessary and appropriate.

**References.** References to applicable loan agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens and/or claims. Nothing in the Global Notes or the Schedules and Statement shall be deemed a modification or interpretation of the terms of such agreements.

**Currency.** All amounts are reflected in U.S. dollars.

**Book Value.** Unless otherwise indicated, the Debtor's assets are shown on the basis of net book values as of the Petition Date, and the Debtor's liabilities are shown on the basis of net book values as of the Petition Date. Thus, unless otherwise noted, the Schedules and Statement reflect the carrying value of the assets and liabilities as recorded on the Debtor's books. Net book values may vary, sometimes materially, from market values. The Debtor does not intend to amend the Schedules and Statement to reflect market values.

**Recharacterization.** Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statement, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtor reserves all rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statement at a later time as it determines to be necessary and appropriate.

**Liabilities.** The Debtor allocated liabilities between the pre-petition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statement. As additional information becomes available, and further research is conducted, particularly with respect to the Debtor's payable accounts, the allocation of liabilities between the pre-petition and post-petition periods may change. The Debtor reserves the right to amend the Schedules and Statement as it deems appropriate to reflect this.

**Guarantees.** Where a guaranty has been identified, it has been included in the relevant liability Schedule for the Debtor. The Debtor has also listed such guarantees on Schedule H. It is possible that a guaranty embedded in the Debtor's executory contracts, unexpired leases, and other such agreements may have been inadvertently omitted. The Debtor reserves the right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Executory Contracts and Unexpired Leases.** The Debtor's executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtor has made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred. To the best of its knowledge, all of the Debtor's executory contracts and unexpired leases are listed on Schedule G of the Schedules. It is possible that the Debtor may be a party to certain executory contracts or unexpired leases that have not been listed on Schedule G. The Debtor reserves all rights with respect to the named parties to any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtor has made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by any counterparty to such contract or lease.

**Claims Description.** Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtor reserves all rights to dispute any Claim reflected on the Schedules and Statement on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated." In addition, the Debtor reserves the right to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

**Causes of Action.** Despite reasonable efforts, the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and Statement, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtor reserves all rights for any claims, causes of action, or avoidance actions it may have, and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

**Credits and Adjustments.** The claims of creditors are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments. The Debtor reserves its rights with regard to such credits, allowances, and other adjustments, including the right to assert claim objections and/or setoffs with respect to the same.

**Setoffs**. Although offsets and other similar rights may have been accounted for when certain amounts were included in the Debtor's Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

**Confidentiality.** Redacted information may appear throughout the Schedules and Statement in accordance with the Bankruptcy Court's *Order (I) Implementing Certain Procedures to Maintain the Confidentiality of Certain Client Information; (II) Authorizing the Debtor to Redact Certain Personal Identifying Information; (III) Modifying the Required Notice Procedures Under the Bankruptcy Rules; (IV) Approving the Form and Manner of the Notice of Commencement; and (V) Granting Related Relief* [ECF No. 43].

**Global Notes Control.** In the event that the Schedules and Statement differ from these Global Notes, the Global Notes shall control.

## General Disclosures Applicable to Schedules

**Classifications.** Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's right to recharacterize or reclassify such Claim or contract.

**Schedule A/B - Real and Personal Property.**

Bank Accounts. Bank account balances are as of the Petition Date. Bank accounts designated as "IOLTA" are accounts held by the Debtor with unearned client funds and do not constitute assets of the Debtor's estate until earned by the Debtor. The Schedules include accounts that were active as of the Petition Date, as well as accounts that were dormant or inactive.

Causes of action against third parties. The Debtor has engaged in reasonable efforts to identify all known causes of action against third parties. However, the Debtor's precise legal strategy on a go-forward basis has not yet been determined. Accordingly, the non-inclusion of a cause of action on Schedule A/B should not be construed as a statement by the Debtor that such cause of action did not exist of the Petition Date or considered a waiver of such cause of action.

**Schedule E/F — Creditors Holding Unsecured Claims.** The Debtor has used reasonable efforts to report all general unsecured Claims against the Debtor on Schedule E/F based upon the Debtor's existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. The Claims and amounts listed in respect of certain trade payables reflect amounts owed as of the Petition Date. Schedule E/F also contains information regarding pending litigation and involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "unknown" and marked as contingent, unliquidated, and disputed in the Schedules and Statement.

**Schedule G — Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion by the Debtor may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases, which may not be listed on Schedule G. In addition, the Debtor may have entered into various other types of

agreements in the ordinary course of business, such as supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G.

The Debtor reserves all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect on the Petition Date or is valid and enforceable, and the Debtor reserves all rights in that regard, including, that any agreement is not executory, has expired pursuant to its terms, or was terminated pre-petition.

**Schedule H — Co-debtors.** The Debtor reserves all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guaranty, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

The Debtor may not have identified certain guarantees that are embedded in the Debtor's executory contracts, unexpired leases, and other such agreements. The Debtor reserves its right, to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or are unenforceable.

## General Disclosures Applicable to Statement of Financial Affairs

**Question 7.** The Debtor reserves all rights and defenses with respect to any and all listed lawsuits. The listing of any such suits shall not constitute an admission by the Debtor of any liabilities or that the actions were correctly filed against the Debtor. The Debtor also reserves the right to assert that it is not an appropriate party to any such actions.

Case 26-90764 Document 13-3 Filed in TXSB on 01/21/26 Page 8 of 13

**Fill in this information to identify the case:**

**Debtor name: Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm**

**United States Bankruptcy Court for the: Southern District of Texas**

**Case number: 26-90764**

☐ **Check if this is an amended filing**

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

| | |
|---|---|
| **1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B) | |
| 1a. **Real property:** Copy line 88 from Schedule A/B | $0.00 |
| 1b. **Total personal property:** Copy line 91A from Schedule A/B | $98,168,536.93 |
| 1c. **Total of all property:** Copy line 92 from Schedule A/B | $98,168,536.93 |
| **2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D) Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D | $0.00 |
| **3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F) | |
| 3a. **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of Schedule E/F | $0.00 |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | $11,594,950.16 |
| **4. Total Liabilities** Lines 2 + 3a + 3b | $11,594,950.16 |

| Fill in this information to identify the case: |
|---|
| Debtor name: Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number: 26-90764 |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **2. Cash on hand** | | | |
| 2.1 | | | $3,775.00 |
| **3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| 3.1 JPMorgan Chase Bank, N.A. | Money Market Account | 0665 | $0.34 |
| 3.2 JPMorgan Chase Bank, N.A. | Primary IOLTA Account | 0666 | $713,544.16 |
| 3.3 JPMorgan Chase Bank, N.A. | TPC DOJ IOLTA Account | 0699 | $0.00 |
| 3.4 JPMorgan Chase Bank, N.A. | TPC IOLTA Account | 1757 | $345,569.01 |
| 3.5 JPMorgan Chase Bank, N.A. | California IOLTA Account | 2818 | $0.00 |
| 3.6 JPMorgan Chase Bank, N.A. | MMA IOLTA Account | 6872 | $0.00 |
| 3.7 JPMorgan Chase Bank, N.A. | JBSL Sweep Account | 6963 | $141,032.37 |

| | | | |
|---|---|---|---|
| 3.8 JPMorgan Chase Bank, N.A. | Main Operating Account | 8765 | $27,084.16 |
| 3.9 JPMorgan Chase Bank, N.A. | AWD Sweep Account | 8872 | $0.00 |

**4. Other cash equivalents** *(Identify all)*

4.1 $0.00

**5. Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. **$1,231,005.04**

## Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

**Current value of debtor's interest**

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

7.1 $0.00

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | |
|---|---|
| 8.1 Prepaid Retainer - Dykema Gossett PLLC | $13,989.20 |
| 8.2 Prepaid Retainer - Harney Partners | $30,562.50 |
| 8.3 Prepaid Retainer - Hayward PLLC | $79,046.13 |
| 8.4 Prepaid Retainer - Stretto | $7,569.60 |

**9. Total of Part 2**
Add lines 7 through 8. Copy the total to line 81. **$131,167.43**

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | $0.00 | – | $0.00 | = ........ → | $0.00 |
| 11b. Over 90 days old: | $0.00 | – | $0.00 | = ........ → | $0.00 |

**12. Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$0.00

## Part 4: Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1** Name of fund or stock: | | | |
| 14.1 | | | $0.00 |
| **15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** Name of entity: | % of ownership: | | |
| 15.1 Galindo & Mott, LLP | 50% | N/A | Undetermined |
| 15.2 Krause and Kinsman Group, LLP | 50% | N/A | Undetermined |
| **16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** Describe: | | | |
| 16.1 | | | $0.00 |

**17. Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

$0.00

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |

**22. Other inventory or supplies**

| | | | | |
|---|---|---|---|---|
| 22.1 | | | | $0.00 |

**23. Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.

$0.00

**24. Is any of the property listed in Part 5 perishable?**

- [ ] No
- [ ] Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

- [ ] No
- [ ] Yes  Book value ________ Valuation method ________ Current value ________

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

- [ ] No
- [ ] Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

- [x] No. Go to Part 7.
- [ ] Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**
Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

- ☐ No
- ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes Book value ______ Valuation method ______ Current value ______

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 Furniture and Fixtures | $29,570.00 | Estimated Market Value | $29,570.00 |
| **40. Office fixtures** | | | |
| 40.1 See Schedule A/B Question 39 | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 Camera | $7,988.85 | Net Book Value | $7,988.85 |
| 41.2 Office Equipment | $42,656.00 | Estimated Market Value | $42,656.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 Wall Art and Décor | $10,700.00 | Estimated Market Value | $10,700.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86. **$90,914.85**

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest (Where available)** | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1<br>2015 NISSAN NV200 VIN: 3N6CM0KN7FK694193 | $13,195.10 | Net Book Value | $13,195.10 |
| 47.2<br>2022 RAM PROMASTER CITY VIN: ZFBHRFAB1N6Y69483 | $36,073.22 | Net Book Value | $36,073.22 |
| 47.3<br>2022 RAM PROMASTER CITY VIN: ZFBHRFAB5N6Y70958 | $41,733.50 | Net Book Value | $41,733.50 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1<br>2025 FGN 8.5x52 TAR Trailer | $54,230.00 | Net Book Value | $54,230.00 |
| **49. Aircraft and accessories** | | | |
| 49.1 | | | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | | | $0.00 |

**51. Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. $145,231.82

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☑ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 9: Real Property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property** Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 Office Lease - 18000 Groeschke Road, Suite A-7, Houston, Texas 77084 | Leased | Undetermined | N/A | Undetermined |

**56. Total of Part 9.**
Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88. $0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☑ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No
☐ Yes

## Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**
☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 Trademark - "EL ABOGADO DE LA RAZA" Dated 4/19/16 - Registration No. 4,939,774 | Undetermined | N/A | Undetermined |
| **61. Internet domain names and websites** | | | |
| 61.1 www.galindolaw.com | Undetermined | N/A | Undetermined |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 Client List and Database | Undetermined | N/A | Undetermined |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. $0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

- [ ] No
- [x] Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

- [x] No
- [ ] Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

- [x] No
- [ ] Yes

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- [ ] No. Go to Part 12.
- [x] Yes. Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|
| **71. Notes receivable** | | | | |
| Description (include name of obligor) | | | | |
| 71.1 | total face amount | - | doubtful or uncollectible amount | = → $0.00 |
| **72. Tax refunds and unused net operating losses (NOLs)** | | | | |
| Description (for example, federal, state, local) | | | | |
| 72.1 Net Operating Loss | | Tax year | 2021 | $16,731,827.00 |
| 72.2 Net Operating Loss | | Tax year | 2022 | $55,706,008.00 |
| 72.3 Net Operating Loss | | Tax year | 2023 | $469,359.00 |
| 72.4 Net Operating Loss | | Tax year | 2024 | $13,142,683.00 |
| **73. Interests in insurance policies or annuities** | | | | |
| 73.1 Progressive Commercial Insurance - Commercial Auto Policy #870711095 | | | | Undetermined |
| 73.2 Republic-Vanguard Insurance Co. - Professional Liability Policy #RVA1061589-01 | | | | Undetermined |
| 73.3 Wesco Insurance Company - Commercial Fire and General Liability Policy #WPP2103224 00 | | | | Undetermined |
| 73.4 Wesco Insurance Company - Umbrella Insurance Policy #WUM2103225 00 | | | | Undetermined |

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1
Adam Krause — Undetermined
Nature of Claim: Breach of Fiduciary Duty, Breach of Contract
Amount requested: Undetermined

74.2
Anthony Russo — Undetermined
Nature of Claim: Breach of Contract, Money Had and Received, Breach of Fiduciary Duty
Amount requested: Undetermined

74.3
Aspey, Watkins, and Diesel — Undetermined
Nature of Claim: Breach of Contract
Amount requested: Undetermined

74.4
CMG Funding, LLC — Undetermined
Nature of Claim: Breach of Contract, Money Had and Received
Amount requested: Undetermined

74.5
Deer Finance — Undetermined
Nature of Claim: Breach of Contract, Money Had and Received
Amount requested: Undetermined

74.6
Houghtaling Law firm — $500,000.00
Nature of Claim: Claim for funds improperly paid plus unpaid claims
Amount requested: $500,000.00

74.7
JBSL, LLC — Undetermined
Nature of Claim: Breach of Contract, Money Had and Received
Amount requested: Undetermined

74.8
Justin Brass — Undetermined
Nature of Claim: Breach of Contract, Money Had and Received
Amount requested: Undetermined

74.9
Krause & Kinsman Law Firm — Undetermined
Nature of Claim: Conversion, Breach of Contract
Amount requested: Undetermined

74.10
Matthew Monson — $0.00
Nature of Claim: Defamation
Amount requested:

74.11

McClenny Moseley & Associates $250,000.00

Nature of Claim Administrative Expense Claim for improper receipt of funds

Amount requested $250,000.00

74.12

Priority Responsible Funding Undetermined

Nature of Claim Breach of Contract, Usurpation

Amount requested Undetermined

74.13

Robert Kinsman Undetermined

Nature of Claim Breach of Fiduciary Duty, Breach of Contract

Amount requested Undetermined

74.14

The Monson Law Firm, LLC Undetermined

Nature of Claim Defamation

Amount requested Undetermined

74.15

The Russo Firm Undetermined

Nature of Claim Breach of Contract, Money Had and Received, Breach of Fiduciary Duty

Amount requested Undetermined

74.16

Various Mortgage Companies Undetermined

Nature of Claim Conversion, Money Had and Received, and Replevin

Amount requested Undetermined

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

$0.00

Nature of Claim

Amount requested

**76. Trusts, equitable or future interests in property**

76.1

$0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

Client Cost Advancements $9,349,567.64

77.2

Decibel - Expense Reimbursements $365,773.15

77.3

Origination Advance $55,000.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90. $96,570,217.79

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $1,231,005.04 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $131,167.43 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $90,914.85 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $145,231.82 | |
| **88. Real property. Copy line 56, Part 9.** | ➔ | $0.00 |
| **89. Intangibles and intellectual property.**. Copy line 66, Part 10. | $0.00 | |
| **90. All other assets.** Copy line 78, Part 11. | $96,570,217.79 | |
| **91. Total. Add lines 80 through 90 for each column** | 91a. $98,168,536.93 | 91b. $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92. $98,168,536.93

| Fill in this information to identify the case: |
| --- |
| **Debtor name: Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm** |
| **United States Bankruptcy Court for the: Southern District of Texas** |
| **Case number: 26-90764** |

☐ **Check if this is an amended filing**

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

### Part 1: List Creditors Who Have Claims Secured by Property

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A*<br>**Amount of Claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** |
| --- | --- | --- | --- |
| 2.1<br>C T Corporation System, as Representative<br>Attn: SPRS<br>330 N Brand Blvd<br>Suite 700<br>Glendale, CA 91203<br><br>**Date debt was incurred?**<br>01/14/2026<br><br>**Last 4 digits of account number**<br>N/A<br><br>**Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes. Specify each creditor, including this creditor, and its relative priority. | **Describe debtor's property that is subject to the lien:**<br>The equipment, inventory, and personal property related thereto financed under, covered by or described in the lease, rental, equipment finance agreement or installment payment agreement designated as Agreement No. 2871740<br><br>**Describe the lien**<br>UCC Lien File # 260000290112<br><br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br><br>**Is anyone else liable on this claim?**<br>☑ No<br>☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)<br><br>**As of the petition filing date, the claim is:** Check all that apply.<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | Undetermined | Undetermined |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $0.00

## Part 2: List Others to Be Notified for a Debt That You Already Listed

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| | Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|---|
| 3.1 | | | |

**Fill in this information to identify the case:**

**Debtor name: Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm**

**United States Bankruptcy Court for the: Southern District of Texas**

**Case number: 26-90764**

☐ **Check if this is an amended filing**

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | | | |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346<br><br>**Date or dates debt was incurred**<br>Undetermined<br><br>**Last 4 digits of account number**<br><br>**Specify Code subsection of PRIORITY unsecured claim:**<br>11 U.S.C. § 507(a) ( 8 ) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>Tax<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | Undetermined | Undetermined |
| 2.2 | | | |
| Louisiana Department of Revenue<br>617 North Third Street<br>Baton Rouge, LA 70802<br><br>**Date or dates debt was incurred**<br>Undetermined<br><br>**Last 4 digits of account number**<br><br>**Specify Code subsection of PRIORITY unsecured claim:**<br>11 U.S.C. § 507(a) ( 8 ) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>Tax<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | Undetermined | Undetermined |

2.3

Texas Comptroller of Public Accounts
Lyndon B. Johnson State Office Building
111 East 17th Street
Austin, TX 78774

**As of the petition filing date, the claim is:** Undetermined Undetermined
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Tax

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

3.1

Alerus Financial
Attn: ARB Fee Processing
PO Box 64535
St. Paul, MN 55164-0535

**As of the petition filing date, the claim is:** $969.56
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.2

Alpha Seven LLC
Attn: Accounting
18000 Groschke Road
Suite B4
Houston, TX 77084

**As of the petition filing date, the claim is:** $70,358.44
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Rent

**Is the claim subject to offset?**
☑ No
☐ Yes

3.3

AMTrust Financial Company
59 Maiden Lane
New York, NY 10038

**As of the petition filing date, the claim is:** $5,000.00
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.4

AMTrust Financial Company
59 Maiden Lane
New York, NY 10038

**As of the petition filing date, the claim is:** $3,567.56
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.5

Ascentium Capital
23970 Hwy 59 N
Kingwood, TX 77339

**As of the petition filing date, the claim is:** $2,381.50
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.6

Aspen Fiber Networks
7025 W Tidwell Rd
Suite 109
Houston, TX 77092

**As of the petition filing date, the claim is:** $11,679.62
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.7

ATTOM Data Solutions
1801 W Olympic Blvd
Pasadena, CA 91199-2543

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $727.55
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.8

Bankler Partners Ltd
9901 IH-10 WestSuite 501
San Antonio, TX 78230

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $9,500.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.9

Berkshire Hathaway Homestate Insurance Company
1314 Douglas Street
Suite 1400
Omaha, NE 68102-1944

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $0.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.10

Bruce Dwain Copeland - Address on file

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** Undetermined
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Litigation

**Is the claim subject to offset?**
☑ No
☐ Yes

3.11

Clayton Blehm - Address on file

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $400,000.00
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.12

CMG Funding 2025 LLC, as Administrative Agent
152 West 57th Street
44th Floor
New York, NY 10019

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** Undetermined
*Check all that apply.*
- [x] Contingent
- [ ] Unliquidated
- [x] Disputed

**Basis for the claim:**
Lender

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.13

Cristobal Galindo - Address on file

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $62,499.99
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
Deferred Compensation

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.14

Crm Debugzone Private Limited
Attn: Legal Department
3051 Mansarover Park 2
Ghaziabad Uttar
Pradesh 201002
India

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $24,000.00
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

Case 26-90764 Document 18 Filed in TXSB on 01/21/26 Page 27 of 30

3.15

Crockett Law PC
Attn: Legal Department
PO Box 6538
Houston, TX 77265

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $250,000.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.16

Damage Resources LLC
Attn: Accounting
18000 Groschke Road
Suite B4
Houston, TX 77084

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $244,933.07
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.17

Dawn Peevy - Address on file

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** Undetermined
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Litigation

**Is the claim subject to offset?**
☑ No
☐ Yes

3.18

Decibel Advertising, LLC
Attn: Accounting
Urb. Santa Juanita UU-I C/39 Box 621
Bayamon, PR 00956

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $7,724,799.40
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.19

Deer Finance, LLC
Attn: Legal Department
152 West 57th Street
26th Floor
New York, NY 10019

**As of the petition filing date, the claim is:** $30,000.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Maintenence Fee

**Is the claim subject to offset?**
☑ No
☐ Yes

3.20

Diana Stevens-Renolds - Address on file

**As of the petition filing date, the claim is:** Undetermined
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Litigation

**Is the claim subject to offset?**
☑ No
☐ Yes

3.21

Dodson & Hooks, LLC
112 Founders Drive
Baton Rouge, LA 70810

**As of the petition filing date, the claim is:** $1,462.04
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.22

DRS Professional Services LLC
Attn: Legal Department
8906 N Locust Avenue
Tampa, FL 33604

**As of the petition filing date, the claim is:** $127,050.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.23

Epiq eDiscovery Solutions Inc
777 Third Ave, 12th Floor
New York, NY 10017

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $500.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.24

Filevine
1260 E Stringham Ave
Ste 600
Salt Lake City, UT 84106-2966

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $19,584.43
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.25

Front Face Business, S.A. DE C.V.
Attn: Legal Department
Avenida Insurgentes Sur number 64 Colonia Juárez
Cuauhtémoc Delegation 06600
Mexico

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $254,429.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.26

Gayle Heard - Address on File

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** Undetermined
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Litigation

**Is the claim subject to offset?**
☑ No
☐ Yes

3.27

Harris County Toll Road Authority (HCTRA)
7701 Wilshire Pl Dr
Houston, TX 77040

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$107.36

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.28

Hawaiian Electric
1279 S. Kihei Road
Kihei, HI 96753

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$1,837.85

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.29

K & M of VA, Inc. d/b/a 4Convergence
Attn: Legal Department
11758 Lincolnshire Ct
Glen Alen, VA 23059-3417

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$21,187.41

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.30

Lakeway Associates LLC/Greater Lakeside Corporation
PO Box 669461
Dallas, TX 75266-9461

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$3,222.44

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.31

Krause and Kinsman Group, LLP
53 New Jersey Ave., SE
STE 200
Washington, DC 20003

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** Undetermined
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Litigation

**Is the claim subject to offset?**
☑ No
☐ Yes

3.32

Legal Hub
9700 Reseda Blvd. Suite 107
Northridge, CA 91324

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $5,830.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.33

LexisNexis Risk Data Management LLC
28330 Network Place
Chicago, IL 60673-1283

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $38.15
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.34

Litify LLC
Attn: Legal Department
PO Box 70379
Newark, NJ 07101-0096

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $149,104.97
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.35

Mac Murray & Shuster
Attn: Legal Department
6525 W Campus Oval
Suite 210
New Albany, OH 43054

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $21,731.68
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.36

Maui Department of Water Supply
200 South High St
Wailuku, HI 96793

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $865.29
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.37

Mediation Arbitration Professional Systems, Inc. (MAPS)
5 Sanctuary Blvd
Suite 103
Mandeville, LA 70471

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $602.70
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.38

Mediation Center of Texas
817 N Thompson St
Conroe, TX 77301

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $850.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.39

Confidential Creditor - Address on File

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $720.00
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.40

Pajaro Uno LLC
Attn: Legal Department
18000 Groschke Road
Suite B4
Houston, TX 77084

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $435,900.00
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
Flight Costs

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.41

Pamela S. Hoerster - Address on file

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $1,000.00
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.42

PEAC Solutions
300 Fellowship Road
Mount Laurel, NJ 08054

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $4,376.10
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

3.43

Performance Reporters, Inc
201 East Birch AvenueSuite 9
Flagstaff, AZ 86001

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $2,092.00
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

3.44

PNC Ai/RGHLC LLC
686 Seacoast Dr
Imperial Beach, CA 91932

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $18,265.50
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

3.45

Poynor Group LLC
PO Box 720907
McAllen, TX 78504

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $8,500.00
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

3.46

Province Fiduciary Services LLC
Attn: Legal Department
2360 Corporate Circle
Suite 340
Henderson, NV 89074

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $122,874.00
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
Professional Services

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

3.47

RLN Legal LLC
Urb Riviera Village #70Calle Central Park
Bayamon, PR 00959

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $2,111.64
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Contract Service Fees

**Is the claim subject to offset?**
☑ No
☐ Yes

3.48

Rosa M. Medina - Address on file

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $1,050.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.49

Ruth A. Van Meter P.C.
Attn: Legal Department
9322 Shady Lane Circle
Houston, TX 77063

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $30,525.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Professional Services

**Is the claim subject to offset?**
☑ No
☐ Yes

3.50

Sergio De La Canal - Address on File

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $930,929.23
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Loans and Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.51

SLP Strategic Litigation Partners
Attn: Legal Department
21324 Provincial Boulevard
Katy, TX 77450

**As of the petition filing date, the claim is:** $150,000.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.52

Steno Agency, Inc
PO Box 876
Redondo Beach, CA 90277

**As of the petition filing date, the claim is:** $1,579.50
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.53

The Geisheker Group, Inc.
308 Lauren Lane Apt #1
Watertown, WI 53094

**As of the petition filing date, the claim is:** $1,318.85
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.54

The Leaders Group/TLG Advisors Inc
26 West Dry Creek CircleSte 800
Littleton, CO 80120

**As of the petition filing date, the claim is:** $110,000.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**
Undetermined

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.55

The Mott Law Firm, PLLC
c/o Munsch Hardt Kopf & Harr, P.C.
Attn: John D. Cornwell, Alexander R. Perez
700 Milam St., Suite 800
Houston, TX 77002

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $250,000.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Loan

**Is the claim subject to offset?**
☑ No
☐ Yes

3.56

Torri's Legal Solutions
P.O. Box 18647
Washington, DC 20036

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $275.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.57

Twin Diamond LLC
Attn: Accounting
18000 Groschke Road
Suite B4
Houston, TX 77084

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $63,213.33
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.58

Umari Law PLLC
1403 Eberhard
Houston, TX 77019

**Date or dates debt was incurred**
Undetermined

**As of the petition filing date, the claim is:** $11,400.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Professional Services

**Is the claim subject to offset?**
☑ No
☐ Yes

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line<br>☐ Not listed. Explain | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $11,594,950.16 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $11,594,950.16 |

| Fill in this information to identify the case: |
|---|
| Debtor name: Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number: 26-90764 |

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Abir Cohen Treyzon Salo, LLP<br>16001 Ventura Blvd<br>Suite 200<br>Encino, CA 91436 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | Software License Agreement | Adobe<br>345 Park Avenue<br>San Jose, CA 95110-270 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | Property Lease | Alpha Seven LLC<br>Attn: Accounting<br>18000 Groschke Road<br>Suite B4<br>Houston, TX 77084 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |

| | | | |
|---|---|---|---|
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest** | Texas Commercial Lease Agreement | Alpha Seven LLC<br>Attn: Accounting<br>18000 Groschke Road<br>Suite B4<br>Houston, TX 77084 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest** | Co-Counsel Agreement | Alvendia, Kelly & Demarest<br>909 Poydras St<br>Suite 1625<br>New Orleans, LA 70112 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | Equipment Lease Agreement | Ascentium<br>23970 Hwy 59 N<br>Kingwood, TX 77339 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | Services Agreement | Aspen Fiber<br>7025 W Tidwell Rd<br>Suite 109<br>Houston, TX 77092 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | Assignment Agreement | Aspey, Watkins & Diesel Attorneys at Law, P.L.L.C.<br>123 N San Francisco St #300<br>Flagstaff, AZ 86001 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest** | Software License Agreement | Attom Data<br>1801 W Olympic Blvd<br>Pasadena, CA 91199-2543 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |

| | | | |
|---|---|---|---|
| 2.10 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Bailey Cowan Heckaman<br>1360 Post Oak Blvd Suite 2300<br>Houston, TX 77056 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.11 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Broussard & Dove, APLC<br>7605 Park Avenue<br>Houma, LA 70364 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.12 | State what the contract or lease is for and the nature of the debtor's interest | Equipment Lease Agreement | Canon Financial<br>14904 Collections Center Drive<br>Chicago, IL 60693-0149 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.13 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Carrigan & Anderson, PLLC<br>101 N Shoreline Blvd<br>Suite 420<br>Corpus Christi, TX 78401 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.14 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Chehardy, Sherman, Williams, Recile, & Hayless<br>1 Galleria Blvd.<br>Suite 1100<br>Metairie, LA 70001 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.15 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Crockett Law<br>PO BOX 60008<br>Katy, TX 77491 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |

2.16 **State what the contract or lease is for and the nature of the debtor's interest** Co-Counsel Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

Daly & Black
2211 Norfolk Street, Suite 300
Houston, TX 77098

2.17 **State what the contract or lease is for and the nature of the debtor's interest** Professional Employer Organization Client Service Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

Damage Resources
18000 Groschke Rd, Suite B4
Houston, TX 77084

2.18 **State what the contract or lease is for and the nature of the debtor's interest** Co-Counsel Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

David Bain
1050 Promenade
1230 Peachtree Street, NE
Atlanta, GA 30309

2.19 **State what the contract or lease is for and the nature of the debtor's interest** Independent Contractor Services Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

Decibel LLC
18000 Groschke Rd, Suite B4
Houston, TX 77084

2.20 **State what the contract or lease is for and the nature of the debtor's interest** Master Services Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

Decibel LLC
18000 Groschke Rd, Suite B4
Houston, TX 77084

2.21 **State what the contract or lease is for and the nature of the debtor's interest** Master Services Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

Decibel LLC
18000 Groschke Rd, Suite B4
Houston, TX 77084

| No. | | | Name and mailing address |
|---|---|---|---|
| 2.22 | State what the contract or lease is for and the nature of the debtor's interest | Master Services Agreement | Decibel LLC<br>18000 Groschke Rd, Suite B4<br>Houston, TX 77084 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.23 | State what the contract or lease is for and the nature of the debtor's interest | Master Services Agreement | Decibel LLC<br>18000 Groschke Rd, Suite B4<br>Houston, TX 77084 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.24 | State what the contract or lease is for and the nature of the debtor's interest | Master Services Agreement | Decibel LLC<br>18000 Groschke Rd, Suite B4<br>Houston, TX 77084 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.25 | State what the contract or lease is for and the nature of the debtor's interest | Master Services Agreement | Decibel LLC<br>18000 Groschke Rd, Suite B4<br>Houston, TX 77084 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.26 | State what the contract or lease is for and the nature of the debtor's interest | Master Services Agreement | Decibel LLC<br>18000 Groschke Rd, Suite B4<br>Houston, TX 77084 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.27 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Dordick Law Corporation<br>509 S Beverly Drive<br>Beverly Hills, CA 90212 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |

| | | | |
|---|---|---|---|
| 2.28 | **State what the contract or lease is for and the nature of the debtor's interest** | Copier Lease Agreement | FlexTG Financial Services<br>2845 N Omaha<br>Mesa, AZ 85215 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.29 | **State what the contract or lease is for and the nature of the debtor's interest** | Postage Machine Agreement | FP-USA Mailing Solutions<br>140 N MITCHELL CT<br>ADDISON, IL 60101-7200 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.30 | **State what the contract or lease is for and the nature of the debtor's interest** | Co-Counsel Agreement | Guerra LLP<br>345 California Street<br>Suite 600<br>San Francisco, CA 94104 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.31 | **State what the contract or lease is for and the nature of the debtor's interest** | Co-Counsel Agreement | Hair Shunnarah Trial Attorneys<br>3001 17th St<br>Metairie, LA 70002 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.32 | **State what the contract or lease is for and the nature of the debtor's interest** | Co-Counsel Agreement | Houghtaling Law Firm<br>3850 N Causeway Blvd, Ste 1090<br>Metairie, LA 70002 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.33 | **State what the contract or lease is for and the nature of the debtor's interest** | Software License Agreement | Intuit<br>2700 Coast Avenue<br>Mountain View, CA 94043 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |

**2.34** **State what the contract or lease is for and the nature of the debtor's interest:** Co-Counsel Agreement
**State the term remaining:** Undetermined
**List the contract number of any government contract:**

Irpino, Alvin & Hawkins
2216 Magazine St
New Orleans, LA 70130

**2.35** **State what the contract or lease is for and the nature of the debtor's interest:** Co-Counsel Agreement
**State the term remaining:** Undetermined
**List the contract number of any government contract:**

Keosian Law LLP
4630 Van Nuys Blvd
Sherman Oaks, CA 91403

**2.36** **State what the contract or lease is for and the nature of the debtor's interest:** Software License Agreement
**State the term remaining:** Undetermined
**List the contract number of any government contract:**

Kixie
406 Wilshire Boulevard
Santa Monica, CA 90401

**2.37** **State what the contract or lease is for and the nature of the debtor's interest:** Equipment Lease Agreement
**State the term remaining:** Undetermined
**List the contract number of any government contract:**

Lease Direct
PO Box 825736
Philadelphia, PA 19182-7306

**2.38** **State what the contract or lease is for and the nature of the debtor's interest:** Software License Agreement
**State the term remaining:** Undetermined
**List the contract number of any government contract:**

LexisNexis
28330 Network Place
Chicago, IL 60673-1283

**2.39** **State what the contract or lease is for and the nature of the debtor's interest:** Services Agreement
**State the term remaining:** Undetermined
**List the contract number of any government contract:**

Mailgun Tech
112 E Pecan St, #1135
San Antonio, TX 78205

| | | | |
|---|---|---|---|
| 2.40 | State what the contract or lease is for and the nature of the debtor's interest | Software License Agreement | Microsoft<br>One Microsoft Way<br>Redmond, WA 98052 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.41 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Mott & Moffett LLP<br>4301 Yoakum Blvd.<br>Suite 200<br>Houston, TX 77006 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.42 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Nachawati Law Group<br>5489 Blair Rd<br>Dallas, TX 75231 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.43 | State what the contract or lease is for and the nature of the debtor's interest | Commercial Aircraft Lease Agreement | Pajaro Uno LLC<br>Attn: Legal Department<br>18000 Groschke Road<br>Suite B4<br>Houston, TX 77084 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.44 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Paul LLP<br>600 Broadway Blvd<br>Suite 600<br>Kansas City, MO 64105 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.45 | State what the contract or lease is for and the nature of the debtor's interest | Services Agreement | PEAC Solutions<br>300 Fellowship Road<br>Mount Laurel, NJ 08054 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |

| | | | |
|---|---|---|---|
| 2.46 | State what the contract or lease is for and the nature of the debtor's interest | Insurance Agreement | Progressive Insurance Company<br>300 North Commons Blvd.<br>Mayfield Village, OH 44143 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.47 | State what the contract or lease is for and the nature of the debtor's interest | Insurance Agreement | Republic-Vanguard Insurance Company<br>c/o AmTrust North America<br>Attn: Specialty Programs Claim Department<br>233 N Michigan Avenue<br>Suite 1200<br>Chicago, IL 60601 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.48 | State what the contract or lease is for and the nature of the debtor's interest | Legal Services Agreement | RLN Legal LLC<br>Urb Riviera Village #70Calle Central Park<br>Bayamon, PR 00959 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.49 | State what the contract or lease is for and the nature of the debtor's interest | Independent Contractor Services Agreement | Sergio De La Canal - Address on File |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.50 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Sherman Law Firm<br>Attn: Matthew A. Sherman<br>1 Galleria Boulevard<br>Suite 1100<br>Metairie, LA 70001 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.51 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Simon & O'Rourke Law Firm<br>440 Louisiana St Ste 1115<br>Houston, TX 77002 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |

| | | | |
|---|---|---|---|
| 2.52 | State what the contract or lease is for and the nature of the debtor's interest | Agreement | Strategic Litigation Partners, LP<br>Attn: Legal Department<br>21324 Provincial Boulevard<br>Katy, TX 77450 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.53 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | The Mott Law Firm<br>Attn: Legal Department<br>5301 Katy Freeway<br>Suite 101<br>Houston, TX 77007-3866 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.54 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | The Novosad Law Group, PLLC<br>54 Sugar Creek Center Blvd<br>Suite 309<br>Sugar Land, TX 77478 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.55 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | The Vartazarian Law Firm<br>23621 Park Sorrento<br>Suite 101<br>Calabasas, CA 91302 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.56 | State what the contract or lease is for and the nature of the debtor's interest | Commercial Aircraft Lease Agreement | Triple Crown Aviation<br>1350 East Flamingo Road #746<br>Las Vegas, NV 89119 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |
| 2.57 | State what the contract or lease is for and the nature of the debtor's interest | Co-Counsel Agreement | Turnbull, Holcomb & Moak PC<br>2501 20th Place South<br>Suite 425<br>Birmingham, AL 35223 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |

| | | | |
|---|---|---|---|
| 2.58 | **State what the contract or lease is for and the nature of the debtor's interest** | Commercial Aircraft Lease Agreement | Twin Diamond LLC<br>Attn: Accounting<br>18000 Groschke Road<br>Suite B4<br>Houston, TX 77084 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.59 | **State what the contract or lease is for and the nature of the debtor's interest** | Client Retainer Agreements | Various |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.60 | **State what the contract or lease is for and the nature of the debtor's interest** | Co-Counsel Agreement | Vartazarian Law Firm<br>23621 Park Sorrento, Suite 101<br>Calabasas, CA 91302 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.61 | **State what the contract or lease is for and the nature of the debtor's interest** | Co-Counsel Agreement | VG Law Group<br>8751 W Broward Blvd., Suite 200<br>Plantation, FL 33324 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.62 | **State what the contract or lease is for and the nature of the debtor's interest** | Software License Agreement | Vultr Global<br>319 Clematis Street<br>Suite 900<br>West Palm Beach, FL 33401 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |
| 2.63 | **State what the contract or lease is for and the nature of the debtor's interest** | Co-Counsel Agreement | Wagstaff Law Firm<br>940 N. Lincoln Street<br>Denver, CO 80203 |
| | **State the term remaining** | Undetermined | |
| | **List the contract number of any government contract** | | |

2.64 **State what the contract or lease is for and the nature of the debtor's interest** Insurance Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

Wesco Insurance Company
800 Superior Avenue East
21st Floor
Cleveland, OH 44114

2.65 **State what the contract or lease is for and the nature of the debtor's interest** Insurance Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

Wesco Insurance Company
800 Superior Avenue East
21st Floor
Cleveland, OH 44114

2.66 **State what the contract or lease is for and the nature of the debtor's interest** Co-Counsel Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

Whyte PLLC Law Firm
2101 NW Military Hwy.
San Antonio, TX 78213

2.67 **State what the contract or lease is for and the nature of the debtor's interest** Software License Agreement

**State the term remaining** Undetermined

**List the contract number of any government contract**

Zoho
3100 Alvin DeVane Boulevard
Building A
Austin, TX 78741

**Fill in this information to identify the case:**

**Debtor name: Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm**

**United States Bankruptcy Court for the: Southern District of Texas**

**Case number: 26-90764**

☐ **Check if this is an amended filing**

## Official Form 206H

## Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 Cristobal M. Galindo, as Conditional Guarantor | Cristobal M. Galindo<br>18000 Groeschke Road<br>Suite A-7<br>Houston, TX 77084 | CMG Funding 2025 LLC, as Administrative Agent | ☐ D<br>☑ E/F<br>☐ G |
| 2.2 Galindo & Mott, LLP | Galindo & Mott, LLP<br>41451 Southwest Fry Suite 602<br>Houston, TX 77027 | CMG Funding 2025 LLC, as Administrative Agent | ☐ D<br>☑ E/F<br>☐ G |

| Fill in this information to identify the case: |
|---|
| Debtor name: Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number: 26-90764 |

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.**

**I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:**

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____________________
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ____________________

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 09/21/2026 | /s/Cristóbal M. Galindo |
| Executed on | Signature of individual signing on behalf of debtor |
| | Cristóbal M. Galindo |
| | Printed name |
| | President, Sole Director and Sole Shareholder |
| | Position or relationship to debtor |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **IN RE:**<br><br>**CRISTÓBAL M. GALINDO, P.C.**<br>**D/B/A GALINDO LAW FIRM,**<br><br>**Debtor.**[1] | **Chapter 11**<br><br>**Case No. 26-90764 (ARP)** |

**STATEMENT OF FINANCIAL AFFAIRS FOR CRISTÓBAL M. GALINDO, P.C., D/B/A GALINDO LAW FIRM (CASE NO. 26-90764)**

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.

| Fill in this information to identify the case: |
|---|
| Debtor name: Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number: 26-90764 |

☐ Check if this is an amended filing

# Official Form 207

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2026 | to Filing Date | ☑ Operating a business<br>☐ Other | $9,432,498.42 |
| **For prior year:** | From 01/01/2025 | to 12/31/2025 | ☑ Operating a business<br>☐ Other | $7,285,175.45 |
| **For the year before that:** | From 01/01/2024 | to 12/31/2024 | ☑ Operating a business<br>☐ Other | $8,319,319.12 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | to Filing Date | | |
| **For prior year:** | From | to | | |
| **For the year before that:** | From | to | | |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 See SOFA Question 3 Attachment | | $759,814.77 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 See SOFA Question 4 Attachment<br>Relationship to debtor | | $5,063,005.87 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☐ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 Decibel Advertising, LLC<br>Attn: Accounting<br>Urb. Santa Juanita UU-I C/39 Box 621<br>Bayamon, PR 00956 | Garnishment<br>Last 4 digits of account number | 6/18/2026 | $1,800,000.00 |

**Part 3: Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** Bruce Dwain Copeland v. Cristobal M. Galindo and Cristobal M. Galindo, P.C.<br>**Case number** 4:25-cv-01683 | Breach of contract | Name: U.S. Federal \| United States District Court Southern District of Texas – Houston Division<br>Street: Bob Casey United States Courthouse, 515 Rusk Street<br>City: Houston State: TX Zip: 77002 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2 **Name** Copeland V. Galindo et al.<br>**Case number** 2024-06656 | Breach of Contract | Name: Civil District Court for the Parish of Orleans, State of Louisiana<br>Street: Section "16" 421 Loyola Ave #402<br>City: New Orleans State: LA Zip: 70112 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3 **Name** Dawn Peevy<br>**Case number** Docket # 740737 "26" | Malpractice | Name: 19th Judicial District Court of East Baton Rouge Parish<br>Street: 300 North Blvd.<br>City: Baton Rouge State: LA Zip: 70801 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |
| 7.4 **Name** Decibel, LLC v. Krause and Kinsman Law Firm, LLC<br>**Case number** 202489003B | Garnishment Aft Judgement | Name: Harris County, TX District Court<br>Street: Harris County Civil Courthouse, 201 Caroline Street<br>City: Houston State: TX Zip: 77002 | ☐ Pending<br>☐ On appeal<br>☑ Concluded |

7.5

| Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| **Name** Dianna Stevens-Renolds<br>**Case number** C-2025-852 | Malpractice | Name: 14th Judicial District Court, State of Louisiana, Parish of Calcasieu, Division D<br>Street: 1000 Ryan Street<br>City: Lake Charles State: LA Zip: 70601 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

7.6

| Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| **Name** Gayle Heard et al.<br>**Case number** 2:25-01593 | Malpractice | Name: United States Federal Court – Eastern District of Louisiana<br>Street: 500 Poydras Street<br>City: New Orleans State: LA Zip: 70130 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address<br>Street<br>City State Zip | Case title<br>Case number<br>Date of order or assignment | Court name and address<br>Name<br>Street<br>City State Zip |

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 Recipient's name<br>Street<br>City State Zip<br>**Recipient's relationship to debtor** | | | |

## Part 5: Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 Berkeley Research Group (BRG)<br>225 Franklin Street<br>Floors 31 and 32<br>Boston, MA 02110<br>**Email or website address**<br>thinkbrg.com<br>**Who made the payment, if not debtor?** | | 4/29/2026 | $140,000.00 |
| 11.2 Berkeley Research Group (BRG)<br>225 Franklin Street<br>Floors 31 and 32<br>Boston, MA 02110<br>**Email or website address**<br>thinkbrg.com<br>**Who made the payment, if not debtor?** | | 5/8/2026 | $78,400.00 |
| 11.3 Dykema Gossett PLLC<br>Attn: Danielle R. Behrends, Deborah D. Williamson<br>112 E Pecan Street<br>Suite 1800<br>San Antonio, TX 78205<br>**Email or website address**<br>www.dykema.com<br>**Who made the payment, if not debtor?** | | 6/22/2026 | $50,000.00 |

11.4

| | | | |
|---|---|---|---|
| Dykema Gossett PLLC<br>Attn: Danielle R. Behrends, Deborah D. Williamson<br>112 E Pecan Street<br>Suite 1800<br>San Antonio, TX 78205 | | 8/5/2026 | $27,629.95 |

**Email or website address**
www.dykema.com

**Who made the payment, if not debtor?**

11.5

| | | | |
|---|---|---|---|
| Dykema Gossett PLLC<br>Attn: Danielle R. Behrends, Deborah D. Williamson<br>112 E Pecan Street<br>Suite 1800<br>San Antonio, TX 78205 | | 8/17/2026 | $115,548.43 |

**Email or website address**
www.dykema.com

**Who made the payment, if not debtor?**

11.6

| | | | |
|---|---|---|---|
| Dykema Gossett PLLC<br>Attn: Danielle R. Behrends, Deborah D. Williamson<br>112 E Pecan Street<br>Suite 1800<br>San Antonio, TX 78205 | | 8/20/2026 | $30,000.00 |

**Email or website address**
www.dykema.com

**Who made the payment, if not debtor?**

11.7

| | | | |
|---|---|---|---|
| Harney Partners<br>Westech 360, 8911 North Capital of Texas Highway<br>Suite 2120<br>Austin, TX 78759 | | 7/8/2026 | $40,000.00 |

**Email or website address**
www.harneypartners.com

**Who made the payment, if not debtor?**

Case 24-32659 Document 1869-3 Filed in TXSB on 01/22/26 Page 115 of 130

11.8

Hayward PLLC
Attn: Charlie Shelton
7600 Burnet Road
Suite 530
Austin, TX 78757-1269

10/28/2025 $50,000.00

**Email or website address**
haywardfirm.com

**Who made the payment, if not debtor?**

11.9

Hayward PLLC
Attn: Charlie Shelton
7600 Burnet Road
Suite 530
Austin, TX 78757-1269

12/1/2025 $50,000.00

**Email or website address**
haywardfirm.com

**Who made the payment, if not debtor?**

11.10

Hayward PLLC
Attn: Charlie Shelton
7600 Burnet Road
Suite 530
Austin, TX 78757-1269

6/22/2026 $50,000.00

**Email or website address**
haywardfirm.com

**Who made the payment, if not debtor?**

11.11

Hayward PLLC
Attn: Charlie Shelton
7600 Burnet Road
Suite 530
Austin, TX 78757-1269

8/17/2026 $40,000.00

**Email or website address**
haywardfirm.com

**Who made the payment, if not debtor?**

11.12

Province Fiduciary Services LLC
Attn: Legal Department
2360 Corporate Circle
Suite 340
Henderson, NV 89074

12/18/2025 $175,000.00

**Email or website address**
https://provincefirm.com/

**Who made the payment, if not debtor?**

11.13

Quinn Emanuel Urquhart & Sullivan, LLP
TC Energy Center, 700 Louisiana St.
Houston, TX 77002

12/10/2025 $200,000.00

**Email or website address**
https://www.quinnemanuel.com/

**Who made the payment, if not debtor?**

11.14

Stretto, Inc
410 Exchange, Suite 100
Irvine, CA 92602

6/24/2026 $20,000.00

**Email or website address**
www.stretto.com

**Who made the payment, if not debtor?**

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |

**Trustee**

**13. Transfers not already listed on this statement**

List any transfers of money or other property□by sale, trade, or any other means□made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 Maui Toyota<br>320 Hana Highway<br>Kahului, HI 96732<br>Relationship to debtor<br>N/A | Car Sale - Toyota Tacoma and Honda HRV | 8/14/2026 | $49,500.00 |

## Part 7: Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | City | State | Zip | Dates of occupancy From | to |
|---|---|---|---|---|---|---|
| 14.1 | 107 Nederland Avenue | Nederland | TX | 77627 | 2020 | 2026 |
| 14.2 | 1279 South Kihei Road, Suite 203 | Kihei | HI | 96753 | 2024 | 2026 |
| 14.3 | 3850 N Causeway Blvd, Suite 1520 | Metairie | LA | 70002 | 2023 | 2026 |
| 14.4 | 4151 SW Freeway, Suite 510 | Houston | TX | 77027 | 2021 | 2026 |
| 14.5 | 4151 SW Freeway, Suite 602 | Houston | TX | 77027 | 2011 | 2026 |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1<br>Street<br>City State Zip | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider | **How are records kept?**<br>Check all that apply:<br>☐ Electronically<br>☐ Paper |

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained. Names, Addresses, Email Addresses, Medical Records, Personal Health Information and Financial Information.

Does the debtor have a privacy policy about that information?

☑ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| 401(k) Profit Sharing Plan | 76-0675859 |

Has the plan been terminated?

☑ No

☐ Yes

| Name of plan | Employer identification number of the plan |
|---|---|
| Defined Benefit Plan | 76-0675859 |

Has the plan been terminated?

☑ No

☐ Yes

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 Name: American Express<br>Street: 200 Vesey Street<br>City: New York State: NY Zip: 10285 | 4910 | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other | 7/6/2026 | $0.00 |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 Name:<br>Street:<br>City: State: Zip: | Address: | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name:<br>Street: 18000 Groeschke Road, Suite G4<br>City: Houston State: TX Zip: 77084 | Maribel Cruz<br>Address<br>18000 Groeschke Road<br>Suite A-7<br>Houston, TX 77084 | Furniture | ☐ No<br>☑ Yes |

## Part 11: Property the Debtor Holds or Controls that the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☐ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 Debtor Held Funds in Trust for Various Clients<br>Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm<br>18000 Groeschke Road Suite A-7<br>Houston, TX 77084 | JP Morgan Chase<br>Mail Code LA2-7100<br>1414 Woodward Avenue<br>Ruston, LA 71270-2015 | Debtor Held Funds in Trust for Various Clients | $1,059,113.17 |

## Part 12: Details About Environmental Information

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1<br>Case Number | Name<br>Street<br>City State Zip | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1<br>Name<br>Street<br>City State Zip | Name<br>Street<br>City State Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |
| 24.1 Name<br>Street<br>City State Zip | Name<br>Street<br>City State Zip | | |

## Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| --- | --- | --- |
| 25.1 Galindo & Mott, LLP<br>41451 Southwest Fry Suite 602<br>Houston, TX 77027 | Legal Services | EIN 39-5013152<br>**Dates business existed**<br>From 3/1/2020 to Present |
| 25.2 Krause and Kinsman Group, LLP<br>53 New Jersey Ave., SE<br>STE 200<br>Washington, DC 20003 | Legal Services | EIN N/A<br>**Dates business existed**<br>From 6/16/2023 to Present |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
| --- | --- |
| 26a.1 Kelly Gilson<br>18000 Groeschke Road<br>Suite B-4<br>Houston, TX 77084 | From October 2023 to Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
| --- | --- |
| 26b.1 Bankler Partners Ltd<br>9901 IH-10 WestSuite 501<br>San Antonio, TX 78230 | From April 2023 to 10/16/2025 |

Case 24-31596 Document 1696-3 Filed in TXSB on 01/21/26 Page 122 of 130

26b.2

| | From | to |
|---|---|---|
| Premier Tax Service, Inc.<br>c/o Eddie Tovar<br>9111 Jollyville Road, Suite 106<br>Austin, TX 78759 | 10/25/2025 | Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1<br>Cristobal M. Galindo<br>18000 Groeschke Road<br>Suite A-7<br>Houston, TX 77084 | |
| 26c.2<br>Kelly Gilson<br>18000 Groeschke Road<br>Suite B-4<br>Houston, TX 77084 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1<br>CMG Funding 2024, LLC<br>Attn: Legal Department<br>152 West 57th Street<br>26th Floor<br>New York, NY 10019 |
| 26d.2<br>CMG Funding 2025, LLC<br>Attn: Legal Department<br>152 West 57th Street<br>44th Floor<br>New York, NY 10019 |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 Cristobal M. Galindo<br>18000 Groeschke Road<br>Suite A-7<br>Houston, TX 77084 | President, Sole Director, Sole Shareholder | 100% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|
| 29.1 Andrew Kidd - Address on File | Independent Director | From 1/7/2026 | to 8/21/2026 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 See SOFA Part 2, Question 4. | | | |

| Relationship To Debtor |
|---|
| |

**31.Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**SOFA 3 ATTACHMENT**

Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|
| Alejandra Trejo | Address on File | | | | | | 6/5/2026 | $2,625.00 | Services |
| Alejandra Trejo | Address on File | | | | | | 6/18/2026 | $2,625.00 | Services |
| Alejandra Trejo | Address on File | | | | | | 7/4/2026 | $2,625.00 | Services |
| Alejandra Trejo | Address on File | | | | | | 7/20/2026 | $2,625.00 | Services |
| Alejandra Trejo | Address on File | | | | | | 8/5/2026 | $2,625.00 | Services |
| **Alejandra Trejo Total** | | | | | | | | **$13,125.00** | |
| Damage Resources LLC | Attn: Accounting | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | 6/15/2026 | $110,000.00 | Payroll Services |
| Damage Resources LLC | Attn: Accounting | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | 6/18/2026 | $60,102.17 | Payroll Services |
| Damage Resources LLC | Attn: Accounting | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | 7/2/2026 | $55,153.37 | Payroll Services |
| Damage Resources LLC | Attn: Accounting | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | 7/16/2026 | $58,152.28 | Payroll Services |
| Damage Resources LLC | Attn: Accounting | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | 8/3/2026 | $59,401.80 | Payroll Services |
| Damage Resources LLC | Attn: Accounting | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | 8/19/2026 | $58,138.73 | Payroll Services |
| **Damage Resources LLC Total** | | | | | | | | **$400,948.35** | |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 6/11/2026 | $30,000.00 | Unsecured Loan |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 6/12/2026 | $2,343.53 | Bank Fees |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 6/15/2026 | $1,242.21 | Bank Fees |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 7/2/2026 | $20,000.00 | Unsecured Loan |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 7/9/2026 | $10,000.00 | Unsecured Loan |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 7/14/2026 | $2,400.39 | Bank Fees |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 7/15/2026 | $1,236.33 | Bank Fees |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 7/17/2026 | $20,000.00 | Unsecured Loan |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 7/22/2026 | $45,000.00 | Unsecured Loan |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 8/14/2026 | $2,670.05 | Bank Fees |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 8/17/2026 | $911.45 | Bank Fees |
| JP Morgan Chase | Attn: JPMorgan Chase Bank, N.A. | PO Box 15368 | | Wilmington | DE | 19850 | 8/20/2026 | $15,000.00 | Unsecured Loan |
| **JP Morgan Chase Total** | | | | | | | | **$150,803.96** | |
| Koeppel LLC | 1980 Post Oak Boulevard | Suite 200 | | Houston | TX | 77056 | 7/17/2026 | $10,350.00 | Legal Services |
| Koeppel LLC | 1980 Post Oak Boulevard | Suite 200 | | Houston | TX | 77056 | 8/20/2026 | $5,000.00 | Legal Services |
| **Koeppel LLC Total** | | | | | | | | **$15,350.00** | |
| Mediation Arbitration Professional Systems, Inc. (MAPS) | 5 Sanctuary Blvd | Suite 103 | | Mandeville | LA | 70471 | 8/5/2026 | $13,000.00 | Services |
| **Mediation Arbitration Professional Systems, Inc. (MAPS) Total** | | | | | | | | **$13,000.00** | |
| Michele Cisneros | Address on File | | | | | | 6/5/2026 | $3,125.00 | Services |
| Michele Cisneros | Address on File | | | | | | 6/18/2026 | $3,125.00 | Services |
| Michele Cisneros | Address on File | | | | | | 7/4/2026 | $3,125.00 | Services |
| Michele Cisneros | Address on File | | | | | | 7/20/2026 | $3,125.00 | Services |
| Michele Cisneros | Address on File | | | | | | 8/5/2026 | $3,125.00 | Services |
| **Michele Cisneros Total** | | | | | | | | **$15,625.00** | |
| PEAC Solutions | 300 Fellowship Road | | | Mount Laurel | NJ | 08054 | 7/1/2026 | $9,812.46 | Services |
| **PEAC Solutions Total** | | | | | | | | **$9,812.46** | |
| Poynor Group LLC | PO Box 720907 | | | McAllen | TX | 78504 | 5/21/2026 | $12,000.00 | Services |
| **Poynor Group LLC Total** | | | | | | | | **$12,000.00** | |
| PRF FUND I, LP | 1875 NW Corporate Blvd. Suite 270 | | | Boca Raton | FL | 33431 | 6/24/2026 | $102,000.00 | Debt Repayment |
| **PRF FUND I, LP Total** | | | | | | | | **$102,000.00** | |
| RLN Legal LLC | Urb Riviera Village #70Calle Central Park | | | Bayamon | PR | 00959 | 6/5/2026 | $4,525.00 | Services |
| RLN Legal LLC | Urb Riviera Village #70Calle Central Park | | | Bayamon | PR | 00959 | 6/18/2026 | $4,525.00 | Services |
| RLN Legal LLC | Urb Riviera Village #70Calle Central Park | | | Bayamon | PR | 00959 | 7/7/2026 | $4,525.00 | Services |
| RLN Legal LLC | Urb Riviera Village #70Calle Central Park | | | Bayamon | PR | 00959 | 7/17/2026 | $4,525.00 | Services |
| RLN Legal LLC | Urb Riviera Village #70Calle Central Park | | | Bayamon | PR | 00959 | 8/4/2026 | $4,525.00 | Services |
| RLN Legal LLC | Urb Riviera Village #70Calle Central Park | | | Bayamon | PR | 00959 | 8/18/2026 | $4,525.00 | Services |
| **RLN Legal LLC Total** | | | | | | | | **$27,150.00** | |
| **Grand Total** | | | | | | | | **$759,814.77** | |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Ally | PO Box 380902 | | | Bloomington | MN | 55438 | N/A | 07/23/2026 | $10,500.00 | Loan Repayment for C. Galindo Automobile |
| Ally | PO Box 380902 | | | Bloomington | MN | 55438 | N/A | 08/20/2026 | $3,500.00 | Loan Repayment for C. Galindo Automobile |
| **Ally Total** | | | | | | | | | **$14,000.00** | |
| American Express FBO A&A GenPro, Inc. | 200 Vesey Street | | | New York | NY | 10285 | N/A | 12/9/2025 | $35,245.14 | Generator at C. Galindo Residence |
| **American Express FBO A&A GenPro, Inc. Total** | | | | | | | | | **$35,245.14** | |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 9/5/2025 | $44,000.00 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 9/5/2025 | $50,000.00 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 9/19/2025 | $20,000.00 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 9/25/2025 | $6,000.00 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 9/30/2025 | $14,000.00 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 10/3/2025 | $1,256.04 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 10/3/2025 | $6,612.53 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 10/17/2025 | $70,000.00 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 10/17/2025 | $70,000.00 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 10/21/2025 | $20,000.00 | Investment of C. Galindo |
| American Express FBO Aspen Media Network | 200 Vesey Street | | | New York | NY | 10285 | N/A | 11/14/2025 | $2,890.40 | Investment of C. Galindo |
| **American Express FBO Aspen Media Network Total** | | | | | | | | | **$304,758.97** | |
| American Express FBO Land Rover | 200 Vesey Street | | | New York | NY | 10285 | N/A | 9/25/2025 | $1,379.70 | Automobile Maintenance |
| **American Express FBO Land Rover Total** | | | | | | | | | **$1,379.70** | |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 09/03/2025 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 09/19/2025 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 10/01/2025 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 10/20/2025 | $200,000.00 | Owner Distribution |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 10/20/2025 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 11/03/2025 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 11/18/2025 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 12/03/2025 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 12/17/2025 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 12/31/2025 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 01/15/2026 | $2,084.66 | AMEX Draw |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 02/04/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 02/13/2026 | $10,000.00 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 02/18/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 02/19/2026 | $31,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 03/03/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 04/07/2026 | $20,833.33 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 05/04/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 05/19/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 06/12/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 06/18/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 07/07/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 07/21/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 07/23/2026 | $9,500.00 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 08/05/2026 | $41,666.66 | Draw on Distributions |
| Cristobal Galindo | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | | Austin | TX | 78701 | President, Sole Director | 08/18/2026 | $41,666.66 | Draw on Distributions |
| **Cristobal Galindo Total** | | | | | | | | | **$1,107,417.85** | |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 09/05/2025 | $10,000.00 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 09/11/2025 | $525,310.66 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 10/08/2025 | $467,332.01 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 11/18/2025 | $482,939.74 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 12/15/2025 | $420,062.19 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 01/14/2026 | $304,167.71 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 01/21/2026 | $155,739.79 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 02/13/2026 | $350,839.06 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 03/13/2026 | $456,752.95 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 04/09/2026 | $225,461.96 | Limited Personal Guarantee of C. Galindo |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | N/A | 05/07/2026 | $153,918.03 | Limited Personal Guarantee of C. Galindo |
| **Deer Finance, LLC Total** | | | | | | | | | **$3,552,524.10** | |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 09/05/2025 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 10/06/2025 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 11/05/2025 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 12/05/2025 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 01/05/2026 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 02/05/2026 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 03/05/2026 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 04/06/2026 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 05/05/2026 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 06/05/2026 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 07/06/2026 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| Everlake (Lincoln Benefit Life) | PO Box 83328 | | | Lincoln | NE | 68501 | N/A | 08/05/2026 | $681.19 | Life Insurance for C. Galindo as Partial Beneficiary |
| **Everlake (Lincoln Benefit Life) Total** | | | | | | | | | **$8,174.28** | |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 09/16/2025 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 10/15/2025 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 11/14/2025 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 12/16/2025 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 01/14/2026 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 02/17/2026 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 03/16/2026 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 04/14/2026 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 04/30/2026 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 05/14/2026 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 06/16/2026 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 07/14/2026 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| Land Rover Financial Group | PO Box 650351 | | | Dallas | TX | 75265 | N/A | 08/14/2026 | $3,038.91 | Loan Repayment for C. Galindo Automobile |
| **Land Rover Financial Group Total** | | | | | | | | | **$39,505.83** | |
| **Grand Total** | | | | | | | | | **$5,063,005.87** | |

| Fill in this information to identify the case: |
| --- |
| **Debtor name: Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm** |
| **United States Bankruptcy Court for the: Southern District of Texas** |
| **Case number: 26-90764** |

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
9/21/2026

/s/Cristóbal M. Galindo
Signature of individual signing on behalf of debtor

Cristóbal M. Galindo
Printed name

President, Sole Director and Sole Shareholder
Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No

☑ Yes

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**CRISTÓBAL M. GALINDO, P.C.**<br>**D/B/A GALINDO LAW FIRM,**<br><br>**Debtor.[1]** | **Chapter 11**<br><br>**Case No. 26-90764 (ARP)** |

**MASTER SERVICE LIST**
**(as of September 3, 2026)**

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.

STRETTO

# Master Service List

as of 9/3/2026

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email |
|---|---|---|---|---|---|---|---|---|
| Alpha Seven LLC | Attn: Accounting | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | | accounting@sierracharliegroup.com |
| Clayton Blehm | | Address Redacted | | | | | | Email Address Redacted |
| CMG Funding 2025 LLC | Attn: Legal Department | 152 West 57th Street | 44th Floor | New York | NY | 10019 | | ayal@deerfinance.com |
| CMG Funding 2025 LLC | c/o McDermott Will & Schulte LLP | Attn: Adam Harris, Reuben E. Dizengoff | 919 Third Avenue | New York | NY | 10022 | | acharris@mcdermottlaw.com<br>rdizengoff@mcdermottlaw.com |
| CMG Funding 2025 LLC | c/o Paul Hastings LLP | Attn: Craig Stanfield | 609 Main Street, Suite 2500 | Houston | TX | 77002 | | craigstanfield@paulhastings.com |
| CMG Funding 2025 LLC | c/o Paul Hastings LLP | Attn: Kristopher M. Hansen, Jon Canfield, Daniel Ginsberg | 200 Park Avenue | New York | NY | 10166 | | krishansen@paulhastings.com<br>joncanfield@paulhastings.com<br>danielginsberg@paulhastings.com |
| Cristobal M. Galindo, individually | c/o Kane Russell Coleman Logan PC | Attn: Mark C. Taylor | 401 Congress Ave. Ste. 2100 | Austin | TX | 78701 | | mtaylor@krcl.com |
| Crm Debugzone Private Limited | Attn: Legal Department | 3051 Mansarover Park 2 | Ghaziabad Uttar | Pradesh | | 201002 | India | info@crmdebugzone.com |
| Crockett Law PC | Attn: Legal Department | PO Box 6538 | | Houston | TX | 77265 | | brian@crockettlawfirm.com |
| Damage Resources LLC | Attn: Accounting | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | | accounting@sierracharliegroup.com |
| Decibel Advertising, LLC | Attn: Accounting | Urb. Santa Juanita UU-I C/39 Box 621 | | Bayamon | PR | 00956 | | accounting@decibeladvertising.com |
| Deer Finance, LLC | Attn: Legal Department | 152 West 57th Street | 26th Floor | New York | NY | 10019 | | lawrence@deerfinance.com |
| DRS Professional Services LLC | Attn: Legal Department | 8906 N Locust Avenue | | Tampa | FL | 33604 | | operations@drsproservice.com |
| Dykema Gossett PLLC | Attn: Danielle R. Behrends, Deborah D. Williamson | 112 E Pecan Street | Suite 1800 | San Antonio | TX | 78205 | | dbehrends@dykema.com<br>dwilliamson@dykema.com |
| Front Face Business, S.A. DE C.V. | Attn: Legal Department | Avenida Insurgentes Sur number 64 Colonia Juárez | | Cuauhtémoc Delegation | | 06600 | Mexico | quinn@ggrinc.com |
| Hayward PLLC | Attn: Charlie Shelton | 7600 Burnet Road | Suite 530 | Austin | TX | 78757-1269 | | cshelton@haywardfirm.com |
| Internal Revenue Service (IRS) | Attn: Centralized Insolvency Operation | 1111 Constitution | | Washington | DC | 20004 | | |
| JBSL | | 100 Mamaroneck Ave | | Mamaroneck | NY | 10543 | | jbslinfo@jbsllitin.com |
| K & M of VA, Inc. d/b/a 4Convergence | Attn: Legal Department | 11758 Lincolnshire Ct | | Glen Alen | VA | 23059-3417 | | clientsupport@4converge.com |
| Litify LLC | Attn: Legal Department | PO Box 70379 | | Newark | NJ | 07101-0096 | | billing@litify.com |
| Mac Murray & Shuster | Attn: Legal Department | 6525 W Campus Oval | Suite 210 | New Albany | OH | 43054 | | mkamer@mslawgroup.com |
| Office of the United States Trustee | Attn: Ha Minh Nguyen | 515 Rusk Street | Suite 3516 | Houston | TX | 77002 | | ha.nguyen@usdoj.gov |
| Pajaro Uno LLC | Attn: Legal Department | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | | accounting@sierracharliegroup.com |
| Province Fiduciary Services LLC | Attn: Legal Department | 2360 Corporate Circle | Suite 340 | Henderson | NV | 89074 | | apopescu@provincefirm.com |
| Ruth A. Van Meter P.C. | Attn: Legal Department | 9322 Shady Lane Circle | | Houston | TX | 77063 | | ruth@vanmeterlaw.com |
| Sergio De La Canal | Attn: Legal Department | Urb. Santa Juanita UU-I C/39 | Box 621 | Bayamon | PR | 00956 | | sergio@sierracharliegroup.com |
| Sergio De La Canal, Decibel Advertising, LLC, Pajaro Uno LLC, Damage Resources LLC, Damage Reports, LLC, Decibel Legal Services LLC, Alpha Seven LLC, Twin Diamond LLC, and Triple Crown Aviation LLC | c/o Norton Rose Fulbright US LLP | Attn: Jason L. Boland, Julie G. Harrison | 1550 Lamar, Suite 2000 | Houston | TX | 7701 | | jason.boland@nortonrosefulbright.com<br>julie.harrison@nortonrosefulbright.com |
| Sergio De La Canal, Decibel Advertising, LLC, Pajaro Uno LLC, Damage Resources LLC, Damage Reports, LLC, Decibel Legal Services LLC, Alpha Seven LLC, Twin Diamond LLC, and Triple Crown Aviation LLC | c/o Rusty Hardin & Associates, LLP | Attn: Rusty Hardin, Joe Roden, Megan C. Moore | 1401 McKinney Street, Suite 2250 | Houston | TX | 77010 | | rhardin@rustyhardin.com<br>jroden@rustyhardin.com<br>mmoore@rustyhardin.com |
| SLP Strategic Litigation Partners | Attn: Legal Department | 21324 Provincial Boulevard | | Katy | TX | 77450 | | dmiller@slplegal.com |
| Texas Office of the Attorney General | | 300 W 15TH ST | | Austin | TX | 78701 | | |
| The Mott Law Firm, PLLC | Attn: Legal Department | 5301 Katy Freeway | Suite 101 | Houston | TX | 77007-3866 | | mlm@mottlawpc.com |
| The Mott Law Firm, PLLC | c/o Munsch Hardt Kopf & Harr, P.C. | Attn: John D. Cornwell, Alexander R. Perez | 700 Milam St., Suite 800 | Houston | TX | 77002 | | jcornwell@munsch.com<br>rparker@munsch.com |
| Twin Diamond LLC | Attn: Accounting | 18000 Groschke Road | Suite B4 | Houston | TX | 77084 | | accounting@sierracharliegroup.com |
| U.S. Attorney's Office for the Southern District of Texas | Attn: Civil Process Clerk | 1000 Louisiana Street | Suite 2300 | Houston | TX | 77002 | | txspublicinquiry@usdoj.gov |