**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | Case No. 24-31596 |
| | § | |
| | § | Chapter 11 |

**PLAN ADMINISTRATOR'S EMERGENCY MOTION FOR LEAVE TO FILE HEARING EXHIBITS 31 AND 32 UNDER SEAL**

(Relates to ECF Nos. 1780, 1860, and 1865)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, in her capacity as Plan Administrator (the **"Plan Administrator"**) for MMA Law Firm, PLLC (**"MMA"**), files this Emergency Motion for Leave to File Hearing Exhibits 31 and 32 Under Seal (the **"Emergency Motion"**) and respectfully states as follows:

## I. REQUEST FOR EMERGENCY CONSIDERATION

1. The Court has set the Emergency Joint Motion of the Plan Administrator and Houghtaling Law Firm, LLC ("HLF") for Protective Order and, in the Alternative, to Quash or Modify the Subpoena Issued by Cristóbal M. Galindo, P.C. [ECF No. 1860] for an evidentiary hearing on November 23, 2026 at 9:00 a.m. [ECF No. 1865] (the **"Hearing"**).

2. The Plan Administrator intends to offer Exhibits 31 and 32 at the Hearing. Both contain the names of clients and settlement figures that Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm (**"Galindo"**) asserts is confidential. The Plan Administrator requests that the Court consider this Motion at or before the start of the Hearing so that the exhibits may be filed and offered without disclosing that information on the public docket.

## II. THE EXHIBITS

3. **Exhibit 32** is Exhibit D to Galindo's Motion for Allowance and Payment of Administrative Expense Claim [ECF No. 1780] (the "Admin Motion"). Exhibit D identifies forty redacted clients and states a dollar amount for each, totaling $260,014.82.

4. Galindo served the Plan Administrator with an unredacted version of Exhibit D marked as "Contains Confidential Client Information - Do Not File on Public Docket."

5. **Exhibit 31** is a summary under Federal Rule of Evidence 1006 comparing Exhibit D with Exhibits A and B to the settlement agreement between MMA and HLF approved by this Court (the "HLF Settlement Agreement").

## III. BASIS FOR RELIEF

6. Section 107(b) of the Bankruptcy Code authorizes the Court, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 likewise permits the

Court to "make any order which justice requires" to protect "the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

7. This Court has already found that client information of this kind should be sealed. In granting Galindo's own motion to maintain the sealed status of exhibits in this case, the Court found that the exhibits:

> "contain confidential client information, which the Debtor and GLF are required to maintain as confidential. Such information includes confidential personal, financial, bank account, and other information with respect to MMA's and GLF's clients which both are statutorily, contractually, and ethically bound to keep confidential."

ECF No. 1542 at 1–2, ¶ 7.

8. Exhibits 31 and 32 contain the same type of information: the names of MMA's and Galindo's clients, tied to the attorney's fees generated by their claims. Those clients are not parties to this dispute. Their identities add nothing to the public's understanding of the issues before the Court, which turn on the totals and on whether each case appears on the exhibits to the HLF Settlement Agreement.

**IV. USE OF THE EXHIBITS AT THE HEARING**

9. Because the Hearing will be conducted electronically and is open to the public, the Plan Administrator requests that the Court authorize her to (a) serve unredacted copies of Exhibits 31 and 32 on counsel for Galindo and counsel for HLF; (b) provide them to the Court and to witnesses for use at the Hearing; and (c) refer to clients at the Hearing by row number rather than by name, to the extent practicable.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the proposed order submitted with this Motion (i) granting leave to file Exhibit 31 and Exhibit 32

under seal; (ii) authorizing service and use of the sealed exhibits; and (iii) granting such other and further relief as is just.

Dated: November 21, 2026

Respectfully submitted,

By: */s/ Miriam T. Goott*

Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, Texas 77208
713.956.5577 (telephone)
713.956.5570 (fax)
mgoott@walkerandpatterson.com
COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2026, a true and correct copy of this Motion was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, and by email on Charlie Shelton (cshelton@haywardfirm.com), counsel for Galindo, and Brian J. Houghtaling (brian@houghtalinglaw.com), counsel for HLF.

*/s/ Miriam T. Goott*
Miriam T. Goott