**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-31596 (EVR) |
| | § | |
| MMA LAW FIRM, PLLC, | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

**PLAN ADMINISTRATOR'S RESPONSE IN OPPOSITION TO JEFFREY ALAN VITT'S EXPEDITED MOTION FOR CONTINUANCE, COORDINATED DISCOVERY AND EVIDENTIARY SETTINGS, LEAVE TO COMPLETE DISCLOSURES, AND DETERMINATION OF IFP AND RELATED PREPARATION ASSISTANCE**

Allison D. Byman, the Plan Administrator for MMA Law Firm, PLLC (the **"Plan Administrator"**), files this response in opposition to the Expedited Motion [ECF No. 1866] (the **"Motion"**) filed by Jeffrey Alan Vitt, and respectfully states:

1. The Motion is Vitt's latest attempt to postpone a hearing the Court has already declined to continue. The Court denied Vitt's prior requests to continue these matters.

2. The evidentiary hearing on the Plan Administrator's objections to Claims 73, 74, and 75 [ECF Nos. 1609, 1611, 1612] commenced on November 10, 2026.

3. The Court received evidence for approximately four hours and because of the late hour, recessed the hearing with Vitt's cross examination of the Plan Administrator still underway.

4. The hearing is set to resume on December 4, 2026, from 1:30 to 5:30 p.m. [ECF No. 1846.]

5. The deadline to file witness and exhibit lists ran before the hearing commenced. Vitt now asks the Court to reopen disclosures, authorize document discovery and depositions, and arrange subpoenas for witnesses he has not yet identified with certainty, all in the middle of a hearing that is already underway. His own exhibits confirm the point: he describes his witness and exhibit list as "preliminary" and his subpoena form as "not issued or ready for service." Granting

this relief would effectively restart a partially tried evidentiary hearing and reward Vitt for not preparing before it began.

6. Vitt also requests a continuance related to an uncertain funeral date. The Plan Administrator is sorry for the loss Vitt describes. But Vitt concedes the arrangements “remain unconfirmed” and that the funeral “may be” on or near December 4, 2026. An unconfirmed and speculative conflict is not a basis to vacate a setting. Furthermore, the setting is an electronic session, so Vitt need not travel to participate.

7. Finally, further delay harms the estate and its creditors. Each continuance increases administrative expense and delays the resolution of claims that Vitt filed more than 700 days after the bar date. The Plan Administrator is prepared to proceed on December 4, 2026.

**WHEREFORE**, the Plan Administrator respectfully requests that the Court deny the Motion, keep the December 4, 2026 resumed hearing as set, and grant such other relief as is just.

Dated: November 21, 2026.

Respectfully submitted,

By: */s/ Miriam T. Goott*

Miriam T. Goott (TBN 24048846)
4815 Dacoma Street
Houston, Texas 77092
Tel: 713-956-5577
mgoott@walkerandpatterson.com
COUNSEL FOR ALLISON D. BYMAN,
PLAN ADMINISTRATOR

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2026, a true and correct copy of this response was served through the Court's CM/ECF system on all parties registered to receive electronic notice, and by email on Jeffrey Alan Vitt at javit2004rule@gmail.com.

*/s/ Miriam T. Goott*
Miriam T. Goott