**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596-EVR** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | |
| | § | |

**CRISTÓBAL M. GALINDO, P.C.'S RESPONSE TO EMERGENCY JOINT MOTION FOR PROTECTIVE ORDER AND, IN THE ALTERNATIVE, TO QUASH OR MODIFY SUBPOENA**

(Relates to ECF No. 1860)

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("GLF") and files this *Response to Emergency Joint Motion for Protective Order and, in the Alternative, to Quash or Modify Subpoena* (the "Motion") filed by the Plan Administrator and Houghtaling Law Firm, LLC ("HLF"). At its core, the Plan Administrator and HLF are asking this Court deny a party the right to conduct discovery in advance of an evidentiary hearing because the Plan Administrator believes discovery is futile. However, as discussed below, futility is not a basis to quash a subpoena and none of the properly articulated bases are satisfied. Further, in the instant case, discovery is likely to yield admissible evidence and GLF believes such evidence will likely lead to a ruling in GLF's favor. Further still, the question before the Court is a rather direct one. Namely, whether the disputed clients were ever MMA clients. Evidence currently in GLF's possession, some of which is attached hereto, demonstrates that MMA's own Vice President of Operations concluded that many of the disputed clients were not MMA's clients and, despite that conclusion, MMA received funds from HLF arising from the disputed clients. *See* Exhibit A. GLF

notes, further, that it does not agree that the Plan Administrator took any efforts to confer regarding the subpoena prior to filing the Motion. Accordingly, and for the reasons set forth below, the Motion should be denied, or at most the subpoena should be modified as GLF has already offered.

## I. ARGUMENT

### A. The Court set an evidentiary hearing, and GLF is entitled to present evidence at it.

2. The Court set GLF's administrative expense motion for "an electronic evidentiary hearing" on December 3, 2026. The Fifth Circuit has reversed where a bankruptcy court cut short factual issues and "refused to permit testimony such as an adversary hearing would require." *Matter of Zale Corp.*, 62 F.3d 746, 763-64 (5th Cir. 1995). In a contested matter, "[a] witness's testimony on a disputed material factual issue must be taken in the same manner as testimony in an adversary proceeding." FED. R. BANKR. P. 9014.

3. Whether the disputed clients were ever MMA clients is a disputed material fact. HLF holds the referral records, contracts, and payment records that answer it. Staying a properly served subpoena until after the evidentiary hearing would leave GLF to try a fact question without the evidence that decides it.

4. The burden on HLF is limited, and the burden of proving otherwise rests on the Movants. The Movants must show that compliance "would be 'unreasonable and oppressive,'" and modification "is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–819 (5th Cir. 2004). A protective order requires "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (*quoting*

*United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978))**.** The Motion offers no affidavit or other evidence of burden. GLF has also offered to withdraw seven of the thirteen requests and to limit the rest to the Exhibit D clients and to communications about which clients were MMA clients. Exhibit B.

**B. Rule 45(d)(3) bases for quashing a subpoena are not met.**

5. Further still, none of the bases under FRCP 45(d)(3) are met. Rule 45(d)(3)(A) and (B) provide:

> (3) *Quashing or Modifying a Subpoena.*
>
> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.
>
> (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

FRCP 45(d)(3)(A) and (B).

6. Of particular note, "futility" is not a basis to quash a subpoena and GLF has not located any case indicating that it would be an appropriate basis to quash a subpoena. Accordingly, the Plan Administrator's paragraphs 30-43, which essentially argue that discovery is either futile or premature, should be rejected.

7. With respect to the remaining bases to quash a subpoena, the Plan Administrator only argues that 45(d)(3)(A)(i) and (iv) apply.

8. GLF respectfully submits that both of these arguments should be rejected. Firstly, neither HLF nor the Plan Administrator have yet presented any evidence of an undue burden. Further still, the Plan Administrator faces no burden related to HLF's production (GLF has already withdrawn the December 9, 2026 deposition).

9. GLF further submits that neither HLF nor the Plan Administrator have shown that there is not a reasonable time to comply. As indicated in Exhibit B, GLF has already offered to limit the requests and HLF has indicated through Brian Houghtaling that it can comply within the requested timeframe.

**C. There is no procedural basis to decide "threshold" legal issues first while blocking discovery.**

10. The Motion asks the Court to stay all compliance until it "rules on the threshold legal issues" in the Plan Administrator's objection. Motion at ¶ 51. The Rules already provide a mechanism for deciding legal issues without trial. Summary judgment is available in contested matters through Rule 9014(c) and Rule 7056. However, a summary judgment motion "must be filed at least 30 days before the first date set for an evidentiary hearing on any issue that the motion addresses, unless a local rule sets a different time or

the court orders otherwise." FRBP 7056. Even then, the movant must show "no genuine dispute as to any material fact."

11. The Plan Administrator filed no such motion. A discovery stay cannot be used to obtain the practical effect of summary judgment without meeting its timing or its standard.

**D. GLF already has evidence that MMA received money for clients that were never MMA's.**

12. On April 28, 2026, MMA's counsel forwarded HLF's April disbursement list to MMA's Vice President of Operations, Katy Ohlsson. Counsel described the list as "casss [sic] that Galindo sent to houghtaling" and asked whether "any of the cases were EVER mma cases." Exhibit A at 2. Ms. Ohlsson answered that same day: "Only 3 are MMA." *Id.* at 1. Her response marked as MMA only Robert Muller, Paul Champagne, and Eugene Plake. *Id.* MMA's counsel then forwarded that response to GLF's counsel. *Id.*

13. The clients Ms. Ohlsson did not identify as MMA cases include Neil and Angelle Adams, Eric Burke, Megan and Phillip Ethridge, Melanie Gordon, Toby Hatch, Shantell Lenox, Joseph Lyons, Jaresha Miles, Jason and Dionne Davis, Herbert Green, Ronald Hill, Breann Percle, Patricia Pitre, and Cung Tran. Each of these clients is listed on GLF's Exhibit D.

14. GLF asserts that additional discovery is needed to round out the record and provide the Court and parties a full evidentiary picture.

**E. The Movants offer no evidence that any disputed client was ever an MMA client.**

15. Interestingly, neither the Plan Administrator's objection nor the Plan Administrator's exhibit list identifies any engagement agreement, appearance, or other record showing that MMA ever represented any of the disputed clients. The only support offered is that the clients appear on exhibits HLF prepared for its settlement with MMA, which itself is undermined by Ms. Ohlsson's email above. The HLF settlement agreement itself frames the referral recital as something "HLF asserts." The Plan Administrator's declaration rests only on "MMA's claims register; and the docket." Decl. of Allison D. Byman at 1.

16. As set forth *supra*, MMA's own records point the other way. The Movants have repeatedly declined to answer the simple question that decides this dispute: whether these clients ever were MMA clients. The subpoena seeks the documents that answer it.

**F. A settlement between MMA and HLF cannot extinguish GLF's interest in fees for clients that were never MMA's.**

17. The Motion's core premise is that the HLF 9019 Order cut off GLF's rights to these fees merely because GLF is a creditor in this case. GLF asserts applicable case law demonstrates that the premise itself is wrong.

18. Settling parties "may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations on a third party, without that party's agreement." *Zale*, 62 F.3d at 746. The Fifth Circuit has held that parties "could not accomplish through settlement what they could not attain directly." *Id.*

Judge Schmidt has explained that "[a]nd although a settlement agreement may bind parties who have notice, regardless of what a settlement agreement states, a party cannot release property, money or claims it does not own." *In re Reichmann Petroleum Corp.*, 434 B.R. 790, 796-98 (Bankr. S.D. Tex. 2010).

19. The Supreme Court has likewise rejected attempts to treat claims belonging to others "as if the claims were somehow [the debtor's] own property." *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 219–220, 144 S. Ct. 2071, 2083–2084, 219 L. Ed. 2d 721 (2024).

20. The estate also takes no greater interest than MMA had. Where the debtor holds only legal title, property enters the estate "only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d). Fees on clients MMA never represented were never MMA's to settle.

21. GLF's right to its share of these fees is property, not merely a debt. The Fifth Circuit, applying Louisiana law, has recognized "a fourteenth amendment property interest taking the form of a contractual claim for attorneys' fees". *Fontana v. Barham*, 707 F.2d 221, 226 (5th Cir. 1983). The court explained that Louisiana protects that interest through the privileges in La. R.S. 37:218 and 9:5001. An attorney also has "a cause of action in conversion against anyone who unlawfully appropriates those fees". *Id. at* 226. "Whether money is estate property turns on whether the debtor would have a right to receive and keep those proceeds outside of bankruptcy." Further, "[w]here the debtor has no legally cognizable claim to the . . . proceeds, those proceeds are not property of the estate." *In re Equinox Oil Co.*, 300 F.3d 614, 618–19 (5th Cir. 2002) (quoting *In re*

*Edgeworth*, 993 F.2d 51, 55–56 (5th Cir. 1993)). Outside of bankruptcy, MMA had no right to fees on clients it never represented. Those fees therefore never became estate property, and the HLF 9019 Order could not convey them to MMA.

22. This is exactly why the discovery matters. Whether a given fee belonged to GLF or to the estate depends on one fact: whether the client was ever an MMA client. HLF's own paralegal told estate counsel that "we are required to remit payment to the Galindo Law Firm for cases that were not associated with MMA", and asked estate counsel to identify which cases were MMA's. The Movants ask the Court to decide the "property" question while withholding the records that answer it. The ownership question cannot be decided as a "threshold" legal issue without the evidence the subpoena seeks.

**G. The Movants did not confer on the document subpoena before filing the Motion.**

23. GLF notes at the outset of this section that since the filing of the Motion, it has since conferred with the Plan Administrator and HLF. However, GLF disagrees with the assertion in the Motion that at the time the Motion was filed, any conference had occurred. That certification is a threshold requirement; "[o]nly once this has been demonstrated can the Court consider fashioning a protective order." *In re Wright*, 568 B.R. 770, 780 (Bankr. S.D. Tex. 2017). Where, as here, a motion to quash is joined with a Rule 26(c) motion, "the movant is required to meet and confer and provide the necessary certification," and failure to do so "constitutes sufficient reason in itself to deny the motion." *Rogers v. Orleans Par. Sheriff Off.*, No. CV 22-5303, 2025 WL 2460267 (E.D. La. Aug. 27, 2025).

24. The Motion's certificate rests on a single exchange about a deposition. It says only that on November 13, 2026, GLF's counsel "proposed a Rule 30(b)(6) deposition of HLF," and that the Plan Administrator's counsel advised in writing that she "opposes the deposition." That exchange began with GLF's 11:06 a.m. email seeking deposition dates. Exhibit C. That email referred to documents that were still "to be subpoenaed." *Id.* Opposing counsel's 1:31 p.m. reply simply stated her opposition and directed that all further communication be in writing. The document subpoena was not transmitted to HLF until 4:08 p.m. that afternoon. Exhibit D. Nothing in the certificate reflects any attempt to confer about the subpoena's requests, their scope, or their timing before the Motion was filed on November 18.

## II. CONCLUSION

WHEREFORE, GLF respectfully asks the Court to enter an Order: 1) denying the Motion; 2) alternatively, modifying the subpoena consistent with GLF's written proposal and set a reasonable production date before the evidentiary hearing; and 3) granting GLF such other relief as is just.

DATED: November 23, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: <u>*/s/ Charlie Shelton*</u>
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

**COUNSEL FOR CRISTÓBAL M. GALINDO, P.C.**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 22, 2026, I did send an email to Ms. Goott and Mr. Houghtaling proposing to limit the discovery requests. Mr. Houghtaling responded indicating that he could comply with the requests within the requested timeframe. However, as of the time of the filing of this response, no agreement has been reached with Ms. Goott.

*/s/ Charlie Shelton*

Charlie Shelton

**CERTIFICATE OF SERVICE**

I certify that on November 23, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system upon all parties registered to receive electronic notice and upon the United States Trustee and all persons on the Bankruptcy Rule 2002 service list.

*/s/ Charlie Shelton*
Charlie Shelton