**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | Case No. 24-31596 |
| | § | |
| | § | Chapter 11 |

**PLAN ADMINISTRATOR'S NOTICE OF INTENT TO OFFER STATEMENTS UNDER FEDERAL RULE OF EVIDENCE 807**
(Relates to ECF Nos. 1780 and 1784)

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, in her capacity as Plan Administrator (the "Plan Administrator") for MMA Law Firm, PLLC ("MMA"), files this Notice and respectfully states as follows:

## I. THE STATEMENTS

1. On October 30, 2026, the Court set the Motion of Cristóbal M. Galindo, P.C. for Allowance and Payment of Administrative Expense Claim [ECF No. 1780] (the "Admin Motion") for an electronic evidentiary hearing on Thursday, December 3, 2026 at 1:30 p.m. (Central Standard Time) [ECF No. 1816] (the "Hearing"). The Plan Administrator objected to the Admin Motion [ECF No. 1784] (the "Objection").

2. At the Hearing, the Plan Administrator intends to offer the following statements/exhibits made by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("Galindo") in its own chapter 11 case, *In re Cristóbal M. Galindo, P.C.*, Case No. 26-90764 (Bankr. S.D. Tex.) (the "Galindo Case") (together, the "Statements"):

   a. **First Day Declaration.** Galindo Case ECF No. 22. Declarant: Cristóbal M. Galindo, signing as "President, Sole Director, Sole Shareholder" of Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm. He signed on August 26, 2026, under penalty of perjury under 28 U.S.C. § 1746. The Statements read:

> "GLF will seek a determination regarding the claims it may have against any co-counsel firms or other third parties." Galindo Case ECF No. 22 ¶ 28, at 7.
>
> "One of the primary methods GLF uses to expand its ability to represent clients is to enter into co-counsel arrangements with other law firms, whereby GLF and the other firm or firms will agree to a sharing of fees."

b. **Schedule A/B and Statement of Financial Affairs.** Galindo Case ECF No. 92, filed September 21, 2026, under penalty of perjury. Declarant: Cristóbal M. Galindo, who signed the declaration accompanying the schedules. The Statements are:

> (i) "Houghtaling Law firm," in the amount of "$500,000.00," with the nature of the claim stated as "Claim for funds improperly paid plus unpaid claims."
>
> Statement of Financial Affairs: Part 3 (no disclosure of MMA related litigation); Part 6 (no disclosure of payments made to MMA); Part 13, Question 28.1 (disclosure that Cristóbal M. Galindo is the president, sole director, and sole shareholder).

c. **Master Service List.** Galindo Case ECF No. 65. MMA is not listed.

d. **Voluntary Petition.** Galindo Case ECF No. 1.

3. Copies of the Statements will be listed on the Plan Administrator's Witness and Exhibit List for the Hearing, and are attached to this Notice as Exhibit A (petition), Exhibit B (first day declaration), Exhibit C (schedules and statement of financial affairs), and Exhibit D (master service list).

4. In addition to the Statements, the Plan Administrator shall also offer a letter written by Galindo's counsel, Charlie Shelton, sent on August 5, 2026 to Mr. Houghtaling (the **"Letter"**). The Letter was filed by Mr. Shelton on behalf of Galindo in this case at ECF No. 1877-2.

## II. THE STATEMENTS ARE NOT HEARSAY, AND THIS NOTICE IS FILED OUT OF AN ABUNDANCE OF CAUTION

5. The Plan Administrator does not believe the Statements or the Letter are hearsay, for two independent reasons.

5. First, each Statement is offered against Galindo and was made by Galindo. Each is therefore not hearsay. Fed. R. Evid. 801(d)(2)(A), (C), (D). The letter was written by Galindo's counsel, as his agent.

6. Second, as to a portion of the Statements and the Letter, they are not offered for the truth of the matters asserted. Fed. R. Evid. 801(c)(2). The Plan Administrator does not offer them to prove that Galindo holds a valid claim against HLF or MMA, or a claim in any amount. She offers them to show that Galindo has asserted, under penalty of perjury, a claim against Houghtaling Law Firm, LLC ("HLF") for "funds improperly paid" that is separate from the Admin Motion, that Galindo has stated it will pursue claims against co-counsel firms in the Galindo Case, and that Galindo's sworn disclosures in the Galindo Case do not identify any litigation with MMA or any payments to MMA. That Galindo made these assertions bears directly on the issues raised by the Admin Motion and the Objection, including whether the funds Galindo seeks are an obligation of MMA's estate at all, and the risk that Galindo seeks to recover the same funds twice, whether or not the assertions are true.

## III. NOTICE UNDER RULE 807

7. Out of an abundance of caution, and only to the extent the Court considers any Statement to be hearsay, the Plan Administrator gives notice under Federal Rule of Evidence 807(b) of her intent to offer the Statements under Rule 807(a).

8. **Sufficient guarantees of trustworthiness.** Galindo made each Statement in a sworn filing in a federal bankruptcy case, about its own assets and its own intentions. Bankruptcy

schedules must be verified or contain an unsworn declaration. A false declaration in a bankruptcy case is a federal crime. 18 U.S.C. § 152(3). The Statements are corroborated by Galindo's own filing in this case, in which it reserves "GLF's rights against HLF" [ECF No. 1780], and by Galindo's August 5, 2026 letter to HLF demanding $220,529.13 from HLF [ECF No. 1877-2]. Furthermore, the Letter was drafted by Galindo's counsel in this case and filed by Galindo on the docket.

9. **More probative than other reasonably obtainable evidence.** The Statements are Galindo's own sworn words, recorded at the time Galindo made them. No other evidence the Plan Administrator could obtain would show more reliably what Galindo itself has claimed and intends. Same is true for the Letter written by Galindo's counsel and filed on the docket.

10. **Notice.** This Notice is filed and served before the Hearing and identifies the substance of each Statement and its declarant, giving Galindo a fair opportunity to meet it. Fed. R. Evid. 807(b). Galindo has also had notice of the Statements since November 21, 2026, when the Plan Administrator gave notice of her intent to offer them at the November 23, 2026 hearing [ECF No. 1867].

WHEREFORE, the Plan Administrator gives notice of her intent to offer the Statements at the Hearing and requests that the Court admit them under Rule 801(d)(2), as statements not offered for their truth under Rule 801(c)(2), or, in the alternative, under Rule 807, and grant such other relief as is just.

Dated: November 24, 2026

Respectfully submitted,

By: */s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, Texas 77208

713.956.5577 (telephone)
713.956.5570 (fax)
mgoott@walkerandpatterson.com

COUNSEL FOR ALLISON D. BYMAN,
PLAN ADMINISTRATOR

**CERTIFICATE OF SERVICE**

I certify that on November 24, 2026, a true and correct copy of this Notice was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, including counsel for Cristóbal M. Galindo, P.C., and by email to Charlie Shelton at cshelton@haywardfirm.com and to Brian Houghtaling at brian@houghtalinglaw.com.

*/s/ Miriam T. Goott*
Miriam T. Goott