**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | Case No. 24-31596 |
| | § | |
| | § | Chapter 11 |

**PLAN ADMINISTRATOR'S EMERGENCY MOTION FOR LEAVE TO FILE HEARING EXHIBITS 29 AND 30 UNDER SEAL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Allison D. Byman, in her capacity as Plan Administrator (the **"Plan Administrator"**) for MMA Law Firm, PLLC **("MMA"),** files this Emergency Motion for Leave to File Hearing Exhibits 29 and 30 Under Seal (the **"Emergency Motion")** and respectfully states as follows:

## I. REQUEST FOR EMERGENCY CONSIDERATION

1. The Court has set the Motion of Cristóbal M. Galindo, P.C. for Allowance and Payment of Administrative Expense Claim [ECF No. 1780] (the **"Admin Motion"),** and the Plan Administrator's Objection thereto [ECF No. 1784], for an electronic evidentiary hearing on Thursday, December 3, 2026 at 1:30 p.m. (Central Standard Time) [ECF No. 1816] (the **"Hearing").**

2. The Plan Administrator intends to offer Exhibits 29 and 30 at the Hearing. Both contain the names of clients and fee amounts that Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm **("Galindo")** asserts are confidential. The twenty-one-day response period will not expire before the Hearing. The Plan Administrator therefore requests that the Court consider this Motion at or before the start of the Hearing so that the exhibits may be filed and offered without disclosing that information on the public docket.

## II. THE EXHIBITS

3. Exhibit 30 is Exhibit D to the Admin Motion. Exhibit D identifies forty redacted clients and states a dollar amount for each, totaling $260,014.82.

4. Galindo served the Plan Administrator with an unredacted version of Exhibit D marked as "Contains Confidential Client Information - Do Not File on Public Docket."

5. Exhibit 29 is a summary under Federal Rule of Evidence 1006 comparing Exhibit D with Exhibits A and B to the settlement agreement between MMA and Houghtaling Law Firm, LLC **("HLF")** approved by this Court (the **"HLF Settlement Agreement").**

## III. BASIS FOR RELIEF

6. Section 107(b) of the Bankruptcy Code authorizes the Court, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development,

or commercial information." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 likewise permits the Court to "make any order which justice requires" to protect "the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. The Court granted the Plan Administrator's prior motion to file the same two exhibits under seal for the November 23, 2026 hearing. ECF No.1879.

## IV. USE OF THE EXHIBITS AT THE HEARING

7. Because the Hearing will be conducted electronically and is open to the public, the Plan Administrator requests that the Court authorize her to (a) serve unredacted copies of Exhibits 29 and 30 on counsel for Galindo; (b) provide them to the Court and to witnesses for use at the Hearing; and (c) refer to clients at the Hearing by row number rather than by name, to the extent practicable.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the proposed order submitted with this Motion (i) granting leave to file Exhibit 29 and Exhibit 30 under seal; (ii) authorizing service and use of the sealed exhibits; and (iii) granting such other and further relief as is just.

Dated: November 24, 2026

Respectfully submitted,

By: */s/ Miriam T. Goott*
Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, Texas 77208
713.956.5577 (telephone)
713.956.5570 (fax)
mgoott@walkerandpatterson.com

COUNSEL FOR ALLISON D. BYMAN,
PLAN ADMINISTRATOR

**CERTIFICATE OF SERVICE**

I certify that on November 24, 2026, a true and correct copy of this Motion was served through the Court's CM/ECF system on all parties registered to receive electronic notice in this case, and by email on Charlie Shelton (cshelton@haywardfirm.com), counsel for Galindo.

*/s/ Miriam T. Goott*
Miriam T. Goott