**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | **Case No. 24-31596** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

| | | |
|---|---|---|
| **CRISTÓBAL M. GALINDO, P.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Adversary Proceeding No. 25-03310** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**CRISTÓBAL M. GALINDO, P.C.'S ORIGINAL COMPLAINT**
**AGAINST MMA LAW FIRM, PLLC, THE DEBTOR**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("**GLF**" or the "**Plaintiff**"), by and through its undersigned counsel, and files this, its Original Complaint against MMA Law Firm, PLLC, the Debtor ("**MMA**" or the "**Defendant**"), and, in support therefore, alleges as follows:

## I. NATURE OF THE ACTION

1. GLF brings this Original Complaint against MMA for claims against the Debtor's bankruptcy estate (the "**Estate**").

## II. PARTIES

2. The Plaintiff is a professional corporation incorporated under the laws of Texas, with its principal place of business in Houston, Texas.

3. The Debtor is a professional limited liability company organized under the laws of Texas, with its principal place of business in Houston, Texas. It can be served with process by mailing the Summons and Complaint by First Class Mail to its Registered Agent, John Z. Moseley, 1235 N. Loop W., Suite 810, Houston, Texas 77008, and on MMA Law Firm, PLLC c/o John Z. Moseley, President, 516 Heights Blvd., Houston, Texas 77007, or wherever it may be found.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the above-styled adversary proceeding (the "**Adversary Proceeding**") pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue for the Adversary Proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested in the Adversary Proceeding is pursuant to 28 U.S.C. §§ 2201-2202 and 11 U.S.C. § 541.

## IV. BACKGROUND

7. For over a decade, GLF has been a law firm that handles a high volume of personal injury and/or tort cases. The founder of GLF is Cristóbal M. Galindo ("**Mr. Galindo**").

8. On or about May 6, 2016, MMA f/k/a McClenny Moseley & Associates, PLLC, filed its Certificate of Formation with the Texas Secretary of State to be a "litigation" firm, and is based in Texas. The founding members of MMA were James M. McClenny ("**Mr. McClenny**") and Mr. Moseley.

9. Upon information and belief, MMA initially focused on commercial storm damage claims in Texas and Florida.

10. On August 27, 2020, Hurricane Laura made landfall in Cameron, Louisiana, as a Category 4 hurricane. On October 9, 2020, Hurricane Delta made landfall approximately (fifteen) 15 miles from Cameron, Louisiana, as a Category 2 hurricane.

11. On October 26, 2020, seizing an opportunity to obtain a large volume of first party property damage cases, MMA registered with the Louisiana Secretary of State and, upon information and belief, MMA opened its first office in Louisiana. Neither Mr. Moseley nor Mr. McClenny were and/or are licensed in Louisiana, so they brought in, *inter alia*, William Huye, III, who was licensed in Louisiana, and several other young attorneys.

12. On August 29, 2021, Hurricane Ida made landfall in Louisiana.

**A. <u>Formation of Relationship Between MMA and GLF</u>**

13. In early 2021, Mr. Moseley and Mr. Galindo met to discuss the possibility of a relationship between MMA and GLF.

14. Subsequently, in February 2021, Mr. Moseley and Mr. Galindo met over a few days in Scottsdale, Arizona, and discussed further details of a possible co-counsel relationship (not GLF referrals) on a large volume of first-party property damage cases, mainly located in Louisiana. Mr. Galindo was very impressed by Mr. Moseley’s representations that he and his firm (MMA) had developed the ability to handle a large volume of first-party property damage cases on a scale that had been rarely, if ever, done. Mr. Moseley convinced Mr. Galindo that MMA had the infrastructure in place to handle the claims and that MMA needed only to obtain the cases. While GLF already had its own large volume of first-party property damage cases and other co-counsel, GLF was interested in diversifying.

15. The discussions in Scottsdale led to an arrangement wherein GLF would assist MMA in obtaining a large volume of storm cases and GLF would assist MMA in handling the

cases that they co-counseled on together while combining Mr. Galindo's extensive experience with Mr. Moseley's experience. MMA would be the "handling law firm" and GLF would provide assistance and guidance as needed.

**B. <u>The Agreements</u>**

16. In reliance upon the conversations between Mr. Galindo and Mr. Moseley and Mr. Moseley's representations, GLF obtained more than 5,000 clients between approximately November 2021 and September 2022, to co-counsel with MMA. Thereafter, MMA and GLF entered into more than 5,000 agreements with the clients (collectively, and individually, the "**Insured(s)**") relating to hurricane damages and in several states, including, but not limited to, Louisiana (collectively, and individually, the "**Agreements**"). A blank copy of an Agreement, which contains terms that are substantially and materially identical to the relevant Agreements is attached hereto Exhibit "A" and incorporated herein for all purposes. The executed Agreements formed the basis of the "**Case(s)**," collectively, and individually.

17. Paragraph 1 of the Agreements states that "Parties to this Contract. The undersigned clients . . . hires [MMA] and Co-Counsel [defined in Footnote 1 of the Agreement as Krause and Kinsman Trial Lawyers, LLP ("**K&K**"), MMA, and GLF] as Client's attorneys. . . ." Paragraph 1 of the Agreement. Therefore, the Parties to the Agreements are the Insured(s), and the attorneys MMA, GLF, and K&K (collectively, the "**Attorneys**").

18. The Agreements provide for fee sharing of the proceeds from the Cases (collectively, and individually, the "**Proceeds**") and Footnote 1 of the Agreements state how the Proceeds from the Agreements are to be shared between the Attorneys and provides that "Client consents to Counsel's joint representation of Client and Counsel's fee sharing agreement per which each will receive the following share of Counsel's Fees and Costs payable by Client per this

agreement: 37.5% to [MMA] and 50% to Galindo Law Trial Attorneys and 12.5% to Krause and Kinsman Trial Lawyers, LLP." Upon information and belief, all of the Agreements were executed by the Insureds.

19. GLF has not given authority to anyone to settle or compromise GLF's rights and/or entitlements to any of GLF's portion (either contractually or in *quantum meruit*) related to the Insureds, the Agreements, and/or the Cases. In addition, GLF has always reserved and maintains all of its rights related to the Insureds and the Cases.

**C. <u>Misappropriation of the GLF Proceeds</u>**

20. Upon information and belief, MMA has received Proceeds both pre-petition and post-petition pursuant to the Agreements that belong to GLF (the "**GLF Portion**") and were never property of the Estate but were never paid to GLF.

21. As a very limited example of the foregoing, GLF is filing under seal contemporaneously herewith ten (10) Agreements with corresponding checks, pre- and post-petition, for which GLF should have but never received the GLF Portion.

22. In addition, upon information and belief, GLF believes that MMA received Proceeds that were also never distributed to the proper Insured but, rather, MMA kept all of the Proceeds.

23. Upon information and belief, at the direction of Mr. Moseley, MMA would sometimes deposit the Proceeds in MMA's IOLTA Account and then transfer them to the MMA's Operating Accounting, and, at other times, MMA would directly deposit the Proceeds into MMA's Operating Account.

24. Further, upon information and belief, at times, neither the Insured nor GLF was ever notified that MMA had received Proceeds that belonged to GLF and the Insured, and it is only

through GLF's initial discovery that GLF has begun to discover the magnitude of the Proceeds that were not properly distributed to their rightful owners. Extensive discovery is necessary in order to obtain an accurate accounting, if even possible, what has happened to, upon information and belief, a substantial amount of the Proceeds that MMA received and never distributed to the Insureds and/or GLF.

**D. <u>GLF's Proof of Claim Against the Debtor</u>**

25. On April 9, 2024 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Case**") creating the Estate.

26. The Debtor has continued operating as a Debtor-in-Possession.

27. On August 13, 2024, GLF filed Proof of Claim No. 47 (or 47-1) (the "**POC**"). The proof of claim bar date was August 13, 2024; therefore, the POC was timely filed.

28. On February 5, 2025, the Debtor filed its Objection to Proof of Claim No. 47 [47-1], Filed by Cristóbal M. Galindo, P.C. (the "**Objection**") [Docket No. 518].

29. On March 7, 2028, GLF filed its response to the Objection [Docket No. 581].

30. On March 7, 2028, GLF filed its Motion for Leave to Amend Proof of Claim No. 47 Filed By Cristobal M. Galindo, P.C. D/B/A Galindo Law Firm (the "**Motion for Leave**") [Docket No. 580]. GLF also sought leave to amend the POC.

31. On April 28, 2025, this Court held a hearing on the Motion for Leave and converted the Objection to the POC into the Adversary Proceeding.

32. GLF asserts claims for the GLF Portion of the Proceeds to which it is entitled to under the Agreements that have been resolved by the Debtor. GLF also asserts that the GLF Portion is not property of the Estate, but to the extent that the GLF Portion is no longer available, GLF asserts claims under various theories, including, but not limited to, declaratory action,

turnover, breach of contract, *quantum meruit*, unjust enrichment, and/or conversion (collectively, the "**Causes of Action**").

## V. CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT THAT THE GLF PORTION IS NOT PROPERTY OF THE DEBTOR'S ESTATE

33. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

34. GLF was entitled to the GLF Portion (the 50% share of attorney's fees collected under the Agreements by MMA). The GLF Portion belongs to GLF, separate and distinct from MMA's portion.

35. When considering a declaratory judgment action, the Court must consider a three-step inquiry: (i) whether an "actual controversy" exists between the parties in the case; (ii) whether it has authority to grant declaratory relief; and (iii) whether "to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

36. An actual controversy exists between the Plaintiff and the Debtor regarding the GLF Portion from the Proceeds. The Debtor filed the Objection to GLF's POC, and the Debtor has not paid GLF any portion of the Proceeds since January 2023 even though, upon information and belief, the Debtor has continued to collect the Proceeds.

37. The Plaintiff has not relinquished its right to claim an interest in any portion of the Proceeds that have been collected by the Debtor – pre- or post-petition.

38. Pursuant to Section 541(a)(1) of the Bankruptcy Code, "property of the estate" encompasses "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541.

39. In the present case, the GLF Portion was never the property of MMA (pre-petition) or the Debtor (post-petition). The GLF Portion is a separate and distinct property right that GLF is entitled to under the Agreements.

40. The fact that the GLF Portion may have come into the possession of the Debtor did not change its character as GLF's property.

41. Upon information and belief, the Debtor was and/or still is in possession of some of the GLF Portion. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, GLF seeks entry of an order and a judgment declaring that GLF is the owner of the GLF Portion in the Debtor's possession and that such funds do not constitute property of the Debtor's estate under Section 541(a) of the Bankruptcy Code.

42. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

**COUNT II**
**<u>TURNOVER</u>**

43. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

44. Because the GLF Portion is GLF's property, GLF is entitled to receive these funds. Thus, GLF seeks entry of an order and judgment requiring the Debtor to turn over the GLF Portion in their possession to GLF.

45. The Plaintiff has not relinquished its right to claim the GLF Portion from the Proceeds that have been collected by the Debtor – pre- or post-petition.

46. Upon information and belief, the Debtor has received and/or holds the GLF Portion from the settlement of some of the Agreements both pre- and post-petition.

47. The Plaintiff respectfully requests that the Court issue an order compelling the Debtor to provide a comprehensive accounting of all Proceeds related to the Agreements to date as well as all the Distribution Statements related to the Proceeds and/or how MMA distributed the Proceeds related to the Agreements.

48. Additionally, the Plaintiff requests an order directing the turnover to GLF of the GLF Portion from the Proceeds.

49. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

**COUNT III**
**BREACH OF CONTRACT**

50. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

51. To the extent that the Debtor (i) has received the GLF Portion and (ii) is no longer in possession of such funds, then GLF has a claim against the Debtor for, *inter alia*, breach of contract. The Agreements are valid contracts. GLF has performed its obligation under the Agreements. The Debtor breached the Agreements by not turning over the GLF Portion to GLF pursuant to the sharing ratio set forth in the Agreements. GLF was damaged in the amount of the GLF Portion not turned over. The Plaintiff requests an order directing the payment to GLF of the GLF Portion from the Proceeds.

52. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

**COUNT IV**
**<u>QUANTUM MERUIT</u>**

53. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

54. To the extent that the Debtor (i) has received the GLF Portion (ii) is no longer in possession of such funds, and (iii) is not obligated under the Agreements to pay GLF the GLF Portion for whatever reason, then GLF has a claim against the Debtor for *quantum meruit*.

55. GLF provided valuable services to the Insureds and the Debtor. The Debtor accepted and benefited from the Agreements and GLF's services, and GLF reasonably expected to be paid the GLF Portion and for its services. Therefore, the Plaintiff requests an order directing the payment to GLF for its services.

56. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

**COUNT V**
**<u>UNJUST ENRICHMENT</u>**

57. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

58. GLF and MMA entered into the Agreements. MMA benefitted from the Agreements to the exclusion of GLF, and, therefore, MMA will be unjustly enriched if it is not required to pay GLF the GLF Portion.

59. The Plaintiff requests an order directing the payment of the GLF Portion to GLF from the Proceeds.

60. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

**COUNT VI**
**CONVERSION**

61. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs

62. The elements of conversion are: (i) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (ii) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights, and (iii) the defendant refused the plaintiff's demand for the return of the property, including if a demand for the return of the property unless the possessor's acts manifest a clear repudiation of the plaintiff's rights.

63. To the extent that the Debtor (i) has received the GLF Portion and (ii) is no longer in possession of such funds, then GLF has a claim against the Debtor for conversion. GLF owned or had a legal right to immediately possess the GLF Portion. The Debtor unlawfully assumed control over the GLF Portion, to the exclusion of GLF's rights, by using the funds for its own purposes. The GLF Portion was a specific property interest because it was intended to be kept separate in the Debtor's trust account.

64. The Plaintiff requests an order directing the turnover of the GLF Portion from the Proceeds.

65. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

## VI. ATTORNEYS' FEES AND INTEREST

66. The Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

67. As a result of the Debtor's actions as complained of herein, GLF has been forced to retain the law firms of Ruth A. Van Meter, P.C. and Hayward PLLC to represent it in this action and has agreed to pay the firms' reasonable and necessary attorneys' fees and costs. Accordingly, GLF is entitled to and is seeking compensation for reasonable and necessary attorneys' fees and costs incurred and to be incurred in bringing this Adversary Proceeding. Pursuant to the usual and customary fees for a claim of this type, GLF is entitled to reasonable and necessary attorneys' fees for preparation and final trial of this Adversary Proceeding and additional attorneys' fees in the event of appeal or other proceedings before the United States District Court, United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.

68. The Plaintiff is also entitled to, and is seeking to recover, pre-judgment and post-judgment interest as allowed by law.

69. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including but not limited to attorney's fees and costs.

## VII. CONDITIONS PRECEDENT

70. All conditions precedent to the relief being sought by the Plaintiff, in this matter, have been performed or have occurred.

## VIII. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, GLF respectfully requests that the Court:

71. Enter an order and declaratory judgment that GLF is the owner of the GLF Portion and that such funds do not constitute property of Estate under Section 541(a) of the Bankruptcy Code.

72. Enter an order and judgment requiring the Debtor to turnover the GLF Portion in its possession to GLF.

73. Allow claims against the Debtor for breach of contract, *quantum meruit*, unjust enrichment and conversion against the Debtor in the amount of the GLF Portion no longer in the Debtor's possession.

74. For actual equivalent value and damages as identified herein for all of the causes of action;

75. The Plaintiff's reasonable attorneys' fees and costs incurred herein;

76. Prejudgment interest;

77. Post-judgment interest, and

78. Such additional and further relief which the Court deems just and proper and to which the Plaintiff may show herself to be justly entitled.

Dated: May 12, 2025

Respectfully submitted,

**RUTH A. VAN METER, P.C.**

By: *<u>/s/ Ruth Van Meter</u>*
Ruth Van Meter
State Bar No. 20661570
ruth@vanmeterlaw.com
9322 Shady Lane Circle
Houston, Texas 77063
(713) 858-2891 (Direct)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

**- AND -**

**HAYWARD PLLC**

By: *<u>/s/ Charlie Shelton</u>*
Charlie Shelton
State Bar No. 24079317
CShelton@HaywardFirm.com
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (Telephone/fax)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

# EXHIBIT A

THIS AGREEMENT IS SUBJECT TO BINDING ARBITRATION

PROPERTY DAMAGE CLAIMS | ATTORNEY EMPLOYMENT CONTRACT

---

**(IF THERE IS NO MONETARY RECOVERY MADE FOR THE CLIENT, THEN ATTORNEYS FEES ARE WAIVED)**

1. **Parties to this Contract.** The undersigned clients (the "Client") hires MCCLENNY MOSELEY & ASSOCIATES, PLLC and Co-Counsel[1] (collectively "Attorneys") as Client's attorneys for legal representation as described below.
2. **Scope and Purpose of Legal Representation.** Client hires Attorneys to solely represent Client's claims for the following property damage matter(s):

Loss Address Represented: ______________________________

Date of Loss Represented: ______________________________

**Client agrees and understands that Attorneys do not represent Client for any flood loss whether involving an insurance claim or otherwise.**

3. **Attorneys' Contingent Fee Arrangement**. No fees will be charged on any insurance payments made prior to the date of this contract. After execution of this agreement but prior to either a pre-suit mediation or filing of a lawsuit, Client agrees to pay Attorney **<u>33.33%</u> of the total sums collected** plus reasonable expenses. Attorneys may use their own discretion to schedule a pre-suit mediation at any time and without consulting client. Attorneys are authorized to file suit if and when necessary. If either a pre-suit mediation is conducted or a lawsuit is filed after Client's consent, then Client agrees to pay Attorneys **<u>40%</u> of the total sum collected plus reasonable expenses**. Attorneys may associate with other Attorneys without the Client's advance consent, but this will not increase the total Attorney fee owed by the client. **<u>If there is no recovery, Client owes no Attorneys' Fees</u>**. If there is a recovery, the Attorneys' contingent fee will first be deducted from the gross recovery, then all applicable expenses and court costs shall be deducted from the remaining amount, and the balance of the net recovery shall then be paid to the Clients. Attorneys must have Client's approval of any settlement—and if the case is successful, Client will receive a disbursement statement (internally called a "Breakdown") that describes the calculation of fees, costs, and itemized expenses, as well as the net recovery paid to the Client.

4. **Costs and Other Expenses.** Client will **not** pay any up-front expenses. Attorneys agree to advance all reasonable expenses associated with the Client's case but will be reimbursed from any recovery. Client agrees that Attorneys will be repaid all reasonable court costs and expenses incurred by Attorneys in the handling of the Client's case, including but not limited to, court costs, filing fees, depositions, expert witnesses, reports, and/or testimony time, consultant fees, fax transmissions or receptions, messengers, court reporter fees, service of citations, investigative fees and expenses, court mandated expenditures, costs associated with collecting judgments, any expenses of a structured settlement, witness fees, mileage, air travel, subpoenas, record service fees, preparation of exhibits and photographs, copying, postage, research, document management, calls, and transportation and/or lodging expenses and parking.

1 Co-Counsel includes Krause and Kinsman Trial Lawyers, LLP. Client consents to Counsel's joint representation of client and Counsel's fee sharing agreement per which each will receive the following share of Counsel's Fees and Costs payable by Client per this agreement: 37.5% to MCCLENNY MOSELEY & ASSOCIATES, PLLC and 50% to Galindo Law Trial Attorneys and 12.5% to Krause and Kinsman Trial Lawyers, LLP.

MCCLENNY | MOSELEY & ASSOCIATES    GALINDOLAW    KRAUSE & KINSMAN LAW FIRM

EXHIBIT A

Attorneys will use best efforts to minimize expenses because the less money Attorneys risk on losing if there is a low or no recovery. If there is no recovery, Client owes no Case Expenses provided that Client has made no misrepresentations of a material fact.

5. **Withdrawal of Attorney**. Attorneys may withdraw from Client's representation in the claim at any time with written notice for any reason recognized under the law of the state in which the property/properties associated with the claim is/are located.

6. **Favorable Outcome Not Guaranteed.** Client understands that Attorneys have made no promises or guarantees of any kind concerning the outcome of Client's claim, including any recovery or its amount.

7. **Limited Power of Attorney to Execute Documents.** Client grants to Attorneys a limited power of attorney to execute all documents related only to this representation where Attorneys are retained, including pleadings, contracts, checks or drafts, settlement agreements, compromises, releases, verifications, dismissals, and orders. This power of attorney shall apply only to matters related to this case. Attorneys must have Client's approval for Client's individual settlement.

8. **Cooperation of Client.** Client shall keep Attorneys timely advised of his or her current mailing address, current phone numbers, and current email addresses at all times so that Attorneys can communicate with Client. Client shall immediately inform Attorneys about any anticipated, planned, or current bankruptcy filing by Client or involving Client.

9. **Alteration of Instrument.** No amendments, material alterations, or modifications of any of the provisions of this Agreement will be binding unless made in writing by a Partner of McClenny Moseley & Associates, PLLC.

10. **Agreement for Binding Arbitration.** Any controversy and/or claim arising out of or relating to this contract and/or any alleged breach thereof (and/or the legal services provided), shall be settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules. The arbitration hearing shall take place in a mutually agreed upon location before a single arbitrator. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction. The prevailing party may be awarded reasonable attorneys fee, expenses, and costs related to the arbitration. The arbitration proceedings and arbitration award shall be maintained by the parties as strictly confidential, except as is otherwise required by court order, applicable rule, and/or law or as is necessary to confirm, vacate or enforce the award and for disclosure in confidence to the parties' respective attorneys, tax advisors and senior management and to family members of a party who is an individual.

11. **Acknowledgment and Other Important Provisions.** Client agrees that he or she has read this 2-page agreement carefully. Client's signature below indicates that Client has read and understands this agreement and agrees to be bound by all its provisions. Client has asked Attorneys about any questions that Client has about this agreement before signing. Client may consult with an independent attorney before signing this agreement, but Client is not required to do so. Only the law of the state in which the property/properties associated with the claim is/are located applies to this contract. If any provision in this contract is determined to be invalid, illegal, and/or void, then the remaining provisions are preserved and shall be interpreted to give full legal effect to those remaining provisions. The signature on behalf of Attorneys below indicates Attorneys' acceptance of this agreement.

EXHIBIT A

AGREED BY:

____________________ ____________________ __________
Client Signature Full Name Date

____________________ ____________________
Mailing Address, City, State, Zip Loss Address, City, State, Zip (or “Same as Mailing”)

____________________ ____________________ ____________________
Mobile Number Secondary Number Email Address

APPROVED: ____________________ ____________________
McClenny Mosely & Associates, PLLC Date