**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **IN RE** | § | **Chapter 11** |
| | § | |
| **MMA Law Firm, PLLC** | § | **Case No. 24-31596** |
| | § | |
| **DEBTOR** | § | |
| | § | |

**MMA'S MOTION TO COMPEL COMPLIANCE WITH 9019 ORDER AGAINST CRISTOBAL M. GALINDO, P.C.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COMES NOW, MMA Law Firm, PLLC **("Debtor"** or **"MMA"),** and files this *Motion to Compel Compliance with 9019 Order Against Cristobal M. Galindo, P.C.* **("Galindo").** MMA and Galindo are collectively referred to herein as the "Parties." In support of this Motion, MMA respectfully shows the Court as follows:

**SUMMARY OF FACTS AND RELIEF REQUESTED**

Galindo entered into a Settlement Agreement with MMA that was approved by this Court on September 18, 2025 (the **"9019 Order").** The Settlement Agreement required Galindo to remit 100% of any funds received from Successor Firms in connection with the MMA/Galindo Cases within fourteen days of receipt starting in September 2025 (the **"Turnover Provision").** Despite

Case 24-31596 Document 1383 Filed in TXSB on 03/11/26 Page 2 of 16

that obligation, Galindo collected fees from Successor Firms for months without disclosure or remittance, and only turned over a portion of those funds after MMA independently discovered the payments and made repeated demands.

When MMA attempted to resolve the matter without judicial intervention by proposing a straightforward stipulation requiring Galindo to attest that all funds had been disclosed and remitted, and provide monthly reporting, Galindo refused. On March 11, 2026, Galindo's counsel stated unequivocally that Galindo has "no intention of signing any stipulation or sworn statement." More troubling, Galindo takes the affirmative legal position that the 9019 Order merely "approves a settlement agreement" and that "[t]here is no court order directing any action from Galindo". This position is directly contradicted by the plain language of the Settlement Agreement and this Court's express retention of jurisdiction to enforce it. Furthermore, Galindo's position is particularly egregious as Galindo is an attorney and officer of the Court.

Debtor files this Motion to Compel to obtain the Court's intervention in enforcing its own 9019 Order.

## RELEVANT BACKGROUND FACTS

1. MMA is a Texas-based litigation firm that represented thousands of clients in insurance claims following Hurricanes Laura, Delta, Zeta, and Ida (collectively, the **"Hurricane Cases"**).

2. In a substantial number of the Hurricane Cases, MMA entered into co-counsel agreements with Galindo, under which both firms jointly represented clients on a contingency fee basis (the "**MMA/Galindo Cases"**)

3. On March 3, 2023, the Honorable James D. Cain, Jr., United States District Judge for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with MMA for a period of ninety (90) days (the "**Suspension Order")**.

4. Following the entry of the Suspension Order, numerous third-party law firms (collectively, the **"Successor Firms")** assumed legal representation of thousands of clients previously jointly represented by MMA and Galindo in the MMA/Galindo Cases.

## ADVERSARY PROCEEDING FILED

5. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating the above-captioned bankruptcy case (the **"Bankruptcy Case"**).

6. On August 13, 2024, Galindo timely filed a proof of claim in the Bankruptcy Case (the **"POC").**

7. MMA filed an objection to Galindo's POC on February 5, 2025 (the **"Claim Objection").**

8. On April 28, 2025, the Bankruptcy Court converted the Claim Objection into an adversary proceeding and directed Galindo to file a formal complaint, thereby initiating Adversary Proceeding No. 25-03310 (the **"Galindo Adversary").**

9. On August 22, 2025, MMA filed a separate complaint against Galindo initiating Adversary Proceeding No. 25-03633 (the **"MMA Adversary"**)

10. In the MMA Adversary, MMA asserted multiple causes of action against Galindo, including claims seeking the turnover of funds received from Successor Firms in connection with the MMA/Galindo Cases.

## SETTLEMENT REACHED

11. On September 8, 2025, the Parties reached a global resolution and entered into a Settlement Agreement (the **"Settlement Agreement"**) resolving all disputes between them, including the Galindo Adversary and the MMA Adversary.

12. On September 18, 2025, this Court entered an Order approving the Settlement Agreement at ECF No. 832 (the **"9019 Order"**). (Exhibit A)

Case 24-31596 Document 1383 Filed in TXSB on 01/21/26 Page 4 of 19

13. Pursuant to the Settlement Agreement, in exchange for, among other consideration, a general unsecured claim in the Bankruptcy Case in the amount of $2.5 million, Galindo agreed to the following:

a. Galindo irrevocably waived, released, and forever disclaimed any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from MMA, whether direct or indirect, arising from or relating to any former MMA clients, cases, co-counsel relationships, or any other matters associated with the MMA/Galindo Cases. (Exhibit A - Paragraph 24)

b. In the event Galindo receives any funds after September 4, 2025, whether directly or indirectly, from any Successor Firm related to the MMA/Galindo Cases, GALINDO shall remit 100% of such funds to MMA within fourteen (14) calendar days of receipt (the **"Turnover Provision"**). (Exhibit A - Paragraph 21)

14. The Court's 9019 Order approved the Settlement Agreement and expressly retained jurisdiction over all disputes relating to the interpretation and enforcement of the Settlement Agreement.

**GALINDO'S FAILURE TO COMPLY**

15. On January 20, 2026, the Debtor reviewed a spreadsheet received from LIGA indicating that LIGA had sent settlement funds in one Former MMA Case (the **"LIGA Case")** to both Galindo and another law firm, Houghtaling Law Firm, LLC (**"HLF"**). (Exhibit B)

16. On January 21, 2026, Debtor's counsel emailed Galindo's counsel requesting information regarding the funds received in the LIGA Case. (Exhibit C)

17. Galindo's counsel responded the same day stating that:

a. Galindo had not received the payment in the LIGA Case; and

b. the payment had likely been sent to HLF.

18. On February 4, 2026, Galindo's counsel later advised that Galindo was expecting a check in the LIGA Case and stated that additional details would be provided shortly. (Exhibit D) Debtor's counsel immediately responded and requested the amount of the payment and sought to discuss a reporting procedure for future payments received related to the Turnover Provision. (Exhibit E)

19. On February 9, 2026, Debtor's counsel again emailed Galindo's counsel, citing the Turnover Provision and requesting written confirmation as to whether Galindo had received any such funds and, if so, demanding immediate turnover. (Exhibit F)

20. Galindo's counsel responded that same day and stated that he was addressing the matter "now." (Exhibit F)

21. On February 12, 2026, Galindo's counsel sent an email stating that:

a. he had requested that Galindo provide a list of all checks subject to the Turnover Provision;

b. he had instructed Galindo to remit all such funds to MMA; and

c. he suggested establishing a monthly reporting procedure to address future payments subject to the Turnover Provision. (Exhibit F)

22. Debtor's counsel responded the same day demanding compliance with the 9019 Order and agreeing to implement a monthly reporting procedure. (Exhibit F)

23. On February 24, 2026, Galindo's counsel sent MMA an email identifying a total of six (6) cases that Galindo claimed fell within the Turnover Provision. The email reflected that Galindo had received attorney's fee payments from HLF totaling $31,379.97, consisting of four payments received in January 2026 and two payments received in November 2025. (Exhibit G)

24. On February 25, 2026, Galindo remitted $31,379.97 to MMA relating to those six payments.

25. On March 2, 2026, in lieu of filing a Motion for Contempt or a Motion to Compel to address Galindo's prior violation of the 9019 Order, MMA sent Galindo a proposed Stipulation and Agreed Order (the **"Stipulation"**) addressing the late turnover of the $31,379.97 and establishing procedures for future compliance with the Turnover Provision. (Exhibit H: Email) (Exhibit I: Proposed Stipulation)

26. The proposed Stipulation provided that Galindo would attest to the following:

   a. Galindo conducted a complete review of all books, records, communications, and accounts relating to the MMA/Galindo matters;

   b. all funds received from any Successor Firm had been remitted to MMA;

   c. no additional funds were being held;

   d. no additional amounts were owed and undisclosed; and

   e. no rights to payment had been assigned or diverted.

27. The proposed Stipulation provided Galindo an opportunity to disclose any additional payments that may have been omitted so that such payments could be included in the Stipulation without the need for MMA to seek judicial intervention and sanctions.

28. After receiving no response after seven days, MMA's counsel followed up with another email on March 9, 2026. (Exhibit J)

29. On March 10, 2026, Galindo's counsel responded stating that he was conferring with his client and would respond either later that day or the following day as he had a deadline in another matter. (Exhibit K). MMA's counsel immediately responded and agreed to the extension based on counsel's deadline, and requested that Galindo provide MMA with a sworn statement

identifying all Successor Firms and notes that there are significant funds owed to MMA. (Exhibit L)

30. On March 11, 2026, Galindo's counsel responded and stated unequivocally that Galindo has "no intention of signing any stipulation or sworn statement." Galindo's counsel further took the position that the 9019 Order **merely "approves a settlement agreement" and that "[t]here is no court order directing any action from Galindo."** (the **"March 11 Email"**) (Exhibit M)

31. Paragraph 21 of the Settlement Agreement specifically provides that if Galindo receives any funds after September 4, 2025, from any Successor Firm, that Galindo **shall** remit 100% of funds to MMA within fourteen days of receipt. As discussed above, the 9019 Order provides that this Court retains jurisdiction over enforcement of the Settlement Agreement. However, in the March 11 Email, Galindo's counsel affirmatively stated that he reviewed the 9019 Order and **"it does not require turnover"**.

32. Notably, Galindo's counsel acknowledged that he had been pressing Galindo for a list of all funds received from those firms from September 4, 2025 forward, but that as of the date of the email (March 12, 2026), Galindo had not yet provided such a list, stating that "they are looking." Galindo's counsel further stated that he saw "no reason to jump to more extreme remedies," despite Galindo's clear and ongoing failure to comply with the Turnover Provision.

33. Galindo's position that the 9019 Order does not require turnover is meritless. A court order approving a settlement agreement renders the terms of that agreement enforceable as an order of the court, especially when the Court ordered that it retains jurisdiction to enforcing the very same Settlement Agreement it approved.

34. Galindo's refusal to acknowledge this basic legal principle as an officer of this Court, combined with his affirmative refusal to sign the proposed stipulation or provide a sworn

Case 24-31596 Document 1383 Filed in TXSB on 03/11/26 Page 8 of 19

statement, demonstrates that Galindo has no intention of voluntarily complying with his obligations under the 9019 Order and that judicial intervention is necessary.

**<u>FUNDS DISCOVERED</u>**

35. On March 9, 2026, MMA filed an adversary proceeding against HLF seeking recovery of attorneys' fees and expenses relating to Former MMA Cases, which included attorney's fees on cases that been referred to HLF by Galindo (the **"HLF Adversary"**).

36. On March 10, 2026, the day after the HLF adversary was filed, MMA's counsel contacted HLF in an effort to resolve the dispute. HLF and MMA reached an agreement in principle that day, and MMA required HLF to immediately produce accounting records reflecting all payments made by HLF to Galindo after September 4, 2025.

37. Later that same day, HLF provided a spreadsheet showing that since September 4, 2025, Galindo had received $1,024,508.62 in settlement funds from HLF[1] (the **"Spreadsheets"**). A portion of the clients identified in the Spreadsheets are Former MMA Clients that were referred by Galindo to HLF, a Successor Law Firm, as defined by the Settlement Agreement.

38. To date, the Debtor is currently unaware whether Galindo has received additional fees from other Successor Firms and is continuing its investigation.

**<u>RELIEF REQUESTED</u>**

39. MMA requests that this Court compel Galindo to immediately comply with the 9019 Order and the Turnover Provision contained in the Settlement Agreement approved thereunder.

40. The Court's 9019 Order, incorporating the Settlement Agreement, is specific, clear, and unambiguous.

---

[1] Exhibit N (Email from HTL), Exhibit O (September payments to Galindo); Exhibit P (October payments to Galindo); Exhibit Q (November payments to Galindo; Exhibit R (December payments to Galindo); Exhibit S (January payments to Galindo); and Exhibit T (February payments to Galindo)

Case 24-31596 Document 1383 Filed in TXSB on 03/11/26 Page 9 of 16

41. The Settlement Agreement expressly requires that if Galindo receives any funds after September 4, 2025 from any Successor Firm relating to the MMA/Galindo Cases, Galindo must remit 100% of those funds to MMA within fourteen (14) days of receipt.

42. To date, Galindo has only turned over a total of $31,379.97 related to six cases. Absent MMA's repeated demands, Galindo would likely not have complied with these payments, as two of the six payments were received nearly four months earlier, in November 2025.

43. The Court's 9019 Order expressly provides that this Court retains jurisdiction over all disputes concerning enforcement of the Settlement Agreement.

44. A bankruptcy court has broad authority to enforce its own orders, including orders approving settlement agreements under Rule 9019. *See In re Cajun Elec. Power Coop., Inc.*, 191 F.3d 659, 663 (5th Cir. 1999); *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). Where a court order was in effect, required certain conduct, and the respondent failed to comply, judicial enforcement is warranted.

45. Here, the 9019 Order was in effect and required Galindo to remit all funds received under the Turnover Provision within fourteen days. Galindo has failed to comply, and through counsel has now taken the affirmative position that the 9019 Order does not require compliance with the Turnover Provision, a position that is directly contradicted by the plain language of the Settlement Agreement approved by this Court.

<u>Prior Show Cause Order</u>

46. Galindo's noncompliance is not an isolated incident but part of a broader pattern of bad faith litigation conduct. On July 17, 2025, this Court entered an Order in Adversary Proceeding No. 25-3310 (ECF No. 106) denying Galindo's Motion for Entry of Default and Emergency

Motion to Strike, both of which the Court found to be "self-contradicting and procedurally improper." (Exhibit U)

47. The Court further determined that Galindo's counsel had failed to confer with MMA's counsel before filing those motions and had omitted from its filings the fact that MMA was actively participating in discovery, facts that constituted potential misrepresentations to the Court. As a result, the Court issued an Order to Show Cause pursuant to Bankruptcy Rule 9011, directing Galindo and its counsel to appear and explain why they should not be sanctioned, including fee-shifting, for filing and prosecuting those motions.

48. Galindo's current refusal to comply with the Turnover Provision, combined with the frivolous legal position that the 9019 Order does not require any action from Galindo, reflects the same pattern of obstructive and bad faith conduct that prompted this Court's prior Order to Show Cause. Galindo has demonstrated a willingness to disregard court orders, withhold estate funds, make meritless legal arguments, and engage in dilatory tactics to avoid his obligations. This Court should not countenance further delay.

49. Judicial intervention is therefore necessary to compel compliance with the 9019 Order and to compensate MMA for the additional time and expense caused by Galindo's noncompliance, including attorneys' fees.

## CONCLUSION

For the reasons set forth above, MMA respectfully requests that the Court enter an order: (a) compelling Cristobal M. Galindo, P.C. to immediately comply with the 9019 Order and the Turnover Provision contained in the Settlement Agreement; (b) directing Galindo to immediately turnover all funds received from Successor Firms relating to the MMA/Galindo Cases that have

Case 24-31596 Document 1383 Filed in TXSB on 03/12/26 Page 11 of 16

not already been remitted to MMA; (c) requiring Galindo to provide a sworn and complete accounting of all funds received from any Successor Firm related to the MMA/Galindo Cases; (d) awarding MMA its reasonable attorneys' fees and costs incurred in bringing this Motion; and (e) granting such other and further relief as the Court deems just and proper.

Dated: March 12, 2026.

By: /s/*Miriam T. Goott*__________
Miriam T. Goott
SBN 24048846
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com
713.956.5577 (telephone)
713.956.5570 (fax)

**COUNSEL FOR MMA LAW FIRM, PLLC**

## CERTIFICATE OF SERVICE

I, Miriam T. Goott, hereby certify that on March 12, 2026, I served a copy of this Motion on counsel for Galindo via email.

/s/*Miriam T. Goott*________________
Miriam T. Goott

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 24-31596** |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **Chapter 11** |
| | § | |
| ***Debtor.*** | § | |

**ORDER APPROVING COMPROMISE**
**WITH CRISTOBAL M. GALINDO, PC**
(Relates to ECF No. 805)

It is

**ORDERED** that the Debtor's Motion to Compromise Controversy with *Cristobal M. Galindo, PC* **("GLF")** is granted in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that the Debtor and GLF are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the Settlement Agreement.

Signed: September 18, 2025

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | |

**<u>SETTLEMENT AGREEMENT</u>**

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), on the one hand, and Cristobal M. Galindo, PC (**"GLF"**), on the other hand. MMA and GLF are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Debtor and GLF hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

**<u>DEFINITIONS AND RECITALS</u>**

1. MMA is a Texas-based litigation firm that represented thousands of clients in insurance claims following Hurricanes Laura, Delta, Zeta, and Ida (collectively, the "**Hurricane Cases**").

2. In a substantial number of the Hurricane Cases, MMA entered into co-counsel agreements with GLF, under which both firms jointly represented clients on a contingency fee basis (the "**MMA/Galindo Cases**").

3. On March 3, 2023, the Honorable James D. Cain, Jr., United States District Judge for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated

with MMA for a period of ninety (90) days (the "**Suspension Order**").

4. Following the entry of the Suspension Order, numerous third-party law firms (collectively, the "**Successor Firms**") assumed legal representation of thousands of clients previously jointly represented by MMA and GLF in the MMA/Galindo Cases. For the avoidance of doubt, for the purposes of this Agreement, "Successor Firms" does not include GLF.

5. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating the above-captioned bankruptcy case (the "**Bankruptcy Case**").

6. Following the petition date, MMA began asserting claims against the Successor Firms, both through litigation and through negotiated settlements.

7. On August 13, 2024**,** GLF timely filed a proof of claim in the Bankruptcy Case (the "**POC**").

8. MMA filed an objection to GLF's POC on February 5, 2025 (the "**Claim Objection**").

9. On April 28, 2025**,** the Bankruptcy Court converted the Claim Objection into an adversary proceeding and directed GLF to file a formal complaint, thereby initiating Adversary Proceeding No. 25-03310 (the "**Galindo Adversary**").

10. On August 15, 2025, MMA filed a *Motion to Approve Compromise under Rule 9019* with Irpino, Avin & Hawkins Law Firm, a Successor Firm (the "**Irpino Settlement**").

11. Under the Irpino Settlement, Irpino is required to deposit $81,413.21 into the registry of the Bankruptcy Court (the **"Irpino Registry Funds"**) and, on a going-forward basis, to deposit 25% of all attorneys' fees it receives in connection with the MMA/Galindo cases into the Bankruptcy Court's Registry (the "**Irpino Future Registry Funds**").

12. On the same date, MMA also filed a separate *Motion to Approve Compromise under Rule 9019* with Alvendia, Kelly & Demarest, LLC, a Successor Firm (the "**AKD Settlement**").

13. Pursuant to the AKD Settlement, AKD is required to deposit $153,743.52 into the registry

of the Bankruptcy Court (the **"AKD Registry Funds"**). Additionally, AKD has agreed, on a going-forward basis, to deposit 25% of all attorneys' fees it receives in the MMA/Galindo cases into the Court's registry (the **"AKD Future Registry Funds"**).

14. On August 22, 2025, MMA filed a Complaint against GLF, initiating Adversary Proceeding No. 25-03633 (the "**MMA Adversary**").

15. The Galindo Adversary and the MMA Adversary are collectively referred to herein as the "**Adversaries**."

16. The Parties have reached a full and final global resolution of all disputes and claims related to the Adversaries, as set forth in this Agreement.

17. The Parties expressly acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

## PAYMENT TERMS AND OBLIGATIONS

18. On or before October 1, 2025, GLF shall remit payment to MMA in the amount of $250,000.00, in good and sufficient funds.

19. GLF hereby acknowledges and agrees that MMA is entitled to retain the entirety of the following funds, free and clear of any claim by GLF:

   a. AKD Registry Funds

   b. AKD Future Registry Funds

   c. Irpino Registry Funds

   d. Irpino Future Registry Funds

20. GLF irrevocably waives and relinquishes any and all claims it may have against any and all Successor Firms related to the MMA/Galindo Cases. This waiver is intended to provide assurance to Successor Firms that any settlements or payments made to MMA shall not subject them to liability or further claims by GLF and each of the Successor Firms may rely on this waiver

and release as third-party beneficiaries of this provision.

21. GLF agrees that, in the event it receives any funds after September 4, 2025, whether directly or indirectly, from any Successor Firm related to the MMA/Galindo Cases, GLF shall remit 100% of such funds to MMA within fourteen (14) calendar days of receipt.

22. GLF shall be granted an allowed general unsecured claim in the Bankruptcy Case in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00) (the "**Allowed Claim**")

23. Except as provided in Paragraph 22 regarding GLF's Allowed Claim in the amount of $2,500,000.00, GLF irrevocably waives and releases any further claims to any fees, costs, or recovery from MMA arising out of or related to former MMA clients or cases.

24. Except for the rights afforded to GLF under Paragraph 22 with respect to its Allowed Claim, GLF hereby irrevocably waives, releases, and forever disclaims any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from MMA, whether direct or indirect, arising from or relating to any former MMA clients, cases, co-counsel relationships, or any other matters associated with the MMA/Galindo Cases.

25. The Parties agree to jointly submit an Agreed Order concerning approval of both the AKD Settlement and the Irpino Settlement to the Bankruptcy Court no later than September 8, 2025.

26. GLF may propose to the Official Committee of Unsecured Creditors (the "**UCC**") the inclusion of third-party releases in any Chapter 11 plan proposed by MMA. If such releases are accepted by the UCC and agreed to by MMA, MMA shall incorporate the releases into its plan and support their approval. GLF shall be responsible for advancing all out-of-pocket costs associated with providing any required notice required of such releases, including, without limitation, the costs of copies, postage, certifications, filings, and related labor. Notwithstanding the foregoing, in the event that the Bankruptcy Court rejects or denies approval of any third-party

releases included in the Chapter 11 plan, such rejection shall not constitute a condition precedent or a breach of this Settlement Agreement, and MMA reserves the right to refile or amend the plan to remove such third-party release provisions without affecting the enforceability or validity of this Settlement Agreement.

27. GLF shall support any Chapter 11 plan proposed by MMA that incorporates terms consistent with this Agreement.

28. In the event the Bankruptcy Court denies approval of this Settlement Agreement, then the Parties agree that all unexpired deadlines in the Adversaries, as of September 4, 2025, shall be extended for a period equal to the time elapsed between September 4, 2025, and the date of the Court's denial of the Settlement Agreement. In addition, the deposition of John Zachary Moseley shall be rescheduled.

29. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes arising under or related to this Settlement Agreement.

30. Upon full performance of the terms and conditions herein, each of the Parties, on behalf of themselves, their respective current and former affiliates, subsidiaries, officers, directors, shareholders, members, managers, partners, employees, attorneys, agents, representatives, predecessors, successors, and assigns, hereby mutually release and discharge each other from any and all claims, demands, actions, and causes of action, known or unknown, arising out of or related to the Adversaries.

31. Subject to the full performance of all terms and conditions set forth in this Agreement, and without limiting any other provisions herein, MMA hereby irrevocably waives, releases, and forever disclaims any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from GLF, arising from or relating to any former MMA clients.

32. Subject to the full performance of all terms and conditions set forth in this Agreement, and without limiting any other provisions herein, GLF hereby irrevocably waives, releases, and forever disclaims any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from MMA, arising from or relating to any former MMA clients.

33. This Agreement is subject in its entirety to Bankruptcy Court approval, without which it shall be null and void and of no force or effect.

Dated: 9-8-2025

*/S/ JOHN ZACHARY MOSELEY*

MMA Law Firm, PLLC
John Zachary Moseley, President

Dated: 9-8-25

Cristobal M. Galindo, P.C.
Cristobal Galindo, President

| claimno | MMA Case No. | Insured | Represented at time of settlement? | Settlement Amount | Payment Date | Amount Paid to Law Firm | Plaintiff Attorney Firm |
|---|---|---|---|---|---|---|---|
| XLA202100003362 | 2214428 | Early Terrie Michelle | ☑ | $12,500.00 | 12/22/25 | $12,500.00 | Chehardy, Sherman, Williams, Recile & Hayes, LLP |
| XLA202100003671 | 2208996 | Washington Raven | ☑ | $24,000.00 | 10/9/25 | $24,000.00 | Sangisetty Law Firm, LLC |
| XLA202100009611 | 2214377 | Snowton Tishawon | ☑ | $30,000.00 | 11/20/25 | $30,000.00 | Houghtaling Law Firm, LLC |
| XLA202100012045 | 2211883 | Romeaus Joyce | ☑ | $31,500.00 | 10/9/25 | $31,500.00 | Sunseri Law Firm, LLC |
| 21LA00124149 | 2213176 | Rodriguez Billie | ☑ | $29,221.21 | 11/13/25 | $29,221.21 | Pandit Law Firm, LLC |
| XLA202100009901 | 2207536 | Dimacco Mathew | ☑ | $15,000.00 | 12/18/25 | $15,000.00 | Daly & Black PC |
| 770100015332 | 2204604 | Christopher Robichaux & Pamela Johnson | ☑ | $10,000.00 | 11/10/25 | $10,000.00 | Daly and Black |
| AI10284L | 2212172 | Clifton Duet II | ☑ | $21,500.00 | | $21,500.00 | Voorries Law Firm |
| 10014033 | 2212926 | Starks Ebony | ☑ | $25,000.00 | 10/16/25 | $25,000.00 | Houghtaling Law Firm |
| 170100034928 | 2216091 | Bargky Leon Desiree | ☑ | $20,600.00 | 10/16/25 | $20,600.00 | Sangisetty Law Firm, LLC |
| HO0521376016 | 2213485 | Mcdowell Savanah | ☑ | $38,220.00 | 10/22/25 | $38,220.00 | Sangisetty Law Firm, LLC |
| HO0521374511 | 2207716 | Johnson Michael & Sybil | ☑ | $65,000.00 | 10/30/25 | $65,000.00 | Morris Bart LLC |
| 770100012799 | 2215922 | Morgan Jr Lonnie K | ☑ | $30,000.00 | 10/22/25 | $30,000.00 | Irpino Law Firm |
| 170100036698 | 2202354 | Ugas Henry | ☑ | $40,000.00 | 10/30/25 | $40,000.00 | Advantage Injury Attorneys |
| 10017602 | 2110474 | Brown Dustin Joseph | ☑ | $36,132.00 | 11/13/25 | $36,132.00 | Forrest Cressy and James |
| 770100016118 | 2208153 | Mcdaniel Cecil & Belinda | ☑ | $20,000.00 | 10/22/25 | $20,000.00 | Irpino Law Firm |
| HO0521375808 | 2214758 | Alvis Clarissa | ☑ | $8,331.73 | 1/12/26 | $8,331.73 | Pandit Law Firm, LLC |
| HO0521378926 | 2211400 | Newell Carlissia | ☑ | $30,000.00 | 10/22/25 | $30,000.00 | Houghtaling Law Firm, LLC |
| XLA202100006347 | 2208538 | Lee Yolanda | ☑ | $38,000.00 | 10/30/25 | $38,000.00 | Voorhies Law Firm, LLC |
| XLA202100014563 | 2213496 | Morel Rudolf | ☐ | $10,000.00 | 10/30/25 | | |
| AI10395L | 2209267 | Wallace Smith And Frederikia S | ☑ | $10,000.00 | 10/30/25 | $10,000.00 | Daly & Black, PC |
| 10016050 | 2206380 | Strickland Jr. Jules | ☑ | $15,000.00 | 11/10/25 | $15,000.00 | The King Firm |
| 10023321 | 2201064 | Winfield Natasha | ☑ | $15,000.00 | 10/30/25 | $15,000.00 | Daly and Black (paid under 10008772) |
| 770100018337 | 2205876 | Stovall Anthony & Josie | ☑ | $55,000.00 | 10/30/25 | $55,000.00 | Morris Bart LLC |
| AI10593L | 2209683 | Glenn Butler And Kelli Butler | ☑ | $2,500.00 | 11/6/25 | $2,500.00 | Alvendia, Kelly & Demorest, LLC |
| 170100043299 | 2204376 | Sugulleh Loyan | ☑ | $40,000.00 | 11/6/25 | $40,000.00 | Kandell,Kandell & Petrie |
| 10017601 | 2207576 | Holincheck John | ☑ | $18,000.00 | 1/9/26 | $18,000.00 | Irpino Law Firm |
| HO0521382155 | 2204826 | Brenda G Populis & Thomas Populis Sr | ☑ | $12,500.00 | 11/6/25 | $12,500.00 | Irpino Law Firm, LLC |
| 2021-05365 | 2206852 | Robinson Myneshia | ☑ | $7,500.00 | 11/6/25 | $7,500.00 | Alvendia, Kelly & Demorest, LLC |
| 170100035728 | 2212007 | Vanburen Nelson & Karen | ☑ | $22,500.00 | 11/6/25 | $22,500.00 | Advantage Injury Attorneys |
| LA202100004727 | 2203317 | Beaumont Brenton Lee | ☑ | $82,000.00 | | $82,000.00 | Martin L. Morgan |
| 21LA00129776 | 2204855 | Galloway Oneil & Juanita | ☑ | $10,000.00 | 12/3/25 | $10,000.00 | Brice Jones & Associates, LLC |
| HO0521376192 | 2210853 | Pierre Letonia | ☑ | $23,455.00 | 11/10/25 | $23,455.00 | Voorhies Law Firm, LLC |
| 770100015893 | 2208754 | Trisheka Hill & Harvey Hill III | ☑ | $10,000.00 | 1/12/26 | $10,000.00 | Alvendia, Kelly & Demorest, LLC |
| 21LA00131429 | 2201959 | Pierre Charles & Betty | ☑ | $23,000.00 | 11/24/25 | $23,000.00 | Voorhies Law Firm, LLC |
| 770100019856 | 2208686 | Thomas Rose & John | ☑ | $22,500.00 | 11/17/25 | $22,500.00 | Alvendia, Kelly & Demorest, LLC |
| 770100015543 | 2111074 | Hendricks Gregory | ☑ | $5,000.00 | 11/17/25 | $5,000.00 | Houghtaling Law Firm |
| XLA202100010717 | 2202210 | Johnson Edward Lee | ☑ | $24,000.00 | 1/9/26 | $24,000.00 | Alexandre E Bonin APLC |
| XLA202100000931 | 2209617 | Evans Marcus | ☑ | $1,500.00 | 11/24/25 | $1,500.00 | Daly & Black PC |
| 2021-170002192 | 2208858 | Juan Aragon & Lastenia E Arago | ☑ | $30,000.00 | 11/20/25 | $30,000.00 | Sangisetty Law |
| HO0521375864 | 2208396 | Williams Robert | ☑ | $35,000.00 | 12/8/25 | $35,000.00 | Daly & Black, PC |
| 170100037920 | 2215934 | Williams Anthony | ☑ | $25,000.00 | 12/3/25 | $25,000.00 | Pandit Law Firm, LLC |
| 170100040662 | 2214987 | Anderson Wilfred | ☑ | $15,000.00 | 11/24/25 | $15,000.00 | Voorries Law Firm |
| XLA202100005157 | 2210517 | Romero Nelton | ☑ | $50,000.00 | 12/5/25 | $50,000.00 | AMO Trial Lawyers LLC |

| claimno | MMA Case No. | Insured | Represented at time of settlement? | Settlement Amount | Payment Date | Amount Paid to Law Firm | Plaintiff Attorney Firm |
|---|---|---|---|---|---|---|---|
| MH0521387449 | 2208386 | Carber Shayne Mike | ☑ | $22,500.00 | 12/11/25 | $22,500.00 | Pandit Law Firm, LLC |
| HO0521371321 | 2205080 | Schenk Roy | ☑ | $12,500.00 | 12/18/25 | $12,500.00 | Houghtaling Law Firm, LLC |
| 170100041998 | 2209786 | Simon Conrad | ☑ | $8,053.40 | 12/5/25 | $8,053.40 | Daly and Black |
| 21LA00149623 | 2201125 | Fields Daquayla | ☑ | $16,886.09 | 12/17/25 | $16,886.09 | Pandit Law Firm, LLC |
| XLA202100016642 | 2214645 | Stokes Roosevelt | ☑ | $22,500.00 | 12/8/25 | $22,500.00 | Houghtaling Law Firm, LLC |
| 10016450 | 2209591 | Collins Theodore | ☑ | $36,500.00 | 12/18/25 | $36,500.00 | Galiindo and Houghtaling |
| XLA202100009524 | 2212607 | Tadlock Kenneth | ☑ | $20,000.00 | 12/11/25 | $20,000.00 | Chehardy, Sherman, Williams, Recile & Hayes, LLP |
| MH0521381463 | 2205470 | Butler Christine | ☑ | $15,000.00 | 12/11/25 | $15,000.00 | Houghtaling Law Firm, LLC |
| 770100013919 | 2211922 | Mikell Ervin | ☑ | $5,000.00 | 12/15/25 | $5,000.00 | Daly and Black |
| HO0521380524 | 2209094 | Smith Brian | ☐ | $25,000.00 | 12/30/25 | | |
| 10012710 | 2206023 | Simmons Sabrina | ☑ | $37,000.00 | 12/18/25 | $37,000.00 | Montiel Hodge |
| 2021-08036 | 2214255 | The Estate Of Denis Taylor Sr | ☑ | $34,000.00 | 12/29/25 | $34,000.00 | Pandit Law Firm, LLC |
| XLA202100019140 | 2202230 | Lincoln Angel | ☑ | $39,000.00 | 12/29/25 | $39,000.00 | Irpino Law Firm |
| 10017647 | 2206754 | Lewis Kevin | ☑ | $22,500.00 | 1/15/26 | $22,500.00 | Houghtaling Law Firm, LLC |
| 10012860 | 2214450 | McGuire III Michael | ☑ | $18,157.13 | 1/16/26 | $18,157.13 | Irpino Law Firm |
| LA202000002051 | 15954 | Currie Louis | ☑ | $25,000.00 | 1/9/26 | $25,000.00 | Sangisetty Law Firm |

Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

# Galindo - LIGA

4 messages

**Miriam Goott** <mgoott@walkerandpatterson.com> Wed, Jan 21, 2026 at 12:11 AM
To: Charlie Shelton <cshelton@haywardfirm.com>
Cc: Johnie Patterson <jjp@walkerandpatterson.com>

Charlie,

I received a quarterly report from LIGA that shows that Galindo and the Houghtaling law firm were paid a total of $36,500 in the Theodore Collins case. Can you please confirm whether or not Galindo received these funds and if so, they need to be turned over to MMA. If Houghtaling is in possession of these funds, let me know that too please. Thanks.

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX 77092***
***713.956.5577***
***713.956.5570 fax***

**Charlie Shelton** <cshelton@haywardfirm.com> Wed, Jan 21, 2026 at 8:19 AM
To: Miriam Goott <mgoott@walkerandpatterson.com>
Cc: Johnie Patterson <jjp@walkerandpatterson.com>

Will check.

***Charlie Shelton***

*Attorney & Counselor*

**Email:** CShelton@HaywardFirm.com

**Direct/Cell:** (737) 881-7101

HAYWARD PLLC

**Austin:** 7600 Burnet Road, Ste. 530
Austin, Texas 78757
Main/fax: (737) 881-7100

**Dallas:** 10501 N. Central Expressway, Suite 106

DALLAS, TEXAS 75231

MAIN/FAX: (972) 755-7100

**IMPORTANT/CONFIDENTIAL:** THIS MESSAGE FROM THE LAW FIRM OF HAYWARD PLLC IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT (OR AUTHORIZED TO ACT ON BEHALF OF THE INTENDED RECIPIENT) OF THIS MESSAGE, YOU MAY NOT DISCLOSE, FORWARD, DISTRIBUTE, COPY, OR USE THIS MESSAGE OR ITS CONTENTS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THE ORIGINAL MESSAGE FROM YOUR E-MAIL SYSTEM.

*Please consider the environment before printing this e-mail.*

[Quoted text hidden]

---

**Charlie Shelton** <cshelton@haywardfirm.com> Wed, Jan 21, 2026 at 2:23 PM
To: Miriam Goott <mgoott@walkerandpatterson.com>
Cc: Johnie Patterson <jjp@walkerandpatterson.com>

I am told that Galindo has not received this payment. We can check again later if it's still en route but it seems like it's more likely at Houghtaling law firm.

***CHARLIE SHELTON***

*ATTORNEY & COUNSELOR*

**EMAIL:** CSHELTON@HAYWARDFIRM.COM

**DIRECT/CELL:** (737) 881-7101

HAYWARD PLLC

**AUSTIN:** 7600 BURNET ROAD, STE. 530

AUSTIN, TEXAS 78757

MAIN/FAX: (737) 881-7100

**DALLAS:** 10501 N. CENTRAL EXPRESSWAY, SUITE 106

DALLAS, TEXAS 75231

MAIN/FAX: (972) 755-7100

**IMPORTANT/CONFIDENTIAL:** THIS MESSAGE FROM THE LAW FIRM OF HAYWARD PLLC IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT (OR AUTHORIZED TO ACT ON BEHALF OF THE INTENDED RECIPIENT) OF THIS MESSAGE, YOU MAY NOT DISCLOSE, FORWARD, DISTRIBUTE, COPY, OR USE THIS MESSAGE OR ITS CONTENTS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THE ORIGINAL MESSAGE FROM YOUR E-MAIL SYSTEM.

*Please consider the environment before printing this e-mail.*

---

**From:** Miriam Goott <mgoott@walkerandpatterson.com>
**Sent:** Wednesday, January 21, 2026 12:12 AM
**To:** Charlie Shelton <cshelton@haywardfirm.com>
**Cc:** Johnie Patterson <jjp@walkerandpatterson.com>
**Subject:** Galindo - LIGA

Charlie,

[Quoted text hidden]

---

**Miriam Goott** <mgoott@walkerandpatterson.com> Wed, Jan 21, 2026 at 5:52 PM
To: Charlie Shelton <cshelton@haywardfirm.com>
Cc: Johnie Patterson <jjp@walkerandpatterson.com>

Can you please provide me with contact info for the Houghtaling office. Name and email would be great. Thanks.

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX 77092***
***713.956.5577***
***713.956.5570 fax***

[Quoted text hidden]

Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

## State Farm

**Charlie Shelton** <cshelton@haywardfirm.com> Wed, Feb 4, 2026 at 11:54 AM
To: Miriam Goott <mgoott@walkerandpatterson.com>

Let me look. Also, I learned that we are expecting a check in that other matter. I'll send details on that when I get a moment.


*CHARLIE SHELTON*

*ATTORNEY & COUNSELOR*

**EMAIL:** CSHELTON@HAYWARDFIRM.COM

**DIRECT/CELL:** (737) 881-7101

HAYWARD PLLC

**AUSTIN:** 7600 BURNET ROAD, STE. 530

AUSTIN, TEXAS 78757

MAIN/FAX: (737) 881-7100

**DALLAS:** 10501 N. CENTRAL EXPRESSWAY, SUITE 106

DALLAS, TEXAS 75231

MAIN/FAX: (972) 755-7100


**IMPORTANT/CONFIDENTIAL:** THIS MESSAGE FROM THE LAW FIRM OF HAYWARD PLLC IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT (OR AUTHORIZED TO ACT ON BEHALF OF THE INTENDED RECIPIENT) OF THIS MESSAGE, YOU MAY NOT DISCLOSE, FORWARD, DISTRIBUTE, COPY, OR USE THIS MESSAGE OR ITS CONTENTS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THE ORIGINAL MESSAGE FROM YOUR E-MAIL SYSTEM.

*Please consider the environment before printing this e-mail.*

[Quoted text hidden]

Gmail

**Miriam Goott <mgoott@walkerandpatterson.com>**

---

## State Farm

---

**Miriam Goott** <mgoott@walkerandpatterson.com> Wed, Feb 4, 2026 at 12:07 PM
To: Charlie Shelton <cshelton@haywardfirm.com>

What case and how much? We need to discuss reporting.
Thanks.

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX  77092***
***713.956.5577***
***713.956.5570 fax***

[Quoted text hidden]

Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

## Galindo - Compliance with 9019 Order

4 messages

**Miriam Goott** <mgoott@walkerandpatterson.com> Mon, Feb 9, 2026 at 1:13 PM
To: Charlie Shelton <cshelton@haywardfirm.com>

Per the Court's Order approving the compromise and settlement with GLF and MMA (9019 Order), GLF agreed that if it received any funds, whether directly or indirectly, from any Successor Firm related to the MMA/Galindo matters after September 4, 2025, GLF would remit one hundred percent (100%) of such funds to MMA within fourteen (14) calendar days of receipt.

Please confirm, in writing, whether GLF has received any such funds. If GLF has received any funds, please immediately identify the source, amount, and date of receipt, and remit payment to MMA without further delay.

We request your prompt response to ensure continued compliance with the 9019 Order.

Thanks,

Miriam

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX 77092***
***713.956.5577***
***713.956.5570 fax***

**Charlie Shelton** <cshelton@haywardfirm.com> Mon, Feb 9, 2026 at 3:46 PM
To: Miriam Goott <mgoott@walkerandpatterson.com>

Thanks for the ping on this one. Working on it now.

***CHARLIE SHELTON***

*ATTORNEY & COUNSELOR*

**EMAIL:** CSHELTON@HAYWARDFIRM.COM

**DIRECT/CELL:** (737) 881-7101

HAYWARD
PLLC

**AUSTIN:** 7600 BURNET ROAD, STE. 530

AUSTIN, TEXAS 78757

MAIN/FAX: (737) 881-7100

**DALLAS:** 10501 N. CENTRAL EXPRESSWAY, SUITE 106

DALLAS, TEXAS 75231

MAIN/FAX: (972) 755-7100

**IMPORTANT/CONFIDENTIAL:** THIS MESSAGE FROM THE LAW FIRM OF HAYWARD PLLC IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT (OR AUTHORIZED TO ACT ON BEHALF OF THE INTENDED RECIPIENT) OF THIS MESSAGE, YOU MAY NOT DISCLOSE, FORWARD, DISTRIBUTE, COPY, OR USE THIS MESSAGE OR ITS CONTENTS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THE ORIGINAL MESSAGE FROM YOUR E-MAIL SYSTEM.

*Please consider the environment before printing this e-mail.*

[Quoted text hidden]

---

**Charlie Shelton** <cshelton@haywardfirm.com> Thu, Feb 12, 2026 at 9:10 AM
To: Miriam Goott <mgoott@walkerandpatterson.com>

Few quick things:

1. I have asked the client to provide me today a list of all checks (if any) that might be subject to the settlement agreement including amount, payee, and client information
2. I have also instructed the client to turnover any funds received since September 4, 2025 from any Successor Firm related to the MMA/Galindo Cases (hopefully it's the same set of cases as #1 above
3. Because the agreement requires remittance within 14 days of receipt, I'm not sure what sort of reporting would be good but I might suggest that I just send you an email monthly regarding the previous month's receipts.
4. I have made sure the client is aware that it needs to implement some sort of protocol to ensure compliance with paragraph 21. Namely, they need to maintain a list of all "Successor Firms", flag any payment received from these firms after September 4, 2025, specifically relating to the "MMA/Galindo Cases", once funds are received, remit 100% of the amount to MMA within 14 calendar days, and for every remittance, the client should identify the source (firm/case name), the amount, and the date of receipt to satisfy MMA's compliance queries.

In order to assist with that, please send me a list (if you have one) of any Successor Firms you know of and I'll make sure they're added to the process for GLF.

Sincerely,

***Charlie Shelton***

*Attorney & Counselor*

**Email:** CShelton@HaywardFirm.com

**Direct/Cell:** (737) 881-7101

HAYWARD
PLLC

**Austin:** 7600 Burnet Road, Ste. 530

Austin, Texas 78757

Main/fax: (737) 881-7100

**Dallas:** 10501 N. Central Expressway, Suite 106

Dallas, Texas 75231

Main/Fax: (972) 755-7100

**IMPORTANT/CONFIDENTIAL:** this message from the law firm of Hayward PLLC is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.

*Please consider the environment before printing this e-mail.*

---

**From:** Miriam Goott <mgoott@walkerandpatterson.com>
**Sent:** Monday, February 9, 2026 1:13 PM
**To:** Charlie Shelton <cshelton@haywardfirm.com>
**Subject:** Galindo - Compliance with 9019 Order

Per the Court's Order approving the compromise and settlement with GLF and MMA (9019 Order), GLF agreed that if it received any funds, whether directly or indirectly, from any Successor Firm related to the MMA/Galindo matters after

September 4, 2025, GLF would remit one hundred percent (100%) of such funds to MMA within fourteen (14) calendar days of receipt.

[Quoted text hidden]
[Quoted text hidden]

---

**Miriam Goott** <mgoott@walkerandpatterson.com> Thu, Feb 12, 2026 at 7:32 PM
To: Charlie Shelton <cshelton@haywardfirm.com>

Please have Galindo comply with the Order and send over funds and reporting. I am good with your suggestion re monthly reporting. Please let me know by tomorrow. Thanks.

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX 77092***
***713.956.5577***
***713.956.5570 fax***

[Quoted text hidden]

Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

## Checks, State Farm, and Thursday's 2004 examination

**Charlie Shelton** <cshelton@haywardfirm.com>
To: Miriam Goott <mgoott@walkerandpatterson.com>

Tue, Feb 24, 2026 at 3:35 PM

Good afternoon, Miriam,

I apologize this has taken so long, but I am attaching below a report from the clients of the checks indicates fall under the settlement agreement.

| Date PD | CK# | Partnership Firm | Name | Settlement $ | Client PD | Attorney Fees-HLF | Expenses Fees-HLF | Attorney Fees-GLF | Total | Deposit in Deer |
|---|---|---|---|---|---|---|---|---|---|---|
| Jan-26 | 5350 | HLF | Treva Brown | $28,150.00 | $15,529.78 | $4,222.50 | $1,375.00 | $7,022.72 | $28,150.00 | $28,150.00 |
| Jan-26 | 5350 | HLF | Christine Butler | $15,000.00 | $7,097.40 | $2,062.50 | $1,375.00 | $4,465.10 | $15,000.00 | $15,000.00 |
| Jan-26 | 5350 | HLF | Theodore Collins | $36,500.00 | $20,380.55 | $6,387.50 | $1,375.00 | $8,356.95 | $36,500.00 | $36,500.00 |
| Jan-26 | 5350 | HLF | Roy Schenk | $12,500.00 | $5,778.83 | $1,562.50 | $1,375.00 | $3,783.67 | $12,500.00 | $12,500.00 |
| Nov-25 | | HLF | Michael Jiles | $8,000.00 | $3,000.00 | $379.00 | $790.00 | $3,831.00 | $8,000.00 | $8,000.00 |
| Nov-25 | | HLF | Eddie Smith | $13,500.00 | $6,166.97 | $1,687.50 | $1,725.00 | $3,920.53 | $13,500.00 | $13,500.00 |
| | | | | **$113,650.00** | **$57,953.53** | **$16,301.50** | **$8,015.00** | **$31,379.97** | **$113,650.00** | **$113,650.00** |

---

Unless you have a different read, I think GLF needs to send you $31,379.97. please confirm that's your understanding as well and provide payment instructions. Additionally, please note that I am still working with them to implement a more reliable protocol. Finally, I'll email you a similar report in late February.

Further, I'm sending the State Farm discovery via separate email (Dropbox). Let me know if you do not get that.

Finally, I'd like to attend (listen only) the Monson 2004 examination on Thursday. Can you send me dial in instructions?

Sincerely,

**Charlie Shelton**

Attorney & Counselor

**Email:** CShelton@HaywardFirm.com

**Direct/Cell:** (737) 881-7101

HAYWARD PLLC

**Austin:** 7600 Burnet Road, Ste. 530

Austin, Texas 78757

Main/fax: (737) 881-7100

**Dallas:** 10501 N. Central Expressway, Suite 106

Dallas, Texas 75231

Main/Fax: (972) 755-7100

**IMPORTANT/CONFIDENTIAL:** this message from the law firm of Hayward PLLC is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.

*Please consider the environment before printing this e-mail.*

Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

# Galindo (URGENT)

**Miriam Goott** <mgoott@walkerandpatterson.com> Mon, Mar 2, 2026 at 6:24 PM
To: Charlie Shelton <cshelton@haywardfirm.com>
Cc: Johnie Patterson <jjp@walkerandpatterson.com>

Charlie,

Attached please find a proposed Stipulation and Agreed Order regarding the $31,379.97 in Undisclosed Funds that Galindo failed to turnover per the 9019 Order.

As reflected in the draft, MMA is not filing a motion for contempt or sanctions relating to the prior failure to timely remit those funds. Instead, this stipulation is intended to fully resolve that discrete past issue in exchange for Mr. Galindo's sworn representations that:

1. He has conducted a complete review of all books, records, communications, and accounts relating to the MMA/Galindo matters;
2. All funds received from any Successor Firm have been remitted;
3. No additional funds are being held;
4. No amounts are currently owed and undisclosed; and

5. No rights to payment have been assigned or diverted.

The agreement also establishes a clear monthly reporting requirement going forward so that there is no ambiguity regarding future receipts or amounts owed.

Importantly, the waiver provision is narrowly tailored. It resolves only the past issue relating to the $31,379.97 and does not constitute a general release. MMA's rights remain fully preserved as to any future noncompliance. However, if Galindo reviews his records again and finds that something has been inadvertantly omitted then please identify those funds, send payment immediately, and we can include those payments in the release and stip/agreed order.

My hope is to prevent this from happening again, not to catch him so please make sure he takes this seriously. Let me know if he will sign so that I can get this filed with the Court ASAP.

Thank you and please call me on my cell with any questions at 832-776-9096.

Miriam

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX  77092***
***713.956.5577***
***713.956.5570 fax***

---

**Stipulation Galindo 3-2-2026.docx**
42K

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-31596** |
| | § | |
| **MMA LAW FIRM, PLLC** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR** | § | |

**STIPULATION AND AGREED ORDER**

[Relates to ECF No. 832]

WHEREAS MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**") and Cristobal M. Galindo, PC (**"GLF"**), enter into this Stipulation and Agreed Order (the "**Stipulation and Order**") and state as follows:

WHEREAS The Debtor and GLF entered into a settlement agreement (the **"Settlement Agreement"**), which was authorized and approved by this Court pursuant to the Order entered on September 18, 2025 at ECF No. 832 (the **"9019 Order"**), a copy of which is attached hereto as Exhibit A;

WHEREAS, pursuant to the Settlement Agreement and the 9019 Order, GLF agreed that in the event GLF receives any funds after September 4, 2025, whether directly or indirectly, from any Successor Firm related to the MMA/Galindo Cases, GLF shall remit one hundred percent (100%) of such funds to MMA within fourteen (14) calendar days of receipt;

WHEREAS, after September 4, 2025, GLF received funds from a Successor Firm related to the MMA/Galindo Cases and failed to remit those funds to MMA within fourteen (14) days as required by the 9019 Order;

WHEREAS, on February 24, 2026, and only after demand by MMA, GLF acknowledged

that it had received $31,379.97 from a Successor Firm related to the MMA/Galindo Cases (the **"Undisclosed Funds"**);

WHEREAS on March 1, 2026, MMA received the Undisclosed Funds from GLF.

WHEREAS, although GLF's failure to timely remit the Undisclosed Funds constituted a violation of the 9019 Order and the Settlement Agreement, MMA has not filed a motion for contempt or sanctions with respect to such past conduct;

WHEREAS, in lieu of seeking contempt relief at this time, the Debtor and GLF have agreed to resolve issues relating to GLF's past noncompliance through this Stipulation and Order, without waiver of any rights arising from future noncompliance;

**IT IS THEREFORE STIPULATED BY THE PARTIES AND HEREBY ORDERED THAT:**

1. The foregoing recitals are hereby incorporated by reference in this Stipulation and Order.
2. GLF, through its principal Cristobal M. Galindo, stipulates, represents, and **swears under penalty of perjury** that, as of the date of execution of this Stipulation and Order:
   a. GLF has conducted a complete and thorough review of all of its books, records, accounting ledgers, bank statements, trust account records, case management systems, emails, text messages, written correspondence, electronic communications, and any other documents or data in its possession, custody, or control relating in any way to the MMA/Galindo Cases or any Successor Firm;
   b. GLF has remitted to MMA all funds received, directly or indirectly, from any Successor Firm related to the MMA/Galindo Cases;
   c. GLF is not holding, and has not retained, any funds, fees, reimbursements, referral fees, or other compensation of any kind from a Successor Firm derived

from or related to the MMA/Galindo Cases that have not been paid to MMA;

d. GLF is not aware of any amounts currently owed to GLF by any Successor Firm related to the MMA/Galindo Cases that have not been disclosed to MMA;

e. GLF has not assigned, transferred, pledged, or otherwise diverted any right to payment from any Successor Firm relating to the MMA/Galindo Cases; and

f. GLF acknowledges that these representations are material and are being relied upon by the Debtor and this Court in entering this Stipulation and Order.

3. Beginning April 1, 2026, and continuing on the first day of each month thereafter, GLF shall provide written notice by email to MMA at mgoott@walkerandpatterson.com, kohlsson@mma-pllc.com, and zach@mma-pllc.com, affirmatively stating:

   a. Whether GLF has received any funds from any Successor Firm related to the MMA/Galindo Cases during the preceding month;

   b. Whether GLF has received any communications indicating that it is entitled to fees, reimbursement, or compensation from any Successor Firm related to the MMA/Galindo Cases;

   c. Whether GLF is aware of any amounts owed by any Successor Firm relating to the MMA/Galindo Cases that remain unpaid; and

   d. If no funds were received, no communications were received, and no amounts are owed, an express statement that no funds were received, no amounts are owed, and no compensation is due to GLF from any Successor Firm related to the MMA/Galindo Cases.

4. The Debtor's agreement to enter into this Stipulation and Order constitutes a full and final resolution of, and waiver of any motion for contempt or sanctions arising from, GLF's failure to timely remit the Undisclosed Funds (*i.e.* $31,379.97) described in the

Recitals. The Debtor agrees that it will not seek contempt, sanctions, or other relief against GLF based solely on the specific past conduct related solely to the Undisclosed Funds (*i.e.* $31,379.97). This resolution is strictly limited to the past conduct described in the Recitals. This Stipulation and Order does not constitute a general release and nothing in this Stipulation and Order waives, releases, or limits the Debtor's right to seek contempt, sanctions, damages, attorneys' fees, or any other relief for any future violation of the 9019 Order, the Settlement Agreement, or this Stipulation and Order. Any future failure to comply shall constitute grounds for immediate relief, including contempt and sanctions, without further demand.

5. Nothing in this Stipulation and Order alters, amends, modifies, limits, or affects the terms, obligations, or conditions of the Settlement Agreement approved by the 9019 Order, all of which remain fully binding and enforceable.

6. This Court retains jurisdiction to enforce and interpret this Stipulation and Order.

**IT IS SO ORDERED.**

SIGNED THIS ____________ DAY OF ________________, 2026.

_______________________________________________

CHIEF UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM AND CONTENT:**

| | |
|---|---|
| Dated: | */s/*_______________<br>Miriam Goott<br>State Bar No. 24048846<br>**WALKER & PATTERSON, P.C.**<br>P.O. Box 61301<br>Houston, Texas 77208-1301<br>713.956.5577 (Telephone)<br>713.956.5570 (Facsimile)<br>mgoott@walkerandpatterson.com<br>**ATTORNEY FOR MMA LAW FIRM, PLLC** |
| Dated: | ADD YOUR SIGNATURE BLOCK |
| Dated: | ADD SIGNATURE BLOCK FOR GALINDO TOO |

Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

---

## Galindo (URGENT)

---

**Miriam Goott** <mgoott@walkerandpatterson.com> Mon, Mar 9, 2026 at 12:19 PM
To: Charlie Shelton <cshelton@haywardfirm.com>
Cc: Johnie Patterson <jjp@walkerandpatterson.com>

Charlie,

Sent email below one week ago with no response. Please let me know ASAP if Galindo intends on responding.

Thanks,

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX 77092***
***713.956.5577***
***713.956.5570 fax***

[Quoted text hidden]

Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

# Galindo (URGENT)

**Charlie Shelton** <cshelton@haywardfirm.com> Tue, Mar 10, 2026 at 1:03 PM
To: Miriam Goott <mgoott@walkerandpatterson.com>
Cc: Johnie Patterson <jjp@walkerandpatterson.com>

I am conferring with client. I have a msj response deadline today, so it may be late today or tomorrow before I can respond.

**CHARLIE SHELTON**

*ATTORNEY & COUNSELOR*

**EMAIL:** CSHELTON@HAYWARDFIRM.COM

**DIRECT/CELL:** (737) 881-7101

HAYWARD PLLC

**AUSTIN:** 7600 BURNET ROAD, STE. 530

AUSTIN, TEXAS 78757

MAIN/FAX: (737) 881-7100

**DALLAS:** 10501 N. CENTRAL EXPRESSWAY, SUITE 106

DALLAS, TEXAS 75231

MAIN/FAX: (972) 755-7100

**IMPORTANT/CONFIDENTIAL:** THIS MESSAGE FROM THE LAW FIRM OF HAYWARD PLLC IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT (OR AUTHORIZED TO ACT ON BEHALF OF THE INTENDED RECIPIENT) OF THIS MESSAGE, YOU MAY NOT DISCLOSE, FORWARD, DISTRIBUTE, COPY, OR USE THIS MESSAGE OR ITS CONTENTS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THE ORIGINAL MESSAGE FROM YOUR E-MAIL SYSTEM.

*Please consider the environment before printing this e-mail.*

[Quoted text hidden]

Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

# Galindo (URGENT)

**Miriam Goott** <mgoott@walkerandpatterson.com> Tue, Mar 10, 2026 at 6:21 PM
To: Charlie Shelton <cshelton@haywardfirm.com>

I will give you the professional courtesy based on your deadline, but please make certain that Galindo is working on this immediately. In addition to the stipulation, I also need for him to provide me with a sworn statement listing all law firms that he has referred former mma cases to other than Haightaling. There are significant funds owed to MMA and I'm sure there are more than I'm not even aware of.

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX 77092***
***713.956.5577***
***713.956.5570 fax***
[Quoted text hidden]

Gmail

Miriam Goott <mgoott@walkerandpatterson.com>

## Galindo (URGENT)

**Charlie Shelton** <cshelton@haywardfirm.com> Wed, Mar 11, 2026 at 5:39 PM
To: Miriam Goott <mgoott@walkerandpatterson.com>
Cc: Johnie Patterson <jjp@walkerandpatterson.com>

Good evening, Miriam,

1. I have relayed your request to the client and they have no intention of signing any stipulation or sworn statement.
2. I've reviewed the order approving the settlement agreement and I don't think it neither requires what you're asking for nor does it require turnover. It approves a settlement agreement. There is no court order directing any action from Galindo.
3. Notwithstanding the foregoing, they are also looking at the following firms (which would be my proposed list of firms as well):
   a. Irpino, Avin & Hawkins Law Firm;
   b. Alvendia, Kelly & Demarest, LLC
   c. Houghtaling Law Firm
   d. Daly & Black
   e. Hair Shunnarah Trial Attorneys
4. I have been pressing them for a list of all funds received from 9/4/2025 or later from those firms or from cases with those firms that were recaptured cases.
5. If you have additional firms to look at, let me know, but those are the ones Galindo has identified may be implicated.
6. Notwithstanding #3 and #4 above, that does not necessarily mean they have received any such funds, but they are looking.
7. As indicated in my 2/24/2026 email, I'll send another report in late March (my email erroneously said late February) similar to what I sent 2/24/2026 with any funds received.

I am happy to discuss this further either via email or over the phone but I see no reason to jump to more extreme remedies than is necessary, especially in light of the steps being taken as set forth above.

Sincerely,

[Quoted text hidden]

Gmail **Miriam Goott <mgoott@walkerandpatterson.com>**

## MMA - Summary of Today’s Call and Requested Information

**Becky Allen** <Becky@houghtalinglaw.com> Tue, Mar 10, 2026 at 4:29 PM
To: Miriam Goott <mgoott@walkerandpatterson.com>, Brian Houghtaling <Brian@houghtalinglaw.com>

Miriam, Brian is not in the office at the moment, so he asked me to dictate the following email from him:

Miriam:

Attached please find the requested information for the bankruptcy court as per our below agreement. We have attached the list of remaining cases and the list of the cases and fees paid out to Galindo Law Firm.

Please let us know if you need anything further.

HOUGHTALING LAW FIRM

*Hurricane Attorneys*

*Becky Allen*

*Paralegal*

**Houghtaling Law Firm, LLC**

www.houghtalinglaw.com

**TWO LAKEWAY**

**3850 North Causeway Blvd.**

**Suite 1090**

**Metairie, LA 70002**

**504-901-6767 (Telephone)**

**877-448-5339 (Facsimile)**

***Confidentiality Notice***

*This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this email in error, and that any use, dissemination, forwarding, printing or copying of this e-mail is strictly prohibited. If you receive this email in error, please immediately notify me at Houghtaling Law Firm, LLC by return email. You will be reimbursed for reasonable costs incurred in notifying us.*

[Quoted text hidden]

---

**7 attachments**

**Remaining Cases List.xlsx**
13K

**09.30.25 Payment Spreadsheet.xlsx**
12K

**10.31.25 Payment Spreadsheet.xlsx**
14K

**11.24.25 Payment Spreadsheet.xlsx**
11K

**12.31.25 Payment Spreadsheet.xlsx**
11K

**01.31.26 Payment Spreadsheet.xlsx**
11K

**02.28.26 Payment Spreadsheet.xlsx**
11K

| Client | GLF Fees |
|---|---|
| Alexander-Sims, Stephanie | $7,999.20 |
| Ayim, Martin | $3,500.00 |
| Creel, Linda | $3,850.00 |
| Dumas, Elisha | $2,275.00 |
| Fernandez, Jorge | $5,000.00 |
| Gayle, Rhonwhinn | $1,300.18 |
| Davidson, Marie (Farm Site) | $1,666.50 |
| Harris, Samantha | $1,250.00 |
| Heisser, Carla | $2,625.00 |
| Himes, John | $4,166.25 |
| Johnson, Anthona | $3,750.00 |
| Johnston, Melanie | $2,625.00 |
| Kimble, Launnie | $4,000.00 |
| Landry, Ebony | $1,062.50 |
| Marshall, Lorraine | $11,236.23 |
| Matherne, Audie | $4,000.00 |
| Murphy, Tabitha Godwin | $7,000.00 |
| Pazos, Victor | $8,075.72 |
| Plain, Kendall (Oaklon) | $1,465.00 |
| Rush, Diana | $2,625.00 |
| Smith, Bobby | $1,562.50 |
| Ting, Connie | $9,800.00 |
| Vasquez, Salvador | $4,999.50 |
| Vincent, Sheldon (Marigny) | $3,000.00 |
| Amedeo, Emily (GLF Transfer) | $8,254.83 |
| Arceneaux, Stacey (GLF Transfer) | $5,824.08 |
| Augustine, Lorelei (GLF Transfer) | $5,999.08 |
| Baker, Patricia (GLF Transfer) | $9,640.25 |
| Blanton, Felicia (GLF Transfer) | $4,370.50 |
| Blanton, Katie (GLF Transfer) | $10,061.50 |
| Boquet, Kip (GLF Transfer) | $12,309.19 |
| Boudreaux, Dean (GLF Transfer) | $3,158.58 |
| Cochran, Titus (GLF Transfer) | $4,475.22 |
| Costanza, Marilyn (GLF Transfer) | $5,448.66 |
| Demley, Vanessa (GLF Transfer) | $3,747.53 |
| Dunn, Latashala (GLF Transfer) | $5,805.80 |
| Dunn, Lester (GLF Transfer) | $6,247.58 |
| Epps, Lionel (GLF Transfer) | $6,366.09 |
| Gonzalez, Bayola (GLF Transfer) | $7,826.03 |
| Gourgues, Joshua (GLF Transfer) | $13,714.63 |
| Hernandez, George and Cathy (GLF Transfer) | $6,628.16 |

| | |
|---|---|
| Holman, Rodney (GLF Transfer) | $3,902.09 |
| Hudson, James (GLF Transfer) | $4,652.00 |
| Louis, Saquinta (GLF Transfer) | $5,463.67 |
| Lydell, Gregory (GLF Transfer) | $10,631.46 |
| Johnson, Herman and Kathy (GLF Transfer) | $4,900.25 |
| Mercadel, Yolanda (GLF Transfer) | $5,239.55 |
| Sentino, Michael (GLF Transfer) | $4,508.57 |
| Smith, Barbara Peoples (GLF Transfer) | $15,219.03 |
| Tandon, Raj (GLF Transfer) | $4,585.04 |
| Walker, Latoya (GLF Transfer) | $5,064.73 |
| Whaley, Raymond, III (GLF Transfer) | $4,884.75 |
| Williams, Dorothy (GLF Transfer) | $4,924.75 |
| Williams-Edwards, Melissa (GLF Transfer) | $8,915.59 |

| Client | GLF Fees |
|---|---|
| Carter, George | $1,836.64 |
| Dumbleton, Melissa | $12,000.00 |
| Foy, Brandon & Giva | $6,750.00 |
| Gibson, Letonya | $3,062.08 |
| Hicks, Ella and Alex | $3,600.00 |
| Jones, Timmy | $3,000.00 |
| Jordan, Clarence (supplement) | $3,903.75 |
| Lategan, Cynthia | $2,550.00 |
| Lathrop, Roy (Saint Malo) | $5,162.50 |
| LeBlanc, Deborah | $1,000.00 |
| McFarland, Sandear | $1,837.50 |
| Mossop, Lucille/Sheila | $3,750.00 |
| Roberts, Jack (Sunnyside) | $5,371.31 |
| Robinson, Michele | $5,206.25 |
| Rodrigue, Olden | $17,821.33 |
| Washington, Brenda | $9,625.00 |
| Williams, Era | $7,915.87 |
| Boudoin, Lance (GLF Transfer) | $5,969.00 |
| Brady, Maria (GLF Transfer) | $3,721.94 |
| Bubniw, Alexander (GLF Transfer) | $4,896.76 |
| Buras, Richared (GLF Transfer) | $5,561.58 |
| Cornish, Carletta (GLF Transfer) | $6,735.05 |
| Courtney, Jason (GLF Transfer) | $5,649.38 |
| D'Gerolamo, Angela (GLF Transfer) | $6,874.68 |
| Davila, Sonia (GLF Transfer) | $12,661.53 |
| Johnson, Jammy (GLF Transfer) | $5,615.71 |
| Lopez, Jimmy (GLF Transfer) | $9,064.66 |
| Marroquin, Fredy (GLF Transfer) | $3,810.00 |
| McKenzie, Richelle (GLF Transfer) | $5,131.22 |
| Miles, Richard (GLF Transfer) | $12,088.61 |
| Pace, Karen (GLF Transfer) | $6,278.96 |
| Peterson, Linda (GLF Transfer) | $3,670.46 |
| Pittman, Charlene (GLF Transfer) | $5,421.22 |
| Pittman, Phillip and Linda (GLF Transfer) | $5,776.00 |
| Portier, Michael (GLF Transfer) | $9,824.19 |
| Puma, Guytano (GLF Transfer) | $7,904.45 |
| Robin, Eugene (GLF Transfer) | $5,796.22 |
| Sims, Marita (GLF Transfer) | $4,277.00 |
| Skinner, Charmaine (GLF Transfer) | $5,902.00 |
| Williams, Corwin (GLF Transfer) | $5,771.00 |

| Client | GLF Fees |
|---|---|
| Bailes, Kenneth | $4,250.00 |
| Borskey, Nathaniel | $1,500.00 |
| Celestin, Shaleah | $2,625.00 |
| Cooper, Shauan and Teresa | $7,113.75 |
| Hayes, Jerry Steven | $1,875.00 |
| Johnson, Sloan | $5,200.00 |
| Landry, Austin | $2,500.00 |
| Landry, Kenneth | $2,250.00 |
| Ledet, Kyle | $3,375.00 |
| Martinez, Evelyn | $9,000.00 |
| Maxwell, Jaime (Monroe) | $2,083.12 |
| Mitchell, Lamont and Knatrell | $2,499.75 |
| Rodrigue, Brett and Kara | $5,332.80 |
| Ruffins-Drewes, Ali | $4,812.50 |
| Swan, Natashia | $2,625.00 |
| Vincent, Lauren | $19,600.00 |
| Bellanger, Willie (GLF Transfer) | $6,437.18 |
| Black, Jerome (GLF Transfer) | $5,540.19 |
| Bonck, Michael (GLF Transfer) | $10,884.55 |
| Dupre, Robby (GLF Transfer) | $7,784.94 |
| Friloux, Johnny (GLF Transfer) | $7,861.53 |
| Jiles, Michael (GLF Transfer) | $3,831.00 |
| Smith, Eddie (GLF Transfer) | $3,920.53 |
| Spann, Beverly (Hickman) GLF Transfer | $5,418.50 |
| Walsh, Kenneth (GLF Transfer) | $2,900.50 |
| Williams, Jeralyn (GLF Transfer) Supplement | $4,913.72 |
| Williams, Jeralyn (GLF Transfer) Settlement | $5,174.68 |
| Winters, Donald (GLF Transfer) | $5,241.80 |

| Client | GLF Fees |
| --- | --- |
| Bennett, Lisa | $5,460.00 |
| Daniels, Charmaine | $4,582.87 |
| Ellis, Tina | $4,812.50 |
| Fussell, John | $8,332.50 |
| Jordan, Clarence (settlement) | $1,500.00 |
| Macaluso, Bruce and Gabriela | $3,000.00 |
| Massey, Terry | $5,000.00 |
| Poplus, George and Adrian | $2,250.00 |
| Powers, Yolanda | $3,750.00 |
| Williams, Kimberly | $4,166.25 |
| Aldour, Nassar (GLF Transfer) | $11,098.25 |
| Alexander, Ryan (GLF Transfer) | $10,308.71 |
| Bonorino,Sebastian (GLF Transfer) | $7,652.00 |
| Daniel, Albert (GLF Transfer) | $5,506.95 |
| Donaldson, Sidney (GLF Transfer) | $7,228.92 |
| Fiallos, Ninah (GLF Transfer | $349.70 |
| Ford, Casey (GLF Transfer) | $4,758.49 |
| Haas, Joel (GLF Transfer) | $12,138.25 |
| Harris, Louis (GLF Transfer) | $9,716.09 |
| Hendricks, Gregory (GLF Transfer) | $3,013.50 |
| Newell, Carlissia (GLF Transfer) | $7,749.08 |
| Rickerson-Triggs, Jennifer (GLF Transfer) | $7,980.97 |
| Rios, Indira (GLF Transfer) | $8,402.00 |
| Starks, Ebony (GLF Transfer) | $7,143.33 |
| Thomas, Sherry (GLF Transfer) | $6,318.80 |
| Wilson, Joseph (GLF Transfer) | $4,790.21 |

| Client | GLF Fees |
| --- | --- |
| Colbert, James | $6,000.00 |
| Davis, Robert | $5,000.00 |
| Galloway, Naida | $5,250.00 |
| Girlinghouse, Archie | $1,458.33 |
| Jessie, Jerrod | $1,250.00 |
| Perrin, Marcus and Dara | $3,000.00 |
| Posey, Quenisha | $1,350.00 |
| Sampson, Darius | $6,666.00 |
| Brooks, Robert and Rianda (GLF Transfer) | $8,049.75 |
| Brown, Treva (GLF Transfer) | $7,022.72 |
| Butler, Christine (GLF Transfer) | $4,465.10 |
| Champagne, Lila (GLF Transfer) | $4,697.22 |
| Collins, Theodore (GLF Transfer) | $8,356.95 |
| Curole, Bryan (GLF Transfer) | $4,782.71 |
| Davis, Virginia (GLF Transfer) | $7,978.92 |
| Doucet, Jordan (GLF Transfer) | $3,575.11 |
| Dyson, Latisia (GLF Transfer) | $5,520.09 |
| Fultz-Cook, Cathy (GLF Transfer) | $4,310.69 |
| Hay, Shelley-Walker (GLF Transfer) | $8,000.10 |
| Husband, Mary (GLF Transfer) | $6,308.10 |
| Johnson, Derick and Jolynn (GLF Transfer) | $7,203.46 |
| Parfait, Samuel (GLF Transfer) | $12,270.97 |
| Saunders, Melvin (GLF Transfer) | $5,138.25 |
| Schenk, Roy (GLF Transfer) | $3,783.67 |
| Shropshire, Geraldine (GLF Transfer0 | $2,500.41 |
| Silvan, Rhonda (GLF Transfer) | $5,657.57 |
| Smith, Laqwenta (GLF Transfer) | $4,274.39 |
| Spector, David and Jennie | $1,500.00 |
| Whitehead, Linda (GLF Transfer) | $8,279.92 |

| Client | GLF Fees |
|---|---|
| Acosta, David and Misty | $3,750.00 |
| Davis, Jason | $5,250.00 |
| Grant, Brianne | $1,548.99 |
| Hendricks, Shirley (Morris) | $12,687.50 |
| Meek, Myron | $3,937.50 |
| Miller, Richard | $7,000.00 |
| Williams, Michael | $4,637.50 |
| Baker, Thomas (GLF Transfer) | $3,225.00 |
| Beard, Thomas and Michelle (GLF Transfer) | $6,291.94 |
| Chandler, Thomas (GLF Transfer) | $7,562.00 |
| Copeland, Bonnie (GLF Transfer) | $10,715.15 |
| Cranford, Laurie (GLF Transfer) | $9,184.15 |
| Dennis, Wendell (GLF Transfer) | $7,781.25 |
| Fiallos, Ninah (GLF Transfer) | $3,971.33 |
| Johnson, Chandrell (GLF Transfer | $4,760.00 |
| Marroquin, Yajaira (GLF Transfer) | $6,029.96 |
| Mason-Evans, Courtney (GLF Transfer) | $5,574.08 |
| Meador, Erin (GLF Transfer) | $6,470.11 |
| Poindexter, Sidney (GLF Transfer) | $5,238.37 |
| Snowton, Tishawn (GLF Transfer) | $8,253.76 |
| Stokes, Antoinette (GLF Transfer) | $6,120.98 |

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 17, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| **Debtor.** | § | |
| | § | |
| **CRISTOBAL M. GALINDO P.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 25-3310** |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**
***Resolving ECF Nos. 57, 63 and 64***

Pending before the Court are three matters self-styled as (1) "Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm's Motion For Entry Of Default By Clerk"[1] ("*Motion for Default*") filed on June 2, 2025 by Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm ("*Galindo*"); (2) "Emergency Motion To Strike The Defendant's Answer To The Original Complaint"[2] ("*Motion to Strike*") filed on June 5, 2025 by Galindo; and (3) "Motion To Extend Time And Accept Late Filed Answer"[3] ("*Motion to Extend*") filed on June 5, 2025 by MMA Law Firm, PLLC ("*MMA*").

On July 16, 2025, the Court held a hearing and after considering the pleadings on file, arguments of counsel, evidence in the record, and applicable law, the Court issues this instant Order.

## I. Jurisdiction, Venue and Constitutional Authority

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[4] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), and (O), the instant motion contains primarily core matters as it concerns

---

[1] ECF No. 57.
[2] ECF No. 63.
[3] ECF No. 64.
[4] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

the administration and assets of the bankruptcy estate. Furthermore, this Court may only hear a case in which venue is proper.[5]

Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." MMA's main bankruptcy case is pending in this Court.[6] Therefore, venue is proper. Entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[7] Therefore, this Court need not determine whether it has constitutional authority to enter a final order because an interlocutory order is all that is required by the instant motions.[8]

## II. Analysis

On May 12, 2025, Galindo filed an amended complaint against MMA (the "*Complaint*").[9] On June 2, 2025, MMA filed its answer to the Complaint (the "*Answer*"), which MMA concedes was filed one business day late per the Court's scheduling order entered on April 28, 2025.[10]

Galindo's Motion for Default is self-contradicting and procedurally improper. The motion itself is labeled as a "Motion For Entry Of Default By Clerk" but the body shows that Galindo is requesting this Court for "entry of a default judgment in accordance with FED. R. BANKR. PROC. 7055, incorporating FED. R. CIV. P. 55(a)."[11] The Fifth Circuit has made clear that the process of obtaining a default judgement contains two steps: first, the plaintiff must request the clerk to enter a default under Federal Rule of Civil Procedure ("*Rule*") 55(a) by demonstrating that the defendant has failed to plead or otherwise defend the action.[12] Once the clerk has entered the default, the plaintiff may then move for a default judgment under Rule 55(b).[13] Galindo failed to obtain a

---

[5] 28 U.S.C. § 1408.
[6] Bankr. ECF No. 1. Citations to debtor's main bankruptcy case no. 24-31596 shall take the form of "Bankr. ECF No.__"
[7] West v. WRH Energy Partners LLC (In re Noram Res., Inc.), 2011 WL 6936361, at *1, 2011 Bankr. LEXIS 5183, at *3 (Bankr. S.D. Tex. Dec. 30, 2011)
[8] *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).
[9] ECF No. 39.
[10] ECF Nos. 58; 64 at 2; 2.
[11] ECF No. 57 at 1–2.
[12] FED. R. CIV. P 55(a).
[13] *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment."); *Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 780 (E.D. Tex. 2023) ("The Fifth Circuit requires a three-step process for securing a default judgment. First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Next, an entry of default may be entered by the Clerk when the default is established by affidavit or otherwise. After the Clerk enters a default, 'the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.' Third, a plaintiff may then apply to the Clerk or the Court for a default judgment.") (citing *New York Life Ins*., 84 F.3d at 141); *Mid-Gulf Shipping Co. v. Energy Subsea LLC*, 472 F. Supp. 3d 318, 322 (E.D. La. 2020) ("A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process. First, the plaintiff must petition the clerk for an entry of default,

default from the clerk before filing the Motion for Default and did not attach an affidavit showing that the requirements of Rule 55(a) are met.[14] Accordingly, the Court deems it appropriate to deny the Motion for Default.

The Court next addresses the Motion to Strike and the Motion to Extend. Galindo is requesting the Court to strike MMA's late filed Answer on the grounds that MMA never obtained leave from the Court or Galindo to file its Answer late.[15] MMA is requesting this Court to retroactively extend its deadline to respond to the Complaint and accept its late filed Answer.[16]

Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 9006(b) allows courts to extend deadlines for good cause "if the party failed to act because of excusable neglect."[17] The standard for excusable neglect is flexible and encompasses late filings caused by mistake, inadvertence, or carelessness, provided there is no bad faith.[18] Courts have broad discretion in applying Bankruptcy Rule 9006(b).[19] The Fifth Circuit considers four factors in determining excusable neglect: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[20] This Court generally favors resolving cases on their merits rather than through procedural defaults.[21] This policy often weighs against striking late filed pleadings unless there is significant prejudice to the opposing party.[22]

MMA's Motion to Extend falls squarely within the scope of Bankruptcy Rule 9006(b). Specifically, the Court finds that MMA's reason for its late filed Answer—a calendaring error—was a mistake rather than an act of bad faith.[23] MMA acted diligently by promptly filing its Answer upon realizing the error and sought an extension shortly thereafter.[24] Allowing the late Answer ensures that the case is resolved on its merits and prevents a default judgement.[25] The one-day

---

which is simply . . . . After the clerk has entered default, the plaintiff may move for default judgment under Federal Rule of Civil Procedure 55(b).").

[14] *See* ECF No. 57; July 16, 2025 Hearing (Ruth Van Meter Testifying).

[15] ECF Nos. 57; 63.

[16] ECF No. 64.

[17] FED. R. BANKR. P. 6(b)(1)(B).

[18] *PHP Agency, Inc. v. Martinez*, Civil Action No. 3:21-CV-00418-X, 2022 U.S. Dist. LEXIS 166557, at *3 (N.D. Tex. Sep. 14, 2022); *Reeves v. City of New Orleans*, No. 19-10766, 2023 U.S. Dist. LEXIS 219688, at *5 (E.D. La. Dec. 11, 2023).

[19] *Morris v. Aliu*, No. 6:21cv440, 2022 U.S. Dist. LEXIS 251449, at *2 (E.D. Tex. Apr. 12, 2022).

[20] *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

[21] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[22] *Helen of Troy, Ltd. v. John Paul Mitchell Sys.*, No. EP-05-CA-365-FM, 2007 U.S. Dist. LEXIS 39759, at *3 (W.D. Tex. May 14, 2007).

[23] *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S. Ct. 1489, 1496 (1993) ("the enlargement of prescribed time periods under the 'excusable neglect' standard of Rule 9006(b)(1) is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer.").

[24] *Morris v. Aliu*, No. 6:21cv440, 2022 U.S. Dist. LEXIS 251449, at *3 (E.D. Tex. Apr. 12, 2022); ECF Nos. 64; 58.

[25] *Blake v. Peake*, No. H-04-1068, 2008 U.S. Dist. LEXIS 97852, at *6 (S.D. Tex. Dec. 3, 2008).
("Beyond the four-factor test, the case law also indicates that courts are more inclined to grant a Rule 6(b) motion if denying it would be tantamount to granting a default judgment.").

delay in filing the Answer has caused no prejudice to Galindo as the delay has no impact on pending matters, motions or discovery.[26] Accordingly, the Court will accept MMA's late filed Answer and deny the Motion to Strike. Additionally at the hearing Galindo provided no evidence of any prejudice at all.

The Court also finds it necessary to issue a show cause order pursuant to Bankruptcy Rule 9011. Bankruptcy Rule 9011 sanctions relate to misrepresentations made to the court.[27] By presenting a document to the court, an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances, it is not presented for any improper purpose, the contentions are warranted by existing law or nonfrivolous arguments, the contentions have evidentiary support, and the denials are warranted on the evidence.[28] A party violates Bankruptcy Rule 9011(b)(1) and (2) when presenting a document to the court with contentions that the party could not have believed were proper or warranted under existing law or a good faith argument.[29] Consequently, "[a]n attorney who violates Bankruptcy Rule 9011(b) may be sanctioned pursuant to Bankruptcy Rule 9011(c)."[30] "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may… impose an appropriate sanction upon the attorneys, law firms, or parties that violated subsection (b) or are responsible for the violation."[31] Pursuant to Bankruptcy Rule 9001(c)(3), "on its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney… to show cause why it has not violated" Bankruptcy Rule 9011(b).[32]

In its Motion for Default, Galindo's counsel represents that MMA "has failed to timely file an answer or otherwise respond to the complaint." [33] The Motion to Strike represents that Galindo's counsel "attempted to confer with the Defendant on several occasions; however, the Defendant never responded to any correspondence from the Plaintiff until the Plaintiff filed the Motion for Entry of Default by the Clerk."[34] However, at the July 16, 2025 hearing, testimony by Ms. Van Meter revealed that Galindo's counsel did not attempt to confer with MMA's counsel before filing the Motion to Strike and Motion for Default and that MMA participated in discovery concerning the claims raised in the Complaint—facts that Galindo omitted from its motions.[35] This reveals potential knowing violations of BLR 1001-1(b) and LR7.1(D), which require that opposed motions contain an averment that "(1) [t]he movant has conferred with the respondent and (2)

---

[26] *Morris v. Aliu*, No. 6:21cv440, 2022 U.S. Dist. LEXIS 251449, at *3 (E.D. Tex. Apr. 12, 2022).
[27] FED. R. BANKR. P. 9011.
[28] FED. R. BANKR. P. 9011(b)(1)–(4).
[29] *See Fed. R. Bankr. P.* 9011(b)(1), (2); *In re Bradley*, 495 B.R. 747, 781 (Bankr. S.D. Tex. 2013).
[30] *See Triad Financial Corp. v. Peake (In re Nair)*, 202 Fed. Appx. 765, 766 (5th Cir. 2006).
[31] FED. R. BANKR. P. 9011(c).
[32] FED. R. BANKR. P. 9011(c)(1)(B).
[33] ECF No. 57.
[34] ECF No. 63 at 3.
[35] July 16, 2025 Hearing (Ruth Van Meter testifying).

Counsel cannot agree about the disposition of the motion,"[36] and potential misrepresentations regarding such violations. Therefore, the Court finds cause to believe that Galindo's Motion to Strike and Motion for Default contained misrepresentations and legal contentions not supported by existing law or made in good faith, thereby warranting the imposition of sanctions under Federal Rule of Bankruptcy Procedure 9011.[37] Accordingly, it is therefore:

**ORDERED:** that

1. "Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm's Motion For Entry Of Default By Clerk"[38] filed on June 2, 2025, by Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm is DENIED WITH PREJUDICE.

2. "Emergency Motion To Strike The Defendant's Answer To The Original Complaint"[39] filed on June 5, 2025, by Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm is DENIED WITH PREJUDICE.

3. "Motion To Extend Time And Accept Late Filed Answer" filed on June 5, 2025 by MMA Law Firm, PLLC is GRANTED.

4. On **August 21, 2025, at 1:30 p.m.** (Central Standard Time), a hearing shall be held before the United States Bankruptcy Court at 515 Rusk Avenue, Courtroom #8B, Houston, TX 77002 wherein Cristóbal M. Galindo, P.C. and its counsel, Ruth Van Meter and Herbert Charles Shelton must show cause as to why they have not violated Federal Rule of Bankruptcy Procedure 9011 and why the Court should not issue sanctions, including fee shifting as against Cristóbal M. Galindo, P.C. and its counsel, Ruth Van Meter and Herbert Charles Shelton for filing and prosecuting "Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm's Motion For Entry Of Default By Clerk"[40] and the "Emergency Motion To Strike The Defendant's Answer To The Original Complaint."[41]

5. Cristóbal M. Galindo, P.C. and its counsel, Ruth Van Meter and Herbert Charles Shelton, must attend the show cause hearing in person.

6. MMA Law Firm, PLLC and Cristóbal M. Galindo, P.C. are invited to meet and confer to resolve the Federal Rule of Bankruptcy Procedure 9011 issues identified in this Order. If a resolution is reached, the parties must file a joint notice outlining the stipulation by August 17, 2025. Upon such filing, the Court may, in its discretion, cancel the show cause hearing and enforce the terms of the stipulation.

---

[36] LR7.1(D); BLR 1001-1(b) ("In addition to these rules, the Local Rules of the District Court . . . govern practice in the bankruptcy court.").
[37] Fed. R. Bankr. P. 9011(b)(1)–(4).
[38] ECF No. 57.
[39] ECF No. 63.
[40] ECF No. 57.
[41] ECF No. 63.

7. Pursuant to Bankruptcy General Order 2021-05 and Bankruptcy Local Rule 9017-1, parties may either appear electronically or in person unless otherwise ordered by this Court.

8. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at **832-917-1510,** conference room number 999276 **and** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez. **Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.**

9. Parties must comply with Bankruptcy Local Rule 9013-2 and Judge Rodriguez's Court Procedures Section VII(b) regarding the exchange and submission of electronic exhibits.

10. For any witness and exhibits, parties must utilize Form 1-100 Witness & Exhibit List which can be located on this Court's home page at https://www.txs.uscourts.gov/content/chief-united-states-bankruptcy-judgeeduardo-v-rodriguez.

11. Not later than July 21, 2025, Cristóbal M. Galindo, P.C must serve a copy of this Order on MMA Law Firm, PLLC and all parties entitled to notice of the hearing and file a certificate of service with the Clerk's office.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SIGNED July 17, 2025

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **IN RE** | § | **Chapter 11** |
| | § | |
| **MMA Law Firm, PLLC** | § | **Case No. 24-31596** |
| | § | |
| **DEBTOR** | § | |
| | § | |

**ORDER GRANTING MMA'S EMERGENCY MOTION TO COMPEL AGAINST CRISTOBAL M. GALINDO, P.C.**
**[Relates to ECF No. __]**

Upon consideration of the Emergency Motion to Compel filed by MMA Law Firm, PLLC **("MMA"** or **"Debtor")** against Cristobal M. Galindo, P.C. **("Galindo"),** and the Court having reviewed the Motion, the Settlement Agreement between the Parties, the 9019 Order approving the Settlement Agreement, and the record in this case, the Court finds that:

1. Proper notice of the Motion and opportunity to be heard have been provided.
2. On September 18, 2025, this Court entered its Order Approving Settlement Agreement Between MMA Law Firm, PLLC and Cristobal M. Galindo, P.C. (ECF No. 832) (the **"9019 Order"**), which incorporated by reference and approved the Settlement Agreement between the Parties (the **"Settlement Agreement"**). (Attached Exhibit A)
3. The 9019 Order expressly retained jurisdiction over all disputes concerning the interpretation and enforcement of the Settlement Agreement.
4. Paragraph 21 of the Settlement Agreement (the **"Turnover Provision")** requires Galindo to remit 100% of any funds received after September 4, 2025, from any Successor Firm relating to the MMA/Galindo Cases to MMA within fourteen (14) calendar days of receipt.

5. Judicial intervention is necessary to compel compliance and to protect the interests of the Debtor's estate.

It is **ORDERED** that:

1. Within five (5) calendar days of the entry of this Order, Galindo shall serve upon counsel for MMA via email at mgoott@walkerandpatterson.com a complete and accurate list (the **"Case List"**) identifying each and every case or matter that:
   a. Was a former MMA client matter in which Galindo served as co-counsel with MMA or received a referral from MMA (the **"Former MMA Cases");** and
   b. Was thereafter referred, transferred, or otherwise sent by Galindo to any other law firm or attorney (each, a **"Handling Firm")** at any time.
2. For each Former MMA Case identified in the Case List, Galindo shall provide the following information to the extent it is in Galindo's possession, custody, or control:
   a. The name of the client(s);
   b. The client's loss payee address;
   c. The MMA case number or file number, if known; and
   d. The identity of the Handling Firm(s) to which the matter was referred or transferred.
3. Within five (5) calendar days of the entry of this Order, Galindo shall also electronically serve upon counsel for MMA a complete, sworn accounting (the **"Funds Accounting")** of all funds received by Galindo from any Handling Firm in connection with any Former MMA Case from September 4, 2025 through the date of the Funds Accounting. The Funds Accounting shall be emailed to mgoott@walkerandpatterson.com

4. The Funds Accounting shall be provided under oath and shall identify, for each payment received, the following information to the extent it is in Galindo's possession, custody, or control:

    a. The name of the Handling Firm that remitted the funds;

    b. The last known mailing address, telephone number, and email address for the Handling Firm;

    c. The name of the client(s) associated with the payment;

    d. The loss payee address associated with the payment;

    e. The total amount received by Galindo;

    f. A breakdown of the funds received, identifying separately: (i) attorney's fees; (ii) expense reimbursements; and (iii) any other amounts, with a description of the nature of each; and

    g. The date on which the funds were received by Galindo.

5. Within five (5) calendar days of the entry of this Order, Galindo shall turnover to MMA in good funds a total of $____________________ of all funds received by Galindo from any Handling Firm in connection with any Former MMA Case from September 4, 2025.

6. Commencing on the first business day of the calendar month following entry of this Order, and on the first business day of each calendar month thereafter until further order of this Court, Galindo shall serve upon counsel for MMA a sworn monthly report identifying all funds received from any Handling Firm on any Former MMA Case during the preceding calendar month, with the same detail required by Paragraph 4 of this Order.

7. MMA is awarded its reasonable attorneys' fees and costs incurred in connection with bringing the Motion and obtaining this Order. Galindo shall pay Walker & Patterson, P.C. its reasonable attorneys' fees and costs in the amount of $______________ incurred in connection with bringing the Motion to Compel.

8. The Court retains jurisdiction to enforce this Order and over all matters related to compliance with the Settlement Agreement and the 9019 Order.

Signed ______________

___________________________________
**Chief United States Bankruptcy Judge**

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 24-31596** |
| | § | |
| **MMA LAW FIRM, PLLC** | § | **Chapter 11** |
| | § | |
| ***Debtor.*** | § | |

**ORDER APPROVING COMPROMISE**
**WITH CRISTOBAL M. GALINDO, PC**
(Relates to ECF No. 805)

It is

**ORDERED** that the Debtor's Motion to Compromise Controversy with *Cristobal M. Galindo, PC* (**"GLF"**) is granted in full, and it is further

**ORDERED** that the Settlement Agreement attached hereto is approved, and it is further

**ORDERED** that the Debtor and GLF are authorized to enter into and consummate the Settlement Agreement according to the terms and conditions contained in the attached Settlement Agreement, and it is further

**ORDERED** that this Court retains jurisdiction over all disputes that may be related to the interpretation or enforcement of the Settlement Agreement.

Signed: September 18, 2025

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596** |
| **MMA LAW FIRM, PLLC** | § | |
| | § | |
| **DEBTOR** | § | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into by and between MMA Law Firm, PLLC (formerly known as McClenny Moseley and Associates) ("**MMA**" or the "**Debtor**"), on the one hand, and Cristobal M. Galindo, PC (**"GLF"**), on the other hand. MMA and GLF are each referred to individually as a "**Party**" and collectively as the "**Parties**."

The Debtor and GLF hereby agree to the following terms and conditions below, which are expressly subject to approval by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

## DEFINITIONS AND RECITALS

1. MMA is a Texas-based litigation firm that represented thousands of clients in insurance claims following Hurricanes Laura, Delta, Zeta, and Ida (collectively, the "**Hurricane Cases**").

2. In a substantial number of the Hurricane Cases, MMA entered into co-counsel agreements with GLF, under which both firms jointly represented clients on a contingency fee basis (the "**MMA/Galindo Cases**").

3. On March 3, 2023, the Honorable James D. Cain, Jr., United States District Judge for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated

with MMA for a period of ninety (90) days (the "**Suspension Order**").

4. Following the entry of the Suspension Order, numerous third-party law firms (collectively, the "**Successor Firms**") assumed legal representation of thousands of clients previously jointly represented by MMA and GLF in the MMA/Galindo Cases. For the avoidance of doubt, for the purposes of this Agreement, "Successor Firms" does not include GLF.

5. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating the above-captioned bankruptcy case (the "**Bankruptcy Case**").

6. Following the petition date, MMA began asserting claims against the Successor Firms, both through litigation and through negotiated settlements.

7. On August 13, 2024**,** GLF timely filed a proof of claim in the Bankruptcy Case (the "**POC**").

8. MMA filed an objection to GLF's POC on February 5, 2025 (the "**Claim Objection**").

9. On April 28, 2025**,** the Bankruptcy Court converted the Claim Objection into an adversary proceeding and directed GLF to file a formal complaint, thereby initiating Adversary Proceeding No. 25-03310 (the "**Galindo Adversary**").

10. On August 15, 2025, MMA filed a *Motion to Approve Compromise under Rule 9019* with Irpino, Avin & Hawkins Law Firm, a Successor Firm (the "**Irpino Settlement**").

11. Under the Irpino Settlement, Irpino is required to deposit $81,413.21 into the registry of the Bankruptcy Court (the **"Irpino Registry Funds"**) and, on a going-forward basis, to deposit 25% of all attorneys' fees it receives in connection with the MMA/Galindo cases into the Bankruptcy Court's Registry (the "**Irpino Future Registry Funds**").

12. On the same date, MMA also filed a separate *Motion to Approve Compromise under Rule 9019* with Alvendia, Kelly & Demarest, LLC, a Successor Firm (the "**AKD Settlement**").

13. Pursuant to the AKD Settlement, AKD is required to deposit $153,743.52 into the registry

of the Bankruptcy Court (the **"AKD Registry Funds"**). Additionally, AKD has agreed, on a going-forward basis, to deposit 25% of all attorneys' fees it receives in the MMA/Galindo cases into the Court's registry (the **"AKD Future Registry Funds"**).

14. On August 22, 2025, MMA filed a Complaint against GLF, initiating Adversary Proceeding No. 25-03633 (the "**MMA Adversary**").

15. The Galindo Adversary and the MMA Adversary are collectively referred to herein as the "**Adversaries**."

16. The Parties have reached a full and final global resolution of all disputes and claims related to the Adversaries, as set forth in this Agreement.

17. The Parties expressly acknowledge that this Settlement Agreement is subject to approval by the Bankruptcy Court.

**<u>PAYMENT TERMS AND OBLIGATIONS</u>**

18. On or before October 1, 2025, GLF shall remit payment to MMA in the amount of $250,000.00, in good and sufficient funds.

19. GLF hereby acknowledges and agrees that MMA is entitled to retain the entirety of the following funds, free and clear of any claim by GLF:

a. AKD Registry Funds

b. AKD Future Registry Funds

c. Irpino Registry Funds

d. Irpino Future Registry Funds

20. GLF irrevocably waives and relinquishes any and all claims it may have against any and all Successor Firms related to the MMA/Galindo Cases. This waiver is intended to provide assurance to Successor Firms that any settlements or payments made to MMA shall not subject them to liability or further claims by GLF and each of the Successor Firms may rely on this waiver

Case 24-31596 Document 1883-2 Filed in TXSB on 10/24/25 Page 59 of 61

and release as third-party beneficiaries of this provision.

21. GLF agrees that, in the event it receives any funds after September 4, 2025, whether directly or indirectly, from any Successor Firm related to the MMA/Galindo Cases, GLF shall remit 100% of such funds to MMA within fourteen (14) calendar days of receipt.

22. GLF shall be granted an allowed general unsecured claim in the Bankruptcy Case in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00) (the "**Allowed Claim**")

23. Except as provided in Paragraph 22 regarding GLF's Allowed Claim in the amount of $2,500,000.00, GLF irrevocably waives and releases any further claims to any fees, costs, or recovery from MMA arising out of or related to former MMA clients or cases.

24. Except for the rights afforded to GLF under Paragraph 22 with respect to its Allowed Claim, GLF hereby irrevocably waives, releases, and forever disclaims any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from MMA, whether direct or indirect, arising from or relating to any former MMA clients, cases, co-counsel relationships, or any other matters associated with the MMA/Galindo Cases.

25. The Parties agree to jointly submit an Agreed Order concerning approval of both the AKD Settlement and the Irpino Settlement to the Bankruptcy Court no later than September 8, 2025.

26. GLF may propose to the Official Committee of Unsecured Creditors (the "**UCC**") the inclusion of third-party releases in any Chapter 11 plan proposed by MMA. If such releases are accepted by the UCC and agreed to by MMA, MMA shall incorporate the releases into its plan and support their approval. GLF shall be responsible for advancing all out-of-pocket costs associated with providing any required notice required of such releases, including, without limitation, the costs of copies, postage, certifications, filings, and related labor. Notwithstanding the foregoing, in the event that the Bankruptcy Court rejects or denies approval of any third-party

releases included in the Chapter 11 plan, such rejection shall not constitute a condition precedent or a breach of this Settlement Agreement, and MMA reserves the right to refile or amend the plan to remove such third-party release provisions without affecting the enforceability or validity of this Settlement Agreement.

27. GLF shall support any Chapter 11 plan proposed by MMA that incorporates terms consistent with this Agreement.

28. In the event the Bankruptcy Court denies approval of this Settlement Agreement, then the Parties agree that all unexpired deadlines in the Adversaries, as of September 4, 2025, shall be extended for a period equal to the time elapsed between September 4, 2025, and the date of the Court's denial of the Settlement Agreement. In addition, the deposition of John Zachary Moseley shall be rescheduled.

29. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any disputes arising under or related to this Settlement Agreement.

30. Upon full performance of the terms and conditions herein, each of the Parties, on behalf of themselves, their respective current and former affiliates, subsidiaries, officers, directors, shareholders, members, managers, partners, employees, attorneys, agents, representatives, predecessors, successors, and assigns, hereby mutually release and discharge each other from any and all claims, demands, actions, and causes of action, known or unknown, arising out of or related to the Adversaries.

31. Subject to the full performance of all terms and conditions set forth in this Agreement, and without limiting any other provisions herein, MMA hereby irrevocably waives, releases, and forever disclaims any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from GLF, arising from or relating to any former MMA clients.

32. Subject to the full performance of all terms and conditions set forth in this Agreement, and without limiting any other provisions herein, GLF hereby irrevocably waives, releases, and forever disclaims any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from MMA, arising from or relating to any former MMA clients.

33. This Agreement is subject in its entirety to Bankruptcy Court approval, without which it shall be null and void and of no force or effect.

Dated: 9-8-2025

/S/ JOHN ZACHARY MOSELEY

MMA Law Firm, PLLC
John Zachary Moseley, President

Dated: 9-8-25

Cristobal M. Galindo, P.C.
Cristobal Galindo, President