IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | Case No. 24-31596 |
| | § | Chapter 11 |
| Debtor. | § | |

**CRISTOBAL M. GALINDO, P.C.'S LIMITED OBJECTION TO CONFIRMATION OF THIRD AMENDED JOINT PLAN OF LIQUIDATION**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Cristobal M. Galindo, P.C. ("GLF") and files this Limited Objection (the "Objection") to confirmation of the Third Amended Joint Plan of Liquidation [ECF No. 1577] (the "Plan") proposed by MMA Law Firm, PLLC (the "Debtor" or "MMA") and the Official Committee of Unsecured Creditors (the "Committee"). In support of this Objection, GLF would respectfully show as follows:

I. RELEVANT BACKGROUND

1. On September 8, 2025, MMA filed a Motion to Compromise Controversy with Cristobal M. Galindo, PC [ECF No. 805] (the "9019 Motion").

2. On September 18, 2025, this Court entered an Order Approving Compromise with Cristobal M. Galindo, PC [ECF No. 832] (the "Approval Order"), approving the Settlement Agreement attached to the 9019 Motion.

3. Pursuant to the Settlement Agreement, GLF agreed to support any Chapter 11 plan proposed by MMA that incorporates terms consistent with the Settlement Agreement.

4. Of particular relevance here, the Settlement Agreement provides for mutual releases

between MMA and GLF.

5. The Plan was filed on July 1, 2026 [ECF No. 1577].

6. Section 5.16 of the Plan provides that the Reorganized Debtor "shall have, subject to review of the Oversight Committee, the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, withdraw, or litigate to judgment any and all Causes of Action that the Debtor or Estate may hold against any Entity."

7. Under the Plan, Causes of Action include "all causes of action listed in the Schedule of Retained Causes of Action to be filed as part of the Plan Supplement."

8. Section 1.1.52 of the Plan defines "Plan Supplement" as "the ancillary documents necessary to the implementation and effectuation of the Plan, including the identity of the members of the Oversight Committee, which shall be Filed on or before the date that is fourteen (14) days prior to the hearing on Confirmation."

9. Accordingly, in order to know what causes of action have been preserved under the Plan, parties need to review the Plan Supplement. However, GLF has not located the Plan Supplement on the docket. Based on the confirmation date of August 4, 2026, it appears the Plan Supplement was due July 21, 2026.

10. Thus, without the Plan Supplement and the Schedule of Retained Causes of Action, GLF cannot determine whether the Plan preserves or authorizes any causes of action against GLF that would be inconsistent with the mutual releases and waivers set forth in the Settlement Agreement.

## II. LIMITED OBJECTION

11. As set forth above, the Settlement Agreement provides for mutual releases and waivers that would be inconsistent with any retention or prosecution of causes of action by the Debtor or Reorganized Debtor against GLF.

12. Confirmation of the Plan without disclosure of the Schedule of Retained Causes of Action would deprive GLF of its right to confirm that the Plan does not contradict or conflict with the Settlement Agreement. The Settlement Agreement expressly provides that GLF is required to support the Plan only if “the terms of this Settlement Agreement are fully incorporated into the Plan, and the Plan does not contain provisions that contradict or conflict with this Settlement Agreement.”

13. Without the Plan Supplement, GLF cannot evaluate whether the Plan is consistent with the Settlement Agreement, and confirmation would be premature.

## III. CONCLUSION

WHEREFORE, GLF respectfully requests this Court enter an order: 1) denying confirmation of the Third Amended Joint Plan of Liquidation; or, in the alternative, 2) continue the confirmation hearing until such time as the Plan Supplement, including the Schedule of Retained Causes of Action, has been filed and served on all parties in interest with adequate time for review and objection; and 3) granting such other and further relief as the Court deems just and proper.

Dated: July 22, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
State Bar No. 24079317
CShelton@HaywardFirm.com
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (telephone/fax)

Case 24-3… Document 160-2 Filed in TXSB on 01/22/24 Page 4 of 5

**COUNSEL FOR Cristóbal M. GALINDO, P.C.
D/B/A GALINDO LAW FIRM**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 22, 2026, a true and correct copy of this Objection was filed with the Court and served via the Court's CM/ECF system upon all parties registered to receive such electronic service in this bankruptcy case, including the U.S. Trustee and Debtor's counsel.

*/s/ Charlie Shelton*
Charlie Shelton

Case 24-31596 Document 1802-1 Filed in TXSB on 07/22/26 Page 1 of 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | **Case No. 24-31596** |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| | § | |

---

**ORDER DENYING CONFIRMATION OF THIRD AMENDED JOINT PLAN OF LIQUIDATION WITHOUT PREJUDICE**
*(Refers to Docket No. 1577)*

---

The Court, having considered the Third Amended Joint Plan of Liquidation [ECF No. 1577] (the "Plan") filed by MMA Law Firm, PLLC (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee"), and the Limited Objection of Cristobal M. Galindo, P.C. ("GLF") filed on July 22, 2026, and after due notice and opportunity for hearing having been provided to all parties in interest, and the Court being otherwise fully advised in the premises, finds and orders as follows:

I. FINDINGS OF FACT

1. On April 9, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On September 8, 2025, the Debtor filed a Motion to Compromise Controversy with Cristobal M. Galindo, PC [ECF No. 805] seeking approval of the Settlement Agreement (the "Settlement Agreement") between the Debtor and GLF, which this Court subsequently approved via its *Order Approving Compromise with Cristobal M. Galindo, PC* [ECF No. 832] (the "Approval Order").

3. Pursuant to the Settlement Agreement, GLF agreed to support any Chapter 11 plan proposed by the Debtor that incorporates terms consistent with the Settlement Agreement.

4. The Settlement Agreement provides for mutual releases between the Debtor and GLF.

5. On July 1, 2026, the Debtor and the Committee filed the Third Amended Joint Plan of Liquidation [ECF No. 1577].

6. Section 5.16 of the Plan provides that the Reorganized Debtor "shall have, subject to review of the Oversight Committee, the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, withdraw, or litigate to judgment any and all Causes of Action that the Debtor or Estate may hold against any Entity."

7. Under the Plan, Causes of Action include "all causes of action listed in the Schedule of Retained Causes of Action to be filed as part of the Plan Supplement."

8. Section 1.1.52 of the Plan defines "Plan Supplement" as "the ancillary documents necessary to the implementation and effectuation of the Plan, including the identity of the members of the Oversight Committee, which shall be Filed on or before the date that is fourteen (14) days prior to the hearing on Confirmation."

9. On July 22, 2026, GLF filed its Limited Objection to Confirmation of the Third Amended Joint Plan of Liquidation, asserting that the Plan Supplement has not been filed and therefore GLF cannot determine whether the Plan preserves or authorizes any causes of action against GLF that would be inconsistent with the mutual releases and waivers set forth in the Settlement Agreement.

10. As of the date of the Confirmation Hearing, the Plan Supplement has not been filed with the Court.

11. The absence of the Plan Supplement and the Schedule of Retained Causes of Action deprives GLF of adequate information necessary to evaluate whether the Plan is consistent with the Settlement Agreement.

## II. CONCLUSIONS OF LAW

12. GLF has agreed to support the Plan only if the Plan incorporates terms consistent with the Settlement Agreement. Without disclosure of the Schedule of Retained Causes of Action, GLF cannot confirm that the Plan does not contradict or conflict with the Settlement Agreement.

13. Confirmation of the Plan without disclosure of the Schedule of Retained Causes of Action would deprive GLF of its right to confirm that the Plan does not contradict or conflict with the Settlement Agreement.

14. The failure to file the Plan Supplement, including the Schedule of Retained Causes of Action, renders the Plan deficient and makes confirmation premature.

## III. ORDERING PROVISIONS

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. The Limited Objection of Cristobal M. Galindo, P.C. to Confirmation of the Third Amended Joint Plan of Liquidation is SUSTAINED.

2. Confirmation of the Third Amended Joint Plan of Liquidation [ECF No. 1577] is DENIED WITHOUT PREJUDICE to the Debtor and the Committee refiling for confirmation upon filing of the Plan Supplement.

3. The Debtor and the Committee may file a motion for confirmation of the Plan after filing the Plan Supplement, including the Schedule of Retained Causes of Action, and providing GLF and all other parties in interest with adequate time to review such documents and file any objections.

4. If the Debtor and the Committee elect to seek confirmation following the filing of the Plan Supplement, they shall file a notice of the rescheduled confirmation hearing and serve such notice, together with the Plan Supplement, on all parties in interest not less than twenty-one (21) days prior to the rescheduled confirmation hearing.

5. This Order is without prejudice to the rights of any party to object to confirmation of the Plan on any grounds, including but not limited to whether the Plan is consistent with the Settlement Agreement between the Debtor and GLF, once the Plan Supplement has been filed and the parties have had adequate time to review the Schedule of Retained Causes of Action.

The Court retains jurisdiction to enforce the terms of this Order.

**SIGNED:__________________**

____________________________________

Honorable Judge Eduardo V. Rodriguez
Chief United States Bankruptcy Judge