**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596-EVR** |
| **IN RE: MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | |
| | § | |

# CRISTÓBAL M. GALINDO, P.C.'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(b) AND 507(a)(2)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("GLF"), a chapter 11 debtor and debtor-in-possession in Case No. 26-90764 pending before this Court, and files this *Motion for Allowance and Payment of Administrative Expense Claim* (the "Motion") pursuant to 11 U.S.C. §§ 503(b) and 507(a)(2).

GLF seeks allowance of an administrative expense presently estimated at $260,014.82, representing attorney's fees attributable to GLF client matters that Houghtaling Law Firm, LLC

(“HLF”) paid or redirected to MMA Law Firm, PLLC (“MMA” or the “Debtor”) after the Petition Date under or in connection with MMA’s court-approved settlement with HLF. According to GLF’s records, the affected matters were not former MMA client matters at all, but instead were matters referred directly by GLF to HLF under a separate May 2023 agreement.

GLF files this Motion before the Administrative Claim bar date to preserve its claim. The precise client-by-client payment tracing remains subject to reconciliation from records held by HLF, MMA, and the Plan Administrator. GLF therefore reserves the right to supplement the evidentiary record and adjust the amount of its request as that reconciliation is completed.

In support, GLF respectfully states as follows.

## I. JURISDICTION AND PROCEDURAL BACKGROUND

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Allowance of an administrative expense is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

2. MMA filed this chapter 11 case on April 9, 2024 (the “Petition Date”).

3. On August 5, 2026, the Court entered its Order Confirming Third Amended Joint Plan of Liquidation and Plan Supplement of MMA Law Firm, PLLC [ECF No. 1648] (the “Confirmation Order”).

4. The Confirmation Order appointed Allison D. Byman as Plan Administrator and vested her with the rights, powers, and duties provided by the Plan. ECF No. 1648 ¶ 5.

5. Paragraph 8 of the Confirmation Order provides:

> Any holder of an Administrative Claim against the Debtor, other than a Professional, the U.S. Trustee with respect to quarterly fees, or claims arising in the ordinary course, that has not already filed such a claim shall file a proof of such claim or application for payment, with actual service upon counsel for the Debtor, within sixty (60) days after entry of this Order, failing which such claim shall be forever barred and extinguished....

6. The sixtieth day after August 5, 2026 is Sunday, October 4, 2026. Pursuant to Bankruptcy Rule 9006(a)(1)(C), the deadline therefore extends through Monday, October 5, 2026. This Motion is timely.

7. Although Section 2.1 of the Plan separately refers to an Administrative Claims Bar Date calculated from the Effective Date, the Confirmation Order expressly provides that, to the extent of any inconsistency between the Plan and Confirmation Order, the Confirmation Order controls. ECF No. 1648 ¶ 15. GLF therefore relies upon the specific sixty-day deadline established by Paragraph 8.

8. The Plan provides that an Allowed Administrative Claim shall be paid in full in cash on the later of the Effective Date or the date on which the Administrative Claim becomes allowed, or as soon thereafter as reasonably practicable. Plan § 2.1.

## II. GLF'S SEPARATE CHAPTER 11 CASE

9. GLF is itself presently a debtor and debtor-in-possession in chapter 11 Case No. 26-90764 in this Court.

10. In the declaration filed in support of its chapter 11 petition and first-day motions, Cristóbal M. Galindo explained that GLF regularly enters into co-counsel arrangements with other law firms pursuant to which GLF may have the initial client relationship and the participating firms agree to share fees. *See In re Cristóbal M. Galindo, P.C.*, Case No. 26-90764, ECF No. 22 ¶¶ 9-11.

11. Mr. Galindo further disclosed that, as part of GLF's restructuring strategy, GLF intends to seek determinations concerning claims it may possess against co-counsel firms and other third parties. *Id.* at ¶ 28.

12. The claim asserted through this Motion is therefore an asset of GLF's chapter 11 estate being preserved and prosecuted by GLF as debtor-in-possession for the benefit of that estate and its stakeholders.

## III. THE MMA/GLF SETTLEMENT WAS LIMITED TO MMA/GLF CASES

13. Prior to this Motion, MMA and GLF disputed their respective rights concerning hurricane matters in which the two firms had jointly represented clients.

14. Those disputes were resolved by a Settlement Agreement approved by this Court on September 18, 2025. [ECF No. 832] (the "MMA/GLF Settlement").

15. The MMA/GLF Settlement defined the "MMA/Galindo Cases" as matters in which MMA and GLF jointly represented clients on a contingency-fee basis. ¶2

16. Paragraph 20 provided that GLF waived claims against Successor Firms "related to the MMA/Galindo Cases."

17. Paragraph 21 similarly provided that GLF would remit to MMA funds received after September 4, 2025 from a Successor Firm "related to the MMA/Galindo Cases."

18. The settlement therefore distinguishes between matters in which MMA and GLF jointly represented the client and other matters belonging independently to GLF.

19. Indeed, the Plan Administrator has recently employed the same distinction. In her August 29, 2026, Motion to Compromise with Laborde Earles Law Firm, LLC [ECF No. 1689], the Plan Administrator alleged that MMA entered into co-counsel agreements with GLF in "many" Hurricane Cases and specifically alleged that the Laborde Earles matters at issue there were matters "subject to the MMA/Galindo Agreement." ECF No. 1689 ¶¶ 1, 3.

20. GLF's present claim concerns the other side of that distinction: client matters that, according to GLF's records, were never MMA/Galindo Cases in the first place.

## IV. GLF AND HLF HAD A SEPARATE FEE-SHARING AGREEMENT

21. On May 18, 2023, GLF and HLF entered into a Memorandum of Understanding (the "GLF/HLF MOU"). A copy is attached as **Exhibit A.**

22. Under the MOU, GLF retained HLF to assist with certain client matters, and the parties agreed that attorney's fees earned from those matters would be divided equally between GLF and HLF.

23. The GLF/HLF MOU existed independently of any relationship between MMA and GLF.

24. GLF's records reflect that numerous matters were referred directly from GLF to HLF pursuant to this separate arrangement and that the affected clients had no prior attorney-client relationship with MMA.

## V. HLF RECOGNIZED THAT IT HELD GLF MATTERS THAT WERE NOT ASSOCIATED WITH MMA

25. This distinction was not first raised after MMA received the funds. In fact, it was raised in March 2026, while MMA and HLF were addressing their own fee dispute, HLF transmitted to MMA's bankruptcy counsel a list of cases that were ready for disbursement to GLF.

26. HLF expressly advised MMA's counsel that HLF was required to remit payment to GLF for "cases that were not associated with MMA," and asked MMA's counsel to cross-reference the cases to determine which were MMA-associated.

27. HLF further stated that GLF had advised it that there was only one MMA-associated matter.

28. On May 19, 2026, one day before entry of the HLF Settlement Order discussed below, HLF again supplied its March communication to MMA's counsel in response to counsel's request for the missing March case information.

29. These communications are attached as **<u>Exhibits B and C</u>**.

30. Thus, HLF itself recognized before consummation of the MMA/HLF settlement that its inventory included at least two distinct categories of GLF-referred cases: cases associated with MMA and cases that were not associated with MMA.

## VI. MMA'S SETTLEMENT WITH HLF WAS LIMITED TO FORMER MMA CLIENTS

31. On March 30, 2026, MMA filed its Motion to Compromise Controversy with HLF. [ECF No. 1418].

32. The settlement between MMA and HLF concerned "Former MMA Clients." The agreement describes those clients as former MMA clients who were subsequently represented by HLF.

33. On May 20, 2026, this Court entered its Order Approving Compromise with Houghtaling Law Firm, LLC [ECF No. 1510] (the "HLF Settlement Order").

34. The HLF Settlement Order directed HLF to pay MMA $352,863.05 for the identified "Resolved Unpaid Cases." It further required HLF, as additional unresolved matters generated fees, to remit to MMA fifty percent of the attorneys' fees and certain expense reimbursements attributable to those matters.

35. The approved agreement also expressly contemplated the possibility that the information contained in its case spreadsheets might later prove to have been omitted or incorrectly provided. See ECF No. 1510, Settlement Agreement ¶¶ 33-36.

36. The settlement did not purport to grant MMA an interest in fees earned from clients who had never been represented by MMA. Its operative premise was that the matters being settled were Former MMA Cases.

## VII. THE POSTPETITION PAYMENT ERROR

37. GLF subsequently reviewed the client matters and payments covered by or administered through the HLF settlement.

38. GLF's current reconciliation identifies client matters classified in GLF's records as "GLF_HLF Only," meaning matters that GLF referred directly to HLF and for which GLF's records do not reflect prior representation by MMA.

39. GLF's presently calculated share of the fees attributable to those matters totals $260,014.82. A redacted current reconciliation is attached as Exhibit D.

40. According to the presently available records, funds attributable to these GLF-only matters were paid or redirected to MMA after the Petition Date pursuant to, or in connection with, the HLF settlement process rather than paid to GLF under the GLF/HLF MOU.

41. GLF does not presently contend that every dollar included in the $260,014.82 necessarily formed part of HLF's initial $352,863.05 payment. The HLF Settlement Order contemplated both the initial payment and continuing payments as unresolved matters generated recoveries. GLF seeks the GLF-only funds actually received and retained by MMA through either mechanism.

42. GLF continues to reconcile the client-level data against payment records maintained by HLF, MMA, and the Plan Administrator. Because the Administrative Claim deadline expires before that reconciliation can reasonably be completed, GLF files this Motion based upon the presently available records and expressly reserves its right to supplement or amend the amount sought.

## VIII. GLF HOLDS AN ADMINISTRATIVE EXPENSE CLAIM

43. Section 503(b)(1)(A) allows as an administrative expense the "actual, necessary costs and expenses of preserving the estate." Administrative expenses allowed under § 503(b) are entitled to priority under § 507(a)(2).

44. The Fifth Circuit has explained that an administrative expense ordinarily must arise postpetition from actions of the trustee or debtor-in-possession and confer a benefit upon the estate. *Nabors Offshore Corp. v. Whistler Energy II, L.L.C.* (*In re Whistler Energy II, L.L.C.*), 931 F.3d 432, 443 (5th Cir. 2019); *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001).

45. The obligation asserted here arose postpetition.

46. GLF does not seek administrative priority merely because its underlying GLF/HLF MOU predates some of the events at issue. MMA was not a party to that agreement.

47. Rather, GLF's claim against MMA arose when MMA, during its chapter 11 case, prosecuted claims against HLF, entered into a postpetition settlement with HLF, obtained the HLF Settlement Order, and thereafter received funds attributable to GLF-only client matters.

48. The estate received a direct and measurable benefit. To the extent MMA received $260,014.82 that otherwise belonged to GLF, the estate's cash position was increased dollar-for-dollar by the amount of GLF's loss.

49. MMA's estate cannot obtain the benefit of postpetition receipt and retention of those funds while treating the resulting obligation to GLF merely as a prepetition unsecured claim.

50. The Fifth Circuit has likewise recognized that the concept of administrative expense extends, in appropriate circumstances, to monetary obligations created by postpetition conduct in the administration of an estate. *See Reading Co. v. Brown*, 391 U.S. 471, 482-85 (1968); *In re Al Copeland Enters., Inc.*, 991 F.2d 233, 239-40 (5th Cir. 1993).

51. In Al Copeland, the Fifth Circuit rejected the proposition that a bankruptcy estate could profit from its postpetition retention of money to which another entity was entitled and afforded administrative treatment to the resulting postpetition obligation. *Id.*

52. The same equitable principle applies here. If the funds identified by GLF were generated from clients in whom MMA had no fee interest, allowing the MMA estate to retain those funds would confer upon MMA's creditors a windfall produced solely by a postpetition mistake in the administration of the HLF settlement.

53. GLF accordingly requests allowance of its resulting restitutionary obligation as an Administrative Claim under §§ 503(b) and 507(a)(2).

## IX. UNJUST ENRICHMENT FURTHER SUPPORTS RESTITUTION TO GLF

54. Independently of the statutory priority analysis, the estate has been unjustly enriched to the extent it received and retained fees attributable exclusively to GLF client matters.

55. MMA performed no services for the GLF-only clients identified on Exhibit D and, according to GLF's records, possessed no contractual or other fee interest in those matters.

56. The fact that HLF transferred those funds pursuant to a court-approved settlement does not create an underlying fee entitlement that MMA did not otherwise possess. Rather, if client matters were mistakenly included within the universe of Former MMA Cases, the mistake resulted in the estate receiving value belonging to GLF.

57. Requiring restitution of that value does not undo the HLF Settlement Order. GLF seeks no relief against HLF through this Motion and does not ask the Court to invalidate payments that HLF made in reliance upon the Court's order.

58. Instead, GLF asks the recipient estate to account for the value it received from matters outside the substantive scope of the MMA/HLF settlement.

59. The appropriate remedy at this stage is allowance of an Administrative Claim against MMA's estate in the amount ultimately established by the client-level reconciliation.

## X. CONSTRUCTIVE TRUST AND PROPERTY RIGHTS ARE RESERVED

60. GLF also reserves the position that identifiable proceeds of fees belonging exclusively to GLF may be subject to constructive-trust, tracing, or other property-based remedies under applicable law.

61. GLF does not ask the Court through this Motion to impose a constructive trust or adjudicate title to specific property.

62. Constructive-trust relief in bankruptcy implicates heightened pleading and tracing requirements and may require an adversary proceeding. *See Matter of Haber Oil Co.*, 12 F.3d 426, 436-38 (5th Cir. 1994).

63. Because those issues are unnecessary to preserve GLF's Administrative Claim before the October 5 deadline, GLF expressly reserves, rather than presently seeks adjudication of, any constructive-trust, tracing, § 541, or other property-based theory.

64. Nothing in this Motion should be construed as a waiver of GLF's rights against HLF or any other person or entity concerning the affected client matters.

## XI. AMOUNT OF CLAIM AND RIGHT TO SUPPLEMENT

65. Based upon the records presently available to GLF, the Administrative Claim is estimated at $260,014.82.

66. GLF expects that records maintained by HLF, MMA, and the Plan Administrator will permit the affected payments to be reconciled at the client level.

67. GLF requests that this timely Motion preserve its Administrative Claim notwithstanding the need for additional reconciliation.

68. GLF further requests leave to supplement its evidentiary support and amend the amount requested if the payment records establish that the correct amount is greater or less than the present estimate.

69. If the Court determines that the existing record is insufficient to fix the claim amount immediately, GLF requests that the Court determine that the Administrative Claim was timely asserted and establish such further procedure as is appropriate to liquidate its amount.

## XII. PRAYER

WHEREFORE, Cristóbal M. Galindo, P.C. respectfully requests that the Court:

a. determine that this Motion was timely filed under Paragraph 8 of the Confirmation Order;

b. allow GLF an Administrative Expense Claim pursuant to 11 U.S.C. § 503(b), entitled to priority under 11 U.S.C. § 507(a)(2), presently estimated at $260,014.82 and subject to final reconciliation;

c. direct the Plan Administrator to pay the Allowed Administrative Claim in accordance with Section 2.1 of the Plan;

d. permit GLF to supplement its evidentiary support and amend the amount of its Administrative Claim based upon additional client-level and payment records;

e. alternatively, preserve GLF’s timely Administrative Claim and establish an appropriate procedure for determining its final amount;

f. expressly preserve all constructive-trust, tracing, property, and other rights and remedies GLF may possess against HLF, MMA, or any other person or entity, except to the extent actually adjudicated by the Court through this Motion; and

g. grant GLF such other and further relief to which it is justly entitled.

DATED: October 5, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: *__/s/ Charlie Shelton__*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

**COUNSEL FOR CRISTÓBAL M. GALINDO, P.C.**

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, a true and correct copy of the foregoing Motion was served through the Court's CM/ECF system upon all parties registered to receive electronic notice and upon the United States Trustee and all persons on the Bankruptcy Rule 2002 service list. In addition, in compliance with Paragraph 8 of the Confirmation Order, actual service was made by electronic mail upon counsel for the Debtor and Reorganized Debtor, Walker & Patterson, P.C., Attn: Miriam T. Goott, at mgoott@walkerandpatterson.com. A copy was also served upon Allison D. Byman, Plan Administrator, 7924 Broadway, Suite 104, Pearland, Texas 77581.

*/s/ Charlie Shelton*
Charlie Shelton

Exhibit

A

# MEMORANDUM OF UNDERSTANDING

This Memorandum of Understanding ("*MOU*") is made effective as of this 18th day of May, 2023 (the "*Effective Date*"), by and among GALINDO LAW ("*Galindo*") and HOUGHTALING LAW FIRM, ("Houghtaling") (each a "*party*" and collectively, the "*parties*").

## RECITALS

WHEREAS, Galindo has been retained as counsel for numerous Louisiana property damage claims (the "*Claims*"); [effectively known as JV Number 2 Inventory] BTH CG

WHEREAS, Galindo desires to retain the services of Houghtaling to assist in handling some of the Claims (the "*Legal Services*");

WHEREAS, Houghtaling will perform the Legal Services subject to the terms and conditions set forth in this MOU.

NOW THEREFORE, in consideration of the premises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the parties hereto, it is mutually agreed and covenanted by and among the parties as follows:

1. **Request for Legal Services.** During the term of this MOU, from time to time, Galindo may request Houghtaling perform the Legal Services. An Attorney/Client Contract pre-approved by Galindo and Houghtaling shall be sent to and signed by each potential client naming Galindo and Houghtaling as the law firms representing the client their property damage claim ("*Contract*").
2. **Duties of Galindo.** Galindo's duties for the Legal Services shall be those set forth in the Contract.
3. **Duties of Houghtaling.** Houghtaling's duties for the Legal Services shall be those set forth in the Contract.
4. **Attorney's Fee Split.** The Attorneys' Fees earned from the Contract shall be split between Galindo and Houghtaling on a 50/50 basis (the "*Attorney Fee Split*").
5. **Expenses.** Galindo shall be responsible for expenses incurred in a Claim prior to the effective date of each Contract. Houghtaling shall be responsible for the expenses Houghtaling incurs as Houghtaling deems it necessary for each Claim after the effective date of each Contract. All expenses shall be reimbursed from funds recovered on each Claim as outlined in the Contract. [including, but not limited to expert reports, filing fees, services,
6. **Galindo's Representations and Warranties.** Galindo represents and warrants each Claim was validly obtained pursuant to the Louisiana Rules of Professional Conduct governing attorneys in the State of Louisiana and Louisiana law. BTH CG
7. **Notices.** The address for notice for each party shall be as set forth below; provided that a party may change its address for notice by notifying the other party in writing of its new address. Notice may be sent to an email address provided below with confirmation the email was delivered to a party.

If to Galindo: GALINDO LAW
Cristobal M. Galindo

4151 Southwest Freeway Ste. 602
Houston, Texas 77027
E. cmg@galindolaw.com

If to HOUGHTALING : HOUGHTALING LAW FIRM
Brian Houghtaling
Two Lakeway
3850 Causeway Blvd. Ste, 1090
Metarie, LA 70002
E. brian@houghtalinglaw.com

8. **Amendments**. This MOU may only be amended in writing and signed by both parties.
9. **Execution**. This MOU may be executed in counterparts and by electronic signatures, which shall be deemed originals for all purposes.

- GALINDO

CRISTOBAL M. GALINDO
GALINDO LAW

- **Houghtaling**

**Brian Houghtaling**
**HOUGHTALING LAW FIRM**

Exhibit
B
exhibitsticker.com

**From:** Becky Allen
**To:** Miriam Goott
**Cc:** Brian Houghtaling
**Subject:** HLF/GLF - March
**Attachments:** image001.png
03 March Funds Owed to GLF.xlsx

---

Miriam:

Brian is currently traveling, but he asked me to send you this email.

Attached is a list of the cases that are ready for disbursement to the Galindo Law Firm. Under Louisiana Law and ethical obligation, we are required to remit payment to the Galindo Law Firm for cases that were not associated with MMA. As you and Brian discussed on the phone, and he is copied to this email herein, you stated that you were able to cross reference to determine which cases were MMA associated cases. We are required under Louisiana Law and ethical obligation to remit payment to the Galindo Law Firm for cases that have cleared. As such, we ask that you respond to this email today regarding the attached as Galindo's office has stated that the only case associated with MMA on this list is:

Redacted

Again, please verify for us and respond today so we can honor our obligation to release any unassociated funds to the Galindo Law Firm timely.

If you have any questions, please give us a call.

Brian Cell: 504-240-8720
Becky Cell: 504-301-6062

*Hurricane Attorneys*

*Becky Allen*
*Paralegal*
**Houghtaling Law Firm, LLC**
www.houghtalinglaw.com
**TWO LAKEWAY**
**3850 North Causeway Blvd.**
**Suite 1090**
**Metairie, LA 70002**

**504-901-6767 (Telephone)**
**877-448-5339 (Facsimile)**

***Confidentiality Notice***

*This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this email in error, and that any use, dissemination, forwarding, printing or copying of this e-mail is strictly prohibited. If you receive this email in error, please immediately notify me at Houghtaling Law Firm, LLC by return email. You will be reimbursed for reasonable costs incurred in notifying us.*

**Exhibit**

**C**

exhibitsticker.com

| | |
|---|---|
| **From:** | Becky Allen |
| **To:** | Miriam Goott; Brian Houghtaling |
| **Cc:** | Charlie Shelton |
| **Subject:** | RE: Galindo Cases |
| **Date:** | Tuesday, May 19, 2026 9:22:14 PM |
| **Attachments:** | image001.png<br>HLFGLF - March .msg |

Miriam:

Attached is our March email to you. I do not see where you responded to this one. Apologies, if I missed any email from you.

Nothing has been prepared for May yet as we are not at month's end.


***Hurricane Attorneys***

*Becky Allen*
*Paralegal*
**Houghtaling Law Firm, LLC**
www.houghtalinglaw.com
**TWO LAKEWAY**
**3850 North Causeway Blvd.**
**Suite 1090**
**Metairie, LA 70002**
**504-901-6767 (Telephone)**
**877-448-5339 (Facsimile)**



***Confidentiality Notice***

*This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this email in error, and that any use, dissemination, forwarding, printing or copying of this e-mail is strictly prohibited. If you receive this email in error, please immediately notify me at Houghtaling Law Firm, LLC by return email. You will be reimbursed for reasonable costs incurred in notifying us.*


---

**From:** Miriam Goott <mgoott@walkerandpatterson.com>
**Sent:** Tuesday, May 19, 2026 8:24 PM
**To:** Becky Allen <Becky@houghtalinglaw.com>; Brian Houghtaling <Brian@houghtalinglaw.com>
**Cc:** Charlie Shelton <cshelton@haywardfirm.com>
**Subject:** Galindo Cases

Becky,

I have copied Charlie Shelton, counsel for Galindo. We have reached an agreement. We just need a final list of all cases where you sent money to Galindo. I have 10-2025, 11-2025, 12-2025, 1-2026, 2-2026, and 4-2026. I do NOT have 3-2026 or anything for this month.  Can you please reply-all.

Thanks,
miriam

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX  77092***
***713.956.5577***
***713.956.5570 fax***

Exhibit
D
exhibitsticker.com

| Client | GLF Fees | Retainer |
|---|---|---|
| [redacted] | $5,250.00 | GLF_HLF Only |
| | $11,132.00 | GLF_HLF Only |
| | $5,625.00 | GLF_HLF Only |
| | $3,800.00 | GLF_HLF Only |
| | $2,800.00 | GLF_HLF Only |
| | $19,012.46 | GLF_HLF Only |
| | $5,975.46 | GLF_HLF Only |
| | $8,260.00 | GLF_HLF Only |
| | $1,500.00 | GLF_HLF Only |
| | $5,640.75 | GLF_HLF Only |
| | $3,500.00 | GLF_HLF Only |
| | $5,169.66 | GLF_HLF Only |
| | $8,103.76 | GLF_HLF Only |
| | $6,568.41 | GLF_HLF Only |
| | $3,000.00 | GLF_HLF Only |
| | $7,000.00 | GLF_HLF Only |
| | $15,270.42 | GLF_HLF Only |
| | $6,479.19 | GLF_HLF Only |
| | $8,470.46 | GLF_HLF Only |
| | $6,473.02 | GLF_HLF Only |
| | $4,999.50 | GLF_HLF Only |
| | $3,429.00 | GLF_HLF Only |
| | $4,653.16 | GLF_HLF Only |
| | $6,580.75 | GLF_HLF Only |
| | $4,000.00 | GLF_HLF Only |
| | $4,101.58 | GLF_HLF Only |
| | $7,827.58 | GLF_HLF Only |
| | $4,062.50 | GLF_HLF Only |
| | $9,703.87 | GLF_HLF Only |
| | $5,402.00 | GLF_HLF Only |
| | $5,668.00 | GLF_HLF Only |
| | $8,946.46 | GLF_HLF Only |
| | $7,311.64 | GLF_HLF Only |

EX. D - REDACTED

| | | |
|---|---|---|
| [redacted] | $4,812.50 | GLF_HLF Only |
| [redacted] | $4,453.08 | GLF_HLF Only |
| [redacted] | $1,425.00 | GLF_HLF Only |
| [redacted] | 5,600.00 | GLF_HLF Only |
| [redacted] | 12,964.49 | GLF_HLF Only |
| [redacted] | 4,600.00 | GLF_HLF Only |
| [redacted] | $10,443.12 | GLF_HLF Only |
| Total | $260,014.82 | |

EX. D - REDACTED

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596-EVR** |
| **IN RE: MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | |

---

**ORDER GRANTING CRISTÓBAL M. GALINDO, P.C.'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(b) AND 507(a)(2)**

---

Came on for consideration *Cristóbal M. Galindo, P.C.'s Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(b) and 507(a)(2)* (the "Motion"). The Court, having considered the Motion, any responses thereto, the evidence and arguments of counsel, if any, and the record in this case, finds that the Motion should be **GRANTED** as set forth below.

**IT IS THEREFORE ORDERED that:**

1. The Motion was timely filed pursuant to paragraph 8 of the Court's Order Confirming Third Amended Joint Plan of Liquidation and Plan Supplement of MMA Law Firm, PLLC [ECF No. 1648].

2. Cristóbal M. Galindo, P.C. ("GLF") is allowed an administrative expense claim in the amount of $260,014.82 pursuant to 11 U.S.C. § 503(b), with priority under 11 U.S.C. § 507(a)(2).

3. The Plan Administrator is authorized and directed to pay GLF's allowed Administrative Expense Claim in accordance with section 2.1 of the confirmed Plan.

4. Nothing in this Order adjudicates or waives any constructive-trust, tracing, property, contractual, or other rights or remedies that GLF may possess against Houghtaling Law Firm, LLC, MMA Law Firm, PLLC, or any other person or entity, except to the extent expressly determined by this Order.

5. The Court retains jurisdiction to interpret and enforce this Order.

SIGNED: ______________________, 2026.

______________________________________

**EDUARDO V. RODRIGUEZ**
**CHIEF UNITED STATES**
**BANKRUPTCY JUDGE**