**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | Chapter 11 |
| Reorganized Debtor. | § | |

---

# PLAN ADMINISTRATOR'S OBJECTION TO CRISTÓBAL M. GALINDO, P.C.'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(b) AND 507(a)(2)

(Relates to ECF No. 1780)

---

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Allison D. Byman, in her capacity as Plan Administrator (the **"Plan Administrator"**) for MMA Law Firm, PLLC (**"MMA"**), files this Objection to *Cristóbal M. Galindo, P.C.'s Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(b) and 507(a)(2)* [ECF No. 1780] (the **"Motion"**) filed by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm (**"Galindo"**), and respectfully shows as follows:

## I. SUMMARY OF FACTS AND RELIEF REQUESTED

Galindo seeks an administrative expense claim against the estate for fees that it contends MMA improperly received in connection with certain cases Galindo referred to Houghtaling Law Firm (**"HLF"**). But the Motion fails on its own terms because Galindo has not identified any post-petition goods, services, credit, or other benefit that it provided to the estate. Section 503(b)(1)(A) grants administrative priority only for the actual and necessary costs of preserving the estate, and Galindo supplied nothing to preserve or benefit the estate.

Instead, Galindo asserts only that the estate received funds to which Galindo believes it is entitled that MMA received from HLF. That is a disputed claim to estate assets, not an administrative expense. The Motion therefore cannot be entitled to administrative priority regardless of Galindo's underlying theory regarding ownership of the funds.

In addition, Galindo's claim is independently barred by two prior orders entered by this Court approving a settlement agreement between MMA and HLF, and a separate settlement agreement between MMA and Galindo. Both orders foreclose the relief Galindo now seeks. The Plan Administrator respectfully requests that the Court deny the Motion in its entirety and grant such other and further relief as the Court deems just.

## I. BACKGROUND

**<u>Relevant Pre-petition Background History</u>**

1. MMA is a Texas-based litigation firm that represented thousands of clients in insurance claims following Hurricanes Laura, Delta, Zeta, and Ida (collectively, the **"Hurricane Cases"**).

2. In a substantial number of the Hurricane Cases, MMA entered into co-counsel agreements with Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm (**"Galindo"**), under which both firms jointly represented clients on a contingency fee basis.

3. On March 3, 2023, the Honorable James D. Cain, Jr., United States District Judge for the Western District of Louisiana, issued an order suspending the licenses of all attorneys affiliated with MMA for a period of ninety (90) days (the **"Suspension Order"**).

4. Following the entry of the Suspension Order, numerous third-party law firms (collectively, the **"Successor Firms"**) assumed legal representation of thousands of clients previously represented by MMA.

**Galindo Proof of Claim and Adversary**

5. On April 9, 2024, MMA filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating the above-captioned bankruptcy case (the **"Bankruptcy Case"**).

6. Following the petition date, MMA began asserting claims against the Successor Firms, both through litigation and through negotiated settlements.

7. On August 13, 2024, Galindo filed Proof of Claim No. 47, signed by Cristóbal M. Galindo under penalty of perjury (the **"POC"**).[1]

8. In the POC, Galindo asserted that pre-petition, between approximately November 2021 and September 2022, (a) MMA and Galindo entered into more than 6,000 agreements with clients under which Galindo would receive 50% of the attorneys' fees; (b) that MMA had received, both pre-petition and post-petition, payments that belonged to Galindo; and (c) that Galindo reserved the right to seek allowance or payment of any additional amounts under Sections 365 and 503(b) of the Bankruptcy Code.[2]

9. On February 5, 2025, MMA filed an objection to the POC (the, **"Claim Objection"**).[3]

10. On April 28, 2025, the Court converted the Claim Objection into Adversary No. 25-03310 (the **"Adversary"**).[4]

11. On May 12, 2025, Galindo filed its Original Complaint against MMA in the Adversary (the **"Complaint"**).[5] In the Complaint, Galindo alleged among other things that MMA received attorney's fees in cases that belong to Galindo.

---

[1] **Exhibit A**: POC
[2] **Exhibit A**: POC (Page 4, Paragraphs 1, 3-5, and 9.)
[3] **Exhibit B**: Claim Objection
[4] **Exhibit C**: Order
[5] **Exhibit D**: Galindo's Complaint

**Galindo Settlement**

12. On September 8, 2025, after months of contentious litigation in the Adversary, MMA and Galindo reached a settlement to resolve the Adversary (the **"Galindo Settlement"**).[6]

13. On September 8, 2025, MMA filed an Emergency Motion to Compromise Controversy with Galindo, seeking approval of the Galindo Settlement (the **"Galindo 9019 Motion"**).

14. On September 18, 2025, the Court entered its Order Approving Compromise and granted the Galindo 9019 Motion (the "**Galindo 9019 Order**").[7]

15. The Galindo 9019 Order retained jurisdiction "over all disputes that may be related to the interpretation or enforcement of the Settlement Agreement."

16. Pursuant to the Galindo Settlement, in exchange for, among other things, an allowed general unsecured claim of $2,500,000.00, Galindo agreed to the following:

a. Galindo irrevocably waived and released any further claims to any fees, costs, or recovery from MMA arising out of related to former MMA clients or cases;[8]

b. Galindo irrevocably waived, released, and forever disclaimed any and all rights, claims, or entitlements to attorneys' fees, costs, reimbursements, or any other form of compensation or recovery from MMA, whether direct or indirect, arising from or relating to any Former MMA clients, cases, co-counsel relationships, or any other matters associated with the MMA/Galindo Cases;[9] and

---

[6] **Exhibit D**: Galindo Settlement Agreement
[7] **Exhibit E**: Galindo 9019 Order
[8] **Exhibit D**: Galindo Settlement Agreement (Paragraph 23)
[9] **Exhibit D**: Galindo Settlement Agreement (Paragraph 24)

c. Galindo irrevocably waived and relinquishes any and all claims it may have against any and all Successor Firms related to the MMA/Galindo Cases. This waiver is intended to provide assurance to Successor Firms that any settlements or payments made to MMA shall not subject them to liability or further claims by Galindo and each of the Successor Firms may rely on this waiver and release as third-party beneficiaries of this provision.[10]

**Adversary Filed Against the Houghtaling Law Firm**

17. Post-petition, MMA initiated numerous adversary proceedings against Successor Firms who took over representation of MMA's former clients.

18. On March 9, 2026, MMA filed initiated an Adversary Proceeding against Houghtaling Law Firm, LLC (**"HLF"**) in Adversary No. 26-03065 seeking apportionment of fees owed on the former MMA Cases (the **"HLF Adversary"**).

19. On March 30, 2026, MMA and HLF entered into a settlement agreement (the **"Houghtaling Agreement),**[11]and on March 30, 2026, MMA filed a Motion to Approve Compromise with Houghtaling (the **"Houghtaling 9019 Motion"**).[12]

20. The Houghtaling Agreement specifically includes the following representations made by HLF "under penalty of perjury"[13]:

a. With the exception of one Former MMA Client, Barry Fletcher, the Former MMA Clients were referred to HLF by Galindo.[14]

---

[10] **Exhibit D**: Galindo Settlement Agreement (Paragraph 20)
[11] **Exhibit F**: HLF Settlement Agreement
[12] **Exhibit G**: HLF 9019 Motion
[13] **Exhibit F**: HLF Settlement Agreement (Paragraph 37)
[14] **Exhibit G**: HLF Settlement (Paragraph 2)

b. Former MMA Cases are divided into categories, including "Unresolved Cases" listed on Exhibit A; and "Resolved Unpaid Cases" listed on Exhibit B, the latter totaling $352,863.05 and representing the amounts "attributable to Galindo's fifty percent (50%) share."[15]

21. The Houghtaling Agreement required MMA to provide notice to Galindo of the settlement and a copy of the Houghtaling 9019 Motion.[16]

22. On March 30, 2026, MMA served Galindo with a copy of the Houghtaling 9019 Motion and the Houghtaling Agreement through its counsel of record, Mr. Shelton.[17]

23. On April 23, 2026, the Court entered an Order Setting a Hearing on the Houghtaling 9019 Motion for May 20, 2026 (the **"Order Setting Hearing"**).[18]

24. On April 25, 2026, the Bankruptcy Noticing Center served a copy of the Order Setting Hearing on Galindo, via his counsel of record, Mr. Shelton.[19] On April 29, 2026, MMA also served Galindo's counsel with the Order Setting Hearing.[20]

25. Galindo did not file a written opposition to the Houghtaling 9019 Motion, nor did Galindo or its counsel appear at the hearing on the Houghtaling 9019 Motion.[21]

26. On May 20, 2026, the Court entered an Order Approving Compromise with HLF (**"HLF 9019 Order"**).[22]

27. The HLF 9019 Order includes a specific finding that Galindo received a copy of the HLF 9019 Motion. The Court further ordered that, "[p]ursuant to the Order Approving

---

[15] **Exhibit G**: HLF Settlement (Paragraphs 13-18)
[16] **Exhibit G**: HLF Settlement (Paragraph 31)
[17] **Exhibit H**: Service of HLF Settlement on Galindo
[18] **Exhibit I**: Order Setting Hearing on HLF 9019
[19] **Exhibit J**: BNC Notice of Houghtaling Order Setting Hearing
[20] **Exhibit K**: Service of Order Setting Hearing on Houghtaling 9019
[21] **Exhibit L**: Docket in Case No. 24-31596
[22] **Exhibit M**: HLF 9019 Order

Compromise with Cristobal M. Galindo, P.C. ('Galindo') at ECF No. 832," the Resolved Case Payments and the Unresolved Case Payments "shall be made to the Debtor without including Galindo as a payee" and that "Galindo has irrevocably waived and relinquished any and all claims it may have had against HLF" for those funds.

28. On May 22, 2026, the Bankruptcy Noticing Center served Galindo with a copy of the HLF 9019 Order.[23]

29. Galindo filed no objection and no appeal, and the HLF 9019 order is final.[24]

**Confirmation**

30. On July 22, 2026, Galindo filed a Limited Objection to Confirmation of MMA's Third Amended Joint Plant of Liquidation (the **"Galindo Confirmation Objection"**).[25]

31. On July 30, 2026, eight days after the Galindo Confirmation Objection was filed, MMA filed its Plan Supplement to Third Amended Joint Plan of Liquidation of MMA Law Firm, PLLC, which lists the HLF adversary as "Settled (ECF 1510)" and retains "all rights to enforce, and to collect all amounts due under," the HLF Settlement Order (the **"Plan Supplement"**).[26]

32. Galindo received a copy of the Plan Supplement via CM/ECF when it was filed on July 30, 2026.

33. The Court conducted a contested evidentiary hearing on MMA's Plan Confirmation on August 4, 2026 and August 5, 2026 (the **"Confirmation Hearings"**). Galindo's counsel appeared at the Confirmation Hearings and did not raise any objections.[27]

---

[23] **Exhibit N**: BNC Notice of HLF 9019 Order
[24] **Exhibit L**: Docket
[25] **Exhibit O**: Galindo Objection to Confirmation
[26] **Exhibit O**: Plan Supplement (ECF No. 1615, Exhibit A, Part V).
[27] **Exhibit L**: Docket (ECF No. 1647 and 1648)

34. On August 5, 2026, the Court confirmed the Plan, overruling all unresolved objections and binding all creditors and parties in interest.[28] The Plan bars amendment of claims after the Effective Date without authorization (Plan § 8.6).

35. Galindo was served with a copy of the Confirmation Order on August 8, 2026.[29]

36. Galindo never filed a motion to reconsider or vacate the Confirmation Order.[30]

37. The Confirmation Order is a final order.

**<u>The Motion for Administrative Claim</u>**

38. On October 5, 2026, Galindo, now itself a chapter 11 debtor in Case No. 26-90764, filed the Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(b) and 507(a)(2) (the **"Motion"**).[31]

39. In the Motion, Galindo alleges that specific clients identified on Exhibit D attached to the Motion are cases that Galindo referred to HLF pursuant to a Memorandum of Understanding (the "MOU") and that some portion of the fees from these cases were paid improperly to MMA.

40. In the Motion, Galindo concedes that (a) MMA was not a party to the MOU that Galindo and HLF entered in May 2023; (b) it "does not presently contend that every dollar" it seeks was paid by HLF to MMA; (c) that Galindo's reconciliation is not complete; and (d) that

41. Galindo does "not seek a constructive trust or any property based remedy."

---

[28] **<u>Exhibit P</u>**: Confirmation Order (ECF No. 1648 -Paragraph 3)
[29] **<u>Exhibit Q</u>**: BNC Notice of Confirmation Order
[30] **<u>Exhibit L</u>**: Docket
[31] **<u>Exhibit R</u>**: The Motion

## III. OBJECTION

42. Administrative priority is reserved for the “actual, necessary costs and expenses of preserving the estate.” 11 U.S.C. § 503(b)(1)(A).

43. "[T]o qualify as an `actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee [or debtor-in-possession] that benefitted the estate." *In re Whistler Energy II, L.L.C.*, 931 F.3d 432, 441 (5th Cir. 2019) (quoting *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001)).

44. Galindo supplied nothing to the estate. It rendered no services, extended no credit, and provided no goods. Its only theory is that the estate received money from HLF that Galindo believes should have gone to Galindo. That is not a cost of preserving the estate; it is a disputed claim to funds.

45. Galido argues that the Fifth Circuit in *Reading* recognized that the “concept of administrative expense extends, in appropriate circumstances, to monetary obligations created by postpetition conduct in the administration of an estate.” However, the Fifth Circuit in *Reading* found that tort claims arising during a reorganization may be actual and necessary expenses of the reorganization and therefore entitled to priority status. See *Reading Co. v. Brown*, 391 U.S. 471, 483-85, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (finding that the fire damage resulting from the negligence of the receiver was an "actual and necessary" expense of reorganization). As a result, based on *Reading*, bankruptcy court have allowed post-petition tort claims arising from the continued operation of a debtor. *In re Res. Tech. Corp.*, 662 F.3d 472, 476 (7th Cir. 2011). However, here, Galindo does not argue that there was an actual or necessary expense of MMA, just an allegation that MMA received funds from a third-party that Galindo claims belongs to it.

46. Nor did the estate receive a “windfall” as alleged by Galindo in Paragraph 52 of the Motion. MMA obtained the HLF funds through an arm’s length compromise for which it gave

value: it released its claims against HLF arising from the Former MMA Cases and resolved Adversary No. 26-03065.

47. Galindo's fallback theory of unjust enrichment fares no better. Under Texas law, a party may not recover in unjust enrichment where an express contract covers the subject matter. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Express agreements govern every relationship at issue here: the MOU between Galindo and HLF, the Galindo Settlement between Galindo and MMA, and the HLF Agreement between MMA and HLF. And Galindo expressly disclaims any constructive trust, tracing, or property based remedy.[32] Having disclaimed any property interest in the funds, Galindo cannot convert a restitution theory into a priority claim against estate assets.

48. Finally, the HLF Settlement Order adjudicated precisely the question Galindo now raises in the Motion: who is entitled to the fees HLF held on the clients listed in the HLF Agreement. The Court found Galindo had notice, directed payment to MMA without Galindo as payee, and found Galindo's claims to those funds waived. A request for administrative priority cannot be used to obtain the reallocation that Galindo never sought.

49. MMA's confirmed Plan independently forecloses the Motion. The Plan Supplement disclosed that the estate retained all rights to collect under the HLF Settlement Order, and Galindo, which scrutinized the Plan, attended the Confirmation Hearing, objected on other grounds, and raised no objection on this point. The Confirmation Order binds Galindo.

50. A Declaration from the Plan Administrator is attached as Exhibit S.[33]

[32] **Exhibit R**: The Motion - Paragraphs 61-63
[33] **Exhibit S**: Byman Declaration

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests that the Court enter an order denying the Motion in its entirety and granting such other and further relief as is just.

Dated: <u>October 7, 2026</u>

Respectfully submitted,

By: */s/Miriam T. Goott*
Miriam T. Goott
SBN 24048846
P.O. Box 61301
Houston, Texas 77208
713.956.5577 (telephone)
713.956.5570 (fax)
mgoott@walkerandpatterson.com
**COUNSEL FOR ALLISON D. BYMAN, PLAN ADMINISTRATOR, AND THE REORGANIZED DEBTOR**

## CERTIFICATE OF SERVICE

I certify that on October 7, 2026, a true and correct copy of this Objection was served through the Court's CM/ECF system on all parties registered to receive electronic notice, including the United States Trustee and all persons on the Bankruptcy Rule 2002 service list, and by email on counsel for Cristóbal M. Galindo, P.C., Charlie Shelton, Hayward PLLC, cshelton@haywardfirm.com, in accordance with paragraph 13 of the Confirmation Order [ECF No. 1648].

By: */s/Miriam T. Goott*
Miriam T. Goott.