HAYWARD
PLLC
7600 Burnet Road, Suite 530
Austin, Texas 78757
737.881.7100 (Main/Fax)
www.haywardfirm.com

*Charlie Shelton*
*737.881.7101 (Direct)*
*CShelton@HaywardFirm.com*

November 13, 2026

Houghtaling Law Firm, LLC
c/o Brian J. Houghtaling
Two Lakeway
3850 North Causeway Boulevard, Suite 1090
Metairie, Louisiana 70002

Re: Subpoena Duces Tecum and Ad Testificandum to Houghtaling Law Firm, LLC

Dear Mr. Houghtaling:

We represent Cristóbal M. Galindo, P.C. d/b/a Galindo Law ("Galindo"), a creditor in the bankruptcy of MMA Law Firm, PLLC ("MMA"), Case No. 24-31596, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. On behalf of Galindo, please find enclosed herein a subpoena requiring Houghtaling Law Firm, LLC to produce certain documents by **Monday, November 30, 2026 at 5:00 p.m.** prevailing Central Time. Please provide a business records affidavit with your production. Due to the rather short time between your production and the relevant hearing, I respectfully request a rolling production if possible.

Please confirm you accept service of this subpoena via email.

The enclosed subpoena also notices the deposition of HLF's corporate representative under Rule 30(b)(6) on the topics in Exhibit B, currently set for December 9, 2026 by videoconference. Please let us know who HLF intends to designate.

Regarding the deposition, we are currently seeking to have it set the week of December 7, 2026. However, as of the service of this letter, the hearing is still set for December 3, 2026, which counsel for Ms. Byman opposes moving. We will file an opposed motion for continuance. If the Court grants it, we'd like to keep the deposition the week of December 7, 2026. If the Court denies it, we will cancel the deposition.

If HLF is represented by counsel in this matter, please forward this letter and let us know who to contact. Otherwise, please feel free to contact me directly with any questions, including about the scope or timing of production or a confidentiality agreement for client information.

Sincerely,

*/s/ Charlie Shelton*
Charlie Shelton

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | **Case No. 24-31596** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

---

**SUBPOENA DUCES TECUM AND AD TESTIFICANDUM**

---

**TO:** Houghtaling Law Firm, LLC, c/o Brian J. Houghtaling, Two Lakeway, 3850 North Causeway Boulevard, Suite 1090, Metairie, Louisiana 70002.

---

**YOU ARE COMMANDED** pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 9016 and Federal Rule of Civil Procedure 45, to produce the documents described in **Exhibit A**, in the manner and at the place, date, and time set forth below:

| **PLACE** | **DATE & TIME** |
|---|---|
| Via electronic delivery to cshelton@haywardfirm.com or by secure file-transfer link provided by counsel; or, at HLF's election, at the offices of a court reporter in the Metairie/New Orleans, Louisiana area to be agreed. | Monday, November 30, 2026 at 5:00 p.m. (CT) |

---

**YOU ARE COMMANDED** pursuant to Federal Rules of Bankruptcy Procedure 7030, 9014(c), and 9016 and Federal Rules of Civil Procedure 30(b)(6) and 45, to designate one or more officers, members, managing agents, or other persons who consent to testify on your behalf, and to have them appear at the place, date, and time set forth below to testify at a deposition about the matters set forth in **Exhibit B**. The deposition will be recorded stenographically and by audiovisual means.

| **PLACE** | **DATE & TIME** |
|---|---|
| COURTROOM REPORTER,<br>ZOOM LINK TO BE ANNOUNCED | Wednesday, December 9, 2026 at 9:30 a.m. (CT) |

Any organization that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iv), the text of Rules 45(d) and (e) are set forth below.

ISSUING OFFICER SIGNATURE AND TITLE DATE

November 13, 2026

**Charlie Shelton, Attorney, 7600 Burnet Road, Suite 530, Austin, Texas 78757**

Fed. R. Civ. P. 45(d) and (e)

(d) Protecting a Person Subject to a Subpoena; Enforcement.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________________________

______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

**PROOF OF SERVICE**

I, Siarra Villarreal, hereby certify that on November 13, 2026, I emailed the foregoing *Subpoena Duces Tecum and Ad Testificandum* with Exhibit D to Mr. Brian J. Houghtaling at brian@houghtalinglaw.com and via Process Server.

*/s/ Siarra Villarreal*
Paralegal at Hayward PLLC
7600 Burnet Road, Suite 530
Austin, Texas 78757

**CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM'S EXHIBIT A:**
**REQUESTS FOR PRODUCTION TO HOUGHTALING LAW FIRM, LLC**

Pursuant to Federal Rules of Civil Procedure 34 and 45, made applicable by Federal Rules of Bankruptcy Procedure 9014(c) and 9016, Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("GLF") requests that Houghtaling Law Firm, LLC produce the following documents by Monday, November 30, 2026 at 5:00 p.m. (CT), in the manner described on the face of the subpoena, or on such other terms as You and GLF mutually agree in writing.

**DEFINITIONS**

The following terms shall have the meanings set forth below unless otherwise indicated:

A. "HLF," "You," and "Your" mean Houghtaling Law Firm, LLC and its members, attorneys, paralegals, employees, and agents, including Brian Houghtaling and Becky Allen.

B. "GLF" means Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm.

C. "MMA" means MMA Law Firm, PLLC (formerly McClenney Moseley & Associates), the Debtor in Case No. 24-31596. The term includes MMA's attorneys, employees, and agents, its bankruptcy counsel, and Allison D. Byman, Plan Administrator.

D. "MOU" means the Memorandum of Understanding between Galindo Law and Houghtaling Law Firm effective May 18, 2023.

E. "HLF Settlement Agreement" means the settlement agreement between MMA and HLF approved by the Court's Order Approving Compromise with Houghtaling Law Firm, LLC [ECF No. 1510], including all exhibits and schedules.

F. "Former MMA Clients" has the meaning used in the HLF Settlement Agreement.

G. “Exhibit D Clients” means each client identified on Exhibit D to GLF’s Motion for Allowance and Payment of Administrative Expense Claim [ECF No. 1780] (served separately due to confidentiality). It also includes each client identified in GLF’s August 5, 2026 letter to HLF.

H. “Document” and “Communication” have the broadest meaning permitted by Federal Rule of Civil Procedure 34(a)(1)(A). They include emails, text messages, spreadsheets, case-management system entries, and electronically stored information.

I. “All Documents” or “all documents” means any and all documents that might reasonably be located through a search of all locations reasonably likely to contain documents called for by these Request for Production.

J. “Any” means “any and all.”

K. The term “communication” means any transmission of information in the form of facts, ideas, inquiries, or otherwise, including but not limited to data, proposals, or any other matter by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, written memoranda, and face-to-face conversations.

L. The term “date” requires You to state the exact day, month and year, if ascertainable, or, if not, the best approximation thereof between January 1, 2023 to present.

M. The term “document” is synonymous and equal in scope to the use of this term in FED. R. CIV. P. 34(a). A draft of a non-identical copy is a separate document within the meaning of this term. The term “document” or “documents” is to be given meaning in the broadest sense, as contemplated by FED. R. CIV. P. 34(a)(1)(A), and shall include any kind of written, recorded, printed, or graphic matter, whether produced, reproduced or stored on paper, cards, film, audio or

video tapes, electronic facsimile, computer storage device, or any other media, or any kind or description, whether sent or received or neither, including without limitation: originals, copies (with or without notes or changes therein) and drafts including without limitation: papers, books, letters, electronic mail messages, electronic files or data, photographs, objects, tangible things, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, newspaper accounts, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing however denominated by You, in the possession, custody or control of You, of any officer, agent, employee, representative, counsel, or other person acting or purporting to act for or on behalf of You or in concert with You. For purposes of the foregoing, "drafts" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether or not such draft was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final document; and the term "copies" means all copies of any documents that are not identical in every respect to the documents being produced.

A. The term "including" means "including but not limited to."

B. The terms "person" is defined as a natural person or business, legal, or governmental entity or association.

C. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

D. The term "possession" means all documents actually within Your possession, custody or control, including any employee, consultant, aide or other representative (including without limitation attorneys and accountants) and any other person acting or purporting to act on Your behalf or in concert with You, and includes any temporary placing of possession, custody or control in any third party by any of the foregoing persons.

E. The terms "related to" and "relating to" means constitute, contain, embody, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, analyze, or in any way pertain to.

F. The terms "and" and "or" are to be construed either disjunctively or conjunctively, whichever is appropriate in each instance so as to bring within the scope of each of these Requests any information that might otherwise be considered beyond that scope.

G. The singular form of a word is to be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever is appropriate, so as to bring within the scope of these Requests any documents that might otherwise be considered beyond their scope.

H. Wherever possible or necessary to render a given Request more inclusive than it otherwise might be, any verb tense should be construed to include other tenses; and any reference to one gender should be construed to include the other.

I. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate and inclusive.

## INSTRUCTIONS

1. Each Request for Production is to be read, construed, and responded to separately and independently without reference to or being limited by any other Request for Production.

2. In responding to these Requests for Production, furnish all documents available to You, including documents in the possession of Your attorneys, agents, accountants, bankers, advisors, and all persons acting on Your behalf, and not merely such documents known to You of Your direct or personal knowledge. If You cannot respond to any of these Requests for Production in full after exercising due diligence to secure the information, You are required to so state and answer to the extent possible, specifying Your inability to respond to the remainder, stating what documents You have concerning the portions to which no response is given, why You are unable to respond thereto.

3. In the event that any document called for by these Requests for Production has been destroyed or discarded, that document is to be identified as follows:

(a) Each addressor and addressee;

(b) Each indicated or blind copy;

(c) The document's date, subject matter, number of pages and attachments or appendices;

All persons to whom the document was distributed, shown or explained;

(e) Its date of destruction or discard, manner of destruction or discard, and reason for discard or destruction; and

(f) The person who authorized such destruction or discard.

4. If any documents responsive to these Requests for Production are withheld from

production, furnish a list of all such documents withheld, which list should contain a complete identification of each such document (as defined above) and a statement of the ground(s) upon which it is being withheld, stated in sufficient detail to permit a ruling on the validity of the withholding.

5. For any documents withheld from production in-whole or in-part on a claim of attorney-client privilege, attorney work product, common interest doctrine, or any other claim of privilege, provide a written privilege log setting forth sufficient information to permit a full determination of whether the claim of privilege is valid, including at a minimum:

(a) An identification of each communication or document embodying the allegedly protected information by author, date, and title;

(b) The identity of all person(s) from and to whom the information has been communicated;

(c) A brief description of the subject matter of the information; and

(d) The legal and factual ground(s) upon which You rely in withholding the information in sufficient detail so that the Court may make a determination on Your claim of privilege.

6. If no documents are responsive to a particular request, You are to state that no responsive documents exist.

7. In accordance with FED. R. CIV. P. 26(e), these Requests for Production shall be deemed continuing. Accordingly, You must promptly produce any additional documents that become available to any of Your employees, officers, principals, attorneys, agents, or other representatives after the date of Your initial production.

8. Unless otherwise stated, all requests seek responsive documents, materials, and communications for the time period January 1, 2023 through the date of production.

9. Produce documents as they are kept in the usual course of business, or organized and labeled by request number. Produce spreadsheets and case-management data in native format with metadata intact. Produce emails as searchable PDFs or in native format, with attachments.

10. If You withhold any document on a claim of privilege, provide the information required by Federal Rule of Civil Procedure 45(e)(2).

11. Client-identifying information may be produced subject to an agreed confidentiality arrangement. GLF will cooperate in submitting an agreed protective order if HLF requests one.

12. GLF requests that HLF accompany its production with a declaration of its custodian of records, substantially in the form attached as Exhibit C, authenticating the documents produced as records of HLF's regularly conducted activity.

# EXHIBIT A – REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** For each Exhibit D Client, the attorney-client contract(s), contingency-fee agreement(s), and letter(s) of representation. This includes every contract naming GLF, HLF, or MMA as counsel.

**REQUEST NO. 2:** For each Exhibit D Client, documents sufficient to show the date HLF received the matter and the person or firm that referred or transferred it to HLF.

**REQUEST NO. 3:** Any documents showing that MMA represented, appeared for, or was associated with any Exhibit D Client at any time.

**REQUEST NO. 4:** All referral transmittals, intake records, and Communications between GLF and HLF relating to the referral of any Exhibit D Client under the MOU.

**REQUEST NO. 5:** All drafts and working versions of Exhibits A and B to the HLF Settlement Agreement (Unresolved Cases and Resolved Unpaid Cases), and all documents used to prepare them. This includes any cross-reference, list, or spreadsheet used to decide which clients were Former MMA Clients.

**REQUEST NO. 6:** All documents on which HLF relied in making the representation in the HLF Settlement Agreement that, except for Barry Fletcher, the Former MMA Clients were referred to HLF by Galindo.

**REQUEST NO. 7:** All Communications between HLF and MMA (including MMA's counsel, Walker & Patterson, P.C.) relating to:

(a) which clients were, or were not, associated with MMA; or
(b) whether any client was a Former MMA Client.

This includes the March 2026 emails from Becky Allen to Miriam Goott and Brian Houghtaling with the subject lines "Galindo Cases" and the attached "03 March Funds Owed to GLF.xlsx," along with all replies.

**REQUEST NO. 8:** All monthly or other reports HLF provided to MMA under the HLF Settlement Agreement.

**REQUEST NO. 9:** For each Exhibit D Client, documents sufficient to show:

(a) the gross recovery;
(b) total attorney's fees and expenses;
(c) the date HLF received the fees; and
(d) each amount HLF paid to MMA or to GLF, with the date, payee, and method of payment.

**REQUEST NO. 10:** All wire confirmations, checks, trust-account records, and remittance statements for payments HLF made to MMA under the HLF Settlement Agreement.

**REQUEST NO. 11:** All documents relating to the $352,863.05 paid for Resolved Unpaid Cases and any payments for Unresolved Cases, to the extent they relate to any Exhibit D Client.

**REQUEST NO. 12:** All Communications within HLF, or between HLF and anyone other than its counsel, relating to GLF's August 5, 2026 letter, or to whether fees for any Exhibit D Client belong to GLF or MMA.

**REQUEST NO. 13:** Any fees for Exhibit D Clients that HLF still holds or expects to receive. For each, produce documents sufficient to show the client, the amount, and the anticipated payee.

**EXHIBIT B**

***Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm may also ask questions relating to***:

1. How HLF received each Exhibit D Client, including the referring firm, the referral date, and the attorney-client contracts in effect.

2. Whether MMA ever represented, appeared for, or was associated with any Exhibit D Client.

3. How HLF prepared Exhibits A and B to the HLF Settlement Agreement and classified clients as Former MMA Clients, and who participated in that work.

4. The factual basis for HLF's representation that, except for Barry Fletcher, the Former MMA Clients were referred to HLF by Galindo.

5. HLF's Communications with MMA and its counsel about which clients were associated with MMA. This includes the March 2026 "Galindo Cases" emails and HLF's statement that it was required to remit payment to GLF for cases not associated with MMA.

6. Fees and expenses received, and payments made, on each Exhibit D Client. This includes amounts paid to MMA, the dates of those payments, and any funds HLF still holds.

7. HLF's receipt of, and response to, GLF's August 5, 2026 letter.

8. HLF's search for, and production of, documents in response to Exhibit A.

9. The manner in which HLF creates and maintains the records produced in response to Exhibit A, and whether they are kept in the course of HLF's regularly conducted activity.

**EXHIBIT C**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | **Case No. 24-31596** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**DECLARATION OF CUSTODIAN OF RECORDS OF HOUGHTALING LAW FIRM, LLC (Fed. R. Evid. 803(6) and 902(11); 28 U.S.C. § 1746)**

I, ________________________________ [name], declare as follows:

1. I am over eighteen years of age, of sound mind, and capable of making this declaration. I am the ________________________________ [title] of Houghtaling Law Firm, LLC ("HLF"). I am a custodian of records of HLF, or am otherwise qualified by my position and familiarity with HLF's recordkeeping practices, to make this declaration. The facts stated here are within my personal knowledge or are based on my review of HLF's records, and they are true and correct.

2. Attached to this declaration are ______ pages [or: ______ electronic files, Bates-numbered HLF______ through HLF______] of records produced by HLF in response to the Subpoena Duces Tecum and Ad Testificandum issued by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm on November 13, 2026, in the above-captioned case (the "Records").

3. The Records are originals, or exact duplicates of the originals, of records kept by HLF.

4. The Records were made at or near the time of the acts, events, conditions, or transactions they reflect, by a person with knowledge of those matters, or from information transmitted by a person with knowledge.

5. The Records were kept in the course of HLF's regularly conducted business activity.

6. Making the Records was a regular practice of that activity.

7. To the extent any Record is an electronically stored record, spreadsheet, or case-management data export, it was generated from HLF's electronic systems in the ordinary course, and the copy produced accurately reflects the data maintained in those systems.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ______________, 2026, in ______________________ [city, state].

______________________________
Signature

Printed name: ______________________________

Title: ______________________________

Houghtaling Law Firm, LLC

***Contains Confidential Client Information - Do Not File on Public Docket***

Exhibit
D

| Client | GLF Fees | | Retainer |
|---|---|---|---|
| [redacted] | $ | 5,250.00 | GLF_HLF Only |
| [redacted] | $ | 11,132.00 | GLF_HLF Only |
| [redacted] | $ | 5,625.00 | GLF_HLF Only |
| [redacted] | $ | 3,800.00 | GLF_HLF Only |
| [redacted] | $ | 2,800.00 | GLF_HLF Only |
| [redacted] | $ | 19,012.46 | GLF_HLF Only |
| [redacted] | $ | 5,975.46 | GLF_HLF Only |
| [redacted] | $ | 8,260.00 | GLF_HLF Only |
| [redacted] | $ | 1,500.00 | GLF_HLF Only |
| [redacted] | $ | 5,640.75 | GLF_HLF Only |
| [redacted] | $ | 3,500.00 | GLF_HLF Only |
| [redacted] | $ | 5,169.66 | GLF_HLF Only |
| [redacted] | $ | 8,103.76 | GLF_HLF Only |
| [redacted] | $ | 6,568.41 | GLF_HLF Only |
| [redacted] | $ | 3,000.00 | GLF_HLF Only |
| [redacted] | $ | 7,000.00 | GLF_HLF Only |
| [redacted] | $ | 15,270.42 | GLF_HLF Only |
| [redacted] | $ | 6,479.19 | GLF_HLF Only |
| [redacted] | $ | 8,470.46 | GLF_HLF Only |
| [redacted] | $ | 6,473.02 | GLF_HLF Only |
| [redacted] | $ | 4,999.50 | GLF_HLF Only |
| [redacted] | $ | 3,429.00 | GLF_HLF Only |
| [redacted] | $ | 4,653.16 | GLF_HLF Only |
| [redacted] | $ | 6,580.75 | GLF_HLF Only |
| [redacted] | $ | 4,000.00 | GLF_HLF Only |
| [redacted] | $ | 4,101.58 | GLF_HLF Only |
| [redacted] | $ | 7,827.58 | GLF_HLF Only |
| [redacted] | $ | 4,062.50 | GLF_HLF Only |
| [redacted] | $ | 9,703.87 | GLF_HLF Only |
| [redacted] | $ | 5,402.00 | GLF_HLF Only |
| [redacted] | $ | 5,668.00 | GLF_HLF Only |
| [redacted] | $ | 8,946.46 | GLF_HLF Only |
| [redacted] | $ | 7,311.64 | GLF_HLF Only |
| [redacted] | $ | 4,812.50 | GLF_HLF Only |
| [redacted] | $ | 4,453.08 | GLF_HLF Only |
| [redacted] | $ | 1,425.00 | GLF_HLF Only |
| [redacted] | $ | 5,600.00 | GLF_HLF Only |
| [redacted] | $ | 12,964.49 | GLF_HLF Only |
| [redacted] | $ | 4,600.00 | GLF_HLF Only |
| [redacted] | $ | 10,443.12 | GLF_HLF Only |
| Total | $ | 260,014.82 | |