**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596-EVR** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | |
| | § | |

# CRISTÓBAL M. GALINDO, P.C.'S RESPONSE TO EMERGENCY JOINT MOTION FOR PROTECTIVE ORDER AND, IN THE ALTERNATIVE, TO QUASH OR MODIFY SUBPOENA

(Relates to ECF No. 1860)

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("GLF") and files this *Response to Emergency Joint Motion for Protective Order and, in the Alternative, to Quash or Modify Subpoena* (the "Motion") filed by the Plan Administrator and Houghtaling Law Firm, LLC ("HLF"). At its core, the Plan Administrator and HLF are asking this Court deny a party the right to conduct discovery in advance of an evidentiary hearing because the Plan Administrator believes discovery is futile. However, as discussed below, futility is not a basis to quash a subpoena and none of the properly articulated bases are satisfied. Further, in the instant case, discovery is likely to yield admissible evidence and GLF believes such evidence will likely lead to a ruling in GLF's favor. Further still, the question before the Court is a rather direct one. Namely, whether the disputed clients were ever MMA clients. Evidence currently in GLF's possession, some of which is attached hereto, demonstrates that MMA's own Vice President of Operations concluded that many of the disputed clients were not MMA's clients and, despite that conclusion, MMA received funds from HLF arising from the disputed clients. *See* Exhibit A. GLF

notes, further, that it does not agree that the Plan Administrator took any efforts to confer regarding the subpoena prior to filing the Motion. Accordingly, and for the reasons set forth below, the Motion should be denied, or at most the subpoena should be modified as GLF has already offered.

## I. ARGUMENT

### A. The Court set an evidentiary hearing, and GLF is entitled to present evidence at it.

2. The Court set GLF's administrative expense motion for "an electronic evidentiary hearing" on December 3, 2026. The Fifth Circuit has reversed where a bankruptcy court cut short factual issues and "refused to permit testimony such as an adversary hearing would require." *Matter of Zale Corp.*, 62 F.3d 746, 763-64 (5th Cir. 1995)**.** In a contested matter, "[a] witness's testimony on a disputed material factual issue must be taken in the same manner as testimony in an adversary proceeding." FED. R. BANKR. P. 9014**.**

3. Whether the disputed clients were ever MMA clients is a disputed material fact. HLF holds the referral records, contracts, and payment records that answer it. Staying a properly served subpoena until after the evidentiary hearing would leave GLF to try a fact question without the evidence that decides it.

4. The burden on HLF is limited, and the burden of proving otherwise rests on the Movants. The Movants must show that compliance "would be 'unreasonable and oppressive,'" and modification "is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–819 (5th Cir. 2004). A protective order requires "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (*quoting*

*United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978))**.** The Motion offers no affidavit or other evidence of burden. GLF has also offered to withdraw seven of the thirteen requests and to limit the rest to the Exhibit D clients and to communications about which clients were MMA clients. Exhibit B.

**B. Rule 45(d)(3) bases for quashing a subpoena are not met.**

5. Further still, none of the bases under FRCP 45(d)(3) are met. Rule 45(d)(3)(A) and (B) provide:

> (3) *Quashing or Modifying a Subpoena.*
>
> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.
>
> (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

FRCP 45(d)(3)(A) and (B).

6. Of particular note, "futility" is not a basis to quash a subpoena and GLF has not located any case indicating that it would be an appropriate basis to quash a subpoena. Accordingly, the Plan Administrator's paragraphs 30-43, which essentially argue that discovery is either futile or premature, should be rejected.

7. With respect to the remaining bases to quash a subpoena, the Plan Administrator only argues that 45(d)(3)(A)(i) and (iv) apply.

8. GLF respectfully submits that both of these arguments should be rejected. Firstly, neither HLF nor the Plan Administrator have yet presented any evidence of an undue burden. Further still, the Plan Administrator faces no burden related to HLF's production (GLF has already withdrawn the December 9, 2026 deposition).

9. GLF further submits that neither HLF nor the Plan Administrator have shown that there is not a reasonable time to comply. As indicated in Exhibit B, GLF has already offered to limit the requests and HLF has indicated through Brian Houghtaling that it can comply within the requested timeframe.

**C. There is no procedural basis to decide "threshold" legal issues first while blocking discovery.**

10. The Motion asks the Court to stay all compliance until it "rules on the threshold legal issues" in the Plan Administrator's objection. Motion at ¶ 51. The Rules already provide a mechanism for deciding legal issues without trial. Summary judgment is available in contested matters through Rule 9014(c) and Rule 7056. However, a summary judgment motion "must be filed at least 30 days before the first date set for an evidentiary hearing on any issue that the motion addresses, unless a local rule sets a different time or

the court orders otherwise." FRBP 7056. Even then, the movant must show "no genuine dispute as to any material fact."

11. The Plan Administrator filed no such motion. A discovery stay cannot be used to obtain the practical effect of summary judgment without meeting its timing or its standard.

**D. GLF already has evidence that MMA received money for clients that were never MMA's.**

12. On April 28, 2026, MMA's counsel forwarded HLF's April disbursement list to MMA's Vice President of Operations, Katy Ohlsson. Counsel described the list as "casss [sic] that Galindo sent to houghtaling" and asked whether "any of the cases were EVER mma cases." Exhibit A at 2. Ms. Ohlsson answered that same day: "Only 3 are MMA." *Id.* at 1. Her response marked as MMA only Robert Muller, Paul Champagne, and Eugene Plake. *Id.* MMA's counsel then forwarded that response to GLF's counsel. *Id.*

13. The clients Ms. Ohlsson did not identify as MMA cases include Neil and Angelle Adams, Eric Burke, Megan and Phillip Ethridge, Melanie Gordon, Toby Hatch, Shantell Lenox, Joseph Lyons, Jaresha Miles, Jason and Dionne Davis, Herbert Green, Ronald Hill, Breann Percle, Patricia Pitre, and Cung Tran. Each of these clients is listed on GLF's Exhibit D.

14. GLF asserts that additional discovery is needed to round out the record and provide the Court and parties a full evidentiary picture.

**E. The Movants offer no evidence that any disputed client was ever an MMA client.**

15. Interestingly, neither the Plan Administrator's objection nor the Plan Administrator's exhibit list identifies any engagement agreement, appearance, or other record showing that MMA ever represented any of the disputed clients. The only support offered is that the clients appear on exhibits HLF prepared for its settlement with MMA, which itself is undermined by Ms. Ohlsson's email above. The HLF settlement agreement itself frames the referral recital as something "HLF asserts." The Plan Administrator's declaration rests only on "MMA's claims register; and the docket." Decl. of Allison D. Byman at 1.

16. As set forth *supra*, MMA's own records point the other way. The Movants have repeatedly declined to answer the simple question that decides this dispute: whether these clients ever were MMA clients. The subpoena seeks the documents that answer it.

**F. A settlement between MMA and HLF cannot extinguish GLF's interest in fees for clients that were never MMA's.**

17. The Motion's core premise is that the HLF 9019 Order cut off GLF's rights to these fees merely because GLF is a creditor in this case. GLF asserts applicable case law demonstrates that the premise itself is wrong.

18. Settling parties "may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations on a third party, without that party's agreement." *Zale*, 62 F.3d at 746. The Fifth Circuit has held that parties "could not accomplish through settlement what they could not attain directly." *Id.*

Case 24-31596 Document 1187-5 Filed in TXSB on 11/24/26 Page 7 of 12

Judge Schmidt has explained that "[a]nd although a settlement agreement may bind parties who have notice, regardless of what a settlement agreement states, a party cannot release property, money or claims it does not own." *In re Reichmann Petroleum Corp.*, 434 B.R. 790, 796-98 (Bankr. S.D. Tex. 2010).

19. The Supreme Court has likewise rejected attempts to treat claims belonging to others "as if the claims were somehow [the debtor's] own property." *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 219–220, 144 S. Ct. 2071, 2083–2084, 219 L. Ed. 2d 721 (2024).

20. The estate also takes no greater interest than MMA had. Where the debtor holds only legal title, property enters the estate "only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d). Fees on clients MMA never represented were never MMA's to settle.

21. GLF's right to its share of these fees is property, not merely a debt. The Fifth Circuit, applying Louisiana law, has recognized "a fourteenth amendment property interest taking the form of a contractual claim for attorneys' fees". *Fontana v. Barham*, 707 F.2d 221, 226 (5th Cir. 1983). The court explained that Louisiana protects that interest through the privileges in La. R.S. 37:218 and 9:5001. An attorney also has "a cause of action in conversion against anyone who unlawfully appropriates those fees". *Id. at* 226. "Whether money is estate property turns on whether the debtor would have a right to receive and keep those proceeds outside of bankruptcy." Further, "[w]here the debtor has no legally cognizable claim to the . . . proceeds, those proceeds are not property of the estate." *In re Equinox Oil Co.*, 300 F.3d 614, 618–19 (5th Cir. 2002) (quoting *In re*

*Edgeworth*, 993 F.2d 51, 55–56 (5th Cir. 1993)). Outside of bankruptcy, MMA had no right to fees on clients it never represented. Those fees therefore never became estate property, and the HLF 9019 Order could not convey them to MMA.

22. This is exactly why the discovery matters. Whether a given fee belonged to GLF or to the estate depends on one fact: whether the client was ever an MMA client. HLF's own paralegal told estate counsel that "we are required to remit payment to the Galindo Law Firm for cases that were not associated with MMA", and asked estate counsel to identify which cases were MMA's. The Movants ask the Court to decide the "property" question while withholding the records that answer it. The ownership question cannot be decided as a "threshold" legal issue without the evidence the subpoena seeks.

**G. The Movants did not confer on the document subpoena before filing the Motion.**

23. GLF notes at the outset of this section that since the filing of the Motion, it has since conferred with the Plan Administrator and HLF. However, GLF disagrees with the assertion in the Motion that at the time the Motion was filed, any conference had occurred. That certification is a threshold requirement; "[o]nly once this has been demonstrated can the Court consider fashioning a protective order." *In re Wright*, 568 B.R. 770, 780 (Bankr. S.D. Tex. 2017). Where, as here, a motion to quash is joined with a Rule 26(c) motion, "the movant is required to meet and confer and provide the necessary certification," and failure to do so "constitutes sufficient reason in itself to deny the motion." *Rogers v. Orleans Par. Sheriff Off.*, No. CV 22-5303, 2025 WL 2460267 (E.D. La. Aug. 27, 2025).

24. The Motion's certificate rests on a single exchange about a deposition. It says only that on November 13, 2026, GLF's counsel "proposed a Rule 30(b)(6) deposition of HLF," and that the Plan Administrator's counsel advised in writing that she "opposes the deposition." That exchange began with GLF's 11:06 a.m. email seeking deposition dates. Exhibit C. That email referred to documents that were still "to be subpoenaed." *Id.* Opposing counsel's 1:31 p.m. reply simply stated her opposition and directed that all further communication be in writing. The document subpoena was not transmitted to HLF until 4:08 p.m. that afternoon. Exhibit D. Nothing in the certificate reflects any attempt to confer about the subpoena's requests, their scope, or their timing before the Motion was filed on November 18.

## II. CONCLUSION

WHEREFORE, GLF respectfully asks the Court to enter an Order: 1) denying the Motion; 2) alternatively, modifying the subpoena consistent with GLF's written proposal and set a reasonable production date before the evidentiary hearing; and 3) granting GLF such other relief as is just.

DATED: November 23, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

**COUNSEL FOR CRISTÓBAL M. GALINDO, P.C.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 22, 2026, I did send an email to Ms. Goott and Mr. Houghtaling proposing to limit the discovery requests. Mr. Houghtaling responded indicating that he could comply with the requests within the requested timeframe. However, as of the time of the filing of this response, no agreement has been reached with Ms. Goott.

*/s/ Charlie Shelton*

Charlie Shelton

**CERTIFICATE OF SERVICE**

I certify that on November 23, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system upon all parties registered to receive electronic notice and upon the United States Trustee and all persons on the Bankruptcy Rule 2002 service list.

*/s/ Charlie Shelton*
Charlie Shelton

## Charlie Shelton

**From:** Miriam Goott <mgoott@walkerandpatterson.com>
**Sent:** Tuesday, May 19, 2026 8:22 PM
**To:** Charlie Shelton
**Subject:** Fwd: HLF/GLF - April

*Miriam Goott*
*Walker & Patterson, P.C.*
*4815 Dacoma*
*Houston, TX 77092*
*713.956.5577*
*713.956.5570 fax*

---------- Forwarded message ---------
From: **Katy Ohlsson** <kohlsson@mma-pllc.com>
Date: Tue, Apr 28, 2026 at 5:26 PM
Subject: Re: HLF/GLF - April
To: Miriam Goott <mgoott@walkerandpatterson.com>

Only 3 are MMA:

| | | |
|---|---|---|
| | [redacted] | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | MMA |
| | | MMA |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | MMA |
| | | |

**Katy S. Ohlsson**
Vice President of Operations
kohlsson@mma-pllc.com

**MMA LAW FIRM**

1235 N. Loop W, Suite 810
Houston, TX 77008
Principal Office: (713) 334-6121
Fax: (713) 322-5953
Toll-Free: (844) 622-7552
www.mma-pllc.com

---

**From:** Miriam Goott <mgoott@walkerandpatterson.com>
**Sent:** Tuesday, April 28, 2026 2:41 PM
**To:** Katy Ohlsson <kohlsson@mma-pllc.com>
**Subject:** Fwd: HLF/GLF - April

See attached list from houghtaling. Just look at the attachment. These are casss that Galindo sent to houghtaling. Can you see if any of the cases were EVER mma cases. Thx

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Decoma***
***Houston, TX 77092***
***713.956.5577***
***713.956.5570 fax***

---------- Forwarded message ---------
From: **Becky Allen** <Becky@houghtalinglaw.com>
Date: Tue, Apr 28, 2026 at 2:12 PM
Subject: HLF/GLF - April
To: Miriam Goott <mgoott@walkerandpatterson.com>
CC: Brian Houghtaling <Brian@houghtalinglaw.com>

Miriam:

In accordance with the below email, we are attaching a list of cases that are ready for disbursement to the Galindo Firm for the month of April.

We ask that you respond to this email today regarding the attached as Galindo's office has stated that the only case associated with MMA on this list is:

[redacted]

If you have any questions, please give us a call.

Brian Cell: 504-240-8720

Becky Cell: 504-301-6062

HOUGHTALING

LAW FIRM

*Hurricane Attorneys*

*Becky Allen*

*Paralegal*

**Houghtaling Law Firm, LLC**

www.houghtalinglaw.com

**TWO LAKEWAY**

**3850 North Causeway Blvd.**

**Suite 1090**

**Metairie, LA 70002**

504-901-6767 (Telephone)

877-448-5339 (Facsimile)

*Confidentiality Notice*

*This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this email in error, and that any use, dissemination, forwarding, printing or copying of this e-mail is strictly prohibited. If you receive this email in error, please immediately notify me at Houghtaling Law Firm, LLC by return email. You will be reimbursed for reasonable costs incurred in notifying us.*

---

**From:** Becky Allen
**Sent:** Thursday, April 2, 2026 10:29 AM
**To:** Miriam Goott <mgoott@walkerandpatterson.com>
**Cc:** Brian Houghtaling <Brian@houghtalinglaw.com>
**Subject:** HLF/GLF - March

Miriam:

Brian is currently traveling, but he asked me to send you this email.

Attached is a list of the cases that are ready for disbursement to the Galindo Law Firm. Under Louisiana Law and ethical obligation, we are required to remit payment to the Galindo Law Firm for cases that were not associated with MMA. As you and Brian discussed on the phone, and he is copied to this email herein, you stated that you were able to cross reference to determine which cases were MMA associated cases. We are required under Louisiana Law and ethical obligation to remit payment to the Galindo Law Firm for cases that have cleared. As such, we ask that you respond to this email today regarding the attached as Galindo's office has stated that the only case associated with MMA on this list is:

[redacted]

Again, please verify for us and respond today so we can honor our obligation to release any unassociated funds to the Galindo Law Firm timely.

If you have any questions, please give us a call.

Brian Cell: 504-240-8720

Becky Cell: 504-301-6062

HOUGHTALING

LAW FIRM

*Hurricane Attorneys*

*Becky Allen*

*Paralegal*

**Houghtaling Law Firm, LLC**

www.houghtalinglaw.com

**TWO LAKEWAY**

**3850 North Causeway Blvd.**

**Suite 1090**

**Metairie, LA 70002**

**504-901-6767 (Telephone)**

**877-448-5339 (Facsimile)**

***Confidentiality Notice***

*This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to which they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this email in error, and that any use, dissemination, forwarding, printing or copying of this e-mail is strictly prohibited. If you receive this email in error, please immediately notify me at Houghtaling Law Firm, LLC by return email. You will be reimbursed for reasonable costs incurred in notifying us.*

**From:** Charlie Shelton
**To:** Miriam Goott; brian@houghtalinglaw.com
**Subject:** In re MMA Law Firm, No. 24-31596, Proposed resolution to the motion to quash
**Date:** Sunday, November 22, 2026 8:35:00 PM
**Attachments:** image001.jpg
image002.png

---

Good evening, Brian and Miriam,

I hope you're both doing well, and I hope you have a good Thanksgiving week ahead.

I'd like to try to resolve the joint motion on the HLF subpoena without the Court's help. I've taken another look at the subpoena, and I think we can cut it down to the items that matter for the December 3 hearing and make it much easier for Brian's office to respond. Here is what I'd propose:

1. **Withdrawn requests.** I would withdraw Request Nos. 1, 2, 4, 5, 6, 12, and 13 entirely.
2. **Request No. 7, narrowed.** I would limit this request to emails between HLF and MMA, or between HLF and Walker & Patterson, or between MMA and Walker & Patterson about which clients were or were not MMA clients. I'd request that the be produced them in native format with their attachments, including:
    - the April 2, 2026 "HLF/GLF – March" email;
    - the April 28, 2026 "HLF/GLF – April" email; and
    - the May 19–20, 2026 "Galindo Cases" exchange.
3. **Request Nos. 3 and 8, unchanged.** These ask for any documents showing that MMA represented or was associated with an Exhibit D client, and the reports HLF sent MMA under the settlement. I expect both are short and readily at hand.
4. **Payment records for the disputed clients only.** Request Nos. 9 and 11 are already limited to the clients listed on Exhibit D to our motion, and I would limit Request No. 10 the same way.
5. **Business records declaration.** I'd ask for a short declaration covering what HLF produces. The Exhibit C form attached to the subpoena works, but I'm glad to use whatever form Brian prefers.

If this works for you, I'd propose we submit an agreed order resolving the joint motion on these terms, or file a short notice letting the Court know the motion has been resolved, whichever you prefer. And if a different scope or timing would get us there, please let me know. I'm glad to get on a call anytime.

Thank you both and have a great week.

Best regards,

**CHARLIE SHELTON**
*ATTORNEY & COUNSELOR*
**EMAIL:** CSHELTON@HAYWARDFIRM.COM
**DIRECT/CELL:** (737) 881-7101

**AUSTIN:** 7600 BURNET ROAD, STE. 530
AUSTIN, TEXAS 78757
MAIN/FAX: (737) 881-7100
**DALLAS:** 10501 N. CENTRAL EXPRESSWAY, SUITE 106
DALLAS, TEXAS 75231
MAIN/FAX: (972) 755-7100

**IMPORTANT/CONFIDENTIAL:** THIS MESSAGE FROM THE LAW FIRM OF HAYWARD PLLC IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT (OR AUTHORIZED TO ACT ON BEHALF OF THE INTENDED RECIPIENT) OF THIS MESSAGE, YOU MAY NOT DISCLOSE, FORWARD, DISTRIBUTE, COPY, OR USE THIS MESSAGE OR ITS CONTENTS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THE ORIGINAL MESSAGE FROM YOUR E-MAIL SYSTEM.

*Please consider the environment before printing this e-mail.*

Case 24-31596 Document 1867-3 Filed in TXSB on 11/23/26 Page 1 of 5

**From:** Miriam Goott
**To:** Charlie Shelton
**Cc:** Johnie Patterson
**Subject:** Re: In re MMA Law Firm, No. 24-31596 – Scheduling HLF Corporate-Representative Deposition
**Date:** Friday, November 13, 2026 1:31:51 PM
**Attachments:** image002.png
image001.jpg

---

I oppose a continuance. I oppose discovery on irrelevant facts and issues that you should have known before they were pleaded.

I thought these games were behind us. I thought you were sincere when you apologized after your antics with Ruth and attempts at default.

I gave you the benefit of the doubt when you filed galindos bankruptcy without telling me... while we were negotiating.

We can do it your way. All communications going forward must be in writing.

***Miriam Goott***
***Walker & Patterson, P.C.***
***4815 Dacoma***
***Houston, TX 77092***
***713.956.5577***
***713.956.5570 fax***

On Fri, Nov 13, 2026 at 12:44 PM Charlie Shelton <cshelton@haywardfirm.com> wrote:

> Miriam,
>
> I wasn't just trying to buy time for discovery, but I acknowledge that once you agreed to the continuance, I did slow down a couple days on getting out discovery. If I serve the subpoenas today, I can still take HLF's deposition and get 3d party subpoena documents by Nov 30 regardless, so I'm not sure as to the reason for the dispute here. It seems like you're opposing discovery regardless of when a hearing would be set or am I misunderstanding what you've written?
>
> I respectfully request you to reconsider your stance on this.
>
> Sincerely,
>
> ***Charlie Shelton***

*Attorney & Counselor*

**Email:** CShelton@HaywardFirm.com

**Direct/Cell:** (737) 881-7101

**Austin:** 7600 Burnet Road, Ste. 530

Austin, Texas 78757

Main/fax: (737) 881-7100

**Dallas:** 10501 N. Central Expressway, Suite 106

Dallas, Texas 75231

Main/Fax: (972) 755-7100

**IMPORTANT/CONFIDENTIAL:** THIS MESSAGE FROM THE LAW FIRM OF HAYWARD PLLC IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT (OR AUTHORIZED TO ACT ON BEHALF OF THE INTENDED RECIPIENT) OF THIS MESSAGE, YOU MAY NOT DISCLOSE, FORWARD, DISTRIBUTE, COPY, OR USE THIS MESSAGE OR ITS CONTENTS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THE ORIGINAL MESSAGE FROM YOUR E-MAIL SYSTEM.

*Please consider the environment before printing this e-mail.*

**From:** Miriam Goott <mgoott@walkerandpatterson.com>
**Sent:** Friday, November 13, 2026 12:28 PM
**To:** Charlie Shelton <cshelton@haywardfirm.com>
**Cc:** Brian Houghtaling <brian@houghtalinglaw.com>; Becky Allen <becky@houghtalinglaw.com>
**Subject:** Re: In re MMA Law Firm, No. 24-31596 – Scheduling HLF Corporate-Representative Deposition

Charlie,

You asked me to continue the hearing due to a medical procedure. It is now very clear to me that you are just buying time to conduct discovery on your own motion when you should already have facts to support these allegations. Furthermore, the issues in your motion address final orders and any discovery you seek of HLF goes beyond those orders as identified in your topics. We oppose a continuance and we oppose this deposition.

Miriam

***Miriam Goott***

***Walker & Patterson, P.C.***

***4815 Dacoma***

***Houston, TX 77092***

***713.956.5577***

***713.956.5570 fax***

On Fri, Nov 13, 2026 at 11:11 AM Charlie Shelton <cshelton@haywardfirm.com> wrote:

> Good morning,
>
> GLF intends to take a deposition of Houghtaling Law Firm, LLC through a designated representative under Rule 30(b)(6) in connection with its administrative expense motion (ECF 1780), which is going to be set for an evidentiary hearing on December 17 at 9:30 a.m. I am seeking a 30(b)(6) deposition and I propose the week of December 7, 2026.

Please let me know what days that week work for you all. If that week doesn't work, I'd be happy to look into other days if possible.

The topics to be covered are:

1. How HLF received each client, including the referring firm, the referral date, and the attorney-client contracts in effect.
2. Whether MMA ever represented, appeared for, or was associated with any of the relevant clients.
3. How HLF prepared Exhibits A and B to the HLF Settlement Agreement and classified clients as Former MMA Clients, and who participated in that work.
4. The factual basis for HLF's representation that, except for Barry Fletcher, the Former MMA Clients were referred to HLF by Galindo.
5. HLF's Communications with MMA and its counsel about which clients were associated with MMA. This includes the March 2026 "Galindo Cases" emails and HLF's statement that it was required to remit payment to GLF for cases not associated with MMA.
6. Fees and expenses received, and payments made, on each client. This includes amounts paid to MMA, the dates of those payments, and any funds HLF still holds.
7. HLF's receipt of, and response to, GLF's August 5, 2026 letter.
8. HLF's search for, and production of, to be subpoenaed documents.

I propose the week of December 7, 2026 via video.

Sincerely,

***Charlie Shelton***

*Attorney & Counselor*

**Email:** CShelton@HaywardFirm.com

**Direct/Cell:** (737) 881-7101



**AUSTIN:** 7600 BURNET ROAD, STE. 530

AUSTIN, TEXAS 78757

MAIN/FAX: (737) 881-7100

**DALLAS:** 10501 N. CENTRAL EXPRESSWAY, SUITE 106

DALLAS, TEXAS 75231

MAIN/FAX: (972) 755-7100

**IMPORTANT/CONFIDENTIAL:** THIS MESSAGE FROM THE LAW FIRM OF HAYWARD PLLC IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT (OR AUTHORIZED TO ACT ON BEHALF OF THE INTENDED RECIPIENT) OF THIS MESSAGE, YOU MAY NOT DISCLOSE, FORWARD, DISTRIBUTE, COPY, OR USE THIS MESSAGE OR ITS CONTENTS. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN E-MAIL AND DELETE THE ORIGINAL MESSAGE FROM YOUR E-MAIL SYSTEM.



*Please consider the environment before printing this e-mail.*

**From:** Siarra Villarreal
**To:** brian@houghtalinglaw.com; becky@houghtalinglaw.com
**Cc:** Charlie Shelton; Miriam Goott
**Subject:** 24-31596 | Subpoena Duces Tecum & Ad Testificandum to Houghtaling Law Firm, PLLC | re: MMA Law Firm
**Date:** Friday, November 13, 2026 4:08:17 PM
**Attachments:** 20261113 Subpoena Duces Tecum & Ad Testicandum to Houghtaling Law Firm, PLLC Galindo Law Firm re MMA Law Firm.pdf
image001.png
image002.png

---

Hello Mr. Houghtaling,

Please find attached a *Subpoena Duces Tecum and Ad Testificandum* to Houghtaling Law Firm, PLLC from Cristóbal M. Galindo, P.C. d/b/a Galindo Law In re: MMA Law Firm.

This will also be served via Process Server as well.

Thank You!

**Siarra Villarreal**
Paralegal & Notary
**Email:** SVillarreal@HaywardFirm.com
**Direct:** (737) 881-7103

**Web:** www.HaywardFirm.com
**Austin:** 7600 Burnet Road, Suite 530
Austin, Texas 78757
Main/Fax: (737) 881-7100
**Dallas:** 10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Main/Fax: (972) 755-7100

Case 24-31596 Document 1867-2 Filed in TXSB on 11/23/25 Page 1 of 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596-EVR** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | |
| | § | |

**ORDER DENYING EMERGENCY JOINT MOTION OF THE PLAN ADMINISTRATOR AND HOUGHTALING LAW FIRM, LLC FOR PROTECTIVE ORDER AND, IN THE ALTERNATIVE, TO QUASH OR MODIFY SUBPOENA**

(Relates to ECF No. 1860)

The Court has considered the Emergency Joint Motion of the Plan Administrator and Houghtaling Law Firm, LLC for Protective Order and, in the Alternative, to Quash or Modify the Subpoena Issued by Cristóbal M. Galindo, P.C. (ECF No. 1860) (the "Motion"), the response of Cristóbal M. Galindo, P.C., the evidence, and the arguments of counsel. The Court finds that the Motion should be DENIED. It is therefore

ORDERED that the Motion is DENIED; and it is further

ORDERED that the Court retains jurisdiction over all matters arising from or related to this Order.

Signed: ____________________

UNITED STATES BANKRUPTCY JUDGE