**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | **Case No. 24-31596** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

---

# NOTICE OF INTENT TO CALL LIVE WITNESSES BY TELEPHONE AND VIDEO TECHNOLOGY

***(Relates to ECF Nos. 1780 and 1816)***

---

Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("*Galindo*") files this *Notice* under Bankruptcy Local Rule 9017-1(c)(2)(B) and gives notice that it intends to call the following witnesses to testify by telephone and video technology at the evidentiary hearing on *Galindo's Motion for Allowance and Payment of Administrative Expense Claim* (the "Motion") (Docket No. 1780), set for December 3, 2026, at 1:30 p.m. (CT) by the Court's Order Setting Electronic Hearing (Docket No.1816): (a) Cristóbal M. Galindo, President, Sole Director, and Sole Shareholder of Galindo, who will testify from Galindo's offices at 18000 Groeschke Road, Suite A-7, Houston, Texas 77084; (b) Katy Ohlsson, a Consultant to the Plan Administrator under the Third Amended Joint Plan of Liquidation of MMA Law Firm, PLLC ("MMA"), who will testify from a location of her choosing; and (c) Brian J. Houghtaling, on behalf of Houghtaling Law Firm, LLC ("HLF"), including as HLF's custodian of records, who will testify from HLF's offices at Two Lakeway, 3850 North Causeway Boulevard, Suite 1090, Metairie, Louisiana 70002, as provided in the Subpoena to Appear and Testify at a Hearing served on HLF on November 18, 2026.

Each witness will testify using the Court's GoToMeeting video connection and the Court's telephonic conference line, as described in (Docket No. 1816).

## I. GOOD CAUSE IN COMPELLING CIRCUMSTANCES

1. The Court set the hearing as an electronic evidentiary hearing and authorized parties to appear electronically or in person under Bankruptcy General Order 2021-05 and Bankruptcy Local Rule 9017-1. The in-person component of the hearing will be conducted from the United States Courthouse in McAllen, Texas. Neither witness is located in McAllen.

2. Mr. Galindo is located in Houston, Texas, more than 300 miles from the McAllen courthouse. He is the principal of a chapter 11 debtor in possession, *In re Cristóbal M. Galindo, P.C.*, No. 26-90764 (Bankr. S.D. Tex.), and is responsible for the day-to-day operation of that debtor's law practice. Remote testimony will allow him to testify live, subject to full cross-examination, without the loss of a full business day or more to travel.

3. Ms. Ohlsson served as MMA's Vice President of Operations and is now a Consultant to the Plan Administrator under MMA's confirmed plan. She has personal knowledge of MMA's cross-referencing, in April 2026, of the client list Houghtaling Law Firm, LLC circulated for disbursement, including which of those clients were and were not MMA clients. That testimony bears directly on the central disputed fact at the hearing: whether the clients identified in Docket No. 1780 were ever MMA clients. Galindo does not control Ms. Ohlsson, and testimony by contemporaneous transmission is the most practical means of presenting her live testimony without imposing travel burden or expense on a non-party witness.

4. Mr. Houghtaling is located in Metairie, Louisiana, more than 100 miles from the McAllen courthouse. Galindo served HLF with a subpoena to appear and testify at the hearing by video from HLF's Metairie offices. Under Federal Rule of Civil Procedure 45(c)(1), made applicable by Bankruptcy Rule 9016, a subpoena may not command a non-party to attend a hearing more than 100 miles from where the person resides, is employed, or regularly transacts business

in person. Remote testimony is therefore the only means of presenting Mr. Houghtaling's live testimony under compulsory process. He has personal knowledge of how HLF received the clients identified in ECF No. 1780, which of those clients were referred by Galindo rather than MMA, and the payments HLF made to MMA under the HLF settlement. He is also competent to authenticate HLF's business records. HLF is a co-movant on the pending Emergency Joint Motion [ECF No. 1860] and will not be prejudiced by testifying from its own offices.

5. Remote testimony will not prejudice any party. The Court has already structured the hearing to proceed electronically, counsel for all parties may appear electronically, and each witness will be subject to examination and cross-examination in real time.

## II. APPROPRIATE SAFEGUARDS

6. Galindo proposes the following safeguards, and will comply with any additional safeguards the Court directs: (i) each witness will testify alone in a closed room, with no other person present except counsel for the witness, if any, who will be identified on the record; (ii) each witness will keep the camera on and positioned to show the witness's face and hands throughout the testimony; (iii) each witness will have no documents or notes in front of them other than exhibits exchanged under Bankruptcy Local Rule 9013-2, unless the Court permits otherwise; (iv) each witness will not communicate with any person by any means, including text, email, or messaging application, while testifying; (v) each witness will testify independently and without assistance or coaching by others; and (vi) each witness will use two separate devices, one for video and one for the telephonic conference line, as Docket No. 1816 requires, and will be available before the hearing to test the connection.

## III. NOTICE OF OBJECTION DEADLINE

7. Under Bankruptcy Local Rule 9017-1(c)(2)(B), any party in interest may object to this Notice within 3 days after it is filed. If no party in interest timely objects, the witnesses will be allowed to testify remotely using the Court's audio and video connections. If a party in interest timely objects, the Court will rule on the objection before or at the hearing.

Dated: November 25, 2026

Respectfully submitted,

**HAYWARD PLLC**

*/s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
Tel./Fax: (737) 881-7100
cshelton@haywardfirm.com

***Counsel for Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2026, the foregoing was served via CM/ECF on all parties requesting such service and by email on the parties listed below.

*/s/ Charlie Shelton*
Charlie Shelton

| | |
|---|---|
| Walker & Patterson, P.C.<br>Attn: Miriam T. Goott<br>mgoott@walkerandpatterson.com.<br><br>***Counsel for the Debtor*** | Allison D. Byman, Plan Administrator<br>7924 Broadway, Suite 104<br>Pearland, Texas 77581<br>adb@bymanlaw.com<br><br>***Plan Administrator*** |
| Houghtaling Law Firm, LLC,<br>Attn: Brian J. Houghtaling<br>Two Lakeway<br>3850 North Causeway Boulevard, Suite 1090<br>Metairie, Louisiana 70002<br><br>brian@houghtalinglaw.com | |