**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-31596-EVR** |
| **IN RE: MMA LAW FIRM, PLLC,** | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | § | |
| | § | |

---

**CRISTÓBAL M. GALINDO, P.C.'S OBJECTION TO PLAN ADMINISTRATOR'S NOTICE OF INTENT TO OFFER STATEMENTS UNDER FEDERAL RULE OF EVIDENCE 807**
***(Relates to ECF Nos. 1780, 1784, and 1884)***

---

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("GLF" or "Galindo") files this *Objection* (the "Objection") to the *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807* (Docket No. 1884) (the "Notice") and respectfully states as follows:

## I. SUMMARY OF OBJECTION

1. The Court set GLF's Motion for Allowance and Payment of Administrative Expense Claim (Docket No. 1780) (the "Admin Motion") for an evidentiary hearing on December 3, 2026 (the "Hearing"). The Notice states that the Plan Administrator will offer five items from GLF's own chapter 11 case, No. 26-90764 (the "GLF Case"): (a) the First Day Declaration; (b) Schedule A/B and the Statement of Financial Affairs ("SOFA"); (c) the Master Service List; (d) the Voluntary Petition; and (e) an August 5, 2026 letter from GLF's counsel to Houghtaling Law Firm, LLC ("HLF") (the "Letter"). *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884.*

2. The Hearing will decide whether MMA Law Firm, PLLC ("MMA") received fees from HLF for clients who were never MMA clients. GLF's own bankruptcy filings do not answer

that question. Read in context, none of the offered items tend to show that any disputed client was or was not an MMA client, and several are offered in fragments stripped of the qualifications that accompany them. GLF objects to each item on the grounds set out below and objects to admission of any of them under Rule 807.

## II. GOVERNING STANDARDS

3. Evidence is relevant only if it has a tendency to make a fact more or less probable and that fact is of consequence to the action. *Menard v. Targa Res. LLC*, 523 F. Supp. 3d 882, 887 (M.D. La. 2021). The proponent bears the burden of showing relevance. *In re Huffman*, 505 B.R. 726, 752 (Bankr. S.D. Miss. 2014). Irrelevant evidence is not admissible. *Id.*

4. Further, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. *United States v. Williams*, 30 F.4th 263, 267 (5th Cir. 2022). At a bench hearing, unfair prejudice carries little weight, but "[e]xcluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power." *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519–520 (5th Cir. 1981). GLF's Rule 403 objections therefore rest on confusion of the issues, waste of time, and cumulativeness.

5. Further still, Rule 408 protects "'conduct or statements made in compromise negotiations'" regarding "'a claim that was disputed as to validity or amount.'" *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010). The protection extends to factual statements and legal conclusions alike, so long as the communication was "intended to be part of . . . negotiations toward compromise," and litigation need not have begun. *Id.* The rule bars such evidence when offered to "prove or disprove the validity or amount of a disputed claim or to

impeach by a prior inconsistent statement or contradiction." *Triton Bio-Env't, LLC v. Lin*, No. CV 24-520, 2026 WL 818026 (E.D. La. Mar. 25, 2026).

6. Further still, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106. Completion is required when "the omitted portion is 'necessary to qualify, explain, or place in context the portion offered.'" *United States v. Carpenter*, 140 F.4th 733, 740 (5th Cir. 2025).

7. Finally, a hearsay statement is admissible under the residual exception only if (1) it "is supported by sufficient guarantees of trustworthiness . . . considering the totality of circumstances under which it was made" and any corroborating evidence, and (2) "it is more probative on the point for which it is offered than any other evidence the proponent can obtain through reasonable efforts." Fed. R. Evid. 807. The Fifth Circuit has repeatedly held that the exception "is to be 'used only rarely, in truly exceptional cases,'" and that its proponent "bears a heavy burden to come forward with indicia of both trustworthiness and probative force." *United States v. El-Mezain*, 664 F.3d 467, 497–498 (5th Cir. 2011); *United States v. Phillips*, 219 F.3d 404, 419 (5th Cir. 2000).

## III. OBJECTIONS TO SPECIFIC ITEMS

### A. The August 5, 2026 Letter: Rule 408, Relevance, and Rule 403

8. The Letter is a compromise communication. Its subject line is "Request for Documentation or Payment." It identifies a specific dispute with HLF over whether certain clients were properly classified as "Former MMA Clients," and it proposes two alternative ways "[t]o resolve this matter promptly and avoid further dispute": HLF could either document that each

client was a Former MMA Client or remit the $220,529.13 at issue. It closes by stating that GLF "hopes to resolve this matter cooperatively." An "actual dispute" existed when the Letter was sent, which distinguishes it from a communication preceding any disagreement. *MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011). Statements made in pre-suit efforts to resolve a threatened claim are protected. *Lyondell Chem.*, 608 F.3d at 298–300.

9. The Plan Administrator offers the Letter for exactly the purpose Rule 408 forbids. She contends the Letter shows that the funds GLF seeks are not an obligation of MMA's estate and that GLF risks a double recovery. *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. Using GLF's settlement demand to HLF to disprove the validity of GLF's related claim to the same fees is barred. The Fifth Circuit applies Rule 408 to negotiations over a related claim that shares the same factual nexus as the claim being tried. *Lyondell Chem.*, 608 F.3d at 298–300. Characterizing the Letter as an admission of a party-opponent does not change the result, because the parties to a compromise will always be opposing parties, and Rule 801 does not override Rule 408. *Cross Creek Multifamily, LLC v. ICI Constr., Inc.*, No. 2:18-CV-83-KS-MTP, 2021 WL 12093297 at *2 (S.D. Miss. Sept. 30, 2021). The Plan Administrator's alternative claim that she offers the Letter only to show that GLF "has asserted" a claim against HLF is not a genuine other purpose. The "other purpose" exception was not intended to undercut the rule, and courts weigh the need for the evidence against the policy of encouraging settlement. *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106–1107 (5th Cir. 1981).

10. The Letter is GLF's demand to a different party, HLF, under a separate agreement. It asks HLF to produce proof that the listed clients were MMA clients. It does not state that any disputed client was an MMA client, and it expressly reserves GLF's rights. Whether GLF also has

contractual remedies against HLF has no bearing on whether MMA received funds belonging to GLF.

11. To the extent the Letter has any probative value, it is substantially outweighed by the danger of confusing the issues and wasting time. Admitting it invites a collateral inquiry into GLF's separate dispute with HLF, including the merits of the MOU claim and the parties' pre-suit positions, none of which the Court must resolve to decide the Admin Motion. Courts properly exclude evidence that would require "trying another lawsuit within the existing lawsuit." *United States v. Williams*, 30 F.4th 263, 268 (5th Cir. 2022).

**B. The Voluntary Petition: Relevance and Cumulativeness**

12. The Notice identifies the Voluntary Petition only by docket number. It quotes no statement from it and does not say what fact it is offered to prove. *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. The Plan Administrator therefore has not carried her burden to show relevance. *Huffman*, 505 B.R. at 752. The fact that GLF filed for chapter 11 relief does not make it more or less probable that any disputed client was an MMA client.

13. The Petition is also needlessly cumulative. The Plan Administrator offers GLF's ownership and management structure through the SOFA, Part 13, Question 28.1, and through the First Day Declaration's identification of Mr. Galindo as "President, Sole Director, Sole Shareholder." *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. The fact of the GLF filing is not in dispute. A third document proving the same undisputed points adds nothing, and excluding cumulative evidence is a proper exercise of the Court's power at a bench hearing. *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519–520 (5th Cir. 1981).

**C. The First Day Declaration: Relevance, Rule 403, and Rule 106**

14. The Plan Administrator offers two sentences: that "GLF will seek a determination regarding the claims it may have against any co-counsel firms or other third parties," and that GLF expands its practice through co-counsel arrangements that share fees. Neither sentence mentions MMA, HLF, the disputed clients, or the funds at issue. A generic statement that a law firm debtor may pursue claims against co-counsel says nothing about whether MMA represented any disputed client or whether MMA received GLF's fees.

15. Any marginal value of these sentences is substantially outweighed by the danger of confusing the issues and wasting time. The First Day Declaration addresses GLF's operations, lending relationships, cash management, and restructuring in its own case. Admitting excerpts invites a collateral examination of GLF's chapter 11 case, which is pending before a different judge, rather than a decision on the narrow factual question the Hearing presents. *Williams*, 30 F.4th at 268.

16. If any part of the First Day Declaration is admitted, fairness requires that the Court consider it as a whole. The two quoted sentences are presented to suggest that GLF's real claim lies against co-counsel rather than MMA, and that GLF's disclosures do not touch MMA. The same declaration, however, identifies an "MMA IOLTA Account" that GLF maintains as "[a] specialized IOLTA account developed for segregating funds related to the MMA bankruptcy." Offering selected sentences while omitting the Declaration's express treatment of MMA-related funds creates exactly the misimpression that Rule 106 exists to correct. Fed. R. Evid. 106. GLF therefore requests that, if any portion is admitted, the complete Declaration be admitted at the same time. *United States v. Carpenter*, 140 F.4th 733, 740 (5th Cir. 2025).

**D. Schedule A/B and the SOFA: Rule 106 and the Global Notes, and Relevance**

17. The Plan Administrator offers one line item from Schedule A/B, listing a contingent claim against "Houghtaling Law firm" in the amount of $500,000.00 for "funds improperly paid plus unpaid claims," together with what she describes as omissions from Parts 3 and 6 of the SOFA. *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. The schedules and SOFA cannot fairly be read without the Global Notes that accompany them. By their terms, the Global Notes "pertain to, are incorporated by reference in, and comprise an integral part of the Schedules and Statement." They state that:

a. Mr. Galindo "has not (nor could have) personally verified the accuracy of each such statement and representation" and relied on GLF's professional advisors.

b. The schedules contain unaudited information, "inadvertent errors or omissions may have occurred, some of which may be material," and "nothing contained in the Schedules and Statement shall constitute an admission of any claims."

c. "[T]he non-inclusion of a cause of action on Schedule A/B should not be construed as a statement by the Debtor that such cause of action did not exist" as of the petition date.

d. GLF "may not have listed all of its causes of action" and reserves all of them.

e. The schedules and SOFA "should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor."

18. The Plan Administrator relies on precisely the inferences the Global Notes disclaim: that a listed claim against HLF is an admission about where GLF's fees belong, and that the absence of an MMA entry is an admission that no MMA-related claim or payment exists. *Plan*

*Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. Those inferences cannot fairly be considered without the qualifications that are an integral part of the same filing. Fed. R. Evid. 106. If any portion of the schedules or SOFA is admitted, GLF requests that the Global Notes be admitted at the same time. *Carpenter*, 140 F.4th at 740.

19. The excerpts do not tend to prove any fact of consequence at the Hearing. The Schedule A/B entry lists a contingent claim against HLF. It does not identify any disputed client as an MMA client, and it does not say that MMA holds no GLF funds. The asserted SOFA omissions prove nothing either. Part 6 of the SOFA calls for "Certain Payments or Transfers," beginning with "[p]ayments related to bankruptcy," and is not a place where a debtor would report fees a third party wrongly paid to MMA. An absence from a form that does not call for the information is not probative. More broadly, the Supreme Court has rejected treating a bankruptcy omission as conclusive without looking at "the totality of the circumstances surrounding the omission." *Keathley v. Buddy Ayers Constr., Inc.*, 608 U.S. 647, 649–657, 146 S. Ct. 1532, 1536–1540, 225 L. Ed. 2d 214 (2026). The Global Notes, which expressly disclaim any inference from non-inclusion, are part of those circumstances. Finally, SOFA Question 28.1 discloses only that Mr. Galindo is GLF's president, sole director, and sole shareholder, a fact that is not disputed and bears on no issue at the Hearing. *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*.

**E. The Master Service List: Relevance**

20. The only proposition offered for the Master Service List is that "MMA is not listed." *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. A master service list is a notice tool. It identifies "the parties that must be

served whenever a motion or other pleading requires notice," and it is populated from defined categories such as the U.S. Trustee, the debtor's secured lenders, its largest unsecured creditors, and parties who have appeared and requested service. Whether a party appears on it reflects who has appeared or falls within those categories for notice purposes. It says nothing about whether MMA represented any disputed client or received funds that belong to GLF. The Master Service List is irrelevant and should be excluded.

## IV. THE STATEMENTS ARE NOT ADMISSIBLE UNDER RULE 807

21. Rule 807 is not a fallback for evidence that fails the ordinary rules. The Plan Administrator invokes it "[o]ut of an abundance of caution" and in a few sentences. *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. That falls well short of the "heavy burden" the proponent must carry. *United States v. El-Mezain*, 664 F.3d 467, 497–498 (5th Cir. 2011).

22. The Plan Administrator's showing rests on the fact that the statements were made in sworn bankruptcy filings. *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. But the very filings she offers disclaim the reliability she attributes to them. The declarant states in the Global Notes that he did not and could not personally verify each statement, that the information is unaudited, that material errors or omissions may exist, and that no one should rely on the schedules for information about GLF's financial condition. The trustworthiness inquiry looks to the totality of the circumstances under which a statement was made. Fed. R. Evid. 807. Here, those circumstances include an express warning against the use the Plan Administrator proposes. The Fifth Circuit has rejected Rule 807 offers where nothing in the record showed that the declarant was especially likely to be telling the

truth on the point offered. *El-Mezain*, 664 F.3d at 499–501. An oath alone does not make a statement trustworthy for a purpose its maker expressly disclaimed.

23. The claimed corroboration does not fill the gap. The Plan Administrator points to GLF's reservation of rights against HLF in the Admin Motion and to the Letter. *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. Under the amended rule, corroboration is relevant but not dispositive, and the Court "must consider not only the existence of corroborating evidence but also the strength and quality of that evidence." Fed. R. Evid. 807, Advisory Committee Notes to 2019 Amendment. A reservation of rights and a Rule 408 settlement demand corroborate, at most, that GLF disputes HLF's classification of the clients. They do not corroborate any inference that MMA was entitled to the funds. The Fifth Circuit has long held that trustworthiness must come from the circumstances of the statement itself and cannot be bootstrapped from other evidence. *United States v. Reed,* 908 F.3d 102, 119–121 (5th Cir. 2018).

24. The Plan Administrator says no other evidence would show more reliably "what Galindo itself has claimed and intends." *Plan Administrator's Notice of Intent to Offer Statements Under Federal Rule of Evidence 807, Docket No. 1884*. What GLF claims is already before the Court in GLF's own Admin Motion and filings in this case. More importantly, the question at the Hearing is not what GLF has said elsewhere. It is whether the disputed clients were MMA clients and whether MMA received fees belonging to GLF. The most probative evidence on that question is MMA's own engagement, intake, and payment records, which are in the Plan Administrator's control, and HLF's referral and payment records. A statement does not satisfy Rule 807 when other, more direct evidence on the point is available. *Page v. Barko Hydraulics*, 673 F.2d 134, 140

(5th Cir. 1982). The comparative-probativeness requirement exists to keep the residual exception from being used to erode the categorical exceptions. Fed. R. Evid. 807.

## V. CONCLUSION

WHEREFORE, GLF respectfully asks the Court to sustain this Objection; exclude the Letter, the Voluntary Petition, the First Day Declaration, Schedule A/B and the Statement of Financial Affairs, and the Master Service List; deny admission of any of them under Federal Rule of Evidence 807; alternatively, if any portion of the First Day Declaration or of Schedule A/B and the Statement of Financial Affairs is admitted, require under Federal Rule of Evidence 106 that the complete First Day Declaration and the Global Notes be admitted at the same time; and grant GLF such other relief as is just.

DATED: November 25, 2026

Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (Phone/Fax)
cshelton@haywardfirm.com

**COUNSEL FOR CRISTÓBAL M. GALINDO, P.C.**

## CERTIFICATE OF SERVICE

I certify that on November 25, 2026, a true and correct copy of the foregoing was served through the Court's CM/ECF system upon all parties registered to receive electronic notice and upon the United States Trustee and all persons on the Bankruptcy Rule 2002 service list, and by email to Miriam T. Goott, counsel for the Plan Administrator, at mgoott@walkerandpatterson.com and to Brian Houghtaling at brian@houghtalinglaw.com.

*/s/ Charlie Shelton*
Charlie Shelton